# In the United States Court of Appeals for the Third Circuit

### No. 25-2598

---

ICON PSG 1 FL, LLC,
Appellee

v.

JENKINS COURT REALTY CO., L.P.,
Appellant

---

On Appeal from the Order of the U.S. District Court for the Eastern District of Pennsylvania, No. 2:25-cv-00044, Entering Default Judgment In Favor of Appellee (Hon. Gerald Austin McHugh, U.S.D.J.)

---

### VOLUME TWO OF THE JOINT APPENDIX
(Pages Appx12-Appx1195)

---

Shawn M. Rodgers
Michael Yanoff
GOLDSTEIN LAW PARTNERS, LLC
610 Old York Road, Suite 340
Jenkintown, PA 19046
(267) 627–2485

Counsel for Appellant/Defendant

# TABLE OF CONTENTS

**Page**

**Volume One of Three**
**(Pages Appx1 - Appx11)**

District Court's Memorandum,
    entered July 18, 2025 ...................................................................Appx1

District Court's Contempt Order against
    Defendant, entered July 18, 2025 ....................................................Appx4

District Court's Order entering Default Judgment
    against Defendant, entered July 18, 2025.......................................Appx6

District Court's Order Modifying Lease Terms,
    entered July 18, 2025 .....................................................................Appx7

Notice of Appeal filed August 18, 2025.....................................................Appx9

**Volume Two of Three**
**(Pages Appx12 – Appx1195)**

District Court Docket Entries................................................................Appx12

Plaintiff's Complaint
    filed January 6, 2025......................................................................Appx21

Plaintiff's Motion for Expedited Appointment of
    Receiver, filed January 10, 2025...................................................Appx156

Stipulation Approved
    filed January 16, 2025...................................................................Appx323

Defendant's Response in Opposition to Appointment
    of Receiver, filed January 31, 2025 ..............................................Appx324

Plaintiff's Reply Brief in Support of Receiver Appointment
    filed on February 11, 2025 ............................................................Appx349

Order Appointing Receiver
    entered on February 21, 2025 ......................................................Appx379

Plaintiffs' Request for Default
    filed on March 12, 2025 ...............................................................Appx3878

Entry of Default
    filed on March 13, 2025 ...............................................................Appx391

Defendant's Motion to Set Aside and to Permit Answer
    filed on March 13, 2025 ...............................................................Appx392

Affidavit of Philip C. Pulley
    filed on March 28, 2025 ...............................................................Appx401

Receiver's Motion to Compel Compliance
    filed on April 23, 2025 .................................................................Appx406

Plaintiff's Brief in Opposition to Motion to Set Aside
    filed on April 25, 2025 .................................................................Appx408

Memorandum Opinion, Denying Defendant's Motion to
    Set Aside, entered May 2, 2025 ...................................................Appx683

Order Denying Defendant's Motion to
    Set Aside, entered May 2, 2025 ...................................................Appx691

Defendant's Response to Motion to Compel Compliance
    filed on May 7, 2025 ....................................................................Appx692

Order Granting Motion to Compel Compliance
    entered on May 12, 2025 ..............................................................Appx748

Plaintiff's Response in Compliance with May 12th Order
    filed on May 16, 2025 ..................................................................Appx750

Plaintiff's Request for Entry of Default Judgment
filed on May 27, 2025 ...................................................................Appx991

Receiver's Motion to Modify Certain Leases
filed on June 2, 2025 ..................................................................Appx1002

**Volume Three of Three**
**(Pages Appx1196 - Appx1546)**

Receiver's Motion to Hold Defendant and Its Principal
in Contempt, filed on June 6, 2025..............................................Appx1196

Defendant's Response in Opposition to Motion to Modify
Certain Leases, filed on June 16, 2025 ......................................Appx1213

Defendant's Response in Opposition to Motion for Contempt
filed on June 20, 2025 ................................................................Appx1349

Order Scheduling Oral Argument for July 1, 2025
entered on June 24, 2025............................................................Appx1370

Declaration of Philip C. Pulley in Support of Plaintiff
filed on June 26, 2025 ................................................................Appx1371

Receiver's Reply Brief in further Support of Motion to Modify
Certain Leases, filed on June 30, 2025 ......................................Appx1378

Receiver's Reply Brief in further Support of Motion
for Contempt, filed on June 30, 2025 ........................................Appx1382

Defendant's Notice of Appeal (with Exhibits)
filed on August 18, 2025............................................................Appx1406

Receiver's Report for May 1, 2025 through July 31, 2025
filed on August 21, 2025............................................................Appx1417

APPEAL

# United States District Court
# Eastern District of Pennsylvania (Philadelphia)
# CIVIL DOCKET FOR CASE #: 2:25-cv-00044-GAM

| | |
|---|---|
| ICON PSG 1 FL, LLC v. JENKINS COURT REALTY CO., L.P. | Date Filed: 01/06/2025 |
| Assigned to: DISTRICT JUDGE GERALD A. MCHUGH | Jury Demand: None |
| Case in other court: Third Circuit, 25-02598 | Nature of Suit: 220 Real Property: |
| Cause: 28:1332 Diversity-Breach of Contract | Foreclosure |
| | Jurisdiction: Diversity |

**Receiver**

**Trigild IVL, LLC**                    represented by    **RAYMOND A. QUAGLIA**
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 MARKET ST.
51ST FL.
PHILADELPHIA, PA 19103
215-665-8500
Fax: 215-864-8999
Email: quaglia@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ICON PSG 1 FL, LLC**                    represented by    **GLEB EPELBAUM**
Kurtz and Partners P.C.
1265 Drummers Lane
Suite 120
Wayne, PA 19087
610-688-2855
Fax: 610-688-2912
Email: gepelbaum@kurtzpartners.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JENKINS COURT REALTY CO., L.P.**                    represented by    **Albert Anthony Ciardi , III**
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103

215-557-3550
Fax: 215-557-3551
Email: aciardi@ciardilaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**DANIEL SEAN SIEDMAN**
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103
215-557-3550
Email: dsiedman@ciardilaw.com
*ATTORNEY TO BE NOTICED*

**MICHAEL YANOFF**
Goldstein Law Partners LLC.
610 Old York Rd
Suite 340
Dresher, PA 19025
267-6272485
Fax: 215-257-1910
Email: myanoff@goldsteinlp.com
*ATTORNEY TO BE NOTICED*

**SHAWN M. RODGERS**
Goldstein Law Partners, LLC
11 Church Road
Hatfield, PA 19440
610.949.0444
Fax: 215.257.1910
Email: shawn.michael.rodgers@gmail.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**SSS Education, Inc., d/b/a Jersey College**    represented by    **MICHAEL P RYAN**
Salmon, Ricchezza, Singer & Turchi LLP
1601 Market Street
Suite 2500
Philadelphia, PA 19103
215-606-6600
Fax: 215-279-8267
Email: mryan@srstlaw.com
*ATTORNEY TO BE NOTICED*

**MITCHELL S. BERGER**
RYAN, BROWN, McDONNELL,
BERGER, GIBBONS & LaROCCA LLP

1600 MARKET ST.
14TH FLOOR
PHILADELPHIA, PA 19103
215-564-3800
Email: berger@ryanbrown.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/06/2025 | 1 | COMPLAINT against JENKINS COURT REALTY CO., L.P. ( Filing fee $ 405 receipt number APAEDC-17979011.), filed by ICON PSG 1 FL, LLC. (Attachments: # 1 Exhibit 1 - Loan Agreement, # 2 Exhibit 2 - Note, # 3 Exhibit 3 - Mortgage, # 4 Exhibit 4 - Acceleration Notice, # 5 Civil Cover Sheet, # 6 Designation Form)(EPELBAUM, GLEB) (Entered: 01/06/2025) |
| 01/06/2025 | 2 | Statement *Disclosure* by ICON PSG 1 FL, LLC. (EPELBAUM, GLEB) (Entered: 01/06/2025) |
| 01/06/2025 | 3 | Disclosure of Citizenship in Diversity Cases by ICON PSG 1 FL, LLC . (EPELBAUM, GLEB) (Entered: 01/06/2025) |
| 01/06/2025 | 4 | Summons Issued as to JENKINS COURT REALTY CO., L.P.. E-MAILED To: COUNSEL on 1/6/25 (bw) (Entered: 01/06/2025) |
| 01/10/2025 | 5 | MOTION to Appoint Receiver filed by ICON PSG 1 FL, LLC.Brief, Declaration and Certificate of Service. (Attachments: # 1 Brief In Support of Receivership Motion, # 2 Declaration of Ibrahim Sheikh, # 3 Exhibit 1 - Loan Agreement, # 4 Exhibit 2 - Mortgage, # 5 Exhibit 3 - Acceleration Notice, # 6 Exhibit 4 - Trigild Proposal, # 7 Text of Proposed Order, # 8 Certificate of Service)(EPELBAUM, GLEB) (Entered: 01/10/2025) |
| 01/15/2025 | 6 | WAIVER OF SERVICE Returned Executed by ICON PSG 1 FL, LLC. JENKINS COURT REALTY CO., L.P. waiver sent on 1/9/2025, answer due 3/10/2025. (Attachments: # 1 Certificate of Service of Waiver of the Service of Summons) (EPELBAUM, GLEB) (Entered: 01/15/2025) |
| 01/15/2025 | 7 | STIPULATION by JENKINS COURT REALTY CO., L.P.. (YANOFF, MICHAEL) (Entered: 01/15/2025) |
| 01/16/2025 | 8 | STIPULATION AND ORDER THAT DEFENDANT'S FILING TIME OF THEIR RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED APPOINTMENT OF A RECEIVER SHALL BE EXTENDED TO 1/31/2025 SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 1/16/25. 1/16/25 ENTERED AND COPIES E-MAILED. (bw) (Entered: 01/16/2025) |
| 01/31/2025 | 9 | NOTICE of Appearance by SHAWN M. RODGERS on behalf of JENKINS COURT REALTY CO., L.P. with Certificate of Service(RODGERS, SHAWN) (Entered: 01/31/2025) |
| 01/31/2025 | 10 | RESPONSE in Opposition re 5 MOTION to Appoint Receiver filed by JENKINS |

| | | |
|---|---|---|
| | | COURT REALTY CO., L.P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(RODGERS, SHAWN) (Entered: 01/31/2025) |
| 02/11/2025 | 11 | RESPONSE in Support re 5 MOTION to Appoint Receiver filed by ICON PSG 1 FL, LLC. (Attachments: # 1 Declaration of Ibrahim Sheikh, # 2 Certificate of Service) (EPELBAUM, GLEB) (Entered: 02/11/2025) |
| 02/21/2025 | 12 | MEMORANDUM AND/OR OPINION. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 2/21/25. 2/21/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 02/21/2025) |
| 02/21/2025 | 13 | ORDER THAT THE MOTION FOR EXPEDITIED APPOINTMENT OF A RECEIVER 5 IS GRANTED; AS IT IS OUTLINED HEREIN... SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 2/21/25. 2/21/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 02/21/2025) |
| 02/25/2025 | 14 | NOTICE by ICON PSG 1 FL, LLC *of Receiver's Bond* (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(EPELBAUM, GLEB) (Entered: 02/25/2025) |
| 03/12/2025 | 15 | Request for Default ICON PSG 1 FL, LLC against JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Declaration of Gleb Epelbaum, Esquire in Support of the Request for Entry of Default, # 2 Certificate of Service)(EPELBAUM, GLEB) (Entered: 03/12/2025) |
| 03/13/2025 | 16 | DEFAULT BY JENKINS COURT REALTY CO., L.P. FOR FAILURE TO PLEAD OR OTHERWISE DEFEND. (bw) (Entered: 03/13/2025) |
| 03/13/2025 | | Default Entered (bw) (Entered: 03/13/2025) |
| 03/13/2025 | 17 | MOTION to Set Aside Default *and Permit Answer* filed by JENKINS COURT REALTY CO., L.P..Certificate of Service. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Certificate of Service)(Ciardi, Albert) (Entered: 03/13/2025) |
| 03/24/2025 | 18 | ORDER THAT PLAINTIFF IS PROVIDED AN EXTENSION TO RESPOND TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT 17 . PLAINTIFF SHALL FILE ITS RESPONSE BY 4/25/202. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 3/24/25. 3/24/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 03/24/2025) |
| 03/28/2025 | 19 | AFFIDAVIT *of Philip Pulley* by JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Exhibit, # 2 Certificate of Service)(Ciardi, Albert) (Entered: 03/28/2025) |
| 04/08/2025 | 20 | NOTICE of Appearance by MICHAEL P RYAN on behalf of SSS Education, Inc., d/b/a Jersey College with Certificate of Service(RYAN, MICHAEL) (Entered: 04/08/2025) |
| 04/23/2025 | 21 | NOTICE of Appearance by RAYMOND A. QUAGLIA on behalf of Trigild IVL, LLC with Certificate of Service(QUAGLIA, RAYMOND) (Entered: 04/23/2025) |
| 04/23/2025 | 22 | MOTION to Compel *Defendant's Compliance with the Court's Receiver Order* filed by Trigild IVL, LLC.Certificate of Service.(QUAGLIA, RAYMOND) (Entered: |

| | | |
|---|---|---|
| | | 04/23/2025) |
| 04/23/2025 | 23 | Memorandum in Support re 22 MOTION to Compel *Defendant's Compliance with the Court's Receiver Order* filed by Trigild IVL, LLC. (Attachments: # 1 Declaration of Jonathan Lakner, # 2 Exhibit A - February 24, 2025 Letter, # 3 Exhibit B - Compliance Demand Letter, # 4 Text of Proposed Order)(QUAGLIA, RAYMOND) (Entered: 04/23/2025) |
| 04/25/2025 | 24 | RESPONSE in Opposition re 17 MOTION to Set Aside Default *and Permit Answer* filed by ICON PSG 1 FL, LLC. (Attachments: # 1 Declaration Gleb Epelbaum, Esquire, # 2 Exhibit A - Yanoff Emails, # 3 Exhibit B - Pulley Emails, # 4 Exhibit C - Fannie Mae Foreclosure Docket, # 5 Exhibit D - Philadelphia County Litigation Docket, # 6 Exhibit E - Montgomery County Litigation Docket, # 7 Exhibit F - Criminal Proceedings Docket, # 8 Exhibit G - Montgomery County POs, # 9 Exhibit H - Pulley Travel Motion, # 10 Exhibit I - Pulley Service Affidavit, # 11 Certificate of Service, # 12 Text of Proposed Order)(EPELBAUM, GLEB) (Entered: 04/25/2025) |
| 05/02/2025 | 25 | MEMORANDUM AND/OR OPINION. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 5/2/25. 5/2/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 05/02/2025) |
| 05/02/2025 | 26 | ORDER THAT THE DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND PERMIT ANSWER 17 IS DENIED. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 5/2/25. 5/2/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 05/02/2025) |
| 05/07/2025 | 27 | RESPONSE to Motion re 22 MOTION to Compel *Defendant's Compliance with the Court's Receiver Order DEFENDANTS RESPONSE TO PLAINTIFFS MOTION TO COMPEL COMPLIANCE WITH RECEIVER ORDER* filed by JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order Order proposed, # 6 Affidavit, # 7 Certificate of Service)(Ciardi, Albert) (Entered: 05/07/2025) |
| 05/12/2025 | 28 | ORDER THAT UPON CONSIDERATION OF COURT-APPOINTED RECEIVER TRIGILD IVL, LLCS MOTION TO COMPEL (ECF 22) DEFENDANT AND ITS AGENTS TO COMPLY WITH THE COURTS RECEIVER ORDER (ECF 13), AND DEFENDANTS RESPONSE THERETO (ECF 27), IT IS HEREBY ORDERED THAT THE RECEIVERS MOTION IS GRANTED; AS OUTLINED HEREIN.. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 5/12/25.5/12/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 05/12/2025) |
| 05/16/2025 | 29 | Response re 28 Order on Motion to Compel, *Defendant's Response in Compliance with the May 12, 2025 Order* by JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Exhibit A part 1, # 2 Exhibit A part 2, # 3 Affidavit, # 4 Certificate of Service) (Ciardi, Albert) (Entered: 05/16/2025) |
| 05/27/2025 | 30 | Request for Default Judgment ICON PSG 1 FL, LLC against JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Declaration Gleb Epelbaum, Esquire, # 2 Declaration Cameron Lawson, # 3 Certificate of Service)(EPELBAUM, GLEB) (Entered: 05/27/2025) |

| 06/02/2025 | 31 | Report Of *Receiver's Takeover Report* by Trigild IVL, LLC. (QUAGLIA, RAYMOND) (Entered: 06/02/2025) |
|---|---|---|
| 06/02/2025 | 32 | MOTION to Modify *Certain Leases* filed by Trigild IVL, LLC.Certificate of Service. (Attachments: # 1 Memorandum, # 2 Declaration of Jonathan Lakner, # 3 Exhibit A - SBG Lease, # 4 Exhibit B - Jenkins Storage Lease, # 5 Exhibit C - Jenkins Storage Letter, # 6 Exhibit D - Jenkins Storage Letter, # 7 Text of Proposed Order)(QUAGLIA, RAYMOND) (Entered: 06/02/2025) |
| 06/06/2025 | 33 | MOTION for Contempt *TO HOLD DEFENDANT AND ITS PRINCIPAL IN CONTEMPT OF THE COURTS COMPLIANCE ORDER* filed by Trigild IVL, LLC.Certificate of Service. (Attachments: # 1 Memorandum, # 2 Declaration of Jonathan Lakner, # 3 Exhibit A - Demand Letter, # 4 Text of Proposed Order to Show Cause, # 5 Text of Proposed Order for Contempt)(QUAGLIA, RAYMOND) (Entered: 06/06/2025) |
| 06/16/2025 | 34 | RESPONSE in Opposition re 32 MOTION to Modify *Certain Leases* filed by JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Memorandum, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Certificate of Service)(Ciardi, Albert) (Entered: 06/16/2025) |
| 06/20/2025 | 35 | RESPONSE in Opposition re 33 MOTION for Contempt *TO HOLD DEFENDANT AND ITS PRINCIPAL IN CONTEMPT OF THE COURTS COMPLIANCE ORDER* filed by JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Declaration in Support of Opposition, # 2 Memorandum, # 3 Exhibit A, # 4 Exhibit B, # 5 Certificate of Service)(Ciardi, Albert) (Entered: 06/20/2025) |
| 06/24/2025 | 36 | ORDER THAT ANORAL ARGUMENT ON THE REQUEST FOR DEFAULT JUDGMENT 30 ; MOTION TO MODIFY 32 ; AND MOTION FOR CONTEMPT 33 . THE HEARING IS SET FOR 7/1/2025 10:00 AM IN Courtroom 9B BEFORE DISTRICT JUDGE GERALD A. MCHUGH. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 6/24/25. 6/24/25 ENTERED AND COPIES E-MAILED. (bw) (Entered: 06/24/2025) |
| 06/26/2025 | 37 | Declaration re 30 Request for Default Judgment *in Opposition to Request for Default Judgment* by JENKINS COURT REALTY CO., L.P.. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(SIEDMAN, DANIEL) (Entered: 06/26/2025) |
| 06/30/2025 | 38 | RESPONSE in Support re 32 MOTION to Modify *Certain Leases* filed by Trigild IVL, LLC. (QUAGLIA, RAYMOND) (Entered: 06/30/2025) |
| 06/30/2025 | 39 | RESPONSE in Support re 33 MOTION for Contempt *TO HOLD DEFENDANT AND ITS PRINCIPAL IN CONTEMPT OF THE COURTS COMPLIANCE ORDER* filed by Trigild IVL, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(QUAGLIA, RAYMOND) (Entered: 06/30/2025) |
| 07/01/2025 | 40 | Minute Entry for proceedings held before DISTRICT JUDGE GERALD A. MCHUGH in Courtroom 9B. Oral Argument held on 7/1/25 Court Reporter: ESR. (bw) Modified on 7/2/2025 (ldl). (Entered: 07/01/2025) |
| 07/10/2025 | 41 | TRANSCRIPT of MOTIONS HEARING held on 7/1/25, before Judge Gerald A. |

| | | |
|---|---|---|
| | | McHugh. Court Reporter/Transcriber ESR / Burke Court Reporting, LLC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/31/2025. Redacted Transcript Deadline set for 8/11/2025. Release of Transcript Restriction set for 10/8/2025. (bw) (Entered: 07/10/2025) |
| 07/10/2025 | 42 | Notice of Filing of Official Transcript with Certificate of Service re 41 Transcript - PDF, 7/10/25 Entered and Copies Emailed. (bw) (Entered: 07/10/2025) |
| 07/18/2025 | 43 | MEMORANDUM SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 7/18/25. 7/21/25 ENTERED AND COPIES E-MAILED.(va) Modified on 7/21/2025 (va). (Entered: 07/21/2025) |
| 07/18/2025 | 44 | ORDER THAT THE RECEIVERS MOTION TO HOLD DEFENDANT AND ITS PRINCIPAL IN CONTEMPT, ECF 33 , IS GRANTED IN PART, AS FOLLOWS HEREIN. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 7/18/25. 7/21/25 ENTERED AND COPIES E-MAILED. (va) (Entered: 07/21/2025) |
| 07/18/2025 | 45 | ORDER THAT PLAINTIFF ICON PSG 1 FL, LLCS REQUEST FOR ENTRY OF DEFAULT JUDGMENT, ECF 30 , IS GRANTED IN THE AMOUNT OF $22,056,659.26, THE FULL PAYMENT DUE PURSUANT TO THE TERMS OF THE LOAN AGREEMENT. THIS VALUE INCORPORATES THE FULL AMOUNT DUE TO PLAINTIFF UNDER THE LOAN AGREEMENT AT THE TIME OF THE FILING OF THE COMPLAINT, $20,456,811.14, AS WELL AS CONTRACTUAL INTEREST CALCULATED TO TOTAL $1,599,848.12 AS OF PLAINTIFFS MAY 27 DECLARATION, ECF 30-2.. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 7/18/25. 7/21/25 ENTERED AND COPIES E-MAILED. (va) (Entered: 07/21/2025) |
| 07/18/2025 | 46 | ORDER GRANTING 32 MOTION TO MODIFY CERTAIN LEASE TERMS AS DETAILED HEREIN. THE RECEIVER IS HEREBY AUTHORIZED TO VOID THE 1000-DAY GRACE PERIOD IN THE SBG MANAGEMENT LEASE AND SUBSTITUTE THE TEN-DAY PERIOD STANDARD FOR COMMERCIAL LEASES. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 7/18/25. 7/21/25 ENTERED AND COPIES E-MAILED. (va) (Entered: 07/21/2025) |
| 08/08/2025 | 47 | Declaration re 46 Order on Motion to Modify, *Declaration of Service* by Trigild IVL, LLC. (QUAGLIA, RAYMOND) (Entered: 08/08/2025) |
| 08/18/2025 | 48 | NOTICE OF APPEAL by JENKINS COURT REALTY CO., L.P.. Filing fee $ 605, receipt number APAEDC-18519100. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (RODGERS, SHAWN) (Entered: 08/18/2025) |
| 08/19/2025 | 49 | NOTICE of Appearance by MITCHELL S. BERGER on behalf of SSS Education, Inc., d/b/a Jersey College with Certificate of Service(BERGER, MITCHELL) (Entered: 08/19/2025) |
| 08/20/2025 | 50 | NOTICE of Appearance by MITCHELL S. BERGER on behalf of SSS Education, Inc., d/b/a Jersey College (BERGER, MITCHELL) (Entered: 08/20/2025) |

| 08/21/2025 | 51 | Report Of *Receiver for the period May 1, 2025 through July 31, 2025* by Trigild IVL, LLC. (QUAGLIA, RAYMOND) (Entered: 08/21/2025) |
|---|---|---|
| 08/21/2025 | 52 | NOTICE of Docketing Record on Appeal from USCA re 48 Notice of Appeal (Credit Card Payment) filed by JENKINS COURT REALTY CO., L.P.. USCA Case Number 25-2598 (er) (Entered: 08/21/2025) |
| 09/04/2025 | 53 | Declaration re 46 Order on Motion to Modify, by Trigild IVL, LLC. (Attachments: # 1 Exhibit A - Phyllis Pulley Obituary, # 2 Exhibit B - SNDA, # 3 Exhibit C - Jenkins Storage Letter, # 4 Text of Proposed Order, # 5 Certificate of Service)(QUAGLIA, RAYMOND) (Entered: 09/04/2025) |
| 09/15/2025 | 54 | Copy of TPO Form re 48 Notice of Appeal. (bw) (Main Document 54 replaced on 9/17/2025) (bw). (Entered: 09/16/2025) |
| 10/14/2025 | 55 | MOTION for Order *for for Possession or Writ of Assistance* filed by Trigild IVL, LLC.. (Attachments: # 1 Memorandum, # 2 Declaration of Jonathan Lakner, # 3 Exhibit A to Lakner Declaration - Lease, # 4 Exhibit B to Lakner Declaration - Rent Demand, # 5 Exhibit C to Lakner Declaration - Response of Pulley, # 6 Exhibit D to Lakner Declaration - Notice to Quit, # 7 Exhibit E to Lakner Declaration - Affidavit of Service Notice to Quit, # 8 Exhibit F to Lakner Declaration - Response of Yanoff, # 9 Text of Proposed Order, # 10 Exhibit A to Proposed Order - Proposed Writ of Assistance, # 11 Certificate of Service)(QUAGLIA, RAYMOND) (Entered: 10/14/2025) |
| 10/23/2025 | 56 | AFFIDAVIT of Service by It's Done! Courier re: served MOTION for Order for for Possession or Writ of Assistance (ECF 55) upon SBG Management Services, Inc. by Hand Delivery on October 20, 2025 (QUAGLIA, RAYMOND) (Entered: 10/23/2025) |
| 11/10/2025 | 57 | ORDER THAT THE MOTION 55 ISGRANTED.IT IS FURTHER ORDERED THAT: RECEIVER IS ENTITLED TO POSSESSION OF THAT CERTAIN THIRD FLOOR PREMISES LOCATED AT THE JENKINS COURT AT 610 OLD YORK ROAD, JENKINTOWN, PENNSYLVANIA 19046, SUITE 375, CONTAINING APPROXIMATELY 8,000 SQUARE FEET (PREMISES), BASED ON NONPAYMENT OF RENT IN THE AMOUNT OF $80,856.00 (OVERDUE RENT). IF SBG MANAGEMENT SERVICES, INC. DOES NOT VACATE THE PREMISES WITHIN FIFTEEN DAYS OF ENTRY OF THIS ORDER, RECEIVER MAY FILE A PRAECIPE FOR WRIT OF ASSISTANCE. THE CLERK OF COURT SHALL THEREUPON ISSUE A WRIT OF ASSISTANCE TO RECEIVER IN THE FORM ATTACHED HERETO AS EXHIBIT A. AT ANY TIME BEFORE THE WRIT OF ASSISTANCE IS ACTUALLY EXECUTED, SBG MANAGEMENT SERVICES, INC. MAY SUPERSEDE AND RENDER THE WRIT OF NO EFFECT BY PAYING THE OVERDUE RENT TO RECEIVER, OR THE UNITED STATES MARSHAL OR DEPUTY MARSHAL. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 11/10/25.11/10/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 11/10/2025) |
| 11/10/2025 | 58 | ORDER THAT A HEARING WILL BE HEARD FOR FURTHER CONSIDERATION OF TRIGILDS MOTION TO MODIFY THE LEASE OF JENKINS STORAGE, LLC, ECF 32, ON DECEMBER 3, 2025, AT 9:30 A.M. IN COURTROOM 9B, UNITED STATES COURTHOUSE, 601 MARKET STREET, PHILADELPHIA, PENNSYLVANIA. TRIGILD IS HEREBY DIRECTED TO PROMPTLY SERVE |

THIS ORDER UPON JENKINS STORAGE, LLC, TOGETHER WITH ITS PRIOR MOTION. SIGNED BY DISTRICT JUDGE GERALD A. MCHUGH ON 11/10/25. 11/10/25 ENTERED AND COPIES E-MAILED.(bw) (Entered: 11/10/2025)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/24/2025 03:40:41 | | | |
| **PACER Login:** | SMR017517 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-00044-GAM |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JENKINS COURT REALTY CO., L.P.,,<br><br>Defendant. | CIVIL ACTION<br><br>NO: 2:25-cv-44 |

**COMPLAINT IN MORTGAGE FORECLOSURE**

Plaintiff, ICON PSG 1 FL, LLC, by and through its undersigned counsel, Kurtz and Partners P.C., hereby files this Complaint in Mortgage Foreclosure against Defendant, Jenkins Court Realty Co., L.P., and states as follows:

**THE PARTIES**

1.    Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff"), is a Delaware limited liability company with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

2.    Upon information and belief, Defendant, Jenkins Court Realty Co., L.P. ("Defendant"), is a Pennsylvania limited partnership with its principal place of business located at 610 Old York Road, Suite 375, Jenkintown, PA 19046.

**JURISDICTION**

3.    Plaintiff's sole member is PSG Lending, LLC, a Maryland limited liability company with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

1

4.    PSG Lending, LLC has two members: PSG Credit REIT, Inc. and PSG Credit DE Blocker, Inc.

5.    PSG Credit REIT, Inc. is a Maryland corporation with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

6.    PSG Credit DE Blocker, Inc. is a Delaware corporation with its principal place of business located at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

7.    As such, Plaintiff is a citizen of the State of Delaware and the State of Maryland.

8.    Upon information and belief, based on Defendant's prior representations made to Plaintiff in conjunction with the Loan (as defined below) and the publicly available information, Defendant's ownership structure is as follows:

    a.    Defendant's general partner is Old Jenkins Corporation, a Pennsylvania corporation with its principal place of business located at 610 Old York Road, Suite 375, Jenkintown, PA 19046.

    b.    Defendant's sole limited partner is Our2Girls, L.P., a Pennsylvania limited partnership with its principal place of business located at 610 Old York Road, Suite 375, Jenkintown, PA 19046.

    c.    The general partner of Our2Girls, L.P. is Lucifer Management Corporation, a Pennsylvania corporation with its principal place of business located at 702 North Marshall Street, Philadelphia, PA 19123.

    d.    The sole limited partner of Our2Girls, L.P. is Philip C. Pulley.

    e.    Based on Mr. Pulley's previously provided Pennsylvania driver's license, his residence is located at 12241 Welsh Road, Huntington Valley, PA 19006.

2

f. Based on publicly available information regarding Mr. Pulley,[1] he may also have a residence located in Broward County, Florida.

g. Therefore, Mr. Pulley's domicile is either the Commonwealth of Pennsylvania or the State of Florida.

9. As such, Defendant is a citizen of the Commonwealth of Pennsylvania and, potentially, the State of Florida.

10. Because Plaintiff is a citizen of Maryland and Delaware, and Defendant is a citizen of Pennsylvania and, potentially, a citizen of Florida, there is complete diversity of jurisdiction between Plaintiff and Defendant.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because (i) this action is between citizens of different states; and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because (i) substantial part of the events or omissions giving rise to the claim occurred in this district; and (ii) substantial part of property that is the subject of the action is situated in this district.

## FACTS

### The Loan

13. Plaintiff made a loan to Defendant in the principal amount of $20,500,000.00 (the "Loan") for the purpose of refinancing the then-existing debt on the Property (as defined below) and funding certain construction projects at the Property.

---

[1] *See Montgomery County Man Pleads Guilty to Election Fraud Offenses*, U.S. Dep't of Justice (Sept. 25, 2024), https://www.justice.gov/usao-edpa/pr/montgomery-county-man-pleads-guilty-election-fraud-offenses.

14.    The Loan was memorialized by way of, *inter alia*, (i) that certain Loan Agreement by and between Plaintiff and Defendant dated September 27, 2023 (the "<u>Loan Agreement</u>"); and (ii) that certain Secured Promissory Note dated September 27, 2023 executed by Defendant in favor of Plaintiff (the "<u>Note</u>" and, collectively with the Loan Agreement, the Mortgage (as defined below), and certain other documents executed in conjunction with the Loan, the "<u>Loan Documents</u>"). True and correct copies of the Loan Agreement and the Note are attached hereto as *Exhibit 1* and *Exhibit 2*, respectively.

15.    To secure its obligations under the Loan Documents, Defendant executed that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 22, 2023 (the "<u>Mortgage</u>") in favor of Plaintiff.  A true and correct copy of the Mortgage is attached hereto as *Exhibit 3*.

16.    The Mortgage was duly recorded on October 3, 2023, with the Recorder of Deeds for Montgomery County, Pennsylvania, Book # 15820, Pages 01708–01752, Instrument # 2023052797.

17.    The Mortgage encumbers certain real property with the street address of 610 Old York Road, Jenkintown Borough, Montgomery County, Pennsylvania, Parcel ID # 10-00-05364-00-8, more particularly described in Exhibit A to the Mortgage. *See Exhibit 3* at Ex. A.

18.    Under the terms of the Loan Documents, Defendant was required to, *inter alia*, make monthly interest payments, in arrears, on the first of each calendar month. *See Exhibit 1* at § 2.3; *Exhibit 2* at Art. 1.

19.    Failure to make any such monthly payment within five (5) days of the date on which it is due (*i.e.*, by the sixth of the applicable calendar month), without requirement of any notice

4

from Plaintiff, constitutes an "Event of Default" under the Loan Documents. *See Exhibit 1* at § 11.2.2.

20.    The Loan Documents authorize Plaintiff to, *inter alia*, (i) assess late fees on any periodic monthly payment that is not received by Plaintiff within ten (10) days of the date on which it is due; and (ii) assess interest at a Default Rate (as the term is defined in the Loan Agreement) upon occurrence of any Event of Default. *See Exhibit 1* at § 2.3.3.

21.    Under the Loan Documents, Plaintiff is entitled to assess against and collect from Defendant any and all costs incurred in enforcement of Plaintiff's rights under the Loan Documents, including attorneys' fees. *See Exhibit 1* at § 9.14

22.    Furthermore, upon the occurrence of an Event of Default, the Loan Documents authorize Plaintiff to immediately declare all obligations under the Loan Documents to become due and payable, including, without limitations, the entire principal of the Loan, all unpaid interest, and all other charges due to Plaintiff under the Loan Documents. *See Exhibit 1* at 11.3.1; *Exhibit 2* at Art. 2.

23.    Under the Mortgage, upon an occurrence of Default, Plaintiff is entitled to, *inter alia*, (i) foreclose on the Property for the full amount owed under the Loan Documents; and (ii) have a receiver appointed for the purpose of managing the Property. *See Exhibit 3* at § 7.1.

**<u>Defendant's Defaults</u>**

24.    On numerous occasions, Defendant failed to make the monthly payments required under the Loan Documents within the five (5) day grace period set forth in the Loan Agreement.

25.    Furthermore, Defendant completely failed and refused to pay the monthly payments that were due under the Loan Documents on November 1, 2024, December 1, 2024, and January 1, 2025.

26.     Eash such late payment and non-payment constitutes an Event of Default under the Loan Documents.

27.     By way of that certain letter dated December 3, 2024, from Plaintiff's counsel to Defendant (the "Acceleration Notice"), Plaintiff declared the full amount of the Loan, together with all other amounts due under the Loan Documents, due and payable, demanding that all such amounts are paid to Plaintiff no later than December 13, 2024. A true and correct copy of the Acceleration Notice is attached hereto as *Exhibit 4*.

28.     As of the date of the Acceleration Notice, the following amounts were due and owing under the Loan Documents:

| | |
|---|---|
| Unpaid Principal: | $20,500,000.00 |
| Accrued Interest: | $1,408,741.66 |
| Fees and Expenses: | $41,122.36 |
| Less Construction Escrow Balance: | ($1,493,052.88) |
| **Total Due:** | **$20,456,811.14** |

29.     As of the date of this filing, no portion of the amounts due set forth in the Acceleration Notice was paid to Plaintiff, which also constitutes an Event of Default under the Loan Documents. *See Exhibit 1* at 11.2.3.[2]

---

[2] In addition to the Events of Default expressly set forth herein, there have been other actions and omissions by Defendant and Mr. Pulley (who is the Guarantor under the Loan Documents) that may constitute Events of Default (either in and of themselves, with passage of time, or after a written notice). Therefore, Plaintiff reserves the right to assert such additional defaults in this action, and nothing set forth herein is intended to waive or prejudice Plaintiff's rights with respect to such additional defaults under the Loan Documents.

## COUNT 1 – MORTGAGE FORECLOSURE

30.     Plaintiff incorporates by reference all preceding paragraphs as if set forth fully herein.

31.     Plaintiff and Defendant are parties to the Loan Documents, which set forth the parties' respective rights and obligations with respect to the Loan.

32.     Defendant has defaulted on its obligations under the Loan Agreement, the Note, and the other Loan Documents, as set forth above.

33.     As a result of such defaults, Plaintiff is entitled to foreclose on the Mortgage.

WHEREFORE, Plaintiff, ICON PSG 1 FL, LLC (A) demands a judgment against Defendant, Jenkins Court Realty Co., L.P., in the amount of **$20,456,811.14**, together with interest that has accrued and continues to accrue at the Default Rate since the date of the Acceleration Notice, reasonable legal fees and costs incurred by Plaintiff, and all such other amounts as may be authorized under the Loan Documents; (B) requests that this Court authorize the foreclosure and sale of the Property; and (C) further requests that this Court grants such other relief it deems just and proper.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  January 6, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
P:  (610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

# Exhibit 1

## LOAN AGREEMENT

Dated: As of September 27, 2023

By and Between

**JENKINS COURT REALTY CO., L.P.,**
a Pennsylvania limited partnership

("Borrower"),

and

**ICON PSG 1 FL, LLC,**
a Delaware limited liability company

("Lender")

**UP TO $20,500,000 LOAN**

**SECURED BY PROPERTY LOCATED AT:**

610 Old York Road
Jenkintown, PA 19046

1

TABLE OF CONTENTS

Page

1.    BACKGROUND................................................................................................9

    1.1    Defined Terms.................................................................... 9

    1.2    Borrower .........................................................................17

    1.3    Land and Improvements; Property .........................................17

    1.4    Use of Loan Proceeds ........................................................17

    1.5    Guaranty and Indemnity.....................................................17

    1.6    Loan...............................................................................18

2.    LOAN PROVISIONS. ..................................................................... 18

    2.1    Amount of Loan.................................................................18

    2.2    Term of Loan....................................................................18

    2.3    Interest Rate and Payment Terms..........................................18

        2.3.1    Interest and Monthly Payments .................................18
        2.3.2    Prepayment............................................................18
        2.3.3    Default Rate and Late Charges....................................18
        2.3.4    Method of Payment; Date of Credit...............................19
        2.3.5    Application of Payments ............................................19
        2.3.6    Maturity ................................................................19

    2.4    Fees ...............................................................................19

        2.4.1    Commitment Fee .....................................................19

    2.5    Acceleration.....................................................................20

3.    SECURITY FOR THE LOAN; LOAN AND SECURITY DOCUMENTS .............................20

    3.1    Security...........................................................................20

        3.1.1    Mortgage...............................................................20
        3.1.2    Assignment of Leases and Rents..................................20
        3.1.3    Assignment of Contracts, Licenses and Permits...............20
        3.1.4    Guaranty................................................................20
        3.1.5    ADA and Environmental Indemnity...............................21
        3.1.6    Pledge and Security Agreement....................................21
        3.1.7    Collateral Assignment of Management Agreement.............21
        3.1.8    Other....................................................................21

    3.2    Loan Documents and Security Documents ................................21

4.    CONTINUING AUTHORITY OF AUTHORIZED REPRESENTATIVES.............................22

5.    LENDER'S CONSULTANTS..............................................................22

    5.1    Right to Employ................................................................22

2

|      | 5.2  | Functions .................................................................................................. | 22 |
|      | 5.3  | Payment .................................................................................................... | 22 |
|      | 5.4  | Access ...................................................................................................... | 22 |
|      | 5.5  | No Liability .............................................................................................. | 22 |
| 6.   |      | PROJECT COMPLETION AND LOAN ADVANCES ........................................ | 23 |
|      | 6.1  | Capital Improvements and Tenant Improvements ..................................... | 23 |
|      | 6.2  | Advances .................................................................................................. | 24 |
|      | 6.3  | Starbucks Construction Obligations ......................................................... | 27 |
| 7.   |      | CONDITIONS PRECEDENT TO CLOSING ...................................................... | 27 |
|      | 7.1  | Satisfactory Loan Documents .................................................................... | 28 |
|      | 7.2  | No Material Change ................................................................................... | 28 |
|      | 7.3  | Warranties and Representations Accurate .................................................. | 28 |
|      | 7.4  | Financials ................................................................................................. | 28 |
|      | 7.5  | Validity and Sufficiency of Security Documents ....................................... | 28 |
|      | 7.6  | No Other Liens; Taxes and Municipal Charges Current ............................. | 28 |
|      | 7.7  | Property Matters ....................................................................................... | 28 |
|      | 7.8  | Compliance With Law ............................................................................... | 29 |
|      | 7.9  | Title Insurance; other Evidence of Perfection ........................................... | 29 |
|      | 7.10 | Survey ....................................................................................................... | 29 |
|      | 7.11 | Condition of Property ............................................................................... | 29 |
|      | 7.12 | No Takings ................................................................................................ | 30 |
|      | 7.13 | Insurance .................................................................................................. | 30 |
|      | 7.14 | Utilities; Water; Drainage ......................................................................... | 30 |
|      | 7.15 | Hazardous Waste, Hazardous Materials and Toxic Substances .................. | 30 |
|      | 7.16 | Organizational Documents and Entity Agreements .................................... | 30 |
|      | 7.17 | Votes, Consents and Authorizations .......................................................... | 30 |
|      | 7.18 | Legal and Other Opinions ......................................................................... | 30 |
|      | 7.19 | No Default ................................................................................................ | 30 |
|      | 7.20 | Lease Audit ............................................................................................... | 30 |
| 8.   |      | WARRANTIES AND REPRESENTATIONS .................................................... | 30 |
|      | 8.1  | Financial Information ................................................................................ | 31 |
|      | 8.2  | No Violations ............................................................................................ | 31 |
|      | 8.3  | No Litigation ............................................................................................. | 31 |

3

|  |  |  |
|---|---|---|
| 8.4 | Leases | 31 |
| 8.5 | Compliance With Legal Requirements | 31 |
| 8.6 | Required Licenses and Permits | 31 |
| 8.7 | Curb Cuts and Utility Connections | 31 |
| 8.8 | Good Title and No Liens | 32 |
| 8.9 | Use of Proceeds | 32 |
| 8.10 | Entity Matters | 32 |
| | 8.10.1 Organization | 32 |
| | 8.10.2 Ownership and Taxpayer Identification Numbers | 32 |
| | 8.10.3 Authorization | 32 |
| | 8.10.4 Fiscal Year | 32 |
| 8.11 | Tax Filings | 32 |
| 8.12 | Solvency | 33 |
| 8.13 | Intentionally Omitted | 33 |
| 8.14 | Flood Zone | 33 |
| 8.15 | Insurance | 33 |
| 8.16 | Condemnation | 33 |
| 8.17 | Valid and Binding | 33 |
| 8.18 | Deferred Compensation and ERISA | 33 |
| 8.19 | Conditions Satisfied | 34 |
| 8.20 | No Material Adverse Change; No Default or Event of Default | 34 |
| 8.21 | No Broker or Finder | 34 |
| 8.22 | Background Information and Certificates | 34 |
| 8.23 | Guarantor's Warranties and Representations | 34 |
| 8.24 | Equity in the Property | 34 |
| 9. | COVENANTS | 34 |
| 9.1 | Notices | 34 |
| 9.2 | Financial Statements and Reports | 34 |
| | 9.2.1 Annual Statements | 35 |
| | 9.2.2 Periodic Statements | 35 |
| | 9.2.3 Data Received; Data Requested | 35 |
| | 9.2.4 Tax Returns | 36 |
| | 9.2.5 Lease Notices | 36 |
| | 9.2.6 Guarantor's Statements | 36 |
| | 9.2.7 Debt Yield | 36 |
| 9.3 | Payment of Taxes and Other Obligations | 36 |
| 9.4 | Conduct of Business; Compliance With Law | 36 |

4

168215.00401/132065245v.7

| | | | |
|---|---|---|---|
| 9.5 | | Insurance | 36 |
| 9.6 | | Restrictions on Liens, Transfers and Additional Debt | 37 |
| | 9.6.1 | Prohibited Transactions | 37 |
| | 9.6.2 | Permitted Transactions | 37 |
| | 9.6.3 | Permitted Transfers | 37 |
| | 9.6.4 | Permitted Additional Debt | 37 |
| | 9.6.5 | Lender's Options | 37 |
| 9.7 | | Limits on Guaranties and Distributions | 38 |
| 9.8 | | Restrictions on Investments | 38 |
| 9.9 | | Indemnification Against Payment of Brokers' Fees | 38 |
| 9.10 | | Limitations On Certain Transactions | 38 |
| | 9.10.1 | No Merger or Acquisition | 38 |
| | 9.10.2 | Contracts of a Material or Significant Nature | 38 |
| 9.11 | | Property Management | 39 |
| | 9.11.1 | Modification/Amendment of Management Agreement | 39 |
| | 9.11.2 | Removal/Replacement of Manager | 39 |
| 9.12 | | Intentionally Omitted | 39 |
| 9.13 | | Place for Records: Inspection | 40 |
| 9.14 | | Costs and Expenses | 40 |
| 9.15 | | Handicapped Access | 40 |
| 9.16 | | Zoning | 41 |
| 9.17 | | Compliance with Legal Requirements | 41 |
| 9.18 | | Contingency | 41 |
| 9.19 | | Foreign Assets Control Regulations | 41 |
| 9.20 | | Indemnification | 41 |
| 9.21 | | Leasing Matters | 42 |
| | 9.21.1 | Approval Required | 42 |
| | 9.21.2 | Approval Procedures and Conditions | 42 |
| | 9.21.3 | Estoppel Certificates | 43 |
| | 9.21.4 | Delivery of Copies to Lender | 43 |
| | 9.21.5 | Compliance | 43 |
| 9.22 | | Updated Appraisals | 43 |
| 9.23 | | Replacement Documentation | 43 |
| 9.24 | | [Reserved] | 43 |
| 10. | | SPECIAL PROVISIONS | 44 |
| 10.1 | | Right to Contest | 44 |
| | 10.1.1 | Taxes and Claims by Third Parties | 44 |

5

168215.00401/132065245v.7

10.1.2 Legal Requirements......................................................................44

11. EVENTS OF DEFAULT...........................................................................45

11.1 Default and Events of Default ............................................................45

11.1.1 Generally.................................................................45
11.1.2 Note, Mortgage and Other Loan Documents.....................45
11.1.3 Financial Status and Insolvency....................................45
11.1.4 Liens.......................................................................46
11.1.5 Breach of Representation or Warranty..........................46
11.1.6 Default Under Assigned Contract ................................46
11.1.7 Guarantor Default .....................................................46
11.1.8 Alterations/Construction ...........................................46
11.1.9 [Reserved] ...............................................................46
11.1.10 Change of Control....................................................46

11.2 Grace Periods and Notice ...................................................................46

11.2.1 No Notice or Grace Period..........................................46
11.2.2 Nonpayment of Interest and Principal..........................47
11.2.3 Other Monetary Defaults............................................47
11.2.4 Nonmonetary Defaults Capable of Cure........................47

11.3 Certain Lender Remedies ...................................................................47

11.3.1 Accelerate Debt........................................................47
11.3.2 Pursue Remedies.......................................................47
11.3.3 Written Waivers........................................................47

12. ADDITIONAL REMEDIES OF LENDER..................................................47

12.1 Remedies.............................................................................................47

12.1.1 Enter and Perform....................................................48
12.1.2 Discontinue Work......................................................48
12.1.3 Exercise Rights.........................................................48
12.1.4 Other Actions...........................................................48

12.2 Reimbursement....................................................................................48

12.3 Power of Attorney...............................................................................48

13. SET-OFF.................................................................................................50

13.1 Set-off.................................................................................................50

13.2 Right to Freeze ...................................................................................50

13.3 Additional Rights................................................................................50

14. CASUALTY AND TAKING.......................................................................50

14.1 Casualty and Obligation To Repair......................................................50

14.2 Adjustment of Claims..........................................................................50

14.3 Payment and Application of Insurance Proceeds ................................50

168215.00401/132065245v.7

14.4    Conditions To Release of Insurance Proceeds.........................................................51

14.5    Taking..................................................................................................................51

15.    GENERAL PROVISIONS.................................................................................................51

15.1    Notices................................................................................................................51

15.2    Further Assurances.............................................................................................52

15.3    Parties Bound......................................................................................................52

15.4    Waivers, Extensions and Releases.....................................................................52

15.5    Governing Law; Consent to Jurisdiction; Mutual Waiver of Jury Trial........................53

15.5.1  Governing Law...................................................................................53
15.5.2  Consent to Jurisdiction.......................................................................53
15.5.3  JURY TRIAL WAIVER.....................................................................53

15.6    Survival...............................................................................................................53

15.7    Cumulative Rights..............................................................................................53

15.8    Claims Against Lender.......................................................................................53

15.8.1  Borrower Must Notify ......................................................................53
15.8.2  Remedies...........................................................................................53
15.8.3  Limitations........................................................................................54

15.9    Obligations Absolute .........................................................................................54

15.10   Table of Contents, Title and Headings...............................................................54

15.11   Counterparts.......................................................................................................54

15.12   Right to Sell.......................................................................................................54

15.13   Right to Participate.............................................................................................55

15.14   Splitting the Loan...............................................................................................55

15.15   Credit Information..............................................................................................55

15.16   Time of the Essence...........................................................................................56

15.17   Integration/No Oral Change...............................................................................56

15.18   Monthly Statements...........................................................................................56

15.19   USA Patriot Act Notification .............................................................................56

15.20   Publicity.............................................................................................................56

15.21   Waiver of Consequential Damages.....................................................................57

7

<u>EXHIBITS</u>

Exhibit A       -       Organizational Chart

Exhibit B       -       Authorized Representatives

Exhibit C       -       Required Property, Hazard and Other Insurance

Exhibit D       -       Draw Schedule

8

168215.00401/132065245v.7

LOAN AGREEMENT

This loan agreement ("**Loan Agreement**" or "**Agreement**") is made and entered into as of the 27th day of September, 2023, by and between **JENKINS COURT REALTY CO., L.P.**, a Pennsylvania limited partnership, having an address at PO Box 549, Abington, PA 19001 ("**Borrower**") and **ICON PSG 1 FL, LLC**, a Delaware limited liability company, having its principal place of business at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046, Attention: Cameron Lawson ("**Lender**").

WITNESSETH:

1.    BACKGROUND.

1.1    Defined Terms.  As used herein, the following terms shall have the meanings set forth below:

"**Acceptance Notice**" as defined in Section 9.25.

"**Access Laws**" as defined in Section 9.15.

"**Act**" as defined in Section 15.18.

"**ADA and Environmental Indemnity**" as defined in Section 3.1.5.

"**Agreement**" as defined in the Preamble.

"**Annual Budget**" means that certain annual budget for the Property setting forth expected revenue, expenses, less costs and capital expenditures as reviewed and approved by Lender.

"**Appraisal**" means a FIRREA compliant appraisal prepared by an appraiser selected by Lender, who shall be: (i) an MAI member with not less than ten (10) years' of experience appraising properties of a similar type to the Property in the general geographical area of the Property, and (ii) otherwise qualified pursuant to provisions of applicable laws and regulations under and pursuant to which Lender operates.

"**Assignee**" as defined in Section 15.12.

"**Assignment of Contracts**" as defined in Section 3.1.3.

"**Assignment of Leases and Rents**" as defined in Section 3.1.2.

"**Authorized Representatives**" as defined in Section 4 and listed on Exhibit B.

"**Borrower**" as defined in the Preamble.

"**Budget**" as defined in Section 6.1(d)(iv).

"**Business Day**" means any day of the year on which offices of the Lender are not required or authorized by law to be closed for business in Columbia, Maryland.  If any day on which a payment is due is not a Business Day, then the payment shall be due on the next day following which is a Business Day. Further, if there is no corresponding day for a payment in the given calendar month (*i.e.*, there is no "February 30th"), the payment shall be due on the last Business Day of the calendar month.

9

168215.00401/132065245v.7

"**Change of Control**" shall mean any time in which anyone has the ability to, directly or indirectly, ultimately control the day-to-day operations of the Borrower.

"**Casualty**" as defined in Section 14.1.

"**Closing Date**" means the date hereof.

"**Collateral**" as defined in Section 7.5.

"**Collateral Assignment of Management Agreement**" as defined in Section 3.1.7.

"**Commitment Fee**" as defined in Section 2.4.1.

"**Construction Costs**" as defined in Section 6.

"**Consultant**" as defined in Section 5.1.

"**Contingency Funds**" as defined in Section 9.18.

"**Contract**" as defined in Section 15.20.

"**Cost To Repair**" as defined in Section 14.3.

"**Current Management Agreement**" means that certain Management Agreement between Borrower and Current Manager dated as of October 28, 2021, as may be amended or modified in accordance with the terms of this Agreement and the Collateral Assignment of the Management Agreement.

"**Current Manager**" means SBG Management Services PA Inc., a Pennsylvania corporation.

"**Debt Yield**" means shall mean a ratio, as determined by Lender, in which, as of any date of determination by Lender: (i) the numerator is the net cash flow, and (ii) the denominator is the outstanding principal balance of the Loan.

"**Default**" as defined in Section 11.1.

"**Default Rate**" as defined in Section 2.3.3.

"**Dogtopia Lease**" that certain Lease between Borrower and Dogtopia dated as of February 15, 2021, as amended by that certain First Amendment to Lease Agreement dated as of February 1, 2022.

"**Dollars**" or "**$**" means lawful money of the United States.

"**Draw Schedule**" means as set forth on Exhibit D and which may not be amended without the prior written approval of Lender, which approval shall be in Lender's sole and absolute discretion.

"**Eligible Institution**" means a depository institution or trust company insured by the Federal Deposit Insurance Corporation the short term unsecured debt obligations or commercial paper of which are rated at least A-1 by S&P, P-1 by Moody's, and F-1+ by Fitch, Inc. in the case of accounts in which funds are held for thirty (30) days or less or, in the case of Letters of Credit or accounts in which funds are held for more than thirty (30) days, the long term unsecured debt obligations of which are rated at least "A-" by Fitch or S&P and "A3" by Moody's.

10

"**Environmental Laws**" as defined in the ADA and Environmental Indemnity.

"**ERISA and ERISA Plan**" each as defined in Section 8.18.

"**Event of Default**" as defined in Section 11.1.

"**Exit Fee**" as defined in Section 2.4.2.

"**Extension Term** as defined in Section 2.2.

"**Fee Letter**" as defined in Section 3.2.

"**GAAP**" means generally accepted accounting principles as set forth in the opinions and pronouncements of the Accounting Principles Board and the American Institute of Certified Public Accountants and statements and pronouncements of the Financial Accounting Standards Board (or agencies with similar functions of comparable stature and authority within the accounting profession), or in such other statements by such entity as may be in general use by significant segments of the U.S. accounting profession

"**General Contractor**" means SBG Management Services Inc.

"**Governmental Authority**" means any governmental department, commission, board, bureau, agency, regulatory authority, instrumentality, judicial or administrative body, federal, state, local, or foreign having jurisdiction over the matter or matters in question.

"**Guaranty**" as defined in Section 3.1.4.

"**Guarantor**" as defined in Section 1.5.

"**Hazardous Materials**" means and include asbestos, flammable materials, explosives, radioactive substances, polychlorinated biphenyls, radioactive substances, other carcinogens, oil and other petroleum products, pollutants or contaminants that could be a detriment to the environment, and any other hazardous or toxic materials, wastes, mold or substances which are defined, determined or identified as such in any past, present or future federal, state or local laws, rules, codes or regulations, or any judicial or administrative interpretation of such laws, rules, codes or regulations.

"**Improvements**" as defined in Section 1.3.

"**Indemnified Party**" as defined in Section 9.20.

"**Indemnitors**" as defined in Section 3.1.5.

"**Insurance Escrow**" as defined in Section 6.2(c).

"**Interest Rate**" means WSJ Prime plus four and one-half percent (4.50%) per annum. Notwithstanding any provision of any Loan Document, for the purpose of calculating interest under this Agreement, the Interest Rate shall not be less than 10.5%.

"**Investment**" means the acquisition of any real or tangible personal property or of any stock or other security, any loan, advance, bank deposit, money market fund, contribution to capital, extension of credit (except for accounts receivable arising in the ordinary course of business and payable in accordance with customary terms), or purchase or commitment or option to purchase or otherwise acquire real estate

11

or tangible personal property or stock or other securities of any party or any part of the business or assets comprising such business, or any part thereof.

"**Land**" as defined in Section 1.3.

"**Legal Requirements**" means all applicable federal, state, county and local laws, by-laws, rules, regulations, codes and ordinances, and the requirements of any governmental agency or authority having or claiming jurisdiction with respect thereto, including, but not limited to, those applicable to zoning, subdivision, building, health, fire, safety, sanitation, the protection of the handicapped, and environmental matters and shall also include all orders and directives of any court, governmental agency or authority having or claiming jurisdiction with respect thereto.

"**Lender**" as defined in the Preamble.

"**Licenses and Permits**" means all licenses, permits, authorizations and agreements issued by or agreed to by any Governmental Authority or by a private party pursuant to a Permitted Title Exception, and including, but not limited to, building permits, occupancy permits and such special permits, variances and other relief as may be required pursuant to Legal Requirements which may be applicable to the Property or the Property.

"**Lien**" means any interest, or claim thereof, in the Property securing an obligation owed to, or a claim by, any Person other than the owner of the Property, whether such interest is based on common law, statute or contract, including the lien or security interest arising from a Mortgage, mortgage, assignment, encumbrance, pledge, security agreement, conditional sale or trust receipt or a lease, consignment or bailment for security purposes. The term "Lien" shall include reservations, exceptions, encroachments, easements, rights of way, covenants, conditions, restrictions, leases and other title exceptions and encumbrances affecting the Property.

"**Loan**" as defined in Section 1.4.

"**Loan Agreement**" as defined in the Preamble.

"**Loan Documents**" as defined in Section 3.2.

"**Lock-Out Period**" as defined in Section 2.3.2.

"**MAI**" means a member of the Appraisers Institute.

"**Major Lease**" means any lease that demises more than 2,500 square feet at the Property.

"**Management Agreement**" means the Current Management Agreement and any subsequent management agreement entered into by the Borrower in accordance with the terms of this Agreement and the Collateral Assignment of the Management Agreement with a Manager, pursuant to which such Manager is to provide management and other services with respect to the Property.

"**Manager**" means Current Manager and any subsequent manager or successor, if any, as shall have been reasonably approved by Lender.

"**Material Adverse Change**" means (i) a material adverse change in, or a material adverse effect on, the operations, business, assets, properties, liabilities (actual or contingent), condition (financial or otherwise) or prospects of the Borrower, the Guarantor, and their respective affiliates and subsidiaries, taken as a whole; (ii) a material impairment of the rights and remedies of the Lender under the Loan

Documents, or of the ability of the Borrower or the Guarantor to perform their respective obligations under any documentation for the Loan to which it is a party; or (iii) a material adverse effect upon the legality, validity, binding effect or enforceability against the Borrower or the Guarantors of any documentation for the Loan to which it is a party.

"**Maturity Date**" means the earlier to occur of the Stated Maturity Date or such earlier date on which the final payment of principal of the Note becomes due and payable as therein or herein provided, whether at such stated maturity date, by declaration of acceleration, or otherwise.

"**Minimum Earned Interest**" means an amount equal to $3,792,500 (*i.e.*, 18.5% of the Loan).

"**Mortgage**" as defined in Section 3.1.1.

"**Note**" as defined in Section 3.2(ii).

"**Obligations**" as defined in Section 3.1.

"**Offer**" as defined in Section 9.25.

"**Option Period**" as defined in Section 9.25.

"**Original Appraisal**" as defined in Section 9.2.

"**Participant**" as defined in Section 15.13.

"**Partnership Agreement**" as defined in Section 7.16.

"**Payment Date**" as defined in Section 2.3.1.

"**Permitted Additional Debt**" as defined in Section 9.6.4.

"**Permitted Title Exceptions**" as defined in the Mortgage.

"**Permitted Transactions**" as defined in Section 9.6.2.

"**Permitted Transfers**" as defined in Section 9.6.3.

"**Person**" means any individual, corporation, partnership, joint venture, association, joint stock company, trust, trustee, estate, limited liability company, unincorporated organization, real estate investment trust, government or any agency or political subdivision thereof, or any other form of entity.

"**Plans**" means those certain plans and specifications with respect to the Capital Improvements and Tenant Improvements, approved by Lender.

"**Pledge Agreement**" as defined in Section 3.1.6.

"**Precious One Lease**" that certain Lease between Borrower and Precious One dated as of February 15, 2021, as amended by that certain First Amendment to Lease Agreement dated as of February 1, 2022.

"**Project**" means certain tenant improvements and building improvements with respect to the Property, as set forth on the Plans.

13

"**Property**" as defined in Section 1.3.

"**Repair Work**" as defined in Section 14.1.

"**Reportable Event**" as defined in Section 8.17.

"**Registered Land Surveyor**" means a land surveyor or engineer licensed as such in the jurisdiction where the Property is situated.

"**Reserve Percentage**" means the maximum aggregate reserve requirement (including all basic, supplemental, marginal and other reserves) which is imposed on member banks of the Federal Reserve System against "Euro-currency Liabilities" as defined in Regulation D.

"**Restoration Threshold**" means Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00).

"**Security**" as defined in Section 3.1.

"**Security Documents**" as defined in Section 3.2.

"**Single Purpose Entity**" means a corporation, limited partnership or limited liability company which at all times on and after the date hereof, unless otherwise approved in writing by the Lender:

(a)     is organized solely for the purpose of acquiring, developing, owning, holding, selling, leasing, transferring, exchanging, managing and operating the Property, entering into this Agreement, refinancing the Property in connection with a permitted repayment of the Loan, and transacting any and all lawful business that is incident, necessary and appropriate to accomplish the foregoing;

(b)     is not engaged and will not engage in any business unrelated to the acquisition, development, ownership, management or operation of the Property;

(c)     does not have and will not have any assets other than those related to the Property;

(d)     has not engaged, sought or consented to and will not engage in, seek or consent to any dissolution, winding up, liquidation, consolidation, merger, sale of all or substantially all of its assets, transfer of partnership or membership interests in violation of this Agreement (if such entity is a general partner in a limited partnership or a member in a limited liability company), or any amendment of its articles of incorporation, by-laws, limited partnership certificate, limited partnership agreement, articles of organization, certificate of formation or operating agreement (as applicable) with respect to the matters set forth in this definition without the prior written consent of the Lender;

(e)     if such entity is (i) a limited liability company, has articles of organization, a certificate of formation and/or an operating agreement, as applicable, (ii) a limited partnership, has a certificate of limited partnership and limited partnership agreement, or (iii) a corporation, has a certificate of incorporation or articles of incorporation, that in each case provide that such entity shall not, without the consent without the unanimous written consent of all of its partners or members: (A) dissolve, merge, liquidate or consolidate itself or any Person in which it has a direct or indirect legal or beneficial ownership interest; (B) sell all or substantially all of its assets or the assets of any other Person in which it has a direct or indirect legal or beneficial ownership interest; (C) engage in any other business activity or permit any Person in which it has a direct or indirect legal or beneficial ownership interest to engage in any other business activity, in each case except as permitted pursuant to the Loan Documents, (D) file a bankruptcy or insolvency petition or otherwise institute insolvency proceedings with respect to itself or to any other Person in which it has a direct or indirect legal or beneficial ownership interest, or (E) amend its organizational documents with respect to the matters set forth in this definition without the consent of the Lender;

14

(f)       is and will remain solvent and pay its debts and liability (including, as applicable, shared personnel and overhead expenses) from its assets as the same shall become due, and is maintaining and will maintain adequate capital for the normal obligations reasonably foreseeable in a business of its size and character and in light of its contemplated business operations;

(g)       has not failed and will not fail to correct any known misunderstanding regarding the separate identity of such entity;

(h)       has maintained and will maintain its accounts, books and records separate from any other Person and will file its own tax returns, except to the extent that it is required to file consolidated tax returns by law;

(i)       has not commingled and will not commingle its funds or assets with those of any other Person;

(j)       has held and will hold its assets in its own name;

(k)       has maintained and will maintain financial statements that properly and accurately show its separate assets and liabilities and do not show the assets or liabilities of any other Person, and has not permitted and will not permit its assets to be listed as assets on the financial statement of any other entity;

(l)       has paid and will pay its own liabilities and expenses, including, but not limited to, the salaries of its own employees (if any), out of its own funds and assets, and has maintained and will maintain a sufficient number of employees in light of its contemplated business operations;

(m)       has observed and will observe all corporate, partnership or limited liability company formalities, as applicable;

(n)       has not incurred and will not incur any debt other than (a) with respect to Borrower, the Loan and (b) with respect to Borrower, Permitted Additional Debt.  No debt other than the Loan may be secured (subordinate or *pari passu*) by the Property;

(o)       has not and will not assume or guarantee or become obligated for the debts of any other Person or hold out its credit as being available to satisfy the obligations of any other Person except as permitted pursuant to this Agreement;

(p)       has not and will not acquire obligations or securities of its members or shareholders or any other affiliate;

(q)       has allocated and will allocate fairly and reasonably any overhead expenses that are shared with an affiliate, including, but not limited to, paying for shared office space and services performed by any officer or employee of an affiliate;

(r)       maintains and uses and will maintain and use separate invoices and checks bearing its name. The stationary, invoices, and checks utilized by the Single Purpose Entity or utilized to collect its funds or pay its expenses shall bear its own name and shall not bear the name of any other entity unless such entity is clearly designated as being the Single Purpose Entity's agent;

(s)       except in connection with the Loan, has not pledged and will not pledge its assets for the benefit of any other Person;

(t)       has conducted business, held itself out and identified itself and will conduct business, hold itself out and identify itself as a separate and distinct entity under its own name or in a name franchised or

15

168215.00401/132065245v.7

licensed to it by a Person other than an affiliate of Borrower and not as a division or part of any other Person;

(u)     has maintained and will maintain its assets in such a manner that it will not be costly or difficult to segregate, ascertain or identify its individual assets from those of any other Person;

(v)     has not made and will not make loans to any Person or hold evidence of indebtedness issued by any other Person (other than cash and securities issued by an entity that is not an affiliate or subject to common ownership with such entity);

(w)     has not identified and will not identify its partners, members or shareholders, or any affiliate of any of them, as a division or part of it, and has not identified itself and shall not identify itself as a division of any other Person;

(x)     has not entered into or been a party to, and will not enter into or be a party to, any transaction with its partners, members, shareholders or affiliates except in the ordinary course of its business and on terms which are intrinsically fair, commercially reasonable and are no less favorable to it than would be obtained in a comparable arm's-length transaction with an unrelated third party;

(y)     has not and will not have any obligation to indemnify its partners, officers, directors or members, as the case may be, unless such obligation is fully subordinated to the Obligations and will not constitute a claim against it in the event that, after payment of the Obligations, cash flow is insufficient to pay such obligation;

(z)     does not and will not have any of its obligations guaranteed by any affiliate except as specified in the Loan Documents.

"**Starbucks Construction Obligations**" means certain of Borrower's construction obligation under the Starbucks Lease.

"**Starbucks Lease**" means a lease to be entered into after the date hereof between Borrower, as landlord, and Starbucks Corporation, a Washington corporation, as tenant, for approximately 2,400 square feet of the Property.

"**Stated Maturity Date**" means March 27, 2025.

"**Statement**" as defined in Section 15.18.

"**Surveyor**" and "**Survey Plan**" each as defined in Section 1.3.

"**Tenant Improvements**" those certain improvements required to be made by Borrower under the Dogtopia Lease, the Precious One Lease and the Tiny Town Lease and as budgeted for in the Budget and set forth in the Draw Schedule.

"**Term** as defined in Section 2.2.

"**Tiny Town Lease**" that certain lease between Borrower and Tiny Town, LLC effective as of August 17, 2023.

"**Transaction**" as defined in Section 9.25.

"**Transfer**" means:

16

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property) or any part thereof or interest therein to any Person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Title Exceptions;

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower to any Person (if Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

(c)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest, partnership or other in Borrower to any Person (if Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise; or

(d)    any (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower to any Person or (ii) any consolidation or merger of Borrower into or with any Person (in each of (i) or (ii) above, if Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise.

"**UCC**" means the Uniform Commercial Code in effect in the Commonwealth of Pennsylvania.

"**Underwriting Fee**" as defined in Section 2.4.3.

"**Updated Appraisal**" as defined in Section 9.22.

"**WSJ Prime**" means the prime rate of interest for commercial borrowings published from time to time by the Wall Street Journal, provided that if at any time the Wall Street Journal ceases to be published or ceases to publish such prime rate, Lender shall select a nationally recognized substitute publication comparable to the Wall Street Journal for use in determining such prime rate, and Lender shall provide written notice to Borrower of any such substitution.

1.2    Borrower.  Borrower is a limited partnership, organized under the laws of the Commonwealth of Pennsylvania.Land and Improvements; Property.  Borrower is the owner of the land ("**Land**") and the improvements thereon (collectively, the "**Improvements**") located at 610 Old York Road, Jenkintown, Pennsylvania, and more particularly described in the Mortgage and also shown on the plan dated June 29, 2023, and last revised on _____, 2023 ("**Survey Plan**") prepared by Carroll Engineering Corporation ("**Surveyor**") as Job No. 20-1822.01.  The Land and Improvements are collectively referred to herein as the "**Property**".

1.4    Use of Loan Proceeds.  Borrower has applied to Lender for a loan of Twenty Million Five Hundred Thousand and 00/100 Dollars ($20,500,000.00) ("**Loan**") the proceeds of which are to be used (a) to refinance existing debt on the Property, (b) to pay the costs and expenses incident to closing the Loan, and (c) to fund the construction of the Capital Improvements and the Tenant Improvements pursuant to and in accordance with the terms and conditions of this Agreement.

1.5    Guaranty and Indemnity.  As an inducement to Lender to make the Loan, Philip Pulley, an individual (the "**Guarantor**"), have agreed to execute an unconditional guaranty of payment and performance guarantying all payment and performance obligations of Borrower under the Note and Loan Documents as well as any additional items as provided for in the Completion Guaranty and the ADA and Environmental Indemnity to which Guarantor is a party.

168215.00401/132065245v.7

1.6     Loan.  Subject to all of the terms, conditions and provisions of this Agreement, and of the agreements and instruments referred to herein, Lender agrees to make the Loan and Borrower agrees to accept and repay the Loan.

2.     LOAN PROVISIONS. Amount of Loan.  The Loan shall be in the maximum principal amount of Twenty Million Five Hundred Thousand and 00/100 Dollars ($20,500,000.00). Term of Loan. The Loan shall be for a term ("**Term**") commencing on the date hereof and ending on the Maturity Date; provided, however, that Borrower, with the consent of Lender (which can be granted or withheld at Lender's sole and exclusive discretion), shall have the right to extend the maturity date for an additional period of six (6) months ("**Extension Term**"), subject to the payment of an extension fee equal to one percent (1%) of the amount of the Loan.  During the Extension Term, interest shall accrue on the maximum principal amount at the Interest Rate.

2.3     Interest Rate and Payment Terms.  The Loan shall be payable as to interest and principal in accordance with the provisions of this Agreement and the Note.  This Agreement also provides for interest at a Default Rate, Late Charges and prepayment rights and fees. Interest and Monthly Payments. Subject to Section 2.3.3, Interest on the Loan shall accrue at the Interest Rate.  Borrower shall pay to Lender (a) on the Closing Date, all interest due on the Loan at the Interest Rate for the period commencing on the Closing Date and continuing through and including last day of current month, 2023 and (b) first payment due date, 2023, and on the first day of each and every month thereafter (each date, a "**Payment Date**") through and including last monthly payment date prior to maturity, monthly payments, in arrears, of interest only, on the unpaid balance of the Loan at the Interest Rate and (c) on the Maturity Date, a monthly payment, in arrears, of interest only, on the unpaid principal balance of the Loan at Interest Rate.  On the Maturity Date, whether by acceleration, prepayment, or otherwise, the outstanding balance of the Loan, together with all accrued and unpaid interest and any other amounts due and payable to the Lender hereunder or under the other the Loan Documents, shall be paid in full.  Interest shall for all purposes hereunder be calculated on the basis of a three hundred sixty (360) day year and charged on the basis of a three hundred sixty-five (365) or three hundred sixty-six (366) day year counting the number of days elapsed during each month.  Anything herein to the contrary notwithstanding, the total amount of interest paid to Lender shall be the greater of the Minimum Earned Interest or the sum of all monthly interest payments accrued and made by Borrower to Lender.

2.3.2     Prepayment.  The Loan may, on ten (10) days' prior written notice to Lender, be prepaid in whole or in part at any time without any prepayment penalty; provided, however, if Lender has not been paid Minimum Earned Interest, then along with any prepayment, Borrower shall deliver to Lender an amount equal to the different between the interest paid to date and the Minimum Earned Interest.

2.3.3     Default Rate and Late Charges.  From and after the occurrence of an Event of Default, regardless of whether or not there has been a notice of default issued by Lender, interest shall accrue on the entire outstanding balance of the Loan and any and all amounts due by Borrower under the Loan Documents (including, without limitation, interest at the Default Rate and any late fees) at a rate equal to the lesser of (i) 25% and (ii) the maximum interest rate per annum permitted under Pennsylvania law (the "**Default Rate**").  The Default Rate shall remain in effect until any and all Events of Default shall have been cured.  In addition, the Default Rate shall remain in effect during any period of default even upon the acceleration of the indebtedness evidenced by the Note.  The Default Rate shall be in effect at all times after the maturity of the indebtedness evidenced by this Note (whether by acceleration or otherwise).  Upon acceleration or maturity, the Default Rate shall remain in effect until all sums due under this Note, the Mortgage and the Loan Documents shall have been paid in full.  Lender may collect a late payment fee not

18

to exceed an amount equal to seven percent (7.0%) of any periodic payment not received within ten (10) days of the date such payment is due and payable, said charge constituting liquidated damages, to be assessed from the date upon which such payment was due and payable, and being payable upon demand.  Interest shall continue to accrue at the Default Rate (including following the entry of a judgment in favor or Holder) until payment full of all sums due under this Note, the Mortgage or any of the Loan Documents.  In addition, Borrower shall pay to Lender the sum of Fifty and 00/100 Dollars ($50.00) for any payment which is returned for any reason by Borrower's bank unpaid.  Further, if Borrower remits any payment to Lender under this Note, the Mortgage or the Loan Documents which is returned for any reason by Borrower's bank unpaid, Lender may, in its sole and absolute discretion, require Borrower to remit all future payments due under this Note, the Mortgage or the Loan Documents in the form of a certified or cashier's check made payable to Lender.

2.3.4    Method of Payment; Date of Credit.  All payments of interest, principal and fees shall be made in lawful money of the United States in immediately available funds, without counterclaim or setoff and free and clear of, and without any deduction or withholding for, any taxes or other payments via automated clearing house transfer ("**ACH**").  Payments shall be credited on the Business Day on which immediately available funds are received prior to 3:30 P.M. Eastern Time; payments received after 3:30 P.M Eastern Time shall be credited to the Loan on the next Business Day.

2.3.5    Application of Payments.  Each and every payment made by Borrower to Lender and all other proceeds received by Lender with respect to the indebtedness evidenced hereby, shall be applied as follows:  (x) provided that no Event of Default has occurred and is then continuing (a) first, if applicable in accordance with the terms of this Agreement, to all premiums and other sums payable hereunder or under the Note, the Mortgage or any of the Loan Documents (other than pursuant to subdivisions (b) or (c) of this Section 2.3.5), (b) second, to all interest at the Interest Rate which shall be due and payable pursuant to Section 2.3.1, and (c) third, if specified by Borrower for application against the outstanding principal balance of the Loan, and subject to the prepayment provisions of Section 2.3.2, in reduction of the outstanding principal balance of the Loan, or (y) if an Event of Default has occurred and is then continuing, in such other order and priority as determined by Lender in its sole discretion.  To the extent that Borrower makes a payment or Lender receives any payment or proceeds for Borrower's benefit, which are subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be repaid to a trustee, debtor in possession, receiver, custodian or any other party under any bankruptcy law, common law or equitable cause, then, to such extent, the obligations of Borrower hereunder intended to be satisfied shall be revived and continue as if such payment or proceeds had not been received by Lender.

2.3.6    Maturity.  On the Maturity Date, all accrued interest, principal and other charges due with respect to the Loan shall be due and payable in full and, to the extent not repaid, the principal balance of the Loan and such other charges, but not unpaid interest, shall continue to bear interest at the Default Rate until so paid.

2.4    Fees.

2.4.1    Commitment Fee.  Borrower shall pay to Lender a commitment fee in the amount equal to the greater of (i) $410,000.00 and (ii) two percent (2.00%) of the principal amount of the Loan (the "**Commitment Fee**").  The Commitment Fee shall be

19

paid on the Closing Date, and once paid, shall be deemed fully earned and non-refundable under any circumstances.

2.5     Acceleration.  On the Maturity Date, all principal, accrued interest and costs and expenses shall be immediately due and payable.

3.     SECURITY FOR THE LOAN; LOAN AND SECURITY DOCUMENTS.

3.1     Security.  The Loan together with interest thereon and all other charges and amounts payable by, and all other obligations of, Borrower to Lender, with respect to the Property pursuant to the Loan Documents, whenever incurred, direct or indirect, absolute or contingent ("**Obligations**") shall be secured by the following "Security" which Borrower agrees to provide and maintain:

3.1.1     Mortgage.  A first priority open-end mortgage, assignment of leases and rents, security agreement and fixture filing in favor of Lender (as same may be amended, modified supplemented, renewed or restated from time to time, "**Mortgage**") on, among other things,

(i)    the Property,

(ii)   all land, improvements, furniture, fixtures, goods, equipment, and other assets (including, without limitation, accounts, contracts, contract rights, Licenses and Permits, general intangibles, documents and instruments), including all after-acquired property, owned, or in which Borrower has or obtains any interest, in connection with the Property;

(iii)  all insurance proceeds and other proceeds therefrom; and

(iv)   all other assets of Borrower whether now owned or hereafter acquired, all as more particularly described in the Mortgage.

3.1.2     Assignment of Leases and Rents.  A first priority assignment of leases and rents in favor of Lender (as same may be amended, modified supplemented, renewed or restated from time to time, "**Assignment of Leases and Rents**") with respect to all leases, subleases and occupancy rights of the Property and all income and profits to be derived from the operation and leasing of the Property, all as more particularly described in the Assignment of Leases and Rents.

3.1.3     Assignment of Contracts, Licenses and Permits.  A first priority assignment and security agreement (as same may be amended, modified supplemented, renewed or restated from time to time, "**Assignment of Contracts**") with respect to all Licenses and Permits and all contracts, agreements and warranties now owned or hereafter acquired by Borrower and related in any manner to the Property, all as more particularly described in the Assignment of Contracts.

3.1.4     Guaranty.  The unconditional, continuing guaranty of recourse obligations (as same may be amended, modified supplemented, renewed or restated from time to time, "**Recourse Guaranty**") and a guaranty of completion ("as same may be amended, modified supplemented, renewed or restated from time to time, "**Completion Guaranty**, together with the Recourse Guaranty hereinafter collectively referred to as the "**Guaranty**") from Guarantor in favor of Lender guaranteeing payment of certain Obligations of the Borrower on the terms and conditions more particularly set forth in the Guaranty.

20

168215.00401/132065245v.7

3.1.5     ADA and Environmental Indemnity. An ADA and environmental indemnity agreement in favor of Lender with respect to the Americans with Disabilities Act of 1990 and environmental matters (as same may be amended, modified supplemented, renewed or restated from time to time, "**ADA and Environmental Indemnity**") from Borrower and Guarantor (collectively, "**Indemnitors**").

3.1.6     Pledge and Security Agreement.   Ownership pledge and security agreement from all partners of the Borrower, jointly and severally, in favor of Lender (as same may be amended, modified supplemented, renewed or restated from time to time, "**Pledge Agreement**").

3.1.7     Collateral Assignment of Management Agreement.   A collateral assignment of Management Agreement and subordination of management fees, by and among Borrower, Current Manager and Lender (as same may be amended, modified supplemented, renewed or restated from time to time, and any subsequent assignment of management agreement and subordination of management fees hereafter entered into pursuant to the terms of this Agreement, "**Collateral Assignment of Management Agreement**").

3.1.8     Other.   Lender may also require such additional collateral as is customary for a loan of this scope and nature, including, without limitation a pledge of Borrower's interest in any accounts held by Borrower, including, without limitation, any reserve, escrow, or contingency accounts.

3.2     Loan Documents and Security Documents.   The Loan shall be made, evidenced, administered, secured and governed by all of the terms, conditions and provisions of the "Loan Documents", each as the same may be hereafter modified or amended, consisting of:

(i)     this Agreement;

(ii)    the secured promissory note in the principal amount of the Loan ("**Note**");

(iii)   the Mortgage and related UCC financing statements;

(iv)    the Assignment of Leases and Rents;

(v)     the Assignment of Contracts and related UCC financing statements;

(vi)    the Guaranty;

(vii)   the ADA and Environmental Indemnity from the Indemnitors;

(viii)  the Collateral Assignment of Management Agreement;

(ix)    Pledge Agreement;

(x)     the Fee Letter between Borrower and Lender (the "**Fee Letter**"); and

(xi)    any other documents, instruments, or agreements executed to further evidence or secure the Loan.

21

168215.00401/132065245v.7

Each of the Loan Documents listed in items (i) through (xii), inclusive is dated of even date herewith. The Mortgage, Assignment of Leases and Rents, Assignment of Contracts, ADA and Environmental Indemnity, the Pledge Agreements, the Collateral Assignment of Management Agreement and Guaranty are sometimes collectively referred to as the "**Security Documents**".

4.    CONTINUING AUTHORITY OF AUTHORIZED REPRESENTATIVES. Lender is authorized to rely upon the continuing authority of the persons, officers, signatories or agents hereafter designated (collectively, "**Authorized Representatives**") to bind Borrower with respect to all matters pertaining to the Loan and the Loan Documents. Such authorization may be changed only upon written notice to Lender accompanied by evidence, reasonably satisfactory to Lender, of the authority of the person giving such notice and such notice shall be effective not sooner than five (5) Business Days following receipt thereof by Lender. The present Authorized Representatives are listed on Exhibit B. Lender shall have a right of approval, not to be unreasonably withheld or delayed, over the identity of the Authorized Representatives so as to assure Lender that each Authorized Representative is a responsible and senior official of Borrower.

5.    LENDER'S CONSULTANTS.

5.1    Right to Employ. Lender shall have the right to employ its own personnel, or one or more engineers, architects, builders or other construction specialists, environmental advisors, scientists, accountants, and attorneys to act as an advisor to Lender in connection with the Loan (each of which shall be a Lender's "**Consultant**").

5.2    Functions. The functions of a Lender's Consultant shall include, without limitation:

(i)    inspection and physical review of the Property;

(ii)   review and analysis of any work to be done in connection with the Property;

(iii)  review and analysis of environmental matters; and

(iv)   review and analysis of financial and legal matters.

5.3    Payment. The costs and fees of Lender's Consultants shall be paid by Borrower within ten (10) business days after billing therefor.

5.4    Access. Borrower shall provide Lender's Consultants with continuing access to all aspects of the Property and books and records related thereto at reasonable times during the day and upon at least two (2) Business Days' prior written notice to Borrower.

5.5    No Liability. Neither Lender nor any of its Consultants shall have liability to Borrower, Guarantor, or any third party, on account of:

(i)    services performed by Lender's Consultant;

(ii)   any failure or neglect by Lender's Consultant to properly perform services; or

22

168215.00401/132065245v.7

(iii)    any approval or disapproval of work, plans or other matters.  Neither Lender nor Lender's Consultant shall have any obligation regarding proper performance of work related to the Property.  Borrower shall have no rights under or relating to any agreement, report, or similar document prepared by any Lender's Consultant for Lender.

6.    PROJECT COMPLETION AND LOAN ADVANCES.

6.1    Capital Improvements and Tenant Improvements.

(a)  The Capital Improvements and Tenant Improvements shall be completed in accordance with the Plans and the Budget (as hereinafter defined) and the Leases delivered to Lender in connection with the Project. Borrower represents that the costs of each category described in the Budget (each such category being hereinafter referred to as a "**Project Cost**" and collectively as the "**Project Costs**") delivered to Lender in connection with the Project are not expected to exceed, and agrees that the maximum amount of proceeds of the Loan are available to pay each Project Cost plus any amounts made available by Borrower will not exceed, the amounts set forth in the Budget delivered to and agreed to by Lender (in Lender's sole and absolute discretion) in connection with the Project.

(b)    Additional Funds. The proceeds of the Loan shall be disbursed pursuant to the terms and conditions of this Agreement (individually and "**Advance**" and collectively, "**Advances**"). Lender shall fund Advances in accordance with all of the terms and conditions of this Section 6.  Lender is not obligated to advance any proceeds of the Loan in excess of the amount allocated by Lender to pay such Project Cost as provided in the Budget.  If any Project Cost category is completed in a manner acceptable to Lender for an amount less than that set forth in the Budget, Lender may, in its commercially reasonable discretion, either disburse such excess proceeds for other approved Project Costs or refuse to make any Advance of the excess proceeds.  Lender makes no warranty, either express or implied, that the proceeds of the Loan available to Borrower under this Agreement will be sufficient to pay all costs incurred in connection with the construction of the Capital Improvements and the Tenant Improvements.  At all times during construction, Lender must be satisfied that the unadvanced proceeds of the Loan together with any amounts made available by Borrower or any other obligor will cover costs of completing the Capital Improvements and Tenant Improvements as set forth in the Budget. Borrower agrees to complete the Project and to pay from its own sources all that portion of the costs of the construction of the Project as may be in excess of the proceeds of the Loan available therefore as set forth in the Budget.  If at any time Lender determines that the unadvanced amount of the Loan is insufficient to pay the Project Costs in completing the Capital Improvements and Tenant Improvements, Lender may, at its option, demand that Borrower deposit the amount of such deficiency with Lender within ten (10) days.  Until Borrower shall have complied with any demand pursuant to the preceding sentence, Lender shall not be obligated to make any further Advances. Lender may disburse such deposit(s) before any other Advances are made hereunder.

Lender shall, subject to compliance with all of the other terms, conditions and provisions of this Agreement, and in accordance with the Budget, make advances of the Loan proceeds as follows and in accordance with all of the terms and conditions of this Agreement:

23

6.2     Advances.  Lender shall, subject to compliance with all of the other terms, conditions and provisions of this Agreement, and in accordance with the Budget, make advances of the Loan proceeds as follows and in accordance with all of the terms and conditions of this Agreement:

(a)     Closing Date Advance.  In the amount of $16,948,706.41 on the Closing Date.

(b)     Advances for Capital Improvements, Tenant Improvements and Leasing Commissions. Lender agrees to make advances of the Loan Proceeds for (x) Capital Improvements in an amount not to exceed $1,476,293.59, (y) Tenant Improvements with respect to the Tiny Town Lease in the amount of $1,125,000.00, Dogtopia Lease in the amount of $300,000.00 and the Precious One Lease in the amount of $300,000.00, in an aggregate amount not to exceed $1,725,000.00, and (z) certain leasing commissions with respect to the Tiny Town Lease in the amount of $150,000.00, provided each of the following conditions precedent and all of the terms and conditions of this Agreement are satisfied:

(i)     Borrower shall have delivered to Lender a requisition for an Advance on a form or requisition satisfactory to Lender accompanied by a cost breakdown, in such detail as Lender shall require, showing by trade the cost of work on, and the cost of materials incorporated into, the Project to the date of the requisition and as to advances for the purchase of equipment, copies of the invoices or contracts of sale for the equipment to be incorporated into the Project.  Borrower shall be permitted to make one (1) request in any thirty (30) day period for Advances and in amounts not less than $25,000.00 per request or, if less, the remaining undisbursed amount of the Loan.

(ii)     No Default or Event of Default shall have occurred under this Agreement.

(iii)     If requested by Lender, at its sole option, the title insurance company insuring the title to the Property shall issue a title continuation or endorsement showing that the Property is clear of liens and other title exceptions (other than the lien of the Mortgage and any other liens therein expressly permitted or approved by Lender in writing) to the date of such advancement and that no financing statements affecting the Property, or any part thereof, other than in favor of Lender, have been filed.  Borrower shall provide the title insurance company with any and all documentation required to issues such title continuation or endorsement.

(iv)     A conditional waiver of mechanic's lien and/or materialman's lien, executed by the General Contractor in the amount of the lienable costs of the Property payable from the Advance, together with unconditional lien waivers (or partial lien waivers, if applicable) from the General Contractor and sub-contractors, with regard to all previous Advances prior to the then pending Advance; however, with respect to the final Advance of Loan proceeds to be paid to the General Contractor under its contract, such mechanic's lien and/or materialman's lien waiver shall be unconditional.  Prior to approving such request for Advance, Lender and/or its agents may, in its discretion, inspect the work for which funds are requested.

(v)     If any significant dispute arises between or among Borrower, general contractor or any subcontractor and/or material supplier or any party to a material contract, a written summary of the nature of such dispute.

24

168215.00401/132065245v.7

(vi)    An updated and current copy of the stored materials log, which stored materials log shall provide that all of the stored materials are located in the jurisdiction in which the Land is situate.

(vii)    Copies of all permits not previously delivered by Borrower to Lender that are required in connection with the work intended to be paid with such proceeds and all subcontracts relating to such work.

(viii)    Copies of any change orders, whether proposed or executed, which have not been previously furnished to Lender and the pending change order log maintained by the General Contractor.

(ix)    If any of the Tenant Improvements require payment of leasing commissions as set forth on the Budget, an invoice documenting such commission at market rates.

(x)    Such other information as Lender or Lender's Consultant may require to verify the substance of a draw request.

Furthermore, each Advance shall constitute a representation and certification from Borrower that: (i) none of the items for which payment is proposed to be made has formed the basis for any Advance request previously made by Lender to Borrower; (ii) each item for which the payment is proposed to be made relates to the Project; (iii) no Event of Default is in existence under the Loan Documents and to Borrower and Guarantor's knowledge there are no threatened or actual liens, statutory or otherwise, filed by any mechanic, workman, contractor or supplier with respect to the Project; (iv) in the judgment of Borrower, on which Lender may rely, the unadvanced amount of the Loan together with funds of Borrower, if any, deposited with Lender or otherwise available to Borrower, are sufficient to fund the cost of completing the Capital Improvements or Tenant Improvements, as applicable,, or any portion thereof then under construction or development; and (v) all construction work which has been completed is in material conformity with the Plans for the development of the Capital Improvements or Tenant Improvements, as applicable.

Additionally, no Advance shall be made with respect to Capital Improvements or Tenant Improvements unless and until Lender has determined that the remaining amount of Loan proceeds will be sufficient to fund one hundred percent (100%) of the costs set forth in the line item Budget for such Capital Improvements or Tenant Improvements. In the event Lender determines that the remaining Loan proceeds available for any such line items for such Capital Improvements or Tenant Improvements, as applicable, will not be sufficient to fund one hundred percent (100%) of the costs of such Capital Improvements or Tenant Improvements, then Lender shall notify Borrower of such determination and Borrower will deliver to Lender (for deposit with Lender in account in which Borrower hereby grants to Lender a first lien security interest) the amount of such deficiency within two (2) Business Days after its receipt of such notice.

(c)    Insurance Escrow.    On the Closing Date, Borrower shall deposit in an account with Lender an amount equal to $200,000.00 ("Insurance Escrow").  The funds from the Insurance Escrow may be used by Lender to pay certain insurance costs related to the property as set forth in this Agreement.  In making any payment relating to insurance, Lender may do so according to any bill, statement or estimate procured from the insurer or its agent without inquiry into the accuracy of such bill, statement or estimate.  Any Insurance Escrow funds remaining in the Insurance Escrow account after coverage is bound and proof of insurance acceptable to Lender is received shall be returned to Borrower.  Anything herein to the contrary notwithstanding, Borrower

25

168215.00401/132065245v.7

shall replenish the Insurance Escrow upon Lender's request no later than ninety (90) days prior to any insurance policy renewal.

(d)   <u>Right of Inspection</u>.  Upon receipt by the Lender of any requisition for an Advance, Lender and its agents shall inspect the Property and Project prior to each Advance, and if such inspections are made, Lender will have no responsibility or liability for the failure or default of any contractor or subcontractor, material supplier or laborer to construct said work in accordance with the Plans, Property, or for the accuracy of invoices submitted for labor or materials used in the Project or Property, or for the payment of any cost or expense incurred in connection with the Project or Property, or for the performance or nonperformance of any obligation of any contractor, any subcontractor, Borrower or Guarantor to any person furnishing labor or materials in connection with the Property or Project, it being agreed that Borrower, Guarantor, any contractor or subcontractor or any person having an interest in the Property or Project will not have a right to rely on the procedures employed by Lender, such procedures being for the sole benefit of Lender.  For each inspection of the Property and Project associated with a requisition for an Advance, Borrower shall pay Lender an amount equal to the cost of Lender's Agent's Inspection.

(e)   <u>Special Requirements for First Advance</u>. Prior to the first Advance of the proceeds of the Loan for Capital Improvements and each of the Tenant Improvements, as applicable, in addition to the submittals to be provided under <u>Section 6.2</u> hereof, Borrower shall deliver or satisfy the following items/actions to Lender, in form and content satisfactory to Lender:

(i)   Copy of the contracts executed by the general contractor, any major subcontractors (those comprising more than 20% of the Budget), all architect and all engineers (*i.e.*, structural, civil, MEP, etc.) (collectively the "**Third Party Service Providers**"), with respect to the Project, along with an Assignment of such Third Party Service Providers' Contracts in such form and detail reasonably acceptable to Lender;

(ii)   Copies of the General Contractor's builder's risk, general liability and workmen's compensation insurance policies (or certificates on appropriate Accord form) relating to the Project with standard mortgagee endorsement;

(iii)   Copy of a detailed itemization of all improvements made to the Property to date, if any, and the associated costs for such improvements, in detail reasonably acceptable to Lender;

(iv)   Copy of a detailed itemization of all Capital Improvements and Tenant Improvements to the Property and the associated costs for such planned improvements, in amounts and detail acceptable to Lender in Lender's sole and absolute discretion (the "**Budget**"), which Budget shall not be amended or modified in any way without Lender's prior written consent, which consent may be withheld in Lender's sole and absolute discretion;

(v)   Copy of the draw schedule for the construction costs of the Capital Improvements and applicable Tenant Improvements (the "**Draw Schedule**");

(vi)   Copy of the Plans for the Capital Improvements and the applicable Tenant Improvements; and

26

168215.00401/132065245v.7

(vii)    Copies of all permits and any approvals and licenses affecting and related to the applicable Capital Improvements and Tenant Improvements.

(viii)    Prior to the last Advance in connection with each of the Tenant Improvements with respect to the Dogtopia Lease, the Precious One Lease and the Tiny Town Lease, an unconditional suite acceptance letter or other unconditional approval letter from each tenant accepting the leased premises and the construction fit out work in connection therewith.

(f)    Procedures.    Subject to compliance by Borrower with all of the terms, provisions and conditions of this Agreement including, without limitation, this Section 6, Lender will Advance Loan Proceeds to (x) Borrower, (y) to persons furnishing labor, services, or materials used or to be used on or in construction of the Project, or (z) to Lender's Consultant, who shall then remit such Loan proceeds to those parties set forth in (x) or (y).    The execution of this Agreement by Borrower shall, and hereby does, constitute an irrevocable direction and authorization to hold and Advance Loan Proceeds. No further direction or authorization from Borrower shall be necessary to warrant such disbursements and all such disbursement shall satisfy the obligations of Lender hereunder and shall be secured by the Mortgage and the other Loan Documents as fully as if made to Borrower, regardless of the disposition thereof by party to whom the disbursement was made.

6.3    Starbucks Construction Obligations.    Provided no Event of Default exists, Lender hereby agrees to subordinate Lender's lien on the Property to Borrower's construction lender with respect to completion of the Starbucks Construction Obligations in an amount not to exceed $1,900,000.00 subject to the following conditions:

(a)    Delivery to Lender of a fully executed copy of the Starbucks Lease;

(b)    Lender's reasonable approval of any and all condominium documents, including without limitation, the condominium declaration and by-laws and any and all municipal approvals of the creation of the condominium and such condominium documents;

(c)    Lender's approval of Borrower's construction lender and all loan documents to be entered into by Borrower in connection therewith including, without limitation, an amendment to the Mortgage;

(d)    Delivery to, and approval by, Lender of any all required documents for any title documentation necessary to continue Lender's title policy insuring the first lien Mortgage;

(e)    Proof of recordation of the condominium declaration and any all amendments and modifications to the loan documents as required by this Section 6.3;

(f)    Payment by Borrower to Lender of any and all of Lender's fees and expenses incurred by Lender in connection with the review, negotiation and approval of the Starbucks Lease and the creation of the condominium; and

(g)    Any and all other documentation reasonably required by Lender.

7.    CONDITIONS PRECEDENT TO CLOSING.    It shall be a condition precedent of Lender's obligation to close and fund any portion of the Loan that each of the following conditions precedent be

27

satisfied in full (as determined by Lender in its sole but reasonable), unless specifically waived in writing by Lender at or prior to closing and funding the Loan:

7.1 Satisfactory Loan Documents. Each of the Loan Documents and Security Documents shall be satisfactory in form, content and manner of execution and delivery to Lender and its counsel.

7.2 No Material Change. No Material Adverse Change shall have occurred.

7.3 Warranties and Representations Accurate. All warranties and representations made by or on behalf of any of Borrower or Guarantor to Lender shall be true, accurate and complete and shall not omit any material fact necessary to make the same not misleading.

7.4 Financials. Lender shall have received and approved financial statements from Borrower and Guarantor complying with the standards set forth in Section 9.2.

7.5 Validity and Sufficiency of Security Documents. The Mortgage and the other Security Documents shall create a valid and perfected lien on the Property and the other property described therein ("**Collateral**") and each of the Security Documents and related UCC filings shall have been duly recorded and filed to the satisfaction of Lender and its counsel.

7.6 No Other Liens; Taxes and Municipal Charges Current. The Collateral shall not be subject to any liens or encumbrances, whether inferior or superior to the Loan Documents or the Security Documents, except in respect of:

(i) real estate taxes and personal property taxes not yet due and payable; and

(ii) Permitted Title Exceptions, if any.

All real estate taxes, personal property taxes and other municipal charges relating to any of the Collateral shall be current.

7.7 Property Matters. Lender shall have received and independently approved each of the following:

(i) evidence of Licenses and Permits for the Property sufficient to allow the Property to be operated in the ordinary course of business;

(ii) a certified detailed, current rent roll, together with complete copies of all existing leases, and renewals and amendments thereto as required by Lender;

(iii) an Appraisal which indicates that the loan to value ratio of the Property is not greater than sixty-five percent (65%) based on an "as-completed" value;

(iv) evidence that the loan to cost ratio of the Property does not exceed ninety percent (90%) of the total Project costs;

(v) evidence that Borrower has invested not less than Three Million Five Hundred Thirty Six Thousand Seven Hundred Fifty and 00/100 Dollars ($3,536,750.00) cash equity into the Property;

28

168215.00401/132065245v.7

(vi)    a report from a Lender's Consultant to the effect that the Property is in good repair and safe condition with no structural deficiencies and no material need for repairs or replacements except in the ordinary course of business;

(vii)    a zoning compliance report which indicates that the Property is in compliance with all applicable Legal Requirements which pertain to zoning;

(viii)    an environmental site assessment report in compliance with the provisions of Section 7.15

(ix)    the Management Agreement; and

(x)    the Annual Budget.

7.8    Compliance With Law.  Lender shall have received and independently approved evidence that:

(i)    Present Compliance. All real estate and tangible personal property constituting or intended to constitute Collateral for the Loan complies with all applicable Legal Requirements and the provisions of all applicable Licenses and Permits.

(ii)    No Prohibitions or Violations.  There are no applicable Legal Requirements which prohibit or adversely limit the use of the Property for the purposes the same are intended for, nor is there any outstanding and uncured violation of any applicable Legal Requirements.

(iii)    Licenses and Permits.  All Licenses and Permits and private approvals of every nature whatsoever, if any, which are reasonably necessary in order to allow the operation of the Property as contemplated by this Agreement and as needed under applicable Legal Requirements have been duly and finally received with all appeal periods therefrom having elapsed, with no appeal having been taken therefrom, and with no violations existing under the terms thereof.

(iv)    The Act.  The Borrower and Guarantor are in compliance with the Act and all other Legal Requirements.

7.9    Title Insurance; other Evidence of Perfection.  Lender shall have received:

(i)    a mortgagee's title insurance policy which is satisfactory to the Lender and its counsel in all respects; and

(ii)    such other evidence of the perfection of its security interests as Lender and its counsel may reasonably require.

7.10    Survey.  Lender shall have received and approved a current, on-site instrument survey of the Land and Property containing a certification thereon, or on a separate surveyor's certificate, of a Registered Land Surveyor acceptable to Lender.

7.11    Condition of Property.  There shall have been no material unrepaired or unrestored damage or destruction by fire or otherwise to any of the real or tangible personal property comprising or intended to comprise the Collateral.

29

168215.00401/132065245v.7

7.12    No Takings.  Neither the Property nor any material portion thereof shall have been taken by eminent domain nor shall there be any threat of such a taking.

7.13    Insurance.  Borrower shall have provided to Lender with respect to the Property and the Collateral evidence of insurance coverages which meet the property, hazard and other insurance requirements set forth on Exhibit C of this Loan Agreement to the satisfaction of Lender and Lender's Consultants.

7.14    Utilities; Water; Drainage.  Lender shall have received reports addressed to Lender from qualified engineers satisfactory to Lender that sanitary drinking water, sanitary sewer disposal systems, utility and power connections and storm drainage adequate for the Property are available as a matter of right and that all Licenses and Permits and contracts therefor have been duly obtained.

7.15    Hazardous Waste, Hazardous Materials and Toxic Substances.  Lender shall have received, and in its sole discretion approved, satisfactory reports addressed to Lender from acceptable, qualified professionals prepared in accordance with Lender's protocols indicating the acceptability of the environmental risk associated with the Property, addressing the existence of any Hazardous Materials at, or which may affect, the Property and the Property's compliance with Environmental Legal Requirements.

7.16    Organizational Documents and Entity Agreements.  Lender shall have received and approved the limited partnership agreement of Borrower (the "**Partnership Agreement**") and the partnership agreement, operating agreement and/or bylaws of each owner of a direct or indirect interest in Borrower, to the extent deemed necessary by Lender.

7.17    Votes, Consents and Authorizations.  Lender shall have received and approved certified copies of all requisite votes, consents and authorizations as may be reasonably required to evidence authority for:

(i)    closing the Loan and the transactions contemplated hereby;

(ii)    providing continuing authorization of the Authorized Representatives designated to deal in all respects on behalf of Borrower and the Guarantor; and

(iii)    the execution of all Loan Documents.

7.18    Legal and Other Opinions.  Lender shall have received and approved legal opinion letters from counsel representing Borrower and Guarantor.

Lender shall also have received from qualified attorneys, engineers, surveyors and architects, such other certificates, opinions, surveys, and other evidence of compliance with each of the conditions herein set forth as Lender may reasonably require.

7.19    No Default.  There shall not be any Default or Event of Default under any of the Loan Documents.

7.20    Lease Audit.  Lender shall have been given access to all leases for an extensive lease audit of the Property.

8.    WARRANTIES AND REPRESENTATIONS.  Borrower warrants and represents to Lender for the express purpose of inducing Lender to enter into this Agreement, to make the Loan, and to otherwise complete all of the transactions contemplated hereby, that as of the date of this Agreement, upon

30

168215.00401/132065245v.7

the date the Loan is funded and at all times thereafter until the Loan has been repaid and all obligations to Lender have been satisfied as follows:

8.1　Financial Information. True, accurate and complete financial statements of Borrower and Guarantor have been delivered to Lender and the same fairly present the financial condition of Borrower and Guarantor as of the dates thereof and no material and adverse change has occurred in such financial condition since the dates thereof. All financial statements of Borrower and Guarantor hereafter furnished to Lender shall be true, accurate and complete and shall fairly present the financial condition of Borrower and Guarantor as of the dates thereof. Borrower will maintain full and accurate books of accounts and other records reflecting the results of the operations of the Property.

8.2　No Violations. The consummation of the Loan and the subsequent payment and performance of the obligations evidenced and secured by the Loan Documents shall not constitute a violation of, or conflict with, any law, order, regulation, contract, agreement or organizational document to which Borrower or Guarantor is a party or by which Borrower or Guarantor, or the property thereof, may be bound.

8.3　No Litigation. Except as otherwise disclosed to Lender in writing on or before the date hereof, there is no material litigation now pending, or to the best of Borrower's knowledge threatened, against Borrower or Guarantor which if adversely decided could materially impair the ability of Borrower or Guarantor to pay and perform their respective obligations hereunder or under the other Loan Documents. There is no litigation, whether or not material, pending, or to the best of Borrower's knowledge threatened against Borrower or Guarantor in which the amount in controversy exceeds Twenty-Five Thousand and 00/100 Dollars ($25,000.00) which either:

(i)　is not covered by insurance, or

(ii)　has not been previously disclosed to Lender, or is not disclosed to Lender within thirty (30) days of Borrower or Guarantor first having knowledge thereof, together with a written explanation of why such litigation is not material.

8.4　Leases. All leases are in full force and effect, and true and complete copies thereof together with all amendments and modifications have been previously delivered to Lender. No default exists on the part of any tenant under any lease or Borrower as lessor in the performance on the part of either of the terms, covenants, provisions or agreements in the lease contained. Borrower knows of no condition which with the giving of notice or the passage of time or both would constitute a default on the part of any of the tenant or Borrower under any of the leases.

8.5　Compliance With Legal Requirements. The Property complies with, and shall continue to comply with, all Legal Requirements and any and all covenants, conditions, restrictions or other matters which affect the Property.

8.6　Required Licenses and Permits. All Licenses and Permits which are reasonably required in order to operate the Property in the usual course of business have been duly and properly obtained, and will remain in. full force and effect, and have been, and shall be complied with, in all material respects.

8.7　Curb Cuts and Utility Connections. The Property has adequate rights of access to public ways and is or will be served by adequate electric, gas, water, sewer, sanitary sewer and storm drain facilities. All public utilities necessary or convenient to the full use and enjoyment of the Property are or

31

168215.00401/132065245v.7

will be located in the public right-of-way abutting the Property, and all such utilities are or will be connected so as to serve the Property without passing over other property, except to the extent such other property is subject to a perpetual easement for such utility benefiting the Property. All roads necessary for the full utilization of the Property for its current purpose have been completed and dedicated to public use and accepted by all Governmental Authorities. There are no amenities, services or facilities (including those for access, parking, recreational activities and otherwise) not located upon the Property which are necessary to the use or enjoyment, or intended to benefit the owner or occupants, thereof.

8.8    Good Title and No Liens. Borrower is the lawful owner of the Property and of areas over, under or on which utility or passage easements are required to make use of the Property and parking as contemplated by the Loan Documents, and is and will be the lawful owner of the Property, free and clear of all liens and encumbrances of any nature whatsoever, except for the matters, if any, which are listed as Permitted Title Exceptions in the Mortgage.

8.9    Use of Proceeds. The proceeds of the Loan shall be used solely and exclusively for purposes set forth in Section 1.4 hereof. No portion of the proceeds of the Loan shall be used directly or indirectly, and whether immediately, incidentally or ultimately

(i)    to purchase or carry any margin stock, or to extend credit to others for the purpose thereof, or to repay or refund indebtedness previously incurred for such purpose, or

(ii)    for any purpose which would violate or is inconsistent with the provisions of regulations of the Board of Governors of the Federal Reserve System including, without limitation, Regulations G, T, U and X thereof.

8.10    Entity Matters.

8.10.1    Organization. Borrower is (i) and has been at all times since its formation, a Single Purpose Entity, (ii) a duly organized and validly existing limited partnership in good standing under the laws of the Commonwealth of Pennsylvania and (iii) duly qualified in the jurisdiction where the Property is situated and in each jurisdiction where the nature of its business is such that qualification is required. Borrower and Guarantor each have all requisite power and authority to conduct its business and to own its property, as now conducted or owned, and as contemplated by this Loan Agreement and the other Loan Documents.

8.10.2    Ownership and Taxpayer Identification Numbers. All of the partners of Borrower, and a description of the partnership interests of Borrower held by the same, are shown on the organizational chart in Exhibit A, and no additional partnership interests, or rights or instruments convertible into such partnership interests, shall be issued, nor shall any ownership change, except for Permitted Transfers.

8.10.3    Authorization. All required entity actions and proceedings have been duly taken so as to authorize the execution and delivery by Borrower and Guarantor of the Loan Documents.

8.10.4    Fiscal Year. The Borrower's fiscal year commences January 1 and ends December 31.

8.11    Tax Filings. Borrower has filed (or have obtained effective extensions for filing) all federal, state and local tax returns required to be filed and have paid or made adequate provision for the payment of all federal, state and local taxes, charges and assessments payable by Borrower.

32

168215.00401/132065245v.7

8.12    Solvency.  Giving effect to the Loan, the fair saleable value of Borrower's assets exceeds and will, immediately following the making of the Loan, exceed Borrower's total liabilities, including, without limitation, subordinated, unliquidated, disputed and contingent liabilities.  The fair saleable value of Borrower's assets is and will, immediately following the making of the Loan, be greater than Borrower's probable liabilities, including the maximum amount of its contingent liabilities on its debts as such debts become absolute and matured.  Borrower's assets do not and, immediately following the making of the Loan will not, constitute unreasonably small capital to carry out its business as conducted or as proposed to be conducted.  Borrower does not intend to, and does not believe that it will, incur debts and liabilities (including contingent liabilities and other commitments) beyond its ability to pay such debts as they mature (taking into account the timing and amounts of cash to be received by Borrower and the amounts to be payable on or in respect of obligations of Borrower).

1.1    Management Agreement. The Management Agreement is the only management agreement in existence with respect to the operation or management of the Property.  The copy of the Property Management Agreement delivered to the Lender is a true and correct copy, and such agreement has not been amended or modified.  Neither party to the Management Agreement is in, and the Manager has no defense, offset right or other right to withhold performance under or terminate such agreement.  In no event shall the Management Agreement provide for a management fee to Manager in excess of four percent (4%) of gross revenues.

8.13    Intentionally Omitted.

8.14    Flood Zone.  No portion of the Land, Property or the Improvements is located in an area identified by the Secretary of Housing and Urban Development or any successor thereto as an area having special flood hazards pursuant to the National Flood Insurance Act of 1968, the Flood Disaster Protection Act of 1973 or the National Flood Insurance Act of 1994, as amended, or any successor law.

8.15    Insurance.  Borrower has obtained and has delivered to the Lender certified copies of all of the insurance policies for the Property reflecting the insurance coverages, amounts and other insurance requirements set forth in this Agreement.  No claims have been made under any such policy, and no Person, including Borrower, has done, by act or omission, anything which would impair the coverage of any such policy.

8.16    Condemnation.  No condemnation has been commenced or, to Borrower's knowledge, is contemplated with respect to all or any portion of the Property or for the relocation of roadways providing access to the Property.

8.17    Valid and Binding.  Each of the Loan Documents constitute legal, valid and binding obligations of Borrower and, where applicable, Guarantor; and the Partnership Agreement constitutes legal, valid and binding obligations of the Borrower, in accordance with its terms, subject to bankruptcy, insolvency and similar laws of general application affecting the rights and remedies of creditors and, with respect to the availability of the remedies of specific enforcement, subject to the discretion of the court before which any proceeding therefor may be brought.

8.18    Deferred Compensation and ERISA.  Borrower does not have any pension, profit sharing, stock option, insurance or other arrangement or plan for employees covered by Title IV of the Employment Retirement Security Act of 1974, as now or hereafter amended ("**ERISA**") except as may be designated to Lender in writing by Borrower from time to time ("**ERISA Plan**") and no "Reportable Event" as defined in ERISA has occurred and is now continuing with respect to any such ERISA Plan.  The granting

33

168215.00401/132065245v.7

of the Loan, the performance by Borrower of its obligations under the Loan Documents and Borrower's conducting of its operations do not and will not violate any provisions of ERISA.

8.19    Conditions Satisfied.  All of the conditions precedent to closing and funding the Loan set forth in Section 7 have been satisfied.

8.20    No Material Adverse Change; No Default  or Event of Default.  There has been no Material Adverse Change in the financial condition, business, affairs or control of Borrower or Guarantor since the date of their respective last financial statements most recently delivered to the Lender in accordance with the requirements of Section 9.2 hereof.  No Default or Event of Default exists under any of the Loan Documents.  There is no Default or Event of Default on the  part of Borrower under this Agreement, and there is no Default on the part of the Borrower or the Guarantor under any of the other Loan Documents, and no event has occurred and is continuing which could constitute a Default or Event of Default under any Loan Document.  Borrower has filed all required federal, state and local tax returns and has paid all taxes due pursuant to such returns or any assessments against Borrower or the Property.

8.21    No Broker or Finder.  Other than Broker, neither Borrower, nor Guarantor, nor anyone on behalf thereof, has dealt with any broker, finder or other person or entity who or which may be entitled to a broker's or finder's fee, or other compensation, payable by Lender in connection with this Loan.  Borrower shall indemnify and hold Lender harmless from any brokerage fee incurred by Borrower in connection with the Loan.

8.22    Background Information and Certificates.  All of the factual information contained or referred to in Section 1 of this Agreement and in the Exhibits to this Agreement or the other Loan Documents, and in the certificates and opinions furnished to Lender by or on behalf of Borrower in connection with the Property or the Loan, is true, accurate and complete in all material respects, and omits no material fact necessary to make the same not misleading.

8.23    Guarantor's Warranties and Representations.  Borrower has no reason to believe that any warranties or representations made in writing by Guarantor to Lender are untrue, incomplete or misleading in any respect.

8.24    Equity in the Property.  On or prior to the date hereof, Borrower has invested not less than Three Million Five Hundred Thirty Six Thousand Seven Hundred Fifty and 00/100 Dollars ($3,536,750.00) of cash equity in the Property, evidence of which Lender hereby acknowledges.

9.    COVENANTS.  Borrower covenants and agrees from the date hereof and so long as any indebtedness remains unpaid hereunder, or any of the Loan or other obligations remains outstanding, as follows:

9.1    Notices.  Borrower shall, with reasonable promptness, but in all events within ten (10) days after it has actual knowledge thereof, notify Lender in writing of the occurrence of any act, event or condition which constitutes a Default under any of the Loan Documents.  Such notification shall include a written statement of any remedial or curative actions which Borrower proposes to undertake to cure or remedy such Default.

9.2    Financial Statements and Reports.  Borrower shall furnish or cause to be furnished to Lender from time to time so long as the Obligations remain outstanding, the following financial statements and reports and other information, all in form, manner of presentation and substance acceptable to Lender, which shall be certified by a senior officer of Borrower:

9.2.1    Annual Statements.  (a) Within sixty (60) days following the end of each calendar year, Borrower shall furnish annual audited financial statements of its financial affairs and condition prepared in accordance with GAAP by an independent certified public account acceptable to Lender including a balance sheet and a statement of profit and loss for the Borrower in such detail as Lender may reasonably request, and setting forth the financial condition and the income and expenses for the Property for the immediately preceding calendar year.  Borrower's annual financial statements shall be accompanied by a certificate executed by the chief financial officer of Borrower or the general partner of Borrower, as applicable, stating that each such annual financial statement presents fairly the financial condition of the Property being reported upon and has been prepared in accordance with GAAP.

(b)    Within sixty (60) days prior to the end of each calendar year, Borrower shall furnish the Annual Budget.

9.2.2    Periodic Statements.

(i)    Within fifteen (15) days after the end of each calendar month the following items, each certified by the Borrower as being true and correct:

(a)    leasing and operating reports including a written statement (rent roll) dated as of the last day of each such calendar month identifying each of the leases by the term, space occupied, rental required to be paid, security deposit paid, any rental concessions, and identifying any material defaults or payment delinquencies thereunder;

(b)    monthly and year to date operating statements prepared for each calendar month during each such calendar month, each of which shall include an itemization of actual (not pro forma) capital expenditures during the applicable period, each report covering such month to date on a year-to-date basis, contrasted against the comparable period of the previous year and the then approved budget;

(c)    construction progress report outlining the progress of the overall project during such calendar month; and

(d)    such other information as Lender shall reasonably require for purposes of calculating the Debt Yield on a quarterly basis as required under Section 9.2.7 below.

(ii)    Within fifteen (15) days after the end of each quarter, certified quarterly financial statements and operating statements covering such quarter to date and on a year-to-date basis, contracted against the comparable period of the previous year and the then approved budget.

9.2.3    Data Received; Data Requested.  Any and all information received by Borrower with respect to ownership, operation and/or maintenance of the Property shall be made available to Lender within ten (10) Business Days of Borrower's receipt thereof.  Additionally, within a reasonable period of time and from time to time such other financial data or information as Lender may reasonably request with respect to ownership, operation and/or maintenance of the Property or Borrower, including, but not limited to, rent rolls, aged receivables, aged payables,

35

leases, budgets, forecasts, reserves, cash flow projections, physical condition of the Property and pending lease proposals.

9.2.4     Tax Returns.  Complete copies of all federal and state tax returns and supporting schedules of Borrower and Guarantor within thirty (30) days of the filing thereof.

9.2.5     Lease Notices.  Concurrently with the giving thereof, and within five (5) Business Days of receipt thereof, copies of all notices, other than routine correspondence, given or received with respect to any lease.

9.2.6     Guarantor's Statements.   The financial statement and reporting information required pursuant to the Guaranty.

9.2.7     Debt Yield.  Borrower shall maintain a Debt Yield of no less than nine percent (9%).  If Borrower fails to maintain a Debt Yield of at least nine percent (9%), Borrower may prepay a portion of the principal balance of the Loan to a level such that the Debt Yield is equal to or greater than nine percent (9%).

9.3     Payment of Taxes and Other Obligations.   Subject to the right to contest set forth in Section 10.1, Borrower shall pay or discharge all real estate and other taxes and assessments prior to the date upon which penalties attach thereto, and shall submit evidence satisfactory to Lender confirming such payment; provided that Borrower shall have the right, before any delinquency occurs, in good faith, to contest or object to the amount or validity of any real estate and other taxes by appropriate administrative or judicial proceedings as long as (i) Borrower has, in Lender's judgment, a reasonable basis for such objection or contest, (ii) Borrower has given prior written notice to Lender of Borrower's intent to so contest or object to any change, (iii) Borrower has demonstrated to Lender's satisfaction that the proceedings to be initiated by Borrower shall conclusively operate to stay or prevent a lien upon, or the sale or seizure of, any portion of the Property or any interest therein to satisfy such taxes prior to final determination of such proceedings, (iv) Borrower pays, prior to the date any interest or penalties will attach thereto, any portion of any such taxes that Borrower does not contest or object to, (v) Borrower delivers to Lender such bond or other security as Lender may require in connection with such contest or objection, (vi) Borrower at all times prosecutes such contest or objection with due diligence, and (vii) Borrower pays, prior to the date any interest or penalties will attach thereto, the amount of the contested or objected to taxes that is determined to be due and owing by Borrower.  In the event that Borrower does not comply with any of the foregoing requirements, Lender may pay and discharge the contested or objected to taxes and draw or realize upon any bond or other security delivered to Lender in connection with the contest or objection by Borrower, in order to make such payment.  Any portion of such payment that is not fully covered by such bond or surety shall constitute a protective advance hereunder and under the Mortgage.

9.4     Conduct of Business; Compliance With Law. Borrower shall at all times remain a Single Purpose Entity, and will not enter into any new ventures, or undertake any Investments, except as permitted in Section 9.8, or any new business dealings, without Lender's express prior written consent in each instance.   Borrower shall operate the Property and conduct its affairs in a lawful manner and in compliance with all Legal Requirements applicable thereto and all provisions of ERISA.

9.5     Insurance.  Borrower shall at all times maintain in full force and effect with respect to each Property the insurance coverages set forth in Exhibit C of this Loan Agreement and shall cause Lender to be designated as mortgagee/loss payee/additional insured in accordance with the requirements of Exhibit C.  Borrower further agrees to cause copies of all bills, statements, or other documents relating to the foregoing insurance premiums to be sent or mailed directly to Lender.

36

168215.00401/132065245v.7

9.6     Restrictions on Liens, Transfers and Additional Debt.

9.6.1     Prohibited Transactions.  Except for Permitted Transactions Borrower shall not:

(i)    create or incur, or suffer to be created or incurred, or to exist, any Transfer or any encumbrance, mortgage, pledge, lien, charge or other security interest of any kind upon any of its assets of any character, or any portion thereof, whether now owned or hereafter acquired or upon the proceeds or products thereof;

(ii)   create or incur any indebtedness for borrowed funds whether secured or unsecured either directly or as a guarantor except for the Loan;

(iii)  directly or indirectly permit any sale, transfer, exchange, assignment or pledge of or grant of any security interest in any ownership interests in Borrower; or

(iv)   sell, convey, transfer or exchange any of its assets of any character, or any portion thereof, whether now owned or hereafter acquired.

9.6.2     Permitted Transactions.  The term "**Permitted Transactions**" shall mean Permitted Transfers, Permitted Additional Debt and Permitted Title Exceptions.

9.6.3     Permitted Transfers.  The term "**Permitted Transfers**" shall mean:

(i)    the Security Documents and other agreements in favor of Lender; and

(ii)   transactions, whether outright or as security, for which Lender's prior written consent has been obtained, which consent may be withheld, granted or granted conditionally, subject to such protective and other conditions as Lender may require in its sole and absolute discretion.

9.6.4     Permitted Additional Debt.  The term "**Permitted Additional Debt**" shall mean:

(i)    transactions, whether secured or unsecured, for which Lender's prior written consent has been obtained, which consent may be withheld, granted or granted conditionally, subject to such protective and other conditions as Lender may require in its sole and absolute discretion; and

(ii)   indebtedness incurred in the ordinary course of business for the purchase of goods or services which are payable, without interest, within thirty (30) days of billing.

9.6.5     Lender's Options.  Lender may, at its option, in lieu of accelerating the Loan, and in its sole and absolute discretion, agree to waive compliance with the provisions of this Section 9.6 in any instance upon compliance with such terms and conditions as Lender may impose, including, without limitation, the payment of a material fee and a change in the interest rate and other terms.  Except for Permitted Transfers, Lender may grant or withhold, or conditionally grant, its consent to any proposed transfer (including any proposed transfer which would involve the

37

assumption of the Obligations by a third Person) in its sole and absolute discretion. In the case of a sale or transfer with Lender's prior written consent, or any such Permitted Transfer, the seller or transferor shall remain jointly and severally liable with the purchaser or transferee for all liabilities of Borrower and/or its owners hereunder.

9.7 <u>Limits on Guaranties and Distributions</u>. Borrower shall not guarantee to anyone other than Lender the obligations of any Person. Borrower shall not pay any money or distribute any property (in any form) out of proceeds of the Loan or proceeds of the Property to its partner, or to any affiliated entity or related party.

9.8 <u>Restrictions on Investments</u>. Borrower will not make or permit to exist or to remain outstanding any Investment except an Investment in assets as to which Lender has a perfected first lien mortgage or security interest and which are in:

(i) marketable direct or guaranteed general obligations of the United States of America which mature within one (1) year from the date of purchase by Borrower;

(ii) bank deposits, certificates of deposit and banker's acceptances, or other obligations in or of Lender; and

(iii) personal property and real estate acquired in the normal and ordinary course of Borrower's present business and in connection with the Property.

All such Investments shall be made in a manner which assures that Lender shall have and maintain a perfected first lien security interest therein.

9.9 <u>Indemnification Against Payment of Brokers' Fees</u>. Borrower agrees to defend, indemnify and save harmless Lender from and against any and all liabilities, damages, penalties, costs, and expenses, relating in any manner to any brokerage or finder's fees in respect of the Loan.

9.10 <u>Limitations On Certain Transactions</u>. Borrower agrees to the following limitations:

9.10.1 <u>No Merger or Acquisition</u>. Borrower shall not dissolve or liquidate, nor merge or consolidate with or otherwise acquire all or substantially all of the assets of any other Person. Borrower shall preserve and keep in full force and effect its existence as a Single Purpose Entity, entity status, franchises, rights and privileges under the laws of the state of its formation, and all qualifications, licenses and permits applicable to the ownership, use and operation of the Property.

9.10.2 <u>Contracts of a Material or Significant Nature</u>. Borrower shall not enter into any merger or consolidation agreements. Except for contracts otherwise complying with this Agreement and contracts incident to the routine operation of the Property such as utilities, insurance and maintenance, Borrower shall not enter into any other contracts, agreements or purchase orders which would involve the expenditure of more than Five Thousand and 00/100 Dollars ($5,000.00) in any instance or Twenty-Five Thousand and 00/100 Dollars ($25,000.00) in the aggregate in any year without Lender's prior written consent, which consent shall not be unreasonably withheld or delayed, but which consent may be conditioned upon a demonstration by Borrower to Lender's reasonable satisfaction that the contract, agreement or purchase order is reasonable and that Borrower has adequate resources to pay and perform the same.

38

9.11    Property Management.  Except for the Current Management Agreement which has been approved by Lender, Borrower shall not enter into any agreement relating to the management or operation of the Property without the express consent of Lender, which consent shall not be unreasonably withheld, provided that such consent may be conditioned upon the Manager under such executing an assignment of management agreement and subordination of management fees in a form reasonably agreed to by the parties.  The Current Management Agreement and, if applicable, any subsequent Management Agreement shall be in compliance with all Legal Requirements.  Borrower shall cause Manager to manage the Property in a first-class manner in accordance with the Current Management Agreement and, if applicable, any subsequent Management Agreement.  Borrower shall (i) diligently perform and observe in all material respects all of the terms, covenants and conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed and observed in all material respects, (ii) promptly notify Lender of any written notice to Borrower of any material default beyond any applicable notices, grace and/or cure period(s) by Borrower in the performance or observance of any of the material terms, covenants or conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed and observed and (iii) promptly notify Lender of any material default, beyond the expiration of any applicable notice and cure periods, if any, by Manager in the performance or observance of any of the terms, covenants or conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of the Manager to be performed and observed.  If the Borrower shall default beyond any applicable notices, grace and/or cure period(s) in the performance or observance of any material term, covenant or condition of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed or observed beyond any applicable notice and cure periods, then, without limiting Lender's other rights or remedies under this Agreement or the other Loan Documents, and without waiving or releasing Borrower from any of its obligations hereunder or under the Current Management Agreement and, if applicable, any subsequent Management Agreement, Lender shall have the right, upon prior written notice to Borrower, but shall be under no obligation, to pay any sums and to perform any act as may be appropriate to cause all material terms, covenants and conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed or observed.

9.11.1    Modification/Amendment of Management Agreement.  Borrower shall not surrender, terminate, cancel, modify in any material respect, renew or extend (except that the Current Management Agreement may be extended pursuant to its terms) the Current Management Agreement and, if applicable, any subsequent Management Agreement or enter into any other agreement relating to the management or operation of the Property with Manager or any other Person, or consent to the assignment by the Manager of its interest under the Current Management Agreement and, if applicable, any subsequent Management Agreement, in each case without the written consent of Lender, which consent shall not be unreasonably withheld; provided, however, with respect to a new Manager such consent may be conditioned upon such new Manager and Borrower executing an assignment of management agreement and subordination of management fees in a form reasonably agreed to by the parties.

9.11.2    Removal/Replacement of Manager.  Lender shall have the right to require the Borrower to replace the Manager with a Person chosen by Borrower and reasonably approved by Lender or at Lender's option, selected by Lender in its sole but reasonable discretion, upon the occurrence of any one or more of the following events:  (i) at any time during the existence of an Event of Default, and/or (ii) at any time that the Manager has engaged in (x) gross negligence, (y) fraud or (z) willful misconduct, as determined by Lender in its sole but reasonable discretion.

9.12    Intentionally Omitted.

39

9.13   Place for Records: Inspection.  Borrower shall maintain all of its business records at the address specified at the beginning of this Agreement.  Upon reasonable prior notice and at reasonable times during normal business hours Lender shall have the right (through such agents or Consultants as Lender may designate) to examine Borrower's property and make copies of and abstracts from Borrower's books of account, correspondence and other records and to discuss its financial and other affairs with Borrower and any accountants hired by Borrower, it being agreed that Lender shall use reasonable efforts to not divulge information obtained from such examination to others except in connection with Legal Requirements and in connection with administering the Loan, enforcing its rights and remedies under the Loan Documents and in the conduct, operation and regulation of its banking and lending business (which may include, without limitation, the transfer of the Loan or of participation interests therein).  Any transferee of the Loan or any holder of a participation interest in the Loan shall be entitled to deal with such information in the same manner and in connection with any subsequent transfer of its interest in the Loan or of further participation interests therein.

9.14   Costs and Expenses.  Borrower shall pay all costs and expenses (excluding salaries or wages of full time employees of Lender) reasonably incurred by Lender in connection with the implementation of the Loan, the administration of the Loan, the enforcement of Lender's rights under the Loan Documents, including, without limitation, reasonable legal fees and disbursements, appraisal fees, inspection fees, plan review fees, travel costs, fees and out-of-pocket costs of independent engineers and consultants.  Borrower's obligations to pay such costs and expenses shall include, without limitation, all reasonable attorneys, fees and other costs and expenses reasonably incurred for preparing and conducting litigation or dispute resolution arising from any breach by Borrower or Guarantor or Indemnitor of any covenant, warranty, representation or agreement under any one or more of the Loan Documents.

9.15   Handicapped Access.

(i)   Borrower (a) agrees that it shall use commercially reasonable efforts to ensure that the Property shall at all times comply with the requirements of the Americans with Disabilities Act of 1990, the Fair Housing Amendments Act of 1988, all state and local laws and ordinances related to handicapped access and all rules, regulations, and orders issued pursuant thereto including, without limitation, the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (collectively, "**Access Laws**") and (b) has no actual knowledge as to the Property's non-compliance with any Access Laws where the failure to so comply could have a material adverse effect on the Property or on Borrower's ability to repay the Loan in accordance with the terms hereof.

(ii)   Notwithstanding any provisions set forth herein or in any other document regarding the Lender's approval of alterations of the Property, Borrower shall not alter the Property in any manner which would materially increase Borrower's responsibilities for compliance with the applicable Access Laws without the prior written approval of the Lender.  The foregoing shall apply to tenant improvements constructed by Borrower or by any of its tenants, provided that such tenant improvements require the consent of Borrower.  The Lender may condition any such approval upon receipt of a certificate of Access Law compliance from an architect, engineer, or other person reasonably acceptable to the Lender.

(iii)   Borrower agrees to give prompt notice to the Lender of the receipt by Borrower of any written complaints related to violation of any Access Laws with respect to the Property and of the commencement of any proceedings or investigations which relate to compliance with applicable Access Laws.

40

9.16    <u>Zoning</u>.  Borrower shall not, without the Lender's prior consent, seek, make, suffer, consent to or acquiesce in any change or variance in any zoning or land use laws or other conditions of use of the Property or any portion thereof.  Borrower shall not use or permit the use of any portion of the Property in any manner that could result in such use becoming a non-conforming use under any zoning or land use law or any other applicable law or modify any agreements relating to zoning or land use matters or with the joinder or merger of lots for zoning, land use or other purposes, without the prior written consent of the Lender.  Without limiting the foregoing, in no event shall Borrower take any action that would reduce or impair either (a) the number of parking spaces at the Improvements or (b) access to the Property from adjacent public roads.  Further, without the Lender's prior written consent, Borrower shall not file or subject any part of the Property to any declaration of condominium or co-operative or convert any part of the Property to a condominium, co-operative or other direct or indirect form of multiple ownership and governance.

9.17    <u>Compliance with Legal Requirements</u>.  Without limiting the provisions of <u>Section 9.15</u>, Borrower shall comply with all Legal Requirements applicable to the Property, Borrower or both.

9.18    <u>Contingency</u>.  The Budget contains a line item labeled "Contingency" in the amount of Twenty-Four Thousand Two Hundred Fifty Dollars ($24,250) (the "**Contingency Funds**").  Borrower may from time to time request that the Contingency Funds be reallocated to pay needed costs of the Project.  Such requests are subject to Lender's approval as determined in its sole discretion.  Lender shall apply the Contingency Funds to payments of needed costs for which Borrower has supplied an invoice.  Any Contingency Funds remaining after full completion of all of the Capital Improvements and Tenant Improvements shall not be subject to Advances to Borrower.

9.19    <u>Foreign Assets Control Regulations</u>.

(i)    Borrower shall not use the proceeds of the Loan in any manner that will violate the Trading with the Enemy Act, as amended, or any of the foreign assets control regulations of the United States Treasury Department (31 CFR, Subtitle B, Chapter V, as amended) or the Anti-Terrorism Order or any enabling legislation or executive order relating to any of the same.  Without limiting the foregoing, Borrower will not permit itself to (a) become a blocked person described in Section 1 of the Anti-Terrorism Order or (b) knowingly engage in any dealings or transactions or be otherwise associated with any person who is known by Borrower or who (after such inquiry as may be required by Legal Requirement) should be known by Borrower to be a blocked person.

(ii)    Each member or other direct or indirect principal of Borrower shall be at all times during the term of the Loan a Person which (a) is (and whose principals shall be) a reputable Person of good character and in good standing as reasonably determined by the Lenders, (b) is creditworthy and not adverse to the Lender in any pending litigation or arbitration in which Lender is also a party, (c) is not a Prohibited Person, and (d) is in good standing in its state or country of organization.

9.20    <u>Indemnification</u>.  Borrower shall at all times, both before and after repayment of the Loan, at its sole cost and expense defend, indemnify, exonerate and save harmless Lender and all those claiming by, through or under Lender ("**Indemnified Party**") against and from all damages, losses, liabilities, obligations, penalties, claims, litigation, demands, defenses, judgments, suits, proceedings, costs, disbursements or expenses of any kind whatsoever, including, without limitation, reasonable attorneys' fees and experts, fees and disbursements, which may at any time (including, without limitation, before or after discharge or foreclosure of the Mortgage) be imposed upon, incurred by or asserted or awarded against the Indemnified Party and arising from or out of:

41

(i)      any Hazardous Materials or any violation of, or failure to comply with, any Environmental Laws all as more particularly provided for in the ADA and Environmental Indemnity with respect to the Property or any other Collateral;

(ii)      any liability for damage to person or property arising out of any violation of any Legal Requirement applicable to the Property, Borrower, or both;

(iii)      any act, omission, negligence or conduct at the Property, or arising or claimed to have arisen, out of any act, omission, negligence or conduct of Borrower or any contractor, sub-contractor, tenant, occupant or invitee thereof, which is in any way related to the Property; or

(iv)      any liability loss, damage and expense, including reasonable attorney's fees, which it may or shall incur by reason of this Agreement, or by reason of any commercially reasonable action taken in good faith by Lender hereunder or under the other Loan Documents, including, without limitation, the exercise of the Lender's rights and remedies under the Loan Documents.

Notwithstanding the foregoing, an Indemnified Party shall not be entitled to indemnification in respect of claims arising from acts of its own gross negligence or willful misconduct to the extent that such gross negligence or willful misconduct is determined by the final judgment of a court of competent jurisdiction, not subject to further appeal, in proceedings to which such Indemnified Party is a proper party.

9.21      Leasing Matters.

9.21.1      Approval Required.    All leases and all renewals, amendments, extensions, restatements, expansions and modifications thereof, executed after the date hereof shall (i) provide for rental rates comparable to existing local market rates for similar properties, (ii) be on commercially reasonable terms (including, with respect to rent, term, tenant improvement allowances, free rent periods and other concessions), (iii) provide that such lease is subordinate to the Mortgage and that, upon the foreclosure of the Mortgage, sale by power of sale thereunder or deed in lieu of foreclosure, the tenant will attorn to the transferee of the Property, (iv) be prepared on the Borrower's standard form of lease (as approved by Lender) subject to commercially reasonable lease modifications by Borrower, (v) result from arms-length negotiations with third party tenants that Borrower conducts in good faith and (vi) not contain any terms which would materially adversely affect Lender's rights under the Loan Documents (including, without limitation, any right of first refusal or option to acquire all or any portion of the Property, but such lease may permit a right of first offer, or option to lease additional space in the Property). Other than with respect to a Major Lease, so long as each proposed Lease complies with the foregoing requirements, Lender's approval shall not be required prior to the execution of the applicable lease. Upon request of Lender, Borrower shall promptly provide Lender with relevant market data evidencing compliance with the foregoing.

9.21.2      Approval Procedures and Conditions.    Lender shall use reasonable efforts to approve or disapprove any proposed Major Lease within fifteen (15) Business Days after receipt by Lender of the proposed Major Lease and all other information reasonably required by Lender in connection with its approval of the proposed Major Lease, including a proposed tenant improvements allowance budget and a leasing commission budget, to the extent applicable. As a condition to its approval of any proposed Major Lease, Lender may, among other things, require the tenant to execute and deliver to Lender a subordination, attornment, and non-disturbance

42

168215.00401/132065245v.7

agreement in form and substance reasonably satisfactory to Lender. Lender's response shall be reasonable, and may consist of an approval or disapproval of the lease, or a conditional approval thereof subject to specified conditions, or a request for further data or information, or any combination thereof

9.21.3   Estoppel Certificates. Borrower shall, as soon as reasonably possible (and in all cases not more than thirty (30) calendar days of receiving the request from Lender) after a request therefor, use commercially reasonable efforts to deliver to Lender, an estoppel certificate, in form and substance reasonably satisfactory to Lender, from such tenant or tenants entering into leases.

9.21.4   Delivery of Copies to Lender. Within ten (10) Business Days after the execution thereof, Borrower shall deliver to Lender true, correct and accurate copies of all leases.

9.21.5   Compliance. Borrower shall at all times comply in all material respects with all of the terms and conditions of the leases and shall use commercially reasonable efforts to not permit any violation of the terms thereof or default thereunder. Borrower shall diligently enforce all of the terms and conditions of each lease and exercise all of Borrower's rights and obligations thereunder. Without the consent of Lender, not to be unreasonably withheld or delayed, Borrower shall not terminate any lease unless (a) the applicable tenant has defaulted (beyond applicable grace and cure periods) under the terms and conditions of its lease.

9.22   Updated Appraisals. Lender shall have the right at its option, from time to time, to order an update to the Appraisal obtained in connection with the closing of the Loan (the "**Original Appraisal**") or a new Appraisal (collectively, an "**Updated Appraisal**"). Each Updated Appraisal shall be prepared by the original or more recent appraiser unless Lender makes a good faith determination not to have such appraiser prepare the same in which event the Updated Appraisal shall be prepared at Lender's direction by an appraiser selected by Lender. Any appraiser selected by Lender shall be:

(i)   an MAI member with not less than ten (10) years' of experience appraising properties of a similar type to the Property in the general area and,

(ii)   otherwise qualified pursuant to provisions of applicable laws and regulations under and pursuant to which Lender operates.

Borrower shall pay for the costs of the Original Appraisal and, upon the occurrence of an Event of Default, such Updated Appraisals deemed necessary by Lender.

9.23   Replacement Documentation. Upon receipt of an affidavit of an officer or Lender as to the loss, theft, destruction or mutilation of the Note or any other Loan Document which is not of public record, and, in the case of any such loss, theft, destruction or mutilation, upon surrender and cancellation of such Note or other Loan Document, Borrower will issue, in lieu thereof, a replacement Note or other security document in the same principal amount thereof and otherwise of like tenor.

9.24   [Reserved].

9.25   Right of First Offer.   If at any time Borrower receives from a third party an offer, term sheet or commitment or makes a proposal accepted by any third person or entity (each, an "Offer") which provides for any type of financing which is the same or similar to the financing evidenced by this Agreement and/or is to be secured by all or any part of the Property, Borrower shall notify Lender of the Offer in writing (including all material terms of the Offer) and Lender shall have 30 days after its

43

receipt of such notice (the "**Option Period**") to agree to provide similar financing in the place of such third person or entity upon substantially the same terms and conditions as set forth in the Offer.  Lender shall notify Borrower in writing of Lender's acceptance of the Offer pursuant hereto (the "**Acceptance Notice**"), in which case Borrower shall obtain such financing from Lender and shall not accept the Offer from such other third person or entity.  If no Acceptance Notice has been received from Lender within the Option Period, Borrower may consummate the Offer with the other third person or entity on the terms and conditions set forth in the Offer (the "**Transaction**"); provided, however, that none of foregoing or any failure by Lender to issue an Acceptance Notice shall be construed as a waiver of any of the terms, covenants or conditions of any of the Loan Documents.  If the Transaction is not consummated on the terms set forth in the Offer or with the third person or entity providing the Offer during the 90 day period following the expiration of the Option Period, Borrower shall not be permitted to consummate the Transaction without again complying with this Section 9.25.  The provisions of this Section 9.25 shall survive the payment in full of the indebtedness, liabilities and other obligations arising under this Agreement for a period of three months.  For purposes of this Section 9.25, "Lender" shall include Lender, and any of their parents, subsidiaries, affiliates, successors and assigns, whether now existing or hereafter created.

10.    SPECIAL PROVISIONS.

10.1    Right to Contest.

10.1.1    Taxes and Claims by Third Parties.  Notwithstanding the provisions of Section 9.3 which obligate Borrower to pay taxes and other obligations to third parties when due, it is agreed that any tax, assessment, charge, levy, claim or obligation to a third party (expressly excluding an obligation created under the Loan Documents) need not be paid while the validity or amount thereof shall be contested currently, diligently and in good faith by appropriate proceedings and if Borrower shall have adequate unencumbered (except in favor of Lender) cash reserves with respect thereto, and provided that such contest does not create a default by landlord under any lease assigned to Lender; and provided, further, that Borrower shall pay all taxes, assessments, charges, levies or obligations:

(i)    immediately upon the commencement of proceedings to enforce any lien which may have attached as security therefor, unless such proceeding is stayed by proper court order pending the outcome of such contest; and

(ii)    as to claims for labor, materials or supplies, prior to the imposition of any lien on the Property unless the lien is discharged or bonded as set forth in Section 11.1.4.

10.1.2    Legal Requirements.  Borrower may contest any claim, demand, levy or assessment under any Legal Requirements by any Person if:

(i)    the contest is based upon a material question of law or fact raised by Borrower in good faith;

(ii)    Borrower properly commences and thereafter diligently pursues the contest;

(iii)    the contest will not materially impair the ability to ultimately comply with the contested Legal Requirement should the contest not be successful and

44

168215.00401/132065245v.7

the conduct of the contest will not materially interfere with the ability to obligate all tenants to pay rent without offset;

(iv) Borrower demonstrates to Lender's reasonable satisfaction that Borrower has the financial capability to undertake and pay for such contest and any corrective or remedial action then or thereafter reasonably likely to be necessary;

(v) if the likely cost of complying with the Legal Requirement in the event the contest is not successfully resolved, as determined in good faith by Lender, is more than Twenty-Five Thousand and 00/100 Dollars ($25,000.00) there is no reason to believe that the contest will not be resolved prior to the Maturity Date;

(vi) no Event of Default exists; and

(vii) if the contest relates to an Environmental Law, the conditions set forth in the ADA and Environmental Indemnity relating to such contests shall be satisfied.

11.    EVENTS OF DEFAULT.  The following provisions deal with Default, Events of Default, notice, grace and cure periods, and certain rights of Lender following an Event of Default.

11.1    Default and Events of Default.  The term "**Default**" as used herein or in any of the other Loan Documents shall mean an Event of Default, or any fact or circumstance which constitutes, or upon the lapse of time, or giving of notice, or both, could constitute, an Event of Default.  Each of the following events, unless cured within any applicable grace period set forth or referred to below in this Section 11.1, or in Section 11.2, shall constitute an "**Event of Default**":

11.1.1    Generally.  A default by Borrower in the performance of any term, provision or condition of this Agreement to be performed by Borrower, or a breach, or other failure to satisfy, any other term, provision, condition, covenant or warranty under this Agreement and such default remains uncured beyond any applicable specific grace period provided for in this Agreement, or as set forth in Section 11.2 below.

11.1.2    Note, Mortgage and Other Loan Documents.  A default by Borrower in the performance of any term or provision of the Note, or of the Mortgage, or of any of the other Loan Documents, or a breach, or other failure to satisfy, any other term, provision, condition or warranty under the Note, the Mortgage or any other Loan Document, regardless of whether the then undisbursed portion of the Loan is sufficient to cover any payment of money required thereby, and the specific grace period, if any, allowed for the default in question shall have expired without such default having been cured.

11.1.3    Financial Status and Insolvency.

A.    Borrower shall: (i) admit in writing its inability to pay its debts generally as they become due; (ii) file a petition in bankruptcy or a petition to take advantage of any insolvency act; (iii) make an assignment for the benefit of creditors; (iv) consent to, or acquiesce in, the appointment of a receiver, liquidator or trustee of itself or of the whole or any substantial part of its properties or assets; (v) file a petition or answer seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under the United States Bankruptcy Code or any other applicable law; (vi) have a court of competent jurisdiction enter an order, judgment or decree appointing a receiver, liquidator or trustee of Borrower, or of

45

the whole or any substantial part of the property or assets of Borrower, and such order, judgment or decree shall remain unvacated or not set aside or unstayed for sixty (60) days; (vii) have a petition filed against it seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under the United States Bankruptcy Code or any other applicable law and such petition shall remain undismissed for sixty (60) days; (viii) have, under the provisions of any other law for the relief or aid of debtors, any court of competent jurisdiction assume custody or control of Borrower or of the whole or any substantial part of its property or assets and such custody or control shall remain unterminated or unstayed for sixty (60) days; (ix) have an attachment or execution levied against any substantial portion of the property of Borrower or against any portion of the Collateral which is not discharged or dissolved by a bond within thirty (30) days; or (x) have any materially adverse change in its financial condition since the date of this Agreement; or

B.        any such event shall occur with respect to Guarantor or any member of the Borrower.

11.1.4    Liens.  A Lien for the performance of work, or the supply of materials, or a notice of contract, or an attachment, judgment, execution or levy is filed against the Property and remains unsatisfied or is not discharged or dissolved by a bond (or by cash collateral acceptable to Lender) for a period of thirty (30) days after the filing thereof.

11.1.5    Breach of Representation or Warranty.  Any material representation or warranty made by Borrower or Guarantor herein or in any other instrument or document relating to the Loan or the Property shall at any time be materially false or misleading, or any warranty shall be materially breached.

11.1.6    Default Under Assigned Contract.  Borrower defaults under any lease of the Property or under any contract assigned to Lender and such default is not cured within the grace period applicable thereto such that the tenant or contracting party obtains the right to terminate the contract or lease or to claim material damages.

11.1.7    Guarantor Default.  A default by Guarantor in the performance of any term or provision of this Agreement or any other Loan Document to which such Guarantor is a party, or the breach, or any other failure to satisfy any other term, provision, condition or warranty imposed upon the Guarantors in this Agreement or in any other Loan Document to which such Guarantor is a party or by which Guarantor is bound.

11.1.8    Alterations/Construction.  Borrower and/or any of its affiliates perform alterations or construction at the Property without the prior written consent of the Lender.  There shall be no grace period and no notice provision with respect to the foregoing.

11.1.9    [Reserved].

11.1.10    Change of Control.  The occurrence of a Change in Control.  There shall be no grace period and no notice provision with respect to the foregoing.

11.2    Grace Periods and Notice.  As to each of the foregoing events the following provisions relating to grace periods and notice shall apply:

11.2.1    No Notice or Grace Period.  There shall be no grace period and no notice provision with respect to the payment of principal on the Maturity Date and no grace period

46

and no notice provision with respect to defaults related to the voluntary filing of bankruptcy or reorganization proceedings or an assignment for the benefit of creditors, or with respect to nonmonetary defaults which are not reasonably capable of being cured, or with respect to a breach of warranty or representation under Sections 8.1 (regarding Financial Information), or with respect to breaches under Sections 9.6 (Restrictions on Liens, Transfers and Additional Debt), and 9.7 (Limits on Guaranties and Distributions).

11.2.2    Nonpayment of Interest and Principal. As to the nonpayment of interest, and installments of principal prior to the Maturity Date, or as to any payment which is made by an overdraft to Borrower's account which overdraft is not repaid within one (1) day, there shall be a five (5) day grace period without any requirement of notice from Lender.

11.2.3    Other Monetary Defaults. All other monetary defaults shall have a five (5) day grace period following notice from Lender, or, if shorter, a grace period without notice until five (5) Business Days before the last day on which payment is required to be made in order to avoid:

(i)    the cancellation or lapse of required insurance, or

(ii)    a tax sale or the imposition of late charges or penalties in respect of taxes or other municipal charges.

11.2.4    Nonmonetary Defaults Capable of Cure.  As to nonmonetary defaults which are reasonably capable of being cured or remedied, unless there is a specific shorter or longer grace period provided for in this Loan Agreement or in another Loan Document, there shall be a ten (10) day grace period following notice from Lender.

11.3    Certain Lender Remedies. If an Event of Default shall occur, Lender:

11.3.1    Accelerate Debt.  May declare the Obligations immediately due and payable (provided that, in the case of a voluntary petition in bankruptcy filed by Borrower or (after the expiration of the grace period, if any, set forth in Section 11.2.3 above) an involuntary petition in bankruptcy filed against Borrower), such acceleration shall be automatic); and

11.3.2    Pursue Remedies.  May pursue any and all remedies provided for hereunder, or under any one or more of the other Loan Documents.

11.3.3    Written Waivers.  If a Default or an Event of Default is waived by Lender, in its sole discretion, pursuant to a specific written instrument executed by an authorized officer of Lender, the Default or Event of Default so waived shall be deemed to have never occurred.

12.    ADDITIONAL REMEDIES OF LENDER.

12.1    Remedies.    Upon the occurrence of an Event of Default, whether or not the Obligations shall be due and payable or Lender shall have instituted any foreclosure or other action for the enforcement of the Mortgage or the Note, Lender may, in addition to any other remedies which Lender may have hereunder or under the other Loan Documents, and not in limitation thereof, and in Lender's sole and absolute discretion:

        12.1.1    <u>Enter and Perform</u>.  Enter upon the Property to perform obligations under any lease permitted by the Loan Documents, or to operate, maintain, repair and improve the Property and employ watchmen to protect the Property, all at the risk, cost and expense of Borrower, consent to such entry being hereby given by Borrower;

        12.1.2    <u>Discontinue Work</u>.  At any time discontinue any work commenced in respect of the Property or change any course of action undertaken by it and not be bound by any limitations or requirements of time whether set forth herein or otherwise;

        12.1.3    <u>Exercise Rights</u>.  Exercise the rights of Borrower under any contract or other agreement in any way relating to the Property and take over and use all or any part of the labor, materials, supplies and equipment contracted for by Borrower, whether or not previously incorporated into the realty; and

        12.1.4    <u>Other Actions</u>.  In connection with any work or action undertaken by Lender pursuant to the provisions of the Loan Documents,

        (i)  engage builders, contractors, architects, engineers and others for the purpose of furnishing labor, materials and equipment,

        (ii)  pay, settle or compromise all bills or claims which may become liens against the property constituting the Collateral, or which have been or may be incurred in any manner in connection with the Property or for the discharge of liens, encumbrances or defects in the title of the Property or the Collateral,

        (iii)  take or refrain from taking such action hereunder as Lender may from time to time determine, and

        (iv)  engage marketing and leasing agents and real estate brokers to advertise, lease or sell portions or all of the Property or other Collateral upon such terms and conditions as Lender may in good faith determine.

    12.2    <u>Reimbursement</u>.  Borrower shall be liable to Lender for all sums paid or incurred pursuant to any of the Loan Documents whether the same shall be paid or incurred pursuant to this <u>Section 12</u> or otherwise, and all payments made or liabilities incurred by Lender hereunder of any kind whatsoever shall be paid by Borrower to Lender upon demand with interest at the Default Rate as provided in this Agreement or the Note from the date of payment by Lender to the date of payment to Lender and repayment of such sums with such interest shall be secured by the applicable Security Documents.

    12.3    <u>Power of Attorney</u>.  For the purpose of exercising the rights granted by this <u>Section 12</u>, as well as any and all other rights and remedies of Lender, Borrower hereby irrevocably constitutes and appoints Lender (or any agent designated by Lender) its true and lawful attorney-in-fact, upon and following any Event of Default, to execute, acknowledge and deliver any instruments and to do and perform any acts permitted hereunder or by law in the name and on behalf of Borrower.

    12.4  **CONFESSION OF JUDGMENT. BORROWER AND GUARANTOR HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR BORROWER AND GUARANTOR IN ANY COURT AND, WITH OR WITHOUT COMPLAINT FILED, TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, AGAINST**

48

168215.00401/132065245v.7

**BORROWER AND GUARANTOR IN FAVOR OF THE LENDER OR ANY HOLDER HEREOF FOR THE FULL AMOUNT DUE HEREUNDER (INCLUDING PRINCIPAL, ACCRUED AND UNPAID INTEREST AND ANY AND ALL CHARGES, FEES AND COSTS) TOGETHER WITH ATTORNEY'S FEES AND EXPENSES EQUAL TO FIFTEEN PERCENT (15%) OF THE FULL AMOUNT DUE HEREUNDER, AND FOR DOING SO, THIS NOTE OR A COPY VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT.  BORROWER AND GUARANTOR HEREBY FOREVER WAIVE AND RELEASE ALL ERRORS IN THE ENTRY OF SAID JUDGMENT, ALL RIGHTS OF APPEAL, ALL NOTICE AND OPPORTUNITY FOR HEARING PRIOR TO THE ENTRY OF JUDGMENT AND ALL RELIEF FROM ANY AND ALL APPRAISEMENT, STAY OR EXEMPTION LAWS OF ANY STATE NOW IN FORCE OR HEREAFTER ENACTED.  INTEREST ON ANY SUCH JUDGMENT SHALL ACCRUE AT THE RATE OF INTEREST EQUAL TO THE HIGHER OF 15% PER ANNUM OR THE HIGHEST DEFAULT RATE OF INTEREST SET FORTH HEREIN. NOTWITHSTANDING, IN NO EVENT SHALL THE LENDER RETAIN ATTORNEY'S FEES AND EXPENSES IN EXCESS OF THE ATTORNEY'S FEES AND EXPENSES ACTUALLY INCURRED.  IT IS THE INTENT OF THE PARTIES HERETO THAT LENDER'S RIGHT TO COLLECT ATTORNEYS' FEES, COLLECTION COSTS AND OTHER EXPENSES ACTUALLY INCURRED BY THE LENDER AFTER THE DATE WHEN JUDGMENT IS ENTERED PURSUANT TO THIS SECTION AND DURING THE COURSE OF ENFORCING ANY OF THE LENDER'S RIGHTS OR REMEDIES HEREUNDER, COLLECTING ANY AMOUNTS OWED HEREUNDER, IN DEFENDING ITSELF FROM ANY CLAIMS ARISING IN CONNECTION HEREWITH, OR IN PROTECTING LENDER'S COLLATERAL OR ANY INTERESTS OF LENDER HEREIN OR THEREIN (COLLECTIVELY, THE "POST JUDGMENT COSTS"), SHALL NOT BE DEEMED TO MERGE INTO ANY JUDGMENT AWARDED BY THE COURT PURSUANT TO THIS SECTION, AND SHALL SURVIVE THE ENTRY OF ANY SUCH JUDGMENT. BORROWER AND GUARANTOR AGREE THEY ARE LIABLE TO THE LENDER FOR ALL SUCH POST JUDGMENT COSTS.  IT IS ALSO THE INTENTION OF THE PARTIES HERETO THAT LENDER SHALL HAVE THE RIGHT TO BRING AND MAINTAIN ONE OR MORE POST-JUDGMENT ACTIONS FOR REIMBURSEMENT OF ANY AND ALL POST JUDGMENT COSTS OR TO CONFESS JUDGMENT AGAINST BORROWER AND GUARANTOR AGAIN HEREUNDER FOR ANY SUCH POST JUDGMENT COSTS THAT ARE NOT PART OF A PREVIOUS JUDGMENT ENTERED PURSUANT TO THIS SECTION. NO SINGLE EXERCISE OF THE FOREGOING POWER TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, SHALL BE DEEMED TO EXHAUST SUCH POWER TO CONFESS, WHETHER OR NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, VOIDABLE, OR VOID, BUT SUCH POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS THE LENDER SHALL ELECT UNTIL SUCH TIME AS THE LENDER SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL AMOUNTS DUE HEREUNDER, INCLUDING, WITHOUT LIMITATION, ALL POST JUDGMENT COSTS. THE NOTE AND THE OBLIGATIONS HEREUNDER SHALL BE DEEMED TO SURVIVE UNTIL THE FULL AND FINAL REPAYMENT OF ALL OBLIGATIONS.**

49

13.     SET-OFF.

13.1     Set-off.  The Borrower hereby grants to the Lender a lien, security interest and a right of setoff as security for all Obligations to the Lender, whether now existing or hereafter arising, upon and against all deposits, credits, collateral and property, now or hereafter in the possession, custody, safekeeping or control of the Lender or any entity under the control of the Lender, or in transit to any of them. At any time, without demand or notice, the Lender may set off the same or any part thereof and apply the same to any liability or obligation of the Borrower even though unmatured and regardless of the adequacy of any other collateral securing the Loan. ANY AND ALL RIGHTS TO REQUIRE THE LENDER TO EXERCISE ITS RIGHTS OR REMEDIES WITH RESPECT TO ANY OTHER COLLATERAL WHICH SECURES THE LOAN, PRIOR TO EXERCISING ITS RIGHT OF SETOFF WITH RESPECT TO SUCH DEPOSITS, CREDITS OR OTHER PROPERTY OF THE BORROWER OR GUARANTOR, ARE HEREBY KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVED. The Lender shall not be required to marshal any present or future security for, or guarantees of the obligations or to resort to any such security or guarantee in any particular order and the Borrower waives, to the fullest extent that it lawfully can, (a) any right they might have to require the Lender to pursue any particular remedy before proceeding against them and (b) any right to the benefit of, or to direct the application of, the proceeds of any Collateral until the Obligations are paid in full.

13.2     Right to Freeze.  Lender shall also have the right, at its option, upon the occurrence of any event which would entitle Lender to set off or debit as set forth in Section 13.1 to freeze, block or segregate any such deposits, balances and other sums so that Borrower may not access, control or draw upon the same.

13.3     Additional Rights.  The rights of Lender and each affiliate of Lender under this Section 13 are in addition to, and not in limitation of, other rights and remedies, including other rights of set off, which Lender may have.

14.     CASUALTY AND TAKING.

14.1     Casualty and Obligation To Repair.  In the event of any damage or destruction to the Property or the other Collateral by reason of fire or other hazard or casualty (collectively, a "**Casualty**"), Borrower shall give immediate written notice thereof to Lender and proceed with reasonable diligence, in full compliance with all Legal Requirements and the other requirements of the Loan Documents, to repair, restore, rebuild or replace the affected property (collectively, the "**Repair Work**").

14.2     Adjustment of Claims.  All insurance claims that are below the Restoration Threshold shall be adjusted by Borrower, at Borrower's sole cost and expense, but subject to Lender's prior written approval which approval shall not be unreasonably withheld; provided that if any Default exists under any of the Loan Documents, Lender shall have the right to adjust and compromise such claims without the approval of Borrower.  Lender's consent shall be required prior to Borrower finally settling any claim in excess of the Restoration Threshold.

14.3     Payment and Application of Insurance Proceeds.  All proceeds of insurance shall be paid to Lender and, at Lender's option, be applied to Borrower's Obligations (if above the Restoration Threshold) or deposited in the Collateral Account to be released, in whole or in part, to pay for the actual cost of repair, restoration, rebuilding or replacement (collectively, "**Cost To Repair**").

50

14.4    Conditions To Release of Insurance Proceeds.  If Lender elects to release insurance proceeds, Lender may impose reasonable conditions on such release which shall include, but not be limited to, the following:

(i)    Prior written approval by Lender, which approval shall not be unreasonably withheld or delayed of plans, specifications, cost estimates, contracts and bonds for the restoration or repair of the loss or damage;

(ii)    Waivers of lien, architect's certificates, contractor's sworn statements and other evidence of costs, payments and completion as Lender may reasonably require;

(iii)    The funds shall be released upon final completion of the Repair Work, unless Borrower requests earlier funding, then upon Lender's election, partial monthly disbursements equal to up to ninety percent (90%) of the value of the work completed shall be made prior to final completion of the repair, restoration or replacement and the balance of the disbursements shall be made upon full completion and the receipt by Lender of satisfactory evidence of payment and release of all liens;

(iv)    Determination by Lender that the undisbursed balance of such proceeds on deposit with Lender, together with additional funds deposited for the purpose, shall be at least sufficient to pay for the remaining Cost To Repair, free and clear of all liens and claims for lien;

(v)    All work to comply with the standards, quality of construction and Legal Requirements applicable to the original construction of the Property; and

(vi)    the absence of any Default under any Loan Documents.

14.5    Taking.  If there is any condemnation for public use of the Property or of any Collateral, the awards on account thereof shall be paid to Lender and shall be applied to Borrower's Obligations, or at Lender's discretion released to Borrower.

15.    GENERAL PROVISIONS.

15.1    Notices.  Any notice or other communication in connection with this Loan Agreement, the Note, the Mortgage, or any of the other Loan Documents, shall be in writing, and

(i)    deposited in the United States Mail, postage prepaid, by registered or certified mail, return receipt requested, or

(ii)    hand delivered by any commercially recognized courier service or overnight delivery service such as Federal Express, or

If to Borrower:

JENKINS COURT REALTY CO., L.P.
PO Box 549
Abington, PA 19001

51

168215.00401/132065245v.7

If to Lender:

ICON PSG 1 FL, LLC
6711 Columbia Gateway Drive, Suite 130
Columbia, MD 21046
Attention: Cameron Lawson


with a copy by regular mail or such hand delivery to:

Blank Rome LLP
130 N. 18th Street
Philadelphia, PA 19103
Attention: Adam Laver, Esq.


Any such addressee may change its address for such notices to such other address in the United States as such addressee shall have specified by written notice given as set forth above.  All periods of notice shall be measured from the deemed date of delivery.

A notice shall be deemed to have been given, delivered and received for the purposes of all Loan Documents upon the earliest of:

(i)    if sent by certified or registered mail, return receipt requested, on the third Business Day following the date of postmark, or

(ii)    if hand delivered at the specified address by such courier or overnight delivery service, when delivered or tendered for delivery during customary business hours on a Business Day.

15.2    Further Assurances.  Borrower shall upon request from Lender from time to time execute, seal, acknowledge and deliver such further instruments or documents which Lender may reasonably require to better perfect and confirm' its rights and remedies hereunder, under the Note, under the Mortgage and under each of the other Loan Documents.

15.3    Parties Bound; No Third Party Beneficiaries.  The provisions of this Agreement and of each of the other Loan Documents shall be binding upon and inure to the benefit of Borrower and Lender and their respective successors and assigns, except as otherwise prohibited by this Agreement or any of the other Loan Documents.  This Agreement is a contract by and between Borrower and Lender for their mutual benefit, and no third person shall have any right, claim or interest against either Lender or Borrower by virtue of any provision hereof.

15.4    Waivers, Extensions and Releases.  Lender may at any time and from time to time waive any one or more of the conditions contained herein or in any of the other Loan Documents, or extend the time of payment of the Loan, or release portions of the Collateral from the provisions of this Agreement and from the Mortgage or any other Security Document, but any such waiver, extension or release shall be deemed to be made in pursuance and not in modification hereof, and any such waiver in any instance, or under any particular circumstance, shall not be considered a waiver of such condition in any other instance or any other circumstance.

52

15.5    Governing Law; Consent to Jurisdiction; Mutual Waiver of Jury Trial.

15.5.1    Governing Law.    This Agreement and each of the other Loan Documents shall in all respects be governed, construed, applied and enforced in accordance with the internal laws of the State of Maryland without regard to principles of conflicts of law.

15.5.2    Consent to Jurisdiction.    Borrower hereby consents to personal jurisdiction in any state or Federal court located within the County of Howard, State of Maryland.

15.5.3    JURY TRIAL WAIVER.    BORROWER AND LENDER MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON THIS LOAN AGREEMENT, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS LOAN AGREEMENT OR ANY OTHER LOAN DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY.    THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR BORROWER AND LENDER TO ENTER INTO THE TRANSACTIONS CONTEMPLATED HEREBY.

15.6    Survival.    All representations, warranties, covenants and agreements of Borrower herein or in any other Loan Document, or in any notice, certificate, or other paper delivered by or on behalf of Borrower or Guarantor pursuant hereto are significant and shall be deemed to have been relied upon by Lender notwithstanding any investigation made by Lender or on its behalf and shall survive the delivery of the Loan Documents and the making of the Loan and each advance pursuant thereto.    No review or approval by Lender, or by its Consultants or representatives, of any plans and specifications, opinion letters, certificates by professionals or other item of any nature shall relieve Borrower or anyone else of any of the obligations, warranties or representations made by or on behalf of Borrower under any one or more of the Loan Documents.Cumulative Rights.    All of the rights of Lender hereunder and under each of the other Loan Documents and any other agreement now or hereafter executed in connection herewith or therewith, shall be cumulative and may be exercised singly, together, or in such combination as Lender may determine in its sole good faith judgment.

15.8    Claims Against Lender.

15.8.1    Borrower Must Notify.    Lender shall not be in default under this Agreement, or under any other Loan Document, unless a written notice specifically setting forth the claim of Borrower shall have been given to Lender within thirty (30) days after Borrower first had actual knowledge or actual notice of the occurrence of the event which Borrower alleges gave rise to such claim and Lender does not remedy or cure the default, if any there be, with reasonable promptness thereafter.    Such actual knowledge or actual notice shall refer to what was actually known by, or expressed in a written notification furnished to, any of the persons or officials referred to in Exhibit B as Authorized Representatives or of the Manager.

15.8.2    Remedies.    If it is determined by the final order of a court of competent jurisdiction, which is not subject to further appeal, that Lender has breached any of its obligations under the Loan Documents and has not remedied or cured the same with reasonable promptness following notice thereof, Lender's responsibilities shall be limited to:

53

(i)      where the breach consists of the failure to grant consent or give approval in violation of the terms and requirements of a Loan Document, the obligation to grant such consent or give such approval and to pay Borrower's reasonable costs and expenses including, without limitation, reasonable attorneys, fees and disbursements in connection with such court proceedings; and

(ii)      the case of any such failure to grant such consent or give such approval, or in the case of any other such default by Lender, where it is also so determined that Lender acted in bad faith, or that Lender's default constituted gross negligence or willful misconduct, the payment of any actual, direct, compensatory damages sustained by Borrower as a result thereof plus Borrower's reasonable costs and expenses, including, without limitation, reasonable attorneys' fees and disbursements in connection with such court proceedings.

15.8.3      Limitations.  In no event, however, shall Lender be liable to Borrower or anyone else for other damages such as, but not limited to, indirect, speculative, punitive or exemplary damages whatever the nature of the breach by Lender of its obligations under this Loan Agreement or under any of the other Loan Documents.  In no event shall Lender be liable to Borrower or anyone else unless a written notice specifically setting forth the claim of Borrower shall have been given to Lender within the time period specified above.

15.9      Obligations Absolute.  Except to the extent prohibited by applicable law which cannot be waived, the Obligations of Borrower under the Loan Documents shall be absolute, unconditional and irrevocable and shall be paid strictly in accordance with the terms of the Loan Documents under all circumstances whatsoever, including, without limitation, the existence of any claim, set off, defense or other right which Borrower may have at any time against Lender whether in connection with the Loan or any unrelated transaction.

15.10      Table of Contents, Title and Headings.  Any Table of Contents, the titles and the headings of sections are not parts of this Loan Agreement or any other Loan Document and shall not be deemed to affect the meaning or construction of any of their provisions.

15.11      Counterparts.  This Agreement may be executed in several counterparts, each of which when executed and delivered is an original, but all of which together shall constitute one instrument. In making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart which is executed by the party against whom enforcement of such Agreement is sought.

15.12      Right to Sell.  Each reference herein to Lender shall be deemed to include its successors and assigns, to whose favor the provisions of this Agreement shall also inure.  Lender shall have the unrestricted right at any time or from time to time, and without Borrower's or Guarantor's consent, to assign all or any portion of its rights and obligations hereunder to one or more Persons (each, an "**Assignee**"), and Borrower and Guarantor agrees that it shall execute, or cause to be executed, such documents, including without limitation, amendments to this Agreement and to any other documents, instruments and agreements executed in connection herewith as Lender shall deem necessary to effect the foregoing.  In addition, at the request of Lender and any such Assignee, Borrower shall issue one or more new promissory notes, as applicable, to any such Assignee and, if Lender has retained any of its rights and obligations hereunder following such assignment, to Lender, which new promissory notes shall be issued in replacement of, but not in discharge of, the liability evidenced by the Note held by Lender prior to such assignment and shall reflect the amount of the respective commitments and loans held by such Assignee and Lender after giving effect to such assignment.  Upon the execution and delivery of appropriate assignment documentation, amendments and any other documentation required by Lender in connection

54

with such assignment, and the payment by Assignee of the purchase price agreed to by Lender, and such Assignee, such Assignee shall be a party to this Agreement and shall have all of the rights and obligations of Lender hereunder (and under any and all other guaranties, documents, instruments and agreements executed in connection herewith) to the extent that such rights and obligations have been assigned by Lender pursuant to the assignment documentation between Lender and such Assignee, and Lender shall be released from its obligations hereunder and thereunder to a corresponding extent. The failure by Borrower to comply with the foregoing shall constitute an immediate Event of Default. Any and all costs and expenses of the Lender, Borrower or Guarantor which arise as a result of the Lender's exercise of its rights under this Section 15.12 shall be borne solely by the Borrower.

15.13    Right to Participate. Lender shall have the unrestricted right at any time and from time to time, and without the consent of or notice to Borrower or Guarantor, to grant to one or more Persons (each, a "**Participant**") participating interests in Lender's obligation to lend hereunder and/or any or all of the loans held by Lender hereunder. Any and all costs and expenses of the Lender, Borrower or Guarantor which arise as a result of the Lender's exercise of its rights under this Section 15.13 shall be borne solely by the Borrower.

Lender may furnish any information concerning Borrower or Guarantor (and their respective affiliates) in its possession from time to time to prospective Assignees and Participants.

15.14    Splitting the Loan. Lender shall have the right from time to time, at the sole expense of Borrower, to sever the Note and the other Loan Documents into one or more separate promissory notes (resulting in the Loan being recast as a first priority mortgage loan and a mezzanine loan) and other security documents (the "**Severed Loan Documents**") in such denominations and priorities as Lender shall determine in its sole discretion and to allocate interest rates and amortization of the Loan between the components in a manner specified by Lender in its sole discretion; provided, however, that except as set forth in the previous parenthetical, the terms, provisions and clauses of the Severed Loan Documents shall be no more adverse to Borrower and/or Guarantor than those contained in the Note, this Agreement, the Mortgage and the other Loan Documents. Borrower shall cooperate with Lender to effectuate the same and shall execute and deliver to Lender from time to time, promptly after the request of Lender, a severance agreement and such other documents, modifications, amendments, opinions and title insurance as Lender shall request in order to affect the severance described in this Section 15.14, all in form and substance reasonably satisfactory to Lender. In the event of any prepayment of the Loan, Lender shall be entitled to apply the amount of such prepayment to one or more of the new component notes as Lender in its sole discretion decides. Borrower hereby absolutely and irrevocably appoints Lender as Borrower's true and lawful attorney in fact, coupled with an interest, in Borrower's name and stead to make and execute all documents necessary or desirable to effect the aforesaid severance, Borrower ratifying all that its said attorney in fact shall do by virtue thereof. Borrower hereby acknowledges and agrees that Borrower shall have no claim or cause of action against Lender arising out of Lender's execution and/or recordation of any instruments by or on behalf of Borrower pursuant to the foregoing power of attorney. The failure by Borrower to comply with the foregoing shall constitute an immediate Event of Default. Any and all costs and expenses of the Lender, Borrower or Guarantor which arise as a result of the Lender's exercise of its rights under this Section 15.14 shall be borne solely by the Borrower.

15.15    Credit Information. Borrower and Guarantor hereby authorize Lender to obtain the personal credit information of each of the undersigned annually during the term of the Loan. Further, each of Borrower and Guarantor gives Lender express authority to execute any and all documents, on Borrower's and/or Guarantor's behalf if necessary, that may be required by any third party for Lender to obtain such credit information.

55

15.16    Time of the Essence.  Time is of the essence of each provision of this Agreement and each other Loan Document.

15.17    Integration/No Oral Change.  This Loan Agreement and each of the other Loan Documents is intended by the parties as the final, complete and exclusive statement of the transactions evidenced by this Loan Agreement and the other Loan Documents.  All prior or contemporaneous promises, agreements and understandings, whether oral or written, are deemed to be superseded by this Loan Agreement and each of the Loan Documents, and no party is relying on any promise, agreement or understanding not set forth in this Loan Agreement or any of the other Loan Documents. Further, this Loan Agreement and each of the other Loan Documents may only be amended, terminated, extended or otherwise modified by a writing signed by the party against which enforcement is sought (except no such writing shall be required for any party which, pursuant to a specific provision of any Loan Document, is required to be bound by changes without such party's assent).  In no event shall any oral agreements, promises, actions, inactions, knowledge, course of conduct, course of dealings or the like be effective to amend, terminate, extend or otherwise modify this Loan Agreement or any of the other Loan Documents.

15.18    Monthly Statements.  While Lender may issue invoices or other statements on a monthly or periodic basis (each a "**Statement**"), it is expressly acknowledged and agreed that:

(i)    the failure of Lender to issue any Statement on one or more occasions shall not affect Borrower's obligations to make payments under the Loan Documents as and when due;

(ii)    the inaccuracy of any Statement shall not be binding upon Lender and so Borrower shall always remain obligated to pay the full amount(s) required under the Loan Documents as and when due notwithstanding any provision to the contrary contained in any Statement;

(iii)    all Statements are issued for information purposes only and shall never constitute any type of offer, acceptance, modification, or waiver of the Loan Documents or any of Lender's rights or remedies thereunder; and

(iv)    in no event shall any Statement serve as the basis for, or a component of, any course of dealing, course of conduct, or trade practice which would modify, alter, or otherwise affect the express written terms of the Loan Documents.

15.19    USA Patriot Act Notification.  Lender hereby notifies Borrower that pursuant to the requirements of the USA Patriot Act (Title III of Pub. L. 107-56 (signed into law October 26, 2001)) (the "**Act**"), it is required to obtain, verify and record information that identifies Borrower, which information includes the name and address of Borrower and other information that will allow Lender to identify Borrower in accordance with the Act.

15.20    Publicity.  Lender shall have the right to issue news releases, and publicize and/or advertise the fact that it has provided financing with respect to the Property and in connection therewith Lender shall have the right to photograph and use pictures of the Property in any such advertisements, brochures, print, media and other copy.  Further, Borrower consents to Lender's release of the terms of the Loan, including the loan amount, identification of Borrower, Guarantor of the Loan and Property, to trade publications or other sources of publication or advertising, as Lender deems appropriate in Lender's reasonable discretion.

56

168215.00401/132065245v.7

15.21 <u>Waiver of Consequential Damages</u>.   TO THE EXTENT PERMITTED BY APPLICABLE LAW, BORROWER AND GUARANTOR SHALL NOT ASSERT, AND THE BORROWER AND GUARANTOR HEREBY WAIVE, ANY CLAIM AGAINST ANY OTHER PARTY HERETO AND EACH AFFILIATE THEREOF AND THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES AND AGENTS, ON ANY THEORY OF LIABILITY, FOR SPECIAL, INDIRECT, CONSEQUENTIAL OR PUNITIVE DAMAGES (AS OPPOSED TO DIRECT OR ACTUAL DAMAGES) ARISING OUT OF, IN CONNECTION WITH, OR AS A RESULT OF, THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT, ANY ADVANCE OR THE USE OF THE PROCEEDS THEREOF.

57

168215.00401/132065245v.7

IN WITNESS WHEREOF this Agreement has been duly executed and delivered as a sealed instrument as of the date first written above.

**BORROWER:**

JENKINS COURT REALTY CO., L.P.,
a Pennsylvania limited partnership

By:    Old Jenkins Corporation,
a Pennsylvania corporation,
its general partner

By:
Name:  Philip Pulley
Title:   President

Acknowledged and Agreed to:

GUARANTOR:

PHILIP PULLEY

[Signature Page to Loan Agreement]

**LENDER:**

ICON PSG 1 FL, LLC,
a Delaware limited liability company

By: _____
Name: _Cameron Lawson_
Title: _Authorized Person_

[Signature Page to Loan Agreement]

EXHIBIT A TO LOAN AGREEMENT

ORGANIZATIONAL CHART

(See Attached)

EXHIBIT A

168215.00401/132065245v.7

Fee Owner:



All entities are formed in the Commonwealth of Pennsylvania

{Client Files/004030/00406/01597608.DOCX;1}
168215.00401/132103347v.2

EXHIBIT B TO LOAN AGREEMENT

AUTHORIZED REPRESENTATIVES


1. Philip C. Pulley


EXHIBIT C

168215.00401/132065245v.7

<u>EXHIBIT C TO LOAN AGREEMENT</u>

<u>REQUIRED PROPERTY, HAZARD AND OTHER INSURANCE</u>

Borrower shall at all times provide and maintain the following insurance coverages with respect to the Property and the Collateral issued by companies qualified to do business in the Commonwealth of Pennsylvania, having an S&P Rating of "A" or better and an AM Best's Rating of not less than "A:X" and otherwise acceptable to Lender in its sole discretion:

A.    Physical insurance on an all-risk/special form basis without exception (including, without limitation, wind/named storm, flood (required if property is in a "Special Flood Hazard Area" A or V in amounts satisfactory to Lender), vandalism and malicious mischief, earthquake, collapse, equipment breakdown, boiler explosion, sprinkler coverage, terrorism (both foreign and domestic), ordinance or law coverage, cost of demolition, increased costs of construction and the value of the undamaged portion of the building) covering all the real estate, fixtures and personal property to the extent of the full insurable value, on a replacement cost basis with either no coinsurance, or if coinsurance, an agreed amount endorsement (with deductibles not in excess of $10,000.00);

B.    During any period of repair or restoration, builder's "all-risk" insurance on the so called completed value basis in an amount equal to not less than the full, completed insurable value of the Property, against such risks (including fire and extended coverage and collapse of the Improvements to agreed limits) as Lender may request, in form and substance acceptable to Lender in accordance with the requirements set forth in paragraph A, above.  Coverage shall include soft costs with delayed opening, coverage for property in transit, and on- and off-site storage;

C.    Rent loss or business interruption insurance in an amount equal to one and a half year's projected rentals or gross revenues with at least a 12 month period of indemnity with a six (6) month/one hundred eighty (180) day extended period of indemnity.  Coverage shall include acts of foreign and domestic terrorism;

D.    Public, Commercial General Liability insurance, with underlying and umbrella coverages, on an occurrence basis, with no deductible or self-insured retention, unless otherwise approved by Lender in advance of placement.  Coverage totaling not less than $_____ per occurrence and $_____ in the aggregate or such other amounts as may be determined by Lender from time to time.  Coverage shall include acts of foreign and domestic terrorism;

E.    Automobile liability insurance (including non-owned automobile) with a coverage of $1,000,000 per occurrence during construction;

F.    Worker's compensation, employer's liability and other insurance required by law;

G.    During construction or renovations at the property, insurance covering those risks required to be covered by the General Contractor, or an applicable Other Contractor or a sub-contractor, under the Plans and Specifications, the Construction Contracts, or any of the other Approved Construction Documents; errors and omissions or similar coverages from the Architect and consulting engineers in limits and written by companies satisfactory to Lender; and

H.    Such other insurance coverages in such amounts as Lender may request consistent with the customary practices of prudent developers and owners of similar properties.

EXHIBIT C

168215.00401/132065245v.7

An actual insurance policy or certified copy thereof, or certificates of insurance, evidence of property coverage in the form of Acord 27 or 28 (Evidence of Property Coverage), Acord 25 (Certificate of Insurance), in forms acceptable to Lender, along with all applicable endorsements and policy provisions requested by Lender, with an unconditional undertaking to deliver the policy or a certified copy within thirty (30) days, shall be delivered at closing of the Loan.

Flood insurance shall be provided if the property or the collateral is located in a flood prone, flood risk or flood hazard area as designated pursuant to the Federal Flood Disaster Protection Act of 1973, as amended, and the Regulations thereunder, or if otherwise reasonably required by Lender in amounts and with deductibles satisfactory to Lender.

Such other insurance coverage (or higher coverages) running to the benefit of, or required by Lender in connection with the making of the loan on the Property or on any replacements or substitutions thereof or additions thereto as may from time to time be required by Lender against other insurable hazards or casualties which at the time are commonly insured against in the case of property similarly situated to the Property including, without limitation, sinkhole, mine subsidence, earthquake and environmental insurance, due regard being given to the height and type of buildings, their construction, location, use and occupancy.

All policies shall contain a Waiver of Subrogation in favor of the Lender.

Lender shall be named as first mortgagee on policies of all-risk-type insurance on the Property, as lenders loss payee on the Collateral and its contents, and on rent-loss or business interruption coverages related thereto.

Except with respect to public liability insurance, as to which Lender shall be named as an additional insured with respect to the Property or the Collateral, all other required insurance coverages shall have a so-called "Mortgagee's endorsement" or "Lender's loss-payable endorsement" which shall provide in substance as follows:

A.    Loss or damage, if any, under the policy shall be paid to Lender and its successors and assigns ("Lender") in whatever form or capacity its interest may appear and whether said interest be vested in said Lender in its individual or in its disclosed or undisclosed fiduciary or representative capacity, or otherwise, or vested in a nominee or trustee of said Lender. All policies of insurance shall contain a waiver of subrogation in favor of the Lender.

B.    The insurance under the policy, or under any rider or endorsement attached thereto, as to the interest only of Lender, its successors and assigns, shall not be invalidated nor suspended:

(i)  by any error, omission or change respecting the ownership, description, possession or location of the subject of the insurance or the interests therein or the title thereto; or

(ii)  by the commencement of foreclosure or similar proceedings or the giving of notice of sale of any of the property covered by the policy by virtue of any mortgage, Mortgage, or security interest; or

(iii) by any breach of warranty, act, omission, neglect, or noncompliance with any provisions of the policy by the named insured, or anyone else, whether before or after a loss, which under the provisions of the policy of insurance, would invalidate or suspend

EXHIBIT C

168215.00401/132065245v.7

the insurance as to the named insured, excluding, however, any acts or omissions of Lender while exercising active control and management of the insured property.

C.       Insurer shall provide Lender with not less than thirty (30) days, prior written notice of cancellation of the policy (ten (10) days for non-payment and at least thirty (30) days for any other reason) or of the non-renewal thereof.

D.       The insurer reserves the right to cancel the policy at any time, but only as provided by its terms.  However, in such case this policy shall continue in force for the benefit of Lender for thirty (30) days after written notice of such cancellation/ten (10) days for nonpayment of premium is received by Lender and shall then cease.

E.       Should legal title to and beneficial ownership of any of the property covered under the policy become vested in Lender or its agents, successors or assigns, insurance under the policy shall continue for the term thereof for the benefit of Lender.

F.       All notices herein provided to be given by the insurer to Lender in connection with this policy and Lender's loss payable endorsement shall be mailed to or delivered to Lender by certified or registered mail, return receipt requested, as follows:

> ICON PSG 1 FL, LLC,
> And its Successors, Assigns, Affiliates, Partners and Participants
> 6711 Columbia Gateway Drive, Suite 130
> Columbia, Maryland 21046
> Attn: Cameron Lawson

EXHIBIT C

168215.00401/132065245v.7

Case 2:25-cv-00044-GAM   Document 1-1   Filed 01/06/25   Page 67 of 68

EXHIBIT D TO LOAN AGREEMENT

DRAW SCHEDULE

EXHIBIT D

168215.00401/132065245v.7

**PROJECT:** 610 Old York Road

| A | B | C | Draw 1 ( Settlement) | Draw 2 | Draw 3 | Draw 4 | Draw 5 | Balance to Fund | |
|---|---|---|---|---|---|---|---|---|---|
| ITEM NO | DESCRIPTION OF WORK | SCHEDULED VALUE | At Settlement | | | | | | |
| | BUILDING IMPROVEMENTS | | | | | | | | |
| 1 | Garage - Parking Deck | $ 2,489,550 | $ 1,247,756 | | | | | $ | 1,241,794 |
| | Demolition | | | | | | | $ | 241,794 |
| | Steel | | | | | | | $ | 500,000 |
| | Concrete | | | | | | | $ | 500,000 |
| 2 | Masonry - Clean | $ 50,000 | | | | | | $ | 50,000 |
| 3 | Masonry - Replace Lintels | $ 2,000 | | | | | | $ | 2,000 |
| 4 | Elevator - Replace | $ 98,500 | | | | | | $ | 98,500 |
| 5 | Common Areas - Painting Exterior | $ 10,000 | | | | | | $ | 10,000 |
| 6 | Common Areas - Caulk Exterior | $ 37,500 | | | | | | $ | 37,500 |
| 7 | Parking - Parking Controls | $ 10,000 | | | | | | $ | 10,000 |
| 8 | Paint - Miscellaneous | $ 25,000 | | | | | | $ | 25,000 |
| 9 | Miscellaneous - Package Room | $ 1,500 | | | | | | $ | 1,500 |
| | **BUILDING IMPROVEMENTS** | $ 2,724,050 | $ 1,247,756 | $ - | $ - | $ - | $ - | $ | 1,476,294 |
| | COMMERCIAL IMPROVEMENTS (TINY TOWN) | | | | | | | | |
| 11 | Tiny Town Hard Costs | $ 1,125,000 | | | | | | $ | 1,125,000 |
| | COMMERCIAL IMPROVEMENTS (DOGTOPIA) | | | | | | | | |
| 12 | Dogtopia Hard Costs | $ 300,000 | | | | | | $ | 300,000 |
| | COMMERCIAL IMPROVEMENTS (PRECIOUS ONE) | | | | | | | | |
| 13 | Precious One Hard Costs | $ 300,000 | | | | | | $ | 300,000 |
| | **TENANT IMPROVEMENTS** | $ 1,725,000 | $ - | $ - | $ - | $ - | $ - | $ | 1,725,000 |
| | LEASING COMMISSION | | | | | | | | |
| 14 | Tiny Town - Leasing Commission | $ 150,000 | | | | | | $ | 150,000 |
| | **LEASING COMMISSION** | $ 150,000 | $ - | $ - | $ - | $ - | $ - | $ | 150,000 |
| | **TOTAL CONSTRUCTION COSTS** | $ 4,599,050 | $ 1,247,756 | $ - | $ - | $ - | $ - | $ | 3,351,294 |

# Exhibit 2

SECURED PROMISSORY NOTE

$20,500,000.00

Jenkintown, Pennsylvania
September 27, 2023

FOR VALUE RECEIVED, **JENKINS COURT REALTY CO., L.P.**, a Pennsylvania limited partnership ("**Borrower**"), having an address at PO Box 549, Abington, PA 19001, hereby unconditionally promises to pay to the order of **ICON PSG 1 FL, LLC**, a Delaware limited liability company, having an address 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046 (together with its registered successors and assigns, "**Lender**"), or at such other place as the holder hereof may from time to time designate in writing, the maximum principal amount of TWENTY MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($20,500,000.00) or so much thereof as is advanced, in lawful money of the United States of America, with interest thereon to be computed from the date of this Secured Promissory Note (this "**Note**") at the interest rate set forth in that certain Loan Agreement dated as of the date hereof between Borrower and Lender (together with all extensions, renewals, modifications, substitutions and amendments thereof, the "**Loan Agreement**"), and to be paid in accordance with the terms of this Note and the Loan Agreement. All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement.

## ARTICLE 1:  PAYMENT TERMS

Borrower agrees to pay to Lender the principal sum of this Note, interest on the unpaid principal sum of this Note from time to time outstanding at the rates and at the times and in the manner specified in Article II of the Loan Agreement. The outstanding balance of the principal sum of this Note and all accrued and unpaid interest thereon shall be due and payable on the Maturity Date., subject to any extensions thereof in accordance with the Loan Agreement.

## ARTICLE 2:  DEFAULT AND ACCELERATION

The Obligations shall without notice become immediately due and payable at the option of Lender if any payment required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default.

## ARTICLE 3:  LOAN DOCUMENTS

This Note is secured by that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "**Mortgage**"), dated as of the date hereof, made by Borrower in favor of Lender. This Note, the Loan Agreement, the Mortgage and any of the other documents evidencing or securing the Obligations are collectively referred to as "**Loan Documents**". All of the terms, covenants and conditions contained in the Loan Agreement, the Mortgage and the other Loan Documents are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein. In the event of a conflict or inconsistency between the terms of this Note and the Loan Agreement, the terms and provisions of the Loan Agreement shall govern.

## ARTICLE 4:  SAVINGS CLAUSE

Notwithstanding anything to the contrary, (a) all agreements and communications between Borrower and Lender are hereby and shall automatically be limited so that, after taking into

168215.00401/132002936v.4

account all amounts deemed interest, the interest contracted for, charged or received by Lender shall never exceed the maximum lawful rate or amount, (b) in calculating whether any interest exceeds the lawful maximum, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Borrower to Lender, and (c) if through any contingency or event, Lender receives or is deemed to receive interest in excess of the lawful maximum, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Borrower to Lender, or if there is no such indebtedness, shall immediately be returned to Borrower.

### ARTICLE 5:  NO ORAL CHANGE

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrower or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

### ARTICLE 6:  WAIVERS

Borrower and all others who may become liable for the payment of all or any part of the Obligations do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intention to accelerate, notice of acceleration, protest and notice of protest and non-payment and all other notices of any kind.  No release of any security for the Obligations or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note, the Loan Agreement or the other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrower or any other Person who may become liable for the payment of all or any part of the Obligations under this Note, the Loan Agreement or the other Loan Documents.  No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents.  If Borrower is a partnership or limited liability company, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the individuals comprising the partnership or limited liability company, and the term "Borrower," as used herein, shall include any alternate or successor partnership or limited liability company, but any predecessor partnership or limited liability company and their partners or members shall not thereby be released from any liability.  If Borrower is a corporation, the agreements contained herein shall remain in full force and be applicable notwithstanding any changes in the shareholders comprising, or the officers and directors relating to, the corporation, and the term "Borrower," as used herein, shall include any alternative or successor corporation, but any predecessor corporation shall not be relieved of liability hereunder. (Nothing in the foregoing sentence shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, limited liability company or corporation, which may be set forth in the Loan Agreement, the Mortgage or any other Loan Document.)

### ARTICLE 7:  TRANSFER

Upon the transfer of this Note, Borrower hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and shall be deemed to have assumed all of Lender's obligations and liabilities hereunder, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter as to which the transferee has assumed such obligations; but Lender shall retain all rights hereby given to Lender with respect to any liabilities

168215.00401/132002936v.4

and the collateral not so transferred.  Borrower acknowledges and agrees that Lender may transfer and assign this Note and the Loan or any portion thereof together with Lender's rights and interests therein and/or designate any other person or entity as the holder hereof, as more fully described in the Mortgage.

## ARTICLE 8:  INTENTIONALLY OMITTED

## ARTICLE 9:  GOVERNING LAW

**(A)  THIS NOTE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF MARYLAND APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.  TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS NOTE.**

**(B)  ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST LENDER OR BORROWER ARISING OUT OF OR RELATING TO THIS NOTE MAY AT LENDER'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN MARYLAND AND BORROWER WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND BORROWER HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. BORROWER DOES HEREBY DESIGNATE AND APPOINT LENDER AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN THE STATE OF MARYLAND AND AGREES THAT SERVICE OF PROCESS UPON SAID AUTHORIZED AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO BORROWER IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON BORROWER IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE STATE OF MARYLAND, BORROWER (I) SHALL GIVE PROMPT NOTICE TO LENDER OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN HOWARD COUNTY, MARYLAND (WHICH SUBSTITUTE AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN HOWARD COUNTY, MARYLAND OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.**

## ARTICLE 10:  NOTICES

All notices or other written communications hereunder shall be delivered in accordance with Section 15.1 of the Loan Agreement.

## ARTICLE 11:  NUMBER AND GENDER/JOINT AND SEVERAL LIABILITY

Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall

-3-

168215.00401/132002936v.4

include the plural and vice versa.  The term "Borrower" shall be deemed to refer to each and every Person comprising Borrower from time to time, jointly and severally, and to include the heirs, executors, administrators, legal representatives, successors and assigns of each such Person.  Without limiting the generality of the foregoing, the term "Borrower" as used herein shall include any new or successor corporation, association, partnership (general or limited), limited liability company joint venture, trust or other individual or organization formed as a result of any merger, reorganization, sale, transfer, devise, gift or bequest of any Person comprising Borrower from time to time or any interest in such Person.  If Borrower consists of more than one Person, all representations, warranties, covenants, obligations and liabilities of each such Person hereunder shall be joint and several.  A default hereunder by any such Person shall be deemed a default by all such Persons and Borrower.  The representations, warranties and covenants contained herein shall be read to apply to the individual Persons comprising Borrower when the context so requires, but a breach of any such representation, warranty or covenant or a breach of any obligation under this Note shall be deemed a breach by all such Persons and Borrower, entitling Lender to exercise all of its rights and remedies under this Note and under applicable law.

### ARTICLE 12: WAIVER OF JURY TRIAL

TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION RELATING TO THE LOAN AND/OR THE LOAN DOCUMENTS.  BORROWER, TO THE FULLEST EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, (A) SUBMITS TO PERSONAL JURISDICTION IN THE COUNTY OF PHILADELPHIA OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, (B) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE COUNTY OF HOWARD, MARYLAND (C) SUBMITS TO THE JURISDICTION AND VENUE OF SUCH COURTS AND WAIVES ANY ARGUMENT THAT VENUE IN SUCH FORUMS IS NOT CONVENIENT, AND (D) AGREES THAT IT WILL NOT BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM (BUT NOTHING HEREIN WILL AFFECT THE RIGHT OF LENDER TO BRING ANY ACTION, SUIT OR PROCEEDING IN ANY OTHER FORUM).  BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO BORROWER AT THE ADDRESSES FOR NOTICES DESCRIBED IN THE LOAN AGREEMENT, AND CONSENTS AND AGREES THAT SUCH SERVICE WILL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN WILL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

### ARTICLE 13:  CONFESSION OF JUDGMENT AND EXECUTION

UPON THE OCCURRENCE OF AN EVENT OF DEFAULT, BORROWER IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR BORROWER IN ANY AND ALL ACTIONS AND TO CONFESS JUDGMENT AGAINST BORROWER FOR ALL OR ANY PART OF THE SUMS DUE UNDER THIS NOTE AND/OR UNDER THE MORTGAGE; AND IN EITHER CASE FOR INTEREST, COSTS, AND FEES TOGETHER WITH ATTORNEYS' FEES EQUAL TO THE LESSER OF (i) ACTUAL ATTORNEYS' FEES AND (ii) $25,000.00.  BORROWER FURTHER AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD UPON THE OCCURRENCE AND CONTINUANCE OF AN EVENT OF DEFAULT, TO APPEAR FOR AND ENTER JUDGMENT AGAINST BORROWER

-4-

168215.00401/132002936v.4

IN AN ACTION OF REPLEVIN OR ANY OTHER ACTION TO RECOVER POSSESSION OF ANY COLLATERAL SECURING THIS NOTE.  SUCH CONFESSIONS OF JUDGMENT OR ACTIONS SHALL BE WITH RELEASE OF ERRORS, WAIVERS OF APPEALS, WITHOUT STAY OF EXECUTION AND BORROWER WAIVES ALL RELIEF FROM ANY AND ALL APPRAISEMENT OR EXEMPTION LAWS NOW IN FORCE OR HEREAFTER ENACTED.  IF A COPY OF THIS NOTE, VERIFIED BY AN OFFICIAL OR AN OFFICER OF LENDER, SHALL BE FILED IN ANY PROCEEDING OR ACTION WHEREIN JUDGMENT IS TO BE CONFESSED, IT SHALL NOT BE NECESSARY TO FILE THE ORIGINAL HEREOF AND SUCH VERIFIED COPY SHALL BE SUFFICIENT WARRANT FOR ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR HEREIN FOR AND CONFESS JUDGMENT AGAINST BORROWER AS PROVIDED HEREIN. JUDGMENT MAY BE CONFESSED FROM TIME TO TIME UNDER THE AFORESAID POWERS AND NO SINGLE EXERCISE OF THE AFORESAID POWERS TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, SHALL BE DEEMED TO EXHAUST  THE POWER, WHETHER OR NOT SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, AVOIDABLE, OR VOID, BUT THE POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AFTER AND AS LENDER SHALL ELECT UNTIL SUCH TIME AS LENDER  SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL SUMS DUE UNDER THIS NOTE AND UNDER THE MORTGAGE, TOGETHER WITH INTEREST, COSTS, AND FEES.

**ARTICLE 14: WAIVER OF DEFENSES TO CONFESSION OF JUDGMENT AND EXECUTION**

BORROWER HEREBY EMPOWERS ANY ATTORNEY TO APPEAR FOR BORROWER IN ANY ACTIONS THAT LENDER MAY BRING FOR SUMS DUE UNDER THIS NOTE OR ANY OTHER LOAN DOCUMENT AND, TO CONFESS JUDGMENT AGAINST BORROWER FOR THOSE SUMS AND/OR POSSESSION OF ANY COLLATERAL SECURING THIS NOTE.  BORROWER HAS REVIEWED THIS PROVISION WITH BORROWER'S ATTORNEY AND ACKNOWLEDGES THAT LENDER IS AUTHORIZED TO TAKE ANY ACTION WITHOUT ANY ADVANCE NOTICE TO BORROWER, BOTH TO CONFESS JUDGMENT AND, TO THE EXTENT PERMITTED BY LAW, IMMEDIATELY THEREAFTER TO TAKE ANY ADDITIONAL ACTION TO ENFORCE THE JUDGMENT, SUCH AS ATTACHING, EXECUTING UPON, SEIZING, TAKING POSSESSION OF AND SELLING ANY OF BORROWER'S REAL ESTATE, OTHER TANGIBLE OR INTANGIBLE PROPERTY, INCLUDING BANK ACCOUNTS AND RECEIVABLES.  THEREFORE, BORROWER IS AWARE THAT, TO THE EXTENT PERMITTED BY LAW, IT HAS GIVEN UP ANY RIGHTS IT MIGHT HAVE TO A HEARING TO CONTEST THE VALIDITY OF ANY SUCH JUDGMENT OR OTHER CLAIMS THAT LENDER MAY ASSERT THEREUNDER.  BORROWER SPECIFICALLY AND VOLUNTARILY WAIVES AND RELINQUISHES ANY RIGHTS IT MAY HAVE TO ANY NOTICE OR HEARING OR OTHER DUE PROCESS IN CONNECTION WITH LENDER'S IMPLEMENTATION OF ITS RIGHTS TO TAKE JUDGMENT, OR TO EXECUTE UPON OR TAKE ANY ADDITIONAL ACTION TO ENFORCE SUCH JUDGMENT.  BORROWER ALSO SPECIFICALLY RELEASES ANY RIGHTS IT MAY HAVE TO CHALLENGE SUCH ACTION BY LENDER OR TO CLAIM OR RECOVER ANY DAMAGES AGAINST LENDER IN CONNECTION WITH SUCH ACTIONS, TO THE EXTENT PERMITTED BY LAW.  BORROWER ACKNOWLEDGES THAT IT IS REPRESENTED BY COUNSEL AND THAT BORROWER'S COUNSEL HAS REVIEWED AND EXPLAINED THE MEANING OF THESE WAIVERS TO BORROWER.

[Remainder of page intentionally left blank]

168215.00401/132002936v.4

IN WITNESS WHEREOF, Borrower has duly executed this Note as of the day and year first above written.

**BORROWER:**

JENKINS COURT REALTY CO., L.P.,
a Pennsylvania limited partnership

By:    Old Jenkins Corporation,
        a Pennsylvania corporation,
        its general partner

By:    _____
Name:  Philip Pulley
Title:   President

[Signature Page to Secured Promissory Note]

# Exhibit 3

 

RECORDER OF DEEDS
MONTGOMERY COUNTY
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MTG BK 15820 PG 01708 to 01752**
INSTRUMENT # : 2023052797
RECORDED DATE: 10/03/2023 03:14:19 PM



6258044-0024S

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | Page 1 of 45 |
|---|---|

| | | | |
|---|---|---|---|
| **Document Type:** Mortgage | **Transaction #:** | 6833254 - 3 Doc(s) |
| **Document Date:** 09/22/2023 | **Document Page Count:** | 44 |
| **Reference Info:** | **Operator Id:** | plai |

| | |
|---|---|
| **RETURN TO:** (Simplifile) <br> Elkins Park Abstract Company <br> 721 Dresher Road <br> Horsham, PA 19044 <br> (215) 830-1100 | **PAID BY:** <br> ELKINS PARK ABSTRACT COMPANY |

**\* PROPERTY DATA:**
Parcel ID #:        10-00-05364-00-8
Address:            610 YORK RD

                    PA
Municipality:       Jenkintown Borough (100%)
School District:    Jenkintown

**\* ASSOCIATED DOCUMENT(S):**

| | |
|---|---|
| **FEES / TAXES:** <br> Recording Fee:Mortgage        $65.50 <br> Additional Pages Fee          $80.00 <br> Affordable Housing Pages      $80.00 <br><br> **Total:**                       $225.50 | MTG BK 15820 PG 01708 to 01752 <br> Recorded Date: 10/03/2023 03:14:19 PM <br><br> I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania. <br><br>  <br><br> **Jeanne Sorg** <br> **Recorder of Deeds** |

Rev1 2016-01-29

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION

Digitally signed 06/25/2024 by montgomery.county.rod@govos.com

**Certified and Digitally Signed**

Validation may require Adobe 'Windows Integration'

Appx104    eCertified copy of recorded # 2023052797 (page 1 of 45)
Montgomery County Recorder of Deeds

This Instrument Prepared By:

BLANK ROME LLP
130 N. 18th Street
Philadelphia, PA 19103
Attention: Steven Shoumer, Esq.

After Recording Return To:

BLANK ROME LLP
130 N. 18th Street
Philadelphia, PA 19103
Attention: Steven Shoumer, Esq.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
10-00-05364-00-8    JENKINTOWN BOROUGH
610 YORK RD
JENKINS COURT REALTY COMPANY LP          $15.00
B 010  L   U 001  4336 10/03/2023              JG

Tax Parcel Identification No. 10-00-05364-00-8

**JENKINS COURT REALTY CO., L.P.,**
a Pennsylvania limited partnership

**("Mortgagor")**

to

**ICON PSG 1 FL, LLC,**
a Delaware limited liability company

**("Mortgagee")**

---

**OPEN-END MORTGAGE, ASSIGNMENT OF LEASES AND RENTS,
SECURITY AGREEMENT AND FIXTURE FILING
(THIS MORTGAGE SECURES FUTURE ADVANCES)**

---

| | |
|---|---|
| Dated: | As of September 22, 2023 |
| Effective: | As of September 27, 2023 |
| Location: | 610 Old York Road<br>Jenkintown, PA<br>a/k/a 610 York Road<br>Jenkintown, PA |

168215.00401/132002772v.6

eCertified copy of recorded # 2023052797 (page 2 of 45)
Montgomery County Recorder of Deeds

TABLE OF CONTENTS

Page

ARTICLE 1    GRANTS OF SECURITY ..................................................................................................2

Section 1.1    Property Mortgaged ...............................................................................2
Section 1.2    Assignment of Rents ..............................................................................4
Section 1.3    Security Agreement ................................................................................5
Section 1.4    Fixture Filing .........................................................................................5
Section 1.5    Pledges of Monies Held ........................................................................6

ARTICLE 2    DEBT AND OBLIGATIONS SECURED ...........................................................................7

Section 2.1    Debt ........................................................................................................7
Section 2.2    Other Obligations ..................................................................................7
Section 2.3    Debt and Other Obligations ..................................................................7

ARTICLE 3    MORTGAGOR COVENANTS .........................................................................................7

Section 3.1    Payment of Debt .....................................................................................7
Section 3.2    Incorporation by Reference ...................................................................7
Section 3.3    Insurance ................................................................................................7
Section 3.4    Maintenance of Property .......................................................................7
Section 3.5    Waste ......................................................................................................8
Section 3.6    Payment for Labor and Materials ..........................................................8
Section 3.7    Performance of Other Agreements ........................................................8
Section 3.8    Change of Name, Identity or Structure ..................................................9
Section 3.9    Tax and Insurance Escrow .....................................................................9

ARTICLE 4    OBLIGATIONS AND RELIANCES .................................................................................9

Section 4.1    Relationship of Mortgagor and Mortgagee ...........................................9
Section 4.2    No Reliance on Mortgagee ...................................................................10
Section 4.3    No Mortgagee Obligations ...................................................................10
Section 4.4    Reliance ................................................................................................10

ARTICLE 5    FURTHER ASSURANCES ............................................................................................10

Section 5.1    Recording of Mortgage, etc .................................................................10
Section 5.2    Further Acts, etc ...................................................................................11
Section 5.3    Changes in Tax, Debt, Credit and Documentary Stamp Laws .............11
Section 5.4    Splitting of Mortgage ...........................................................................11
Section 5.5    Replacement Documents ......................................................................12

ARTICLE 6    DUE ON SALE/ENCUMBRANCE ................................................................................12

Section 6.1    Mortgagee Reliance ..............................................................................12
Section 6.2    No Transfer ...........................................................................................12
Section 6.3    Intentionally Omitted ...........................................................................12
Section 6.4    Mortgagee's Rights ...............................................................................12

ARTICLE 7    RIGHTS AND REMEDIES UPON DEFAULT .................................................................13

Section 7.1    Remedies ...............................................................................................13
Section 7.2    Application of Proceeds ........................................................................16
Section 7.3    Right to Cure Defaults ..........................................................................16

-i-

168215.00401/132002772v.6

Appx106    eCertified copy of recorded # 2023052797 (page 3 of 45)
Montgomery County Recorder of Deeds

Section 7.4      Actions and Proceedings ................................................................16
Section 7.5      Recovery of Sums Required to Be Paid ..........................................16
Section 7.6      Examination of Books and Records ................................................16
Section 7.7      Other Rights, etc ...........................................................................17
Section 7.8      Right to Release Any Portion of the Property .................................18
Section 7.9      Violation of Laws ..........................................................................18
Section 7.10     Recourse and Choice of Remedies ................................................18
Section 7.11     Right of Entry ...............................................................................18

ARTICLE 8     INTENTIONALLY OMITTED ...........................................................18

ARTICLE 9     INDEMNIFICATION ........................................................................18

Section 9.1      Intentionally Omitted ....................................................................18
Section 9.2      Mortgage and/or Intangible Tax ....................................................19
Section 9.3      ERISA Indemnification .................................................................19
Section 9.4      Intentionally Omitted ....................................................................19
Section 9.5      Duty to Defend; Attorneys' Fees and Other Fees and Expenses .....19

ARTICLE 10    WAIVERS .......................................................................................19

Section 10.1     Waiver of Counterclaim .................................................................19
Section 10.2     Marshalling and Other Matters ......................................................19
Section 10.3     Waiver of Notice ...........................................................................19
Section 10.4     Waiver of Statute of Limitations ...................................................20
Section 10.5     Survival ........................................................................................20

ARTICLE 11    INTENTIONALLY OMITTED ...........................................................20

ARTICLE 12    NOTICES .........................................................................................20

Section 12.1     Notices ..........................................................................................20

ARTICLE 13    APPLICABLE LAW .........................................................................20

Section 13.1     Governing Law; WAIVER OF JURY TRIAL ...............................20
Section 13.2     Usury Laws ...................................................................................21
Section 13.3     Provisions Subject to Applicable Law ...........................................21
Section 13.4     Commercial Law/Open-End Mortgage ...........................................21
Section 13.5     Business Purpose ..........................................................................22
Section 13.6     ACKNOWLEDGMENTS ..............................................................22

ARTICLE 14    DEFINITIONS .................................................................................23

Section 14.1     Definitions ....................................................................................23

ARTICLE 15    MISCELLANEOUS PROVISIONS ....................................................23

Section 15.1     No Oral Change .............................................................................23
Section 15.2     Successors and Assigns ..................................................................23
Section 15.3     Secondary Market .........................................................................23
Section 15.4     Inapplicable Provisions .................................................................25
Section 15.5     Headings, etc .................................................................................25
Section 15.6     Number and Gender/Joint and Several ...........................................25
Section 15.7     Subrogation ...................................................................................25
Section 15.8     Entire Agreement ..........................................................................26
Section 15.9     Limitation on Mortgagee's Responsibility .....................................26
Section 15.10    Loan Agreement ............................................................................26

-ii-

168215.00401/132002772v.6

Appx107    eCertified copy of recorded # 2023052797 (page 4 of 45)
Montgomery County Recorder of Deeds

Section 15.11    Intentionally Omitted ...................................................................................26
Section 15.12    Receipt of Mortgage .....................................................................................26

168215.00401/132002772v.6

Appx108   eCertified copy of recorded # 2023052797 (page 5 of 45)
Montgomery County Recorder of Deeds

OPEN-END MORTGAGE, ASSIGNMENT OF LEASES AND RENTS,
SECURITY AGREEMENT AND FIXTURE FILING
(This Mortgage Secures Future Advances)

This MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "**Mortgage**") is dated as September 22, 2023, and effective as of September 27, 2023, by **JENKINS COURT REALTY CO., L.P.,** a Pennsylvania limited partnership ("**Mortgagor**"), having an address at PO Box 549, Abington, PA 19001, for the benefit of **ICON PSG 1 FL, LLC,** a Delaware limited liability company ("**Mortgagee**"), having an address at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

## W I T N E S S E T H:

WHEREAS, Mortgagor is the fee owner of that certain tract of land located in the County of Montgomery, Commonwealth of Pennsylvania and being more fully described in Exhibit A attached hereto (the "**Land**");

WHEREAS, this Mortgage is given in connection with a loan in the maximum principal sum of TWENTY MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($20,500,000.00) (the "**Loan**") made by Mortgagee to Mortgagor pursuant to that certain Loan Agreement dated as of the date hereof (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "**Loan Agreement**") and evidenced by a certain Secured Promissory Note in the principal amount of the Loan, dated the date hereof made by Mortgagor to Mortgagee (such note, as the same may be amended, restated, replaced, supplemented, consolidated, severed or otherwise modified from time to time, being hereinafter referred to as the "**Note**");

WHEREAS, Mortgagor desires to secure the payment of the Debt and the performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents (as hereinafter defined);

WHEREAS, this Mortgage is given pursuant to the Loan Agreement, and payment, fulfillment, and performance by Mortgagor of its obligations thereunder and under the other Loan Documents are secured hereby, and each and every term and provision of the Loan Agreement and the Note, including the rights, remedies, obligations, covenants, conditions, agreements, indemnities, representations and warranties of the parties therein, are hereby incorporated by reference herein as though set forth in full and shall be considered a part of this Mortgage (the Loan Agreement, the Note, this Mortgage, that certain Assignment of Leases and Rents of even date herewith made by Mortgagor in favor of Mortgagee (the "**Assignment of Leases**") and all other documents evidencing or securing the Debt or delivered in connection with the making of the Loan, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, are hereinafter referred to collectively as the "**Loan Documents**"); and

WHEREAS, Mortgagee is a successor in interest to PSG Lending, LLC, a Maryland limited liability company ("**PSG**"), and in connection with Mortgagee's making of the Loan, Mortgagee has required PSG to assign any and all of its interest in and to the Loan Documents. Attached hereto as Exhibit C is such executed assignment.

NOW THEREFORE, in order to secure to secure the payment of the Debt and the performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents, in consideration of the making of the Loan by Mortgagee and the covenants, agreements, representations and warranties set forth in this Mortgage, and for good and valuable consideration, the receipt and

168215.00401/132002772v.6

Appx109   eCertified copy of recorded # 2023052797 (page 6 of 45)
Montgomery County Recorder of Deeds



sufficiency of which is hereby acknowledged, and intending to be legally bound, Mortgagor does hereby agree to the following:

## ARTICLE 1

## GRANTS OF SECURITY

Section 1.1    Property Mortgaged. Mortgagor does hereby irrevocably mortgage, grant, bargain, sell, pledge, assign, warrant, transfer and convey to Mortgagee and its successors and assigns (to the extent assignable) all of Mortgagor's right, title and interest to the following property, rights, interests and estates now owned, or hereafter acquired by Mortgagor (collectively, the "**Property**"):

(a)    Land. The Land;

(b)    Additional Land. All additional lands, estates and development rights hereafter acquired by Mortgagor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of this Mortgage;

(c)    Improvements. The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the "**Improvements**");

(d)    Easements. All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Mortgagor of, in and to the Land and the Improvements, and every part and parcel thereof, with the appurtenances thereto;

(e)    Equipment. All "equipment," as such term is defined in Article 9 of the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is located (the "**Uniform Commercial Code**"), now owned or hereafter acquired by Mortgagor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Mortgagor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the "**Equipment**"). Notwithstanding the foregoing, Equipment shall not include any property belonging to tenants under Leases except to the extent that Mortgagor shall have any right or interest therein;

(f)    Fixtures. All Equipment now owned, or the ownership of which is hereafter acquired, by Mortgagor which is so related to the Land and Improvements forming part of the Property that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to,

168215.00401/132002772v.6

-2-

Appx110    eCertified copy of recorded # 2023052797 (page 7 of 45)
Montgomery County Recorder of Deeds



installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Mortgagor's interest therein) and all other utilities whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the "**Fixtures**"). Notwithstanding the foregoing, Fixtures shall not include any property which tenants are entitled to remove pursuant to Leases except to the extent that Mortgagor shall have any right or interest therein;

        (g)      Personal Property. All right, title, and interest of Mortgagor in (i) the property and interests in the property described on Exhibit B attached hereto and incorporated herein by reference, (ii) all other personal property now or hereafter owned by Mortgagor whether or not located on or used in connection with the Land or the Improvements, (iii) all other rights and interests of Mortgagor now or hereafter held in personal property whether or not located on or used in connection with the Land or the Improvements, (iv) all personal property and rights and interests in personal property of similar type or kind hereafter acquired by Mortgagor, (v) all right, title and interest of Mortgagor in and to any personal property which may be subject to any security interests, as defined in the Uniform Commercial Code, superior in lien to the lien of this Mortgage and (vi) all proceeds of the foregoing (such personal property and proceeds, collectively, the "**Personal Property**"). Notwithstanding the foregoing, Personal Property shall not include any property belonging to tenants under Leases except to the extent that Mortgagor shall have any right or interest therein;

        (h)      Leases and Rents. All leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, whether before or after the filing by or against Mortgagor of any petition for relief under 11 U.S.C. §101 et seq., as the same may be amended from time to time (the "**Bankruptcy Code**") (collectively, the "**Leases**") and all right, title and interest of Mortgagor, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements whether paid or accruing before or after the filing by or against Mortgagor of any petition for relief under the Bankruptcy Code (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

        (i)      Condemnation Awards. All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including but not limited to any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

        (j)      Insurance Proceeds. All proceeds in respect of the Property under any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property;

168215.00401/132002772v.6

Appx111    eCertified copy of recorded # 2023052797 (page 8 of 45)
Montgomery County Recorder of Deeds



(k)    Tax Certiorari. All refunds, rebates or credits in connection with reduction in real estate taxes and assessments charged against the Property as a result of tax certiorari or any applications or proceedings for reduction;

(l)    Rights. The right, in the name and on behalf of Mortgagor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Mortgagee in the Property;

(m)    Agreements. All agreements (including, without limitation, all management agreements), contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted on the Land and any part thereof and all right, title and interest of Mortgagor therein and thereunder, including, without limitation, the right, upon the happening of any default hereunder, to receive and collect any sums payable to Mortgagor thereunder;

(n)    Trademarks. All tradenames, trademarks, servicemarks, logos, copyrights, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

(o)    Proceeds. All proceeds of any of the foregoing, including, without limitation, proceeds of insurance and condemnation awards, whether cash, liquidation or other claims or otherwise; and

(p)    Other Rights. Any and all other rights of Mortgagor in and to the items set forth in Subsections (a) through (o) above.

AND without limiting any of the other provisions of this Mortgage, to the extent permitted by applicable law, Mortgagor expressly grants to Mortgagee, as secured party, a security interest in the portion of the Property which is or may be subject to the provisions of the Uniform Commercial Code which are applicable to secured transactions; it being understood and agreed that the Improvements and Fixtures are part and parcel of the Land (the Land, the Improvements and the Fixtures collectively referred to as the "**Real Property**") appropriated to the use thereof and, whether affixed or annexed to the Real Property or not, shall for the purposes of this Mortgage be deemed conclusively to be real estate and mortgaged hereby.

Section 1.2    Assignment of Rents. Mortgagor hereby absolutely and unconditionally assigns to Mortgagee all of Mortgagor's right, title and interest in and to all current and future Leases and Rents; it being intended by Mortgagor that this assignment constitutes a present, absolute assignment and not an assignment for additional security only. Nevertheless, subject to the terms of the Assignment of Leases and Section 7.1(h) of this Mortgage, Mortgagee grants to Mortgagor a revocable license to collect, receive, use and enjoy the Rents. Mortgagor shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums. Mortgagor hereby authorizes and directs each and every present and future tenant of any of the Property to pay all Rents directly to Mortgagee and to perform all other obligations of that tenant for the direct benefit of Mortgagee, as if Mortgagee were the landlord under the Lease with that tenant, immediately upon receipt of a demand by Mortgagee to make such payment or perform such obligations. Mortgagor hereby waives any right, claim or demand it may now or hereafter have against any such tenant by reason of such payment of rents or performance of obligations to Mortgagee, and any such payment or performance to Mortgagee shall discharge the obligations of the tenant to make such payment or performance to Mortgagor.

-4-

168215.00401/132002772v.6

Appx112    eCertified copy of recorded # 2023052797 (page 9 of 45)
Montgomery County Recorder of Deeds

Section 1.3    Security Agreement. This Mortgage is both a real property mortgage and a "security agreement" within the meaning of the Uniform Commercial Code. The Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Mortgagor in the Property. By executing and delivering this Mortgage, Mortgagor hereby grants to Mortgagee, as security for the Obligations (hereinafter defined), a security interest in the Fixtures, the Equipment, the Personal Property and other property constituting the Property to the full extent that the Fixtures, the Equipment, the Personal Property and such other property may be subject to the Uniform Commercial Code (said portion of the Property so subject to the Uniform Commercial Code being called the "**Collateral**"). If an Event of Default shall occur and be continuing, Mortgagee, in addition to any other rights and remedies which it may have, shall have and may exercise immediately and without demand, any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing, the right to take possession of the Collateral or any part thereof, and to take such other measures as Mortgagee may deem necessary for the care, protection and preservation of the Collateral. Upon request or demand of Mortgagee after the occurrence and during the continuance of an Event of Default, Mortgagor shall, at its expense, assemble the Collateral or cause the Collateral to be assembled and make it available to Mortgagee at a convenient place (at the Land if tangible property) reasonably acceptable to Mortgagee. Mortgagor shall pay to Mortgagee on demand any and all expenses, including reasonable legal expenses and attorneys' fees, incurred or paid by Mortgagee in protecting its interest in the Collateral and in enforcing its rights hereunder with respect to the Collateral after the occurrence and during the continuance of an Event of Default. Any notice of sale, disposition or other intended action by Mortgagee with respect to the Collateral sent to Mortgagor in accordance with the provisions hereof at least ten (10) days prior to such action, shall, except as otherwise provided by applicable law, constitute reasonable notice to Mortgagor. The proceeds of any disposition of the Collateral, or any part thereof, may, except as otherwise required by applicable law, be applied by Mortgagee to the payment of the Debt in such priority and proportions as Mortgagee in its discretion shall deem proper. The principal place of business of Mortgagor (Debtor) is as set forth on page one hereof and the address of Mortgagee (Secured Party) is as set forth on page one hereof.

Section 1.4    Fixture Filing. Certain of the Property is or will become "fixtures" (as that term is defined in the Uniform Commercial Code) on the Land, described or referred to in this Mortgage, and this Mortgage, upon being filed for record in the real estate records of the city or county wherein such fixtures are situated, shall operate also as a financing statement filed as a fixture filing in accordance with the applicable provisions of said Uniform Commercial Code upon such of the Property that is or may become fixtures. This Mortgage shall also be effective as and constitute a financing statement covering as-extracted collateral, and is to be filed for record in the real property records of the town where the Property is situated. Mortgagor does have an interest of record in the Mortgaged Property.

(a)    The exact legal name (as indicated in the current organizational documents of the Mortgagor on file in the appropriate office of its jurisdiction of organization) and chief executive office address of the Mortgagor, as debtor are:

> Jenkins Court Realty Co., L.P.
> PO Box 549
> Abington, PA 19001

(b)    The Mortgagor (debtor) is a Pennsylvania limited partnership.

(c)    The organizational identification number of Mortgagor (debtor) is: 81-3903151.

168215.00401/132002772v.6

-5-

Appx113    eCertified copy of recorded # 2023052797 (page 10 of 45)
Montgomery County Recorder of Deeds

(d)    The exact legal name (as indicated in the current organizational documents of the Mortgagee on file in the appropriate office of its jurisdiction of organization) and chief executive office address of the Mortgagee, as secured party, are:

ICON PSG 1 FL, LLC
6711 Columbia Gateway Drive, Suite 130
Columbia, Maryland 21046
Attention:  Cameron Lawson

Mortgagor will cause this Mortgage and all amendments and supplements thereto and substitutions therefor and all financing statements and continuation statements relating hereto to be recorded, filed, re-recorded and refiled in such manner and in such places as the Mortgagee shall reasonably request, and will pay all such recording, filing, re-recording and refiling taxes, fees and other charges. Furthermore, by its signature hereon, Mortgagor hereby irrevocably authorizes Mortgagee to execute (on behalf of Mortgagor) and file against Mortgagor one or more financing, continuation or amendment statements pursuant to the UCC in form satisfactory to Mortgagee, and Mortgagor will pay the cost of preparing and filing the same in all jurisdictions in which such filing is deemed by Mortgagee to be necessary or desirable in order to perfect, preserve and protect its security interests.  If required by Mortgagee, Mortgagor will execute all documentation necessary for Mortgagee to obtain and maintain perfection of its security interests in the Property.  Mortgagor will, at the cost of Mortgagor, and without expense to Mortgagee, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignment, transfers and assurances as Mortgagee shall, from time to time, require for the better assuring, conveying, assigning, transferring or confirming unto Mortgagee the property and rights hereby mortgaged, or which Mortgagor may be or may hereafter become bound to convey or assign to Mortgagee, or for carrying out the intent of or facilitating the performance of the terms of this Mortgage or for filing, registering or recording this Mortgage.  Mortgagor grants to Mortgagee an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Mortgagee.

Section 1.5    Pledges of Monies Held. Mortgagor hereby pledges to Mortgagee any and all monies now or hereafter held by Mortgagee or on behalf of Mortgagee in connection with the Loan, including, without limitation, any sums deposited in the Collateral Account and Net Proceeds, as additional security for the Obligations until expended or applied as provided in this Mortgage.

CONDITIONS TO GRANT

TO HAVE AND TO HOLD the above granted and described Property unto and to the use and benefit of Mortgagee and its successors and assigns, forever;

PROVIDED, HOWEVER, these presents are upon the express condition that, if Mortgagor shall well and truly pay to Mortgagee the Debt at the time and in the manner provided in the Note, the Loan Agreement and this Mortgage, shall well and truly perform the Other Obligations as set forth in this Mortgage and shall well and truly abide by and comply with each and every covenant and condition set forth herein and in the Note, the Loan Agreement and the other Loan Documents, these presents and the estate hereby granted shall cease, terminate and be void; provided, however, that Mortgagor's obligation to indemnify and hold harmless Mortgagee pursuant to the provisions hereof and the other Loan Documents shall survive any such payment or release.

This Mortgage is an "open-end mortgage" as set forth in 42 Pa. C.S.A. §8143, which secures (i) Mortgagor's obligations under the Loan Documents, up to a maximum amount of double the indebtedness secured by this Mortgage, plus (ii) accrued and unpaid interest thereon, plus (iii) unpaid balances of advances

-6-

168215.00401/132002772v.6

Appx114 eCertified copy of recorded # 2023052797 (page 11 of 45)
Montgomery County Recorder of Deeds



made with respect to the Property, whether pursuant to this Mortgage or otherwise, for the payment of impositions, maintenance charges, insurance premiums, costs incurred for the protection of the Property or the lien of this Mortgage, expenses incurred by Mortgagee by reason of a default or an Event of Default or any event which, with notice or the lapse of time or both, would become an Event of Default (collectively, "**Protective Advances**"), plus (iv) all other Obligations described herein. All notices to be given to Mortgagee pursuant to 42 Pa. C.S.A. §8143 shall be given as set forth in Section 12.1.

## ARTICLE 2

## DEBT AND OBLIGATIONS SECURED

Section 2.1    Debt. This Mortgage and the grants, assignments and transfers made in Article 1 are given for the purpose of securing the principal sum of $20,500,000 with interest thereon based on the terms of the Note and the Loan Agreement (the "**Debt**").

Section 2.2    Other Obligations. This Mortgage and the grants, assignments and transfers made in Article 1 are also given for the purpose of securing the following (the "**Other Obligations**"):

(a)    the performance of all other obligations of Mortgagor contained herein;

(b)    the performance of each obligation of Mortgagor contained in the Loan Agreement and any other Loan Document; and

(c)    the performance of each obligation of Mortgagor contained in any renewal, extension, amendment, modification, consolidation, change of, or substitution or replacement for, all or any part of the Note, the Loan Agreement or any other Loan Document.

Section 2.3    Debt and Other Obligations. Mortgagor's obligations for the payment of the Debt and the performance of the Other Obligations shall be referred to collectively herein as the "**Obligations**."

## ARTICLE 3

## MORTGAGOR COVENANTS

Mortgagor covenants and agrees that:

Section 3.1    Payment of Debt. Mortgagor will pay the Debt at the time and in the manner provided in the Loan Agreement, the Note and this Mortgage.

Section 3.2    Incorporation by Reference. All the covenants, conditions and agreements contained in (a) the Loan Agreement, (b) the Note and (c) all and any of the other Loan Documents, are hereby made a part of this Mortgage to the same extent and with the same force as if fully set forth herein.

Section 3.3    Insurance. Mortgagor shall obtain and maintain, or cause to be maintained, in full force and effect at all times insurance with respect to Mortgagor and the Property as required pursuant to the Loan Agreement.

Section 3.4    Maintenance of Property. Mortgagor shall cause the Property to be maintained in a good and safe condition and repair. The Improvements, the Fixtures, the Equipment and

-7-

168215.00401/132002772v.6

Appx115   eCertified copy of recorded # 2023052797 (page 12 of 45)
Montgomery County Recorder of Deeds



the Personal Property shall not be removed, demolished or materially altered (except for normal replacement of the Fixtures, the Equipment or the Personal Property, tenant finish and refurbishment of the Improvements) without the consent of Mortgagee. Mortgagor shall promptly repair, replace or rebuild any part of the Property which may be destroyed by any Casualty or become damaged, worn or dilapidated or which may be affected by any Condemnation, and shall complete and pay for any structure at any time in the process of construction or repair on the Land.

Section 3.5     <u>Waste</u>. Mortgagor shall not commit or suffer any waste of the Property or make any change in the use of the Property which will in any way materially increase the risk of fire or other hazard arising out of the operation of the Property, or take any action that might invalidate or allow the cancellation of any Policy, or do or permit to be done thereon anything that may in any way materially impair the value of the Property or the security of this Mortgage. Mortgagor will not, without the prior written consent of Mortgagee, permit any drilling or exploration for or extraction, removal, or production of any minerals from the surface or the subsurface of the Land, regardless of the depth thereof or the method of mining or extraction thereof.

Section 3.6     <u>Payment for Labor and Materials</u>.

(a)     Mortgagor will promptly pay when due all bills and costs for labor, materials, and specifically fabricated materials (collectively, "**Labor and Material Costs**") incurred in connection with the Property and never permit to exist beyond the due date thereof in respect of the Property or any part thereof any lien or security interest, even though inferior to the liens and the security interests hereof, and in any event never permit to be created or exist in respect of the Property or any part thereof any other or additional lien or security interest other than the liens or security interests hereof except for the Permitted Title Exceptions. "**Permitted Title Exceptions**" means (i) any liens created by the Loan Documents, (ii) all liens and other matters disclosed in the title insurance policy insuring the lien of the Mortgage, (iii) liens, if any, for taxes or other charges not yet due and payable and not delinquent, (iv) any workers', mechanics' or other similar liens on the Property provided that any such lien is bonded or discharged within thirty (30) days after Mortgagor first receives notice of such lien and (v) such other title and survey exceptions as Lender approves in writing in Lender's discretion.

(b)     After prior written notice to Mortgagee, Mortgagor, at its own expense, may contest by appropriate legal proceeding, promptly initiated and conducted in good faith and with due diligence, the amount or validity or application in whole or in part of any of the Labor and Material Costs, provided that (i) no Event of Default has occurred and is continuing under the Loan Agreement, the Note, this Mortgage or any of the other Loan Documents, (ii) Mortgagor is permitted to do so under the provisions of any other mortgage, deed of trust or deed to secure debt affecting the Property, (iii) such proceeding shall suspend the collection of the Labor and Material Costs from Mortgagor and from the Property or Mortgagor shall have paid all of the Labor and Material Costs under protest, (iv) such proceeding shall be permitted under and be conducted in accordance with the provisions of any other instrument to which Mortgagor is subject and shall not constitute a default thereunder, (v) neither the Property nor any part thereof or interest therein will be in danger of being sold, forfeited, terminated, canceled or lost, and (vi) Mortgagor shall have furnished the security as may be required in the proceeding, or as may be reasonably requested by Mortgagee to insure the payment of any contested Labor and Material Costs, together with all interest and penalties thereon.

Section 3.7     <u>Performance of Other Agreements</u>. Mortgagor shall observe and perform each and every term, covenant and provision to be observed or performed by Mortgagor pursuant to the Loan Agreement, any other Loan Document and any other agreement or recorded instrument affecting or pertaining to the Property and any amendments, modifications or changes thereto.

168215.00401/132002772v.6

Appx116   eCertified copy of recorded # 2023052797 (page 13 of 45)
Montgomery County Recorder of Deeds



Section 3.8    Change of Name, Identity or Structure.    Mortgagor shall not change Mortgagor's name, identity (including its trade name or names) or, if not an individual, Mortgagor's corporate, partnership or other structure without first (a) notifying Mortgagee of such change in writing at least thirty (30) days prior to the effective date of such change, (b) taking all action required by Mortgagee for the purpose of perfecting or protecting the lien and security interest of Mortgagee and (c) in the case of a change in Mortgagor's structure, without first obtaining the prior written consent of Mortgagee. Mortgagor shall promptly notify Mortgagee in writing of any change in its organizational identification number.  If Mortgagor does not now have an organizational identification number and later obtains one, Mortgagor shall promptly notify Mortgagee in writing of such organizational identification number. Mortgagor shall execute and deliver to Mortgagee, prior to or contemporaneously with the effective date of any such change, any financing statement or financing statement change required by Mortgagee to establish or maintain the validity, perfection and priority of the security interest granted herein.  At the request of Mortgagee, Mortgagor shall execute a certificate in form satisfactory to Mortgagee listing the trade names under which Mortgagor intends to operate the Property, and representing and warranting that Mortgagor does business under no other trade name with respect to the Property.

Section 3.9    Tax and Insurance Escrow.    Following the earlier of (x) an Event of Default, or (y) February 1, 2024, Mortgagor shall upon written request of Mortgagee, deposit with Mortgagee, a sum equal to ad valorem taxes, assessments and charges against the Property for the then current year and the premiums for such policies of insurance for the then current year, all as estimated by Mortgagee and prorated to the end of the calendar month following the month during which request from Mortgagee had been given, and thereafter will deposit with Mortgagee sufficient funds (as estimated from time to time by Mortgagee) to permit the Mortgagee to pay, at least 15 days prior to the delinquency date thereof, the next maturing ad valorem taxes, assessments and charges and premiums for such policies of insurance.  Mortgagee shall have the right to rely upon tax information furnished by applicable taxing authorities in the payment of such taxes or assessments and shall have no obligation to make any protest of any such taxes or assessments.  Any excess over the amounts required for such purposes shall be held by Mortgagee for future use, applied to the Loan, or refunded to Mortgagor, at Mortgagee's option; and any deficiency in such funds so deposited shall be made up by Mortgagor upon demand of Mortgagee.  All such funds so deposited shall bear interest at the normal interest rate for money market deposits at Mortgagee, may be mingled with the general funds of Mortgagee and shall be applied by Mortgagee toward the payment of such taxes, assessments, charges and premiums when statements therefor are presented to Mortgagee by Mortgagor (which statements shall be presented by Mortgagor to Mortgagee a reasonable time before the applicable amount is due); provided, however, that if Mortgagee has made demand for payment of all of the Loan, such funds may at Mortgagee's option be applied to the payment of the Loan in the order determined by Mortgagee and that Mortgagee may at any time, in its discretion, apply all or any part of such funds toward the payment of any such taxes, assessments, charges or premiums which are past due, together with any penalties or late charges with respect thereto.  The conveyance or transfer of Mortgagor's interest in the Property for any reason (including without limitation the foreclosure of a subordinate lien or security interest or a transfer by operation of law) shall constitute an assignment or transfer of Mortgagor's interest in and rights to such funds held by Mortgagee but subject to the rights of Mortgagee hereunder.

## ARTICLE 4

## OBLIGATIONS AND RELIANCES

Section 4.1    Relationship of Mortgagor and Mortgagee.    The relationship between Mortgagor, on the one hand, and Mortgagee, on the other, is solely that of debtor and creditor, and Mortgagee has no fiduciary or other special relationship with Mortgagor, and no term or condition of any of the Loan Agreement, the Note, this Mortgage and the other Loan Documents shall be construed so as to

-9-

168215.00401/132002772v.6

Appx117   eCertified copy of recorded # 2023052797 (page 14 of 45)
Montgomery County Recorder of Deeds

deem the relationship between Mortgagor, on the one hand, and Mortgagee, on the other, to be other than that of debtor and creditor.

Section 4.2    No Reliance on Mortgagee.  The general partners, members, principals and (if Mortgagor is a trust) beneficial owners of Mortgagor, as applicable, are experienced in the ownership and operation of properties similar to the Property, and Mortgagor and Mortgagee are relying solely upon such expertise and business plan in connection with the ownership and operation of the Property. Mortgagor is not relying on Mortgagee's expertise, business acumen or advice in connection with the Property.

Section 4.3    No Mortgagee Obligations.

(a)    Notwithstanding the provisions of Subsections 1.1(h) and (m) or Section 1.2, Mortgagee is not undertaking the performance of (i) any obligations under the Leases; or (ii) any obligations with respect to such agreements, contracts, certificates, instruments, franchises, permits, trademarks, licenses and other documents.

(b)    By accepting or approving anything required to be observed, performed or fulfilled or to be given to Mortgagee pursuant to this Mortgage, the Loan Agreement, the Note or the other Loan Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, Mortgagee shall not be deemed to have warranted, consented to, or affirmed the sufficiency, the legality or effectiveness of same, and such acceptance or approval thereof shall not constitute any warranty or affirmation with respect thereto by Mortgagee.

Section 4.4    Reliance.  Mortgagor recognizes and acknowledges that in accepting the Loan Agreement, the Note, this Mortgage and the other Loan Documents, Mortgagee is expressly and primarily relying on the truth and accuracy of the warranties and representations set forth in Section 8 of the Loan Agreement without any obligation to investigate the Property and notwithstanding any investigation of the Property by Mortgagee; that such reliance existed on the part of Mortgagee prior to the date hereof, that the warranties and representations are a material inducement to Mortgagee in making the Loan; and that Mortgagee would not be willing to make the Loan  and accept this Mortgage in the absence of the warranties and representations as set forth in Section 8 of the Loan Agreement.

## ARTICLE 5

### FURTHER ASSURANCES

Section 5.1    Recording of Mortgage, etc.  Mortgagor forthwith upon the execution and delivery of this Mortgage and thereafter, from time to time, will cause this Mortgage and any of the other Loan Documents creating a lien or security interest or evidencing the lien hereof upon the Property and each instrument of further assurance to be filed, registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect and perfect the lien or security interest hereof upon, and the interest of Mortgagee in, the Property.  Mortgagor will pay all taxes, filing, registration or recording fees, and all expenses incident to the preparation, execution, acknowledgment and/or recording of the Note, this Mortgage, the other Loan Documents, any note or mortgage supplemental hereto, any security instrument with respect to the Property and any instrument of further assurance, and any modification or amendment of the foregoing documents, and all federal, state, county and municipal taxes, duties, imposts, assessments and charges arising out of or in connection with the execution and delivery of this Mortgage, any deed of trust or mortgage supplemental hereto, any security

-10-

168215.00401/132002772v.6

Appx118  eCertified copy of recorded # 2023052797 (page 15 of 45)
Montgomery County Recorder of Deeds

instrument with respect to the Property or any instrument of further assurance, and any modification or amendment of the foregoing documents, except where prohibited by law so to do.

Section 5.2    Further Acts, etc.  Mortgagor will, at the cost of Mortgagor, and without expense to Mortgagee, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, deeds of trust, mortgages, assignments, notices of assignments, transfers and assurances as Mortgagee shall, from time to time, reasonably require, for the better conveying, assigning or transferring unto Mortgagee the property and rights hereby mortgaged, deeded, granted, bargained, sold, conveyed, confirmed, pledged, assigned, warranted and transferred or intended now or hereafter so to be, or which Mortgagor may be or may hereafter become bound to convey or assign to Mortgagee, or for carrying out the intention or facilitating the performance of the terms of this Mortgage or for filing, registering or recording this Mortgage, or for complying with all Legal Requirements relating to Mortgagor's grant of this Mortgage to Mortgagee.  Mortgagor, on demand, will execute and deliver, and in the event it shall fail to so execute and deliver, hereby authorizes Mortgagee to execute in the name of Mortgagor or without the signature of Mortgagor to the extent Mortgagee may lawfully do so, one or more financing statements (including, without limitation, initial financing statements and amendments thereto and continuation statements) with or without the signature of Mortgagor as authorized by applicable law, to evidence more effectively the security interest of Mortgagee in the Property.  Mortgagor also ratifies its authorization for Mortgagee to have filed any like initial financing statements, amendments thereto and continuation statements, if filed prior to the date of this Mortgage.  Mortgagor grants to Mortgagee an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Mortgagee at law and in equity, including without limitation such rights and remedies available to Mortgagee pursuant to this Section 5.2.  To the extent not prohibited by applicable law, Mortgagor hereby ratifies all acts Mortgagee has lawfully done in the past or shall lawfully do or cause to be done in the future by virtue of such power of attorney.

Section 5.3    Changes in Tax, Debt, Credit and Documentary Stamp Laws.

(a)    If any law is enacted or adopted or amended after the date of this Mortgage which deducts the Debt from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Debt or Mortgagee's interest in the Property, Mortgagor will pay the tax, with interest and penalties thereon, if any.  If Mortgagee is advised by counsel chosen by it that the payment of tax by Mortgagor would be unlawful or taxable to Mortgagee or unenforceable or provide the basis for a defense of usury then Mortgagee shall have the option by written notice of not less than one hundred twenty (120) days to declare the Debt immediately due and payable.

(b)    Mortgagor will not claim or demand or be entitled to any credit or credits on account of the Debt for any part of the Taxes or Other Charges assessed against the Property, or any part thereof, and no deduction shall otherwise be made or claimed from the assessed value of the Property, or any part thereof, for real estate tax purposes by reason of this Mortgage or the Debt.  If such claim, credit or deduction shall be required by law, Mortgagee shall have the option by written notice of not less than one hundred twenty (120) days to declare the Debt immediately due and payable.

(c)    If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note, this Mortgage, or any of the other Loan Documents or impose any other tax or charge on the same, Mortgagor will pay for the same, with interest and penalties thereon, if any.

Section 5.4    Splitting of Mortgage.  This Mortgage and the Note shall, at any time until the same shall be fully paid and satisfied, at the sole election of Mortgagee, be split or divided into two or more Notes and two or more security instruments, each of which shall cover all or a portion of the Property

-11-

168215.00401/132002772v.6

Appx119   eCertified copy of recorded # 2023052797 (page 16 of 45)
Montgomery County Recorder of Deeds

to be more particularly described therein.  To that end, Mortgagor, upon written request of Mortgagee, shall execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered by the then owner of the Property, to Mortgagee and/or its designee or designees substitute Notes and security instruments in such principal amounts, aggregating not more than the then unpaid principal amount of the Note, and containing terms, provisions and clauses similar to those contained herein and in the Note, and such other documents and instruments as may be required by Mortgagee.

Section 5.5    Replacement Documents.  Upon receipt of an affidavit of an officer of Mortgagee as to the loss, theft, destruction or mutilation of the Note or any other Loan  Document which is not of public record, and, in the case of any such mutilation, upon surrender and cancellation of such Note or other Loan  Document, Mortgagor will issue, in lieu thereof, a replacement Note or other Loan Document, dated the date of such lost, stolen, destroyed or mutilated Note or other Loan  Document in the same principal amount thereof and otherwise of like tenor.

## ARTICLE 6

### DUE ON SALE/ENCUMBRANCE

Section 6.1    Mortgagee Reliance.  Mortgagor acknowledges that Mortgagee has examined and relied on the experience of Mortgagor and its general partners, members, principals and (if Mortgagor is a trust) beneficial owners, as applicable, in owning and operating properties such as the Property in agreeing to make the Loan, and will continue to rely on Mortgagor's ownership of the Property as a means of maintaining the value of the Property as security for repayment of the Debt and the performance of the Other Obligations.  Mortgagor acknowledges that Mortgagee has a valid interest in maintaining the value of the Property so as to ensure that, should Mortgagor default in the repayment of the Debt or the performance of the Other Obligations, Mortgagee can recover the Debt by a sale of the Property.

Section 6.2    No Transfer.  Mortgagor shall not permit or suffer any Transfer to occur, unless permitted by the Loan Agreement or unless Mortgagee shall consent thereto in writing.

Section 6.3    Intentionally Omitted.

Section 6.4    Mortgagee's Rights.  Without obligating Mortgagee to grant any consent under Section 6.2 hereof which Mortgagee may grant or withhold in its sole discretion, Mortgagee reserves the right to condition the consent required hereunder upon:  (a) a modification of the terms hereof and of the Loan Agreement, the Note or the other Loan Documents; (b) an assumption of the Loan Agreement, the Note, this Mortgage and the other Loan Documents as so modified by the proposed transferee; (c) payment of all of Mortgagee's expenses incurred in connection with such transfer; (d) Reserved; (e) Reserved; (f) Reserved; (g) the delivery of evidence satisfactory to Mortgagee that the single purpose nature and bankruptcy remoteness of Mortgagor, its shareholders, partners or members, as the case may be, following such transfers are in accordance with the Loan Documents; (h) the proposed transferee's ability to satisfy Mortgagee's then-current underwriting standards; or (i) such other conditions as Mortgagee shall determine in its reasonable discretion to be in the interest of Mortgagee, including, without limitation, the creditworthiness, reputation and qualifications of the transferee with respect to the Loan  and the Property. Mortgagee shall not be required to demonstrate any actual impairment of its security or any increased risk of default hereunder in order to declare the Debt immediately due and payable upon a Transfer without Mortgagee's consent.  This provision shall apply to every Transfer, other than any Transfer permitted pursuant to the Loan Agreement, regardless of whether voluntary or not, or whether or not Mortgagee has consented to any previous Transfer.

-12-

168215.00401/132002772v.6

Appx120    eCertified copy of recorded # 2023052797 (page 17 of 45)
Montgomery County Recorder of Deeds

## ARTICLE 7

### RIGHTS AND REMEDIES UPON DEFAULT

Section 7.1    Remedies.  Upon the occurrence and during the continuance of any Event of Default, Mortgagor agrees that Mortgagee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee:

(a)    declare the entire unpaid Debt to be immediately due and payable;

(b)    institute proceedings, judicial or otherwise, for the complete foreclosure of this Mortgage under any applicable provision of law, in which case the Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner;

(c)    with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Mortgage for the portion of the Debt then due and payable, subject to the continuing lien and security interest of this Mortgage for the balance of the Debt not then due, unimpaired and without loss of priority;

(d)    sell for cash or upon credit the Property or any part thereof and all estate, claim, demand, right, title and interest of Mortgagor therein and rights of redemption thereof, pursuant to power of sale or otherwise, at one or more sales, as an entirety or in parcels, at such time and place, upon such terms and after such notice thereof as may be required or permitted by law;

(e)    institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein, in the Note, the Loan Agreement or in the other Loan Documents;

(f)    recover judgment on the Note either before, during or after any proceedings for the enforcement of this Mortgage or the other Loan Documents;

(g)    apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Mortgagor, any guarantor, indemnitor with respect to the Loan  or of any Person liable for the payment of the Debt;

(h)    the license granted to Mortgagor under Section 1.2 hereof shall automatically be revoked and Mortgagee may enter into or upon the Property, either personally or by its agents, nominees or attorneys and dispossess Mortgagor and its agents and servants therefrom, without liability for trespass, damages or otherwise and exclude Mortgagor and its agents or servants wholly therefrom, and take possession of all books, records and accounts relating thereto and Mortgagor agrees to surrender possession of the Property and of such books, records and accounts to Mortgagee upon demand, and thereupon Mortgagee may: (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property and conduct the business in a commercially reasonable manner; (ii) complete any construction on the Property in such manner and form as Mortgagee deems reasonably advisable; (iii) make alterations, additions, renewals, replacements and improvements to or on the Property deemed commercially reasonable; (iv) exercise all rights and powers of Mortgagor with respect to the

-13-

168215.00401/132002772v.6

Appx121    eCertified copy of recorded # 2023052797 (page 18 of 45)
Montgomery County Recorder of Deeds



Property, whether in the name of Mortgagor or otherwise, including, without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive all Rents of the Property and every part thereof; (v) require Mortgagor to pay monthly in advance to Mortgagee, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Property as may be occupied by Mortgagor; (vi) require Mortgagor to vacate and surrender possession of the Property to Mortgagee or to such receiver and, in default thereof, Mortgagor may be evicted by summary proceedings or otherwise; and (vii) apply the receipts from the Property to the payment of the Debt, in such order, priority and proportions as Mortgagee shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, Other Charges, insurance and other expenses in connection with the Property, as well as just and reasonable compensation for the services of Mortgagee, its counsel, agents and employees;

(i)      exercise any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing:  (i) the right to take possession of the Fixtures, the Equipment and the Personal Property, or any part thereof, and to take such other measures as Mortgagee may deem necessary for the care, protection and preservation of the Fixtures, the Equipment and the Personal Property, and (ii) request Mortgagor at its expense to assemble the Fixtures, the Equipment and the Personal Property and make it available to Mortgagee at a convenient place acceptable to Mortgagee.  Any notice of sale, disposition or other intended action by Mortgagee with respect to the Fixtures, the Equipment and/or the Personal Property sent to Mortgagor in accordance with the provisions hereof at least ten (10) days prior to such action, shall constitute commercially reasonable notice to Mortgagor;

(j)      apply any sums then deposited or held in escrow or otherwise by or on behalf of Mortgagee in accordance with the terms of the Loan Agreement, this Mortgage or any other Loan Document to the payment of the following items in any order in its uncontrolled discretion:

(i)      Taxes and Other Charges;

(ii)     Insurance Premiums;

(iii)    interest on the unpaid principal balance of the Note;

(iv)     amortization of the unpaid principal balance of the Note; and/or

(v)      all other sums payable pursuant to the Note, the Loan Agreement, this Mortgage and the other Loan Documents, including without limitation advances made by Mortgagee pursuant to the terms of this Mortgage;

(k)      pursue such other remedies as Mortgagee may have under applicable law; or

(l)      apply the undisbursed balance of any Net Proceeds Deficiency deposit, together with interest thereon, to the payment of the Debt in such order, priority and proportions as Mortgagee shall deem to be appropriate in its discretion.

In the event of a sale, by foreclosure, power of sale or otherwise, of less than all of Property, this Mortgage shall continue as a lien and security interest on the remaining portion of the Property unimpaired and without loss of priority.

168215.00401/132002772v.6

Appx122 eCertified copy of recorded # 2023052797 (page 19 of 45)
Montgomery County Recorder of Deeds



(m)   UPON THE OCCURRENCE OF AN EVENT OF DEFAULT HEREUNDER, MORTGAGOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA DESIGNATED BY MORTGAGEE, AS ATTORNEY FOR MORTGAGOR AND ALL PERSONS CLAIMING UNDER OR THROUGH MORTGAGOR, TO SIGN AN AGREEMENT FOR ENTERING IN ANY COURT OF COMPETENT JURISDICTION A PRAECIPE FOR WRIT OF SUMMONS OR A COMPLAINT PROVIDING FOR CONFESSION OF JUDGMENT IN EJECTMENT FOR POSSESSION OF THE PROPERTY AND TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MORTGAGOR, AND AGAINST ALL PERSONS CLAIMING UNDER OR THROUGH MORTGAGOR, FOR THE RECOVERY BY MORTGAGEE OF POSSESSION OF THE PROPERTY, WITHOUT ANY STAY OF EXECUTION, FOR WHICH THIS MORTGAGE, OR A COPY HEREOF VERIFIED BY AFFIDAVIT, SHALL BE A SUFFICIENT WARRANT; AND THEREUPON A WRIT OF POSSESSION MAY BE ISSUED FORTHWITH, WITHOUT ANY PRIOR WRIT OR PROCEEDING WHATSOEVER, MORTGAGOR HEREBY RELEASING AND AGREEING TO RELEASE MORTGAGEE AND SAID ATTORNEYS FROM ALL ERRORS AND DEFECTS WHATSOEVER OF ANY NATURE IN ENTERING ANY SUCH JUDGMENT OR IN CAUSING ANY SUCH WRIT OR PROCESS TO BE ISSUED. IF FOR ANY REASON AFTER SUCH ACTION HAS BEEN COMMENCED THE SAME SHALL BE DISCONTINUED OR POSSESSION OF THE PROPERTY SHALL REMAIN IN OR BE RESTORED TO THE MORTGAGOR, MORTGAGEE SHALL HAVE THE RIGHT FOR THE SAME EVENT OF DEFAULT OR ANY SUBSEQUENT EVENT OF DEFAULT TO BRING ONE OR MORE FURTHER ACTIONS AS ABOVE PROVIDED TO RECOVER POSSESSION OF THE PROPERTY. MORTGAGEE MAY BRING SUCH ACTION IN EJECTMENT BEFORE OR AFTER THE INSTITUTION OF FORECLOSURE PROCEEDINGS UPON THIS MORTGAGE, OR AFTER JUDGMENT THEREON OR AFTER SALE OF THE PROPERTY BY THE SHERIFF. MORTGAGEE SHALL ALSO BE ENTITLED TO REIMBURSEMENT OF REASONABLE ATTORNEYS' FEES AND COSTS OF SUIT IN CONNECTION THEREWITH.

(n)   Mortgagor hereby waives and releases all benefit that might accrue to Mortgagor by virtue of any present or future law exempting the Property, or any part of the proceeds arising from any sale thereof, from attachment, levy or sale on execution, or providing for any stay of execution, exemption from civil process or extension of time for payment or any rights of marshalling in the event of any sale hereunder of the Property, and, unless specifically required herein, all notices of Mortgagor's default or of Mortgagee's election to exercise, or Mortgagee's actual exercise of any option under this Mortgage or any other Loan Document. Specifically, Mortgagor hereby irrevocably waives: (i) the right of inquisition on all property levied upon to collect the Secured Indebtedness hereby secured and does voluntarily condemn the same and authorizes a Prothonotary of the Commonwealth of Pennsylvania to enter such condemnation; (ii) and forever releases all procedural errors, defects and imperfections in any proceeding instituted by Mortgagee under this Mortgage or any of the other Loan Documents; and (iii) and forever releases all benefit that might accrue to Mortgagor by virtue of any present or future law exempting the Property, or any part of the proceeds arising from any sale thereof, from attachment, levy, or sale on execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment.

(o)   If any law is enacted or adopted or amended after the date of this Mortgage which deducts the Secured Indebtedness from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on Mortgagor or Mortgagee's interest in the Property, Borrower will pay such tax, with interest and penalties thereon, if any. If Mortgagee determines that the payment of such tax or interest and penalties by Borrower would be unlawful or taxable to Mortgagee or unenforceable or provide the basis for a defense of usury, then Mortgagee shall have the option, by written notice of not less than ninety (90) days, to declare the entire Indebtedness immediately due and payable.

-15-

168215.00401/132002772v.6

Appx123 eCertified copy of recorded # 2023052797 (page 20 of 45)
Montgomery County Recorder of Deeds

(p)    If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note or this Mortgage, or impose any other tax or charge on the same, Borrower will pay for the same, with interest and penalties thereon, if any.

(q)    MORTGAGOR ACKNOWLEDGES THAT MORTGAGOR HAS VOLUNTARILY AND KNOWINGLY WAIVED ITS RIGHT, IF ANY, TO NOTICE AND TO BE HEARD BEFORE THE ENTRY OF JUDGMENT BY CONFESSION, AND THAT IT HAS HAD THE ASSISTANCE OF COUNSEL IN THE REVIEW AND EXECUTION OF THIS MORTGAGE AND FURTHER ACKNOWLEDGES THAT THE MEANING AND EFFECT OF THE FOREGOING CONFESSION OF JUDGMENT HAVE BEEN FULLY EXPLAINED TO MORTGAGOR BY SUCH COUNSEL.

Section 7.2    Application of Proceeds. The purchase money, proceeds and avails of any disposition of the Property, and or any part thereof, or any other sums collected by Mortgagee pursuant to the Note, this Mortgage or the other Loan Documents, may be applied by Mortgagee to the payment of the Debt in such priority and proportions as Mortgagee in its discretion shall deem proper.

Section 7.3    Right to Cure Defaults. Upon the occurrence and during the continuance of any Event of Default or if Mortgagor fails to make any payment or to do any act as herein provided, Mortgagee may, but without any obligation to do so and without notice to or demand on Mortgagor and without releasing Mortgagor from any obligation hereunder, make or do the same in such manner and to such extent as Mortgagee may deem necessary to protect the security hereof. Mortgagee is authorized to enter upon the Property for such purposes, or appear in, defend, or bring any action or proceeding to protect its interest in the Property or to foreclose this Mortgage or collect the Debt, and the cost and expense thereof (including reasonable attorneys' fees to the extent permitted by law), with interest as provided in this Section 7.3, shall constitute a portion of the Debt and shall be due and payable to Mortgagee upon demand. All such costs and expenses incurred by Mortgagee in remedying such Event of Default or such failed payment or act or in appearing in, defending, or bringing any such action or proceeding shall bear interest at the Default Rate, for the period after notice from Mortgagee that such cost or expense was incurred to the date of payment to Mortgagee. All such costs and expenses incurred by Mortgagee together with interest thereon calculated at the Default Rate shall be deemed to constitute a portion of the Debt and be secured by this Mortgage and the other Loan Documents and shall be immediately due and payable upon demand by Mortgagee therefor.

Section 7.4    Actions and Proceedings. Mortgagee has the right to appear in and defend any action or proceeding brought with respect to the Property and to bring any action or proceeding, in the name and on behalf of Mortgagor, which Mortgagee, in its discretion, decides should be brought to protect its interest in the Property.

Section 7.5    Recovery of Sums Required to Be Paid. Mortgagee shall have the right from time to time to take action to recover any sum or sums which constitute a part of the Debt as the same become due, without regard to whether or not the balance of the Debt shall be due, and without prejudice to the right of Mortgagee thereafter to bring an action of foreclosure, or any other action, for a default or defaults by Mortgagor existing at the time such earlier action was commenced.

Section 7.6    Examination of Books and Records. At reasonable times and upon reasonable prior notice, Mortgagee, its agents, accountants and attorneys shall have the right to examine the records, books, management and other papers of Mortgagor which reflect upon its financial condition, at the Property or at any office regularly maintained by Mortgagor where the books and records are located. Mortgagee and its agents shall have the right to make copies and extracts from the foregoing records and

-16-

168215.00401/132002772v.6

Appx124    eCertified copy of recorded # 2023052797 (page 21 of 45)
Montgomery County Recorder of Deeds

other papers. In addition, at reasonable times and upon reasonable prior notice, Mortgagee, its agents, accountants and attorneys shall have the right to examine and audit the books and records of Mortgagor pertaining to the income, expenses and operation of the Property during reasonable business hours at any office of Mortgagor where the books and records are located. This Section 7.6 shall apply throughout the term of the Note and without regard to whether an Event of Default has occurred or is continuing. Absent the occurrence of an Event of Default, Mortgagee shall be responsible for any costs and expenses incurred with respect to any such examination or audit.

Section 7.7      Other Rights, etc.

(a)      The failure of Mortgagee to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Mortgage. Mortgagor shall not be relieved of Mortgagor's obligations hereunder by reason of (i) the failure of Mortgagee to comply with any request of Mortgagor or any guarantor or indemnitor with respect to the Loan  to take any action to foreclose this Mortgage or otherwise enforce any of the provisions hereof or of the Note or the other Loan Documents, (ii) the release, regardless of consideration, of the whole or any part of the Property, or of any Person liable for the Debt or any portion thereof, or (iii) any agreement or stipulation by Mortgagee extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Mortgage or the other Loan Documents.

(b)      It is agreed that the risk of loss or damage to the Property is on Mortgagor, and Mortgagee shall have no liability whatsoever for decline in value of the Property, for failure to maintain the Policies, or for failure to determine whether insurance in force is adequate as to the amount of risks insured. Possession by Mortgagee shall not be deemed an election of judicial relief, if any such possession is requested or obtained, with respect to any Property or collateral not in Mortgagee's possession.

(c)      Mortgagee may resort for the payment of the Debt to any other security held by Mortgagee in such order and manner as Mortgagee, in its discretion, may elect. Mortgagee may take action to recover the Debt, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Mortgagee thereafter to foreclose this Mortgage. The rights of Mortgagee under this Mortgage shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others. No act of Mortgagee shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision. Mortgagee shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

(d)      Mortgagor agrees that, if Mortgagor fails to perform any act or to take any action which hereunder Mortgagor is required to perform or take, or to pay any money which hereunder Mortgagor is required to pay, Mortgagee, in Mortgagor's name or in its own name and after the giving of any required notice and expiration of any applicable cure period, may but shall not be obligated to perform or cause to be performed such act or take such action or pay such money, and any reasonable expenses so incurred by Mortgagee, and any money so paid by Mortgagee, shall be a demand obligation owing by Mortgagor to Mortgagee and Mortgagee, upon making such payment, shall be subrogated to all of the rights of the person receiving such payment. Any amounts due and owing by Mortgagor to Mortgagee pursuant to this Mortgage shall bear interest from the date such amount becomes due until paid at a rate of interest per annum equal to the lesser of the Default Rate (as defined in the Loan Agreement) or the highest lawful rate, and shall be a part of the Loan and shall be secured by this Mortgage and by any other Loan Document. Should Mortgagee intend to perform or cause to be performed such act or take such action or pay such money, Mortgagee shall, subject to the immediately succeeding proviso, prior to taking any such action notify Mortgagor of such intention and give Mortgagor a reasonable opportunity to take such action; provided, however, if in the reasonable opinion of Mortgagee the giving of such notice and opportunity to take action would impair the validity or priority of this Mortgage, the rights or interests of the Mortgagee

168215.00401/132002772v.6

Appx125  eCertified copy of recorded # 2023052797 (page 22 of 45)
Montgomery County Recorder of Deeds



hereunder or any rights, titles, liens or security interests created or evidenced hereby, Mortgagee shall have no obligation to give such notice and opportunity to take action.

> Section 7.8    Right to Release Any Portion of the Property. Mortgagee may release any portion of the Property for such consideration as Mortgagee may require without, as to the remainder of the Property, in any way impairing or affecting the lien or priority of this Mortgage, or improving the position of any subordinate lienholder with respect thereto, except to the extent that the obligations hereunder shall have been reduced by the actual monetary consideration, if any, received by Mortgagee for such release, and may accept by assignment, pledge or otherwise any other property in place thereof as Mortgagee may require without being accountable for so doing to any other lienholder. This Mortgage shall continue as a lien and security interest in the remaining portion of the Property.

> Section 7.9    Violation of Laws. If the Property is not in material compliance with Legal Requirements, Mortgagee may impose additional requirements upon Mortgagor in connection herewith including, without limitation, monetary reserves or financial equivalents.

> Section 7.10    Recourse and Choice of Remedies. Notwithstanding any other provision of this Mortgage or the Loan Agreement, Mortgagee is entitled to enforce the obligations of Mortgagor contained in Sections 9.2 and 9.3 herein without first resorting to or exhausting any security or collateral and without first having recourse to the Note or any of the Property, through foreclosure or acceptance of a deed in lieu of foreclosure or otherwise, and in the event Mortgagee commences a foreclosure action against the Property, Mortgagee is entitled to pursue a deficiency judgment with respect to such obligations against Mortgagor with respect to the Loan. The provisions of Sections 9.2 and 9.3 herein and are exceptions to any non-recourse or exculpation provisions in the Loan Agreement, the Note, this Mortgage or the other Loan Documents, and Mortgagor and any guarantor or indemnitor with respect to the Loan are fully and personally liable for the obligations pursuant to Sections 9.2 and 9.3 herein. The liability of Mortgagor with respect to the Loan pursuant to Sections 9.2 and 9.3 herein is not limited to the original principal amount of the Note. Notwithstanding the foregoing, nothing herein shall inhibit or prevent Mortgagee from foreclosing or exercising any other rights and remedies pursuant to the Loan Agreement, the Note, this Mortgage and the other Loan Documents, whether simultaneously with foreclosure proceedings or in any other sequence. A separate action or actions may be brought and prosecuted against Mortgagor pursuant to Sections 9.2 and 9.3 herein, whether or not action is brought against any other Person or whether or not any other Person is joined in the action or actions. In addition, Mortgagee shall have the right but not the obligation to join and participate in, as a party if it so elects, any administrative or judicial proceedings or actions initiated in connection with any matter addressed in the ADA and Environmental Indemnity.

> Section 7.11    Right of Entry. Upon reasonable prior notice to Mortgagor, Mortgagee and its agents shall have the right to enter and inspect the Property at all reasonable times.

## ARTICLE 8

## INTENTIONALLY OMITTED

## ARTICLE 9

## INDEMNIFICATION

Section 9.1    Intentionally Omitted.

-18-

168215.00401/132002772v.6

Appx126   eCertified copy of recorded # 2023052797 (page 23 of 45)
Montgomery County Recorder of Deeds

Section 9.2    <u>Mortgage and/or Intangible Tax</u>.  Mortgagor shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless the Indemnified Parties from and against any and all Losses imposed upon or incurred by or asserted against any Indemnified Parties and directly or indirectly arising out of or in any way relating to any tax on the making and/or recording of this Mortgage, the Note or any of the other Loan Documents, but excluding any income, franchise or other similar taxes.

Section 9.3    <u>ERISA Indemnification</u>.  Mortgagor shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless the Indemnified Parties from and against any and all Losses (including, without limitation, reasonable attorneys' fees and costs incurred in the investigation, defense, and settlement of Losses incurred in correcting any prohibited transaction or in the sale of a prohibited loan, and in obtaining any individual prohibited transaction exemption under ERISA that may be required, in Mortgagee's sole discretion) that Mortgagee may incur, directly or indirectly, as a result of a default under Sections 8.19 and 9.4 of the Loan Agreement.

Section 9.4    <u>Intentionally Omitted</u>.

Section 9.5    <u>Duty to Defend; Attorneys' Fees and Other Fees and Expenses</u>.  Upon written request by any Indemnified Party, Mortgagor shall defend such Indemnified Party (if requested by any Indemnified Party, in the name of the Indemnified Party) by attorneys and other professionals approved by the Indemnified Parties.  Notwithstanding the foregoing, if the defendants in any such claim or proceeding include both Mortgagor and any Indemnified Party and Mortgagor and such Indemnified Party shall have reasonably concluded that there are any legal defenses available to it and/or other Indemnified Parties that are different from or additional to those available to Mortgagor, such Indemnified Party shall have the right to select separate counsel to assert such legal defenses and to otherwise participate in the defense of such action on behalf of such Indemnified Party, provided that no compromise or settlement shall be entered without Mortgagor's consent, which consent shall not be unreasonably withheld.  Upon demand, Mortgagor shall pay or, in the sole and absolute discretion of the Indemnified Parties, reimburse, the Indemnified Parties for the payment of reasonable fees and disbursements of attorneys, engineers, environmental consultants, laboratories and other professionals in connection therewith.

**ARTICLE 10**

<u>**WAIVERS**</u>

Section 10.1    <u>Waiver of Counterclaim</u>.  To the extent permitted by applicable law, Mortgagor hereby waives the right to assert a counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding brought against it by Mortgagee arising out of or in any way connected with this Mortgage, the Loan Agreement, the Note, any of the other Loan Documents, or the Obligations.

Section 10.2    <u>Marshalling and Other Matters</u>.  To the extent permitted by applicable law, Mortgagor hereby waives the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Property or any part thereof or any interest therein.  Further, Mortgagor hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Mortgage on behalf of Mortgagor, and on behalf of each and every Person acquiring any interest in or title to the Property subsequent to the date of this Mortgage and on behalf of all Persons to the extent permitted by applicable law.

Section 10.3    <u>Waiver of Notice</u>.  To the extent permitted by applicable law, Mortgagor shall not be entitled to any notices of any nature whatsoever from Mortgagee except with respect to matters

-19-

168215.00401/132002772v.6

Appx127  eCertified copy of recorded # 2023052797 (page 24 of 45)
Montgomery County Recorder of Deeds



for which this Mortgage specifically and expressly provides for the giving of notice by Mortgagee to Mortgagor and except with respect to matters for which Mortgagee is required by applicable law to give notice, and Mortgagor hereby expressly waives the right to receive any notice from Mortgagee with respect to any matter for which this Mortgage does not specifically and expressly provide for the giving of notice by Mortgagee to Mortgagor.

Section 10.4   <u>Waiver of Statute of Limitations</u>.  To the extent permitted by applicable law, Mortgagor hereby expressly waives and releases to the fullest extent permitted by law, the pleading of any statute of limitations as a defense to payment of the Debt or performance of its Other Obligations.

Section 10.5   <u>Survival</u>.  The indemnifications made pursuant to Sections 9.2 and 9.3 herein shall continue indefinitely in full force and effect and shall survive and shall in no way be impaired by:  any satisfaction or other termination of this Mortgage, any assignment or other transfer of all or any portion of this Mortgage or Mortgagee's interest in the Property (but, in such case, shall benefit both Indemnified Parties and any assignee or transferee), any exercise of Mortgagee's rights and remedies pursuant hereto including but not limited to foreclosure or acceptance of a deed in lieu of foreclosure, any exercise of any rights and remedies pursuant to the Loan Agreement, the Note or any of the other Loan Documents, any transfer of all or any portion of the Property (whether by Mortgagor or by Mortgagee following foreclosure or acceptance of a deed in lieu of foreclosure or at any other time), any amendment to this Mortgage, the Loan Agreement, the Note or the other Loan Documents, and any act or omission that might otherwise be construed as a release or discharge of Mortgagor from the obligations pursuant hereto.

# ARTICLE 11

## INTENTIONALLY OMITTED

# ARTICLE 12

## NOTICES

Section 12.1   <u>Notices</u>.  All notices or other written communications hereunder shall be delivered in accordance with Section 15.1 of the Loan Agreement.

# ARTICLE 13

## APPLICABLE LAW

Section 13.1   <u>GOVERNING LAW; WAIVER OF JURY TRIAL</u>.

(A)   THIS MORTGAGE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.  TO THE FULLEST EXTENT PERMITTED BY LAW, MORTGAGOR HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS MORTGAGE OR THE OTHER LOAN DOCUMENTS.

(B)   TO THE FULLEST EXTENT PERMITTED BY LAW, MORTGAGOR AND MORTGAGEE HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION RELATING TO THE LOAN AND/OR THE LOAN DOCUMENTS.   ANY LEGAL SUIT, ACTION OR

-20-

168215.00401/132002772v.6

Appx128 eCertified copy of recorded # 2023052797 (page 25 of 45)
Montgomery County Recorder of Deeds



PROCEEDING AGAINST MORTGAGEE OR MORTGAGOR ARISING OUT OF OR RELATING TO THIS MORTGAGE MAY AT MORTGAGEE'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN MONTGOMERY COUNTY, PENNSYLVANIA AND MORTGAGOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND MORTGAGOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. MORTGAGOR DOES HEREBY DESIGNATE AND APPOINT MORTGAGEE AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN THE COMMONWEALTH OF PENNSYLVANIA, AND AGREES THAT SERVICE OF PROCESS UPON SAID AUTHORIZED AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO MORTGAGOR IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON MORTGAGOR IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE COMMONWEALTH OF PENNSYLVANIA. MORTGAGOR (I) SHALL GIVE PROMPT NOTICE TO MORTGAGEE OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN MONTGOMERY COUNTY, PENNSYLVANIA (WHICH SUBSTITUTE AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN MONTGOMERY COUNTY, PENNSYLVANIA OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.

Section 13.2    Usury Laws. Notwithstanding anything to the contrary, (a) all agreements and communications between Mortgagor and Mortgagee are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Mortgagee shall never exceed the maximum lawful rate or amount, (b) in calculating whether any interest exceeds the lawful maximum, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Mortgagor to Mortgagee, and (c) if through any contingency or event, Mortgagee receives or is deemed to receive interest in excess of the lawful maximum, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Mortgagor to Mortgagee, or if there is no such indebtedness, shall immediately be returned to Mortgagor.

Section 13.3    Provisions Subject to Applicable Law. All rights, powers and remedies provided in this Mortgage may be exercised only to the extent that the exercise thereof does not violate any applicable provisions of law and are intended to be limited to the extent necessary so that they will not render this Mortgage invalid, unenforceable or not entitled to be recorded, registered or filed under the provisions of any applicable law. If any term of this Mortgage or any application thereof shall be invalid or unenforceable, the remainder of this Mortgage and any other application of the term shall not be affected thereby.

Section 13.4    Commercial Law/Open-End Mortgage.

(a)    It is understood and agreed that this Mortgage secures present and future advances and re-advances made for the benefit of Mortgagor pursuant to the Loan Agreement and that the lien of such future advances and re-advances shall relate back to the date of this Mortgage, and Mortgagor and Mortgagee intend that this Mortgage be an Open-End Mortgage as defined in Section 42 Pa. C.S.A. §8143(f) and as such be entitled to all benefits under 42 Pa. C.S.A. §§8143-8144.

-21-

168215.00401/132002772v.6

Appx129   eCertified copy of recorded # 2023052797 (page 26 of 45)
Montgomery County Recorder of Deeds

(b)    As contemplated by 42 Pa. C.S.A. §§8143-8144, this Mortgage secures, and the Mortgagor's obligations under the Note include, the unpaid balances of any advances made with respect to the Property for the payment of taxes, assessments, maintenance charges, insurance premiums or costs incurred for the protection of the Property or the lien of this Mortgage and expenses incurred by Mortgagee by reason of default by Mortgagor under this Mortgage and the priority of such advances, costs and expenses shall also relate back to the date of this Mortgage or to such later date as required by applicable law.

(c)    All notices pursuant to 42 PA. C.S.A. §8143 must be addressed to Mortgagee in the manner set forth in Section 15.1 of the Loan Agreement. With respect to any lien placed on the Property (other than the lien of this Mortgage), the holder of the lien, whether or not consented to by Mortgagee, by acceptance of such lien and without any further act or documentation being required by it, waives and relinquishes any rights which it may have to send a notice pursuant to 42 PA. C.S.A. §8143, to the extent that such waiver and relinquishment is permissible under applicable law.

(d)    It shall be an Event of Default under this Mortgage if Mortgagee receives written notice pursuant to Section 15.1 of the Loan Agreement from Mortgagor or any party claiming the right to send such notice, whether or not such notice is effective under 42 PA. C.S.A. §8143.

Section 13.5    Business Purpose. Mortgagor warrants that this Mortgage is delivered in connection with a business or commercial loan transaction.

Section 13.6    ACKNOWLEDGMENTS.

MORTGAGOR ACKNOWLEDGES AND AGREES AS FOLLOWS:

(a)    THIS MORTGAGE CONTAINS A WARRANT OF ATTORNEY CONFERRING AUTHORITY TO CONFESS JUDGMENT AGAINST MORTGAGOR FOLLOWING THE OCCURRENCE OF AN EVENT OF DEFAULT (THE "**WARRANT OF ATTORNEY**");

(b)    THE WARRANT OF ATTORNEY IS COUPLED WITH AN INTEREST AND, AS SUCH, MORTGAGEE, IN EXERCISING ANY OF ITS RIGHTS UNDER THE WARRANT OF ATTORNEY IS NOT A FIDUCIARY OF MORTGAGOR. MORTGAGEE MAY EXERCISE ANY OF ITS RIGHTS UNDER THE WARRANT OF ATTORNEY FOR THE SOLE BENEFIT OF MORTGAGEE, WITHOUT REGARD TO THE INTERESTS OF MORTGAGOR;

(c)    THE WARRANT OF ATTORNEY SHALL IN NO WAY BE CONSTRUED AS TO BENEFIT MORTGAGOR;

(d)    MORTGAGEE SHALL HAVE NO DUTY TO EXERCISE ANY POWERS GRANTED BY THE WARRANT OF ATTORNEY FOR THE BENEFIT OF MORTGAGOR OR IN MORTGAGOR'S BEST INTEREST;

(e)    MORTGAGEE SHALL HAVE NO DUTY OF LOYALTY TO MORTGAGOR;

(f)    MORTGAGEE SHALL, TO THE EXTENT EXERCISABLE, EXERCISE ANY AND ALL POWERS GRANTED BY THE WARRANT OF ATTORNEY SOLELY FOR THE BENEFIT OF MORTGAGEE;

(g)    THE WARRANT OF ATTORNEY IS IRREVOCABLE; AND

-22-

168215.00401/132002772v.6

Appx130   eCertified copy of recorded # 2023052797 (page 27 of 45)
Montgomery County Recorder of Deeds

(h)    MORTGAGOR HAS READ AND UNDERSTANDS THE WARRANT OF ATTORNEY.

## ARTICLE 14

### DEFINITIONS

Section 14.1    Definitions.    All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement. Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Mortgage may be used interchangeably in singular or plural form and the word "**Mortgagor**" shall mean "each Mortgagor and any subsequent owner or owners of the Property or any part thereof or any interest therein," the word "**Mortgagee**" shall mean "Mortgagee and any successor under the Loan Agreement," the word "**Note**" shall mean "the Note and any other evidence of indebtedness secured by this Mortgage," the word "**Property**" shall include any portion of the Property and any interest therein, and the phrases "**attorneys' fees**", "**legal fees**" and "**counsel fees**" shall include any and all attorneys', paralegal and law clerk fees and disbursements, including, but not limited to, fees and disbursements at the pre-trial, trial and appellate levels incurred or paid by Mortgagee in protecting its interest in the Property, the Leases and the Rents and enforcing its rights hereunder.

## ARTICLE 15

### MISCELLANEOUS PROVISIONS

Section 15.1    No Oral Change.    This Mortgage, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Mortgagor or Mortgagee, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

Section 15.2    Successors and Assigns.    The provisions hereof shall be binding upon and shall inure to the benefit of the Mortgagor, its successors and assigns (including without limitation subsequent owners of the Property or the leasehold estate of the Property or any part thereof); shall be binding upon and shall inure to the benefit of Mortgagee, its successors and assigns and any future holder of the Note hereby secured, and any successors or assigns of any future holder of the Note. In the event the ownership of the Property or any leasehold estate that may be covered by this Mortgage, becomes vested in a person other than Mortgagor, Mortgagee may, without notice to Mortgagor, deal with such successor or successors in interest with reference to this instrument and the debt hereby secured in the same manner as with the Mortgagor, and may alter the interest rate and/or alter or extend the terms of payment of the debt secured hereby without notice to Mortgagor and such action shall in no way affect the liability of Mortgagor hereunder or under the Note hereby secured or the lien or priority of this Mortgage with respect to any part of the Property covered hereby.

Section 15.3    Secondary Market.

(a)    Transfer of Loan.    Mortgagee may, at any time, without notice to or the consent of Mortgagor (i) sell, transfer or assign the Loan (or any portion thereof) and the Loan Documents, and any or all servicing rights with respect thereto, (ii) sell or grant participations in the Loan ("**Participations**") or (ii) securitize the Loan or any portion thereof in one or more pooled asset securitizations (the transactions referred to in clauses (i), (ii) and (iii) shall herein be referred to collectively as "Secondary Market Transactions" and the transactions referred to in clause (iii) shall herein be referred to as a "Securitization".

-23-

168215.00401/132002772v.6

Appx131    eCertified copy of recorded # 2023052797 (page 28 of 45)
Montgomery County Recorder of Deeds



Any certificates, notes or other securities issued in connection with a Securitization shall be referred to herein as "Securities". In connection with any Secondary Market Transaction, Mortgagee may forward to each purchaser, transferee, assignee, servicer, trustee, participant, or investor in such Secondary Market Transactions (collectively, the "Investor" or any rating agency rating such Secondary Market Transaction (each, a "**Rating Agency**")) and each prospective Investor, and any organization maintaining databases on the underwriting and performance of commercial mortgage loans, all documents and information which Mortgagee now has or may hereafter acquire relating to the debt secured hereby and to Mortgagor, any Guarantor, and the Property, whether furnished by Mortgagor, any Guarantor, any Property, or otherwise, as Mortgagee determines necessary or desirable. Mortgagor irrevocably waives any and all rights it may have under applicable laws to prohibit such disclosure, including but not limited to any right of privacy. Mortgagor shall be responsible for the payment of all costs and expenses of any servicer chosen by Mortgagee to service the Loan. Mortgagor, at Mortgagor's expense, only for its own costs in cooperating (but not for Mortgagee's costs) including without limitation, Mortgagor's legal fees in connection with any of the following, agrees to cooperate with all reasonable requests of Mortgagee in connection with any of the foregoing including, without limitation, executing any financing statements or other documents deemed necessary by Mortgagee or its transferee to create, perfect or preserve the rights and interest to be acquired by such transferee, provide any updated financial information with appropriate verification through auditors letters, deliver a negative assurances letter (with respect to such sections as Mortgagor is responsible pursuant to Section 15.3(c) hereof) only if the Securities being offered are in a Rule 144A offering or a registered public offering, revised organizational documents and counsel opinions satisfactory to the Rating Agencies, executed amendments to the Loan Documents, and review information regarding Mortgagor, any Guarantor, and the Property contained in a preliminary or final private placement memorandum, prospectus, prospectus supplements or other disclosure document, providing a mortgagor estoppel certificate and such other information about Mortgagor, any Guarantor or the Property as Mortgagee may reasonably require for Mortgagee's offering materials; provided, however, in each instance of a modification of, or amendment to, the Loan and Loan Documents or splitting or severing all or any portion of the Loan, Mortgagee shall comply with this Section 15 and no such modification or amendment shall change the stated maturity date of the Loan or any other material term of the Loan.

(b)    <u>Dissemination of Information</u>. Mortgagor acknowledges that Mortgagee may provide to third parties with an existing or prospective interest in the servicing, enforcement, evaluation, performance, ownership, purchase, or participation of the Loan, or any Secondary Market Transaction including, without limitation, any Rating Agency and any entity maintaining databases on the underwriting and performance of commercial mortgage loans, any and all information which Mortgagee now has or may hereafter acquire relating to the Loan, the Property, Mortgagor or any Guarantor, as Mortgagee determines necessary or desirable and that such information may be included in disclosure documents in connection with a Secondary Market Transaction, including, without limitation, a prospectus, prospectus supplement, offering memorandum, private placement memorandum or similar document (each, a "**Disclosure Document**") and also may be included in any filing with the Securities and Exchange Commission pursuant to the Securities Act or the Securities Exchange Act. To the fullest extent permitted under applicable law, Mortgagor irrevocably waives all rights, if any, to prohibit such disclosure, including, without limitation, any right of privacy.

(c)    <u>Secondary Market Transaction</u>. Mortgagor and each Guarantor agrees to provide in connection with each Disclosure Document, an indemnification certificate: (i) certifying that the information contained in the sections describing Mortgagor, any Guarantor and the Property set forth in such Disclosure Document has carefully been examined, and that, to such indemnitor's knowledge, such sections do not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (ii) indemnifying Mortgagee (and for purposes of this Section 15.3(c), Mortgagee shall include its officers and directors) that (1) has filed the registration statement, if any, relating to the Secondary

-24-

168215.00401/132002772v.6

Appx132  eCertified copy of recorded # 2023052797 (page 29 of 45)
Montgomery County Recorder of Deeds

Market Transaction and/or (2) which is acting as issuer, depositor, sponsor and/or a similar capacity with respect to the Secondary Market Transaction (any person described in (1) or (2), an "**Issuer Person**"), and each director and officer of any Issuer Person, and each person who controls any Issuer Person with the meaning of Section 15 of the Securities Act or Section 20 of the Securities Exchange Act (collectively, "**Issuer Group**"), for any losses to which Mortgagee or the Issuer Group may become subject insofar as the losses arise out of or are based upon the omission or alleged omission to state therein a material fact required to be stated in such sections necessary in order to make the statements in such sections or in light of the circumstances under which they were made, not misleading (collectively, "**Securities Liabilities**"); and (iii) agreeing to reimburse Mortgagee and the Issuer Group for any legal or other expenses reasonably incurred by Mortgagee and the Issuer Group in investigating or defending the Securities Liabilities; provided, however, that indemnitor will be liable under clauses (ii) or (iii) above only to the extent that such Securities Liabilities arise out of, or are based upon, any such untrue statement or omission made therein in reliance upon, and in conformity with, information furnished to Mortgagee or any member of the Issuer Group by or on behalf of Mortgagor or a Guarantor in connection with the preparation of the Disclosure Documents or in connection with the underwriting of the Loan, including, without limitation, financial statements of Mortgagor or any Guarantor, and operating statements, rent rolls, environmental site assessment reports and property condition reports with respect to the Property. This indemnity is in addition to any liability which Mortgagor may otherwise have and shall be effective whether or not an indemnification certificate described above is provided and shall be applicable based on information previously provided by or on behalf of Mortgagor or a Guarantor if the indemnification certificate is not provided.

Section 15.4    Inapplicable Provisions. If any term, covenant or condition of the Loan Agreement, the Note or this Mortgage is held to be invalid, illegal or unenforceable in any respect, the Loan Agreement, the Note and this Mortgage shall be construed without such provision.

Section 15.5    Headings, etc. The headings and captions of various Sections of this Mortgage are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

Section 15.6    Number and Gender/Joint and Several. Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa. If Mortgagor consists of more than one Person, all representations, warranties, covenants, obligations and liabilities of each such Person hereunder shall be joint and several. A default hereunder by any such Person shall be deemed a default by all such Persons and Mortgagor. With respect to the definition of "Mortgagor", except where the context otherwise provides, (i) any representations contained herein of Mortgagor shall be applicable to each Mortgagor, (ii) any affirmative covenants contained herein shall be deemed to be covenants of each Mortgagor and shall require performance by all Mortgagors, (iii) any negative covenants contained herein shall be deemed to be covenants of each Mortgagor, and shall be breached if any Mortgagor fails to comply therewith, (iv) the occurrence of any Event of Default with respect to any Mortgagor shall be deemed to be an Event of Default hereunder, and (v) any Debt and/or Other Obligations of Mortgagor shall be deemed to include any Debt and/or Other Obligations of the Mortgagor, or any Debt and/or Other Obligations of any one of them. The representations, warranties and covenants contained herein shall be read to apply to the individual Persons comprising Mortgagor when the context so requires, but a breach of any such representation, warranty or covenant or a breach of any obligation under this Mortgage shall be deemed a breach by all such Persons and Mortgagor, entitling Mortgagee to exercise all of their rights and remedies under this Mortgage and under applicable law.

Section 15.7    Subrogation. If any or all of the proceeds of the Note have been used to extinguish, extend or renew any indebtedness heretofore existing against the Property, then, to the extent

-25-

168215.00401/132002772v.6

Appx133    eCertified copy of recorded # 2023052797 (page 30 of 45)
Montgomery County Recorder of Deeds

of the funds so used, Mortgagee shall be subrogated to all of the rights, claims, liens, titles, and interests existing against the Property heretofore held by, or in favor of, the holder of such indebtedness and such former rights, claims, liens, titles, and interests, if any, are not waived but rather are continued in full force and effect in favor of Mortgagee and are merged with the lien and security interest created herein as cumulative security for the repayment of the Debt, the performance and discharge of Mortgagor's obligations hereunder, under the Loan Agreement, the Note and the other Loan Documents and the performance and discharge of the Other Obligations.

Section 15.8    Entire Agreement. The Note, the Loan Agreement, this Mortgage and the other Loan Documents constitute the entire understanding and agreement between Mortgagor and Mortgagee with respect to the transactions arising in connection with the Debt and supersede all prior written or oral understandings and agreements between Mortgagor and Mortgagee with respect thereto. Mortgagor hereby acknowledges that, except as incorporated in writing in the Note, the Loan Agreement, this Mortgage and the other Loan Documents, there are not, and were not, and no Persons are or were authorized by Mortgagee to make, any representations, understandings, stipulations, agreements or promises, oral or written, with respect to the transaction which is the subject of the Note, the Loan Agreement, this Mortgage and the other Loan Documents.

Section 15.9    Limitation on Mortgagee's Responsibility. No provision of this Mortgage shall operate to place any obligation or liability for the control, care, management or repair of the Property upon Mortgagee, nor shall it operate to make Mortgagee responsible or liable for any waste committed on the Property by the tenants or any other Person, or for any dangerous or defective condition of the Property, or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any tenant, licensee, employee or stranger. Nothing herein contained shall be construed as constituting Mortgagee a "mortgagee in possession."

Section 15.10    Loan Agreement. This Mortgage is made pursuant to the Loan Agreement and is subject to all of the provisions of the Loan Agreement including, without limitation, the provisions thereof entitling Mortgagee to declare the entire indebtedness secured hereby to be immediately due and payable, all of which provisions are incorporated herein with the same force and with like effect as if they were fully set forth herein at length and made a part hereof.

Section 15.11    Intentionally Omitted.

Section 15.12    Receipt of Mortgage.    MORTGAGOR    CERTIFIES    AND ACKNOWLEDGES THAT IT HAS RECEIVED A TRUE AND CORRECT COPY OF THIS MORTGAGE WITHOUT CHARGE.

MORTGAGOR ACKNOWLEDGES THAT IT HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS MORTGAGE INCLUDING, WITHOUT LIMITATION, THE WAIVER OF JURY TRIAL AND THE CONFESSION OF JUDGMENT, AND HAS BEEN ADVISED BY COUNSEL AS NECESSARY OR APPROPRIATE.

[Remainder of page intentionally left blank]

168215.00401/132002772v.6

Appx134    eCertified copy of recorded # 2023052797 (page 31 of 45)
Montgomery County Recorder of Deeds

IN WITNESS WHEREOF, this Mortgage has been executed by Mortgagor as of the day and year first above written.

**MORTGAGOR:**

JENKINS COURT REALTY CO., L.P.,
a Pennsylvania limited partnership

By:    Old Jenkins Corporation,
        a Pennsylvania corporation,
        its general partner

By: _____
Name:  Philip C. Pulley
Title:  President

STATE OF  *Pennsylvania*           :
                                   : SS.
COUNTY OF  *Montgomery*        :

     I, _*Linda J Hering*_____, a Notary Public in and for the county and state aforesaid, DO HEREBY CERTIFY that Philip C. Pulley who is personally known to me to be the same person whose name is subscribed to in the foregoing instrument appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act as President of Old Jenkins Corporation, general partner of JENKINS COURT REALTY CO., L.P., a Pennsylvania limited partnership, for the uses and purposes therein set forth, and that he was duly authorized to execute this instrument on behalf of, and as the act of, said limited partnership.

Given under my hand and notarial seal, this *22nd* day of *September*, 2023.

_____
Notary Public

My commission expires

[Notarial Seal]

> Commonwealth of Pennsylvania - Notary Seal
> LINDA J. HERING, Notary Public
> Montgomery County
> My Commission Expires January 27, 2024
> Commission Number 1070524

[Signature Page to Mortgage]

Appx135 eCertified copy of recorded # 2023052797 (page 32 of 45)
Montgomery County Recorder of Deeds



{00012166;v2 } Acknowledgment to Building Loan Mortgage, Assignment of
Leases and Rents and Security Agreement

168215.00401/132002772v.5

Appx136  eCertified copy of recorded # 2023052797 (page 33 of 45)
Montgomery County Recorder of Deeds

CERTIFICATE OF RESIDENCE

The undersigned certifies that the residence of Mortgagee is:

ICON PSG 1 FL, LLC
6711 Columbia Gateway Drive, Suite 130
Columbia, Maryland 21046

_____
On behalf of Mortgagee

Appx137 eCertified copy of recorded # 2023052797 (page 34 of 45)
Montgomery County Recorder of Deeds

## EXHIBIT A

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece or tract of land, Situate in the Borough of Jenkintown, County of Montgomery, Commonwealth of Pennsylvania, bounded and described according to a plan thereof made January 4, 1989 and last revised January 9, 1989, by Charles E. Shoemaker, Inc., Engineers and Surveyors of Abington, Pennsylvania as follows:

BEGINNING at a point on the present Easterly PennDot legal right of way line of Old York Road (80 feet wide) said point being at the distance of 162.66 feet measured North 9 degrees 54 minutes 00 seconds East from the point formed by the intersection which the said present Easterly PennDot legal right of way line of Old York Road makes with the Northwesterly side of Rydal Road (33 feet wide at this point): Thence extending from the place of beginning along the present Easterly PennDot legal right of way line of Old York Road North 09 degrees 54 minutes 00 seconds East, 1,091.04 feet to a point; thence North 23 degrees 4 minutes 30 seconds East 34.98 feet to a point; thence extending Northeastwardly on the arc of a circle curing to the left with a radius of 55.00 feet the arc distance of 50.71 feet to a point of compound curvature; thence extending Northeastwardly on the arc of a circle curving to the left with a radius of 140.00 feet the arc distance of 31.49 feet to a point of reverse curvature; thence extending Northeastwardly, Eastwardly, and Southeastwardly on the arc of a circle curving to the right with a radius of 5.00 feet the arc distance of 11.57 feet to a point on the Southwesterly side of Spring Avenue (50 feet wide) thence extending along the same South 32 Degrees 36 minutes 43 seconds East 239.02 feet to a point; thence extending South 57 degrees 23 minutes 17 seconds West 105.14 feet to a point; thence extending South 19 degrees 42 minutes 6 seconds East 600.54 feet to a point; thence extending South 57 degrees 21 minutes 34 seconds West 50.06 feet to a point; thence extending South 19 Degrees 44 minutes 3 seconds East 141.21 feet to a point on the aforementioned Northwesterly side of Rydal Road 40 feet wide at this point; thence extending along the same South 57 degrees 26 minutes 20 seconds West 477.50 feet to a point; thence extending North 55 degrees 23 minutes 34 seconds West 130.20 feet to a point on the aforementioned present Easterly PennDot legal right of way line of Old York Road the first mentioned point and place of beginning.

168215.00401/132002772v.6

Exhibit A

Appx138 eCertified copy of recorded # 2023052797 (page 35 of 45)
Montgomery County Recorder of Deeds

## EXHIBIT B

### DESCRIPTION OF PERSONAL PROPERTY

(a)   All personal property (including, without limitation, all goods, supplies, equipment, furniture, furnishings, fixtures, machinery, inventory, and construction materials and software embedded in any of the foregoing) in which Mortgagor now or hereafter acquires an interest or right, which is now or hereafter located on or affixed to the Land or the Improvements or used or useful in the operation, use, or occupancy thereof or the construction of any Improvements thereon, together with any interest of Mortgagor in and to personal property which is leased or subject to any superior security interest, and all books, records, leases and other agreements, documents, and instruments of whatever kind or character, relating to the Land, Improvements, or such personal property;

(b)   All fees, income, rents, issues, profits, earnings, receipts, royalties, and revenues which, after the date hereof and while any portion of the Obligations remains unpaid or unperformed, may accrue from such personal property or any part thereof or from the Land, the Improvements or any other part of the Property, or which may be received or receivable by Mortgagor from any hiring, using, letting, leasing, subhiring, subletting, subleasing, occupancy, operation, or use thereof;

(c)   All of Mortgagor's present and future rights to receive payments of money, services, or property, including, without limitation, rights to all deposits from tenants of the Land or Improvements, sums deposited in the Collateral Account, chattel paper (whether tangible or electronic) notes, drafts, contract rights, instruments, general intangibles, as presently or hereafter in effect, and principal, interest and payments due on account of goods sold or leased, services rendered, loans made or credit extended, together with title to or interest in all agreements, documents, and instruments, evidencing, securing or guarantying the same;

(d)   All other intangible property (and related software) and rights relating to the Land, the Improvements, the personal property described in Paragraph (a) above or the operation, occupancy, or use thereof, including, without limitation, all governmental and non- governmental permits, licenses, and approvals relating to construction on or operation, occupancy, or use of the Land or Improvements, all names under or by which the Land or Improvements may at any time be operated or known, all rights to carry on business under any such names, or any variant thereof, all trade names and trademarks, servicemarks, logos and copyrights, relating in any way to the Land or the Improvements, and all good will and software in any way relating to the Land or the Improvements;

(e)   All as-extracted collateral produced from or allocated to the Land, including, without limitation, oil, gas, and other hydrocarbons and other minerals.

(f)   Mortgagor's rights under all insurance policies covering the Land (including, but not limited to, title insurance policies), the Improvements, the Personal Property, and the other parts of the Property and any and all proceeds, loss payments, and premium refunds payable regarding the same;

(g)   All reserves, deferred payments, deposits, refunds, cost savings, and payments of any kind relating to the construction of any Improvements on the Land;

(h)   All water stock relating to the Land;

(i)   All causes of action, claims, compensation, and recoveries for any damage to, destruction of, or condemnation or taking of the Land, the Improvements, the Personal Property, or any other part of the Property, or for any conveyance in lieu thereof, whether direct or consequential, or for any damage or

Exhibit B

168215.00401/132002772v.6

Appx139   eCertified copy of recorded # 2023052797 (page 36 of 45)
Montgomery County Recorder of Deeds



injury to the Land, the Improvements, the Personal Property, or any other part of the Property, or for any loss or diminution in value of the Premises, the Improvements, the Personal Property, or any other part of the Property;

(j)     All architectural, structural, mechanical, and engineering plans and specifications prepared for construction of Improvements or extraction of minerals or gravel from the Premises and all studies, data, and drawings related thereto; and also all contracts and agreements of the Mortgagor relating to the aforesaid plans and specifications or to the aforesaid studies, data, and drawings or to the construction of Improvements on or extraction of minerals or gravel from the Land;

(k)     All commercial tort claims Mortgagor now has or hereafter acquires relating to the properties, rights, titles, and interests referred to in this Exhibit B or elsewhere in the Mortgage to which this Exhibit B is attached;

(l)     All letter of credit rights (whether or not the letter of credit is evidenced by a writing) Mortgagor now has or hereafter requires relating to the properties, rights, titles and interest referred to in the Mortgage to which this Exhibit B is attached;

(m)     All proceeds from sale or disposition of any of the aforesaid collateral and all supporting obligations ancillary thereto or arising in any way in connection therewith;

(n)     All Mortgagor's rights in proceeds of the Loan evidenced by the Note;

(o)     All of Mortgagor's rights in any and all warranties and guaranties with respect to any goods, materials, supplies, chattels, fixtures, equipment, machinery, building materials, and work in progress attached to or placed in or on any part of the Land, or used in connection with any construction on the Land;

(p)     All of Mortgagor's rights to and under any purchase agreements, including, without limitation, any deposits paid to Mortgagor pursuant to such purchase agreements; and

(q)     All of Mortgagor's rights in all plans, specifications, plats, agreements, assessments, reports, and surveys related to the Premises.

As used in this Exhibit B the terms "Land", "Loan Agreement", "Obligations", "Note", "Property", "Improvements", and "Personal Property" shall have the meanings set forth in the Mortgage to which this Exhibit B is attached.

Exhibit B

Appx140 eCertified copy of recorded # 2023052797 (page 37 of 45)
Montgomery County Recorder of Deeds



## EXHIBIT C

## ASSIGNMENT OF DOCUMENTS

This **ASSIGNMENT OF DOCUMENTS** (this "**Assignment**") is made as of September 27, 2023, by **PSG LENDING, LLC**, a Maryland limited liability company ("**PSG**"), to and for the benefit of **ICON PSG 1 FL, LLC**, a Delaware limited liability company, its successors and assigns ("**Lender**").

### Recitals

A.    **JENKINS COURT REALTY CO., L.P.**, a Pennsylvania limited partnership "**Borrower**") is the owner of certain real estate situated in the County of Montgomery, Commonwealth of Pennsylvania (the "**Premises**") more particularly described in Exhibit A attached hereto. .

B.    Borrower has entered into that certain Loan Agreement made by and among Borrower and Lender dated as of the date hereof (as amended, modified, replaced or restated from time to time, the "**Loan Agreement**"). Lender has agreed to make certain a certain loan to Borrower in the maximum aggregate principal amount of $20,500,000 ("**Loan**"). The Loan is evidenced by that certain promissory note ("**Note**"), executed by Borrower and made payable to the order of Lender. The Note is secured by, among other things, an Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Mortgage**"), executed by Borrower to and for the benefit of Lender, granting a lien on the Premises and recorded with the Recorder for the County of Montgomery, Pennsylvania. Borrower also executed and delivered, or caused to be executed, any may cause to be executed in the future, certain other instruments and agreements as additional security for repayment of the Loan or otherwise in connection with the Loan (collectively, the "**Loan Documents**").

C.    Lender is a successor in interest to PSG and there Lender requires, as a condition precedent to making the Loan, that PSG execute and deliver this Assignment in connection with Lender's making of the Loan.

D.    PSG is willing to transfer, assign and convey its rights, privileges, powers and interest in, to and under the Loan Documents to Lender, subject to the terms and conditions herein contained.

### Agreement

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower hereby agrees as follows:

1.    Assignment. PSG hereby unconditionally transfers, assigns and conveys, to the extent PSG has an interest and the interest is assignable, all of its rights, title, powers, privileges and interests in, to and under the Loan Documents to Lender and its respective successors and assigns, fully intending that Lender, and its successors and assigns, shall have the rights and powers and be entitled to the benefits thereunder. Without limiting the foregoing, PSG hereby unconditionally transfers, assigns and conveys all of its rights, title, powers, privileges and interests in and to (i) the estoppel certificates described on Exhibit B and (ii) the subordination agreements described on Exhibit C.

2.    Successors and Assigns. All the covenants and agreements on the part of Lender and PSG contained herein shall inure to the benefit of and bind their successors and assigns, respectively, including any purchaser at a foreclosure sale other than Lender.

HB: 4873-6102-6146.3
168215.00401/133127775v.4

Appx141    eCertified copy of recorded # 2023052797 (page 38 of 45)
Montgomery County Recorder of Deeds



      3.    <u>Governing Law</u>. This Assignment is governed as to validity, interpretation, effect and in all other respects by laws and decisions of the State of Maryland and the applicable laws of the United States of America.

      4.    <u>Counterparts, Facsimile Signatures</u>. This Assignment may be executed in any number of counterparts, all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. Receipt of an executed signature page to this Assignment by facsimile or other electronic transmission shall constitute effective delivery thereof.

*[Signature page follows]*

168215.00401/133127775v.4

Appx142 eCertified copy of recorded # 2023052797 (page 39 of 45)
Montgomery County Recorder of Deeds



*[Signature Page 1 of 2 to Assignment of Documents]*

IN WITNESS WHEREOF, the party hereto has executed and delivered this Assignment of Documents as of the date first set forth above.

**ASSIGNOR:**

**PSG LENDING, LLC,**
a Maryland limited liability company

By: _____

Name: Cameron Lawson

Title: Authorized Person

STATE OF _Maryland_

COUNTY OF _Howard_

On this, the 21st day of _September_, 2023, before me, the undersigned officer, personally appeared Cameron Lawson _____, who acknowledged himself to be the Authorized Person _____ of **PSG LENDING, LLC**, a Maryland limited liability company, and that he as such _____ Authorized Person _____ being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself as an Authorized Person _____.

In witness whereof, I hereunto set my hand and official seal.

_____

Notary Public
Printed Name: _Vladimir Popik_
My Commission Expires:
_12/21/2026_

VLADIMIR POPIK
NOTARY PUBLIC
HARFORD COUNTY
MARYLAND
MY COMMISSION EXPIRES DECEMBER 21, 2026

*[Signature Page 2 of 2 to Assignment of Documents]*

**ASSIGNEE**:

**ICON PSG 1 FL, LLC,**
a Delaware limited liability company

By: _____

Name: _Cameron Lawson_

Title: _Authorized Person_


STATE OF ___Maryland___

COUNTY OF ___Howard___

On this, the __21st__ day of ___September___, 2023, before me, the undersigned officer, personally appeared ___Cameron Lawson___, who acknowledged himself to be the ___Authorized Person___ of **ICON PSG 1 FL, LLC**, a Delaware limited liability company, and that he as such ___Authorized Person___ being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself as ___Authorized Person___.

In witness whereof, I hereunto set my hand and official seal.

_____

Notary Public
Printed Name: _Vladimir Popik_
My Commission Expires:
_12/21/2026_

VLADIMIR POPIK
NOTARY PUBLIC
HARFORD COUNTY
MARYLAND
MY COMMISSION EXPIRES DECEMBER 21, 2026

# EXHIBIT A
## to
## ASSIGNMENT OF DOCUMENTS

ALL THAT CERTAIN lot or piece or tract of land, Situate in the Borough of Jenkintown, County of Montgomery, Commonwealth of Pennsylvania, bounded and described according to a plan thereof made January 4, 1989 and last revised January 9, 1989, by Charles E. Shoemaker, Inc., Engineers and Surveyors of Abington, Pennsylvania as follows:

BEGINNING at a point on the present Easterly PennDot legal right of way line of Old York Road (80 feet wide) said point being at the distance of 162.66 feet measured North 9 degrees 54 minutes 00 seconds East from the point formed by the intersection which the said present Easterly PennDot legal right of way line of Old York Road makes with the Northwesterly side of Rydal Road (33 feet wide at this point): Thence extending from the place of beginning along the present Easterly PennDot legal right of way line of Old York Road North 09 degrees 54 minutes 00 seconds East, 1,091.04 feet to a point; thence North 23 degrees 4 minutes 30 seconds East 34.98 feet to a point; thence extending Northeastwardly on the arc of a circle curing to the left with a radius of 55.00 feet the arc distance of 50.71 feet to a point of compound curvature; thence extending Northeastwardly on the arc of a circle curving to the left with a radius of 140.00 feet the arc distance of 31.49 feet to a point of reverse curvature; thence extending Northeastwardly, Eastwardly, and Southeastwardly on the arc of a circle curving to the right with a radius of 5.00 feet the arc distance of 11.57 feet to a point on the Southwesterly side of Spring Avenue (50 feet wide) thence extending along the same South 32 Degrees 36 minutes 43 seconds East 239.02 feet to a point; thence extending South 57 degrees 23 minutes 17 seconds West 105.14 feet to a point; thence extending South 19 degrees 42 minutes 6 seconds East 600.54 feet to a point; thence extending South 57 degrees 21 minutes 34 seconds West 50.06 feet to a point; thence extending South 19 Degrees 44 minutes 3 seconds East 141.21 feet to a point on the aforementioned Northwesterly side of Rydal Road 40 feet wide at this point; thence extending along the same South 57 degrees 26 minutes 20 seconds West 477.50 feet to a point; thence extending North 55 degrees 23 minutes 34 seconds West 130.20 feet to a point on the aforementioned present Easterly PennDot legal right of way line of Old York Road the first mentioned point and place of beginning.

Appx145  eCertified copy of recorded # 2023052797 (page 42 of 45)
Montgomery County Recorder of Deeds



**EXHIBIT B**
**to**
**ASSIGNMENT OF DOCUMENTS**

1. Tenant Estoppel Certificate from Temple University Health System, Inc.

2. Tenant Estoppel Certificate from Temple University Health System, Inc.

3. Tenant Estoppel Certificate from RGN-Jenkintown I, LLC

4. Tenant Estoppel Certificate from TruMark Financial Credit Union

5. Tenant Estoppel Certificate from Precious One Daycare

6. Tenant Estoppel Certificate from Luv 2 Knit

7. Tenant Estoppel Certificate from Goldstein Law Partners

8. Tenant Estoppel Certificate from SBG Management Co. L.P.

9. Tenant Estoppel Certificate from Jenkintown Land Holding, LLC (Catalyst)

10. Tenant Estoppel Certificate from JJLH of Jenkintown, LLC (Faulkner)

11. Tenant Estoppel Certificate from SS Education, Inc. d/b/a Jersey College of Nursing

12. Tenant Estoppel Certificate from Sezai Saran

13. Tenant Estoppel Certificate from David R. Machek, Esquire

14. Tenant Estoppel Certificate from Loanability

15. Tenant Estoppel Certificate from Randy H. Kaplan, Robert C. Nathan, Richard E. Genter

16. Tenant Estoppel Certificate from Jenkins Storage LLC

17. Tenant Estoppel Certificate from Helping Hands Children Services Management, LLC

18. Tenant Estoppel Certificate from Grab n' Go Café

19. Tenant Estoppel Certificate from Dogtopia of Jenkintown

20. Tenant Estoppel Certificate from Coracias Advance Technologies, LLC

21. Tenant Estoppel Certificate from Black Leaf

22. Tenant Estoppel Certificate from Bethany Christian Services of Greater Delaware Valley

23. Tenant Estoppel Certificate from Mark Kress, M.D.

168215.00401/133127775v.3

Appx146 eCertified copy of recorded # 2023052797 (page 43 of 45)
Montgomery County Recorder of Deeds



24.     Estoppel Letter from Outback Steakhouse of Florida, LLC

25.     Tenant Estoppel Certificate from Starbucks Corporation

26.     Tenant Estoppel Certificate from Nextel Sprint

27.     Tenant Estoppel Certificate from Colum. Tele

28.     Tenant Estoppel Certificate from GTP Towers Am. IX Metro

29.     Tenant Estoppel Certificate from GTP Towers IX Zayo Group

30.     Tenant Estoppel Certificate from Verizon

31.     Tenant Estoppel Certificate from Sprint PCS

32.     Tenant Estoppel Certificate from Tiny Town

2

168215.00401/133127775v.3

Appx147 eCertified copy of recorded # 2023052797 (page 44 of 45)
Montgomery County Recorder of Deeds

**EXHIBIT C**
**to**
**ASSIGNMENT OF DOCUMENTS**

1.    Subordination, Nondisturbance and Attornment Agreement from SSS Education, Inc. d/b/a Jersey College

2.    Subordination, Nondisturbance and Attornment Agreement from Jenkins Storage LLC

3.    Subordination, Nondisturbance and Attornment Agreement from Tiny Town, LLC

4.    Subordination, Non-disturbance and Attornment Agreement from Outback Steakhouse of Florida, LLC

5.    Subordination, Nondisturbance and Attornment Agreement from SBG Management Services Inc.

6.    Subordination, Nondisturbance and Attornment Agreement from Precious Ones Daycare

7.    Subordination, Nondisturbance and Attornment Agreement from Goldstein Law Partners LLC

8.    Subordination, Nondisturbance and Attornment Agreement from Dogtopia of Jenkintown

9.    Subordination, Nondisturbance and Attornment Agreement from Mark Kress, M.D.

10.    Subordination, Nondisturbance and Attornment Agreement from Trumark Financial Credit Union

11.    Subordination, Nondisturbance and Attornment Agreement from GTP Towers Am. IX Metro

12.    Subordination, Nondisturbance and Attornment Agreement from GTP Towers IX Zayo Group

13.    Subordination, Nondisturbance and Attornment Agreement from Sprint PCS

3

168215.00401/133127775v.3

Appx148 eCertified copy of recorded # 2023052797 (page 45 of 45)
Montgomery County Recorder of Deeds

# Exhibit 4

# PIEL LAW FIRM, LLC

502 Washington Avenue
Suite 730
Towson, Maryland 21204

Email: hpiel@piellawfirm.com
Web: www.piellawfirm.com

Phone: (410)849-4888
Fax: (410) 849-4889

December 3, 2024

**VIA FEDERAL EXPRESS**
**AND CERTIFIED MAIL**
**RETURN-RECEIPT REQUESTED**

Jenkins Court Realty Co., L.P.
P.O. Box 549
Abington, Pennsylvania 19001

Philip Pulley
P.O. Box 549
Abington, Pennsylvania 19001

> Re:    $20,500,000.00 commercial loan from ICON PSG 1 FL, LLC (the "Lender") to Jenkins Court Realty Co., L.P. (the "Borrower"), as evidenced by, among other things, a Secured Promissory Note, dated September 27, 2023, executed by the Borrower to the order of the Lender (the "Note"). File No. 2024-00342

To The Above-Addressed Parties:

As you know, this law firm represents the Lender in connection with the above-described loan (the "Loan") and the various loan documents which evidence, secure or otherwise document the same, including, without limitation, the Note, the "Mortgage" (as that term is defined herein) and the "Guaranty" (as that term is defined herein) (collectively, the "Loan Documents"). The Lender is the holder of the Loan Documents. My review of the Loan Documents indicates that the Loan is absolutely and unconditionally personally guaranteed by Philip Pulley (the "Guarantor"), as evidenced by that certain Guaranty of Payment, dated September 26, 2023, executed by the Guarantor for the benefit of the Lender (the "Guaranty"). The Borrower and Guarantor are collectively referred to herein as the "Obligors."

In addition, my review of the Loan Documents indicates that the Loan is secured by, among other things, a mortgage lien in, to and against certain real property owned by the Borrower and generally known as 610 Old York Road, Jenkintown, Pennsylvania 19046, a/k/a 610 York Road, Jenkintown, Pennsylvania 19046 (the "Property") as evidenced by that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated September 22, 2023, and made effective September 27, 2023, executed by the Borrower for the benefit of Lender and recorded with the Recorder of Deeds for Montgomery County, Pennsylvania at MTG Book 15820, page 01708 (the "Mortgage").

Jenkins Court Realty Co., L.P., et al.
December 3, 2024
Page 2 of 3

According to Lender's records, the Obligors are presently in default under the Loan Documents for, among other things, having failed to make certain of the monthly payments called for thereunder. As a result thereof, Lender, in accordance with the terms and conditions of the Loan Documents, has accelerated and declared immediately due and payable all indebtedness that is owed from the Obligors thereunder. As of December 3, 2024, the principal, interest, and fee and expense balance due and owing from the Obligors to the Lender under the Loan Documents totals $20,456,811.14 and consists of an unpaid principal balance in the amount of $20,500,000.00, accrued and unpaid interest in the amount of $1,408,741.66, and fees and expenses in the amount of $41,122.36, less a remaining construction escrow balance in the amount of $1,493,052.88. Interest will continue to accrue on the unpaid principal balance owed from the Obligors to the Lender under the Loan Documents at the regular rate of interest or default rate of interest provided for thereunder, if any, until all indebtedness owed from the Obligors to the Lender under the Loan Documents has been paid in full. Moreover, since the Loan Documents have been referred to an attorney for collection, the Obligors are also obligated to reimburse the Lender for all costs, expenses and attorneys' fees which the Lender incurs in connection with this matter.

By way of this letter, the Lender demands that the Obligors tender payment to the Lender of all indebtedness, including, without limitation, all costs, expenses and attorneys' fees, that is owed from the Obligors to the Lender under the Loan Documents, in immediately available funds, no later than 5:00 p.m. on Friday, December 13, 2024. Said payment should be tendered to the Lender in the form of a certified check made payable to "ICON PSG 1 FL, LLC" and should be forwarded to the Lender, c/o Piel Law Firm, LLC, 502 Washington Avenue, Suite 730, Towson, Maryland 21204. If the Lender does not receive payment of all indebtedness that is owed under the Loan Documents, in immediately available funds, within the time period prescribed above, the Lender, immediately thereafter, may proceed with enforcement of its various rights, remedies and recourse under the Loan Documents and applicable law including, without limitation, instituting a foreclosure action against the Property and/or confessing judgments against the Obligors.

Nothing contained in this letter shall constitute an election of remedies on the part of the Lender nor shall anything contained herein constitute a waiver of: (a) the accelerated status of the Loan; (b) any defaults existing under the Loan Documents; or (c) any of the Lender's rights, remedies, or recourse under the Loan Documents or applicable law. Furthermore, the acceptance of partial payments by the Lender under or in connection with the Loan, whether before or after the date of this letter, shall not constitute an election of remedies on the part of the Lender, nor shall such acceptance of partial payments constitute a waiver of: (aa) the accelerated status of the Loan; (bb) any defaults existing under the Loan Documents; or (cc) any of the Lender's rights, remedies or recourse under the Loan Documents or applicable law. By way of this letter, the Lender specifically reserves all of its rights, remedies and recourse under the Loan Documents and applicable law.

Jenkins Court Realty Co., L.P., et al.
December 3, 2024
Page 3 of 3

I trust that the Obligors will recognize the urgency of this matter and that the Obligors will remit payment to the Lender of all indebtedness that is owed under the Loan Documents, in immediately available funds, no later than 5:00 p.m. on Friday, December 13, 2024.

Very truly yours,

Hunter C. Piel

cc:     ICON PSG 1 FL, LLC
        (via electronic mail)

JS 44   (Rev. 04/21)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
ICON PSG 1 FL, LLC

### DEFENDANTS
JENKINS COURT REALTY CO., L.P.

**(b)** County of Residence of First Listed Plaintiff   Howard County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kurtz and Partners P.C. (610) 688-2855
1265 Drummers Lane, Suite 120, Wayne, PA 19087

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Commercial Mortgage Foreclosure

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                   DOCKET NUMBER

DATE
January 6, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Gleb Epelbaum

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Appx153

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case: 25-2598    Document: 19    Page: 148    Date Filed: 11/24/2025

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _610 Old York Road, Jenkintown, PA_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☒ 8. All Other Diversity Cases: *(Please specify)* _Commercial Mortgage Foreclosure_

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

Appx155

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ICON PSG 1 FL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JENKINS COURT REALTY CO., L.P.,<br><br>Defendant. | CIVIL ACTION<br><br>NO: 2:25-cv-00044-GAM |

**PLAINTIFF'S MOTION FOR EXPEDITED APPOINTMENT OF A RECEIVER**

Pursuant to Federal Rules of Civil Procedure 7(b) and 66, Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff"), by and through its undersigned counsel, Kurtz and Partners P.C., hereby respectfully moves this Court for an expedited appointment of a receiver for the real property that is subject to these foreclosure proceedings.  The grounds for the relief sought in this motion are set forth in the Brief in Support of Plaintiff's Motion for Expedited Appointment of a Receiver and the Declaration of Ibrahim Sheikh in Support of Plaintiff's Motion for Expedited Appointment of a Receiver contemporaneously filed herewith, both of which are incorporated herein by reference in their entirety.

[SIGNATURE ON THE NEXT PAGE]

1

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  January 10, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR EXPEDITED APPOINTMENT OF A RECEIVER**

---

Gleb Epelbaum, Esquire (ID No. 320904)
**KURTZ AND PARTNERS P.C.**
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

**TABLE OF CONTENTS**

I.    **FACTUAL BACKGROUND** ........................................................................ 1

    **A. The Loan** ...................................................................................... 1

    **B. The Property** ............................................................................... 3

    **C. Defendant's Defaults** ................................................................. 3

    **D. Pulley's Problems and Defendant's and the Property Manager's Inability to Manage the Property** .......................................................... 4

II.   **ARGUMENT** ............................................................................................ 6

III.  **PROPOSED RECEIVER** ....................................................................... 10

IV.  **CONCLUSION** ...................................................................................... 11

i

## TABLE OF AUTHORITIES

**Cases**

*Commonwealth of Pennsylvania v. Cresheim Valley Realty Co., L.P., et al.*,
   No. 230701198 (Pa. Com. Pl. Phila. Cnty.) ............................................................ 5

*Fannie Mae v. Harrison Court Realty Co., L.P., et al.*,
   Case No. 2:24-cv-04722-CMR (E.D. Pa.) ........................................................ 6, 10

*Fifth Third Bank v. Double Tree Lake Ests., LLC*,
   No. 2:11-CV-0233-PPS-PRC, 2012 WL 1900123 (N.D. Ind. May 23, 2012) ........................ 8

*Heyman v. Citimortgage, Inc.*,
   No. 14-1680-KM-MAH, 2019 WL 2642655 (D.N.J. June 27, 2019) .................................... 7

*In re Invs. Warranty of Am., Inc. v. B.W.E. Dev., L.L.C.*,
   No. CIV.09-4490 (WJM), 2010 WL 2557559 (D.N.J. June 23, 2010) .................................. 7

*Metro. Life Ins. Co. v. Liberty Ctr. Venture*,
   650 A.2d 887 (Pa. Super. Ct. 1994) ....................................................................... 8

*MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship v. Greater Lewistown Shopping Plaza, L.P.*,
   No. 4:16-CV-2090, 2017 WL 485958 (M.D. Pa. Feb. 6, 2017) ........................................ 7, 8

*Philadelphia Tr. Co. v. Northumberland Cnty. Traction Co.*,
   101 A. 970 (Pa. 1917) ........................................................................................... 8

*United States v. Berk & Berk*,
   767 F. Supp. 593 (D.N.J. 1991) ............................................................................... 7, 8

*Wells Fargo Bank, N.A. v. CCC Atl., LLC*,
   905 F. Supp. 2d 604 (D.N.J. 2012) ......................................................................... 6, 7

*Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of Natixis Commercial Mortgage Securities Trust 2018-FL1, Commercial Mortgage Passthrough Certificates, Series 2018-FL-1 v. Philadelphia Center Realty Associates, L.P., et al.*,
   No. 23083391 (Pa. Com. Pl. Phila. Cnty., Sept. 7, 2023) ............................................. 10

**Other Authorities**

*Montgomery County Man Pleads Guilty to Election Fraud Offenses*, U.S. Dep't of Justice (Sept. 25, 2024), https://www.justice.gov/usao-edpa/pr/montgomery-county-man-pleads-guilty-election-fraud-offenses ................................................................................................ 6

*Philadelphia files lawsuit against Lindley Towers owner after apartment building collapse*, CBS News (Sept. 22, 2022), https://www.cbsnews.com/philadelphia/news/philadelphia-sbg-management-services-lindley-towers-collapse/ ................................................................. 5

*Video shows moment apartment complex partially collapses in Philadelphia's Francisville section*, 6abc Action News (Oct. 7, 2024), https://6abc.com/post/darrah-school-apartments-philadelphias-francisville-neighborhood-partially-collapses-residents-evacuated/15399348/ ....... 5


**Rules**
Fed R. Evid. 201 ..................................................................................................... 5, 6

## I.    FACTUAL BACKGROUND

### A.  The Loan

Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff") made a loan to Defendant, Jenkins Court Realty Co., L.P. ("Defendant") in the principal amount of $20,500,000.00 (the "Loan") for the purpose of refinancing the then-existing debt on the Property (as defined below) and funding certain construction projects at the Property (collectively, the "Projects"). *See* Declaration of Ibrahim Sheikh in Support of Plaintiff's Motion for Expedited Appointment of a Receiver (the "Sheikh Declaration") filed contemporaneously herewith, at ¶ 4.  The Loan was memorialized by way of, *inter alia*, that certain Loan Agreement by and between Plaintiff and Defendant dated September 27, 2023 (the "Loan Agreement" and, collectively with the Mortgage (as defined below) and certain other documents executed in conjunction with the Loan, the "Loan Documents"). A true and correct copy of the Loan Agreement is attached hereto as *Exhibit 1*.

To secure its obligations under the Loan Documents, Defendant executed that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 22, 2023 (the "Mortgage") in favor of Plaintiff.  A true and correct copy of the Mortgage is attached hereto as *Exhibit 2*.  The Mortgage encumbers certain commercial real property with the street address of 610 Old York Road, Jenkintown Borough, Montgomery County, Pennsylvania, Parcel ID # 10-00-05364-00-8, more particularly described in Exhibit A to the Mortgage (the "Property"). *See Exhibit 1* at Ex. A.

Under the terms of the Loan Agreement, Defendant was required to, *inter alia*, make monthly interest payments, in arrears, on the first of each calendar month:

> Subject to Section 2.3.3, Interest on the Loan shall accrue at the Interest
> Rate. Borrower shall pay to Lender (a) on the Closing Date, all interest due

1

> on the Loan at the Interest Rate for the period commencing on the Closing Date and continuing through and including last day of current month, 2023 and (b) first payment due date, 2023, and on the first day of each and every month thereafter (each date, a "**Payment Date**") through and including last monthly payment date prior to maturity, monthly payments, in arrears, of interest only, on the unpaid balance of the Loan at the Interest Rate and (c) on the Maturity Date, a monthly payment, in arrears, of interest only, on the unpaid principal balance of the Loan at Interest Rate.

*See id.* at § 2.3.

Failure to make any such monthly payment within five (5) days of the date on which it is due (*i.e.*, by the sixth of the applicable calendar month), without requirement of any notice from Plaintiff, constitutes an "Event of Default" under the Loan Documents:

> Nonpayment of Interest and Principal. As to the nonpayment of interest, and installments of principal prior to the Maturity Date, or as to any payment which is made by an overdraft to Borrower's account which overdraft is not repaid within one (1) day, there shall be a five (5) day grace period without any requirement of notice from Lender.

*See id.* at § 11.2.2.

Upon occurrence of an Event of Default, the Loan Agreement authorizes Plaintiff to, *inter alia*, immediately accelerate or declare all obligations under the Loan Documents to become due and payable, including, without limitations, the entire principal of the Loan, all unpaid interest, and all other charges due to Plaintiff under the Loan Documents: "[i]f an Event of Default shall occur, Lender . . . [m]ay declare the Obligations immediately due and payable . . . ." *See id.* at § 11.3.

Furthermore, the Mortgage expressly authorizes the appointment of a receiver for the Property, without regard for the adequacy of the security for the debt or solvency of Defendant:

> Upon the occurrence and during the continuance of any Event of Default, Mortgagor agrees that Mortgagee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole

> discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee:
>
> . . .
>
> (g)    apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Mortgagor, any guarantor, indemnitor with respect to the Loan or of any Person liable for the payment of the Debt . . . .

*See Exhibit 2* at § 7.1.

### B.  The Property

The Property is occupied by multiple commercial tenants and is currently managed by SBG Management Services PA Inc. (the "Property Manager"). *See* Sheikh Declaration at ¶¶ 8 & 9. Philip Pulley (the "Pulley") is the principal of both Defendant and the Property Manager. *See id.* at ¶ 10.  Pulley is also the guarantor under the Loan Documents. *See id.* at ¶ 11.

### C.  Defendant's Defaults

Between December 2023 and October 2024, Defendant failed to make the monthly payments required under the Loan Documents within the five (5) day grace period set forth in the Loan Agreement. *See id.* at ¶ 12.  Furthermore, Defendant completely failed and refused to pay the monthly payments that were due under the Loan Documents on November 1, 2024, December 1, 2024, and January 1, 2025. *See id.* at ¶ 13.  Each such late payment and non-payment constitutes an Event of Default under the Loan Documents. *See Exhibit 1* at §§ 2.3, 11.1.1 & 11.2.2.

By way of that certain letter dated December 3, 2024 from Plaintiff's counsel to Defendant (the "Acceleration Notice"), Plaintiff declared the full amount of the Loan, together with all other amounts due under the Loan Documents, due and payable, demanding that all such amounts are paid to Plaintiff no later than December 13, 2024. A true and correct copy of the Acceleration Notice is attached hereto as *Exhibit 3*.  Defendant failed and refused to pay any portion of the

3

amounts set forth in the Acceleration Notice—which failure also constitutes an Event of Default under the Loan Agreement[1]—necessitating this foreclosure action. *See* Sheikh Declaration at ¶ 16.

### D. Pulley's Problems and Defendant's and the Property Manager's Inability to Manage the Property

In addition to the Events of Default set forth above and in the Complaint in Mortgage Foreclosure [ECF Doc. No. 1] (the "<u>Complaint</u>") filed in this action,[2] Plaintiff learned of further material circumstances that make it clear that neither Defendant nor the Property Manager are able to adequately maintain and protect the Property or stay focused on the Projects:

1. Defendant failed to pay the property and school taxes for the Property for the 2024 year in the aggregate amount of approximately $460,000 when such taxes became due. *See id.* at ¶ 18.

2. Defendant failed to complete the Projects as contemplated under the Loan Documents due to (among other things) cost overruns, going so far as failing to complete the Property garage buildout as to leave the garage structurally unsafe (according to Defendant's own structural engineer) and indefinitely delaying certain other aspects of the Projects. *See id.* at ¶ 19.

3. Defendant has repeatedly failed to provide Plaintiff with financial reporting required under the Loan Documents, notwithstanding repeated requests by Plaintiff for such reporting. *See id.* at ¶ 20.

---

[1] *See Exhibit 1* at §§ 1.1 (definition of "Maturity Date"), 2.3 & 11.2.1.

[2] The Complaint is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c).

4

4. In response to Plaintiff's requests for bank statements and other evidence showing Defendant's and Pulley's liquidity (as required under the Loan Documents), Pulley repeated told Plaintiff that he and Defendant were "out of money." *See id.* at ¶ 21.

5. When an employee of one of the contractors engaged by Defendant for the Projects was struck by a car, Defendant refused to provide Plaintiff with pertinent information even after being repeatedly requested by Plaintiff for such information. *See id.* at ¶ 22.

6. Two residential properties owned and operated by Pulley-controlled entities suffered partial collapses under Pulley's watch, one of which resulted in a lawsuit by the Commonwealth of Pennsylvania against the entities responsible for that property, which lawsuit is currently pending in the Court of Common Pleas for Philadelphia County, Pennsylvania. *Video shows moment apartment complex partially collapses in Philadelphia's Francisville section*, 6abc Action News (Oct. 7, 2024), https://6abc.com/post/darrah-school-apartments-philadelphias-francisville-neighborhood-partially-collapses-residents-evacuated/15399348/; *Philadelphia files lawsuit against Lindley Towers owner after apartment building collapse*, CBS News (Sept. 22, 2022), https://www.cbsnews.com/philadelphia/news/philadelphia-sbg-management-services-lindley-towers-collapse/; *Commonwealth of Pennsylvania v. Cresheim Valley Realty Co., L.P., et al.*, No. 230701198 (Pa. Com. Pl. Phila. Cnty.).[3]

7. Pulley has pled guilty of election fraud offenses before the Honorable Mitchell S. Goldberg and is currently awaiting sentencing. *Montgomery County Man Pleads Guilty to Election Fraud Offenses*, U.S. Dep't of Justice (Sept. 25, 2024),

---

[3] This Court may take judicial notice of the foregoing. Fed R. Evid. 201.

https://www.justice.gov/usao-edpa/pr/montgomery-county-man-pleads-guilty-election-fraud-offenses.[4]

8. Numerous entities owned and controlled by Pulley have defaulted on their loans in the aggregate amount of over $60MM, causing one lender, Fannie Mae, to institute foreclosure proceedings against such Pulley-controlled entities, which resulted in a receiver being appointed by the Honorable Cynthia M. Rufe for the properties subject to those foreclosure proceedings. *Fannie Mae v. Harrison Court Realty Co., L.P., et al.*, Case No. 2:24-cv-04722-CMR (E.D. Pa.).[5]

## II.    ARGUMENT

"In diversity suits, federal law governs the issue of whether a receiver should be appointed." *Wells Fargo Bank, N.A. v. CCC Atl., LLC*, 905 F. Supp. 2d 604, 610 (D.N.J. 2012) (citing *Maxwell v. Enter. Wall Paper Mfg. Co.*, 131 F.2d 400, 402 (3d Cir. 1942). *See also* Fed. R. Civ. P. 66 ("These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued.").

The Third Circuit courts have adopted the following standard in commercial mortgage foreclosure actions:

> When considering whether to appoint a receiver in the context of a mortgage foreclosure, the following factors guide the Court in its exercise of discretion: "the property is inadequate security for the loan; *the mortgage contract contains a clause granting the mortgagee the right to a receiver; the continued default of the mortgagor*; the probability that foreclosure will be delayed in the future; *the unstable financial status of the mortgagor*; [and] the misuse of project funds by the mortgagor."

---

[4] This Court may take judicial notice of the criminal proceedings against Pulley. Fed R. Evid. 201.

[5] This Court may take judicial notice of the foreclosure proceedings against the Pulley-controlled entities and the orders issued therein. Fed R. Evid. 201.

6

*CCC Atl., LLC*, 905 F. Supp. 2d at 614 (quoting *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991)) (emphasis added). *See also MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship v. Greater Lewistown Shopping Plaza, L.P.*, No. 4:16-CV-2090, 2017 WL 485958, at *3 (M.D. Pa. Feb. 6, 2017) (granting the appointment of a receiver based on the factors set forth in *CCC Atlantic*).

Of the *CCC Atlantic* factors, the right of the mortgagee to have a receiver appointed for the mortgaged property under the terms of the underlying mortgage is by far the biggest and most important factor for the courts to consider. *See CCC Atl., LLC*, 905 F. Supp. 2d at 615 ("The importance of these contractual provisions cannot be underestimated because they set apart this commercial foreclosure case from the traditional scenario in which a receiver is sought at equity and no such contractual provisions exist."); *Heyman v. Citimortgage, Inc.*, No. 14-1680-KM-MAH, 2019 WL 2642655, at *41 (D.N.J. June 27, 2019) ("The presence of a contractual stipulation to the appointment of a receiver is given considerable weight in the court's evaluation of whether a rent receiver should be appointed.") (quoting *In re Invs. Warranty of Am., Inc. v. B.W.E. Dev., L.L.C.*, No. CIV.09-4490 (WJM), 2010 WL 2557559, at *5 (D.N.J. June 23, 2010)); *MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship*, 2017 WL 485958, at *3 ("[T]he first, and primary, consideration is the text of the mortgage contract itself. . . . It is evident from the cited text that by the plain language of the mortgage contract, the parties have agreed to a receivership of the subject property . . . .").

Furthermore, while the federal law applies to appointment of a receiver in federal courts, the courts may also consider the underlying state law pertaining to receiverships. *See MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship*, 2017 WL 485958, at *4 ("The 'terms of a mortgage agreement are binding on the parties.' 'Great as are the equity powers of the court, it is yet to be suggested

7

that included in these powers is the power to nullify or impair a legal contract solemnly and intelligently entered into between competent parties.'") (quoting *Metro. Life Ins. Co. v. Liberty Ctr. Venture*, 650 A.2d 887, 891 (Pa. Super. Ct. 1994)); *Fifth Third Bank v. Double Tree Lake Ests., LLC*, No. 2:11-CV-0233-PPS-PRC, 2012 WL 1900123, at *2 (N.D. Ind. May 23, 2012) ("Federal Rule of Civil Procedure 66 provides that federal law applies to the appointment of a receiver in a federal court action, but the court may look to underlying state law for guidance in shaping relief.").

Pennsylvania state law authorizes (and, in fact, compels) courts to appoint a receiver in a foreclosure action if such appointment is authorized under the mortgage. *See Philadelphia Tr. Co. v. Northumberland Cnty. Traction Co.*, 101 A. 970, 974 (Pa. 1917) ("It is, therefore, clear that the terms of the mortgage contract cannot be altered or impaired by either the Legislature or the courts, and this applies to the remedies, or specific provision for its enforcement . . . ."); *Metro. Life Ins. Co.*, 650 A.2d at 891 ("We find that the terms of the mortgage clearly provide for the appointment of a receiver in the event of a default. . . . Accordingly, we find that the lower court did not abuse its discretion in enforcing the remedies under the mortgage.").

Importantly, "[n]o hearing is necessary where the facts support the appointment of a receiver . . . ." *MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship*, 2017 WL 485958, at *3 (M.D. Pa. Feb. 6, 2017) (quoting *Berk & Berk*, 767 F. Supp. at 597).

As set forth in the Sheikh Declaration and the Complaint, Defendant failed to timely pay many prior monthly installments and, in fact, completely refused to pay the installments that were due on November 1, 2024, December 1, 2024, and January 1, 2025, all of which constitute Events of Default under the Loan Documents. Furthermore, Defendant failed to pay the accelerated amount of the Loan after receiving the Acceleration Notice, which also constitutes an Event of

Default.  The Mortgage expressly authorizes appointment of a receiver upon the occurrence of an Event of Default. *See Exhibit 2* at § 7.1(g).  That alone authorizes this Court to appoint a receiver for the Property under the analysis adopted by the Third Circuit courts.  In fact, in the Order appointing a receiver for the properties involved in the Fannie Mae foreclosure action, Judge Rufe relied primarily on similar provisions in the underlying mortgages.[6]

Moreover, Defendant's current and prior conduct with respect to its obligations under the Loan Documents, the Property, and the Projects further support appointment of a receiver under the *CCC Atlantic* factors.  Plaintiff's defaults under the Loan Documents have been continuous and have not been cured.  Based on Defendant's representations that it was "out of money," failure to pay property and school taxes for the Property when due, repeated refusals to provide financial information, cost overruns that resulted in failure to complete the Projects (including, without limitation, leaving the garage in a structurally unsafe condition), it is clear Defendant's financial status is extremely unstable—another basis for appointing a receiver for the Property under *CCC Atlantic*.

Finally, the various troubles that Pulley and his various real estate ventures are currently facing make it even less likely that Defendant or the Property Manager (both of whom are operated by Pulley) will be able to operate and maintain the Property as to preserve its value during these foreclosure proceedings.  Pulley has pled guilty to voter fraud and is awaiting sentencing.  Some of the properties owned and operated by Pulley-controlled entities have suffered structural collapses, one of which resulted in a lawsuit against such entities. A large number of other properties owned by Pulley-controlled entities are also in foreclosure due to financial defaults in excess of $60MM.  Clearly, the entire complex Pulley enterprise is in dire financial situation, is

---

[6] *See Fannie Mae v. Harrison Court Realty Co., L.P., et al.*, Case No. 2:24-cv-04722-CMR (E.D. Pa. Oct. 18, 2024) [ECF Doc. No. 18].

9

spread much too thin, and neither Defendant nor the Property Manager can be entrusted with managing the Property in a way that adequately protects its value, particularly in light of the numerous distractions that require Pulley's attention.

All of the foregoing demonstrates that not only is the appointment of a receiver necessary to preserve the value of the Property during the pendency of this foreclosure action, the receiver needs to be appointed immediately, before Defendant and/or the Property Manager cause irreparable harm to the Property, including, without limitation, (1) injuries or even death due to structurally unsound construction of the Property garage; and (2) potential loss of tenants due to Defendant's and the Property Manager's inability to adequately operate the Property or run the Projects in a manner satisfactory to such tenants.

## III.   **PROPOSED RECEIVER**

Plaintiff has identified Trigild IVL, LLC ("Trigild") as the appropriate receiver for the Property.  Trigild's proposal—which sets forth its qualifications, proposed scope of work, and fees—is attached hereto for the Court's consideration as *Exhibit 4*.  Trigild is the receiver appointed by The Honorable Cynthia M. Rufe in the Fannie Mae foreclosure action for all of the properties involved in that action.[7]  Trigild has also been appointed as a receiver for large commercial properties in other cases[8] and, as such, is highly capable of managing the Property.

---

[7] *See Fannie Mae v. Harrison Court Realty Co., L.P., et al.*, Case No. 2:24-cv-04722-CMR (E.D. Pa. Oct. 18, 2024) [ECF Doc. No. 18].

[8] *See, e.g.*, *Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of Natixis Commercial Mortgage Securities Trust 2018-FL1, Commercial Mortgage Passthrough Certificates, Series 2018-FL-1 v. Philadelphia Center Realty Associates, L.P., et al.*, No. 23083391 (Pa. Com. Pl. Phila. Cnty., Sept. 7, 2023) (approving the stipulation for the appointment of Trigild as receiver for the Wanamaker Building in Philadelphia).

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff, ICON PSG 1 FL, LLC, respectfully requests that this Court grant its Motion for Expedited Appointment of a Receiver and enter an Order in the form submitted herewith.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  January 10, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ICON PSG 1 FL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JENKINS COURT REALTY CO., L.P.,<br><br>Defendant. | CIVIL ACTION<br><br>NO: 2:25-cv-00044-GAM |

## DECLARATION OF IBRAHIM SHEIKH IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED APPOINTMENT OF A RECEIVER

Pursuant to 28 U.S.C. § 1746, Ibrahim Sheikh hereby declares as follows:

1. I am over eighteen (18) years of age, of sound mind, and otherwise competent to make this Declaration. The facts set out herein are based on my personal knowledge.

2. I make this Declaration in support of the Motion for Expedited Appointment of a Receiver (the "Receivership Motion") filed contemporaneously herewith by Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff").

3. I am the President of Plaintiff.

4. Plaintiff made a loan to Defendant, Jenkins Court Realty Co., L.P. ("Defendant") in the principal amount of $20,500,000.00 (the "Loan") for the purpose of refinancing the then-existing debt on the Property (as defined below) and funding certain construction projects at the Property (collectively, the "Projects").

5. The Loan was memorialized by way of, *inter alia*, that certain Loan Agreement by and between Plaintiff and Defendant dated September 27, 2023 (the "Loan Agreement" and, collectively with the Mortgage (as defined below) and certain other documents executed in

conjunction with the Loan, the "Loan Documents"). A true and correct copy of the Loan Agreement is attached to the Receivership Motion as *Exhibit 1*.

6.    To secure its obligations under the Loan Documents, Defendant executed that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 22, 2023 (the "Mortgage") in favor of Plaintiff. A true and correct copy of the Mortgage is attached to the Receivership Motion as *Exhibit 2*.

7.    The Mortgage encumbers certain commercial real property with the street address of 610 Old York Road, Jenkintown Borough, Montgomery County, Pennsylvania, Parcel ID # 10-00-05364-00-8, more particularly described in Exhibit A to the Mortgage (the "Property").

8.    The Property is occupied by multiple commercial tenants.

9.    The Property is currently managed by SBG Management Services PA Inc. (the "Property Manager").

10.    Philip Pulley ("Pulley") is the principal of both Defendant and the Property Manager.

11.    Pulley is also the guarantor under the Loan Documents.

12.    Between December 2023 and October 2024, Defendant failed to make the monthly payments required under the Loan Documents within the five (5) day grace period set forth in the Loan Agreement.

13.    Furthermore, Defendant completely failed and refused to pay the monthly payments that were due under the Loan Documents on November 1, 2024, December 1, 2024, and January 1, 2025.

14.    Eash such late payment and non-payment constitutes an Event of Default under the Loan Documents.

15.     By way of that certain letter dated December 3, 2024 from Plaintiff's counsel to Defendant (the "Acceleration Notice"), Plaintiff declared the full amount of the Loan, together with all other amounts due under the Loan Documents, due and payable, demanding that all such amounts are paid to Plaintiff no later than December 13, 2024. A true and correct copy of the Acceleration Notice is attached to the Receivership Motion as *Exhibit 3*.

16.     Defendant failed and refused to pay any portion of the amounts set forth in the Acceleration Notice, necessitating this foreclosure action.

17.     In addition to the Events of Default set forth above, I have learned of further circumstances, set forth immediately below, that make it clear that neither Defendant nor the Property Manager are able to adequately maintain and protect the Property.

18.     Defendant failed to pay the property and school taxes for the Property for the 2024 year in the aggregate amount of approximately $460,000 when such taxes became due.

19.     Defendant failed to complete the Projects as contemplated under the Loan Documents due to (among other things) cost overruns, going so far as failing to complete the Property garage buildout as to leave the garage structurally unsafe (according to Defendant's own structural engineer) and indefinitely delaying certain other aspects of the Projects.

20.     Furthermore, Defendant has repeatedly failed to provide Plaintiff with financial reporting required under the Loan Documents, notwithstanding repeated requests by Plaintiff for such reporting.

21.     In fact, in response to Plaintiff's requests for bank statements and other evidence showing Defendant's and Pulley's liquidity (as required under the Loan Documents), Pulley repeated told Plaintiff that he and Defendant were "out of money."

22.     When an employee of one of the contractors engaged by Defendant for the Projects was struck by a car, Defendant refused to provide Plaintiff with pertinent information even after being repeatedly requested by Plaintiff for such information.

23.     Pulley has pled guilty of election fraud offenses before the Honorable Mitchell S. Goldberg and is currently awaiting sentencing.[1]

24.     Furthermore, two residential properties owned and operated by Pulley-controlled entities suffered partial collapses under Pulley's watch, one of which collapses resulted in a lawsuit by the Commonwealth of Pennsylvania against the entities responsible for that property, which lawsuit is currently pending in the Court of Common Pleas for Philadelphia County, Pennsylvania.[2]

25.     Finally, numerous entities owned and controlled by Pulley have defaulted on their loans in the aggregate amount of over $60MM, causing the lender, Fannie Mae, to institute foreclosure proceedings against such Pulley-controlled entities and get a receiver appointed for the properties involved in the foreclosure proceedings by the Honorable Cynthia M. Rufe.[3]

26.     Based on the foregoing, I believe that Defendant (and, for that matter, any entity controlled by Pulley) has neither the funds nor the ability to adequately operate or manage the Property.

---

[1] See *Montgomery County Man Pleads Guilty to Election Fraud Offenses*, U.S. Dep't of Justice (Sept. 25, 2024), https://www.justice.gov/usao-edpa/pr/montgomery-county-man-pleads-guilty-election-fraud-offenses.

[2] See *Video shows moment apartment complex partially collapses in Philadelphia's Francisville section*, 6abc Action News (Oct. 7, 2024), https://6abc.com/post/darrah-school-apartments-philadelphias-francisville-neighborhood-partially-collapses-residents-evacuated/15399348/; *Philadelphia files lawsuit against Lindley Towers owner after apartment building collapse*, CBS News (Sept. 22, 2022), https://www.cbsnews.com/philadelphia/news/philadelphia-sbg-management-services-lindley-towers-collapse/; *Commonwealth of Pennsylvania v. Cresheim Valley Realty Co., L.P., et al.*, No. 230701198 (Pa. Com. Pl. Phila. Cnty.)

[3] See *Fannie Mae v. Harrison Court Realty Co., L.P., et al.*, Case No. 2:24-cv-04722-CMR (E.D. Pa.).

27.     Furthermore, Pulley's upcoming sentencing, the currently pending foreclosure by Fannie Mae on a number of properties owned by Pulley-controlled entities, and the fact that Defendant recently completely stopped meeting its financial and other obligations under the Loan Documents lead me to believe that an independent third party has to take over the Property management on an emergency basis in order to preserve the value of the Property during these foreclosure proceedings.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: January 10, 2025                    _____

                                                 Ibrahim Sheikh

5

# Exhibit 1

### LOAN AGREEMENT

Dated: As of September 27, 2023

By and Between

**JENKINS COURT REALTY CO., L.P.,**
a Pennsylvania limited partnership

("Borrower"),

and

**ICON PSG 1 FL, LLC,**
a Delaware limited liability company

("Lender")

**UP TO $20,500,000 LOAN**

**SECURED BY PROPERTY LOCATED AT:**

610 Old York Road
Jenkintown, PA 19046

1

TABLE OF CONTENTS

Page

1.   BACKGROUND.................................................................................................9
     1.1   Defined Terms....................................................................................9
     1.2   Borrower ..........................................................................................17
     1.3   Land and Improvements; Property ...................................................17
     1.4   Use of Loan Proceeds ......................................................................17
     1.5   Guaranty and Indemnity...................................................................17
     1.6   Loan..................................................................................................18

2.   LOAN PROVISIONS. ....................................................................................18
     2.1   Amount of Loan................................................................................18
     2.2   Term of Loan....................................................................................18
     2.3   Interest Rate and Payment Terms.....................................................18
           2.3.1   Interest and Monthly Payments .............................................18
           2.3.2   Prepayment.............................................................................18
           2.3.3   Default Rate and Late Charges...............................................18
           2.3.4   Method of Payment; Date of Credit.......................................19
           2.3.5   Application of Payments .........................................................19
           2.3.6   Maturity ..................................................................................19
     2.4   Fees ..................................................................................................19
           2.4.1   Commitment Fee .....................................................................19
     2.5   Acceleration.....................................................................................20

3.   SECURITY FOR THE LOAN; LOAN AND SECURITY DOCUMENTS ...........20
     3.1   Security.............................................................................................20
           3.1.1   Mortgage.................................................................................20
           3.1.2   Assignment of Leases and Rents............................................20
           3.1.3   Assignment of Contracts, Licenses and Permits....................20
           3.1.4   Guaranty..................................................................................20
           3.1.5   ADA and Environmental Indemnity........................................21
           3.1.6   Pledge and Security Agreement..............................................21
           3.1.7   Collateral Assignment of Management Agreement..................21
           3.1.8   Other........................................................................................21
     3.2   Loan Documents and Security Documents .......................................21

4.   CONTINUING AUTHORITY OF AUTHORIZED REPRESENTATIVES............22

5.   LENDER'S CONSULTANTS............................................................................22
     5.1   Right to Employ................................................................................22

2

| 5.2 | Functions | 22 |
| 5.3 | Payment | 22 |
| 5.4 | Access | 22 |
| 5.5 | No Liability | 22 |
| 6. | PROJECT COMPLETION AND LOAN ADVANCES | 23 |
| 6.1 | Capital Improvements and Tenant Improvements | 23 |
| 6.2 | Advances | 24 |
| 6.3 | Starbucks Construction Obligations | 27 |
| 7. | CONDITIONS PRECEDENT TO CLOSING | 27 |
| 7.1 | Satisfactory Loan Documents | 28 |
| 7.2 | No Material Change | 28 |
| 7.3 | Warranties and Representations Accurate | 28 |
| 7.4 | Financials | 28 |
| 7.5 | Validity and Sufficiency of Security Documents | 28 |
| 7.6 | No Other Liens; Taxes and Municipal Charges Current | 28 |
| 7.7 | Property Matters | 28 |
| 7.8 | Compliance With Law | 29 |
| 7.9 | Title Insurance; other Evidence of Perfection | 29 |
| 7.10 | Survey | 29 |
| 7.11 | Condition of Property | 29 |
| 7.12 | No Takings | 30 |
| 7.13 | Insurance | 30 |
| 7.14 | Utilities; Water; Drainage | 30 |
| 7.15 | Hazardous Waste, Hazardous Materials and Toxic Substances | 30 |
| 7.16 | Organizational Documents and Entity Agreements | 30 |
| 7.17 | Votes, Consents and Authorizations | 30 |
| 7.18 | Legal and Other Opinions | 30 |
| 7.19 | No Default | 30 |
| 7.20 | Lease Audit | 30 |
| 8. | WARRANTIES AND REPRESENTATIONS | 30 |
| 8.1 | Financial Information | 31 |
| 8.2 | No Violations | 31 |
| 8.3 | No Litigation | 31 |

3

|  |  |  |
|---|---|---|
| 8.4 | Leases | 31 |
| 8.5 | Compliance With Legal Requirements | 31 |
| 8.6 | Required Licenses and Permits | 31 |
| 8.7 | Curb Cuts and Utility Connections | 31 |
| 8.8 | Good Title and No Liens | 32 |
| 8.9 | Use of Proceeds | 32 |
| 8.10 | Entity Matters | 32 |
| | 8.10.1 Organization | 32 |
| | 8.10.2 Ownership and Taxpayer Identification Numbers | 32 |
| | 8.10.3 Authorization | 32 |
| | 8.10.4 Fiscal Year | 32 |
| 8.11 | Tax Filings | 32 |
| 8.12 | Solvency | 33 |
| 8.13 | Intentionally Omitted | 33 |
| 8.14 | Flood Zone | 33 |
| 8.15 | Insurance | 33 |
| 8.16 | Condemnation | 33 |
| 8.17 | Valid and Binding | 33 |
| 8.18 | Deferred Compensation and ERISA | 33 |
| 8.19 | Conditions Satisfied | 34 |
| 8.20 | No Material Adverse Change; No Default  or Event of Default | 34 |
| 8.21 | No Broker or Finder | 34 |
| 8.22 | Background Information and Certificates | 34 |
| 8.23 | Guarantor's Warranties and Representations | 34 |
| 8.24 | Equity in the Property | 34 |
| 9. | COVENANTS | 34 |
| 9.1 | Notices | 34 |
| 9.2 | Financial Statements and Reports | 34 |
| | 9.2.1 Annual Statements | 35 |
| | 9.2.2 Periodic Statements | 35 |
| | 9.2.3 Data Received; Data Requested | 35 |
| | 9.2.4 Tax Returns | 36 |
| | 9.2.5 Lease Notices | 36 |
| | 9.2.6 Guarantor's Statements | 36 |
| | 9.2.7 Debt Yield | 36 |
| 9.3 | Payment of Taxes and Other Obligations | 36 |
| 9.4 | Conduct of Business; Compliance With Law | 36 |

4

9.5    Insurance ....................................................................................................36

9.6    Restrictions on Liens, Transfers and Additional Debt.................................37

    9.6.1   Prohibited Transactions....................................................................37
    9.6.2   Permitted Transactions.....................................................................37
    9.6.3   Permitted Transfers ..........................................................................37
    9.6.4   Permitted Additional Debt................................................................37
    9.6.5   Lender's Options ..............................................................................37

9.7    Limits on Guaranties and Distributions.......................................................38

9.8    Restrictions on Investments ........................................................................38

9.9    Indemnification Against Payment of Brokers' Fees .....................................38

9.10   Limitations On Certain Transactions ...........................................................38

    9.10.1  No Merger or Acquisition.................................................................38
    9.10.2  Contracts of a Material or Significant Nature....................................38

9.11   Property Management...................................................................................39

    9.11.1  Modification/Amendment of Management Agreement.......................39
    9.11.2  Removal/Replacement of Manager ...................................................39

9.12   Intentionally Omitted...................................................................................39

9.13   Place for Records: Inspection.......................................................................40

9.14   Costs and Expenses .....................................................................................40

9.15   Handicapped Access.....................................................................................40

9.16   Zoning..........................................................................................................41

9.17   Compliance with Legal Requirements ..........................................................41

9.18   Contingency..................................................................................................41

9.19   Foreign Assets Control Regulations .............................................................41

9.20   Indemnification.............................................................................................41

9.21   Leasing Matters ............................................................................................42

    9.21.1  Approval Required.............................................................................42
    9.21.2  Approval Procedures and Conditions ...............................................42
    9.21.3  Estoppel Certificates.........................................................................43
    9.21.4  Delivery of Copies to Lender............................................................43
    9.21.5  Compliance.......................................................................................43

9.22   Updated Appraisals.......................................................................................43

9.23   Replacement Documentation.........................................................................43

9.24   [Reserved]....................................................................................................43

10.  SPECIAL PROVISIONS...........................................................................................44

10.1   Right to Contest............................................................................................44

    10.1.1  Taxes and Claims by Third Parties....................................................44

5

10.1.2 Legal Requirements............................................................................44

11. EVENTS OF DEFAULT......................................................................................45

11.1 Default and Events of Default .................................................................45

11.1.1 Generally.....................................................................................45
11.1.2 Note, Mortgage and Other Loan Documents.............................45
11.1.3 Financial Status and Insolvency.................................................45
11.1.4 Liens...........................................................................................46
11.1.5 Breach of Representation or Warranty.......................................46
11.1.6 Default Under Assigned Contract ..............................................46
11.1.7 Guarantor Default ......................................................................46
11.1.8 Alterations/Construction............................................................46
11.1.9 [Reserved] ..................................................................................46
11.1.10 Change of Control.....................................................................46

11.2 Grace Periods and Notice .......................................................................46

11.2.1 No Notice or Grace Period.........................................................46
11.2.2 Nonpayment of Interest and Principal.......................................47
11.2.3 Other Monetary Defaults............................................................47
11.2.4 Nonmonetary Defaults Capable of Cure....................................47

11.3 Certain Lender Remedies ........................................................................47

11.3.1 Accelerate Debt..........................................................................47
11.3.2 Pursue Remedies.........................................................................47
11.3.3 Written Waivers..........................................................................47

12. ADDITIONAL REMEDIES OF LENDER.........................................................47

12.1 Remedies.................................................................................................47

12.1.1 Enter and Perform......................................................................48
12.1.2 Discontinue Work.......................................................................48
12.1.3 Exercise Rights...........................................................................48
12.1.4 Other Actions.............................................................................48

12.2 Reimbursement.......................................................................................48

12.3 Power of Attorney...................................................................................48

13. SET-OFF ............................................................................................................50

13.1 Set-off.....................................................................................................50

13.2 Right to Freeze .......................................................................................50

13.3 Additional Rights....................................................................................50

14. CASUALTY AND TAKING................................................................................50

14.1 Casualty and Obligation To Repair........................................................50

14.2 Adjustment of Claims.............................................................................50

14.3 Payment and Application of Insurance Proceeds ...................................50

6

14.4 Conditions To Release of Insurance Proceeds.........................................................51

14.5 Taking ........................................................................................................................51

15. GENERAL PROVISIONS..................................................................................................51

15.1 Notices ......................................................................................................................51

15.2 Further Assurances....................................................................................................52

15.3 Parties Bound............................................................................................................52

15.4 Waivers, Extensions and Releases...........................................................................52

15.5 Governing Law; Consent to Jurisdiction; Mutual Waiver of Jury Trial.......................53

15.5.1 Governing Law..................................................................................................53
15.5.2 Consent to Jurisdiction....................................................................................53
15.5.3 JURY TRIAL WAIVER.....................................................................................53

15.6 Survival......................................................................................................................53

15.7 Cumulative Rights.....................................................................................................53

15.8 Claims Against Lender...............................................................................................53

15.8.1 Borrower Must Notify ......................................................................................53
15.8.2 Remedies.........................................................................................................53
15.8.3 Limitations.......................................................................................................54

15.9 Obligations Absolute .................................................................................................54

15.10 Table of Contents, Title and Headings.....................................................................54

15.11 Counterparts.............................................................................................................54

15.12 Right to Sell..............................................................................................................54

15.13 Right to Participate....................................................................................................55

15.14 Splitting the Loan......................................................................................................55

15.15 Credit Information......................................................................................................55

15.16 Time of the Essence..................................................................................................56

15.17 Integration/No Oral Change......................................................................................56

15.18 Monthly Statements..................................................................................................56

15.19 USA Patriot Act Notification ....................................................................................56

15.20 Publicity....................................................................................................................56

15.21 Waiver of Consequential Damages............................................................................57

168215.00401/132065245v.7

<u>EXHIBITS</u>

Exhibit A         -    Organizational Chart

Exhibit B         -    Authorized Representatives

Exhibit C         -    Required Property, Hazard and Other Insurance

Exhibit D         -    Draw Schedule

8

168215.00401/132065245v.7

LOAN AGREEMENT

This loan agreement ("**Loan Agreement**" or "**Agreement**") is made and entered into as of the 27th day of September, 2023, by and between **JENKINS COURT REALTY CO., L.P.,**, a Pennsylvania limited partnership, having an address at PO Box 549, Abington, PA 19001 ("**Borrower**") and **ICON PSG 1 FL, LLC**, a Delaware limited liability company, having its principal place of business at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046, Attention: Cameron Lawson ("**Lender**").

WITNESSETH:

1.    BACKGROUND.

1.1    Defined Terms.   As used herein, the following terms shall have the meanings set forth below:

"**Acceptance Notice**" as defined in Section 9.25.

"**Access Laws**" as defined in Section 9.15.

"**Act**" as defined in Section 15.18.

"**ADA and Environmental Indemnity**" as defined in Section 3.1.5.

"**Agreement**" as defined in the Preamble.

"**Annual Budget**" means that certain annual budget for the Property setting forth expected revenue, expenses, less costs and capital expenditures as reviewed and approved by Lender.

"**Appraisal**" means a FIRREA compliant appraisal prepared by an appraiser selected by Lender, who shall be: (i) an MAI member with not less than ten (10) years' of experience appraising properties of a similar type to the Property in the general geographical area of the Property, and (ii) otherwise qualified pursuant to provisions of applicable laws and regulations under and pursuant to which Lender operates.

"**Assignee**" as defined in Section 15.12.

"**Assignment of Contracts**" as defined in Section 3.1.3.

"**Assignment of Leases and Rents**" as defined in Section 3.1.2.

"**Authorized Representatives**" as defined in Section 4 and listed on Exhibit B.

"**Borrower**" as defined in the Preamble.

"**Budget**" as defined in Section 6.1(d)(iv).

"**Business Day**" means any day of the year on which offices of the Lender are not required or authorized by law to be closed for business in Columbia, Maryland.  If any day on which a payment is due is not a Business Day, then the payment shall be due on the next day following which is a Business Day. Further, if there is no corresponding day for a payment in the given calendar month (*i.e.*, there is no "February 30th"), the payment shall be due on the last Business Day of the calendar month.

9

"**Change of Control**" shall mean any time in which anyone has the ability to, directly or indirectly, ultimately control the day-to-day operations of the Borrower.

"**Casualty**" as defined in Section 14.1.

"**Closing Date**" means the date hereof.

"**Collateral**" as defined in Section 7.5.

"**Collateral Assignment of Management Agreement**" as defined in Section 3.1.7.

"**Commitment Fee**" as defined in Section 2.4.1.

"**Construction Costs**" as defined in Section 6.

"**Consultant**" as defined in Section 5.1.

"**Contingency Funds**" as defined in Section 9.18.

"**Contract**" as defined in Section 15.20.

"**Cost To Repair**" as defined in Section 14.3.

"**Current Management Agreement**" means that certain Management Agreement between Borrower and Current Manager dated as of October 28, 2021, as may be amended or modified in accordance with the terms of this Agreement and the Collateral Assignment of the Management Agreement.

"**Current Manager**" means SBG Management Services PA Inc., a Pennsylvania corporation.

"**Debt Yield**" means shall mean a ratio, as determined by Lender, in which, as of any date of determination by Lender: (i) the numerator is the net cash flow, and (ii) the denominator is the outstanding principal balance of the Loan.

"**Default**" as defined in Section 11.1.

"**Default Rate**" as defined in Section 2.3.3.

"**Dogtopia Lease**" that certain Lease between Borrower and Dogtopia dated as of February 15, 2021, as amended by that certain First Amendment to Lease Agreement dated as of February 1, 2022.

"**Dollars**" or "**$**" means lawful money of the United States.

"**Draw Schedule**" means as set forth on Exhibit D and which may not be amended without the prior written approval of Lender, which approval shall be in Lender's sole and absolute discretion.

"**Eligible Institution**" means a depository institution or trust company insured by the Federal Deposit Insurance Corporation the short term unsecured debt obligations or commercial paper of which are rated at least A-1 by S&P, P-1 by Moody's, and F-1+ by Fitch, Inc. in the case of accounts in which funds are held for thirty (30) days or less or, in the case of Letters of Credit or accounts in which funds are held for more than thirty (30) days, the long term unsecured debt obligations of which are rated at least "A-" by Fitch or S&P and "A3" by Moody's.

10

"**Environmental Laws**" as defined in the ADA and Environmental Indemnity.

"**ERISA and ERISA Plan**" each as defined in Section 8.18.

"**Event of Default**" as defined in Section 11.1.

"**Exit Fee**" as defined in Section 2.4.2.

"**Extension Term** as defined in Section 2.2.

"**Fee Letter**" as defined in Section 3.2.

"**GAAP**" means generally accepted accounting principles as set forth in the opinions and pronouncements of the Accounting Principles Board and the American Institute of Certified Public Accountants and statements and pronouncements of the Financial Accounting Standards Board (or agencies with similar functions of comparable stature and authority within the accounting profession), or in such other statements by such entity as may be in general use by significant segments of the U.S. accounting profession

"**General Contractor**" means SBG Management Services Inc.

"**Governmental Authority**" means any governmental department, commission, board, bureau, agency, regulatory authority, instrumentality, judicial or administrative body, federal, state, local, or foreign having jurisdiction over the matter or matters in question.

"**Guaranty**" as defined in Section 3.1.4.

"**Guarantor**" as defined in Section 1.5.

"**Hazardous Materials**" means and include asbestos, flammable materials, explosives, radioactive substances, polychlorinated biphenyls, radioactive substances, other carcinogens, oil and other petroleum products, pollutants or contaminants that could be a detriment to the environment, and any other hazardous or toxic materials, wastes, mold or substances which are defined, determined or identified as such in any past, present or future federal, state or local laws, rules, codes or regulations, or any judicial or administrative interpretation of such laws, rules, codes or regulations.

"**Improvements**" as defined in Section 1.3.

"**Indemnified Party**" as defined in Section 9.20.

"**Indemnitors**" as defined in Section 3.1.5.

"**Insurance Escrow**" as defined in Section 6.2(c).

"**Interest Rate**" means WSJ Prime plus four and one-half percent (4.50%) per annum. Notwithstanding any provision of any Loan Document, for the purpose of calculating interest under this Agreement, the Interest Rate shall not be less than 10.5%.

"**Investment**" means the acquisition of any real or tangible personal property or of any stock or other security, any loan, advance, bank deposit, money market fund, contribution to capital, extension of credit (except for accounts receivable arising in the ordinary course of business and payable in accordance with customary terms), or purchase or commitment or option to purchase or otherwise acquire real estate

11

or tangible personal property or stock or other securities of any party or any part of the business or assets comprising such business, or any part thereof.

"**Land**" as defined in Section 1.3.

"**Legal Requirements**" means all applicable federal, state, county and local laws, by-laws, rules, regulations, codes and ordinances, and the requirements of any governmental agency or authority having or claiming jurisdiction with respect thereto, including, but not limited to, those applicable to zoning, subdivision, building, health, fire, safety, sanitation, the protection of the handicapped, and environmental matters and shall also include all orders and directives of any court, governmental agency or authority having or claiming jurisdiction with respect thereto.

"**Lender**" as defined in the Preamble.

"**Licenses and Permits**" means all licenses, permits, authorizations and agreements issued by or agreed to by any Governmental Authority or by a private party pursuant to a Permitted Title Exception, and including, but not limited to, building permits, occupancy permits and such special permits, variances and other relief as may be required pursuant to Legal Requirements which may be applicable to the Property or the Property.

"**Lien**" means any interest, or claim thereof, in the Property securing an obligation owed to, or a claim by, any Person other than the owner of the Property, whether such interest is based on common law, statute or contract, including the lien or security interest arising from a Mortgage, mortgage, assignment, encumbrance, pledge, security agreement, conditional sale or trust receipt or a lease, consignment or bailment for security purposes.  The term "Lien" shall include reservations, exceptions, encroachments, easements, rights of way, covenants, conditions, restrictions, leases and other title exceptions and encumbrances affecting the Property.

"**Loan**" as defined in Section 1.4.

"**Loan Agreement**" as defined in the Preamble.

"**Loan Documents**" as defined in Section 3.2.

"**Lock-Out Period**" as defined in Section 2.3.2.

"**MAI**" means a member of the Appraisers Institute.

"**Major Lease**" means any lease that demises more than 2,500 square feet at the Property.

"**Management Agreement**" means the Current Management Agreement and any subsequent management agreement entered into by the Borrower in accordance with the terms of this Agreement and the Collateral Assignment of the Management Agreement with a Manager, pursuant to which such Manager is to provide management and other services with respect to the Property.

"**Manager**" means Current Manager and any subsequent manager or successor, if any, as shall have been reasonably approved by Lender.

"**Material Adverse Change**" means (i) a material adverse change in, or a material adverse effect on, the operations, business, assets, properties, liabilities (actual or contingent), condition (financial or otherwise) or prospects of the Borrower, the Guarantor, and their respective affiliates and subsidiaries, taken as a whole; (ii) a material impairment of the rights and remedies of the Lender under the Loan

12

Documents, or of the ability of the Borrower or the Guarantor to perform their respective obligations under any documentation for the Loan to which it is a party; or (iii) a material adverse effect upon the legality, validity, binding effect or enforceability against the Borrower or the Guarantors of any documentation for the Loan to which it is a party.

"**Maturity Date**" means the earlier to occur of the Stated Maturity Date or such earlier date on which the final payment of principal of the Note becomes due and payable as therein or herein provided, whether at such stated maturity date, by declaration of acceleration, or otherwise.

"**Minimum Earned Interest**" means an amount equal to $3,792,500 (*i.e.*, 18.5% of the Loan).

"**Mortgage**" as defined in Section 3.1.1.

"**Note**" as defined in Section 3.2(ii).

"**Obligations**" as defined in Section 3.1.

"**Offer**" as defined in Section 9.25.

"**Option Period**" as defined in Section 9.25.

"**Original Appraisal**" as defined in Section 9.2.

"**Participant**" as defined in Section 15.13.

"**Partnership Agreement**" as defined in Section 7.16.

"**Payment Date**" as defined in Section 2.3.1.

"**Permitted Additional Debt**" as defined in Section 9.6.4.

"**Permitted Title Exceptions**" as defined in the Mortgage.

"**Permitted Transactions**" as defined in Section 9.6.2.

"**Permitted Transfers**" as defined in Section 9.6.3.

"**Person**" means any individual, corporation, partnership, joint venture, association, joint stock company, trust, trustee, estate, limited liability company, unincorporated organization, real estate investment trust, government or any agency or political subdivision thereof, or any other form of entity.

"**Plans**" means those certain plans and specifications with respect to the Capital Improvements and Tenant Improvements, approved by Lender.

"**Pledge Agreement**" as defined in Section 3.1.6.

"**Precious One Lease**" that certain Lease between Borrower and Precious One dated as of February 15, 2021, as amended by that certain First Amendment to Lease Agreement dated as of February 1, 2022.

"**Project**" means certain tenant improvements and building improvements with respect to the Property, as set forth on the Plans.

13

168215.00401/132065245v.7

"**Property**" as defined in Section 1.3.

"**Repair Work**" as defined in Section 14.1.

"**Reportable Event**" as defined in Section 8.17.

"**Registered Land Surveyor**" means a land surveyor or engineer licensed as such in the jurisdiction where the Property is situated.

"**Reserve Percentage**" means the maximum aggregate reserve requirement (including all basic, supplemental, marginal and other reserves) which is imposed on member banks of the Federal Reserve System against "Euro-currency Liabilities" as defined in Regulation D.

"**Restoration Threshold**" means Two Hundred Fifty Thousand and 00/100 Dollars ($250,000.00).

"**Security**" as defined in Section 3.1.

"**Security Documents**" as defined in Section 3.2.

"**Single Purpose Entity**" means a corporation, limited partnership or limited liability company which at all times on and after the date hereof, unless otherwise approved in writing by the Lender:

(a)      is organized solely for the purpose of acquiring, developing, owning, holding, selling, leasing, transferring, exchanging, managing and operating the Property, entering into this Agreement, refinancing the Property in connection with a permitted repayment of the Loan, and transacting any and all lawful business that is incident, necessary and appropriate to accomplish the foregoing;

(b)      is not engaged and will not engage in any business unrelated to the acquisition, development, ownership, management or operation of the Property;

(c)      does not have and will not have any assets other than those related to the Property;

(d)      has not engaged, sought or consented to and will not engage in, seek or consent to any dissolution, winding up, liquidation, consolidation, merger, sale of all or substantially all of its assets, transfer of partnership or membership interests in violation of this Agreement (if such entity is a general partner in a limited partnership or a member in a limited liability company), or any amendment of its articles of incorporation, by-laws, limited partnership certificate, limited partnership agreement, articles of organization, certificate of formation or operating agreement (as applicable) with respect to the matters set forth in this definition without the prior written consent of the Lender;

(e)      if such entity is (i) a limited liability company, has articles of organization, a certificate of formation and/or an operating agreement, as applicable, (ii) a limited partnership, has a certificate of limited partnership and limited partnership agreement, or (iii) a corporation, has a certificate of incorporation or articles of incorporation, that in each case provide that such entity shall not, without the consent without the unanimous written consent of all of its partners or members:  (A) dissolve, merge, liquidate or consolidate itself or any Person in which it has a direct or indirect legal or beneficial ownership interest; (B) sell all or substantially all of its assets or the assets of any other Person in which it has a direct or indirect legal or beneficial ownership interest; (C) engage in any other business activity or permit any Person in which it has a direct or indirect legal or beneficial ownership interest to engage in any other business activity, in each case except as permitted pursuant to the Loan Documents, (D) file a bankruptcy or insolvency petition or otherwise institute insolvency proceedings with respect to itself or to any other Person in which it has a direct or indirect legal or beneficial ownership interest, or (E) amend its organizational documents with respect to the matters set forth in this definition without the consent of the Lender;

14

168215.00401/132065245v.7

(f)      is and will remain solvent and pay its debts and liability (including, as applicable, shared personnel and overhead expenses) from its assets as the same shall become due, and is maintaining and will maintain adequate capital for the normal obligations reasonably foreseeable in a business of its size and character and in light of its contemplated business operations;

(g)      has not failed and will not fail to correct any known misunderstanding regarding the separate identity of such entity;

(h)      has maintained and will maintain its accounts, books and records separate from any other Person and will file its own tax returns, except to the extent that it is required to file consolidated tax returns by law;

(i)      has not commingled and will not commingle its funds or assets with those of any other Person;

(j)      has held and will hold its assets in its own name;

(k)      has maintained and will maintain financial statements that properly and accurately show its separate assets and liabilities and do not show the assets or liabilities of any other Person, and has not permitted and will not permit its assets to be listed as assets on the financial statement of any other entity;

(l)      has paid and will pay its own liabilities and expenses, including, but not limited to, the salaries of its own employees (if any), out of its own funds and assets, and has maintained and will maintain a sufficient number of employees in light of its contemplated business operations;

(m)      has observed and will observe all corporate, partnership or limited liability company formalities, as applicable;

(n)      has not incurred and will not incur any debt other than (a) with respect to Borrower, the Loan and (b) with respect to Borrower, Permitted Additional Debt.  No debt other than the Loan may be secured (subordinate or *pari passu*) by the Property;

(o)      has not and will not assume or guarantee or become obligated for the debts of any other Person or hold out its credit as being available to satisfy the obligations of any other Person except as permitted pursuant to this Agreement;

(p)      has not and will not acquire obligations or securities of its members or shareholders or any other affiliate;

(q)      has allocated and will allocate fairly and reasonably any overhead expenses that are shared with an affiliate, including, but not limited to, paying for shared office space and services performed by any officer or employee of an affiliate;

(r)      maintains and uses and will maintain and use separate invoices and checks bearing its name. The stationary, invoices, and checks utilized by the Single Purpose Entity or utilized to collect its funds or pay its expenses shall bear its own name and shall not bear the name of any other entity unless such entity is clearly designated as being the Single Purpose Entity's agent;

(s)      except in connection with the Loan, has not pledged and will not pledge its assets for the benefit of any other Person;

(t)      has conducted business, held itself out and identified itself and will conduct business, hold itself out and identify itself as a separate and distinct entity under its own name or in a name franchised or

15

licensed to it by a Person other than an affiliate of Borrower and not as a division or part of any other Person;

(u)    has maintained and will maintain its assets in such a manner that it will not be costly or difficult to segregate, ascertain or identify its individual assets from those of any other Person;

(v)    has not made and will not make loans to any Person or hold evidence of indebtedness issued by any other Person (other than cash and securities issued by an entity that is not an affiliate or subject to common ownership with such entity);

(w)    has not identified and will not identify its partners, members or shareholders, or any affiliate of any of them, as a division or part of it, and has not identified itself and shall not identify itself as a division of any other Person;

(x)    has not entered into or been a party to, and will not enter into or be a party to, any transaction with its partners, members, shareholders or affiliates except in the ordinary course of its business and on terms which are intrinsically fair, commercially reasonable and are no less favorable to it than would be obtained in a comparable arm's-length transaction with an unrelated third party;

(y)    has not and will not have any obligation to indemnify its partners, officers, directors or members, as the case may be, unless such obligation is fully subordinated to the Obligations and will not constitute a claim against it in the event that, after payment of the Obligations, cash flow is insufficient to pay such obligation;

(z)    does not and will not have any of its obligations guaranteed by any affiliate except as specified in the Loan Documents.

"**Starbucks Construction Obligations**" means certain of Borrower's construction obligation under the Starbucks Lease.

"**Starbucks Lease**" means a lease to be entered into after the date hereof between Borrower, as landlord, and Starbucks Corporation, a Washington corporation, as tenant, for approximately 2,400 square feet of the Property.

"**Stated Maturity Date**" means March 27, 2025.

"**Statement**" as defined in Section 15.18.

"**Surveyor**" and "**Survey Plan**" each as defined in Section 1.3.

"**Tenant Improvements**" those certain improvements required to be made by Borrower under the Dogtopia Lease, the Precious One Lease and the Tiny Town Lease and as budgeted for in the Budget and set forth in the Draw Schedule.

"**Term** as defined in Section 2.2.

"**Tiny Town Lease**" that certain lease between Borrower and Tiny Town, LLC effective as of August 17, 2023.

"**Transaction**" as defined in Section 9.25.

"**Transfer**" means:

16

(a)    any sale, transfer, conveyance, hypothecation, encumbrance, lease or vesting of the Property) or any part thereof or interest therein to any Person, whether voluntary, involuntary, by operation of law, or otherwise, except the Permitted Title Exceptions;

(b)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any general partnership interest in Borrower to any Person (if Borrower is a partnership) whether voluntary, involuntary, by operation of law, or otherwise;

(c)    any sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any membership interest, partnership or other in Borrower to any Person (if Borrower is a limited liability company) whether voluntary, involuntary, by operation of law, or otherwise; or

(d)    any (i) sale, transfer, assignment, conveyance, hypothecation, encumbrance or vesting of any shares of stock in Borrower to any Person or (ii) any consolidation or merger of Borrower into or with any Person (in each of (i) or (ii) above, if Borrower is a corporation) whether voluntary, involuntary, by operation of law, or otherwise.

"**UCC**" means the Uniform Commercial Code in effect in the Commonwealth of Pennsylvania.

"**Underwriting Fee**" as defined in Section 2.4.3.

"**Updated Appraisal**" as defined in Section 9.22.

"**WSJ Prime**" means the prime rate of interest for commercial borrowings published from time to time by the Wall Street Journal, provided that if at any time the Wall Street Journal ceases to be published or ceases to publish such prime rate, Lender shall select a nationally recognized substitute publication comparable to the Wall Street Journal for use in determining such prime rate, and Lender shall provide written notice to Borrower of any such substitution.

1.2    Borrower.  Borrower is a limited partnership, organized under the laws of the Commonwealth of Pennsylvania. Land and Improvements; Property.  Borrower is the owner of the land ("**Land**") and the improvements thereon (collectively, the "**Improvements**") located at 610 Old York Road, Jenkintown, Pennsylvania, and more particularly described in the Mortgage and also shown on the plan dated June 29, 2023, and last revised on _____, 2023 ("**Survey Plan**") prepared by Carroll Engineering Corporation ("**Surveyor**") as Job No. 20-1822.01.  The Land and Improvements are collectively referred to herein as the "**Property**".

1.4    Use of Loan Proceeds.  Borrower has applied to Lender for a loan of Twenty Million Five Hundred Thousand and 00/100 Dollars ($20,500,000.00) ("**Loan**") the proceeds of which are to be used (a) to refinance existing debt on the Property, (b) to pay the costs and expenses incident to closing the Loan, and (c) to fund the construction of the Capital Improvements and the Tenant Improvements pursuant to and in accordance with the terms and conditions of this Agreement.

1.5    Guaranty and Indemnity.  As an inducement to Lender to make the Loan, Philip Pulley, an individual (the "**Guarantor**"), have agreed to execute an unconditional guaranty of payment and performance guarantying all payment and performance obligations of Borrower under the Note and Loan Documents as well as any additional items as provided for in the Completion Guaranty and the ADA and Environmental Indemnity to which Guarantor is a party.

17

1.6     Loan.  Subject to all of the terms, conditions and provisions of this Agreement, and of the agreements and instruments referred to herein, Lender agrees to make the Loan and Borrower agrees to accept and repay the Loan.

2.     LOAN PROVISIONS. Amount of Loan.  The Loan shall be in the maximum principal amount of Twenty Million Five Hundred Thousand and 00/100 Dollars ($20,500,000.00). Term of Loan. The Loan shall be for a term ("**Term**") commencing on the date hereof and ending on the Maturity Date; provided, however, that Borrower, with the consent of Lender (which can be granted or withheld at Lender's sole and exclusive discretion), shall have the right to extend the maturity date for an additional period of six (6) months ("**Extension Term**"), subject to the payment of an extension fee equal to one percent (1%) of the amount of the Loan.  During the Extension Term, interest shall accrue on the maximum principal amount at the Interest Rate.

2.3     Interest Rate and Payment Terms.  The Loan shall be payable as to interest and principal in accordance with the provisions of this Agreement and the Note.  This Agreement also provides for interest at a Default Rate, Late Charges and prepayment rights and fees. Interest and Monthly Payments. Subject to Section 2.3.3, Interest on the Loan shall accrue at the Interest Rate.  Borrower shall pay to Lender (a) on the Closing Date, all interest due on the Loan at the Interest Rate for the period commencing on the Closing Date and continuing through and including last day of current month, 2023 and (b) first payment due date, 2023, and on the first day of each and every month thereafter (each date, a "**Payment Date**") through and including last monthly payment date prior to maturity, monthly payments, in arrears, of interest only, on the unpaid balance of the Loan at the Interest Rate and (c) on the Maturity Date, a monthly payment, in arrears, of interest only, on the unpaid principal balance of the Loan at Interest Rate.  On the Maturity Date, whether by acceleration, prepayment, or otherwise, the outstanding balance of the Loan, together with all accrued and unpaid interest and any other amounts due and payable to the Lender hereunder or under the other the Loan Documents, shall be paid in full.  Interest shall for all purposes hereunder be calculated on the basis of a three hundred sixty (360) day year and charged on the basis of a three hundred sixty-five (365) or three hundred sixty-six (366) day year counting the number of days elapsed during each month. Anything herein to the contrary notwithstanding, the total amount of interest paid to Lender shall be the greater of the Minimum Earned Interest or the sum of all monthly interest payments accrued and made by Borrower to Lender.

2.3.2     Prepayment.  The Loan may, on ten (10) days' prior written notice to Lender, be prepaid in whole or in part at any time without any prepayment penalty; provided, however, if Lender has not been paid Minimum Earned Interest, then along with any prepayment, Borrower shall deliver to Lender an amount equal to the different between the interest paid to date and the Minimum Earned Interest.

2.3.3     Default Rate and Late Charges.  From and after the occurrence of an Event of Default, regardless of whether or not there has been a notice of default issued by Lender, interest shall accrue on the entire outstanding balance of the Loan and any and all amounts due by Borrower under the Loan Documents (including, without limitation, interest at the Default Rate and any late fees) at a rate equal to the lesser of (i) 25% and (ii) the maximum interest rate per annum permitted under Pennsylvania law (the "**Default Rate**").  The Default Rate shall remain in effect until any and all Events of Default shall have been cured.  In addition, the Default Rate shall remain in effect during any period of default even upon the acceleration of the indebtedness evidenced by the Note.  The Default Rate shall be in effect at all times after the maturity of the indebtedness evidenced by this Note (whether by acceleration or otherwise).  Upon acceleration or maturity, the Default Rate shall remain in effect until all sums due under this Note, the Mortgage and the Loan Documents shall have been paid in full.  Lender may collect a late payment fee not

18

168215.00401/132065245v.7

to exceed an amount equal to seven percent (7.0%) of any periodic payment not received within ten (10) days of the date such payment is due and payable, said charge constituting liquidated damages, to be assessed from the date upon which such payment was due and payable, and being payable upon demand. Interest shall continue to accrue at the Default Rate (including following the entry of a judgment in favor or Holder) until payment full of all sums due under this Note, the Mortgage or any of the Loan Documents. In addition, Borrower shall pay to Lender the sum of Fifty and 00/100 Dollars ($50.00) for any payment which is returned for any reason by Borrower's bank unpaid. Further, if Borrower remits any payment to Lender under this Note, the Mortgage or the Loan Documents which is returned for any reason by Borrower's bank unpaid, Lender may, in its sole and absolute discretion, require Borrower to remit all future payments due under this Note, the Mortgage or the Loan Documents in the form of a certified or cashier's check made payable to Lender.

2.3.4    Method of Payment; Date of Credit. All payments of interest, principal and fees shall be made in lawful money of the United States in immediately available funds, without counterclaim or setoff and free and clear of, and without any deduction or withholding for, any taxes or other payments via automated clearing house transfer ("**ACH**"). Payments shall be credited on the Business Day on which immediately available funds are received prior to 3:30 P.M. Eastern Time; payments received after 3:30 P.M Eastern Time shall be credited to the Loan on the next Business Day.

2.3.5    Application of Payments. Each and every payment made by Borrower to Lender and all other proceeds received by Lender with respect to the indebtedness evidenced hereby, shall be applied as follows: (x) provided that no Event of Default has occurred and is then continuing (a) first, if applicable in accordance with the terms of this Agreement, to all premiums and other sums payable hereunder or under the Note, the Mortgage or any of the Loan Documents (other than pursuant to subdivisions (b) or (c) of this Section 2.3.5), (b) second, to all interest at the Interest Rate which shall be due and payable pursuant to Section 2.3.1, and (c) third, if specified by Borrower for application against the outstanding principal balance of the Loan, and subject to the prepayment provisions of Section 2.3.2, in reduction of the outstanding principal balance of the Loan, or (y) if an Event of Default has occurred and is then continuing, in such other order and priority as determined by Lender in its sole discretion. To the extent that Borrower makes a payment or Lender receives any payment or proceeds for Borrower's benefit, which are subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be repaid to a trustee, debtor in possession, receiver, custodian or any other party under any bankruptcy law, common law or equitable cause, then, to such extent, the obligations of Borrower hereunder intended to be satisfied shall be revived and continue as if such payment or proceeds had not been received by Lender.

2.3.6    Maturity. On the Maturity Date, all accrued interest, principal and other charges due with respect to the Loan shall be due and payable in full and, to the extent not repaid, the principal balance of the Loan and such other charges, but not unpaid interest, shall continue to bear interest at the Default Rate until so paid.

2.4    Fees.

2.4.1    Commitment Fee. Borrower shall pay to Lender a commitment fee in the amount equal to the greater of (i) $410,000.00 and (ii) two percent (2.00%) of the principal amount of the Loan (the "**Commitment Fee**"). The Commitment Fee shall be

19

paid on the Closing Date, and once paid, shall be deemed fully earned and non-refundable under any circumstances.

2.5    Acceleration.  On the Maturity Date, all principal, accrued interest and costs and expenses shall be immediately due and payable.

3.    SECURITY FOR THE LOAN; LOAN AND SECURITY DOCUMENTS.

3.1    Security.  The Loan together with interest thereon and all other charges and amounts payable by, and all other obligations of, Borrower to Lender, with respect to the Property pursuant to the Loan Documents, whenever incurred, direct or indirect, absolute or contingent ("**Obligations**") shall be secured by the following "Security" which Borrower agrees to provide and maintain:

3.1.1    Mortgage.  A first priority open-end mortgage, assignment of leases and rents, security agreement and fixture filing in favor of Lender (as same may be amended, modified supplemented, renewed or restated from time to time, "**Mortgage**") on, among other things,

(i)    the Property,

(ii)   all land, improvements, furniture, fixtures, goods, equipment, and other assets (including, without limitation, accounts, contracts, contract rights, Licenses and Permits, general intangibles, documents and instruments), including all after-acquired property, owned, or in which Borrower has or obtains any interest, in connection with the Property;

(iii)  all insurance proceeds and other proceeds therefrom; and

(iv)  all other assets of Borrower whether now owned or hereafter acquired, all as more particularly described in the Mortgage.

3.1.2    Assignment of Leases and Rents.  A first priority assignment of leases and rents in favor of Lender (as same may be amended, modified supplemented, renewed or restated from time to time, "**Assignment of Leases and Rents**") with respect to all leases, subleases and occupancy rights of the Property and all income and profits to be derived from the operation and leasing of the Property, all as more particularly described in the Assignment of Leases and Rents.

3.1.3    Assignment of Contracts, Licenses and Permits.  A first priority assignment and security agreement (as same may be amended, modified supplemented, renewed or restated from time to time, "**Assignment of Contracts**") with respect to all Licenses and Permits and all contracts, agreements and warranties now owned or hereafter acquired by Borrower and related in any manner to the Property, all as more particularly described in the Assignment of Contracts.

3.1.4    Guaranty.  The unconditional, continuing guaranty of recourse obligations (as same may be amended, modified supplemented, renewed or restated from time to time, "**Recourse Guaranty**") and a guaranty of completion ("as same may be amended, modified supplemented, renewed or restated from time to time, "**Completion Guaranty**", together with the Recourse Guaranty hereinafter collectively referred to as the "**Guaranty**")  from Guarantor in favor of Lender guaranteeing payment of certain Obligations of the Borrower on the terms and conditions more particularly set forth in the Guaranty.

20

3.1.5    ADA and Environmental Indemnity. An ADA and environmental indemnity agreement in favor of Lender with respect to the Americans with Disabilities Act of 1990 and environmental matters (as same may be amended, modified supplemented, renewed or restated from time to time, "**ADA and Environmental Indemnity**") from Borrower and Guarantor (collectively, "**Indemnitors**").

3.1.6    Pledge and Security Agreement.    Ownership pledge and security agreement from all partners of the Borrower, jointly and severally, in favor of Lender (as same may be amended, modified supplemented, renewed or restated from time to time, "**Pledge Agreement**").

3.1.7    Collateral Assignment of Management Agreement.    A collateral assignment of Management Agreement and subordination of management fees, by and among Borrower, Current Manager and Lender (as same may be amended, modified supplemented, renewed or restated from time to time, and any subsequent assignment of management agreement and subordination of management fees hereafter entered into pursuant to the terms of this Agreement, "**Collateral Assignment of Management Agreement**").

3.1.8    Other.    Lender may also require such additional collateral as is customary for a loan of this scope and nature, including, without limitation a pledge of Borrower's interest in any accounts held by Borrower, including, without limitation, any reserve, escrow, or contingency accounts.

3.2    Loan Documents and Security Documents.    The Loan shall be made, evidenced, administered, secured and governed by all of the terms, conditions and provisions of the "Loan Documents", each as the same may be hereafter modified or amended, consisting of:

(i)    this Agreement;

(ii)    the secured promissory note in the principal amount of the Loan ("**Note**");

(iii)    the Mortgage and related UCC financing statements;

(iv)    the Assignment of Leases and Rents;

(v)    the Assignment of Contracts and related UCC financing statements;

(vi)    the Guaranty;

(vii)    the ADA and Environmental Indemnity from the Indemnitors;

(viii)    the Collateral Assignment of Management Agreement;

(ix)    Pledge Agreement;

(x)    the Fee Letter between Borrower and Lender (the "**Fee Letter**"); and

(xi)    any other documents, instruments, or agreements executed to further evidence or secure the Loan.

21

168215.00401/132065245v.7

Each of the Loan Documents listed in items (i) through (xii), inclusive is dated of even date herewith. The Mortgage, Assignment of Leases and Rents, Assignment of Contracts, ADA and Environmental Indemnity, the Pledge Agreements, the Collateral Assignment of Management Agreement and Guaranty are sometimes collectively referred to as the "**Security Documents**".

4. CONTINUING AUTHORITY OF AUTHORIZED REPRESENTATIVES. Lender is authorized to rely upon the continuing authority of the persons, officers, signatories or agents hereafter designated (collectively, "**Authorized Representatives**") to bind Borrower with respect to all matters pertaining to the Loan and the Loan Documents. Such authorization may be changed only upon written notice to Lender accompanied by evidence, reasonably satisfactory to Lender, of the authority of the person giving such notice and such notice shall be effective not sooner than five (5) Business Days following receipt thereof by Lender. The present Authorized Representatives are listed on Exhibit B. Lender shall have a right of approval, not to be unreasonably withheld or delayed, over the identity of the Authorized Representatives so as to assure Lender that each Authorized Representative is a responsible and senior official of Borrower.

5. LENDER'S CONSULTANTS.

5.1 Right to Employ. Lender shall have the right to employ its own personnel, or one or more engineers, architects, builders or other construction specialists, environmental advisors, scientists, accountants, and attorneys to act as an advisor to Lender in connection with the Loan (each of which shall be a Lender's "**Consultant**").

5.2 Functions. The functions of a Lender's Consultant shall include, without limitation:

     (i) inspection and physical review of the Property;

     (ii) review and analysis of any work to be done in connection with the Property;

     (iii) review and analysis of environmental matters; and

     (iv) review and analysis of financial and legal matters.

5.3 Payment. The costs and fees of Lender's Consultants shall be paid by Borrower within ten (10) business days after billing therefor.

5.4 Access. Borrower shall provide Lender's Consultants with continuing access to all aspects of the Property and books and records related thereto at reasonable times during the day and upon at least two (2) Business Days' prior written notice to Borrower.

5.5 No Liability. Neither Lender nor any of its Consultants shall have liability to Borrower, Guarantor, or any third party, on account of:

     (i) services performed by Lender's Consultant;

     (ii) any failure or neglect by Lender's Consultant to properly perform services; or

22

168215.00401/132065245v.7

(iii)    any approval or disapproval of work, plans or other matters.  Neither Lender nor Lender's Consultant shall have any obligation regarding proper performance of work related to the Property.  Borrower shall have no rights under or relating to any agreement, report, or similar document prepared by any Lender's Consultant for Lender.

6.    PROJECT COMPLETION AND LOAN ADVANCES.

6.1    Capital Improvements and Tenant Improvements.

(a)  The Capital Improvements and Tenant Improvements shall be completed in accordance with the Plans and the Budget (as hereinafter defined) and the Leases delivered to Lender in connection with the Project. Borrower represents that the costs of each category described in the Budget (each such category being hereinafter referred to as a "**Project Cost**" and collectively as the "**Project Costs**") delivered to Lender in connection with the Project are not expected to exceed, and agrees that the maximum amount of proceeds of the Loan are available to pay each Project Cost plus any amounts made available by Borrower will not exceed, the amounts set forth in the Budget delivered to and agreed to by Lender (in Lender's sole and absolute discretion) in connection with the Project.

(b)    Additional Funds. The proceeds of the Loan shall be disbursed pursuant to the terms and conditions of this Agreement (individually and "**Advance**" and collectively, "**Advances**"). Lender shall fund Advances in accordance with all of the terms and conditions of this Section 6.  Lender is not obligated to advance any proceeds of the Loan in excess of the amount allocated by Lender to pay such Project Cost as provided in the Budget.  If any Project Cost category is completed in a manner acceptable to Lender for an amount less than that set forth in the Budget, Lender may, in its commercially reasonable discretion, either disburse such excess proceeds for other approved Project Costs or refuse to make any Advance of the excess proceeds.  Lender makes no warranty, either express or implied, that the proceeds of the Loan available to Borrower under this Agreement will be sufficient to pay all costs incurred in connection with the construction of the Capital Improvements and the Tenant Improvements.  At all times during construction, Lender must be satisfied that the unadvanced proceeds of the Loan together with any amounts made available by Borrower or any other obligor will cover costs of completing the Capital Improvements and Tenant Improvements as set forth in the Budget. Borrower agrees to complete the Project and to pay from its own sources all that portion of the costs of the construction of the Project as may be in excess of the proceeds of the Loan available therefore as set forth in the Budget.  If at any time Lender determines that the unadvanced amount of the Loan is insufficient to pay the Project Costs in completing the Capital Improvements and Tenant Improvements, Lender may, at its option, demand that Borrower deposit the amount of such deficiency with Lender within ten (10) days.  Until Borrower shall have complied with any demand pursuant to the preceding sentence, Lender shall not be obligated to make any further Advances. Lender may disburse such deposit(s) before any other Advances are made hereunder.

Lender shall, subject to compliance with all of the other terms, conditions and provisions of this Agreement, and in accordance with the Budget, make advances of the Loan proceeds as follows and in accordance with all of the terms and conditions of this Agreement:

23

6.2     <u>Advances</u>.  Lender shall, subject to compliance with all of the other terms, conditions and provisions of this Agreement, and in accordance with the Budget, make advances of the Loan proceeds as follows and in accordance with all of the terms and conditions of this Agreement:

(a)     <u>Closing Date Advance</u>.  In the amount of $16,948,706.41 on the Closing Date.

(b)     <u>Advances for Capital Improvements, Tenant Improvements and Leasing Commissions</u>. Lender agrees to make advances of the Loan Proceeds for (x) Capital Improvements in an amount not to exceed $1,476,293.59, (y) Tenant Improvements with respect to the Tiny Town Lease in the amount of $1,125,000.00, Dogtopia Lease in the amount of $300,000.00 and the Precious One Lease in the amount of $300,000.00, in an aggregate amount not to exceed $1,725,000.00, and (z) certain leasing commissions with respect to the Tiny Town Lease in the amount of $150,000.00, provided each of the following conditions precedent and all of the terms and conditions of this Agreement are satisfied:

(i)     Borrower shall have delivered to Lender a requisition for an Advance on a form or requisition satisfactory to Lender accompanied by a cost breakdown, in such detail as Lender shall require, showing by trade the cost of work on, and the cost of materials incorporated into, the Project to the date of the requisition and as to advances for the purchase of equipment, copies of the invoices or contracts of sale for the equipment to be incorporated into the Project.  Borrower shall be permitted to make one (1) request in any thirty (30) day period for Advances and in amounts not less than $25,000.00 per request or, if less, the remaining undisbursed amount of the Loan.

(ii)     No Default or Event of Default shall have occurred under this Agreement.

(iii)     If requested by Lender, at its sole option, the title insurance company insuring the title to the Property shall issue a title continuation or endorsement showing that the Property is clear of liens and other title exceptions (other than the lien of the Mortgage and any other liens therein expressly permitted or approved by Lender in writing) to the date of such advancement and that no financing statements affecting the Property, or any part thereof, other than in favor of Lender, have been filed.  Borrower shall provide the title insurance company with any and all documentation required to issues such title continuation or endorsement.

(iv)     A conditional waiver of mechanic's lien and/or materialman's lien, executed by the General Contractor in the amount of the lienable costs of the Property payable from the Advance, together with unconditional lien waivers (or partial lien waivers, if applicable) from the General Contractor and sub-contractors, with regard to all previous Advances prior to the then pending Advance; however, with respect to the final Advance of Loan proceeds to be paid to the General Contractor under its contract, such mechanic's lien and/or materialman's lien waiver shall be unconditional.  Prior to approving such request for Advance, Lender and/or its agents may, in its discretion, inspect the work for which funds are requested.

(v)     If any significant dispute arises between or among Borrower, general contractor or any subcontractor and/or material supplier or any party to a material contract, a written summary of the nature of such dispute.

24

168215.00401/132065245v.7

(vi)     An updated and current copy of the stored materials log, which stored materials log shall provide that all of the stored materials are located in the jurisdiction in which the Land is situate.

(vii)     Copies of all permits not previously delivered by Borrower to Lender that are required in connection with the work intended to be paid with such proceeds and all subcontracts relating to such work.

(viii)     Copies of any change orders, whether proposed or executed, which have not been previously furnished to Lender and the pending change order log maintained by the General Contractor.

(ix)     If any of the Tenant Improvements require payment of leasing commissions as set forth on the Budget, an invoice documenting such commission at market rates.

(x)     Such other information as Lender or Lender's Consultant may require to verify the substance of a draw request.

Furthermore, each Advance shall constitute a representation and certification from Borrower that: (i) none of the items for which payment is proposed to be made has formed the basis for any Advance request previously made by Lender to Borrower; (ii) each item for which the payment is proposed to be made relates to the Project; (iii) no Event of Default is in existence under the Loan Documents and to Borrower and Guarantor's knowledge there are no threatened or actual liens, statutory or otherwise, filed by any mechanic, workman, contractor or supplier with respect to the Project; (iv) in the judgment of Borrower, on which Lender may rely, the unadvanced amount of the Loan together with funds of Borrower, if any, deposited with Lender or otherwise available to Borrower, are sufficient to fund the cost of completing the Capital Improvements or Tenant Improvements, as applicable,, or any portion thereof then under construction or development; and (v) all construction work which has been completed is in material conformity with the Plans for the development of the Capital Improvements or Tenant Improvements, as applicable.

Additionally, no Advance shall be made with respect to Capital Improvements or Tenant Improvements unless and until Lender has determined that the remaining amount of Loan proceeds will be sufficient to fund one hundred percent (100%) of the costs set forth in the line item Budget for such Capital Improvements or Tenant Improvements. In the event Lender determines that the remaining Loan proceeds available for any such line items for such Capital Improvements or Tenant Improvements, as applicable, will not be sufficient to fund one hundred percent (100%) of the costs of such Capital Improvements or Tenant Improvements, then Lender shall notify Borrower of such determination and Borrower will deliver to Lender (for deposit with Lender in account in which Borrower hereby grants to Lender a first lien security interest) the amount of such deficiency within two (2) Business Days after its receipt of such notice.

(c)     Insurance Escrow.  On the Closing Date, Borrower shall deposit in an account with Lender an amount equal to $200,000.00 ("Insurance Escrow").  The funds from the Insurance Escrow may be used by Lender to pay certain insurance costs related to the property as set forth in this Agreement.  In making any payment relating to insurance, Lender may do so according to any bill, statement or estimate procured from the insurer or its agent without inquiry into the accuracy of such bill, statement or estimate.  Any Insurance Escrow funds remaining in the Insurance Escrow account after coverage is bound and proof of insurance acceptable to Lender is received shall be returned to Borrower.  Anything herein to the contrary notwithstanding, Borrower

25

168215.00401/132065245v.7

shall replenish the Insurance Escrow upon Lender's request no later than ninety (90) days prior to any insurance policy renewal.

(d)    <u>Right of Inspection</u>.  Upon receipt by the Lender of any requisition for an Advance, Lender and its agents shall inspect the Property and Project prior to each Advance, and if such inspections are made, Lender will have no responsibility or liability for the failure or default of any contractor or subcontractor, material supplier or laborer to construct said work in accordance with the Plans, Property, or for the accuracy of invoices submitted for labor or materials used in the Project or Property, or for the payment of any cost or expense incurred in connection with the Project or Property, or for the performance or nonperformance of any obligation of any contractor, any subcontractor, Borrower or Guarantor to any person furnishing labor or materials in connection with the Property or Project, it being agreed that Borrower, Guarantor, any contractor or subcontractor or any person having an interest in the Property or Project will not have a right to rely on the procedures employed by Lender, such procedures being for the sole benefit of Lender.  For each inspection of the Property and Project associated with a requisition for an Advance, Borrower shall pay Lender an amount equal to the cost of Lender's Agent's Inspection.

(e)    <u>Special Requirements for First Advance</u>. Prior to the first Advance of the proceeds of the Loan for Capital Improvements and each of the Tenant Improvements, as applicable, in addition to the submittals to be provided under <u>Section 6.2</u> hereof, Borrower shall deliver or satisfy the following items/actions to Lender, in form and content satisfactory to Lender:

(i)    Copy of the contracts executed by the general contractor, any major subcontractors (those comprising more than 20% of the Budget), all architect and all engineers (*i.e.*, structural, civil, MEP, etc.) (collectively the "**Third Party Service Providers**"), with respect to the Project, along with an Assignment of such Third Party Service Providers' Contracts in such form and detail reasonably acceptable to Lender;

(ii)    Copies of the General Contractor's builder's risk, general liability and workmen's compensation insurance policies (or certificates on appropriate Accord form) relating to the Project with standard mortgagee endorsement;

(iii)    Copy of a detailed itemization of all improvements made to the Property to date, if any, and the associated costs for such improvements, in detail reasonably acceptable to Lender;

(iv)    Copy of a detailed itemization of all Capital Improvements and Tenant Improvements to the Property and the associated costs for such planned improvements, in amounts and detail acceptable to Lender in Lender's sole and absolute discretion (the "**Budget**"), which Budget shall not be amended or modified in any way without Lender's prior written consent, which consent may be withheld in Lender's sole and absolute discretion;

(v)    Copy of the draw schedule for the construction costs of the Capital Improvements and applicable Tenant Improvements (the "**Draw Schedule**");

(vi)    Copy of the Plans for the Capital Improvements and the applicable Tenant Improvements; and

26

(vii)    Copies of all permits and any approvals and licenses affecting and related to the applicable Capital Improvements and Tenant Improvements.

(viii)    Prior to the last Advance in connection with each of the Tenant Improvements with respect to the Dogtopia Lease, the Precious One Lease and the Tiny Town Lease, an unconditional suite acceptance letter or other unconditional approval letter from each tenant accepting the leased premises and the construction fit out work in connection therewith.

(f)    Procedures.  Subject to compliance by Borrower with all of the terms, provisions and conditions of this Agreement including, without limitation, this Section 6, Lender will Advance Loan Proceeds to (x) Borrower, (y) to persons furnishing labor, services, or materials used or to be used on or in construction of the Project, or (z) to Lender's Consultant, who shall then remit such Loan proceeds to those parties set forth in (x) or (y).  The execution of this Agreement by Borrower shall, and hereby does, constitute an irrevocable direction and authorization to hold and Advance Loan Proceeds. No further direction or authorization from Borrower shall be necessary to warrant such disbursements and all such disbursement shall satisfy the obligations of Lender hereunder and shall be secured by the Mortgage and the other Loan Documents as fully as if made to Borrower, regardless of the disposition thereof by party to whom the disbursement was made.

6.3    Starbucks Construction Obligations.  Provided no Event of Default exists, Lender hereby agrees to subordinate Lender's lien on the Property to Borrower's construction lender with respect to completion of the Starbucks Construction Obligations in an amount not to exceed $1,900,000.00 subject to the following conditions:

(a)    Delivery to Lender of a fully executed copy of the Starbucks Lease;

(b)    Lender's reasonable approval of any and all condominium documents, including without limitation, the condominium declaration and by-laws and any and all municipal approvals of the creation of the condominium and such condominium documents;

(c)    Lender's approval of Borrower's construction lender and all loan documents to be entered into by Borrower in connection therewith including, without limitation, an amendment to the Mortgage;

(d)    Delivery to, and approval by, Lender of any all required documents for any title documentation necessary to continue Lender's title policy insuring the first lien Mortgage;

(e)    Proof of recordation of the condominium declaration and any all amendments and modifications to the loan documents as required by this Section 6.3;

(f)    Payment by Borrower to Lender of any and all of Lender's fees and expenses incurred by Lender in connection with the review, negotiation and approval of the Starbucks Lease and the creation of the condominium; and

(g)    Any and all other documentation reasonably required by Lender.

7.    CONDITIONS PRECEDENT TO CLOSING.  It shall be a condition precedent of Lender's obligation to close and fund any portion of the Loan that each of the following conditions precedent be

27

satisfied in full (as determined by Lender in its sole but reasonable), unless specifically waived in writing by Lender at or prior to closing and funding the Loan:

7.1     Satisfactory Loan Documents.   Each of the Loan Documents and Security Documents shall be satisfactory in form, content and manner of execution and delivery to Lender and its counsel.

7.2     No Material Change.  No Material Adverse Change shall have occurred.

7.3     Warranties and Representations Accurate.   All warranties and representations made by or on behalf of any of Borrower or Guarantor to Lender shall be true, accurate and complete and shall not omit any material fact necessary to make the same not misleading.

7.4     Financials.  Lender shall have received and approved financial statements from Borrower and Guarantor complying with the standards set forth in Section 9.2.

7.5     Validity and Sufficiency of Security Documents.   The Mortgage and the other Security Documents shall create a valid and perfected lien on the Property and the other property described therein ("**Collateral**") and each of the Security Documents and related UCC filings shall have been duly recorded and filed to the satisfaction of Lender and its counsel.

7.6     No Other Liens; Taxes and Municipal Charges Current.   The Collateral shall not be subject to any liens or encumbrances, whether inferior or superior to the Loan Documents or the Security Documents, except in respect of:

(i)     real estate taxes and personal property taxes not yet due and payable; and

(ii)     Permitted Title Exceptions, if any.

All real estate taxes, personal property taxes and other municipal charges relating to any of the Collateral shall be current.

7.7     Property Matters. Lender shall have received and independently approved each of the following:

(i)     evidence of Licenses and Permits for the Property sufficient to allow the Property to be operated in the ordinary course of business;

(ii)     a certified detailed, current rent roll, together with complete copies of all existing leases, and renewals and amendments thereto as required by Lender;

(iii)     an Appraisal which indicates that the loan to value ratio of the Property is not greater than sixty-five percent (65%) based on an "as-completed" value;

(iv)     evidence that the loan to cost ratio of the Property does not exceed ninety percent (90%) of the total Project costs;

(v)     evidence that Borrower has invested not less than Three Million Five Hundred Thirty Six Thousand Seven Hundred Fifty and 00/100 Dollars ($3,536,750.00) cash equity into the Property;

28

168215.00401/132065245v.7

(vi)    a report from a Lender's Consultant to the effect that the Property is in good repair and safe condition with no structural deficiencies and no material need for repairs or replacements except in the ordinary course of business;

(vii)    a zoning compliance report which indicates that the Property is in compliance with all applicable Legal Requirements which pertain to zoning;

(viii)    an environmental site assessment report in compliance with the provisions of Section 7.15

(ix)    the Management Agreement; and

(x)    the Annual Budget.

7.8    Compliance With Law.  Lender shall have received and independently approved evidence that:

(i)    Present Compliance. All real estate and tangible personal property constituting or intended to constitute Collateral for the Loan complies with all applicable Legal Requirements and the provisions of all applicable Licenses and Permits.

(ii)    No Prohibitions or Violations.  There are no applicable Legal Requirements which prohibit or adversely limit the use of the Property for the purposes the same are intended for, nor is there any outstanding and uncured violation of any applicable Legal Requirements.

(iii)    Licenses and Permits.  All Licenses and Permits and private approvals of every nature whatsoever, if any, which are reasonably necessary in order to allow the operation of the Property as contemplated by this Agreement and as needed under applicable Legal Requirements have been duly and finally received with all appeal periods therefrom having elapsed, with no appeal having been taken therefrom, and with no violations existing under the terms thereof.

(iv)    The Act.  The Borrower and Guarantor are in compliance with the Act and all other Legal Requirements.

7.9    Title Insurance; other Evidence of Perfection.  Lender shall have received:

(i)    a mortgagee's title insurance policy which is satisfactory to the Lender and its counsel in all respects; and

(ii)    such other evidence of the perfection of its security interests as Lender and its counsel may reasonably require.

7.10    Survey.  Lender shall have received and approved a current, on-site instrument survey of the Land and Property containing a certification thereon, or on a separate surveyor's certificate, of a Registered Land Surveyor acceptable to Lender.

7.11    Condition of Property.  There shall have been no material unrepaired or unrestored damage or destruction by fire or otherwise to any of the real or tangible personal property comprising or intended to comprise the Collateral.

29

7.12    No Takings.  Neither the Property nor any material portion thereof shall have been taken by eminent domain nor shall there be any threat of such a taking.

7.13    Insurance.  Borrower shall have provided to Lender with respect to the Property and the Collateral evidence of insurance coverages which meet the property, hazard and other insurance requirements set forth on Exhibit C of this Loan Agreement to the satisfaction of Lender and Lender's Consultants.

7.14    Utilities; Water; Drainage.  Lender shall have received reports addressed to Lender from qualified engineers satisfactory to Lender that sanitary drinking water, sanitary sewer disposal systems, utility and power connections and storm drainage adequate for the Property are available as a matter of right and that all Licenses and Permits and contracts therefor have been duly obtained.

7.15    Hazardous Waste, Hazardous Materials and Toxic Substances.  Lender shall have received, and in its sole discretion approved, satisfactory reports addressed to Lender from acceptable, qualified professionals prepared in accordance with Lender's protocols indicating the acceptability of the environmental risk associated with the Property, addressing the existence of any Hazardous Materials at, or which may affect, the Property and the Property's compliance with Environmental Legal Requirements.

7.16    Organizational Documents and Entity Agreements.  Lender shall have received and approved the limited partnership agreement of Borrower (the "**Partnership Agreement**") and the partnership agreement, operating agreement and/or bylaws of each owner of a direct or indirect interest in Borrower, to the extent deemed necessary by Lender.

7.17    Votes, Consents and Authorizations.  Lender shall have received and approved certified copies of all requisite votes, consents and authorizations as may be reasonably required to evidence authority for:

(i)    closing the Loan and the transactions contemplated hereby;

(ii)    providing continuing authorization of the Authorized Representatives designated to deal in all respects on behalf of Borrower and the Guarantor; and

(iii)    the execution of all Loan Documents.

7.18    Legal and Other Opinions.  Lender shall have received and approved legal opinion letters from counsel representing Borrower and Guarantor.

Lender shall also have received from qualified attorneys, engineers, surveyors and architects, such other certificates, opinions, surveys, and other evidence of compliance with each of the conditions herein set forth as Lender may reasonably require.

7.19    No Default.  There shall not be any Default or Event of Default under any of the Loan Documents.

7.20    Lease Audit.  Lender shall have been given access to all leases for an extensive lease audit of the Property.

8.    WARRANTIES AND REPRESENTATIONS.  Borrower warrants and represents to Lender for the express purpose of inducing Lender to enter into this Agreement, to make the Loan, and to otherwise complete all of the transactions contemplated hereby, that as of the date of this Agreement, upon

30

168215.00401/132065245v.7

the date the Loan is funded and at all times thereafter until the Loan has been repaid and all obligations to Lender have been satisfied as follows:

8.1 Financial Information. True, accurate and complete financial statements of Borrower and Guarantor have been delivered to Lender and the same fairly present the financial condition of Borrower and Guarantor as of the dates thereof and no material and adverse change has occurred in such financial condition since the dates thereof. All financial statements of Borrower and Guarantor hereafter furnished to Lender shall be true, accurate and complete and shall fairly present the financial condition of Borrower and Guarantor as of the dates thereof. Borrower will maintain full and accurate books of accounts and other records reflecting the results of the operations of the Property.

8.2 No Violations. The consummation of the Loan and the subsequent payment and performance of the obligations evidenced and secured by the Loan Documents shall not constitute a violation of, or conflict with, any law, order, regulation, contract, agreement or organizational document to which Borrower or Guarantor is a party or by which Borrower or Guarantor, or the property thereof, may be bound.

8.3 No Litigation. Except as otherwise disclosed to Lender in writing on or before the date hereof, there is no material litigation now pending, or to the best of Borrower's knowledge threatened, against Borrower or Guarantor which if adversely decided could materially impair the ability of Borrower or Guarantor to pay and perform their respective obligations hereunder or under the other Loan Documents. There is no litigation, whether or not material, pending, or to the best of Borrower's knowledge threatened against Borrower or Guarantor in which the amount in controversy exceeds Twenty-Five Thousand and 00/100 Dollars ($25,000.00) which either:

(i) is not covered by insurance, or

(ii) has not been previously disclosed to Lender, or is not disclosed to Lender within thirty (30) days of Borrower or Guarantor first having knowledge thereof, together with a written explanation of why such litigation is not material.

8.4 Leases. All leases are in full force and effect, and true and complete copies thereof together with all amendments and modifications have been previously delivered to Lender. No default exists on the part of any tenant under any lease or Borrower as lessor in the performance on the part of either of the terms, covenants, provisions or agreements in the lease contained. Borrower knows of no condition which with the giving of notice or the passage of time or both would constitute a default on the part of any of the tenant or Borrower under any of the leases.

8.5 Compliance With Legal Requirements. The Property complies with, and shall continue to comply with, all Legal Requirements and any and all covenants, conditions, restrictions or other matters which affect the Property.

8.6 Required Licenses and Permits. All Licenses and Permits which are reasonably required in order to operate the Property in the usual course of business have been duly and properly obtained, and will remain in. full force and effect, and have been, and shall be complied with, in all material respects.

8.7 Curb Cuts and Utility Connections. The Property has adequate rights of access to public ways and is or will be served by adequate electric, gas, water, sewer, sanitary sewer and storm drain facilities. All public utilities necessary or convenient to the full use and enjoyment of the Property are or

31

will be located in the public right-of-way abutting the Property, and all such utilities are or will be connected so as to serve the Property without passing over other property, except to the extent such other property is subject to a perpetual easement for such utility benefiting the Property. All roads necessary for the full utilization of the Property for its current purpose have been completed and dedicated to public use and accepted by all Governmental Authorities. There are no amenities, services or facilities (including those for access, parking, recreational activities and otherwise) not located upon the Property which are necessary to the use or enjoyment, or intended to benefit the owner or occupants, thereof.

8.8 <u>Good Title and No Liens</u>. Borrower is the lawful owner of the Property and of areas over, under or on which utility or passage easements are required to make use of the Property and parking as contemplated by the Loan Documents, and is and will be the lawful owner of the Property, free and clear of all liens and encumbrances of any nature whatsoever, except for the matters, if any, which are listed as Permitted Title Exceptions in the Mortgage.

8.9 <u>Use of Proceeds</u>. The proceeds of the Loan shall be used solely and exclusively for purposes set forth in <u>Section 1.4</u> hereof. No portion of the proceeds of the Loan shall be used directly or indirectly, and whether immediately, incidentally or ultimately

(i) to purchase or carry any margin stock, or to extend credit to others for the purpose thereof, or to repay or refund indebtedness previously incurred for such purpose, or

(ii) for any purpose which would violate or is inconsistent with the provisions of regulations of the Board of Governors of the Federal Reserve System including, without limitation, Regulations G, T, U and X thereof.

8.10 <u>Entity Matters</u>.

8.10.1 <u>Organization</u>. Borrower is (i) and has been at all times since its formation, a Single Purpose Entity, (ii) a duly organized and validly existing limited partnership in good standing under the laws of the Commonwealth of Pennsylvania and (iii) duly qualified in the jurisdiction where the Property is situated and in each jurisdiction where the nature of its business is such that qualification is required. Borrower and Guarantor each have all requisite power and authority to conduct its business and to own its property, as now conducted or owned, and as contemplated by this Loan Agreement and the other Loan Documents.

8.10.2 <u>Ownership and Taxpayer Identification Numbers</u>. All of the partners of Borrower, and a description of the partnership interests of Borrower held by the same, are shown on the organizational chart in <u>Exhibit A,</u> and no additional partnership interests, or rights or instruments convertible into such partnership interests, shall be issued, nor shall any ownership change, except for Permitted Transfers.

8.10.3 <u>Authorization</u>. All required entity actions and proceedings have been duly taken so as to authorize the execution and delivery by Borrower and Guarantor of the Loan Documents.

8.10.4 <u>Fiscal Year</u>. The Borrower's fiscal year commences January 1 and ends December 31.

8.11 <u>Tax Filings</u>. Borrower has filed (or have obtained effective extensions for filing) all federal, state and local tax returns required to be filed and have paid or made adequate provision for the payment of all federal, state and local taxes, charges and assessments payable by Borrower.

32

168215.00401/132065245v.7

8.12    Solvency.  Giving effect to the Loan, the fair saleable value of Borrower's assets exceeds and will, immediately following the making of the Loan, exceed Borrower's total liabilities, including, without limitation, subordinated, unliquidated, disputed and contingent liabilities.  The fair saleable value of Borrower's assets is and will, immediately following the making of the Loan, be greater than Borrower's probable liabilities, including the maximum amount of its contingent liabilities on its debts as such debts become absolute and matured.  Borrower's assets do not and, immediately following the making of the Loan will not, constitute unreasonably small capital to carry out its business as conducted or as proposed to be conducted.  Borrower does not intend to, and does not believe that it will, incur debts and liabilities (including contingent liabilities and other commitments) beyond its ability to pay such debts as they mature (taking into account the timing and amounts of cash to be received by Borrower and the amounts to be payable on or in respect of obligations of Borrower).

1.1    Management Agreement. The Management Agreement is the only management agreement in existence with respect to the operation or management of the Property.  The copy of the Property Management Agreement delivered to the Lender is a true and correct copy, and such agreement has not been amended or modified.  Neither party to the Management Agreement is in, and the Manager has no defense, offset right or other right to withhold performance under or terminate such agreement.  In no event shall the Management Agreement provide for a management fee to Manager in excess of four percent (4%) of gross revenues.

8.13    Intentionally Omitted.

8.14    Flood Zone.  No portion of the Land, Property or the Improvements is located in an area identified by the Secretary of Housing and Urban Development or any successor thereto as an area having special flood hazards pursuant to the National Flood Insurance Act of 1968, the Flood Disaster Protection Act of 1973 or the National Flood Insurance Act of 1994, as amended, or any successor law.

8.15    Insurance.  Borrower has obtained and has delivered to the Lender certified copies of all of the insurance policies for the Property reflecting the insurance coverages, amounts and other insurance requirements set forth in this Agreement.  No claims have been made under any such policy, and no Person, including Borrower, has done, by act or omission, anything which would impair the coverage of any such policy.

8.16    Condemnation.  No condemnation has been commenced or, to Borrower's knowledge, is contemplated with respect to all or any portion of the Property or for the relocation of roadways providing access to the Property.

8.17    Valid and Binding.  Each of the Loan Documents constitute legal, valid and binding obligations of Borrower and, where applicable, Guarantor; and the Partnership Agreement constitutes legal, valid and binding obligations of the Borrower, in accordance with its terms, subject to bankruptcy, insolvency and similar laws of general application affecting the rights and remedies of creditors and, with respect to the availability of the remedies of specific enforcement, subject to the discretion of the court before which any proceeding therefor may be brought.

8.18    Deferred Compensation and ERISA.  Borrower does not have any pension, profit sharing, stock option, insurance or other arrangement or plan for employees covered by Title IV of the Employment Retirement Security Act of 1974, as now or hereafter amended ("**ERISA**") except as may be designated to Lender in writing by Borrower from time to time ("**ERISA Plan**") and no "Reportable Event" as defined in ERISA has occurred and is now continuing with respect to any such ERISA Plan.  The granting

33

168215.00401/132065245v.7

of the Loan, the performance by Borrower of its obligations under the Loan Documents and Borrower's conducting of its operations do not and will not violate any provisions of ERISA.

8.19    Conditions Satisfied.  All of the conditions precedent to closing and funding the Loan set forth in Section 7 have been satisfied.

8.20    No Material Adverse Change; No Default  or Event of Default.  There has been no Material Adverse Change in the financial condition, business, affairs or control of Borrower or Guarantor since the date of their respective last financial statements most recently delivered to the Lender in accordance with the requirements of Section 9.2 hereof.  No Default or Event of Default exists under any of the Loan Documents.  There is no Default or Event of Default on the  part of Borrower under this Agreement, and there is no Default on the part of the Borrower or the Guarantor under any of the other Loan Documents, and no event has occurred and is continuing which could constitute a Default or Event of Default under any Loan Document.  Borrower has filed all required federal, state and local tax returns and has paid all taxes due pursuant to such returns or any assessments against Borrower or the Property.

8.21    No Broker or Finder.  Other than Broker, neither Borrower, nor Guarantor, nor anyone on behalf thereof, has dealt with any broker, finder or other person or entity who or which may be entitled to a broker's or finder's fee, or other compensation, payable by Lender in connection with this Loan.  Borrower shall indemnify and hold Lender harmless from any brokerage fee incurred by Borrower in connection with the Loan.

8.22    Background Information and Certificates.  All of the factual information contained or referred to in Section 1 of this Agreement and in the Exhibits to this Agreement or the other Loan Documents, and in the certificates and opinions furnished to Lender by or on behalf of Borrower in connection with the Property or the Loan, is true, accurate and complete in all material respects, and omits no material fact necessary to make the same not misleading.

8.23    Guarantor's Warranties and Representations.  Borrower has no reason to believe that any warranties or representations made in writing by Guarantor to Lender are untrue, incomplete or misleading in any respect.

8.24    Equity in the Property.  On or prior to the date hereof, Borrower has invested not less than Three Million Five Hundred Thirty Six Thousand Seven Hundred Fifty and 00/100 Dollars ($3,536,750.00) of cash equity in the Property, evidence of which Lender hereby acknowledges.

9.    COVENANTS.  Borrower covenants and agrees from the date hereof and so long as any indebtedness remains unpaid hereunder, or any of the Loan or other obligations remains outstanding, as follows:

9.1    Notices.  Borrower shall, with reasonable promptness, but in all events within ten (10) days after it has actual knowledge thereof, notify Lender in writing of the occurrence of any act, event or condition which constitutes a Default under any of the Loan Documents.  Such notification shall include a written statement of any remedial or curative actions which Borrower proposes to undertake to cure or remedy such Default.

9.2    Financial Statements and Reports.  Borrower shall furnish or cause to be furnished to Lender from time to time so long as the Obligations remain outstanding, the following financial statements and reports and other information, all in form, manner of presentation and substance acceptable to Lender, which shall be certified by a senior officer of Borrower:

34

168215.00401/132065245v.7

9.2.1    Annual Statements.  (a) Within sixty (60) days following the end of each calendar year, Borrower shall furnish annual audited financial statements of its financial affairs and condition prepared in accordance with GAAP by an independent certified public account acceptable to Lender including a balance sheet and a statement of profit and loss for the Borrower in such detail as Lender may reasonably request, and setting forth the financial condition and the income and expenses for the Property for the immediately preceding calendar year.  Borrower's annual financial statements shall be accompanied by a certificate executed by the chief financial officer of Borrower or the general partner of Borrower, as applicable, stating that each such annual financial statement presents fairly the financial condition of the Property being reported upon and has been prepared in accordance with GAAP.

(b)    Within sixty (60) days prior to the end of each calendar year, Borrower shall furnish the Annual Budget.

9.2.2    Periodic Statements.

(i)    Within fifteen (15) days after the end of each calendar month the following items, each certified by the Borrower as being true and correct:

(a)    leasing and operating reports including a written statement (rent roll) dated as of the last day of each such calendar month identifying each of the leases by the term, space occupied, rental required to be paid, security deposit paid, any rental concessions, and identifying any material defaults or payment delinquencies thereunder;

(b)    monthly and year to date operating statements prepared for each calendar month during each such calendar month, each of which shall include an itemization of actual (not pro forma) capital expenditures during the applicable period, each report covering such month to date on a year-to-date basis, contrasted against the comparable period of the previous year and the then approved budget;

(c)    construction progress report outlining the progress of the overall project during such calendar month; and

(d)    such other information as Lender shall reasonably require for purposes of calculating the Debt Yield on a quarterly basis as required under Section 9.2.7 below.

(ii)    Within fifteen (15) days after the end of each quarter, certified quarterly financial statements and operating statements covering such quarter to date and on a year-to-date basis, contracted against the comparable period of the previous year and the then approved budget.

9.2.3    Data Received; Data Requested.  Any and all information received by Borrower with respect to ownership, operation and/or maintenance of the Property shall be made available to Lender within ten (10) Business Days of Borrower's receipt thereof.  Additionally, within a reasonable period of time and from time to time such other financial data or information as Lender may reasonably request with respect to ownership, operation and/or maintenance of the Property or Borrower, including, but not limited to, rent rolls, aged receivables, aged payables,

35

168215.00401/132065245v.7

leases, budgets, forecasts, reserves, cash flow projections, physical condition of the Property and pending lease proposals.

        9.2.4     <u>Tax Returns</u>.  Complete copies of all federal and state tax returns and supporting schedules of Borrower and Guarantor within thirty (30) days of the filing thereof.

        9.2.5     <u>Lease Notices</u>.  Concurrently with the giving thereof, and within five (5) Business Days of receipt thereof, copies of all notices, other than routine correspondence, given or received with respect to any lease.

        9.2.6     <u>Guarantor's Statements</u>.  The financial statement and reporting information required pursuant to the Guaranty.

        9.2.7     <u>Debt Yield</u>.  Borrower shall maintain a Debt Yield of no less than nine percent (9%).  If Borrower fails to maintain a Debt Yield of at least nine percent (9%), Borrower may prepay a portion of the principal balance of the Loan to a level such that the Debt Yield is equal to or greater than nine percent (9%).

     9.3     <u>Payment of Taxes and Other Obligations</u>.  Subject to the right to contest set forth in <u>Section 10.1</u>, Borrower shall pay or discharge all real estate and other taxes and assessments prior to the date upon which penalties attach thereto, and shall submit evidence satisfactory to Lender confirming such payment; <u>provided</u> that Borrower shall have the right, before any delinquency occurs, in good faith, to contest or object to the amount or validity of any real estate and other taxes by appropriate administrative or judicial proceedings as long as (i) Borrower has, in Lender's judgment, a reasonable basis for such objection or contest, (ii) Borrower has given prior written notice to Lender of Borrower's intent to so contest or object to any change, (iii) Borrower has demonstrated to Lender's satisfaction that the proceedings to be initiated by Borrower shall conclusively operate to stay or prevent a lien upon, or the sale or seizure of, any portion of the Property or any interest therein to satisfy such taxes prior to final determination of such proceedings, (iv) Borrower pays, prior to the date any interest or penalties will attach thereto, any portion of any such taxes that Borrower does not contest or object to, (v) Borrower delivers to Lender such bond or other security as Lender may require in connection with such contest or objection, (vi) Borrower at all times prosecutes such contest or objection with due diligence, and (vii) Borrower pays, prior to the date any interest or penalties will attach thereto, the amount of the contested or objected to taxes that is determined to be due and owing by Borrower.  In the event that Borrower does not comply with any of the foregoing requirements, Lender may pay and discharge the contested or objected to taxes and draw or realize upon any bond or other security delivered to Lender in connection with the contest or objection by Borrower, in order to make such payment.  Any portion of such payment that is not fully covered by such bond or surety shall constitute a protective advance hereunder and under the Mortgage.

     9.4     <u>Conduct of Business; Compliance With Law</u>. Borrower shall at all times remain a Single Purpose Entity, and will not enter into any new ventures, or undertake any Investments, except as permitted in <u>Section 9.8</u>, or any new business dealings, without Lender's express prior written consent in each instance.  Borrower shall operate the Property and conduct its affairs in a lawful manner and in compliance with all Legal Requirements applicable thereto and all provisions of ERISA.

     9.5     <u>Insurance</u>.  Borrower shall at all times maintain in full force and effect with respect to each Property the insurance coverages set forth in <u>Exhibit C</u> of this Loan Agreement and shall cause Lender to be designated as mortgagee/loss payee/additional insured in accordance with the requirements of <u>Exhibit C</u>.  Borrower further agrees to cause copies of all bills, statements, or other documents relating to the foregoing insurance premiums to be sent or mailed directly to Lender.

36

9.6     Restrictions on Liens, Transfers and Additional Debt.

9.6.1     Prohibited Transactions.  Except for Permitted Transactions Borrower shall not:

(i)   create or incur, or suffer to be created or incurred, or to exist, any Transfer or any encumbrance, mortgage, pledge, lien, charge or other security interest of any kind upon any of its assets of any character, or any portion thereof, whether now owned or hereafter acquired or upon the proceeds or products thereof;

(ii)  create or incur any indebtedness for borrowed funds whether secured or unsecured either directly or as a guarantor except for the Loan;

(iii) directly or indirectly permit any sale, transfer, exchange, assignment or pledge of or grant of any security interest in any ownership interests in Borrower; or

(iv)  sell, convey, transfer or exchange any of its assets of any character, or any portion thereof, whether now owned or hereafter acquired.

9.6.2     Permitted Transactions.  The term "**Permitted Transactions**" shall mean Permitted Transfers, Permitted Additional Debt and Permitted Title Exceptions.

9.6.3     Permitted Transfers.  The term "**Permitted Transfers**" shall mean:

(i)   the Security Documents and other agreements in favor of Lender; and

(ii)  transactions, whether outright or as security, for which Lender's prior written consent has been obtained, which consent may be withheld, granted or granted conditionally, subject to such protective and other conditions as Lender may require in its sole and absolute discretion.

9.6.4     Permitted Additional Debt.  The term "**Permitted Additional Debt**" shall mean:

(i)   transactions, whether secured or unsecured, for which Lender's prior written consent has been obtained, which consent may be withheld, granted or granted conditionally, subject to such protective and other conditions as Lender may require in its sole and absolute discretion; and

(ii)  indebtedness incurred in the ordinary course of business for the purchase of goods or services which are payable, without interest, within thirty (30) days of billing.

9.6.5     Lender's Options.  Lender may, at its option, in lieu of accelerating the Loan, and in its sole and absolute discretion, agree to waive compliance with the provisions of this Section 9.6 in any instance upon compliance with such terms and conditions as Lender may impose, including, without limitation, the payment of a material fee and a change in the interest rate and other terms.  Except for Permitted Transfers, Lender may grant or withhold, or conditionally grant, its consent to any proposed transfer (including any proposed transfer which would involve the

37

assumption of the Obligations by a third Person) in its sole and absolute discretion.  In the case of a sale or transfer with Lender's prior written consent, or any such Permitted Transfer, the seller or transferor shall remain jointly and severally liable with the purchaser or transferee for all liabilities of Borrower and/or its owners hereunder.

9.7     Limits on Guaranties and Distributions.  Borrower shall not guarantee to anyone other than Lender the obligations of any Person.  Borrower shall not pay any money or distribute any property (in any form) out of proceeds of the Loan or proceeds of the Property to its partner, or to any affiliated entity or related party.

9.8     Restrictions on Investments.  Borrower will not make or permit to exist or to remain outstanding any Investment except an Investment in assets as to which Lender has a perfected first lien mortgage or security interest and which are in:

(i)     marketable direct or guaranteed general obligations of the United States of America which mature within one (1) year from the date of purchase by Borrower;

(ii)     bank deposits, certificates of deposit and banker's acceptances, or other obligations in or of Lender; and

(iii)     personal property and real estate acquired in the normal and ordinary course of Borrower's present business and in connection with the Property.

All such Investments shall be made in a manner which assures that Lender shall have and maintain a perfected first lien security interest therein.

9.9     Indemnification Against Payment of Brokers' Fees.  Borrower agrees to defend, indemnify and save harmless Lender from and against any and all liabilities, damages, penalties, costs, and expenses, relating in any manner to any brokerage or finder's fees in respect of the Loan.

9.10     Limitations On Certain Transactions.  Borrower agrees to the following limitations:

9.10.1     No Merger or Acquisition.  Borrower shall not dissolve or liquidate, nor merge or consolidate with or otherwise acquire all or substantially all of the assets of any other Person. Borrower shall preserve and keep in full force and effect its existence as a Single Purpose Entity, entity status, franchises, rights and privileges under the laws of the state of its formation, and all qualifications, licenses and permits applicable to the ownership, use and operation of the Property.

9.10.2     Contracts of a Material or Significant Nature.  Borrower shall not enter into any merger or consolidation agreements.  Except for contracts otherwise complying with this Agreement and contracts incident to the routine operation of the Property such as utilities, insurance and maintenance, Borrower shall not enter into any other contracts, agreements or purchase orders which would involve the expenditure of more than Five Thousand and 00/100 Dollars ($5,000.00) in any instance or Twenty-Five Thousand and 00/100 Dollars ($25,000.00) in the aggregate in any year without Lender's prior written consent, which consent shall not be unreasonably withheld or delayed, but which consent may be conditioned upon a demonstration by Borrower to Lender's reasonable satisfaction that the contract, agreement or purchase order is reasonable and that Borrower has adequate resources to pay and perform the same.

38

168215.00401/132065245v.7

9.11    Property Management.  Except for the Current Management Agreement which has been approved by Lender, Borrower shall not enter into any agreement relating to the management or operation of the Property without the express consent of Lender, which consent shall not be unreasonably withheld, provided that such consent may be conditioned upon the Manager under such executing an assignment of management agreement and subordination of management fees in a form reasonably agreed to by the parties.  The Current Management Agreement and, if applicable, any subsequent Management Agreement shall be in compliance with all Legal Requirements.  Borrower shall cause Manager to manage the Property in a first-class manner in accordance with the Current Management Agreement and, if applicable, any subsequent Management Agreement.  Borrower shall (i) diligently perform and observe in all material respects all of the terms, covenants and conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed and observed in all material respects, (ii) promptly notify Lender of any written notice to Borrower of any material default beyond any applicable notices, grace and/or cure period(s) by Borrower in the performance or observance of any of the material terms, covenants or conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed and observed and (iii) promptly notify Lender of any material default, beyond the expiration of any applicable notice and cure periods, if any, by Manager in the performance or observance of any of the terms, covenants or conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of the Manager to be performed and observed.  If the Borrower shall default beyond any applicable notices, grace and/or cure period(s) in the performance or observance of any material term, covenant or condition of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed or observed beyond any applicable notice and cure periods, then, without limiting Lender's other rights or remedies under this Agreement or the other Loan Documents, and without waiving or releasing Borrower from any of its obligations hereunder or under the Current Management Agreement and, if applicable, any subsequent Management Agreement, Lender shall have the right, upon prior written notice to Borrower, but shall be under no obligation, to pay any sums and to perform any act as may be appropriate to cause all material terms, covenants and conditions of the Current Management Agreement and, if applicable, any subsequent Management Agreement on the part of Borrower to be performed or observed.

9.11.1    Modification/Amendment of Management Agreement.  Borrower shall not surrender, terminate, cancel, modify in any material respect, renew or extend (except that the Current Management Agreement may be extended pursuant to its terms) the Current Management Agreement and, if applicable, any subsequent Management Agreement or enter into any other agreement relating to the management or operation of the Property with Manager or any other Person, or consent to the assignment by the Manager of its interest under the Current Management Agreement and, if applicable, any subsequent Management Agreement, in each case without the written consent of Lender, which consent shall not be unreasonably withheld; provided, however, with respect to a new Manager such consent may be conditioned upon such new Manager and Borrower executing an assignment of management agreement and subordination of management fees in a form reasonably agreed to by the parties.

9.11.2    Removal/Replacement of Manager.  Lender shall have the right to require the Borrower to replace the Manager with a Person chosen by Borrower and reasonably approved by Lender or at Lender's option, selected by Lender in its sole but reasonable discretion, upon the occurrence of any one or more of the following events:  (i) at any time during the existence of an Event of Default, and/or (ii) at any time that the Manager has engaged in (x) gross negligence, (y) fraud or (z) willful misconduct, as determined by Lender in its sole but reasonable discretion.

9.12    Intentionally Omitted.

39

168215.00401/132065245v.7

9.13    Place for Records: Inspection.  Borrower shall maintain all of its business records at the address specified at the beginning of this Agreement.  Upon reasonable prior notice and at reasonable times during normal business hours Lender shall have the right (through such agents or Consultants as Lender may designate) to examine Borrower's property and make copies of and abstracts from Borrower's books of account, correspondence and other records and to discuss its financial and other affairs with Borrower and any accountants hired by Borrower, it being agreed that Lender shall use reasonable efforts to not divulge information obtained from such examination to others except in connection with Legal Requirements and in connection with administering the Loan, enforcing its rights and remedies under the Loan Documents and in the conduct, operation and regulation of its banking and lending business (which may include, without limitation, the transfer of the Loan or of participation interests therein).  Any transferee of the Loan or any holder of a participation interest in the Loan shall be entitled to deal with such information in the same manner and in connection with any subsequent transfer of its interest in the Loan or of further participation interests therein.

9.14    Costs and Expenses.  Borrower shall pay all costs and expenses (excluding salaries or wages of full time employees of Lender) reasonably incurred by Lender in connection with the implementation of the Loan, the administration of the Loan, the enforcement of Lender's rights under the Loan Documents, including, without limitation, reasonable legal fees and disbursements, appraisal fees, inspection fees, plan review fees, travel costs, fees and out-of-pocket costs of independent engineers and consultants.  Borrower's obligations to pay such costs and expenses shall include, without limitation, all reasonable attorneys, fees and other costs and expenses reasonably incurred for preparing and conducting litigation or dispute resolution arising from any breach by Borrower or Guarantor or Indemnitor of any covenant, warranty, representation or agreement under any one or more of the Loan Documents.

9.15    Handicapped Access.

(i)    Borrower (a) agrees that it shall use commercially reasonable efforts to ensure that the Property shall at all times comply with the requirements of the Americans with Disabilities Act of 1990, the Fair Housing Amendments Act of 1988, all state and local laws and ordinances related to handicapped access and all rules, regulations, and orders issued pursuant thereto including, without limitation, the Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (collectively, "**Access Laws**") and (b) has no actual knowledge as to the Property's non-compliance with any Access Laws where the failure to so comply could have a material adverse effect on the Property or on Borrower's ability to repay the Loan in accordance with the terms hereof.

(ii)    Notwithstanding any provisions set forth herein or in any other document regarding the Lender's approval of alterations of the Property, Borrower shall not alter the Property in any manner which would materially increase Borrower's responsibilities for compliance with the applicable Access Laws without the prior written approval of the Lender.  The foregoing shall apply to tenant improvements constructed by Borrower or by any of its tenants, provided that such tenant improvements require the consent of Borrower.  The Lender may condition any such approval upon receipt of a certificate of Access Law compliance from an architect, engineer, or other person reasonably acceptable to the Lender.

(iii)    Borrower agrees to give prompt notice to the Lender of the receipt by Borrower of any written complaints related to violation of any Access Laws with respect to the Property and of the commencement of any proceedings or investigations which relate to compliance with applicable Access Laws.

40

168215.00401/132065245v.7

9.16    Zoning.  Borrower shall not, without the Lender's prior consent, seek, make, suffer, consent to or acquiesce in any change or variance in any zoning or land use laws or other conditions of use of the Property or any portion thereof.  Borrower shall not use or permit the use of any portion of the Property in any manner that could result in such use becoming a non-conforming use under any zoning or land use law or any other applicable law or modify any agreements relating to zoning or land use matters or with the joinder or merger of lots for zoning, land use or other purposes, without the prior written consent of the Lender.  Without limiting the foregoing, in no event shall Borrower take any action that would reduce or impair either (a) the number of parking spaces at the Improvements or (b) access to the Property from adjacent public roads.  Further, without the Lender's prior written consent, Borrower shall not file or subject any part of the Property to any declaration of condominium or co-operative or convert any part of the Property to a condominium, co-operative or other direct or indirect form of multiple ownership and governance.

9.17    Compliance with Legal Requirements.  Without limiting the provisions of Section 9.15, Borrower shall comply with all Legal Requirements applicable to the Property, Borrower or both.

9.18    Contingency.  The Budget contains a line item labeled "Contingency" in the amount of Twenty-Four Thousand Two Hundred Fifty Dollars ($24,250) (the "**Contingency Funds**").  Borrower may from time to time request that the Contingency Funds be reallocated to pay needed costs of the Project.  Such requests are subject to Lender's approval as determined in its sole discretion.  Lender shall apply the Contingency Funds to payments of needed costs for which Borrower has supplied an invoice.  Any Contingency Funds remaining after full completion of all of the Capital Improvements and Tenant Improvements shall not be subject to Advances to Borrower.

9.19    Foreign Assets Control Regulations.

(i)    Borrower shall not use the proceeds of the Loan in any manner that will violate the Trading with the Enemy Act, as amended, or any of the foreign assets control regulations of the United States Treasury Department (31 CFR, Subtitle B, Chapter V, as amended) or the Anti-Terrorism Order or any enabling legislation or executive order relating to any of the same.  Without limiting the foregoing, Borrower will not permit itself to (a) become a blocked person described in Section 1 of the Anti-Terrorism Order or (b) knowingly engage in any dealings or transactions or be otherwise associated with any person who is known by Borrower or who (after such inquiry as may be required by Legal Requirement) should be known by Borrower to be a blocked person.

(ii)    Each member or other direct or indirect principal of Borrower shall be at all times during the term of the Loan a Person which (a) is (and whose principals shall be) a reputable Person of good character and in good standing as reasonably determined by the Lenders, (b) is creditworthy and not adverse to the Lender in any pending litigation or arbitration in which Lender is also a party, (c) is not a Prohibited Person, and (d) is in good standing in its state or country of organization.

9.20    Indemnification.  Borrower shall at all times, both before and after repayment of the Loan, at its sole cost and expense defend, indemnify, exonerate and save harmless Lender and all those claiming by, through or under Lender ("**Indemnified Party**") against and from all damages, losses, liabilities, obligations, penalties, claims, litigation, demands, defenses, judgments, suits, proceedings, costs, disbursements or expenses of any kind whatsoever, including, without limitation, reasonable attorneys' fees and experts, fees and disbursements, which may at any time (including, without limitation, before or after discharge or foreclosure of the Mortgage) be imposed upon, incurred by or asserted or awarded against the Indemnified Party and arising from or out of:

41

168215.00401/132065245v.7

(i)      any Hazardous Materials or any violation of, or failure to comply with, any Environmental Laws all as more particularly provided for in the ADA and Environmental Indemnity with respect to the Property or any other Collateral;

(ii)      any liability for damage to person or property arising out of any violation of any Legal Requirement applicable to the Property, Borrower, or both;

(iii)      any act, omission, negligence or conduct at the Property, or arising or claimed to have arisen, out of any act, omission, negligence or conduct of Borrower or any contractor, sub-contractor, tenant, occupant or invitee thereof, which is in any way related to the Property; or

(iv)      any liability loss, damage and expense, including reasonable attorney's fees, which it may or shall incur by reason of this Agreement, or by reason of any commercially reasonable action taken in good faith by Lender hereunder or under the other Loan Documents, including, without limitation, the exercise of the Lender's rights and remedies under the Loan Documents.

Notwithstanding the foregoing, an Indemnified Party shall not be entitled to indemnification in respect of claims arising from acts of its own gross negligence or willful misconduct to the extent that such gross negligence or willful misconduct is determined by the final judgment of a court of competent jurisdiction, not subject to further appeal, in proceedings to which such Indemnified Party is a proper party.

9.21    Leasing Matters.

9.21.1    Approval Required.    All leases and all renewals, amendments, extensions, restatements, expansions and modifications thereof, executed after the date hereof shall (i) provide for rental rates comparable to existing local market rates for similar properties, (ii) be on commercially reasonable terms (including, with respect to rent, term, tenant improvement allowances, free rent periods and other concessions), (iii) provide that such lease is subordinate to the Mortgage and that, upon the foreclosure of the Mortgage, sale by power of sale thereunder or deed in lieu of foreclosure, the tenant will attorn to the transferee of the Property, (iv) be prepared on the Borrower's standard form of lease (as approved by Lender) subject to commercially reasonable lease modifications by Borrower, (v) result from arms-length negotiations with third party tenants that Borrower conducts in good faith and (vi) not contain any terms which would materially adversely affect Lender's rights under the Loan Documents (including, without limitation, any right of first refusal or option to acquire all or any portion of the Property, but such lease may permit a right of first offer, or option to lease additional space in the Property). Other than with respect to a Major Lease, so long as each proposed Lease complies with the foregoing requirements, Lender's approval shall not be required prior to the execution of the applicable lease. Upon request of Lender, Borrower shall promptly provide Lender with relevant market data evidencing compliance with the foregoing.

9.21.2    Approval Procedures and Conditions.    Lender shall use reasonable efforts to approve or disapprove any proposed Major Lease within fifteen (15) Business Days after receipt by Lender of the proposed Major Lease and all other information reasonably required by Lender in connection with its approval of the proposed Major Lease, including a proposed tenant improvements allowance budget and a leasing commission budget, to the extent applicable. As a condition to its approval of any proposed Major Lease, Lender may, among other things, require the tenant to execute and deliver to Lender a subordination, attornment, and non-disturbance

42

agreement in form and substance reasonably satisfactory to Lender.  Lender's response shall be reasonable, and may consist of an approval or disapproval of the lease, or a conditional approval thereof subject to specified conditions, or a request for further data or information, or any combination thereof

        9.21.3    Estoppel Certificates.  Borrower shall, as soon as reasonably possible (and in all cases not more than thirty (30) calendar days of receiving the request from Lender) after a request therefor, use commercially reasonable efforts to deliver to Lender, an estoppel certificate, in form and substance reasonably satisfactory to Lender, from such tenant or tenants entering into leases.

        9.21.4    Delivery of Copies to Lender.  Within ten (10) Business Days after the execution thereof, Borrower shall deliver to Lender true, correct and accurate copies of all leases.

        9.21.5    Compliance.  Borrower shall at all times comply in all material respects with all of the terms and conditions of the leases and shall use commercially reasonable efforts to not permit any violation of the terms thereof or default thereunder.  Borrower shall diligently enforce all of the terms and conditions of each lease and exercise all of Borrower's rights and obligations thereunder.  Without the consent of Lender, not to be unreasonably withheld or delayed, Borrower shall not terminate any lease unless (a) the applicable tenant has defaulted (beyond applicable grace and cure periods) under the terms and conditions of its lease.

    9.22    Updated Appraisals.  Lender shall have the right at its option, from time to time, to order an update to the Appraisal obtained in connection with the closing of the Loan (the "**Original Appraisal**") or a new Appraisal (collectively, an "**Updated Appraisal**"). Each Updated Appraisal shall be prepared by the original or more recent appraiser unless Lender makes a good faith determination not to have such appraiser prepare the same in which event the Updated Appraisal shall be prepared at Lender's direction by an appraiser selected by Lender.  Any appraiser selected by Lender shall be:

        (i)   an MAI member with not less than ten (10) years' of experience appraising properties of a similar type to the Property in the general area and,

        (ii)  otherwise qualified pursuant to provisions of applicable laws and regulations under and pursuant to which Lender operates.

    Borrower shall pay for the costs of the Original Appraisal and, upon the occurrence of an Event of Default, such Updated Appraisals deemed necessary by Lender.

    9.23    Replacement Documentation.  Upon receipt of an affidavit of an officer or Lender as to the loss, theft, destruction or mutilation of the Note or any other Loan Document which is not of public record, and, in the case of any such loss, theft, destruction or mutilation, upon surrender and cancellation of such Note or other Loan Document, Borrower will issue, in lieu thereof, a replacement Note or other security document in the same principal amount thereof and otherwise of like tenor.

    9.24    [Reserved].

    9.25    Right of First Offer.   If at any time Borrower receives from a third party an offer, term sheet or commitment or makes a proposal accepted by any third person or entity (each, an "Offer") which provides for any type of financing which is the same or similar to the financing evidenced by this Agreement and/or is to be secured by all or any part of the Property, Borrower shall notify Lender of the Offer in writing (including all material terms of the Offer) and Lender shall have 30 days after its

43

receipt of such notice (the "**Option Period**") to agree to provide similar financing in the place of such third person or entity upon substantially the same terms and conditions as set forth in the Offer. Lender shall notify Borrower in writing of Lender's acceptance of the Offer pursuant hereto (the "**Acceptance Notice**"), in which case Borrower shall obtain such financing from Lender and shall not accept the Offer from such other third person or entity. If no Acceptance Notice has been received from Lender within the Option Period, Borrower may consummate the Offer with the other third person or entity on the terms and conditions set forth in the Offer (the "**Transaction**"); provided, however, that none of foregoing or any failure by Lender to issue an Acceptance Notice shall be construed as a waiver of any of the terms, covenants or conditions of any of the Loan Documents. If the Transaction is not consummated on the terms set forth in the Offer or with the third person or entity providing the Offer during the 90 day period following the expiration of the Option Period, Borrower shall not be permitted to consummate the Transaction without again complying with this Section 9.25. The provisions of this Section 9.25 shall survive the payment in full of the indebtedness, liabilities and other obligations arising under this Agreement for a period of three months. For purposes of this Section 9.25, "Lender" shall include Lender, and any of their parents, subsidiaries, affiliates, successors and assigns, whether now existing or hereafter created.

10.    SPECIAL PROVISIONS.

10.1    Right to Contest.

10.1.1    Taxes and Claims by Third Parties. Notwithstanding the provisions of Section 9.3 which obligate Borrower to pay taxes and other obligations to third parties when due, it is agreed that any tax, assessment, charge, levy, claim or obligation to a third party (expressly excluding an obligation created under the Loan Documents) need not be paid while the validity or amount thereof shall be contested currently, diligently and in good faith by appropriate proceedings and if Borrower shall have adequate unencumbered (except in favor of Lender) cash reserves with respect thereto, and provided that such contest does not create a default by landlord under any lease assigned to Lender; and provided, further, that Borrower shall pay all taxes, assessments, charges, levies or obligations:

(i)    immediately upon the commencement of proceedings to enforce any lien which may have attached as security therefor, unless such proceeding is stayed by proper court order pending the outcome of such contest; and

(ii)    as to claims for labor, materials or supplies, prior to the imposition of any lien on the Property unless the lien is discharged or bonded as set forth in Section 11.1.4.

10.1.2    Legal Requirements. Borrower may contest any claim, demand, levy or assessment under any Legal Requirements by any Person if:

(i)    the contest is based upon a material question of law or fact raised by Borrower in good faith;

(ii)    Borrower properly commences and thereafter diligently pursues the contest;

(iii) the contest will not materially impair the ability to ultimately comply with the contested Legal Requirement should the contest not be successful and

44

168215.00401/132065245v.7

the conduct of the contest will not materially interfere with the ability to obligate all tenants to pay rent without offset;

(iv) Borrower demonstrates to Lender's reasonable satisfaction that Borrower has the financial capability to undertake and pay for such contest and any corrective or remedial action then or thereafter reasonably likely to be necessary;

(v) if the likely cost of complying with the Legal Requirement in the event the contest is not successfully resolved, as determined in good faith by Lender, is more than Twenty-Five Thousand and 00/100 Dollars ($25,000.00) there is no reason to believe that the contest will not be resolved prior to the Maturity Date;

(vi) no Event of Default exists; and

(vii) if the contest relates to an Environmental Law, the conditions set forth in the ADA and Environmental Indemnity relating to such contests shall be satisfied.

11.    EVENTS OF DEFAULT.  The following provisions deal with Default, Events of Default, notice, grace and cure periods, and certain rights of Lender following an Event of Default.

11.1    Default and Events of Default.  The term "**Default**" as used herein or in any of the other Loan Documents shall mean an Event of Default, or any fact or circumstance which constitutes, or upon the lapse of time, or giving of notice, or both, could constitute, an Event of Default.  Each of the following events, unless cured within any applicable grace period set forth or referred to below in this Section 11.1, or in Section 11.2, shall constitute an "**Event of Default**":

11.1.1    Generally.  A default by Borrower in the performance of any term, provision or condition of this Agreement to be performed by Borrower, or a breach, or other failure to satisfy, any other term, provision, condition, covenant or warranty under this Agreement and such default remains uncured beyond any applicable specific grace period provided for in this Agreement, or as set forth in Section 11.2 below.

11.1.2    Note, Mortgage and Other Loan Documents.  A default by Borrower in the performance of any term or provision of the Note, or of the Mortgage, or of any of the other Loan Documents, or a breach, or other failure to satisfy, any other term, provision, condition or warranty under the Note, the Mortgage or any other Loan Document, regardless of whether the then undisbursed portion of the Loan is sufficient to cover any payment of money required thereby, and the specific grace period, if any, allowed for the default in question shall have expired without such default having been cured.

11.1.3    Financial Status and Insolvency.

A.    Borrower shall: (i) admit in writing its inability to pay its debts generally as they become due; (ii) file a petition in bankruptcy or a petition to take advantage of any insolvency act; (iii) make an assignment for the benefit of creditors; (iv) consent to, or acquiesce in, the appointment of a receiver, liquidator or trustee of itself or of the whole or any substantial part of its properties or assets; (v) file a petition or answer seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under the United States Bankruptcy Code or any other applicable law; (vi) have a court of competent jurisdiction enter an order, judgment or decree appointing a receiver, liquidator or trustee of Borrower, or of

45

the whole or any substantial part of the property or assets of Borrower, and such order, judgment or decree shall remain unvacated or not set aside or unstayed for sixty (60) days; (vii) have a petition filed against it seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under the United States Bankruptcy Code or any other applicable law and such petition shall remain undismissed for sixty (60) days; (viii) have, under the provisions of any other law for the relief or aid of debtors, any court of competent jurisdiction assume custody or control of Borrower or of the whole or any substantial part of its property or assets and such custody or control shall remain unterminated or unstayed for sixty (60) days; (ix) have an attachment or execution levied against any substantial portion of the property of Borrower or against any portion of the Collateral which is not discharged or dissolved by a bond within thirty (30) days; or (x) have any materially adverse change in its financial condition since the date of this Agreement; or

B.    any such event shall occur with respect to Guarantor or any member of the Borrower.

11.1.4    Liens.  A Lien for the performance of work, or the supply of materials, or a notice of contract, or an attachment, judgment, execution or levy is filed against the Property and remains unsatisfied or is not discharged or dissolved by a bond (or by cash collateral acceptable to Lender) for a period of thirty (30) days after the filing thereof.

11.1.5    Breach of Representation or Warranty.  Any material representation or warranty made by Borrower or Guarantor herein or in any other instrument or document relating to the Loan or the Property shall at any time be materially false or misleading, or any warranty shall be materially breached.

11.1.6    Default Under Assigned Contract.  Borrower defaults under any lease of the Property or under any contract assigned to Lender and such default is not cured within the grace period applicable thereto such that the tenant or contracting party obtains the right to terminate the contract or lease or to claim material damages.

11.1.7    Guarantor Default.  A default by Guarantor in the performance of any term or provision of this Agreement or any other Loan Document to which such Guarantor is a party, or the breach, or any other failure to satisfy any other term, provision, condition or warranty imposed upon the Guarantors in this Agreement or in any other Loan Document to which such Guarantor is a party or by which Guarantor is bound.

11.1.8    Alterations/Construction.  Borrower and/or any of its affiliates perform alterations or construction at the Property without the prior written consent of the Lender.  There shall be no grace period and no notice provision with respect to the foregoing.

11.1.9    [Reserved].

11.1.10    Change of Control.  The occurrence of a Change in Control.  There shall be no grace period and no notice provision with respect to the foregoing.

11.2    Grace Periods and Notice.  As to each of the foregoing events the following provisions relating to grace periods and notice shall apply:

11.2.1    No Notice or Grace Period.  There shall be no grace period and no notice provision with respect to the payment of principal on the Maturity Date and no grace period

46

and no notice provision with respect to defaults related to the voluntary filing of bankruptcy or reorganization proceedings or an assignment for the benefit of creditors, or with respect to nonmonetary defaults which are not reasonably capable of being cured, or with respect to a breach of warranty or representation under Sections 8.1 (regarding Financial Information), or with respect to breaches under Sections 9.6 (Restrictions on Liens, Transfers and Additional Debt), and 9.7 (Limits on Guaranties and Distributions).

11.2.2    Nonpayment of Interest and Principal. As to the nonpayment of interest, and installments of principal prior to the Maturity Date, or as to any payment which is made by an overdraft to Borrower's account which overdraft is not repaid within one (1) day, there shall be a five (5) day grace period without any requirement of notice from Lender.

11.2.3    Other Monetary Defaults. All other monetary defaults shall have a five (5) day grace period following notice from Lender, or, if shorter, a grace period without notice until five (5) Business Days before the last day on which payment is required to be made in order to avoid:

(i)    the cancellation or lapse of required insurance, or

(ii)    a tax sale or the imposition of late charges or penalties in respect of taxes or other municipal charges.

11.2.4    Nonmonetary Defaults Capable of Cure. As to nonmonetary defaults which are reasonably capable of being cured or remedied, unless there is a specific shorter or longer grace period provided for in this Loan Agreement or in another Loan Document, there shall be a ten (10) day grace period following notice from Lender.

11.3    Certain Lender Remedies. If an Event of Default shall occur, Lender:

11.3.1    Accelerate Debt. May declare the Obligations immediately due and payable (provided that, in the case of a voluntary petition in bankruptcy filed by Borrower or (after the expiration of the grace period, if any, set forth in Section 11.2.3 above) an involuntary petition in bankruptcy filed against Borrower), such acceleration shall be automatic); and

11.3.2    Pursue Remedies. May pursue any and all remedies provided for hereunder, or under any one or more of the other Loan Documents.

11.3.3    Written Waivers. If a Default or an Event of Default is waived by Lender, in its sole discretion, pursuant to a specific written instrument executed by an authorized officer of Lender, the Default or Event of Default so waived shall be deemed to have never occurred.

12.    ADDITIONAL REMEDIES OF LENDER.

12.1    Remedies. Upon the occurrence of an Event of Default, whether or not the Obligations shall be due and payable or Lender shall have instituted any foreclosure or other action for the enforcement of the Mortgage or the Note, Lender may, in addition to any other remedies which Lender may have hereunder or under the other Loan Documents, and not in limitation thereof, and in Lender's sole and absolute discretion:

47

12.1.1 <u>Enter and Perform</u>. Enter upon the Property to perform obligations under any lease permitted by the Loan Documents, or to operate, maintain, repair and improve the Property and employ watchmen to protect the Property, all at the risk, cost and expense of Borrower, consent to such entry being hereby given by Borrower;

12.1.2 <u>Discontinue Work</u>. At any time discontinue any work commenced in respect of the Property or change any course of action undertaken by it and not be bound by any limitations or requirements of time whether set forth herein or otherwise;

12.1.3 <u>Exercise Rights</u>. Exercise the rights of Borrower under any contract or other agreement in any way relating to the Property and take over and use all or any part of the labor, materials, supplies and equipment contracted for by Borrower, whether or not previously incorporated into the realty; and

12.1.4 <u>Other Actions</u>. In connection with any work or action undertaken by Lender pursuant to the provisions of the Loan Documents,

(i)  engage builders, contractors, architects, engineers and others for the purpose of furnishing labor, materials and equipment,

(ii)  pay, settle or compromise all bills or claims which may become liens against the property constituting the Collateral, or which have been or may be incurred in any manner in connection with the Property or for the discharge of liens, encumbrances or defects in the title of the Property or the Collateral,

(iii)  take or refrain from taking such action hereunder as Lender may from time to time determine, and

(iv)  engage marketing and leasing agents and real estate brokers to advertise, lease or sell portions or all of the Property or other Collateral upon such terms and conditions as Lender may in good faith determine.

12.2 <u>Reimbursement</u>. Borrower shall be liable to Lender for all sums paid or incurred pursuant to any of the Loan Documents whether the same shall be paid or incurred pursuant to this <u>Section 12</u> or otherwise, and all payments made or liabilities incurred by Lender hereunder of any kind whatsoever shall be paid by Borrower to Lender upon demand with interest at the Default Rate as provided in this Agreement or the Note from the date of payment by Lender to the date of payment to Lender and repayment of such sums with such interest shall be secured by the applicable Security Documents.

12.3 <u>Power of Attorney</u>. For the purpose of exercising the rights granted by this <u>Section 12</u>, as well as any and all other rights and remedies of Lender, Borrower hereby irrevocably constitutes and appoints Lender (or any agent designated by Lender) its true and lawful attorney-in-fact, upon and following any Event of Default, to execute, acknowledge and deliver any instruments and to do and perform any acts permitted hereunder or by law in the name and on behalf of Borrower.

12.4 **CONFESSION OF JUDGMENT. BORROWER AND GUARANTOR HEREBY IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR BORROWER AND GUARANTOR IN ANY COURT AND, WITH OR WITHOUT COMPLAINT FILED, TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, AGAINST**

48

168215.00401/132065245v.7

**BORROWER AND GUARANTOR IN FAVOR OF THE LENDER OR ANY HOLDER HEREOF FOR THE FULL AMOUNT DUE HEREUNDER (INCLUDING PRINCIPAL, ACCRUED AND UNPAID INTEREST AND ANY AND ALL CHARGES, FEES AND COSTS) TOGETHER WITH ATTORNEY'S FEES AND EXPENSES EQUAL TO FIFTEEN PERCENT (15%) OF THE FULL AMOUNT DUE HEREUNDER, AND FOR DOING SO, THIS NOTE OR A COPY VERIFIED BY AFFIDAVIT SHALL BE A SUFFICIENT WARRANT.  BORROWER AND GUARANTOR HEREBY FOREVER WAIVE AND RELEASE ALL ERRORS IN THE ENTRY OF SAID JUDGMENT, ALL RIGHTS OF APPEAL, ALL NOTICE AND OPPORTUNITY FOR HEARING PRIOR TO THE ENTRY OF JUDGMENT AND ALL RELIEF FROM ANY AND ALL APPRAISEMENT, STAY OR EXEMPTION LAWS OF ANY STATE NOW IN FORCE OR HEREAFTER ENACTED.  INTEREST ON ANY SUCH JUDGMENT SHALL ACCRUE AT THE RATE OF INTEREST EQUAL TO THE HIGHER OF 15% PER ANNUM OR THE HIGHEST DEFAULT RATE OF INTEREST SET FORTH HEREIN. NOTWITHSTANDING, IN NO EVENT SHALL THE LENDER RETAIN ATTORNEY'S FEES AND EXPENSES IN EXCESS OF THE ATTORNEY'S FEES AND EXPENSES ACTUALLY INCURRED.  IT IS THE INTENT OF THE PARTIES HERETO THAT LENDER'S RIGHT TO COLLECT ATTORNEYS' FEES, COLLECTION COSTS AND OTHER EXPENSES ACTUALLY INCURRED BY THE LENDER AFTER THE DATE WHEN JUDGMENT IS ENTERED PURSUANT TO THIS SECTION AND DURING THE COURSE OF ENFORCING ANY OF THE LENDER'S RIGHTS OR REMEDIES HEREUNDER, COLLECTING ANY AMOUNTS OWED HEREUNDER, IN DEFENDING ITSELF FROM ANY CLAIMS ARISING IN CONNECTION HEREWITH, OR IN PROTECTING LENDER'S COLLATERAL OR ANY INTERESTS OF LENDER HEREIN OR THEREIN (COLLECTIVELY, THE "POST JUDGMENT COSTS"), SHALL NOT BE DEEMED TO MERGE INTO ANY JUDGMENT AWARDED BY THE COURT PURSUANT TO THIS SECTION, AND SHALL SURVIVE THE ENTRY OF ANY SUCH JUDGMENT. BORROWER AND GUARANTOR AGREE THEY ARE LIABLE TO THE LENDER FOR ALL SUCH POST JUDGMENT COSTS.  IT IS ALSO THE INTENTION OF THE PARTIES HERETO THAT LENDER SHALL HAVE THE RIGHT TO BRING AND MAINTAIN ONE OR MORE POST-JUDGMENT ACTIONS FOR REIMBURSEMENT OF ANY AND ALL POST JUDGMENT COSTS OR TO CONFESS JUDGMENT AGAINST BORROWER AND GUARANTOR AGAIN HEREUNDER FOR ANY SUCH POST JUDGMENT COSTS THAT ARE NOT PART OF A PREVIOUS JUDGMENT ENTERED PURSUANT TO THIS SECTION. NO SINGLE EXERCISE OF THE FOREGOING POWER TO CONFESS JUDGMENT, OR A SERIES OF JUDGMENTS, SHALL BE DEEMED TO EXHAUST SUCH POWER TO CONFESS, WHETHER OR NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, VOIDABLE, OR VOID, BUT SUCH POWER SHALL CONTINUE UNDIMINISHED AND IT MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS THE LENDER SHALL ELECT UNTIL SUCH TIME AS THE LENDER SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL AMOUNTS DUE HEREUNDER, INCLUDING, WITHOUT LIMITATION, ALL POST JUDGMENT COSTS. THE NOTE AND THE OBLIGATIONS HEREUNDER SHALL BE DEEMED TO SURVIVE UNTIL THE FULL AND FINAL REPAYMENT OF ALL OBLIGATIONS.**

49

168215.00401/132065245v.7

13.   SET-OFF.

13.1   Set-off.  The Borrower hereby grants to the Lender a lien, security interest and a right of setoff as security for all Obligations to the Lender, whether now existing or hereafter arising, upon and against all deposits, credits, collateral and property, now or hereafter in the possession, custody, safekeeping or control of the Lender or any entity under the control of the Lender, or in transit to any of them. At any time, without demand or notice, the Lender may set off the same or any part thereof and apply the same to any liability or obligation of the Borrower even though unmatured and regardless of the adequacy of any other collateral securing the Loan. ANY AND ALL RIGHTS TO REQUIRE THE LENDER TO EXERCISE ITS RIGHTS OR REMEDIES WITH RESPECT TO ANY OTHER COLLATERAL WHICH SECURES THE LOAN, PRIOR TO EXERCISING ITS RIGHT OF SETOFF WITH RESPECT TO SUCH DEPOSITS, CREDITS OR OTHER PROPERTY OF THE BORROWER OR GUARANTOR, ARE HEREBY KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVED. The Lender shall not be required to marshal any present or future security for, or guarantees of the obligations or to resort to any such security or guarantee in any particular order and the Borrower waives, to the fullest extent that it lawfully can, (a) any right they might have to require the Lender to pursue any particular remedy before proceeding against them and (b) any right to the benefit of, or to direct the application of, the proceeds of any Collateral until the Obligations are paid in full.

13.2   Right to Freeze.  Lender shall also have the right, at its option, upon the occurrence of any event which would entitle Lender to set off or debit as set forth in Section 13.1 to freeze, block or segregate any such deposits, balances and other sums so that Borrower may not access, control or draw upon the same.

13.3   Additional Rights.  The rights of Lender and each affiliate of Lender under this Section 13 are in addition to, and not in limitation of, other rights and remedies, including other rights of set off, which Lender may have.

14.   CASUALTY AND TAKING.

14.1   Casualty and Obligation To Repair.  In the event of any damage or destruction to the Property or the other Collateral by reason of fire or other hazard or casualty (collectively, a "**Casualty**"), Borrower shall give immediate written notice thereof to Lender and proceed with reasonable diligence, in full compliance with all Legal Requirements and the other requirements of the Loan Documents, to repair, restore, rebuild or replace the affected property (collectively, the "**Repair Work**").

14.2   Adjustment of Claims.  All insurance claims that are below the Restoration Threshold shall be adjusted by Borrower, at Borrower's sole cost and expense, but subject to Lender's prior written approval which approval shall not be unreasonably withheld; provided that if any Default exists under any of the Loan Documents, Lender shall have the right to adjust and compromise such claims without the approval of Borrower.  Lender's consent shall be required prior to Borrower finally settling any claim in excess of the Restoration Threshold.

14.3   Payment and Application of Insurance Proceeds.  All proceeds of insurance shall be paid to Lender and, at Lender's option, be applied to Borrower's Obligations (if above the Restoration Threshold) or deposited in the Collateral Account to be released, in whole or in part, to pay for the actual cost of repair, restoration, rebuilding or replacement (collectively, "**Cost To Repair**").

50

168215.00401/132065245v.7

14.4    <u>Conditions To Release of Insurance Proceeds</u>. If Lender elects to release insurance proceeds, Lender may impose reasonable conditions on such release which shall include, but not be limited to, the following:

(i)    Prior written approval by Lender, which approval shall not be unreasonably withheld or delayed of plans, specifications, cost estimates, contracts and bonds for the restoration or repair of the loss or damage;

(ii)    Waivers of lien, architect's certificates, contractor's sworn statements and other evidence of costs, payments and completion as Lender may reasonably require;

(iii)    The funds shall be released upon final completion of the Repair Work, unless Borrower requests earlier funding, then upon Lender's election, partial monthly disbursements equal to up to ninety percent (90%) of the value of the work completed shall be made prior to final completion of the repair, restoration or replacement and the balance of the disbursements shall be made upon full completion and the receipt by Lender of satisfactory evidence of payment and release of all liens;

(iv)    Determination by Lender that the undisbursed balance of such proceeds on deposit with Lender, together with additional funds deposited for the purpose, shall be at least sufficient to pay for the remaining Cost To Repair, free and clear of all liens and claims for lien;

(v)    All work to comply with the standards, quality of construction and Legal Requirements applicable to the original construction of the Property; and

(vi)    the absence of any Default under any Loan Documents.

14.5    <u>Taking</u>. If there is any condemnation for public use of the Property or of any Collateral, the awards on account thereof shall be paid to Lender and shall be applied to Borrower's Obligations, or at Lender's discretion released to Borrower.

15.    <u>GENERAL PROVISIONS</u>.

15.1    <u>Notices</u>. Any notice or other communication in connection with this Loan Agreement, the Note, the Mortgage, or any of the other Loan Documents, shall be in writing, and

(i)    deposited in the United States Mail, postage prepaid, by registered or certified mail, return receipt requested, or

(ii)    hand delivered by any commercially recognized courier service or overnight delivery service such as Federal Express, or

If to Borrower:

JENKINS COURT REALTY CO., L.P.
PO Box 549
Abington, PA 19001

51

If to Lender:

ICON PSG 1 FL, LLC
6711 Columbia Gateway Drive, Suite 130
Columbia, MD 21046
Attention: Cameron Lawson


with a copy by regular mail or such hand delivery to:

Blank Rome LLP
130 N. 18th Street
Philadelphia, PA 19103
Attention: Adam Laver, Esq.


Any such addressee may change its address for such notices to such other address in the United States as such addressee shall have specified by written notice given as set forth above.  All periods of notice shall be measured from the deemed date of delivery.

A notice shall be deemed to have been given, delivered and received for the purposes of all Loan Documents upon the earliest of:

(i)      if sent by certified or registered mail, return receipt requested, on the third Business Day following the date of postmark, or

(ii)     if hand delivered at the specified address by such courier or overnight delivery service, when delivered or tendered for delivery during customary business hours on a Business Day.

15.2    Further Assurances.  Borrower shall upon request from Lender from time to time execute, seal, acknowledge and deliver such further instruments or documents which Lender may reasonably require to better perfect and confirm' its rights and remedies hereunder, under the Note, under the Mortgage and under each of the other Loan Documents.

15.3    Parties Bound; No Third Party Beneficiaries.  The provisions of this Agreement and of each of the other Loan Documents shall be binding upon and inure to the benefit of Borrower and Lender and their respective successors and assigns, except as otherwise prohibited by this Agreement or any of the other Loan Documents.  This Agreement is a contract by and between Borrower and Lender for their mutual benefit, and no third person shall have any right, claim or interest against either Lender or Borrower by virtue of any provision hereof.

15.4    Waivers, Extensions and Releases.  Lender may at any time and from time to time waive any one or more of the conditions contained herein or in any of the other Loan Documents, or extend the time of payment of the Loan, or release portions of the Collateral from the provisions of this Agreement and from the Mortgage or any other Security Document, but any such waiver, extension or release shall be deemed to be made in pursuance and not in modification hereof, and any such waiver in any instance, or under any particular circumstance, shall not be considered a waiver of such condition in any other instance or any other circumstance.

52

168215.00401/132065245v.7

15.5    Governing Law; Consent to Jurisdiction; Mutual Waiver of Jury Trial.

15.5.1    Governing Law.    This Agreement and each of the other Loan Documents shall in all respects be governed, construed, applied and enforced in accordance with the internal laws of the State of Maryland without regard to principles of conflicts of law.

15.5.2    Consent to Jurisdiction.    Borrower hereby consents to personal jurisdiction in any state or Federal court located within the County of Howard, State of Maryland.

15.5.3    JURY TRIAL WAIVER.    BORROWER AND LENDER MUTUALLY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON THIS LOAN AGREEMENT, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS LOAN AGREEMENT OR ANY OTHER LOAN DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONNECTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALINGS, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY.    THIS WAIVER CONSTITUTES A MATERIAL INDUCEMENT FOR BORROWER AND LENDER TO ENTER INTO THE TRANSACTIONS CONTEMPLATED HEREBY.

15.6    Survival.    All representations, warranties, covenants and agreements of Borrower herein or in any other Loan Document, or in any notice, certificate, or other paper delivered by or on behalf of Borrower or Guarantor pursuant hereto are significant and shall be deemed to have been relied upon by Lender notwithstanding any investigation made by Lender or on its behalf and shall survive the delivery of the Loan Documents and the making of the Loan and each advance pursuant thereto.    No review or approval by Lender, or by its Consultants or representatives, of any plans and specifications, opinion letters, certificates by professionals or other item of any nature shall relieve Borrower or anyone else of any of the obligations, warranties or representations made by or on behalf of Borrower under any one or more of the Loan Documents.Cumulative Rights.    All of the rights of Lender hereunder and under each of the other Loan Documents and any other agreement now or hereafter executed in connection herewith or therewith, shall be cumulative and may be exercised singly, together, or in such combination as Lender may determine in its sole good faith judgment.

15.8    Claims Against Lender.

15.8.1    Borrower Must Notify.    Lender shall not be in default under this Agreement, or under any other Loan Document, unless a written notice specifically setting forth the claim of Borrower shall have been given to Lender within thirty (30) days after Borrower first had actual knowledge or actual notice of the occurrence of the event which Borrower alleges gave rise to such claim and Lender does not remedy or cure the default, if any there be, with reasonable promptness thereafter.    Such actual knowledge or actual notice shall refer to what was actually known by, or expressed in a written notification furnished to, any of the persons or officials referred to in Exhibit B as Authorized Representatives or of the Manager.

15.8.2    Remedies.    If it is determined by the final order of a court of competent jurisdiction, which is not subject to further appeal, that Lender has breached any of its obligations under the Loan Documents and has not remedied or cured the same with reasonable promptness following notice thereof, Lender's responsibilities shall be limited to:

53

(i)       where the breach consists of the failure to grant consent or give approval in violation of the terms and requirements of a Loan Document, the obligation to grant such consent or give such approval and to pay Borrower's reasonable costs and expenses including, without limitation, reasonable attorneys, fees and disbursements in connection with such court proceedings; and

(ii)      the case of any such failure to grant such consent or give such approval, or in the case of any other such default by Lender, where it is also so determined that Lender acted in bad faith, or that Lender's default constituted gross negligence or willful misconduct, the payment of any actual, direct, compensatory damages sustained by Borrower as a result thereof plus Borrower's reasonable costs and expenses, including, without limitation, reasonable attorneys' fees and disbursements in connection with such court proceedings.

15.8.3    Limitations.  In no event, however, shall Lender be liable to Borrower or anyone else for other damages such as, but not limited to, indirect, speculative, punitive or exemplary damages whatever the nature of the breach by Lender of its obligations under this Loan Agreement or under any of the other Loan Documents.  In no event shall Lender be liable to Borrower or anyone else unless a written notice specifically setting forth the claim of Borrower shall have been given to Lender within the time period specified above.

15.9    Obligations Absolute.  Except to the extent prohibited by applicable law which cannot be waived, the Obligations of Borrower under the Loan Documents shall be absolute, unconditional and irrevocable and shall be paid strictly in accordance with the terms of the Loan Documents under all circumstances whatsoever, including, without limitation, the existence of any claim, set off, defense or other right which Borrower may have at any time against Lender whether in connection with the Loan or any unrelated transaction.

15.10    Table of Contents, Title and Headings.  Any Table of Contents, the titles and the headings of sections are not parts of this Loan Agreement or any other Loan Document and shall not be deemed to affect the meaning or construction of any of their provisions.

15.11    Counterparts.  This Agreement may be executed in several counterparts, each of which when executed and delivered is an original, but all of which together shall constitute one instrument. In making proof of this Agreement, it shall not be necessary to produce or account for more than one such counterpart which is executed by the party against whom enforcement of such Agreement is sought.

15.12    Right to Sell.  Each reference herein to Lender shall be deemed to include its successors and assigns, to whose favor the provisions of this Agreement shall also inure.  Lender shall have the unrestricted right at any time or from time to time, and without Borrower's or Guarantor's consent, to assign all or any portion of its rights and obligations hereunder to one or more Persons (each, an "**Assignee**"), and Borrower and Guarantor agrees that it shall execute, or cause to be executed, such documents, including without limitation, amendments to this Agreement and to any other documents, instruments and agreements executed in connection herewith as Lender shall deem necessary to effect the foregoing.  In addition, at the request of Lender and any such Assignee, Borrower shall issue one or more new promissory notes, as applicable, to any such Assignee and, if Lender has retained any of its rights and obligations hereunder following such assignment, to Lender, which new promissory notes shall be issued in replacement of, but not in discharge of, the liability evidenced by the Note held by Lender prior to such assignment and shall reflect the amount of the respective commitments and loans held by such Assignee and Lender after giving effect to such assignment.  Upon the execution and delivery of appropriate assignment documentation, amendments and any other documentation required by Lender in connection

54

with such assignment, and the payment by Assignee of the purchase price agreed to by Lender, and such Assignee, such Assignee shall be a party to this Agreement and shall have all of the rights and obligations of Lender hereunder (and under any and all other guaranties, documents, instruments and agreements executed in connection herewith) to the extent that such rights and obligations have been assigned by Lender pursuant to the assignment documentation between Lender and such Assignee, and Lender shall be released from its obligations hereunder and thereunder to a corresponding extent. The failure by Borrower to comply with the foregoing shall constitute an immediate Event of Default. Any and all costs and expenses of the Lender, Borrower or Guarantor which arise as a result of the Lender's exercise of its rights under this Section 15.12 shall be borne solely by the Borrower.

15.13    Right to Participate. Lender shall have the unrestricted right at any time and from time to time, and without the consent of or notice to Borrower or Guarantor, to grant to one or more Persons (each, a "**Participant**") participating interests in Lender's obligation to lend hereunder and/or any or all of the loans held by Lender hereunder. Any and all costs and expenses of the Lender, Borrower or Guarantor which arise as a result of the Lender's exercise of its rights under this Section 15.13 shall be borne solely by the Borrower.

Lender may furnish any information concerning Borrower or Guarantor (and their respective affiliates) in its possession from time to time to prospective Assignees and Participants.

15.14    Splitting the Loan. Lender shall have the right from time to time, at the sole expense of Borrower, to sever the Note and the other Loan Documents into one or more separate promissory notes (resulting in the Loan being recast as a first priority mortgage loan and a mezzanine loan) and other security documents (the "**Severed Loan Documents**") in such denominations and priorities as Lender shall determine in its sole discretion and to allocate interest rates and amortization of the Loan between the components in a manner specified by Lender in its sole discretion; provided, however, that except as set forth in the previous parenthetical, the terms, provisions and clauses of the Severed Loan Documents shall be no more adverse to Borrower and/or Guarantor than those contained in the Note, this Agreement, the Mortgage and the other Loan Documents. Borrower shall cooperate with Lender to effectuate the same and shall execute and deliver to Lender from time to time, promptly after the request of Lender, a severance agreement and such other documents, modifications, amendments, opinions and title insurance as Lender shall request in order to affect the severance described in this Section 15.14, all in form and substance reasonably satisfactory to Lender. In the event of any prepayment of the Loan, Lender shall be entitled to apply the amount of such prepayment to one or more of the new component notes as Lender in its sole discretion decides. Borrower hereby absolutely and irrevocably appoints Lender as Borrower's true and lawful attorney in fact, coupled with an interest, in Borrower's name and stead to make and execute all documents necessary or desirable to effect the aforesaid severance, Borrower ratifying all that its said attorney in fact shall do by virtue thereof. Borrower hereby acknowledges and agrees that Borrower shall have no claim or cause of action against Lender arising out of Lender's execution and/or recordation of any instruments by or on behalf of Borrower pursuant to the foregoing power of attorney. The failure by Borrower to comply with the foregoing shall constitute an immediate Event of Default. Any and all costs and expenses of the Lender, Borrower or Guarantor which arise as a result of the Lender's exercise of its rights under this Section 15.14 shall be borne solely by the Borrower.

15.15    Credit Information. Borrower and Guarantor hereby authorize Lender to obtain the personal credit information of each of the undersigned annually during the term of the Loan. Further, each of Borrower and Guarantor gives Lender express authority to execute any and all documents, on Borrower's and/or Guarantor's behalf if necessary, that may be required by any third party for Lender to obtain such credit information.

55

15.16    Time of the Essence.  Time is of the essence of each provision of this Agreement and each other Loan Document.

15.17    Integration/No Oral Change.  This Loan Agreement and each of the other Loan Documents is intended by the parties as the final, complete and exclusive statement of the transactions evidenced by this Loan Agreement and the other Loan Documents.  All prior or contemporaneous promises, agreements and understandings, whether oral or written, are deemed to be superseded by this Loan Agreement and each of the Loan Documents, and no party is relying on any promise, agreement or understanding not set forth in this Loan Agreement or any of the other Loan Documents. Further, this Loan Agreement and each of the other Loan Documents may only be amended, terminated, extended or otherwise modified by a writing signed by the party against which enforcement is sought (except no such writing shall be required for any party which, pursuant to a specific provision of any Loan Document, is required to be bound by changes without such party's assent).  In no event shall any oral agreements, promises, actions, inactions, knowledge, course of conduct, course of dealings or the like be effective to amend, terminate, extend or otherwise modify this Loan Agreement or any of the other Loan Documents.

15.18    Monthly Statements.  While Lender may issue invoices or other statements on a monthly or periodic basis (each a "**Statement**"), it is expressly acknowledged and agreed that:

(i)      the failure of Lender to issue any Statement on one or more occasions shall not affect Borrower's obligations to make payments under the Loan Documents as and when due;

(ii)     the inaccuracy of any Statement shall not be binding upon Lender and so Borrower shall always remain obligated to pay the full amount(s) required under the Loan Documents as and when due notwithstanding any provision to the contrary contained in any Statement;

(iii)    all Statements are issued for information purposes only and shall never constitute any type of offer, acceptance, modification, or waiver of the Loan Documents or any of Lender's rights or remedies thereunder; and

(iv)     in no event shall any Statement serve as the basis for, or a component of, any course of dealing, course of conduct, or trade practice which would modify, alter, or otherwise affect the express written terms of the Loan Documents.

15.19    USA Patriot Act Notification.  Lender hereby notifies Borrower that pursuant to the requirements of the USA Patriot Act (Title III of Pub. L. 107-56 (signed into law October 26, 2001)) (the "**Act**"), it is required to obtain, verify and record information that identifies Borrower, which information includes the name and address of Borrower and other information that will allow Lender to identify Borrower in accordance with the Act.

15.20    Publicity.  Lender shall have the right to issue news releases, and publicize and/or advertise the fact that it has provided financing with respect to the Property and in connection therewith Lender shall have the right to photograph and use pictures of the Property in any such advertisements, brochures, print, media and other copy.  Further, Borrower consents to Lender's release of the terms of the Loan, including the loan amount, identification of Borrower, Guarantor of the Loan and Property, to trade publications or other sources of publication or advertising, as Lender deems appropriate in Lender's reasonable discretion.

168215.00401/132065245v.7

15.21 <u>Waiver of Consequential Damages</u>.   TO THE EXTENT PERMITTED BY APPLICABLE LAW, BORROWER AND GUARANTOR SHALL NOT ASSERT, AND THE BORROWER AND GUARANTOR HEREBY WAIVE, ANY CLAIM AGAINST ANY OTHER PARTY HERETO AND EACH AFFILIATE THEREOF AND THEIR RESPECTIVE DIRECTORS, OFFICERS, EMPLOYEES AND AGENTS, ON ANY THEORY OF LIABILITY, FOR SPECIAL, INDIRECT, CONSEQUENTIAL OR PUNITIVE DAMAGES (AS OPPOSED TO DIRECT OR ACTUAL DAMAGES) ARISING OUT OF, IN CONNECTION WITH, OR AS A RESULT OF, THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT, ANY ADVANCE OR THE USE OF THE PROCEEDS THEREOF.

168215.00401/132065245v.7

IN WITNESS WHEREOF this Agreement has been duly executed and delivered as a sealed instrument as of the date first written above.

**BORROWER:**

JENKINS COURT REALTY CO., L.P.,
a Pennsylvania limited partnership

By:    Old Jenkins Corporation,
        a Pennsylvania corporation,
        its general partner

By:
Name:  Philip Pulley
Title:    President

Acknowledged and Agreed to:

**GUARANTOR:**

PHILIP PULLEY

[Signature Page to Loan Agreement]

**LENDER:**

ICON PSG 1 FL, LLC,
a Delaware limited liability company

By: _____

Name: _Cameron Lawson_

Title: _Authorized Person_

[Signature Page to Loan Agreement]

EXHIBIT A TO LOAN AGREEMENT

ORGANIZATIONAL CHART

(See Attached)

EXHIBIT A

168215.00401/132065245v.7



All entities are formed in the Commonwealth of Pennsylvania

{Client Files/004030/00406/01597608.DOCX;1}
168215.00401/132103347v.2

EXHIBIT B TO LOAN AGREEMENT

AUTHORIZED REPRESENTATIVES

1. Philip C. Pulley

EXHIBIT C

168215.00401/132065245v.7

EXHIBIT C TO LOAN AGREEMENT

REQUIRED PROPERTY, HAZARD AND OTHER INSURANCE

Borrower shall at all times provide and maintain the following insurance coverages with respect to the Property and the Collateral issued by companies qualified to do business in the Commonwealth of Pennsylvania, having an S&P Rating of "A" or better and an AM Best's Rating of not less than "A:X" and otherwise acceptable to Lender in its sole discretion:

A.      Physical insurance on an all-risk/special form basis without exception (including, without limitation, wind/named storm, flood (required if property is in a "Special Flood Hazard Area" A or V in amounts satisfactory to Lender), vandalism and malicious mischief, earthquake, collapse, equipment breakdown, boiler explosion, sprinkler coverage, terrorism (both foreign and domestic), ordinance or law coverage, cost of demolition, increased costs of construction and the value of the undamaged portion of the building) covering all the real estate, fixtures and personal property to the extent of the full insurable value, on a replacement cost basis with either no coinsurance, or if coinsurance, an agreed amount endorsement (with deductibles not in excess of $10,000.00);

B.      During any period of repair or restoration, builder's "all-risk" insurance on the so called completed value basis in an amount equal to not less than the full, completed insurable value of the Property, against such risks (including fire and extended coverage and collapse of the Improvements to agreed limits) as Lender may request, in form and substance acceptable to Lender in accordance with the requirements set forth in paragraph A, above. Coverage shall include soft costs with delayed opening, coverage for property in transit, and on- and off-site storage;

C.      Rent loss or business interruption insurance in an amount equal to one and a half year's projected rentals or gross revenues with at least a 12 month period of indemnity with a six (6) month/one hundred eighty (180) day extended period of indemnity. Coverage shall include acts of foreign and domestic terrorism;

D.      Public, Commercial General Liability insurance, with underlying and umbrella coverages, on an occurrence basis, with no deductible or self-insured retention, unless otherwise approved by Lender in advance of placement. Coverage totaling not less than $_____ per occurrence and $_____ in the aggregate or such other amounts as may be determined by Lender from time to time. Coverage shall include acts of foreign and domestic terrorism;

E.      Automobile liability insurance (including non-owned automobile) with a coverage of $1,000,000 per occurrence during construction;

F.      Worker's compensation, employer's liability and other insurance required by law;

G.      During construction or renovations at the property, insurance covering those risks required to be covered by the General Contractor, or an applicable Other Contractor or a sub-contractor, under the Plans and Specifications, the Construction Contracts, or any of the other Approved Construction Documents; errors and omissions or similar coverages from the Architect and consulting engineers in limits and written by companies satisfactory to Lender; and

H.      Such other insurance coverages in such amounts as Lender may request consistent with the customary practices of prudent developers and owners of similar properties.

EXHIBIT C

168215.00401/132065245v.7

An actual insurance policy or certified copy thereof, or certificates of insurance, evidence of property coverage in the form of Acord 27 or 28 (Evidence of Property Coverage), Acord 25 (Certificate of Insurance), in forms acceptable to Lender, along with all applicable endorsements and policy provisions requested by Lender, with an unconditional undertaking to deliver the policy or a certified copy within thirty (30) days, shall be delivered at closing of the Loan.

Flood insurance shall be provided if the property or the collateral is located in a flood prone, flood risk or flood hazard area as designated pursuant to the Federal Flood Disaster Protection Act of 1973, as amended, and the Regulations thereunder, or if otherwise reasonably required by Lender in amounts and with deductibles satisfactory to Lender.

Such other insurance coverage (or higher coverages) running to the benefit of, or required by Lender in connection with the making of the loan on the Property or on any replacements or substitutions thereof or additions thereto as may from time to time be required by Lender against other insurable hazards or casualties which at the time are commonly insured against in the case of property similarly situated to the Property including, without limitation, sinkhole, mine subsidence, earthquake and environmental insurance, due regard being given to the height and type of buildings, their construction, location, use and occupancy.

All policies shall contain a Waiver of Subrogation in favor of the Lender.

Lender shall be named as first mortgagee on policies of all-risk-type insurance on the Property, as lenders loss payee on the Collateral and its contents, and on rent-loss or business interruption coverages related thereto.

Except with respect to public liability insurance, as to which Lender shall be named as an additional insured with respect to the Property or the Collateral, all other required insurance coverages shall have a so-called "Mortgagee's endorsement" or "Lender's loss-payable endorsement" which shall provide in substance as follows:

A.    Loss or damage, if any, under the policy shall be paid to Lender and its successors and assigns ("Lender") in whatever form or capacity its interest may appear and whether said interest be vested in said Lender in its individual or in its disclosed or undisclosed fiduciary or representative capacity, or otherwise, or vested in a nominee or trustee of said Lender. All policies of insurance shall contain a waiver of subrogation in favor of the Lender.

B.    The insurance under the policy, or under any rider or endorsement attached thereto, as to the interest only of Lender, its successors and assigns, shall not be invalidated nor suspended:

(i)  by any error, omission or change respecting the ownership, description, possession or location of the subject of the insurance or the interests therein or the title thereto; or

(ii)  by the commencement of foreclosure or similar proceedings or the giving of notice of sale of any of the property covered by the policy by virtue of any mortgage, Mortgage, or security interest; or

(iii) by any breach of warranty, act, omission, neglect, or noncompliance with any provisions of the policy by the named insured, or anyone else, whether before or after a loss, which under the provisions of the policy of insurance, would invalidate or suspend

EXHIBIT C

168215.00401/132065245v.7

the insurance as to the named insured, excluding, however, any acts or omissions of Lender while exercising active control and management of the insured property.

C.    Insurer shall provide Lender with not less than thirty (30) days, prior written notice of cancellation of the policy (ten (10) days for non-payment and at least thirty (30) days for any other reason) or of the non-renewal thereof.

D.    The insurer reserves the right to cancel the policy at any time, but only as provided by its terms.  However, in such case this policy shall continue in force for the benefit of Lender for thirty (30) days after written notice of such cancellation/ten (10) days for nonpayment of premium is received by Lender and shall then cease.

E.    Should legal title to and beneficial ownership of any of the property covered under the policy become vested in Lender or its agents, successors or assigns, insurance under the policy shall continue for the term thereof for the benefit of Lender.

F.    All notices herein provided to be given by the insurer to Lender in connection with this policy and Lender's loss payable endorsement shall be mailed to or delivered to Lender by certified or registered mail, return receipt requested, as follows:

> ICON PSG 1 FL, LLC,
> And its Successors, Assigns, Affiliates, Partners and Participants
> 6711 Columbia Gateway Drive, Suite 130
> Columbia, Maryland 21046
> Attn: Cameron Lawson

EXHIBIT C

168215.00401/132065245v.7

EXHIBIT D TO LOAN AGREEMENT

DRAW SCHEDULE

EXHIBIT D

168215.00401/132065245v.7

**PROJECT:** 610 Old York Road

| A | B | C | Draw 1 ( Settlement) | Draw 2 | Draw 3 | Draw 4 | Draw 5 | Balance to Fund |
|---|---|---|---|---|---|---|---|---|
| ITEM NO | DESCRIPTION OF WORK | SCHEDULED VALUE | At Settlement | | | | | |
| | | | BUILDING IMPROVEMENTS | | | | | |
| 1 | Garage - Parking Deck | $ 2,489,550 | $ 1,247,756 | | | | | $ 1,241,794 |
| | Demolition | | | | | | | $ 241,794 |
| | Steel | | | | | | | $ 500,000 |
| | Concrete | | | | | | | $ 500,000 |
| 2 | Masonry - Clean | $ 50,000 | | | | | | $ 50,000 |
| 3 | Masonry - Replace Lintels | $ 2,000 | | | | | | $ 2,000 |
| 4 | Elevator - Replace | $ 98,500 | | | | | | $ 98,500 |
| 5 | Common Areas - Painting Exterior | $ 10,000 | | | | | | $ 10,000 |
| 6 | Common Areas - Caulk Exterior | $ 37,500 | | | | | | $ 37,500 |
| 7 | Parking - Parking Controls | $ 10,000 | | | | | | $ 10,000 |
| 8 | Paint - Miscellaneous | $ 25,000 | | | | | | $ 25,000 |
| 9 | Miscellaneous - Package Room | $ 1,500 | | | | | | $ 1,500 |
| | **BUILDING IMPROVEMENTS** | $ 2,724,050 | $ 1,247,756 | $ - | $ - | $ - | $ - | $ 1,476,294 |
| | | | COMMERCIAL IMPROVEMENTS (TINY TOWN) | | | | | |
| 11 | Tiny Town Hard Costs | $ 1,125,000 | | | | | | $ 1,125,000 |
| | | | COMMERCIAL IMPROVEMENTS (DOGTOPIA) | | | | | |
| 12 | Dogtopia Hard Costs | $ 300,000 | | | | | | $ 300,000 |
| | | | COMMERCIAL IMPROVEMENTS (PRECIOUS ONE) | | | | | |
| 13 | Precious One Hard Costs | $ 300,000 | | | | | | $ 300,000 |
| | **TENANT IMPROVEMENTS** | $ 1,725,000 | $ - | $ - | $ - | $ - | $ - | $ 1,725,000 |
| | | | LEASING COMMISSION | | | | | |
| 14 | Tiny Town - Leasing Commission | $ 150,000 | | | | | | $ 150,000 |
| | **LEASING COMMISSION** | $ 150,000 | $ - | $ - | $ - | $ - | $ - | $ 150,000 |
| | **TOTAL CONSTRUCTION COSTS** | $ 4,599,050 | $ 1,247,756 | $ - | $ - | $ - | $ - | $ 3,351,294 |

# Exhibit 2

 

**RECORDER OF DEEDS**
**MONTGOMERY COUNTY**
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MTG BK 15820 PG 01708 to 01752**
INSTRUMENT # : 2023052797
RECORDED DATE: 10/03/2023 03:14:19 PM



6258044-0024S

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | Page 1 of 45 |
|---|---|

| | | |
|---|---|---|
| **Document Type:** Mortgage | **Transaction #:** | 6833254 - 3 Doc(s) |
| **Document Date:** 09/22/2023 | **Document Page Count:** | 44 |
| **Reference Info:** | **Operator Id:** | plai |

| **RETURN TO:** (Simplifile) | **PAID BY:** |
|---|---|
| Elkins Park Abstract Company | ELKINS PARK ABSTRACT COMPANY |
| 721 Dresher Road | |
| Horsham, PA 19044 | |
| (215) 830-1100 | |

**\* PROPERTY DATA:**
Parcel ID #:        10-00-05364-00-8
Address:          610 YORK RD

                  PA
Municipality:      Jenkintown Borough (100%)
School District:    Jenkintown
**\* ASSOCIATED DOCUMENT(S):**

| **FEES / TAXES:** | | MTG BK 15820 PG 01708 to 01752 |
|---|---|---|
| Recording Fee:Mortgage | $65.50 | Recorded Date: 10/03/2023 03:14:19 PM |
| Additional Pages Fee | $80.00 | |
| Affordable Housing Pages | $80.00 | I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania. |
| **Total:** | $225.50 | |



**Jeanne Sorg**
**Recorder of Deeds**

Rev1 2016-01-29

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT
NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION

Digitally signed 06/25/2024 by montgomery.county.rod@govos.com

**Certified and Digitally Signed**

Validation may require Adobe 'Windows Integration'

Appx247    eCertified copy of recorded # 2023052797 (page 1 of 45)
Montgomery County Recorder of Deeds

This Instrument Prepared By:

BLANK ROME LLP
130 N. 18th Street
Philadelphia, PA 19103
Attention: Steven Shoumer, Esq.

After Recording Return To:

BLANK ROME LLP
130 N. 18th Street
Philadelphia, PA 19103
Attention: Steven Shoumer, Esq.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
10-00-05364-00-8    JENKINTOWN BOROUGH
610 YORK RD
JENKINS COURT REALTY COMPANY LP          $15.00
B 010  L  U 001  4336 10/03/2023                    JG

Tax Parcel Identification No. 10-00-05364-00-8

**JENKINS COURT REALTY CO., L.P.,**
a Pennsylvania limited partnership

**("Mortgagor")**

to

**ICON PSG 1 FL, LLC,**
a Delaware limited liability company

**("Mortgagee")**

---

**OPEN-END MORTGAGE, ASSIGNMENT OF LEASES AND RENTS,
SECURITY AGREEMENT AND FIXTURE FILING
(THIS MORTGAGE SECURES FUTURE ADVANCES)**

---

| | |
|---|---|
| Dated: | As of September 22, 2023 |
| Effective: | As of September 27, 2023 |
| Location: | 610 Old York Road<br>Jenkintown, PA<br>a/k/a 610 York Road<br>Jenkintown, PA |

168215.00401/132002772v.6

Appx248    eCertified copy of recorded # 2023052797 (page 2 of 45)
Montgomery County Recorder of Deeds

## TABLE OF CONTENTS

Page

ARTICLE 1    GRANTS OF SECURITY ........................................................................2

Section 1.1    Property Mortgaged ................................................................2
Section 1.2    Assignment of Rents ..............................................................4
Section 1.3    Security Agreement ................................................................5
Section 1.4    Fixture Filing ........................................................................5
Section 1.5    Pledges of Monies Held ........................................................6

ARTICLE 2    DEBT AND OBLIGATIONS SECURED .................................................7

Section 2.1    Debt ......................................................................................7
Section 2.2    Other Obligations ..................................................................7
Section 2.3    Debt and Other Obligations ....................................................7

ARTICLE 3    MORTGAGOR COVENANTS ............................................................7

Section 3.1    Payment of Debt ....................................................................7
Section 3.2    Incorporation by Reference ....................................................7
Section 3.3    Insurance ..............................................................................7
Section 3.4    Maintenance of Property ........................................................7
Section 3.5    Waste ....................................................................................8
Section 3.6    Payment for Labor and Materials ............................................8
Section 3.7    Performance of Other Agreements ..........................................8
Section 3.8    Change of Name, Identity or Structure ....................................9
Section 3.9    Tax and Insurance Escrow ......................................................9

ARTICLE 4    OBLIGATIONS AND RELIANCES ......................................................9

Section 4.1    Relationship of Mortgagor and Mortgagee ..............................9
Section 4.2    No Reliance on Mortgagee ....................................................10
Section 4.3    No Mortgagee Obligations ....................................................10
Section 4.4    Reliance ..............................................................................10

ARTICLE 5    FURTHER ASSURANCES ..............................................................10

Section 5.1    Recording of Mortgage, etc ..................................................10
Section 5.2    Further Acts, etc ..................................................................11
Section 5.3    Changes in Tax, Debt, Credit and Documentary Stamp Laws ......11
Section 5.4    Splitting of Mortgage ..........................................................11
Section 5.5    Replacement Documents ......................................................12

ARTICLE 6    DUE ON SALE/ENCUMBRANCE ......................................................12

Section 6.1    Mortgagee Reliance ..............................................................12
Section 6.2    No Transfer ..........................................................................12
Section 6.3    Intentionally Omitted ............................................................12
Section 6.4    Mortgagee's Rights ..............................................................12

ARTICLE 7    RIGHTS AND REMEDIES UPON DEFAULT ........................................13

Section 7.1    Remedies ..............................................................................13
Section 7.2    Application of Proceeds ........................................................16
Section 7.3    Right to Cure Defaults ..........................................................16

-i-

168215.00401/132002772v.6

Appx249    eCertified copy of recorded # 2023052797 (page 3 of 45)
Montgomery County Recorder of Deeds

Section 7.4      Actions and Proceedings ............................................................................16
Section 7.5      Recovery of Sums Required to Be Paid.......................................................16
Section 7.6      Examination of Books and Records.............................................................16
Section 7.7      Other Rights, etc ........................................................................................17
Section 7.8      Right to Release Any Portion of the Property.............................................18
Section 7.9      Violation of Laws .......................................................................................18
Section 7.10     Recourse and Choice of Remedies..............................................................18
Section 7.11     Right of Entry .............................................................................................18

ARTICLE 8     INTENTIONALLY OMITTED.......................................................................18

ARTICLE 9     INDEMNIFICATION....................................................................................18
Section 9.1      Intentionally Omitted..................................................................................18
Section 9.2      Mortgage and/or Intangible Tax .................................................................19
Section 9.3      ERISA Indemnification ...............................................................................19
Section 9.4      Intentionally Omitted..................................................................................19
Section 9.5      Duty to Defend; Attorneys' Fees and Other Fees and Expenses ....................19

ARTICLE 10    WAIVERS.....................................................................................................19
Section 10.1     Waiver of Counterclaim...............................................................................19
Section 10.2     Marshalling and Other Matters ...................................................................19
Section 10.3     Waiver of Notice.........................................................................................19
Section 10.4     Waiver of Statute of Limitations.................................................................20
Section 10.5     Survival.......................................................................................................20

ARTICLE 11    INTENTIONALLY OMITTED.......................................................................20

ARTICLE 12    NOTICES......................................................................................................20
Section 12.1     Notices .......................................................................................................20

ARTICLE 13    APPLICABLE LAW ......................................................................................20
Section 13.1     Governing Law; WAIVER OF JURY TRIAL ...............................................20
Section 13.2     Usury Laws.................................................................................................21
Section 13.3     Provisions Subject to Applicable Law .........................................................21
Section 13.4     Commercial Law/Open-End Mortgage.........................................................21
Section 13.5     Business Purpose ........................................................................................22
Section 13.6     ACKNOWLEDGMENTS ............................................................................22

ARTICLE 14    DEFINITIONS..............................................................................................23
Section 14.1     Definitions..................................................................................................23

ARTICLE 15    MISCELLANEOUS PROVISIONS .................................................................23
Section 15.1     No Oral Change ..........................................................................................23
Section 15.2     Successors and Assigns................................................................................23
Section 15.3     Secondary Market .......................................................................................23
Section 15.4     Inapplicable Provisions ...............................................................................25
Section 15.5     Headings, etc...............................................................................................25
Section 15.6     Number and Gender/Joint and Several ........................................................25
Section 15.7     Subrogation.................................................................................................25
Section 15.8     Entire Agreement ........................................................................................26
Section 15.9     Limitation on Mortgagee's Responsibility ...................................................26
Section 15.10    Loan Agreement..........................................................................................26

-ii-

168215.00401/132002772v.6

Appx250     eCertified copy of recorded # 2023052797 (page 4 of 45)
Montgomery County Recorder of Deeds

Section 15.11    Intentionally Omitted ......................................................................................26
Section 15.12    Receipt of Mortgage .......................................................................................26

-iii-

168215.00401/132002772v.6

Appx251    eCertified copy of recorded # 2023052797 (page 5 of 45)
Montgomery County Recorder of Deeds

OPEN-END MORTGAGE, ASSIGNMENT OF LEASES AND RENTS,
SECURITY AGREEMENT AND FIXTURE FILING
(This Mortgage Secures Future Advances)

This MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "**Mortgage**") is dated as September 22, 2023, and effective as of September 27, 2023, by **JENKINS COURT REALTY CO., L.P.,** a Pennsylvania limited partnership ("**Mortgagor**"), having an address at PO Box 549, Abington, PA 19001, for the benefit of **ICON PSG 1 FL, LLC,** a Delaware limited liability company ("**Mortgagee**"), having an address at 6711 Columbia Gateway Drive, Suite 130, Columbia, MD 21046.

W I T N E S S E T H:

WHEREAS, Mortgagor is the fee owner of that certain tract of land located in the County of Montgomery, Commonwealth of Pennsylvania and being more fully described in Exhibit A attached hereto (the "**Land**");

WHEREAS, this Mortgage is given in connection with a loan in the maximum principal sum of TWENTY MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($20,500,000.00) (the "**Loan**") made by Mortgagee to Mortgagor pursuant to that certain Loan Agreement dated as of the date hereof (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "**Loan Agreement**") and evidenced by a certain Secured Promissory Note in the principal amount of the Loan, dated the date hereof made by Mortgagor to Mortgagee (such note, as the same may be amended, restated, replaced, supplemented, consolidated, severed or otherwise modified from time to time, being hereinafter referred to as the "**Note**");

WHEREAS, Mortgagor desires to secure the payment of the Debt and the performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents (as hereinafter defined);

WHEREAS, this Mortgage is given pursuant to the Loan Agreement, and payment, fulfillment, and performance by Mortgagor of its obligations thereunder and under the other Loan Documents are secured hereby, and each and every term and provision of the Loan Agreement and the Note, including the rights, remedies, obligations, covenants, conditions, agreements, indemnities, representations and warranties of the parties therein, are hereby incorporated by reference herein as though set forth in full and shall be considered a part of this Mortgage (the Loan Agreement, the Note, this Mortgage, that certain Assignment of Leases and Rents of even date herewith made by Mortgagor in favor of Mortgagee (the "**Assignment of Leases**") and all other documents evidencing or securing the Debt or delivered in connection with the making of the Loan, as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, are hereinafter referred to collectively as the "**Loan Documents**"); and

WHEREAS, Mortgagee is a successor in interest to PSG Lending, LLC, a Maryland limited liability company ("**PSG**"), and in connection with Mortgagee's making of the Loan, Mortgagee has required PSG to assign any and all of its interest in and to the Loan Documents. Attached hereto as Exhibit C is such executed assignment.

NOW THEREFORE, in order to secure to secure the payment of the Debt and the performance of all of its obligations under the Note, the Loan Agreement and the other Loan Documents, in consideration of the making of the Loan by Mortgagee and the covenants, agreements, representations and warranties set forth in this Mortgage, and for good and valuable consideration, the receipt and

168215.00401/132002772v.6    Appx252    eCertified copy of recorded # 2023052797 (page 6 of 45)
Montgomery County Recorder of Deeds



sufficiency of which is hereby acknowledged, and intending to be legally bound, Mortgagor does hereby agree to the following:

## ARTICLE 1

## GRANTS OF SECURITY

Section 1.1 Property Mortgaged. Mortgagor does hereby irrevocably mortgage, grant, bargain, sell, pledge, assign, warrant, transfer and convey to Mortgagee and its successors and assigns (to the extent assignable) all of Mortgagor's right, title and interest to the following property, rights, interests and estates now owned, or hereafter acquired by Mortgagor (collectively, the "**Property**"):

(a) Land. The Land;

(b) Additional Land. All additional lands, estates and development rights hereafter acquired by Mortgagor for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of this Mortgage;

(c) Improvements. The buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (collectively, the "**Improvements**");

(d) Easements. All easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Mortgagor of, in and to the Land and the Improvements, and every part and parcel thereof, with the appurtenances thereto;

(e) Equipment. All "equipment," as such term is defined in Article 9 of the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is located (the "**Uniform Commercial Code**"), now owned or hereafter acquired by Mortgagor, which is used at or in connection with the Improvements or the Land or is located thereon or therein (including, but not limited to, all machinery, equipment, furnishings, and electronic data-processing and other office equipment now owned or hereafter acquired by Mortgagor and any and all additions, substitutions and replacements of any of the foregoing), together with all attachments, components, parts, equipment and accessories installed thereon or affixed thereto (collectively, the "**Equipment**"). Notwithstanding the foregoing, Equipment shall not include any property belonging to tenants under Leases except to the extent that Mortgagor shall have any right or interest therein;

(f) Fixtures. All Equipment now owned, or the ownership of which is hereafter acquired, by Mortgagor which is so related to the Land and Improvements forming part of the Property that it is deemed fixtures or real property under the law of the particular state in which the Equipment is located, including, without limitation, all building or construction materials intended for construction, reconstruction, alteration or repair of or installation on the Property, construction equipment, appliances, machinery, plant equipment, fittings, apparatuses, fixtures and other items now or hereafter attached to,

168215.00401/132002772v.6

-2-

Appx253   eCertified copy of recorded # 2023052797 (page 7 of 45)
Montgomery County Recorder of Deeds



installed in or used in connection with (temporarily or permanently) any of the Improvements or the Land, including, but not limited to, engines, devices for the operation of pumps, pipes, plumbing, cleaning, call and sprinkler systems, fire extinguishing apparatuses and equipment, heating, ventilating, plumbing, laundry, incinerating, electrical, air conditioning and air cooling equipment and systems, gas and electric machinery, appurtenances and equipment, pollution control equipment, security systems, disposals, dishwashers, refrigerators and ranges, recreational equipment and facilities of all kinds, and water, gas, electrical, storm and sanitary sewer facilities, utility lines and equipment (whether owned individually or jointly with others, and, if owned jointly, to the extent of Mortgagor's interest therein) and all other utilities whether or not situated in easements, all water tanks, water supply, water power sites, fuel stations, fuel tanks, fuel supply, and all other structures, together with all accessions, appurtenances, additions, replacements, betterments and substitutions for any of the foregoing and the proceeds thereof (collectively, the "**Fixtures**"). Notwithstanding the foregoing, Fixtures shall not include any property which tenants are entitled to remove pursuant to Leases except to the extent that Mortgagor shall have any right or interest therein;

(g)    Personal Property. All right, title, and interest of Mortgagor in (i) the property and interests in the property described on Exhibit B attached hereto and incorporated herein by reference, (ii) all other personal property now or hereafter owned by Mortgagor whether or not located on or used in connection with the Land or the Improvements, (iii) all other rights and interests of Mortgagor now or hereafter held in personal property whether or not located on or used in connection with the Land or the Improvements, (iv) all personal property and rights and interests in personal property of similar type or kind hereafter acquired by Mortgagor, (v) all right, title and interest of Mortgagor in and to any personal property which may be subject to any security interests, as defined in the Uniform Commercial Code, superior in lien to the lien of this Mortgage and (vi) all proceeds of the foregoing (such personal property and proceeds, collectively, the "**Personal Property**"). Notwithstanding the foregoing, Personal Property shall not include any property belonging to tenants under Leases except to the extent that Mortgagor shall have any right or interest therein;

(h)    Leases and Rents. All leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, whether before or after the filing by or against Mortgagor of any petition for relief under 11 U.S.C. §101 et seq., as the same may be amended from time to time (the "**Bankruptcy Code**") (collectively, the "**Leases**") and all right, title and interest of Mortgagor, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements whether paid or accruing before or after the filing by or against Mortgagor of any petition for relief under the Bankruptcy Code (collectively, the "**Rents**") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt;

(i)    Condemnation Awards. All awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including but not limited to any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property;

(j)    Insurance Proceeds. All proceeds in respect of the Property under any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property;

-3-

Appx254    eCertified copy of recorded # 2023052797 (page 8 of 45)
Montgomery County Recorder of Deeds



      (k)     <u>Tax Certiorari</u>. All refunds, rebates or credits in connection with reduction in real estate taxes and assessments charged against the Property as a result of tax certiorari or any applications or proceedings for reduction;

      (l)     <u>Rights</u>. The right, in the name and on behalf of Mortgagor, to appear in and defend any action or proceeding brought with respect to the Property and to commence any action or proceeding to protect the interest of Mortgagee in the Property;

      (m)     <u>Agreements</u>. All agreements (including, without limitation, all management agreements), contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation, construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted on the Land and any part thereof and all right, title and interest of Mortgagor therein and thereunder, including, without limitation, the right, upon the happening of any default hereunder, to receive and collect any sums payable to Mortgagor thereunder;

      (n)     <u>Trademarks</u>. All tradenames, trademarks, servicemarks, logos, copyrights, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Property;

      (o)     <u>Proceeds</u>. All proceeds of any of the foregoing, including, without limitation, proceeds of insurance and condemnation awards, whether cash, liquidation or other claims or otherwise; and

      (p)     <u>Other Rights</u>. Any and all other rights of Mortgagor in and to the items set forth in Subsections (a) through (o) above.

AND without limiting any of the other provisions of this Mortgage, to the extent permitted by applicable law, Mortgagor expressly grants to Mortgagee, as secured party, a security interest in the portion of the Property which is or may be subject to the provisions of the Uniform Commercial Code which are applicable to secured transactions; it being understood and agreed that the Improvements and Fixtures are part and parcel of the Land (the Land, the Improvements and the Fixtures collectively referred to as the "**Real Property**") appropriated to the use thereof and, whether affixed or annexed to the Real Property or not, shall for the purposes of this Mortgage be deemed conclusively to be real estate and mortgaged hereby.

Section 1.2    <u>Assignment of Rents</u>. Mortgagor hereby absolutely and unconditionally assigns to Mortgagee all of Mortgagor's right, title and interest in and to all current and future Leases and Rents; it being intended by Mortgagor that this assignment constitutes a present, absolute assignment and not an assignment for additional security only. Nevertheless, subject to the terms of the Assignment of Leases and Section 7.1(h) of this Mortgage, Mortgagee grants to Mortgagor a revocable license to collect, receive, use and enjoy the Rents. Mortgagor shall hold the Rents, or a portion thereof sufficient to discharge all current sums due on the Debt, for use in the payment of such sums. Mortgagor hereby authorizes and directs each and every present and future tenant of any of the Property to pay all Rents directly to Mortgagee and to perform all other obligations of that tenant for the direct benefit of Mortgagee, as if Mortgagee were the landlord under the Lease with that tenant, immediately upon receipt of a demand by Mortgagee to make such payment or perform such obligations. Mortgagor hereby waives any right, claim or demand it may now or hereafter have against any such tenant by reason of such payment of rents or performance of obligations to Mortgagee, and any such payment or performance to Mortgagee shall discharge the obligations of the tenant to make such payment or performance to Mortgagor.

168215.00401/132002772v.6

Appx255   eCertified copy of recorded # 2023052797 (page 9 of 45)
Montgomery County Recorder of Deeds

Section 1.3    Security Agreement. This Mortgage is both a real property mortgage and a "security agreement" within the meaning of the Uniform Commercial Code. The Property includes both real and personal property and all other rights and interests, whether tangible or intangible in nature, of Mortgagor in the Property. By executing and delivering this Mortgage, Mortgagor hereby grants to Mortgagee, as security for the Obligations (hereinafter defined), a security interest in the Fixtures, the Equipment, the Personal Property and other property constituting the Property to the full extent that the Fixtures, the Equipment, the Personal Property and such other property may be subject to the Uniform Commercial Code (said portion of the Property so subject to the Uniform Commercial Code being called the "**Collateral**"). If an Event of Default shall occur and be continuing, Mortgagee, in addition to any other rights and remedies which it may have, shall have and may exercise immediately and without demand, any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing, the right to take possession of the Collateral or any part thereof, and to take such other measures as Mortgagee may deem necessary for the care, protection and preservation of the Collateral. Upon request or demand of Mortgagee after the occurrence and during the continuance of an Event of Default, Mortgagor shall, at its expense, assemble the Collateral or cause the Collateral to be assembled and make it available to Mortgagee at a convenient place (at the Land if tangible property) reasonably acceptable to Mortgagee. Mortgagor shall pay to Mortgagee on demand any and all expenses, including reasonable legal expenses and attorneys' fees, incurred or paid by Mortgagee in protecting its interest in the Collateral and in enforcing its rights hereunder with respect to the Collateral after the occurrence and during the continuance of an Event of Default. Any notice of sale, disposition or other intended action by Mortgagee with respect to the Collateral sent to Mortgagor in accordance with the provisions hereof at least ten (10) days prior to such action, shall, except as otherwise provided by applicable law, constitute reasonable notice to Mortgagor. The proceeds of any disposition of the Collateral, or any part thereof, may, except as otherwise required by applicable law, be applied by Mortgagee to the payment of the Debt in such priority and proportions as Mortgagee in its discretion shall deem proper. The principal place of business of Mortgagor (Debtor) is as set forth on page one hereof and the address of Mortgagee (Secured Party) is as set forth on page one hereof.

Section 1.4    Fixture Filing. Certain of the Property is or will become "fixtures" (as that term is defined in the Uniform Commercial Code) on the Land, described or referred to in this Mortgage, and this Mortgage, upon being filed for record in the real estate records of the city or county wherein such fixtures are situated, shall operate also as a financing statement filed as a fixture filing in accordance with the applicable provisions of said Uniform Commercial Code upon such of the Property that is or may become fixtures. This Mortgage shall also be effective as and constitute a financing statement covering as-extracted collateral, and is to be filed for record in the real property records of the town where the Property is situated. Mortgagor does have an interest of record in the Mortgaged Property.

(a)    The exact legal name (as indicated in the current organizational documents of the Mortgagor on file in the appropriate office of its jurisdiction of organization) and chief executive office address of the Mortgagor, as debtor are:

Jenkins Court Realty Co., L.P.
PO Box 549
Abington, PA 19001

(b)    The Mortgagor (debtor) is a Pennsylvania limited partnership.

(c)    The organizational identification number of Mortgagor (debtor) is: 81-3903151.

168215.00401/132002772v.6

-5-

Appx256    eCertified copy of recorded # 2023052797 (page 10 of 45)
Montgomery County Recorder of Deeds

(d)     The exact legal name (as indicated in the current organizational documents of the Mortgagee on file in the appropriate office of its jurisdiction of organization) and chief executive office address of the Mortgagee, as secured party, are:

> ICON PSG 1 FL, LLC
> 6711 Columbia Gateway Drive, Suite 130
> Columbia, Maryland 21046
> Attention:  Cameron Lawson

Mortgagor will cause this Mortgage and all amendments and supplements thereto and substitutions therefor and all financing statements and continuation statements relating hereto to be recorded, filed, re-recorded and refiled in such manner and in such places as the Mortgagee shall reasonably request, and will pay all such recording, filing, re-recording and refiling taxes, fees and other charges. Furthermore, by its signature hereon, Mortgagor hereby irrevocably authorizes Mortgagee to execute (on behalf of Mortgagor) and file against Mortgagor one or more financing, continuation or amendment statements pursuant to the UCC in form satisfactory to Mortgagee, and Mortgagor will pay the cost of preparing and filing the same in all jurisdictions in which such filing is deemed by Mortgagee to be necessary or desirable in order to perfect, preserve and protect its security interests.  If required by Mortgagee, Mortgagor will execute all documentation necessary for Mortgagee to obtain and maintain perfection of its security interests in the Property.  Mortgagor will, at the cost of Mortgagor, and without expense to Mortgagee, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, mortgages, assignments, notices of assignment, transfers and assurances as Mortgagee shall, from time to time, require for the better assuring, conveying, assigning, transferring or confirming unto Mortgagee the property and rights hereby mortgaged, or which Mortgagor may be or may hereafter become bound to convey or assign to Mortgagee, or for carrying out the intent of or facilitating the performance of the terms of this Mortgage or for filing, registering or recording this Mortgage.  Mortgagor grants to Mortgagee an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Mortgagee.

Section 1.5     <u>Pledges of Monies Held</u>.  Mortgagor hereby pledges to Mortgagee any and all monies now or hereafter held by Mortgagee or on behalf of Mortgagee in connection with the Loan, including, without limitation, any sums deposited in the Collateral Account and Net Proceeds, as additional security for the Obligations until expended or applied as provided in this Mortgage.

CONDITIONS TO GRANT

TO HAVE AND TO HOLD the above granted and described Property unto and to the use and benefit of Mortgagee and its successors and assigns, forever;

PROVIDED, HOWEVER, these presents are upon the express condition that, if Mortgagor shall well and truly pay to Mortgagee the Debt at the time and in the manner provided in the Note, the Loan Agreement and this Mortgage, shall well and truly perform the Other Obligations as set forth in this Mortgage and shall well and truly abide by and comply with each and every covenant and condition set forth herein and in the Note, the Loan Agreement and the other Loan Documents, these presents and the estate hereby granted shall cease, terminate and be void; provided, however, that Mortgagor's obligation to indemnify and hold harmless Mortgagee pursuant to the provisions hereof and the other Loan Documents shall survive any such payment or release.

This Mortgage is an "open-end mortgage" as set forth in 42 Pa. C.S.A. §8143, which secures (i) Mortgagor's obligations under the Loan Documents, up to a maximum amount of double the indebtedness secured by this Mortgage, plus (ii) accrued and unpaid interest thereon, plus (iii) unpaid balances of advances

168215.00401/132002772v.6

-6-

Appx257   eCertified copy of recorded # 2023052797 (page 11 of 45)
Montgomery County Recorder of Deeds



made with respect to the Property, whether pursuant to this Mortgage or otherwise, for the payment of impositions, maintenance charges, insurance premiums, costs incurred for the protection of the Property or the lien of this Mortgage, expenses incurred by Mortgagee by reason of a default or an Event of Default or any event which, with notice or the lapse of time or both, would become an Event of Default (collectively, "**Protective Advances**"), plus (iv) all other Obligations described herein. All notices to be given to Mortgagee pursuant to 42 Pa. C.S.A. §8143 shall be given as set forth in Section 12.1.

## ARTICLE 2

## DEBT AND OBLIGATIONS SECURED

Section 2.1    Debt. This Mortgage and the grants, assignments and transfers made in Article 1 are given for the purpose of securing the principal sum of $20,500,000 with interest thereon based on the terms of the Note and the Loan Agreement (the "**Debt**").

Section 2.2    Other Obligations. This Mortgage and the grants, assignments and transfers made in Article 1 are also given for the purpose of securing the following (the "**Other Obligations**"):

(a)    the performance of all other obligations of Mortgagor contained herein;

(b)    the performance of each obligation of Mortgagor contained in the Loan Agreement and any other Loan Document; and

(c)    the performance of each obligation of Mortgagor contained in any renewal, extension, amendment, modification, consolidation, change of, or substitution or replacement for, all or any part of the Note, the Loan Agreement or any other Loan Document.

Section 2.3    Debt and Other Obligations. Mortgagor's obligations for the payment of the Debt and the performance of the Other Obligations shall be referred to collectively herein as the "**Obligations**."

## ARTICLE 3

## MORTGAGOR COVENANTS

Mortgagor covenants and agrees that:

Section 3.1    Payment of Debt. Mortgagor will pay the Debt at the time and in the manner provided in the Loan Agreement, the Note and this Mortgage.

Section 3.2    Incorporation by Reference. All the covenants, conditions and agreements contained in (a) the Loan Agreement, (b) the Note and (c) all and any of the other Loan Documents, are hereby made a part of this Mortgage to the same extent and with the same force as if fully set forth herein.

Section 3.3    Insurance. Mortgagor shall obtain and maintain, or cause to be maintained, in full force and effect at all times insurance with respect to Mortgagor and the Property as required pursuant to the Loan Agreement.

Section 3.4    Maintenance of Property. Mortgagor shall cause the Property to be maintained in a good and safe condition and repair. The Improvements, the Fixtures, the Equipment and

-7-

168215.00401/132002772v.6

Appx258    eCertified copy of recorded # 2023052797 (page 12 of 45)
Montgomery County Recorder of Deeds



the Personal Property shall not be removed, demolished or materially altered (except for normal replacement of the Fixtures, the Equipment or the Personal Property, tenant finish and refurbishment of the Improvements) without the consent of Mortgagee. Mortgagor shall promptly repair, replace or rebuild any part of the Property which may be destroyed by any Casualty or become damaged, worn or dilapidated or which may be affected by any Condemnation, and shall complete and pay for any structure at any time in the process of construction or repair on the Land.

Section 3.5     Waste. Mortgagor shall not commit or suffer any waste of the Property or make any change in the use of the Property which will in any way materially increase the risk of fire or other hazard arising out of the operation of the Property, or take any action that might invalidate or allow the cancellation of any Policy, or do or permit to be done thereon anything that may in any way materially impair the value of the Property or the security of this Mortgage. Mortgagor will not, without the prior written consent of Mortgagee, permit any drilling or exploration for or extraction, removal, or production of any minerals from the surface or the subsurface of the Land, regardless of the depth thereof or the method of mining or extraction thereof.

Section 3.6     Payment for Labor and Materials.

(a)     Mortgagor will promptly pay when due all bills and costs for labor, materials, and specifically fabricated materials (collectively, "**Labor and Material Costs**") incurred in connection with the Property and never permit to exist beyond the due date thereof in respect of the Property or any part thereof any lien or security interest, even though inferior to the liens and the security interests hereof, and in any event never permit to be created or exist in respect of the Property or any part thereof any other or additional lien or security interest other than the liens or security interests hereof except for the Permitted Title Exceptions. "**Permitted Title Exceptions**" means (i) any liens created by the Loan Documents, (ii) all liens and other matters disclosed in the title insurance policy insuring the lien of the Mortgage, (iii) liens, if any, for taxes or other charges not yet due and payable and not delinquent, (iv) any workers', mechanics' or other similar liens on the Property provided that any such lien is bonded or discharged within thirty (30) days after Mortgagor first receives notice of such lien and (v) such other title and survey exceptions as Lender approves in writing in Lender's discretion.

(b)     After prior written notice to Mortgagee, Mortgagor, at its own expense, may contest by appropriate legal proceeding, promptly initiated and conducted in good faith and with due diligence, the amount or validity or application in whole or in part of any of the Labor and Material Costs, provided that (i) no Event of Default has occurred and is continuing under the Loan Agreement, the Note, this Mortgage or any of the other Loan Documents, (ii) Mortgagor is permitted to do so under the provisions of any other mortgage, deed of trust or deed to secure debt affecting the Property, (iii) such proceeding shall suspend the collection of the Labor and Material Costs from Mortgagor and from the Property or Mortgagor shall have paid all of the Labor and Material Costs under protest, (iv) such proceeding shall be permitted under and be conducted in accordance with the provisions of any other instrument to which Mortgagor is subject and shall not constitute a default thereunder, (v) neither the Property nor any part thereof or interest therein will be in danger of being sold, forfeited, terminated, canceled or lost, and (vi) Mortgagor shall have furnished the security as may be required in the proceeding, or as may be reasonably requested by Mortgagee to insure the payment of any contested Labor and Material Costs, together with all interest and penalties thereon.

Section 3.7     Performance of Other Agreements. Mortgagor shall observe and perform each and every term, covenant and provision to be observed or performed by Mortgagor pursuant to the Loan Agreement, any other Loan Document and any other agreement or recorded instrument affecting or pertaining to the Property and any amendments, modifications or changes thereto.

-8-

Appx259   eCertified copy of recorded # 2023052797 (page 13 of 45)
Montgomery County Recorder of Deeds



Section 3.8    <u>Change of Name, Identity or Structure</u>.    Mortgagor shall not change Mortgagor's name, identity (including its trade name or names) or, if not an individual, Mortgagor's corporate, partnership or other structure without first (a) notifying Mortgagee of such change in writing at least thirty (30) days prior to the effective date of such change, (b) taking all action required by Mortgagee for the purpose of perfecting or protecting the lien and security interest of Mortgagee and (c) in the case of a change in Mortgagor's structure, without first obtaining the prior written consent of Mortgagee. Mortgagor shall promptly notify Mortgagee in writing of any change in its organizational identification number. If Mortgagor does not now have an organizational identification number and later obtains one, Mortgagor shall promptly notify Mortgagee in writing of such organizational identification number. Mortgagor shall execute and deliver to Mortgagee, prior to or contemporaneously with the effective date of any such change, any financing statement or financing statement change required by Mortgagee to establish or maintain the validity, perfection and priority of the security interest granted herein. At the request of Mortgagee, Mortgagor shall execute a certificate in form satisfactory to Mortgagee listing the trade names under which Mortgagor intends to operate the Property, and representing and warranting that Mortgagor does business under no other trade name with respect to the Property.

Section 3.9    <u>Tax and Insurance Escrow</u>.    Following the earlier of (x) an Event of Default, or (y) February 1, 2024, Mortgagor shall upon written request of Mortgagee, deposit with Mortgagee, a sum equal to ad valorem taxes, assessments and charges against the Property for the then current year and the premiums for such policies of insurance for the then current year, all as estimated by Mortgagee and prorated to the end of the calendar month following the month during which request from Mortgagee had been given, and thereafter will deposit with Mortgagee sufficient funds (as estimated from time to time by Mortgagee) to permit the Mortgagee to pay, at least 15 days prior to the delinquency date thereof, the next maturing ad valorem taxes, assessments and charges and premiums for such policies of insurance. Mortgagee shall have the right to rely upon tax information furnished by applicable taxing authorities in the payment of such taxes or assessments and shall have no obligation to make any protest of any such taxes or assessments. Any excess over the amounts required for such purposes shall be held by Mortgagee for future use, applied to the Loan, or refunded to Mortgagor, at Mortgagee's option; and any deficiency in such funds so deposited shall be made up by Mortgagor upon demand of Mortgagee. All such funds so deposited shall bear interest at the normal interest rate for money market deposits at Mortgagee, may be mingled with the general funds of Mortgagee and shall be applied by Mortgagee toward the payment of such taxes, assessments, charges and premiums when statements therefor are presented to Mortgagee by Mortgagor (which statements shall be presented by Mortgagor to Mortgagee a reasonable time before the applicable amount is due); provided, however, that if Mortgagee has made demand for payment of all of the Loan, such funds may at Mortgagee's option be applied to the payment of the Loan in the order determined by Mortgagee and that Mortgagee may at any time, in its discretion, apply all or any part of such funds toward the payment of any such taxes, assessments, charges or premiums which are past due, together with any penalties or late charges with respect thereto. The conveyance or transfer of Mortgagor's interest in the Property for any reason (including without limitation the foreclosure of a subordinate lien or security interest or a transfer by operation of law) shall constitute an assignment or transfer of Mortgagor's interest in and rights to such funds held by Mortgagee but subject to the rights of Mortgagee hereunder.

## ARTICLE 4

## OBLIGATIONS AND RELIANCES

Section 4.1    <u>Relationship of Mortgagor and Mortgagee</u>.    The relationship between Mortgagor, on the one hand, and Mortgagee, on the other, is solely that of debtor and creditor, and Mortgagee has no fiduciary or other special relationship with Mortgagor, and no term or condition of any of the Loan Agreement, the Note, this Mortgage and the other Loan Documents shall be construed so as to

-9-

168215.00401/132002772v.6

Appx260    eCertified copy of recorded # 2023052797 (page 14 of 45)
Montgomery County Recorder of Deeds

deem the relationship between Mortgagor, on the one hand, and Mortgagee, on the other, to be other than that of debtor and creditor.

Section 4.2    No Reliance on Mortgagee.  The general partners, members, principals and (if Mortgagor is a trust) beneficial owners of Mortgagor, as applicable, are experienced in the ownership and operation of properties similar to the Property, and Mortgagor and Mortgagee are relying solely upon such expertise and business plan in connection with the ownership and operation of the Property. Mortgagor is not relying on Mortgagee's expertise, business acumen or advice in connection with the Property.

Section 4.3    No Mortgagee Obligations.

(a)    Notwithstanding the provisions of Subsections 1.1(h) and (m) or Section 1.2, Mortgagee is not undertaking the performance of (i) any obligations under the Leases; or (ii) any obligations with respect to such agreements, contracts, certificates, instruments, franchises, permits, trademarks, licenses and other documents.

(b)    By accepting or approving anything required to be observed, performed or fulfilled or to be given to Mortgagee pursuant to this Mortgage, the Loan Agreement, the Note or the other Loan Documents, including, without limitation, any officer's certificate, balance sheet, statement of profit and loss or other financial statement, survey, appraisal, or insurance policy, Mortgagee shall not be deemed to have warranted, consented to, or affirmed the sufficiency, the legality or effectiveness of same, and such acceptance or approval thereof shall not constitute any warranty or affirmation with respect thereto by Mortgagee.

Section 4.4    Reliance.  Mortgagor recognizes and acknowledges that in accepting the Loan Agreement, the Note, this Mortgage and the other Loan Documents, Mortgagee is expressly and primarily relying on the truth and accuracy of the warranties and representations set forth in Section 8 of the Loan Agreement without any obligation to investigate the Property and notwithstanding any investigation of the Property by Mortgagee; that such reliance existed on the part of Mortgagee prior to the date hereof, that the warranties and representations are a material inducement to Mortgagee in making the Loan; and that Mortgagee would not be willing to make the Loan  and accept this Mortgage in the absence of the warranties and representations as set forth in Section 8 of the Loan Agreement.

## ARTICLE 5

## FURTHER ASSURANCES

Section 5.1    Recording of Mortgage, etc.  Mortgagor forthwith upon the execution and delivery of this Mortgage and thereafter, from time to time, will cause this Mortgage and any of the other Loan Documents creating a lien or security interest or evidencing the lien hereof upon the Property and each instrument of further assurance to be filed, registered or recorded in such manner and in such places as may be required by any present or future law in order to publish notice of and fully to protect and perfect the lien or security interest hereof upon, and the interest of Mortgagee in, the Property.  Mortgagor will pay all taxes, filing, registration or recording fees, and all expenses incident to the preparation, execution, acknowledgment and/or recording of the Note, this Mortgage, the other Loan Documents, any note or mortgage supplemental hereto, any security instrument with respect to the Property and any instrument of further assurance, and any modification or amendment of the foregoing documents, and all federal, state, county and municipal taxes, duties, imposts, assessments and charges arising out of or in connection with the execution and delivery of this Mortgage, any deed of trust or mortgage supplemental hereto, any security

-10-

Appx261   eCertified copy of recorded # 2023052797 (page 15 of 45)
Montgomery County Recorder of Deeds

instrument with respect to the Property or any instrument of further assurance, and any modification or amendment of the foregoing documents, except where prohibited by law so to do.

Section 5.2    Further Acts, etc.  Mortgagor will, at the cost of Mortgagor, and without expense to Mortgagee, do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances, deeds of trust, mortgages, assignments, notices of assignments, transfers and assurances as Mortgagee shall, from time to time, reasonably require, for the better conveying, assigning or transferring unto Mortgagee the property and rights hereby mortgaged, deeded, granted, bargained, sold, conveyed, confirmed, pledged, assigned, warranted and transferred or intended now or hereafter so to be, or which Mortgagor may be or may hereafter become bound to convey or assign to Mortgagee, or for carrying out the intention or facilitating the performance of the terms of this Mortgage or for filing, registering or recording this Mortgage, or for complying with all Legal Requirements relating to Mortgagor's grant of this Mortgage to Mortgagee.  Mortgagor, on demand, will execute and deliver, and in the event it shall fail to so execute and deliver, hereby authorizes Mortgagee to execute in the name of Mortgagor or without the signature of Mortgagor to the extent Mortgagee may lawfully do so, one or more financing statements (including, without limitation, initial financing statements and amendments thereto and continuation statements) with or without the signature of Mortgagor as authorized by applicable law, to evidence more effectively the security interest of Mortgagee in the Property.  Mortgagor also ratifies its authorization for Mortgagee to have filed any like initial financing statements, amendments thereto and continuation statements, if filed prior to the date of this Mortgage.  Mortgagor grants to Mortgagee an irrevocable power of attorney coupled with an interest for the purpose of exercising and perfecting any and all rights and remedies available to Mortgagee at law and in equity, including without limitation such rights and remedies available to Mortgagee pursuant to this Section 5.2.  To the extent not prohibited by applicable law, Mortgagor hereby ratifies all acts Mortgagee has lawfully done in the past or shall lawfully do or cause to be done in the future by virtue of such power of attorney.

Section 5.3    Changes in Tax, Debt, Credit and Documentary Stamp Laws.

(a)    If any law is enacted or adopted or amended after the date of this Mortgage which deducts the Debt from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on the Debt or Mortgagee's interest in the Property, Mortgagor will pay the tax, with interest and penalties thereon, if any.  If Mortgagee is advised by counsel chosen by it that the payment of tax by Mortgagor would be unlawful or taxable to Mortgagee or unenforceable or provide the basis for a defense of usury then Mortgagee shall have the option by written notice of not less than one hundred twenty (120) days to declare the Debt immediately due and payable.

(b)    Mortgagor will not claim or demand or be entitled to any credit or credits on account of the Debt for any part of the Taxes or Other Charges assessed against the Property, or any part thereof, and no deduction shall otherwise be made or claimed from the assessed value of the Property, or any part thereof, for real estate tax purposes by reason of this Mortgage or the Debt.  If such claim, credit or deduction shall be required by law, Mortgagee shall have the option by written notice of not less than one hundred twenty (120) days to declare the Debt immediately due and payable.

(c)    If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note, this Mortgage, or any of the other Loan Documents or impose any other tax or charge on the same, Mortgagor will pay for the same, with interest and penalties thereon, if any.

Section 5.4    Splitting of Mortgage.  This Mortgage and the Note shall, at any time until the same shall be fully paid and satisfied, at the sole election of Mortgagee, be split or divided into two or more Notes and two or more security instruments, each of which shall cover all or a portion of the Property

-11-

168215.00401/132002772v.6

Appx262    eCertified copy of recorded # 2023052797 (page 16 of 45)
Montgomery County Recorder of Deeds

to be more particularly described therein.  To that end, Mortgagor, upon written request of Mortgagee, shall execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered by the then owner of the Property, to Mortgagee and/or its designee or designees substitute Notes and security instruments in such principal amounts, aggregating not more than the then unpaid principal amount of the Note, and containing terms, provisions and clauses similar to those contained herein and in the Note, and such other documents and instruments as may be required by Mortgagee.

Section 5.5    Replacement Documents.  Upon receipt of an affidavit of an officer of Mortgagee as to the loss, theft, destruction or mutilation of the Note or any other Loan  Document which is not of public record, and, in the case of any such mutilation, upon surrender and cancellation of such Note or other Loan  Document, Mortgagor will issue, in lieu thereof, a replacement Note or other Loan Document, dated the date of such lost, stolen, destroyed or mutilated Note or other Loan  Document in the same principal amount thereof and otherwise of like tenor.

## ARTICLE 6

## DUE ON SALE/ENCUMBRANCE

Section 6.1    Mortgagee Reliance.  Mortgagor acknowledges that Mortgagee has examined and relied on the experience of Mortgagor and its general partners, members, principals and (if Mortgagor is a trust) beneficial owners, as applicable, in owning and operating properties such as the Property in agreeing to make the Loan, and will continue to rely on Mortgagor's ownership of the Property as a means of maintaining the value of the Property as security for repayment of the Debt and the performance of the Other Obligations.  Mortgagor acknowledges that Mortgagee has a valid interest in maintaining the value of the Property so as to ensure that, should Mortgagor default in the repayment of the Debt or the performance of the Other Obligations, Mortgagee can recover the Debt by a sale of the Property.

Section 6.2    No Transfer.  Mortgagor shall not permit or suffer any Transfer to occur, unless permitted by the Loan Agreement or unless Mortgagee shall consent thereto in writing.

Section 6.3    Intentionally Omitted.

Section 6.4    Mortgagee's Rights.  Without obligating Mortgagee to grant any consent under Section 6.2 hereof which Mortgagee may grant or withhold in its sole discretion, Mortgagee reserves the right to condition the consent required hereunder upon:  (a) a modification of the terms hereof and of the Loan Agreement, the Note or the other Loan Documents; (b) an assumption of the Loan Agreement, the Note, this Mortgage and the other Loan Documents as so modified by the proposed transferee; (c) payment of all of Mortgagee's expenses incurred in connection with such transfer; (d) Reserved; (e) Reserved; (f) Reserved; (g) the delivery of evidence satisfactory to Mortgagee that the single purpose nature and bankruptcy remoteness of Mortgagor, its shareholders, partners or members, as the case may be, following such transfers are in accordance with the Loan Documents; (h) the proposed transferee's ability to satisfy Mortgagee's then-current underwriting standards; or (i) such other conditions as Mortgagee shall determine in its reasonable discretion to be in the interest of Mortgagee, including, without limitation, the creditworthiness, reputation and qualifications of the transferee with respect to the Loan  and the Property.  Mortgagee shall not be required to demonstrate any actual impairment of its security or any increased risk of default hereunder in order to declare the Debt immediately due and payable upon a Transfer without Mortgagee's consent.  This provision shall apply to every Transfer, other than any Transfer permitted pursuant to the Loan Agreement, regardless of whether voluntary or not, or whether or not Mortgagee has consented to any previous Transfer.

-12-

168215.00401/132002772v.6

Appx263    eCertified copy of recorded # 2023052797 (page 17 of 45)
Montgomery County Recorder of Deeds



## ARTICLE 7

### RIGHTS AND REMEDIES UPON DEFAULT

Section 7.1    Remedies.  Upon the occurrence and during the continuance of any Event of Default, Mortgagor agrees that Mortgagee may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Mortgagor and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee:

(a)    declare the entire unpaid Debt to be immediately due and payable;

(b)    institute proceedings, judicial or otherwise, for the complete foreclosure of this Mortgage under any applicable provision of law, in which case the Property or any interest therein may be sold for cash or upon credit in one or more parcels or in several interests or portions and in any order or manner;

(c)    with or without entry, to the extent permitted and pursuant to the procedures provided by applicable law, institute proceedings for the partial foreclosure of this Mortgage for the portion of the Debt then due and payable, subject to the continuing lien and security interest of this Mortgage for the balance of the Debt not then due, unimpaired and without loss of priority;

(d)    sell for cash or upon credit the Property or any part thereof and all estate, claim, demand, right, title and interest of Mortgagor therein and rights of redemption thereof, pursuant to power of sale or otherwise, at one or more sales, as an entirety or in parcels, at such time and place, upon such terms and after such notice thereof as may be required or permitted by law;

(e)    institute an action, suit or proceeding in equity for the specific performance of any covenant, condition or agreement contained herein, in the Note, the Loan Agreement or in the other Loan Documents;

(f)    recover judgment on the Note either before, during or after any proceedings for the enforcement of this Mortgage or the other Loan Documents;

(g)    apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Mortgagor, any guarantor, indemnitor with respect to the Loan  or of any Person liable for the payment of the Debt;

(h)    the license granted to Mortgagor under Section 1.2 hereof shall automatically be revoked and Mortgagee may enter into or upon the Property, either personally or by its agents, nominees or attorneys and dispossess Mortgagor and its agents and servants therefrom, without liability for trespass, damages or otherwise and exclude Mortgagor and its agents or servants wholly therefrom, and take possession of all books, records and accounts relating thereto and Mortgagor agrees to surrender possession of the Property and of such books, records and accounts to Mortgagee upon demand, and thereupon Mortgagee may: (i) use, operate, manage, control, insure, maintain, repair, restore and otherwise deal with all and every part of the Property and conduct the business in a commercially reasonable manner; (ii) complete any construction on the Property in such manner and form as Mortgagee deems reasonably advisable; (iii) make alterations, additions, renewals, replacements and improvements to or on the Property deemed commercially reasonable; (iv) exercise all rights and powers of Mortgagor with respect to the

-13-

168215.00401/132002772v.6

Appx264    eCertified copy of recorded # 2023052797 (page 18 of 45)
Montgomery County Recorder of Deeds



Property, whether in the name of Mortgagor or otherwise, including, without limitation, the right to make, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive all Rents of the Property and every part thereof; (v) require Mortgagor to pay monthly in advance to Mortgagee, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupation of such part of the Property as may be occupied by Mortgagor; (vi) require Mortgagor to vacate and surrender possession of the Property to Mortgagee or to such receiver and, in default thereof, Mortgagor may be evicted by summary proceedings or otherwise; and (vii) apply the receipts from the Property to the payment of the Debt, in such order, priority and proportions as Mortgagee shall deem appropriate in its sole discretion after deducting therefrom all expenses (including reasonable attorneys' fees) incurred in connection with the aforesaid operations and all amounts necessary to pay the Taxes, Other Charges, insurance and other expenses in connection with the Property, as well as just and reasonable compensation for the services of Mortgagee, its counsel, agents and employees;

(i)        exercise any and all rights and remedies granted to a secured party upon default under the Uniform Commercial Code, including, without limiting the generality of the foregoing:  (i) the right to take possession of the Fixtures, the Equipment and the Personal Property, or any part thereof, and to take such other measures as Mortgagee may deem necessary for the care, protection and preservation of the Fixtures, the Equipment and the Personal Property, and (ii) request Mortgagor at its expense to assemble the Fixtures, the Equipment and the Personal Property and make it available to Mortgagee at a convenient place acceptable to Mortgagee.  Any notice of sale, disposition or other intended action by Mortgagee with respect to the Fixtures, the Equipment and/or the Personal Property sent to Mortgagor in accordance with the provisions hereof at least ten (10) days prior to such action, shall constitute commercially reasonable notice to Mortgagor;

(j)        apply any sums then deposited or held in escrow or otherwise by or on behalf of Mortgagee in accordance with the terms of the Loan Agreement, this Mortgage or any other Loan Document to the payment of the following items in any order in its uncontrolled discretion:

(i)        Taxes and Other Charges;

(ii)        Insurance Premiums;

(iii)        interest on the unpaid principal balance of the Note;

(iv)        amortization of the unpaid principal balance of the Note; and/or

(v)        all other sums payable pursuant to the Note, the Loan Agreement, this Mortgage and the other Loan Documents, including without limitation advances made by Mortgagee pursuant to the terms of this Mortgage;

(k)        pursue such other remedies as Mortgagee may have under applicable law; or

(l)        apply the undisbursed balance of any Net Proceeds Deficiency deposit, together with interest thereon, to the payment of the Debt in such order, priority and proportions as Mortgagee shall deem to be appropriate in its discretion.

In the event of a sale, by foreclosure, power of sale or otherwise, of less than all of Property, this Mortgage shall continue as a lien and security interest on the remaining portion of the Property unimpaired and without loss of priority.

-14-

168215.00401/132002772v.6

Appx265   eCertified copy of recorded # 2023052797 (page 19 of 45)
Montgomery County Recorder of Deeds



(m)    UPON THE OCCURRENCE OF AN EVENT OF DEFAULT HEREUNDER, MORTGAGOR HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OF ANY COURT OF RECORD IN THE COMMONWEALTH OF PENNSYLVANIA DESIGNATED BY MORTGAGEE, AS ATTORNEY FOR MORTGAGOR AND ALL PERSONS CLAIMING UNDER OR THROUGH MORTGAGOR, TO SIGN AN AGREEMENT FOR ENTERING IN ANY COURT OF COMPETENT JURISDICTION A PRAECIPE FOR WRIT OF SUMMONS OR A COMPLAINT PROVIDING FOR CONFESSION OF JUDGMENT IN EJECTMENT FOR POSSESSION OF THE PROPERTY AND TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MORTGAGOR, AND AGAINST ALL PERSONS CLAIMING UNDER OR THROUGH MORTGAGOR, FOR THE RECOVERY BY MORTGAGEE OF POSSESSION OF THE PROPERTY, WITHOUT ANY STAY OF EXECUTION, FOR WHICH THIS MORTGAGE, OR A COPY HEREOF VERIFIED BY AFFIDAVIT, SHALL BE A SUFFICIENT WARRANT; AND THEREUPON A WRIT OF POSSESSION MAY BE ISSUED FORTHWITH, WITHOUT ANY PRIOR WRIT OR PROCEEDING WHATSOEVER, MORTGAGOR HEREBY RELEASING AND AGREEING TO RELEASE MORTGAGEE AND SAID ATTORNEYS FROM ALL ERRORS AND DEFECTS WHATSOEVER OF ANY NATURE IN ENTERING ANY SUCH JUDGMENT OR IN CAUSING ANY SUCH WRIT OR PROCESS TO BE ISSUED.  IF FOR ANY REASON AFTER SUCH ACTION HAS BEEN COMMENCED THE SAME SHALL BE DISCONTINUED OR POSSESSION OF THE PROPERTY SHALL REMAIN IN OR BE RESTORED TO THE MORTGAGOR, MORTGAGEE SHALL HAVE THE RIGHT FOR THE SAME EVENT OF DEFAULT OR ANY SUBSEQUENT EVENT OF DEFAULT TO BRING ONE OR MORE FURTHER ACTIONS AS ABOVE PROVIDED TO RECOVER POSSESSION OF THE PROPERTY. MORTGAGEE MAY BRING SUCH ACTION IN EJECTMENT BEFORE OR AFTER THE INSTITUTION OF FORECLOSURE PROCEEDINGS UPON THIS MORTGAGE, OR AFTER JUDGMENT THEREON OR AFTER SALE OF THE PROPERTY BY THE SHERIFF.  MORTGAGEE SHALL ALSO BE ENTITLED TO REIMBURSEMENT OF REASONABLE ATTORNEYS' FEES AND COSTS OF SUIT IN CONNECTION THEREWITH.

(n)    Mortgagor hereby waives and releases all benefit that might accrue to Mortgagor by virtue of any present or future law exempting the Property, or any part of the proceeds arising from any sale thereof, from attachment, levy or sale on execution, or providing for any stay of execution, exemption from civil process or extension of time for payment or any rights of marshalling in the event of any sale hereunder of the Property, and, unless specifically required herein, all notices of Mortgagor's default or of Mortgagee's election to exercise, or Mortgagee's actual exercise of any option under this Mortgage or any other Loan Document.  Specifically, Mortgagor hereby irrevocably waives:  (i) the right of inquisition on all property levied upon to collect the Secured Indebtedness hereby secured and does voluntarily condemn the same and authorizes a Prothonotary of the Commonwealth of Pennsylvania to enter such condemnation; (ii) and forever releases all procedural errors, defects and imperfections in any proceeding instituted by Mortgagee under this Mortgage or any of the other Loan Documents; and (iii) and forever releases all benefit that might accrue to Mortgagor by virtue of any present or future law exempting the Property, or any part of the proceeds arising from any sale thereof, from attachment, levy, or sale on execution, or providing for any stay of execution, exemption from civil process, or extension of time for payment.

(o)    If any law is enacted or adopted or amended after the date of this Mortgage which deducts the Secured Indebtedness from the value of the Property for the purpose of taxation or which imposes a tax, either directly or indirectly, on Mortgagor or Mortgagee's interest in the Property, Borrower will pay such tax, with interest and penalties thereon, if any.  If Mortgagee determines that the payment of such tax or interest and penalties by Borrower would be unlawful or taxable to Mortgagee or unenforceable or provide the basis for a defense of usury, then Mortgagee shall have the option, by written notice of not less than ninety (90) days, to declare the entire Indebtedness immediately due and payable.

-15-

168215.00401/132002772v.6

Appx266  eCertified copy of recorded # 2023052797 (page 20 of 45)
Montgomery County Recorder of Deeds

(p)    If at any time the United States of America, any State thereof or any subdivision of any such State shall require revenue or other stamps to be affixed to the Note or this Mortgage, or impose any other tax or charge on the same, Borrower will pay for the same, with interest and penalties thereon, if any.

(q)    MORTGAGOR ACKNOWLEDGES THAT MORTGAGOR HAS VOLUNTARILY AND KNOWINGLY WAIVED ITS RIGHT, IF ANY, TO NOTICE AND TO BE HEARD BEFORE THE ENTRY OF JUDGMENT BY CONFESSION, AND THAT IT HAS HAD THE ASSISTANCE OF COUNSEL IN THE REVIEW AND EXECUTION OF THIS MORTGAGE AND FURTHER ACKNOWLEDGES THAT THE MEANING AND EFFECT OF THE FOREGOING CONFESSION OF JUDGMENT HAVE BEEN FULLY EXPLAINED TO MORTGAGOR BY SUCH COUNSEL.

Section 7.2    Application of Proceeds. The purchase money, proceeds and avails of any disposition of the Property, and or any part thereof, or any other sums collected by Mortgagee pursuant to the Note, this Mortgage or the other Loan Documents, may be applied by Mortgagee to the payment of the Debt in such priority and proportions as Mortgagee in its discretion shall deem proper.

Section 7.3    Right to Cure Defaults. Upon the occurrence and during the continuance of any Event of Default or if Mortgagor fails to make any payment or to do any act as herein provided, Mortgagee may, but without any obligation to do so and without notice to or demand on Mortgagor and without releasing Mortgagor from any obligation hereunder, make or do the same in such manner and to such extent as Mortgagee may deem necessary to protect the security hereof. Mortgagee is authorized to enter upon the Property for such purposes, or appear in, defend, or bring any action or proceeding to protect its interest in the Property or to foreclose this Mortgage or collect the Debt, and the cost and expense thereof (including reasonable attorneys' fees to the extent permitted by law), with interest as provided in this Section 7.3, shall constitute a portion of the Debt and shall be due and payable to Mortgagee upon demand. All such costs and expenses incurred by Mortgagee in remedying such Event of Default or such failed payment or act or in appearing in, defending, or bringing any such action or proceeding shall bear interest at the Default Rate, for the period after notice from Mortgagee that such cost or expense was incurred to the date of payment to Mortgagee. All such costs and expenses incurred by Mortgagee together with interest thereon calculated at the Default Rate shall be deemed to constitute a portion of the Debt and be secured by this Mortgage and the other Loan Documents and shall be immediately due and payable upon demand by Mortgagee therefor.

Section 7.4    Actions and Proceedings. Mortgagee has the right to appear in and defend any action or proceeding brought with respect to the Property and to bring any action or proceeding, in the name and on behalf of Mortgagor, which Mortgagee, in its discretion, decides should be brought to protect its interest in the Property.

Section 7.5    Recovery of Sums Required to Be Paid. Mortgagee shall have the right from time to time to take action to recover any sum or sums which constitute a part of the Debt as the same become due, without regard to whether or not the balance of the Debt shall be due, and without prejudice to the right of Mortgagee thereafter to bring an action of foreclosure, or any other action, for a default or defaults by Mortgagor existing at the time such earlier action was commenced.

Section 7.6    Examination of Books and Records. At reasonable times and upon reasonable prior notice, Mortgagee, its agents, accountants and attorneys shall have the right to examine the records, books, management and other papers of Mortgagor which reflect upon its financial condition, at the Property or at any office regularly maintained by Mortgagor where the books and records are located. Mortgagee and its agents shall have the right to make copies and extracts from the foregoing records and

-16-

168215.00401/132002772v.6

Appx267 eCertified copy of recorded # 2023052797 (page 21 of 45)
Montgomery County Recorder of Deeds

other papers.  In addition, at reasonable times and upon reasonable prior notice, Mortgagee, its agents, accountants and attorneys shall have the right to examine and audit the books and records of Mortgagor pertaining to the income, expenses and operation of the Property during reasonable business hours at any office of Mortgagor where the books and records are located.  This Section 7.6 shall apply throughout the term of the Note and without regard to whether an Event of Default has occurred or is continuing.  Absent the occurrence of an Event of Default, Mortgagee shall be responsible for any costs and expenses incurred with respect to any such examination or audit.

Section 7.7      Other Rights, etc.

(a)      The failure of Mortgagee to insist upon strict performance of any term hereof shall not be deemed to be a waiver of any term of this Mortgage.  Mortgagor shall not be relieved of Mortgagor's obligations hereunder by reason of (i) the failure of Mortgagee to comply with any request of Mortgagor or any guarantor or indemnitor with respect to the Loan  to take any action to foreclose this Mortgage or otherwise enforce any of the provisions hereof or of the Note or the other Loan Documents, (ii) the release, regardless of consideration, of the whole or any part of the Property, or of any Person liable for the Debt or any portion thereof, or (iii) any agreement or stipulation by Mortgagee extending the time of payment or otherwise modifying or supplementing the terms of the Note, this Mortgage or the other Loan Documents.

(b)      It is agreed that the risk of loss or damage to the Property is on Mortgagor, and Mortgagee shall have no liability whatsoever for decline in value of the Property, for failure to maintain the Policies, or for failure to determine whether insurance in force is adequate as to the amount of risks insured.  Possession by Mortgagee shall not be deemed an election of judicial relief, if any such possession is requested or obtained, with respect to any Property or collateral not in Mortgagee's possession.

(c)      Mortgagee may resort for the payment of the Debt to any other security held by Mortgagee in such order and manner as Mortgagee, in its discretion, may elect.  Mortgagee may take action to recover the Debt, or any portion thereof, or to enforce any covenant hereof without prejudice to the right of Mortgagee thereafter to foreclose this Mortgage.  The rights of Mortgagee under this Mortgage shall be separate, distinct and cumulative and none shall be given effect to the exclusion of the others.  No act of Mortgagee shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision.  Mortgagee shall not be limited exclusively to the rights and remedies herein stated but shall be entitled to every right and remedy now or hereafter afforded at law or in equity.

(d)      Mortgagor agrees that, if Mortgagor fails to perform any act or to take any action which hereunder Mortgagor is required to perform or take, or to pay any money which hereunder Mortgagor is required to pay, Mortgagee, in Mortgagor's name or in its own name and after the giving of any required notice and expiration of any applicable cure period, may but shall not be obligated to perform or cause to be performed such act or take such action or pay such money, and any reasonable expenses so incurred by Mortgagee, and any money so paid by Mortgagee, shall be a demand obligation owing by Mortgagor to Mortgagee and Mortgagee, upon making such payment, shall be subrogated to all of the rights of the person receiving such payment.  Any amounts due and owing by Mortgagor to Mortgagee pursuant to this Mortgage shall bear interest from the date such amount becomes due until paid at a rate of interest per annum equal to the lesser of the Default Rate (as defined in the Loan Agreement) or the highest lawful rate, and shall be a part of the Loan and shall be secured by this Mortgage and by any other Loan Document.  Should Mortgagee intend to perform or cause to be performed such act or take such action or pay such money, Mortgagee shall, subject to the immediately succeeding proviso, prior to taking any such action notify Mortgagor of such intention and give Mortgagor a reasonable opportunity to take such action; provided, however, if in the reasonable opinion of Mortgagee the giving of such notice and opportunity to take action would impair the validity or priority of this Mortgage, the rights or interests of the Mortgagee

-17-

Appx268  eCertified copy of recorded # 2023052797 (page 22 of 45)
Montgomery County Recorder of Deeds



hereunder or any rights, titles, liens or security interests created or evidenced hereby, Mortgagee shall have no obligation to give such notice and opportunity to take action.

    Section 7.8  <u>Right to Release Any Portion of the Property</u>. Mortgagee may release any portion of the Property for such consideration as Mortgagee may require without, as to the remainder of the Property, in any way impairing or affecting the lien or priority of this Mortgage, or improving the position of any subordinate lienholder with respect thereto, except to the extent that the obligations hereunder shall have been reduced by the actual monetary consideration, if any, received by Mortgagee for such release, and may accept by assignment, pledge or otherwise any other property in place thereof as Mortgagee may require without being accountable for so doing to any other lienholder. This Mortgage shall continue as a lien and security interest in the remaining portion of the Property.

    Section 7.9  <u>Violation of Laws</u>. If the Property is not in material compliance with Legal Requirements, Mortgagee may impose additional requirements upon Mortgagor in connection herewith including, without limitation, monetary reserves or financial equivalents.

    Section 7.10  <u>Recourse and Choice of Remedies</u>. Notwithstanding any other provision of this Mortgage or the Loan Agreement, Mortgagee is entitled to enforce the obligations of Mortgagor contained in Sections 9.2 and 9.3 herein without first resorting to or exhausting any security or collateral and without first having recourse to the Note or any of the Property, through foreclosure or acceptance of a deed in lieu of foreclosure or otherwise, and in the event Mortgagee commences a foreclosure action against the Property, Mortgagee is entitled to pursue a deficiency judgment with respect to such obligations against Mortgagor with respect to the Loan. The provisions of Sections 9.2 and 9.3 herein and are exceptions to any non-recourse or exculpation provisions in the Loan Agreement, the Note, this Mortgage or the other Loan Documents, and Mortgagor and any guarantor or indemnitor with respect to the Loan are fully and personally liable for the obligations pursuant to Sections 9.2 and 9.3 herein. The liability of Mortgagor with respect to the Loan pursuant to Sections 9.2 and 9.3 herein is not limited to the original principal amount of the Note. Notwithstanding the foregoing, nothing herein shall inhibit or prevent Mortgagee from foreclosing or exercising any other rights and remedies pursuant to the Loan Agreement, the Note, this Mortgage and the other Loan Documents, whether simultaneously with foreclosure proceedings or in any other sequence. A separate action or actions may be brought and prosecuted against Mortgagor pursuant to Sections 9.2 and 9.3 herein, whether or not action is brought against any other Person or whether or not any other Person is joined in the action or actions. In addition, Mortgagee shall have the right but not the obligation to join and participate in, as a party if it so elects, any administrative or judicial proceedings or actions initiated in connection with any matter addressed in the ADA and Environmental Indemnity.

    Section 7.11  <u>Right of Entry</u>. Upon reasonable prior notice to Mortgagor, Mortgagee and its agents shall have the right to enter and inspect the Property at all reasonable times.

**ARTICLE 8**

**INTENTIONALLY OMITTED**

**ARTICLE 9**

**INDEMNIFICATION**

    Section 9.1  <u>Intentionally Omitted</u>.

168215.00401/132002772v.6

Appx269 eCertified copy of recorded # 2023052797 (page 23 of 45)
Montgomery County Recorder of Deeds

Section 9.2 <u>Mortgage and/or Intangible Tax</u>. Mortgagor shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless the Indemnified Parties from and against any and all Losses imposed upon or incurred by or asserted against any Indemnified Parties and directly or indirectly arising out of or in any way relating to any tax on the making and/or recording of this Mortgage, the Note or any of the other Loan Documents, but excluding any income, franchise or other similar taxes.

Section 9.3 <u>ERISA Indemnification</u>. Mortgagor shall, at its sole cost and expense, protect, defend, indemnify, release and hold harmless the Indemnified Parties from and against any and all Losses (including, without limitation, reasonable attorneys' fees and costs incurred in the investigation, defense, and settlement of Losses incurred in correcting any prohibited transaction or in the sale of a prohibited loan, and in obtaining any individual prohibited transaction exemption under ERISA that may be required, in Mortgagee's sole discretion) that Mortgagee may incur, directly or indirectly, as a result of a default under Sections 8.19 and 9.4 of the Loan Agreement.

Section 9.4 <u>Intentionally Omitted</u>.

Section 9.5 <u>Duty to Defend; Attorneys' Fees and Other Fees and Expenses</u>. Upon written request by any Indemnified Party, Mortgagor shall defend such Indemnified Party (if requested by any Indemnified Party, in the name of the Indemnified Party) by attorneys and other professionals approved by the Indemnified Parties. Notwithstanding the foregoing, if the defendants in any such claim or proceeding include both Mortgagor and any Indemnified Party and Mortgagor and such Indemnified Party shall have reasonably concluded that there are any legal defenses available to it and/or other Indemnified Parties that are different from or additional to those available to Mortgagor, such Indemnified Party shall have the right to select separate counsel to assert such legal defenses and to otherwise participate in the defense of such action on behalf of such Indemnified Party, provided that no compromise or settlement shall be entered without Mortgagor's consent, which consent shall not be unreasonably withheld. Upon demand, Mortgagor shall pay or, in the sole and absolute discretion of the Indemnified Parties, reimburse, the Indemnified Parties for the payment of reasonable fees and disbursements of attorneys, engineers, environmental consultants, laboratories and other professionals in connection therewith.

## ARTICLE 10

## <u>WAIVERS</u>

Section 10.1 <u>Waiver of Counterclaim</u>. To the extent permitted by applicable law, Mortgagor hereby waives the right to assert a counterclaim, other than a mandatory or compulsory counterclaim, in any action or proceeding brought against it by Mortgagee arising out of or in any way connected with this Mortgage, the Loan Agreement, the Note, any of the other Loan Documents, or the Obligations.

Section 10.2 <u>Marshalling and Other Matters</u>. To the extent permitted by applicable law, Mortgagor hereby waives the benefit of all appraisement, valuation, stay, extension, reinstatement and redemption laws now or hereafter in force and all rights of marshalling in the event of any sale hereunder of the Property or any part thereof or any interest therein. Further, Mortgagor hereby expressly waives any and all rights of redemption from sale under any order or decree of foreclosure of this Mortgage on behalf of Mortgagor, and on behalf of each and every Person acquiring any interest in or title to the Property subsequent to the date of this Mortgage and on behalf of all Persons to the extent permitted by applicable law.

Section 10.3 <u>Waiver of Notice</u>. To the extent permitted by applicable law, Mortgagor shall not be entitled to any notices of any nature whatsoever from Mortgagee except with respect to matters

168215.00401/132002772v.6

Appx270 eCertified copy of recorded # 2023052797 (page 24 of 45)
Montgomery County Recorder of Deeds



for which this Mortgage specifically and expressly provides for the giving of notice by Mortgagee to Mortgagor and except with respect to matters for which Mortgagee is required by applicable law to give notice, and Mortgagor hereby expressly waives the right to receive any notice from Mortgagee with respect to any matter for which this Mortgage does not specifically and expressly provide for the giving of notice by Mortgagee to Mortgagor.

Section 10.4    Waiver of Statute of Limitations.  To the extent permitted by applicable law, Mortgagor hereby expressly waives and releases to the fullest extent permitted by law, the pleading of any statute of limitations as a defense to payment of the Debt or performance of its Other Obligations.

Section 10.5    Survival.  The indemnifications made pursuant to Sections 9.2 and 9.3 herein shall continue indefinitely in full force and effect and shall survive and shall in no way be impaired by:  any satisfaction or other termination of this Mortgage, any assignment or other transfer of all or any portion of this Mortgage or Mortgagee's interest in the Property (but, in such case, shall benefit both Indemnified Parties and any assignee or transferee), any exercise of Mortgagee's rights and remedies pursuant hereto including but not limited to foreclosure or acceptance of a deed in lieu of foreclosure, any exercise of any rights and remedies pursuant to the Loan Agreement, the Note or any of the other Loan Documents, any transfer of all or any portion of the Property (whether by Mortgagor or by Mortgagee following foreclosure or acceptance of a deed in lieu of foreclosure or at any other time), any amendment to this Mortgage, the Loan Agreement, the Note or the other Loan Documents, and any act or omission that might otherwise be construed as a release or discharge of Mortgagor from the obligations pursuant hereto.

## ARTICLE 11

## INTENTIONALLY OMITTED

## ARTICLE 12

## NOTICES

Section 12.1    Notices.  All notices or other written communications hereunder shall be delivered in accordance with Section 15.1 of the Loan Agreement.

## ARTICLE 13

## APPLICABLE LAW

Section 13.1    GOVERNING LAW; WAIVER OF JURY TRIAL.

(A)    THIS MORTGAGE AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA.  TO THE FULLEST EXTENT PERMITTED BY LAW, MORTGAGOR HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY CLAIM TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS MORTGAGE OR THE OTHER LOAN DOCUMENTS.

(B)    TO THE FULLEST EXTENT PERMITTED BY LAW, MORTGAGOR AND MORTGAGEE HEREBY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION RELATING TO THE LOAN AND/OR THE LOAN DOCUMENTS.  ANY LEGAL SUIT, ACTION OR

-20-

168215.00401/132002772v.6

Appx271    eCertified copy of recorded # 2023052797 (page 25 of 45)
Montgomery County Recorder of Deeds



PROCEEDING AGAINST MORTGAGEE OR MORTGAGOR ARISING OUT OF OR RELATING TO THIS MORTGAGE MAY AT MORTGAGEE'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN MONTGOMERY COUNTY, PENNSYLVANIA AND MORTGAGOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND MORTGAGOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING. MORTGAGOR DOES HEREBY DESIGNATE AND APPOINT MORTGAGEE AS ITS AUTHORIZED AGENT TO ACCEPT AND ACKNOWLEDGE ON ITS BEHALF SERVICE OF ANY AND ALL PROCESS WHICH MAY BE SERVED IN ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY FEDERAL OR STATE COURT IN THE COMMONWEALTH OF PENNSYLVANIA, AND AGREES THAT SERVICE OF PROCESS UPON SAID AUTHORIZED AGENT AT SAID ADDRESS AND WRITTEN NOTICE OF SAID SERVICE MAILED OR DELIVERED TO MORTGAGOR IN THE MANNER PROVIDED HEREIN SHALL BE DEEMED IN EVERY RESPECT EFFECTIVE SERVICE OF PROCESS UPON MORTGAGOR IN ANY SUCH SUIT, ACTION OR PROCEEDING IN THE COMMONWEALTH OF PENNSYLVANIA. MORTGAGOR (I) SHALL GIVE PROMPT NOTICE TO MORTGAGEE OF ANY CHANGED ADDRESS OF ITS AUTHORIZED AGENT HEREUNDER, (II) MAY AT ANY TIME AND FROM TIME TO TIME DESIGNATE A SUBSTITUTE AUTHORIZED AGENT WITH AN OFFICE IN MONTGOMERY COUNTY, PENNSYLVANIA (WHICH SUBSTITUTE AGENT AND OFFICE SHALL BE DESIGNATED AS THE PERSON AND ADDRESS FOR SERVICE OF PROCESS), AND (III) SHALL PROMPTLY DESIGNATE SUCH A SUBSTITUTE IF ITS AUTHORIZED AGENT CEASES TO HAVE AN OFFICE IN MONTGOMERY COUNTY, PENNSYLVANIA OR IS DISSOLVED WITHOUT LEAVING A SUCCESSOR.

Section 13.2    Usury Laws. Notwithstanding anything to the contrary, (a) all agreements and communications between Mortgagor and Mortgagee are hereby and shall automatically be limited so that, after taking into account all amounts deemed interest, the interest contracted for, charged or received by Mortgagee shall never exceed the maximum lawful rate or amount, (b) in calculating whether any interest exceeds the lawful maximum, all such interest shall be amortized, prorated, allocated and spread over the full amount and term of all principal indebtedness of Mortgagor to Mortgagee, and (c) if through any contingency or event, Mortgagee receives or is deemed to receive interest in excess of the lawful maximum, any such excess shall be deemed to have been applied toward payment of the principal of any and all then outstanding indebtedness of Mortgagor to Mortgagee, or if there is no such indebtedness, shall immediately be returned to Mortgagor.

Section 13.3    Provisions Subject to Applicable Law. All rights, powers and remedies provided in this Mortgage may be exercised only to the extent that the exercise thereof does not violate any applicable provisions of law and are intended to be limited to the extent necessary so that they will not render this Mortgage invalid, unenforceable or not entitled to be recorded, registered or filed under the provisions of any applicable law. If any term of this Mortgage or any application thereof shall be invalid or unenforceable, the remainder of this Mortgage and any other application of the term shall not be affected thereby.

Section 13.4    Commercial Law/Open-End Mortgage.

(a)    It is understood and agreed that this Mortgage secures present and future advances and re-advances made for the benefit of Mortgagor pursuant to the Loan Agreement and that the lien of such future advances and re-advances shall relate back to the date of this Mortgage, and Mortgagor and Mortgagee intend that this Mortgage be an Open-End Mortgage as defined in Section 42 Pa. C.S.A. §8143(f) and as such be entitled to all benefits under 42 Pa. C.S.A. §§8143-8144.

-21-

168215.00401/132002772v.6

Appx272  eCertified copy of recorded # 2023052797 (page 26 of 45)
Montgomery County Recorder of Deeds

(b)     As contemplated by 42 Pa. C.S.A. §§8143-8144, this Mortgage secures, and the Mortgagor's obligations under the Note include, the unpaid balances of any advances made with respect to the Property for the payment of taxes, assessments, maintenance charges, insurance premiums or costs incurred for the protection of the Property or the lien of this Mortgage and expenses incurred by Mortgagee by reason of default by Mortgagor under this Mortgage and the priority of such advances, costs and expenses shall also relate back to the date of this Mortgage or to such later date as required by applicable law.

(c)     All notices pursuant to 42 PA. C.S.A. §8143 must be addressed to Mortgagee in the manner set forth in Section 15.1 of the Loan Agreement. With respect to any lien placed on the Property (other than the lien of this Mortgage), the holder of the lien, whether or not consented to by Mortgagee, by acceptance of such lien and without any further act or documentation being required by it, waives and relinquishes any rights which it may have to send a notice pursuant to 42 PA. C.S.A. §8143, to the extent that such waiver and relinquishment is permissible under applicable law.

(d)     It shall be an Event of Default under this Mortgage if Mortgagee receives written notice pursuant to Section 15.1 of the Loan Agreement from Mortgagor or any party claiming the right to send such notice, whether or not such notice is effective under 42 PA. C.S.A. §8143.

Section 13.5     Business Purpose. Mortgagor warrants that this Mortgage is delivered in connection with a business or commercial loan transaction.

Section 13.6     ACKNOWLEDGMENTS.

MORTGAGOR ACKNOWLEDGES AND AGREES AS FOLLOWS:

(a)     THIS MORTGAGE CONTAINS A WARRANT OF ATTORNEY CONFERRING AUTHORITY TO CONFESS JUDGMENT AGAINST MORTGAGOR FOLLOWING THE OCCURRENCE OF AN EVENT OF DEFAULT (THE "**WARRANT OF ATTORNEY**");

(b)     THE WARRANT OF ATTORNEY IS COUPLED WITH AN INTEREST AND, AS SUCH, MORTGAGEE, IN EXERCISING ANY OF ITS RIGHTS UNDER THE WARRANT OF ATTORNEY IS NOT A FIDUCIARY OF MORTGAGOR. MORTGAGEE MAY EXERCISE ANY OF ITS RIGHTS UNDER THE WARRANT OF ATTORNEY FOR THE SOLE BENEFIT OF MORTGAGEE, WITHOUT REGARD TO THE INTERESTS OF MORTGAGOR;

(c)     THE WARRANT OF ATTORNEY SHALL IN NO WAY BE CONSTRUED AS TO BENEFIT MORTGAGOR;

(d)     MORTGAGEE SHALL HAVE NO DUTY TO EXERCISE ANY POWERS GRANTED BY THE WARRANT OF ATTORNEY FOR THE BENEFIT OF MORTGAGOR OR IN MORTGAGOR'S BEST INTEREST;

(e)     MORTGAGEE SHALL HAVE NO DUTY OF LOYALTY TO MORTGAGOR;

(f)     MORTGAGEE SHALL, TO THE EXTENT EXERCISABLE, EXERCISE ANY AND ALL POWERS GRANTED BY THE WARRANT OF ATTORNEY SOLELY FOR THE BENEFIT OF MORTGAGEE;

(g)     THE WARRANT OF ATTORNEY IS IRREVOCABLE; AND

-22-

168215.00401/132002772v.6

Appx273    eCertified copy of recorded # 2023052797 (page 27 of 45)
Montgomery County Recorder of Deeds



(h)    MORTGAGOR HAS READ AND UNDERSTANDS THE WARRANT OF ATTORNEY.

## ARTICLE 14

## DEFINITIONS

Section 14.1    Definitions.    All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement. Unless the context clearly indicates a contrary intent or unless otherwise specifically provided herein, words used in this Mortgage may be used interchangeably in singular or plural form and the word "**Mortgagor**" shall mean "each Mortgagor and any subsequent owner or owners of the Property or any part thereof or any interest therein," the word "**Mortgagee**" shall mean "Mortgagee and any successor under the Loan Agreement," the word "**Note**" shall mean "the Note and any other evidence of indebtedness secured by this Mortgage," the word "**Property**" shall include any portion of the Property and any interest therein, and the phrases "**attorneys' fees**", "**legal fees**" and "**counsel fees**" shall include any and all attorneys', paralegal and law clerk fees and disbursements, including, but not limited to, fees and disbursements at the pre-trial, trial and appellate levels incurred or paid by Mortgagee in protecting its interest in the Property, the Leases and the Rents and enforcing its rights hereunder.

## ARTICLE 15

## MISCELLANEOUS PROVISIONS

Section 15.1    No Oral Change.    This Mortgage, and any provisions hereof, may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Mortgagor or Mortgagee, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

Section 15.2    Successors and Assigns.    The provisions hereof shall be binding upon and shall inure to the benefit of the Mortgagor, its successors and assigns (including without limitation subsequent owners of the Property or the leasehold estate of the Property or any part thereof); shall be binding upon and shall inure to the benefit of Mortgagee, its successors and assigns and any future holder of the Note hereby secured, and any successors or assigns of any future holder of the Note. In the event the ownership of the Property or any leasehold estate that may be covered by this Mortgage, becomes vested in a person other than Mortgagor, Mortgagee may, without notice to Mortgagor, deal with such successor or successors in interest with reference to this instrument and the debt hereby secured in the same manner as with the Mortgagor, and may alter the interest rate and/or alter or extend the terms of payment of the debt secured hereby without notice to Mortgagor and such action shall in no way affect the liability of Mortgagor hereunder or under the Note hereby secured or the lien or priority of this Mortgage with respect to any part of the Property covered hereby.

Section 15.3    Secondary Market.

(a)    Transfer of Loan.    Mortgagee may, at any time, without notice to or the consent of Mortgagor (i) sell, transfer or assign the Loan (or any portion thereof) and the Loan Documents, and any or all servicing rights with respect thereto, (ii) sell or grant participations in the Loan ("**Participations**") or (ii) securitize the Loan or any portion thereof in one or more pooled asset securitizations (the transactions referred to in clauses (i), (ii) and (iii) shall herein be referred to collectively as "Secondary Market Transactions" and the transactions referred to in clause (iii) shall herein be referred to as a "Securitization".

-23-

168215.00401/132002772v.6

Appx274    eCertified copy of recorded # 2023052797 (page 28 of 45)
Montgomery County Recorder of Deeds



Any certificates, notes or other securities issued in connection with a Securitization shall be referred to herein as "Securities".  In connection with any Secondary Market Transaction, Mortgagee may forward to each purchaser, transferee, assignee, servicer, trustee, participant, or investor in such Secondary Market Transactions (collectively, the "Investor" or any rating agency rating such Secondary Market Transaction (each, a "**Rating Agency**") and each prospective Investor, and any organization maintaining databases on the underwriting and performance of commercial mortgage loans, all documents and information which Mortgagee now has or may hereafter acquire relating to the debt secured hereby and to Mortgagor, any Guarantor, and the Property, whether furnished by Mortgagor, any Guarantor, any Property, or otherwise, as Mortgagee determines necessary or desirable.  Mortgagor irrevocably waives any and all rights it may have under applicable laws to prohibit such disclosure, including but not limited to any right of privacy. Mortgagor shall be responsible for the payment of all costs and expenses of any servicer chosen by Mortgagee to service the Loan.  Mortgagor, at Mortgagor's expense, only for its own costs in cooperating (but not for Mortgagee's costs) including without limitation, Mortgagor's legal fees in connection with any of the following, agrees to cooperate with all reasonable requests of Mortgagee in connection with any of the foregoing including, without limitation, executing any financing statements or other documents deemed necessary by Mortgagee or its transferee to create, perfect or preserve the rights and interest to be acquired by such transferee, provide any updated financial information with appropriate verification through auditors letters, deliver a negative assurances letter (with respect to such sections as Mortgagor is responsible pursuant to Section 15.3(c) hereof) only if the Securities being offered are in a Rule 144A offering or a registered public offering, revised organizational documents and counsel opinions satisfactory to the Rating Agencies, executed amendments to the Loan Documents, and review information regarding Mortgagor, any Guarantor, and the Property contained in a preliminary or final private placement memorandum, prospectus, prospectus supplements or other disclosure document, providing a mortgagor estoppel certificate and such other information about Mortgagor, any Guarantor or the Property as Mortgagee may reasonably require for Mortgagee's offering materials; provided, however, in each instance of a modification of, or amendment to, the Loan and Loan Documents or splitting or severing all or any portion of the Loan, Mortgagee shall comply with this Section 15 and no such modification or amendment shall change the stated maturity date of the Loan or any other material term of the Loan.

(b)    Dissemination of Information.  Mortgagor acknowledges that Mortgagee may provide to third parties with an existing or prospective interest in the servicing, enforcement, evaluation, performance, ownership, purchase, or participation of the Loan, or any Secondary Market Transaction including, without limitation, any Rating Agency and any entity maintaining databases on the underwriting and performance of commercial mortgage loans, any and all information which Mortgagee now has or may hereafter acquire relating to the Loan, the Property, Mortgagor or any Guarantor, as Mortgagee determines necessary or desirable and that such information may be included in disclosure documents in connection with a Secondary Market Transaction, including, without limitation, a prospectus, prospectus supplement, offering memorandum, private placement memorandum or similar document (each, a "**Disclosure Document**") and also may be included in any filing with the Securities and Exchange Commission pursuant to the Securities Act or the Securities Exchange Act.  To the fullest extent permitted under applicable law, Mortgagor irrevocably waives all rights, if any, to prohibit such disclosure, including, without limitation, any right of privacy.

(c)    Secondary Market Transaction.  Mortgagor and each Guarantor agrees to provide in connection with each Disclosure Document, an indemnification certificate:  (i) certifying that the information contained in the sections describing Mortgagor, any Guarantor and the Property set forth in such Disclosure Document has carefully been examined, and that, to such indemnitor's knowledge, such sections do not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; (ii) indemnifying Mortgagee (and for purposes of this Section 15.3(c), Mortgagee shall include its officers and directors) that (1) has filed the registration statement, if any, relating to the Secondary

-24-

168215.00401/132002772v.6

Appx275  eCertified copy of recorded # 2023052797 (page 29 of 45)
Montgomery County Recorder of Deeds

Market Transaction and/or (2) which is acting as issuer, depositor, sponsor and/or a similar capacity with respect to the Secondary Market Transaction (any person described in (1) or (2), an "**Issuer Person**"), and each director and officer of any Issuer Person, and each person who controls any Issuer Person with the meaning of Section 15 of the Securities Act or Section 20 of the Securities Exchange Act (collectively, "**Issuer Group**"), for any losses to which Mortgagee or the Issuer Group may become subject insofar as the losses arise out of or are based upon the omission or alleged omission to state therein a material fact required to be stated in such sections necessary in order to make the statements in such sections or in light of the circumstances under which they were made, not misleading (collectively, "**Securities Liabilities**"); and (iii) agreeing to reimburse Mortgagee and the Issuer Group for any legal or other expenses reasonably incurred by Mortgagee and the Issuer Group in investigating or defending the Securities Liabilities; provided, however, that indemnitor will be liable under clauses (ii) or (iii) above only to the extent that such Securities Liabilities arise out of, or are based upon, any such untrue statement or omission made therein in reliance upon, and in conformity with, information furnished to Mortgagee or any member of the Issuer Group by or on behalf of Mortgagor or a Guarantor in connection with the preparation of the Disclosure Documents or in connection with the underwriting of the Loan, including, without limitation, financial statements of Mortgagor or any Guarantor, and operating statements, rent rolls, environmental site assessment reports and property condition reports with respect to the Property. This indemnity is in addition to any liability which Mortgagor may otherwise have and shall be effective whether or not an indemnification certificate described above is provided and shall be applicable based on information previously provided by or on behalf of Mortgagor or a Guarantor if the indemnification certificate is not provided.

Section 15.4    Inapplicable Provisions. If any term, covenant or condition of the Loan Agreement, the Note or this Mortgage is held to be invalid, illegal or unenforceable in any respect, the Loan Agreement, the Note and this Mortgage shall be construed without such provision.

Section 15.5    Headings, etc. The headings and captions of various Sections of this Mortgage are for convenience of reference only and are not to be construed as defining or limiting, in any way, the scope or intent of the provisions hereof.

Section 15.6    Number and Gender/Joint and Several. Whenever the context may require, any pronouns used herein shall include the corresponding masculine, feminine or neuter forms, and the singular form of nouns and pronouns shall include the plural and vice versa. If Mortgagor consists of more than one Person, all representations, warranties, covenants, obligations and liabilities of each such Person hereunder shall be joint and several. A default hereunder by any such Person shall be deemed a default by all such Persons and Mortgagor. With respect to the definition of "Mortgagor", except where the context otherwise provides, (i) any representations contained herein of Mortgagor shall be applicable to each Mortgagor, (ii) any affirmative covenants contained herein shall be deemed to be covenants of each Mortgagor and shall require performance by all Mortgagors, (iii) any negative covenants contained herein shall be deemed to be covenants of each Mortgagor, and shall be breached if any Mortgagor fails to comply therewith, (iv) the occurrence of any Event of Default with respect to any Mortgagor shall be deemed to be an Event of Default hereunder, and (v) any Debt and/or Other Obligations of Mortgagor shall be deemed to include any Debt and/or Other Obligations of the Mortgagor, or any Debt and/or Other Obligations of any one of them. The representations, warranties and covenants contained herein shall be read to apply to the individual Persons comprising Mortgagor when the context so requires, but a breach of any such representation, warranty or covenant or a breach of any obligation under this Mortgage shall be deemed a breach by all such Persons and Mortgagor, entitling Mortgagee to exercise all of their rights and remedies under this Mortgage and under applicable law.

Section 15.7    Subrogation. If any or all of the proceeds of the Note have been used to extinguish, extend or renew any indebtedness heretofore existing against the Property, then, to the extent

-25-

Appx276 eCertified copy of recorded # 2023052797 (page 30 of 45)
Montgomery County Recorder of Deeds

of the funds so used, Mortgagee shall be subrogated to all of the rights, claims, liens, titles, and interests existing against the Property heretofore held by, or in favor of, the holder of such indebtedness and such former rights, claims, liens, titles, and interests, if any, are not waived but rather are continued in full force and effect in favor of Mortgagee and are merged with the lien and security interest created herein as cumulative security for the repayment of the Debt, the performance and discharge of Mortgagor's obligations hereunder, under the Loan Agreement, the Note and the other Loan Documents and the performance and discharge of the Other Obligations.

Section 15.8     Entire Agreement.  The Note, the Loan Agreement, this Mortgage and the other Loan Documents constitute the entire understanding and agreement between Mortgagor and Mortgagee with respect to the transactions arising in connection with the Debt and supersede all prior written or oral understandings and agreements between Mortgagor and Mortgagee with respect thereto. Mortgagor hereby acknowledges that, except as incorporated in writing in the Note, the Loan Agreement, this Mortgage and the other Loan Documents, there are not, and were not, and no Persons are or were authorized by Mortgagee to make, any representations, understandings, stipulations, agreements or promises, oral or written, with respect to the transaction which is the subject of the Note, the Loan Agreement, this Mortgage and the other Loan Documents.

Section 15.9     Limitation on Mortgagee's Responsibility.  No provision of this Mortgage shall operate to place any obligation or liability for the control, care, management or repair of the Property upon Mortgagee, nor shall it operate to make Mortgagee responsible or liable for any waste committed on the Property by the tenants or any other Person, or for any dangerous or defective condition of the Property, or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any tenant, licensee, employee or stranger.  Nothing herein contained shall be construed as constituting Mortgagee a "mortgagee in possession."

Section 15.10     Loan Agreement.  This Mortgage is made pursuant to the Loan Agreement and is subject to all of the provisions of the Loan Agreement including, without limitation, the provisions thereof entitling Mortgagee to declare the entire indebtedness secured hereby to be immediately due and payable, all of which provisions are incorporated herein with the same force and with like effect as if they were fully set forth herein at length and made a part hereof.

Section 15.11     Intentionally Omitted.

Section 15.12     Receipt  of  Mortgage.     MORTGAGOR  CERTIFIES  AND ACKNOWLEDGES THAT IT HAS RECEIVED A TRUE AND CORRECT COPY OF THIS MORTGAGE WITHOUT CHARGE.

MORTGAGOR ACKNOWLEDGES THAT IT HAS READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS MORTGAGE INCLUDING, WITHOUT LIMITATION, THE WAIVER OF JURY TRIAL AND THE CONFESSION OF JUDGMENT, AND HAS BEEN ADVISED BY COUNSEL AS NECESSARY OR APPROPRIATE.

[Remainder of page intentionally left blank]

168215.00401/132002772v.6

-26-

Appx277    eCertified copy of recorded # 2023052797 (page 31 of 45)
Montgomery County Recorder of Deeds

IN WITNESS WHEREOF, this Mortgage has been executed by Mortgagor as of the day and year first above written.

**MORTGAGOR:**

JENKINS COURT REALTY CO., L.P.,
a Pennsylvania limited partnership

By:    Old Jenkins Corporation,
        a Pennsylvania corporation,
        its general partner

By: _____
Name:  Philip C. Pulley
Title:  President

STATE OF    *Pennsylvania*    :
                               : SS.
COUNTY OF   *Montgomery*    :

I, _____*Linda J Hering*_____, a Notary Public in and for the county and state aforesaid, DO HEREBY CERTIFY that Philip C. Pulley who is personally known to me to be the same person whose name is subscribed to in the foregoing instrument appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act as President of Old Jenkins Corporation, general partner of JENKINS COURT REALTY CO., L.P., a Pennsylvania limited partnership, for the uses and purposes therein set forth, and that he was duly authorized to execute this instrument on behalf of, and as the act of, said limited partnership.

Given under my hand and notarial seal, this *22d* day of *September*, 2023.

_____
Notary Public

My commission expires

[Notarial Seal]

Commonwealth of Pennsylvania - Notary Seal
LINDA J. HERING, Notary Public
Montgomery County
My Commission Expires January 27, 2024
Commission Number 1070524

[Signature Page to Mortgage]

Appx278 eCertified copy of recorded # 2023052797 (page 32 of 45)
Montgomery County Recorder of Deeds

{00012166;v2 } Acknowledgment to Building Loan Mortgage, Assignment of
Leases and Rents and Security Agreement

168215.00401/132002772v.5

CERTIFICATE OF RESIDENCE

The undersigned certifies that the residence of Mortgagee is:

ICON PSG 1 FL, LLC
6711 Columbia Gateway Drive, Suite 130
Columbia, Maryland 21046

_____
On behalf of Mortgagee

168215.00401/132002772v.5

## EXHIBIT A

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece or tract of land, Situate in the Borough of Jenkintown, County of Montgomery, Commonwealth of Pennsylvania, bounded and described according to a plan thereof made January 4, 1989 and last revised January 9, 1989, by Charles E. Shoemaker, Inc., Engineers and Surveyors of Abington, Pennsylvania as follows:

BEGINNING at a point on the present Easterly PennDot legal right of way line of Old York Road (80 feet wide) said point being at the distance of 162.66 feet measured North 9 degrees 54 minutes 00 seconds East from the point formed by the intersection which the said present Easterly PennDot legal right of way line of Old York Road makes with the Northwesterly side of Rydal Road (33 feet wide at this point): Thence extending from the place of beginning along the present Easterly PennDot legal right of way line of Old York Road North 09 degrees 54 minutes 00 seconds East, 1,091.04 feet to a point; thence North 23 degrees 4 minutes 30 seconds East 34.98 feet to a point; thence extending Northeastwardly on the arc of a circle curing to the left with a radius of 55.00 feet the arc distance of 50.71 feet to a point of compound curvature; thence extending Northeastwardly on the arc of a circle curving to the left with a radius of 140.00 feet the arc distance of 31.49 feet to a point of reverse curvature; thence extending Northeastwardly, Eastwardly, and Southeastwardly on the arc of a circle curving to the right with a radius of 5.00 feet the arc distance of 11.57 feet to a point on the Southwesterly side of Spring Avenue (50 feet wide) thence extending along the same South 32 Degrees 36 minutes 43 seconds East 239.02 feet to a point; thence extending South 57 degrees 23 minutes 17 seconds West 105.14 feet to a point; thence extending South 19 degrees 42 minutes 6 seconds East 600.54 feet to a point; thence extending South 57 degrees 21 minutes 34 seconds West 50.06 feet to a point; thence extending South 19 Degrees 44 minutes 3 seconds East 141.21 feet to a point on the aforementioned Northwesterly side of Rydal Road 40 feet wide at this point; thence extending along the same South 57 degrees 26 minutes 20 seconds West 477.50 feet to a point; thence extending North 55 degrees 23 minutes 34 seconds West 130.20 feet to a point on the aforementioned present Easterly PennDot legal right of way line of Old York Road the first mentioned point and place of beginning.

168215.00401/132002772v.6

Exhibit A

Appx281 eCertified copy of recorded # 2023052797 (page 35 of 45)
Montgomery County Recorder of Deeds

## EXHIBIT B

### DESCRIPTION OF PERSONAL PROPERTY

(a)     All personal property (including, without limitation, all goods, supplies, equipment, furniture, furnishings, fixtures, machinery, inventory, and construction materials and software embedded in any of the foregoing) in which Mortgagor now or hereafter acquires an interest or right, which is now or hereafter located on or affixed to the Land or the Improvements or used or useful in the operation, use, or occupancy thereof or the construction of any Improvements thereon, together with any interest of Mortgagor in and to personal property which is leased or subject to any superior security interest, and all books, records, leases and other agreements, documents, and instruments of whatever kind or character, relating to the Land, Improvements, or such personal property;

(b)     All fees, income, rents, issues, profits, earnings, receipts, royalties, and revenues which, after the date hereof and while any portion of the Obligations remains unpaid or unperformed, may accrue from such personal property or any part thereof or from the Land, the Improvements or any other part of the Property, or which may be received or receivable by Mortgagor from any hiring, using, letting, leasing, subhiring, subletting, subleasing, occupancy, operation, or use thereof;

(c)     All of Mortgagor's present and future rights to receive payments of money, services, or property, including, without limitation, rights to all deposits from tenants of the Land or Improvements, sums deposited in the Collateral Account, chattel paper (whether tangible or electronic) notes, drafts, contract rights, instruments, general intangibles, as presently or hereafter in effect, and principal, interest and payments due on account of goods sold or leased, services rendered, loans made or credit extended, together with title to or interest in all agreements, documents, and instruments, evidencing, securing or guarantying the same;

(d)     All other intangible property (and related software) and rights relating to the Land, the Improvements, the personal property described in Paragraph (a) above or the operation, occupancy, or use thereof, including, without limitation, all governmental and non- governmental permits, licenses, and approvals relating to construction on or operation, occupancy, or use of the Land or Improvements, all names under or by which the Land or Improvements may at any time be operated or known, all rights to carry on business under any such names, or any variant thereof, all trade names and trademarks, servicemarks, logos and copyrights, relating in any way to the Land or the Improvements, and all good will and software in any way relating to the Land or the Improvements;

(e)     All as-extracted collateral produced from or allocated to the Land, including, without limitation, oil, gas, and other hydrocarbons and other minerals.

(f)     Mortgagor's rights under all insurance policies covering the Land (including, but not limited to, title insurance policies), the Improvements, the Personal Property, and the other parts of the Property and any and all proceeds, loss payments, and premium refunds payable regarding the same;

(g)     All reserves, deferred payments, deposits, refunds, cost savings, and payments of any kind relating to the construction of any Improvements on the Land;

(h)     All water stock relating to the Land;

(i)     All causes of action, claims, compensation, and recoveries for any damage to, destruction of, or condemnation or taking of the Land, the Improvements, the Personal Property, or any other part of the Property, or for any conveyance in lieu thereof, whether direct or consequential, or for any damage or

Exhibit B

Appx282   eCertified copy of recorded # 2023052797 (page 36 of 45)
Montgomery County Recorder of Deeds



injury to the Land, the Improvements, the Personal Property, or any other part of the Property, or for any loss or diminution in value of the Premises, the Improvements, the Personal Property, or any other part of the Property;

(j)    All architectural, structural, mechanical, and engineering plans and specifications prepared for construction of Improvements or extraction of minerals or gravel from the Premises and all studies, data, and drawings related thereto; and also all contracts and agreements of the Mortgagor relating to the aforesaid plans and specifications or to the aforesaid studies, data, and drawings or to the construction of Improvements on or extraction of minerals or gravel from the Land;

(k)    All commercial tort claims Mortgagor now has or hereafter acquires relating to the properties, rights, titles, and interests referred to in this Exhibit B or elsewhere in the Mortgage to which this Exhibit B is attached;

(l)    All letter of credit rights (whether or not the letter of credit is evidenced by a writing) Mortgagor now has or hereafter requires relating to the properties, rights, titles and interest referred to in the Mortgage to which this Exhibit B is attached;

(m)    All proceeds from sale or disposition of any of the aforesaid collateral and all supporting obligations ancillary thereto or arising in any way in connection therewith;

(n)    All Mortgagor's rights in proceeds of the Loan evidenced by the Note;

(o)    All of Mortgagor's rights in any and all warranties and guaranties with respect to any goods, materials, supplies, chattels, fixtures, equipment, machinery, building materials, and work in progress attached to or placed in or on any part of the Land, or used in connection with any construction on the Land;

(p)    All of Mortgagor's rights to and under any purchase agreements, including, without limitation, any deposits paid to Mortgagor pursuant to such purchase agreements; and

(q)    All of Mortgagor's rights in all plans, specifications, plats, agreements, assessments, reports, and surveys related to the Premises.

As used in this Exhibit B the terms "Land", "Loan Agreement", "Obligations", "Note", "Property", "Improvements", and "Personal Property" shall have the meanings set forth in the Mortgage to which this Exhibit B is attached.

Appx283    eCertified copy of recorded # 2023052797 (page 37 of 45)
Montgomery County Recorder of Deeds

## EXHIBIT C

## ASSIGNMENT OF DOCUMENTS

This **ASSIGNMENT OF DOCUMENTS** (this "**Assignment**") is made as of September 27, 2023, by **PSG LENDING, LLC**, a Maryland limited liability company ("**PSG**"), to and for the benefit of **ICON PSG 1 FL, LLC**, a Delaware limited liability company, its successors and assigns ("**Lender**").

### Recitals

A.   **JENKINS COURT REALTY CO., L.P.**, a Pennsylvania limited partnership "**Borrower**") is the owner of certain real estate situated in the County of Montgomery, Commonwealth of Pennsylvania (the "**Premises**") more particularly described in Exhibit A attached hereto. .

B.   Borrower has entered into that certain Loan Agreement made by and among Borrower and Lender dated as of the date hereof (as amended, modified, replaced or restated from time to time, the "**Loan Agreement**"). Lender has agreed to make certain a certain loan to Borrower in the maximum aggregate principal amount of $20,500,000 ("**Loan**").  The Loan is evidenced by that certain promissory note ("**Note**"), executed by Borrower and made payable to the order of Lender.  The Note is secured by, among other things, an Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Mortgage**"), executed by Borrower to and for the benefit of Lender, granting a lien on the Premises and recorded with the Recorder for the County of Montgomery, Pennsylvania.  Borrower also executed and delivered, or caused to be executed, any may cause to be executed in the future, certain other instruments and agreements as additional security for repayment of the Loan or otherwise in connection with the Loan (collectively, the "**Loan Documents**").

C.   Lender is a successor in interest to PSG and there Lender requires, as a condition precedent to making the Loan, that PSG execute and deliver this Assignment in connection with Lender's making of the Loan.

D.   PSG is willing to transfer, assign and convey its rights, privileges, powers and interest in, to and under the Loan Documents to Lender, subject to the terms and conditions herein contained.

### Agreement

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower hereby agrees as follows:

1.   Assignment.  PSG hereby unconditionally transfers, assigns and conveys, to the extent PSG has an interest and the interest is assignable, all of its rights, title, powers, privileges and interests in, to and under the Loan Documents to Lender and its respective successors and assigns, fully intending that Lender, and its successors and assigns, shall have the rights and powers and be entitled to the benefits thereunder. Without limiting the foregoing, PSG hereby unconditionally transfers, assigns and conveys all of its rights, title, powers, privileges and interests in and to (i) the estoppel certificates described on Exhibit B and (ii) the subordination agreements described on Exhibit C.

2.   Successors and Assigns.  All the covenants and agreements on the part of Lender and PSG contained herein shall inure to the benefit of and bind their successors and assigns, respectively, including any purchaser at a foreclosure sale other than Lender.



3. <u>Governing Law</u>. This Assignment is governed as to validity, interpretation, effect and in all other respects by laws and decisions of the State of Maryland and the applicable laws of the United States of America.

4. <u>Counterparts, Facsimile Signatures</u>. This Assignment may be executed in any number of counterparts, all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. Receipt of an executed signature page to this Assignment by facsimile or other electronic transmission shall constitute effective delivery thereof.

*[Signature page follows]*

168215.00401/133127775v.4

Appx285  eCertified copy of recorded # 2023052797 (page 39 of 45)
Montgomery County Recorder of Deeds

*[Signature Page 1 of 2 to Assignment of Documents]*

IN WITNESS WHEREOF, the party hereto has executed and delivered this Assignment of Documents as of the date first set forth above.

**ASSIGNOR:**

**PSG LENDING, LLC**,
a Maryland limited liability company

By: _____

Name: Cameron Lawson

Title: Authorized Person

STATE OF _Maryland_

COUNTY OF _Howard_

On this, the 21st day of _September_, 2023, before me, the undersigned officer, personally appeared Cameron Lawson , who acknowledged himself to be the Authorized Person of **PSG LENDING, LLC**, a Maryland limited liability company, and that he as such Authorized Person being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself as an Authorized Person .

In witness whereof, I hereunto set my hand and official seal.

Notary Public
Printed Name: _Vladimir Popik_
My Commission Expires:
_12/21/2026_

VLADIMIR POPIK
NOTARY PUBLIC
HARFORD COUNTY
MARYLAND
MY COMMISSION EXPIRES DECEMBER 21, 2026

Appx286   eCertified copy of recorded # 2023052797 (page 40 of 45)
Montgomery County Recorder of Deeds

*[Signature Page 2 of 2 to Assignment of Documents]*

**ASSIGNEE**:

**ICON PSG 1 FL, LLC,**
a Delaware limited liability company

By: _____
Name: _Cameron Lawson_
Title: _Authorized Person_

STATE OF ___Maryland___

COUNTY OF ___Howard___

On this, the _21st_ day of ___September___, 2023, before me, the undersigned officer, personally appeared ___Cameron Lawson___, who acknowledged himself to be the ___Authorized Person___ of **ICON PSG 1 FL, LLC**, a Delaware limited liability company, and that he as such ___Authorized Person___ being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the company by himself as ___Authorized Person___.

In witness whereof, I hereunto set my hand and official seal.

_____

Notary Public
Printed Name: _Vladimir Popik_
My Commission Expires:
_12/21/2026_

VLADIMIR POPIK
NOTARY PUBLIC
HARFORD COUNTY
MARYLAND
MY COMMISSION EXPIRES DECEMBER 21, 2026

**EXHIBIT A**
**to**
**ASSIGNMENT OF DOCUMENTS**


ALL THAT CERTAIN lot or piece or tract of land, Situate in the Borough of Jenkintown, County of Montgomery, Commonwealth of Pennsylvania, bounded and described according to a plan thereof made January 4, 1989 and last revised January 9, 1989, by Charles E. Shoemaker, Inc., Engineers and Surveyors of Abington, Pennsylvania as follows:

BEGINNING at a point on the present Easterly PennDot legal right of way line of Old York Road (80 feet wide) said point being at the distance of 162.66 feet measured North 9 degrees 54 minutes 00 seconds East from the point formed by the intersection which the said present Easterly PennDot legal right of way line of Old York Road makes with the Northwesterly side of Rydal Road (33 feet wide at this point): Thence extending from the place of beginning along the present Easterly PennDot legal right of way line of Old York Road North 09 degrees 54 minutes 00 seconds East, 1,091.04 feet to a point; thence North 23 degrees 4 minutes 30 seconds East 34.98 feet to a point; thence extending Northeastwardly on the arc of a circle curing to the left with a radius of 55.00 feet the arc distance of 50.71 feet to a point of compound curvature; thence extending Northeastwardly on the arc of a circle curving to the left with a radius of 140.00 feet the arc distance of 31.49 feet to a point of reverse curvature; thence extending Northeastwardly, Eastwardly, and Southeastwardly on the arc of a circle curving to the right with a radius of 5.00 feet the arc distance of 11.57 feet to a point on the Southwesterly side of Spring Avenue (50 feet wide) thence extending along the same South 32 Degrees 36 minutes 43 seconds East 239.02 feet to a point; thence extending South 57 degrees 23 minutes 17 seconds West 105.14 feet to a point; thence extending South 19 degrees 42 minutes 6 seconds East 600.54 feet to a point; thence extending South 57 degrees 21 minutes 34 seconds West 50.06 feet to a point; thence extending South 19 Degrees 44 minutes 3 seconds East 141.21 feet to a point on the aforementioned Northwesterly side of Rydal Road 40 feet wide at this point; thence extending along the same South 57 degrees 26 minutes 20 seconds West 477.50 feet to a point; thence extending North 55 degrees 23 minutes 34 seconds West 130.20 feet to a point on the aforementioned present Easterly PennDot legal right of way line of Old York Road the first mentioned point and place of beginning.

Appx288   eCertified copy of recorded # 2023052797 (page 42 of 45)
Montgomery County Recorder of Deeds



**EXHIBIT B**
to
**ASSIGNMENT OF DOCUMENTS**

1.  Tenant Estoppel Certificate from Temple University Health System, Inc.

2.  Tenant Estoppel Certificate from Temple University Health System, Inc.

3.  Tenant Estoppel Certificate from RGN-Jenkintown I, LLC

4.  Tenant Estoppel Certificate from TruMark Financial Credit Union

5.  Tenant Estoppel Certificate from Precious One Daycare

6.  Tenant Estoppel Certificate from Luv 2 Knit

7.  Tenant Estoppel Certificate from Goldstein Law Partners

8.  Tenant Estoppel Certificate from SBG Management Co. L.P.

9.  Tenant Estoppel Certificate from Jenkintown Land Holding, LLC (Catalyst)

10. Tenant Estoppel Certificate from JJLH of Jenkintown, LLC (Faulkner)

11. Tenant Estoppel Certificate from SS Education, Inc. d/b/a Jersey College of Nursing

12. Tenant Estoppel Certificate from Sezai Saran

13. Tenant Estoppel Certificate from David R. Machek, Esquire

14. Tenant Estoppel Certificate from Loanability

15. Tenant Estoppel Certificate from Randy H. Kaplan, Robert C. Nathan, Richard E. Genter

16. Tenant Estoppel Certificate from Jenkins Storage LLC

17. Tenant Estoppel Certificate from Helping Hands Children Services Management, LLC

18. Tenant Estoppel Certificate from Grab n' Go Café

19. Tenant Estoppel Certificate from Dogtopia of Jenkintown

20. Tenant Estoppel Certificate from Coracias Advance Technologies, LLC

21. Tenant Estoppel Certificate from Black Leaf

22. Tenant Estoppel Certificate from Bethany Christian Services of Greater Delaware Valley

23. Tenant Estoppel Certificate from Mark Kress, M.D.

168215.00401/133127775v.3

Appx289  eCertified copy of recorded # 2023052797 (page 43 of 45)
Montgomery County Recorder of Deeds



24.     Estoppel Letter from Outback Steakhouse of Florida, LLC

25.     Tenant Estoppel Certificate from Starbucks Corporation

26.     Tenant Estoppel Certificate from Nextel Sprint

27.     Tenant Estoppel Certificate from Colum. Tele

28.     Tenant Estoppel Certificate from GTP Towers Am. IX Metro

29.     Tenant Estoppel Certificate from GTP Towers IX Zayo Group

30.     Tenant Estoppel Certificate from Verizon

31.     Tenant Estoppel Certificate from Sprint PCS

32.     Tenant Estoppel Certificate from Tiny Town

2

168215.00401/133127775v.3

Appx290  eCertified copy of recorded # 2023052797 (page 44 of 45)
Montgomery County Recorder of Deeds

**EXHIBIT C**
**to**
**ASSIGNMENT OF DOCUMENTS**

1.    Subordination, Nondisturbance and Attornment Agreement from SSS Education, Inc. d/b/a Jersey College

2.    Subordination, Nondisturbance and Attornment Agreement from Jenkins Storage LLC

3.    Subordination, Nondisturbance and Attornment Agreement from Tiny Town, LLC

4.    Subordination, Non-disturbance and Attornment Agreement from Outback Steakhouse of Florida, LLC

5.    Subordination, Nondisturbance and Attornment Agreement from SBG Management Services Inc.

6.    Subordination, Nondisturbance and Attornment Agreement from Precious Ones Daycare

7.    Subordination, Nondisturbance and Attornment Agreement from Goldstein Law Partners LLC

8.    Subordination, Nondisturbance and Attornment Agreement from Dogtopia of Jenkintown

9.    Subordination, Nondisturbance and Attornment Agreement from Mark Kress, M.D.

10.    Subordination, Nondisturbance and Attornment Agreement from Trumark Financial Credit Union

11.    Subordination, Nondisturbance and Attornment Agreement from GTP Towers Am. IX Metro

12.    Subordination, Nondisturbance and Attornment Agreement from GTP Towers IX Zayo Group

13.    Subordination, Nondisturbance and Attornment Agreement from Sprint PCS

3

168215.00401/133127775v.3

Appx291  eCertified copy of recorded # 2023052797 (page 45 of 45)
Montgomery County Recorder of Deeds

# Exhibit 3

# PIEL LAW FIRM, LLC

502 Washington Avenue
Suite 730
Towson, Maryland 21204

Email: hpiel@piellawfirm.com
Web: www.piellawfirm.com

Phone: (410)849-4888
Fax: (410) 849-4889

December 3, 2024

**VIA FEDERAL EXPRESS
AND CERTIFIED MAIL
RETURN-RECEIPT REQUESTED**

Jenkins Court Realty Co., L.P.
P.O. Box 549
Abington, Pennsylvania 19001

Philip Pulley
P.O. Box 549
Abington, Pennsylvania 19001

Re:    $20,500,000.00 commercial loan from ICON PSG 1 FL, LLC (the "Lender") to Jenkins Court Realty Co., L.P. (the "Borrower"), as evidenced by, among other things, a Secured Promissory Note, dated September 27, 2023, executed by the Borrower to the order of the Lender (the "Note"). File No. 2024-00342

To The Above-Addressed Parties:

As you know, this law firm represents the Lender in connection with the above-described loan (the "Loan") and the various loan documents which evidence, secure or otherwise document the same, including, without limitation, the Note, the "Mortgage" (as that term is defined herein) and the "Guaranty" (as that term is defined herein) (collectively, the "Loan Documents"). The Lender is the holder of the Loan Documents. My review of the Loan Documents indicates that the Loan is absolutely and unconditionally personally guaranteed by Philip Pulley (the "Guarantor"), as evidenced by that certain Guaranty of Payment, dated September 26, 2023, executed by the Guarantor for the benefit of the Lender (the "Guaranty"). The Borrower and Guarantor are collectively referred to herein as the "Obligors."

In addition, my review of the Loan Documents indicates that the Loan is secured by, among other things, a mortgage lien in, to and against certain real property owned by the Borrower and generally known as 610 Old York Road, Jenkintown, Pennsylvania 19046, a/k/a 610 York Road, Jenkintown, Pennsylvania 19046 (the "Property") as evidenced by that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated September 22, 2023, and made effective September 27, 2023, executed by the Borrower for the benefit of Lender and recorded with the Recorder of Deeds for Montgomery County, Pennsylvania at MTG Book 15820, page 01708 (the "Mortgage").

Appx293

Jenkins Court Realty Co., L.P., et al.
December 3, 2024
Page 2 of 3

According to Lender's records, the Obligors are presently in default under the Loan Documents for, among other things, having failed to make certain of the monthly payments called for thereunder. As a result thereof, Lender, in accordance with the terms and conditions of the Loan Documents, has accelerated and declared immediately due and payable all indebtedness that is owed from the Obligors thereunder. As of December 3, 2024, the principal, interest, and fee and expense balance due and owing from the Obligors to the Lender under the Loan Documents totals $20,456,811.14 and consists of an unpaid principal balance in the amount of $20,500,000.00, accrued and unpaid interest in the amount of $1,408,741.66, and fees and expenses in the amount of $41,122.36, less a remaining construction escrow balance in the amount of $1,493,052.88. Interest will continue to accrue on the unpaid principal balance owed from the Obligors to the Lender under the Loan Documents at the regular rate of interest or default rate of interest provided for thereunder, if any, until all indebtedness owed from the Obligors to the Lender under the Loan Documents has been paid in full. Moreover, since the Loan Documents have been referred to an attorney for collection, the Obligors are also obligated to reimburse the Lender for all costs, expenses and attorneys' fees which the Lender incurs in connection with this matter.

By way of this letter, the Lender demands that the Obligors tender payment to the Lender of all indebtedness, including, without limitation, all costs, expenses and attorneys' fees, that is owed from the Obligors to the Lender under the Loan Documents, in immediately available funds, no later than 5:00 p.m. on Friday, December 13, 2024. Said payment should be tendered to the Lender in the form of a certified check made payable to "ICON PSG 1 FL, LLC" and should be forwarded to the Lender, c/o Piel Law Firm, LLC, 502 Washington Avenue, Suite 730, Towson, Maryland 21204. If the Lender does not receive payment of all indebtedness that is owed under the Loan Documents, in immediately available funds, within the time period prescribed above, the Lender, immediately thereafter, may proceed with enforcement of its various rights, remedies and recourse under the Loan Documents and applicable law including, without limitation, instituting a foreclosure action against the Property and/or confessing judgments against the Obligors.

Nothing contained in this letter shall constitute an election of remedies on the part of the Lender nor shall anything contained herein constitute a waiver of: (a) the accelerated status of the Loan; (b) any defaults existing under the Loan Documents; or (c) any of the Lender's rights, remedies, or recourse under the Loan Documents or applicable law. Furthermore, the acceptance of partial payments by the Lender under or in connection with the Loan, whether before or after the date of this letter, shall not constitute an election of remedies on the part of the Lender, nor shall such acceptance of partial payments constitute a waiver of: (aa) the accelerated status of the Loan; (bb) any defaults existing under the Loan Documents; or (cc) any of the Lender's rights, remedies or recourse under the Loan Documents or applicable law. By way of this letter, the Lender specifically reserves all of its rights, remedies and recourse under the Loan Documents and applicable law.

Jenkins Court Realty Co., L.P., et al.
December 3, 2024
Page 3 of 3

I trust that the Obligors will recognize the urgency of this matter and that the Obligors will remit payment to the Lender of all indebtedness that is owed under the Loan Documents, in immediately available funds, no later than 5:00 p.m. on Friday, December 13, 2024.

Very truly yours,

Hunter C. Piel

cc:    ICON PSG 1 FL, LLC
       (via electronic mail)

# Exhibit 4

Case 2:25-cv-00044-GAM     Document 5-6     Filed 01/10/25     Page 2 of 9

# TRIGILD

—— EST 1976 ——

## A PROPOSAL FOR
# 610 Old York

610 Old York Road
Jenkintown, PA

**Presented to:**

Eugene Poverni
(443) 255-8104
E@poverni.com

**trigild.com**

Case 2:25-cv-00044-GAM    Document 5-6    Filed 01/10/25    Page 3 of 9



# TRIGILD IVL OVERVIEW

Trigild IVL has successfully handled over 2,000 court-appointed fiduciary assignments throughout the country, operated multimillion dollar businesses, and liquidated billions of dollars of business, real estate, FF&E, and related assets. We have served in multiple roles under the auspices of numerous courts – including as Receiver, Bankruptcy Trustee and Chief Restructuring Officer. Equipped with decades of experience, Trigild IVL is an expert at devising long-term solutions and sound strategies that maximize recovery.

## Fiduciary Team Experience

- Since 1988, Trigild IVL has handled over 2,000 receivership appointments for over 3,500 real estate and business assets.
- Receiver professionals include Attorneys at Law who are admitted to the California and Texas bars, Licensed Real Estate Brokers, Paralegals, MBAs, and CPAs who are supported by in-house accounting, operations, marketing, HR, and IT professionals.
- Serving as federal equity receiver on a filing by the Securities and Exchange Commission (SEC) for an alleged Ponzi scheme.
- Served as receiver in 41 different states and Puerto Rico and the Virgin Islands with an aggregate value of nearly $50 billion.
- State and federal receiverships for hotels, restaurants, convenience stores, multifamily, office, industrial, retail, gas stations, truck stops, apartments, office buildings, assisted care facilities, retail centers, mobile home parks, residential subdivisions, marinas, self-storage units, senior care, and a water park.
- Approved as Receiver by the State of New York Unified Court System
- As receiver, has directed the sale of over 300 properties.
- General Counsel has extensive legal, financial, and real estate experience with significant transactional and litigation knowledge, including contract drafting and negotiation, processing of entitlements, alternative dispute resolution and trial work.
- 40-year-old property management firm specializing in distressed properties and operating businesses located throughout the United States.
- Extensive construction management experience on all asset types
- Trigild's staff has done expert witness work in matters concerning hotel liability, security, feasibility studies, "slip and fall", wrongful termination, value of leased premises, safety standards and operating performance.
- Bondable for virtually any dollar amount required.
- Frequent speakers to professional financial and legal groups on foreclosure and uses of receiverships.
- Host of the Trigild Lender Conference and Trigild Spring Conference - annual educational conferences on the latest trends for handling non-performing commercial loans.
- Publisher of the *Trigild Deskbook*, a state-by-state guide to Receivership and Foreclosure laws-by-state guide to Receivership and Foreclosure laws.

**DALLAS**
4131 North Central Expressway
Suite 775
Dallas, TX 75204
214/422/2365

**SAN DIEGO**
9339 Genesee Avenue
San Diego, CA 92121
858/242/1222

**NEW JERSEY**
24 Church Street
Montclair, NJ 07042
973/226/1950

**MIAMI**
17555 Collins Avenue
Suite 3301
Sunny Isles Beach, FL 33179
858/242/1222

**CHICAGO**
100 N. LaSalle Street
Suite 812
Chicago, IL 60602
858/242/1222

Appx298



# PROPOSED FEE SCHEDULE

**Receivership**

Monthly:

$350 per hour
Minimum of $3,500

Reimbursement of all out-of-pocket expenses

**Sale Coordination**

*0.10%*
~~0.25% of~~ gross sales price    *DK*

**In-House Counsel**

$450 per hour

**Accounting**

$500 per month

**Property Management**

Third Party Subject to Plaintiff Consent




**DALLAS**
4131 North Central Expressway
Suite 775
Dallas, TX 75204
214/422/2365

**SAN DIEGO**
9339 Genesee Avenue
San Diego, CA 92121
858/242/1222

**NEW JERSEY**
24 Church Street
Montclair NJ 07042
973/226/1950

**MIAMI**
17555 Collins Avenue
Suite 3301
Sunny Isles Beach, FL 33179
858/242/1222

**CHICAGO**
100 N. LaSalle Street
Suite 812
Chicago, IL 60602
858/242/1222

Appx299



# SCOPE OF WORK & TERMS

## Receivership Services

**Receiver/Paralegal Documents & Communication**

- Provide a proposed Order Appointing Receiver to lender's legal counsel.
- As requested, appear telephonically in court
- Obtain and file Receiver's Oath and Bond.
- Prepare, serve parties of record and file Receiver's Opening Report.
- If required by the Court prepares, serve parties of record, and file all Receiver's Interim Reports.
- Prepare, serve parties of record and file Receiver's Final Account and Report.
- Prepare and file Receiver's Certificate(s) if applicable.
- As appropriate, file motions to close out Receivership.
- Upon discharge of Receiver, cancel Receiver's bond.

**Receivership Start-Up**

- Secure control of all property operations in coordination with a qualified property management firm.
- Secure control of property related bank account(s).
- Manage funds in property bank account(s), open new bank account(s) in the name of the Receivership Estate and transfer all funds to Receivership account(s).
- Change merchant account numbers, if any.
- Assess and oversee cash handling procedure.
- Manage operating income, if any.
- Review and audit accounts receivable/accounts payables.
- Evaluate and address status of bad debts and rental delinquencies.
- Review known pre-receivership operating expenses to assess validity of outstanding invoice(s) / claim(s) and facilitate payment to claimant(s).
- Examine State / City Tax Systems to determine need for Tax ID number.
- Acquire Employer Identification Number from Internal Revenue Service.
- Transfer or apply for new business and tax licenses as applicable.
- Determine status of property tax payments.
- Evaluate existing insurance coverage and secure additional coverage, as necessary.
- Secure sales and marketing materials.
- Notify utility companies of receivership.
- Transfer existing utility accounts or open new accounts for the Receivership Estate.
- Notify licensors of receivership.
- Transfer existing or apply for new licenses to ensure property compliance.
- Analyze property's security threat level to determine whether or not onsite security is needed.
- Audit property's life safety emergency protocols.
- Review key control and inventory administration keys; change locks where necessary.



- Evaluate payments of common area maintenance charges, if any, between property and adjacent properties and implement changes as appropriate.
- Identify and secure contracts and leases.
- Review, evaluate and consider renewal or replacement of relevant of property-related agreements.
- Perform other reviews as necessary, leasing documentation, leasing process, and cost segregation.
- Notify vendors of receivership.
- Conduct audit of current vendors to determine necessity of each.
- Hire / terminate vendors
- Complete and submit opening report that details the following to the court:
  - Property inspection and property condition report
  - Property and unit inventory
  - Inspection Photographs

**Receivership Closing**

- Notify vendors that Receivership is closing.
- Request final invoices.
- Send out accounts receivable notification.
- Send notification letter to the necessary license, permit, and tax agencies.
- Cancel insurance policies in name of Receivership.
- Coordinate transition of service and maintenance contracts from receiver to Plaintiff upon foreclosure.
- Contact utility companies to perform final meter reading.
- As appropriate, prepare and submit closing inventories.
- Notify tenants that Receivership is closing.
- Prepare or oversee final accounting.
- Close accounts and disburse funds.
- Prepare Receiver's final report for the court.
- Close out Receivership with court.

**DALLAS**
4131 North Central Expressway
Suite 775
Dallas, TX 75204
214/422/2365

**SAN DIEGO**
9339 Genesee Avenue
San Diego, CA 92121
858/242/1222

**NEW JERSEY**
24 Church Street
Montclair, NJ 07042
973/228/1950

**MIAMI**
17555 Collins Avenue
Suite 3301
Sunny Isles Beach, FL 33179
858/242/1222

**CHICAGO**
100 N. LaSalle Street
Suite 812
Chicago, IL 60602
858/242/1222

Appx301

# △ TRIGILD

# PROPOSED PROJECT TEAM



### CHRIS NEILSON, *Managing Partner*

Chris Neilson, J.D., Managing Partner, oversees Trigild's business operations and serves as one of the firm's principal receivers. Federal and state courts throughout the United States have appointed Neilson as receiver over all types of commercial properties, including offices, malls, shopping centers, apartments, hotels, and golf courses. Neilson is also an approved fiduciary in the State of New York.

In addition to his receivership work, Neilson has handled the resolution of millions of dollars of unsecured judgments against debtors throughout the U.S. and has sourced and secured debtor-in-possession financing for fiduciaries through bankruptcy. Neilson was also a founding partner of P.D. Capital, a commercial real estate investment company focused on acquiring value-add retail projects.

Neilson began his legal career as an attorney practicing in the real estate and capital markets groups of an AmLaw 100 law firm where he focused on complex loan workouts for securitized business trusts (REMICs) through their special servicers.

Neilson received his J.D. from the Southern Methodist University Dedman School of Law where he was a member of the SMU Law Review and received a B.B.A. from Baylor University where he was the Outstanding Graduating Senior of the Hankamer School of Business.



### IAN LAGOWITZ, *Managing Partner*

Ian Lagowitz founded IVL Group, where he has been involved in nearly one thousand receivership, fiduciary, and trustee appointments over the course of his 25-year real estate career. He is well versed in bankruptcy recovery, having been involved in disposing hundreds of retained assets from bankruptcy sales, reviewing approximately 10,500 proof of claims, and handling cures and assumptions for the transfer of operating leases.

In addition to his specialization in asset management and distressed assets, he is highly experienced in property evaluation, leasing, sales, redevelopment, brownfield redevelopment, mergers and acquisitions, institutional work-outs, asset recovery and property management.

Ian Lagowitz joined Onyx Equities in 2010. As Director of Receivership and REO Management, his responsibilities included serving as a court appointed receiver and managing agent, client relations, and oversight of the receivership and REO portfolio. Ian also led operations for 12 states. He was responsible for facilitating the opening of Onyx's regional offices in Atlanta, GA, Annapolis, MD, Charlotte, NC and Memphis, TN.

Prior to joining Onyx, Ian held key roles at a variety of notable organizations including DiLeo Associates and The Alman Group. Ian is a graduate of the University of Maryland. He is a licensed broker in the state of New Jersey. He is a board member of Prodigal Sons and Daughters, and he is currently the Associate Coach for the Seton Hall University Men's Golf Team.

**DALLAS**
4131 North Central Expressway
Suite 775
Dallas, TX 75204
214/422/2365

**SAN DIEGO**
9339 Genesee Avenue
San Diego, CA 92121
858/242/1222

**NEW JERSEY**
24 Church Street
Montclair, NJ 07042
973/226/1950

**MIAMI**
17555 Collins Avenue
Suite 3301
Sunny Isles Beach, FL 33179
858/242/1222

**CHICAGO**
100 N. LaSalle Street
Suite 812
Chicago, IL 60602
858/242/1222

Appx302

# ⟁ TRIGILD

**DAVID WALLACE,** *Chief Operating Officer and General Counsel*

David Wallace oversees Trigild's team in court-ordered receiverships for assets across the nation, successfully resolving distressed loans and preserving assets as a court-appointed fiduciary.

Mr. Wallace led a team of real estate asset managers, property managers, property accountants, accounting firms, and law firms in a bankruptcy liquidation of interests in a real estate portfolio that included more than 100 companies with equity and other management entities. The portfolio, valued at over $1.6 billion, included assets in the multifamily, student housing, and retail asset classes, and creditors recouped more than 60% of their claims.

Mr. Wallace also leads the legal team on a number of other fiduciary assignments, in bankruptcy, state, and federal courts. He has extensive experience in workouts related to CMBS and balance sheet loans, as well as transactions involving private equity, REITs, and sovereign wealth funds. Further, Mr. Wallace has overseen and served as lead counsel in a number of fraudulent transfer actions with ultimate recoveries in the tens of millions of dollars. Wallace also serves as a Ch. 11 trustee for a large real estate holding company with assets across multiple property types.

Wallace holds a B.B.A in Finance from Texas Christian University and a J.D. from Southern Methodist University. Prior to joining Trigild, Mr. Wallace worked as a financial analyst and also as an attorney with Fulbright & Jaworski, LLP. At Fulbright, Mr. Wallace represented a broad range of clients in both litigation and transactional matters. Mr. Wallace also represented a number of master and special servicers in connection with CMBS loan transactions and workouts. Clients included pharmaceutical and device manufacturers, banks, oil and gas companies, and other Fortune 500 companies across an array of industries.

Mr. Wallace lives in Keller, TX with his wife and two daughters, and enjoys playing golf in his free time.

**MAEGAN KALBERMATTEN,** *Director of Operations & Receiverships*

Maegan is a detail-oriented manager with over seven years of operational and receivership experience across multiple asset classes. She applies strong communication and leadership skills, process improvement tactics, and workflow optimization methods to elevate operational efficiencies.

Prior to joining Trigild IVL, Maegan served as Director of Asset Management and Receiverships at IVL Group. At IVL, Maegan was responsible for monthly reporting, bonds, bank account setup, operational and transitional takeovers, coordinating monthly calls with bond holders and special servicers, and managing client relations.

Prior to IVL, Maegan also served as Property Transition Manager and Asset Manager for Onyx Management Group. During her tenure with Onyx, Maegan was responsible for and implemented the operation of regional offices in Atlanta, Charlotte, Philadelphia, Memphis, and Annapolis. In addition, she transitioned over 75,000,000 SF in Receivership and REO Management assets.

Maegan is a graduate of Pennsylvania State University, with a bachelor's degree in Hotel, Restaurant, and Institutional Management

**DALLAS**
4131 North Central Expressway
Suite 775
Dallas, TX 75204
214/422/2365

**SAN DIEGO**
9339 Genesee Avenue
San Diego, CA 92121
858/242/1222

**NEW JERSEY**
24 Church Street
Montclair, NJ 07042
973/226/1950

**MIAMI**
17555 Collins Avenue
Suite 3301
Sunny Isles Beach, FL 33179
858/242/1222

**CHICAGO**
100 N. LaSalle Street
Suite 812
Chicago, IL 60602
858/242/1222

Appx303



**AVA STAPP,** *Manager of Receivership Services and Marketing*

Ava Stapp has been an integral part of the Trigild team for over three years. As Manager of Receivership Services & Marketing, she supports the operations and receivership team by managing client relations, new business proposals, and property transitions.

Aside from operations, Ava manages all internal and external marketing efforts and plays a pivotal role in coordinating the biannual Trigild Lender Conferences, overseeing attendee management and sponsorship maintenance. Ava's efficiency, attention to detail, and positive attitude make her an indispensable member of the Trigild team.

Ava is a graduate of the University of Kansas School of Journalism and Mass Communications, with a bachelor's degree in Strategic Communications.

# THANK YOU

**We appreciate your consideration.**

Proposal Submitted by:

| **Chris Neilson** | **Ian Lagowitz** | **Maegan Kalbermatten** |
|---|---|---|
| chris.neilson@trigild.com | ian.lagowitz@trigild.com | maegan.kalbermatten@trigild.com |
| 214/766/9272 | 973/226/1950 | 973/226/1950 |

Please visit our website at www.trigild.com.

**DALLAS**
4131 North Central Expressway
Suite 775
Dallas, TX 75204
214/422/2365

**SAN DIEGO**
9339 Genesee Avenue
San Diego, CA 92121
858/242/1222

**NEW JERSEY**
24 Church Street
Montclair, NJ 07042
973/226/1950

**MIAMI**
17555 Collins Avenue
Suite 3301
Sunny Isles Beach, FL 33179
858/242/1222

**CHICAGO**
100 N. LaSalle Street
Suite 812
Chicago, IL 60602
858/242/1222

Appx304

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JENKINS COURT REALTY CO., L.P., <br><br> Defendant. | CIVIL ACTION <br><br> NO: 2:25-cv-00044-GAM |

**[PROPOSED] ORDER**

**AND NOW**, this _____ day of _____, 2025, upon consideration of Plaintiff's Motion for Expedited Appointment of a Receiver (the "Receivership Motion") filed by Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff"), it is hereby **ORDERED** and **DECREED** as follows:

1. The Receivership Motion is hereby **GRANTED**.

2. Trigild IVL, LLC is appointed receiver (the "Receiver") over all property in or upon which Plaintiff has a mortgage, lien, security interest, or assignment, including the Property owned by Defendant, Jenkins Court Realty Co., L.P. ("Defendant") located at 610 Old York Road, Jenkintown Borough, Montgomery County, Pennsylvania, Parcel ID # 10-00-05364-00-8 (the "Property"), and all of the rents, incomes, revenues, and profits from the Property. The Receiver shall have all of the usual powers and duties of receivers in such cases including, without limitation, the power to apply all monies collected by the Receiver to the necessary preservation of the Property, or as this Court otherwise may direct. The Receiver is appointed solely for the benefit and protection of the rights and interest of Plaintiff, and all actions of the Receiver pursuant to the Order shall be for the benefit and protection of Plaintiff. Notwithstanding any of the provisions of this Order, nothing contained herein shall in any way limit or impair the rights and

1

interests of Plaintiff in any part of the Property, including the income, revenues, and profits therefrom.

3.    **Receiver's Bond.**  The Receiver shall post a bond or cash in the amount of One Thousand Dollars and Zero Cents ($1,000.00) within fifteen (15) days of the entry of this Order (the "Bond").  Any Bond shall be provided by a corporate surety, guarantying performance by the Receiver of the duties and obligations of its office of receivership, with the Bond providing coverage to Plaintiff and Defendant for loss due to the acts of the Receiver and its agents, servants, or employees.  The Receiver shall be liable only for acts of omissions which constitute gross negligence or willful misconduct.  The Receiver shall have no personal responsibility for any obligations of Defendant.

4.    **Receivership Estate.**   Upon entry of this Order, subject to the rights and interests of Plaintiff, the Receiver is hereby directed and empowered to take from Defendant, its agents, employees, representatives, and all of their affiliates and subsidiaries who not have or may in the future have any interest in the, immediate, complete, and exclusive possession and control of the Property, wherever located, including all payments, rents, incomes, revenues, and profits arising from the Property, all accounts, books, records, keys, equipment, and such other personally which may be found on or off the Property that relate in any way to the operation of the Property and which are subject to the mortgage, liens, or security interest of Plaintiff (collectively, the "Receivership Estate").

5.    **Accounting by Defendant.**  Within thirty (30) calendar days from the date hereof, Defendant shall prepare and file with the Court and serve on all parties hereto a detailed accounting of all income, expenses, receivables, and payables relating to the Property from the date of the most recent audited financial statement to the present.

6. **Operation of the Receivership Estate.** Subject to the rights and interest of Plaintiff, the Receiver is appointed to take charge of, and to use, manage, operate, and protect the Receivership Estate, and is granted all of the rights, duties, powers, authority, and responsibility of a court-appointed receiver, including those reasonably necessary to accomplish the purpose of this receivership.

     a. Possession of the Receivership Estate. The Receiver is authorized and directed to enter upon, take possession of, and assume exclusive control of the Receivership Estate, wherever located, including, but not limited to (i) the Property; (ii) all inventory, equipment, and improvements at the Property; and (iii) all books, records, and personal property relating to the Receivership Estate. The Receiver is also authorized to demand, receive, collect, take possession of, and preserve all accounts related to the Receivership Estate and to exercise any and all intangible rights. The Receiver shall collect from Defendant and/or others all sums now due and unpaid or which hereafter shall become due during the pendency of this action arising out of or related to the Property.

     b. Exclusion of Defendant. The Receiver is authorized to exclude Defendant, its agents, management companies, employees, representatives, owners, affiliates, subsidiaries, and parent companies from possessing or operating the Property, except as expressly provided for in this Order or as may be expressly agreed by Plaintiff in writing in each instance, and it may change any and all locks at the Property.

     c. Exercise of Ownership Rights. The Receiver is authorized to exercise all rights as to the ownership of the Property subject to the limitations herein set forth. The Receiver shall assume and exercise exclusively the powers and prerogatives of the board of directors, shareholders, and management of Defendant with respect to the Property.

     d. Construction Projects. The Receiver is authorized to take over, perform, resume, and/or complete any and all construction projects at the Property (collectively, the "Construction Projects") that are being performed by Defendant or its agents or contractors, were previously performed by Defendant or its agents or contractors, or are specified or contemplated in the loan documents between Plaintiff and Defendant evidencing the debt secured by the Property (collectively, the "Loan Documents").

     e. Authority to Contract. The Receiver may make, cancel, enforce, or modify contracts, leases, or licenses relating to any part of the Property or the Construction Projects. The Receiver shall not be bound by any contract between Defendant and any third party that the Receiver does not expressly assume in writing related to the Property or the Projects. It may also rent, lease, or license from time to time any part of the Property as may be deemed appropriate, and remove any tenant, lessee, or other person or entity from the Property as may be deemed appropriate by the Receiver.

f.      Collection of Revenues.  The Receiver shall demand, collect, and receive any and all rents, sub-rents, lease and sublease payments, fees, debts, or other proceeds, profits, or income of any type or nature and however denominated that may arise from the use or operation of the Property or are generated from the Receivership Estate (collectively, the "Revenues"), including any Revenues (i) received or collected by Defendant on or after the entry of this Order; (ii) currently due; (iii) hereafter becoming due; or (iv) due prior to the date of this Order, but only to the extent such rents have been withheld by any tenant and not paid to Defendant.  The Receiver is authorized to contact employees, tenants, subtenants, lessees, sublessees, lessors, account debtors, and/or any other parties to contracts or otherwise regarding the Receivership Estate and to receive, collect, and preserve from them all Revenues and other sums due to Defendant (as related to the Property).

g.      Employment of Agents.  The Receiver may appoint, employ, and retain agents, employees, independent accountants, brokers, property management companies, auctioneers, legal counsel, and other similar professionals or personnel, any of which may be affiliates of the Receiver, that are reasonably necessary to take charge of, repair, operate, maintain, and to the extent necessary, liquidate, the Receivership Estate or to assist the Receiver in the performance of its duties pursuant to this appointment.  The Receiver shall have the right to direct and supervise the activities of all professionals and personnel so retained and may pay reasonable value for those services from the revenues or proceeds of the Property, provided that any professional management company, broker, or contractor retained by the Receiver shall be engaged on terms which are reasonably satisfactory to Plaintiff.  The Receiver is further authorized to discharge and terminate any such persons or entities currently in place or retained by it after the date of this Order.  The Court reserves the right to determine hereafter the fair and reasonable compensation for all such persons retained by the Receiver, if any.

h.      Preservation of the Receivership Estate.  The Receiver shall care for, conserve, protect, preserve, improve, and maintain the Receivership Estate, and incur expenses which, in the Receiver's judgment and subject to the payment limitations provided in paragraph 7 below, are necessary and proper to continue, operate, maintain, and preserve the Receivership Estate including, but not limited to, incurring expenses relating to security for the Property; providing pest control; obtaining estimates and reports and making repairs in conformity therewith; providing water, garbage collection, and utilities; purchasing merchandise, materials, and supplies and services at the ordinary and usual rate and prices for such items out of the funds of the Receivership Estate; and undertaking and performing the Projects either previously undertaken by Defendant or those specified or contemplated under the Loan Documents.

i.      Payment of Necessary Expenses.  Subject to the payment limitations provided in paragraph 7 below, the Receiver is authorized and instructed to pay from the revenues of the Property the ordinary and necessary expenses of operating, preserving, and maintaining the Property incurred from and after the date of the Receiver's appointment and said other reasonable expenses necessary to maintain the Property, including any property taxes, assessments, payments in lieu of taxes, utility charges, and/or Project-

4

related costs and expenses.  The Receiver shall also have the power and authority, subject to the approval of Plaintiff, to pay expenses incurred or related to the Property which were incurred prior to the appointment of the Receiver.

j.    Establish Accounts for Receivership Estate.  The Receiver shall deposit all Revenues generated by the Property in a segregated interest-bearing account at a financial institution approved by Plaintiff.

k.    Budget.  The Receiver shall prepare a monthly operating budget for the Property which shall be submitted to Plaintiff for its approval in its sole discretion.  The initial budget shall be submitted within thirty (30) calendar days of this Order.  At Plaintiff's request, the Receiver shall also produce an annual budget.  The budget, once approved by Plaintiff, shall deemed the "Budget" for all purposes set forth in this Order.

l.    Limited Borrowing Capacity.  The Receiver shall have the right, but not the obligation, to borrow funds from Plaintiff (to the extent Revenues generated by the Property are insufficient) in order to meet the Property's working capital needs, but only in such amounts and to the extent permitted under the Loan Documents and on such terms and conditions agreeable to Plaintiff and with Plaintiff's prior written consent. Repayment of any such loans shall be secured by all of the mortgages, liens, security interest, and assignments upon the Property previously granted, transferred, or otherwise conveyed by Defendant to Plaintiff, and any such loans shall be treated as secured debt of Defendant that shall be senior to all other secured debt of Defendant.  Plaintiff shall have no obligation to make any loans or credit accommodations to the Receiver.

m.    Actions to Preserve the Estate.  The Receiver is authorized to institute, prosecute, defend, compromise, intervene in, and settle such suits, actions, and proceedings as the Receiver deems necessary in its reasonable judgment, relating to the protection, maintenance, operation, enhancement, or preservation of the Receivership Estate, or the performance of its obligations under this Order (including but not limited to, the institution of actions to collect rents, evict tenants, and recover rents or portions of the Property), and to employ counsel as may be necessary for such proceedings, and to pay the reasonable value of services rendered out of funds of the Receivership Estate, and thereafter to report to the Court at reasonable intervals upon such proceedings.  The Receiver is also authorized to challenge the validity, enforcement, and amount of any taxes accruing on the Property, including any assessment or claim of taxes due by Defendant or any third-party. Furthermore, the Receiver shall have the exclusive right and power to assert and prosecute any and all claims, counterclaims, and crossclaims that Defendant ever had, now has, or may in the future have, whether known or unknown, against any and all parties related in any way to the Loan Documents and/or the Property, including, without limitation, claims for breach of contract, negligence, fraud, or based on any other theory of liability, against Plaintiff, its subsidiaries, affiliates, owners, agents, and/or employees. The powers set forth in the prior sentence shall be in the sole possession and control of the Receiver such as to make the Receiver a required party under Rule 19(a)(1) of the Federal Rules of Civil Procedure, causing the joinder not to be feasible and requiring dismissal of any such claim, counterclaim, or crossclaim pursuant to Rule 19(b) of the Federal Rules of Civil Procedure

5

should any person (including, without limitation, Defendant or any of its affiliates) attempt to assert any such claim, counterclaim, or crossclaim. These powers will enable the Receiver to, *inter alia*, protect Plaintiff's interests and preserve the Receivership Estate, since the Receiver will be able to avoid having to expend resources dealing with such claims, counterclaims, or crossclaims; obtain potential additional or new financing from Plaintiff; preserve the value of the Property; sell the Property free of additional litigation and/or *lis pendens* claims; and eliminate additional legal fees, expenses, and delays incumbent in pursuing such litigation from being incurred by the Receivership Estate, thereby preserving the Receivership Estate. These powers shall be exclusively part of the Receivership Estate and shall be used to the exclusion of any person but the Receiver, including without limitation, Defendant, any guarantor, obligor, and/or alleged third party beneficiary.

n.      Insurance Coverage. The Receiver shall obtain or continue such insurance coverage for the Receivership Estate as it deems reasonably necessary, but in no event shall the Receiver maintain insurance in an amount less than that required under the Loan Documents. Upon the expiration of the paid-up portion of any insurance policy, the Receiver shall have the responsibility for keeping the Property insured and may, at its option, keep in force the existing insurance coverage or obtain new coverage for the Property subject to the requirements herein. The Receiver shall have itself and Plaintiff named as additional insureds on all applicable polices for the period that it shall be in possession of the Receivership Estate. The Receiver shall also insure the acts and conduct of the Receiver and those persons who it may employ to carry out the duties upon it. The Receiver shall provide to the Court and Plaintiff proof that it has been insured and bonded for the purposes of performing all acts contemplated in this Order, and that proper insurance has been put on the Property within thirty (30) calendar days of the entry of this Order. Not insurance company may cancel its existing current-paid policy as a result of the appointment of the Receiver without prior order of this Court.

o.      Maintain Compliance with Applicable Law. The Receiver shall take all such actions and expend all such sums as may be necessary to obtain, maintain in effect, or transfer all licenses, insurance, zoning approvals, and other approvals necessary or required to maintain or operate the Property.

p.      Plan to Maximize Revenues and Sell the Property. The Receiver is empowered to explore all available options for increasing the revenues created by the Property and to explore all available options for the sale of the Property by any reasonable means that will, within the Receiver's business judgment, maximize the realization from the sale of the Property. Subject to Plaintiff's prior written approval, the Receiver will file a report making recommendations to the Court with regard to the use and/or marketing and disposition of the Property. The Receiver, upon its own initiative or at the direction of Plaintiff, and with or without the assistance of a broker, may market and sell all or any part of the Property either pursuant to the rights granted under the Loan Documents or as otherwise provided at law or equity. With respect to any possible sale of the Property, the Receiver shall not enter into any contract for sale unless the Receiver is requested to do so in writing by Plaintiff and the sale is subject to confirmation by the Court on regular notice

6

to the parties to his case. Notwithstanding the foregoing, nothing contained in this paragraph or this Order shall alter, modify, subordinate, or impair any existing rights, interests, or remedies of Plaintiff, including but not limited to Plaintiff's rights under the Loan Documents.

q.      Make payments Pursuant to the Loan Documents.  The Receiver may pay amounts which are owed to Plaintiff pursuant to the Loan Documents as the Receiver receives Revenues sufficient to make such payments and pursuant to the priority provided in this Order.

r.      Ancillary Powers of the Receiver.  The Receiver is hereby authorized and directed to operate and manage the Property in the best interests of Plaintiff and to take all action deemed reasonable and necessary to ensure compliance with all applicable requirements imposed by local, state, or federal law, and regulations promulgated by the Commonwealth of Pennsylvania (or any corresponding federal agency or agencies).  The Receiver may generally do, execute, and perform any other act, deed, matter, or thing whatsoever that the Receiver reasonably deems ought to be done, executed, and performed in and about or with respect to the Property or the Revenues, or to implement the terms of this Order.

s.      Access.  The Receiver shall take possession of all keys and/or other means of gaining entry to the Property, and through any security system, in order to perform the Receiver's duties.  The Receiver may engage a locksmith for the purpose of gaining entry or access to the Property, through any security system, and into any offices or locked drawers, cabinets, safe deposit boxes, and the like, in order to obtain any documents or property to which the Receiver is entitled to under this Order.  The Receiver may either have the locks changed or create a key that will access the current locks.

7.    **Expenditures.**

a.      Payment Priority.  The Receiver shall apply all Revenues arising from or collected from the Receivership Estate, monthly or more often, to the following expenditures, in such order of priority as the Receiver shall determine:

(1)      FIRST, to the extent funds are not otherwise available from Defendant, to the necessary and reasonable costs of maintaining, managing, operating, and preserving the Receivership Estate as provided in the Budget approved by Plaintiff or the Court, including payments to the Receiver for protection of the Property and the payment of all licenses, permits, and agreements that the Receiver shall deem necessary and in the best interest of preserving the Property and for the continued operation thereof, including the fees of the Receiver as set forth herein and any broker and/or management company hired by the Receiver, all in accordance with applicable local, state, and federal law and regulations;

7

(2)      SECOND, to the reasonable out-of-pocket expenses of the Receiver, including all advances made by the Receiver, or to the repayment of any payments or advances made by Plaintiff, reasonably necessary to preserve or conserve the Property;

(3)      THIRD, to the payment of the reasonable fees, expenses and extraordinary fees and expenses of Plaintiff, including reasonable attorneys' fees and expenses, not otherwise paid or reimbursed to Plaintiff by Defendant, as provided under the Loan Documents;

(4)      FOURTH, to the payment of the indebtedness payable by Defendant under the Loan Documents; and

(5)      FIFTH, to the funds to be held by the Receiver in federally insured, interest-bearing accounts, pending further order of this Court.

b.      Rights and Obligations of Plaintiff.  The payments required in the Third and Fourth subparts of Paragraph 7.a above shall be made by the last day of each month commencing the first full month following entry of this Order; provided, however, that nothing in this paragraph shall require the Receiver to pay Plaintiff any amount if the funds the Receiver receives are not sufficient to cover all amounts specified in the First and Second subparts of Paragraph 7.a above and sufficient funds that the Receiver deems reasonable to cover one month of the expenses of the receivership in accordance with the Budget or otherwise approved by Plaintiff.  Plaintiff shall have no obligation or liability, at law or equity, to any person for petitioning for the appointment of a receiver or in connection with, or as a consequence of, the Receiver's actions or inactions in this matter (including its failure to pay any supplier, vendor, or other creditor of the Property or the Receivership Estate).  In the event revenues or proceeds for the Property are insufficient to pay the liabilities incurred by the Receiver (or any successor receiver, bankruptcy trustee, or otherwise), Plaintiff shall have no liability or other obligation to any such party for amounts that such party believes it is owed on account of the operation of this receivership.

c.      Payment Limitations.  Notwithstanding Paragraphs 7.a and 7.b above, the Receiver shall make no payment that exceeds $5,000.00 for any one item (excluding property

8

taxes, emergency repairs, monthly or recurring operating charges, or any expense included in the Budget previously approved by Plaintiff), or which exceeds more than ten (10%) percent of the amount budgeted for any particular line item on the Budget, without the written consent of Plaintiff, or further order of this Court after notice to the parties and an opportunity for hearing.

8. **Compensation of Receiver.** The Receiver's compensation for services under this Order, not including any fee of any broker, auctioneer, attorney, or accountant retained by the Receiver, shall be in accordance with the fee schedule set forth in *Exhibit 4* to the Receivership Motion. The Receiver and those employed by the Receiver shall furnish Plaintiff and other parties to this action with copies of their invoices for services rendered and expenses incurred on a monthly basis. The payment of fees and expenses to the Receiver shall be on an interim basis, subject to final approval by this Court, and the Court retains jurisdiction to award a greater or lesser amount as the full, fair, and final value of such services. When the Receiver files its final report and motion for discharge, the Receiver shall file with this Court a fee application for final approval of the fees and expenses paid to the Receiver during the pendency of the receivership. Plaintiff's right to object to any fees and expenses as unreasonable is preserved. To the extent that the funds received by the Receiver pursuant hereto are insufficient to pay the Receiver amounts incurred by the Receiver in accordance herewith, the Receiver shall have a charge against the Property, which charge shall have priority over all claims of any claimants or creditors of Defendant; provided, however, that any right, claim, or charge of the Receiver shall be co-extensive with and *pari pasu* with he rights and claims of Plaintiff for the payment of its fees and expenses, including Plaintiff's attorneys' fees (in accordance with the Loan Documents).

9. **Reporting Requirements of the Receiver.** The Receiver shall maintain an accounting and keep accurate records concerning the Receivership Estate from the date of entry of

9

this Order. Among the records to be kept are the actual revenues collected and expenses paid each month, and any other records which may be required by any law, or would be reasonable and prudent to keep under the circumstances. Such records shall be made available, upon reasonable request and notice, to Plaintiff and Defendant, and shall be included in the quarterly reports made to this Court. In addition, the Receiver shall also file the following reports with the Court:

a. <u>Inventory of Receivership Estate</u>. The Receiver shall conduct an inspection of the Property and shall perform a complete inventory of the Property coming under its control or possession under this appointment. Such inspection and inventory shall be conducted jointly and with the cooperation of Defendant and/or its designated agent or representative (to the extent the same are available). Within thirty (30) calendar days of this Order, the Receiver (joined by the agent or representative of Defendant, to the extent available), shall file with this Court a true and complete inventory of all property in its possession pursuant to this Order, and any other property which may subsequently come into its possession. The Receiver shall also conduct periodic accounts thereafter.

b. <u>Quarterly Report</u>. Commencing on the twenty-fifth (25th) day of the third full month following entry of this Order, and continuing on the twenty-fifth (25th) day of every third month thereafter during the pendency of the receivership, the Receiver shall file with this Court and serve on Plaintiff, Defendant, and the respective counsel in this case, report(s) concerning the operation and financial performance of the Property for the prior quarter, in such form and with such content as Plaintiff hereafter reasonably requires. The quarterly reports shall include (a) a listing of significant events occurring during the relevant period as well as any actions taken by the Receiver during that time; (b) a statement of the receipts and expenditures since the last report; (c) the current accounts receivable and accounts payable related to the Property; (d) a statement of all cash held or invested by the Receiver and the manner in which it is held and/or invested; (e) an inventory and account of any additional property or effects which it has discovered or which shall have come into its hands since its appointment; and (f) the balance due from or to the Receiver since the rendering of its last account.

10. **Turnover of Property**. Defendant and its independent contractors and agents, and all persons in active concert and participation with them, including officers, directors, employees, agents, accountants, attorneys, insurers, utilities, and banks, are ordered to deliver immediately over to the Receiver or its agents, whenever received, all property in the Receivership Estate, including, without limitation, the Property, any and all cash, Revenues, rental payments, and lease payments, keys to any aspect of the Property (including to all outbuildings and machinery located

10

upon the Property or used in the operation and maintenance of the Property), accounts receivable, security deposits, trust accounts, bank accounts, personnel files, operations manuals, financial records, payroll records, certificates and licenses, contracts, leases, books, insurance certificates, binders, or other records relating to the operation, maintenance, and management of the Property, fixtures, inventory, supplies, furniture, and equipment used or associated therewith, and all other things of value relating to the Property and necessary to permit the Receiver to carry out its duties under this Order without interference or delay.  Rents and security deposits received by Defendant or any of its agents shall be deemed held in trust for the benefit of the Receivership Estate and shall be delivered to the Receiver within the later of two (2) business days after the date this Order is entered or two (2) business days of receipt by Defendant.  Any security deposit or other deposits which tenants have paid to Defendant or its agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of Defendant, and may not be refunded by the Receiver without further order of Court.  Any security deposits which the tenants have paid or may pay to the Receiver, if otherwise refundable under the terms of the applicable leases or agreements, shall be refunded by the Receiver in accordance with the terms of the applicable leases or agreements.

11.   **Turnover of Funds.**

a.   Funds Held by Defendant, Its Agents, and/or Its Affiliates.  Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, Defendant, its affiliates, and each of their respective successors, assigns, agents, or any persons or entities claiming by, through, or under any of them, are hereby required to pay and turn over immediately to the Receiver, and to perform all acts necessary to transfer to the Receiver, all funds on hand in cash and all funds held in deposit accounts of or for the benefit of the Receivership

11

Estate arising from the ownership, possession, or operation of the Property and all accounts, accounts receivable, and any other collectibles and all keys, books, records, equipment, and all things in any manner related to the ownership, possession, or operation of the Property.

b.    <u>Funds Held by Third Parties</u>.  Any bank, savings and loan association, broker, escrow agent, title company, and any other financial institution or other entity, wherever located, which is served with a copy of this Order shall, within ten (10) calendar days of being provided with a copy of this Order, turnover or transfer to the Receiver all property and/or funds properly belonging to the Receivership Estate which are in such party's possession, custody, or control, together with all records relating to such property and/or funds.

12.    **Injunction Against Defendant.**  Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, Defendant, its affiliates, and each of their respective management, members, partners, shareholders, board of directors, and all of their respective successors, assigns, employees, agents, attorneys, or any persons or entities claiming by, through, or under any of them are hereby enjoined from:

a.    Possessing, managing, or controlling any part of the Receivership Estate and from interfering in any way with the possession or management of the Property by the Receiver, including terminating or causing to be terminated any license, permit, lease, contract, or agreement relating to the Receivership Estate or the operation of the Property, including, without limitation, any insurance policy or agreement with any utility;

b.    Collecting, withdrawing, transferring, conveying, concealing, or otherwise disposing of any part of the Receivership Estate, including cash, any portion of the Property, and the proceeds derived therefrom, including, without limitation: (i) collecting any Revenues, rents, issues, proceeds, or profits from the Receivership Estate; (ii) withdrawing funds from any bank or other depository account relating to the Receivership Estate; (iii) causing the cancellation or termination of any policy of insurance; (iv) directing the remittance of any premium refund or any funds generated or payable on account of such termination of any such policy; or (v) causing any change or cancellation of any agreement with any utility for the provision of electricity, gas, water, telephone or cable services to any part of the Property;

Appx316

c. Removing any property from the Property and from removing, destroying, concealing, changing, or altering in any manner any of the books or records relating to the ownership, possession, or operation of the Receivership Estate. Defendant and its agents are expressly charged with the duty of advising all banks, depositories, insurance companies, utilities, and creditors, if requested to do so by the Receiver, of the contents of this Order, and its agreement that the Receiver be given full and sole access to all accounts, contracts, or other rights and entitlements which previously inured to the benefit of Defendant and/or its agents; and

d. Filing any petition under the United States Bankruptcy Code, as this right is in the exclusive purview of the Receiver.

e. Except as provided in this Order or as expressly consented to by Plaintiff in writing, Defendant is prohibited from dealing with the Property in any manner.

13. **Injunction Against Creditors.** Any creditor or party holding a claim arising from, related to, or against Defendant or any part of the Receivership Estate, as related to the Property only, is enjoined from prosecuting such claim from the date of entry of this Order, except that Plaintiff may proceed to enforce its rights and remedies, including its sale and foreclosure remedies, under the Loan Documents and applicable law. In the event that either the Receiver or Defendant is served with process or are otherwise notified of any pending lawsuit which could result in a lien or charge against the Receivership Estate if reduced to judgment, or which could adversely affect the possession of the Receiver of any of the Receivership Estate, the Receiver shall notify the plaintiff in such case of this Order, and such plaintiff shall immediately cease the prosecution of, and terminate, such lawsuit and shall serve a claim upon the Receiver. Upon such notice, such claimant shall be enjoined from proceeding further with its claims until this Court enters a further Order providing for the disposition of all such claims. Defendant shall fully cooperate with the Receiver in notifying the Receiver and Plaintiff of any such claim made by legal process upon it by immediately contacting the Receiver and Plaintiff and making the Receiver and Plaintiff aware of the pendency of any such action. The Receiver may petition this

13

Court for any orders necessary (including for contempt) of any violation of this Order by Defendant, any creditor, or any other party.

14.    **No Discrimination.**  No person or entity shall discriminate with respect to Defendant or the Receiver on account of the appointment of the Receiver in this proceeding.  No government entity shall deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to Defendant solely because the Receiver has been appointed pursuant to this Order.

15.    **Limitation on Receiver's Duties.**  With the exception of performing the Projects that have already commenced at the Property or those specified or contemplated under the Loan Agreement, the Receiver shall not be obligated to upgrade the Property or to make any improvements thereto, unless and until either directed by Plaintiff in writing or ordered to do so by the Court.  The Receiver shall not be obligated to contribute its personal funds in the performance of its duties hereunder, and the receivership is to be conducted solely from the funds arising from the Receivership Estate. No obligation incurred by the Receiver shall be its personal obligation.

16.    **Inspection of Receivership Estate.**  The Receiver shall permit Plaintiff, upon reasonable request and notice, to fully inspect the Receivership Estate and the books and records kept in connection with the operation of the Property.

17.    **Plaintiff's Discretion.**  Plaintiff may, in its sole discretion and without further Order of this Court, use any of the funds currently in its possession, or which are remitted to it by the Receiver during the course of this receivership, in any manner it determines to be necessary or desirable, including for the payment of its fees and expenses (including its reasonable attorneys'

14

fees and expenses), operating expenses of the Property, or interest or principle payments to which it is entitled under the Loan Documents.

18.     **Reservation of Rights by Plaintiff.**  Following the entry of this Order, Plaintiff shall retain all rights and remedies under the Loan Documents and applicable law, and all such rights and remedies are hereby preserved.  Specifically, and without limiting the preceding sentence, the Court hereby authorizes Plaintiff to exercise its remedies to sell all or any part of the Receivership Estate as necessary in its sole discretion in accordance with the Loan Documents, including, but not limited to, by way of foreclosure, sale, or lease, as well as any and all other rights and remedies provided for under the Loan Documents, at law, or in equity.

19.     **Distribution of Sale Proceeds.**  In the event the Property and/or any part of the Receivership Estate is sold by way of sale by the Receiver, unless otherwise ordered by this Court, all proceeds of such sale, after deducting expenses incurred in connection therewith and, subject to the approval of Plaintiff and the Court, sufficient funds as the Receiver deems reasonable to cover the remaining expenses of the Receivership Estate, shall be transferred to Plaintiff to be held in escrow, with any liens against the Property and the corresponding part of the Receivership Estate attaching to such proceeds in the same order of priority to which they attached to the Property itself.

20.     **No Duty to Defend Defendant.**  The appointment of the Receiver extends only to the Property and the Receivership Estate and does not impose upon the Receiver any affirmative duty to act on behalf of or defend Defendant. Notwithstanding any other provision hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of Defendant or file other regulatory or other governmental reports on behalf of Defendant. Responsibility for such filing remains with Defendant.

15

21.    **Supplemental Direction or Instruction.**  The Receiver shall undertake any and all additional duties as this Court may provide by its orders.  Plaintiff or the Receiver (for as long as this Order remains operative) may, from time to time, request that the Court enter additional orders to supplement, clarify, effectuate, or amend this Order, or to provide further direction to the Receiver.

22.    **Taxpayer Identification Numbers.**  The Receiver may use any federal taxpayer identification numbers of Defendant relating to the Property for any lawful purpose.

23.    **Collection of Mail.**  The Receiver may take any and all steps necessary to receive, collect, and review all mail addressed to Defendant or any of its agents which the Receiver has reasonably determined may contain invoices related to the operation of the Receivership Estate or Revenues to which the Receiver is entitled as set forth herein, and the Receiver is authorized to instruct the Untied States Postmaster to reroute, hold, and/or release such mail to the Receiver. Upon request, mail received by the Receiver in the performance of its duties will be made available promptly to the addressee after review by the Receiver, provided, however, the Receiver shall be further authorized to remove, take possession of, endorse, and negotiate all checks or other instruments payable to Defendant or any of its agents pertaining to the Property, the Receivership Estate, or the Revenues.

24.    **Court Permission for Suit.**  No individual or entity may sue the Receiver without first obtaining the permission of this Court

25.    **Service of This Order.**  Plaintiff shall forthwith provide a copy of this Order, as entered by the Court, to Defendant or Defendant's counsel of record in this matter (if counsel entered his or her appearance) via first-class mail, electronic mail, or nationally recognized overnight delivery service provider (e.g., UPS, FedEx).  The Receiver shall provide a copy of this

Order via first-class mail, electronic mail, facsimile, or nationally recognized overnight delivery service provider (e.g., UPS, FedEx) to the applicable taxing and utility authorities and any persons in possession of any part of the Receivership Estate or otherwise affected by this Order. Upon service of this Order upon any person or entity, or any employee or agent of such person or entity, such person shall be deemed to be required to comply with all of the terms of this Order from the moment of service upon such person, entity, agent, or employee until the Court shall have relieved such person from the terms of this Order by way of a subsequent order. "Service" shall constitute oral or written notice of this Order in any form (including by facsimile or electronic mail) to the office of any person to be bound thereby.

26.     **Retention of Jurisdiction.**  Except as otherwise provided herein, this receivership action shall continue until further order of this Court. This Court retains jurisdiction to modify the terms of this Order and to expand or contract the rights, duties, and obligations of the Receiver or any other party affected by this Order, and to enter such other orders as may from time to time, during the pendency of this action, be deemed necessary, just, and proper.  The provisions of this Order shall survive entry of, and shall govern with respect to any conflict with any subsequent order of Court, irrespective of whether this case is dismissed, stayed, or transferred.

**BY THE COURT:**

_____
                                        J.

Appx321

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Gleb Epelbaum, Esquire, hereby certify that on this day, I caused to be served a true and correct copy of the foregoing Plaintiff's Motion for Expedited Appointment of a Receiver via email and first-class mail to the following:

Michael Yanoff, Esquire
GOLDSTEIN LAW PARTNERS
610 Old York Road, Suite 340
Jenkintown, PA 19046
myanoff@goldsteinlp.com
*Attorneys for Defendant,*
*Jenkins Court Realty Co., L.P.*

**KURTZ AND PARTNERS P.C.**

Date: January 10, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ICON PSG 1 FL, LLC | : Civil Action No. 2:25-cv-00044-GAM |
| *Plaintiff* | : |
| Vs. | : |
| JENKINS COURT REALTY CO. L.P. | : |
| *Defendant* | : |

## STIPULATION FOR EXTENSION OF TIME TO ANSWER PLAINTIFF'S MOTION FOR EXPEDITED APPOINTMENT OF A RECEIVER

AND NOW, this 16th day of January 2025, it is hereby STIPULATED AND AGREED by and between Gleb Epelbaum, Esquire, attorney for Plaintiff and Michael Yanoff, Esquire, attorney for Defendant, that the time for the filing of Defendant's Response to Plaintiff's Motion for Expedited Appointment of a Receiver shall be extended to January 31, 2025.

KURTZ AND PARTNERS P.C.                    GOLDSTEIN LAW PARTNERS, LLC

BY: _____             BY: _____
GLEB EPELBAUM, ESQUIRE                         MICHAEL YANOFF, ESQUIRE

APPROVED:

/s/ Gerald Austin McHugh
_____ J.

1/16/25

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ICON PASG 1 FL, LLC,

        Plaintiff,

    v.

JENKINS COURT REALTY CO., L.P.,

        Defendant.

Civ. No. 2:25-cv-00044-GAM

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR EXPEDITED
APPOINTMENT OF A RECEIVER**

Shawn M. Rodgers (I.D. 307598)
Michael Yanoff (I.D. 19384)
GOLDSTEIN LAW PARTNERS, LLC
200 School Alley, Suite 5
Green Lane, PA 18054
Phone: 610.949.0444
Fax: 610.296.7730
srodgers@goldsteinlp.com
myanoff@goldsteinlp.com

*Counsel for Defendant Jenkins Court Realty CO., L.P.,*

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................iii

PROCEDURAL AND FACTUAL BACKGROUND ............................................................. 2

LEGAL STANDARD ........................................................................................................... 6

ARGUMENT......................................................................................................................... 9

     A.    Plaintiff Assigned the Mortgage Instrument to a Third Party and, Therefore, Lacks Authority to Request the Appointment of a Receiver ........................ 9

     B.    The Equitable Factors Weigh Heavily in Favor of Defendant and Against the Appointment of a Receiver ....................................................................... 12

CONCLUSION ................................................................................................................... 16

ii

## TABLE OF AUTHORITIES

**Cases**                                                            **Page(s)**

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.,*
999 F.2d 314 (8th Cir. 1993)…………………………………………………………7

*Cananda Life Assurance Co. v. LaPeter*,
563 F.3d 837 (9th Cir. 2009)……………………………………………………7-8, 15-16

*Comerica Bank v. State Petroleum Distributors, Inc.,*
No. 3:08-CV-678, 2008 WL 2550553 (M.D. Pa. June 2, 2008)…………………………………9

*Manufacturers & Traders Tr. Co. v. Minuteman Spill Response, Inc.,*
999 F. Supp. 2d 805 (W.D. Pa. 2013)………………………………………………………9

*Maxwell v. Enterprise Wall Paper Mfg. Co.,*
131 F.2d 400 (3d Cir. 1942)……………………………………………………………6

*MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship v.*
*Greater Lewistown Shopping Plaza, L.P,*
No. 4:16-CV-2090, 2017 WL 485958 (M.D. Pa. Feb. 6, 2017)………………………6, 8-9, 11-12

*Nat'l Partnership v. Nat'l Housing Dev. Corp.,*
153 F.3d 1289 (11th Cir. 1998)……………………………………………………… 7

*United States v. Berk & Berk*,
767 F.Supp. 593 (D.N.J. 1991)……………………………………………………8, 12

*Wells Fargo Bank, N.A. v. CCC Atl., LLC,*
905 F. Supp. 2d 604 (D.N.J. 2012)……………………………………….7-8, 12, 14-15


**Statutes and Rules**

Fed. R. Civ. P 66…………..……………………………………………..…………..….. 7

iii

I.    <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff" or "PSG"), initiated the current mortgage foreclosure action against Defendant, Jenkins Court Realty Co., L.P. ("Defendant" or "Jenkins"), on January 6, 2025.  ECF 1 (Complaint, 1/6/2025).  Therein, Plaintiff alleges that Defendant defaulted on certain loan obligations secured by a mortgage lien encumbering the commercial property situated at 610 Old York Road, Jenkintown, PA 19046 ("Subject Property").  A few days later, Plaintiff filed a Motion for Expedited Appointment of a Receiver to take control and operation of the Subject Property, as well as to collect all assignment of rents and leases.  ECF 5 (Mot. for Exped. Appt. of Receiver, 1/10/2025).  The Parties executed a proposed consent order to extend Plaintiff's response deadline until January 31, 2025, which this Court promptly signed.  ECF 8 (Stipulated Order).

*A.    Loan Agreement and Plaintiff's Breaches of Contractual Obligations*

On September 27, 2023, Plaintiff and Defendant entered into a loan agreement ("Loan Agreement") in the principal amount of $20,500,000.00.  *See* ECF 5, Ex. 2 (Loan Agreement, 9/27/2023).  The Loan Agreement served two purposes: (1) to refinance existing debt on the Subject Property; and (2) to fund several construction improvement projects on the Subject Property fully described within Section 6 of the Loan Agreement. *Id*., Ex. 1 (Loan Agreement at p. 23-27, § 6 *Project Completion and Loan Advances*). Under Section 6.1 and 6.2, Plaintiff had an obligation to advance Defendant the capital funds necessary for the construction projects delineated in the Loan Agreement.  *Id*. at §§ 6.1-6.2.

2

6.2    Advances. Lender shall, subject to compliance with all of the other terms, conditions and provisions of this Agreement, and in accordance with the Budget, make advances of the Loan proceeds as follows and in accordance with all of the terms and conditions of this Agreement:

(a) Closing Date Advance. In the amount of $16,948,706.41 on the Closing Date.

(b) Advances for Capital Improvements, Tenant Improvements and Leasing Commissions. Lender agrees to make advances of the Loan Proceeds for (x) Capital Improvements in an amount not to exceed $1,476,293.59, (y) Tenant Improvements with respect to the Tiny Town Lease in the amount of $1,125,000.00, Dogtopia Lease in the amount of $300,000.00 and the Precious One Lease in the amount of $300,000.00, in an aggregate amount not to exceed $1,725,000.00, and (z) certain leasing commissions with respect to the Tiny Town Lease in the amount of $150,000.00, provided each of the following conditions precedent and all of the terms and conditions of this Agreement are satisfied…

*Id*. at p. 24, § 6.2 *Advances*.   Unfortunately, Plaintiff failed to satisfy its obligations to provide the necessary funding for the construction projections set forth above, which were designed to improve the Subject Property.   Plaintiff's breach of its contractual obligations negatively impacted these construction projects, rendering the projects virtually impossible to complete and thus poisoning Defendant's relationship with existing tenants.

### B.    Alleged "Events of Default" and Foreclosure of Mortgage

Defendant secured its obligations to Plaintiff under the Loan Agreement by executing, on September 22, 2023, the Open Ended Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage"). ECF 5, Ex. 2 (Mortgage, 9/22/2023).   The Mortgage encumbers the Subject Property.   Plaintiff alleges that Defendant failed to make certain required monthly payments under Section 2.3 of the

3

Mortgage, which were due on the first day of each month.  *Id.* at 2-4, citing Ex 2 (Mortgage at § 2.3).  According to Plaintiff, Defendant caused an "Event of Default" under Section 11.2.2 for each payment missed or received more than five (5) days after the date on which the payment was due.  *Id.* citing Ex 2 (Mortgage at §§ 2.3, 11.2.2). Furthermore, Plaintiff maintains the alleged "Event of Default" authorized it "to, *inter alia*, immediately, accelerate and declare all obligations under the Loan Documents to become due and payable[.]"  *Id.* at 2 citing Ex 2 (Mortgage at § 11.3) ("[i]f an Event of Default shall occur, Lender … [m]ay declare the Obligations immediately due and payable…").

On December 3, 2024, Plaintiff sent a notice of default letter to Defendant, demanding the amount of $20,456,811.14, "consist[ing] of an unpaid principal balance in the amount of "20,500,000.00, accrued and unpaid interest in the amount of $1,408,741.66, and fees and expenses in the amount of $41,122.36, **less a remaining construction escrow balance in the amount of $1,493,052.88**." *See* PSG Letter, 12/3/2024, at 2 (emphasis added).  Thereafter, Plaintiff sent an "Assignment of Rent" letter to all tenants of the Subject Premises on December 20, 2024, which (i) identified Plaintiff as "the holder of that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing and that certain Assignment of Leases and Rents," and (ii) demanded all tenants tender their rent payments directly to Plaintiff. *See* PSG Letter, 12/20/2024.

During this same time period, Defendant and its property management company SBG Management Services, Inc. ("SBG"), had been negotiating with Prime Haven

4

Capital to refinance the debt encumbering the Subject Property and thus repay the entire amount of the Loan Agreement secured by the Mortgage. *See* Prime Haven Capital Letter, 12/30/2024. Defendant and SBG contacted Plaintiff and explained this status of its new prospective loan with Prime Haven Capital. They asked Plaintiff for an extension through the end of January, at which point Defendant would fully satisfy the entire amount owed to Plaintiff. Plaintiff disregarded the request and filed the instant foreclosure action.

In a letter dated December 19, 2024, Counsel for Defendant informed Plaintiff that it has committed numerous breaches of the Parties' Loan Agreement, and that these breaches have hampered Defendant's ability to make timely monthly payments. *See* Counsel Letter, 12/19/2024. Specifically, the Letter identifies the following as breaches and attendant damages caused by Plaintiff:

- PSG's failure to comment on or approve condo documents;
- PSG's failure to fund draws in a timely fashion;
- PSG's failure to fund draws in their entirety;
- PSG's failure to provide Partner inspection reporting
- PSG's failure to fund tenant Tiny Towne, causing the loss of a 16,000 SF tenant;
- PSG's failure to approve the sale of Self Storage to Merritt, causing a loss of Four Million dollars ($4,000.00);
- PSG's failure to approve 2nd floor tenants on three (3) separate occasions, causing the loss of the tenants;
- PSG's failure to approve work in connection with Starbucks, including the following:
  - Lease
  - Condo
  - Land development
  - Zoning
  - Sub-division
  - Traffic
- PSG's failure to approve the work in connection with Frozen Dessert, including the following:

5

- o Condo
- o Land development
- o Zoning
- o Sub-division
- o Traffic
- PSG's  failure to fund the garage construction;
- PSG's placing undue burden on Borrower in the following areas:
  - o Accounting
  - o Reporting
  - o Tenant Estoppel

Therefore, Counsel explained that Plaintiff's actions – not those of Defendant – caused the "Events of Default" cited in the December Default Notice Letter. *Id.*  These are the same "Events" cited in the Foreclosure Complaint and in the instant Motion.  *Id.*

### C.    *Plaintiff's Assignment of Mortgage*

A title search of the Subject Property revealed that Plaintiff assigned the Mortgage (and ostensibly all rights thereunder) to Cross River Bank ("Cross River") on November 20, 2023, and subsequently recorded the Assignment.  *See* Ex. A, (Collateral Assignment of Open Ended Mortgage, 11/20/2023).  Under the Assignment, Plaintiff is not permitted to foreclose on the Mortgage in the event that Plaintiff breached its obligations "under any of the loan documents executed in connection therewith."  *Id.* Plaintiff's failures delineated by Defendant's Counsel – including its failure to fund the construction projects under Section 6 of the Loan Agreement – constitute such a breach.

## II.    LEGAL STANDARD FOR APPOINTMENT OF A RECEIVER

"In diversity suits, federal law governs the issue of whether a receiver should be appointed." *MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship v. Greater Lewistown Shopping Plaza, L.P.*, No. 4:16-CV-2090, 2017 WL 485958, at *1 (M.D. Pa. Feb. 6, 2017) (citing *Maxwell v. Enterprise Wall Paper Mfg. Co.*, 131 F.2d 400, 402 (3d Cir. 1942)).  Specifically,

6

Federal Rule of Civil Procedure 66 applies to federal receiverships even in the face of differing state law. *Cananda Life Assurance CO. v. LaPeter*, 563 F.3d 837, 843 (9th Cir. 2009), citing *Nat'l Partnership v. Nat'l Housing Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998). Rule 66 provides:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued. But the practice in administering an estate by a receiver or a similar court- appointed officer must accord with the historical practice in federal courts or with a local rule. An action in which a receiver has been appointed may be dismissed only by court order.

Fed.R.Civ.P. 66. "Under federal law, appointing a 'receiver is an extraordinary equitable remedy,' which should be applied with caution." *Canada Life*, 563 F.3d at 844 (citing *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)). There is "no precise formula for determining when a receiver may be appointed. *Id.* The district court, however, has broad equitable power to determine whether to appoint a receiver; it may consider a host of relevant factors; and no one factor is dispositive. *Id.* at 845.

Several district courts in the Third Circuit have delineated the following factors to guide their exercise of discretion in determining whether to appoint a receiver in the context of a mortgage foreclosure action:

> "the property is inadequate security for the loan; the mortgage contract contains a clause granting the mortgagee the right to a receiver; the continued default of the mortgagor; the probability that foreclosure will be delayed in the future; the unstable financial status of the mortgagor; [and] the misuse of project funds by the mortgagor."

*Wells Fargo Bank, N.A. v. CCC Atl., LLC*, 905 F. Supp. 2d 604, 614 (D.N.J. 2012) (quoting

7

*United States v. Berk & Berk*, 767 F.Supp. 593, 597 (D.N.J. 1991)). Moreover, because "the moving party seeks a receiver who will not only collect rents and profits but will also manage and operate the mortgaged property pending foreclosure," this Court must **"[be] particularly cautious in appointing a receiver and therefore must consider whether the evidence demonstrates 'something more' than just 'the doubtful financial standing' of the defendant and the 'inadequacy of the security.'"** *Id.* (quoting *Canada Life*, 563 F.3d at 845) (emphasis added).

District courts in this Circuit rely heavily upon the Eighth Circuit's analysis in *Canada Life* when deciding whether the appointment of a receiver is appropriate. *See e.g., id.* at 844-845; *MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship v. Greater Lewistown Shopping Plaza, L.P.*, No. 4:16-CV-2090, 2017 WL 485958, at *1–2 (M.D. Pa. Feb. 6, 2017). In particular, the Eight Circuit has found the following additional factors critical to the analysis:

> [T]here is "no precise formula for determining when a receiver may be appointed." Rather, federal courts consider a variety of factors in making this determination, including, for example: (1) "whether [the party] seeking the appointment has a valid claim"; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct," by the defendant; (3) whether the property is in imminent danger of "being lost, concealed, injured, diminished in value, or squandered"; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) "the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property"; and, (7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership."

*Canada Life*, 563 F.3d at 844 (citations omitted). Some courts have opined, "appointment of a receiver is not such a drastic remedy" where "the parties have agreed ex ante that,

8

in the event of a default, the lender has the right to all rent payments and to the appointment of a receiver." *MSCI 2006-IQ11*, 2017 WL 485958 at \*2 (citing *Wells Fargo*, 905 F. Supp. 2d at 610-617.  Although appointment of a receiver may be less "drastic" in such circumstances, federal courts in the Third Circuit still analyze the equitable factors involved.  *See Manufacturers & Traders Tr. Co. v. Minuteman Spill Response, Inc.*, 999 F. Supp. 2d 805, 825 (W.D. Pa. 2013) (analyzing equities even though plaintiff argued a contractual basis existed for appointment of receiver); *Comerica Bank v. State Petroleum Distributors, Inc.*, No. 3:08-CV-678, 2008 WL 2550553, at \*4 (M.D. Pa. June 2, 2008) (analyzing equitable factors where contractual language "only contemplates that a receiver *may* be appointed," not that parties consented to the appointment).[1]

## III.    ARGUMENT

### A.    Plaintiff Assigned the Mortgage Instrument to a Third Party and, Therefore, Lacks Authority to Request the Appointment of a Receiver.

Plaintiff assigned the Mortgage – and ostensibly all attendant rights to the Mortgage – to Cross River on November 20, 2023.  *See* Ex. A (Collateral Assignment, 11/20/2023).  This Assignment divests Plaintiff of authority to purse the instant Motion.

---

[1]  In *Commercial Bank*, the district court found that the contractual language, which is similar to the contractual language contained in the mortgage instruments at issue in the instant case, **did not constitute consent of the parties**.  Rather, the language only allowed the mortgagee to apply for the appointment of a receiver.

> The language in the security agreement here only contemplates that a receiver may be appointed, and that if a receiver is appointed, then the receiver has the right to enter the premises where the collateral is located. The security agreement is not unclear or ambiguous; it does not provide for consent to appoint a receiver.

*Comerica Bank v. State Petroleum Distributors, Inc.*, No. 3:08-CV-678, 2008 WL 2550553, at \*4 (M.D. Pa. June 2, 2008)

Because Plaintiff is not the current holder of the Mortgage, it has no interest or right to the Subject Property that secures the Mortgage.  The Instant Motion should be denied.

This language is clear and unambiguous.  The Assignment transferred the Mortgage, and all interests and rights thereunder, from Plaintiff to Cross River.  The Assignment provides that Plaintiff

> "hereby collaterally assigns unto the Assignee [Cross River], without recourse to the Assignor [Plaintiff] in any event, that certain Open-End Mortgage Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage") … encumbering the property commonly known as 610 Old York Road, Jenkintown, Pennsylvania 19046[.]"

*Id*. at 1.  Plaintiff relies exclusively upon the Mortgage – Sections 2.3 and 7.1(g) – as the basis for requesting the expedited appointment of a receiver to operate the Subject Property.  But the Mortgage is now held by Cross River, which is **not a party** to this action.  No precedent cited by Plaintiff indicates that this Court has the authority to order the appointment of a receiver in a mortgage foreclosure action, upon the request of party who does not hold the Mortgage instrument.

Defendant acknowledges that the last paragraph of the Assignment's first page attempts to reserve certain rights to Plaintiff.  But the language contradicts the nature and legal effect of the Assignment, and thus is not enforceable to the extent inconsistent with the Assignment.  The pertinent language specifies that Plaintiff

> shall retain all rights of ownership of the subject Mortgage, and the note secured thereby, including, but not limited to foreclosing said Mortgage for non-payment or for any other default thereunder…

*Id*. at 1.  Plaintiff cannot assign the Mortgage to Cross River, and simultaneously "retain all rights of ownership of the subject Mortgage, and the note secured thereby[.]"  *Id*.  If

10

this language were afforded full force and effect, it would invalidate the Assignment as nothing would be assigned to Cross River. This cannot be the parties' intent or else the Assignment would be nonsensical. Importantly, "all rights of ownership" would include the right to payment from the Mortgage and/or secured note. This language cannot be given meaning without destroying the nature of the Assignment.

Even if this Court interprets the Assignment to allow Plaintiff to foreclose on the Mortgage instrument that Plaintiff no longer holds, it cannot do so – nor request the appointment of a Receiver – under the circumstances before this Court. The Assignment provides that Plaintiff "retains all rights of ownership of the subject Mortgage, and the note secured thereby" only insofar as Plaintiff has not breached or defaulted "under any of the loan agreements executed in connection therewith." *Id*. at 2. Here, Defendant maintains that Plaintiff has breached its obligations under the Loan Agreement. Plaintiff failed to advance the required funding to Defendant in violation of Section 6.1, 6.2 and 6.3 of the Loan Agreement. *See* ECF 5, Ex. 2 (Loan Agreement §§ 6.1, 6.2 and 6.3). Not only did Plaintiff's actions cause the very "Events of Default" cited in this Motion and foreclosure Complaint, but those actions also prohibit Plaintiff from exercising any "retain[ed]" Mortgage rights under the Assignment to Cross River.

This Court should deny Plaintiff's Motion based upon the Assignment of the Mortgage to Cross River, especially given that Plaintiff has failed to join Cross River as a necessary party in interest. Unlike other cases "where the facts support the appointment of a receiver[,]" a hearing is necessary given (a) the Assignment to Cross River and (b) the Plaintiff's breaches of the Loan Agreement. *See cf. MSCI 2006-IQ11*,

11

2017 WL 485958 at *1 (citation omitted).

      **B.**     **The Equitable Factors Weigh Heavily in Favor of Defendant and Against the Appointment of a Receiver.**

Federal courts have explained "[t]he importance of … contractual provisions" where parties' consent to the appointment of a receiver, creating a distinction with "the traditional scenario in which a receiver is sought at equity and no such contractual provisions exist." *MSCI 2006-IQ11*, 2017 WL 485958 at *2. In the instant case, however, any such contractual provisions should not foreclose consideration of the equitable factors. Plaintiff breached the Loan Agreement and Mortgage by, *inter alia*, failing to disburse all allocated funds for the construction projects described in the parties' agreements. In doing so, Plaintiff caused the "Events of Default" cited in the Foreclosure Complaint and the instant Motion. Plaintiff should not be rewarded for its own contractual breaches. The equity factors decisively favor Defendant's opposition to the appointment of a receiver in the instant case.

    Aside from the Mortgage arguably "contain[ing] a clause granting the mortgagee the right to a receiver[,]" every other factor delineated in *Wells Fargo*, *supra*, and *Berk & Berk*, *supra*, is either neutral or weighs against the appointment of a receiver. The Subject Property "is [**not**] inadequate security for the [L]oan [Agreement.]" *See Wells Fargo*, 905 F. Supp. 2d at 614. Nor does Plaintiff attempt to make such an argument. Rather, Plaintiff's actions created the "continued default of [Defendant];" accordingly, there is "[**no**] probability that foreclosure will be delayed in the future[.]" *Id*. The record indicates that Defendant and SBG, its agent, were actively in the process of refinancing the current Mortgage with Prime Haven Capital. *See* Ex. B (Prime Haven

Letter, 12/30/2024).  "I want to assure you[,]" David Horn wrote to Philip Pulley in December 2024, "that Prime Haven Capital is fully committed to ensuring that your loan is funded by the end of January 2025." *Id.*  Horn indicated that, if Plaintiff would halt any default proceeding, the refinancing process would proceed more smoothly.  *Id.*  In other words, Plaintiff's decision to file foreclosure and seek the appointment of a receiver is the only reason Defendant was unable to satisfy and pay off – as of January 31, 2025 – all outstanding amounts under the Mortgage and Loan Agreement.  Defendant communicated these facts to Plaintiff, including the status of its refinance with Prime Haven Capital.  Plaintiff responded by filing the instant action.

Plaintiff's response is typical of how it operates.  Plaintiff's actions caused the so-called "Events of Default" that it cites in both the instant Motion and the Foreclosure Complaint.  Under Section 6.1, 6.2 and 6.3 of the Loan Agreement, Plaintiff had an obligation to fund the capital construction projects described in the Agreement.  *See* ECF 5, Ex. 1 (Loan Agreement at p. 23-27, § 6 *Project Completion and Loan Advances*).  In particular, Section 6.2(b) required Plaintiff to provide Defendant with over $3 million in construction funds.

> (b) Advances for Capital Improvements, Tenant Improvements and Leasing Commissions. Lender agrees to make advances of the Loan Proceeds for (x) Capital Improvements in an amount not to exceed $1,476,293.59, (y) Tenant Improvements with respect to the Tiny Town Lease in the amount of $1,125,000.00, Dogtopia Lease in the amount of $300,000.00 and the Precious One Lease in the amount of $300,000.00, in an aggregate amount not to exceed $1,725,000.00, and (z) certain leasing commissions with respect to the Tiny Town Lease in the amount of $150,000.00 …

*Id.* at p. 24, § 6.2(b) *Advances for Capital Improvements, Tenant Improvements and Leasing*

*Commissions*.   When Plaintiff failed to provide the specified advances, the projects stalled and could not be completed.   This poisoned the relationship between Defendant and those tenants identified above, who were relying upon these construction improvements to operate their businesses.   Defendant, therefore, "[**did not**] misuse [ ] project funds[;]" rather, Plaintiff did so.   *See Wells Fargo*, 905 F. Supp. 2d at 614. Plaintiff's Complaint and December Default Notice acknowledge that Plaintiff stored $1,493,053.88 in unreleased construction funds in escrow. *See* ECF 1 (Complaint). Plaintiff may contend that it refused to release these funds due to Defendant's failures to pay, but Plaintiff withheld the required advances long before Defendant missed any required monthly payments.   Plaintiff's actions, therefore, commenced a chain events ultimately culminating in Plaintiff's Default Letter, dated December 3, 2024.

To the extent that Plaintiff's failure to disburse the required construction funds under Section 6 of the Loan Agreement caused the "Events of Default" in any fashion, this Court should not find Section 7.1(g) of the Mortgage dispositive.   The facts are in dispute and do not, on their face, support the appointment of a receiver.   An evidentiary hearing is necessary in order to explore Plaintiff's own breaches of the parties' Loan Agreement.   Any and all "Events of Default" cited by Plaintiff trace directly to Plaintiff's decision to withhold millions of dollars in construction funds. Combined with Plaintiff's refusal to allow Defendant time to refinance and discharge the Mortgage, Plaintiff's actions and motivations should be explored during an evidentiary hearing *before* this Court appoints a receiver.

Plaintiff's Motion refuses to acknowledge how Plaintiff declined to disburse the

funds necessary to complete the delineated construction projects and, thus materially breached the Loan Agreement. Instead, Plaintiff concentrates on "the [allegedly] unstable financial status of [Philip Pulley and various entities controlled by Mr. Pulley]," none of which are parties to the instant action. *See Wells Fargo*, 905 F. Supp. 2d at 614. In particular, the Motion describes the details of several news articles concerning either (i) Mr. Pulley's personal legal troubles or (ii) the condition of other properties not at issue in this foreclosure. *See* ECF 5-1 (Plaintiff's Brief at 4-6). None of these news stories are relevant to this analysis. They are not probative of the "financial status of the mortgagor[,]" which is Jenkins Court Realty Co., L.P.; nor are these stories relevant in assessing the current condition of the Subject Property or how it is managed.

No credible evidence exists that SBG has mismanaged the Subject Property, or that Defendant is unable to collect the necessary rent from its commercial tenants. "[T]he [Subject [P]roperty **is [not] in imminent danger of being lost, concealed, injured, diminished in value, or squandered**[.]" *Canada Life*, 563 F.3d at 844 (citations and internal quotations omitted; emphasis added). Plaintiff discusses these news stories in a thinly veiled attempt to disparage Mr. Pulley and, by association, Defendant.

Furthermore, given the Assignment to Cross River and Plaintiff's own breaches of the Loan Agreement, it is **not evident** that Plaintiff "has a valid claim" against Defendant for Mortgage Foreclosure. *See Canada Life*, 563 F.3d at 844 (citations and internal quotations omitted). But for Plaintiff's decision to file the instant foreclosure action, Defendant would have already refinanced with Prime Haven Capital and paid

15

off the Mortgage and Loan Agreement.  Plaintiff's uncertain "probab[ility] [of] success in the action" is uncertain.  *Id*.  Consequently, the "injury to [Defendant, as] the party opposing appointment [of the receiver]" far outweighs "the harm to [P]laintiff by denial of the appointment[.]" *See id*.


IV.    **CONCLUSION**

Defendant Jenkins Court Realty Co., L.P., respectfully requests that this Honorable Court DENY the Motion for Expedited Appointment of a Receiver, or alternatively schedule an evidentiary hearing to consider the merits.  Plaintiff, ICON PSG 1 FL, LLC, committed breaches of the parties' Loan Agreement that were responsible for any "Events of Default" that may have occurred.  Moreover, because Plaintiff assigned the Mortgage to Cross River Bank, Plaintiff no longer holds the Mortgage instrument and therefore lacks authority to move for the appointment of a receiver.[2]

---

[2] Note that Defendant waived service of the Complaint and, as such, has sixty (60) days to file an answer or motion to dismiss (except for grounds related to service of process). By filing this response to Plaintiff's Motion for Expedited Appointment of a Receiver, Defendant is not waiving any defense to Plaintiff's Complaint, including jurisdiction.

16

Respectfully submitted

**GOLDSTEIN LAW PARTNERS, LLC**

BY:    /s/ *Shawn M. Rodgers*
Shawn M. Rodgers (I.D. 307598)
Michael Yanoff (I.D. 19384)
200 School Alley, Suite 5
Green Lane, PA 18054
Phone: 610.949.0444
Fax: 610.296.7730
srodgers@goldsteinlp.com
myanoff@goldsteinlp.com

Dated: January 31, 2025                     *Counsel for Defendant Jenkins Court Realty Co., L.P.*

17

### CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, I electronically filed the foregoing Response in Opposition to Plaintiff's Motion for Expedited Appointment of a Receiver with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system. Counsel of record for all parties are registered CM/ECF users and will be served by the District Court's CM/ECF system.

　　　　　　　　　　　　　　　　　/s/ *Shawn M. Rodgers*
　　　　　　　　　　　　　　　　　Shawn M. Rodgers (I.D. 307598)

　　　　　　　　　　　　　　　　　*Attorneys for Defendant Jenkins Court Realty Co., L.P*

Date: January 31, 2025

18

11/30/2023 09:59:44 AM                    MTG  BK 15842      PG 00488                              MONTCO

## COLLATERAL ASSIGNMENT OF OPEN-END MORTGAGE, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

KNOW THAT **ICON PSG 1 FL, LLC**, a Delaware limited liability company, having an address of 6711 Columbia Gateway Drive, Suite 130, Columbia, Maryland 21046 (the "Assignor"), in consideration of One and 00/100 Dollar ($1.00) and other valuable consideration paid by **CROSS RIVER BANK,** a New Jersey Chartered Bank, and its successors and assigns, having an address at 2115 Linwood Avenue, Fort Lee, New Jersey 07024 (the "Assignee"), hereby collatrally assigns unto the Assignee, without recourse to Assignor in any event, that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage") set forth on Schedule B attached hereto and made a part hereof, encumbering the property commonly known as 610 Old York Road, Jenkintown, Pennsylvania 19046, as more particularly described on Schedule A attached hereto.

TOGETHER with the bonds or notes or obligations described in said Mortgage, and the monies due and to grow due thereon with the interest;

TO HAVE AND TO HOLD the same unto Assignee and to the successors, legal representatives and assigns of Assignee forever.

The word "Assignor" or "Assignee" shall be construed as if it read "Assignors" or "Assignees" whenever the sense of this instrument so requires.

The foregoing assignment is made as collateral for that certain Promissory Note executed and delivered by Assignor to and for the benefit of Assignee in the amount of up to $10,250,000.00 dated as of the date hereof. Assignor shall retain all rights of ownership of the subject Mortgage, and the note secured thereby, including, but not limited to foreclosing said Mortgage for non-payment or for any other default thereunder, provided that no Event of Default has occurred under the terms of the aforementioned Promissory Note or under any of the loan documents executed in connection therewith.

[SIGNATURE PAGE TO FOLLOW]

{201888-194/00412541-2}                Collateral Assignment of Mortgage

Appx344

11/30/2023 09:59:44 AM                    MTG  BK 15842      PG 00489                        MONTCO

IN WITNESS WHEREOF, the Assignor has delivered this Collateral Assignment of Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing as of the ___ of November, 2023.

ICON PSG 1 FL, LLC
a Delaware limited liability company

By: _____
Name:   Eugene Poverni
Title:   Authorized Signatory

STATE OF Maryland          )
                          ) ss.:
COUNTY OF Baltimore City   )

On the 20 day of November, 2023, before me, the undersigned, personally appeared Eugene Poverni, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

```
Jonathan Schonfeld
NOTARY PUBLIC
BALTIMORE CITY COUNTY
MARYLAND
MY COMMISSION EXPIRES MAY 9, 2027
```

_____
Notary Public

I certify that the address of the above-named Assignee is 2115 Linwood Avenue, Fort Lee, New Jersey 07024

Assignee:
CROSS RIVER BANK

By: _____
Name: Shimon Eisikowicz
Title: EVP and Chief Lending Officer

{201888-194/00412541-2}              Collateral Assignment of Mortgage



**David Horn**
President
Prime Haven Capital
3857 Birch Street #906
Newport Beach, CA 92660
(818) 429-4897
david@primehavencapital.com

2024-12-30

**Philip C. Pulley**
**SBG Management Services, Inc.**
**P.O. Box 549**
**Abington, PA 19001**
**(215) 938-6665 ext. 2001**
**phil@sbgmanagement.com**

**Subject:** Request for Stay on Loan for Jenkins Court Property

Dear Mr. Pulley,

I hope this letter finds you well. I am writing on behalf of Prime Haven Capital in relation to your loan for the Jenkins Court property, located at 610 Old York Rd, Jenkintown, PA 19046. As you know, this property is a commercial medical complex, and our team has been working diligently to finalize the funding process for your loan.

The purpose of this correspondence is to provide you with an update on the progress of your loan and to formally request that your legal counsel assist in securing a stay from PSG Bank to extend the current loan terms until the end of January 2025. This extension is necessary to ensure a smooth conclusion to the funding process.

We are pleased to report that all essential components of the building are ready, and the property is primed for completion. The only outstanding step required to finalize the loan is the appraisal of the property, which is currently in progress. Unfortunately, due to seasonal delays associated with the Christmas and New Year holidays, the appraisal process has taken longer than anticipated.

Despite these temporary delays, I want to assure you that Prime Haven Capital is fully committed to ensuring that your loan is funded by the end of January 2025. Our team has been in constant communication with the relevant parties, and we are confident that we will meet this revised timeline.

To facilitate the extension of the loan terms, we kindly request that your legal team work with PSG Bank to secure a stay on your current loan obligations until the revised funding date. This stay will not only provide additional flexibility for all involved parties but will also allow us the necessary time to complete the final steps without disruption.

Prime Haven Capital values your trust and partnership. Please rest assured that we are taking every possible step to expedite the process while maintaining the highest standards of professionalism and

diligence. Should you or your legal team require any additional documentation or assistance to support this request, please do not hesitate to contact us directly.

We appreciate your understanding and patience as we work to overcome these holiday-related delays and deliver a successful funding outcome.

Thank you for your attention to this matter, and we remain available to address any questions or concerns you may have.

Warm regards,

**David Horn**
President
Prime Haven Capital
david@primehavencapital.com
(818) 429-4897

*David Horn*

2024-12-30



# Signature Certificate

Reference number: SHURO-TWCSX-KTEFW-D6IQ2

| Signer | Timestamp | Signature |
|--------|-----------|-----------|

**David Horn**
Email: david@primehavencapital.com

| | | |
|---|---|---|
| Sent: | 30 Dec 2024 21:39:43 UTC | |
| Viewed: | 30 Dec 2024 21:40:18 UTC | |
| Signed: | 30 Dec 2024 21:40:29 UTC | |



**Recipient Verification:**

✓Email verified          30 Dec 2024 21:40:18 UTC

IP address: 47.156.207.246
Location: Huntington Beach, United States

Document completed by all parties on:
30 Dec 2024 21:40:29 UTC

Page 1 of 1



**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature
solution trusted by 50,000+ companies worldwide.



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR EXPEDITED APPOINTMENT OF A RECEIVER**

Gleb Epelbaum, Esquire (ID No. 320904)
**KURTZ AND PARTNERS P.C.**
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................ 1

   A.  The Complaint ........................................................................................ 1

   B.  The Receivership Motion ....................................................................... 2

   C.  Defendant's Opposition Brief ................................................................ 4

II.   ARGUMENT ................................................................................................... 7

   A.  The Collateral Assignment Does Not Divest Plaintiff of Its Rights to Seek Appointment of a Receiver .............................................................. 7

   B.  In Deciding the Receivership Motion, the Court Should Not Consider Factual Allegations Set Forth in the Opposition Brief ......................... 11

   C.  None of the Allegations in the Opposition Brief Relieve Defendant of Its Obligations Under the Loan Documents .......................................... 12

   D.  None of the Allegations in the Opposition Brief Relieve Defendant of Its Obligations Under the Loan Documents .......................................... 17

III.  CONCLUSION .............................................................................................. 22

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Biberman v. Harrah's Trump Plaza*,
   No. CIV.A. 85-2375, 1986 WL 4985 (E.D. Pa. Apr. 28, 1986) ............................................ 11

*Canada Life Assur. Co. v. LaPeter*,
   563 F.3d 837 (9th Cir. 2009) ....................................................................................... 18, 22

*Comerica Bank v. State Petroleum Distributors, Inc.*,
   No. 3:08-CV-678, 2008 WL 2550553 (M.D. Pa. June 2, 2008) ............................................ 19

*Dominic J. v. Wyoming Valley W. High Sch.*,
   362 F. Supp. 2d 560 (M.D. Pa. 2005) ................................................................................ 12

*Fannie Mae v. Harrison Court Realty Co., L.P., et al.*,
   Case No. 2:24-cv-04722-CMR (E.D. Pa. Oct. 18, 2024) ......................................... 16, 19, 20

*Heyman v. Citimortgage, Inc.*,
   No. 14-1680-KM-MAH, 2019 WL 2642655 (D.N.J. June 27, 2019) .............................. 17, 18

*I-75 Partners, LLC v. Stefanutti*,
   No. 310324, 2014 WL 702332 (Mich. Ct. App. Feb. 20, 2014) ........................................... 8, 9

*In re Invs. Warranty of Am., Inc. v. B.W.E. Dev., L.L.C.*,
   No. CIV.09-4490 (WJM), 2010 WL 2557559 (D.N.J. June 23, 2010) .................................. 17

*LCA GP LLC v. City of Plainfield*,
   No. CV 15-3247-KM-JBC, 2019 WL 1219615 (D.N.J. Mar. 15, 2019) ................................. 11

*MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship v. Greater Lewistown Shopping Plaza, L.P.*,
   No. 4:16-CV-2090, 2017 WL 485958 (M.D. Pa. Feb. 6, 2017) ................................. 17, 19, 21

*Philadelphia Tr. Co. v. Northumberland Cnty. Traction Co.*,
   101 A. 970 (Pa. 1917) .................................................................................................... 19

*Wells Fargo Bank, N.A. v. CCC Atl., LLC*,
   905 F. Supp. 2d 604 (D.N.J. 2012) .............................................................................. 17, 18

**Other Authorities**

James W. McElhaney, *Mcelhaney: Putting on A Good Face There Are Ways to Help the Jury See Beyond Your Big Client's Nasty Image*, ABA J.E-Report, March 9, 2007, at 2 ...................... 8

*Montgomery County Man Sentenced for Election Fraud Offenses*, U.S. Dep't of Justice (Jan. 9, 2025), https://www.justice.gov/usao-edpa/pr/montgomery-county-man-sentenced-election-fraud-offenses ..................................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 56 ....................................................................................................................... 11

Fed. R. Evid. 201 ......................................................................................................................... 4

**Treatises**

6A C.J.S. Assignments § 97 ......................................................................................................... 8

I.    **INTRODUCTION**

A.  **The Complaint**

Plaintiff[1] initiated these foreclosure proceedings on January 6, 2025, by filing the Complaint [ECF No. 1].[2]  As set forth in the Complaint:

1.  Plaintiff made the Loan to Defendant in the Principal amount of $20,500,000.00 for the purpose of refinancing the then-existing debt on the Property and funding certain Projects at the Property.

2.  The Loan was (i) memorialized by way of the Loan Agreement, the Note, and certain other Loan Documents, setting forth the parties' respective rights and obligations with respect to the Loan; and (ii) secured by the Mortgage on the Property.

3.  Defendant repeatedly breached its obligations under the Loan Documents by, *inter alia*, (i) failing to make the monthly payments required under the Loan Documents within the five (5) day grace period set forth in the Loan Agreement; and (ii) completely failing and refusing to pay the monthly payments that were due under the Loan Documents on November 1, 2024, December 1, 2024, and January 1, 2025.

4.  The aforementioned breaches constituted Events of Default under the Loan Documents.

---

[1] All capitalized terms not defined herein shall have the same meaning as they do in the Opening Brief (as defined below), which is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c).

[2] The Complaint is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c).

1

5. As authorized under the Loan Documents, Plaintiff declared the full amount of the Loan, together with all other amounts due under the Loan Documents, due and payable by way of the Acceleration Notice.

6. Defendant failed and refused to pay any portion of the amounts set forth in the Acceleration Notice, which also constitutes an Event of Default under the Loan Documents.

*See generally* Complaint.

**B. The Receivership Motion**

Because leaving the Property in the hands of Defendant and/or the Property Manager during the pendency of these foreclosure proceedings put the Property at substantial risk of irreparable harm, on January 10, 2025, Plaintiff filed the Motion for Expedited Appointment of a Receiver [ECF No. 5] (the "Receivership Motion"). With the Receivership Motion, Plaintiff filed, *inter alia*, (i) the Brief in Support of Plaintiff's Motion for Expedited Appointment of a Receiver [ECF No. 5-1] (the "Opening Brief"), setting forth the legal grounds for the requested-for expedited appointment of a receiver; and (ii) the Sheikh Declaration [ECF No. 5-2],[3] in which Ibrahim Sheikh—Plaintiff's President—set forth the factual basis for the relief sought in the Receivership Motion based on his personal knowledge.

As set forth in the Opening Brief and in the Sheikh Declaration, Plaintiff is entitled to an appointment of a receiver to operate and manage the Property on the following grounds under the applicable legal standard:

---

[3] The Sheikh Declaration is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c).

2

1. The Mortgage explicitly authorizes such an appointment upon the occurrence of an Event of Default, and Defendant's repeated failure to timely pay the monthly payments under the Loan Documents, failure and refusal to pay the three (3) monthly installments that immediately preceded filing of the Complaint, and further failure and refusal to pay the accelerated amount set forth in the Acceleration Notice constitutes such Events of Default.

2. Defendant failed to pay the property and school taxes for the Property for 2024, the aggregate amount of which taxes was approximately $460,000.

3. Defendant failed to complete the Projects as contemplated under the Loan Documents, indefinitely delaying some of the Projects and failing to complete others, including, *inter alia*, leaving the Property garage in a structurally unsafe condition.

4. Repeatedly failing to provide Plaintiff with financial reporting required under the Loan Documents, even after repeated requests for such reporting by Plaintiff.

5. Pulley represented to Plaintiff that he and Defendant were "out of money" in response for requests by Plaintiff for documentation showing Defendant's and Pulley's liquidity (again, per the requirements under the Loan Documents).

6. Defendant refused to provide Plaintiff with information about an employee of one of the contractors involved in the Project who was struck by a car even after being repeatedly requested by Plaintiff.

7. Pulley pled guilty to election fraud offenses and was awaiting sentencing.[4]

---

[4] Pulley has now been sentenced to probation and community service; he has also been ordered to pay a fine and a special assessment, as well as write a letter that explains why he committed the offenses at issue. *Montgomery County Man Sentenced for Election Fraud Offenses*, U.S. Dep't of

3

8. Two residential properties owned and operated by Pulley-controlled entities suffered partial collapses, one of which collapses resulted in a lawsuit by the Commonwealth of Pennsylvania against the relevant Pulley-controlled entities.

9. Numerous other entities owned and controlled by Pulley have defaulted on their loans in the aggregate amount of over $60MM, as a result of which the lender, Fannie Mae, initiated foreclosure proceedings against those entities and had a receiver appointed for the management of the properties involved therein.

*See generally* Opening Brief and Sheikh Declaration.

### C. Defendant's Opposition Brief

On January 31, 2025, Defendant filed Defendant's Response in Opposition to Plaintiff's Motion for Expedited Appointment of a Receiver [ECF No. 10] (the "Opposition Brief"). The Opposition Brief does not dispute the facts set forth in the Sheikh Declaration and the Opening Brief regarding Defendant's repeated defaults under the terms of the Loan Documents, Defendant's and Pulley's self-proclaimed financially precarious status, failure to complete the Projects, or the various problems with the overall Pulley real estate enterprise. Instead, Defendant appears to base its opposition to the Receivership Motion on the following proffered factual allegations:

1. Plaintiff purportedly "breached" the Loan Documents by allegedly not disbursing certain funds for the Project, which purported "breaches" somehow "caused" the Events of Default set forth in the Complaint and the Receivership Motion.[5]

---

Justice (Jan. 9, 2025), https://www.justice.gov/usao-edpa/pr/montgomery-county-man-sentenced-election-fraud-offenses. This Court may take judicial notice of the foregoing. Fed. R. Evid. 201.

[5] Defendant does not actually explain how Plaintiff's purported non-disbursement of those funds "caused" the Events of Default set forth in the Complaint and the Receivership Motion and provides absolutely no admissible evidence in support thereof.

4

2.  Defendant was purportedly in the process of refinancing the Loan, which, per Defendant's argument, somehow imposed an obligation on Plaintiff to forego its rights under the Loan Documents and further excused Defendant from complying with its obligations thereunder.

3.  Pursuant to that certain Collateral Assignment of Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing by and between Plaintiff and Cross River Bank (the "Collateral Assignment"),[6] Plaintiff collaterally assigned to Cross River Bank Plaintiff's interests under the Mortgage as security for that certain loan made by Cross River Bank to Plaintiff (the "Cross River Bank Loan").

*See generally* Opposition Brief.

While the Opposition Brief proffers numerous factual allegations pertaining to Plaintiff's purported actions and/or omissions as well as Defendant's purported attempts to refinance the Loan (which factual allegations are not of record in these proceedings), Defendant provides **_no_** declaration or affidavit of any kind in support of such allegations and cites no other basis for factual admissibility. In fact, the only piece of evidence that Defendant proffers in support of its arguments, other than the recorded Collateral Assignment, is a document attached as Exhibit A to the Opposition Brief that purports to be a letter dated December 31, 2025 from David Horn (as President of Prime Haven Capital) to Pulley in his capacity as a representative of SBG Management Services, Inc. (**_not_** Defendant) (the "Horn Letter"). Defendant offers no basis for admissibility of the Horn Letter as evidence. Even if admitted into evidence and considered by

---

[6] A copy of the Collateral Assignment is attached to the Opposition Brief as Exhibit A. In plain English, the Plaintiff in obtaining its own financing pledged the Mortgage on the Property. This pledge was documented by the Collateral Assignment. *See* Section II.A below.

the Court, the Horn Letter (i) confirms that Defendant is in default under the Loan Documents;[7] and (ii) makes it clear that satisfactory appraisal of the Property is a condition precedent to any potential funding by Prime Haven Capital.[8] To be sure, no specifics with respect to the purported loan or the timing thereof are set forth in the Horn Letter that would indicate that funding sufficient to refinance the Loan is being provided with any certainty.  Accordingly, the Horn Letter facially vitiates any suggestion or argument by Defendant that it constitutes a firm loan commitment such that the Plaintiff's conduct alone caused the potential loan to be lost.

Based on the unsupported factual allegations set forth in the Opposition Brief, Defendant appears to make the following arguments as to why a receiver should not be appointed:

1. Notwithstanding clear language to the contrary in the Collateral Assignment, Plaintiff purportedly lacks authority to request appointment of a receiver.

2. The Court should either ignore or minimize the effect of the contractual provision in the Mortgage expressly authorizing the appointment of a receiver upon the occurrence of an Event of Default.

3. Plaintiff's purported non-disbursement of funds for the Project somehow amounted to "breach" of the Loan Agreement by Plaintiff, caused the Events of Default (the occurrence of which Defendant does not actually dispute), which somehow negates some or all of the other factors set forth in the Opening Brief that favor appointment of the receiver.

---

[7] *See* Opposition Brief Ex. B at 1 ("[W]e kindly request that your legal team work with PSG Bank [likely referring to Plaintiff] to secure a stay on your current loan obligations until the revised funding date.").

[8] *See id.* ("The only outstanding step required to finalize the loan is the appraisal of the property, which is currently in progress.").

6

4.  The inadmissible Horn Letter—which contains absolutely no details pertaining to the purported Loan refinancing and makes it clear that no refinance can happen unless and until a favorable appraisal is performed—somehow constitutes evidence that these foreclosure proceedings are the "only" reason why Defendant is not paying the full amount of the accelerated Loan balance.

5.  In considering the Receivership Motion, this Court should completely ignore Pulley's and his numerous entities' legal, financial, and operational problems.

*See* Opposition Brief at § III.

## II.    ARGUMENT

### A. The Collateral Assignment Does Not Divest Plaintiff of Its Rights to Seek Appointment of a Receiver

In the Opposition Brief, Defendant appears to take the following position as to the effect of the Collateral Assignment:

1.  The Collateral Assignment purportedly completely divests Plaintiff from exercising its rights under the Mortgage, including the rights to foreclose thereon or seeking the appointment of a receiver.

2.  Recognizing that the clear language and context of the Collateral Assignment wholly contradicts Defendant's first argument, Defendant then argues that the language that does not fit such argument is not enforceable.

3.  Further recognizing that the very nature of the Collateral Assignment undermines Defendant's second argument, Defendant tries to further argue that Plaintiff's purported "breaches" of the Loan Documents between Plaintiff and Defendant have

7

some bearing on the legal effect of the Collateral Assignment between Plaintiff and Cross River Bank.

*See* Opposition Brief at § III.A.  Unfortunately for Defendant, this "cabbage patch" argument[9] is not supported by either the plain language of the Collateral Assignment or the applicable law.

"An assignment made as collateral security for a debt gives the assignee only a qualified or limited interest commensurate with the debt or liability secured, although the assignment may be absolute on its face." 6A C.J.S. Assignments § 97.  The language of the assignment document as well as the nature of the transaction in conjunction with which the assignment is executed determines its legal effect on the assignor's rights as to the mortgage that is subject to the assignment. *See I-75 Partners, LLC v. Stefanutti*, No. 310324, 2014 WL 702332, at *7 (Mich. Ct. App. Feb. 20, 2014) ("While the plain language in the first paragraphs of the Collateral Assignments indicates that 'all of [I–75's] right, title, and interest in and to' the mortgages were assigned, transferred, and set over to HNB, the overall context of the short, two-page documents indicates that this assignment was intended to be '[c]ollateral,' as indicated in its title; constitutes a 'security interest,' as indicated in the body of the document; and was part of an overarching security agreement that was made as part of the sale of the loans.") (alterations in the original); 6A C.J.S. Assignments § 97 ("Generally, the intention of the parties ascertained from the entire transaction, including conduct, determines whether the assignment is absolute or intended only as a collateral security.").

---

[9] *See* James W. McElhaney, *Mcelhaney: Putting on A Good Face There Are Ways to Help the Jury See Beyond Your Big Client's Nasty Image*, ABA J.E-Report, March 9, 2007, at 2 ("A farmer owns a patch of cabbages. His neighbor's goat breaks loose and eats the cabbages. The farmer says, 'I had a patch of cabbages worth $100. Your goat ate my cabbages. Pay me my $100.' Then the owner of the goat says, 'You had no cabbages. If you had any cabbages, they were not eaten. If your cabbages were eaten, it was not by a goat. If your cabbages were eaten by a goat, it wasn't my goat. And if it was my goat, he was insane.'") (some internal quotation marks omitted).

8

When a mortgagee like Plaintiff collaterally assigns the mortgage to a third party (like Cross River Bank) to secure a transaction between the mortgagee and such third party, the mortgagee retains all rights under the mortgage, including the rights to foreclose thereon and seek an appointment of a receiver:

> [G]iven the plain language of the Collateral Assignments, we cannot conclude that the parties intended for the mortgages to be assigned absolutely to HNB; instead, the plain language of the Collateral Assignments indicates that the intent of the parties was that the assignment of the mortgages serve as collateral for I–75's purchase of the loans from HNB. Therefore, defendants' argument that these Collateral Assignment documents prove that further discovery would have revealed that HNB actually owned the loans, rather than I–75, is unavailing. We disagree with defendants' assertion that these publicly recorded documents indicate that HNB actually owns these mortgages.

*I-75 Partners, LLC*, 2014 WL 702332, at *7.  *See also In re Atkins*, 525 B.R. 594, 600 (Bankr. E.D. Pa. 2015) (discussing the foreclosure initiated by the mortgagee against the defaulted mortgagors, even though the mortgagee's interest in the mortgage at issue was assigned to a third party "[a]s security for repayment" of a loan made by such third party to the mortgagee).

The plain language of the final paragraph of the Collateral Assignment makes the nature thereof and the intent of Plaintiff (as "Assignor") and Cross River Bank (as "Assignee") with respect to its legal effect perfectly clear:

> The foregoing assignment is made as a collateral for that certain Promissory Note executed and delivered by Assignor to and for the benefit of Assignee in the amount of $10,250,000.00 dated as of the date hereof. ***Assignor shall retain all rights of ownership of the subject Mortgage, and the note secured thereby, including, but not limited to foreclosing said Mortgage for non-payment or for any other default thereunder***, provided that no Event of Default has occurred under the terms of the aforementioned Promissory Note or under any of the loan documents executed in connection therewith.

*See* Opposition Brief Ex. A (emphasis added).  In other words (i) Plaintiff assigned the Mortgage to Cross River Bank as collateral to secure the Cross River Bank Loan; and (ii) as long as there is

9

no default by Plaintiff *under the loan documents pertaining to the Cross River Bank Loan* (the "Cross River Bank Loan Documents"), Plaintiff retains all of its rights and remedies under the Mortgage and the Loan Documents between Plaintiff and Defendant, including, without limitation, foreclosing on the Mortgage and seeking appointment of a receiver.

In the Opposition Brief, Defendant does not (because it cannot) even suggest (let alone present any evidence) that Plaintiff is in default under the Cross River Bank Loan Documents. Instead, it tries to argue that, under the terms of the Collateral Agreement *between Plaintiff and Cross River Bank*, Plaintiff's purported "breaches" of the Loan Agreement *between Plaintiff and Defendant* (which allegations, as discussed below, are not supported by either any admissible evidence or the language of the Loan Agreement) somehow divest Plaintiff of its rights under the Mortgage and the rest of the Loan Documents. This, of course, is a nonsensical interpretation of the Collateral Assignment.[10]

As set forth in the Declaration of Ibrahim Sheikh in Further Support of Plaintiff's Motion for Expedited Appointment of a Receiver (the "Sheikh Reply Declaration") filed contemporaneously herewith, (i) the purpose of the Collateral Assignment is, in fact, securing Plaintiff's obligations under the Cross River Bank Loan Documents; (ii) it is and always has been the intent of Plaintiff and Cross River Bank that, as long as Plaintiff is not in default under the Cross River Bank Loan Documents, Plaintiff retains all of its rights and remedies under the Mortgage and the other Loan Documents between Plaintiff and Defendant; and (iii) Plaintiff is not currently and was not at any time during or prior to these foreclosure proceedings in default under the Cross River Bank Loan Documents. *See* Sheikh Reply Declaration.

---

[10] To give Defendant the benefit of the doubt, it will be presumed that such nonsensical interpretation is due to Defendant's inability to comprehend the language of the Collateral Assignment rather than deliberate attempt to mislead this Court.

10

The foregoing discussion shows that, notwithstanding the Collateral Assignment between Plaintiff and Cross River Bank, Plaintiff has retained all of its rights and remedies under the Loan Documents, including, without limitation, initiating and prosecuting this foreclosure action and seeking appointment of a receiver. As set forth in the Opening Brief and herein, such appointment is proper under the terms of the Mortgage and the applicable legal standard.

**B. In Deciding the Receivership Motion, the Court Should Not Consider Factual Allegations Set Forth in the Opposition Brief**

Allegations set forth in motion or opposition papers that are not of record and are not subject to judicial notice may not be considered by the court **_unless_** the allegations are supported by affidavits or declarations by someone with personal knowledge of such facts. *See LCA GP LLC v. City of Plainfield*, No. CV 15-3247-KM-JBC, 2019 WL 1219615, at *3 (D.N.J. Mar. 15, 2019) ("PHFC has not answered Trustee's complaint or otherwise presented competing facts (through, for example, affidavits, depositions, or other evidence) to challenge the Court's subject-matter jurisdiction over Trustee's claims. Counsel's arguments that PHFC has dissolved are presented only in a brief. These supposed facts are not of record, judicially noticeable, or stipulated to by the parties, and are not cognizable.") (internal citation omitted); *Biberman v. Harrah's Trump Plaza*, No. CIV.A. 85-2375, 1986 WL 4985, at *1 (E.D. Pa. Apr. 28, 1986) (O'Neill, J.) ("Plaintiffs state that one of defendant's security people testified at the arbitration hearing that: 1) security guards were posted near the top and bottom of the escalator; 2) one of the guards' duties was to assure that patrons were able to ride the escalator safely; and 3) there had been previous falls. Plaintiffs did not furnish a transcript of the hearing or an affidavit of the witness; consequently, these facts are not of record."); *cf.* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence,

and show that the affiant or declarant is competent to testify on the matters stated."). "*[C]ounsel's statements contained in the brief in opposition simply do not constitute evidence.*" *Dominic J. v. Wyoming Valley W. High Sch.*, 362 F. Supp. 2d 560, 565 (M.D. Pa. 2005) (emphasis added).

In the Opposition Brief, Defendant makes numerous factual allegations pertaining to, *inter alia*, (i) Plaintiff's purported non-disbursement of certain Project-related funds to Defendant, on which allegations Defendant attempts to rely to justify its own uncontroverted breaches of the Loan Documents; and (ii) Defendant's purported negotiations with Prime Haven Capital to refinance the Loan, which alleged negotiations, according to Defendant's arguments, somehow relieve it of its obligations to Plaintiff under the Loan Documents. *See generally* Opposition Brief. None of these allegations are of record and none of them are subject to judicial notice. Yet Defendant does not provide any affidavits or declarations by someone with knowledge of the alleged facts in support thereof. As such, it is respectfully submitted that this Court should not consider any such factual allegations contained in the Opposition Brief in deciding the Receivership Motion.

**C. None of the Allegations in the Opposition Brief Relieve Defendant of Its Obligations Under the Loan Documents**

As set forth in Section II.B above, this Court should not consider Defendant's factual allegations in the Opposition Brief, as they are not supported by any affidavits, declarations, or other admissible evidence. But even if, *arguendo*, Defendant were to provide admissible evidence of such allegations, none of the alleged facts, even if true, would have excused Defendant's repeated failures to perform its obligations under the Loan Documents or justified the Events of Default based on which these foreclosure proceedings are based.

Defendant (i) takes the position that Section 6.2 of the Loan Agreement purportedly obligates Plaintiff to make unconditional disbursements of funds to Defendant towards the Projects; (ii) alleges (without any supporting admissible evidence) that Plaintiff did not make certain disbursements; (iii) argues that such purported non-disbursement of funds constitutes "breaches" by Plaintiff; and (iv) appears to further argue that such purported "breaches" excuse Defendant's own Events of Default (*i.e.*, repeated failures to make timely monthly payments, complete refusal to make certain other monthly payments, and failure to pay the accelerated amount set forth in the Acceleration Notice). These arguments, however, appear to ignore the plain language of the very document on which Defendant attempts to rely.

Section 6.2 explicitly conditioned any and all disbursements by Plaintiff to Defendant with respect to the Projects on, *inter alia*, the following: (i) "all of the terms and conditions of this [Loan] Agreement [being] satisfied"; and (ii) "[n]o Default or Event of Default . . . hav[ing] occurred under this [Loan] Agreement." *See* Receivership Motion Ex. 1 at § 6.2(b). The Loan Agreement defines "Default" as "an Event of Default, or any fact or circumstance which constitutes, or upon the lapse of time, or giving notice, or both, could constitute, an Event of Default." *See id.* at § 11.1. In other words, "Default" means **_any_** non-compliance by Defendant with the terms of the Loan Documents, even those that do not become an "Event of Default" until there is a notice of such non-compliance and/or failure to cure by Defendant. If there is any such non-compliance by Defendant with the terms of the Loan Agreement, Plaintiff has **_no_** obligation to make any such disbursements.

As set forth in the Opening Brief and the Sheikh Declaration, Defendant continuously and repeatedly failed to comply with its obligations under the Loan Agreement:

13

1. For over a year, Defendant made the monthly payments required under the Loan Documents either late or not at all. *See* Sheikh Declaration at ¶¶ 12 & 13. Each such late payment or non-payment constitutes a separate Event of Default under the Loan Agreement. *See* Receivership Motion Ex. 1 at § 11.2.2.

2. Defendant then failed and refused to pay the full amount of the Loan set forth in the Acceleration Notice, which constitutes a separate Event of Default. *See* Sheikh Declaration at ¶¶ 15 & 16; Receivership Motion Ex. 1 at § 11.2.1.

3. Defendant failed to pay the property and school taxes for the Property for 2024 in the aggregate amount of approximately $460,000. *See* Sheikh Declaration at ¶ 18. Such failure constitutes a Default under the Loan Agreement. *See* Receivership Motion Ex. 1 at § 9.3.

4. Defendant repeatedly failed to provide Plaintiff with financial reporting, which constitutes yet another Default under the Loan Agreement. *See* Sheikh Declaration at ¶ 20; Receivership Motion Ex. 1 at § 9.2.

None of the aforementioned Defaults or Events of Default are in any way disputed by Defendant. In fact, by suggesting that Defendant should "work with [Plaintiff] to secure a stay on [Defendant's current loan obligations," the Horn Letter acknowledges Defendant's non-compliance with the Loan Documents. As such, notwithstanding Defendant's argument to the contrary, Plaintiff did not have any obligations to make any disbursements to Defendant under the terms of the Agreement.

Other provisions of the Loan Agreement further undermine Defendant's argument regarding Plaintiff's purported "breaches" or Defendant's excuses with respect to the Events of

14

Default on which these foreclosure proceedings and the Receivership Motion are based. The Loan

Agreement expressly states as follows:

> [Plaintiff] shall not be in default under this [Loan] Agreement, or under any other Loan Document, unless a written notice specifically setting forth the claim of Borrower shall have been given to [Plaintiff] within thirty (30) days after [Defendant] first had actual knowledge or actual notice of the occurrence of the event which [Defendant] alleges gave rise to such claim and [Plaintiff] does not remedy or cure the default, if any there be, with reasonable promptness thereafter. Such actual knowledge or actual notice shall refer to what was actually known by, or expressed in a written notification furnished to, any of the persons or officials referred to in <u>Exhibit B</u> as Authorized Representatives or of the [Property] Manager.

*See* Receivership Motion Ex. 1 at § 15.8.1.[11]  In order for any alleged non-disbursement by Plaintiff

to become a default under the Loan Agreement, Defendant would have had to have provided

Plaintiff with a written notice that each such alleged non-disbursement constitutes a default under

the Loan Agreement within thirty (30) days of learning of such alleged non-disbursement (and

provided Plaintiff with an opportunity to cure such default).  Defendant does not, because it cannot,

provide any evidence of such timely notices to Plaintiff or even attempt to make any such

allegations in the Opposition Brief.

Finally, even if, *arguendo*, (i) Plaintiff was obligated to disburse the funds, notwithstanding

Defendant's various Defaults (it was not); and (ii) Defendant provided Plaintiff with the notice

required under § 15.8.1 of the Loan Agreement (it did not), Defendant would ***still*** be obligated to

make each and every monthly payment on time and "without counterclaim or setoff." *See*

Receivership Motion Ex. 1 at § 2.3.4.

Simply put, even if Defendant presented any credible evidence to support its allegations

that Plaintiff purportedly did not disburse the Project-related funds, such non-disbursement would

---

[11] Exhibit B to the Loan Agreement lists Pulley as the sole "Authorized Representative." *See* Receivership Motion Ex. 1 at Ex. B.

not constitute a breach of the Loan Documents or amount to an excuse for the Events of Default under the unambiguous terms of the Loan Agreement.

Nor should Defendant's allegations that it is purportedly attempting to refinance the Loan be given any weight in deciding whether the receiver should be appointed for the Property.[12] Defendant does not, because it cannot, point to any provision in the Loan Documents or any legal authority that imposes an obligation on Plaintiff to forego any of its rights with respect to the numerous Events of Default during any alleged attempts by Defendant to refinance the Loan. It should be noted that Defendant made similar arguments in the Fannie Mae foreclosure proceedings, where Plaintiff relied on allegations that it was in the process of marketing and selling the properties at issue, and Fannie Mae foreclosure proceedings and the receivership motion negatively impacted the property values, urging the court to deny the motion on those bases. *See Fannie Mae v. Harrison Court Realty Co., L.P., et al.*, Case No. 2:24-cv-04722-CMR (E.D. Pa. Oct. 18, 2024), Def.'s Answer to Pl.'s Mot. For Expedited Appointment of a Receiver at 7 [ECF No. 17-1]. In granting Fannie Mae's receivership motion and appointing the receiver for all of the properties involved in those proceedings, the Honorable Cynthia M. Rufe was clearly unpersuaded by such argument. *See id.* Order, Oct. 18, 2024 at 2 n.1 [ECF No. 18] ("Defendants have objected

---

[12] In the Opposition Brief, Defendant makes the following argument:

> Horn indicated that, if Plaintiff would halt any default proceeding, the refinancing process would proceed more smoothly. In other words, Plaintiff's decision to file foreclosure and seek the appointment of a receiver is the only reason Defendant was unable to satisfy and pay off – as of January 31, 2025 – all outstanding amounts under the Mortgage and Loan Agreement.

*See* Opposition Brief at 13 (internal citations omitted). This allegation seems to ignore the portions of the Horn Letter that make it clear that **_no_** refinancing could take place unless and until a satisfactory appraisal of the Property was completed, which, per the very same Horn Letter, was not completed as of January 31, 2025.

16

to the appointment of a receiver, largely citing non-precedential case law and asserting that Plaintiff's own foreclosure actions have diminished the fair market value of each property. Defendants' arguments are unavailing in light of Plaintiff's express right to the appointment of a receiver pursuant to a contract Defendants are party to.") (internal citation omitted).[13]

### D. None of the Allegations in the Opposition Brief Relieve Defendant of Its Obligations Under the Loan Documents

As set forth in the Opening Brief, appointment of a receiver against the Property is proper under the standard set forth in *Wells Fargo Bank, N.A. v. CCC Atlantic, LLC*[14] and adopted by other courts in the Third Circuit. Under that standard, the contractual provision authorizing appointment of a receive is the most important factor to consider. *See CCC Atl., LLC*, 905 F. Supp. 2d at 615 ("The importance of these contractual provisions cannot be underestimated because they set apart this commercial foreclosure case from the traditional scenario in which a receiver is sought at equity and no such contractual provisions exist."); *Heyman v. Citimortgage, Inc.*, No. 14-1680-KM-MAH, 2019 WL 2642655, at *41 (D.N.J. June 27, 2019) ("The presence of a contractual stipulation to the appointment of a receiver is given considerable weight in the court's evaluation of whether a rent receiver should be appointed.") (quoting *In re Invs. Warranty of Am., Inc. v. B.W.E. Dev., L.L.C.*, No. CIV.09-4490 (WJM), 2010 WL 2557559, at *5 (D.N.J. June 23, 2010)); *MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship v. Greater Lewistown Shopping Plaza, L.P.*, No. 4:16-CV-2090, 2017 WL 485958, at *3 (M.D. Pa. Feb. 6, 2017) ("[T]he first, and primary, consideration is the text of the mortgage contract itself. . . . It is evident from the cited text that by the plain language of the mortgage contract, the parties have agreed to a receivership of the subject

---

[13] This Court may take judicial notice of the Fannie Mae foreclosure proceedings and the filings submitted and orders issued therein. Fed. R. Evid. 201.

[14] *Wells Fargo Bank, N.A. v. CCC Atl., LLC*, 905 F. Supp. 2d 604 (D.N.J. 2012).

17

property . . . .").  The other factors that weigh in favor of appointing a receiver relevant to the Receivership Motion are (i) continued default by the borrower; and (ii) the borrower's financial instability. *CCC Atl., LLC*, 905 F. Supp. 2d at 614.

In the Opposition Brief, Defendant does not dispute the standard set forth in *CCC Atlantic*. Instead, it tries to introduce another standard promulgated by the Eighth Circuit (and adopted by the Ninth Circuit). *See* Opposition Brief at 8 (quoting *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009)).  The factors that Defendant seeks this Court to consider are:

> *(1) "whether [the party] seeking the appointment has a valid claim"; (2) "whether there is fraudulent conduct or the probability of fraudulent conduct," by the defendant; (3) whether the property is in imminent danger of "being lost, concealed, injured, diminished in value, or squandered"*; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) *"the plaintiff's probable success in the action* and the possibility of irreparable injury to plaintiff's interest in the property"; and, *(7) "whether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership."*

*See id.* (alteration in the original) (emphasis added).

Without actually disputing any of the factual bases set forth in the Opening Brief and the Sheikh Declaration favoring the appointment of a receiver, Defendant tries to (i) minimize the significance of the contractual provision in the Mortgage authorizing the appointment of a receiver; and (ii) asking this Court to completely ignore the various problems that Pulley and his enterprise are having, arguing that such problems allegedly have no bearing on Defendant's financial position or ability to properly manage the Property. *See* Opposition Brief at 8–9, 15.

As set forth in the Opening Brief, while the contractual provision authorizing the appointment of a receiver is not the only factor in determining whether such appointment is proper, the Third Circuit and Pennsylvania state courts have repeatedly held it to be the biggest one. *CCC Atl., LLC*, 905 F. Supp. 2d at 615; *Heyman*, 2019 WL 2642655, at *41; *MSCI 2006-IQ11 Logan*

18

*Boulevard Ltd. P'ship*, 2017 WL 485958, at *3; *Philadelphia Tr. Co. v. Northumberland Cnty. Traction Co.*, 101 A. 970, 974 (Pa. 1917); *Metro. Life Ins. Co. v. Liberty Ctr. Venture*, 650 A.2d 887, 891 (Pa. Super. Ct. 1994). Defendant acknowledges this much in the Opposition Brief. *See* Opposition Brief at 8–9. Nevertheless, Defendant, relying on a non-precedential pre-*CCC Atlantic* case, asks this Court to disregard the receivership-authorizing contractual provision in the Mortgage based on the use of the permissive "may" with respect to appointment of a receiver. *See* Opposition Brief at 9 (citing *Comerica Bank v. State Petroleum Distributors, Inc.*, No. 3:08-CV-678, 2008 WL 2550553, at *4 (M.D. Pa. June 2, 2008)).

The court in *Comerica* rejected the plaintiff's argument that the underlying security agreement compelled such an appointment, reasoning that the use of the permissive "may," as opposed to "shall," did not automatically require such appointment. *Comerica Bank*, 2008 WL 2550553, at *4. The court then proceeded to analyze whether such appointment was nevertheless proper under the factors adopted by the Eight Circuit, ultimately denying the motion. *Id.* Among the reasons for declining such appointment was the court's determination that the defendant was "current on its loan payments." *Id.* at 5.

Defendant's reliance on *Comerica* appears to ignore that, as discussed above, subsequently decided cases within the Third Circuit, including *CCC Atlantic* and its progeny, have placed much more weight on contractual provisions that authorized appointment of a receiver. In fact, in granting Fannie Mae's receivership motion, Judge Rufe expressly relied on a provision very similar to the one at issue in these foreclosure proceedings, which likewise uses a permissive "may." *See Fannie Mae*, Case No. 2:24-cv-04722-CMR, Pl.'s Mot. For the Expedited Appointment of a Receiver at 20 [ECF No. 7-1] (relying on the following provision in the underlying mortgage in the request for the appointment of a receiver: "[I]f an Event of Default has occurred and is

19

continuing, and regardless of the adequacy of Lender's security or Borrower's solvency, and without the necessity of giving prior notice (oral or written) to Borrower, Lender **_may_** apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Property . . . .") (emphasis added); *id.* Order, Oct. 18, 2024 at 2 n.1 [ECF No. 18] (granting Fannie Mae's receivership motion specifically based on the mortgage provision referenced in the motion).

Even if, *arguendo*, the express authorization in the Mortgage for the appointment of a receiver was not by itself sufficient for this Court to appoint a receiver for the Property, the other circumstances discussed in the Opening Brief and herein certainly weigh heavily in favor of such appointment.  Between Pulley's personal legal problems (which certainly will not help him focus his attention on operating the property), *self-admitted* financial woes, defaulting on the loans (and the resulting foreclosure proceedings) by numerous other Pulley-controlled entities, and obvious operational problems that resulted in collapses of properties owned and operated by yet other Pulley-controlled entities, the overwhelming *and undisputed* factors favor this Court's appointment of a receiver.[15]  The situation involved in this case is much more akin to *MSCI* than it is to *Comerica*:

> Although Lewistown Shopping Plaza opposes the appointment, its arguments are unpersuasive. In other cases, courts have declined to appoint a receiver where receivership was not contemplated in the Loan Agreement itself; where assets other than the mortgaged property were available for the lender to seize; where genuine issues of material fact exist regarding the alleged default; and where the borrower had been making some payments under the loan. None of these arguments have been advanced here.

---

[15] Defendant cannot legitimately argue that Pulley's personal legal problems and the various troubles with many other parts of his real estate business have absolutely no bearing on Pulley-controlled Defendant's ability to operate and manage the Property.

20

*MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship*, 2017 WL 485958, at *3 (distinguishing, *inter alia*, *Comerica*, as the *Comerica* court found that the defendant was current on the loan, which was not the case in *MSCI*).

It is ironic that Defendant tries to rely on the multifactor test adopted by the Eight Circuit in trying to oppose the Receivership Motion, as at least five (5) of the enumerated factors favor appointment of a receiver:

1. "[W]hether [the party] seeking the appointment has a valid claim": no contrary admissible evidence has been provided that would place into doubt that the Events of Default set forth in the Complaint and the Sheikh Declaration have occurred.

*2.* "[W]hether there is fraudulent conduct or the probability of fraudulent conduct, by the defendant": the Court should not ignore Pulley's guilty plea to voter fraud charges.

3. "[W]hether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered": the stoppage of some of the Projects, Defendant's refusal to address the structural problems with the Property garage (even after being put on notice by Defendant's own structural engineer), and Defendant's unwillingness to furnish to Plaintiff information about an injured worker involved with one of the Projects certainly indicate that this factor is present in the situation at issue.

4. "[T]he plaintiff's probable success in the action": again, there is no question that numerous Events of Default have occurred, so Plaintiff will ultimately prevail in these foreclosure proceedings.

21

5. "[W]hether [the] plaintiff's interests sought to be protected will in fact be well-served by receivership":  the receiver proposed by Plaintiff is more than qualified to protect the Property and maximize its value, as recognized by its appointment in the Fannie Mae foreclosure proceedings by Judge Rufe.[16]

All in all, nothing in the Opposition Brief disputes the facts that favor appointment of a receiver in these proceedings.  If anything, the additional authority cited by Defendant reinforces the necessity of such an appointment.

## III.    CONCLUSION

In the Opposition Brief, Defendant tries to create a lot of noise to paint Plaintiff in a negative light and try to justify its own unwillingness to comply with its contractual obligations under the Loan Documents.  But ultimately, that is all it is—noise.  Defendant fails to support that noise with any admissible, much less credible evidence.  What's more, none of that noise makes any difference with respect to the parties' respective rights or obligations under the Loan Documents.  A closer read of the Opposition Brief reveals the apparent purpose of this noise: to convince this Court that an evidentiary hearing is necessary for the purpose of deciding whether a receiver for the Property should be appointed.

Yet when the noise subsides and the dust settles, the facts remain unchanged: Defendant repeatedly failed to comply with its financial and non-financial obligations under the Loan Documents, admitting that it is in financial peril; Defendant contractually agreed to an appointment of a receiver upon an Event of Default; Defendant failed to complete the Projects, leaving some

---

[16] The quotes set forth in these bullet points, including some of the alterations, come straight from the *Canada Life Assurance* decision quoted by Defendant in the Opposition Brief. *Canada Life Assur. Co.*, 563 F.3d at 844.

22

aspects of those Projects in structurally unsound state; Defendant would not disclose to Plaintiff information about a contractor's employee who was injured on a Project-related job; other Pulley-controlled entities have also defaulted on their loans, which defaults likewise resulted in a foreclosure action and receivership; other properties owned and operated by Pulley-controlled entities have collapsed under Pulley's watch.  These facts *are* supported by credible, undisputed admissible evidence.  As such, there is simply no reason to waste this Court's and all parties' time and resources in conducting an evidentiary hearing, and this Court should grant the Receivership Motion on the papers.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  February 11, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ICON PSG 1 FL, LLC,

      Plaintiff,

      v.

JENKINS COURT REALTY CO., L.P.,

      Defendant.

CIVIL ACTION

NO: 2:25-cv-00044-GAM

## DECLARATION OF IBRAHIM SHEIKH IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED APPOINTMENT OF A RECEIVER

Pursuant to 28 U.S.C. § 1746, Ibrahim Sheikh hereby declares as follows:

1. I am over eighteen years of age, of sound mind, and otherwise competent to make this Declaration. The facts set out herein are based on my personal knowledge.

2. I make this Declaration in further support of the Motion for Expedited Appointment of a Receiver (the "Receivership Motion") filed by Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff").

3. I am the President of Plaintiff.

4. Plaintiff borrowed certain funds from Cross River Bank (the "Cross River Bank Loan").

5. In conjunction with the Cross River Bank Loan, Cross River Bank and Plaintiff have executed certain loan documents (collectively, the "Cross River Bank Loan Documents"), setting forth the parties' respective rights and obligations with respect to the Cross River Bank Loan.

6. One of the Cross River Bank Loan Documents is that certain Collateral Assignment of Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing

1

by and between Plaintiff and Cross River Bank (the "Collateral Assignment"), a copy of which was attached as Exhibit A to Defendant's Response in Opposition to Plaintiff's Motion for Expedited Appointment of a Receiver that was filed in the above-captioned matter by Defendant, Jenkins Court Realty Co., L.P. ("Defendant").

7.    The purpose of the Collateral Assignment is to secure Plaintiff's obligations to Cross River Bank under Cross River Bank Loan Documents.

8.    It is and always has been the intent of the parties that, as long as Plaintiff is not in default under the Cross River Bank Loan Documents, Plaintiff retains all of its rights and remedies under loan documents by and between Plaintiff and Defendant, including, without limitation, that certain Open-End Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 22, 2023 (the "Mortgage") specifically referenced in the Collateral Assignment.

9.    Plaintiff is not currently and was not at any time prior to the date of this Declaration in default under the Cross River Bank Loan Documents.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: February 10, 2025

_____
Ibrahim Sheikh

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I, Gleb Epelbaum, Esquire, hereby certify that on this day, I caused to be served a true and correct copy of the foregoing Reply Brief in Support of Plaintiff's Motion for Expedited Appointment of a Receiver via the Court's CM/ECF system:

Michael Yanoff, Esquire
Shawn M. Rodgers, Esquire
GOLDSTEIN LAW PARTNERS
200 School Alley, Suite 5
Green Lane, PA 18054
*Attorneys for Defendant,*
*Jenkins Court Realty Co., L.P.*

**KURTZ AND PARTNERS P.C.**

Date: February 11, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ICON PSG 1 FL, LLC,                         :
                                            :          CIVIL ACTION
            v.                              :          No. 25-0044
                                            :
JENKINS COURT REALTY CO., L.P.              :

**McHUGH, J.**                                        **February 21, 2025**

## MEMORANDUM

### I.    Relevant Background

This is a commercial mortgage foreclosure case.  On September 27, 2023, Plaintiff, ICON PSG 1 FL, LLC, loaned $20,500,000 to Defendant, Jenkins Court Realty, L.P., to allow Defendant to refinance and fund construction on a piece of property located at 610 Old York Road, Jenkintown Borough, Pennsylvania ("the Property").  Compl. ¶¶ 1-2, 13, ECF 1.  The loan was memorialized ("the Loan Agreement") and secured by an open-end mortgage on the Property ("the Mortgage").  *Id.* ¶¶ 14-15.

Under the Loan Agreement, Defendant is required to make monthly payments.  *Id.* ¶ 18. Failure to make any such payment within five days of the due date constitutes an Event of Default, without any notice requirement from Plaintiff.  *Id.* ¶ 19.  As is relevant here, upon a default, the Mortgage expressly authorizes Plaintiff to foreclose on the Property for the full amount owed under the Loan Documents[1] and to appoint a receiver to manage the Property.  *Id.* ¶ 23.  The Loan Agreement also specifies that Plaintiff has no obligation to disburse any funds should Defendant

---

[1] The "Loan Documents" refer collectively to the Loan Agreement, the Mortgage, a secured promissory note executed by Defendant, and several other documents executed in conjunction with the Loan.

fail to comply with the Loan Agreement in any way. *See* Receivership Mot. *Ex*. 1 at § 6.2(b), ECF 5-3 ("Loan Agreement").

On November 20, 2023, Plaintiff assigned the Mortgage to Cross River Bank as collateral. Opp'n. Br. Ex. A, ECF 10-1 ("Collateral Assignment"). The language of the Collateral Assignment Agreement between Plaintiff and Cross River Bank preserves Plaintiff's rights under the Mortgage, including the right to foreclose on and seek receivership for the Property. *Id*.

Starting in November 2024, Defendant failed to make its monthly payment under the Loan Documents. Compl. ¶ 25. Defendant subsequently failed to pay the monthly payments due on December 1, 2024, and January 1, 2025. *Id.* As of the date the Complaint was filed, Defendant had not yet made any of these payments. *Id.* ¶ 29. Defendant's breaches of the Loan Agreement constitute Events of Default. Loan Agreement § 11.1.

Beyond Defendant's failure to make monthly loan payments, the Property and its management are in disarray. Defendant is owned and managed by Philip Pulley. Compl. ¶ 8. In a sworn declaration, Plaintiff's President Ibrahim Sheikh avers that Defendant also failed to pay 2024 property and school taxes, failed to complete the projects contemplated under the Loan, leaving the "[p]roperty garage in a structurally unsafe condition," failed to provide Plaintiff with required financial reporting, and refused to provide Plaintiff with information about an employee involved in the project who was struck by a car. Receivership Mot., ECF 5-2 ("Sheikh Decl."). The Declaration also raises several concerns about Mr. Pulley's ability to manage the property. Specifically, Mr. Pulley represented that he and Defendant were "out of money," two of Pulley's other owned and operated entities suffered partial property collapses, and numerous other entities owned by Pulley have defaulted on their loans in the aggregate amount of over sixty million dollars. *Id.*

On this basis, Plaintiff initiated foreclosure proceedings on January 6, 2025, and moved to appoint Trigild IVL, LLC as receiver on January 10, 2025.  Defendant opposes the appointment of a receiver, relying primarily on nonprecedential case law and factual assertions unsupported by the record.  For the reasons that follow, I will grant Plaintiff's motion.

## II.   Standard of Review

Federal Rule of Civil Procedure 66 governs "an action in which the appointment of a receiver is sought," and accordingly governs this Motion.  This Court's jurisdiction is based on diversity, and multiple Courts of Appeals have interpreted Rule 66 as mandating that district courts sitting in diversity apply federal law with respect to the appointment of a receiver.  *See, e.g., Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 842 (9th Cir. 2009); *Nat'l P'ship Inv. Corp. v. Nat'l Housing Dev. Corp.*, 153 F.3d 1289, 1291-92 (11th Cir. 1998); *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993).

The Third Circuit has stated that the appointment of a receiver is an "extraordinary" remedy.  *Maxwell v. Enterprise Wall Paper Manufacturing Co.*, 131 F.2d 400, 403 (3d Cir. 1942).  But district courts are also given "broad discretion in appointing a receiver."  *Wilmington Tr. N.A. v. Pavilion Apts. PENN LLC,* No. 22-3985, 2023 WL 18568, at *3 (E.D. Pa. Jan. 13, 2023).

The Third Circuit has not yet endorsed a set of factors that district courts should consider in determining whether to appoint a receiver.  Many other district courts within the Third Circuit's jurisdiction have turned to the factors identified by the late Judge Irenas in *Wells Fargo Bank, N.A. v. CCC Atlantic, LLC*, 905 F.Supp.2d 604 (D.N.J. 2012).  *See, e.g., Wilmington Tr., Nat. Assoc. v. 1800 16th Street, LLC*, No. 19-02601, 2020 WL 703653 (E.D. Pa., Feb. 11, 2020) (McHugh, J.) (adopting the *CCC Atlantic, LLC* factors).  These factors include whether "the property is inadequate security for the loan" and whether "the mortgage contract contains a clause granting

the mortgagee the right to a receiver." *CCC Atlantic*, 905 F.Supp.2d at 614.  They also include "the continued default of the mortgagor; the probability that foreclosure will be delayed in the future; the unstable financial status of the mortgagor; [and] the misuse of project funds by the mortgagor." *Id.*  These factors may be applied in a less stringent manner if a loan agreement expressly allows for the lender to apply for a receiver in the event of a default. *Id.* at 615.  For present purposes, in the absence of any controlling authority from the Third Circuit, I will adopt these factors as well.

### III.    Discussion

Defendant objects to the appointment of a receiver, primarily relying on two arguments. First, Defendant argues that Plaintiff assigned the Mortgage Instrument to Cross River, and therein forfeited its authority to request appointment of a receiver.  Opp'n. Br. at 9.  Second, Defendant argues, without any record evidence to support its contention, that Plaintiff was responsible for Defendant's default, leading equitable factors to weigh against appointment of a receiver. *Id.* at 12.  Defendant does not dispute any of its alleged noncompliance.

I find Defendant's arguments unpersuasive and unsupported by any sworn evidence, and will therefore grant Plaintiff's motion.

### A.  Plaintiff retains the right to foreclose on the property.

Defendant argues that Plaintiff forfeited its rights to foreclose on the Property and to appoint a receiver when it assigned the Mortgage to Cross River Bank.  But an assignment is simply a form of contract, and its terms control.  Here, the plain text of the Collateral Assignment between Plaintiff and Cross River Bank explicitly preserves Plaintiff's rights as assignor, including the rights to foreclose on the property and seek the appointment of a receiver: "Assignor shall retain all rights of ownership of the subject Mortgage, and the note secured thereby, including, but

not limited to foreclosing said mortgage for non-payment or for any other default thereunder…". *See* Collateral Assignment.  Defendant cites no authority for the proposition that the specific language of an assignment can be ignored, and its position finds no support in common law.  *See* 6A C.J.S. Assignments § 97  ("Generally, the intention of the parties ascertained from the entire transaction, including conduct, determines whether the assignment is absolute or only intended as a collateral security.").  Plaintiff has therefore retained its right to foreclose on the Property and appoint a receiver.

### B.  The facts on the record support appointment of a receiver.

Defendant next argues that Plaintiff bears responsibility for Defendant's non-compliant behavior.  Specifically, Defendant's response avers that Plaintiff failed to disburse certain project-related funds to Defendant, hindering its ability to make payments under the Loan Agreement. Without any affidavit or sworn declaration in support, these arguments represent nothing more than assertions by counsel which are not entitled to any weight.  *See, e.g. Biberman v. Harrah's Trump Plaza*, No. 85-2375, 1986 WL 4985, at *1 (E.D. Pa. Apr. 28, 1986) ("Plaintiffs did not furnish…an affidavit of the witness; consequently, these facts are not of record."); *Dominic J. v. Wyoming Valley W. High Sch.*, 362 F.Supp.2d 560, 565 (M.D. Pa. 2005) ("Counsel's statements contained in the brief in opposition simply do not constitute evidence.") (emphasis added); *Kupstas-Badurina v. Tuthill Corp.*, No. 23-994, 2025 WL 417340, at *5 (E.D. Pa. Feb. 6, 2025) (McHugh, J.) (limiting analysis to facts supported by the record).

Defendant also contends – again without factual support – that it is in the process of refinancing with Prime Haven Capital, and that such refinancing should stay its obligations under the Loan Agreement.  But it points to no language in the Loan Agreement suggesting that an effort to refinance entitles it to forbearance.  Plaintiff's right to foreclose was triggered by multiple

instances of non-compliance, and Defendant's *post hoc* effort to find better terms from another lender is irrelevant to the past breaches addressed by the pending motion.

Looking beyond Defendant's conclusory arguments to the record in this case, appointment of a receiver is appropriate under the factors set forth in *CCC Atlantic*.[2] These factors include whether the property is inadequate security for the loan, whether the mortgage contract contains a clause granting the mortgagee the right to a receiver, the continued default of the mortgagor, the probability that foreclosure will be delayed in the future, the unstable financial status of the mortgagor, and the misuse of project funds by the mortgagor. *See CCC Atl., LLC*, 905 F.Supp.2d at 614. Courts in the Third Circuit give particular weight to the presence of a contractual provision authorizing appointment of a receiver. "The importance of these contractual provisions cannot be underestimated because they set apart this commercial foreclosure case from the traditional scenario in which a receiver is sought at equity and no such contractual provisions exist." *Id.* at 615; *see also Heyman v. Citimortgage, Inc.*, No. 14-1680, 2019 WL 2642655, at *41 (D.N.J. June 27, 2019); *MSCI 2006-IQ11 Logan Boulevard Ltd. P'ship*, No. 16-2090, 2017 WL 485958, at *3 (M.D. Pa. Feb. 6, 2017).

Here, the Mortgage Agreement expressly grants Plaintiff the right to appoint a receiver upon the occurrence of any Event of Default. Receivership Mot., Ex. 2, § 7.1(g), ECF 5-4

---

[2] Defendant instead relies upon the *Canada Life* factors. 563 F.3d 837, 844 (9th Cir. 2009). This test is not controlling within the Third Circuit, and, ironically, does not support Defendant's argument, with four of the seven elements weighing in favor of receivership. Those factors are as follows: 1) Plaintiff has a valid claim, 2) the property is in imminent danger of being damaged, based on the condition of the garage described in the Sheikh declaration, and on Defendant's refusal to cooperate in an investigation surrounding a worker injury, 3) Plaintiff will likely prevail in the action because Defendant has defaulted, rendering foreclosure appropriate, and 4) the receivership will protect Plaintiff's interest because Plaintiff proposes a qualified, reputable receiver, as discussed below.

("Mortgage Agreement").   Additionally, Defendant is in a state of continued default and is financially unstable, both by its own admission, and as outlined in Plaintiff's affidavit.  Sheikh Decl.   In fact, Defendant does not dispute its continued Default or any allegations of noncompliance, trying to focus the Court's attention on Plaintiff's conduct.  But even assuming Plaintiff breached its obligation to disburse funds under the Loan Agreement, an allegation entirely unsupported by the record, Defendant did not provide notice of the breach to Plaintiff within 30 days of any alleged noncompliance, a prerequisite to establishing breach under the Agreement.

On balance, the *CCC Atlantic* factors strongly support appointment of a receiver.  *CCC Atl., LLC*, 905 F.Supp.2d at 614.

### C.  Trigild is an appropriate receiver.

Plaintiff has identified Trigild IVL, LLC ("Trigild") as a receiver for the property.  Upon review of Trigild's proposal[3] and other work in like circumstances, I find that Trigild is competent and capable to serve as receiver in this action.  *See, e.g., Fannie Mae v. Harrison Ct. Realty Co., L.P., et al.,* No. 24-4722, ECF 18 (E.D. Pa. Oct. 18, 2024) (appointing Trigild as the receiver in the Fannie Mae foreclosure action against Mr. Pulley's properties); *Wilmington Tr., Nat'l Ass'n, as Trustee for the Benefit of the Holders of Natixis Com. Mortg. Sec. Tr. 2018-FL1, Com. Mortg. Passthrough Certificates, Series 2018-FL-1 v. Phila. Ctr. Realty Associates, L.P., et al.,* No. 23083391 (Pa. Com. Pl. Phila. Cnty., Sept. 7, 2023) (approving the appointment of Trigild as receiver for the Wanamaker Building in Philadelphia).

---

[3] Receivership Mot., Ex. 4, ECF 5-6.

### D.  Form of Order

The order proposed by Plaintiff was copied from Judge's Rufe's decision in *Harrison Court Realty Co.,* No. 24-4722 (E.D. Pa. Oct. 18, 2024).  That case was brought by Fannie Mae and involved a series of commercial properties, where different considerations apply.  The order being entered with this memorandum will not adopt all of the provisions deemed appropriate in that case.

### IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion for Appointment of a Receiver will be granted.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

## REQUEST FOR ENTRY OF DEFAULT

**TO THE CLERK OF COURT**

Please enter a default against Defendant, Jenkins Court Realty Co., L.P. pursuant to Fed. R. Civ. P. 55(a) for failure to failure to plead or otherwise defend this action, as fully appears from the Court docket and the Declaration of Gleb Epelbaum, Esquire filed contemporaneously herewith.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  March 12, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

**DECLARATION OF GLEB EPELBAUM, ESQUIRE**
**IN SUPPORT OF THE REQUEST FOR ENTRY OF DEFAULT**

Pursuant to 28 U.S.C. § 1746, Gleb Epelbaum, Esquire hereby declares as follows:

1. I am over eighteen years of age, of sound mind, and otherwise competent to make this Declaration. The facts set out herein are based on my personal knowledge.

2. I am counsel of record for Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff").

3. This action was commenced pursuant to the Complaint that was filed by Plaintiff on January 6, 2025 [ECF No. 1].

4. The Summons was issued by the Court on January 6, 2025 [ECF No. 4].

5. Copies of the Complaint, the Summons, the Notice of a Lawsuit and Request to Waive Service of a Summons, and the Waiver of the Service of Summons were sent to counsel of record for Defendant, Jenkins Court Realty Co., L.P. ("Defendant") on January 9, 2025.

6. Defendant's counsel executed the Waiver of the Service of Summons on behalf of Defendant, which was then filed on January 15, 2025 [ECF No. 6].

7. Per Fed. R. Civ. P. 4(d), Defendant had until March 10, 2025 to file an answer or otherwise move with respect to the Complaint, which time has not been extended.

1

8.      As of the date of this filing, Defendant has not filed an answer or other moved with respect to the Complaint.

I declare under the penalty of perjury that the foregoing is true and correct.


Executed on: March 12, 2025                    _____

                                               Gleb Epelbaum, Esquire

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I, Gleb Epelbaum, Esquire, hereby certify that on this day, I caused to be served a true and correct copy of the foregoing Request for Entry of Default and the Declaration of Gleb Epelbaum, Esquire in Support of the Request for Entry of Default via the Court's CM/ECF system:

Michael Yanoff, Esquire
Shawn M. Rodgers, Esquire
GOLDSTEIN LAW PARTNERS
200 School Alley, Suite 5
Green Lane, PA 18054
*Attorneys for Defendant,*
*Jenkins Court Realty Co., L.P.*

**KURTZ AND PARTNERS P.C.**

Date: March 12, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action:  25-44

ICON PSG 1 FL, LLC

     v.

JENKINS COURT REALTY CO., L.P.

Entry of Default

Default is entered pursuant to Federal Rule of Civil Procedure 55(a) against Defendant JENKINS COURT REALTY CO., L.P. for failure to plead or otherwise defend

George Wylesol
Clerk of Court

By:  _s/Brian J. Weissman_____
    Brian J. Weissman, Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : |  |
|  | : | No.: 2:25-cv-44 |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| JENKINS COURT REALTY CO., LP. | : |  |
|  | : |  |
| Defendant. | : |  |

### MOTION TO SET ASIDE DEFAULT AND PERMIT ANSWER

Jenkins Court Realty Co., LP, (the "Defendant") by and through their counsel Ciardi Ciardi & Astin, hereby, moves under Rule 55(c) of the Federal Rules of Civil Procedure to Set Aside Default as follows:

1. This action was commenced on January 6, 2025 with the summons issued on January 6, 2025.

2. The waiver of service was sent to counsel for the Defendant on January 9, 2025, which was not executed until January 13, 2025.

3. In the intervening eight (8) weeks between waiver of service and the request for entry of default on March 12, 2025, the principal of the Defendant, Phillip Pulley has been in the hospital for six (6) of those weeks.

4. Mr. Pulley has in those six (6) weeks been either:

    (a)    Recovering;

    (b)    in surgery over four times;

    (c)    sedated; and/or

    (d)    otherwise unable to assist counsel.

1

5. In fact, Mr. Pulley is in surgery again today to remove an infection which had spread through his leg.

6. Attached as Exhibit "A" is the proposed Answer the Defendant intends to file.

7. The Defendant has moved timely to set aside default, has a meritorious defense and the substantial hospitalizations establish good cause. Hamilton v Edell, 67 F.R.D. 18 (E.D. Pa. 1975).

8. The health issues of the Defendant's principal provide good cause permit the Court to set aside the default. Lowanstuss v. Petit, 1990 WL 2189 (E.D. Pa 1990).

9. The Answer asserts meritorious defenses.

**Wherefore**, the Defendant respectfully requests the default entered on March 13, 2025 be set aside.

Respectfully submitted,

**CIARDI CIARDI & ASTIN**

Date:  March 13, 2025                    By:  */s/ Albert A. Ciardi, III*
                                              Albert A. Ciardi, III, Esquire
                                              1905 Spruce Street
                                              Philadelphia, PA 19103
                                              Telephone: (215) 557-3550
                                              Facsimile: (215) 557-3551
                                              aciardi@ciardilaw.com

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this _____ day of _____, 2025 upon consideration of the motion (the "Motion") of Jenkins Court Realty Co., LP (the "Defendant") for Order to Set Aside Default and Permit Answer pursuant to 55 (c) Federal Rules of Civil Procedure;

It is **ORDERED,** that Defendant's Motion is hereby **Granted** and Default entered on March 13, 2025 is set aside.

**BY THE COURT:**

_____
Honorable Judge Gerald A. McHugh

3

# Exhibit "A"

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT IN MORTGAGE FORECLOSURE**

Defendant, Jenkins Court Realty Co., LP, ("Jenkins" or "Answering Defendant") by and through undersigned counsel, Ciardi Ciardi & Astin, upon review of the Complaint and in response thereto, submits the following Answer and Affirmative Defenses.

1.    Admitted.

2.    Admitted.

3.    Neither Admitted nor Denied.

4.    Neither Admitted nor Denied.

5.    Neither Admitted nor Denied.

6.    Neither Admitted nor Denied.

7.    Denied as a conclusion of law to which no response is required.

8.    Admitted.

9.    Admitted.

10.    Denied as a conclusion of law to which no response is required.

11.    Denied as a conclusion of law to which no response is required.

1

12. Admitted.

## FACTS

13. Admitted only that the purpose of the loan was to finance and fund construction. Plaintiff failed to honor its loan commitment and has breached.

14. Admitted only that various loan documents were executed.

15. Admitted only that various loan documents were executed.

16. Admitted.

17. Admitted.

18. Denied. The Loan Documents are writings, the terms of which speak for themselves.

19. Denied. The Loan Documents are writings, the terms of which speak for themselves.

20. Denied. The Loan Documents are writings, the terms of which speak for themselves.

21. Denied. The Loan Documents are writings, the terms of which speak for themselves.

22. Denied. The Loan Documents are writings, the terms of which speak for themselves.

23. Denied. The Loan Documents are writings, the terms of which speak for themselves.

24. Denied. Plaintiff had breached its obligations under the Loan Documents.

25. Denied. Plaintiff was already in beach of its obligations under the Loan Documents and no payment was required.

26. Denied.

27. Admitted only that a letter was sent. The validity of such letter is denied.

28. Denied.

29. Denied.

2

## COUNT I

30.    This paragraph contains incorporation language to which no response is required.

31.    Admitted.

32.    Denied.

33.    Denied.

**WHEREFORE**, Answering Defendant respectfully requests Judgment be entered in favor of Defendant.

## AFFIRMATIVE DEFENSES

1.    Plaintiff breached its obligations as follows:

    (a)    Failure to approve tenants;

    (b)    Interference with leasing and construction;

    (c)    Failure to approve or fund construction work for the Property;

    (d)    Failure to approve sales of property; and,

    (e)    Failure to fund draws or fund draws timely.

2.    Plaintiff fails to state a claim for relief.

3.    Plaintiff's claims are barred by the doctrine of laches and unclean hands.

4.    Plaintiff has breached the covenant of good faith and fair dealing.

**CIARDI CIARDI & ASTIN**

Date:   March 13, 2025

By:    */s/ Albert A. Ciardi, III*
      Albert A. Ciardi, III, Esquire
      1905 Spruce Street
      Philadelphia, PA 19103
      Telephone: (215) 557-3550
      Facsimile: (215) 557-3551
      aciardi@ciardilaw.com

3

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | : |
| | : CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : |
| | : No.: 2:25-cv-44 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| | : |
| JENKINS COURT REALTY CO., LP. | : |
| | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I, Albert A. Ciardi, III, Esquire, hereby caused on this _____ day of March, 2025, a true and correct copy of *Defendant's Answer and Affirmative Defenses* was served via electronic case filing (ecf) and United States first class mail, postage prepaid upon the following:

Gleb Epelbaum, Esquire
Kurtz and Partners, PC
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA  19087
gepelbaum@kurtzpartners.com
*Counsel to Plaintiff, ICON PSG 1 FL, LLC*

**CIARDI CIARDI & ASTIN**

By:    */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardil@ciardilaw.com

4

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, Albert A. Ciardi, III, Esquire, hereby caused on this 13th day of March, 2025, a true and correct copy of *Jenkins Motion to Set Aside Default and Permit Answer* was served via electronic case filing (ecf) and United States first class mail, postage prepaid upon the following:

Gleb Epelbaum, Esquire
Kurtz and Partners, PC
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA  19087
gepelbaum@kurtzpartners.com
*Counsel to Plaintiff, ICON PSG 1 FL, LLC*

### CIARDI CIARDI & ASTIN

By:     */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardi1@ciardilaw.com

4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                      :
                                           :    CIVIL ACTION
ICON PSG 1 FL, LLC,                        :
                                           :    No.:  2:25-cv-44
                    Plaintiff,             :
                                           :
        v.                                 :
                                           :
                                           :
JENKINS COURT REALTY CO., LP.              :
                                           :
                    Defendant.             :

### AFFIDAVIT OF PHILIP PULLEY

Philip Pulley, (the "Defendant") by and through their counsel Ciardi Ciardi & Astin, hereby states under oath as follows:

1. Attached hereto are a small portion of the medical records relating to my health conditions since January 2025.

2. On January 20, 2025 in the Emergency Room I was diagnosed with a mass Hematoma in my left leg.

3. On January 27, 2025, I was diagnosed with an infection in my leg that was septic.

4. I have undergone over __5__ surgeries since January 27, 2025.

5. I have undergone 6 bedside procedures since January 27, 2025.

6. I have been in the hospital, either in surgery or recovery, for 6 out of 8 weeks.

7. My wife and daughter have done their best to manage my affairs while I have been recovering, including sending emails on my behalf.

8. My surgeries occurred on the following days for the following reasons

I

a. First one – January 27, 2025, emergency surgery – Infection and mass hematoma

b. Second one – February 3, 2025, debridement/drain wound

c. Third one – February 4, 2025, debridement/drain wound

d. Fourth one – February 5, 2025, debridement/drain wound

e. Fifth one – February 6, 2025, debridement/drain wound

f. Sixth one – February 10, 2025, debridement/drain wound

9. Each surgery required anesthesia and substantial amounts or pre-and-post antibiotic and anti-pain medication.

10. The dates of Bedside procedures were:

a. January 28, 2025
b. January 29, 2025
c. January 30, 2025
d. February 12, 2025
e. March 10, 2025
f. March 13, 2025

These were performed with advance pain medications

11. I was released from the Hospital on February 12, 2025, with IV antibiotics infusion twice (2x) daily.

12. When released I had a midline in my left arm.

13. On the release date I had the installation of a Wound Vac that remained in place until March 10, 2025.

14. During the hospital stay and at home I was taking prescribed pain medication 3-4x daily.

15. Upon my release on March 14, 2025, I had another midline.

16. As of today, I am on IV Antibiotics.

2

17. As of today I am receiving wound care 2 x daily

18. At this time I still find it necessary to take prescribed pain medication

19. Attached hereto are the records of the medications which I take on a daily basis.

20. I have not been able to address my health and all of my legal issues on a timely and complete basis.

21. The statements made by my counsel regarding my condition in my Motion to Set aside Default are accurate and truthful. I am prepared to testify regarding the same although I will need an accommodation for my current physical condition.

Date: March 27, 2025

_____
Philip Pulley

IN THE STATE OF FLORIDA       :

                              :       SS

COUNTY OF Broward       :

On this, the __27__ day of __March__, 2025, before me, the undersigned Notary Public, personally appeared Philip Pulley, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, the person or the entity upon which the person acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal,

_____
Notary Public

My commission expires: 02 | 01 | 2027

3

Isabel Sanchez
Comm.: HH 356925
Expires: February 1, 2027
Notary Public - State of Florida

Appx403

# Exhibits to the Affidavit of Phillip Pulley were not electronically filed with the Court.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re                                                              :
                                                                   :    CIVIL ACTION
ICON PSG 1 FL, LLC,                                                :
                                                                   :    No.:  2:25-cv-44
                                  Plaintiff,                       :
                                                                   :
             v.                                                    :
                                                                   :
                                                                   :
JENKINS COURT REALTY CO., LP.                                      :
                                                                   :
                                  Defendant.                       :

### CERTIFICATE OF SERVICE

I, Albert A. Ciardi, III, Esquire, hereby caused on this 28 day of March, 2025, a true and

correct copy of *Affidavit of Phillip Pulley* was served via electronic case filing (ecf) and United

States first class mail, postage prepaid upon the following:

Gleb Epelbaum, Esquire
Kurtz and Partners, PC
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA  19087
gepelbaum@kurtzpartners.com
*Counsel to Plaintiff, ICON PSG 1 FL, LLC*

**CIARDI CIARDI & ASTIN**

By: _____
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardil@ciardilaw.com

4

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ICON PSG 1 FL, LLC, | : | |
| | : | |
| **Plaintiff,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:25-cv-00044-GAM |
| | : | |
| JENKINS COURT REALTY CO., L.P., | : | |
| | : | |
| **Defendant.** | : | |

**RECEIVER'S MOTION TO COMPEL DEFENDANT'S
COMPLIANCE WITH THE COURT'S RECEIVER ORDER**

Trigild IVL, LLC, the Court-appointed receiver (the "Receiver"), by its counsel, respectfully moves the Court to compel Defendant, Jenkins Court Realty Co., L.P., and its agents to comply with their obligations to deliver specified information and documentation to the Receiver pursuant to the Court's Order entered on February 21, 2025 (ECF Doc. No. 13). In support of its motion, the Receiver relies upon its supporting memorandum of law and the Declaration of Jonathan Lakner.

Respectfully submitted,

Dated: April 23, 2025

*/s/ Raymond A. Quaglia*
Raymond A. Quaglia, Esq.
Brian N. Kearney, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 10103
Mt. Laurel, New Jersey 08054-0015
(215) 665-8500
quaglia@ballardspahr.com
kearneyb@ballardspahr.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of Plaintiff's Motion to Compel Defendant's Compliance with Receiver Order to be served via ECF upon all counsel of record.


Dated:  April 23, 2025                    */s/ Raymond A. Quaglia*
                                         Raymond A. Quaglia

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

---

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S**
**MOTION TO SET ASIDE DEFAULT AND PERMIT ANSWER**

---

Gleb Epelbaum, Esquire (ID No. 320904)
**KURTZ AND PARTNERS P.C.**
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

**TABLE OF CONTENTS**

I.     FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 4

     A.    The Complaint............................................................................................... 4

     B.    The Receivership Proceedings ..................................................................... 4

     C.    Pulley Emails and Defendant's Noncompliance with the Receivership Order ..... 7

     D.    Other Court Proceedings Involving Pulley.................................................. 8

     E.    The Default ................................................................................................ 11

     F.    Defendant's Motion to Set Aside Default and Permit Answer ............................. 11

II.    ARGUMENT .................................................................................................... 13

     A.    Legal Standard ........................................................................................... 13

     B.    Defendant's Failure to Timely File an Answer to the Complaint Is Not Excusable ..... 14

     C.    Defendant Has Failed to Assert a Meritorious Defense ....................................... 20

     D.    No Alternative Sanctions Are Available ................................................... 23

III.   CONCLUSION ................................................................................................. 24

**TABLE OF AUTHORITIES**

**Cases**

*Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*,
　192 F.R.D. 171 (E.D. Pa. 2000)........................................................................ 13, 19

*Emcasco Ins. Co. v. Sambrick*,
　834 F.2d 71 (3d Cir. 1987)...................................................................................... 12

*Farnese v. Bagnasco*,
　687 F.2d 761 (3d Cir. 1982)................................................................................... 13

*Foy v. Dicks*,
　146 F.R.D. 113 (E.D. Pa. 1993)................................................................. 12, 13, 22

*Gross v. Stereo Component Sys., Inc.*,
　700 F.2d 120 (3d Cir. 1983)................................................................................... 13

*Hritz v. Woma Corp.*,
　732 F.2d 1178 (3d Cir. 1984).................................................................................. 12

*ICON PSG 1 FL, LLC v. Jenkins Ct. Realty Co., L.P.*,
　No. CV 25-0044, 2025 WL 589206 (E.D. Pa. Feb. 21, 2025)............................. 5, 21

*ICON PSG 1 FL, LLC v. Jenkins Ct. Realty Co., L.P.*,
　No. CV 25-0044, 2025 WL 593106 (E.D. Pa. Feb. 21, 2025).................................. 5

*Lowenschuss v. Pettit*,
　No. CIV. A. 86-5973, 1990 WL 2189 (E.D. Pa. Jan. 11, 1990)............................. 17

*Muhammad v. Conner*,
　No. 10-CV-1449 YGR, 2012 WL 2428937 (N.D. Cal. June 26, 2012) ................. 16

*Trachtman v. T. M. S. Realty & Fin. Servs.*,
　393 F. Supp. 1342 (E.D. Pa. 1975) ................................................................. 13, 19

*United States v. $55,518.05 in U.S. Currency*,
　728 F.2d 192 (3d Cir. 1984)............................................................................ 12, 19

**Rules**

Fed. R. Civ. P. 11 ........................................................................................................ 21

Fed. R. Civ. P. 4 .................................................................................................... 10, 13

Fed. R. Civ. P. 55 .................................................................................................. 12, 14

Fed. R. Evid. 201 ......................................................................................................... 7

Fed. R. Evid. 609 ....................................................................................................... 16

Pa. R. Prof. Conduct 1.2 ............................................................................................ 16

Pa. R. Prof. Conduct 1.4 ............................................................................................ 16

iii

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Complaint

Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff") commenced this foreclosure action by way of the Complaint that was filed on January 6, 2025 [ECF No. 1].  The Summons was issued by the Court on January 6, 2025 [ECF No. 4].  Copies of the Complaint, the Summons, the Notice of a Lawsuit and Request to Waive Service of a Summons, and the Waiver of the Service of Summons (collectively, the "Waiver Documents") were sent to Michael Yanoff, Esquire ("Attorney Yanoff") of the law firm Goldstein Law Partners, LLC (the "Goldstein Firm")—counsel of record for Defendant, Jenkins Court Realty Co., L.P. ("Defendant")—on January 9, 2025. A true and correct copy of the relevant email exchange between Attorney Yanoff and counsel for Plaintiff is attached hereto as *Exhibit A*. *See also* Declaration of Gleb Epelbaum, Esquire in Support of Plaintiff's Brief in Opposition to Defendant's Motion to Set Aside Default and Permit Answer filed contemporaneously herewith (the "Epelbaum Declaration") at ¶ 4.  Attorney Yanoff executed the Waiver of the Service of Summons on behalf of Defendant, which was then filed on January 15, 2025 [ECF No. 6].

### B.  The Receivership Proceedings

On January 10, 2025, Plaintiff filed the Motion for Expedited Appointment of a Receiver [ECF No. 5] (the "Receivership Motion").  On January 13, 2025, via email, Attorney Yanoff requested an extension of time for Defendant to file a response to the Receivership Motion due to his then-upcoming travel. *See Exhibit A*.  In his emails, Attorney Yanoff did not (i) request an extension of the deadline for Defendant to file a response to the Complaint; or (ii) set forth any other reason for requesting an extension of time for Defendant to file an opposition to the

Receivership Motion. *See id.* Plaintiff agreed to a seven-day extension for Defendant to file an opposition to the Receivership Motion. *See id.*

On January 31, 2025, (i) Shawn M. Rogers, Esquire (also of the Goldstein Firm) entered his appearance on behalf of Defendant [ECF No. 9]; and (ii) Defendant filed Defendant's Response in Opposition to Plaintiff's Motion for Expedited Appointment of a Receiver [ECF No. 10] (the "Receivership Motion Opposition Brief"). In the Receivership Motion Opposition Brief, Defendant attempted to oppose the Receivership Motion based on, *inter alia*, allegations that Plaintiff purportedly "breached" the Loan Documents[1] by allegedly not disbursing certain funds to Defendant, which purported "breaches" somehow "caused" the Events of Default set forth in the Complaint and the Receivership Motion. *See generally* Receivership Motion Opposition Brief.

On February 11, 2025, Plaintiff filed the Reply Brief in Support of Plaintiff's Motion for Expedited Appointment of a Receiver [ECF No. 11] (the "Receivership Motion Reply Brief").[2] In the Receivership Motion Reply Brief, Plaintiff, *inter alia*, brought the following problems regarding the arguments made in the Receivership Motion Opposition Brief to this Court's and Defendant's attention:

- Even if Defendant's factual allegations regarding purported non-disbursement of funds were supported by admissible evidence (which was not the case), Plaintiff was not obligated to make any disbursements to Defendant due to Defendant's continuous and repeated defaults under the terms of the Loan Agreement.

---

[1] All capitalized terms not defined herein shall have the same meaning as they do in the Brief in Support of Plaintiff's Motion for Expedited Appointment of a Receiver [ECF No. 5-1], which is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c).

[2] The Receivership Motion Reply Brief is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c).

5

- Any purported non-disbursements could not have constituted breaches of the Loan Documents because there was no evidence that Defendant provided Plaintiff with any contractually mandated written notices of default within the timeframe specified in the Loan Agreement.

- The Loan Agreement required Defendant to make payments "without counterclaim or setoff," so none of Defendant's allegations regarding Plaintiff's purported non-disbursement of funds relieved Defendant of its obligations to make timely monthly payments.

*See* Receivership Motion Reply Brief at 12–17.

On February 21, 2025, this Court issued a Memorandum [ECF No. 12],[3] granting the Receivership Motion   In doing so, this Court held that, *inter alia*, evidence that Defendant provided Plaintiff with "notice of the breach to Plaintiff within 30 days of any alleged noncompliance [was] a prerequisite to establishing breach [by Plaintiff] under the [Loan] Agreement," which Defendant did not provide.  *ICON PSG 1 FL, LLC*, 2025 WL 589206, at *3–*4.  Based on the Court's decision set forth in the Memorandum, the Court issued the Order dated February 21, 2025 [ECF No. 13] (the "Receivership Order"), appointing Trigild as the receiver for the Property and imposing a number of obligations on Defendant and Trigild with respect to the Property.[4]

---

[3] *ICON PSG 1 FL, LLC v. Jenkins Ct. Realty Co., L.P.*, No. CV 25-0044, 2025 WL 589206 (E.D. Pa. Feb. 21, 2025) (McHugh, J).

[4] *ICON PSG 1 FL, LLC v. Jenkins Ct. Realty Co., L.P.*, No. CV 25-0044, 2025 WL 593106 (E.D. Pa. Feb. 21, 2025) (McHugh, J).

### C. __Pulley Emails and Defendant's Noncompliance with the Receivership Order__

Beginning on February 25, 2025 (*i.e.*, shortly after this Court's entry of the Receivership Order), Philip Pulley ("Pulley")—Defendant's principal—sent numerous emails to representatives of Trigild regarding the transition of Property operations from Defendant and/or the Manager to the Receiver (collectively, the "Pulley Emails"). True and correct copies of the Pulley Emails are collectively attached hereto as *Exhibit B*. *See also* Epelbaum Declaration at ¶ 6. None of the Pulley Emails mention or indicate that Pulley was dealing with any type of health issues at the time. *See Exhibit B*. The Pulley Emails show that, during the entire two-week period during which the Pulley Emails were sent, Pulley was aware of, actively involved in, and ready, willing, and able to deal with the day-to-day operations of the Property. *See id.*

The Pulley Emails were sent by Pulley to representatives of Trigild in response to their repeated requests for documentation and information necessary for Trigild to take over the operation of the Property, as required by the Receivership Order. *See id.* Per the Pulley Emails, not only was Pulley refusing to provide Trigild with such information and documentation, he was making demands ***on Trigild*** to provide information and documentation ***to Pulley*** pertaining to the Property. *See id.* After Trigild's repeated and unsuccessful attempts to obtain Property-related information and documentation from Defendant, Trigild's filed Receiver's Motion to Compel Defendant's Compliance with the Court's Receiver Order [ECF Nos. 22 & 23] (the "Receiver's Motion to Compel").[5] The Receiver's Motion to Compel is currently pending before this Court.

---

[5] The Receiver's Motion to Compel and all supporting documentation is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c).

### D. Other Court Proceedings Involving Pulley

Concurrently with this litigation, Pulley and numerous entities owned and/or controlled by Pulley have been (and continue to be) involved in multiple civil and criminal proceedings:[6]

1. Ten different entities owned and/or controlled by Pulley have been involved in foreclosure proceedings instituted by Fannie Mae with the United States District Court for the Eastern District of Pennsylvania captioned *Fannie Mae v. Harrison Court Realty Co., L.P., et al.*, No. 2:24-cv-04722-CMR (E.D. Pa.) (the "Fannie Mae Foreclosure").[7]

2. Several other entities, as well as Pulley individually, have been involved in litigation brought by the Commonwealth of Pennsylvania in the Court of Common Pleas for Philadelphia County, Pennsylvania captioned *Commonwealth of Pennsylvania v. Cresheim Valley Realty Co., L.P., et al.*, No. 230701198 (Pa. Com. Pl. Phila. Cnty. Ct.) (the "Philadelphia County Litigation").[8]  Attorney Yanoff represents Pulley and his companies in the Philadelphia County Litigation.

3. Defendant, Manager, and Pulley individually have been involved in a collection action filed by a provider of scaffolding equipment at the Property in the Court of Common Pleas for Montgomery County, Pennsylvania captioned *Superior Scaffold Services, Inc. v. SBG Management Services, Inc., et al.*, No. 2025-00055 (Pa. Com. Pl. Montgomery

---

[6] This Court may take judicial notice of all of the court proceedings referenced herein, together with all filings made therein. Fed. R. Evid. 201.

[7] A copy of the Fannie Mae Foreclosure docket is attached hereto as *Exhibit C*.

[8] A copy of the Philadelphia County Litigation docket is attached hereto as *Exhibit D*.

Cnty. Ct.) (the "Montgomery County Litigation").[9]    Attorney Yanoff likewise represents Pulley and his companies in the Montgomery County Litigation.

4. Pulley has been involved in criminal proceedings before the Honorable Mitchell Goldberg in the United States District Court for the Eastern District of Pennsylvania captioned *United States of America v. Philip C. Pulley*, No. 2:24-cr-00288-MSG (E.D. Pa.) (the "Pulley Criminal Proceedings"), wherein Pulley pled guilty to charges of voter fraud and several related offenses.[10]

5. Plaintiff instituted confessed judgment proceedings against Defendant and Pulley in the Circuit Court for Baltimore, Maryland captioned *ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., et al.*, No. C-03-CV-25-000263 (Md. Baltimore Cnty. Cir. Ct.) (the "Confessed Judgment Proceedings").

Based on the publicly available information, numerous filings were made on behalf of Pulley and Pulley-controlled defendants between January 9, 2025, and March 13, 2025, in the Fannie Mae Foreclosure, the Philadelphia County Litigation, the Montgomery County Litigation, and the Pulley Criminal Proceedings:

**Fannie Mae Foreclosure:**

- A stipulation to extend time for the defendants to file a response to Fannie Mae's motion to amend the receivership order (filed on February 13, 2025).

- A stipulation to extend time for the defendants to file an answer to the amended complaint (filed on February 13, 2025).

- A stipulation to extend case management deadlines (filed on February 19, 2025).

---

[9] A copy of the Montgomery County Litigation docket is attached hereto as *Exhibit E*.

[10] A copy of the Pulley Criminal Proceedings docket is attached hereto as *Exhibit F*.

- The defendants' response to the motion to amend the receivership order (filed February 26, 2025).

- The defendants' answer to the amended complaint (filed February 27, 2025).

**Philadelphia County Litigation:**

- An appeal to the Pennsylvania Superior Court (filed January 16, 2025).

- A praecipe to attach an affidavit (filed February 5, 2025).

- A statement of matters complained of on appeal (filed February 17, 2025).

**Montgomery County Litigation**

- Preliminary Objections filed on behalf of all defendants, including Defendant, Manager, and Pulley, on February 17, 2025 (the "Montgomery County Litigation POs"). A true and correct copy of the Montgomery County Litigation POs is attached hereto as *Exhibit G*. The Montgomery County Litigation POs included a verification signed by Pulley, with Pulley stating that all statements made in the Montgomery County Litigation POs were true to the best of his knowledge, information, and belief. *See Exhibit G* at 9.

**Pulley Criminal Proceedings**

- Motion for Released of Passport filed by Pulley *pro se* on January 10, 2025.

- Motion to Permit Travel Outside the United States filed on January 23, 2025 (this time through an attorney), seeking permission for Pulley to travel to the Galapagos Islands and Ecuador from May 13, 2025, until May 25, 2025 (the "Pulley Travel Motion"). A true and correct copy of the Pulley Travel Motion is attached hereto as *Exhibit H*.

10

Furthermore, on March 25, 2025, the confessed judgment paperwork filed in the Confessed Judgment Proceedings was personally served on Pulley at his Florida residence. A true and correct copy of the Affidavit of Service prepared by a representative of Guaranteed Subpoena Services, Inc. (the "Pulley Service Affidavit") is attached hereto as *Exhibit I*. *See also* Epelbaum Declaration at ¶ 7. Per the Pulley Service Affidavit, (i) an individual working outside Pulley's Florida residence advised the process server that Pulley was inside and identified Pulley through the window; (ii) Pulley answered the door and confirmed his identity; and (iii) once the process server advised Pulley as to who he was and the purpose of the visit, Pulley then told the process server that he was merely a tenant and shut the door. *See Exhibit I.*

### E. The Default

At no point did Attorney Yanoff or any other counsel for Defendant request an extension of time to file a response to the Complaint. *See* Epelbaum Declaration at ¶ 5. Because Defendant failed to file an answer to or otherwise move with respect to the Complaint within the time permitted under the applicable rules (*i.e.,* March 10, 2025),[11] Plaintiff filed a Request for Entry of Default [ECF No. 15] on March 12, 2025. On March 13, 2025, the Clerk of Court entered a default against Defendant [ECF No. 16] (the "Default").

### F. Defendant's Motion to Set Aside Default and Permit Answer

On March 13, 2025, Defendant filed the Motion to Set Aside Default and Permit Answer [ECF No. 17] (the "Default Set Aside Motion"). The Default Set Aside Motion was filed on behalf of Defendant by Albert A. Ciardi III, Esquire of the law firm Ciardi Ciardi & Astin, P.C.

---

[11] *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . .").

The Default Set Aside Motion does not question the timing as to when the Waiver Documents were sent to Attorney Yanoff or the timeliness of Plaintiff's filing of the Request for Entry of Default (in fact, it confirms such timing). Nor does the Default Set Aside Motion allege that any requests for extension for Defendant to file a response to the Complaint were requested or granted.  Instead, the Default Set Aside Motion, for the first time, alleges that Defendant was purportedly unable to prepare and file a response to the Complaint during the eight-week period between the date on which the Waiver Documents were provided to Attorney Yanoff and the entry of the Default because Pulley was allegedly in the hospital for six of those weeks and was therefore "unable to assist counsel." *See* Default Set Aside Motion at ¶ 4.

Attached to the Default Set Aside Motion as an exhibit is an Answer and Affirmative Defenses to Complaint in Mortgage Foreclosure that Defendant intends to file in the event the Default is set aside (the "Proposed Answer"). *See* Default Set Aside Motion at Ex. A.  The three-page Proposed Answer is comprised of conclusory admissions, denials, and non-responses. *See generally id.*  Of the four affirmative defenses set forth in the Proposed Answer, the only substantive defense is based on vague and conclusory allegations that "Plaintiff breached its obligations as follows: (a) Failure to approve tenants; (b) Interference with leasing and construction; (c) Failure to approve or fund construction work for the Property; (d) Failure to approve sales of the property; and, [sic] (e) Failure to fund draws or fund draws timely." *See id.* at Affirmative Defenses ¶ 1.

On March 28, 2025—*i.e.*, more than two weeks after the Default Set Aside Motion was filed—Defendant filed the Affidavit of Philip Pulley [ECF Doc. 19] (the "Pulley Affidavit").  The Pulley Affidavit—which was filed by Defendant in support of the Default Set Aside Motion—alleges that Pulley purportedly (i) underwent several surgeries and "bedside procedures" between

January 7, 2025, and March 13, 2025; and (ii) took antibiotics and pain medication. *See generally* Pulley Affidavit. The Pulley Affidavit does not allege that Pulley was so incapacitated during the eight-week period between January 9, 2025 (the date on which the Waiver Documents were sent to Attorney Yanoff) and March 13, 2025 (the date on which the Default was entered) as to be unable to assist his attorneys in preparing the three-page Proposed Answer. *See generally id.*

## II.    ARGUMENT

### A.  Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once entered, a default may only be set aside "for good cause." Fed. R. Civ. P. 55(c). "The decision as to whether to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) is left primarily to the discretion of the Court." *Foy v. Dicks*, 146 F.R.D. 113, 115 (E.D. Pa. 1993) (Dalzell, J.) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).

In deciding whether a default should be set aside, "[t]he applicable factors that the district court must consider are: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). *See also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) ("We require the district court to consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be

prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct."); *Trachtman v. T. M. S. Realty & Fin. Servs.*, 393 F. Supp. 1342, 1347 (E.D. Pa. 1975) (Broderick, J.) ("Generally, a Rule 55(c) motion will not be granted unless the Court finds (1) that the nondefaulting party will not be substantially prejudiced by the reopening, (2) that the defaulting party has a meritorious defense and, (3) that the default was not the result of inexcusable or gross negligence or a willful act.").

### B. Defendant's Failure to Timely File an Answer to the Complaint Is Not Excusable

When the default is entered due to a party's culpable conduct (as opposed to excusable neglect), the default should not be set aside. *See Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000) (Brody, J.) ("Next, I must determine whether Miller's failure to answer Choice's complaint was the result of culpable conduct. Culpable conduct means 'actions taken willfully or in bad faith.'") (citing *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983)) (internal citation omitted); *Foy*, 146 F.R.D. at 117 ("In this context, 'culpable conduct means actions taken willfully or in bad faith.'"). The defaulting party's bad-faith conduct—before ***or after*** a default is entered—can "provide the basis for refusing to set aside a default." *Farnese v. Bagnasco*, 687 F.2d 761, 765 (3d Cir. 1982).

Copies of the Waiver Documents were sent to Attorney Yanoff on January 9, 2025. As such, Plaintiff had until March 10, 2025, to file and answer or otherwise respond to the Complaint. *See* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . ."). At no point did any of Defendant's three attorneys from two different law firms request an extension of this deadline. Because Defendant failed to file an answer to or otherwise move with respect to the Complaint prior to March 10, 2025, Plaintiff sought and obtained the Default, as

14

authorized under the Rules. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

In the Default Set Aside Motion, Defendant does not dispute the timing of the Waiver Documents being sent to Attorney Yanoff. Nor does it allege that any requests were made by any of Defendant's attorneys to secure an extension to the already generous sixty-day period for Defendant to file a response to the Complaint afforded by the Rules. Instead, the **_sole_** reason provided by Defendant in the Default Set Aside Motion as to why Defendant failed to file a timely response to the Complaint within such sixty-day period was that Pulley's purported health issues allegedly made him "unable to assist counsel" in preparing the three-page formulaic Proposed Answer. The overwhelming evidence regarding Pulley's actions during such period, however, thoroughly contradicts such allegation.

During the entire sixty-day period in question, Pulley and his companies were very active in no fewer than five (5) different court proceedings (including this action), in which they made no fewer than twelve (12) separate filings during that very same time period. Defendant vigorously contested the Receivership Motion, which certainly involved some input from Pulley. In fact, many of the grounds on which Defendant opposed the Receivership Motion were the very same "defenses" that Defendant now seeks to assert in the Proposed Answer—*i.e.*, allegations the Plaintiff "breached" the Loan Agreement by purportedly, *inter alia*, not disbursing certain funds to Defendant. It is disingenuous for Defendant to allege that Pulley was "unable to assist counsel" in preparing the Proposed Answer, yet having no problem litigating the very same "defenses" in the context of the Receivership Motion.

15

The amount of activity by Pulley and the various Pulley-controlled entities in the other four court proceedings further refutes any allegation that Pulley was purportedly too sick to assist Defendant's counsel in preparing the Proposed Answer.  On January 23, 2025—only three days (per the Pulley Affidavit) after Pulley was purportedly "diagnosed with a mass Hematoma" "in the Emergency Room"[12]—Pulley filed a motion in the Pulley Criminal Proceedings to permit him to travel to Galapagos Islands and Ecuador in May 2025. *See Exhibit F* at ECF No. 23.  Three weeks later, stipulations were filed in the Fannie Mae Foreclosure to extend time for the Pulley-controlled defendants to respond the Fannie Mae's motion to amend the receivership order and the amended complaint. *See Exhibit C* at ECF Nos. 35 & 36.   The very next week, (i) a statement of matters complained of on appeal was filed on behalf of Pulley and other defendants controlled by Pulley in the Philadelphia County Litigation (where Pulley and his various companies are represented by the very same counsel who represents Defendant in this litigation); and (ii) the Montgomery County Litigation POs filed on behalf of Pulley, Defendant, and Manager in the Montgomery County Litigation (where Pulley, Defendant, and Manager and ***also*** represented by the same counsel). *See Exhibit D* (February 17, 2025, 06:24 PM docket entry); *Exhibit E* at Docket No. 6; *Exhibit G*.  Pulley himself reviewed and signed the Montgomery County Litigation POs. *See Exhibit G* at 9.  Ten days later, Pulley-controlled defendants filed an opposition to Fannie Mae's motion to amend the receivership order and an answer to Fannie Mae's amended complaint. *See Exhibit C* at ECF Nos. 41 & 42.

The numerous filings discussed above were made during the very period of time when Pulley was purportedly too sick to assist his counsel to prepare the three-page Proposed Answer that Defendant now seeks to file in this matter.  The Montgomery County Litigation POs were

---

[12] *See* Pulley Affidavit at ¶ 2.

actually reviewed and signed by Pulley.  Under the applicable rules of professional conduct, Pulley likewise had to have been involved with the other filings. *See* Pa. R. Prof. Conduct 1.2(a) ("[A] lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."); Pa. R. Prof. Conduct 1.4(a) ("A lawyer shall: . . . reasonably consult with the client about the means by which the client's objectives are to be accomplished.").

Defendant's allegations that Pulley was "unable to assist counsel" in preparing the Proposed Answer due to his purported health problems is further contradicted by the flurry of Pulley Emails that immediately followed the Receivership Order.  Between February 25, 2025, and the entry of the Default, Pulley sent Trigild representatives numerous Pulley Emails, usually several times per day. *See Exhibit B*.  Not only do the Pulley emails show that he was well enough to communicate with other parties, they show that Pulley was very much aware of, actively involved in, and ready, willing, and able to deal with the day-to-day operation of the Property. *See id.*

In the Pulley Affidavit, Pulley alleges that he had several surgeries and "bedside procedures" and has been taking antibiotics and pain medications. *See generally* Pulley Affidavit.[13]

---

[13] In the Pulley Criminal Proceedings, Pulley pled guilty to voter fraud, voter registration fraud, and voting more than once in a federal election. *See* Pulley Criminal Proceedings ECF No. 20.  It is respectfully submitted that this Court should take such guilty plea into consideration in assessing credibility of the allegations made by Pulley in the Pulley Affidavit, particularly in light of the extensive evidence demonstrating that Pulley was more than capable in assisting his three attorneys in preparing the Proposed Answer. *See* Fed. R. Evid. 609(a)(2) (permitting introduction of witness's criminal convictions where "the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement" for the purpose of impeachment of such witness's credibility); *Muhammad v. Conner*, No. 10-CV-1449 YGR, 2012 WL 2428937, at *5 (N.D. Cal. June 26, 2012)  ("Prior to trial the Court was asked to rule on the admissibility of Plaintiff's six felony convictions for election and voter registration fraud. The Court first determined that under Federal Rule of Evidence 609(a)(2), '[a]ll six of Plaintiff's felony convictions are admissible to impeach Plaintiff's credibility because all six convictions are for crimes that involve dishonesty or a false statement.' Specifically, the Court ruled that 'to the extent that Plaintiff himself does not

17

While the Pulley Affidavit makes a conclusory allegation that Pulley "ha[s] not been able to address [his] health issues and all of [his] legal issues on a timely and complete basis,"[14] it does not allege that Pulley was completely incapacitated or unavailable during the relevant time period.[15]

All of the foregoing demonstrates that Defendant's failure to file a timely answer to the Complaint was anything but inadvertent or excusable. During the entire sixty-day period between the date on which the Waiver Documents were provided to Attorney Yanoff and the date on which the Default was entered, numerous court filings were made on behalf of Pulley and Pulley-controlled entities, in this litigation and four other proceedings (in one of which Pulley and his companies are represented by the same counsel who is representing Defendant in this litigation). After the Receivership Order was entered, Pulley regularly communicated with Trigild's

---

admit the convictions during direct examination, they may be used during cross-examination for the purpose of impeaching his credibility.' Plaintiff does not complain that the convictions were not admissible. Plaintiff's perjury and fraud convictions were recent and were directly relevant to the issue of Plaintiff's credibility, a fundamental issue in the case.") (internal citations omitted) (alteration in the original).

[14] *See* Pulley Affidavit at ¶ 20.

[15] The Default Set Aside Motion attempts to rely on *Lowenschuss v. Pettit* for the proposition that "[t]he health issues of Defendant's principal provide good cause permit [sic] the Court to set aside the default." *See* Default Set Aside Motion at ¶ 8 (citing *Lowenschuss v. Pettit*, No. CIV. A. 86-5973, 1990 WL 2189 (E.D. Pa. Jan. 11, 1990) (Bechtle, J.). The defendant in *Lowenschuss* that was seeking to set aside a default was unquestionably too sick to defend herself in that action. *See Lowenschuss*, 1990 WL 2189 at *1–2 ("In her Motion to Set Aside Default, Taylor claims to having been terribly ill and completely unable physically, financially or mentally to defend this action. She was rendered a quadrapalegic [sic] after spinal surgery in 1984 and has been repeatedly hospitalized since that time due to complications from surgery, kidney failure, and other serious ailments. . . . Here, there is no question but that defendant has been gravely ill since at least 1984 and that this condition has worsened markedly in the intervening years."). The evidence of vigorous litigation on the part of Pulley and his various entities in five separate actions, together with the numerous Pulley Emails showing his understanding of and active involvement with the operation of the Property, make Defendant's failure to file a timely response to the Complaint completely different from the situation in *Lowenschuss*.

18

representative and, per the Pulley Emails, was involved in the operations or the Property, demonstrating his high degree of understanding of the then-current activities at the Property and ability to make strategic decisions regarding Property management. If Pulley was well enough to have this level of involvement with Property operation and management (as evidenced by the Pulley Emails), Defendant cannot possibly take the position that Pulley was too sick to assist Defendant's counsel in preparing a simple three-page Proposed Answer.[16] The only conclusion that can be drawn from all of this is that, after the entry of the Receivership Order that put Trigild in charge of the Property, Defendant made a deliberate choice not to file an answer to the Complaint and was only prompted to do so after the Default was entered.

Defendant's culpable conduct regarding failure to file a timely answer to the Complaint is further evidenced by Pulley's bad-faith actions, both in this litigation and in trying to evade service in the Confessed Judgment Proceedings. As evidenced by the Pulley Emails, Pulley—in violation of the Receivership Order—has refused to provide Trigild with the information and documents necessary for Trigild to effectively operate the Property. *See Exhibit B*. As a result, Trigild had to file the Receiver's Motion to Compel (which is currently pending before this Court). Finally, as evidenced by the Pulley Service Affidavit, Pulley attempted to deceive the process server who sought to serve Pulley with the Confessed Judgment Proceedings paperwork in order to evade service, further highlighting Pulley's disregard for the judicial process. *See Exhibit I*. All such bad-faith conduct by Pulley further weighs in favor of keeping the Default entered in this litigation in place.

---

[16] Considering how few factual averments or denials are set forth in the Proposed Answer, Pulley's involvement in preparing the Proposed Answer could not have extended beyond a brief discussion with his counsel and an even quicker review of the document before filing.

19

## C. Defendant Has Failed to Assert a Meritorious Defense

"The showing of a meritorious defense is a prerequisite to the setting aside of a default." *Trachtman*, 393 F. Supp. at 1347. "The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a ***complete*** defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (internal quotations omitted) (emphasis added). "To meet this factor, the defendants' answer and pleadings must contain specific facts that would allow them to advance a complete defense." *Choice Hotels Int'l, Inc*, 192 F.R.D. at 174 (internal quotations omitted). Conclusory allegations that do not assert sufficient specific facts that, if proven at trial, would amount to a complete defense do not constitute a meritorious defense sufficient to set aside a default. *See $55,518.05 in U.S. Currency*, 728 F.2d at 196–97 ("Golden neither denies any of these averments, nor questions whether the government has established probable cause. He merely asserts that the money 'was neither furnished nor intended to be furnished by any person in exchange for a controlled substance.' Furthermore, he fails to set forth any allegations containing facts which, if proven at trial, would constitute a meritorious defense to the forfeiture. . . . Because we agree with the Court below that Golden failed to establish a meritorious defense, his motion to set aside the entry of default and the default judgment must be denied.") (internal citations omitted); *Choice Hotels Int'l, Inc*, 192 F.R.D. at 175 ("Other than Miller's conclusory assertions above, however, he makes no attempt to state specific facts that would allow him a complete defense. Therefore, I conclude that he has failed to establish a meritorious defense that, if proven at trial, would constitute a complete defense.").

In the Proposed Answer, Defendant's only substantive "affirmative defense" is that "Plaintiff breached its obligations as follows: (a) Failure to approve tenants; (b) Interference with leasing and construction; (c) Failure to approve or fund construction work for the Property; (d)

Failure to approve sales of the property; and, [sic] (e) Failure to fund draws or fund draws timely." *See* Proposed Answer at Affirmative Defenses ¶ 1.[17] In doing so, Defendant completely ignores that some of these "defenses" (none of which are supported by any admissible evidence) have already been unsuccessfully raised by Defendant in the Receivership Motion Opposition Brief and ruled upon by this Court.

As already set forth in the Receivership Motion Reply Brief,[18] Section 6.2 of the Loan Agreement explicitly conditioned any and all disbursements by Plaintiff to Defendant with respect to the Projects on, *inter alia*, the following: (i) "all of the terms and conditions of this [Loan] Agreement [being] satisfied"; and (ii) "[n]o Default or Event of Default . . . hav[ing] occurred under this [Loan] Agreement." *See* Receivership Motion Ex. 1 at § 6.2(b). The Loan Agreement defines "Default" as "an Event of Default, or any fact or circumstance which constitutes, or upon the lapse of time, or giving notice, or both, could constitute, an Event of Default." *See id.* at § 11.1. In other words, "Default" means **_any_** non-compliance by Defendant with the terms of the Loan Documents, even those that do not become an "Event of Default" until there is a notice of such non-compliance and/or failure to cure by Defendant. If there is any such non-compliance by Defendant with the terms of the Loan Agreement, Plaintiff has **_no_** obligation to make any such disbursements. Because Defendant repeatedly breached the Loan Documents, as already established on the record by unrefuted evidence,[19] Plaintiff was never contractually obligated to disburse the Project-related funds.

---

[17] The remaining three "affirmative defenses" are formulaic defenses completely unsupported by **_any_** factual allegations.

[18] *See* Receivership Motion Reply Brief at 13–14.

[19] *See* Sheikh Declaration [ECF No. 5-2], which is adopted herein by reference in its entirety pursuant to Fed. R. Civ. P. 10(c). Defendant has not disputed any of the breaches set forth in the Sheikh Declaration.

21

Furthermore, in order for **_any_** action or omission by Plaintiff to constitute a "breach" under the terms of the Loan Agreement, Defendant must provide Plaintiff with a written notice of any such noncompliance within thirty (30) days of Defendant learning thereof (and provide Plaintiff with an opportunity to cure such default). *See* Receivership Motion Ex. 1 at § 15.8.1. This very requirement, together with a lack of any evidence of Defendant complying with such requirement, was likewise brought to Defendant's attention in the Receivership Motion Reply Brief.[20] In granting the Receivership Motion, this Court explicitly held that "notice of the breach to Plaintiff within 30 days of any alleged noncompliance [was] a prerequisite to establishing breach [by Plaintiff] under the [Loan] Agreement." *ICON PSG 1 FL, LLC*, 2025 WL 589206, at *3–4. Yet even after being put on notice by Plaintiff **_and this Court_** of the contractual requirement that, before any purported action or omission by Plaintiff becomes a "breach" of the Loan Documents, Defendant must provide a written notice to Plaintiff within thirty (30) days of learning of any such purported noncompliance, neither the Default Set Aside Motion nor the Proposed Answer alleges, much less provides any admissible evidence, that any such notice was provided.[21]

Finally, even if, *arguendo*, (i) Plaintiff was obligated to disburse the funds, notwithstanding Defendant's various Defaults (it was not); and (ii) Defendant provided Plaintiff with the notice required under § 15.8.1 of the Loan Agreement (it did not), Defendant would **_still_** be obligated to

---

[20] *See* Receivership Motion Reply Brief at 14–15.

[21] It begs the question whether asserting the very same "defenses" on which this Court already ruled against Defendant as "meritorious defenses" for the purpose of setting aside the Default—without any attempt to distinguish this Court's decision regarding such failed "defenses"—satisfies the requirements set forth in Rule 11. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.").

22

make each and every monthly payment on time and "without counterclaim or setoff." *See* Receivership Motion Ex. 1 at § 2.3.4. Defendant's contractual obligations to pay monthly payments, regardless of any purported actions or omissions of Plaintiff, were also brought to Defendant's attention in the Receivership Motion Reply Brief.[22]

Simply put, in light of the contractual provisions discussed above, neither the Default Set Aside Motion, the Pulley Affidavit, nor the Proposed Answer allege facts that, even if proved at trial, would constitute a complete defense to Plaintiff's claim in these foreclosure proceedings. As such, Defendant has failed to show that it has a meritorious defense necessary to set aside the Default.

### D. No Alternative Sanctions Are Available

In litigating the Receivership Motion, Defendant ignored the basic evidentiary requirements imposed on the parties with respect to motions. *See* Receivership Motion Reply Brief at § II.B. Furthermore, it made numerous legally unsupported arguments in its attempt to avoid the appointment of a receiver. *See id.* at §§ II.A & II.C. After Defendant elected not file a timely response to the Complaint (which, as discussed above, could only have been a result of Defendant's own culpable conduct), which resulted in the entry of the Default, Defendant proceeded to file the Default Set Aside Order, which is neither factually nor legally supported. Defendant has refused to comply with the Receivership Order, which has necessitated the filing of the Receiver's Motion to Compel by Trigild. While monetary sanctions have been found an adequate alternative to a default in certain instances,[23] imposing such monetary sanctions and then permitting Defendant to continue litigating this action notwithstanding Defendant's and Pulley's

---

[22] *See* Receivership Motion Reply Brief at 15.
[23] *See Foy*, 146 F.R.D. at 117 (imposing monetary sanction in the form of attorneys' fees incurred by the plaintiff as an alternative to keeping the default in place).

23

repeated bad-faith actions, lack of legal or factual support of its purported "defenses," and failure to comply with the Receivership Order would simply waste the parties' and this Court's time and resources.  As such, there are no adequate alternatives to keeping the Default in place.

## III.   CONCLUSION

For all the foregoing reasons, ICON PSG 1 FL, LLC, respectfully requests that this Court deny Defendant's Motion to Set Aside Default and Permit Answer and enter an Order in the form submitted herewith.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  April 25, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

24

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

**DECLARATION OF GLEB EPELBAUM, ESQUIRE IN SUPPORT OF PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND PERMIT ANSWER**

Pursuant to 28 U.S.C. § 1746, Gleb Epelbaum, Esquire hereby declares as follows:

1. I am over eighteen years of age, of sound mind, and otherwise competent to make this Declaration. The facts set out herein are based on my personal knowledge.

2. I make this Declaration in support of Plaintiff's Brief in Opposition to Defendant's Motion to Set Aside Default and Permit Answer (the "Opposition Brief")

3. I am counsel of record for Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff").

4. I sent copies of the Complaint, the Summons, the Notice of a Lawsuit and Request to Waive Service of a Summons, and the Waiver of the Service of Summons via email to Michael Yanoff, Esquire ("Attorney Yanoff")—counsel of record for Defendant, Jenkins Court Realty Co., L.P. ("Defendant")—on January 9, 2025. A true and correct copy of the relevant email exchange between Attorney Yanoff and me is attached to the Opposition Brief as *Exhibit A*.

5. At no point did Attorney Yanoff or any other counsel for Defendant request an extension of time for Defendant to file a response to the Complaint.

1

6.      Attached to the Opposition Brief as *Exhibit B* are copies of the emails from Philip Pulley (the "Pulley Emails") that I received between February 25, 2025 and the date of this Declaration.

7.      Attached to the Opposition Brief as *Exhibit I* is a copy of the Affidavit of Service that I received from Guaranteed Subpoena Services, Inc. on April 8, 2025 with respect to service on Philip Pulley of the confessed judgment paperwork that was filed with the Circuit Court for Baltimore, Maryland in the matter captioned *ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., et al.*, No. C-03-CV-25-000263 (Md. Baltimore Cnty. Cir. Ct.).

I declare under the penalty of perjury that the foregoing is true and correct.


Executed on: April 25, 2025                    _____

                                               Gleb Epelbaum, Esquire

2

# EXHIBIT "A"

| | |
|---|---|
| From | Gleb Epelbaum <donotreply@unknown-from-address.net> |
| Subject | **RE: ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., No. 2:25-cv-00044 (E.D. Pa.)** |
| To | Michael Yanoff <myanoff@goldsteinlp.com> |
| Cc | Hunter Piel <hpiel@piellawfirm.com>, Shawn Rodgers <srodgers@goldsteinlp.com>, Bill Rudow <Wrudow@piellawfirm.com> |
| Date | January 14, 2025, 10:25:12 AM EST |

Michael:

As you have seen from reading out motion, time is of the essence with respect to the relief we are seeking for the reasons set forth in the motion.  As such, we cannot agree to a 30-day extension of the deadline for you to respond to the motion.  That being said, recognizing that you will be out of the country for seven days, I can certainly provide you with a seven-day extension to file a response to our motion (i.e., until January 31, 2025).

Thanks,

Gleb

_____

Gleb Epelbaum, Esquire
**Kurtz and Partners P.C.**
1265 Drummers Lane, Suite 120
Wayne, PA 19087
Phone: 610-688-2855, ext. 235
Email: gepelbaum@kurtzpartners.com

The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kurtz and Partners P.C. for any loss or damage arising in any way from its use.

---

**From:** Michael Yanoff <myanoff@goldsteinlp.com>
**Sent:** Monday, January 13, 2025 12:23 PM
**To:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Cc:** Bill Rudow <Wrudow@piellawfirm.com>; Hunter Piel <hpiel@piellawfirm.com>; Shawn Rodgers <srodgers@goldsteinlp.com>
**Subject:** RE: ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., No. 2:25-cv-00044 (E.D. Pa.)

Gleb:
I have received your documents and I will be executing the Waiver and returning to you. I have also received your Motion for an Expedited Appointment of a Receiver. We will be filing an opposition to that Motion.  However,  I will be out of the county from 1/19 through 1/26/25 and I therefore ask for an extension of time for the filing of the response for 30 days a beyond the required response date of January 24, 2025. Please advise.

**Michael Yanoff, Esq.**



 610 Old York Road  Suite 340
Jenkintown, PA 19046
*Direct* 267-627-2485
*Cell* 215-837-8719
*Fax* 215.257.1910
_____
200 School Alley, Suite 5 | Green Lane, PA 18054
P.O. Box 552 | Paoli, PA 19301
610-949-0444
*fax:* 1-215-257-1910
www.goldsteinlp.com

THE CONTENTS OF THIS COMMUNICATION
MAY BE SUBJECT TO THE ATTORNEY-CLIENT
PRIVILEGE OR THE ATTORNEY WORK PRODUCT
PRIVILEGE.





---

**From:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Sent:** Thursday, January 9, 2025 4:46 PM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>

**Cc:** Bill Rudow <Wrudow@piellawfirm.com>; Hunter Piel <hpiel@piellawfirm.com>
**Subject:** RE: ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., No. 2:25-cv-00044 (E.D. Pa.)

Notice of Lawsuit and the Waiver of Service (the latter needs to be signed and sent back to me) are attached.  I am also resending the Complaint and the Summons.

Thanks,

Gleb

_____

Gleb Epelbaum, Esquire
**Kurtz and Partners P.C.**
1265 Drummers Lane, Suite 120
Wayne, PA 19087
Phone: 610-688-2855, ext. 235
Email: gepelbaum@kurtzpartners.com

The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kurtz and Partners P.C. for any loss or damage arising in any way from its use.

---

**From:** Michael Yanoff <myanoff@goldsteinlp.com>
**Sent:** Thursday, January 9, 2025 2:44 PM
**To:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Cc:** Bill Rudow <Wrudow@piellawfirm.com>; Hunter Piel <hpiel@piellawfirm.com>
**Subject:** RE: ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., No. 2:25-cv-00044 (E.D. Pa.)

I am authorized to accept service.  Please prepare and Acceptance of Service and I will sign it.

**Michael Yanoff, Esq.**



 610 Old York Road  Suite 340
Jenkintown, PA 19046
*Direct* 267-627-2485
*Cell* 215-837-8719
*Fax* 215.257.1910
_____
200 School Alley, Suite 5 | Green Lane, PA 18054
P.O. Box 552 | Paoli, PA 19301
610-949-0444
*fax:* 1-215-257-1910
www.goldsteinlp.com

THE CONTENTS OF THIS COMMUNICATION
MAY BE SUBJECT TO THE ATTORNEY-CLIENT
PRIVILEGE OR THE ATTORNEY WORK PRODUCT
PRIVILEGE.





---

**From:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Sent:** Thursday, January 9, 2025 2:18 PM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>
**Cc:** Bill Rudow <Wrudow@piellawfirm.com>; Hunter Piel <hpiel@piellawfirm.com>
**Subject:** RE: ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., No. 2:25-cv-00044 (E.D. Pa.)
**Importance:** High

Just following up on my email below.  If I do not hear back from you today by 5:00 PM EST, I will presume that you do not represent Jenkins Court Realty Co., L.P. in this action and are not authorized to accept these documents on its behalf, so we will send the Complaint, the Summons, the Notice of Lawsuit, and the Waiver of Service directly to Jenkins Court Realty Co., L.P.

Thanks,

Gleb

_____          Appx437

Gleb Epelbaum, Esquire
**Kurtz and Partners P.C.**
1265 Drummers Lane, Suite 120
Wayne, PA 19087
Phone: 610-688-2855, ext. 235
Email: gepelbaum@kurtzpartners.com

The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kurtz and Partners P.C. for any loss or damage arising in any way from its use.

**From:** Gleb Epelbaum
**Sent:** Tuesday, January 7, 2025 11:05 AM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>
**Cc:** Bill Rudow <Wrudow@piellawfirm.com>; Hunter Piel <hpiel@piellawfirm.com>
**Subject:** ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P., No. 2:25-cv-00044 (E.D. Pa.)
**Importance:** High

Mr. Yanoff:

As you know, my office represents ICON PSG 1 FL, LLC. It is my understanding that you represent Jenkins Court Realty Co., L.P. Attached are file-stamped copies of the Complaint in Mortgage Foreclosure that was filed with the U.S. District Court of the Eastern District of Pennsylvania and the Summons that was issued by the Court. Please let me know if the Complaint, the Summons, the Notice of Lawsuit, and the Waiver of Service should be sent to your attention or directly to your client. If I do not hear back from you by end of business on Thursday, January 9, 2025, I will presume that you are not authorized to accept these documents on behalf of the defendant and will send them directly to your client.

Thanks,

Gleb

_____
Gleb Epelbaum, Esquire
**Kurtz and Partners P.C.**
1265 Drummers Lane, Suite 120
Wayne, PA 19087
Phone: 610-688-2855, ext. 235
Email: gepelbaum@kurtzpartners.com

The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kurtz and Partners P.C. for any loss or damage arising in any way from its use.

Case 2:25-cv-00044-GAM    Document 24-3    Filed 04/25/25    Page 1 of 176

# EXHIBIT "B"

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, David Wallace <david.wallace@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | February 25, 2025, 11:17:34 AM EST |

You don't often get email from ppulley@sbgmanagement.com. Learn why this is important

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity
- Current insurance certificates and broker contact information

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations

from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | February 26, 2025, 3:29:24 PM EST |

You don't often get email from ppulley@sbgmanagement.com. Learn why this is important

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Appx442

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:

https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | February 26, 2025, 4:59:05 PM EST |

You don't often get email from ppulley@sbgmanagement.com. Learn why this is important

See the below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.  We will present Friday for payment

To confirm - you don't have a bank account with funds in it associated with this property? Correct the lender has collected 3 months of rents.

Please begin to turnover the documents requested, we have complied with your request

including information on the below maintenance items you are addressing. Will send maintenance information in the am

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001

Appx444

215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:

https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**

- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | February 26, 2025, 5:46:56 PM EST |

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
|---|

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge

personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com|  trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, David Wallace <david.wallace@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | February 27, 2025, 10:21:10 AM EST |

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors


Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM

**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com>, Ava Stapp <astapp@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | February 27, 2025, 10:28:21 AM EST |

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.


See below and attached


Thank you


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
|---|

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com>, Ava Stapp <astapp@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | February 27, 2025, 10:31:34 AM EST |

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement

9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001

215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
|---|

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRIGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com|  trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | February 28, 2025, 9:42:24 AM EST |

As I asked below

Can you please send letter in word format and I will respond to each request

Thank you

Phil



Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, February 28, 2025 9:18 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High

Good morning –

What is the status of the below requests?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com**| **trigildconference.com**

---

**From:** Ava Stapp
**Sent:** Thursday, February 27, 2025 10:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com**| **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
|---|

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>

Cc: David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | February 28, 2025, 9:49:45 AM EST |

Thank you

I respond by Monday

Please advised on the status of the information that we requested

The rent roll, collections and accounting is paramount!

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, February 28, 2025 9:44 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

They are in the attached email sent yesterday morning.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, February 28, 2025 8:42 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

As I asked below

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001

215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, February 28, 2025 9:18 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High

Good morning –

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Ava Stapp
**Sent:** Thursday, February 27, 2025 10:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com

Appx472

**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Appx474

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Chris Neilson <Chris.Neilson@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Jonathan Lakner <jon.lakner@trigild.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, David Wallace <david.wallace@trigild.com> |
| Date | February 28, 2025, 9:54:26 AM EST |

No problem

We will order key…please not that it's a high security master

Please provide:

Who are turning over key to
Certificate of insurance
Identification and hold harm less
Photo ID

Thank you

Phil



Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jonathan Lakner <jon.lakner@trigild.com>
**Sent:** Friday, February 28, 2025 9:48 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil – The Receiver will be onsite at 10 am on Tuesday morning. Please have someone available to hand off the keys to the property.

Thanks

Jon Lakner
Senior Vice President

(o) 619.704.3962  | (d) 469.587.1226
24 Church Street
Montclair, New Jersey 07042

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, February 28, 2025 9:42 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

As I asked below

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, February 28, 2025 9:18 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High

Good morning –

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Ava Stapp
**Sent:** Thursday, February 27, 2025 10:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week. Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001

215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

   No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Appx480

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

Appx481

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High


Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Ava Stapp <astapp@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Chris Neilson <Chris.Neilson@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Cc | Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, David Wallace <david.wallace@trigild.com> |
| Date | February 28, 2025, 4:48:29 PM EST |

See below

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Friday, February 28, 2025 4:15 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Jonathan Lakner <jon.lakner@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

You'll be turning over the keys to Jon Lakner, copied here.   Jon see you at 10 am…suite 375…
 The receivership order is sufficient to require turnover of the property.   Agreed
You do not need, nor are you entitled to, any of the information you requested below.  We asked who we are turning keys over to a secure building. We have an obligation to tenants.
We look forward to a smooth transition on Tuesday.

Chris

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, February 28, 2025 8:54 AM
**To:** Jonathan Lakner <jon.lakner@trigild.com>; Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

> CAUTION:**This message is from an EXTERNAL SENDER**.

No problem

We will order key…please not that it's a high security master

Please provide:

Who are turning over key to
Certificate of insurance
Identification and hold harm less
Photo ID

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jonathan Lakner <jon.lakner@trigild.com>
**Sent:** Friday, February 28, 2025 9:48 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil – The Receiver will be onsite at 10 am on Tuesday morning. Please have someone available to hand off the keys to the property.

Thanks

Jon Lakner
Senior Vice President

(o) 619.704.3962   | (d) 469.587.1226
24 Church Street
Montclair, New Jersey 07042

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, February 28, 2025 9:42 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
| --- |

As I asked below

Can you please send letter in word format and I will respond to each request

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, February 28, 2025 9:18 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High

Good morning –

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

Appx485

**From:** Ava Stapp
**Sent:** Thursday, February 27, 2025 10:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com

Appx487

**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial

Appx488

House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001

215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

_____

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:

https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity <span style="color:red">Zero….. please see your client for collections to date</span>
- Current insurance certificates and broker contact information….<span style="color:red">Please get from your client as we are not sure what action they have taken</span>

Thank you for your attention to this matter.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **Jenkins [610 Old York] Receiver Demand** |
| To | Ava Stapp <astapp@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, Eric Lampert <eric@sbgmanagement.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Chris Neilson <Chris.Neilson@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Bill Rudow <wrudow@piellawfirm.com> |
| Date | February 28, 2025, 5:11:12 PM EST |

Please see the attached vendor invoices that must be paid

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Friday, February 28, 2025 4:15 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Jonathan Lakner <jon.lakner@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

You'll be turning over the keys to Jon Lakner, copied here.  The receivership order is sufficient to require turnover of the property.   You do not need, nor are you entitled to, any of the information you requested below.  We look forward to a smooth transition on Tuesday.

Chris

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, February 28, 2025 8:54 AM
**To:** Jonathan Lakner <jon.lakner@trigild.com>; Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

No problem

We will order key…please not that it's a high security master

Please provide:

Who are turning over key to
Certificate of insurance
Identification and hold harm less
Photo ID

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jonathan Lakner <jon.lakner@trigild.com>
**Sent:** Friday, February 28, 2025 9:48 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil – The Receiver will be onsite at 10 am on Tuesday morning. Please have someone available to hand off the keys to the property.

Thanks

Jon Lakner
Senior Vice President

(o) 619.704.3962  | (d) 469.587.1226
24 Church Street
Montclair, New Jersey 07042

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, February 28, 2025 9:42 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

As I asked below

Can you please send letter in word format and I will respond to each request

Thank you

Phil



Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, February 28, 2025 9:18 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High

Good morning –

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Ava Stapp
**Sent:** Thursday, February 27, 2025 10:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com|  trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com|  trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am


Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

> CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial

House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001

Appx497

215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:

https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity <span style="color:red">Zero….. please see your client for collections to date</span>
- Current insurance certificates and broker contact information….<span style="color:red">Please get from your client as we are not sure what action they have taken</span>

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Chris Neilson <Chris.Neilson@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jonathan Lakner <jon.lakner@trigild.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Bill Rudow <wrudow@piellawfirm.com>, David Wallace <david.wallace@trigild.com> |
| Date | March 2, 2025, 10:22:32 PM EST |

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
|---|

Can you please send letter in word format and I will respond to each request

Thank you

Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>

**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

> CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

> CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com

Appx501

Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

    No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Appx503

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High


Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|------|------------------------------------------|
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | March 3, 2025, 8:48:13 AM EST |

Please see the SBG Billing for the Week Ending 2-28….please remit by march 7th

There is a major leak on the 4th floor within Regus…..we have contained the damage. It will require a full shut down of the building loop. The loop is a 8" pipe with branches off to all the heat pumps. It will require.

Drain down all 4th floor HVAC units
Removal of ceiling tiles
Replace ceiling tiles
Protection in office will be working

This is involved….it should be performed on a Saturday

Estimated cost 7500-15000

Please advise by March 5th

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Sunday, March 2, 2025 10:23 PM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com**| **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

**Chris Neilson**
Managing Partner

858.242.1227
**trigild.com**| **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month

Appx508

2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223 (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>

Appx510

**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Ava Stapp <astapp@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | March 3, 2025, 8:52:40 AM EST |

Oops
See attached invoice

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Monday, March 3, 2025 8:48 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Please see the SBG Billing for the Week Ending 2-28….please remit by march 7th

There is a major leak on the 4th floor within Regus…..we have contained the damage. It will require a full shut down of the building loop. The loop is a 8" pipe with branches off to all the heat pumps. It will require.

Drain down all 4th floor HVAC units
Removal of ceiling tiles
Replace ceiling tiles
Protection in office will be working

This is involved….it should be performed on a Saturday

Estimated cost 7500-15000

Please advise by March 5th

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Sunday, March 2, 2025 10:23 PM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum

<gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week. Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

Appx515

No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>

Appx516

**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
|---|

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

| CAUTION:**This message is from an EXTERNAL SENDER**. |
|---|

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | March 3, 2025, 9:13:30 AM EST |

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:00 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thanks, Phil. A few follow up questions below:

- Please provide details and applicable documents on the deferred maintenance issues you listed
  - HVAC 4th floor Regus, Event space FCCC and Jersey college…..all filters should be changed because of possible environmental contamination from SPS fire
  - Roofs all roofs need springtime maintenance
  - Electrical various FCCC they overload circuits with heaters under desks
  - Generator need to complete installation
  - Elevators 1 and 2 need to modernize
  - Sprinkler always issues system is 75 years old leak here leak there
  - Parking Garage needs to have work completed. See lender for scope
  - Plumbing On going as I stated Outback grease problem, 2nd floor they clog women's room every 2-3 hours, FCCC always clogging. Jersey clogs first floor toilets women's
  - Façade needs to be tested from Fire, also typical inspection after winter spalling and caulking
- Please provide leasing agent contact information Karl 2674759576
- For all items you have marked as "see lender" please provide the most recent files that you have (as of the date that lender began redirecting rents). We understand that it may not be current. We are reluctant to supply incomplete information that could be misinterpreted. Please see lender.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Sunday, March 2, 2025 9:23 PM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you

Phil

Philip C. Pulley

SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge

personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity <span style="color:red">Zero….. please see your client for collections to date</span>
- Current insurance certificates and broker contact information….<span style="color:red">Please get from your client as we are not sure what action they have taken</span>

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|------|------|
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Date | March 3, 2025, 9:41:51 AM EST |

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:34 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil,

Pursuant to the order, Defendant and its agents are to turnover all records relating to the

Operation None exist

, maintenance, We have provided including invoices on 2-28-2025

and management of the property We have provided…also see lender

to the Receiver. Please arrange for the requested documents to be provided immediately.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 3, 2025 8:14 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:00 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com

**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thanks, Phil. A few follow up questions below:

- Please provide details and applicable documents on the deferred maintenance issues you listed
  - HVAC 4th floor Regus, Event space FCCC and Jersey college…..all filters should be changed because of possible environmental contamination from SPS fire
  - Roofs all roofs need springtime maintenance
  - Electrical various FCCC they overload circuits with heaters under desks
  - Generator need to complete installation
  - Elevators 1 and 2 need to modernize
  - Sprinkler always issues system is 75 years old leak here leak there
  - Parking Garage needs to have work completed. See lender for scope
  - Plumbing On going as I stated Outback grease problem, 2nd floor they clog women's room every 2-3 hours, FCCC always clogging. Jersey clogs first floor toilets women's
    - Façade needs to be tested from Fire, also typical inspection after winter spalling and caulking
- Please provide leasing agent contact information Karl 2674759576
- For all items you have marked as "see lender" please provide the most recent files that you have (as of the date that lender began redirecting rents). We understand that it may not be current. We are reluctant to supply incomplete information that could be misinterpreted. Please see lender.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Sunday, March 2, 2025 9:23 PM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>

**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week. Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024

Appx530

13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>

**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Jenkins - Klenzoid Quarterly Invoice - Service Suspension** |
| To | "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, David Wallace <david.wallace@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 4, 2025, 12:00:57 PM EST |

FYI

Please address

We acknowledge that Trigild was on site today

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Sent:** Tuesday, March 4, 2025 10:07 AM
**To:** 'Michael Yanoff' <myanoff@goldsteinlp.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Subject:** Jenkins - Klenzoid Quarterly Invoice - Service Suspension

Good morning Michael,

We just received a phone call from Klenzoid Water Treatment company that service will be suspended if payment is not received immediately.

Attached is the quarterly invoice that needs to be paid.

Contact at Klenzoid is Edie 610-825-9494 ext. 116.

Regards, Jackie

Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011
www.SBGManagement.com


Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **FW: Jenkins ALL BILLS ON FROZEN PIPES** |
| To | Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, David Wallace <david.wallace@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 4, 2025, 1:02:45 PM EST |

See the attached for remittance to SBG

This is for Temple FCCC

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **Jenkins Regus Heating Pipe Leak in 454** |
| To | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Devra Schorr <dschorr@sbgmanagement.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com>, Nancy Elliott <nelliott@sbgmanagement.com> |
| Date | March 5, 2025, 9:31:49 AM EST |

We advised you of this situation on Monday see email attached
7500-15K
This is a Hot water pipe!!!!!!!!

See email from tenant below

Janitorial supplies?

We are keeping the property going

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Wednesday, March 5, 2025 9:20 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>; Michael Yanoff <myanoff@goldsteinlp.com>
**Cc:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** FW: Heating Pipe Leak in 454
**Importance:** High

Please see the request below, Jackie and I don't know how to proceed, do we handle these requests?

Also the Janitorial Service for the building sent an email to Jackie to order supplies for building, does she order the supplies? If not, who does she forward the email to?

---

**From:** jenkintown jenkinscourt <jenkintown.jenkinscourt@regus.com>
**Sent:** Wednesday, March 5, 2025 9:15 AM
**To:** Jackie Silverman <jsilverman@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>; Nancy Elliott <nelliott@sbgmanagement.com>
**Subject:** Heating Pipe Leak in 454
**Importance:** High

Good morning,

When Ron was here, he explained the pipe that is leaking is for the heating system and all the heat will need to be turned off. He plans to work on it Saturday & Sunday and have everything repaired before Monday, so we will have heat. Ron said Devra would email letting us know that the heat will be turned off on the weekend.

We have not received an email yet and would like to notify our clients as soon as possible in case they are planning to be in the office over the weekend.

Please let me know what the status is for getting the pipe fixed and whether the heat will be turned off this weekend.

Thank you in advance for your help,

Arlene


**Arlene Hager**

Community Manager II

**Alejandra Mulero**

Community Associate



**3000 locations, 900 cities, 120 countries**

Jenkins Court

610 Old York Road

Suite 400

Jenkintown, Pa. 19046

M: 267-627-3400

**Connect with Regus**

Facebook: https://www.facebook.com/regus.workyourway

LinkedIn: http://www.linkedin.com/company/regus
YouTube: https://www.youtube.com/user/Regus/featured

**From:** jenkintown jenkinscourt <jenkintown.jenkinscourt@regus.com>
**Sent:** Wednesday, February 26, 2025 8:48 AM
**To:** Jackie Silverman <jsilverman@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>; Nancy Elliott <nelliott@sbgmanagement.com>
**Subject:** Re: Roof Leak in 454

Thank you Jackie. Rene is here now and thinks it might be the pipe above the ceiling tiles that is linking.

Best regards,

Arlene

**Arlene Hager**

Community Manager II

**Alejandra Mulero**

Community Associate



**3000 locations, 900 cities, 120 countries**

Jenkins Court

610 Old York Road

Suite 400

Jenkintown, Pa. 19046

M: 267-627-3400

**Connect with Regus**

Facebook: https://www.facebook.com/regus.workyourway

LinkedIn: http://www.linkedin.com/company/regus
YouTube: https://www.youtube.com/user/Regus/featured

---

**From:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 7:31 AM
**To:** jenkintown jenkinscourt <jenkintown.jenkinscourt@regus.com>; Devra Schorr <dschorr@sbgmanagement.com>; Nancy Elliott <nelliott@sbgmanagement.com>
**Subject:** RE: Roof Leak in 454

Good morning Arlene,

A work order will be started for this leak in 454.

Thank you, Jackie

Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011
www.SBGManagement.com

Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

---

**From:** jenkintown jenkinscourt <jenkintown.jenkinscourt@regus.com>
**Sent:** Tuesday, February 25, 2025 5:07 PM
**To:** Devra Schorr <dschorr@sbgmanagement.com>; Nancy Elliott <nelliott@sbgmanagement.com>; Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** Roof Leak in 454

Good afternoon,

There is a roof leak in 454. Please keep me updated as to status of repairs.



Thank you in advance for your help,

Arlene

**Arlene Hager**

Community Manager II

**Alejandra Mulero**

Community Associate



**3000 locations, 900 cities, 120 countries**

Jenkins Court

610 Old York Road

Suite 400

Jenkintown, Pa. 19046

M: 267-627-3400

**Connect with Regus**

Facebook: https://www.facebook.com/regus.workyourway

LinkedIn: http://www.linkedin.com/company/regus
YouTube: https://www.youtube.com/user/Regus/featured

The information contained in this e-mail (including any attachments) is intended only for the personal
and confidential use of the recipient(s) named above. If you are not an intended recipient of this message,
please notify the sender by replying to this message and then delete the message and any copies from
your system. Any use, dissemination, distribution, or reproduction of this message by unintended
recipients, is not authorised and may be unlawful.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the
recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates
email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations
from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the
recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates
email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations
from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

From Phil Pulley <ppulley@sbgmanagement.com>
Subject **FW: ALERT: Severe Storms, Tornado Risk Wednesday In Eastern PA: Latest Timeline – Wed 09:56:00AM**
To Chris Neilson <Chris.Neilson@trigild.com>, David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Devra Schorr <dschorr@sbgmanagement.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com>
Date March 5, 2025, 10:17:11 AM EST

Be advised

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Philadelphia Patch <noreply@patch.com>
**Sent:** Wednesday, March 5, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** ALERT: Severe Storms, Tornado Risk Wednesday In Eastern PA: Latest Timeline – Wed 09:56:00AM

There is a risk of severe weather Wednesday across the region, including in Eastern Pennsylvania. Here's what we know.

**Patch.**  |  *BREAKING NEWS*                                    **Philadelphia**



ADVERTISEMENT
Get ready to learn new tricks
Explore travel insurance »
Allianz (||) Travel
Powered by LiveIntent

**Severe Storms, Tornado Risk Wednesday In Eastern PA: Latest Timeline**





There is a risk of severe weather Wednesday across the region, including in Eastern Pennsylvania. Here's what we know....

**Read more »**

Read full story ›



A Message From Fisher Investments

**7 Wealth Tips Once Your Portfolio Reaches $1 Million**

How do retirees take steps to preserve their wealth in retirement? Download The Seven Secrets of High Net Worth Investors now.

Learn More

ADVERTISEMENT

**Want to Retire Comfortably?**

If you have a $1,000,000 portfolio, download the guide from Fisher Investments called *The Definitive Guide to Retirement Income*. Even if you have something else in place right now, it still makes sense to request your guide!

Click Here to Download Your Guide!

FISHER INVESTMENTS®

Powered by LiveIntent

Advertise on Patch | Terms of Use | Privacy Policy

**Patch**

You received this message because you are subscribed to Philadelphia news alerts. To update your email preferences, click here.

Patch Media | 134 West 29th St., 11th Fl, NY, NY 10001 | Copyright 2025 Patch. All rights reserved.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Ava Stapp <astapp@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | Jonathan Lakner <jon.lakner@trigild.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Bill Rudow <wrudow@piellawfirm.com>, David Wallace <david.wallace@trigild.com> |
| Date | March 5, 2025, 10:34:43 AM EST |

Thank you for your email

I take exception to your representation

Please see the attached that may help you

We continue to service the property in your absences

Please let me know when Kenn Penn will be on site

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 9:53 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Mr. Pulley –

We still have not received from you the information required by the order.  Please advise when we can expect it.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 3, 2025 8:42 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:34 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr

<dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil,

Pursuant to the order, Defendant and its agents are to turnover all records relating to the

Operation None exist

, maintenance, We have provided including invoices on 2-28-2025

and management of the property We have provided…also see lender

to the Receiver. Please arrange for the requested documents to be provided immediately.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 3, 2025 8:14 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

> CAUTION:**This message is from an EXTERNAL SENDER**.

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:00 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thanks, Phil. A few follow up questions below:

- Please provide details and applicable documents on the deferred maintenance issues you listed
  - HVAC 4th floor Regus, Event space FCCC and Jersey college…..all filters should be changed because of possible environmental contamination from SPS fire
  - Roofs all roofs need springtime maintenance
  - Electrical various FCCC they overload circuits with heaters under desks
  - Generator need to complete installation
  - Elevators 1 and 2 need to modernize
  - Sprinkler always issues system is 75 years old leak here leak there
  - Parking Garage needs to have work completed. See lender for scope
  - Plumbing On going as I stated Outback grease problem, 2nd floor they clog women's room every 2-3 hours, FCCC always clogging. Jersey clogs first floor toilets women's
  - Façade needs to be tested from Fire, also typical inspection after winter spalling and caulking
- Please provide leasing agent contact information Karl 2674759576
- For all items you have marked as "see lender" please provide the most recent files that you have (as of the date that lender began redirecting rents). We understand that it may not be current. We are reluctant to supply incomplete information that could be misinterpreted. Please see lender.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Sunday, March 2, 2025 9:23 PM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil



Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>

Appx547

**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com

Appx548

Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

    No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Appx550

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com> |
| Cc | David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | March 5, 2025, 11:33:15 AM EST |

Response required too below

We are in the process of refinance and such delay is causing disruption.

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Wednesday, February 26, 2025 5:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>

**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>

**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

From Phil Pulley <ppulley@sbgmanagement.com>
Subject **RE: Jenkins [610 Old York] Receiver Demand**
To "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com>, Ava Stapp <astapp@trigild.com>
Cc David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>
Date March 5, 2025, 12:06:13 PM EST

Lincoln Property is a great firm

Why do we need two receiver firms?

Who is the contact at Lincoln

We shall release all our employees effective today?

We just found out that locks were changed?

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 12:01 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Lincoln Property Company took over management of the property yesterday.  Kenn Penn will not be involved here.

Chris Neilson
Managing Partner
858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, March 5, 2025 9:35 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Thank you for your email

I take exception to your representation

Please see the attached that may help you

We continue to service the property in your absences

Please let me know when Kenn Penn will be on site

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 9:53 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Mr. Pulley –

We still have not received from you the information required by the order.  Please advise when we can expect it.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 3, 2025 8:42 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

> CAUTION:**This message is from an EXTERNAL SENDER**.

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:34 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil,

Pursuant to the order, Defendant and its agents are to turnover all records relating to the

Operation None exist

, maintenance, We have provided including invoices on 2-28-2025

and management of the property We have provided…also see lender

to the Receiver. Please arrange for the requested documents to be provided immediately.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 3, 2025 8:14 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:00 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thanks, Phil. A few follow up questions below:

- Please provide details and applicable documents on the deferred maintenance issues you listed
  - HVAC 4th floor Regus, Event space FCCC and Jersey college…..all filters should be changed because of possible environmental contamination from SPS fire
  - Roofs all roofs need springtime maintenance
  - Electrical various FCCC they overload circuits with heaters under desks
  - Generator need to complete installation
  - Elevators 1 and 2 need to modernize
  - Sprinkler always issues system is 75 years old leak here leak there
  - Parking Garage needs to have work completed. See lender for scope
  - Plumbing On going as I stated Outback grease problem, 2nd floor they clog women's room every 2-3 hours, FCCC always clogging. Jersey clogs first floor toilets women's
  - Façade needs to be tested from Fire, also typical inspection after winter spalling and caulking
- Please provide leasing agent contact information Karl 2674759576
- For all items you have marked as "see lender" please provide the most recent files that you have (as of the date that lender began redirecting rents). We understand that it may not be current. We are reluctant to supply incomplete information that could be misinterpreted. Please see lender.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** | **trigildconference.com**

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Sunday, March 2, 2025 9:23 PM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.

Appx559

P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

We need all items listed on the two attachments, also sent to you earlier this week.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:21 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 9:57 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO…. Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No…. this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil



Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge

personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com**| **trigildconference.com**

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **Jenkins Invoices** |
| To | Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Devra Schorr <dschorr@sbgmanagement.com>, Jonathan Lakner <jon.lakner@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, David Wallace <david.wallace@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 5, 2025, 2:25:21 PM EST |

More correspondence and bills for the receiver to address

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **FW: Helping Hands HVAC Installation billing** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, David Wallace <david.wallace@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 5, 2025, 2:50:34 PM EST |

Helping hand Invoice

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Jenkins Event Commission Billing** |
| To | Ava Stapp <astapp@trigild.com>, David Wallace <david.wallace@trigild.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Cc | Karl Schwemlein <karls@geisrealty.com>, Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 5, 2025, 2:52:08 PM EST |

When tenant moves bill will become due in lump sum


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **FW: [LxRetail] Gross Sales Information** |
| To | Ava Stapp <astapp@trigild.com>, David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | March 5, 2025, 5:11:37 PM EST |

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** donotreply=bbi.com@lucernex.com <donotreply=bbi.com@lucernex.com> **On Behalf Of** donotreply@bbi.com
**Sent:** Wednesday, March 5, 2025 3:29 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** [LxRetail] Gross Sales Information



610 Old York Road Jenkintown, PA 19046 United States

March 05, 2025
Jenkins Court Realty Co., L.P.
P.O. Box 549
Abington, PA 19001

**Store# 3910-01 - Jenkintown**
Outback

*In accordance with the terms of the lease, the following is a true and accurate statement of certified sales for the above listed location. Please note that our computation for percentage rent is derived from Total Net Sa... minus the exclusions specified in the lease agreement. These sales figures are confidential and proprietary. Any unauthorized use or disclosure of this information is strictly prohibited. Please direct all questions regar... LeaseAccounting@Outback.com.*

**Sales Summary For The Period 02/01/2025 To 02/28/2025**

| Month | Year | CC DISCOUNTS | COMP - 1 REGULAR | COMP - 11 | COMP - 12 | COMP - 2 REGULAR | COMP - 4 REGULAR | COMP - 6 UNIT | COMP - 7 | COMP - 8 | DELIVERY FEE INCOME | SALES - BEER | SALES - BEVERAGE | SALES - FOOD | SALES - LIQUOR | SALES - WINE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| February | 2025 | $3,567.37 | $30.00 | $772.48 | $186.05 | $11,405.30 | $3,384.29 | $4,304.82 | $1,849.61 | $1,909.36 | $210.00 | $2,728.11 | $13,316.79 | $322,991.03 | $17,448.32 | $2,283.83 |
| Total | | $3,567.37 | $30.00 | $772.48 | $186.05 | $11,405.30 | $3,384.29 | $4,304.82 | $1,849.61 | $1,909.36 | $210.00 | $2,728.11 | $13,316.79 | $322,991.03 | $17,448.32 | $2,283.83 |

*Carli Bergoglino*

Bloomin' Brands Inc. | 2202 North West Shore Boulevard, 5th Floor, Tampa, Florida 33607

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Jenkins Court - Invoices Received** |
| To | Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Devra Schorr <dschorr@sbgmanagement.com>, Jonathan Lakner <jon.lakner@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, David Wallace <david.wallace@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 6, 2025, 1:04:19 PM EST |

Please see the attached

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Jenkins Billing for Suite 454 pipe patch** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, David Wallace <david.wallace@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 6, 2025, 1:06:16 PM EST |

For remittance

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Jenkins Work Orders** |
| To | Ava Stapp <astapp@trigild.com>, David Wallace <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | March 6, 2025, 1:07:21 PM EST |

FYI

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Thursday, March 6, 2025 9:31 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** Jenkins Work Orders

Here they are

Suite 400 – This is the one we just talked about that Ron fixed yesterday. I will prepare a bill but WILL NOT close the work order

North Court – 680  Thermostat – the thermostat that is close to the emergency exit is set to "cool" the employees are complaining that it's cold

Suite 300 – A couple missing ceiling tiles   (it is not specified where)

Suite 400 – one of the lights in the office burned out.

Nancy A. Elliott
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone: 215-938-6665 ex 2006
Email:  nelliott@sbgmanagement.com
Web site: www.sbgmanagement.com

Confidentiality Notice:  This email is intended only for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the  original message with any attachments.  Thank you for your compliance.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Jenkins photo** |
| To | "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Devra Schorr <dschorr@sbgmanagement.com>, Jonathan Lakner <jon.lakner@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, David Wallace <david.wallace@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Date | March 6, 2025, 1:08:17 PM EST |

Rope light down

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins [610 Old York] Receiver Demand** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, Ava Stapp <astapp@trigild.com>, Michael Yanoff <myanoff@goldsteinlp.com> |
| Cc | Bill Rudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, David Wallace <david.wallace@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, Chris Neilson <Chris.Neilson@trigild.com> |
| Date | March 7, 2025, 1:11:03 PM EST |

See below

Keep in mind you terminated the management company

My responses are as a courtesy

I am still awaiting vast amount of information from you and lender

Why can't you even tell us the rents that have been collected beginning March 1


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, March 7, 2025 12:53 PM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>; Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High


All –

To date, we have not received most of the information required to be turned over to the Receiver. Please see that the below items are delivered to the Receiver immediately.

1. 2024 & 2025 financials none awaiting information from you and or lender
2. General ledgers for 2024 & 2025 None  awaiting information from you and or lender
3. Tenant ledgers for 2024 & 2025 none awaiting information from you and or lender
4. Rent roll none awaiting information from you and or lender
5. Copies of all open permits (there is current construction in a vacant space) we stopped work no idea what is going on
6. Copies of all service contracts we sent you invoices
7. Copies of all 2024/2025 annual testing for fire alarm and sprinkler system 2024 on sprinklers none 2025
8. 2024 & 2025 budgets None
9. Keys for vacant spaces we gave you the master you changed the key to maintenance…all other keys are in there
10. Key for roof access no key to roof door is unlocked
11. Fob system maintenance information – assume they have access to system in their onsite office the key phob system is owned by SBG
12. Building security camera access information – assume they have access to system in their onsite office everything was in the maintenance office
13. Bank statements for the operating account used to pay expenses we sent no additional information
14. Confirmation of any open violations as of us turning over property none.
15. Confirmation of any pending insurance claims check with Carrier


Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 11:04 AM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>; Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum

<gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Michael –

The receivership order was entered less than two weeks ago.  I know you already received the attached demand, but I'm resending here.  We need the information your client is required to provide.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Michael Yanoff <myanoff@goldsteinlp.com>
**Sent:** Wednesday, March 5, 2025 10:54 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that I represent Jenkins Court Realty Co LP.  My client has forwarded to me the email chain regarding requested information to be provided.  He has attempted to explain on several occasions that we have not received any of the information requested from the receiver that has been collecting all rents and presumably paying bills.
This information is critical to my client's refinancing ability and the receiver's refusal to provide it is an interference with our relationship with the tenants and the prospective lender.  If the receiver does not provide us with this information by COB Friday, we will be filing a Motion with the Court to request that this issue be resolved with Court intervention.

We have requested an accounting of the payments received from the tenants since December 2024,  and we have been ignored.

I am happy to discuss this with you at your earliest convenience.


**Michael Yanoff, Esq.**



 610 Old York Road  Suite 340
Jenkintown, PA 19046
*Direct* 267-627-2485
*Cell* 215-837-8719
*Fax* 215.257.1910
_____
200 School Alley, Suite 5 | Green Lane, PA 18054
P.O. Box 552 | Paoli, PA 19301
610-949-0444
*fax:* 1-215-257-1910
www.goldsteinlp.com


THE CONTENTS OF THIS COMMUNICATION
MAY BE SUBJECT TO THE ATTORNEY-CLIENT
PRIVILEGE OR THE ATTORNEY WORK PRODUCT
PRIVILEGE.






---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 11:36 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

You need to provide most of that information to us as the receiver.  We certainly don't have it.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, March 5, 2025 10:33 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Response required too below

We are in the process of refinance and such delay is causing disruption.

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Phil Pulley
**Sent:** Wednesday, February 26, 2025 5:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM

**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM

**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date
- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com




**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

From     Phil Pulley <ppulley@sbgmanagement.com>
Subject  **RE: Jenkins [610 Old York] Receiver Demand**
To       Devra Schorr <dschorr@sbgmanagement.com>, astapp <astapp@trigild.com>, Michael Yanoff <myanoff@goldsteinlp.com>
Cc       wrudow <wrudow@piellawfirm.com>, "hpiel@piellawfirm.com" <hpiel@piellawfirm.com>, Aciardi <Aciardi@ciardilaw.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "david.wallace" <david.wallace@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>
Date     March 10, 2025, 4:00:02 PM EDT

We have uploaded into teams a voluminous amount of information that has been shared with the lender

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Friday, March 7, 2025 1:11 PM
**To:** Ava Stapp <astapp@trigild.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

See below

Keep in mind you terminated the management company

My responses are as a courtesy

I am still awaiting vast amount of information from you and lender

Why can't you even tell us the rents that have been collected beginning March 1


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, March 7, 2025 12:53 PM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>; Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High

All –

To date, we have not received most of the information required to be turned over to the Receiver. Please see that the below items are delivered to the Receiver immediately.

1. 2024 & 2025 financials none awaiting information from you and or lender
2. General ledgers for 2024 & 2025 None  awaiting information from you and or lender
3. Tenant ledgers for 2024 & 2025 none awaiting information from you and or lender
4. Rent roll none awaiting information from you and or lender
5. Copies of all open permits (there is current construction in a vacant space) we stopped work no idea what is going on
6. Copies of all service contracts we sent you invoices
7. Copies of all 2024/2025 annual testing for fire alarm and sprinkler system 2024 on sprinklers none 2025

8. 2024 & 2025 budgets None
9. Keys for vacant spaces we gave you the master you changed the key to maintenance…all other keys are in there
10. Key for roof access no key to roof door is unlocked
11. Fob system maintenance information – assume they have access to system in their onsite office the key phob system is owned by SBG
12. Building security camera access information – assume they have access to system in their onsite office everything was in the maintenance office
13. Bank statements for the operating account used to pay expenses we sent no additional information
14. Confirmation of any open violations as of us turning over property none.
15. Confirmation of any pending insurance claims check with Carrier

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com

---

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 11:04 AM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>; Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Michael –

The receivership order was entered less than two weeks ago.  I know you already received the attached demand, but I'm resending here.  We need the information your client is required to provide.

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Michael Yanoff <myanoff@goldsteinlp.com>
**Sent:** Wednesday, March 5, 2025 10:54 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please be advised that I represent Jenkins Court Realty Co LP.  My client has forwarded to me the email chain regarding requested information to be provided.  He has attempted to explain on several occasions that we have not received any of the information requested from the receiver that has been collecting all rents and presumably paying bills.
This information is critical to my client's refinancing ability and the receiver's refusal to provide it is an interference with our relationship with the tenants and the prospective lender.  If the receiver does not provide us with this information by COB Friday, we will be filing a Motion with the Court to request that this issue be resolved with Court intervention.

We have requested an accounting of the payments received from the tenants since December 2024,  and we have been ignored.

I am happy to discuss this with you at your earliest convenience.

**Michael Yanoff, Esq.**



610 Old York Road  Suite 340
Jenkintown, PA 19046
*Direct* 267-627-2485
*Cell* 215-837-8719
*Fax* 215.257.1910

_____
200 School Alley, Suite 5 | Green Lane, PA 18054
P.O. Box 552 | Paoli, PA 19301
610-949-0444
*fax:* 1-215-257-1910
www.goldsteinlp.com

THE CONTENTS OF THIS COMMUNICATION
MAY BE SUBJECT TO THE ATTORNEY-CLIENT
PRIVILEGE OR THE ATTORNEY WORK PRODUCT
PRIVILEGE.



**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 11:36 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

You need to provide most of that information to us as the receiver. We certainly don't have it.

Chris Neilson
Managing Partner

858.242.1227
trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, March 5, 2025 10:33 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

> CAUTION:**This message is from an EXTERNAL SENDER**.

Response required too below

We are in the process of refinance and such delay is causing disruption.

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Wednesday, February 26, 2025 5:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough

Appx582

11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com** **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted…..otherwise we will discharge personal…..

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental…fire assessment
Coordinate vendors

**Also See below**

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

Appx583

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

Ava Stapp
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

**trigild.com**| **trigildconference.com**

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

Right now, it is just everyone below me and MS Schorr on site.


Phil




Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbcabu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
- Screenshots of the current bank account balance(s) and MTD activity Zero….. please see your client for collections to date

Appx584

- Current insurance certificates and broker contact information….Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com| trigildconference.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: You have been added as a guest to SBG Management in Microsoft Teams** |
| To | Michael Yanoff <myanoff@goldsteinlp.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com> |
| Date | March 10, 2025, 6:00:34 PM EDT |

Chris is away till 13th

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Sent:** Monday, March 10, 2025 4:12 PM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** RE: You have been added as a guest to SBG Management in Microsoft Teams

Thanks.  Were Ava Stapp and Chris Nielson from Trigild also added to the access?

_____

Gleb Epelbaum, Esquire
**Kurtz and Partners P.C.**
1265 Drummers Lane, Suite 120
Wayne, PA 19087
Phone: 610-688-2855, ext. 235
Email: gepelbaum@kurtzpartners.com

The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kurtz and Partners P.C. for any loss or damage arising in any way from its use.

---

**From:** Michael Yanoff <myanoff@goldsteinlp.com>
**Sent:** Monday, March 10, 2025 4:07 PM
**To:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Cc:** phil@sbgmanagement.com
**Subject:** RE: You have been added as a guest to SBG Management in Microsoft Teams

My client sent a TEAMS link.

**Michael Yanoff, Esq.**



 610 Old York Road  Suite 340
Jenkintown, PA 19046
*Direct* 267-627-2485
*Cell* 215-837-8719
*Fax* 215.257.1910

_____
200 School Alley, Suite 5 | Green Lane, PA 18054
P.O. Box 552 | Paoli, PA 19301
610-949-0444
*fax:* 1-215-257-1910
www.goldsteinlp.com

THE CONTENTS OF THIS COMMUNICATION
MAY BE SUBJECT TO THE ATTORNEY-CLIENT
PRIVILEGE OR THE ATTORNEY WORK PRODUCT
PRIVILEGE.



**From:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Sent:** Monday, March 10, 2025 4:00 PM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>
**Subject:** FW: You have been added as a guest to SBG Management in Microsoft Teams

Michael:

Before I click on the link below, I just wanted to make sure this was legit and came from your client. I have deal with too many phishing/spoofing email to click before verifying. Just let me know.

Thanks,

Gleb

_____

Gleb Epelbaum, Esquire
**Kurtz and Partners P.C.**
1265 Drummers Lane, Suite 120
Wayne, PA 19087
Phone: 610-688-2855, ext. 235
Email: gepelbaum@kurtzpartners.com

The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kurtz and Partners P.C. for any loss or damage arising in any way from its use.

**From:** Microsoft Teams <noreply@email.teams.microsoft.com>
**Sent:** Monday, March 10, 2025 3:46 PM
**To:** Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Subject:** You have been added as a guest to SBG Management in Microsoft Teams

You don't often get email from noreply@email.teams.microsoft.com. Learn why this is important





**Bring your team together**

Create an open, collaborative workspace for your team. Use channels to organize conversations by topic, area, or anything else.

**Chat 1:1 and with groups**

Outside of open team conversations, chat privately and share files and notes with anyone in your organization.

**Make video calls and schedule online meetings**

Have impromptu or scheduled meetings in any channel. Or just call someone...

**Team files, notes, and apps in one place**

Your team's tools are organized and integrated in Microsoft Teams with the power of Office 365.

Open Microsoft Teams

Get it now! Take it with you wherever you go.

Windows          iOS
Mac              Android

Go to downloads page

© 2024 Microsoft Corporation
One Microsoft Way, Redmond, WA 98052-7329
Privacy policy

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Abington Clinic** |
| To | Ava Stapp <astapp@trigild.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, hpiel <hpiel@piellawfirm.com>, Aciardi <Aciardi@ciardilaw.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com>, Michael Yanoff <myanoff@goldsteinlp.com>, "david.wallace" <david.wallace@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com> |
| Date | March 14, 2025, 11:51:08 AM EDT |

FYI

Fire System is still down……we have people who can fix!

P

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Friday, March 14, 2025 8:05 AM
**To:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>; Devra Schorr <dschorr@sbgmanagement.com>; Jason Eaves <jason@hhfamily.com>; Alec Bronder <alec@hhfamily.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** RE: Abington Clinic

Good morning please contact the Property Management Company on the attached.

Thank you-
Nancy

Nancy A. Elliott
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone: 215-938-6665 ex 2006
Email:  nelliott@sbgmanagement.com
Web site: www.sbgmanagement.com

Confidentiality Notice:  This email is intended only for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the  original message with any attachments.  Thank you for your compliance.

---

**From:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>
**Sent:** Thursday, March 13, 2025 5:03 PM
**To:** Nancy Elliott <nelliott@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>; Jason Eaves <jason@hhfamily.com>; Alec Bronder <alec@hhfamily.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** Re: Abington Clinic

Hello,

The fire system outside of the clinic is experiencing "trouble" (according to the screen) and has a persistent beep that is disruptive to the operations of the clinic. Can you send out a technician to address the issue?

Thank you,

Lindsey DelCarlino
M.S., BCBA LBS
Clinical Director- Abington
(She/Her)



CONFIDENTIALITY NOTICE: This communication, including attachments, is for the exclusive use of the person to whom it is addressed. The information contained in this transmission is confidential and may be

privileged and/or contain confidential health information that is legally protected by state and federal law, including the Health Insurance Portability and Accountability Act of 1996 and related regulations.

If you receive this message in error, please contact the sender by return e-mail, indicate that you are not the intended recipient, and confirm that you have deleted the original message. Use, disclosure, distribution or copying of documents transmitted to you in error is strictly prohibited. Please do not retransmit the content of this message.

 Book time to meet with me
https://calendly.com/ldelcarlino-hhfamily/new-meeting

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **RE: Abington Clinic** |
| To | Jason Eaves <jason@hhfamily.com>, Devra Schorr <dschorr@sbgmanagement.com>, Alec Bronder <alec@hhfamily.com>, Nancy Elliott <nelliott@sbgmanagement.com>, Devra Schorr <dschorr@sbgmanagement.com>, Lindsey DelCarlino <LDelCarlino@hhfamily.com> |
| Cc | Bill Rudow <wrudow@piellawfirm.com>, hpiel <hpiel@piellawfirm.com>, Aciardi <Aciardi@ciardilaw.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Michael Yanoff <myanoff@goldsteinlp.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, "david.wallace" <david.wallace@trigild.com>, Ava Stapp <astapp@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com>, Devra Schorr <dschorr@sbgmanagement.com> |
| Date | March 14, 2025, 11:53:08 AM EDT |

We have notified the new property manager of your concern.

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>
**Sent:** Thursday, March 13, 2025 5:03 PM
**To:** Nancy Elliott <nelliott@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>; Jason Eaves <jason@hhfamily.com>; Alec Bronder <alec@hhfamily.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** Re: Abington Clinic

Hello,

The fire system outside of the clinic is experiencing "trouble" (according to the screen) and has a persistent beep that is disruptive to the operations of the clinic. Can you send out a technician to address the issue?

Thank you,

Lindsey DelCarlino
M.S., BCBA LBS
Clinical Director- Abington
(She/Her)



CONFIDENTIALITY NOTICE: This communication, including attachments, is for the exclusive use of the person to whom it is addressed. The information contained in this transmission is confidential and may be privileged and/or contain confidential health information that is legally protected by state and federal law, including the Health Insurance Portability and Accountability Act of 1996 and related regulations.

If you receive this message in error, please contact the sender by return e-mail, indicate that you are not the intended recipient, and confirm that you have deleted the original message. Use, disclosure, distribution or copying of documents transmitted to you in error is strictly prohibited. Please do not retransmit the content of this message.

📅 Book time to meet with me
https://calendly.com/ldelcarlino-hhfamily/new-meeting

---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Wednesday, February 5, 2025 11:10 AM
**To:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>; Devra Schorr <dschorr@sbgmanagement.com>; Jason Eaves <jason@hhfamily.com>; Alec Bronder <alec@hhfamily.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** RE: Abington Clinic

*NOTICE: This email originated from outside of HHF. Proceed with caution when clicking links and opening attachments.*

Good  morning, the Contractor has been notified.

Have a good day
Nancy

Nancy A. Elliott
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone: 215-938-6665 ex 2006
Email:  nelliott@sbgmanagement.com
Web site: www.sbgmanagement.com

Confidentiality Notice:  This email is intended only for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the  original message with any attachments.  Thank you for your compliance.

---

**From:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>
**Sent:** Wednesday, February 5, 2025 10:39 AM
**To:** Devra Schorr <dschorr@sbgmanagement.com>; Jason Eaves <jason@hhfamily.com>; Nancy Elliott <nelliott@sbgmanagement.com>; Alec Bronder <alec@hhfamily.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** Re: Abington Clinic

Hello,

I still have on unit that is not working. The three offices closest to the attached neighbor still require space heaters. The thermostat is reading 56 degrees without additional heat sources. The other units are supporting the rest of the space.

Lindsey DelCarlino
M.S., BCBA LBS
Clinical Director- Abington
(She/Her)



CONFIDENTIALITY NOTICE: This communication, including attachments, is for the exclusive use of the person to whom it is addressed. The information contained in this transmission is confidential and may be privileged and/or contain confidential health information that is legally protected by state and federal law, including the Health Insurance Portability and Accountability Act of 1996 and related regulations.

If you receive this message in error, please contact the sender by return e-mail, indicate that you are not the intended recipient, and confirm that you have deleted the original message. Use, disclosure, distribution or copying of documents transmitted to you in error is strictly prohibited. Please do not retransmit the content of this message.

📅  Book time to meet with me
https://calendly.com/ldelcarlino-hhfamily/new-meeting

---

**From:** Devra Schorr <dschorr@sbgmanagement.com>
**Sent:** Monday, January 13, 2025 11:10 AM
**To:** Jason Eaves <jason@hhfamily.com>; Nancy Elliott <nelliott@sbgmanagement.com>; Alec Bronder <alec@hhfamily.com>
**Cc:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>; Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** RE: Abington Clinic

**_*NOTICE: This email originated from outside of HHF. Proceed with caution when clicking links and opening attachments._**

They are completing the new heater installation.  They need access to hook it up.  This should be completed today.

Devra Schorr
SBG Management Services
Maccabi USA Ice Hockey Chair

https://www.youtube.com/watch?v=Neq1MDRdVs8  2021 Maccabi Games

215.938.6665 ext. 2000
215.935.6987 fax

Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

---

**From:** Jason Eaves <jason@hhfamily.com>
**Sent:** Monday, January 13, 2025 11:02 AM

**To:** Nancy Elliott <nelliott@sbgmanagement.com>; Alec Bronder <alec@hhfamily.com>
**Cc:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Subject:** Re: Abington Clinic

Hi all,

The clinic right now is in shambles as the ceiling is torn apart with tools, ladders and equipment everywhere. This is unacceptable as we are having clients in these areas as well. Do we have a schedule here for this work? Can this not be done while our clients are not on-site? Please let me know your thoughts. I have included pictures as well for reference.





*All the best,*

*Jason Eaves, MBA*

Regional Director of Operations

E: Jason@hhfamily.com

P: (512) 435-7578



---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Thursday, January 9, 2025 12:36 PM
**To:** Alec Bronder <alec@hhfamily.com>; Jason Eaves <jason@hhfamily.com>
**Cc:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Subject:** RE: Abington Clinic

*NOTICE: This email originated from outside of HHF. Proceed with caution when clicking links and opening attachments.*

Good afternoon Alex:

I just confirmed with Devra that our HVAC Contractor is on his way, he should be here within the hour.
The new unit is being dropped tomorrow.

Have a good day
Nancy


Nancy A. Elliott
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone: 215-938-6665 ex 2006
Email:  nelliott@sbgmanagement.com
Web site: www.sbgmanagement.com


Confidentiality Notice:  This email is intended only for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the  original message with any attachments.  Thank you for your compliance.

---

**From:** Alec Bronder <alec@hhfamily.com>
**Sent:** Thursday, January 9, 2025 10:07 AM
**To:** Nancy Elliott <nelliott@sbgmanagement.com>; Jason Eaves <jason@hhfamily.com>
**Cc:** Lindsey DelCarlino <LDelCarlino@hhfamily.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Subject:** RE: Abington Clinic

Hi Nancy, I just left a voicemail, could you please call me back at 847-894-5390?

If your team is not able to repair, could you please grant HHF permission to get a tech on there to evaluate?

Copying Devra – just left a VM as well.

We need a proper fix to continue operating.

Thank you,
Alec
847-894-5390

---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Tuesday, January 7, 2025 11:35 AM
**To:** Jason Eaves <jason@hhfamily.com>
**Cc:** Alec Bronder <alec@hhfamily.com>; Lindsey DelCarlino <LDelCarlino@hhfamily.com>
**Subject:** RE: Abington Clinic



Hi Jason:
I know they had an issue back in November, I thought that had been resolved.
Maintenance was just one site, I'm being told the heat is working?
Can you please have someone in the office confirm that for me?

Thank you
Nancy


Nancy A. Elliott
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone: 215-938-6665 ex 2006
Email:  nelliott@sbgmanagement.com
Web site: www.sbgmanagement.com


Confidentiality Notice:  This email is intended only for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the  original message with any attachments.  Thank you for your compliance.

---

**From:** Jason Eaves <jason@hhfamily.com>
**Sent:** Tuesday, January 7, 2025 9:44 AM
**To:** Nancy Elliott <nelliott@sbgmanagement.com>
**Cc:** Alec Bronder <alec@hhfamily.com>; Lindsey DelCarlino <LDelCarlino@hhfamily.com>
**Subject:** Abington Clinic

Nancy,

Hope all is well. I am in town visiting sites and stopped into Abington and the clinic is currently without heat again. Could you provide me with an update at your earliest convenience. Thank you.

*All the best,*

*Jason Eaves, MBA*

Regional Director of Operations

E: Jason@hhfamily.com

P: (512) 435-7578



**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **Jenkins trash** |
| To | Bill Rudow <wrudow@piellawfirm.com>, hpiel <hpiel@piellawfirm.com>, Aciardi <Aciardi@ciardilaw.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Michael Yanoff <myanoff@goldsteinlp.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, "david.wallace" <david.wallace@trigild.com>, Ava Stapp <astapp@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com> |
| Date | March 14, 2025, 11:54:34 AM EDT |

FYI

P

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Thursday, March 13, 2025 3:14 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** Jenkins trash

All the trash was NOT picked up.
They emptied the overflowing trashcans at Outback and Jersey College and they cleaned the trash from the driveway

Someone partially parked on the bag out in the grass at the back of the building.
There are these odd cylinders in the flowerbeds at the entrance of the building (I circled them with blue)
Trash still on the curb at the handicapped parking and in the corner
Trash still in the trash compactor area

Nancy A. Elliott
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone: 215-938-6665 ex 2006
Email:  nelliott@sbgmanagement.com
Web site: www.sbgmanagement.com

Confidentiality Notice:  This email is intended only for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the  original message with any attachments.  Thank you for your compliance.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **Jenkins Insurance** |
| To | Bill Rudow <wrudow@piellawfirm.com>, hpiel <hpiel@piellawfirm.com>, Aciardi <Aciardi@ciardilaw.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Michael Yanoff <myanoff@goldsteinlp.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, "david.wallace" <david.wallace@trigild.com>, Ava Stapp <astapp@trigild.com>, Devra Schorr <dschorr@sbgmanagement.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 17, 2025, 12:19:40 PM EDT |

FYI

P

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Friday, March 14, 2025 11:55 AM
**To:** Ava Stapp <astapp@trigild.com>; Devra Schorr <dschorr@sbgmanagement.com>; Michael Yanoff <myanoff@goldsteinlp.com>; david.wallace <david.wallace@trigild.com>; Chris.Neilson <Chris.Neilson@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com; Aciardi <Aciardi@ciardilaw.com>
**Subject:** Jenkins trash

FYI

P

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Nancy Elliott <nelliott@sbgmanagement.com>
**Sent:** Thursday, March 13, 2025 3:14 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** Jenkins trash

All the trash was NOT picked up.
They emptied the overflowing trashcans at Outback and Jersey College and they cleaned the trash from the driveway

Someone partially parked on the bag out in the grass at the back of the building.
There are these odd cylinders in the flowerbeds at the entrance of the building (I circled them with blue)
Trash still on the curb at the handicapped parking and in the corner
Trash still in the trash compactor area

Nancy A. Elliott
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone: 215-938-6665 ex 2006
Email:  nelliott@sbgmanagement.com
Web site: www.sbgmanagement.com

Confidentiality Notice:  This email is intended only for the use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the  original message with any attachments.  Thank you for your compliance.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the

recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **Jenkins Fire Panels - Fire Alarm Vendor** |
| To | Devra Schorr <dschorr@sbgmanagement.com>, "DRamirez@LPC.com" <DRamirez@LPC.com>, Devra Schorr <dschorr@sbgmanagement.com> |
| Cc | Ava Stapp <astapp@trigild.com>, "david.wallace" <david.wallace@trigild.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Bill Rudow <wrudow@piellawfirm.com>, hpiel <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, "Ron Wohlgemuth (rw9316@comcast.net)" <rw9316@comcast.net>, Victoria Cesario <victoria@linkedalarm.com>, Devra Schorr <dschorr@sbgmanagement.com> |
| Date | March 20, 2025, 11:41:00 AM EDT |

LPC

Thank you for your emails to Jackie but she is not allowed to respond as SBG Management was terminated by the receiver.

The receiver has a balance of $60,774.69……per the attached statement. We previously supplied the invoices to the receiver and counsel

We look forward to receipt of these funds

It should note that the hours of operation of the exterior doors are governed by various leases to unlock at 8 am

As for the fire alarms we use RW electric 2156692814…the monitoring company is Linked alarm….all of this information was provided to the receiver and their counsel. It is again supplied above so you can retain them.

Also we requested financial information from Oct 2024 thru March 2025 that has yet to be received by you or the receiver.

Thank you

P D


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Sent:** Wednesday, March 19, 2025 1:15 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** FW: Fire Panels - Fire Alarm Vendor

---

**From:** Dinora Ramirez <DRamirez@LPC.com>
**Sent:** Wednesday, March 19, 2025 9:45 AM
**To:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** Re: Fire Panels - Fire Alarm Vendor

Hi Jackie,
I understand.

I would also mention that I need to know how to adjust the outer doors. Since daylight savings the doors are not opening at 6am.

I appreciate your help.

Thank you.

**Lincoln** | **Dinora Ramirez**

Property Manager, Property Management

C 609.975.2804 | O 267. 439.4072

Lincoln Property Company

100 Penn Square East | Suite 905 | Philadelphia, PA 19107

**lpc.com**

Follow us: LinkedIn | X | Instagram

---

**From:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Sent:** Wednesday, March 19, 2025 8:17 AM
**To:** Dinora Ramirez <DRamirez@LPC.com>
**Subject:** RE: Fire Panels - Fire Alarm Vendor

Sorry Dinora,  I'm just a secretary but will pass on that you are looking for this information.


Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011
www.SBGManagement.com


Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

---

**From:** Dinora Ramirez <DRamirez@LPC.com>
**Sent:** Wednesday, March 19, 2025 8:03 AM
**To:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** Re: Fire Panels - Fire Alarm Vendor

Thanks Jackie.

What about fire alarm monitoring and access control?

**Dinora Ramirez**

Property Manager, Property Management

C 609.975.2804 | O 267. 439.4072

Lincoln Property Company

100 Penn Square East | Suite 905 | Philadelphia, PA 19107

**lpc.com**

Follow us: LinkedIn | X | Instagram

---

**From:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Sent:** Wednesday, March 19, 2025 8:00:36 AM
**To:** Dinora Ramirez <DRamirez@LPC.com>
**Subject:** RE: Fire Panels - Fire Alarm Vendor

Good morning Dinora,

Sorry, I don't know information on a fire alarm vendor for Jenkins.

Have a great day, Jackie


Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011

www.SBGManagement.com

Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

**From:** Dinora Ramirez <DRamirez@LPC.com>
**Sent:** Tuesday, March 18, 2025 9:43 AM
**To:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** Fire Panels - Fire Alarm Vendor

Hi Jackie,

Question. Who is the fire alarm vendor for the building? Any information would be appreciated

Thank you.

**Lincoln**

**Dinora Ramirez**

Property Manager, Property Management

C 609.975.2804 | O 267. 439.4072

Lincoln Property Company

100 Penn Square East | Suite 905 | Philadelphia, PA 19107

**lpc.com**

Follow us: LinkedIn | X | Instagram

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

From  Phil Pulley <ppulley@sbgmanagement.com>
Subject  **Jenkins Court - Superior Scaffolding Invoice**
To  Devra Schorr <dschorr@sbgmanagement.com>, hpiel <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, "david.wallace" <david.wallace@trigild.com>, "DRamirez@LPC.com" <DRamirez@LPC.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com>
Cc  Amy Giambrone <amy@superiorscaffold.com>, Jackie Silverman <jsilverman@sbgmanagement.com>
Date  March 20, 2025, 11:45:42 AM EDT

LPC
Please see the attached invoice for the scaffold rental in the garage. We are directing Superior to bill you for all the rental per the court order

P/D


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

-----Original Message-----
From: Jackie Silverman <jsilverman@sbgmanagement.com>
Sent: Thursday, March 20, 2025 11:26 AM
To: 'Michael Yanoff' <myanoff@goldsteinlp.com>
Cc: Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>
Subject: Jenkins Court - Superior Scaffolding Invoice

Good morning Michael,

Please see attached invoice regarding the scaffolding materials located here at Jenkins Court.

Regards, Jackie

Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011
www.SBGManagement.com


Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

-----Original Message-----
From: Amy Giambrone <amy@superiorscaffold.com>
Sent: Thursday, March 20, 2025 10:45 AM
To: Jackie Silverman <jsilverman@sbgmanagement.com>; Nancy Elliott <nelliott@sbgmanagement.com>
Subject: Invoice 128868

See attached invoice for payment.

--
Amy Giambrone
Treasurer
Superior Scafffold Services, Inc
215-743-2200 Main
215-279-8143 Direct
amy@superiorscaffold.com
600 Center Ave.
Bensalem, PA 19020


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

Case 2:25-cv-00044-GAM   Document 24-3   Filed 04/25/25   Page 166 of 176

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Jenkins Court - Peco Shut Off Notice for House Meter** |
| To | Ava Stapp <astapp@trigild.com>, "david.wallace" <david.wallace@trigild.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Bill Rudow <wrudow@piellawfirm.com>, hpiel <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, "DRamirez@LPC.com" <DRamirez@LPC.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 24, 2025, 6:15:57 PM EDT |

FYI

This was previously sent to you


P/d

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

-----Original Message-----
From: Jackie Silverman <jsilverman@sbgmanagement.com>
Sent: Monday, March 24, 2025 2:26 PM
To: 'Michael Yanoff' <myanoff@goldsteinlp.com>
Cc: Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>
Subject: Jenkins Court - Peco Shut Off Notice for House Meter

Good afternoon Michael,

Please see attached Peco Shut Off Notice for Jenkins Court House Meter.

Regards, Jackie

Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011
www.SBGManagement.com


Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **FW: Superior Scaffolding v SBG - Court Notice - received 3-26-25** |
| To | "DRamirez@LPC.com" <DRamirez@LPC.com>, Devra Schorr <dschorr@sbgmanagement.com>, hpiel <hpiel@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Jonathan Lakner <jon.lakner@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, "david.wallace" <david.wallace@trigild.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | March 26, 2025, 2:14:45 PM EDT |

Sorry sent to wrong group

Pdd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Wednesday, March 26, 2025 2:13 PM
**To:** maegan.kalbermatten <maegan.kalbermatten@trigild.com>; Devra Schorr <dschorr@sbgmanagement.com>; Jonathan Lakner <jon.lakner@trigild.com>; ian.lagowitz <ian.lagowitz@trigild.com>; Raymond Quaglia <Quaglia@ballardspahr.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Kenn Penn <kpenn@benchmarkcg.net>
**Cc:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** FW: Superior Scaffolding v SBG - Court Notice - received 3-26-25

FYI

Scaffold in the garage

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **Jenkins inspection 4-9-2025** |
| To | "Chris.Neilson" <Chris.Neilson@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, hpiel <hpiel@piellawfirm.com>, Aciardi <Aciardi@ciardilaw.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Bill Rudow <wrudow@piellawfirm.com>, Devra Schorr <dschorr@sbgmanagement.com>, "david.wallace" <david.wallace@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, "DRamirez@LPC.com" <DRamirez@LPC.com>, Ava Stapp <astapp@trigild.com> |
| Cc | "sapulley21@gmail.com" <sapulley21@gmail.com> |
| Date | April 4, 2025, 3:28:33 PM EDT |

It has come to our attention that you have changed all locks at Jenkins

As such we will need access to all mechanical and common areas of the property on April 9 12-1:30 for an inspection. We will have our staff accompany the inspector but would like a representative from Lincoln who can get us into these areas.

Thank you in advance for your cooperation to our request

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **RE: Jenkins Court - Superior Scaffolding Invoice** |
| To | Ava Stapp <astapp@trigild.com>, "david.wallace" <david.wallace@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, hpiel <hpiel@piellawfirm.com>, Jonathan Lakner <jon.lakner@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, Amy Giambrone <amy@superiorscaffold.com>, "DRamirez@LPC.com" <DRamirez@LPC.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | April 7, 2025, 9:26:16 AM EDT |

Be advised that this invoice is not for Jenkins

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Amy Giambrone <amy@superiorscaffold.com>
**Sent:** Monday, April 7, 2025 9:13 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; DRamirez@LPC.com; Ava Stapp <astapp@trigild.com>; Chris.Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>; david.wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; hpiel <hpiel@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Cc:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** RE: Jenkins Court - Superior Scaffolding Invoice

See attached additional invoice.

Thank you,
Amy Giambrone
Treasurer
Superior Scaffold Services
215-743-2200 Main
215-279-8143 Direct
amy@superiorscaffold.com
600 Center Ave.
Bensalem, PA 19020

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, March 20, 2025 11:46 AM
**To:** DRamirez@LPC.com; Ava Stapp <astapp@trigild.com>; Chris.Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>; david.wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; hpiel <hpiel@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>
**Cc:** Amy Giambrone <amy@superiorscaffold.com>; Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** Jenkins Court - Superior Scaffolding Invoice

> You don't often get email from ppulley@sbgmanagement.com. Learn why this is important

LPC
Please see the attached invoice for the scaffold rental in the garage. We are directing Superior to bill you for all the rental per the court order

P/D

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

-----Original Message-----
From: Jackie Silverman <jsilverman@sbgmanagement.com>
Sent: Thursday, March 20, 2025 11:26 AM
To: 'Michael Yanoff' <myanoff@goldsteinlp.com>

Appx608

Cc: Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>
Subject: Jenkins Court - Superior Scaffolding Invoice

Good morning Michael,

Please see attached invoice regarding the scaffolding materials located here at Jenkins Court.

Regards, Jackie

Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011
www.SBGManagement.com


Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

-----Original Message-----
From: Amy Giambrone <amy@superiorscaffold.com>
Sent: Thursday, March 20, 2025 10:45 AM
To: Jackie Silverman <jsilverman@sbgmanagement.com>; Nancy Elliott <nelliott@sbgmanagement.com>
Subject: Invoice 128868

See attached invoice for payment.

--
Amy Giambrone
Treasurer
Superior Scafffold Services, Inc
215-743-2200 Main
215-279-8143 Direct
amy@superiorscaffold.com
600 Center Ave.
Bensalem, PA 19020

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

WARNING: This message has originated from outside Superior Scaffold Services. DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

From    Phil Pulley <ppulley@sbgmanagement.com>
Subject    **RE: Jenkins inspection 4-9-2025**
To    "DRamirez@LPC.com" <DRamirez@LPC.com>, Devra Schorr <dschorr@sbgmanagement.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Aciardi <Aciardi@ciardilaw.com>, Bill Rudow <wrudow@piellawfirm.com>, hpiel <hpiel@piellawfirm.com>, "david.wallace" <david.wallace@trigild.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Ava Stapp <astapp@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>
Cc    "sapulley21@gmail.com" <sapulley21@gmail.com>, "Quaglia, Raymond" <Quaglia@ballardspahr.com>
Date    April 7, 2025, 9:32:43 AM EDT

Property Condition and Assessment

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jonathan Lakner <jon.lakner@trigild.com>
**Sent:** Monday, April 7, 2025 8:19 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; DRamirez@LPC.com; Ava Stapp <astapp@trigild.com>; Chris.Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>; david.wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; hpiel <hpiel@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; Aciardi <Aciardi@ciardilaw.com>
**Cc:** sapulley21@gmail.com; Quaglia, Raymond <Quaglia@ballardspahr.com>
**Subject:** RE: Jenkins inspection 4-9-2025

Phil – What is the purpose of the site visit?

Jon Lakner
Senior Vice President

(o) 619.704.3962   | (d) 469.587.1226
24 Church Street
Montclair, New Jersey 07042

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, April 4, 2025 3:29 PM
**To:** DRamirez@LPC.com; Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; hpiel <hpiel@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; Aciardi <Aciardi@ciardilaw.com>
**Cc:** sapulley21@gmail.com
**Subject:** Jenkins inspection 4-9-2025
**Importance:** High

> CAUTION:**This message is from an EXTERNAL SENDER**.

It has come to our attention that you have changed all locks at Jenkins

As such we will need access to all mechanical and common areas of the property on April 9 12-1:30 for an inspection. We will have our staff accompany the inspector but would like a representative from Lincoln who can get us into these areas.

Thank you in advance for your cooperation to our request

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| | |
|---|---|
| From | Phil Pulley <ppulley@sbgmanagement.com> |
| Subject | **RE: Jenkins inspection 4-9-2025** |
| To | Ava Stapp <astapp@trigild.com>, "david.wallace" <david.wallace@trigild.com>, hpiel <hpiel@piellawfirm.com>, Aciardi <Aciardi@ciardilaw.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, Bill Rudow <wrudow@piellawfirm.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, Devra Schorr <dschorr@sbgmanagement.com>, "Chris.Neilson" <Chris.Neilson@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com>, "DRamirez@LPC.com" <DRamirez@LPC.com> |
| Cc | "sapulley21@gmail.com" <sapulley21@gmail.com>, "Quaglia, Raymond" <quaglia@ballardspahr.com> |
| Date | April 9, 2025, 10:22:42 AM EDT |

We have confirmed with the inspector for 12:15

Please have maintenance meet in the lobby by the elevators.

Thank you

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Phil Pulley
**Sent:** Monday, April 7, 2025 9:33 AM
**To:** Jonathan Lakner <jon.lakner@trigild.com>; DRamirez@LPC.com; Ava Stapp <astapp@trigild.com>; Chris.Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>; david.wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; hpiel <hpiel@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; Aciardi <Aciardi@ciardilaw.com>
**Cc:** sapulley21@gmail.com; Quaglia, Raymond <Quaglia@ballardspahr.com>
**Subject:** RE: Jenkins inspection 4-9-2025

Property Condition and Assessment

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jonathan Lakner <jon.lakner@trigild.com>
**Sent:** Monday, April 7, 2025 8:19 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; DRamirez@LPC.com; Ava Stapp <astapp@trigild.com>; Chris.Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>; david.wallace <david.wallace@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; hpiel <hpiel@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; Aciardi <Aciardi@ciardilaw.com>
**Cc:** sapulley21@gmail.com; Quaglia, Raymond <Quaglia@ballardspahr.com>
**Subject:** RE: Jenkins inspection 4-9-2025

Phil – What is the purpose of the site visit?

Jon Lakner
Senior Vice President

(o) 619.704.3962  | (d) 469.587.1226
24 Church Street
Montclair, New Jersey 07042

trigild.com| trigildconference.com

---

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Friday, April 4, 2025 3:29 PM
**To:** DRamirez@LPC.com; Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; hpiel <hpiel@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; Aciardi <Aciardi@ciardilaw.com>
**Cc:** sapulley21@gmail.com
**Subject:** Jenkins inspection 4-9-2025
**Importance:** High

CAUTION:**This message is from an EXTERNAL SENDER**.

It has come to our attention that you have changed all locks at Jenkins

As such we will need access to all mechanical and common areas of the property on April 9 12-1:30 for an inspection. We will have our staff accompany the inspector but would like a representative from Lincoln who can get us into these areas.

Thank you in advance for your cooperation to our request

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

| From | Phil Pulley <ppulley@sbgmanagement.com> |
|---|---|
| Subject | **FW: Jenkins Statement from Health Mats Co** |
| To | "Chris.Neilson" <Chris.Neilson@trigild.com>, Bill Rudow <wrudow@piellawfirm.com>, Gleb Epelbaum <gepelbaum@kurtzpartners.com>, "Quaglia, Raymond" <quaglia@ballardspahr.com>, hpiel <hpiel@piellawfirm.com>, Devra Schorr <dschorr@sbgmanagement.com>, "david.wallace" <david.wallace@trigild.com>, "myanoff@goldsteinlp.com" <myanoff@goldsteinlp.com>, "DRamirez@LPC.com" <DRamirez@LPC.com>, Ava Stapp <astapp@trigild.com>, Jonathan Lakner <jon.lakner@trigild.com> |
| Cc | Jackie Silverman <jsilverman@sbgmanagement.com> |
| Date | April 9, 2025, 11:20:18 AM EDT |

FYI

Pd

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

---

**From:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Sent:** Wednesday, April 9, 2025 11:03 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** Jenkins - Receiver - Statement from Health Mats Co

Please see attached that was sent for Jenkins Court from Health Mats Co.

Jackie Silverman
SBG Management Services, Inc.
P.O. Box 549
Abington, PA  19001
Phone:  215-938-6665  ext. 2011
www.SBGManagement.com

Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

---

**From:** Turquoise Hicks <tori@healthmats.com>
**Sent:** Monday, April 7, 2025 2:54 PM
**To:** Nancy Elliott <nelliott@sbgmanagement.com>
**Cc:** Jackie Silverman <jsilverman@sbgmanagement.com>
**Subject:** Statement from Health Mats Co

Hello,
Is there a update on payment status for these invoices.


Sincerely,
Health Mats Co

610-874-4771
www.healthmats.com


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT "C"

**United States District Court**
**Eastern District of Pennsylvania (Philadelphia)**
**CIVIL DOCKET FOR CASE #: 2:24-cv-04722-CH**

FANNIE MAE v. HARRISON COURT REALTY CO., L.P. et al
Assigned to: DISTRICT JUDGE CATHERINE HENRY
Case in other court: Third Circuit, 24-02994
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 09/06/2024
Jury Demand: None
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Diversity

**Receiver**

**TRIGILD IVL**                        represented by   **RAYMOND A. QUAGLIA**
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 MARKET ST.
51ST FL.
PHILADELPHIA, PA 19103
215-665-8500
Fax: 215-864-8999
Email: quaglia@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**BRIAN N. KEARNEY**
BALLARD SPAHR LLP
1735 MARKET ST 51ST FL
PHILADELPHIA, PA 19103
215-864-8275
Email: kearneyb@ballardspahr.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FANNIE MAE**                      represented by   **JARED S. ROACH**
REED SMITH LLP
225 FIFTH AVENUE
SUITE 1200
PITTSBURGH, PA 15222
Email: JROACH@REEDSMITH.COM
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria A. Russell**
Reed Smith LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
412-288-3254
Fax: 412-288-3063
Email: vsanford@reedsmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Case: 25-2598     Document: 19     Page: 609     Date Filed: 11/24/2025

Case 2:25-cv-00044-GAM    Document 24-4    Filed 04/25/25     Page 3 of 7

**HARRISON COURT REALTY CO., L.P.**      represented by **ROBERT H. NEMEROFF**
Friedman Schuman
275 Commerce Drive
Suite 210
Fort Washington, PA 19034
215-635-7200
Fax: 215-635-7212
Email: rnemeroff@fsalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SIMON GARDEN REALTY CO L.P.**      represented by **ROBERT H. NEMEROFF**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**FERN ROCK REALTY CO., L.P.**      represented by **ROBERT H. NEMEROFF**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**STONEHURST REALTY CO., L.P.**      represented by **ROBERT H. NEMEROFF**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARCHWOOD REALTY CO., L.P.**      represented by **ROBERT H. NEMEROFF**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALLENS LANE REALTY CO., L.P.**      represented by **ROBERT H. NEMEROFF**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**OAK LANE COURT REALTY CO., L.P.**      represented by **ROBERT H. NEMEROFF**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GREENE TREE REALTY CO., L.P.**      represented by **ROBERT H. NEMEROFF**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Case: 25-2598     Document: 19     Page: 610     Date Filed: 11/24/2025

**Defendant**

**Darrah School Realty Co., L.P.**                                           represented by **ROBERT H. NEMEROFF**
                                                                            (See above for address)
                                                                            *LEAD ATTORNEY*
                                                                            *ATTORNEY TO BE NOTICED*


**Defendant**

**Marshall Square Realty Co., L.P.**                                         represented by **ROBERT H. NEMEROFF**
                                                                            (See above for address)
                                                                            *LEAD ATTORNEY*
                                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2024 | 1 | COMPLAINT against All Defendants, filed by FANNIE MAE. (Attachments: # 1 Civil Cover Sheet, # 2 Designation Form)(Russell, Victoria) (Entered: 09/09/2024) |
| 09/09/2024 | | Filing Fee for CIVIL CASE, COMPLAINT or NOTICE OF REMOVAL by FANNIE MAE. (Filing Fee $405, receipt number APAEDC-17729298). (Russell, Victoria) (Entered: 09/09/2024) |
| 09/09/2024 | 2 | Summons Issued as to ALLENS LANE REALTY CO., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P.. Forwarded To: Plaintiff's Counsel on 9/10/24 (va) (Entered: 09/10/2024) |
| 09/10/2024 | 3 | EXHIBIT *1-20 to Complaint* by FANNIE MAE.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20)(Russell, Victoria) (Entered: 09/10/2024) |
| 09/10/2024 | 4 | EXHIBIT *21-40 to Complaint* by FANNIE MAE.. (Attachments: # 1 Exhibit 21, # 2 Exhibit 22, # 3 Exhibit 23, # 4 Exhibit 24, # 5 Exhibit 25, # 6 Exhibit 26, # 7 Exhibit 27, # 8 Exhibit 28, # 9 Exhibit 29, # 10 Exhibit 30, # 11 Exhibit 31, # 12 Exhibit 32, # 13 Exhibit 33, # 14 Exhibit 34, # 15 Exhibit 35, # 16 Exhibit 36, # 17 Exhibit 37, # 18 Exhibit 38, # 19 Exhibit 39, # 20 Exhibit 40)(Russell, Victoria) (Entered: 09/10/2024) |
| 09/10/2024 | 5 | EXHIBIT *61-69 to Complaint* by FANNIE MAE.. (Attachments: # 1 Exhibit 61, # 2 Exhibit 62, # 3 Exhibit 63, # 4 Exhibit 64, # 5 Exhibit 65, # 6 Exhibit 66, # 7 Exhibit 67, # 8 Exhibit 68, # 9 Exhibit 69)(Russell, Victoria) (Entered: 09/10/2024) |
| 09/11/2024 | 6 | Disclosure Statement Form pursuant to FRCP 7.1 by FANNIE MAE.(Russell, Victoria) (Entered: 09/11/2024) |
| 09/11/2024 | 7 | MOTION for Expedited Appointment of a Receiver filed by FANNIE MAE.Memorandum, Declaration, Certificate of Service. (Attachments: # 1 Memorandum, # 2 Declaration, # 3 Supplement, # 4 Text of Proposed Order)(Russell, Victoria) (Entered: 09/11/2024) |
| 09/16/2024 | 8 | CERTIFICATE OF SERVICE by FANNIE MAE re 7 MOTION for Expedited Appointment of a Receiver *(Amended)* (Russell, Victoria) (Entered: 09/16/2024) |
| 09/16/2024 | 9 | APPLICATION for Admission Pro Hac Vice of Jared S. Roach by FANNIE MAE. ( Filing fee $ 75 receipt number APAEDC-17743815.). (Russell, Victoria) (Entered: 09/16/2024) |
| 09/17/2024 | 10 | ORDER GRANTING 9 PRO HAC VICE APPLICATION OF JARED S. ROACH. SIGNED BY DISTRICT JUDGE CYNTHIA M. RUFE ON 9/17/24. 9/17/24 ENTERED AND COPIES E-MAILED. (va) (Entered: 09/17/2024) |
| 09/30/2024 | 11 | NOTICE by FANNIE MAE re 7 MOTION for Expedited Appointment of a Receiver *of Filing Exhibits* (Attachments: # 1 Exhibit A)(Russell, Victoria) (Entered: 09/30/2024) |
| 10/03/2024 | 12 | AFFIDAVIT of Service *of Complaint and Motion for Expedited Appointment of Receiver* (Russell, Victoria) (Entered: 10/03/2024) |
| 10/04/2024 | 13 | ORDER THAT THE ATTACHED STIPULATION IS APPROVED. DEFENDANTS SHALL HAVE UNTIL 10/11/24 TO RESPOND TO PLAINTIFF'S MOTION FOR EXPEDITED APPOINTMENT OF A RECEIVER. DEFENDANTS SHALL HAVE UNTIL 10/31/24 TO RESPOND TO PLAINTIFF'S COMPLAINT; ETC.. SIGNED BY DISTRICT JUDGE CYNTHIA M. RUFE ON 10/4/24. 10/4/24 ENTERED AND E-MAILED.(JL) (Entered: 10/04/2024) |
| 10/07/2024 | 14 | RESPONSE to Motion re 7 MOTION for Expedited Appointment of a Receiver filed by Philadelphia Gas Works. (MURRAY, ANITA) (Entered: 10/07/2024) |
| 10/10/2024 | 15 | STIPULATION *for DFTS Response PLT Motion for Expedited Appt of Receiver and Memorandum of Law Extention* by STONEHURST REALTY CO., L.P.. (NEMEROFF, ROBERT) (Entered: 10/10/2024) |

Appx618

3/13/25, 3:42 PM

Case 2:25-cv-00044-GAM   Document 24-4   Filed 04/25/25   Page 5 of 7
United States District Court Eastern District of Pennsylvania

| 10/15/2024 | 16 | RESPONSE in Support re 7 MOTION for Expedited Appointment of a Receiver filed by FANNIE MAE. (Russell, Victoria) (Entered: 10/15/2024) |
|---|---|---|
| 10/18/2024 | 17 | Response Defendants' Answer to Plt Fannie Mae's Motion for the Expedited Appointment of a Receiver by ALLENS LANE REALTY CO., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P. (Attachments: # 1 Memorandum MOL, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Text of Proposed Order Proposed Order) (NEMEROFF, ROBERT) (Entered: 10/18/2024) |
| 10/18/2024 | 18 | ORDER GRANTING 7 MOTION FOR EXPEDITED APPOINTMENT OF A RECEIVER, ETC. SIGNED BY DISTRICT JUDGE CYNTHIA M. RUFE ON 10/18/24. 10/18/24 ENTERED AND COPIES E-MAILED. (va) (Entered: 10/18/2024) |
| 10/24/2024 | 19 | NOTICE OF APPEAL as to 18 Order on Motion for Miscellaneous Relief by ALLENS LANE REALTY CO., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P.. Filing fee $ 605, receipt number APAEDC-17834449. (Attachments: # 1 Exhibit Exhibit A)(NEMEROFF, ROBERT) (Entered: 10/24/2024) |
| 10/25/2024 | 20 | NOTICE by FANNIE MAE of Receiver's Bond (Attachments: # 1 Exhibit 1)(Russell, Victoria) (Entered: 10/25/2024) |
| 10/25/2024 | | BOND in the amount of $1,000.00 with SureTec Insurance Company as surety posted by FANNIE MAE.(SEE PAPER #20) (md) (Entered: 11/05/2024) |
| 10/30/2024 | 21 | NOTICE of Docketing Record on Appeal from USCA re 19 Notice of Appeal (Credit Card Payment), filed by GREENE TREE REALTY CO., L.P., FERN ROCK REALTY CO., L.P., ALLENS LANE REALTY CO., L.P., STONEHURST REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., MARCHWOOD REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P.. USCA Case Number 24-2994 (er) (Entered: 10/30/2024) |
| 10/31/2024 | 22 | ANSWER to Complaint together with and Affirmative Defenses by ALLENS LANE REALTY CO., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P..(NEMEROFF, ROBERT) (Entered: 10/31/2024) |
| 11/26/2024 | 23 | ORDER THAT A RULE 16 SCHEDULING CONFERENCE IN THE ABOVE-CAPTIONED CASE WILL BE HELD BY TELEPHONE CONFERENCE ON WEDNESDAY, DECEMBER 11, 2024, AT 11:30AM. ETC. SIGNED BY DISTRICT JUDGE CYNTHIA M. RUFE ON 11/26/24. 11/26/24 ENTERED AND COPIES E-MAILED. (va) (Entered: 11/26/2024) |
| 12/04/2024 | 24 | Report Of Joint Rule 26(f) Report by FANNIE MAE. (Russell, Victoria) (Entered: 12/04/2024) |
| 12/10/2024 | 25 | ORDER of USCA as to 19 Notice of Appeal (Credit Card Payment), filed by GREENE TREE REALTY CO., L.P., FERN ROCK REALTY CO., L.P., ALLENS LANE REALTY CO., L.P., STONEHURST REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., MARCHWOOD REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P. that the above matter is dismissed. (er) (Entered: 12/11/2024) |
| 12/11/2024 | 26 | NOTICE of Appearance by BRIAN N. KEARNEY on behalf of TRIGILD IVL (KEARNEY, BRIAN) (Entered: 12/11/2024) |
| 12/11/2024 | 27 | NOTICE of Appearance by RAYMOND A. QUAGLIA on behalf of TRIGILD IVL (QUAGLIA, RAYMOND) (Entered: 12/11/2024) |
| 12/12/2024 | 28 | SCHEDULING ORDER: ON OR BEFORE MARCH 1, 2025, THE PARTIES, THROUGH COUNSEL, SHALL JOINTLY REPORT TO THE COURT, IN WRITING, AS TO WHETHER THEY WISH TO HAVE A SETTLEMENT CONFERENCE BEFORE A MAGISTRATE JUDGE, ETC. DISCOVERY DUE BY 3/7/2025. MOTIONS DUE BY 6/13/2025. THE CASE WILL BE PLACED IN AN APPROPRIATE TRIAL POOL 45 DAYS AFTER THE RESOLUTION OF ANY DISPOSITIVE MOTIONS; IF NO DISPOSITIVE MOTIONS ARE FILED, THE CASE WILL BE PLACED IN AN APPROPRIATE TRIAL POOL 45 DAYS AFTER THE DEADLINE TO FILE SUCH MOTIONS.. SIGNED BY DISTRICT JUDGE CYNTHIA M. RUFE ON 12/11/24. 12/12/24 ENTERED AND COPIES E-MAILED.(va) (Entered: 12/12/2024) |
| 12/12/2024 | 29 | Minute Entry for proceedings held before DISTRICT JUDGE CYNTHIA M. RUFE. Telephone Pretrial Conference Not on the Record held on 12/11/24. (va) Modified on 12/12/2024 (va). (Entered: 12/12/2024) |
| 01/09/2025 | 30 | ORDER THAT THIS CASE IS REASSIGNED FROM THE CALENDAR OF DISTRICT JUDGE CYNTHIA M. RUFE TO THE CALENDAR OF DISTRICT JUDGE CATHERINE HENRY FOR ALL FURTHER PROCEEDINGS. SIGNED BY GEORGE V WYLESOL, CLERK OF COURT ON 1/9/2025. 1/9/2025 ENTERED AND COPIES E-MAILED.(ahf) (Entered: 01/09/2025) |
| 01/30/2025 | 31 | AMENDED COMPLAINT against ALLENS LANE REALTY CO., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P., Darrah School Realty Co., L.P., Marshall Square Realty Co., L.P., filed by FANNIE MAE. (Attachments: # 1 Appendix of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, |

Appx619

| | | |
|---|---|---|
| | | # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55, # 57 Exhibit 56, # 58 Exhibit 57, # 59 Exhibit 58, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 63, # 65 Exhibit 64, # 66 Exhibit 65, # 67 Exhibit 66, # 68 Exhibit 67, # 69 Exhibit 68, # 70 Exhibit 69, # 71 Exhibit 70, # 72 Exhibit 71, # 73 Exhibit 72, # 74 Exhibit 73, # 75 Exhibit 74, # 76 Exhibit 75, # 77 Exhibit 76, # 78 Exhibit 77, # 79 Exhibit 78, # 80 Exhibit 79, # 81 Exhibit 80, # 82 Exhibit 81, # 83 Exhibit 82, # 84 Exhibit 83, # 85 Exhibit 84, # 86 Exhibit 85, # 87 Exhibit 86, # 88 Exhibit 87)(Russell, Victoria) (Entered: 01/30/2025) |
| 01/30/2025 | 32 | MOTION to Amend 18 Receivership Order filed by FANNIE MAE.Memorandum, Declaration, Certificate of Service. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Russell, Victoria) Modified on 3/5/2025 (nd). (Entered: 01/30/2025) |
| 01/30/2025 | 33 | NOTICE by FANNIE MAE re 31 Amended Complaint,,,,,,,, (Attachments: # 1 Exhibit A)(Russell, Victoria) (Entered: 01/30/2025) |
| 01/31/2025 | 34 | Summons Issued as to ALLENS LANE REALTY CO., L.P., Darrah School Realty Co., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., Marshall Square Realty Co., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P.. Forwarded To: E-MAILED TO PLAINTIFF'S COUNSEL on 1/31/25 (JL) (Entered: 01/31/2025) |
| 02/13/2025 | 35 | STIPULATION *For EXT of Time to Respond to PLT MTA Receivership Order* by HARRISON COURT REALTY CO., L.P.. (NEMEROFF, ROBERT) (Entered: 02/13/2025) |
| 02/13/2025 | 36 | STIPULATION *for Extension of Time to Respond to Amended Complaint and Acceptance of Service* by FANNIE MAE. (Russell, Victoria) (Entered: 02/13/2025) |
| 02/18/2025 | 37 | ORDER THAT THE PARTIES HERETO, BY AND THROUGH THEIR UNDERSIGNED COUNSEL HEREBY STIPULATE AND AGREE TO A TWO-WEEK EXTENSION OF THE FEBRUARY 13, 2025, DEADLINE FOR DEFENDANTS TO FILE A RESPONSE TO THE MOTION TO AMEND UNTIL FEBRUARY 26, 2025, SUBJECT TO COURT APPROVAL. SIGNED BY DISTRICT JUDGE CATHERINE HENRY ON 2/18/25. 2/18/25 ENTERED AND COPIES E-MAILED.(mas) (Entered: 02/18/2025) |
| 02/18/2025 | 38 | ORDER THAT COUNSEL FOR DEFENDANTS AGREES TO ACCEPT SERVICE OF THE FIRST AMENDED COMPLAINT IN MORTGAGE FORECLOSURE (DOC. NO. 31 ) (THE AMENDED COMPLAINT) AND DEFENDANTS SHALL HAVE UP TO AND INCLUDING FEBRUARY 28, 2025 TO RESPOND TO THE AMENDED COMPLAINT, SUBJECT TO COURT APPROVAL. SIGNED BY DISTRICT JUDGE CATHERINE HENRY ON 2/18/25. 2/18/25 ENTERED AND COPIES E-MAILED.(mas) (Entered: 02/18/2025) |
| 02/19/2025 | 39 | STIPULATION *For Extension of Case Management Deadlines* by ALLENS LANE REALTY CO., L.P., Darrah School Realty Co., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., Marshall Square Realty Co., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P.. (NEMEROFF, ROBERT) (Entered: 02/19/2025) |
| 02/21/2025 | 40 | STIPULATION AND ORDER OF 2/21/25 THAT A THIRTY DAY EXTENSION OF THE CASE MANAGEMENTS DEADLINES ARE AS FOLLOWS: FACT DISCOVERY TO BE COMPLETED BY APRIL 7, 2025, ETC. ALL DISPOSITIVE MOTIONS TO BE FILED ON OR BEFORE JULY 13, 2025. ETC. SIGNED BY JUDGE: CATHERINE HENRY ON 2/21/25. 2/24/25 ENTERED AND COPIES E-MAILED. (DT) (Entered: 02/24/2025) |
| 02/26/2025 | 41 | RESPONSE to Motion re 32 MOTION to Amend/Correct 18 Order on Motion for Miscellaneous Relief filed by ALLENS LANE REALTY CO., L.P., Darrah School Realty Co., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., Marshall Square Realty Co., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P.. (Attachments: # 1 Exhibit Exhibit A) (NEMEROFF, ROBERT) (Entered: 02/26/2025) |
| 02/27/2025 | 42 | *Defendants* ANSWER to 31 Amended Complaint,,,,,,, by ALLENS LANE REALTY CO., L.P., Darrah School Realty Co., L.P., FERN ROCK REALTY CO., L.P., GREENE TREE REALTY CO., L.P., HARRISON COURT REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., Marshall Square Realty Co., L.P., OAK LANE COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., STONEHURST REALTY CO., L.P..(NEMEROFF, ROBERT) (Entered: 02/27/2025) |
| 02/28/2025 | 43 | Report Of *Receiver's First Quarterly Report* by TRIGILD IVL. (QUAGLIA, RAYMOND) (Entered: 02/28/2025) |
| 03/05/2025 | 44 | NOTICE of Hearing on Motion 32 MOTION to Amend 18 Receivership Order : MOTION HEARING SET FOR 3/17/2025 11:00 AM IN Easton 4th Floor BEFORE DISTRICT JUDGE CATHERINE HENRY.(sfl) (Entered: 03/05/2025) |
| 03/12/2025 | 45 | REPLY to Response to Motion re 32 MOTION to Amend 18 Receivership Order filed by FANNIE MAE. (Attachments: # 1 Exhibit A-F)(Russell, Victoria) (Entered: 03/12/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/13/2025 15:41:49 | | |
| **PACER Login:** | glebepelbaum | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:24-cv-04722-CH |

Appx620

Case 2:25-cv-00044-GAM   Document 24-4   Filed 04/25/25   Page 7 of 7

United States District Court Eastern District of Pennsylvania

| Billable Pages: | 7 | Cost: | 0.70 |
|---|---|---|---|

Case: 25-2598   Document: 19   Page: 614   Date Filed: 11/24/2025

Case 2:25-cv-00044-GAM    Document 24-5    Filed 04/25/25    Page 1 of 21

# EXHIBIT "D"

gepelbaum

No Items in Cart LOGOUT
Civil Docket Report
A $5 Convenience fee will be added to the transaction at checkout.

Case 2:25-cv-00044-GAM   Document 24-5   Filed 04/25/25   Page 2 of 21

## The Philadelphia Courts
## Civil Docket Access

### Case Description

**Case ID:** 230701198
**Case Caption:** COMMONWEALTH OF PA OFFICE OF ATTORNEY GENERAL VS S
**Filing Date:** Thursday , July 13th, 2023
**Court:** MAJOR NON JURY COMPLEX
**Location:** CITY HALL
**Jury:** NON JURY
**Case Type:** EQUITY - NO REAL ESTATE
**Status:** LISTED-PROJ. SETTLEMENT CONF.

### Related Cases

*No related cases were found.*

### Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| DISCOVERY HEARING | 20-MAR-2025 09:00 AM | VIA ADVANCED COMMUN. TECH. | REMOTE HEARING | ROBERTS, JOSHUA |
| PROJECTED SETTLEMENT CONF DATE | 03-NOV-2025 09:00 AM | CITY HALL | COURTROOM 602 | ROBERTS, JOSHUA |
| PROJECTED PRE-TRIAL CONF. DATE | 05-JAN-2026 09:00 AM | CITY HALL | COURTROOM 602 | ROBERTS, JOSHUA |
| TRIAL READY POOL | FEBRUARY 2026 | CITY HALL | COURTROOM 602 | ROBERTS, JOSHUA |

### Case motions

| Motion | Assign/Date | Control No | Date/Received | Judge |
|---|---|---|---|---|
| DISCOVERY MOTION FILED | 13-FEB-2025 | 24123750 | 17-DEC-2024 | ROBERTS, JOSHUA |

### Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | WISE, JAMES S |

Appx623

| | | | | |
|---|---|---|---|---|
| **Address:** | 1600 ARCH ST<br>3RD FLOOR<br>PHILADELPHIA PA 19103<br>(215)560-2414<br>jwise@attorneygeneral.gov | **Aliases:** | *none* | |
| | | | | |
| 2 | | 1 | 04-FEB-2025 | PLAINTIFF | COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL |
| **Address:** | 1600 ARCH STREET<br>THIRD FLOOR<br>PHILADELPHIA<br>PHILADELPHIA PA 19103 | **Aliases:** | *none* | |
| | | | | |
| 3 | | 13 | | DEFENDANT | SBG MANAGEMENT SERVICES PA INC |
| **Address:** | 120 HUNTINGDON PIKE<br>LOWER LEVEL, SUITE 100<br>ROCKLEDGE PA 19046 | **Aliases:** | *none* | |
| | | | | |
| 4 | | 13 | | DEFENDANT | CRESHEIM VALLEY REALTY COMPANY LP |
| **Address:** | 1241 WELSH ROAD<br>HUNTINGDON VALLEY PA 19006 | **Aliases:** | *none* | |
| | | | | |
| 5 | | 13 | | DEFENDANT | OLD CRESHEIM CORPORATION INC |
| **Address:** | 1241 WELSH ROAD<br>HUNTINGDON VALLEY PA 19006 | **Aliases:** | *none* | |
| | | | | |
| 6 | | 13 | | DEFENDANT | LINDLEY TOWER REALTY COMPANY LP |
| **Address:** | 1095 RYDAL ROAD<br>SUITE 325<br>RYDAL PA 19046 | **Aliases:** | *none* | |
| | | | | |
| 7 | | 13 | | DEFENDANT | OLD LINDLEY CORPORATION |
| **Address:** | 1095 RYDAL ROAD<br>SUITE 325<br>RYDAL PA 19046 | **Aliases:** | *none* | |
| | | | | |
| 8 | | 13 | | DEFENDANT | PULLEY, PHILIP |
| **Address:** | 1241 WELSH ROAD<br>HUNTINGDON VALLEY PA 19006 | **Aliases:** | *none* | |
| | | | | |
| 9 | | | | DEFENDANT | 2ND CHANCE INITIATIVE LLC |

Appx624

| | | | | |
|---|---|---|---|---|
| **Address:** | 1417 LARDNER STREET<br>PHILADELPHIA PA 19149 | **Aliases:** | *none* | |
| | | | | |
| 10 | | | DEFENDANT | EARLY, PAUL |
| **Address:** | 1417 LARDNER STREET<br>PHILADELPHIA PA 19149 | **Aliases:** | *none* | |
| | | | | |
| 11 | | 17-NOV-2023 | MOTION ASSIGMENT JUDGE | LANE, TIMIKA |
| **Address:** | 1216 STOUT CENTER FOR CJ<br>1301 FILBERT ST<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 12 | | 31-OCT-2023 | TEAM LEADER | FLETMAN, ABBE F |
| **Address:** | 606 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 13 | | | ATTORNEY FOR DEFENDANT | YANOFF ESQ, MICHAEL |
| **Address:** | 610 OLD YORK RD<br>SUITE 340<br>JENKINTOWN PA 19046<br>(267)627-2485<br>myanoff@goldsteinlp.com | **Aliases:** | *none* | |
| | | | | |
| 14 | | | TEAM LEADER | ROBERTS, JOSHUA |
| **Address:** | 538 CITY HALL<br>PHILADELPHIA PA 19107 | **Aliases:** | *none* | |
| | | | | |
| 15 | | 12-JAN-2024 | MOTION ASSIGMENT JUDGE | FOX, IDEE C |
| **Address:** | 386 CITY HALL<br>PHILADELPHIA PA 19107<br>(215)686-4222 | **Aliases:** | *none* | |
| | | | | |
| 16 | | 03-DEC-2024 | MOTION ASSIGMENT JUDGE | MOORE, MARK |
| **Address:** | STOUT CENTER FOR CRIMINAL JUST<br>1301 FILBERT ST<br>PHILADELPHIA PA 19107<br>(215)683-7700 | **Aliases:** | *none* | |
| | | | | |
| 17 | | | JUDGE | ROBERTS, JOSHUA |

Appx625

Civil Docket Report

| | | | | |
|---|---|---|---|---|
| Address: | 538 CITY HALL<br>PHILADELPHIA PA 19107 | Aliases: | *none* | |
| | | | | |
| 18 | | | MOTION ASSIGMENT JUDGE | YU, KAY |
| Address: | Stout Center for CJ<br>PHILADELPHIA PA 19107 | Aliases: | *none* | |
| | | | | |
| 19 | 1 | | PLAINTIFF | COMMONWEALTH OF PA BY ATTORNEY GENERAL DAVID W SUNDAY JR |
| Address: | 1600 ARCH STREET<br>THIRD FLOOR<br>PHILADELPHIA PA 19103 | Aliases: | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 13-JUL-2023 11:16 AM | ACTIVE CASE | | |
| Docket Entry: | E-Filing Number: 2307022649 | | |
| | | | |
| 13-JUL-2023 11:16 AM | COMMENCEMENT OF CIVIL ACTION | WISE, JAMES S | |
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>Final Cover | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | *none.* | | |
| | | | |
| 13-JUL-2023 11:16 AM | COMPLAINT FILED NOTICE GIVEN | WISE, JAMES S | |
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>230713 SBG - CIE final.pdf<br>230713 SBG - Exhibits A-K redacted.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 13-JUL-2023 11:16 AM | WAITING TO LIST CASE MGMT CONF | WISE, JAMES S | |
| Docket Entry: | *none.* | | |

Appx626

| 14-AUG-2023 11:58 AM | ACCEPTANCE OF SERVICE FILED | WISE, JAMES S | |
|---|---|---|---|
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>230814 SBG - Acceptance of Service.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | SERVICE OF PLAINTIFF'S COMPLAINT ACCEPTED BY SBG MANAGEMENT SERVICES INC, PHILIP PULLEY, OLD LINDLEY CORPORATION, OLD CRESHEIM CORPORATION INC, LINDLEY TOWER REALTY COMPANY LP AND CRESHEIM VALLEY REALTY COMPANY LP ON 07/28/2023 FILED. (FILED ON BEHALF OF COMMONWEALTH OF PA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 29-AUG-2023 12:05 PM | AFFIDAVIT OF SERVICE FILED | WISE, JAMES S | |
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>230829 SBG - 2nd Chance Affidavit of Service.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON 2ND CHANCE INITIATIVE LLC BY PERSONAL SERVICE ON 08/12/2023 FILED. (FILED ON BEHALF OF COMMONWEALTH OF PA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 29-AUG-2023 12:06 PM | AFFIDAVIT OF SERVICE FILED | WISE, JAMES S | |
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>230829 SBG - Paul Early Affidavit of Service.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON PAUL EARLY BY PERSONAL SERVICE ON 08/12/2023 FILED. (FILED ON BEHALF OF COMMONWEALTH OF PA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 29-SEP-2023 11:25 AM | LISTED FOR CASE MGMT CONF | | |
| Docket Entry: | none. | | |
| | | | |
| 03-OCT-2023 12:31 AM | NOTICE GIVEN | | |
| Docket Entry: | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 12-OCT-2023. | | |
| | | | |
| 03-OCT-2023 12:29 PM | ENTRY OF APPEARANCE | YANOFF ESQ, MICHAEL | |
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>SBG COP EOA 10.3.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |

Appx627

| Docket Entry: | ENTRY OF APPEARANCE OF MICHAEL YANOFF FILED. (FILED ON BEHALF OF PHILIP PULLEY, OLD LINDLEY CORPORATION, LINDLEY TOWER REALTY COMPANY LP, OLD CRESHEIM CORPORATION INC, CRESHEIM VALLEY REALTY COMPANY LP AND SBG MANAGEMENT SERVICES INC) | | |
|---|---|---|---|
| | | | |
| 05-OCT-2023 12:33 AM | NOTICE GIVEN | | |
| Docket Entry: | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 12-OCT-2023. | | |
| | | | |
| 09-OCT-2023 06:34 PM | CASE RESCHEDULED BY COURT | ITALIANO, THERESA | |
| Docket Entry: | CASE MANAGEMENT CONFERENCE TO BE CONDUCTED USING ZOOM IS CONTINUED BY THE COURT PER REQUEST OF DEFENDANTS | | |
| | | | |
| 09-OCT-2023 06:36 PM | LISTED FOR CASE MGMT CONF | | |
| Docket Entry: | *none.* | | |
| | | | |
| 11-OCT-2023 12:34 AM | NOTICE GIVEN | | |
| Docket Entry: | OF CASE MANAGEMENT CONFERENCE SCHEDULED FOR 31-OCT-2023. | | |
| | | | |
| 11-OCT-2023 11:21 AM | RETURNED MAIL RECEIVED | | |
| Documents: | ⚞ Click link(s) to preview/purchase the documents MAILR_15.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | RETURN MAIL SCHEDULING ORDER DATED 30-SEP-2023 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: OLD LINDLEY CORPORATION | | |
| | | | |
| 11-OCT-2023 11:22 AM | RETURNED MAIL RECEIVED | | |
| Documents: | ⚞ Click link(s) to preview/purchase the documents MAILR_16.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | RETURN MAIL SCHEDULING ORDER DATED 30-SEP-2023 AS UNDELIVERABLE AT THE ADDRESS ON FILE WITH THE COURT TO THE FOLLOWING PARTY: LINDLEY TOWER REALTY COMPANY LP | | |
| | | | |
| 24-OCT-2023 10:06 AM | ANSWER TO COMPLAINT FILED | YANOFF ESQ, MICHAEL | |

Appx628

Case: 25-2598    Document: 19    Page: 621    Date Filed: 11/24/2025

| Documents: | 📄 Click link(s) to preview/purchase the documents<br>SBG AG RNM signed.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry |
|---|---|---|
| Docket Entry: | ANSWER WITH NEW MATTER TO PLAINTIFF'S COMPLAINT FILED. (FILED ON BEHALF OF PHILIP PULLEY, OLD LINDLEY CORPORATION, LINDLEY TOWER REALTY COMPANY LP, OLD CRESHEIM CORPORATION INC, CRESHEIM VALLEY REALTY COMPANY LP AND SBG MANAGEMENT SERVICES INC) | |

| 31-OCT-2023 09:12 AM | CASE MGMT CONFERENCE COMPLETED | LAWLOR, BRIAN | |
|---|---|---|---|
| Docket Entry: | *none.* | | |

| 31-OCT-2023 09:12 AM | CASE MANAGEMENT ORDER ISSUED | | |
|---|---|---|---|
| Documents: | 📄 Click link(s) to preview/purchase the documents<br>CMOIS_19.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | IT IS ORDERED THAT THE ABOVE CAPTIONED MATTER IS ASSIGNED TO THE AUGUST_POOL AND COUNSEL SHOULD ANTICIPATE TRIAL TO BEGIN EXPEDITIOUSLY THEREAFTER. COUNSEL AND PARTIES WILL BE NOTICED FOR TRIAL TO TAKE PLACE DURING THE DESIGNATED TRIAL POOL MONTH. ALL COUNSEL AND PARTIES MUST IMMEDIATELY NOTIFY THE COURT IN WRITING OF ANY SCHEDULING CONFLICTS, INCLUDING TRIAL ATTACHMENTS AND PRE-PAID VACATIONS, AND ARE UNDER A CONTINUING OBLIGATION TO NOTIFY THE COURT OF ANY SUBSEQUENT TRIAL ATTACHMENTS DURING THE TRIAL POOL MONTH. THE TRIAL CONFLICT LETTER MUST BE SUBMITTED NOT LATER THAN THE 20TH DAY PRIOR TO THE START OF THE TRIAL POOL.THE COURT WILL NOT RECOGNIZE ANY UNTIMELY CONFLICT NOTIFICATIONS. FAILURE TO NOTIFY THE COURT OF ANY SCHEDULING CONFLICTS WILL RESULT IN THE ISSUANCE OF APPROPRIATE SANCTIONS. TO ELECTRONICALLY FILE THE TRIAL POOL CONFLICT LETTER, ACCESS THE "EXISTING CASE" SECTION OF THE COURT'S ELECTRONIC FILING SYSTEM. SELECT "CONFERENCE SUBMISSIONS" AS THE FILING CATEGORY. SELECT "TRIAL POOL CONFLICT LETTER" AS THE DOCUMENT TYPE. IF THE CASE IS NOT CALLED FOR TRIAL DURING THE DESIGNATED TRIAL POOL MONTH, IT WILL AUTOMATICALLY BE ASSIGNED TO THE NEXT TRIAL POOL MONTH AND EACH SUBSEQUENT TRIAL POOL MONTH UNTIL THE MATTER IS CALLED TO TRIAL. PARTIES ARE UNDER A CONTINUING OBLIGATION TO ELECTRONICALLY FILE CONFLICT LETTERS BEFORE THE START OF EACH TRIAL POOL MONTH. AND NOW, 31-OCT-2023, IT IS ORDERED THAT: 1. THE CASE MANAGEMENT AND TIME STANDARDS ADOPTED FOR EXPEDITED TRACK CASES SHALL BE APPLICABLE TO THIS CASE AND ARE HEREBY INCORPORATED INTO THIS ORDER. 2. ALL DISCOVERY IN THE ABOVE MATTER SHALL BE COMPLETED NOT LATER THAN 03-FEB-2025. 3. PLAINTIFF'S EXPERT REPORT, IF APPLICABLE, INCLUDING ANY SUPPLEMENTAL REPORT, IS TO BE SERVED ON OPPOSING COUNSEL AND/OR OPPOSING PARTY ON OR BEFORE 03-MAR-2025. 4. DEFENDANT'S AND ANY ADDITIONAL DEFENDANTS' EXPERT REPORT IS TO BE SERVED ON OPPOSING COUNSEL AND/OR OPPOSING PARTY ON OR BEFORE 07-APR-2025. 5. ALL PRE-TRIAL AND DISPOSITIVE MOTIONS MUST BE FILED NO LATER THAN 07-APR-2025. 6. A MANDATORY PRE-TRIAL SETTLEMENT CONFERENCE WILL BE SCHEDULED ANY TIME AFTER 07-JUL-2025. COUNSEL MUST APPEAR AT THE MANDATORY PRE-TRIAL SETTLEMENT CONFERENCE WITH KNOWLEDGE OF THE CASE AND SETTLEMENT AUTHORITY. FAILURE TO COMPLY WITH THIS DIRECTIVE WILL RESULT IN THE ISSUANCE OF A RULE RETURNABLE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ENTERED. EARLIER LISTINGS WILL BE SCHEDULED AT THE DISCRETION OF THE COURT. FAILURE OF ANY UNREPRESENTED PARTY OR COUNSEL TO APPEAR WILL RESULT IN THE ISSUANCE OF A RULE RETURNABLE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ENTERED. TEN DAYS PRIOR TO THE CONFERENCE, ALL COUNSEL SHALL SERVE UPON ALL OPPOSING COUNSEL AND/OR OPPOSING PARTIES AND FILE WITH THE COURT A PRE-TRIAL SETTLEMENT MEMORANDUM CONTAINING THE FOLLOWING: (a) A CONCISE SUMMARY OF THE NATURE OF THE CASE IF PLAINTIFF OR THE DEFENSE IF DEFENDANT OR ADDITIONAL DEFENDANT; (b) A LIST OF ALL WITNESSES WHO MAY BE CALLED TO TESTIFY AT TRIAL BY NAME AND ADDRESS. COUNSEL SHOULD EXPECT WITNESSES NOT LISTED TO BE PRECLUDED FROM TESTIFYING AT TRIAL; (c) A LIST OF ALL EXHIBITS THE PARTY INTENDS TO OFFER INTO EVIDENCE. ALL EXHIBITS SHALL BE PRE-NUMBERED AND SHALL BE EXCHANGED AMONG COUNSEL PRIOR TO THE CONFERENCE. COUNSEL SHOULD EXPECT ANY EXHIBIT NOT LISTED TO BE PRECLUDED AT TRIAL; (d) PLAINTIFF SHALL LIST AN ITEMIZATION OF INJURIES OR DAMAGES SUSTAINED TOGETHER WITH ALL SPECIAL DAMAGES CLAIMED BY CATEGORY AND AMOUNT. THIS LIST SHALL INCLUDE AS APPROPRIATE, COMPUTATIONS OF ALL PAST LOST EARNINGS AND FUTURE LOST EARNING CAPACITY OR MEDICAL EXPENSES TOGETHER WITH ANY OTHER UNLIQUIDATED DAMAGES CLAIMED; AND (e) DEFENDANT SHALL STATE ITS POSITION REGARDING DAMAGES AND SHALL IDENTIFY ALL APPLICABLE INSURANCE CARRIERS, TOGETHER WITH APPLICABLE LIMITS OF LIABILITY; AND (f) EACH COUNSEL SHALL PROVIDE AN ESTIMATE OF THE ANTICIPATED LENGTH OF TRIAL. FAILURE TO TIMELY FILE A PRE-TRIAL SETTLEMENT CONFERENCE MEMORANDUM MAY RESULT IN THE ISSUANCE OF A RULE RETURNABLE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE | | |

Appx629

Case: 25-2598    Document: 19    Page: 623    Date Filed: 11/24/2025

ENTERED. ALL MOTIONS IN LIMINE SHALL BE FILED IN ACCORDANCE WITH ELECTRONIC FILING PROCEDURES NOT LATER THAN 15 DAYS PRIOR TO THE START OF TRIAL. RESPONDING COUNSEL SHALL HAVE 10 DAYS THEREAFTER TO FILE ANY RESPONSE. FOR POOL CASES, THE START OF THE TRIAL IS DEFINED AS THE FIRST DATE OF THE TRIAL POOL LISTING. REQUESTS TO EXTEND ANY CASE MANAGEMENT DEADLINE OR FOR TRIAL CONTINUANCE MUST BE SUBMITTED BY FILING A MOTION FOR EXTRAORDINARY RELIEF AND FILED PRIOR TO THE EXPIRATION OF THE DEADLINE IN QUESTION. ANY REQUESTS FOR A DATE CERTAIN TRIAL LISTING MUST BE SUBMITTED IN WRITING WITH SPECIFICITY, INCLUDING THE NEED FOR LANGUAGE INTERPRETER, WITH A COPY TO OPPOSING PARTY, AND DIRECTED TO THE HONORABLE ABBE F. FLETMAN, TEAM LEADER, VIA THE COURT'S ELECTRONIC FILING SYSTEM, AS A TRIAL CONFLICT LETTER. HOWEVER, SAID REQUESTS MAY BE MADE ONLY UNDER EXIGENT CIRCUMSTANCES. IF A PARTY OR WITNESS REQUIRES A LANGUAGE INTERPRETER, IT IS THE OBLIGATION OF THE PARTY WITH THE REQUIREMENT TO REQUEST THE INTERPRETER FROM THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA COURT REPORTER, DIGITAL RECORDING AND INTERPRETER ADMINISTRATION USING THE FORM FOUND AT: https://www.courts.phila.gov/pdf/forms/court-reporters/interpreter-request-form.pdf. THE COURT WILL NOT GRANT CONTINUANCE REQUESTS WHEN COUNSEL OR AN UNREPRESENTED PARTY HAS FAILED TO TIMELY REQUEST A LANGUAGE INTERPRETER. COUNSEL SHOULD HAVE SUBSTITUTE COUNSEL PREPARED TO CONDUCT SETTLEMENT CONFERENCE AND/OR TRIAL WHERE PRACTICABLE. ALL COUNSEL ARE UNDER A CONTINUING OBLLIGATION AND ARE ORDERED TO SERVE A COPY OF THIS ORDER UPON ALL UNREPRESENTED PARTIES AND UPON ALL COUNSEL ENTERING AN APPEARANCE AFTER THE ENTRY OF THIS ORDER. ...BY THE COURT: ABBE FLETMAN, J.

| Date/Time | Event | Party | |
|---|---|---|---|
| 31-OCT-2023 09:12 AM | LISTED-PROJ. PRE-TRIAL CONF | | |
| **Docket Entry:** | *none.* | | |
| 31-OCT-2023 09:12 AM | LISTED IN TRIAL READY POOL | | |
| **Docket Entry:** | *none.* | | |
| 31-OCT-2023 09:12 AM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 31-OCT-2023 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 31-OCT-2023. | | |
| 10-NOV-2023 04:24 PM | REPLY TO NEW MATTER | WISE, JAMES S | |
| **Documents:** | ⚞ Click link(s) to preview/purchase the documents<br>231110 SBG - Reply to New Matter.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | REPLY TO NEW MATTER OF SBG MANAGEMENT SERVICES INC, PHILIP PULLEY, OLD LINDLEY CORPORATION, OLD CRESHEIM CORPORATION INC, LINDLEY TOWER REALTY COMPANY LP AND CRESHEIM VALLEY REALTY COMPANY LP FILED. (FILED ON BEHALF OF COMMONWEALTH OF PA OFFICE OF ATTORNEY GENERAL) | | |
| 21-NOV-2023 03:39 PM | JUDGMENT ENTERED BY DEFAULT | WISE, JAMES S | |
| **Documents:** | ⚞ Click link(s) to preview/purchase the documents<br>231121 SBG - Praecipe for Default (Early).pdf<br>231121 SBG - COS - Praecipe for Default (Early).pdf | | Click HERE to purchase all documents related to this one docket entry |

Appx630

| | |
|---|---|
| **Docket Entry:** | PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT FILED. JUDGMENT IN FAVOR OF COMMONWEALTH OF PA OFFICE OF ATTORNEY GENERAL AND AGAINST PAUL EARLY FOR FAILURE TO FILE ANSWER WITHIN REQUIRED TIME. PRO-PROTHONOTARY. NOTICE UNDER RULE 236 GIVEN. NOTICE UNDER 237.1 GIVEN. AFFIDAVIT OF NON-MILITARY SERVICE FILED. |

| | | |
|---|---|---|
| 22-NOV-2023 10:22 AM | JUDGMENT ENTERED BY DEFAULT | WISE, JAMES S |
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents<br>231121 SBG - Praecipe for Default (2nd Chance).pdf<br>231121 SBG - COS - Praecipe for Default (2nd Chance).pdf | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT FILED. JUDGMENT IN FAVOR OF COMMONWEALTH OF PA OFFICE OF ATTORNEY GENERAL AND AGAINST 2ND CHANCE INITIATIVE LLC FOR FAILURE TO FILE ANSWER WITHIN REQUIRED TIME. PRO-PROTHONOTARY. NOTICE UNDER RULE 236 GIVEN. NOTICE UNDER 237.1 GIVEN. AFFIDAVIT OF NON-MILITARY SERVICE FILED. | |

| | | |
|---|---|---|
| 03-JUL-2024 03:57 PM | MOTION TO AMEND | WISE, JAMES S |
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents<br>240703 SBG - Motion to Amend Complaint.pdf<br>240703 SBG - Motion to Amend Complaint COS.pdf<br>Motion CoverSheet Form | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 56-24071156 RESPONSE DATE 07/29/2024. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | |

| | | |
|---|---|---|
| 31-JUL-2024 01:33 PM | MOTION ASSIGNED | |
| **Docket Entry:** | 56-24071156 MOTION TO AMEND ASSIGNED TO JUDGE: ROBERTS, JOSHUA . ON DATE: JULY 31, 2024 | |

| | | |
|---|---|---|
| 06-AUG-2024 12:47 PM | ORDER ENTERED/236 NOTICE GIVEN | ROBERTS, JOSHUA |
| **Documents:** | ⚐ Click link(s) to preview/purchase the documents<br>ORDER_28.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 56-24071156 IT IS ORDERED THAT PLTF'S MOTION IS GRANTED AND PLTF IS GRANTED LEAVE TO FILE AN AMENDED COMPLAINT WITHIN 10 DAYS OF THE ENTRY OF THIS ORDER. BY THE COURT ....ROBERTS,J 8/5/24 | |

| | | |
|---|---|---|
| 06-AUG-2024 12:47 PM | NOTICE GIVEN UNDER RULE 236 | |
| **Docket Entry:** | NOTICE GIVEN ON 07-AUG-2024 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 06-AUG-2024. | |

| | | |
|---|---|---|
| 09-AUG-2024 06:24 PM | AMENDED COMPLAINT FILED | WISE, JAMES S |

Appx631

| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>240809 SBG - Amended Complaint.pdf<br>230713 SBG - CIE exhibits A-K.pdf | [Click HERE to purchase all documents related to this one docket entry] |
|---|---|---|
| Docket Entry: | AMENDED COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY(20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | |

| | | | |
|---|---|---|---|
| 13-AUG-2024 03:30 PM | ACCEPTANCE OF SERVICE FILED | WISE, JAMES S | |
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>240813 SBG - Acceptance of Service.pdf | | [Click HERE to purchase all documents related to this one docket entry] |
| Docket Entry: | SERVICE OF PLAINTIFF'S AMENDED COMPLAINT ACCEPTED BY SBG MANAGEMENT SERVICES INC, PHILIP PULLEY, OLD LINDLEY CORPORATION, OLD CRESHEIM CORPORATION INC,LINDLEY TOWER REALTY COMPANY LP AND CRESHEIM VALLEY REALTY COMPANY LP ON 08/13/2024 FILED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |

| | | | |
|---|---|---|---|
| 26-AUG-2024 01:28 PM | AFFIDAVIT OF SERVICE FILED | WISE, JAMES S | |
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>240826 SBG - Affidavit of Service 2nd Chance.pdf | | [Click HERE to purchase all documents related to this one docket entry] |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S AMENDED COMPLAINT UPON 2ND CHANCE INITIATIVE LLC BY PERSONAL SERVICE ON 08/13/2024 FILED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |

| | | | |
|---|---|---|---|
| 26-AUG-2024 01:29 PM | AFFIDAVIT OF SERVICE FILED | WISE, JAMES S | |
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>240826 SBG - Affidavit of Service Early.pdf | | [Click HERE to purchase all documents related to this one docket entry] |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S AMENDED COMPLAINT UPON PAUL EARLY BY PERSONAL SERVICE ON 08/13/2024 FILED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |

| | | | |
|---|---|---|---|
| 11-SEP-2024 11:13 AM | DISCOVERY MOTION FILED | WISE, JAMES S | |
| Documents: | ⬇ Click link(s) to preview/purchase the documents<br>240911 SBG - Motion to Compel Discovery JSW.pdf<br>240911 SBG - Motion to Compel Discovery Exhibits.pdf<br>240911 SBG - Motion to Compel Discovery Memo of Law JSW.pdf | | [Click HERE to purchase all documents related to this one docket entry] |
| Docket Entry: | 88-24091888 MOTION TO COMPEL ANSWERS AND PRODUCTION OF DOCUMENTS. CERTIFICATION DUE DATE: 09/18/2024. RESPONSE DATE: 09/25/2024. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |

| | | | |
|---|---|---|---|
| 18-SEP-2024 12:50 PM | OBJECTIONS FILED | YANOFF ESQ, MICHAEL | |

| Documents: | ⟋ Click link(s) to preview/purchase the documents<br>Obj to Subpoena signed.pdf<br>MOL Obj to subpoena signed.pdf<br>COS Obj signed.pdf | Click HERE to purchase all documents related to this one docket entry |
|---|---|---|
| **Docket Entry:** | OBJECTIONS TO SUBPOENA PURSUANT TO RULE 4009.21 FILED. (FILED ON BEHALF OF PHILIP PULLEY, OLD LINDLEY CORPORATION, LINDLEY TOWER REALTY COMPANY LP, OLD CRESHEIM CORPORATION INC, CRESHEIM VALLEY REALTY COMPANY LP AND SBG MANAGEMENT SERVICES INC) | |

| 18-SEP-2024 04:32 PM | CERT MOTION IS CONTESTED | WISE, JAMES S | |
|---|---|---|---|
| **Documents:** | ⟋ Click link(s) to preview/purchase the documents<br>240918 SBG - Praecipe for Contested Discovery Motion.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 88-24091888 MOTION IS CONTESTED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |

| 24-SEP-2024 03:31 PM | ANSWER TO COMPLAINT FILED | YANOFF ESQ, MICHAEL | |
|---|---|---|---|
| **Documents:** | ⟋ Click link(s) to preview/purchase the documents<br>AG Complaint 071324- Ans and NM- FINAL.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | ANSWER WITH NEW MATTER TO PLAINTIFF'S AMENDED COMPLAINT FILED. (FILED ON BEHALF OF SBG MANAGEMENT SERVICES PA, INC. D/B/A SBG MANAGEMENT, PHILIP PULLEY, OLD LINDLEY CORPORATION, LINDLEY TOWER REALTY COMPANY LP, OLD CRESHEIM CORPORATION INC AND CRESHEIM VALLEY REALTY COMPANY LP) | | |

| 24-SEP-2024 04:04 PM | ANSWER (MOTION/PETITION) FILED | YANOFF ESQ, MICHAEL | |
|---|---|---|---|
| **Documents:** | ⟋ Click link(s) to preview/purchase the documents<br>PA v Cresheim et al- Answer NM to Motion to Compel- FINAL.pdf<br>PA v Cresheim et al- Answer NM to Motion to Compel- MOL- FINAL.pdf<br>Motion CoverSheet Form | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 88-24091888 ANSWER IN OPPOSITION OF DISCOVERY MOTION FILED FILED. (FILED ON BEHALF OF SBG MANAGEMENT SERVICES PA, INC. D/B/A SBG MANAGEMENT, PHILIP PULLEY, OLD LINDLEY CORPORATION, LINDLEY TOWER REALTY COMPANY LP, OLD CRESHEIM CORPORATION INC AND CRESHEIM VALLEY REALTY COMPANY LP) | | |

| 26-SEP-2024 11:35 AM | LISTED FOR DISCOVERY HEARING | | |
|---|---|---|---|
| **Docket Entry:** | 88-24091888 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON OCTOBER 17, 2024 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |

| 27-SEP-2024 03:34 PM | DISCOVERY MOTION FILED | WISE, JAMES S | |
|---|---|---|---|
| **Documents:** | ⟋ Click link(s) to preview/purchase the documents<br>240927 SBG - Motion to Overrule Objections.pdf | | Click HERE to purchase all documents related to this one docket entry |

Appx633

| | 240927 SBG - Motion to Overrule Objections Exhibits.pdf<br>240927 SBG - Motion to Overrule Objections MOL.pdf | | |
|---|---|---|---|
| **Docket Entry:** | 77-24095577 MOTION TO OVERRULE OBJECTIONS. CERTIFICATION DUE DATE: 10/04/2024. RESPONSE DATE: 10/11/2024. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 28-SEP-2024<br>12:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 03-OCT-2024<br>10:24 AM | CASE RESCHEDULED BY COURT | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 03-OCT-2024<br>10:25 AM | LISTED FOR DISCOVERY HEARING | | |
| **Docket Entry:** | 88-24091888 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON NOVEMBER 14, 2024 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |
| | | | |
| 03-OCT-2024<br>01:14 PM | CERT MOTION IS CONTESTED | WISE, JAMES S | |
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents<br>241003 SBG - Praecipe for Contested Discovery Motion.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
| **Docket Entry:** | 77-24095577 MOTION IS CONTESTED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 04-OCT-2024<br>07:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 10-OCT-2024<br>04:54 PM | ANSWER (MOTION/PETITION) FILED | YANOFF ESQ, MICHAEL | |
| **Documents:** | ⚒ Click link(s) to preview/purchase the documents<br>SBG AG Ans to Motion to Overrule signed.pdf<br>SBG AG MOL Motion to Overrule signed.pdf<br>SBG AG COS Motion to Overrule signed.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** |
| **Docket Entry:** | 77-24095577 ANSWER/RESPONSE IN OPPOSITION TO MOTION/PETITION. (FILED ON BEHALF OF SBG MANAGEMENT SERVICES PA INC, PHILIP PULLEY, OLD LINDLEY CORPORATION, OLD CRESHEIM CORPORATION INC, LINDLEY TOWER REALTY COMPANY LP AND CRESHEIM VALLEY REALTY COMPANY LP) | | |

Appx634

| 11-OCT-2024 03:58 PM | REPLY TO NEW MATTER | WISE, JAMES S | |
|---|---|---|---|
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>241011 SBG - Reply to Def New Matter.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | REPLY TO NEW MATTER OF SBG MANAGEMENT SERVICES PA INC, PHILIP PULLEY, OLD LINDLEY CORPORATION, OLD CRESHEIM CORPORATION INC, LINDLEY TOWER REALTY COMPANY LP AND CRESHEIM VALLEY REALTY COMPANY LP FILED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 15-OCT-2024 10:52 AM | LISTED FOR DISCOVERY HEARING | | |
| **Docket Entry:** | 77-24095577 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON OCTOBER 31, 2024 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |
| | | | |
| 16-OCT-2024 07:31 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 24-OCT-2024 09:08 AM | CASE RESCHEDULED BY COURT | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 24-OCT-2024 09:08 AM | LISTED FOR DISCOVERY HEARING | | |
| **Docket Entry:** | 77-24095577 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON NOVEMBER 14, 2024 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |
| | | | |
| 25-OCT-2024 07:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 13-NOV-2024 01:02 PM | PRAECIPE TO SUPPL/ATTACH FILED | WISE, JAMES S | |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>241113 SBG - Motion to Overrule Objections Proposed Order.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |

Appx635

| | | | |
|---|---|---|---|
| **Docket Entry:** | 77-24095577 PRAECIPE TO SUPPLEMENT/ATTACH. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 13-NOV-2024 05:44 PM | PRAECIPE TO SUPPL/ATTACH FILED | WISE, JAMES S | |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>241113 SBG - Motion to Compel Discovery Proposed Order.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 88-24091888 PRAECIPE TO SUPPLEMENT/ATTACH. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 18-NOV-2024 09:13 AM | ORDER ENTERED/236 NOTICE GIVEN | ROBERTS, JOSHUA | |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>ORDER_55.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 77-24095577 IT IS HEREBY ORDERED THAT SAID MOTION IS GRANTED. THE COMMONWEALTH SHALL SERVE A SUBPOENA IDENTICAL TO THE ONE ATTACHED HERETO AS ATTACHMENT A ON ENTRATA, INC. ANY DOCUMENTS PRODUCED BY ENTRATA, INC. PURSUANT TO THE SUBPOENA AND CONTAINING CONFIDENTIAL INFORMATION (?CONFIDENTIAL INFORMATION?), AS DEFINED BY SECTION 7.0(A) OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA, SHALL BE SUBJECT TO THE FOLLOWING PROVISIONS: 1. IN THE EVENT THAT A PARTY WISHES TO USE ANY DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION IN A PRE-TRIAL PLEADING OR OTHER DOCUMENT FILED WITH THE COURT, THE FILING PARTY SHALL REDACT THE CONFIDENTIAL INFORMATION FROM THE DOCUMENT(S) TO BE FILED. 2. IN THE EVENT THAT A PARTY WISHES TO SHARE ANY DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION WITH A NON-PARTY, THE SHARING PARTY SHALL REDACT ANY CONFIDENTIAL INFORMATION FROM THE SHARED DOCUMENT(S).................BY THE COURT: ROBERTS, J. 11/14/2024 | | |
| | | | |
| 18-NOV-2024 09:13 AM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 18-NOV-2024 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 18-NOV-2024. | | |
| | | | |
| 09-DEC-2024 03:44 PM | MOT-FOR EXTRAORDINARY RELIEF | WISE, JAMES S | |
| **Documents:** | 📄 Click link(s) to preview/purchase the documents<br>241209 SBG - Motion for Extraordinary Relief.pdf<br>241209 SBG - Motion for Extraordinary Relief Ex A.pdf<br>241209 SBG - Motion for Extraordinary Relief Proposed Order.pdf<br>Motion CoverSheet Form | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 16-24121916 RESPONSE DATE 12/19/2024. MOTION SUBMITTED JOINTLY (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 17-DEC-2024 12:21 PM | DISCOVERY MOTION FILED | WISE, JAMES S | |

Case 2:25-cv-00044-GAM    Document 24-5    Filed 04/25/25    Page 16 of 21

| Documents: | 📄 Click link(s) to preview/purchase the documents<br>241217 SBG - Motion to Compel Discovery SBG.pdf<br>241217 SBG - Motion to Compel Discovery SBG Order.pdf<br>241217 SBG - Motion to Compel Discovery Memo of Law SBG.pdf<br>241217 SBG - Motion to Compel Discovery SBG COS.pdf | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 50-24123750 MOTION TO COMPEL ANSWERS AND PRODUCTION OF DOCUMENTS. CERTIFICATION DUE DATE: 12/24/2024. RESPONSE DATE: 12/31/2024. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | |

| 20-DEC-2024<br>11:37 AM | ORDER ENTERED/236 NOTICE GIVEN | ROBERTS, JOSHUA | |
|---|---|---|---|
| Documents: | 📄 Click link(s) to preview/purchase the documents<br>ORDER_59.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 88-24091888 IT IS HEREBY ORDERED THAT SAID MOTION IS GRANTED. IT IS FURTHER ORDERED THAT: 1. ANSWERING DEFENDANTS? OBJECTIONS TO ROGS 2.B, 4.B, 5.B., 6.B, 7.B, 9, 22, AND 28 AND RFPS 5, 7, 10, 11, 12, 13, 14, 15, 16, 23, 24, 26, 27, 31, 37, 38, 39, 41, 43, 44, 45 FROM COMMONWEALTH?S FIRST SET OF DISCOVERY REQUESTS ARE STRICKEN. 2. ANSWERING DEFENDANTS SHALL SERVE THE COMMONWEALTH WITH FULL AND COMPLETE ANSWERS TO THE FOLLOWING INTERROGATORIES WITHIN TEN (10) DAYS OF THE ORDER........SEE ORDER FOR TERMS AND DETAILS....................BY THE COURT: ROBERTS, J. 12/18/2024 | | |

| 20-DEC-2024<br>11:37 AM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 20-DEC-2024 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 20-DEC-2024. | | |

| 23-DEC-2024<br>09:05 AM | MOTION ASSIGNED | | |
|---|---|---|---|
| Docket Entry: | 16-24121916 MOT-FOR EXTRAORDINARY RELIEF ASSIGNED TO JUDGE: ROBERTS, JOSHUA . ON DATE: DECEMBER 23, 2024 | | |

| 23-DEC-2024<br>11:26 AM | CERT MOTION IS CONTESTED | WISE, JAMES S | |
|---|---|---|---|
| Documents: | 📄 Click link(s) to preview/purchase the documents<br>241223 SBG - Praecipe for Contested Discovery Motion.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 50-24123750 MOTION IS CONTESTED. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |

| 30-DEC-2024<br>12:19 PM | ORDER ENTERED/236 NOTICE GIVEN | ROBERTS, JOSHUA | |
|---|---|---|---|
| Documents: | 📄 Click link(s) to preview/purchase the documents<br>ORDER_63.pdf | | Click HERE to purchase all documents related to this one docket entry |

Civil Docket Report

| | | | |
|---|---|---|---|
| **Docket Entry:** | 16-24121916 IT IS ORDERED THAT ALL DEADLINES ARE EXTENDED 180 DAYS. BY THE COURT ...ROBERTS,J 12/30/24 | | |
| | | | |
| 30-DEC-2024 12:19 PM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 30-DEC-2024 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 30-DEC-2024. | | |
| | | | |
| 30-DEC-2024 12:36 PM | REVISED CASE MGMT ORDER ISSUED | | |
| **Documents:** | ⬇ Click link(s) to preview/purchase the documents<br>RVCMO_64.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 06-OCT-2025. Plaintiff shall submit expert reports not later than 06-OCT-2025. Defendant shall submit expert reports not later than 03-NOV-2025. All pre-trial motions other than motions in limine shall be filed not later than 03-NOV-2025. A settlement conference will be scheduled any time after 03-NOV-2025. A pre-trial conference will be scheduled at any time after 05-JAN-2026. It is expected that this case shall be ready for trial by 02-FEB-2026. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: JOSHUA ROBERTS, J. | | |
| | | | |
| 30-DEC-2024 12:36 PM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 30-DEC-2024 OF REVISED CASE MGMT ORDER ISSUED ENTERED ON 30-DEC-2024. | | |
| | | | |
| 30-DEC-2024 12:44 PM | CASE RESCHEDULED BY COURT | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 30-DEC-2024 12:45 PM | CASE RESCHEDULED BY COURT | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 30-DEC-2024 12:45 PM | LISTED-PROJ. SETTLEMENT CONF. | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 30-DEC-2024 12:45 PM | LISTED-PROJ. PRE-TRIAL CONF | | |

Appx638

| | | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |
| | | | |
| 30-DEC-2024 12:45 PM | LISTED IN TRIAL READY POOL | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 31-DEC-2024 01:50 PM | ANSWER (MOTION/PETITION) FILED | YANOFF ESQ, MICHAEL | |
| **Documents:** | 🔴 Click link(s) to preview/purchase the documents<br>PA v Cresheim et al- ANM to Motion to Compel- FINAL.pdf<br>PA v Cresheim et al- ANM to Motion to Compel- MOL- FINAL.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 50-24123750 ANSWER/RESPONSE IN OPPOSITION TO MOTION/PETITION. (FILED ON BEHALF OF SBG MANAGEMENT SERVICES PA INC) | | |
| | | | |
| 06-JAN-2025 08:38 AM | LISTED FOR DISCOVERY HEARING | | |
| **Docket Entry:** | 50-24123750 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON JANUARY 23, 2025 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |
| | | | |
| 07-JAN-2025 07:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 09-JAN-2025 09:12 AM | CASE RESCHEDULED BY COURT | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 09-JAN-2025 09:13 AM | LISTED FOR DISCOVERY HEARING | | |
| **Docket Entry:** | 50-24123750 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON FEBRUARY 06, 2025 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |
| | | | |
| 10-JAN-2025 07:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |

Appx639

Case: 25-2598    Document: 19    Page: 632    Date Filed: 11/24/2025

| 16-JAN-2025 03:23 PM | APPEAL TO SUPERIOR COURT | YANOFF ESQ, MICHAEL | |
|---|---|---|---|
| Documents: | Click link(s) to preview/purchase the documents<br>sbg ag noa SIGNED.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 1/30/25 UPDATE - APPELLATE COURT CASE # ASSIGNED - 242 EDA 2025 NOTICE OF APPEAL FROM THE DECISION DATED 12/20/2024 AND DOCKETED ON 12/20/2024 BY JUDGE JOSHUA ROBERTS. PROOF OF SERVICE FILED. (FILED ON BEHALF OF PHILIP PULLEY, OLD LINDLEY CORPORATION, LINDLEY TOWER REALTY COMPANY LP, OLD CRESHEIM CORPORATION INC, CRESHEIM VALLEY REALTY COMPANY LP AND SBG MANAGEMENT SERVICES PA INC) | | |
| 21-JAN-2025 01:45 PM | FEE PD PURSUANT TO ORDER | | |
| Docket Entry: | CHECK #13599 IN THE AMOUNT OF $90.25 WAS DISBURSED TO SUPERIOR COURT OF PENNSYLVANIA | | |
| 21-JAN-2025 02:00 PM | NOTICE OF APPEAL SENT | | |
| Docket Entry: | NOTICE OF APPEAL SENT TO SUPERIOR COURT ON 1/21/25 PER APPEAL 1/17/25 VIA UPS# 1Z 5E3 003 03 1354 2097 | | |
| 27-JAN-2025 02:33 PM | ORDER ENTERED/236 NOTICE GIVEN | ROBERTS, JOSHUA | |
| Documents: | Click link(s) to preview/purchase the documents<br>ORDER_81.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | IT IS HEREBY ORDERED THAT DEFENDANT IS DIRECTED TO FILE AND SERVE A CONSOLIDATED CONCISE STATEMENT OF THE ERRORS COMPLAINED OF ON APPEAL WITHIN TWENTY-ONE (21) DAYS HEREOF. SEE ORDER FOR COMPLETE TERMS. BY THE COURT: ROBERTS, J. 1/27/2025. | | |
| 27-JAN-2025 02:33 PM | NOTICE GIVEN UNDER RULE 236 | | |
| Docket Entry: | NOTICE GIVEN ON 28-JAN-2025 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 27-JAN-2025. | | |
| 30-JAN-2025 02:49 PM | PRAECIPE TO SUPPL/ATTACH FILED | YANOFF ESQ, MICHAEL | |
| Documents: | Click link(s) to preview/purchase the documents<br>AG v Cresheim- Motion to Compel- Supp ANM 013025- FINAL.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | 50-24123750 PRAECIPE TO SUPPLEMENT/ATTACH. (FILED ON BEHALF OF SBG MANAGEMENT SERVICES PA INC, PHILIP PULLEY, OLD LINDLEY CORPORATION, OLD CRESHEIM CORPORATION INC, LINDLEY TOWER REALTY COMPANY LP AND CRESHEIM VALLEY REALTY COMPANY LP) | | |

Appx640

| | | | |
|---|---|---|---|
| 03-FEB-2025 11:54 AM | PRAECIPE TO SUBSTITUTE PARTY | WISE, JAMES S | |
| **Documents:** | ⬦ Click link(s) to preview/purchase the documents<br>250203 SBG - Substitution of Successor.pdf<br>250203 SBG - Substitution of Successor COS.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE COMMONWEALTH OF PA BY ATTORNEY GENERAL DAVID W. SUNDAY, JR. FOR COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL AS PLAINTIFF IN THE WITHIN MATTER. (FILED ON BEHALF OF COMMONWEALTH OF PENNSYLVANIA OFFICE OF ATTORNEY GENERAL) | | |
| | | | |
| 05-FEB-2025 10:38 AM | PRAECIPE TO SUPPL/ATTACH FILED | YANOFF ESQ, MICHAEL | |
| **Documents:** | ⬦ Click link(s) to preview/purchase the documents<br>SBG AG P to Attach DS affidavit signed.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 50-24123750 PRAECIPE TO SUPPLEMENT/ATTACH. (FILED ON BEHALF OF SBG MANAGEMENT SERVICES PA INC, PHILIP PULLEY, OLD LINDLEY CORPORATION, OLD CRESHEIM CORPORATION INC, LINDLEY TOWER REALTY COMPANY LP AND CRESHEIM VALLEY REALTY COMPANY LP) | | |
| | | | |
| 05-FEB-2025 11:09 AM | MOTION/PETITION REPLY FILED | WISE, JAMES S | |
| **Documents:** | ⬦ Click link(s) to preview/purchase the documents<br>250204 SBG - Reply to SBG Supplemental Answer.pdf<br>250204 SBG - Reply to SBG Supplemental Answer COS.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 50-24123750 REPLY IN SUPPORT/OPPOSITION TO MOTION/PEITION. (FILED ON BEHALF OF COMMONWEALTH OF PA BY ATTORNEY GENERAL DAVID W SUNDAY JR) | | |
| | | | |
| 05-FEB-2025 01:05 PM | PRAECIPE TO SUPPL/ATTACH FILED | WISE, JAMES S | |
| **Documents:** | ⬦ Click link(s) to preview/purchase the documents<br>250205 SBG - Motion to Compel Discovery Proposed Order.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | 50-24123750 PRAECIPE TO SUPPLEMENT/ATTACH RE: DISCOVERY MOTION FILED FILED. (FILED ON BEHALF OF COMMONWEALTH OF PA BY ATTORNEY GENERAL DAVID W SUNDAY JR) | | |
| | | | |
| 07-FEB-2025 09:01 AM | CASE RESCHEDULED BY COURT | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 07-FEB-2025 09:06 AM | LISTED FOR DISCOVERY HEARING | | |

Appx641

| | | | |
|---|---|---|---|
| **Docket Entry:** | 50-24123750 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON FEBRUARY 13, 2025 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |
| | | | |
| 10-FEB-2025 07:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 13-FEB-2025 09:17 AM | CASE RESCHEDULED BY COURT | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 13-FEB-2025 09:18 AM | LISTED FOR DISCOVERY HEARING | | |
| **Docket Entry:** | 50-24123750 DISCOVERY MOTION FILED SCHEDULED FOR A HEARING ON MARCH 20, 2025 AT 09:00 AM IN REMOTE HEARING VIA ADVANCED COMMUN. TECH. | | |
| | | | |
| 14-FEB-2025 07:30 AM | NOTICE GIVEN-DISCOVERY HEARING | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 17-FEB-2025 06:24 PM | STATEMENT OF MATTERS (1925(B)) | YANOFF ESQ, MICHAEL | |
| **Documents:** | Click link(s) to preview/purchase the documents<br>1925b signed.pdf | | Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | APPELLANTS' STATEMENT OF MATTERS COMPLAINED OF ON APPEAL PURSUANT TO PA.R.C.P. 1925(B) FILED. (FILED ON BEHALF OF PHILIP PULLEY, OLD LINDLEY CORPORATION, LINDLEY TOWER REALTY COMPANY LP, OLD CRESHEIM CORPORATION INC, CRESHEIM VALLEY REALTY COMPANY LP AND SBG MANAGEMENT SERVICES PA INC) | | |

    ▸ Case Description     ▸ Related Cases     ▸ Event Schedule     ▸ Case Parties     ▸ Docket Entries

[ E-Filing System ]    [ Search Home ]

Case: 25-2598     Document: 19     Page: 635     Date Filed: 11/24/2025

# EXHIBIT "E"

Case #2025-00055

| | |
|---|---|
| **Case Number** | 2025-00055 |
| **Commencement Date** | 1/2/2025 |
| **Last Filing Date** | 3/31/2025 |
| **Days Open** | 112 |
| **Case Type** | Complaint Civil Action |
| **PFA Number** | |
| **Caption Plaintiff** | SUPERIOR SCAFFOLD SERVICES INC |
| **Caption Defendant** | SBG MANAGEMENT SERVICES INC |
| **Lis Pendens Indicator** | No |
| **Status** | 2 - OPEN |
| **Judge** | JEFFREY S. SALTZ |
| **Remarks** | |
| **Sealed** | No |
| **Interpreter Needed** | |

## Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence | Status |
|---|---|---|---|---|---|---|
| SUPERIOR SCAFFOLD SERVICES INC | 600 CENTER AVENUE UNIT 2 BENSALEM, PA 19020 UNITED STATES | UNITED STATES | | Yes | 1 | |

## Defendants

| Name | Address | Country | Counsel | Notify | Sequence | Status |
|---|---|---|---|---|---|---|
| SBG MANAGEMENT SERVICES INC | 120 HUNTINGDON PIKE LOWER LEVEL, SUITE 100 ROCKLEDGE, PA 19046 UNITED STATES | UNITED STATES | | Yes | 1 | |
| JENKINS COURT REALTY CO LP | 610 YORK ROAD SUITE 375 JENKINTOWN, PA 19046-3044 UNITED STATES | UNITED STATES | | Yes | 2 | |
| PULLEY, PHILIP C (PULLEY, PHILIP) | 1241 WELSH ROAD HUNTINGDON VALLEY, PA 19006 UNITED STATES | UNITED STATES | | Yes | 3 | |
| SBG MANAGEMENT SERVICES PA INC | 610 YORK ROAD SUITE 375 JENKINTOWN, PA 19046 UNITED STATES | UNITED STATES | | Yes | 4 | |

## Docket Entries

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 0 | E | 1/2/2025 | Complaint Civil Action | | No | 14712747 |
| 1 | E | 1/22/2025 | Praec to Reinstate | | No | 14737353 |
| 2 | | 1/28/2025 | (Internal Use Only) Served | SBG MANAGEMNET SERVICES INC ON 1/27/2025 | No | 14744490 |
| 3 | | 1/29/2025 | (Internal Use Only) Served | SBG MANAGEMENT SERVICES PA INC ON 1/28/2025 | No | 14747520 |
| 4 | | 1/29/2025 | (Internal Use Only) Served | JENKINS COURT REALTY CO LP ON 1/28/2025 | No | 14747521 |
| 5 | | 1/29/2025 | (Internal Use Only) Served | PHILIP C PULLEY AKA PHILIP PULLEY ON 1/28/2025 | No | 14747542 |
| 6 | E | 2/17/2025 | Preliminary Objections of | JENKINS COURT REALTY CO LP; PHILIP C PULLEY; SBG MANAGEMENT SERVICES INC; SBG MANAGEMENT SERVICES PA INC WITH MEMORANDUM OF LAW WITH SERVICE ON 02/17/2025 | No | 14770761 |
| 8 | E | 3/18/2025 | Answer to Preliminary Objections by | SUPERIOR SCAFFOLD SERVICES INC WITH BRIEF WITH SERVICE ON 03/18/2025 | No | 14813560 |
| 9 | | 3/21/2025 | Order - Other | (CIVIL CASE MANAGEMENT) OF 3/20/25 KEHS,CA DISCOVERY TO BE COMPLETED WITHIN 18 MONTHS RULE 236 NOTICE PROVIDED ON 03/21/2025 | No | 14818831 |
| 10 | | 3/31/2025 | Returned Copy | | No | 14830699 |

Appx644

Case 2:25-cv-00044-GAM    Document 24-7    Filed 04/25/25    Page 1 of 5

# EXHIBIT "F"

CLOSED

# United States District Court
# Eastern District of Pennsylvania (Philadelphia)
# CRIMINAL DOCKET FOR CASE #: 2:24-cr-00288-MSG All Defendants

Case title: USA v. PULLEY

Date Filed: 08/09/2024

Date Terminated: 01/10/2025

---

Assigned to: CHIEF JUDGE MITCHELL
S. GOLDBERG

**Defendant (1)**

**PHILIP C. PULLEY**
*TERMINATED: 01/10/2025*

represented by **PHILIP C. PULLEY**
PO BOX 549
ABINGTON, PA 19001
215-669-2658
Email: Phil@sbgmanagement.com
PRO SE

**BRIAN J. MCMONAGLE**
MCMONAGLE, PERRI, MCHUGH &
MISCHAK
1845 WALNUT ST 19TH FL
PHILADELPHIA, PA 19103
215-981-0999
Fax: 215-981-0977
Email: bmcmonagle@mpmpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 52:10307(c) - VOTER REGISTRATION FRAUD (1) | PROBATION: 3 YEARS; SPECIAL ASSESSMENT: $400.00; FINE: $9500.00 |
| 52:20511(2)(A) - VOTER FRAUD (2) | PROBATION: 3 YEARS; SPECIAL ASSESSMENT: $400.00; FINE: $9500.00 |
| 52:10307(e) - VOTING MORE THAN ONCE IN A FEDERAL ELECTION (4) | PROBATION: 3 YEARS; SPECIAL ASSESSMENT: $400.00; FINE: $9500.00 |
| 52:20511(2)(B) - VOTER FRAUD (5) | PROBATION: 3 YEARS; SPECIAL ASSESSMENT: $400.00; FINE: $9500.00 |

**Highest Offense Level (Opening)**

Felony

Appx646

**Terminated Counts**

52:10307(e) - VOTING MORE THAN
ONCE IN A FEDERAL ELECTION
(3)

**Disposition**

DISMISSED ON GOVERNMENT
MOTION

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

**Plaintiff**

**USA**                                          represented by **MARK B. DUBNOFF**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT ST.
SUITE 1250
PHILADELPHIA, PA 19106
215-861-8397
Email: mark.dubnoff@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**NANCY E. POTTS**
U.S. ATTORNEY'S OFFICE
615 CHESTNUT STREET
SUITE 1250
PHILADELPHIA, PA 19106-4476
215-861-8673
Email: nancy.potts@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2024 | 1 | INFORMATION AS TO PHILIP C. PULLEY (1) count(s) 1, 2, 3-4, 5. (Attachments: # 1 Designation Form) (ke) (Additional attachment(s) added on 8/9/2024: # 2 INFORMATION SHEET) (ke). (Entered: 08/09/2024) |
| 08/29/2024 | 2 | NOTICE OF HEARING as to PHILIP C. PULLEY Arraignment/Guilty Plea Hearing set for 9/12/2024 11:00 AM in Courtroom 17A before CHIEF JUDGE MITCHELL S. GOLDBERG. (smcc) (Entered: 08/29/2024) |
| 08/29/2024 | 3 | NOTICE OF ATTORNEY APPEARANCE BRIAN J. MCMONAGLE appearing for PHILIP C. PULLEY (MCMONAGLE, BRIAN) (Entered: 08/29/2024) |
| 09/11/2024 | 4 | NOTICE OF HEARING as to PHILIP C. PULLEY Arraignment and Guilty Plea Hearing are set for 9/25/2024 at 11:00 AM in Courtroom 17A before CHIEF JUDGE MITCHELL S. GOLDBERG. (smcc) (Entered: 09/11/2024) |

| 09/25/2024 | 5 | Plea Memorandum by USA as to PHILIP C. PULLEY (DUBNOFF, MARK) (Entered: 09/25/2024) |
|---|---|---|
| 09/25/2024 | 6 | Minute Entry for proceedings held before CHIEF JUDGE MITCHELL S. GOLDBERG in Courtroom 17A: Guilty Plea as to PHILIP C. PULLEY (1) Count 1,2,3-4,5 held on 9/25/24. Defendant sworn. Plea entered as to PHILIP C. PULLEY (1): Guilty to Counts 1,2,4,5. Sentencing date to be set by chambers. PSIR Ordered.Court Reporter ESR.(mac) (Entered: 09/25/2024) |
| 09/25/2024 | 7 | Plea Document as to PHILIP C. PULLEY, cert. of service. (mac) (Entered: 09/25/2024) |
| 09/25/2024 | 8 | Plea Document as to PHILIP C. PULLEY. (mac) (Entered: 09/25/2024) |
| 09/25/2024 | 9 | O/R Bond Entered as to PHILIP C. PULLEY in amount of $ 100,000, (mac) (Entered: 09/25/2024) |
| 09/25/2024 | 10 | WAIVER OF INDICTMENT as to PHILIP C. PULLEY. (mac) (Entered: 09/25/2024) |
| 09/25/2024 | 11 | ORDER SETTING CONDITIONS OF RELEASE AS TO PHILIP C. PULLEY (1) THAT DEFENDANT IS RELEASED ON BAIL IN THE AMOUNT OF $100,000 O/R WITH THE FOLLOWING CONDITIONS AS OUTLINED HEREIN. Signed by CHIEF JUDGE MITCHELL S. GOLDBERG on 9/25/24.9/25/24 Entered and Copies E-Mailed. (mac) (Entered: 09/25/2024) |
| 09/25/2024 | 12 | NOTICE OF HEARING as to PHILIP C. PULLEY: Sentencing set for 1/9/2025 AT 10:00 AM in Courtroom 17A before CHIEF JUDGE MITCHELL S. GOLDBERG. (mac) (Entered: 09/25/2024) |
| 09/25/2024 | 13 | ORDER FOR PSIR AS TO PHILIP C. PULLEY. Signed by CHIEF JUDGE MITCHELL S. GOLDBERG on 9/25/24.9/25/24 Entered and Copies E-Mailed. (mac) (Entered: 09/25/2024) |
| 09/26/2024 | 14 | NOTICE Regarding United States Passport for Criminal Defendant as to PHILIP C. PULLEY. (mac) (Entered: 09/26/2024) |
| 10/08/2024 | 15 | TRANSCRIPT OF COP HEARING held on 9/25/2024, before Judge MITCHELL S. GOLDBERG. Court Reporter: ESR. TRANSCRIBED BY: PRINCIPLE COURT REPORTING SERVICES, INC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/29/2024. Redacted Transcript Deadline set for 11/8/2024. Release of Transcript Restriction set for 1/6/2025. (tomg) (Entered: 10/08/2024) |
| 10/08/2024 | 16 | Notice of Filing of Official Transcript with Certificate of Service re 15 Transcript - PDF,, 10/8/2024 Entered and Copies Emailed. (tomg) (Entered: 10/08/2024) |
| 01/02/2025 | 17 | SENTENCING MEMORANDUM CERTIFICATE OF SERVICE by USA as to PHILIP C. PULLEY (DUBNOFF, MARK) (Entered: 01/02/2025) |
| 01/10/2025 | 18 | Minute Entry for proceedings held before CHIEF JUDGE MITCHELL S. GOLDBERG in Courtroom 17A:Sentencing held on 1/9/25 for PHILIP C. PULLEY (1), Counts 1, 2, 4, 5, PROBATION: 3 YEARS; SPECIAL ASSESSMENT: $400.00; FINE: $9500.00. COURT ADVISED DEFENDANT OF HIS RIGHT TO APPEAL.Court Reporter ESR.(mac) (Entered: 01/10/2025) |
| 01/10/2025 | 19 | MOTION OF PRO SE DEFENDANT PHILIP C. PULLEY FOR RELEASE OF PASSPORT. (Attachments: # 1 Exhibit, # 2 Cover Page)(dt) (Entered: 01/10/2025) |
| 01/10/2025 | 20 | JUDGMENT AS TO PHILIP C. PULLEY (1), Count(s) 1, 2, 4, 5, PROBATION: 3 YEARS; SPECIAL ASSESSMENT: $400.00; FINE: $9500.00. Signed by CHIEF JUDGE |

| | | |
|---|---|---|
| | | MITCHELL S. GOLDBERG on 1/10/25.1/10/25 Entered and Copies E-Mailed. (mac) (Entered: 01/10/2025) |
| 01/13/2025 | 21 | MOTION to Dismiss *Count 3 of the Information* by USA as to PHILIP C. PULLEY. (DUBNOFF, MARK) (Entered: 01/13/2025) |
| 01/13/2025 | | ***Case Reopened as to PHILIP C. PULLEY (mac) (Entered: 01/14/2025) |
| 01/14/2025 | 22 | ORDER AS TO PHILIP C. PULLEY (1) THAT THE GOVERNMENT'S UNOPPOSED MOTION TO DISMISS COUNT 3 OF THE INDICTMENT IS GRANTED, ETC. Signed by CHIEF JUDGE MITCHELL S. GOLDBERG on 1/14/25.1/14/25 ENTERED AND COPIES E-MAILED.(mac) (Entered: 01/14/2025) |
| 01/23/2025 | 23 | MOTION to Travel by PHILIP C. PULLEY. (MCMONAGLE, BRIAN) (Entered: 01/23/2025) |
| 01/28/2025 | | ***Case Reopened as to PHILIP C. PULLEY (mac) (Entered: 01/30/2025) |
| 01/29/2025 | 24 | ORDER THAT DEFENDANT'S MOTION TO TRAVEL OUTSIDE THE US 23 IS GRANTED AS OUTLINED HEREIN AS TO PHILIP C. PULLEY (1). Signed by CHIEF JUDGE MITCHELL S. GOLDBERG on 1/29/25.1/29/25 ENTERED AND COPIES E-MAILED.(mac) (Entered: 01/29/2025) |
| 02/10/2025 | | ***Case Reopened as to PHILIP C. PULLEY (mac) (Entered: 02/11/2025) |
| 02/11/2025 | 25 | ORDER THAT DEFENDANT'S MOTION FOR RELEASE OF PASSPORT 19 IS GRANTED AS TO PHILIP C. PULLEY (1). Signed by CHIEF JUDGE MITCHELL S. GOLDBERG on 2/11/25.2/11/25 ENTERED AND COPIES E-MAILED.(mac) (Entered: 02/11/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/08/2025 14:41:29 | | |
| **PACER Login:** | glebepelbaum | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:24-cr-00288-MSG |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT "G"

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

SUPERIOR SCAFFOLD SERVICES INC
              VS.
SBG MANAGEMENT SERVICES INC

NO.     2025-00055

## COVER SHEET OF MOVING PARTY

Date of Filing <u>February 17  2025</u>      Moving Party <u>JENKINS COURT REALTY CO LP; PHILIP C PULLEY; SBG MANAGEMENT SERVICES INC; SBG MANAGEMENT SERVICES PA INC</u>

Counsel for Moving Party

Counsel's email address: <u>MYANOFF@GOLDSTEINLP.COM</u>

Document Filed (Specify) <u>DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT</u>

If a motion to compel discovery, state the Court-ordered Discovery Deadline: <u>N/A</u>
(failure to complete this space will result in the motion being stricken)

-----------------------------------------------------------------------------------------------------------------

**CERTIFICATIONS** - Check **ONLY** if appropriate:

_____ Counsel certify that they have conferred in a good faith effort to resolve the subject <u>discovery</u> dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_____ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all parties involved in the case. (If checked, skip Rule to Show Cause section below.)

-----------------------------------------------------------------------------------------------------------------

**RULE TO SHOW CAUSE** - Check **ONE** of the Choices Listed Below:

_____Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing an **answer** in the form of a **written response** at the **Office of the Prothonotary** on or before the       day of       20

_____ Respondent is directed to show cause, in the form of a **written response**, why the attached Family Court Discovery Motion is not entitled to the relief requested.  Rule Returnable and Argument the     day of      , 20__ at **1:00 p.m.**  at **321 Swede Street, Norristown, PA.**

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil Procedure.

_____ Rule Returnable at time of trial.

By: _____
            Court Administrator

7/23

Appx651

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL ACTION-LAW**

SUPERIOR SCAFFOLD SERVICES INC.,     :
          Plaintiff,     :   NO. 2025-00055
    v.     :
               :
SBG MANAGEMENT SERVICES, INC.,     :
SBG MANAGEMENT SERVICES PA, INC.,     :
JENKINS COURT REALTY CO., L.P., and     :
PHILIP C. PULLEY a/k/a PHILP PULLEY,
          Defendants

**ORDER**

AND NOW, this      day of                 , 2025, upon consideration of

the Defendants' Preliminary Objections and any Response thereto, it is hereby ORDERED AND

DECREED that the Preliminary Objections are hereby GRANTED and Plaintiff's Complaint is

hereby DISMISSED.

                BY THE COURT:

                _____J.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**GOLDSTEIN LAW PARTNERS, LLC**            *Attorney for Defendants*
By:    Michael Yanoff (Attorney I.D. # 19384)
          Samantha Pulley (#332072)
610 Old York Rd, Suite 340
Jenkintown, PA 19046
Tel: 267-627-2485
myanoff@goldsteinlp.com
spulley@goldsteinlp.com

---

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION-LAW

| | |
|---|---|
| SUPERIOR SCAFFOLD SERVICES INC., <br> Plaintiff, <br> v. <br><br> SBG MANAGEMENT SERVICES, INC., <br> SBG MANAGEMENT SERVICES PA, INC., <br> JENKINS COURT REALTY CO., L.P., and <br> PHILIP C. PULLEY a/k/a PHILP PULLEY, <br> Defendants | : NO. 2025-00055 <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### DEFENDANTS' PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

AND NOW, comes the Defendants SBG Management Services, Inc., SBG Management Services PA, Inc., Jenkins Court Realty Co., L.P, and Philip C. Pulley, by their attorney Michael Yanoff, Esquire, and make the following Preliminary Objections to Plaintiff's Complaint, and in support thereof, aver as follows:

### COUNT I:  FAILURE TO ATTACH A CONTRACT WITH ANY DEFENDANT

1.      Plaintiff's Complaint is based entirely on allegations that Plaintiff entered into an agreement or contract with an unspecified Defendant referenced only as "SBG." See Paragraphs 1 and 11 of Plaintiff's Complaint.

2.      There is no contract between Plaintiff and any Defendant attached to the Complaint.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3.      The documents attached to the Complaint as Exhibits A, B, and C are nothing more than an unsigned "Rental Terms and Conditions," unsigned and unverified delivery tickets, and a letter from Plaintiff's counsel to an unspecified "SBG" party.

4.      Exhibits A, B, and C are not contracts between Plaintiff and any Defendant.

5.      Pennsylvania Rule of Civil Procedure 1019 (i) states as follows:

> (i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient to so state, together with the reason, and to set forth the substance of the writing.

6.      Plaintiffs have not attached a copy of the written contract with any Defendant; nor have they stated that the contract is not accessible to them and have failed to set forth the substance of the contract with any Defendant, all in violation of Rule 1019 (i).

7.      Pennsylvania Rule of Civil Procedure 1028(a)(2) states that Preliminary Objections may be filed by any party to any pleading and are limited to the following grounds:

> (2) failure of a pleading to conform to law or rule of court…

8.      Plaintiffs' failure to conform to Rule 1019 (i) requirements requires the granting of this Preliminary Objection and dismissal of the Complaint.

9.      Our Courts have held that a Complaint should be stricken for failure to attach an essential document. See *Adamo v. Cini*, 656 A.2d 576, 579 (Pa. Commw. Ct. 1995); *Williams v. Nationwide Mut. Ins. Co.,* 751 A.2d 881, 884 (Pa. Super. Ct. 2000).

WHEREFORE, the Defendants respectfully request that Plaintiff's Complaint be DISSMISSED with prejudice.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT II:  DEMURRER- FAILURE TO STATE A CAUSE OF ACTION AGAINST SBG MANAGEMENT SERVICES, INC.

10.     Defendants hereby incorporate by reference the averments of Paragraphs 1 through 9 as fully as though set forth herein at length.

11.     Plaintiff's Complaint does not contain a single distinguishable reference to SBG Management Services, Inc. even though it is listed in the caption as a defendant.

12.     There are no allegations in the Complaint that are directed to Defendant SBG Management Services, Inc.

13.     Plaintiff's Complaint merely references an unspecified "SBG."

14.     There are no allegations in the Complaint that identify Defendant SBG Management Services, Inc. as an agent, servant, workman or employee of any of the other Defendants.

WHEREFORE, Defendants respectfully request that SBG Management Services, Inc. be DISMISSED from Plaintiff's Complaint with prejudice.

## COUNT III:  DEMURRER- FAILURE TO STATE A CAUSE OF ACTION AGAINST SBG MANAGEMENT SERVICES PA, INC.

15.     Defendants hereby incorporate by reference the averments of Paragraphs 1 through 14 as fully as though set forth herein at length.

16.     Plaintiff's Complaint does not contain a single distinguishable reference to SBG Management Services PA, Inc. even though it is listed in the caption as a defendant.

17.     There are no allegations in the Complaint that are directed to Defendant SBG Management Services PA, Inc.

18.     Plaintiff's Complaint merely references an unspecified "SBG."

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

19.    There are no allegations in the Complaint that identify Defendant SBG Management Services PA, Inc. as an agent, servant, workman or employee of any of the other Defendants.

WHEREFORE, Defendants respectfully request that SBG Management Services PA, Inc. be DISMISSED from Plaintiff's Complaint with prejudice.

### COUNT IV:  DEMURRER- FAILURE TO STATE A CAUSE OF ACTION AGAINST JENKINS COURT REALTY CO., L.P.

20.    Defendants hereby incorporate by reference the averments of Paragraphs 1 through 19 as fully as though set forth herein at length.

21.    Plaintiff's Complaint does not contain a single supported reference to actions taken by Jenkins Court Realty Co., L.P. despite being listed in the caption as a defendant.

22.    Plaintiff establishes no facts nor any evidence to support any allegation against Defendant Jenkins Court Realty Co., L.P.

23.    None of the exhibits incorporated in Plaintiff's Complaint mention Defendant Jenkins Court Realty Co., L.P.

24.    Moreover, Plaintiff fails to attach a contract to which Defendant Jenkins Court Realty Co., L.P. is a party.

25.    Plaintiff's Complaint merely notes that Jenkins Court Realty Co., L.P. "is the record owner" of the Property at 610 Old York Road, Jenkintown, PA 19046. See Plaintiff's Complaint Paragraph 9.

26.    There are no allegations in the Complaint that identify Defendant Jenkins Court Realty Co., L.P. as an agent, servant, workman or employee of any of the other Defendants.

WHEREFORE, Defendants respectfully request that Jenkins Court Realty Co., L.P. be DISMISSED from Plaintiff's Complaint with prejudice.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT V:  DEMURRER- FAILURE TO STATE A CAUSE OF ACTION AGAINST PHILIP PULLEY

27.      Defendants hereby incorporate by reference the averments of Paragraphs 1 through 26 as fully as though set forth herein at length.

28.       Plaintiff's Complaint does not contain a single supported reference to actions taken by Philip Pulley despite being listed in the caption as a defendant.

29.      Plaintiff established no facts nor any evidence to support any allegations against Defendant Pulley.

30.      None of the exhibits incorporated in Plaintiff's Complaint mention Defendant Pulley.

31.      Moreover, Plaintiff fails to attach a contract which Defendant Pulley is a party.

32.      Plaintiff's Complaint merely notes that Plaintiff believes Defendant Pulley to be "an authorized representative of SBG DE and/or SBG PA[,]" and "is the president of SBG PA and the principal or authorized representative of Old Jenkins Corporation (the "General Partner"), the general partner of Jenkins." See Plaintiff's Complaint Paragraph 6.

33.      There are no allegations in the complaint that Defendant Pulley acted in any corporate capacity or in an individual capacity.

WHEREFORE, Defendants respectfully submit that Philip Pulley be DISMISSED from Plaintiff's Complaint with prejudice.

## COUNT VI:  MOTION FOR MORE SPECIFIC PLEADING

34.      Defendants hereby incorporate by reference the averments of Paragraphs 1 through 33 as fully as though set forth herein at length.

35.      Plaintiff's Complaint alleges only that any harm that they sustained was caused by an unspecified "SBG."

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

36.    Plaintiff's Complaint fails to set forth any times, dates, and/or location of any of the alleged events which form the basis of their claim.

37.    Without specific information as to the identity, time, date, or location of any of the alleged events, Defendants are not able to properly prepare any defense to the claims asserted, all to their great prejudice.

38.    Pa. R.C.P. 1028 (a) (3) allows for the filing of Preliminary Objections requesting a more specific pleading.

WHEREFORE, Defendants respectfully request that Plaintiff be ordered to file a more specific pleading identifying the unspecified "SBG," and the dates, time, and location of the alleged events.

## COUNT VII:  DEMURRER- AS TO COUNT IV OF THE COMPLAINT FOR TORTIOUS INTERFERENCE AGAINST DEFENDANTS JENKINS COURT REALTY CO., L.P. AND PHILIP PULLEY

39.    Defendants hereby incorporate by reference the averments of Paragraphs 1 through 38 as fully as though set forth herein at length.

40.    In Pennsylvania, tortious interference with a current contract is:

One **who intentionally and improperly interferes** with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the third person's failure to perform the contract.

*U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 925 (3d Cir. 1990)

(quoting *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175 (Pa. 1978))

(emphasis added).

41.    Thus, in Pennsylvania, to prove tortious interference, a plaintiff must establish: 1) a valid contract existed between the plaintiff and a third party, 2) the defendant knew about the

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

contract, 3) the defendant acted intentionally and improperly, and 4) the defendant's actions caused the plaintiff to suffer injury.

42.     Plaintiff failed to attach a contract to its Complaint.

43.     Even if Plaintiff attached a contract to its Complaint, Plaintiff fails to set forth any facts or evidence that establishes Defendants Jenkins Court Realty Co., L.P. and Philip Pulley have any knowledge of any alleged contract between Plaintiff and any other party.

44.     Without a contract or any knowledge thereof, Defendants Jenkins Court Realty Co., L.P. and Pulley could not have acted intentionally or improperly against the alleged contract.

45.     Therefore, Defendants Jenkins Court Realty Co., L.P. and Pulley could not have acted to cause harm or injury to the Plaintiff.

46.     Plaintiff fails to establish any meritorious claim for tortious interference, requiring this claim to be dismissed.

47.     The dismissal of the claim for tortious interference also requires the dismissal of Defendants Jenkins Court Realty Co., L.P. and Philip Pulley because they are only named in this claim.

WHEREFORE, Defendants respectfully request that Count IV of Plaintiff's Complaint and Defendants Jenkins Court Realty Co., L.P. and Philip Pulley be DISMISSED with prejudice.

### COUNT VIII: MOTION FOR MORE SPECIFIC PLEADING

48.     Defendants hereby incorporate by reference the averments of Paragraphs 1 through 47 as fully as though set forth herein at length.

49.     Plaintiff's Complaint alleges that Defendants Jenkins Court Realty Co., L.P. and Philip Pulley's sole harm was caused by tortious interference.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

50.    Plaintiff's Complaint fails to set forth any times, dates, and/or location of any of the alleged events which form the basis of their claim.

51.    Without specific information as to the identity, time, date, or location of any of the alleged events, Defendants are not able to properly prepare any defense to the claims asserted, all to their great prejudice.

52.    Pa. R.C.P. 1028 (a) (3) allows for the filing of Preliminary Objections requesting a more specific pleading.

WHEREFORE, Defendants respectfully request that Plaintiff be ordered to file a more specific pleading identifying the specific Defendants and the dates, time, and location of the alleged events.

Respectfully submitted,

GOLDSTEIN LAW PARTNERS, LLC


BY: _____
MICHAEL YANOFF, ESQUIRE

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Philip Pulley hereby verify that I am one of the Defendants in the within matter, authorized to make this verification, and that the statements made within the foregoing pleading are true and correct to the best of my knowledge, information, and belief. I understand that this statement is made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

PHILIP PULLEY

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**GOLDSTEIN LAW PARTNERS, LLC**                    *Attorney for Defendants*
By:    Michael Yanoff (Attorney I.D. # 19384)
       Samantha Pulley (#332072)
610 Old York Rd, Suite 340
Jenkintown, PA 19046
Tel: 267-627-2485
myanoff@goldsteinlp.com
spulley@goldsteinlp.com

---

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION-LAW

| | |
|---|---|
| SUPERIOR SCAFFOLD SERVICES INC., | : |
| Plaintiff, | : NO. 2025-00055 |
| v. | : |
| | : |
| SBG MANAGEMENT SERVICES, INC., | : |
| SBG MANAGEMENT SERVICES PA, INC., | : |
| JENKINS COURT REALTY CO., L.P., and | : |
| PHILIP C. PULLEY a/k/a PHILP PULLEY, | : |
| Defendants | |

## CERTIFICATE OF SERVICE

I, Michael Yanoff, Esquire, do hereby certify that on February 17, 2025, I served a true and correct copy of the Preliminary Objections to Plaintiff's Complaint upon the following by efiling and email:

Inez M. Markovich, Esq.
1600 Market St. Suite 3900
Philadelphia, PA19103
imarkovich@mccarter.com

_____
MICHAEL YANOFF, ESQUIRE

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**GOLDSTEIN LAW PARTNERS, LLC**                  *Attorney for Defendants*
By:     Michael Yanoff (Attorney I.D. # 19384)
        Samantha Pulley (#332072)
610 Old York Rd, Suite 340
Jenkintown, PA 19046
Tel: 267-627-2485
myanoff@goldsteinlp.com
spulley@goldsteinlp.com

---

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION-LAW

| | |
|---|---|
| SUPERIOR SCAFFOLD SERVICES INC., <br> Plaintiff, <br> v. <br><br> SBG MANAGEMENT SERVICES, INC., <br> SBG MANAGEMENT SERVICES PA, INC., <br> JENKINS COURT REALTY CO., L.P., and <br> PHILIP C. PULLEY a/k/a PHILP PULLEY, <br> Defendants | NO. 2025-00055 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT

### I.    MATTER BEFORE THE COURT

The matters before this Honorable Court are the Preliminary Objections of Defendants SBG Management Services, Inc., SBG Management Services PA, Inc., Jenkins Court Realty Co., L.P, and Philip C. Pulley, to Plaintiff's Complaint. The Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice.

### II.    QUESTIONS PRESENTED

1.    Should Plaintiff's Complaint be dismissed for failure to attach a contract to the Complaint in accordance with the Rules of Civil Procedure?

SUGGESTED ANSWER:  YES

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.    Should Plaintiff's Complaint be dismissed for failure to state a cause of action against Defendant SBG Management Services, Inc.?

SUGGESTED ANSWER:  YES

3.    Should Plaintiff's Complaint be dismissed for failure to state a cause of action against Defendant SBG Management Services PA, Inc.?

SUGGESTED ANSWER:  YES

4.    Should Plaintiff's Complaint be dismissed for failure to state a cause of action against Defendant Jenkins Court Realty Co., L.P.?

SUGGESTED ANSWER:  YES

5.    Should Plaintiff's Complaint be dismissed for failure to state a cause of action against Defendant Philip Pulley?

SUGGESTED ANSWER:  YES

6.    Should Plaintiff be ordered to file a more specific pleading as to the allegations against the unspecified "SBG" Defendants?

SUGGESTED ANSWER:  YES

7.    Should Count IV of Plaintiff's Complaint be dismissed for failure to state a cause of action for tortious interference against Defendants Jenkins Court Realty Co., L.P. and Philip Pulley, thereby also dismissing Defendants Jenkins Court Realty Co., L.P. and Philip Pulley?

SUGGESTED ANSWER:  YES

8.    Should Plaintiff be ordered to file a more specific pleading as to the allegations for tortious interference and Defendants Jenkins Court Realty Co., L.P. and Philip Pulley?

SUGGESTED ANSWER:  YES

2

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### III.    STATEMENT OF THE CASE

The instant litigation commenced by the filing of a Complaint on January 2, 2025, and reinstated on January 22, 2025.  Plaintiff's Complaint alleges that an unspecified "SBG" Defendant entered into and breached an alleged contract for scaffolding services related to a property located at 610 Old York Road, Jenkintown, PA 19046. Plaintiff names two (2) "SBG" defendants, SBG Management Services, Inc. and SBG Management Services PA, Inc without differentiation of the entities in it claims. There are no allegations which specify the identity of the "SBG" Defendant that was allegedly party to the contract nor did the Plaintiff attach the alleged contract to the Complaint.

In the alternative, the Plaintiff alleges claims for *Quantum Meruit* and Unjust Enrichment against an unspecified "SBG" Defendant, yet Plaintiff fails to establish fact as to when and where the alleged events took place.

Plaintiff also alleges a claim of tortious interference against Defendants Jenkins Court Realty Co., L.P. and Philip Pulley without meeting any element of the claim nor any alleged fact or evidence to support a relationship between Plaintiff and the alleged contract. Plaintiff has not established the relationship between the alleged contracting party and the named Defendants.

In addition, there are no allegations that any of the named Defendants actually engaged in any of the acts alleged in the Complaint, and there are no allegations of fact that indicate that the named Defendants engaged in any acts or failures to act as against the Plaintiff because Plaintiff has failed to specify its claims against the Defendants. There is no *ad damnum*.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IV.    ARGUMENT

### A.    Standard for Preliminary Objections

Rule 1028 of the Pennsylvania Rules of Civil Procedure provides that Preliminary Objections may be filed by any party to any pleading for failure to conform to a rule of law or court, insufficient specificity in a pleading or legal insufficiency of a pleading. *See* Pa. R. Civ. P. 1028(a)(2)(3)(4). Additionally, Pennsylvania Rule of Civil Procedure 1019(a) requires a party to formulate the issues by summarizing the facts essential to support the claim. Pa.R.C.P. 1019(a). Pennsylvania Rule of Civil Procedure 1020 requires that each cause of action be contained in a separate count. Pa.R.C.P. 1020.

Pennsylvania is a fact-pleading jurisdiction. A complaint must therefore not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim. *Yount v. First Nat. Bank of Port Allegheny*, 868 A.2d 539 (Pa. Super. 2005). When deciding the same, a court must ascertain whether the facts are "sufficiently specific so as to enable a defendant to prepare its defense." *Smith v. Wagner*, 588 A.2d 1308 (Pa. Super. 1991).

Pursuant to Pennsylvania law, a preliminary objection for legal insufficiency is an assertion that a pleading fails to state a cause of action upon which relief may be granted. *Vintage Homes, Inc., v. Levin*, 554 A.2d 989, 993 (Pa. Super. 1989). In testing the legal sufficiency of a complaint, a *demurrer* admits as true all well-pleaded material facts contained therein, along with all reasonable inferences as are deducible therefrom. *Hicks v. Southeastern Pennsylvania Transportation Authority*, 590 A.2d 31 (Pa. Cmwlth. 1991). While the Court must accept as true the well-pleaded factual allegations set forth in the complaint, the Court does not have to accept conclusions of law, opinions, or argumentative allegations. *Sexton v. PNC Bank*,

4

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

792 A.2d 602, 604 (Pa. Super. 2002). For these reasons, a complaint should be dismissed on preliminary objections in the nature of a *demurrer* in cases that are clear and free from doubt and where it appears with certainty that, upon the facts averred, the law will not permit recovery of the damages sought. *White v. Pennsylvania Dept. of Transportation*, 738 A.2d 27, 31 (Pa. Cmwlth. 1999) (quoting *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992)).

For the reasons set forth below, Defendants respectfully request that this Honorable Court sustain their Preliminary Objections and dismiss Plaintiff's Complaint.

**B.    Preliminary Objection Pursuant to Pa.R.C.P. 1028(a)(4) for Failure to Attach a Contract with any Defendant Pursuant to Pa. R.C.P. 1019 (i).**

Pennsylvania Rule of Civil Procedure 1028(a)(4) permits a defendant to file a preliminary objection for the legal insufficiency of a claim. The Plaintiff failed to attach a contract with any Defendant.

"A Plaintiff asserting a breach of contract claim under Pennsylvania law must establish three elements: the existence of a contract; a breach of a duty imposed by the contract; and resultant damages." *Pennsy Supply, Inc. v. Am. Ash Recycling Corp.*, 895 A.2d 595, 600 (Pa. Super. 2006). Pennsylvania Rule of Civil Procedure 1019 (i) provides, in pertinent part: "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and set forth the substance in writing." *See also, Williams v. Nationwide Mut. Ins. Co.* 751 A.2d 881, 884 (Pa. Super. 2000) (holding that plaintiff's breach of contract complaint was fatally flawed for failing to attach or plead pertinent parts of a contract to demonstrate how the Defendant breached his contractual obligations); *see also Adamo v. Cini*, 656 A.2d 576, 579 (PA. Commw. Ct. 1995) ("[o]rdinarily, a complaint should be stricken for failure to attach an essential document.").

5

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

In the matter at hand, Plaintiff's causes of action are purportedly based on alleged contracts, ostensibly with an unspecified "SBG" Defendant. All of Plaintiff's claims in this action arise out of the alleged breach of the contract between Plaintiff and the unspecified "SBG" Defendant. Plaintiff, however, failed to attach a contract with any Defendant to its Complaint; rather, the claimed contracts are nothing more than an unsigned "Rental Terms and Conditions," unsigned and unverified delivery tickets, and a letter from Plaintiff's counsel to an unspecified "SBG" party. Neither Exhibits A, B, or C of Plaintiff's Complaint are a contract with any Defendant.

Pa R.C.P 1019 (i) provides in pertinent part as follows:

> (i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Plaintiffs have not attached a copy of the written contract with any Defendant; nor have they stated that the contract is not accessible to them and have failed to set forth the substance of the contract with any Defendant, all in violation of Rule 1019 (i). Pennsylvania Rule of Civil Procedure 1028(a)(2) states that Preliminary Objections may be filed by any party to any pleading and are limited to the following grounds: "(2) failure of a pleading to conform to law or rule of court…[.]" Plaintiffs' failure to conform to Rule 1019 (i) requirements requires the granting of this Preliminary Objection and dismissal of the Complaint. Our Courts have held that a Complaint should be stricken for failure to attach an essential document. See *Adamo v. Cini*, 656 A.2d 576, 579 (Pa. Commw. Ct. 1995); *Williams v. Nationwide Mut. Ins. Co.*, 751 A.2d 881, 884 (Pa. Super. Ct. 2000).

WHEREFORE, Defendants respectfully request that Plaintiff's Complaint should be DISMISSED with prejudice.

6

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**C.** **<u>Demurrer- Failure to State a Cause of Action Against SBG Management Services, Inc.</u>**

Plaintiff's Complaint does not contain a single reference to SBG Management Services, Inc. even though it is listed in the caption as a defendant. There are no allegations in the Complaint that are directed to Defendant SBG Management Services, Inc. Plaintiff's Complaint merely references an unspecified "SBG." There are no allegations in the Complaint that identify Defendant SBG Management Services, Inc. as an agent, servant, workman or employee of any of the other Defendants.

WHEREFORE, Defendants respectfully request that SBG Management Services, Inc. be DISMISSED from Plaintiff's Complaint with prejudice.

**D.** **<u>Demurrer- Failure to State a Cause of Action Against SBG Management Services PA, Inc.</u>**

Plaintiff's Complaint does not contain a single distinguishable reference to SBG Management Services PA, Inc. even though it is listed in the caption as a defendant. There are no allegations in the Complaint that are directed to Defendant SBG Management Services PA, Inc. Plaintiff's Complaint merely references an unspecified "SBG." There are no allegations in the Complaint that identify Defendant SBG Management Services PA, Inc. as an agent, servant, workman or employee of any of the other Defendants.

WHEREFORE, Defendants respectfully request that SBG Management Services PA, Inc. be DISMISSED from Plaintiff's Complaint with prejudice.

**E.** **<u>Demurrer- Failure to State a Cause of Action Against Jenkins Court Realty Co., L.P.</u>**

Plaintiff's Complaint does not contain a single supported reference to actions taken by Jenkins Court Realty Co., L.P. despite being listed in the caption as a defendant. Plaintiff establishes no facts nor any evidence to support any allegation against Defendant Jenkins Court

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Realty Co., L.P. None of the exhibits incorporated in Plaintiff's Complaint mention Defendant Jenkins Court Realty Co., L.P. Moreover, Plaintiff fails to attach a contract to which Defendant Jenkins Court Realty Co., L.P. is a party. Plaintiff's Complaint merely notes that Jenkins Court Realty Co., L.P. "is the record owner" of the Property at 610 Old York Road, Jenkintown, PA 19046. See Plaintiff's Complaint Paragraph 9. There are no allegations in the Complaint that identify Defendant Jenkins Court Realty Co., L.P. as an agent, servant, workman or employee of any of the other Defendants.

WHEREFORE, Defendants respectfully request that Jenkins Court Realty Co., L.P. be DISMISSED from Plaintiff's Complaint with prejudice.

### F.    Demurrer- Failure to State a Cause of Action Against Philip Pulley

Plaintiff's Complaint does not contain a single supported reference to actions taken by Philip Pulley despite being listed in the caption as a defendant. Plaintiff established no facts nor any evidence to support any allegations against Defendant Pulley. None of the exhibits incorporated in Plaintiff's Complaint mention Defendant Pulley. Moreover, Plaintiff fails to attach a contract which Defendant Pulley is a party. Plaintiff's Complaint merely notes that Plaintiff believes Defendant Pulley to be "an authorized representative of SBG DE and/or SBG PA[,]" and "is the president of SBG PA and the principal or authorized representative of Old Jenkins Corporation (the "General Partner"), the general partner of Jenkins." See Plaintiff's Complaint Paragraph 6. There are no allegations in the complaint that Defendant Pulley acted in any corporate capacity or in an individual capacity.

WHEREFORE, Defendants respectfully submit that Philip Pulley be DISMISSED from Plaintiff's Complaint with prejudice.

8

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### G.    Motion for More Specific Pleading

Plaintiff's Complaint alleges only that any harm that they sustained was caused by an unspecified "SBG." Plaintiff's Complaint fails to set forth any times, dates, and/or location of any of the alleged events which form the basis of their claim. Without specific information as to the identity, time, date, or location of any of the alleged events, Defendants are not able to properly prepare any defense to the claims asserted, all to their great prejudice. Pa. R.C.P. 1028 (a) (3) allows for the filing of Preliminary Objections requesting a more specific pleading.

WHEREFORE, Defendants respectfully request that Plaintiff be ordered to file a more specific pleading identifying the unspecified "SBG," and the dates, time, and location of the alleged events.

### H.    Demurrer- Count IV of the Complait for Tortious Interference Against Defendants Jenkins Court Realty Co., L.P. and Philip Pulley

In Pennsylvania, tortious interference with a current contract is:

> One **who intentionally and improperly interferes** with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the third person's failure to perform the contract.

*U.S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 925 (3d Cir. 1990) (quoting *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 393 A.2d 1175 (Pa. 1978)) (emphasis added). Thus, in Pennsylvania, to prove tortious interference, a plaintiff must establish: 1) a valid contract existed between the plaintiff and a third party, 2) the defendant knew about the contract, 3) the defendant acted intentionally and improperly, and 4) the defendant's actions caused the plaintiff to suffer injury.

Plaintiff failed to attach a contract to its Complaint. Even if Plaintiff attached a contract to its Complaint, Plaintiff fails to set forth any facts or evidence that establishes Defendants

9

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Jenkins Court Realty Co., L.P. and Philip Pulley have any knowledge of any alleged contract between Plaintiff and any other party. Without a contract or any knowledge thereof, Defendants Jenkins Court Realty Co., L.P. and Pulley could not have acted intentionally or improperly against the alleged contract. Therefore, Defendants Jenkins Court Realty Co., L.P. and Pulley could not have acted to cause harm or injury to the Plaintiff.

Plaintiff fails to establish any meritorious claim for tortious interference, requiring this claim to be dismissed. The dismissal of the claim for tortious interference also requires the dismissal of Defendants Jenkins Court Realty Co., L.P. and Philip Pulley because they are only named in this claim.

WHEREFORE, Defendants respectfully request that Count IV of Plaintiff's Complaint and Defendants Jenkins Court Realty Co., L.P. and Philip Pulley be DISMISSED with prejudice.

## I.    Motion for More Specific Pleading

Plaintiff's Complaint alleges that Defendants Jenkins Court Realty Co., L.P. and Philip Pulley's sole harm was caused by tortious interference. Plaintiff's Complaint fails to set forth any times, dates, and/or location of any of the alleged events which form the basis of their claim. Without specific information as to the identity, time, date, or location of any of the alleged events, Defendants are not able to properly prepare any defense to the claims asserted, all to their great prejudice. Pa. R.C.P. 1028 (a) (3) allows for the filing of Preliminary Objections requesting a more specific pleading.

WHEREFORE, Defendants respectfully request that Plaintiff be ordered to file a more specific pleading identifying the specific Defendants and the dates, time, and location of the alleged events.

Case# 2025-00055-6 Docketed at Montgomery County Prothonotary on 02/17/2025 6:00 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## V.    **RELIEF**

The Defendants respectfully request that the Complaint be dismissed with prejudice.

Respectfully submitted,

GOLDSTEIN LAW PARTNERS, LLC

BY: _____

MICHAEL YANOFF, ESQUIRE

*Attorney for the Defendants*

11

Case 2:25-cv-00044-GAM    Document 24-9    Filed 04/25/25    Page 1 of 4

# EXHIBIT "H"

Case 2:24-cr-00288-MSG   Document 239   Filed 04/25/25   Page 1 of 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| PHILIP PULLEY | : | NO. 24-288 MSG |

**O R D E R**

AND NOW, to wit, this           day of          , it is hereby ORDERED AND

DECREED that the defendant PHILIP PULLEY, be permitted to travel to the Galapagos

Islands and Ecuador from May 13 until May 25, 2025.

_____

**THE HONORABLE MITCHELL GOLDBERG**

Case 2:24-cr-00288-MSG   Document 239   Filed 04/23/25   Page 2 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| PHILIP PULLEY | : | NO. 24-288 MSG |

_____

## MOTION TO PERMIT TRAVEL OUTSIDE THE UNITED STATES

Defendant, PHILIP PULLEY, by his attorney, BRIAN J. MCMONAGLE,

Esquire, hereby moves that this Honorable Court enter an ORDER permitting him to

travel abroad to the Galapagos Islands and Ecuador from May 13 until May 25, 2025.

The government has no objection to this request.

WHEREFORE, for all of the foregoing reasons, defendant Philip Pulley, requests

that the Court grant the instant Motion.

Respectfully Submitted,

s/s BRIAN J. MCMONAGLE
**BRIAN J. MCMONAGLE, ESQUIRE**
**MCMONAGLE, PERRI, MCHUGH & MISCHAK**
**1845 Walnut Street**
**Suite 1900**
**Philadelphia, PA 19103**
**E-mail: bmcmonagle@mpmpc.com**

## CERTIFICATION OF SERVICE

BRIAN J. MCMONAGLE, ESQUIRE, hereby certifies that on the date set forth below a true and correct copy of the Defendant Philip Pulley's Motion to permit travel, has been served by ELECTRONIC FILING.


**/s/BRIAN J. MCMONAGLE**


**DATED: _____**

# EXHIBIT "I"

## AFFIDAVIT OF SERVICE

**State of Maryland**

**County of Baltimore**

Case Number: C 03 CV 25 000263

Plaintiff: **ICON PSG 1 FL, LLC**
vs.
Defendant: **JENKINS COURT REALTY CO., L.P., ET AL**

For:
HUNTER PIEL

Received by Steve Kidd on the 25th day of March, 2025 at 10:01 am to be served on **PHILIP PULLEY, 2319 NE 29TH STREET, LIGHTHOUSE POINT, FL 33064.**

I, Steve Kidd, being duly sworn, depose and say that on the **25th day of March, 2025 at 12:48 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **NOTICE OF CONFESSED JUDGMENT, ORDER DIRECTING CLERK TO ENTER JUDGMENT, COMPLAINT, EXHIBITS** with the date and hour of service endorsed thereon by me, to: **PHILIP PULLEY** at the address of: **2319 NE 29TH STREET, LIGHTHOUSE POINT, FL 33064**, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** The person served with said documents refused to state whether or not the Defendant is in the Military Service of the United States of America.

**Marital Status:** Based upon inquiry of party served, they refused to state whether or not the Defendant is married.

**Additional Information pertaining to this Service:**
Attempted Address: 2319 NE 29TH STREET, LIGHTHOUSE POINT, FL 33064 Worker outside said Phillip was home and pointed him out thru window. I knocked and Phillip answered and confirmed identity, but after i identified process he said he was a tenant and shut the door. I stated the papers would be placed thru the door handle and he was considered served.

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: Caucasian, Height: 6'0", Weight: 165, Hair: Salt & Pepper, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server in good standing in the county or judicial circuit in which the process was affected in accordance with State Statutes. Under penalties of perjury, I declare that I have read the forgoing Affidavit/Verified Return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2).

**Steve Kidd**
SPS #005

Subscribed and Sworn to before me by means of [X] physical presence or [ ] online notarization this the __31__ day of ___March___, _2025_ by the affiant who is personally known to me.

NOTARY PUBLIC

**GUARANTEED SUBPOENA SERVICE, INC.**
2009 Morris Avenue, Suite 101
Union, NJ 07083

Our Job Serial Number: GTS-0000090937
Ref: 20250324164846

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Gleb Epelbaum, Esquire, hereby certify that on this day, I caused to be served a true and correct copy of the foregoing Plaintiff's Brief in Opposition to Defendant's Motion to Set Aside Default and Permit Answer via the Court's CM/ECF system on the following:

<table>
<tr>
<td align="center">
Albert A. Ciardi, III, Esquire<br>
CIARDI CIARDI & ASTIN, P.C.<br>
1905 Spruce Street<br>
Philadelphia, PA 19103<br>
<i>Attorneys for Defendant,</i><br>
<i>Jenkins Court Realty Co., L.P.</i>
</td>
<td align="center">
Michael Yanoff, Esquire<br>
Shawn M. Rodgers, Esquire<br>
GOLDSTEIN LAW PARTNERS<br>
610 Old York Road, Suite 340<br>
Jenkintown, PA 19046<br>
<i>Attorneys for Defendant,</i><br>
<i>Jenkins Court Realty Co., L.P.</i>
</td>
</tr>
<tr>
<td align="center">
Raymond A. Quaglia, Esquire<br>
BALLARD SPAHR LLP<br>
1735 Market Street, 51st Floor<br>
Philadelphia, PA 19103<br>
<i>Attorneys for the Receiver,</i><br>
<i>Trigild IVL, LLC</i>
</td>
<td align="center">
Michael P. Ryal, Esquire<br>
RYAN, BROWN, BERGER & GIBBONS, P.C.<br>
1600 Market Street, 25th Floor<br>
Philadelphia, PA 19103<br>
<i>Attorneys for SSS Education, Inc.</i><br>
<i>d/b/a Jersey College</i>
</td>
</tr>
</table>

1

**KURTZ AND PARTNERS P.C.**

Date: April 25, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

## [PROPOSED] ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Motion to Set Aside Default and Permit Answer (the "Default Set Aside Motion") filed by Defendant, Jenkins Court Realty Co., L.P., response thereto filed by Plaintiff, ICON PSG 1 FL, LLC, and oral argument, if any, it is hereby **ORDERED** that the Default Set Aside Motion is **DENIED**.

BY THE COURT:

_____
Gerald Austin McHugh, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ICON PSG 1 FL, LLC | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 25-44** |
| | : | |
| JENKINS COURT REALTY CO., L.P. | : | |

**McHUGH, J.**                                                                                        **May 2, 2025**

**MEMORANDUM**

**I.      Relevant Background**

This is a commercial foreclosure case, where Defendant has moved to set aside a Default entered by the Clerk.  The relevant background is set forth in my previous memorandum appointing a receiver, docketed on February 21, 2025 at ECF 12.  *See ICON PSG 1 FL, LLC v. Jenkins Ct. Realty Co., L.P.*, No. 25-44, 2025 WL 589206 (E.D. Pa. Feb. 21, 2025).  For present purposes the following facts are relevant.

In September 2023, Plaintiff ICON PSG 1 FL, LLC ("Icon") loaned $20,500,000 to Defendant Jenkins Court Realty Co., L.P., owned by principal Philip Pulley.  *See* Receivership Mot., Ex. 1, ECF 5-3 ("Loan Agreement").  Under the Loan Agreement, Defendant's failure to make any monthly payment within five days of its due date constitutes a default.  *Id.* §§ 2.3, 11.2.2. Upon default, Plaintiff may foreclose on Defendant's property for the full amount owed.  *Id.* § 11.3.1.

The Loan Agreement further provides that Icon has no obligation to disburse any funds should Jenkins Court Realty fail to comply with the Loan Agreement in any way.  *Id.* § 6.2(b).  If Defendant wanted to establish that Plaintiff had somehow breached the Agreement, Defendant

would first be obligated to provide a notice of breach to the Plaintiff within 30 days of the alleged noncompliance. *Id.* § 15.8.1.

Starting in November 2024, Defendant stopped making monthly payments to Plaintiff. Compl. ¶ 25, ECF 1. Defendant's breach of the Loan Agreement constituted default, triggering Plaintiff's ability to recoup its funds through foreclosure.

Plaintiff commenced its foreclosure action by filing a Complaint in this Court on January 6, and sending the copies of the Complaint, Summons, and Waiver Documents to Defendant's counsel of record, Attorney Michael Yanoff and Goldstein Law Partners, LLC ("the Goldstein Firm"), on January 9. Pl.'s Opp'n. Br. at 5, ECF 24 ("Pl. Opp'n.").[1] On January 10, Plaintiff filed a Motion for Expedited Appointment of a Receiver. ECF 5. On January 13, Attorney Yanoff requested an extension of time for Defendant to file a response to the Receivership Motion due to his then-upcoming travel. *See* ECF 7; Pl. Opp'n., Ex. A, ECF 24-2. Notably, Attorney Yanoff did *not* request an extension of the deadline to file a response to the Complaint, nor did he articulate any reason other than his travel as to why an extension was necessary. Pl. Opp'n. at 5-6. Attorney Yanoff waived service on Defendant's behalf on January 15. ECF 6.

In the weeks that followed, Attorney Shawn M. Rogers of the Goldstein Firm litigated the Receivership Motion on Defendant's behalf. ECF 10. On February 21, I issued a Memorandum granting Plaintiff's Receivership Motion and an accompanying Order appointing Trigild as a receiver. ECFs 12, 13. Immediately following the entry of my Receivership Order, Pulley began sending frequent emails to Trigild regarding the transition of property management. *See* Pl. Opp'n., Ex. B, ECF 24-3. These emails were sent over a six-week period and reflect Pulley's

---

[1] Page numbers reflect pagination designated by the ECF system.

active involvement in the day-to-day operations of the property. *Id.* Pulley does not mention any health issues in any of the messages.[2]

Separately, Pulley also remained involved in his other legal proceedings, both civil and criminal. In the weeks that immediately followed the filing of Plaintiff's Complaint, Pulley and Pulley-controlled defendants made at least twelve separate filings in at least five different proceedings. Pl. Opp'n. at 9-12.[3] Many of these filings required that Pulley personally review and sign documents prior to submission. *Id.*

Despite Pulley's active involvement in his other matters, Defendant never filed a response to the Complaint in this action. Pl. Opp'n., Ex. 1, ¶ 5, ECF 24-1. Nor did Attorney Yanoff or any member of the Goldstein Firm request an extension. *Id.* As a result, Plaintiff filed a Request for Entry of Default on March 12, 2025, which the Clerk of Court entered on March 13 ("Default"), more than 60 days after Attorney Yanoff's waiver of service. ECFs 15, 16.

Also on March 13, Defendant's newly retained counsel filed a Motion to Set Aside Default and Permit Answer. Mot. to Set Aside Default, ECF 17 ("Def.'s Mot."). Defendant's Motion does not dispute the timeliness of the Default, nor does it allege that Defendant requested an extension at any time. Rather, the Motion asserts for the first time that Defendant was unable to prepare and file a response to the Complaint during the eight-week period between service and the entry of

---

[2] Trigild alleges that Defendant has failed to turn over several required documents pursuant to the Receiver Order. ECF 22. Trigild has filed a Motion to Compel Compliance with the Court's Receiver Order, which is currently pending before me as well. *Id.*

[3] This Court may take judicial notice of Mr. Pulley's other court proceedings, together with all filings made therein. Fed. R. Evid. 201; *see Fannie Mae v. Harrison Ct. Realty Co., L.P., et al.*, No. 24-4722 (E.D. Pa.); *Cresheim Valley Realty Co., L.P., et al.*, No. 230701198 (Pa. Com. Pl. Phila. Cnty. Ct.); *Superior Scaffold Services, Inc. v. SBG Mgmt. Services, Inc., et al.,* No. 2025-55 (Pa. Com. Pl. Montgomery Cnty. Ct.); *USA v. Philip C. Pulley*, No. 24-cr-288 (E.D. Pa.); *ICON PSG 1 FL, LLC v. Jenkins Ct. Realty Co., L.P., et al.*, No. C-03-CV-25-000263 (Md. Baltimore Cnty. Cir. Ct.).

Default because Pulley was sick and hospitalized for six of those weeks. *Id.* ¶¶ 3-4. Defendant also asserts four affirmative defenses. Def.'s Proposed Answer at 4, ECF 17-2. Two weeks later, Pulley filed an affidavit, alleging that during the period at issue, he underwent several procedures requiring antibiotics and pain medication, and that his daughter and wife helped him respond to emails while he was unable. ECF 19.

For the reasons that follow, I will deny Defendant's motion.

## II.   Standard of Review

When a defendant returns a waiver of service, it has sixty days following the date of the waiver request to submit an answer. Fed. R. Civ. P. 4(d)(3). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A court, in its discretion, may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). In exercising this discretion, the court must consider whether the default was a result of defendant's culpable conduct, whether defendant has a meritorious defense, the "effectiveness of alternative sanctions," and prejudice to the plaintiff. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citations omitted).

## III.   Discussion

The arguments advanced by Plaintiff are persuasive, and I conclude that no good cause exists to set aside the default because Defendant provides no legitimate excuse for its failure to answer, nor does it assert any meritorious defenses.[4]

---

[4] Because the remaining factors weigh strongly against lifting the default, I need not dwell on potential prejudice to the Plaintiff. But I assume that Plaintiff would not be substantially prejudiced, as being forced to litigate a claim on its merits without more does not suffice to establish prejudice. *Choice Hotels Int'l,*

### A.    Defendant does not establish excusable neglect.

When a default is entered due to a party's culpable or willful conduct, rather than the result of excusable neglect, no good cause exists to set aside the default. *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). I find that Defendant's failure to respond to the Complaint was willful.

#### 1.    *Defendant was represented by counsel.*

Defendant has been represented by Counsel in this suit since at least mid-January, 2025, when Defendant's counsel waived service. ECF 6. Even if Mr. Pulley were extremely ill, counsel could have responded to the Complaint with minimal involvement from him, or at a minimum sought an extension based on incapacity. But at no point was there any response to the Complaint. Strikingly, the first assertion of incapacity was not raised until *after* Default had already been entered. The failure to respond to the Complaint even as Defendant vigorously contested appointment of a receiver can only be viewed as willful.

#### 2.    *Defendant's alleged incapacity is no excuse.*

Plaintiff has convincingly demonstrated that despite Mr. Pulley's contention that he was too ill to file an answer in the sixty days between service of the waiver request and Default, he zealously litigated not only the receivership here but other matters during that same period. For example, in the relevant period, Pulley and his entities made no fewer than twelve separate filings in five different civil and criminal dockets.[5] Pulley also sent Trigild representatives numerous

---

*Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa 2000). Plaintiff does not identify any other potential prejudice, nor is it clear that any would exist based on the record before me.

[5] In one of these filings, Pulley sought permission in a pending criminal matter to travel to the Galapagos Islands and Ecuador in May 2025, further rebutting any inference that Pulley was too sick to assist with filings related to this case. *See USA v. Philip C. Pulley*, No. 24-cr-288, ECF 23 (E.D. Pa.). It would indeed

emails about the property management transition, often several times a day. Even if Pulley was intermittently hospitalized and incapacitated, he has nevertheless remained intimately involved in the day-to-day operation of his property, again undercutting the likelihood that he was too ill to respond to the Complaint in the period at issue. Further, although Pulley represents in his affidavit that he was hospitalized and underwent several surgeries and "bedside procedures" requiring pain medication and antibiotics, he does not at any point allege true incapacity that would have hindered his ability to cooperate with his attorney's preparation of a brief answer or request for an extension.

Despite representations about illness, I am not persuaded that Mr. Pulley was unable to help his attorneys submit a short responsive filing as required under the Federal Rules. This is especially so against the backdrop of his active involvement in both the receivership transition in this case and in his other legal proceedings. Defendant fails to establish good cause to vacate the default.

**B.    Defendant fails to set forth a meritorious defense.**

To establish a meritorious defense, a party must set forth "specific facts beyond simple denials or conclusionary statements." *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Choice Hotels*, 192 F.R.D. at 175; *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995).

Here, Defendant raises four affirmative defenses:

1. Plaintiff breached its obligations as follows:

(a) Failure to approve tenants;
(b) Interference with leasing and construction;
(c) Failure to approve or fund construction work for the property;

be remarkable to be too ill to read and sign a three-page Answer, while simultaneously planning an international vacation.

> (d) Failure to approve sales of property; and,
> (e) Failure to fund draws or fund draws timely.
>
> 2. Plaintiff fails to state a claim for relief.
> 3. Plaintiff's claims are barred by the doctrine of laches and unclean hands.
> 4. Plaintiff has breached the covenant of good faith and fair dealing.

Def.'s Proposed Answer, at 4.

Defendant's second, third, and fourth asserted defenses consist of nothing more than boilerplate language, stated in conclusory terms. To advance a potentially *meritorious* defense, Defendant would need to apply the legal principles asserted to the facts of this case but makes no effort to do so.

Defendant's sole remaining defense, asserted with some degree of detail, was already raised and rejected in my memorandum appointing a receiver. *See ICON PSG 1 FL, LLC*, 2025 WL 589206, at *3-4. Defendant alleges that Plaintiff breached the Loan Agreement for the reasons enumerated above, and thereby hindered Defendant's ability to make payments. But as I previously explained, "[w]ithout any affidavit or sworn declaration in support, these arguments represent nothing more than assertions by counsel which are not entitled to any weight." *Id.* at *3 (citing *Biberman v. Harrah's Trump Plaza*, No. 85-2375, 1986 WL 4985, at *1 (E.D. Pa. Apr. 28, 1986); *Dominic J. v. Wyoming Valley W. High Sch.*, 362 F.Supp.2d 560, 565 (M.D. Pa. 2005); *Kupstas-Badurina v. Tuthill Corp.*, No. 23-994, 2025 WL 417340, at *4 (E.D. Pa. Feb. 6, 2025) (McHugh, J.) (limiting analysis to facts supported by the record)).

If Plaintiff nevertheless *did* behave as Defendant alleges, there are no facts asserted to show that Defendant sent Plaintiff a notice of breach within thirty days of alleged noncompliance, a prerequisite for Defendant to establish breach under the Loan Agreement. *See id.* at *4. Thus, even if there were a factual basis for the purported defense it would fail as a matter of law. Because

Defendant merely attempts to resurrect an argument already rejected, it fails to assert a potentially meritorious defense.

### C.    No alternative relief would be appropriate.

Plaintiff has stated a case compelling enough to warrant the appointment of a receiver. Substantial evidence supports the existence of a breach and risk to the property.  No purpose is served by vacating a default where no meritorious defenses exist, and where no underlying facts are likely to emerge supporting a potential defense.  *See $55,518.05 in U.S. Currency*, 728 F.2d at 195 ("there would be no point in setting aside the default judgment" if the defendant "could not demonstrate the possibility of his winning"); *Cf. Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd.*, 940 F.Supp. 115, 121 (E.D. Pa. 1996) (vacating default, conditional upon the development of facts supporting a meritorious defense within a designated time period).  Setting aside default here would only multiply costly litigation, rendering alternative relief inappropriate.

### IV.    Conclusion

For the reasons set forth above, Defendant's Motion to Set Aside Default and Permit Answer will be denied.  An appropriate order follows.


  /s/ Gerald Austin McHugh  
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ICON PSG 1 FL, LLC** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 25-44** |
| | : | |
| **JENKINS COURT REALTY CO., L.P.** | : | |

**ORDER**

This 2nd day of May, 2025, it is hereby **ORDERED** that the Defendant's Motion to Set Aside Default and Permit Answer, ECF 17, is **DENIED.**

 /s/ Gerald Austin McHugh
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION TO COMPEL COMPLIANCE WITH RECEIVER ORDER

Jenkins Court Realty Co., LP. ("Jenkins") submits the following Response to the Motion to Compel Compliance as follows:

### INTRODUCTION

Jenkins has been out of management since January of 2025 and has not collected rent or had access to rent, Common Area Maintenance ("CAM"), real estate taxes, insurance, utilities (collectively, "Added rent") since November of 2024. The Court can therefore dismiss out of hand all of the 2025 information requests made by the Receiver. Jenkins has provided, as set forth in Exhibits "B", "C" and "D" all of the 2024 information in its possession. The Receiver has access to our safety and testing, vendors, the most recent CAM reconciliation as well as tenants' information. Jenkins is the one without information which is causing prejudice and harm to its refinance efforts. Jenkins provides more specific responses below.

1.    **Financial Reports for 2024 and 2025**. The Lender took over collections and alleged payments in November 2024. Jenkins has not collected rent or paid bills since November 2024. The Receiver is the only party in possession of 2025 financial reports. Despite

1

numerous requests by Jenkins, Plaintiff has refused to supply any information. Whatever was in possession of Jenkins for 2024 has been provided.

2.    **General Ledgers for 2024 and 2025**. Similar to the Response in 1 above, no 2025 information is in the possession of Jenkins.  Jenkins does not know the status of vendor materials or supplier payments other than many have indicated they have not been paid to Jenkins.  The Receiver collected all rents and Added rents.  As to 2024, Jenkins has provided what it can which is not complete.  Lender has been collecting rent since November 2024, and has not provided an accounting.

3.    **Tenant ledgers for 2024 and 2025**.  Lender commenced rent collections in November 2024.  Jenkins has no collection information after that date, only Lender and Receiver would have such information.  Whatever information was available for 2024 has been provided.

4.    **Current rent roll**.  Once again, Jenkins has been out of management since November 2024, so Jenkins has no idea as to the current rent roll.  Upon requests in March of 2025, the 2023 CAM billing was provided within days.  However, Jenkins has no access to current financial information.

5.    **Annual Testing**.  Jenkins use RW Electric for testing who is the same vendor retained by Receiver.  2024 Certification were provided to Receiver.  Jenkins has no information on 2025 testing as that is wholly within duties of the Receiver.

6.    **CAM Reconciliation**.  2023 CAM information was provided on April 16.  No information for 2022 is available.

7.    **Verizon Account Information**.  Jenkins does not have such information as the Verizon lines are the tenants.

8.    **Bank Accounts**.  Again, this information was provided and attached hereto are the 2025 statements (Exhibit "A")

9.    **Access to Building Control and DVR System**.  These systems are not owned by Jenkins.

10.    **Exhibit "B"** is an email chain between Jenkins and Receiver commencing February 24, 2025 responding to Receiver questions.

11.    **Exhibit "C"** is an email chain between Jenkins and Receiver commencing March 10, 2025 responding to Receiver questions (Exhibit "C")

12.    **Exhibit "D"** is an email chain between Jenkins and Receiver commencing April 16, 2025 responding to Receiver questions (Exhibit "D")

13.    **Jenkins has provided all in its possession.**  The Receiver and Lender have had full access to rent and expenses since November 2024.  The Lender and Receiver have provided no accounting. Jenkins objects to requests for 2025 information which is when Receiver took control, and Lender had already seized the rents.

**WHEREFORE**, Jenkins Court Realty Co., LP requests the Motion be Denied.

**CIARDI CIARDI & ASTIN**

Date:  May 7, 2025                    By:    */s/ Albert A. Ciardi, III*
                                              Albert A. Ciardi, III, Esquire
                                              1905 Spruce Street
                                              Philadelphia, PA 19103
                                              Telephone: (215) 557-3550
                                              Facsimile: (215) 557-3551
                                              aciardil@ciardilaw.com

3

# EXHIBIT "A"

Created with a trial version of Syncfusion Essential PDF

# Fulton Bank

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 1 of 5

**Statement Date:** 01/01/25 through 01/31/25

**Primary Account:** XXXX7041

For information regarding your account, please call
Customer Service at 1.800.385.8664.

## Account Statement

JENKINS COURT REALTY CO LP
610 OLD YORK RD STE 375
JENKINTOWN PA 19046

| BUSINESS ANALYZED I | | | Account XXXX7041 |
|---|---|---|---|
| **Prior Statement Balance** | **Total Deposits/Credits** | **Total Checks/Debits** | **Ending Statement Balance** |
| -$3,729.61 | $152,281.39 | $144,685.67 | $3,866.11 |

### Account Activity

| Date | Description | Deposits/Credits | Checks/Debits | Balance |
|---|---|---|---|---|
| 12/31 | ENDING BALANCE FROM PRIOR STATEMENT | | | -3,729.61 |
| 01/02 | WEB TFR FR  XXXX3207 195806008104 195806008104 | 4,000.00 | | 270.39 |
| 01/02 | WEB TFR TO  XXXX3207 102311010047 | | 4,000.00 | -3,729.61 |
| 01/02 | WEB TFR TO  XXXX3207 151922011576 | | 15,000.00 | -18,729.61 |
| 01/02 | Helping Hands Fa Bill.com Helping Hands Family Bill.com | 8,371.86 | | -10,357.75 |
| 01/02 | RGN-Jenkintown I CCD+ JENKINS COURT REALTY C US01_V000001813 | 30,706.64 | | 20,348.89 |
| 01/02 | NSF FEE REFUND | 39.00 | | 20,387.89 |
| 01/02 | NSF FEE REFUND | 39.00 | | 20,426.89 |
| 01/02 | CHECK #1397 | | 31.66 | 20,395.23 |
| 01/02 | CHECK #1398 | | 79.37 | 20,315.86 |
| 01/02 | CHECK #1399 | | 214.97 | 20,100.89 |
| 01/02 | CHECK #1400 | | 1,396.71 | 18,704.18 |
| 01/02 | CHECK #1401 | | 236.27 | 18,467.91 |
| 01/02 | CHECK #1402 | | 134.16 | 18,333.75 |
| 01/02 | OVERDRAFT FEE | | 39.00 | 18,294.75 |
| 01/02 | OVERDRAFT FEE | | 39.00 | 18,255.75 |
| 01/03 | WEB TFR TO  XXXX0875 095348000140 | | 4,500.00 | 13,755.75 |
| 01/03 | CHECK #1403 | | 2,013.80 | 11,741.95 |
| 01/06 | PECO ENERGY COMP BILLPAY JENKINS COURT REALTY C PECO ENERGY COM | | 2,000.00 | 9,741.95 |
| 01/07 | DEPOSIT | 400.00 | | 10,141.95 |

## RECONCILEMENT FORM

Page 2 of 5

### TO RECONCILE YOUR CHECKING ACCOUNT:

1. Enter and subtract any service charges in your checkbook.

2. Enter and add any interest in your checkbook.

3. Compare the checks listed on this statement against your checkbook, and list in the columns those that are still outstanding.

4. Verify deposits entered in your checkbook with those on this statement, and list in the columns those not shown on the statement.

| CHECKS OUTSTANDING | |
|---|---|
| **NUMBER** | **AMOUNT** |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL OUTSTANDING** | |

CARRY OVER

| | |
|---|---|
| **ENTER ENDING BALANCE AS PER BANK STATEMENT** | |
| **ADD ANY DEPOSITS NOT CREDITED** | |
| **SUBTOTAL** | |
| **SUBTRACT CHECKS OUTSTANDING** | |
| **BALANCE SHOULD AGREE WITH YOUR CHECKBOOK** | |



Each depositor insured to at least $250,000
**FDIC**
Federal Deposit Insurance Corporation-www.fdic.gov



EQUAL HOUSING
**LENDER**

---

*The following disclosures apply only if you have a <u>consumer</u> account:*

**IMPORTANT NOTICE FOR CONSUMER ACCOUNTS**

If this is not a correct statement, or if your address has changed, please notify us at once, but in any event no later than thirty (30) days from the date of mailing of this statement.

**PREAUTHORIZED TRANSFERS**

You may contact us at **1-800-385-8664** to determine whether your transfer occurred.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS**

Telephone or write us at the telephone number or address listed on the first page of this statement as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than sixty (60) days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number (if any).
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you have a Line of Credit account shown on this combined statement and you think your Line of Credit statement is wrong, or if you need more information about a transaction, write us, on a separate sheet, at the address listed on the first page of this statement as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST Line of Credit statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.  In your letter, give us the following information:

1. Your name and account number.
2. The dollar amount of the suspected error.
3. Describe the error and explain, if you can, why you believe it is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your statement that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

**IMPORTANT INFORMATION ABOUT YOUR LINE OF CREDIT CHARGES**

If you have a Line of Credit account shown on this combined statement, we compute the interest (finance) charge on your account by applying the periodic rate to the "average daily balance" of your account (including current transactions). To get the "average daily balance," we take the beginning balance of your account each day, add any new advances and subtract any payments, credits, unpaid interest (finance) charges, and unpaid insurance premiums. This gives us the daily balance. Then, we add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "average daily balance," which is shown on this statement as "balance subject to interest rate."

If more than one daily periodic rate is in effect during a billing cycle, we compute the interest (finance) charge by (1) multiplying the average daily balance for the portion of the billing cycle each daily period rate was in effect by the number of days the applicable periodic rate was in effect, (2) multiplying each of the results by the applicable daily periodic rate, and (3) adding these products together.

If an "interest charge adjustment" is shown on this statement, we computed this portion of the interest (finance) charge by multiplying the principal amount to which the adjustment applies by the periodic rate which applied in the billing cycle for which the adjustment was made and by the number of days for which the adjustment was made.

**RECEIPT OF PAYMENT INSTRUCTIONS**

Mailed loan payments must be sent to the bank to the address listed on the first page of this statement and must include the account number or payment coupon. Payments must be received by mail, via transfer from a bank deposit account, or in person to bank personnel at any of our branch locations Monday through Friday (excluding holidays) during our normal business hours up through 5:00 p.m. Eastern Time to be credited as of that date. Payments made after 5:00 p.m., or on Saturdays, Sundays, or holidays may not be credited until the following business day.

Notice of Negative Information: We may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

*The following disclosure applies only if you have a <u>commercial</u> account:*

**REPORTING ERRORS AND DISCREPANCIES FOR COMMERCIAL ACCOUNTS**

Subject to any different rights you have under the Electronic Funds Transfer Act with respect to the time you have to review statements and report unauthorized activity and errors, you have agreed to act with reasonable promptness in examining your account records and to notify us of any errors in writing of discrepancies, unauthorized payments (including payments with forged or missing signatures) or alterations that you discover. **To do so, contact us at 1-800-385-8664.** Whether you have acted with reasonable promptness will depend upon the circumstances. However, you will not be deemed to have acted with reasonable promptness if you notify us in writing more than thirty (30) days from the date the statement reflecting the error, discrepancy, unauthorized payment or alteration is first mailed, delivered or made available to you.

3200557689          532    304    _

**Fulton Bank**

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 3 of 5

Statement Date: **01/01/25 through 01/31/25**

Primary Account:                                    **XXXX7041**

For information regarding your account, please call
Customer Service at 1.800.385.8664.

## Account Statement

### Account Activity

| Date | Description | Deposits/Credits | Checks/Debits | Balance |
|---|---|---|---|---|
| 01/09 | AMER TOWER 1942  EDI PAYMNT<br>JENKINS COURT RE<br>43ROOFTOP_PRIOR | 4,373.02 | | 14,514.97 |
| 01/13 | PECO ENERGY COMP BILLPAY<br>JENKINS COURT REALTY C<br>PECO ENERGY COM | | 2,000.00 | 12,514.97 |
| 01/13 | CHECK #1434 | | 4,000.00 | 8,514.97 |
| 01/13 | CHECK #1435 | | 304.86 | 8,210.11 |
| 01/15 | DEPOSIT | 21,644.30 | | 29,854.41 |
| 01/16 | WEB TFR TO  XXXX3207<br>113219001856 | | 3,350.00 | 26,504.41 |
| 01/16 | PECO ENERGY COMP BILLPAY<br>JENKINS COURT REALTY C<br>PECO ENERGY COM | | 3,838.26 | 22,666.15 |
| 01/17 | CHECK #1438 | | 531.88 | 22,134.27 |
| 01/21 | WEB TFR TO  XXXX3207<br>163323007713 | | 10,000.00 | 12,134.27 |
| 01/22 | WEB TFR TO  XXXX3207<br>202359012309 | | 5,000.00 | 7,134.27 |
| 01/22 | CHECK #1436 | | 4,099.55 | 3,034.72 |
| 01/22 | CHECK #1444 | | 5,833.00 | -2,798.28 |
| 01/22 | NSF FEE | | 39.00 | -2,837.28 |
| 01/23 | WEB TFR FR  XXXX3207<br>112115005636<br>112115005636 | 15,000.00 | | 12,162.72 |
| 01/23 | RETURNED ITEM #1444 | 5,833.00 | | 17,995.72 |
| 01/23 | CHECK #1439 | | 1,253.03 | 16,742.69 |
| 01/23 | CHECK #1444 | | 5,833.00 | 10,909.69 |
| 01/24 | WEB TFR FR  XXXX3207<br>090013018275<br>090013018275 | 5,000.00 | | 15,909.69 |
| 01/24 | WIRE OUT T:0916 FED # 000097<br>Commercial Lenders of America | | 9,850.00 | 6,059.69 |
| 01/24 | GRANITE TELECOMM CASH CONC<br>JENKINS COURT REALTY<br>3646165 | | 176.21 | 5,883.48 |
| 01/24 | GRANITE TELECOMM CASH CONC<br>JENKINS COURT REALTY C<br>3632398 | | 603.37 | 5,280.11 |
| 01/24 | CHECK #1440 | | 1,950.00 | 3,330.11 |
| 01/24 | CHECK #1441 | | 260.00 | 3,070.11 |
| 01/27 | CHECK #1443 | | 618.01 | 2,452.10 |
| 01/27 | CHECK #1447 | | 3,200.00 | -747.90 |
| 01/28 | WEB TFR FR  XXXX7619<br>105900001688<br>105900001688 | 900.00 | | 152.10 |

3200557689    532    304    _

# Fulton Bank

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 4 of 5

**Statement Date:** 01/01/25 through 01/31/25

**Primary Account:** XXXX7041

For information regarding your account, please call
Customer Service at 1.800.385.8664.

## Account Statement

### Account Activity

| Date | Description | Deposits/Credits | Checks/Debits | Balance |
|---|---|---|---|---|
| 01/28 | DEPOSIT | 55,974.57 | | 56,126.67 |
| 01/28 | CHECK #1446 | | 1,745.93 | 54,380.74 |
| 01/28 | OVERDRAFT FEE | | 39.00 | 54,341.74 |
| 01/29 | WEB TFR TO XXXX3207 090518005043 | | 47,000.00 | 7,341.74 |
| 01/29 | CHECK #1448 | | 109.33 | 7,232.41 |
| 01/30 | WEB TFR TO XXXX0875 154831010740 | | 2,000.00 | 5,232.41 |
| 01/31 | FIRST INSURANCE  INSURANCE Jenkins Realty Co., LP 900-102758430 | | 1,366.30 | 3,866.11 |
| 01/31 | ENDING BALANCE | | | 3,866.11 |

### Check Summary

| Check No. | Date | Amount | Check No. | Date | Amount |
|---|---|---|---|---|---|
| 1397 | 01/02 | 31.66 | 1438 * | 01/17 | 531.88 |
| 1398 | 01/02 | 79.37 | 1439 | 01/23 | 1,253.03 |
| 1399 | 01/02 | 214.97 | 1440 | 01/24 | 1,950.00 |
| 1400 | 01/02 | 1,396.71 | 1441 | 01/24 | 260.00 |
| 1401 | 01/02 | 236.27 | 1443 * | 01/27 | 618.01 |
| 1402 | 01/02 | 134.16 | 1444 | 01/23 | 5,833.00 |
| 1403 | 01/03 | 2,013.80 | 1444 R | 01/22 | 5,833.00 |
| 1434 * | 01/13 | 4,000.00 | 1446 * | 01/28 | 1,745.93 |
| 1435 | 01/13 | 304.86 | 1447 | 01/27 | 3,200.00 |
| 1436 | 01/22 | 4,099.55 | 1448 | 01/29 | 109.33 |

| Total Number of Checks | 20 | Total Amount of Checks | $33,845.53 |
|---|---|---|---|

\* Check number out of sequence

### Service Fee Balance Information                          01/01/25 through 01/31/25

| Average Ledger Balance | $12,917.78 | Minimum Ledger Balance | -$2,837.00 |
|---|---|---|---|
| Average Collected Balance | $12,213.13 | | |

### Service Fees

| | Total For This Period | Total Year to Date |
|---|---|---|
| Total Overdraft/OD Fees (Paid Items) | $0.00 | $0.00 |
| Total Non-Sufficient Funds/NSF Fees (Returned Items) | $0.00 | $0.00 |

### Important Information About Your Account

Effective December 1, 2024 the account name will change from Cash Management Analyzed I to Business Analyzed I.

Starting February 1, 2025, fees for certain Commercial and Cash Management services will increase. The

3200557689          532    304    _

## Fulton Bank

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 5 of 5

**Statement Date:** 01/01/25 through 01/31/25

**Primary Account:** XXXX7041

For information regarding your account, please call
Customer Service at 1.800.385.8664.

### Account Statement

amount of the fee increase will depend on your chosen services and transaction volumes. Please review your monthly statement and contact your Fulton Bank Representative at 1-800-FULTON-4 or your Relationship Manager with any questions or to request a copy of our fee schedule. We appreciate the opportunity to support your business needs.

## Zelle® for Small Business. A secure way to get paid fast.

Learn more at fultonbank.com/ZelleSmallBiz

Fulton Bank, N.A. Member FDIC. Zelle® and Zelle® related marks are wholly owned by Early Warning Services, LLC and are used herein under license. Fulton Bank is not affiliated with Early Warning Services

3200557689        532    304    _

# Fulton Bank

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 1 of 5

**Statement Date:** 02/01/25 through 02/28/25

**Primary Account:**                    XXXX7041

For information regarding your account, please call
Customer Service at 1.800.385.8664.

## Account Statement

JENKINS COURT REALTY CO LP
610 OLD YORK RD STE 375
JENKINTOWN PA 19046

Effective May 5th, 2025 the dollar amount of deposited funds available for withdrawal by the next day for certain check deposits will increase. As a result, the changes to certain sections of Fulton Bank's Funds Availability Policy are capitalized for your information.

Today, as reflected in our Funds Availability Policy, we do not make all of the funds that you deposit by check available to you on the next business day after the day of deposit. The first $225 of your deposits by check are available to you on the first business day after the day of your deposit. STARTING MAY 5TH, THE AMOUNT AVAILABLE TO YOU BY THE NEXT BUSINESS DAY IS INCREASING TO $275. If we are not going to make all of the funds from your deposit available on the first business day after your deposit, we will notify you at the time you make your deposit. We will also tell you when the funds will be available. If your deposit is not made directly to one of our employees, or if we decide to take this action after you have left the premises, we will mail you the notice by the day after we receive your deposit. If you will need the funds from a deposit right away, you should ask us when the funds will be available. Funds you deposit by check may be delayed for a longer period when, among other things, you deposit checks totaling more than $5,525 on any one day. EFFECTIVE MAY 5TH, DEPOSITED CHECKS TOTALING MORE THAN $5,525 ON ANY ONE DAY IS INCREASING TO $6,725. No change will be made to the additional circumstances set forth in our Funds Availability Policy under which we may delay deposited funds deposited by check for an extended period. We will notify you if we delay your ability to withdraw funds for any of the reasons set forth in our Funds Availability Policy, and we will tell you when the funds will be available. They will generally be available no later than the seventh business day after the business day of your deposit.

For new customers, our Funds Availability Policy describes the special rules that apply during the first 30 days your account is open. Funds from electronic direct deposits to your account will be available on the day we receive the deposit. Funds from deposits of cash or wire transfers will be available on the first business day after the day of your deposit. EFFECTIVE MAY 5TH, THE AMOUNT OF FUNDS OF A DAY'S TOTAL DEPOSITS OF CASHIER'S, CERTIFIED, TELLER'S, TRAVELER'S, AND FEDERAL, STATE AND LOCAL GOVERNMENT CHECKS THAT WILL BE AVAILABLE ON THE FIRST BUSINESS DAY AFTER THE DAY OF YOUR DEPOSIT IF THE DEPOSIT MEETS CERTAIN CONDITIONS ARE INCREASING FROM THE FIRST $5,525 TO THE FIRST $6,725 OF A DAY'S TOTAL DEPOSIT. The excess over $6,725, will be available on the ninth business day after the business day of your deposit. If your deposit of these checks (other than a U.S. Treasury Check) is not made in person to one of our employees, the first $6,725, will not be available until the second business day after the business day of your deposit. If you have additional questions or would like a copy of the Funds Availability Policy, please contact your local financial center or call 1-800-385-8664.

| BUSINESS ANALYZED I | | | Account XXXX7041 |
|---|---|---|---|
| **Prior Statement Balance** | **Total Deposits/Credits** | **Total Checks/Debits** | **Ending Statement Balance** |
| $3,866.11 | $28,029.10 | $31,359.03 | $536.18 |

DEPSTMT
Deposit Statement
Rev. 09/01/2023

Fulton Bank, N.A. Member FDIC.

Appx701

## RECONCILEMENT FORM

Page 2 of 5

### TO RECONCILE YOUR CHECKING ACCOUNT:

1. Enter and subtract any service charges in your checkbook.

2. Enter and add any interest in your checkbook.

3. Compare the checks listed on this statement against your checkbook, and list in the columns those that are still outstanding.

4. Verify deposits entered in your checkbook with those on this statement, and list in the columns those not shown on the statement.

 

Federal Deposit Insurance Corporation-www.fdic.gov

EQUAL HOUSING LENDER

| CHECKS OUTSTANDING | |
|---|---|
| NUMBER | AMOUNT |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| TOTAL OUTSTANDING | |

CARRY OVER

| | | |
|---|---|---|
| ENTER ENDING BALANCE AS PER BANK STATEMENT | | |
| ADD ANY DEPOSITS NOT CREDITED | | |
| SUBTOTAL | | |
| SUBTRACT CHECKS OUTSTANDING | | |
| BALANCE SHOULD AGREE WITH YOUR CHECKBOOK | | |

*The following disclosures apply only if you have a <u>consumer</u> account:*

**IMPORTANT NOTICE FOR CONSUMER ACCOUNTS**

If this is not a correct statement, or if your address has changed, please notify us at once, but in any event no later than thirty (30) days from the date of mailing of this statement.

**PREAUTHORIZED TRANSFERS**

You may contact us at **1-800-385-8664** to determine whether your transfer occurred.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS**

Telephone or write us at the telephone number or address listed on the first page of this statement as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than sixty (60) days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number (if any).
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you have a Line of Credit account shown on this combined statement and you think your Line of Credit statement is wrong, or if you need more information about a transaction, write us, on a separate sheet, at the address listed on the first page of this statement as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST Line of Credit statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

1. Your name and account number.
2. The dollar amount of the suspected error.
3. Describe the error and explain, if you can, why you believe it is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your statement that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

**IMPORTANT INFORMATION ABOUT YOUR LINE OF CREDIT CHARGES**

If you have a Line of Credit account shown on this combined statement, we compute the interest (finance) charge on your account by applying the periodic rate to the "average daily balance" of your account (including current transactions). To get the "average daily balance," we take the beginning balance of your account each day, add any new advances and subtract any payments, credits, unpaid interest (finance) charges, and unpaid insurance premiums. This gives us the daily balance. Then, we add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "average daily balance," which is shown on this statement as "balance subject to interest rate."

If more than one daily periodic rate is in effect during a billing cycle, we compute the interest (finance) charge by (1) multiplying the average daily balance for the portion of the billing cycle each daily period rate was in effect by the number of days the applicable periodic rate was in effect, (2) multiplying each of the results by the applicable daily periodic rate, and (3) adding these products together.

If an "interest charge adjustment" is shown on this statement, we computed this portion of the interest (finance) charge by multiplying the principal amount to which the adjustment applies by the periodic rate which applied in the billing cycle for which the adjustment was made and by the number of days for which the adjustment was made.

**RECEIPT OF PAYMENT INSTRUCTIONS**

Mailed loan payments must be sent to the bank to the address listed on the first page of this statement and must include the account number or payment coupon. Payments must be received by mail, via transfer from a bank deposit account, or in person to bank personnel at any of our branch locations Monday through Friday (excluding holidays) during our normal business hours up through 5:00 p.m. Eastern Time to be credited as of that date. Payments made after 5:00 p.m., or on Saturdays, Sundays, or holidays may not be credited until the following business day.

Notice of Negative Information: We may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

*The following disclosure applies only if you have a <u>commercial</u> account:*

**REPORTING ERRORS AND DISCREPANCIES FOR COMMERCIAL ACCOUNTS**

Subject to any different rights you have under the Electronic Funds Transfer Act with respect to the time you have to review statements and report unauthorized activity and errors, you have agreed to act with reasonable promptness in examining your account records and to notify us of any errors in writing of discrepancies, unauthorized payments (including payments with forged or missing signatures) or alterations that you discover. **To do so, contact us at 1-800-385-8664.** Whether you have acted with reasonable promptness will depend upon the circumstances. However, you will not be deemed to have acted with reasonable promptness if you notify us in writing more than thirty (30) days from the date the statement reflecting the error, discrepancy, unauthorized payment or alteration is first mailed, delivered or made available to you.

Appx702

3200557689      532    304    _

**Fulton Bank**

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

**Page 3 of 5**

Statement Date: 02/01/25 through 02/28/25

Primary Account:                    XXXX7041

For information regarding your account, please call
Customer Service at 1.800.385.8664.

## Account Statement

### Account Activity

| Date | Description | Deposits/Credits | Checks/Debits | Balance |
|------|-------------|------------------|---------------|---------|
| 01/31 | ENDING BALANCE FROM PRIOR STATEMENT | | | 3,866.11 |
| 02/03 | DEPOSIT | 2,125.58 | | 5,991.69 |
| 02/03 | CHECK #1442 | | 4,099.55 | 1,892.14 |
| 02/03 | CHECK #1450 | | 2,851.20 | -959.06 |
| 02/04 | WEB TFR FR  XXXX7619 093457008624 093457008624 | 1,500.00 | | 540.94 |
| 02/04 | DEPOSIT | 400.00 | | 940.94 |
| 02/04 | OVERDRAFT FEE | | 39.00 | 901.94 |
| 02/06 | CHECK #1445 | | 1,302.93 | -400.99 |
| 02/07 | WEB TFR FR  XXXX3207 090534021507 090534021507 | 1,000.00 | | 599.01 |
| 02/07 | WEB TFR FR  XXXX3207 160018016246 160018016246 | 1,000.00 | | 1,599.01 |
| 02/07 | CHECK #1457 | | 435.61 | 1,163.40 |
| 02/07 | OVERDRAFT FEE | | 39.00 | 1,124.40 |
| 02/10 | AMER TOWER 1942  EDI PAYMNT JENKINS COURT RE 43ROOFTOP_PRIOR | 4,373.02 | | 5,497.42 |
| 02/10 | GRANITE TELECOMM CASH CONC JENKINS COURT REALTY 03646165 | | 176.21 | 5,321.21 |
| 02/10 | GRANITE TELECOMM CASH CONC JENKINS COURT REALTY C 03632398 | | 649.23 | 4,671.98 |
| 02/10 | PECO ENERGY COMP BILLPAY JENKINS COURT REALTY C PECO ENERGY COM | | 2,000.00 | 2,671.98 |
| 02/10 | CHECK #1455 | | 2,475.00 | 196.98 |
| 02/10 | CHECK #1456 | | 4,800.00 | -4,603.02 |
| 02/11 | WEB TFR FR  XXXX3207 090451007041 090451007041 | 2,500.00 | | -2,103.02 |
| 02/11 | WEB TFR FR  XXXX3207 090602007059 090602007059 | 3,500.00 | | 1,396.98 |
| 02/11 | AQUA        AQUA SERVI JENKINS COURT REALTY C 002326652027724 | | 391.01 | 1,005.97 |
| 02/11 | CHECK #1454 | | 300.00 | 705.97 |
| 02/11 | OVERDRAFT FEE | | 39.00 | 666.97 |
| 02/18 | CHECK #1453 | | 1,942.20 | -1,275.23 |
| 02/18 | CHECK #1458 | | 163.00 | -1,438.23 |
| 02/19 | WEB TFR FR  XXXX3207 | 2,000.00 | | 561.77 |

3200557689          532    304    _

## Fulton Bank

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 4 of 5

Statement Date:  02/01/25 through 02/28/25

Primary Account:                    XXXX7041

For information regarding your account, please call
Customer Service at 1.800.385.8664.

## Account Statement

### Account Activity

| Date | Description | Deposits/Credits | Checks/Debits | Balance |
|---|---|---|---|---|
| | 095935010736 | | | |
| | 095935010736 | | | |
| 02/19 | OVERDRAFT FEE | | 39.00 | 522.77 |
| 02/19 | OVERDRAFT FEE | | 39.00 | 483.77 |
| 02/21 | CHECK #1452 | | 1,904.92 | -1,421.15 |
| 02/21 | NSF FEE | | 39.00 | -1,460.15 |
| 02/24 | RETURNED ITEM #1452 | 1,904.92 | | 444.77 |
| 02/24 | CHECK #1459 | | 5,600.00 | -5,155.23 |
| 02/24 | NSF FEE | | 39.00 | -5,194.23 |
| 02/25 | RETURNED ITEM #1459 | 5,600.00 | | 405.77 |
| 02/26 | DEPOSIT | 2,125.58 | | 2,531.35 |
| 02/26 | CHECK #1452 | | 1,904.92 | 626.43 |
| 02/27 | CHECK #1451 | | 90.25 | 536.18 |
| 02/28 | ENDING BALANCE | | | 536.18 |

### Check Summary

| Check No. | Date | Amount | Check No. | Date | Amount |
|---|---|---|---|---|---|
| 1442 | 02/03 | 4,099.55 | 1454 | 02/11 | 300.00 |
| 1445 * | 02/06 | 1,302.93 | 1455 | 02/10 | 2,475.00 |
| 1450 * | 02/03 | 2,851.20 | 1456 | 02/10 | 4,800.00 |
| 1451 | 02/27 | 90.25 | 1457 | 02/07 | 435.61 |
| 1452 | 02/26 | 1,904.92 | 1458 | 02/18 | 163.00 |
| 1452 R | 02/21 | 1,904.92 | 1459 R | 02/24 | 5,600.00 |
| 1453 | 02/18 | 1,942.20 | | | |

| Total Number of Checks | 13 | Total Amount of Checks | $27,869.58 |
|---|---|---|---|

\* Check number out of sequence

### Service Fee Balance Information                                    02/01/25 through 02/28/25

| | | | |
|---|---|---|---|
| Average Ledger Balance | $528.35 | Minimum Ledger Balance | -$5,194.00 |
| Average Collected Balance | $372.95 | | |

### Service Fees

| | Total For This Period | Total Year to Date |
|---|---|---|
| Total Overdraft/OD Fees (Paid Items) | $0.00 | $0.00 |
| Total Non-Sufficient Funds/NSF Fees (Returned Items) | $0.00 | $0.00 |

### Overdraft Elect™

Current Overdraft Elect™ Limit     $2,250.00     (Current limit applies through the next statement cycle.)

DEPSTMT
Deposit Statement
Rev. 09/01/2023

Fulton Bank, N.A., Member FDIC.
AppX704

3200557689          532    304    _

**Fulton Bank**

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 5 of 5

**Statement Date:** 02/01/25 through 02/28/25

**Primary Account:**                    XXXX7041

For information regarding your account, please call
Customer Service at 1.800.385.8664.

## Account Statement

*Overdrafts may be created by check, ATM or everyday debit card, in-person withdrawal, ACH, transfer, fees, or other electronic means. Fulton Bank's current Non-Sufficient Funds (NSF) fee or Overdraft (OD) fee is charged to your account for each NSF/OD transaction, whether returned or paid. For each consecutive business day (following three consecutive business days) that you have a negative balance, we will charge you an extended overdraft fee. Additional information on the program is available on the bank's website and financial center locations and the fees are listed on the Small Business/Non-Profit Service Fee Disclosure or the Commercial Service Fee Disclosure.

## Zelle® for Small Business. A secure way to get paid fast.

### Learn more at fultonbank.com/ZelleSmallBiz

Fulton Bank, N.A. Member FDIC. Zelle® and Zelle® related marks are wholly owned by Early Warning Services, LLC and are used herein under license. Fulton Bank is not affiliated with Early Warning Services

3200557689          532     304

**Fulton Bank**

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 1 of 3

Statement Date: 03/01/25 through 03/31/25

Primary Account:                    XXXX7041

For information regarding your account,
please call Customer Service at 800.385.8664.

## Account Statement

JENKINS COURT REALTY CO LP
610 OLD YORK RD STE 375
JENKINTOWN PA 19046

Effective May 5th, 2025 the dollar amount of deposited funds available for withdrawal by the next day for certain check deposits will increase. As a result, the changes to certain sections of Fulton Bank's Funds Availability Policy are capitalized for your information.

Today, as reflected in our Funds Availability Policy, we do not make all of the funds that you deposit by check available to you on the next business day after the day of deposit. The first $225 of your deposits by check are available to you on the first business day after the day of your deposit. STARTING MAY 5TH, THE AMOUNT AVAILABLE TO YOU BY THE NEXT BUSINESS DAY IS INCREASING TO $275. If we are not going to make all of the funds from your deposit available on the first business day after your deposit, we will notify you at the time you make your deposit. We will also tell you when the funds will be available. If your deposit is not made directly to one of our employees, or if we decide to take this action after you have left the premises, we will mail you the notice by the day after we receive your deposit. If you will need the funds from a deposit right away, you should ask us when the funds will be available. Funds you deposit by check may be delayed for a longer period when, among other things, you deposit checks totaling more than $5,525 on any one day. EFFECTIVE MAY 5TH, DEPOSITED CHECKS TOTALING MORE THAN $5,525 ON ANY ONE DAY IS INCREASING TO $6,725. No change will be made to the additional circumstances set forth in our Funds Availability Policy under which we may delay deposited funds deposited by check for an extended period. We will notify you if we delay your ability to withdraw funds for any of the reasons set forth in our Funds Availability Policy, and we will tell you when the funds will be available. They will generally be available no later than the seventh business day after the business day of your deposit.

For new customers, our Funds Availability Policy describes the special rules that apply during the first 30 days your account is open. Funds from electronic direct deposits to your account will be available on the day we receive the deposit. Funds from deposits of cash or wire transfers will be available on the first business day after the day of your deposit. EFFECTIVE MAY 5TH, THE AMOUNT OF FUNDS OF A DAY'S TOTAL DEPOSITS OF CASHIER'S, CERTIFIED, TELLER'S, TRAVELER'S, AND FEDERAL, STATE AND LOCAL GOVERNMENT CHECKS THAT WILL BE AVAILABLE ON THE FIRST BUSINESS DAY AFTER THE DAY OF YOUR DEPOSIT IF THE DEPOSIT MEETS CERTAIN CONDITIONS ARE INCREASING FROM THE FIRST $5,525 TO THE FIRST $6,725 OF A DAY'S TOTAL DEPOSIT. The excess over $6,725, will be available on the ninth business day after the business day of your deposit. If your deposit of these checks (other than a U.S. Treasury Check) is not made in person to one of our employees, the first $6,725, will not be available until the second business day after the business day of your deposit. If you have additional questions or would like a copy of the Funds Availability Policy, please contact your local financial center or call 1-800-385-8664.

| BUSINESS ANALYZED I | | | Account XXXX7041 |
|---|---|---|---|
| **Prior Statement Balance** | **Total Deposits/Credits** | **Total Checks/Debits** | **Ending Statement Balance** |
| $536.18 | $400.00 | $900.00 | $36.18 |

DEPSTMT
Deposit Statement
Rev. 09/01/2023

Fulton Bank, N.A. Member FDIC.

Appx706

## RECONCILEMENT FORM

Page 2 of 3

**TO RECONCILE YOUR CHECKING ACCOUNT:**

1. Enter and subtract any service charges in your checkbook.

2. Enter and add any interest in your checkbook.

3. Compare the checks listed on this statement against your checkbook, and list in the columns those that are still outstanding.

4. Verify deposits entered in your checkbook with those on this statement, and list in the columns those not shown on the statement.





| CHECKS OUTSTANDING | |  |
|---|---|---|
| **NUMBER** | **AMOUNT** | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| **TOTAL OUTSTANDING** | | |

CARRY OVER →

| | | |
|---|---|---|
| ENTER ENDING BALANCE AS PER BANK STATEMENT | | |
| ADD ANY DEPOSITS NOT CREDITED | | |
| SUBTOTAL | | |
| SUBTRACT CHECKS OUTSTANDING | | |
| BALANCE SHOULD AGREE WITH YOUR CHECKBOOK | | |

*The following disclosures apply only if you have a* ***consumer*** *account:*

**IMPORTANT NOTICE FOR CONSUMER ACCOUNTS**

If this is not a correct statement, or if your address has changed, please notify us at once, but in any event no later than thirty (30) days from the date of mailing of this statement.

**PREAUTHORIZED TRANSFERS**

You may contact us at **1-800-385-8664** to determine whether your transfer occurred.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS**

Telephone or write us at the telephone number or address listed on the first page of this statement as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than sixty (60) days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number (if any).
2. Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR LINE OF CREDIT ACCOUNT STATEMENT**

If you have a Line of Credit account shown on this combined statement and you think your Line of Credit statement is wrong, or if you need more information about a transaction, write us, on a separate sheet, at the address listed on the first page of this statement as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST Line of Credit statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

1. Your name and account number.
2. The dollar amount of the suspected error.
3. Describe the error and explain, if you can, why you believe it is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your statement that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

**IMPORTANT INFORMATION ABOUT YOUR LINE OF CREDIT CHARGES**

If you have a Line of Credit account shown on this combined statement, we compute the interest (finance) charge on your account by applying the periodic rate to the "average daily balance" of your account (including current transactions). To get the "average daily balance," we take the beginning balance of your account each day, add any new advances and subtract any payments, credits, unpaid interest (finance) charges, and unpaid insurance premiums. This gives us the daily balance. Then, we add up all the daily balances for the billing cycle and divide the total by the number of days in the billing cycle. This gives us the "average daily balance," which is shown on this statement as "balance subject to interest rate."

If more than one daily periodic rate is in effect during a billing cycle, we compute the interest (finance) charge by (1) multiplying the average daily balance for the portion of the billing cycle each daily period rate was in effect by the number of days the applicable periodic rate was in effect, (2) multiplying each of the results by the applicable daily periodic rate, and (3) adding these products together.

If an "interest charge adjustment" is shown on this statement, we computed this portion of the interest (finance) charge by multiplying the principal amount to which the adjustment applies by the periodic rate which applied in the billing cycle for which the adjustment was made and by the number of days for which the adjustment was made.

**RECEIPT OF PAYMENT INSTRUCTIONS**

Mailed loan payments must be sent to the bank to the address listed on the first page of this statement and must include the account number or payment coupon. Payments must be received by mail, via transfer from a bank deposit account, or in person to bank personnel at any of our branch locations Monday through Friday (excluding holidays) during our normal business hours up through 5:00 p.m. Eastern Time to be credited as of that date. Payments made after 5:00 p.m., or on Saturdays, Sundays, or holidays may not be credited until the following business day.

Notice of Negative Information: We may report information about your account to the credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

*The following disclosure applies only if you have a* ***commercial*** *account:*

**REPORTING ERRORS AND DISCREPANCIES FOR COMMERCIAL ACCOUNTS**

Subject to any different rights you have under the Electronic Funds Transfer Act with respect to the time you have to review statements and report unauthorized activity and errors, you have agreed to act with reasonable promptness in examining your account records and to notify us of any errors in writing of discrepancies, unauthorized payments (including payments with forged or missing signatures) or alterations that you discover. **To do so, contact us at 1-800-385-8664.** Whether you have acted with reasonable promptness will depend upon the circumstances. However, you will not be deemed to have acted with reasonable promptness if you notify us in writing more than thirty (30) days from the date the statement reflecting the error, discrepancy, unauthorized payment or alteration is first mailed, delivered or made available to you.

Appx707

3200557689        532    304    _

## Fulton Bank

P.O. Box 4887
Lancaster, PA 17604

fultonbank.com

Page 3 of 3

**Statement Date:** 03/01/25 through 03/31/25

**Primary Account:**                    XXXX7041

For information regarding your account,
please call Customer Service at 800.385.8664.

### Account Statement

### Account Activity

| Date | Description | Deposits/Credits | Checks/Debits | Balance |
|------|-------------|------------------|---------------|---------|
| 02/28 | ENDING BALANCE FROM PRIOR STATEMENT | | | 536.18 |
| 03/05 | DEPOSIT | 400.00 | | 936.18 |
| 03/06 | WEB TFR TO  XXXX3207 090841001132 | | 700.00 | 236.18 |
| 03/26 | WEB TFR TO  XXXX3207 092127001060 | | 100.00 | 136.18 |
| 03/27 | WEB TFR TO  XXXX0875 092405005416 | | 100.00 | 36.18 |
| 03/31 | ENDING BALANCE | | | 36.18 |

### Service Fee Balance Information                    03/01/25 through 03/31/25

| | | | |
|---|---|---|---|
| Average Ledger Balance | $261.98 | Minimum Ledger Balance | $36.00 |
| Average Collected Balance | $252.30 | | |

### Service Fees

| | Total For This Period | Total Year to Date |
|---|---|---|
| Total Overdraft/OD Fees (Paid Items) | $0.00 | $0.00 |
| Total Non-Sufficient Funds/NSF Fees (Returned Items) | $0.00 | $0.00 |

### Overdraft Elect™

**Current Overdraft Elect™ Limit**        $1,200.00        (Current limit applies through the next statement cycle.)

*Overdrafts may be created by check, ATM or everyday debit card, in-person withdrawal, ACH, transfer, fees, or other electronic means. Fulton Bank's current Non-Sufficient Funds (NSF) fee or Overdraft (OD) fee is charged to your account for each NSF/OD transaction, whether returned or paid. For each consecutive business day (following three consecutive business days) that you have a negative balance, we will charge you an extended overdraft fee. Additional information on the program is available on the bank's website and financial center locations and the fees are listed on the Small Business/Non-Profit Service Fee Disclosure or the Commercial Service Fee Disclosure.

Zelle® for Small Business. A secure way to get paid fast.

Learn more at fultonbank.com/ZelleSmallBiz

Fulton Bank, N.A. Member FDIC. Zelle® and Zelle® related marks are wholly owned by Early Warning Services, LLC and are used herein under license. Fulton Bank is not affiliated with Early Warning Services

# EXHIBIT "B"

## Phil Pulley

| | |
|---|---|
| **From:** | Phil Pulley |
| **Sent:** | Wednesday, March 5, 2025 10:35 AM |
| **To:** | Chris Neilson; Ava Stapp; myanoff@goldsteinlp.com; Devra Schorr |
| **Cc:** | David Wallace; Jonathan Lakner; Bill Rudow; Gleb Epelbaum; hpiel@piellawfirm.com |
| **Subject:** | RE: Jenkins [610 Old York] Receiver Demand |
| **Attachments:** | Jenkins Rent Demand SBG Management Letter 12-20-24.pdf; Jenkins Receiver Letter received 3-4-25.pdf |

Thank you for your email

I take exception to your representation

Please see the attached that may help you

We continue to service the property in your absences

Please let me know when Kenn Penn will be on site

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 9:53 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Mr. Pulley –

We still have not received from you the information required by the order. Please advise when we can expect it.

1

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 3, 2025 8:42 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:** This message is from an EXTERNAL SENDER**.

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:34 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil,

Pursuant to the order, Defendant and its agents are to turnover all records relating to the

Operation None exist

, maintenance, We have provided Including invoices on 2-28-2025

and management of the property We have provided...also see lender

to the Receiver. Please arrange for the requested documents to be provided immediately.

**Ava Stapp**
Manager of Receivership Services • Marketing

2

(o) 858.242.1223 | (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 3, 2025 8:14 AM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 3, 2025 9:00 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thanks, Phil. A few follow up questions below:

- Please provide details and applicable documents on the deferred maintenance issues you listed
  - HVAC 4th floor Regus, Event space FCCC and Jersey college.....all filters should be changed because of possible environmental contamination from SPS fire
  - Roofs all roofs need springtime maintenance
  - Electrical various FCCC they overload circuits with heaters under desks
  - Generator need to complete installation
  - Elevators 1 and 2 need to modernize
  - Sprinkler always issues system is 75 years old leak here leak there
  - Parking Garage needs to have work completed. See lender for scope
  - Plumbing On going as I stated Outback grease problem, 2nd floor they clog women's room every 2-3 hours, FCCC always clogging. Jersey clogs first floor toilets women's
  - Façade needs to be tested from Fire, also typical inspection after winter spalling and caulking
- Please provide leasing agent contact information Karl 2674759576

3

- For all items you have marked as "see lender" please provide the most recent files that you have (as of the date that lender began redirecting rents). We understand that it may not be current. We are reluctant to supply incomplete information that could be misinterpreted. Please see lender.

**Ava Stapp**
Manager of Receivership Services • Marketing

(o) 858.242.1223 | (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Sunday, March 2, 2025 9:23 PM
**To:** Ava Stapp <astapp@trigild.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION: **This message is from an EXTERNAL SENDER**

See the attached responses to your request

As there is a duplication will only respond to the Document Transfer request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Thursday, February 27, 2025 11:56 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Chris Neilson <Chris.Neilson@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

4

# TRIGILD IVL

## RECEIVER TRANSITION
### DOCUMENT TRANSFER

### ACCOUNTING

- Current Detailed Rent Roll DNE as lender is collecting funds
- Copies of recent monthly rent bills; plus 6 month history DNE as lender is collecting funds
- List of tenant security deposits and/or letters of credit, amendments and transfer forms None
- Current AR report DNE as lender is collecting funds and they will not provide
- Copies of all executed payment plan agreements, if applicable DNE as lender is collecting funds
- Schedule of all litigation pending, in progress or threatened including tenant collection matters DNE as lender is collecting funds...Superior Scaffold
- Current bank statement(s); plus 12 month history NA
- Detailed historical tenant ledger DNE as lender is collecting funds
- Y-T-D (and prior year) general ledger reports DNE as lender is collecting funds
- Open invoice report and copies of all unpaid invoices we have begun to provide as of 2-28-2025
- Current utility bills; plus 12 month history we have begun to provide as of 2-28-2025
- Copies of tenant utility or special billing workpapers NOne
- Copies of current and prior year real estate tax bills see lender
- Prior year's operating expense and real estate tax reconciliations see lender and See lender
- Base amounts for real estate taxes/operating expenses or other base amounts for tenant s escalation billing purposes plus work papers for base year detail, if applicable. See lender
- Prior year annual operating statements (Actuals/Budget/Variance) see lender
- Current year (and prior year) operating expense invoice copies to support reconciliations NA as lender is collecting rents
- Y-T-D (and prior year) monthly operating statements see lender
- Current (and prior year) operating and capital budgets see lender and requestions for payment
- Details of all pending real estate tax appeals none
- Copies of last 4 monthly reports what reports

### OPERATIONS

- Current insurance policy and insurance broker contact information Not sure lender took over
- Certificate of Insurance and Evidence of Property Insurance Not sure lender took over
- Key lockbox code/access cards with current list we will provide keys on Tuesday
- Tenant daily/emergency/AP contacts (including emails) NOne
- Tenant leases, amendments, modifications (lease abstracts, if available) we will supply over the next week
- Tenant certificates of insurance None
- DUNS Number and log-in information for government tenants (if applicable) ???????
- List of utility meter/account numbers, deposits, locations we provided the bills on 2-28-2025 to you and se Lender
- Information regarding all submeters, if any, and related vendors??????
- List of all phone accounts none
- Vendor contact information we supplied on 2-28-2025
- Vendor W-9's NA
- Vendor service contacts all MTM
- Vendor certificates of insurance None

# TRIGILD IVL

- On-site Maintenance Technician information (if applicable) we have provide prior to 2-28-2025
- Copies of all open violations and related files none....what files
- Copies of all documents related to environmental matters see Lender
- Copies of all association documents (if applicable) None
- List of known deferred maintenance issues HVAC, Roofs, Electrical, Generator, elevators, Sprinkler, Parking garage, Plumbing, facade
- Inspection certificates (building, elevators, fire systems, etc.) and licenses none or on site
- Maintenance/service records and warranties – including roof warranty None
- All State/Federal environmental notices and NFA letters none
- Equipment inventory including model and serial numbers what equipment???
- Personal property inventory including all office equipment Jenkins does not maintain office at the site
- As-built survey, plats, easements, condo documents if applicable see lender
- Building plans and specifications none
- Space plans/AutoCAD files None
- Marketing materials will have to get from Leasing agent

We need all items listed on the two attachments, also sent to you earlier this week.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223 | (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:32 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION: ** This message is from an EXTERNAL SENDER **.

Can you please send letter in word format and I will respond to each request

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:30 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Thank you

5

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Thursday, February 27, 2025 9:28 AM
**To:** Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Never received this latter last week

I will review this am

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Thursday, February 27, 2025 10:25 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Attached is our demand letter which you received last week.  Please provide the information requested as required by the order – the Dropbox link is in the attached email.

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

6

From: Phil Pulley <ppulley@sbgmanagement.com>
Sent: Thursday, February 27, 2025 9:21 AM
To: Chris Neilson <Chris.Neilson@trigild.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
Cc: David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
Subject: Jenkins [610 Old York] Receiver Demand

CAUTION:** This message is from an EXTERNAL SENDER**.

See below and attached

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com


From: Chris Neilson <Chris.Neilson@trigild.com>
Sent: Thursday, February 27, 2025 9:57 AM
To: Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
Cc: David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
Subject: RE: Jenkins [610 Old York] Receiver Demand

Several questions:

- Do you have info on a Republic bank account related to the property ending in 7041? NO.... Republic is gone see the Fulton statement for 7041 attached.
- Have you receive any tenant rents that were not deposited into the lender controlled account? NO please check with lender and their counsel
- To confirm, you are providing us with the below information, right? No.... this is the information that I need by Monday to provide to our new lender

  No documents have been uploaded to the Dropbox. Correct you asked for 2 things, and we directed you to the Lender for response as we don't have access to that information

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

7

Appx718

# Transaction Details List View | Last 7 Days

**SBG MANAGEMENT SERVICES INC -** ▮▮▮▮▮

**Fulton Bank**

| | | | | |
|---|---|---|---|---|
| Account Number | ▮▮7041 | Balances as of | 02/27/2025 10:06:46 | |
| Account Name | Jenkins Court Realty Corp | Transactions As Of | 02/27/2025 10:05:41 | |
| Currency | USD | | | |

## TODAY'S BALANCES

| | | | | | |
|---|---|---|---|---|---|
| Opening Ledger | 626.43 | Opening Available | -1,399.15 | Current Ledger | 626.43 |
| Current Available | 626.43 | One Day Float | 0.00 | 2 or More Days Float | 0.00 |
| Relationship Balance | 626.43 | | | | |

## TRANSACTION DETAILS

| Post Date | Transaction Description | Status | Amount | Bank Reference | Customer Reference | Type | Transaction Detail | Balance |
|---|---|---|---|---|---|---|---|---|
| 02/26/2025 | CHECK PAID | Cleared | -1,904.92 | 000000525227016 | 1452 | CHECKS PAID | | 626.43 |
| 02/26/2025 | OTHER DEPOSITS | Cleared | 2,125.58 | 000002993020408 | | OTHER DEPOSITS | | 2,531.35 |
| 02/25/2025 | CHECK POSTED AND RETURNED | Cleared | 5,600.00 | 014 | 1459 | SECURITY | | 405.77 |
| 02/24/2025 | OVERDRAFT FEE | Cleared | -39.00 | 000000525941363 | 1459 | DEPOSITED ITEMS RETURNED | NSF FEE 000000000001459Insufficient funds/ | -5,194.23 |
| 02/24/2025 | CHECK PAID | Cleared | -5,600.00 | 000000525941363 | 1459 | CHECKS PAID | | -5,155.23 |
| 02/24/2025 | CHECK POSTED AND RETURNED | Cleared | 1,904.92 | 014 | 1452 | SECURITY | | 444.77 |
| 02/21/2025 | OVERDRAFT FEE | Cleared | -39.00 | 000000525869168 | 1452 | DEPOSITED ITEMS RETURNED | NSF FEE 000000000001452Insufficient funds/ | -1,460.15 |
| 02/21/2025 | CHECK PAID | Cleared | -1,904.92 | 000000525869168 | 1452 | CHECKS PAID | | -1,421.15 |

SBG MANAGEMENT SERVICES INC Confidential

Report Generated: 02/27/2025 10:07:14 AM

Appx719

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION: ** This message is from an EXTERNAL SENDER **.

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

8

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223 | (c) 469.615.9688
8811 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION: **This message is from an EXTERNAL SENDER**

Please confirm that you are agreeing to pay the property expenses when submitted.....otherwise we will discharge personal.....

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental...fire assessment
Coordinate vendors

9

Also See below

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 11:46 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil –

We will review all expenses and submit payment in accordance with the order.

What is the status of the below requests?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  |  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Tuesday, February 25, 2025 10:18 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** Jenkins [610 Old York] Receiver Demand

CAUTION: **This message is from an EXTERNAL SENDER**.

Please see the enclosed rate schedule from SBG re personal

SBG will be submitting a bill to the receiver for services in connection with the operation and maintenance of the property effective 2-21

Please advised if you wish personal to remain in place and confirmation of your financial obligations.

10

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com


From: Ava Stapp <astapp@trigild.com>
Sent: Monday, February 24, 2025 5:19 PM
To: myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
Cc: Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
Subject: [610 Old York] Receiver Demand
Importance: High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbca bu77m0n&st=tibwxxw1&dl=0

**In addition to the information requested in the attached, please forward the below items as soon as possible:**
-   Screenshots of the current bank account balance(s) and MTD activity Zero..... please see your client for collections to date
-   Current insurance certificates and broker contact information....Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

**Ava Stapp**

11

Manager of Receivership Services + Marketing

(o) 858.242.1223 | (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

triglid.com | triglidconference.com

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

12

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

13

# EXHIBIT "C"

**Phil Pulley**

| | |
|---|---|
| **From:** | Ava Stapp <astapp@trigild.com> |
| **Sent:** | Monday, March 10, 2025 4:28 PM |
| **To:** | Devra Schorr; Phil Pulley; Michael Yanoff |
| **Cc:** | Chris.Neilson; david.wallace; Jonathan Lakner; Bill Rudow; Gleb Epelbaum; hpiel@piellawfirm.com; Aciardi |
| **Subject:** | RE: Jenkins [610 Old York] Receiver Demand |

Thank you!

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  |  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Devra Schorr <dschorr@sbgmanagement.com>
**Sent:** Monday, March 10, 2025 3:25 PM
**To:** Ava Stapp <astapp@trigild.com>; Phil Pulley <ppulley@sbgmanagement.com>; Michael Yanoff <myanoff@goldsteinlp.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; gepelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com; Aciardi <Aciardi@ciardilaw.com>
**Subject:** Re: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**

https://teams.microsoft.com/v2/?tenantId=d9a895c4-d731-4658-8b7c-775f12b0463a

Devra Schorr

SBG Management Services

215.938.6665 ext. 2000

215.935.6987 fax

1

Confidentiality Notice: This email is intended only for the use of the Individual or Entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute; notify the sender by email at the address shown above, then delete the original message with any attachments. Thank you for your compliance.

---

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, March 10, 2025 4:09 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris.Neilson <Chris.Neilson@trigild.com>; david.wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; wrudow <wrudow@piellawfirm.com>; gepelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com <hpiel@piellawfirm.com>; Aciardi <Aciardi@ciardilaw.com>
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Phil,

There is no information uploaded on my side. Can you point me in the right direction?

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  |  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Monday, March 10, 2025 3:00 PM
**To:** Ava Stapp <astapp@trigild.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; wrudow <wrudow@piellawfirm.com>; gepelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com; Aciardi <Aciardi@ciardilaw.com>
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION: **This message is from an EXTERNAL SENDER**.

We have uploaded into teams a voluminous amount of information that has been shared with the lender

Phil

Philip C. Pulley

2

SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Phil Pulley
**Sent:** Friday, March 7, 2025 1:11 PM
**To:** Ava Stapp <astapp@trigild.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

See below

Keep in mind you terminated the management company

My responses are as a courtesy

I am still awaiting vast amount of information from you and lender

Why can't you even tell us the rents that have been collected beginning March 1

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Friday, March 7, 2025 12:53 PM
**To:** Michael Yanoff <myanoff@goldsteinlp.com>; Phil Pulley <ppulley@sbgmanagement.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand
**Importance:** High

3

All –

To date, we have not received most of the information required to be turned over to the Receiver. Please see that the below items are delivered to the Receiver immediately.

1. 2024 & 2025 financials none awaiting information from you and or lender
2. General ledgers for 2024 & 2025 None awaiting information from you and or lender
3. Tenant ledgers for 2024 & 2025 none awaiting information from you and or lender
4. Rent roll none awaiting information from you and or lender
5. Copies of all open permits (there is current construction in a vacant space) we stopped work no idea what is going on
6. Copies of all service contracts we sent you invoices
7. Copies of all 2024/2025 annual testing for fire alarm and sprinkler system 2024 on sprinklers none 2025
8. 2024 & 2025 budgets None
9. Keys for vacant spaces we gave you the master you changed the key to maintenance...all other keys are in there
10. Key for roof access no key to roof door is unlocked
11. Fob system maintenance information – assume they have access to system in their onsite office the key phob system is owned by SBG
12. Building security camera access information – assume they have access to system in their onsite office everything was in the maintenance office
13. Bank statements for the operating account used to pay expenses we sent no additional information
14. Confirmation of any open violations as of us turning over property none.
15. Confirmation of any pending insurance claims check with Carrier

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223 | (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

From: Chris Neilson <Chris.Neilson@trigild.com>
Sent: Wednesday, March 5, 2025 11:04 AM
To: Michael Yanoff <myanoff@goldsteinlp.com>; Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Devra Schorr <dschorr@sbgmanagement.com>
Cc: David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
Subject: RE: Jenkins [610 Old York] Receiver Demand

Michael –

The receivership order was entered less than two weeks ago. I know you already received the attached demand, but I'm resending here. We need the information your client is required to provide.

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

 

**From:** Chris Neilson <Chris.Neilson@trigild.com>
**Sent:** Wednesday, March 5, 2025 11:36 AM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; Ava Stapp <astapp@trigild.com>; Michael Yanoff <myanoff@goldsteinlp.com>; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

You need to provide most of that information to us as the receiver. We certainly don't have it.

**Chris Neilson**
Managing Partner

858.242.1227
trigild.com | trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, March 5, 2025 10:33 AM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Response required too below

We are in the process of refinance and such delay is causing disruption.

Thank you

Phil

Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001

215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

**From:** Phil Pulley
**Sent:** Wednesday, February 26, 2025 5:47 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Please be advised that the appraiser and the underwriting team will be at Jenkins in the morning. I will need the following by Monday.

1. Full accounting of rents, cam and added rent collected by tenant by month
2. An acknowledgement that no leases or amendments have been modified or changed
3. Copies of any payables to vendors
4. Copies of payments to third parties
5. Status of Re Tax payments
6. Status of insurance
7. Copies of certificate of insurance
8. Copy of receiver agreement
9. Receiver business license
10. Tax License to Borough
11. Tax payments to Borough for Dec, Jan and Feb
12. Inspection reports preformed by PSG or affiliates since 12-1-2024
13. Who is receivers Counsel so I can cc?

Thank you

Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com

7

**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Wednesday, February 26, 2025 4:47 PM
**To:** Phil Pulley <ppulley@sbgmanagement.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

Receiver will not be agreeing to pay expenses for which we have not seen backup.

To confirm - you don't have a bank account with funds in it associated with this property?

Please begin to turnover the documents requested, including information on the below maintenance items you are addressing.

**Ava Stapp**
Manager of Receivership Services + Marketing

(o) 858.242.1223  |  (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com  |  trigildconference.com

**From:** Phil Pulley <ppulley@sbgmanagement.com>
**Sent:** Wednesday, February 26, 2025 2:29 PM
**To:** Ava Stapp <astapp@trigild.com>; myanoff@goldsteinlp.com; Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** RE: Jenkins [610 Old York] Receiver Demand

CAUTION:**This message is from an EXTERNAL SENDER**.

Please confirm that you are agreeing to pay the property expenses when submitted.....otherwise we will discharge personal.....

We are still addressing maintenance as of this writing:
Plumbing leaks
Roof Leaks
Janitorial
House keeping
HVAC matters
Security issues
Damage by tenants
Violations
Environmental...fire assessment
Coordinate vendors

8

Right now, it is just everyone below me and MS Schorr on site.


Phil


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com


**From:** Ava Stapp <astapp@trigild.com>
**Sent:** Monday, February 24, 2025 5:19 PM
**To:** myanoff@goldsteinlp.com; Phil Pulley <ppulley@sbgmanagement.com>
**Cc:** Chris Neilson <Chris.Neilson@trigild.com>; David Wallace <david.wallace@trigild.com>; Jonathan Lakner <jon.lakner@trigild.com>; Bill Rudow <wrudow@piellawfirm.com>; Gleb Epelbaum <gepelbaum@kurtzpartners.com>; hpiel@piellawfirm.com
**Subject:** [610 Old York] Receiver Demand
**Importance:** High

Good Afternoon,

Please see attached for your records. All items requested should be uploaded here:
https://www.dropbox.com/scl/fo/55mboviallzj6ygpxh27i/ABESj4j_YuTWmEmF5RRlGC0?rlkey=fix7qjd4rr9ivtcbca
bu77m0n&st=tibwxxw1&dl=0

In addition to the information requested in the attached, please forward the below items as soon as possible:
- Screenshots of the current bank account balance(s) and MTD activity Zero..... please see your client for collections to date
- Current insurance certificates and broker contact information....Please get from your client as we are not sure what action they have taken

Thank you for your attention to this matter.

Ava Stapp

10

Manager of Receivership Services + Marketing

(o) 858.242.1223 | (c) 469.615.9688
8111 Douglas Avenue, Suite 600
Dallas, TX 75225

trigild.com | trigildconference.com

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

# EXHIBIT "D"

**Phil Pulley**

| | |
|---|---|
| **From:** | Phil Pulley |
| **Sent:** | Wednesday, April 16, 2025 10:46 AM |
| **To:** | Dinora Ramirez; Devra Schorr |
| **Subject:** | RE: 610 Old York - Tenant Invoicing and CAM Reconciliations |
| **Attachments:** | Jenkins Trigild Cam billing 2023_0001.pdf |

Sorry went to spam

See the attached Cam billings as requested for 2023

Dinora if you are on site Phil will be in the office starting tomorrow. Let's have a conversation.

Pd


Philip C. Pulley
SBG Management Services, Inc.
P.O. Box 549
Abington, PA 19001
215.938.6665 ext. 2001
215.935.6987 fax
Email: phil@sbgmanagement.com
Web: www.sbgmanagement.com


**From:** Dinora Ramirez <DRamirez@LPC.com>
**Sent:** Tuesday, April 15, 2025 12:30 PM
**To:** Devra Schorr <dschorr@sbgmanagement.com>
**Cc:** Phil Pulley <ppulley@sbgmanagement.com>
**Subject:** 610 Old York - Tenant Invoicing and CAM Reconciliations

Good afternoon, Devra,

Would you be able to provide me with the last tenant billing and CAM reconciliation provided to tenants prior to receivership?

Thank you in advance.

1

Lincoln

**Dinora Ramirez**

Property Manager, Property Management

C 609.975.2804 | O 267. 439.4072

Lincoln Property Company

100 Penn Square East | Suite 905 | Philadelphia, PA 19107

**lpc.com**

Follow us: LinkedIn |  X | Instagram

# SBG Management Services, Inc.

P.O. Box 549 Abington, PA 19001
Phone 215.938.6665          Fax 215.935.6987

**Hand Delivered**
March 22, 2024

Dear Dr. Kress,

We are writing to inform you that you are past due on payment of 2023 Common Area Maintenance ("CAM") Expenses and Taxes.

Your charges are as follows:

**CAM:**
Prop. Share = 2.9%
Increase in OE = $43,179.50
2023 CAM = $1,252.21

**RE Taxes:**
2023 – 536,563 (2022 base year same value, no difference) = $0

**Other Taxes:**
2023 – 2.9% of $4,607.40 = $133.61

**TOTAL OWED FOR 2023 CAM, RE Taxes, and Other Taxes = $1,385.82**

Please remit payment within the next thirty (30) days to avoid the assessment of interest and late fees.  Thank you.

Sincerely,

SBG Management Services, Inc.

# ⬥ SBG Management Services, Inc.

P.O. Box 549 Abington, PA 19001
Phone 215.938.6665          Fax 215.935.6987

**Hand Delivered**
March 22, 2024

Dear RGN,

We are writing to inform you that you are past due on your share for payment of 2023 Common Area Maintenance ("CAM") and Taxes.

Your charges are as follows:

**CAM & RE Taxes:**
Base Year = 2015
Prop. Share = 8.166%
Increase in OE (Including RE Taxes) = $356,812.65
2023 CAM = $29,137.32

**Other Taxes:**
2023 – 8.166% of $4,607.40 = $376.24

**TOTAL OWED FOR 2023 CAM, RE Taxes, and Other Taxes = $29,513.56**

Please remit payment within the next thirty (30) days to avoid the assessment of interest and late fees.  Thank you.

Sincerely,

SBG Management Services, Inc.

# ◢ SBG Management Services, Inc.

P.O. Box 549 Abington, PA 19001
Phone 215.938.6665          Fax 215.935.6987

**Hand Delivered**
March 22, 2024

Dear Bethany Christian,

We are writing to inform you that you are past due on payment of 2023 Common Area Maintenance ("CAM") Expenses and Taxes.

Your charges are as follows:

**CAM:**
Prop. Share = 11%
Base Year = 2018
Increase in OE = No Increase (2018 OE > 2023 OE)
2023 CAM = $0

**RE Taxes:**
2023 - $536,563 (2018 base year = $418,706.63) = $117,856.37
2023 RE Taxes = $12,964.20

**Other Taxes:**
2023 – 11% of $4,607.40 = $506.81

**TOTAL OWED FOR 2023 CAM, RE Taxes, and Other Taxes = $13,471.01**

Please remit payment within the next thirty (30) days to avoid the assessment of interest and late fees. Thank you.

Sincerely,

SBG Management Services, Inc.

# ◢ Jenkins Court Realty Co. L.P.

P.O. Box 549 Abington, PA 19001
Phone 215.938.6665        Fax 215.935.6987

October 29, 2024

Temple Health
610 Old York Road, Suite 250
Jenkintown, PA  19046

Dear Temple Health

     We are writing to inform you that you are past due on payment for 2023 Common Area Maintenance ("CAM") Expenses and Taxes.

Your charges are as follows:

**CAM**
Prop. Share = 12.5%
Base Year = 2021
Increase in OE = $198,260.50
2023 CAM =  $24,782.56

**RE Taxes:**
2023 - $536,563 (2021 base year = $487,784) = $48,779
2023  RE Taxes = $6,097.38

**Other Taxes:**
2023 – 12.5% of $4,607.40 = $575.93

## TOTAL OWED FOR 2023 CAM, RE Taxes, and Other Taxes = $31,455.87

     Please remit payment within the next thirty (30) days to Management to avoid the assessment of interest and late fees.

     Thank you.

Sincerely,

Jenkins Court Realty Co. L.P.

# ◢Jenkins Court Realty Co. L.P.

P.O. Box 549 Abington, PA 19001
Phone 215.938.6665          Fax 215.935.6987

October 29, 2024

Fox Chase Cancer Center
610 Old York Road, Suite 680
Jenkintown, PA  19046

Dear Fox Chase Cancer  Center

We are writing to inform you that you are past due on your share for payment of Common Area Maintenance ("CAM") and Taxes.

Your charges are as follows:

**CAM**
Prop. Share = 14.6%
Base Year = 2022
Increase in OE = $43,179.50
2023 CAM = $6,304.21

**RE Taxes:**
2023 – $536,563 (2022 base year same value, no difference) = $0

**Other Taxes:**
2023 – 14.6% of $4,607.40 = $672.68

## TOTAL OWED FOR 2023 CAM, RE Taxes, and Other Taxes = $6,976.89

Please remit payment within the next thirty (30 calendar days to Management to avoid the assessment of interest and late fees.

Thank you.

Sincerely,

Jenkins Court  Realty Co. L.P.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2025, upon

consideration of the Trigild IVI, LLC, the Court-appointed receiver (the "Receiver"), to compel

Defendant Jenkins Court Realty Cp., LP and it agents to comply with their obligations to deliver

specified information and documentation to the Receiver pursuant to the Court's Order entered

on February 21, 2025 (the "Receiver Order") (ECF Doc. No. 13), and any response thereto, it is

**ORDERED** that the Receiver's motion be and hereby is **DENIED.**

                                        **BY THE COURT:**


                                        _____
                                        **Gerald Austin McHugh**
                                        **United States District Judge**

5

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | : |
| | : CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : |
| | : No.: 2:25-cv-44 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JENKINS COURT REALTY CO., LP. | : |
| | : |
| Defendant. | : |

**AFFIDAVIT OF PHILIP PULLEY**

Philip Pullley, (the "Defendant") by and through their counsel Ciardi Ciardi & Astin, hereby states under oath as follows:

1.  I am an Officer of Old Jenkins Corporation which is an authorized representative for the above-named Defendant, Jenkins Court Realty Co., LP ("Jenkins").

2.  The Defendant's Responses to Plaintiff's Motion to Compel Compliance with Receiver Order are true and correct under penalty of perjury.

_____
Philip Pulley

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7 DAY
OF ___may___, 2025

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
JACQUELINE SILVERMAN - Notary Public
Montgomery County
My Commission Expires March 27, 2027
Commission Number 1348827

4

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, Albert A. Ciardi, III, Esquire, hereby caused on this 7th day of May, 2025, a true and correct copy of *Defendant's Response to Plaintiff's Motion to Compel Compliance with Receiver Order* was served via electronic case filing (ecf) and United States first class mail, postage prepaid upon the following:

Raymond A. Quaglia, Esquire
Brian N. Kearney, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
quaglia@ballardspahr.com
kearneyb@ballardspahr.com
*Counsel to Plaintiff, ICON PSG 1 FL, LLC*


**CIARDI CIARDI & ASTIN**


By:    */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardil@ciardilaw.com

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ICON PSG 1 FL, LLC : 
                                            :           **CIVIL ACTION**

         v.                                 :           **No. 25-44**

                                               :

JENKINS COURT REALTY CO., L.P.        :

<u>ORDER</u>

And now, this 12th day of May, 2025, upon consideration of Court-appointed Receiver Trigild IVL, LLC's Motion to Compel (ECF 22) Defendant and its agents to comply with the Court's Receiver Order (ECF 13), and Defendant's response thereto (ECF 27), it is hereby **ORDERED** that the Receiver's motion is **GRANTED**.

It is further **ORDERED** that, within **five (5) days** of the entry of this Order, Defendant shall file with the Court and serve on all parties the accounting required by Section 5 of the Receiver Order.

It is further **ORDERED** that, within **five (5) days** of the entry of this Order, Defendant and its agents shall deliver to the Receiver the following information and documentation:

(a) **Financial reports** for the years 2024 and 2025, which are needed by the Receiver to generate annual common area maintenance (CAM) reconciliations and to understand historical property expenses for leasing purposes;

(b) **General ledgers** for the years 2024 and 2025, which are needed by the Receiver to generate and bill annual CAM reconciliations;

(c) **Tenant ledgers** for the years 2024 and 2025, which are needed by the Receiver to verify outstanding tenant accounts receivable (A/R);

(d) **Current rent roll**, which is needed by the Receiver to carry over historical square footages used and confirm the tenants in the building;

(e)    **Annual testing documentation for the fire alarm and sprinkler system** for the years 2024 and 2025, which is needed by the Receiver for insurance compliance and to have available for inspection by the City if requested;

(f)    **Bank statements** for the operating account (which is used to pay operating expenses for the Property) for the years 2024 and 2025, which are needed by the Receiver to verify the account balances of the operating funds prior to the receivership;

(g)    **Access to the building access control system**, which is needed by the Receiver to be able to add/delete key cards/fobs, review and modify the door lock/unlock schedules and otherwise secure the Property in accordance with the Receiver Order;

(h)    **Admin password to the DVR/camera system**, which is needed by the Receiver to secure the Property;

(i)    **Verizon phone line account information** for base building system communication (fire alarm panels, elevator phone lines), which is needed by the Receiver to ensure that lines critical to building safety and operation are not disconnected; and

(j)    **CAM reconciliations** for 2023 and 2022, which are needed by the Receiver to review and confirm historical calculations and the base year amounts used for each tenant.

Defendant is cautioned that failure to comply with this Order shall be grounds for potential sanctions for contempt.

BY THE COURT:

/s/ Gerald Austin McHugh
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | : |
| | : CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : |
| | : No.: 2:25-cv-44 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| JENKINS COURT REALTY CO., LP. | : |
| | : |
| Defendant. | : |

## DEFENDANT'S RESPONSE IN COMPLIANCE WITH THE MAY 12, 2025 ORDER

Jenkins Court Realty Co., LP. ("Jenkins") submits the following Response in Compliance with the Order of this Court (ECF 28) granting the Court-appointed Receiver Trigild IVL, LLC's Motion to Compel (ECF 22). Jenkins as required to provide and file the following:

1. **Financial Reports for 2024 and 2025**. Attached are the accounting records in Jenkins' possession. Please note that these are not reports nor complete ledgers for fiscal year 2024 or 2025. They have not been reviewed or adjusted. Since we have not been collecting rents, CAM, Real Estate Taxes or insurance beginning approximately November 2024, we estimate that 20% of the information is not included. The absence of this requested information from the lender, their counsel and receiver are precluding us from the full competition any reports.

2. **General Ledgers for 2024 and 2025**. Attached are the accounting records in Jenkins' possession. Please note that these are not reports nor complete ledgers for fiscal year 2024 or 2025. They have not been reviewed or adjusted. Since we have not been collecting rents, CAM, Real Estate Taxes or insurance beginning approximately November 2024, we estimate that 20% of the information is not included. The absence of this requested information from the lender, their counsel and receiver are precluding us from the full competition any reports.

3.    **Tenant ledgers for 2024 and 2025**. Attached are the accounting records in Jenkins' possession. Please note that these are not reports nor complete ledgers for fiscal year 2024 or 2025. They have not been reviewed or adjusted. Since we have not been collecting rents, CAM, Real Estate Taxes or insurance beginning approximately November 2024, we estimate that 20% of the information is not included. The absence of this requested information from the lender, their counsel and receiver are precluding us from the full competition any reports.

4.    **Current rent roll**. This information is unchanged from the prior responsive pleading and the square footages are contained in the Leases.

5.    **Annual Testing**. This information is unchanged from the prior responsive pleading and Jenkins has spoken to Fire Marshall Keyin Lynch and he doesn't need anything at this time as the system is compliant. Also, Jenkins' has spoken to the insurance Agent Devin Shewell at MDP and they don't require any information currently.

6.    **Bank Accounts**. Attached are the accounting records in Jenkins' possession. Please note that these are not reports nor complete ledgers for fiscal year 2024 or 2025. They have not been reviewed or adjusted. Since we have not been collecting rents, CAM, Real Estate Taxes or insurance beginning approximately November 2024, we estimate that 20% of the information is not included. The absence of this requested information from the lender, their counsel and receiver are precluding us from the full competition any reports.

7.    **Access to Building Control and DVR System**. This information is unchanged from the prior responsive pleading. Moreover, someone has disconnected the data lines from the system. The security schedule is based upon the requirements of the leases.

8.    **Admin Password to the DVR / Camera System.** This information is unchanged from the prior responsive pleading. Moreover, someone has disconnected access to the system.

9.    **Verizon Phone Line Account Information.** This information is unchanged from the prior responsive pleading. Moreover, this information was previously provided as to Granite communication. The elevator communications are from the elevator company (talk to Sam in the office).

10.    **CAM Reconciliations for 2022 and 2023.** This information is unchanged from the prior responsive pleading. Moreover, the information for 2022 and prior was destroyed by a flood in the Building that took place on December 26, 2022.

**CIARDI CIARDI & ASTIN**

Date: May 16, 2025                By:    */s/ Albert A. Ciardi, III*
                                          Albert A. Ciardi, III, Esquire
                                          1905 Spruce Street
                                          Philadelphia, PA 19103
                                          Telephone: (215) 557-3550
                                          Facsimile: (215) 557-3551
                                          aciardil@ciardilaw.com

# Exhibit "A"

# (part 1)

## GL Details
Jenkins Court
Accrual Basis
01/01/2024 - 12/31/2024

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Property: Jenkins Court** | | | | | | | | | | | | |
| **GL Account: 1000: Checking - Operating A/C** | | | | | | | | | | | | |
| 1000 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | (538,830.13) |
| 1000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #4116 | Vendor Payment | | | JENKINS COURT REALTY CO LP | | 0.00 | (30,117.77) | (568,947.90) |
| 1000 | 01/12/2024 | 02/05/2024 | 01/2024 | Deposit #9548 | AR Deposit | | | | | 550.00 | 0.00 | (568,397.90) |
| 1000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #4117 | Vendor Payment | | | JENKINS COURT REALTY CO LP | | 0.00 | (30,117.77) | (598,515.67) |
| 1000 | 02/28/2024 | 02/28/2024 | 02/2024 | Check #4118 | Vendor Payment | | | JENKINS COURT REALTY CO LP | | 0.00 | (35,000.00) | (633,515.67) |
| 1000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/7/23 #3080227542 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (4,762.64) | (638,278.31) |
| 1000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #PD Online 7/7/23 #3104574186 $328.61 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (326.00) | (638,604.31) |
| 1000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/7/23 #3104723308 $463.35 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 0.00 | (459.41) | (639,063.72) |
| 1000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/7/23 #3104736320 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (1,970.22) | (641,033.94) |
| 1000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/7/23 #3104760964 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (4,430.80) | (645,464.74) |
| 1000 | 04/18/2024 | 04/18/2024 | 04/2024 | JE #2300 - PLAN COMMISSION | General Journal Entry | PLANNING COMM FEE - STARBUCKS | | | | 0.00 | (556.50) | (646,021.24) |
| 1000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYLMI - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 1,493.05 | 0.00 | (644,528.19) |
| 1000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD Online 7/24/2023 #AQ0HJ4LR $487.72 - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 486.26 | 0.00 | (644,041.93) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 11/17/22 $243.30 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (243.40) | (644,285.33) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 1/20/23 $243.40 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (243.40) | (644,528.73) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 3/21/23 $486.26 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (486.26) | (645,014.99) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 2/24/23 $263.86 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (264.40) | (645,279.39) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 5/26/23 #AQ0GYLMI | Vendor Payment | | | Aqua 0279895 | | 0.00 | (242.32) | (645,521.71) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0H8M75 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (242.86) | (645,764.57) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 7/24/23 AQ0HJ4LR | Vendor Payment | | | Aqua 0279895 | | 0.00 | (487.72) | (646,252.29) |
| 1000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0H8M75 - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 242.86 | 0.00 | (646,009.43) |
| 1000 | 05/08/2024 | 05/09/2024 | 05/2024 | JE #2306 - TRANSFER | General Journal Entry | 4137 | | | | 5,000.00 | 0.00 | (641,009.43) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #10621090 PD 12-26-22 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,034.64) | (643,044.07) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 10/24/22 $3202.58 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (3,202.58) | (646,246.65) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 1/20/23 $2791.85 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,791.85) | (649,038.50) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 2/24/23 $2,253.68 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,253.68) | (651,292.18) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/21/23 $4,985.26 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (4,985.26) | (656,277.44) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 5/26/23 #AQ0GYP2A | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,790.48) | (659,067.92) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0N8OWH | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,997.21) | (661,065.13) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #10621090 PD 12-26-22 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 2,034.64 | 0.00 | (659,030.49) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYP2A - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 14,343.11 | 0.00 | (644,687.38) |
| 1000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0H8OWH $1997.21 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 2,005.14 | 0.00 | (642,682.24) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #10621231 PD 12-26-22 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (508.01) | (643,190.25) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 10/24/22 $476.58 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (476.58) | (643,666.83) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 1/20/23 $606.44 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (606.44) | (644,273.27) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 2/24/23 $617.97 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (617.97) | (644,891.24) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 3/21/23 $336.09 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (936.09) | (645,827.33) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 4/18/22 $593.59 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (593.59) | (646,420.92) |

GL Details     Case 2:25-cv-00044-GAM     Document 29-1     Filed 05/16/25     Page 3 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 7/18/22 $166.08 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (166.08) | (646,587.00) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 8/17/22 $992.57 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (992.57) | (647,579.57) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 8/28/23 $414.52 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (414.52) | (647,994.09) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #10621231 PD 12-26-22 - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 508.01 | 0.00 | (647,486.08) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 1,988.79 | 0.00 | (645,497.29) |
| 1000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 1,556.13 | 0.00 | (643,941.16) |
| 1000 | 05/20/2024 | 05/20/2024 | 05/2024 | Deposit #10293 | AR Deposit | | | | | 9,187.30 | 0.00 | (634,753.86) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #10621284 PD 12-26-22 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (264.05) | (635,017.91) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ | Vendor Payment | | | Aqua 0279893 | | 0.00 | (242.32) | (635,260.23) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 1/20/23 $243.40 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (243.40) | (635,503.63) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 2/24/23 $253.36 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (253.36) | (635,756.99) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 3/20/23 $486.26 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (486.26) | (636,243.25) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 6/22/23 #AQ0H8QO | Vendor Payment | | | Aqua 0279893 | | 0.00 | (242.86) | (636,486.11) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 7/24/23 AQ0HU57G | Vendor Payment | | | Aqua 0279893 | | 0.00 | (243.40) | (636,729.51) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 8/28/23 $488.64 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (488.64) | (637,218.15) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #10621284 PD 12-26-22 - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 264.05 | 0.00 | (636,954.10) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 1,482.55 | 0.00 | (635,471.55) |
| 1000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 6/22/23 #AQ0H8QOE - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 242.86 | 0.00 | (635,228.69) |
| 1000 | 06/27/2024 | 07/02/2024 | 06/2024 | JE #2338 - DEPOSIT | General Journal Entry | REAL ESTATE TX REF-BOROUGH | | | | 116,750.19 | 0.00 | (518,478.50) |
| 1000 | 08/30/2024 | 08/30/2024 | 08/2024 | Deposit #11078 | AR Deposit | | | | | 1,500.00 | 0.00 | (516,978.50) |
| 1000 | 08/30/2024 | 09/09/2024 | 09/2024 | Deposit #11185 | AR Deposit | | | | | 0.00 | (1,500.00) | (518,478.50) |
| 1000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #4119 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,170.00) | (522,648.50) |
| 1000 | 12/11/2024 | 12/11/2024 | 12/2024 | Check #4120 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (233.20) | (522,881.70) |
| | | | | | | | | 1000: Checking - Operating A/C: | 15,948.43 | 159,634.94 | (143,686.51) | (522,881.70) |

GL Account: 1002: Checking-RB Jenk Oper

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | (41,746.23) |
| 1002 | 01/03/2024 | 01/03/2024 | 01/2024 | Check #1066 | Vendor Payment | | | Coldwell Banker Commercial | | 0.00 | (54,000.64) | (95,746.87) |
| 1002 | 01/04/2024 | 01/04/2024 | 01/2024 | Inv #010324-RGN | Invoice | TRANSFER TO RB | | JENKINS COURT REALTY CO LP | | 30,117.77 | 0.00 | (65,629.10) |
| 1002 | 01/04/2024 | 01/04/2024 | 01/2024 | Check ##17049403433 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (314.44) | (65,943.54) |
| 1002 | 01/04/2024 | 01/04/2024 | 01/2024 | Check ##17049408353 | Vendor Payment | | | Comcast 8499-10-139-02847 81 | | 0.00 | (103.63) | (66,047.17) |
| 1002 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174366 | Vendor Payment | | | PECO 680 OYR office 95016 | | 0.00 | (4,750.27) | (70,797.44) |
| 1002 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 0.00 | (550.88) | (71,348.32) |
| 1002 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 8/21/23 #3173559856 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 0.00 | (242.70) | (71,591.02) |
| 1002 | 01/05/2024 | 01/12/2024 | 01/2024 | Check #1073 | Vendor Payment | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (85,687.11) |
| 1002 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1067 | Vendor Payment | | | Advanced Electronic Security | | 0.00 | (2,599.99) | (88,287.10) |
| 1002 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1068 | Vendor Payment | | | Advanced Electronic Security | | 0.00 | (10,000.00) | (98,287.10) |
| 1002 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #Written Check 10am-1 | Vendor Payment | | | Advanced Electronic Security | | 0.00 | (2,599.99) | (100,887.09) |
| 1002 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1067 - Reversal | Vendor Payment Reversal | | | Advanced Electronic Security | | 2,599.99 | 0.00 | (98,287.10) |
| 1002 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #Written Check 10am-1 - Reversal | Vendor Payment Reversal | | | Advanced Electronic Security | | 2,599.99 | 0.00 | (95,687.11) |
| 1002 | 01/09/2024 | 01/09/2024 | 01/2024 | Check #1069 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (1,204.00) | (96,891.11) |
| 1002 | 01/09/2024 | 01/09/2024 | 01/2024 | Check #PD Online 1/9/24 #588849579 | Vendor Payment | | | Granite Telecommunications - 2398 | | 0.00 | (483.47) | (97,374.58) |
| 1002 | 01/09/2024 | 01/09/2024 | 01/2024 | Check #Pd Online 1/9/24 #588849584 | Vendor Payment | | | Granite Telecommunications-6165 | | 0.00 | (175.71) | (97,550.29) |
| 1002 | 01/11/2024 | 01/11/2024 | 01/2024 | Check #1070 | Vendor Payment | | | Darin Holiday | | 0.00 | (604.00) | (98,154.29) |

Appx755

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 01/11/2024 | 01/11/2024 | 01/2024 | Check #1071 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (1,230.00) | (99,384.29) |
| 1002 | 01/12/2024 | 01/12/2024 | 01/2024 | Check #1072 | Vendor Payment | | | Campion Masonry | | 0.00 | (10,000.00) | (109,384.29) |
| 1002 | 01/12/2024 | 01/12/2024 | 01/2024 | Check #1074 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (6,800.00) | (116,184.29) |
| 1002 | 01/17/2024 | 01/17/2024 | 01/2024 | Check #1075 | Vendor Payment | | | Chestnut Engineering LLC | | 0.00 | (700.00) | (116,884.29) |
| 1002 | 01/19/2024 | 01/19/2024 | 01/2024 | Check #1076 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (1,600.00) | (118,484.29) |
| 1002 | 01/19/2024 | 01/19/2024 | 01/2024 | Check #1077 | Vendor Payment | | | Soft Contractor Corp | | 0.00 | (2,000.00) | (120,484.29) |
| 1002 | 01/23/2024 | 01/23/2024 | 01/2024 | Check #1078 | Vendor Payment | | | Office Basics | | 0.00 | (762.56) | (121,246.85) |
| 1002 | 01/24/2024 | 01/25/2024 | 01/2024 | Deposit #9474 | AR Deposit | | | | | 16,973.15 | 0.00 | (104,273.70) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1079 | Vendor Payment | | | Health Mats Company | | 0.00 | (1,094.32) | (105,368.02) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1080 | Vendor Payment | | | Companion Services Group | | 0.00 | (2,257.80) | (107,625.82) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1081 | Vendor Payment | | | Darin Holiday | | 0.00 | (617.00) | (108,242.82) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1082 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | (112,342.37) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1083 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (1,000.00) | (113,342.37) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1084 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (468.80) | (113,811.17) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1085 | Vendor Payment | | | Health Mats Company | | 0.00 | (547.16) | (114,358.33) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1086 | Vendor Payment | | | Western Pest Control | | 0.00 | (107.36) | (114,465.69) |
| 1002 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1087 | Vendor Payment | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (115,666.69) |
| 1002 | 01/26/2024 | 01/26/2024 | 01/2024 | Check #1088 | Vendor Payment | | | Campion Masonry | | 0.00 | (7,500.00) | (123,166.69) |
| 1002 | 01/26/2024 | 01/26/2024 | 02/2024 | Deposit #9484 | AR Deposit | | | | | 108,894.69 | 0.00 | (14,272.00) |
| 1002 | 01/29/2024 | 01/29/2024 | 01/2024 | Check #1089 | Vendor Payment | | | Re-Steel Supply Services, Inc. | | 0.00 | (35,075.40) | (49,347.40) |
| 1002 | 02/01/2024 | 02/01/2024 | 02/2024 | Check #1090 | Vendor Payment | | | Sharp's Landscaping, INc. | | 0.00 | (2,862.38) | (52,209.78) |
| 1002 | 02/01/2024 | 10/20/2024 | 02/2024 | Deposit #11518 | AR Deposit | | | | | 8,167.67 | 0.00 | (44,042.11) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Inv #0201-RGN-TFR RB | Invoice | TFR RGN 2/1 | | JENKINS COURT REALTY CO LP | | 30,117.77 | 0.00 | (13,924.34) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Deposit #9547 | AR Deposit | | | | | 8,000.00 | 0.00 | (5,924.34) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0WEGM | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,287.62) | (8,211.96) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0WUZ2 | Vendor Payment | | | Aqua 0279693 | | 0.00 | (248.18) | (8,708.32) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0WUZ2 | Vendor Payment | | | Aqua 0279693 | | 0.00 | (248.18) | (8,460.14) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0XCJP | Vendor Payment | | | Aqua 0277244 | | 0.00 | (397.02) | (9,105.34) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 1/22/24 #AQ0JAEQ2 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (413.74) | (9,519.08) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 1/22/24 #AQ0JAKKC | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,573.06) | (11,092.14) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 2/5/24 $653.10 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (653.10) | (11,745.24) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online AQ0JAKB8 | Vendor Payment | | | Aqua 0279693 | | 0.00 | (506.11) | (12,251.35) |
| 1002 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0WUZ2 - Reversal | Vendor Payment Reversal | | | Aqua 0279693 | | 248.18 | 0.00 | (12,003.17) |
| 1002 | 02/06/2024 | 02/03/2024 | 02/2024 | Deposit #9533 | AR Deposit | | | | | 39,936.68 | 0.00 | 27,933.51 |
| 1002 | 02/07/2024 | 02/07/2024 | 02/2024 | Check #1091 | Vendor Payment | | | Jacqueline Silverman | | 0.00 | (94.12) | 27,839.39 |
| 1002 | 02/08/2024 | 02/06/2024 | 02/2024 | Deposit #9565 | AR Deposit | | | | | 12,368.09 | 0.00 | 40,207.48 |
| 1002 | 02/08/2024 | 02/08/2024 | 02/2024 | Check #1092 | Vendor Payment | | | Joseph Fazzio Inc | | 0.00 | (682.08) | 39,525.40 |
| 1002 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1093 | Vendor Payment | | | Darin Holiday | | 0.00 | (832.00) | 38,693.40 |
| 1002 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1094 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (336.00) | 38,357.40 |
| 1002 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1095 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (12,750.00) | 25,607.40 |
| 1002 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1096 | Vendor Payment | | | Joseph Fazzio Inc | | 0.00 | (2,873.35) | 22,734.05 |
| 1002 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1097 | Vendor Payment | | | Campion Masonry | | 0.00 | (7,500.00) | 15,234.05 |
| 1002 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1098 | Vendor Payment | | | Office Basics | | 0.00 | (1,392.06) | 13,841.99 |
| 1002 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1099 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (602.00) | 13,239.99 |
| 1002 | 02/16/2024 | 02/16/2024 | 02/2024 | Check #1100 | Vendor Payment | | | TB Philly, Inc | | 0.00 | (8,799.48) | 4,440.51 |
| 1002 | 02/16/2024 | 02/16/2024 | 02/2024 | Check #PD 17360961173 - $674.56 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (961.16) | 3,479.35 |
| 1002 | 02/19/2024 | 02/19/2024 | 02/2024 | Check #PD Online 2/19/24 #593809075 | Vendor Payment | | | Granite Telecommunications - 2398 | | 0.00 | (483.47) | 2,995.88 |
| 1002 | 02/19/2024 | 02/19/2024 | 02/2024 | Check #PD Online 2/19/24 #593809079 | Vendor Payment | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | 2,819.67 |
| 1002 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/6/24 #3458756990 | Vendor Payment | | | PECO 680 OYR office 95016 | | 0.00 | (2,506.86) | 312.81 |
| 1002 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/6/24 #3458760618 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 0.00 | (81.67) | 231.14 |
| 1002 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/7/24 #3459576814 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (6,179.03) | (5,947.89) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 02/21/2024 | 02/21/2024 | 02/2024 | Check #1101 | Vendor Payment | | | Office Basics | | 0.00 | (354.83) | (6,302.72) |
| 1002 | 02/22/2024 | 02/22/2024 | 02/2024 | Check #1102 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (872.90) | (7,175.62) |
| 1002 | 02/23/2024 | 02/21/2024 | 02/2024 | Deposit #9660 | AR Deposit | | | | | 16,559.24 | 0.00 | 9,383.62 |
| 1002 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1103 | Vendor Payment | | | Digital Reprographics Solutions | | 0.00 | (186.67) | 9,196.95 |
| 1002 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1104 | Vendor Payment | | | Darin Holiday | | 0.00 | (831.00) | 8,365.95 |
| 1002 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1105 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (140.00) | 8,225.95 |
| 1002 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1106 | Vendor Payment | | | Campion Masonry | | 0.00 | (1,817.48) | 6,408.47 |
| 1002 | 02/26/2024 | 02/26/2024 | 02/2024 | Check #1107 | Vendor Payment | | | Johnstone Supply | | 0.00 | (409.40) | 5,999.07 |
| 1002 | 02/28/2024 | 02/28/2024 | 02/2024 | Inv #0228-TFR | Invoice | | | JENKINS COURT REALTY CO LP | | 35,000.00 | 0.00 | 40,999.07 |
| 1002 | 02/28/2024 | 02/29/2024 | 02/2024 | JE #2261 - TRANSFER | General Journal Entry | TFR-SBG | | | | 214,000.00 | 0.00 | 254,999.07 |
| 1002 | 02/28/2024 | 02/29/2024 | 02/2024 | JE #2262 - MORTG PAY | General Journal Entry | | | | | 0.00 | (212,354.25) | 42,644.82 |
| 1002 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1108 | Vendor Payment | | | Campion Masonry | | 0.00 | (10,875.00) | 31,769.82 |
| 1002 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1109 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (13,200.00) | 18,569.82 |
| 1002 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1110 | Vendor Payment | | | Henry's Paving | | 0.00 | (3,000.00) | 15,569.82 |
| 1002 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1111 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,600.00) | 10,969.82 |
| 1002 | 03/01/2024 | 04/02/2024 | 04/2024 | Deposit #9931 | AR Deposit | | | | | 0.00 | (30,117.77) | (19,147.95) |
| 1002 | 03/05/2024 | 03/05/2024 | 03/2024 | Deposit #9752 | AR Deposit | | | | | 0.00 | 0.00 | (19,147.95) |
| 1002 | 03/05/2024 | 03/05/2024 | 03/2024 | Deposit #9753 | AR Deposit | | | | | 30,117.77 | 0.00 | 10,969.82 |
| 1002 | 03/07/2024 | 03/05/2024 | 03/2024 | Deposit #9754 | AR Deposit | | | | | 101,094.86 | 0.00 | 112,064.68 |
| 1002 | 03/07/2024 | 03/07/2024 | 03/2024 | Check #1112 | Vendor Payment | | | Office Basics | | 0.00 | (465.85) | 111,598.83 |
| 1002 | 03/08/2024 | 03/08/2024 | 03/2024 | Check #1113 | Vendor Payment | | | Sharp's Landscaping, INc. | | 0.00 | (2,862.38) | 108,736.45 |
| 1002 | 03/08/2024 | 03/08/2024 | 03/2024 | Check #1114 | Vendor Payment | | | Darin Holiday | | 0.00 | (723.00) | 108,013.45 |
| 1002 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #1115 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (668.80) | 107,344.65 |
| 1002 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #1116 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 103,245.10 |
| 1002 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #PD Online 3/ 11/24 #598740927 | Vendor Payment | | | Granite Telecommunications - 2398 | | 0.00 | (486.28) | 102,758.82 |
| 1002 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #PD Online 3/ 11/24 #598740931 | Vendor Payment | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | 102,582.61 |
| 1002 | 03/12/2024 | 03/12/2024 | 03/2024 | Deposit #9816 | AR Deposit | | | | | 166.36 | 0.00 | 102,748.97 |
| 1002 | 03/13/2024 | 03/13/2024 | 03/2024 | Check #1117 | Vendor Payment | | | Stelwagon Roofing Supply Inc | | 0.00 | (216.98) | 102,531.99 |
| 1002 | 03/14/2024 | 03/14/2024 | 03/2024 | Check #1118 | Vendor Payment | | | Everman Glass & Service | | 0.00 | (1,600.00) | 100,931.99 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1119 | Vendor Payment | | | Henry's Paving | | 0.00 | (3,000.00) | 97,931.99 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1120 | Vendor Payment | | | Henry's Paving | | 0.00 | (3,000.00) | 94,931.99 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1121 | Vendor Payment | | | Campion Masonry | | 0.00 | (10,000.00) | 84,931.99 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1122 | Vendor Payment | | | Energy Management Systems | | 0.00 | (150.00) | 84,781.99 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1123 | Vendor Payment | | | Health Mats Company | | 0.00 | (1,094.32) | 83,687.67 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1124 | Vendor Payment | | | Pa Dept of Labor & Industry - E | | 0.00 | (84.67) | 83,603.00 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1125 | Vendor Payment | | | Van's Lock Shop | | 0.00 | (125.93) | 83,477.07 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1126 | Vendor Payment | | | Western Pest Control | | 0.00 | (214.72) | 83,262.35 |
| 1002 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1119 - Reversal | Vendor Payment Reversal | | | Henry's Paving | | 3,000.00 | 0.00 | 86,262.35 |
| 1002 | 03/18/2024 | 03/15/2024 | 03/2024 | Deposit #9849 | AR Deposit | | | | | 29,033.58 | 0.00 | 115,295.93 |
| 1002 | 03/18/2024 | 03/18/2024 | 03/2024 | Check #1127 | Vendor Payment | | | Carroll Engineering Corporation | | 0.00 | (2,108.14) | 113,187.79 |
| 1002 | 03/18/2024 | 03/18/2024 | 03/2024 | Check #1128 | Vendor Payment | | | Linked Alarm LLC | | 0.00 | (1,264.16) | 111,923.63 |
| 1002 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1129 | Vendor Payment | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | 97,827.54 |
| 1002 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1130 | Vendor Payment | | | Johnstone Supply | | 0.00 | (905.03) | 96,922.51 |
| 1002 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1131 | Vendor Payment | | | Johnstone Supply | | 0.00 | (1,456.37) | 95,466.14 |
| 1002 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1130 - Reversal | Vendor Payment Reversal | | | Johnstone Supply | | 905.03 | 0.00 | 96,371.17 |
| 1002 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1132 | Vendor Payment | | | Johnstone Supply | | 0.00 | (1,600.51) | 94,770.66 |
| 1002 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1131 - Reversal | Vendor Payment Reversal | | | Johnstone Supply | | 1,456.37 | 0.00 | 96,227.03 |
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1133 | Vendor Payment | | | Darin Holiday | | 0.00 | (826.00) | 95,401.03 |
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1134 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (1,160.00) | 94,241.03 |
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1135 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 0.00 | (654.04) | 93,586.99 |
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 0.00 | (2,526.13) | 91,060.86 |
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1137 | Vendor Payment | | | Campion Masonry | | 0.00 | (10,000.00) | 81,060.86 |
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #Pd 3/22/24 Online #470187401052 | Vendor Payment | | | Republic Services #320 | | 0.00 | (2,686.43) | 78,374.43 |
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1135 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 654.04 | 0.00 | 79,028.47 |

Appx757

GL Details      Case 2:25-cv-00044-GAM      Document 29-1      Filed 05/16/25      Page 6 of 118 Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 2,526.13 | 0.00 | 81,554.60 |
| 1002 | 03/25/2024 | 03/25/2024 | 03/2024 | Check #1138 | Vendor Payment | | | Campion Masonry | | 0.00 | (10,000.00) | 71,554.60 |
| 1002 | 03/25/2024 | 03/25/2024 | 03/2024 | Check #1139 | Vendor Payment | | | SDS | | 0.00 | (2,849.02) | 68,705.58 |
| 1002 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #1140 | Vendor Payment | | | Traffic Marking Co | | 0.00 | (1,950.00) | 66,755.58 |
| 1002 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD 10/17/23 Online | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (314.44) | 66,441.14 |
| 1002 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD Online 12/6/23 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (314.44) | 66,126.70 |
| 1002 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD Online 2/16/24 #17360961173 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (674.56) | 65,452.14 |
| 1002 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD 17360961173 - $674.56 - Reversal | Vendor Payment Reversal | | | Comcast -8499 10 140 0056393 Keri System | | 961.16 | 0.00 | 66,413.30 |
| 1002 | 03/26/2024 | 03/22/2024 | 04/2024 | Deposit #9685 | AR Deposit | | | | | 43,616.91 | 0.00 | 110,030.21 |
| 1002 | 03/26/2024 | 03/26/2024 | 04/2024 | Deposit #9694 | AR Deposit | | | | | 17,141.10 | 0.00 | 127,171.31 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #0325202414133821 V489817 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (326.55) | 126,844.76 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1141 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (1,575.00) | 125,169.76 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1142 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 121,070.21 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | | | Office Basics | | 0.00 | (963.56) | 120,106.65 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1144 | Vendor Payment | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | 118,905.65 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #Pd 3/25/24 Online #12440923 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,542.38) | 117,363.27 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #PD Online 3/25/24 #12440971 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (499.67) | 116,863.60 |
| 1002 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #PD Online 3/6/24 #12139071 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,507.28) | 115,356.32 |
| 1002 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #1145 | Vendor Payment | | | Green Estates Lawn Sprinklers, Inc. | | 0.00 | (846.00) | 114,510.32 |
| 1002 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #PD Online 2/23/24 #11896820 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (858.12) | 113,652.20 |
| 1002 | 03/28/2024 | 03/28/2024 | 04/2024 | Deposit #9904 | AR Deposit | | | | | 0.00 | 0.00 | 113,652.20 |
| 1002 | 03/29/2024 | 03/29/2024 | 03/2024 | Check #1146 | Vendor Payment | | | Henry's Paving | | 0.00 | (3,000.00) | 110,652.20 |
| 1002 | 03/29/2024 | 03/29/2024 | 03/2024 | Check #1147 | Vendor Payment | | | Linked Alarm LLC | | 0.00 | (1,701.00) | 108,951.20 |
| 1002 | 03/29/2024 | 03/29/2024 | 03/2024 | Check #1148 | Vendor Payment | | | Campion Masonry | | 0.00 | (15,000.00) | 93,951.20 |
| 1002 | 03/31/2024 | 03/27/2024 | 04/2024 | Deposit #9697 | AR Deposit | | | | | 28,497.48 | 0.00 | 122,448.68 |
| 1002 | 04/01/2024 | 10/20/2024 | 04/2024 | Deposit #11516 | AR Deposit | | | | | 8,167.67 | 0.00 | 130,616.35 |
| 1002 | 04/02/2024 | 03/28/2024 | 04/2024 | Deposit #9903 | AR Deposit | | | | | 13,471.01 | 0.00 | 144,087.36 |
| 1002 | 04/02/2024 | 03/29/2024 | 04/2024 | Deposit #9911 | AR Deposit | | | | | 8,167.67 | 0.00 | 152,255.03 |
| 1002 | 04/04/2024 | 04/01/2024 | 04/2024 | Deposit #9925 | AR Deposit | | | | | 18,641.00 | 0.00 | 170,896.03 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Deposit #9972 | AR Deposit | | | | | 8,000.00 | 0.00 | 178,896.03 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | JE #2286 - SI-22134 | General Journal Entry | Payment for URI Invoice from Jenk RB; LP account unavailable | | | | 0.00 | (10,000.00) | 168,896.03 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1149 | Vendor Payment | | | Darin Holiday | | 0.00 | (784.00) | 168,112.03 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1150 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (420.00) | 167,692.03 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1151 | Vendor Payment | | | Darin Holiday | | 0.00 | (784.00) | 166,908.03 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1152 | Vendor Payment | | | Unlimited Restoration Specialists Inc | | 0.00 | (10,000.00) | 156,908.03 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1153 | Vendor Payment | | | Unlimited Restoration Specialists Inc | | 0.00 | (10,533.59) | 146,374.44 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1154 | Vendor Payment | | | Campion Masonry | | 0.00 | (16,125.00) | 130,249.44 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1155 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (501.99) | 129,747.45 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1156 | Vendor Payment | | | Campion Masonry | | 0.00 | (1,403.48) | 128,343.97 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1149 - Reversal | Vendor Payment Reversal | | | Darin Holiday | | 784.00 | 0.00 | 129,127.97 |
| 1002 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1152 - Reversal | Vendor Payment Reversal | | | Unlimited Restoration Specialists Inc | | 10,000.00 | 0.00 | 139,127.97 |
| 1002 | 04/08/2024 | 04/08/2024 | 04/2024 | Deposit #9991 | AR Deposit | | | | | 71,977.24 | 0.00 | 211,105.21 |
| 1002 | 04/09/2024 | 04/09/2024 | 04/2024 | Check #1157 | Vendor Payment | | | Joseph Fazzio Inc | | 0.00 | (794.95) | 210,310.26 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1158 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (10,230.00) | 200,080.26 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1159 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 195,980.71 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1160 | Vendor Payment | | | Health Mats Company | | 0.00 | (547.16) | 195,433.55 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1161 | Vendor Payment | | | Office Basics | | 0.00 | (326.07) | 195,107.48 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1162 | Vendor Payment | | | Zoom Drain & Septic Service | | 0.00 | (1,076.40) | 194,031.08 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1163 | Vendor Payment | | | Campion Masonry | | 0.00 | (11,209.50) | 182,821.58 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1164 | Vendor Payment | | | Campion Masonry | | 0.00 | (16,600.00) | 166,221.58 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #PD Online 4/12/24 #603684366 | Vendor Payment | | | Granite Telecommunications - 2398 | | 0.00 | (483.24) | 165,738.34 |
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #PD Online 4/12/24 #603684368 | Vendor Payment | | | Granite Telecommunications -6165 | | 0.00 | (176.21) | 165,562.13 |

Appx758

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 7 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1163 - Reversal | Vendor Payment Reversal | | | Campion Masonry | | 11,209.50 | 0.00 | 176,771.63 |
| 1002 | 04/15/2024 | 04/15/2024 | 04/2024 | Check #1165 | Vendor Payment | | | Jenkintown Borough | | 0.00 | (1,779.50) | 174,992.13 |
| 1002 | 04/15/2024 | 04/15/2024 | 04/2024 | Check #CC-4977 | Vendor Payment | | | Digital Reprographics Solutions | | 0.00 | (814.21) | 174,177.92 |
| 1002 | 04/15/2024 | 04/15/2024 | 04/2024 | Payment #CONF#20240415M MQFMP5L000092 | Vendor Payment | | | LUX Flooring Inc | | 0.00 | (39,184.23) | 134,993.69 |
| 1002 | 04/18/2024 | 04/18/2024 | 04/2024 | Check #1166 | Vendor Payment | | | Darin Holiday | | 0.00 | (619.00) | 134,374.69 |
| 1002 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1167 | Vendor Payment | | | Office Basics | | 0.00 | (396.03) | 133,978.66 |
| 1002 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1168 | Vendor Payment | | | Campion Masonry | | 0.00 | (12,600.00) | 121,378.66 |
| 1002 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1169 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (6,000.00) | 115,378.66 |
| 1002 | 04/19/2024 | 05/22/2024 | 04/2024 | Deposit #10309 | AR Deposit | | | | | 3,750.00 | 0.00 | 119,128.66 |
| 1002 | 04/22/2024 | 04/22/2024 | 04/2024 | Check #1170 | Vendor Payment | | | Middle Department Inspection Agency | | 0.00 | (165.00) | 118,963.66 |
| 1002 | 04/22/2024 | 04/22/2024 | 05/2024 | Deposit #10071 | AR Deposit | | | | | 0.00 | 0.00 | 118,963.66 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #1171 | Vendor Payment | | | Klenzoid Water Treatment | | 0.00 | (1,302.93) | 117,660.73 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #1172 | Vendor Payment | | | Traffic Marking Co | | 0.00 | (3,800.00) | 113,860.73 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #1173 | Vendor Payment | | | Pennsylvania One Call System, Inc | | 0.00 | (125.00) | 113,735.73 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online #3591284400 + $5.95 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 0.00 | (486.86) | 113,248.87 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #17808869633 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (675.08) | 112,573.79 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591121104 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (202.09) | 112,371.70 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591144366 + $5.95 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (758.56) | 111,613.14 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591157556 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,744.77) | 109,868.37 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591229450 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (460.31) | 109,408.06 |
| 1002 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591299744 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (3,944.04) | 105,464.02 |
| 1002 | 04/23/2024 | 04/23/2024 | 05/2024 | Deposit #10076 | AR Deposit | | | | | 17,241.91 | 0.00 | 122,705.93 |
| 1002 | 04/24/2024 | 04/22/2024 | 05/2024 | Deposit #10072 | AR Deposit | | | | | 17,141.10 | 0.00 | 139,847.03 |
| 1002 | 04/26/2024 | 04/26/2024 | 04/2024 | Check #1174 | Vendor Payment | | | Campion Masonry | | 0.00 | (15,000.00) | 124,847.03 |
| 1002 | 04/26/2024 | 04/26/2024 | 04/2024 | Check #1175 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (4,000.00) | 120,847.03 |
| 1002 | 04/29/2024 | 04/25/2024 | 05/2024 | Deposit #10086 | AR Deposit | | | | | 51,864.01 | 0.00 | 172,711.04 |
| 1002 | 05/02/2024 | 05/02/2024 | 05/2024 | Check #1176 | Vendor Payment | | | Zoom Drain & Septic Service | | 0.00 | (2,402.00) | 170,309.04 |
| 1002 | 05/02/2024 | 07/02/2024 | 05/2024 | Deposit #10608 | AR Deposit | | | | | 30,117.77 | 0.00 | 200,426.81 |
| 1002 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #0502202410304263 V072747 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (653.70) | 199,773.11 |
| 1002 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1177 | Vendor Payment | | | Darin Holiday | | 0.00 | (704.00) | 199,069.11 |
| 1002 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1178 | Vendor Payment | | | Office Basics | | 0.00 | (810.37) | 198,258.74 |
| 1002 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1179 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (224.00) | 198,034.74 |
| 1002 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1180 | Vendor Payment | | | Campion Masonry | | 0.00 | (20,215.00) | 177,819.74 |
| 1002 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #PD Online 3/ 25/24 #12240947 $1.95 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (497.72) | 177,322.02 |
| 1002 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #PD Online 4/ 3/24 WEMPMT0000714320 | Vendor Payment | | | National Construction Rentals | | 0.00 | (159.00) | 177,163.02 |
| 1002 | 05/06/2024 | 05/06/2024 | 05/2024 | Deposit #10185 | AR Deposit | | | | | 13,241.70 | 0.00 | 190,404.72 |
| 1002 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #1181 | Vendor Payment | | | Linked Alarm LLC | | 0.00 | (2,000.00) | 188,404.72 |
| 1002 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 12/18/23 #AQ0IWZQF | Vendor Payment | | | Aqua 0279895 | | 0.00 | (246.75) | 188,157.97 |
| 1002 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 10/25/23 #AQ0IEV86 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (491.07) | 187,666.90 |
| 1002 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 1/ 22/24 #AQ0JAPZX | Vendor Payment | | | Aqua 0279895 | | 0.00 | (516.61) | 187,150.29 |
| 1002 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 9/ 22/23 $244.32 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (244.32) | 186,905.97 |
| 1002 | 05/08/2024 | 05/09/2024 | 05/2024 | Payment #CONF# 20240508MMQFMP5 L000050 | Vendor Payment | | | LUX Flooring Inc | | 0.00 | (4,379.90) | 182,526.07 |
| 1002 | 05/09/2024 | 05/09/2024 | 05/2024 | Check #1182 | Vendor Payment | | | Re-Steel Supply Services, Inc. | | 0.00 | (11,622.90) | 170,903.17 |
| 1002 | 05/09/2024 | 05/09/2024 | 05/2024 | Check #Pd Online 1/ 9/24 #462709301052 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,568.96) | 169,334.21 |
| 1002 | 05/09/2024 | 05/09/2024 | 05/2024 | Check #PD Online 5/ 9/24 #475327828052 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,554.16) | 167,780.05 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Deposit #10243 | AR Deposit | | | | | 6,522.74 | 0.00 | 174,302.79 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1183 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (10,424.00) | 163,878.79 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1184 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (3,000.00) | 160,878.79 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1185 | Vendor Payment | | | Campion Masonry | | 0.00 | (16,360.00) | 144,518.79 |

Appx759

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 8 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1186 | Vendor Payment | | | Viva Environmental,Health & Safety LLC | | 0.00 | (1,480.00) | 143,038.79 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 10/25/23 #AQ0ID6CZ | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,575.98) | 140,462.81 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/25/24 #12440923 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,542.38) | 138,920.43 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/6/24 #12139071 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,507.28) | 137,413.15 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 4/17/24 #12890660 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,841.44) | 135,571.71 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 8/25/23 #AQ0HTTYL | Vendor Payment | | | Aqua 0277390 | | 0.00 | (3,506.07) | 132,065.64 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 9/22/23 $3,254.68 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (3,254.68) | 128,810.96 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #Pd 3/25/24 Online #12440923 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 1,542.38 | 0.00 | 130,353.34 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 10/25/23 #AQ0ID6CZ $2,572.98 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 2,575.25 | 0.00 | 132,928.59 |
| 1002 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/6/24 #12139071 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 1,507.28 | 0.00 | 134,435.87 |
| 1002 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 4/17/24 #12888801+ $1.95 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (479.59) | 133,956.28 |
| 1002 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 9/22/23 $376.62 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (376.62) | 133,579.66 |
| 1002 | 05/13/2024 | 07/05/2024 | 05/2024 | Deposit #10671 | AR Deposit | | | | | 0.00 | 0.00 | 133,579.66 |
| 1002 | 05/13/2024 | 07/05/2024 | 05/2024 | Deposit #10674 | AR Deposit | | | | | 3,500.00 | 0.00 | 137,079.66 |
| 1002 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1187 | Vendor Payment | | | Darin Holiday | | 0.00 | (784.00) | 136,295.66 |
| 1002 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1188 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (2,037.00) | 134,258.66 |
| 1002 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | | | Office Basics | | 0.00 | (728.80) | 133,529.86 |
| 1002 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #1190 | Vendor Payment | | | Hillis-Carnes Engineering Associates | | 0.00 | (960.00) | 132,569.86 |
| 1002 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #1191 | Vendor Payment | | | Campion Masonry | | 0.00 | (13,675.00) | 118,894.86 |
| 1002 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #PD Online 5/14/24 #13450159 $1718.00 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (1,710.91) | 117,183.95 |
| 1002 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #Pd Online 5/17/24 #13450125 $253.31 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (251.36) | 116,932.59 |
| 1002 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #Pd Online 5/17/24 #13450229 +$1.95 fee | Vendor Payment | | | Aqua 0279895 | | 0.00 | (251.36) | 116,681.23 |
| 1002 | 05/20/2024 | 05/20/2024 | 05/2024 | Check #1192 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (1,950.00) | 114,731.23 |
| 1002 | 05/21/2024 | 05/20/2024 | 05/2024 | Deposit #10294 | AR Deposit | | | | | 1,385.82 | 0.00 | 116,117.05 |
| 1002 | 05/21/2024 | 05/21/2024 | 05/2024 | Check #1193 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (675.00) | 115,442.05 |
| 1002 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10304 | AR Deposit | | | | | 0.00 | 0.00 | 115,442.05 |
| 1002 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10305 | AR Deposit | | | | | 0.00 | 0.00 | 115,442.05 |
| 1002 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10306 | AR Deposit | | | | | 0.00 | 0.00 | 115,442.05 |
| 1002 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10307 | AR Deposit Reversal | Offsetting deposit for: 754081 | | | | 0.00 | 0.00 | 115,442.05 |
| 1002 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10308 | AR Deposit | | | | | 43,616.91 | 0.00 | 159,058.96 |
| 1002 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10310 | AR Deposit | | | | | 3,750.00 | 0.00 | 162,808.96 |
| 1002 | 05/23/2024 | 05/23/2024 | 05/2024 | Deposit #10320 | AR Deposit | | | | | 0.00 | 0.00 | 162,808.96 |
| 1002 | 05/24/2024 | 05/24/2024 | 05/2024 | Check #1194 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,000.00) | 156,808.96 |
| 1002 | 05/24/2024 | 05/24/2024 | 05/2024 | Check #1195 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,799.00) | 152,009.96 |
| 1002 | 05/28/2024 | 05/28/2024 | 05/2024 | Deposit #10335 | AR Deposit | | | | | 15,285.52 | 0.00 | 167,295.48 |
| 1002 | 05/28/2024 | 05/28/2024 | 05/2024 | Check #1196 | Vendor Payment | | | Grove Supply Inc, Phila BR6 | | 0.00 | (680.14) | 166,615.34 |
| 1002 | 05/29/2024 | 05/29/2024 | 05/2024 | Check #1197 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 0.00 | (1,050.00) | 165,565.34 |
| 1002 | 05/29/2024 | 05/29/2024 | 05/2024 | Check #1198 | Vendor Payment | | | Campion Masonry | | 0.00 | (18,619.16) | 146,946.18 |
| 1002 | 05/29/2024 | 05/29/2024 | 05/2024 | Check #1199 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (7,300.00) | 139,646.18 |
| 1002 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1200 | Vendor Payment | | | Grove Supply Inc, Phila BR6 | | 0.00 | (2,170.22) | 137,475.96 |
| 1002 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1201 | Vendor Payment | | | Joseph Fazzio Inc | | 0.00 | (7,935.37) | 129,540.59 |
| 1002 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1202 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,000.00) | 123,540.59 |
| 1002 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1203 | Vendor Payment | | | National Construction Rentals | | 0.00 | (1,122.29) | 122,418.30 |
| 1002 | 05/31/2024 | 05/31/2024 | 05/2024 | Deposit #10363 | AR Deposit | | | | | 17,141.10 | 0.00 | 139,559.40 |
| 1002 | 05/31/2024 | 05/31/2024 | 05/2024 | Deposit #10364 | AR Deposit | | | | | 8,167.67 | 0.00 | 147,727.07 |
| 1002 | 05/31/2024 | 05/31/2024 | 05/2024 | Check #1204 | Vendor Payment | | | Darin Holiday | | 0.00 | (684.00) | 147,043.07 |
| 1002 | 05/31/2024 | 05/31/2024 | 05/2024 | Check #1205 | Vendor Payment | | | Jun Aspa | | 0.00 | (241.05) | 146,802.02 |
| 1002 | 05/31/2024 | 05/31/2024 | 05/2024 | Check #1206 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (2,200.00) | 144,602.02 |
| 1002 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #1207 | Vendor Payment | | | Cardinal USA Fuel Oil Co | | 0.00 | (1,284.49) | 143,317.53 |
| 1002 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #1208 | Vendor Payment | | | Digital Reprographics Solutions | | 0.00 | (765.04) | 142,552.49 |
| 1002 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #1209 | Vendor Payment | | | Ferguson Enterprises Inc | | 0.00 | (634.45) | 141,918.04 |

Appx760

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 9 of 118 Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #PD Online 5/17/24 #13450198 + $1.95 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (456.65) | 141,461.39 |
| 1002 | 06/03/2024 | 07/02/2024 | 06/2024 | Deposit #10601 | AR Deposit | | | | | 0.00 | 0.00 | 141,461.39 |
| 1002 | 06/03/2024 | 07/02/2024 | 06/2024 | Deposit #10607 | AR Deposit | | | | | 30,117.77 | 0.00 | 171,579.16 |
| 1002 | 06/03/2024 | 07/05/2024 | 06/2024 | Deposit #10672 | AR Deposit | | | | | 0.00 | 0.00 | 171,579.16 |
| 1002 | 06/03/2024 | 07/05/2024 | 06/2024 | Deposit #10673 | AR Deposit | | | | | 0.00 | 0.00 | 171,579.16 |
| 1002 | 06/03/2024 | 07/05/2024 | 06/2024 | Deposit #10675 | AR Deposit | | | | | 8,000.00 | 0.00 | 179,579.16 |
| 1002 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #1210 | Vendor Payment | | | Concrete Service Materials Inc | | 0.00 | (908.95) | 178,670.21 |
| 1002 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #1211 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (6,500.00) | 172,170.21 |
| 1002 | 06/05/2024 | 06/05/2024 | 06/2024 | Check #1212 | Vendor Payment | | | Ferguson Enterprises Inc | | 0.00 | (786.71) | 171,383.50 |
| 1002 | 06/05/2024 | 06/05/2024 | 06/2024 | Check #1213 | Vendor Payment | | | The Borough of Jenkintown | | 0.00 | (54.50) | 171,329.00 |
| 1002 | 06/05/2024 | 07/05/2024 | 06/2024 | Deposit #10676 | AR Deposit | | | | | 8,000.00 | 0.00 | 179,329.00 |
| 1002 | 06/06/2024 | 06/06/2024 | 06/2024 | Deposit #10432 | AR Deposit | | | | | 11,241.90 | 0.00 | 190,570.90 |
| 1002 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (1,476.40) | 189,094.50 |
| 1002 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1215 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (1,476.40) | 187,618.10 |
| 1002 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1216 | Vendor Payment | | | Digital Reprographics Solutions | | 0.00 | (467.37) | 187,150.73 |
| 1002 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1217 | Vendor Payment | | | Lowe's Home Centers LLC | | 0.00 | (1,534.75) | 185,615.98 |
| 1002 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 - Reversal | Vendor Payment Reversal | | | Elevator Construction & Repair | | 1,476.40 | 0.00 | 187,092.38 |
| 1002 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1218 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,000.00) | 181,092.38 |
| 1002 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1219 | Vendor Payment | | | Campion Masonry | | 0.00 | (14,850.00) | 166,242.38 |
| 1002 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1220 | Vendor Payment | | | Campion Masonry | | 0.00 | (1,403.48) | 164,838.90 |
| 1002 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1221 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (16,800.00) | 148,038.90 |
| 1002 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1224 | Vendor Payment | | | TB Philly, Inc | | 0.00 | (2,500.00) | 145,538.90 |
| 1002 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1225 | Vendor Payment | | | Office Basics | | 0.00 | (619.22) | 144,919.68 |
| 1002 | 06/10/2024 | 06/10/2024 | 06/2024 | Deposit #10473 | AR Deposit | | | | | 4,361.41 | 0.00 | 149,281.09 |
| 1002 | 06/10/2024 | 06/10/2024 | 06/2024 | Check #1222 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (223.44) | 149,057.65 |
| 1002 | 06/10/2024 | 06/10/2024 | 06/2024 | Check #1223 | Vendor Payment | | | Pa Dept of Labor & Industry - E | | 0.00 | (945.14) | 148,112.51 |
| 1002 | 06/12/2024 | 06/12/2024 | 06/2024 | Check #1226 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (1,083.17) | 147,029.34 |
| 1002 | 06/12/2024 | 06/12/2024 | 06/2024 | Check #1227 | Vendor Payment | | | Digital Reprographics Solutions | | 0.00 | (217.30) | 146,812.04 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1228 | Vendor Payment | | | Concrete Service Materials Inc | | 0.00 | (360.40) | 146,451.64 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1229 | Vendor Payment | | | Darin Holiday | | 0.00 | (606.00) | 145,845.64 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1230 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,736.00) | 142,109.64 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1231 | Vendor Payment | | | America Heating and Air | | 0.00 | (1,000.00) | 141,109.64 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1232 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (5,655.00) | 135,454.64 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1233 | Vendor Payment | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | 121,358.55 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1234 | Vendor Payment | | | Campion Masonry | | 0.00 | (10,993.00) | 110,365.55 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1235 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,000.00) | 104,365.55 |
| 1002 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1236 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (1,500.00) | 102,865.55 |
| 1002 | 06/14/2024 | 06/14/2024 | 06/2024 | Check #1237 | Vendor Payment | | | Ferguson Enterprises Inc | | 0.00 | (677.42) | 102,188.13 |
| 1002 | 06/14/2024 | 06/14/2024 | 06/2024 | Check #1238 | Vendor Payment | | | Ferguson Enterprises Inc | | 0.00 | (712.11) | 101,476.02 |
| 1002 | 06/14/2024 | 06/14/2024 | 06/2024 | Check #1237 - Reversal | Vendor Payment Reversal | | | Ferguson Enterprises Inc | | 677.42 | 0.00 | 102,153.44 |
| 1002 | 06/19/2024 | 06/19/2024 | 06/2024 | Check #1239 | Vendor Payment | | | Ferguson Enterprises Inc | | 0.00 | (445.68) | 101,707.76 |
| 1002 | 06/21/2024 | 06/21/2024 | 06/2024 | Check #0613202415500435 V463931 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (468.95) | 101,238.81 |
| 1002 | 06/24/2024 | 06/24/2024 | 06/2024 | Deposit #10546 | AR Deposit | | | | | 17,141.10 | 0.00 | 118,379.91 |
| 1002 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1240 | Vendor Payment | | | Concrete Service Materials Inc | | 0.00 | (360.40) | 118,019.51 |
| 1002 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1241 | Vendor Payment | | | Campion Masonry | | 0.00 | (10,993.00) | 107,026.51 |
| 1002 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1242 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,166.51) | 100,860.00 |
| 1002 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1243 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,166.51) | 94,693.49 |
| 1002 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1234 - Reversal | Vendor Payment Reversal | | | Campion Masonry | | 10,993.00 | 0.00 | 105,686.49 |
| 1002 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1242 - Reversal | Vendor Payment Reversal | | | CS Contractor Corp | | 6,166.51 | 0.00 | 111,853.00 |
| 1002 | 06/25/2024 | 06/25/2024 | 06/2024 | Check #1244 | Vendor Payment | | | Electronic Security Systems | | 0.00 | (871.20) | 110,981.80 |
| 1002 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1245 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,756.00) | 107,225.80 |
| 1002 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1246 | Vendor Payment | | | Health Mats Company | | 0.00 | (1,094.32) | 106,131.48 |
| 1002 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1247 | Vendor Payment | | | Bowman | | 0.00 | (11,284.91) | 94,846.57 |
| 1002 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1230 - Reversal | Vendor Payment Reversal | | | RW Electrical LLC | | 3,736.00 | 0.00 | 98,582.57 |
| 1002 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1248 | Vendor Payment | | | Advanced Electronic Security | | 0.00 | (2,000.00) | 96,582.57 |

Appx761

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1249 | Vendor Payment | | | Darin Holiday | | 0.00 | (682.00) | 95,900.57 |
| 1002 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1250 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,304.00) | 92,596.57 |
| 1002 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1251 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (11,573.00) | 81,023.57 |
| 1002 | 06/28/2024 | 06/28/2024 | 06/2024 | Deposit #10569 | AR Deposit | | | | | 15,285.52 | 0.00 | 96,309.09 |
| 1002 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1252 | Vendor Payment | | | Campion Masonry | | 0.00 | (13,200.00) | 83,109.09 |
| 1002 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1253 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,625.00) | 76,484.09 |
| 1002 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | | | Ferguson Enterprises | | 0.00 | (2,177.74) | 74,306.35 |
| 1002 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1256 | Vendor Payment | | | Office Basics | | 0.00 | (697.38) | 73,608.97 |
| 1002 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1257 | Vendor Payment | | | Linked Alarm LLC | | 0.00 | (1,000.00) | 72,608.97 |
| 1002 | 06/28/2024 | 07/02/2024 | 06/2024 | Deposit #10606 | AR Deposit | | | | | 8,167.67 | 0.00 | 80,776.64 |
| 1002 | 07/01/2024 | 06/28/2024 | 07/2024 | Deposit #10572 | AR Deposit | | | | | 43,616.91 | 0.00 | 124,393.55 |
| 1002 | 07/01/2024 | 07/01/2024 | 07/2024 | Check #1258 | Vendor Payment | | | Linked Alarm LLC | | 0.00 | (1,000.00) | 123,393.55 |
| 1002 | 07/01/2024 | 07/01/2024 | 07/2024 | Check #1259 | Vendor Payment | | | Joseph Fazzio Inc | | 0.00 | (7,935.37) | 115,458.18 |
| 1002 | 07/01/2024 | 10/20/2024 | 07/2024 | Deposit #11517 | AR Deposit | | | | | 7,968.46 | 0.00 | 123,426.64 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10602 | AR Deposit | | | | | 30,117.77 | 0.00 | 153,544.41 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10603 | AR Deposit | | | | | 17,141.10 | 0.00 | 170,685.51 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10604 | AR Deposit | | | | | 1,500.00 | 0.00 | 172,185.51 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10605 | AR Deposit | | | | | 3,750.00 | 0.00 | 175,935.51 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10609 | AR Deposit | | | | | 1,000.00 | 0.00 | 176,935.51 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #1260 | Vendor Payment | | | Traffic Marking Co | | 0.00 | (1,800.00) | 175,135.51 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #1261 | Vendor Payment | | | Ferguson Enterprises Inc | | 0.00 | (2,326.75) | 172,808.76 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #1262 | Vendor Payment | | | Carroll Engineering Corporation | | 0.00 | (4,216.27) | 168,592.49 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/24/24 #14061397 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,289.12) | 166,303.37 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/24/24 #14061437 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (641.04) | 165,662.33 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/24/24 #14061468 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (251.36) | 165,410.97 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/24/24 #14061483 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (251.36) | 165,159.61 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/24/24 #18239908223 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (357.50) | 164,802.11 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/4/24 #608742265 | Vendor Payment | | | Granite Telecommunications - 2398 | | 0.00 | (483.27) | 164,318.84 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/4/24 #608742267 | Vendor Payment | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | 164,142.63 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 7/1/24 #613771305 | Vendor Payment | | | Granite Telecommunications - 2398 | | 0.00 | (491.13) | 163,651.50 |
| 1002 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 7/1/24 #613771329 | Vendor Payment | | | Granite Telecommunications-6165 | | 0.00 | (179.07) | 163,472.43 |
| 1002 | 07/02/2024 | 07/09/2024 | 07/2024 | Deposit #10714 | AR Deposit | | | | | 0.00 | (17,141.10) | 146,331.33 |
| 1002 | 07/03/2024 | 07/03/2024 | 07/2024 | Check #1263 | Vendor Payment | | | Campion Masonry | | 0.00 | (16,160.00) | 130,171.33 |
| 1002 | 07/03/2024 | 07/05/2024 | 07/2024 | Deposit #10677 | AR Deposit | | | | | 10,000.00 | 0.00 | 140,171.33 |
| 1002 | 07/08/2024 | 07/08/2024 | 07/2024 | Check #1264 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (8,000.00) | 132,171.33 |
| 1002 | 07/09/2024 | 07/09/2024 | 07/2024 | Check #1265 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (783.87) | 131,387.46 |
| 1002 | 07/09/2024 | 07/09/2024 | 07/2024 | Check #PD Online 7/8/24 #481313366052 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,881.16) | 129,506.30 |
| 1002 | 07/10/2024 | 07/08/2024 | 07/2024 | Deposit #10693 | AR Deposit | | | | | 4,361.41 | 0.00 | 133,867.71 |
| 1002 | 07/10/2024 | 07/10/2024 | 07/2024 | Deposit #10726 | AR Deposit | | | | | 8,741.70 | 0.00 | 142,609.41 |
| 1002 | 07/10/2024 | 07/10/2024 | 07/2024 | Check #1266 | Vendor Payment | | | Green Estates Lawn Sprinklers, Inc. | | 0.00 | (1,375.00) | 141,234.41 |
| 1002 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1267 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 0.00 | (1,050.00) | 140,184.41 |
| 1002 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1268 | Vendor Payment | | | Advanced Electronic Security | | 0.00 | (2,000.00) | 138,184.41 |
| 1002 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1269 | Vendor Payment | | | Joseph Fazzio Inc | | 0.00 | (8,268.42) | 129,915.99 |
| 1002 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1270 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,281.00) | 125,634.99 |
| 1002 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1271 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 121,535.44 |
| 1002 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1272 | Vendor Payment | | | PA Dept of Labor & Industry-B | | 0.00 | (106.58) | 121,428.86 |
| 1002 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1273 | Vendor Payment | | | Campion Masonry | | 0.00 | (13,015.50) | 108,413.36 |
| 1002 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1274 | Vendor Payment | | | Darin Holiday | | 0.00 | (532.00) | 107,881.36 |
| 1002 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1275 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,119.00) | 104,762.36 |
| 1002 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1276 | Vendor Payment | | | Re-Steel Supply Services, Inc. | | 0.00 | (12,142.30) | 92,620.06 |
| 1002 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #1277 | Vendor Payment | | | City Electric Supply | | 0.00 | (447.01) | 92,173.05 |
| 1002 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #1278 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,000.00) | 86,173.05 |
| 1002 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #PD Online 7/12/24 #3741391370 + $5.95 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (528.51) | 85,644.54 |
| 1002 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1279 | Vendor Payment | | | Sherwin Williams | | 0.00 | (243.40) | 85,401.14 |
| 1002 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1280 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,435.00) | 80,966.14 |
| 1002 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1281 | Vendor Payment | | | City Electric Supply | | 0.00 | (447.01) | 80,519.13 |
| 1002 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1277 - Reversal | Vendor Payment Reversal | | | City Electric Supply | | 447.01 | 0.00 | 80,966.14 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 07/19/2024 | 07/19/2024 | 07/2024 | Check #1282 | Vendor Payment | | | Ferguson Enterprises Inc | | 0.00 | (634.04) | 80,332.10 |
| 1002 | 07/24/2024 | 07/24/2024 | 07/2024 | Check #1283 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (930.00) | 79,402.10 |
| 1002 | 07/26/2024 | 07/26/2024 | 07/2024 | Check #1284 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,207.00) | 75,195.10 |
| 1002 | 07/26/2024 | 07/26/2024 | 07/2024 | Check #1285 | Vendor Payment | | | Darin Holiday | | 0.00 | (784.00) | 74,411.10 |
| 1002 | 07/26/2024 | 07/26/2024 | 07/2024 | Check #1286 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,952.00) | 70,459.10 |
| 1002 | 07/26/2024 | 07/24/2024 | 08/2024 | Deposit #10802 | AR Deposit | | | | | 74,722.60 | 0.00 | 145,181.70 |
| 1002 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1287 | Vendor Payment | | | Western Pest Control | | 0.00 | (429.44) | 144,752.26 |
| 1002 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1288 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 140,652.71 |
| 1002 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1289 | Vendor Payment | | | Health Mats Company | | 0.00 | (547.16) | 140,105.55 |
| 1002 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1290 | Vendor Payment | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | 138,904.55 |
| 1002 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1291 | Vendor Payment | | | Joseph Fazzio Inc | | 0.00 | (2,595.07) | 136,309.48 |
| 1002 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1292 | Vendor Payment | | | Office Basics | | 0.00 | (523.00) | 135,786.48 |
| 1002 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1293 | Vendor Payment | | | United Rentals | | 0.00 | (2,562.18) | 133,224.30 |
| 1002 | 08/02/2024 | 08/02/2024 | 08/2024 | Check #1294 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (5,200.00) | 128,024.30 |
| 1002 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770295458 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (343.38) | 127,680.92 |
| 1002 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770401734 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (303.36) | 127,377.56 |
| 1002 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770404096 + $5.95 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 0.00 | (338.55) | 127,039.01 |
| 1002 | 08/07/2024 | 08/07/2024 | 08/2024 | Deposit #10937 | AR Deposit | | | | | 8,341.90 | 0.00 | 135,380.91 |
| 1002 | 08/07/2024 | 08/07/2024 | 08/2024 | Check #1295 | Vendor Payment | | | SE2 Engineering, LLC | | 0.00 | (4,000.00) | 131,380.91 |
| 1002 | 08/08/2024 | 08/08/2024 | 08/2024 | Check #1296 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (1,640.00) | 129,740.91 |
| 1002 | 08/08/2024 | 08/08/2024 | 08/2024 | Check #1297 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (302.39) | 129,438.52 |
| 1002 | 08/08/2024 | 08/08/2024 | 08/2024 | Check #1298 | Vendor Payment | | | United Rentals | | 0.00 | (3,559.48) | 125,879.04 |
| 1002 | 08/08/2024 | 08/19/2024 | 08/2024 | Deposit #11010 | AR Deposit | | | | | 8,000.00 | 0.00 | 133,879.04 |
| 1002 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1299 | Vendor Payment | | | Darin Holiday | | 0.00 | (748.00) | 133,131.04 |
| 1002 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1300 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (4,230.00) | 128,901.04 |
| 1002 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1301 | Vendor Payment | | | ATIS Elevator Inspections, LLC | | 0.00 | (588.00) | 128,313.04 |
| 1002 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1303 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (7,000.00) | 121,313.04 |
| 1002 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1304 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (1,820.00) | 119,493.04 |
| 1002 | 08/12/2024 | 08/12/2024 | 08/2024 | Check #1305 | Vendor Payment | | | Elevator GSM LLC | | 0.00 | (675.00) | 118,818.04 |
| 1002 | 08/13/2024 | 08/19/2024 | 08/2024 | Deposit #11011 | AR Deposit | | | | | 9,000.00 | 0.00 | 127,818.04 |
| 1002 | 08/15/2024 | 08/15/2024 | 08/2024 | Deposit #10994 | AR Deposit | | | | | 7,119.49 | 0.00 | 134,937.53 |
| 1002 | 08/16/2024 | 08/16/2024 | 08/2024 | Check #1306 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 0.00 | (1,050.00) | 133,887.53 |
| 1002 | 08/16/2024 | 08/19/2024 | 08/2024 | Deposit #11006 | AR Deposit | | | | | 8,167.67 | 0.00 | 142,055.20 |
| 1002 | 08/16/2024 | 08/19/2024 | 08/2024 | Deposit #11009 | AR Deposit | | | | | 30,117.77 | 0.00 | 172,172.97 |
| 1002 | 08/19/2024 | 08/19/2024 | 08/2024 | Check #1307 | Vendor Payment | | | Sherwin Williams | | 0.00 | (302.50) | 171,870.47 |
| 1002 | 08/19/2024 | 08/19/2024 | 08/2024 | Check #1308 | Vendor Payment | | | Sherwin Williams | | 0.00 | (302.50) | 171,567.97 |
| 1002 | 08/19/2024 | 08/19/2024 | 08/2024 | Check #1307 - Reversal | Vendor Payment Reversal | | | Sherwin Williams | | 302.50 | 0.00 | 171,870.47 |
| 1002 | 08/20/2024 | 08/20/2024 | 08/2024 | Deposit #11022 | AR Deposit | | | | | 3,750.00 | 0.00 | 175,620.47 |
| 1002 | 08/20/2024 | 08/20/2024 | 08/2024 | Check #1309 | Vendor Payment | | | Sherwin Williams | | 0.00 | (136.95) | 175,483.52 |
| 1002 | 08/21/2024 | 08/16/2024 | 08/2024 | Deposit #11005 | AR Deposit | | | | | 5,929.92 | 0.00 | 181,413.44 |
| 1002 | 08/21/2024 | 08/21/2024 | 09/2024 | Deposit #11033 | AR Deposit | | | | | 17,141.10 | 0.00 | 198,554.54 |
| 1002 | 08/22/2024 | 08/22/2024 | 08/2024 | Check #1310 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (2,880.00) | 195,674.54 |
| 1002 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1311 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,736.00) | 191,938.54 |
| 1002 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | | | Office Basics | | 0.00 | (1,010.19) | 190,928.35 |
| 1002 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1313 | Vendor Payment | | | Dan-Nick Enterprises inc. | | 0.00 | (975.00) | 189,953.35 |
| 1002 | 08/23/2024 | 09/24/2024 | 08/2024 | Deposit #11276 | AR Deposit | | | | | 3,750.00 | 0.00 | 193,703.35 |
| 1002 | 08/27/2024 | 08/28/2024 | 08/2024 | Deposit #11062 | AR Deposit | | | | | 17,014.42 | 0.00 | 210,717.77 |
| 1002 | 08/27/2024 | 10/22/2024 | 09/2024 | Deposit #11529 | AR Deposit | | | | | 3,182.91 | 0.00 | 213,900.68 |
| 1002 | 08/28/2024 | 08/28/2024 | 08/2024 | Deposit #11061 | AR Deposit | | | | | 43,616.91 | 0.00 | 257,517.59 |
| 1002 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1314 | Vendor Payment | | | Seacoast Mechanical | | 0.00 | (4,152.00) | 253,365.59 |
| 1002 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1315 | Vendor Payment | | | Hillis-Carnes Engineering Associates | | 0.00 | (3,486.25) | 249,879.34 |
| 1002 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1316 | Vendor Payment | | | Carroll Engineering Corporation | | 0.00 | (5,632.00) | 244,247.34 |
| 1002 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1317 | Vendor Payment | | | Bowman | | 0.00 | (2,655.00) | 241,592.34 |
| 1002 | 08/30/2024 | 09/05/2024 | 08/2024 | Deposit #11142 | AR Deposit | | | | | 8,167.67 | 0.00 | 249,760.01 |
| 1002 | 08/30/2024 | 09/05/2024 | 08/2024 | Deposit #11143 | AR Deposit | | | | | 30,117.77 | 0.00 | 279,877.78 |
| 1002 | 08/30/2024 | 08/27/2024 | 09/2024 | Deposit #11052 | AR Deposit | | | | | 45,116.91 | 0.00 | 324,994.69 |
| 1002 | 08/31/2024 | 08/30/2024 | 09/2024 | Deposit #11077 | AR Deposit | | | | | 1,500.00 | 0.00 | 326,494.69 |
| 1002 | 09/03/2024 | 09/04/2024 | 09/2024 | Deposit #11107 | AR Deposit | | | | | 0.00 | 0.00 | 326,494.69 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Deposit #11111 | AR Deposit | | | | | 2,125.58 | 0.00 | 328,620.27 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1318 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 324,520.72 |

Appx763

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1319 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 320,421.17 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1320 | Vendor Payment | | | SDS | | 0.00 | (1,971.72) | 318,449.45 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1321 | Vendor Payment | | | Energy Management Systems | | 0.00 | (150.00) | 318,299.45 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1322 | Vendor Payment | | | Energy Management Systems | | 0.00 | (450.00) | 317,849.45 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #Pd Online 8/ 7/24 #623875569 | Vendor Payment | | | Granite Telecommunication s - 2398 | | 0.00 | (979.86) | 316,869.59 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #Pd Online 8/ 7/24 #623875573 | Vendor Payment | | | Granite Telecommunication s-6165 | | 0.00 | (355.28) | 316,514.31 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1318 - Reversal | Vendor Payment Reversal | | | BCS Facilities Group | | 4,099.55 | 0.00 | 320,613.86 |
| 1002 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1321 - Reversal | Vendor Payment Reversal | | | Energy Management Systems | | 150.00 | 0.00 | 320,763.86 |
| 1002 | 09/05/2024 | 09/05/2024 | 09/2024 | Deposit #11141 | AR Deposit | | | | | 8,341.70 | 0.00 | 329,105.56 |
| 1002 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1323 | Vendor Payment | | | Campion Masonry | | 0.00 | (13,643.00) | 315,462.56 |
| 1002 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1324 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (5,000.00) | 310,462.56 |
| 1002 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1325 | Vendor Payment | | | D. A. Mitchell LLC | | 0.00 | (4,900.00) | 305,562.56 |
| 1002 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1326 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,968.00) | 301,594.56 |
| 1002 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1327 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (5,000.00) | 296,594.56 |
| 1002 | 09/06/2024 | 09/06/2024 | 09/2024 | Deposit #11160 | AR Deposit | | | | | 8,000.00 | 0.00 | 304,594.56 |
| 1002 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1328 | Vendor Payment | | | Advanced Electronic Security | | 0.00 | (2,276.00) | 302,318.56 |
| 1002 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 0.00 | (2,361.79) | 299,956.77 |
| 1002 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1330 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,762.23) | 298,194.54 |
| 1002 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1331 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (2,600.00) | 295,594.54 |
| 1002 | 09/10/2024 | 09/10/2024 | 09/2024 | Check #1332 | Vendor Payment | | | United Rentals | | 0.00 | (4,898.51) | 290,696.03 |
| 1002 | 09/10/2024 | 09/10/2024 | 09/2024 | Check #1333 | Vendor Payment | | | Atomic Extinguisher Services | | 0.00 | (856.59) | 289,839.44 |
| 1002 | 09/11/2024 | 09/11/2024 | 09/2024 | Deposit #11209 | AR Deposit | | | | | 4,643.21 | 0.00 | 294,482.65 |
| 1002 | 09/11/2024 | 09/11/2024 | 09/2024 | Check #1334 | Vendor Payment | | | Traffic Marking Co | | 0.00 | (1,900.00) | 292,582.65 |
| 1002 | 09/11/2024 | 09/11/2024 | 09/2024 | Check #1335 | Vendor Payment | | | Health Mats Company | | 0.00 | (1,094.32) | 291,488.33 |
| 1002 | 09/12/2024 | 09/12/2024 | 09/2024 | Check #1336 | Vendor Payment | | | Cardinal USA Fuel Oil Co | | 0.00 | (1,229.15) | 290,259.18 |
| 1002 | 09/12/2024 | 09/12/2024 | 09/2024 | Check #PD Online 7/ 29/24 #14708656 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (250.61) | 290,008.57 |
| 1002 | 09/13/2024 | 09/13/2024 | 09/2024 | Check #PD Online 7/ 29/24 #14708637 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (575.31) | 289,433.26 |
| 1002 | 09/13/2024 | 09/13/2024 | 09/2024 | Check #PD Online 7/ 29/24 #14708682 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (250.61) | 289,182.65 |
| 1002 | 09/13/2024 | 09/13/2024 | 09/2024 | Check #PD Online 7/ 29/24 #14708694 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (3,202.56) | 285,980.09 |
| 1002 | 09/16/2024 | 09/16/2024 | 09/2024 | Check #PD Online 7/ 18/24 #18409322523 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (375.25) | 285,604.84 |
| 1002 | 09/16/2024 | 09/16/2024 | 09/2024 | Check #Pd Online 9/ 16/24 #18862602963 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (745.67) | 284,859.17 |
| 1002 | 09/17/2024 | 09/17/2024 | 09/2024 | Check #1337 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 0.00 | (700.00) | 284,159.17 |
| 1002 | 09/17/2024 | 09/24/2024 | 10/2024 | Deposit #11273 | AR Deposit | | | | | 5,000.00 | 0.00 | 289,159.17 |
| 1002 | 09/19/2024 | 09/24/2024 | 10/2024 | Deposit #11274 | AR Deposit | | | | | 1,480.00 | 0.00 | 290,639.17 |
| 1002 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #1338 | Vendor Payment | | | Darin Holiday | | 0.00 | (273.00) | 290,366.17 |
| 1002 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #1339 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (2,440.00) | 287,926.17 |
| 1002 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #PD ONLINE 9/19/24 #3863025578 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (724.47) | 287,201.70 |
| 1002 | 09/20/2024 | 09/24/2024 | 09/2024 | Deposit #11277 | AR Deposit | | | | | 3,750.00 | 0.00 | 290,951.70 |
| 1002 | 09/20/2024 | 09/24/2024 | 10/2024 | Deposit #11275 | AR Deposit | | | | | 0.00 | 0.00 | 290,951.70 |
| 1002 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/ 26/24 #15211440 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (3,288.94) | 287,662.76 |
| 1002 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/ 26/24 #15211473 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (253.77) | 287,408.99 |
| 1002 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/ 26/24 #15211486 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (253.77) | 287,155.22 |
| 1002 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/ 26/24 #15211498 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (696.19) | 286,459.03 |
| 1002 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 9/ 19/24 #15707107 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (4,971.94) | 281,487.09 |
| 1002 | 09/24/2024 | 09/24/2024 | 10/2024 | Deposit #11272 | AR Deposit | | | | | 2,950.00 | 0.00 | 284,437.09 |
| 1002 | 09/25/2024 | 09/25/2024 | 09/2024 | Check #1340 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (635.00) | 283,802.09 |
| 1002 | 09/25/2024 | 09/25/2024 | 09/2024 | Check #WIRE- CONF20240925MM QFMPSL000079 | Vendor Payment | | | Heritage Consulting Group | | 0.00 | (2,406.11) | 281,395.98 |
| 1002 | 09/25/2024 | 09/25/2024 | 10/2024 | Deposit #11286 | AR Deposit | | | | | 20,784.41 | 0.00 | 302,180.39 |
| 1002 | 09/26/2024 | 09/26/2024 | 09/2024 | Check #1341 | Vendor Payment | | | National Construction Rentals | | 0.00 | (159.00) | 302,021.39 |
| 1002 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1342 | Vendor Payment | | | America Heating and Air | | 0.00 | (650.00) | 301,371.39 |

GL Details      Case 2:25-cv-00044-GAM      Document 29-1      Filed 05/16/25      Page 13 of 118 Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1343 | Vendor Payment | | | ICON PSG 1 FL, LLC | | 0.00 | (126,719.69) | 174,651.70 |
| 1002 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | | | Office Basics | | 0.00 | (858.95) | 173,792.75 |
| 1002 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1345 | Vendor Payment | | | Office Basics | | 0.00 | (513.15) | 173,279.60 |
| 1002 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | | | Office Basics | | 858.95 | 0.00 | 174,138.55 |
| 1002 | 09/27/2024 | 09/24/2024 | 10/2024 | Deposit #11279 | AR Deposit | | | | | 17,141.10 | 0.00 | 191,279.65 |
| 1002 | 09/30/2024 | 09/30/2024 | 10/2024 | Deposit #11302 | AR Deposit | | | | | 45,742.49 | 0.00 | 237,022.14 |
| 1002 | 10/01/2024 | 10/01/2024 | 10/2024 | Check #1346 | Vendor Payment | | | Treasurer of Montgomery County | | 0.00 | (101.25) | 236,920.89 |
| 1002 | 10/01/2024 | 10/01/2024 | 10/2024 | Check #1347 | Vendor Payment | | | Carroll Engineering Corporation | | 0.00 | (700.00) | 236,220.89 |
| 1002 | 10/01/2024 | 10/01/2024 | 10/2024 | Check #1348 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (4,000.00) | 232,220.89 |
| 1002 | 10/03/2024 | 10/03/2024 | 10/2024 | Check #1349 | Vendor Payment | | | Darin Holiday | | 0.00 | (364.00) | 231,856.89 |
| 1002 | 10/03/2024 | 10/03/2024 | 10/2024 | Check #1350 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,408.00) | 228,448.89 |
| 1002 | 10/04/2024 | 10/04/2024 | 10/2024 | Check #1351 | Vendor Payment | | | Advanced Electronic Security | | 0.00 | (2,274.28) | 226,174.61 |
| 1002 | 10/05/2024 | 10/03/2024 | 10/2024 | Deposit #11362 | AR Deposit | | | | | 38,685.44 | 0.00 | 264,860.05 |
| 1002 | 10/07/2024 | 10/07/2024 | 10/2024 | Check #Pd Online 10/7/24 #634233355 $540.69 | Vendor Payment | | | Granite Telecommunications - 2396 | | 0.00 | (534.77) | 264,325.28 |
| 1002 | 10/07/2024 | 10/07/2024 | 10/2024 | Check #Pd Online 10/7/24 #634233361 | Vendor Payment | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | 264,149.07 |
| 1002 | 10/08/2024 | 10/07/2024 | 10/2024 | Deposit #11410 | AR Deposit | | | | | 4,494.97 | 0.00 | 268,644.04 |
| 1002 | 10/09/2024 | 10/09/2024 | 10/2024 | Deposit #11443 | AR Deposit | | | | | 24,841.70 | 0.00 | 293,485.74 |
| 1002 | 10/09/2024 | 10/09/2024 | 10/2024 | Check #1352 | Vendor Payment | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | 292,284.74 |
| 1002 | 10/09/2024 | 10/09/2024 | 10/2024 | Check #1353 | Vendor Payment | | | City Electric Supply | | 0.00 | (474.68) | 291,810.06 |
| 1002 | 10/10/2024 | 10/10/2024 | 10/2024 | Check #1354 | Vendor Payment | | | PA Dept of LAbor & Industry-B | | 0.00 | (106.58) | 291,703.48 |
| 1002 | 10/10/2024 | 10/10/2024 | 10/2024 | Check #1355 | Vendor Payment | | | Dan-Nick Enterprises inc. | | 0.00 | (300.00) | 291,403.48 |
| 1002 | 10/11/2024 | 10/11/2024 | 10/2024 | Deposit #11467 | AR Deposit | | | | | 375.00 | 0.00 | 291,778.48 |
| 1002 | 10/11/2024 | 10/11/2024 | 10/2024 | Check #1356 | Vendor Payment | | | CS Contractor Corp | | 0.00 | (6,000.00) | 285,778.48 |
| 1002 | 10/11/2024 | 10/11/2024 | 10/2024 | Check #1357 | Vendor Payment | | | Campion Masonry | | 0.00 | (15,366.00) | 270,412.48 |
| 1002 | 10/15/2024 | 10/15/2024 | 10/2024 | Check #1358 | Vendor Payment | | | United Rentals | | 0.00 | (2,513.47) | 267,899.01 |
| 1002 | 10/15/2024 | 10/15/2024 | 10/2024 | Check #1359 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (487.60) | 267,411.41 |
| 1002 | 10/15/2024 | 10/15/2024 | 10/2024 | Check #1360 | Vendor Payment | | | The Borough of Jenkintown | | 0.00 | (350.00) | 267,061.41 |
| 1002 | 10/16/2024 | 10/16/2024 | 10/2024 | Check #1361 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (4,545.60) | 262,515.81 |
| 1002 | 10/16/2024 | 10/16/2024 | 10/2024 | Check #See Inv 4959.Invoice Offset by Credit | Vendor Payment | | | SDS | | 0.00 | (3,641.58) | 258,874.23 |
| 1002 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #1362 | Vendor Payment | | | Darin Holiday | | 0.00 | (416.00) | 258,458.23 |
| 1002 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #1363 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (3,684.00) | 254,774.23 |
| 1002 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #PD Online 7/15/24 #3745560012 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (240.24) | 254,533.99 |
| 1002 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #PD Online 9/18/24 #488456509052 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,405.10) | 253,128.89 |
| 1002 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 7/31/24 #483684266052 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,460.92) | 251,667.97 |
| 1002 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 9/9/24 #15508827 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (253.02) | 251,414.95 |
| 1002 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 9/9/24 #15508848 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (478.76) | 250,936.19 |
| 1002 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 9/9/24 #15508876 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (253.02) | 250,683.17 |
| 1002 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2373 - REFUND | General Journal Entry | REFUND-MONT CNTY RE TX 2018-2023 | | | | 74,207.05 | 0.00 | 324,890.22 |
| 1002 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2374 - REFUND | General Journal Entry | REFUND-MONT CNTY RE TX 2018/23MC | | | | 8,057.38 | 0.00 | 332,947.60 |
| 1002 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2375 - REFUND | General Journal Entry | REFUND-RE SD OF JENK | | | | 116,066.38 | 0.00 | 449,013.98 |
| 1002 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2376 - REIMB | General Journal Entry | REIMB-JERSEY COLLEGE | | | | 375.00 | 0.00 | 449,388.98 |
| 1002 | 10/24/2024 | 10/24/2024 | 10/2024 | Check #1365 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,504.81) | 447,884.17 |
| 1002 | 10/24/2024 | 10/22/2024 | 11/2024 | Deposit #11530 | AR Deposit | | | | | 43,616.91 | 0.00 | 491,501.08 |
| 1002 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | | | Office Basics | | 0.00 | (1,135.04) | 490,366.04 |
| 1002 | 10/25/2024 | 10/23/2024 | 11/2024 | Deposit #11537 | AR Deposit | | | | | 17,141.10 | 0.00 | 507,507.14 |
| 1002 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #1367 | Vendor Payment | | | Linked Alarm LLC | | 0.00 | (3,046.50) | 504,460.64 |
| 1002 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #1368 | Vendor Payment | | | United Rentals | | 0.00 | (2,777.00) | 501,683.64 |
| 1002 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 10/11/24 #3904546404 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (5,000.00) | 496,683.64 |
| 1002 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 10/25/24 #16368939 $3000 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,998.78) | 493,684.86 |
| 1002 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 6/4/24 #3674785314 + $5.95 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (4,500.00) | 489,184.86 |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*                    *Page 12 of 234*

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 7/31/24 #3773137154 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (9,332.30) | 479,852.56 |
| 1002 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 9/20/24 #3865473384 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (4,137.35) | 475,715.21 |
| 1002 | 10/29/2024 | 10/29/2024 | 10/2024 | Check #PD Online 10/18/24 #3915748742 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (2,000.00) | 473,715.21 |
| 1002 | 10/29/2024 | 10/29/2024 | 10/2024 | Check #PD Online 10/25/24 #3925912392 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (2,000.00) | 471,715.21 |
| 1002 | 10/30/2024 | 10/30/2024 | 10/2024 | Check #1369 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 467,615.66 |
| 1002 | 10/30/2024 | 10/30/2024 | 10/2024 | Check #1370 | Vendor Payment | | | ICON PSG 1 FL, LLC | | 0.00 | (202,392.97) | 265,222.69 |
| 1002 | 10/31/2024 | 10/31/2024 | 11/2024 | Deposit #11575 | AR Deposit | | | | | 16,839.70 | 0.00 | 282,062.39 |
| 1002 | 11/01/2024 | 11/01/2024 | 11/2024 | Deposit #11581 | AR Deposit | | | | | 30,117.77 | 0.00 | 312,180.16 |
| 1002 | 11/01/2024 | 11/01/2024 | 11/2024 | Deposit #11582 | AR Deposit | | | | | 8,167.67 | 0.00 | 320,347.83 |
| 1002 | 11/01/2024 | 11/01/2024 | 11/2024 | Deposit #11590 | AR Deposit | | | | | 1,500.00 | 0.00 | 321,847.83 |
| 1002 | 11/01/2024 | 11/01/2024 | 11/2024 | Check #1371 | Vendor Payment | | | Darin Holiday | | 0.00 | (416.00) | 321,431.83 |
| 1002 | 11/01/2024 | 11/01/2024 | 11/2024 | Check #1372 | Vendor Payment | | | RW Electrical LLC | | 0.00 | (5,296.00) | 316,135.83 |
| 1002 | 11/04/2024 | 11/04/2024 | 11/2024 | Deposit #11630 | AR Deposit | | | | | 2,275.58 | 0.00 | 318,411.41 |
| 1002 | 11/06/2024 | 11/12/2024 | 11/2024 | Deposit #11703 | AR Deposit | | | | | 10,000.00 | 0.00 | 328,411.41 |
| 1002 | 11/07/2024 | 11/07/2024 | 11/2024 | Check #1373 | Vendor Payment | | | Health Mats Company | | 0.00 | (547.16) | 327,864.25 |
| 1002 | 11/07/2024 | 11/07/2024 | 11/2024 | Check #1374 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 0.00 | (910.00) | 326,954.25 |
| 1002 | 11/08/2024 | 11/08/2024 | 11/2024 | Deposit #11690 | AR Deposit | | | | | 5,007.47 | 0.00 | 331,961.72 |
| 1002 | 11/08/2024 | 11/12/2024 | 11/2024 | Check #1376 | Vendor Payment | | | Campion Masonry | | 0.00 | (5,452.00) | 326,509.72 |
| 1002 | 11/11/2024 | 11/11/2024 | 11/2024 | Check #1375 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 0.00 | (700.00) | 325,809.72 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #0807202415354375 V104627 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (541.90) | 325,267.82 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/11/24 #3904453544 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (2,000.00) | 323,267.82 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/18/24 #3917134052 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,000.00) | 322,267.82 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/25/24 #3926356208 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,000.00) | 321,267.82 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/1/24 #3940861858 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,000.00) | 320,267.82 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624913 | Vendor Payment | | | Aqua 0277390 | | 0.00 | (2,930.93) | 317,336.89 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624932 | Vendor Payment | | | Aqua 0277244 | | 0.00 | (409.05) | 316,927.84 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624944 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (256.67) | 316,671.17 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624949 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (256.67) | 316,414.50 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/8/24 #3955178632 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (433.54) | 315,980.96 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 2/8/24 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (3,495.85) | 312,485.11 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 6/4/24 #3674833260 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,500.00) | 310,985.11 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 7/31/24 #3773187940 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (3,992.16) | 306,992.95 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/19/24 #3863212798 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (136.39) | 306,856.56 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/23/24 #18911394213 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (374.13) | 306,482.43 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/23/24 $6246.25 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (6,246.25) | 300,236.18 |
| 1002 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #WEBPMT0000780585 | Vendor Payment | | | National Construction Rentals | | 0.00 | (159.00) | 300,077.18 |
| 1002 | 11/13/2024 | 11/13/2024 | 11/2024 | Deposit #11706 | AR Deposit | | | | | 8,341.70 | 0.00 | 308,418.88 |
| 1002 | 11/14/2024 | 11/14/2024 | 11/2024 | Check #1377 | Vendor Payment | | | Darin Holiday | | 0.00 | (416.00) | 308,002.88 |
| 1002 | 11/22/2024 | 11/22/2024 | 11/2024 | Check #1378 | Vendor Payment | | | Republic Services #320 | | 0.00 | (1,647.86) | 306,355.02 |
| 1002 | 11/22/2024 | 11/22/2024 | 11/2024 | Check #1379 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (2,745.00) | 303,610.02 |
| 1002 | 11/26/2024 | 11/22/2024 | 12/2024 | Deposit #11759 | AR Deposit | | | | | 60,758.01 | 0.00 | 364,368.03 |
| 1002 | 11/29/2024 | 11/29/2024 | 11/2024 | Check #1383 | Vendor Payment | | | Darin Holiday | | 0.00 | (208.00) | 364,160.03 |
| 1002 | 11/29/2024 | 11/29/2024 | 11/2024 | Check #1384 | Vendor Payment | | | A & Y Construction Services LLC | | 0.00 | (1,200.00) | 362,960.03 |
| 1002 | 11/29/2024 | 11/29/2024 | 12/2024 | Deposit #11771 | AR Deposit | | | | | 15,285.52 | 0.00 | 378,245.55 |
| 1002 | 12/02/2024 | 12/02/2024 | 12/2024 | Deposit #11782 | AR Deposit | | | | | 1,500.00 | 0.00 | 379,745.55 |
| 1002 | 12/02/2024 | 12/02/2024 | 12/2024 | Deposit #11785 | AR Deposit | | | | | 8,371.86 | 0.00 | 388,117.41 |
| 1002 | 12/02/2024 | 12/02/2024 | 12/2024 | Deposit #11786 | AR Deposit | | | | | 30,326.72 | 0.00 | 418,444.13 |

Appx766

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 12/04/2024 | 12/04/2024 | 12/2024 | Deposit #11792 | AR Deposit | | | | | 38,432.76 | 0.00 | 456,876.89 |
| 1002 | 12/06/2024 | 12/06/2024 | 12/2024 | Deposit #11827 | AR Deposit | | | | | 6,264.15 | 0.00 | 463,141.04 |
| 1002 | 12/07/2024 | 12/07/2024 | 12/2024 | Deposit #11833 | AR Deposit | | | | | 8,341.70 | 0.00 | 471,482.74 |
| 1002 | 12/09/2024 | 12/09/2024 | 12/2024 | Deposit #11842 | AR Deposit | | | | | 400.00 | 0.00 | 471,882.74 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1385 | Vendor Payment | | | Aqua 0279893 | | 0.00 | (256.67) | 471,626.07 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1386 | Vendor Payment | | | Aqua 0279895 | | 0.00 | (256.67) | 471,369.40 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1387 | Vendor Payment | | | BCS Facilities Group | | 0.00 | (4,099.55) | 467,269.85 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1388 | Vendor Payment | | | Comcast 8499-10-139-02847 81 | | 0.00 | (113.63) | 467,156.22 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1389 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (364.22) | 466,792.00 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1390 | Vendor Payment | | | Energy Management Systems | | 0.00 | (75.00) | 466,717.00 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1391 | Vendor Payment | | | Granite Telecommunications - 2398 | | 0.00 | (1,688.23) | 465,028.77 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1392 | Vendor Payment | | | Green Estates Lawn Sprinklers, Inc. | | 0.00 | (260.00) | 464,768.77 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1393 | Vendor Payment | | | Health Mats Company | | 0.00 | (547.16) | 464,221.61 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1394 | Vendor Payment | | | Klenzoid Water Treatment | | 0.00 | (1,302.93) | 462,918.68 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1395 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (5,675.94) | 457,242.74 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1396 | Vendor Payment | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (31.66) | 457,211.08 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1397 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (79.37) | 457,131.71 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1398 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (214.97) | 456,916.74 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1399 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,396.71) | 455,520.03 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1400 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (236.27) | 455,283.76 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1401 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 0.00 | (134.16) | 455,149.60 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1402 | Vendor Payment | | | Republic Services #320 | | 0.00 | (2,013.80) | 453,135.80 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1403 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (1,663.60) | 451,472.20 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1404 | Vendor Payment | | | Van's Lock Shop | | 0.00 | (20.99) | 451,451.21 |
| 1002 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1405 | Vendor Payment | | | Western Pest Control | | 0.00 | (322.08) | 451,129.13 |
| 1002 | 12/11/2024 | 12/11/2024 | 12/2024 | Check #1406 | Vendor Payment | | | Elevator Construction & Repair | | 0.00 | (243.80) | 450,885.33 |
| 1002 | 12/12/2024 | 12/10/2024 | 12/2024 | Deposit #11858 | AR Deposit | | | | | 82,425.00 | 0.00 | 533,310.33 |
| 1002 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1407 | Vendor Payment | | | Health Mats Company | | 0.00 | (547.16) | 532,763.17 |
| 1002 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1408 | Vendor Payment | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (76.64) | 532,686.53 |
| 1002 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1409 | Vendor Payment | | | Revolution Recovery, LLC | | 0.00 | (760.00) | 531,926.53 |
| 1002 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1410 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (270.95) | 531,655.58 |
| 1002 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1416 | Vendor Payment | | | Jenkintown Borough | | 0.00 | (104.50) | 531,551.08 |
| 1002 | 12/13/2024 | 12/13/2024 | 12/2024 | Check #1419 | Vendor Payment | | | A & Y Construction Services LLC | | 0.00 | (4,860.05) | 526,691.03 |
| 1002 | 12/13/2024 | 12/13/2024 | 12/2024 | Check #1420 | Vendor Payment | | | Campion Masonry | | 0.00 | (5,547.50) | 521,143.53 |
| 1002 | 12/13/2024 | 12/17/2024 | 12/2024 | Check #PD CC 4977 | Vendor Payment | | | Johnstone Supply | | 0.00 | (1,375.03) | 519,768.50 |
| 1002 | 12/17/2024 | 12/17/2024 | 12/2024 | Check #1421 | Vendor Payment | | | Johnstone Supply | | 0.00 | (10,024.66) | 509,743.84 |
| 1002 | 12/17/2024 | 12/17/2024 | 12/2024 | Check #1422 | Vendor Payment | | | Johnstone Supply | | 0.00 | (10,239.74) | 499,504.10 |
| 1002 | 12/17/2024 | 12/17/2024 | 12/2024 | Check #1421 - Reversal | Vendor Payment Reversal | | | Johnstone Supply | | 10,024.66 | 0.00 | 509,528.76 |
| 1002 | 12/18/2024 | 12/18/2024 | 12/2024 | Deposit #11892 | AR Deposit | | | | | 0.00 | 0.00 | 509,528.76 |
| 1002 | 12/18/2024 | 12/18/2024 | 12/2024 | Deposit #11893 | AR Deposit | | | | | 0.00 | 0.00 | 509,528.76 |
| 1002 | 12/19/2024 | 12/19/2024 | 12/2024 | Check #1423 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,582.00) | 504,946.76 |
| 1002 | 12/20/2024 | 12/20/2024 | 12/2024 | Deposit #11902 | AR Deposit | | | | | 1,664.01 | 0.00 | 506,610.77 |
| 1002 | 12/23/2024 | 12/23/2024 | 12/2024 | Check #1424 | Vendor Payment | | | A & Y Construction Services LLC | | 0.00 | (5,600.00) | 501,010.77 |
| 1002 | 12/25/2024 | 12/20/2024 | 01/2025 | Deposit #11903 | AR Deposit | | | | | 17,141.10 | 0.00 | 518,151.87 |
| 1002 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11959 | AR Deposit | | | | | 0.00 | (15,285.52) | 502,866.35 |
| 1002 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11960 | AR Deposit Reversal | Offsetting deposit for: 763190 | | | | 15,285.52 | 0.00 | 518,151.87 |
| 1002 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11963 | AR Deposit | | | | | 0.00 | 0.00 | 518,151.87 |
| 1002 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11964 | AR Deposit | | | | | 15,285.52 | 0.00 | 533,437.39 |
| 1002 | 12/27/2024 | 12/27/2024 | 12/2024 | Deposit #11914 | AR Deposit | | | | | 43,616.91 | 0.00 | 577,054.30 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1002 | 12/27/2024 | 12/27/2024 | 12/2024 | Check #DWNPYMNT-ONLINE authid AAEWXCVR | Vendor Payment | | | M.J.MAC Inc | | 0.00 | (3,000.00) | 574,054.30 |
| 1002 | 12/27/2024 | 12/28/2024 | 12/2024 | Check #1429 | Vendor Payment | | | ICON PSG 1 FL, LLC | | 0.00 | (204,588.67) | 369,465.63 |
| 1002 | 12/30/2024 | 12/28/2024 | 12/2024 | Check #1425 | Vendor Payment | | | A & Y Construction Services LLC | | 0.00 | (4,800.00) | 364,665.63 |
| 1002 | 12/30/2024 | 12/28/2024 | 12/2024 | Check #1426 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (4,875.00) | 359,790.63 |
| 1002 | 12/30/2024 | 12/28/2024 | 12/2024 | Check #1427 | Vendor Payment | | | Stephen Beer Plumbing | | 0.00 | (2,665.00) | 357,125.63 |
| 1002 | 12/31/2024 | 12/31/2024 | 12/2024 | Deposit #11915 | AR Deposit | | | | | 18,911.10 | 0.00 | 376,036.73 |
| | | | | | | | | 1002: Checking-RB Jenk Oper: | 417,782.96 | 2,661,804.21 | (2,244,021.25) | 376,036.73 |

**GL Account: 1005: Security Deposit Account**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1005 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 1005 | 12/18/2024 | 12/18/2024 | 12/2024 | Deposit #11894 | AR Deposit | | | | | 22,000.00 | 0.00 | 22,000.00 |
| | | | | | | | | 1005: Security Deposit Account: | 22,000.00 | 22,000.00 | 0.00 | 22,000.00 |

**GL Account: 1009: Undeposited Funds**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | (1,011,831.50) |
| 1009 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090116) | AR Payment | drop in wrong account Fullontransferred | Main Building-400 | Regus | | 30,117.77 | 0.00 | (981,713.73) |
| 1009 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090118) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (980,213.73) |
| 1009 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090119) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.90 | 0.00 | (971,871.83) |
| 1009 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090125) | AR Payment | | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (969,871.83) |
| 1009 | 01/09/2024 | 01/09/2024 | 01/2024 | Payment (Transaction #460094543) | AR Payment | | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | (966,279.32) |
| 1009 | 01/09/2024 | 01/09/2024 | 01/2024 | Payment (Transaction #460094544) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (965,979.32) |
| 1009 | 01/09/2024 | 01/09/2024 | 01/2024 | Payment (Transaction #460094545) | AR Payment | | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | (965,759.04) |
| 1009 | 01/11/2024 | 01/15/2024 | 12/2023 | Payment (Transaction #460096318) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (936,725.46) |
| 1009 | 01/12/2024 | 02/04/2024 | 01/2024 | Payment (Transaction #460107698) | AR Payment | | Main Building-400 | Regus | | 550.00 | 0.00 | (936,175.46) |
| 1009 | 01/12/2024 | 02/05/2024 | 01/2024 | Deposit #9548 | AR Deposit | | | | | 0.00 | (550.00) | (936,725.46) |
| 1009 | 01/15/2024 | 01/15/2024 | 01/2024 | Payment (Transaction #460096319) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (936,325.46) |
| 1009 | 01/24/2024 | 01/25/2024 | 01/2024 | Payment (Transaction #460099781) | AR Payment | | Main Building-150 | Outback Steakhouse | | 16,973.15 | 0.00 | (919,352.31) |
| 1009 | 01/24/2024 | 01/25/2024 | 01/2024 | Deposit #9474 | AR Deposit | | | | | 0.00 | (16,973.15) | (936,325.46) |
| 1009 | 01/25/2024 | 01/23/2024 | 01/2024 | Payment (Transaction #460099015) | AR Payment | | Main Building-225 | Bethany Christian Services | | 16,720.98 | 0.00 | (919,604.48) |
| 1009 | 01/26/2024 | 01/26/2024 | 02/2024 | Payment (Transaction #460100235) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (918,604.48) |
| 1009 | 01/26/2024 | 01/26/2024 | 02/2024 | Deposit #9484 | AR Deposit | | | | | 0.00 | (108,894.69) | (1,027,499.17) |
| 1009 | 01/29/2024 | 03/26/2024 | 02/2024 | Payment (Transaction #460139645) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (1,023,749.17) |
| 1009 | 01/30/2024 | 01/30/2024 | 01/2024 | Payment (Transaction #460101890) | AR Payment | 111423 PECO | North Court-680-A,A | Temple Health FCCC | | 1,570.39 | 0.00 | (1,022,178.78) |
| 1009 | 01/30/2024 | 01/30/2024 | 01/2024 | Payment (Transaction #460101891) | AR Payment | PECO 121523 | North Court-680-A,A | Temple Health FCCC | | 2,206.32 | 0.00 | (1,019,972.46) |
| 1009 | 01/30/2024 | 01/30/2024 | 01/2024 | Payment (Transaction #460101892) | AR Payment | rent 012024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (990,938.88) |
| 1009 | 01/31/2024 | 01/31/2024 | 02/2024 | Payment (Transaction #460102872) | AR Payment | | Main Building-Roof | Metro PCS | | 3,326.39 | 0.00 | (987,612.49) |
| 1009 | 01/31/2024 | 01/31/2024 | 02/2024 | Payment (Transaction #460102873) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (987,312.49) |
| 1009 | 01/31/2024 | 10/14/2024 | 02/2024 | Payment (Transaction #460283175) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (979,144.82) |
| 1009 | 02/01/2024 | 03/01/2024 | 02/2024 | Payment (Transaction #460124476) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (949,027.05) |
| 1009 | 02/01/2024 | 10/20/2024 | 02/2024 | Deposit #11518 | AR Deposit | | | | | 0.00 | (8,167.67) | (957,194.72) |
| 1009 | 02/03/2024 | 02/03/2024 | 02/2024 | Payment (Transaction #460107430) | AR Payment | | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (955,194.72) |

Appx768

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 02/03/2024 | 02/03/2024 | 02/2024 | Payment (Transaction #460107431) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (953,694.72) |
| 1009 | 02/05/2024 | 02/05/2024 | 02/2024 | Payment (Transaction #460111536) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (945,694.72) |
| 1009 | 02/05/2024 | 02/05/2024 | 02/2024 | Deposit #9547 | AR Deposit | | | | | 0.00 | (8,000.00) | (953,694.72) |
| 1009 | 02/06/2024 | 02/03/2024 | 02/2024 | Deposit #9533 | AR Deposit | | | | | 0.00 | (39,936.68) | (993,631.40) |
| 1009 | 02/06/2024 | 02/06/2024 | 02/2024 | Payment (Transaction #460112089) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (985,289.70) |
| 1009 | 02/06/2024 | 02/06/2024 | 02/2024 | Payment (Transaction #460112090) | AR Payment | | Main Building-Roof | Metro PCS | | 3,626.39 | 0.00 | (981,663.31) |
| 1009 | 02/06/2024 | 02/06/2024 | 02/2024 | Payment (Transaction #460112091) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (981,263.31) |
| 1009 | 02/08/2024 | 02/06/2024 | 02/2024 | Deposit #9565 | AR Deposit | | | | | 0.00 | (12,368.09) | (993,631.40) |
| 1009 | 02/20/2024 | 02/20/2024 | 02/2024 | Payment (Transaction #460118142) | AR Payment | WATER 1223 | Main Building-150 | Outback Steakhouse | | 1,254.63 | | (992,376.77) |
| 1009 | 02/20/2024 | 02/20/2024 | 02/2024 | Payment (Transaction #460118143) | AR Payment | SEWER 1223 | Main Building-150 | Outback Steakhouse | | 721.28 | 0.00 | (991,655.49) |
| 1009 | 02/21/2024 | 02/21/2024 | 02/2024 | Payment (Transaction #460118659) | AR Payment | FEB rent | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (977,072.16) |
| 1009 | 02/21/2024 | 02/21/2024 | 03/2024 | Payment (Transaction #460118678) | AR Payment | March RENT | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (959,931.06) |
| 1009 | 02/23/2024 | 02/21/2024 | 02/2024 | Deposit #9660 | AR Deposit | | | | | 0.00 | (16,559.24) | (976,490.30) |
| 1009 | 02/27/2024 | 03/26/2024 | 03/2024 | Payment (Transaction #460139647) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (972,740.30) |
| 1009 | 02/29/2024 | 02/29/2024 | 02/2024 | Payment (Transaction #460121882) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (964,572.63) |
| 1009 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124288) | AR Payment | base rent | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (953,172.21) |
| 1009 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124289) | AR Payment | CAM 32024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (950,645.26) |
| 1009 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124291) | AR Payment | RE 32024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (949,287.11) |
| 1009 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124453) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (919,169.34) |
| 1009 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124454) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (902,028.24) |
| 1009 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124805) | AR Payment | | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (900,028.24) |
| 1009 | 03/01/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145989) | AR Payment | Reversal of transaction ID:460124453 - ds | Main Building-400 | Regus | | 0.00 | (30,117.77) | (930,146.01) |
| 1009 | 03/01/2024 | 04/02/2024 | 04/2024 | Deposit #9931 | AR Deposit | | | | | 30,117.77 | 0.00 | (900,028.24) |
| 1009 | 03/04/2024 | 03/04/2024 | 03/2024 | Payment (Transaction #460126194) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (899,028.24) |
| 1009 | 03/04/2024 | 03/04/2024 | 03/2024 | Payment (Transaction #460126401) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (897,528.24) |
| 1009 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129654) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (897,128.24) |
| 1009 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129655) | AR Payment | Reversal of transaction ID:460129654 - ds | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (897,528.24) |
| 1009 | 03/05/2024 | 03/05/2024 | 03/2024 | Deposit #9752 | AR Deposit | | | | | 0.00 | 0.00 | (897,528.24) |
| 1009 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129656) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (897,128.24) |
| 1009 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129663) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (888,786.54) |
| 1009 | 03/05/2024 | 03/05/2024 | 03/2024 | Deposit #9753 | AR Deposit | | | | | 0.00 | (30,117.77) | (918,904.31) |
| 1009 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129691) | AR Payment | | Main Building-Roof 2 | Zayo | | 166.36 | 0.00 | (918,737.95) |
| 1009 | 03/07/2024 | 03/05/2024 | 03/2024 | Deposit #9754 | AR Deposit | | | | | 0.00 | (101,094.86) | (1,019,832.81) |
| 1009 | 03/12/2024 | 03/12/2024 | 03/2024 | Deposit #9816 | AR Deposit | | | | | 0.00 | (166.36) | (1,019,999.17) |
| 1009 | 03/14/2024 | 03/14/2024 | 03/2024 | Payment (Transaction #460135632) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (990,965.59) |
| 1009 | 03/18/2024 | 03/15/2024 | 03/2024 | Deposit #9849 | AR Deposit | | | | | 0.00 | (29,033.58) | (1,019,999.17) |
| 1009 | 03/25/2024 | 03/21/2024 | 04/2024 | Payment (Transaction #460138055) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (990,965.59) |
| 1009 | 03/25/2024 | 03/21/2024 | 04/2024 | Payment (Transaction #460138056) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (976,382.26) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 03/25/2024 | 03/22/2024 | 04/2024 | Payment (Transaction #460138346) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (959,241.16) |
| 1009 | 03/26/2024 | 03/26/2024 | 03/2024 | Payment (Transaction #460139598) | AR Payment | Water 0125 | Main Building-150 | Outback Steakhouse | | 1,235.90 | 0.00 | (958,005.26) |
| 1009 | 03/26/2024 | 03/26/2024 | 03/2024 | Payment (Transaction #460139599) | AR Payment | Sewer 0125 | Main Building-150 | Outback Steakhouse | | 701.06 | 0.00 | (957,304.20) |
| 1009 | 03/26/2024 | 03/22/2024 | 04/2024 | Deposit #9885 | AR Deposit | | | | | 0.00 | (43,616.91) | (1,000,921.11) |
| 1009 | 03/26/2024 | 03/26/2024 | 04/2024 | Deposit #9894 | AR Deposit | | | | | 0.00 | (17,141.10) | (1,018,062.21) |
| 1009 | 03/26/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139600) | AR Payment | Base Rent | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (1,006,661.79) |
| 1009 | 03/26/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139601) | AR Payment | CAM 424 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (1,004,134.84) |
| 1009 | 03/26/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139602) | AR Payment | RE 424 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (1,002,776.69) |
| 1009 | 03/28/2024 | 03/28/2024 | 04/2024 | Payment (Transaction #460140584) | AR Payment | CAM | Main Building-225 | Bethany Christian Services | | 13,471.01 | 0.00 | (989,305.68) |
| 1009 | 03/28/2024 | 03/28/2024 | 04/2024 | Payment (Transaction #460140639) | AR Payment | Reversal of transaction ID:460140584 - Incorrect allocation - Incorrect allocation | Main Building-225 | Bethany Christian Services | | 0.00 | (13,471.01) | (1,002,776.69) |
| 1009 | 03/28/2024 | 03/28/2024 | 04/2024 | Payment (Transaction #460140640) | AR Payment | CAM - Incorrect allocation | Main Building-225 | Bethany Christian Services | | 13,471.01 | 0.00 | (989,305.68) |
| 1009 | 03/28/2024 | 03/28/2024 | 04/2024 | Deposit #9904 | AR Deposit | | | | | 0.00 | 0.00 | (989,305.68) |
| 1009 | 03/29/2024 | 03/29/2024 | 04/2024 | Payment (Transaction #460141177) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (981,138.01) |
| 1009 | 03/29/2024 | 10/14/2024 | 04/2024 | Payment (Transaction #460283160) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (972,970.34) |
| 1009 | 03/31/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139642) | AR Payment | | Main Building-107 | Loanbility | | 3,775.00 | 0.00 | (969,195.34) |
| 1009 | 03/31/2024 | 03/27/2024 | 04/2024 | Deposit #9697 | AR Deposit | | | | | 0.00 | (28,497.48) | (997,692.82) |
| 1009 | 04/01/2024 | 04/01/2024 | 04/2024 | Payment (Transaction #460144007) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.00 | 0.00 | (980,551.82) |
| 1009 | 04/01/2024 | 04/01/2024 | 04/2024 | Payment (Transaction #460144008) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (979,051.82) |
| 1009 | 04/01/2024 | 10/20/2024 | 04/2024 | Deposit #11516 | AR Deposit | | | | | 0.00 | (8,167.67) | (987,219.49) |
| 1009 | 04/02/2024 | 03/28/2024 | 04/2024 | Deposit #9903 | AR Deposit | | | | | 0.00 | (13,471.01) | (1,000,690.50) |
| 1009 | 04/02/2024 | 03/29/2024 | 04/2024 | Deposit #9911 | AR Deposit | | | | | 0.00 | (8,167.67) | (1,008,858.17) |
| 1009 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145832) | AR Payment | | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (1,006,858.17) |
| 1009 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145874) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (1,005,858.17) |
| 1009 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145979) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (975,740.40) |
| 1009 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145993) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (945,622.63) |
| 1009 | 04/04/2024 | 04/01/2024 | 04/2024 | Deposit #9925 | AR Deposit | | | | | 0.00 | (18,641.00) | (964,263.63) |
| 1009 | 04/04/2024 | 04/04/2024 | 04/2024 | Payment (Transaction #460147038) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (955,921.93) |
| 1009 | 04/04/2024 | 04/04/2024 | 04/2024 | Payment (Transaction #460147043) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (955,521.93) |
| 1009 | 04/05/2024 | 04/05/2024 | 04/2024 | Payment (Transaction #460149970) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (947,521.93) |
| 1009 | 04/05/2024 | 04/05/2024 | 04/2024 | Deposit #9972 | AR Deposit | | | | | 0.00 | (8,000.00) | (955,521.93) |
| 1009 | 04/08/2024 | 04/08/2024 | 04/2024 | Deposit #9991 | AR Deposit | | | | | 0.00 | (71,977.24) | (1,027,499.17) |
| 1009 | 04/19/2024 | 05/20/2024 | 04/2024 | Payment (Transaction #460181977) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (1,023,749.17) |
| 1009 | 04/19/2024 | 05/22/2024 | 04/2024 | Deposit #10309 | AR Deposit | | | | | 0.00 | (3,750.00) | (1,027,499.17) |
| 1009 | 04/22/2024 | 04/22/2024 | 04/2024 | Payment (Transaction #460161182) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (1,010,358.07) |
| 1009 | 04/22/2024 | 04/22/2024 | 05/2024 | Payment (Transaction #460161183) | AR Payment | Reversal of transaction ID:460161182 - dsp - dsp | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (1,027,499.17) |
| 1009 | 04/22/2024 | 04/22/2024 | 05/2024 | Payment (Transaction #460161184) | AR Payment | dsp | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (1,010,358.07) |
| 1009 | 04/22/2024 | 04/22/2024 | 05/2024 | Deposit #10071 | AR Deposit | | | | | 0.00 | 0.00 | (1,010,358.07) |
| 1009 | 04/23/2024 | 04/23/2024 | 04/2024 | Payment (Transaction #460161535) | AR Payment | WATER 22224 | Main Building-150 | Outback Steakhouse | | 1,247.39 | 0.00 | (1,009,110.68) |
| 1009 | 04/23/2024 | 04/23/2024 | 04/2024 | Payment (Transaction #460161536) | AR Payment | SEWER 22224 | Main Building-150 | Outback Steakhouse | | 709.00 | 0.00 | (1,008,401.68) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161532) | AR Payment | | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (997,001.26) |
| 1009 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161533) | AR Payment | CAM | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (994,474.31) |
| 1009 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161534) | AR Payment | RE | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (993,116.16) |
| 1009 | 04/23/2024 | 04/23/2024 | 05/2024 | Deposit #10076 | AR Deposit | | | | | 0.00 | (17,241.91) | (1,010,358.07) |
| 1009 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161566) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (995,774.74) |
| 1009 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161567) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (966,741.16) |
| 1009 | 04/24/2024 | 04/24/2024 | 03/2024 | Payment (Transaction #460162173) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (966,441.16) |
| 1009 | 04/24/2024 | 04/24/2024 | 03/2024 | Payment (Transaction #460162174) | AR Payment | | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | (962,848.65) |
| 1009 | 04/24/2024 | 04/24/2024 | 03/2024 | Payment (Transaction #460162179) | AR Payment | | Main Building-Roof 2 | Zayo | | 227.63 | 0.00 | (962,621.02) |
| 1009 | 04/24/2024 | 04/24/2024 | 04/2024 | Payment (Transaction #460162175) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (962,321.02) |
| 1009 | 04/24/2024 | 04/24/2024 | 04/2024 | Payment (Transaction #460162176) | AR Payment | | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | (958,728.51) |
| 1009 | 04/24/2024 | 04/24/2024 | 04/2024 | Payment (Transaction #460162180) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (958,494.06) |
| 1009 | 04/24/2024 | 04/22/2024 | 05/2024 | Deposit #10072 | AR Deposit | | | | | 0.00 | (17,141.10) | (975,635.16) |
| 1009 | 04/29/2024 | 04/25/2024 | 05/2024 | Deposit #10086 | AR Deposit | | | | | 0.00 | (51,864.01) | (1,027,499.17) |
| 1009 | 05/02/2024 | 05/02/2024 | 05/2024 | Payment (Transaction #460168462) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (1,026,499.17) |
| 1009 | 05/02/2024 | 07/02/2024 | 05/2024 | Payment (Transaction #460208733) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (996,381.40) |
| 1009 | 05/02/2024 | 07/02/2024 | 05/2024 | Deposit #10608 | AR Deposit | | | | | 0.00 | (30,117.77) | (1,026,499.17) |
| 1009 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168957) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,000.00 | 0.00 | (1,025,499.17) |
| 1009 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168958) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 500.00 | 0.00 | (1,024,999.17) |
| 1009 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168959) | AR Payment | | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (1,022,999.17) |
| 1009 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168960) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (1,014,657.47) |
| 1009 | 05/06/2024 | 05/06/2024 | 05/2024 | Payment (Transaction #460173998) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,014,257.47) |
| 1009 | 05/06/2024 | 05/06/2024 | 05/2024 | Deposit #10185 | AR Deposit | | | | | 0.00 | (13,241.70) | (1,027,499.17) |
| 1009 | 05/07/2024 | 05/07/2024 | 05/2024 | Payment (Transaction #460175506) | AR Payment | | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | (1,023,672.21) |
| 1009 | 05/07/2024 | 05/07/2024 | 05/2024 | Payment (Transaction #460175509) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,023,372.21) |
| 1009 | 05/07/2024 | 05/07/2024 | 05/2024 | Payment (Transaction #460175543) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (1,023,137.76) |
| 1009 | 05/09/2024 | 05/09/2024 | 05/2024 | Payment (Transaction #460178035) | AR Payment | WATER 32124 | Main Building-150 | Outback Steakhouse | | 1,368.57 | 0.00 | (1,021,769.19) |
| 1009 | 05/09/2024 | 05/09/2024 | 05/2024 | Payment (Transaction #460178036) | AR Payment | SEWER 32124 | Main Building-150 | Outback Steakhouse | | 792.76 | 0.00 | (1,020,976.43) |
| 1009 | 05/10/2024 | 05/10/2024 | 05/2024 | Deposit #10243 | AR Deposit | | | | | 0.00 | (6,522.74) | (1,027,499.17) |
| 1009 | 05/13/2024 | 07/05/2024 | 05/2024 | Payment (Transaction #460213753) | AR Payment | | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | (1,023,999.17) |
| 1009 | 05/13/2024 | 07/05/2024 | 05/2024 | Payment (Transaction #460213759) | AR Payment | Reversal of transaction ID:460213753 - INCORRECT POST | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | (1,027,499.17) |
| 1009 | 05/13/2024 | 07/05/2024 | 05/2024 | Deposit #10671 | AR Deposit | | | | | 0.00 | 0.00 | (1,027,499.17) |
| 1009 | 05/13/2024 | 07/05/2024 | 05/2024 | Payment (Transaction #460213765) | AR Payment | | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | (1,023,999.17) |
| 1009 | 05/13/2024 | 07/05/2024 | 05/2024 | Deposit #10674 | AR Deposit | | | | | 0.00 | (3,500.00) | (1,027,499.17) |
| 1009 | 05/20/2024 | 05/20/2024 | 05/2024 | Payment (Transaction #460181823) | AR Payment | T damages to door 1st charge | Main Building-150 | Outback Steakhouse | | 9,187.30 | 0.00 | (1,018,311.87) |
| 1009 | 05/20/2024 | 05/20/2024 | 05/2024 | Payment (Transaction #460181903) | AR Payment | CAM 2023 | North Court-670 | Dr. Mark Kress | | 1,385.82 | 0.00 | (1,016,926.05) |
| 1009 | 05/20/2024 | 05/20/2024 | 05/2024 | Deposit #10293 | AR Deposit | | | | | 0.00 | (9,187.30) | (1,026,113.35) |

GL Details   Case 2:25-cv-00044-GAM   Document 29-1   Filed 05/16/25   Page 20 of 118 Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 05/20/2024 | 05/20/2024 | 05/2024 | Payment (Transaction #460181975) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (1,022,363.35) |
| 1009 | 05/21/2024 | 05/20/2024 | 05/2024 | Deposit #10294 | AR Deposit | | | | | 0.00 | (1,385.82) | (1,023,749.17) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182618) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,009,165.84) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182619) | AR Payment | Reversal of transaction ID:460182618 - incorrect post | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (1,023,749.17) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10304 | AR Deposit | | | | | 0.00 | 0.00 | (1,023,749.17) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182620) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,009,165.84) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182621) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (980,132.26) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182622) | AR Payment | Reversal of transaction ID:460182621 - incorrect bank | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (1,009,165.84) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10305 | AR Deposit | | | | | 0.00 | 0.00 | (1,009,165.84) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182623) | AR Payment | Reversal of transaction ID:460182620 - incorrect bank | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (1,023,749.17) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10306 | AR Deposit | | | | | 0.00 | 0.00 | (1,023,749.17) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10307 | AR Deposit Reversal | Offsetting deposit for: 754081 | | | | 0.00 | 0.00 | (1,023,749.17) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182624) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (994,715.59) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182625) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (980,132.26) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10308 | AR Deposit | | | | | 0.00 | (43,616.91) | (1,023,749.17) |
| 1009 | 05/22/2024 | 05/22/2024 | 05/2024 | Deposit #10310 | AR Deposit | | | | | 0.00 | (3,750.00) | (1,027,499.17) |
| 1009 | 05/23/2024 | 05/23/2024 | 05/2024 | Deposit #10320 | AR Deposit | | | | | 0.00 | 0.00 | (1,027,499.17) |
| 1009 | 05/28/2024 | 05/28/2024 | 05/2024 | Payment (Transaction #460184682) | AR Payment | | Main Building-150 | Outback Steakhouse | | 15,285.52 | 0.00 | (1,012,213.65) |
| 1009 | 05/28/2024 | 05/28/2024 | 05/2024 | Deposit #10335 | AR Deposit | | | | | 0.00 | (15,285.52) | (1,027,499.17) |
| 1009 | 05/31/2024 | 05/31/2024 | 05/2024 | Payment (Transaction #460185916) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (1,010,358.07) |
| 1009 | 05/31/2024 | 05/31/2024 | 05/2024 | Payment (Transaction #460185917) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (1,002,190.40) |
| 1009 | 05/31/2024 | 05/31/2024 | 05/2024 | Deposit #10363 | AR Deposit | | | | | 0.00 | (17,141.10) | (1,019,331.50) |
| 1009 | 05/31/2024 | 05/31/2024 | 05/2024 | Deposit #10364 | AR Deposit | | | | | 0.00 | (8,167.67) | (1,027,499.17) |
| 1009 | 06/03/2024 | 06/03/2024 | 06/2024 | Payment (Transaction #460188770) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208730) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (995,881.40) |
| 1009 | 06/03/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208738) | AR Payment | Reversal of transaction ID:460208730 - ALLOCATION | Main Building-400 | Regus | | 0.00 | (30,117.77) | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/02/2024 | 06/2024 | Deposit #10601 | AR Deposit | | | | | 0.00 | 0.00 | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208741) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (995,881.40) |
| 1009 | 06/03/2024 | 07/02/2024 | 06/2024 | Deposit #10607 | AR Deposit | | | | | 0.00 | (30,117.77) | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213756) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (1,017,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213762) | AR Payment | Reversal of transaction ID:460213756 - INCORRECT POST | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Deposit #10572 | AR Deposit | | | | | 0.00 | 0.00 | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213768) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (1,017,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213771) | AR Payment | Reversal of transaction ID:460213768 - INCORRECT | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Deposit #10673 | AR Deposit | | | | | 0.00 | 0.00 | (1,025,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213774) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (1,017,999.17) |
| 1009 | 06/03/2024 | 07/05/2024 | 06/2024 | Deposit #10675 | AR Deposit | | | | | 0.00 | (8,000.00) | (1,025,999.17) |
| 1009 | 06/04/2024 | 06/04/2024 | 06/2024 | Payment (Transaction #460189405) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (1,024,999.17) |
| 1009 | 06/05/2024 | 06/05/2024 | 06/2024 | Payment (Transaction #460193604) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,024,599.17) |
| 1009 | 06/05/2024 | 06/05/2024 | 06/2024 | Payment (Transaction #460193853) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.90 | 0.00 | (1,016,257.27) |

Appx772

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 06/05/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213777) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (1,008,257.27) |
| 1009 | 06/05/2024 | 07/05/2024 | 06/2024 | Deposit #10676 | AR Deposit | | | | | 0.00 | (8,000.00) | (1,016,257.27) |
| 1009 | 06/06/2024 | 06/06/2024 | 06/2024 | Deposit #10432 | AR Deposit | | | | | 0.00 | (11,241.90) | (1,027,499.17) |
| 1009 | 06/07/2024 | 06/07/2024 | 06/2024 | Payment (Transaction #460196123) | AR Payment | | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | (1,023,672.21) |
| 1009 | 06/07/2024 | 06/07/2024 | 06/2024 | Payment (Transaction #460196126) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,023,372.21) |
| 1009 | 06/07/2024 | 06/07/2024 | 06/2024 | Payment (Transaction #460196143) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (1,023,137.76) |
| 1009 | 06/10/2024 | 06/10/2024 | 06/2024 | Deposit #10473 | AR Deposit | | | | | 0.00 | (4,361.41) | (1,027,499.17) |
| 1009 | 06/24/2024 | 06/21/2024 | 06/2024 | Payment (Transaction #460203023) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (1,010,358.07) |
| 1009 | 06/24/2024 | 06/24/2024 | 06/2024 | Deposit #10546 | AR Deposit | | | | | 0.00 | (17,141.10) | (1,027,499.17) |
| 1009 | 06/26/2024 | 06/26/2024 | 06/2024 | Payment (Transaction #460204604) | AR Payment | | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (1,016,098.75) |
| 1009 | 06/26/2024 | 06/26/2024 | 06/2024 | Payment (Transaction #460204605) | AR Payment | CAM 72024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (1,013,571.80) |
| 1009 | 06/26/2024 | 06/26/2024 | 06/2024 | Payment (Transaction #460204606) | AR Payment | RE TAX 72024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (1,012,213.65) |
| 1009 | 06/28/2024 | 06/28/2024 | 06/2024 | Deposit #10569 | AR Deposit | | | | | 0.00 | (15,285.52) | (1,027,499.17) |
| 1009 | 06/28/2024 | 06/28/2024 | 06/2024 | Payment (Transaction #460205424) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,012,915.84) |
| 1009 | 06/28/2024 | 06/28/2024 | 06/2024 | Payment (Transaction #460205425) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (983,882.26) |
| 1009 | 06/28/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208721) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (975,714.59) |
| 1009 | 06/28/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208728) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (971,964.59) |
| 1009 | 06/28/2024 | 07/02/2024 | 06/2024 | Deposit #10606 | AR Deposit | | | | | 0.00 | (8,167.67) | (980,132.26) |
| 1009 | 07/01/2024 | 06/28/2024 | 07/2024 | Deposit #10572 | AR Deposit | | | | | 0.00 | (43,616.91) | (1,023,749.17) |
| 1009 | 07/01/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460208744) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (993,631.40) |
| 1009 | 07/01/2024 | 07/09/2024 | 07/2024 | Payment (Transaction #460216605) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (985,289.70) |
| 1009 | 07/01/2024 | 10/20/2024 | 07/2024 | Deposit #11517 | AR Deposit | | | | | 0.00 | (7,968.46) | (993,258.16) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460208616) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (992,258.16) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460208617) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (990,758.16) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460208729) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (973,617.06) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10602 | AR Deposit | | | | | 0.00 | (30,117.77) | (1,003,734.83) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10603 | AR Deposit | | | | | 0.00 | (17,141.10) | (1,020,875.93) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10604 | AR Deposit | | | | | 0.00 | (1,500.00) | (1,022,375.93) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10605 | AR Deposit | | | | | 0.00 | (3,750.00) | (1,026,125.93) |
| 1009 | 07/02/2024 | 07/02/2024 | 07/2024 | Deposit #10609 | AR Deposit | | | | | 0.00 | (1,000.00) | (1,027,125.93) |
| 1009 | 07/02/2024 | 07/09/2024 | 07/2024 | Payment (Transaction #460216822) | AR Payment | Reversal of transaction ID:460208729 - entered twice | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (1,044,267.03) |
| 1009 | 07/02/2024 | 07/09/2024 | 07/2024 | Deposit #10714 | AR Deposit | | | | | 17,141.10 | 0.00 | (1,027,125.93) |
| 1009 | 07/03/2024 | 07/05/2024 | 07/2024 | Payment (Transaction #460213780) | AR Payment | | Main Building-G100 | Jenkins Storage | | 10,000.00 | 0.00 | (1,017,125.93) |
| 1009 | 07/03/2024 | 07/05/2024 | 07/2024 | Deposit #10677 | AR Deposit | | | | | 0.00 | (10,000.00) | (1,027,125.93) |
| 1009 | 07/08/2024 | 07/08/2024 | 07/2024 | Payment (Transaction #460216041) | AR Payment | | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | (1,023,298.97) |
| 1009 | 07/08/2024 | 07/08/2024 | 07/2024 | Payment (Transaction #460216042) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,022,998.97) |
| 1009 | 07/08/2024 | 07/08/2024 | 07/2024 | Payment (Transaction #460216093) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (1,022,764.52) |
| 1009 | 07/09/2024 | 07/09/2024 | 07/2024 | Payment (Transaction #460216604) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,022,364.52) |
| 1009 | 07/10/2024 | 07/08/2024 | 07/2024 | Deposit #10693 | AR Deposit | | | | | 0.00 | (4,361.41) | (1,026,725.93) |
| 1009 | 07/10/2024 | 07/10/2024 | 07/2024 | Deposit #10726 | AR Deposit | | | | | 0.00 | (8,741.70) | (1,035,467.63) |
| 1009 | 07/23/2024 | 07/23/2024 | 07/2024 | Payment (Transaction #460221775) | AR Payment | Water 521 | Main Building-150 | Outback Steakhouse | | 1,196.30 | 0.00 | (1,034,271.33) |
| 1009 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221772) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (1,005,237.75) |

Appx773

GL Details   Case 2:25-cv-00044-GAM   Document 29-1   Filed 05/16/25   Page 22 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221774) | AR Payment | | Main Building-250 | Temple Health Call Center | | 11,400.42 | 0.00 | (993,837.33) |
| 1009 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221776) | AR Payment | SEWER 521 | Main Building-150 | Outback Steakhouse | | 665.68 | 0.00 | (993,171.65) |
| 1009 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221779) | AR Payment | RENT | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (981,771.23) |
| 1009 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221780) | AR Payment | CDAM 80124 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (979,244.28) |
| 1009 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221781) | AR Payment | RE 080124 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (977,886.13) |
| 1009 | 07/23/2024 | 10/22/2024 | 08/2024 | Payment (Transaction #460288014) | AR Payment | | Main Building-250 | Temple Health Call Center | | 3,182.91 | 0.00 | (974,703.22) |
| 1009 | 07/24/2024 | 07/24/2024 | 08/2024 | Payment (Transaction #460222244) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (957,562.12) |
| 1009 | 07/26/2024 | 07/24/2024 | 08/2024 | Deposit #10802 | AR Deposit | | | | | 0.00 | (74,722.60) | (1,032,284.72) |
| 1009 | 08/01/2024 | 08/26/2024 | 08/2024 | Payment (Transaction #460240904) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,030,784.72) |
| 1009 | 08/01/2024 | 09/23/2024 | 08/2024 | Payment (Transaction #460267603) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (1,027,034.72) |
| 1009 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460233811) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.90 | 0.00 | (1,018,692.82) |
| 1009 | 08/07/2024 | 08/07/2024 | 08/2024 | Deposit #10937 | AR Deposit | | | | | 0.00 | (8,341.90) | (1,027,034.72) |
| 1009 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234636) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,026,634.72) |
| 1009 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234641) | AR Payment | | Main Building-Roof | Metro PCS | | 4,059.46 | 0.00 | (1,022,575.26) |
| 1009 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234643) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,022,275.26) |
| 1009 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234645) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (1,022,040.81) |
| 1009 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234741) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (1,019,915.23) |
| 1009 | 08/08/2024 | 08/19/2024 | 08/2024 | Payment (Transaction #460239277) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (1,011,915.23) |
| 1009 | 08/08/2024 | 08/19/2024 | 08/2024 | Deposit #11010 | AR Deposit | | | | | 0.00 | (8,000.00) | (1,019,915.23) |
| 1009 | 08/13/2024 | 08/19/2024 | 08/2024 | Payment (Transaction #460239278) | AR Payment | | Main Building-G100 | Jenkins Storage | | 9,000.00 | 0.00 | (1,010,915.23) |
| 1009 | 08/13/2024 | 08/19/2024 | 08/2024 | Deposit #11011 | AR Deposit | | | | | 0.00 | (9,000.00) | (1,019,915.23) |
| 1009 | 08/15/2024 | 08/15/2024 | 08/2024 | Deposit #10994 | AR Deposit | | | | | 0.00 | (7,119.49) | (1,027,034.72) |
| 1009 | 08/15/2024 | 08/15/2024 | 08/2024 | Payment (Transaction #460237544) | AR Payment | | Main Building-100 | SSS Education Jersey College | | 5,929.92 | 0.00 | (1,021,104.80) |
| 1009 | 08/16/2024 | 08/16/2024 | 08/2024 | Payment (Transaction #460238530) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (990,987.03) |
| 1009 | 08/16/2024 | 08/16/2024 | 08/2024 | Payment (Transaction #460238534) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (987,237.03) |
| 1009 | 08/16/2024 | 08/16/2024 | 08/2024 | Payment (Transaction #460238535) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (979,069.36) |
| 1009 | 08/16/2024 | 08/19/2024 | 08/2024 | Deposit #11008 | AR Deposit | | | | | 0.00 | (8,167.67) | (987,237.03) |
| 1009 | 08/16/2024 | 08/19/2024 | 08/2024 | Deposit #11009 | AR Deposit | | | | | 0.00 | (30,117.77) | (1,017,354.80) |
| 1009 | 08/20/2024 | 08/20/2024 | 08/2024 | Deposit #11022 | AR Deposit | | | | | 0.00 | (3,750.00) | (1,021,104.80) |
| 1009 | 08/21/2024 | 08/16/2024 | 08/2024 | Deposit #11005 | AR Deposit | | | | | 0.00 | (5,929.92) | (1,027,034.72) |
| 1009 | 08/21/2024 | 08/21/2024 | 09/2024 | Payment (Transaction #460239729) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (1,009,893.62) |
| 1009 | 08/21/2024 | 08/21/2024 | 09/2024 | Deposit #11033 | AR Deposit | | | | | 0.00 | (17,141.10) | (1,027,034.72) |
| 1009 | 08/23/2024 | 09/24/2024 | 08/2024 | Deposit #11276 | AR Deposit | | | | | 0.00 | (3,750.00) | (1,030,784.72) |
| 1009 | 08/27/2024 | 08/27/2024 | 08/2024 | Payment (Transaction #460241299) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,016,201.39) |
| 1009 | 08/27/2024 | 08/27/2024 | 08/2024 | Payment (Transaction #460241300) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (987,167.81) |
| 1009 | 08/27/2024 | 08/27/2024 | 08/2024 | Payment (Transaction #460241344) | AR Payment | | Main Building-150 | Outback Steakhouse | | 17,014.42 | 0.00 | (970,153.39) |
| 1009 | 08/27/2024 | 08/28/2024 | 08/2024 | Deposit #11062 | AR Deposit | | | | | 0.00 | (17,014.42) | (987,167.81) |
| 1009 | 08/27/2024 | 10/22/2024 | 09/2024 | Deposit #11529 | AR Deposit | | | | | 0.00 | (3,182.91) | (990,350.72) |
| 1009 | 08/28/2024 | 08/28/2024 | 08/2024 | Payment (Transaction #460242647) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (975,767.39) |
| 1009 | 08/28/2024 | 08/28/2024 | 08/2024 | Payment (Transaction #460242648) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (946,733.81) |
| 1009 | 08/28/2024 | 08/28/2024 | 08/2024 | Deposit #11061 | AR Deposit | | | | | 0.00 | (43,616.91) | (990,350.72) |

Appx774

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 08/30/2024 | 08/30/2024 | 08/2024 | Payment (Transaction #460245062) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (988,850.72) |
| 1009 | 08/30/2024 | 08/30/2024 | 08/2024 | Deposit #11078 | AR Deposit | | | | | 0.00 | (1,500.00) | (990,350.72) |
| 1009 | 08/30/2024 | 09/05/2024 | 08/2024 | Payment (Transaction #460254522) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (982,183.05) |
| 1009 | 08/30/2024 | 09/05/2024 | 08/2024 | Payment (Transaction #460254524) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (952,065.28) |
| 1009 | 08/30/2024 | 09/05/2024 | 08/2024 | Deposit #11142 | AR Deposit | | | | | 0.00 | (8,167.67) | (960,232.95) |
| 1009 | 08/30/2024 | 09/05/2024 | 08/2024 | Deposit #11143 | AR Deposit | | | | | 0.00 | (30,117.77) | (990,350.72) |
| 1009 | 08/30/2024 | 08/27/2024 | 09/2024 | Deposit #11052 | AR Deposit | | | | | 0.00 | (45,116.91) | (1,035,467.63) |
| 1009 | 08/30/2024 | 08/30/2024 | 09/2024 | Payment (Transaction #460245028) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,033,967.63) |
| 1009 | 08/30/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257236) | AR Payment | Reversal of transaction ID:460245062 - duplicated | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (1,035,467.63) |
| 1009 | 08/30/2024 | 09/09/2024 | 09/2024 | Deposit #11185 | AR Deposit | | | | | 1,500.00 | 0.00 | (1,033,967.63) |
| 1009 | 08/31/2024 | 08/30/2024 | 09/2024 | Deposit #11077 | AR Deposit | | | | | 0.00 | (1,500.00) | (1,035,467.63) |
| 1009 | 09/03/2024 | 09/03/2024 | 09/2024 | Payment (Transaction #460250012) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (1,033,342.05) |
| 1009 | 09/03/2024 | 09/03/2024 | 09/2024 | Payment (Transaction #460250080) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (1,031,216.47) |
| 1009 | 09/03/2024 | 09/04/2024 | 09/2024 | Payment (Transaction #460250488) | AR Payment | Reversal of transaction ID:460250012 - twice | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (1,033,342.05) |
| 1009 | 09/03/2024 | 09/04/2024 | 09/2024 | Deposit #11107 | AR Deposit | | | | | 0.00 | 0.00 | (1,033,342.05) |
| 1009 | 09/04/2024 | 09/04/2024 | 09/2024 | Deposit #11111 | AR Deposit | | | | | 0.00 | (2,125.58) | (1,035,467.63) |
| 1009 | 09/05/2024 | 09/05/2024 | 09/2024 | Payment (Transaction #460254521) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (1,027,125.93) |
| 1009 | 09/05/2024 | 09/05/2024 | 09/2024 | Deposit #11141 | AR Deposit | | | | | 0.00 | (8,341.70) | (1,035,467.63) |
| 1009 | 09/06/2024 | 09/06/2024 | 09/2024 | Payment (Transaction #460255140) | AR Payment | | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (1,027,467.63) |
| 1009 | 09/06/2024 | 09/06/2024 | 09/2024 | Deposit #11160 | AR Deposit | | | | | 0.00 | (8,000.00) | (1,035,467.63) |
| 1009 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257233) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,035,067.63) |
| 1009 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257245) | AR Payment | | Main Building-Roof | Metro PCS | | 3,708.76 | 0.00 | (1,031,358.87) |
| 1009 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257246) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,031,058.87) |
| 1009 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257247) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (1,030,824.42) |
| 1009 | 09/11/2024 | 09/11/2024 | 09/2024 | Deposit #11209 | AR Deposit | | | | | 0.00 | (4,643.21) | (1,035,467.63) |
| 1009 | 09/17/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267769) | AR Payment | | Main Building-G100 | Jenkins Storage | | 5,000.00 | 0.00 | (1,030,467.63) |
| 1009 | 09/17/2024 | 09/24/2024 | 10/2024 | Deposit #11273 | AR Deposit | | | | | 0.00 | (5,000.00) | (1,035,467.63) |
| 1009 | 09/19/2024 | 09/19/2024 | 09/2024 | Payment (Transaction #460265385) | AR Payment | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 1,480.00 | 0.00 | (1,033,987.63) |
| 1009 | 09/19/2024 | 09/24/2024 | 10/2024 | Deposit #11274 | AR Deposit | | | | | 0.00 | (1,480.00) | (1,035,467.63) |
| 1009 | 09/20/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267800) | AR Payment | RECEIVED 920 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (1,031,717.63) |
| 1009 | 09/20/2024 | 09/24/2024 | 09/2024 | Deposit #11277 | AR Deposit | | | | | 0.00 | (3,750.00) | (1,035,467.63) |
| 1009 | 09/20/2024 | 09/20/2024 | 10/2024 | Payment (Transaction #460265596) | AR Payment | | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (1,031,717.63) |
| 1009 | 09/20/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267799) | AR Payment | Reversal of transaction ID:460265596 - RECEIVED 920 - RECEIVED 920 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (1,035,467.63) |
| 1009 | 09/20/2024 | 09/24/2024 | 10/2024 | Deposit #11275 | AR Deposit | | | | | 0.00 | 0.00 | (1,035,467.63) |
| 1009 | 09/23/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267770) | AR Payment | | Main Building-G100 | Jenkins Storage | | 2,950.00 | 0.00 | (1,032,517.63) |
| 1009 | 09/24/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267812) | AR Payment | water 72224 | Main Building-150 | Outback Steakhouse | | 983.38 | 0.00 | (1,031,534.25) |
| 1009 | 09/24/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267813) | AR Payment | SEWER 72224 | Main Building-150 | Outback Steakhouse | | 515.51 | 0.00 | (1,031,018.74) |
| 1009 | 09/24/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267911) | AR Payment | | North Court-668 | LUV2KNIT & More | | 4,000.00 | 0.00 | (1,027,018.74) |
| 1009 | 09/24/2024 | 09/24/2024 | 10/2024 | Deposit #11272 | AR Deposit | | | | | 0.00 | (2,950.00) | (1,029,968.74) |
| 1009 | 09/24/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267814) | AR Payment | RENT 102024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (1,018,568.32) |
| 1009 | 09/24/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267815) | AR Payment | CAM 102024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (1,016,041.37) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 09/24/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267816) | AR Payment | RE TAX 102024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (1,014,683.22) |
| 1009 | 09/25/2024 | 09/25/2024 | 10/2024 | Deposit #11286 | AR Deposit | | | | | 0.00 | (20,784.41) | (1,035,467.63) |
| 1009 | 09/26/2024 | 09/23/2024 | 10/2024 | Payment (Transaction #460266644) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (1,018,326.53) |
| 1009 | 09/26/2024 | 09/26/2024 | 10/2024 | Payment (Transaction #460268591) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,003,743.20) |
| 1009 | 09/26/2024 | 09/26/2024 | 10/2024 | Payment (Transaction #460268593) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (974,709.62) |
| 1009 | 09/27/2024 | 09/24/2024 | 10/2024 | Deposit #11279 | AR Deposit | | | | | 0.00 | (17,141.10) | (991,850.72) |
| 1009 | 09/27/2024 | 09/27/2024 | 10/2024 | Payment (Transaction #460268907) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (989,725.14) |
| 1009 | 09/30/2024 | 09/30/2024 | 10/2024 | Deposit #11302 | AR Deposit | | | | | 0.00 | (45,742.49) | (1,035,467.63) |
| 1009 | 10/03/2024 | 10/03/2024 | 10/2024 | Payment (Transaction #460273776) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,035,067.63) |
| 1009 | 10/03/2024 | 10/03/2024 | 10/2024 | Payment (Transaction #460273777) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (1,026,899.96) |
| 1009 | 10/03/2024 | 10/03/2024 | 10/2024 | Payment (Transaction #460273778) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (996,782.19) |
| 1009 | 10/03/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278973) | AR Payment | | Main Building-G100 | Jenkins Storage | | 10,000.00 | 0.00 | (986,782.19) |
| 1009 | 10/05/2024 | 10/03/2024 | 10/2024 | Deposit #11362 | AR Deposit | | | | | 0.00 | (38,685.44) | (1,025,467.63) |
| 1009 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278128) | AR Payment | | Main Building-Roof | Metro PCS | | 3,960.52 | 0.00 | (1,021,507.11) |
| 1009 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278131) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,021,207.11) |
| 1009 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278701) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (1,020,972.66) |
| 1009 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278930) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,019,472.66) |
| 1009 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278936) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (1,011,130.96) |
| 1009 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278976) | AR Payment | | Main Building-G100 | Jenkins Storage | | 5,000.00 | 0.00 | (1,006,130.96) |
| 1009 | 10/08/2024 | 10/07/2024 | 10/2024 | Deposit #11410 | AR Deposit | | | | | 0.00 | (4,494.97) | (1,010,625.93) |
| 1009 | 10/09/2024 | 10/09/2024 | 10/2024 | Deposit #11443 | AR Deposit | | | | | 0.00 | (24,841.70) | (1,035,467.63) |
| 1009 | 10/10/2024 | 10/10/2024 | 10/2024 | Payment (Transaction #460281850) | AR Payment | repairs to unit requested by Toni | Main Building-100 | SSS Education Jersey College | | 375.00 | 0.00 | (1,035,092.63) |
| 1009 | 10/11/2024 | 10/11/2024 | 10/2024 | Deposit #11467 | AR Deposit | | | | | 0.00 | (375.00) | (1,035,467.63) |
| 1009 | 10/22/2024 | 10/22/2024 | 11/2024 | Payment (Transaction #460288004) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (1,006,434.05) |
| 1009 | 10/22/2024 | 10/22/2024 | 11/2024 | Payment (Transaction #460288005) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (991,850.72) |
| 1009 | 10/23/2024 | 10/23/2024 | 11/2024 | Payment (Transaction #460288674) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (974,709.62) |
| 1009 | 10/24/2024 | 10/22/2024 | 11/2024 | Deposit #11530 | AR Deposit | | | | | 0.00 | (43,616.91) | (1,018,326.53) |
| 1009 | 10/25/2024 | 10/23/2024 | 11/2024 | Deposit #11537 | AR Deposit | | | | | 0.00 | (17,141.10) | (1,035,467.63) |
| 1009 | 10/29/2024 | 10/29/2024 | 08/2024 | Payment (Transaction #460290194) | AR Payment | WATER081924 | Main Building-150 | Outback Steakhouse | | 1,016.29 | 0.00 | (1,034,451.34) |
| 1009 | 10/29/2024 | 10/29/2024 | 08/2024 | Payment (Transaction #460290195) | AR Payment | sewer 081924 | Main Building-150 | Outback Steakhouse | | 537.89 | 0.00 | (1,033,913.45) |
| 1009 | 10/29/2024 | 10/29/2024 | 11/2024 | Payment (Transaction #460290196) | AR Payment | rent | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (1,022,513.03) |
| 1009 | 10/29/2024 | 10/29/2024 | 11/2024 | Payment (Transaction #460290197) | AR Payment | CAM 112024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (1,019,986.08) |
| 1009 | 10/29/2024 | 10/29/2024 | 11/2024 | Payment (Transaction #460290198) | AR Payment | RE 11012024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (1,018,627.93) |
| 1009 | 10/31/2024 | 10/31/2024 | 11/2024 | Deposit #11575 | AR Deposit | | | | | 0.00 | (16,839.70) | (1,035,467.63) |
| 1009 | 11/01/2024 | 11/01/2024 | 11/2024 | Payment (Transaction #460292518) | AR Payment | | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (1,027,299.96) |
| 1009 | 11/01/2024 | 11/01/2024 | 11/2024 | Payment (Transaction #460292519) | AR Payment | | Main Building-400 | Regus | | 30,117.77 | 0.00 | (997,182.19) |
| 1009 | 11/01/2024 | 11/01/2024 | 11/2024 | Deposit #11581 | AR Deposit | | | | | 0.00 | (30,117.77) | (1,027,299.96) |
| 1009 | 11/01/2024 | 11/01/2024 | 11/2024 | Deposit #11582 | AR Deposit | | | | | 0.00 | (8,167.67) | (1,035,467.63) |
| 1009 | 11/01/2024 | 11/01/2024 | 11/2024 | Payment (Transaction #460292775) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,033,967.63) |
| 1009 | 11/01/2024 | 11/01/2024 | 11/2024 | Deposit #11590 | AR Deposit | | | | | 0.00 | (1,500.00) | (1,035,467.63) |

Appx776

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 25 of 118 Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 11/04/2024 | 11/04/2024 | 11/2024 | Payment (Transaction #460293667) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (1,033,342.05) |
| 1009 | 11/04/2024 | 11/04/2024 | 11/2024 | Payment (Transaction #460293669) | AR Payment | | Main Building-225 | Bethany Christian Services | | 150.00 | 0.00 | (1,033,192.05) |
| 1009 | 11/04/2024 | 11/04/2024 | 11/2024 | Deposit #11630 | AR Deposit | | | | | 0.00 | (2,275.58) | (1,035,467.63) |
| 1009 | 11/05/2024 | 11/05/2024 | 11/2024 | Payment (Transaction #460298795) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,035,067.63) |
| 1009 | 11/06/2024 | 11/12/2024 | 11/2024 | Payment (Transaction #460302392) | AR Payment | | Main Building-G100 | Jenkins Storage | | 10,000.00 | 0.00 | (1,025,067.63) |
| 1009 | 11/06/2024 | 11/12/2024 | 11/2024 | Deposit #11703 | AR Deposit | | | | | 0.00 | (10,000.00) | (1,035,067.63) |
| 1009 | 11/07/2024 | 11/07/2024 | 11/2024 | Payment (Transaction #460301310) | AR Payment | | Main Building-Roof | Metro PCS | | 4,073.02 | 0.00 | (1,030,994.61) |
| 1009 | 11/07/2024 | 11/07/2024 | 11/2024 | Payment (Transaction #460301313) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,030,694.61) |
| 1009 | 11/07/2024 | 11/07/2024 | 11/2024 | Payment (Transaction #460301447) | AR Payment | | Main Building-Roof 2 | Zayo | | 234.45 | 0.00 | (1,030,460.16) |
| 1009 | 11/08/2024 | 11/08/2024 | 11/2024 | Deposit #11690 | AR Deposit | | | | | 0.00 | (5,007.47) | (1,035,467.63) |
| 1009 | 11/12/2024 | 11/12/2024 | 11/2024 | Payment (Transaction #460302357) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (1,027,125.93) |
| 1009 | 11/13/2024 | 11/13/2024 | 11/2024 | Deposit #11706 | AR Deposit | | | | | 0.00 | (8,341.70) | (1,035,467.63) |
| 1009 | 11/21/2024 | 11/21/2024 | 12/2024 | Payment (Transaction #460304850) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (1,006,434.05) |
| 1009 | 11/21/2024 | 11/21/2024 | 12/2024 | Payment (Transaction #460304851) | AR Payment | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (991,850.72) |
| 1009 | 11/26/2024 | 11/21/2024 | 12/2024 | Payment (Transaction #460304846) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (974,709.62) |
| 1009 | 11/26/2024 | 11/22/2024 | 12/2024 | Deposit #11759 | AR Deposit | | | | | 0.00 | (60,758.01) | (1,035,467.63) |
| 1009 | 11/26/2024 | 11/26/2024 | 12/2024 | Payment (Transaction #460306372) | AR Payment | base rent | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (1,024,067.21) |
| 1009 | 11/26/2024 | 11/26/2024 | 12/2024 | Payment (Transaction #460306373) | AR Payment | CAM 122024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (1,021,540.26) |
| 1009 | 11/26/2024 | 11/26/2024 | 12/2024 | Payment (Transaction #460306374) | AR Payment | RE 122024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (1,020,182.11) |
| 1009 | 11/29/2024 | 11/29/2024 | 12/2024 | Deposit #11771 | AR Deposit | | | | | 0.00 | (15,285.52) | (1,035,467.63) |
| 1009 | 12/02/2024 | 12/02/2024 | 12/2024 | Payment (Transaction #460309279) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,033,967.63) |
| 1009 | 12/02/2024 | 12/02/2024 | 12/2024 | Deposit #11782 | AR Deposit | | | | | 0.00 | (1,500.00) | (1,035,467.63) |
| 1009 | 12/02/2024 | 12/02/2024 | 12/2024 | Payment (Transaction #460309315) | AR Payment | | North Court-640 | Helping Hands Family | | 8,371.86 | 0.00 | (1,027,095.77) |
| 1009 | 12/02/2024 | 12/02/2024 | 12/2024 | Payment (Transaction #460309316) | AR Payment | | Main Building-400 | Regus | | 30,326.72 | 0.00 | (996,769.05) |
| 1009 | 12/02/2024 | 12/02/2024 | 12/2024 | Deposit #11785 | AR Deposit | | | | | 0.00 | (8,371.86) | (1,005,140.91) |
| 1009 | 12/02/2024 | 12/02/2024 | 12/2024 | Deposit #11786 | AR Deposit | | | | | 0.00 | (30,326.72) | (1,035,467.63) |
| 1009 | 12/03/2024 | 12/03/2024 | 12/2024 | Payment (Transaction #460309641) | AR Payment | | Main Building-250 | Temple Health Call Center | | 31,455.87 | 0.00 | (1,004,011.76) |
| 1009 | 12/03/2024 | 12/03/2024 | 12/2024 | Payment (Transaction #460309642) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 6,976.89 | 0.00 | (997,034.87) |
| 1009 | 12/04/2024 | 12/04/2024 | 12/2024 | Deposit #11792 | AR Deposit | | | | | 0.00 | (38,432.76) | (1,035,467.63) |
| 1009 | 12/04/2024 | 12/04/2024 | 12/2024 | Payment (Transaction #460309827) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (1,033,342.05) |
| 1009 | 12/06/2024 | 12/06/2024 | 12/2024 | Payment (Transaction #460316528) | AR Payment | | Main Building-Roof | Metro PCS | | 3,838.57 | 0.00 | (1,029,503.48) |
| 1009 | 12/06/2024 | 12/06/2024 | 12/2024 | Payment (Transaction #460316529) | AR Payment | | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (1,029,203.48) |
| 1009 | 12/06/2024 | 12/06/2024 | 12/2024 | Deposit #11827 | AR Deposit | | | | | 0.00 | (6,264.15) | (1,035,467.63) |
| 1009 | 12/06/2024 | 12/06/2024 | 12/2024 | Payment (Transaction #460316575) | AR Payment | | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (1,027,125.93) |
| 1009 | 12/07/2024 | 12/07/2024 | 12/2024 | Deposit #11833 | AR Deposit | | | | | 0.00 | (8,341.70) | (1,035,467.63) |
| 1009 | 12/09/2024 | 12/09/2024 | 12/2024 | Payment (Transaction #460319371) | AR Payment | | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (1,035,067.63) |
| 1009 | 12/09/2024 | 12/09/2024 | 12/2024 | Deposit #11842 | AR Deposit | | | | | 0.00 | (400.00) | (1,035,467.63) |
| 1009 | 12/10/2024 | 12/10/2024 | 12/2024 | Payment (Transaction #460319627) | AR Payment | | Main Building-250 | Temple Health Call Center | | 82,425.00 | 0.00 | (953,042.63) |
| 1009 | 12/12/2024 | 12/10/2024 | 12/2024 | Deposit #11858 | AR Deposit | | | | | 0.00 | (82,425.00) | (1,035,467.63) |
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460322793) | AR Payment | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (1,013,467.63) |
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323631) | AR Payment | Reversal of transaction ID:460322793 - ds | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (1,035,467.63) |

Appx777

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Deposit #11892 | AR Deposit | | | | | 0.00 | 0.00 | (1,035,467.63) |
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323632) | AR Payment | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (1,013,467.63) |
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323633) | AR Payment | Reversal of transaction ID:460323632 - wrong account2 | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (1,035,467.63) |
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Deposit #11893 | AR Deposit | | | | | 0.00 | 0.00 | (1,035,467.63) |
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323634) | AR Payment | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (1,013,467.63) |
| 1009 | 12/18/2024 | 12/18/2024 | 12/2024 | Deposit #11894 | AR Deposit | | | | | 0.00 | (22,000.00) | (1,035,467.63) |
| 1009 | 12/19/2024 | 12/19/2024 | 12/2024 | Payment (Transaction #460323787) | AR Payment | WATER 101724 | Main Building-150 | Outback Steakhouse | | 1,087.85 | 0.00 | (1,034,379.78) |
| 1009 | 12/19/2024 | 12/19/2024 | 12/2024 | Payment (Transaction #460323788) | AR Payment | SEWER 101724 | Main Building-150 | Outback Steakhouse | | 576.16 | 0.00 | (1,033,803.62) |
| 1009 | 12/20/2024 | 12/20/2024 | 12/2024 | Deposit #11902 | AR Deposit | | | | | 0.00 | (1,664.01) | (1,035,467.63) |
| 1009 | 12/24/2024 | 12/20/2024 | 01/2025 | Payment (Transaction #460324049) | AR Payment | | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (1,018,326.53) |
| 1009 | 12/25/2024 | 12/20/2024 | 01/2025 | Deposit #11903 | AR Deposit | | | | | 0.00 | (17,141.10) | (1,035,467.63) |
| 1009 | 12/26/2024 | 12/26/2024 | 12/2024 | Payment (Transaction #460324813) | AR Payment | payment short | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,020,884.30) |
| 1009 | 12/26/2024 | 12/26/2024 | 12/2024 | Payment (Transaction #460324814) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (991,850.72) |
| 1009 | 12/26/2024 | 12/28/2024 | 12/2024 | Payment (Transaction #460324972) | AR Payment | | Main Building-150 | Outback Steakhouse | | 15,285.52 | 0.00 | (976,565.20) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335021) | AR Payment | Reversal of transaction ID:460324972 - incorrect pymnt posting | Main Building-150 | Outback Steakhouse | | 0.00 | (15,285.52) | (991,850.72) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11959 | AR Deposit | | | | | 15,285.52 | 0.00 | (976,565.20) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11960 | AR Deposit Reversal | Offsetting deposit for: 763190 | | | | 0.00 | (15,285.52) | (991,850.72) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335564) | AR Payment | | Main Building-150 | Outback Steakhouse | | 15,285.52 | 0.00 | (976,565.20) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335567) | AR Payment | Reversal of transaction ID:460335564 - incorrect posting | Main Building-150 | Outback Steakhouse | | 0.00 | (15,285.52) | (991,850.72) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11963 | AR Deposit | | | | | 0.00 | 0.00 | (991,850.72) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335571) | AR Payment | | Main Building-150 | Outback Steakhouse | | 15,285.52 | 0.00 | (976,565.20) |
| 1009 | 12/26/2024 | 01/15/2025 | 12/2024 | Deposit #11964 | AR Deposit | | | | | 0.00 | (15,285.52) | (991,850.72) |
| 1009 | 12/27/2024 | 12/27/2024 | 12/2024 | Deposit #11914 | AR Deposit | | | | | 0.00 | (43,616.91) | (1,035,467.63) |
| 1009 | 12/29/2024 | 12/29/2024 | 12/2024 | Payment (Transaction #460325058) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,033,967.63) |
| 1009 | 12/29/2024 | 12/29/2024 | 12/2024 | Payment (Transaction #460325059) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (1,031,842.05) |
| 1009 | 12/31/2024 | 12/31/2024 | 12/2024 | Deposit #11915 | AR Deposit | | | | | 0.00 | (18,911.10) | (1,050,753.15) |
| | | | | | | | | 1009: Undeposited Funds: | (38,921.65) | 2,334,712.82 | (2,373,634.47) | (1,050,753.15) |

**GL Account: 1015: PAID BY EXCHANGE**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1015 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 582,987.10 |
| | | | | | | | | 1015: PAID BY EXCHANGE: | 0.00 | 0.00 | 0.00 | 582,987.10 |

**GL Account: 1020: Accounts Receivable**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 1,725,974.64 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement (Transaction #460084124) | AR Charge | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 1,728,501.59 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084093) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 3,471.02 | 0.00 | 1,731,972.61 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084094) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 1,740,314.31 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Month-to-Month Rent (Transaction #460084095) | AR Charge | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 1,740,714.31 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Month-to-Month Rent (Transaction #460084096) | AR Charge | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 1,744,464.31 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084097) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 1,755,864.73 |

Appx778

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Month-to-Month Rent (Transaction #460084098) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 1,755,949.87 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084099) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 1,784,983.45 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084100) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 1,786,088.42 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084101) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | 1,793,421.42 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084102) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 1,800,421.42 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084103) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 1,810,421.42 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement (Transaction #460084104) | AR Charge | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 1,811,779.57 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084121) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | 1,814,317.06 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084122) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 1,828,900.39 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084123) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 1,829,900.64 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084092) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | 1,830,977.61 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084107) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 1,831,977.61 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084108) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 1,841,977.61 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084109) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 1,842,277.61 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084110) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 1,842,491.53 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084111) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 1,872,524.16 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084113) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 1,877,761.03 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084114) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 1,885,928.70 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084115) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 1,886,181.74 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Parking/Garage Income (Transaction #460084117) | AR Charge | Monthly Parking/Garage Income Posted from 01/01/2024 to 01/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 1,887,681.74 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084118) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 1,887,902.02 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084119) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-225 | Bethany Christian Services | | 16,720.98 | 0.00 | 1,904,623.00 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084120) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | 1,911,956.00 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084105) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 1,901,956.00 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Month-to-Month Rent (Transaction #460084106) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 1,900,956.00 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Month-to-Month Rent (Transaction #460084116) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (3,236.87) | 1,897,719.13 |

Appx779

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084112) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 1,890,386.13 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Late Fee #460068657 to Payment #460081555 | AR Allocation Post | | Main Building-107 | Loanbility | | 0.00 | (375.00) | 1,890,011.13 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Month-to-Month Rent #460054959 to Payment #460081555 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-107 | Loanbility | | 0.00 | (3,375.00) | 1,886,636.13 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement #460084104 to Payment #460080904 | AR Allocation Post | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 1,885,277.98 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement #460084124 to Payment #460080984 | AR Allocation Post | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 1,882,751.03 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent #460084097 to Payment #460080984 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (5,127.01) | 1,877,624.02 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent #460084093 to Payment #460074869 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,112.16) | 1,874,511.86 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Late Fee #460068664 to Payment #460074870 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (0.10) | 1,874,511.76 |
| 1020 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent #460084107 to Payment #460053261 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 1,873,511.76 |
| 1020 | 01/01/2024 | 01/10/2024 | 01/2024 | Month-to-Month Rent #460084096 to Payment #460094739 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 0.00 | (2,962.50) | 1,870,549.26 |
| 1020 | 01/01/2024 | 01/10/2024 | 01/2024 | Late Fee #460068657 to Payment #460081555 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 1,870,924.26 |
| 1020 | 01/01/2024 | 03/29/2024 | 01/2024 | Account Adjustment (Transaction #460141242) | AR Charge | Other Taxes - 2024 | Main Building-100 | SSS Education Jersey College | | 1,446.72 | 0.00 | 1,872,370.98 |
| 1020 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156597) | AR Charge | Reversal of transaction ID:460084121 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | 1,869,833.49 |
| 1020 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156598) | AR Charge | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | 1,872,001.96 |
| 1020 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156605) | AR Charge | Reversal of transaction ID:460084092 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 1,870,924.99 |
| 1020 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156606) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 1,871,476.61 |
| 1020 | 01/01/2024 | 04/22/2024 | 01/2024 | CAM (Transaction #460161172) | AR Charge | Reversal of transaction ID:460156598 - Incorrect amounts | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 1,869,308.14 |
| 1020 | 01/01/2024 | 11/27/2024 | 01/2024 | CAM (Transaction #460306582) | AR Charge | CAM FINAL ADJUSTMENT | Main Building-250 | Temple Health Call Center | | 25,358.43 | 0.00 | 1,894,666.57 |
| 1020 | 01/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145876) | AR Charge | Reversal of transaction ID:460084106 - ds | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 1,895,666.57 |
| 1020 | 01/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161482) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 1,896,200.09 |
| 1020 | 01/01/2024 | 04/24/2024 | 04/2024 | Late Fee #460068664 to Payment #460074870 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 0.10 | 0.00 | 1,896,200.19 |
| 1020 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Month-to-Month Rent #460084098 to Payment #460090116 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 1,896,115.05 |
| 1020 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Rent #460084111 to Payment #460090116 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 1,866,082.42 |
| 1020 | 01/05/2024 | 01/05/2024 | 01/2024 | Parking/Garage Income #460084117 to Payment #460090118 | AR Allocation Post | Monthly Parking/Garage Income Posted from 01/01/2024 to 01/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 1,864,582.42 |
| 1020 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Rent #460084094 to Payment #460090119 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 1,856,240.72 |
| 1020 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Rent #460084113 to Payment #460090125 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | 1,854,240.72 |

Appx780

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 01/06/2024 | 01/06/2024 | 01/2024 | Commercial Rent #460041492 to Payment #460090119 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.00 | (0.20) | 1,854,240.52 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092235) | AR Charge | | Main Building-225 | Bethany Christian Services | | 14,335.98 | 0.00 | 1,868,576.50 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092236) | AR Charge | | Main Building-375 | SBG Management | | 46,933.33 | 0.00 | 1,915,509.83 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092237) | AR Charge | | Main Building-G100 | Jenkins Storage | | 12,902.82 | 0.00 | 1,928,412.65 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092238) | AR Charge | | Main Building-250 | Temple Health Call Center | | 9,569.09 | 0.00 | 1,937,981.74 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092239) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 11,852.96 | 0.00 | 1,949,834.70 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092240) | AR Charge | | Main Building-114 | Sezai Saran | | 84.00 | 0.00 | 1,949,918.70 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092241) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 60,130.60 | 0.00 | 2,010,049.30 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092242) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,814.93 | 0.00 | 2,011,864.23 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092243) | AR Charge | | Main Building-107 | Loanbility | | 412.50 | 0.00 | 2,012,276.73 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092244) | AR Charge | | Main Building-400 | Regus | | 151.88 | 0.00 | 2,012,428.61 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092245) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 16,873.39 | 0.00 | 2,029,302.00 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092246) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,032,568.89 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092247) | AR Charge | | Main Building-150 | Outback Steakhouse | | 627.34 | 0.00 | 2,033,196.23 |
| 1020 | 01/07/2024 | 01/08/2024 | 01/2024 | Late Fee (Transaction #460092248) | AR Charge | | North Court-640 | Helping Hands Family | | 14,022.05 | 0.00 | 2,047,218.28 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092249) | AR Charge | | Main Building-Roof | Metro PCS | | 65.89 | 0.00 | 2,047,284.17 |
| 1020 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092250) | AR Charge | | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | 2,047,306.20 |
| 1020 | 01/07/2024 | 01/10/2024 | 01/2024 | Late Fee #460092243 to Payment #460094739 | AR Allocation Post | | Main Building-107 | Loanbility | | 0.00 | (412.50) | 2,046,893.70 |
| 1020 | 01/07/2024 | 01/10/2024 | 01/2024 | Late Fee #460092243 to Payment #460094739 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 412.50 | 0.00 | 2,047,306.20 |
| 1020 | 01/07/2024 | 01/10/2024 | 01/2024 | Late Fee (Transaction #460094740) | AR Charge | Reversal of transaction ID:460092243 - Automatic Reversal of Transaction ID:460092243 when adding Payment ID:1591473117 by eric@sbgmanagement.com | Main Building-107 | Loanbility | | 0.00 | (412.50) | 2,046,893.70 |
| 1020 | 01/07/2024 | 03/29/2024 | 01/2024 | Late Fee (Transaction #460141238) | AR Charge | Reversal of transaction ID:460092245 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (16,873.39) | 2,030,020.31 |
| 1020 | 01/07/2024 | 04/11/2024 | 01/2024 | Late Fee (Transaction #460156446) | AR Charge | Reversal of transaction ID:460092239 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 0.00 | (11,852.96) | 2,018,167.35 |
| 1020 | 01/07/2024 | 04/11/2024 | 01/2024 | Late Fee (Transaction #460156507) | AR Charge | Reversal of transaction ID:460092238 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 0.00 | (9,569.09) | 2,008,598.26 |
| 1020 | 01/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124082) | AR Charge | Reversal of transaction ID:460092235 - ds | Main Building-225 | Bethany Christian Services | | 0.00 | (14,335.98) | 1,994,262.28 |
| 1020 | 01/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124492) | AR Charge | Reversal of transaction ID:460092244 - ds | Main Building-400 | Regus | | 0.00 | (151.88) | 1,994,110.40 |
| 1020 | 01/07/2024 | 03/05/2024 | 03/2024 | Late Fee (Transaction #460129658) | AR Charge | Reversal of transaction ID:460092240 - ds | Main Building-114 | Sezai Saran | | 0.00 | (84.00) | 1,994,026.40 |
| 1020 | 01/07/2024 | 03/07/2024 | 03/2024 | Late Fee (Transaction #460132072) | AR Charge | Reversal of transaction ID:460092248 - ds | North Court-640 | Helping Hands Family | | 0.00 | (14,022.05) | 1,980,004.35 |
| 1020 | 01/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141174) | AR Charge | Reversal of transaction ID:460092242 - ds | North Court-670 | Dr. Mark Kress | | 0.00 | (1,814.93) | 1,978,189.42 |
| 1020 | 01/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162184) | AR Charge | Reversal of transaction ID:460092250 - ds | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | 1,978,167.39 |
| 1020 | 01/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185861) | AR Charge | Reversal of transaction ID:460092247 - ds | Main Building-150 | Outback Steakhouse | | 0.00 | (627.34) | 1,977,540.05 |
| 1020 | 01/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220607) | AR Charge | Reversal of transaction ID:460092237 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (12,902.82) | 1,964,637.23 |
| 1020 | 01/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267605) | AR Charge | Reversal of transaction ID:460092246 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 1,961,370.34 |
| 1020 | 01/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283208) | AR Charge | | North Court-640 | Helping Hands Family | | 13,225.21 | 0.00 | 1,974,595.55 |

Appx781

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 30 of 118 Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Commercial Rent #460084093 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (358.86) | 1,974,236.69 |
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Commercial Rent #460084109 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 1,973,936.69 |
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Late Fee #460092249 to Payment #460094543 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (65.89) | 1,973,870.80 |
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Late Fee #460068664 to Payment #460094545 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (21.92) | 1,973,848.88 |
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Commercial Rent #460084118 to Payment #460094545 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (198.36) | 1,973,650.52 |
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Electricity (Transaction #460094546) | AR Charge | | Main Building-Roof | Metro PCS | | 261.97 | 0.00 | 1,973,912.49 |
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Electricity #460094546 to Payment #460094543 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (261.97) | 1,973,650.52 |
| 1020 | 01/09/2024 | 01/09/2024 | 01/2024 | Other Reimbursement (Transaction #460094547) | AR Charge | WATER 0124 | Main Building-150 | Outback Steakhouse | | 1,687.63 | 0.00 | 1,975,338.15 |
| 1020 | 01/09/2024 | 04/24/2024 | 04/2024 | Late Fee #460068664 to Payment #460094545 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 21.92 | 0.00 | 1,975,360.07 |
| 1020 | 01/10/2024 | 01/10/2024 | 01/2024 | Month-to-Month Rent #460084096 to Payment #460094739 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 0.00 | (412.50) | 1,974,947.57 |
| 1020 | 01/10/2024 | 01/10/2024 | 01/2024 | Month-to-Month Rent #460084096 to Payment #460081555 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 0.00 | (375.00) | 1,974,572.57 |
| 1020 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082821 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 01/01/2023 to 01/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 1,968,044.39 |
| 1020 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082808 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 1,961,516.21 |
| 1020 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082733 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 1,954,988.03 |
| 1020 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082765 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 1,948,459.85 |
| 1020 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082803 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,920.86) | 1,945,538.99 |
| 1020 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082733 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 1,952,067.17 |
| 1020 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082765 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 1,958,595.35 |
| 1020 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082803 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 2,920.86 | 0.00 | 1,961,516.21 |
| 1020 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082808 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 1,968,044.39 |
| 1020 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082821 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 01/01/2023 to 01/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 1,974,572.57 |
| 1020 | 01/26/2024 | 01/26/2024 | 01/2024 | Commercial Rent #460100238 to Payment #460007869 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 1,973,572.57 |
| 1020 | 01/26/2024 | 01/26/2024 | 01/2024 | Commercial Month-to-Month Rent #460100239 to Payment #460080957 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 1,972,572.57 |
| 1020 | 01/26/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460100238 to Payment #460007869 | AR Allocation Deletion | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 1,973,572.57 |
| 1020 | 01/30/2024 | 01/30/2024 | 01/2024 | Electricity #460090127 to Payment #460101890 | AR Allocation Post | $76.24 and $1494.15 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,570.39) | 1,972,002.18 |

Appx782

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 01/30/2024 | 01/30/2024 | 01/2024 | Electricity #460090126 to Payment #460101891 | AR Allocation Post | $75.81 and $2130.51 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,206.32) | 1,969,795.86 |
| 1020 | 01/30/2024 | 01/30/2024 | 01/2024 | Commercial Rent #460084099 to Payment #460101892 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | 1,940,762.28 |
| 1020 | 01/30/2024 | 04/11/2024 | 01/2024 | Electricity #460090126 to Payment #460101891 | AR Allocation Deletion | $75.81 and $2130.51 | North Court-680-A,A | Temple Health FCCC | | 2,206.32 | 0.00 | 1,942,968.60 |
| 1020 | 01/30/2024 | 04/11/2024 | 01/2024 | Electricity #460090127 to Payment #460101890 | AR Allocation Deletion | $76.24 and $1494.15 | North Court-680-A,A | Temple Health FCCC | | 1,570.39 | 0.00 | 1,944,538.99 |
| 1020 | 01/31/2024 | 01/31/2024 | 01/2024 | Electricity (Transaction #460102909) | AR Charge | | Main Building-Roof | Metro PCS | | 271.00 | 0.00 | 1,944,809.99 |
| 1020 | 01/31/2024 | 01/31/2024 | 01/2024 | Electricity #460102909 to Payment #460094543 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (271.00) | 1,944,538.99 |
| 1020 | 01/31/2024 | 01/31/2024 | 01/2024 | Commercial Rent (Transaction #460102910) | AR Charge | Water-1223 to 124 | Main Building-150 | Outback Steakhouse | | 1,975.91 | 0.00 | 1,946,514.90 |
| 1020 | 01/31/2024 | 01/31/2024 | 01/2024 | Other Reimbursement #460094547 to Payment #460099781 | AR Allocation Post | WATER 0124 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,687.63) | 1,944,827.27 |
| 1020 | 01/31/2024 | 01/31/2024 | 01/2024 | Commercial Rent #460084097 to Payment #460099781 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (6,273.41) | 1,938,553.86 |
| 1020 | 01/31/2024 | 01/31/2024 | 01/2024 | Commercial Rent #460102910 to Payment #460099781 | AR Allocation Post | Water-1223 to 124 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,975.91) | 1,936,577.95 |
| 1020 | 01/31/2024 | 01/31/2024 | 01/2024 | Late Fee #460092247 to Payment #460099781 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (627.34) | 1,935,950.61 |
| 1020 | 01/31/2024 | 05/31/2024 | 05/2024 | Late Fee #460092247 to Payment #460099781 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 627.34 | 0.00 | 1,936,577.95 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104192) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 1,936,798.23 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104193) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 1,937,903.20 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement (Transaction #460104221) | AR Charge | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 1,940,430.15 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104222) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 1,947,430.15 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104223) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 3,471.02 | 0.00 | 1,950,901.17 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement (Transaction #460104224) | AR Charge | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 1,952,259.32 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent (Transaction #460104195) | AR Charge | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 1,956,009.32 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent (Transaction #460104196) | AR Charge | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 1,956,409.32 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Parking/Garage Income (Transaction #460104197) | AR Charge | Monthly Parking/Garage Income Posted from 02/01/2024 to 02/29/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 1,957,909.32 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104198) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 1,958,162.36 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104199) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 1,988,194.99 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104200) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 1,996,260.99 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Month-to-Month Rent (Transaction #460104201) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 1,996,346.13 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104202) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,006,346.13 |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 32 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104203) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,007,346.38 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104204) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,015,514.05 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104205) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,015,814.05 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104206) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,024,155.75 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104210) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,034,155.75 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104211) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 2,045,556.17 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104212) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 2,045,770.09 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104213) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | 2,046,847.06 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104214) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,054,913.06 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104215) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | 2,057,450.55 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104216) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-225 | Bethany Christian Services | | 16,720.98 | 0.00 | 2,074,171.53 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104217) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,088,754.86 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104218) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,089,754.86 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104219) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 2,094,991.73 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104220) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 2,124,025.31 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104194) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 2,114,025.31 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Month-to-Month Rent (Transaction #460104207) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,113,025.31 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Month-to-Month Rent (Transaction #460104208) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (3,236.87) | 2,109,788.44 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104209) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 2,102,455.44 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #459864881 to Payment #460099015 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2023 to 08/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (415.00) | 2,102,040.44 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460041527 to Payment #460099015 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (16,305.98) | 2,085,734.46 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent #459864878 to Payment #460096319 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 08/01/2023 to 08/31/2023 | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | 2,085,694.46 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent #459923395 to Payment #460096319 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-114 | Sezai Saran | | 0.00 | (360.00) | 2,085,334.46 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement #460104221 to Payment #460099781 | AR Allocation Post | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,082,807.51 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement #460104224 to Payment #460099781 | AR Allocation Post | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,081,449.36 |

Appx784

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104211 to Payment #460099781 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,523.76) | 2,078,925.60 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104205 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,078,625.60 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104223 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 0.00 | (2,034.79) | 2,076,590.81 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104223 to Payment #460094544 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,076,290.81 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104223 to Payment #460102872 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 0.00 | (1,136.23) | 2,075,154.58 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Electricity (Transaction #460105601) | AR Charge | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 75.22 | 0.00 | 2,075,229.80 |
| 1020 | 02/01/2024 | 02/01/2024 | 02/2024 | Electricity (Transaction #460105603) | AR Charge | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 2,500.91 | 0.00 | 2,077,730.71 |
| 1020 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156599) | AR Charge | Reversal of transaction ID:460104215 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | 2,075,193.22 |
| 1020 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156600) | AR Charge | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | 2,077,361.69 |
| 1020 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156607) | AR Charge | Reversal of transaction ID:460104213 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,076,284.72 |
| 1020 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156608) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,076,836.34 |
| 1020 | 02/01/2024 | 04/22/2024 | 02/2024 | CAM (Transaction #460161173) | AR Charge | Reversal of transaction ID:460156600 - Incorrect amounts | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 2,074,667.87 |
| 1020 | 02/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent #460104201 to Payment #460124476 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,074,582.73 |
| 1020 | 02/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460104199 to Payment #460124476 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,044,550.10 |
| 1020 | 02/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145880) | AR Charge | Reversal of transaction ID:460104207 - ds | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,045,550.10 |
| 1020 | 02/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161481) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,046,083.62 |
| 1020 | 02/03/2024 | 02/03/2024 | 02/2024 | Commercial Rent #460104219 to Payment #460107430 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | 2,044,083.62 |
| 1020 | 02/03/2024 | 02/03/2024 | 02/2024 | Parking/Garage Income #460104197 to Payment #460107431 | AR Allocation Post | Monthly Parking/Garage Income Posted from 02/01/2024 to 02/29/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 2,042,583.62 |
| 1020 | 02/05/2024 | 02/05/2024 | 02/2024 | CAM #460084100 to Payment #460111536 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,000.00) | 2,041,583.62 |
| 1020 | 02/05/2024 | 02/05/2024 | 02/2024 | Commercial Rent #460084102 to Payment #460111536 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,034,583.62 |
| 1020 | 02/06/2024 | 02/06/2024 | 02/2024 | Commercial Rent #460104206 to Payment #460112089 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,026,241.92 |
| 1020 | 02/06/2024 | 02/06/2024 | 02/2024 | Month-to-Month Rent #460104196 to Payment #460112091 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 2,025,841.92 |
| 1020 | 02/06/2024 | 02/06/2024 | 02/2024 | Commercial Month-to-Month Rent #460013824 to Payment #460107698 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,025,756.78 |
| 1020 | 02/06/2024 | 02/06/2024 | 02/2024 | Commercial Rent #460013789 to Payment #460107698 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-400 | Regus | | 0.00 | (464.86) | 2,025,291.92 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112280) | AR Charge | | Main Building-225 | Bethany Christian Services | | 14,335.98 | 0.00 | 2,039,627.90 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112281) | AR Charge | | Main Building-375 | SBG Management | | 47,933.33 | 0.00 | 2,087,561.23 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112282) | AR Charge | | Main Building-G100 | Jenkins Storage | | 12,913.32 | 0.00 | 2,100,474.55 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112283) | AR Charge | | Main Building-250 | Temple Health Call Center | | 11,281.17 | 0.00 | 2,111,755.72 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112284) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 8,937.24 | 0.00 | 2,120,692.96 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112285) | AR Charge | | Main Building-114 | Sezai Saran | | 44.00 | 0.00 | 2,120,736.96 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112286) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 61,010.50 | 0.00 | 2,181,747.46 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112287) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,836.33 | 0.00 | 2,183,583.79 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112288) | AR Charge | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 2,183,958.79 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112289) | AR Charge | | Main Building-400 | Regus | | 3,108.66 | 0.00 | 2,187,067.45 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112290) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 16,898.69 | 0.00 | 2,203,966.14 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112291) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,207,233.03 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112292) | AR Charge | | Main Building-150 | Outback Steakhouse | | 887.67 | 0.00 | 2,208,120.70 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112293) | AR Charge | | North Court-640 | Helping Hands Family | | 14,938.85 | 0.00 | 2,223,059.55 |
| 1020 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112294) | AR Charge | | Main Building-Roof 2 | Zayo | | 24.22 | 0.00 | 2,223,083.77 |
| 1020 | 02/07/2024 | 02/21/2024 | 02/2024 | Late Fee (Transaction #460118753) | AR Charge | Reversal of transaction ID:460112292 - ds | Main Building-150 | Outback Steakhouse | | 0.00 | (887.67) | 2,222,196.10 |
| 1020 | 02/07/2024 | 03/29/2024 | 02/2024 | Late Fee (Transaction #460141239) | AR Charge | Reversal of transaction ID:460112290 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (16,898.69) | 2,205,297.41 |
| 1020 | 02/07/2024 | 04/11/2024 | 02/2024 | Late Fee (Transaction #460156447) | AR Charge | Reversal of transaction ID:460112284 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 0.00 | (8,937.24) | 2,196,360.17 |
| 1020 | 02/07/2024 | 04/11/2024 | 02/2024 | Late Fee (Transaction #460156508) | AR Charge | Reversal of transaction ID:460112283 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 0.00 | (11,281.17) | 2,185,079.00 |
| 1020 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124083) | AR Charge | Reversal of transaction ID:460112280 - ds | Main Building-225 | Bethany Christian Services | | 0.00 | (14,335.98) | 2,170,743.02 |
| 1020 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124477) | AR Charge | Reversal of transaction ID:460112289 - Automatic Reversal of Transaction ID:460112289 when adding Payment ID:1596561087 by devra@sbgmanagem ent.com | Main Building-400 | Regus | | 0.00 | (3,108.66) | 2,167,634.36 |
| 1020 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124478) | AR Charge | | Main Building-400 | Regus | | 96.88 | 0.00 | 2,167,731.24 |
| 1020 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124493) | AR Charge | Reversal of transaction ID:460124478 - ds | Main Building-400 | Regus | | 0.00 | (96.88) | 2,167,634.36 |
| 1020 | 02/07/2024 | 03/05/2024 | 03/2024 | Late Fee (Transaction #460129657) | AR Charge | Reversal of transaction ID:460112285 - ds | Main Building-114 | Sezai Saran | | 0.00 | (44.00) | 2,167,590.36 |
| 1020 | 02/07/2024 | 03/07/2024 | 03/2024 | Late Fee (Transaction #460132071) | AR Charge | Reversal of transaction ID:460112293 - ds | North Court-640 | Helping Hands Family | | 0.00 | (14,938.85) | 2,152,651.51 |
| 1020 | 02/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139644) | AR Charge | Reversal of transaction ID:460112288 - ds | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,152,276.51 |
| 1020 | 02/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141175) | AR Charge | Reversal of transaction ID:460112287 - ds | North Court-670 | Dr. Mark Kress | | 0.00 | (1,836.33) | 2,150,440.18 |
| 1020 | 02/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162183) | AR Charge | Reversal of transaction ID:460112294 - ds | Main Building-Roof 2 | Zayo | | 0.00 | (24.22) | 2,150,415.96 |
| 1020 | 02/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220609) | AR Charge | Reversal of transaction ID:460112282 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (12,913.32) | 2,137,502.64 |
| 1020 | 02/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267606) | AR Charge | Reversal of transaction ID:460112291 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 2,134,235.75 |
| 1020 | 02/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283183) | AR Charge | | North Court-640 | Helping Hands Family | | 14,122.08 | 0.00 | 2,148,357.83 |
| 1020 | 02/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283201) | AR Charge | Reversal of transaction ID:460283183 - Automatic Reversal of Transaction ID:460283183 when adding Payment ID:1623403297 by devra@sbgmanagem ent.com | North Court-640 | Helping Hands Family | | 0.00 | (14,122.08) | 2,134,235.75 |
| 1020 | 02/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283209) | AR Charge | | North Court-640 | Helping Hands Family | | 13,325.23 | 0.00 | 2,147,560.98 |
| 1020 | 02/20/2024 | 02/20/2024 | 02/2024 | Commercial Rent #460104211 to Payment #460118143 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (721.28) | 2,146,839.70 |
| 1020 | 02/21/2024 | 02/21/2024 | 02/2024 | Commercial Rent #460104217 to Payment #460118659 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,132,256.37 |

Appx786

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 02/21/2024 | 02/21/2024 | 02/2024 | Commercial Rent #460104211 to Payment #460118142 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,254.63) | 2,131,001.74 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Month-to-Month Rent (Transaction #460122859) | AR Charge | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 2,134,751.74 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122860) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,135,751.74 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122861) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,136,751.99 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement (Transaction #460122862) | AR Charge | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 2,139,278.94 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122863) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,147,446.61 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Month-to-Month Rent (Transaction #460122864) | AR Charge | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 2,147,846.61 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122865) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 2,148,951.58 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122866) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 3,471.02 | 0.00 | 2,152,422.60 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122867) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 2,169,563.70 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122868) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,179,563.70 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122869) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,194,147.03 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122887) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | 2,195,224.00 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement (Transaction #460122888) | AR Charge | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 2,196,582.15 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122889) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,204,648.15 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122890) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 2,216,048.57 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Parking/Garage Income (Transaction #460122871) | AR Charge | Monthly Parking/Garage Income Posted from 03/01/2024 to 03/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,217,548.57 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122872) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 2,217,768.85 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122874) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 2,224,768.85 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122875) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,233,110.55 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122876) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 2,233,324.47 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122877) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,241,390.47 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122878) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,251,390.47 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122879) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 2,256,627.34 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460122880) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,256,712.48 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122881) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 2,256,965.52 |

Appx787

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122882) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,257,265.52 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122884) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | 2,259,803.01 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122885) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,289,835.64 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122886) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 2,318,869.22 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460122870) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,317,869.22 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122891) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 2,307,869.22 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460122883) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (3,236.87) | 2,304,632.35 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122873) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 2,297,299.35 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460041527 to Payment #460118678 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | ' 0.00 | (415.00) | 2,296,884.35 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Key/FOBS #459960596 to Payment #460118678 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (318.00) | 2,296,566.35 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460041528 to Payment #460118678 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (16,408.10) | 2,280,158.25 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #459703761 to Payment #460121882 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (531.50) | 2,279,626.75 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122860 to Payment #460100235 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,278,626.75 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122866 to Payment #460102872 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (2,190.16) | 2,276,436.59 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #459703759 to Payment #460121882 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (5,642.96) | 2,270,793.63 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122866 to Payment #460102873 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,270,493.63 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #456532996 to Payment #460121882 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2023 to 03/31/2023 | North Court-640 | Helping Hands Family | | 0.00 | (18.00) | 2,270,475.63 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122866 to Payment #460112090 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (980.86) | 2,269,494.77 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Gas #459703886 to Payment #460121882 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (1,975.21) | 2,267,519.56 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122882 to Payment #460112090 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,267,219.56 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122990 to Payment #460124288 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | 2,255,819.14 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement #460122862 to Payment #460124289 | AR Allocation Post | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,253,292.19 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement #460122888 to Payment #460124291 | AR Allocation Post | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,251,934.04 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460124453 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,251,848.90 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122885 to Payment #460124453 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,221,816.27 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122867 to Payment #460124454 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | 2,204,675.17 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Janitorial Expenses (Transaction #460124455) | AR Charge | Janitorial supplies for building | | Documents, Jenkins | | 465.85 | 0.00 | 2,205,141.02 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Janitorial Expenses (Transaction #460124538) | AR Charge | Reversal of transaction ID:460124455 - entered on accident meant to add as invoice | | Documents, Jenkins | | 0.00 | (465.85) | 2,204,675.17 |
| 1020 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122879 to Payment #460124805 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | 2,202,675.17 |
| 1020 | 03/01/2024 | 03/26/2024 | 03/2024 | Month-to-Month Rent #460122859 to Payment #460139647 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,202,300.17 |
| 1020 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156601) | AR Charge | Reversal of transaction ID:460122884 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | 2,199,762.68 |
| 1020 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156602) | AR Charge | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | 2,201,931.15 |
| 1020 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156609) | AR Charge | Reversal of transaction ID:460122887 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,200,854.18 |
| 1020 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156610) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,201,405.80 |
| 1020 | 03/01/2024 | 04/22/2024 | 03/2024 | CAM (Transaction #460161174) | AR Charge | Reversal of transaction ID:460156602 - incorrect amounts | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 2,199,237.33 |
| 1020 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145877) | AR Charge | Reversal of transaction ID:460122870 - ds | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,200,237.33 |
| 1020 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460124453 | AR Allocation Deletion | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,200,322.47 |
| 1020 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460122885 to Payment #460124453 | AR Allocation Deletion | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,230,355.10 |
| 1020 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Rent (Transaction #460145994) | AR Charge | Reversal of transaction ID:460122885 - ds | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,200,322.47 |
| 1020 | 03/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161483) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,200,855.99 |
| 1020 | 03/04/2024 | 03/04/2024 | 03/2024 | Parking/Garage Income #460122871 to Payment #460126401 | AR Allocation Post | Monthly Parking/Garage Income Posted from 03/01/2024 to 03/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 2,199,355.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #459923395 to Payment #460129654 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | 2,199,315.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Late Fee #460092240 to Payment #460129654 | AR Allocation Post | | Main Building-114 | Sezai Saran | | 0.00 | (84.00) | 2,199,231.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #460084095 to Payment #460129654 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (276.00) | 2,198,955.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #459923395 to Payment #460129654 | AR Allocation Deletion | Monthly Month-to-Month Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | 2,198,995.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Late Fee #460092240 to Payment #460129654 | AR Allocation Deletion | | Main Building-114 | Sezai Saran | | 84.00 | 0.00 | 2,199,079.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #460084095 to Payment #460129654 | AR Allocation Deletion | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-114 | Sezai Saran | | 276.00 | 0.00 | 2,199,355.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #460122864 to Payment #460129656 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 2,198,955.99 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent #460122875 to Payment #460129663 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,190,614.29 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent (Transaction #460129689) | AR Charge | WATER 22624 | Main Building-150 | Outback Steakhouse | | 1,936.96 | 0.00 | 2,192,551.25 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent (Transaction #460129690) | AR Charge | electric 22624 | Main Building-Roof | Metro PCS | | 229.05 | 0.00 | 2,192,780.30 |
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent #460129690 to Payment #460112090 | AR Allocation Post | electric 22624 | Main Building-Roof | Metro PCS | | 0.00 | (229.05) | 2,192,551.25 |

GL Details    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent #460104192 to Payment #460129691 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (166.36) | 2,192,384.89 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130657) | AR Charge | | Main Building-225 | Bethany Christian Services | | 12,621.87 | 0.00 | 2,205,006.76 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130658) | AR Charge | | Main Building-375 | SBG Management | | 48,933.33 | 0.00 | 2,253,940.09 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130659) | AR Charge | | Main Building-G100 | Jenkins Storage | | 13,723.81 | 0.00 | 2,267,663.90 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130660) | AR Charge | | Main Building-250 | Temple Health Call Center | | 11,534.92 | 0.00 | 2,279,198.82 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130661) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 11,948.30 | 0.00 | 2,291,147.12 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130662) | AR Charge | | Main Building-114 | Sezal Saran | | 44.00 | 0.00 | 2,291,191.12 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130663) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 61,890.40 | 0.00 | 2,353,081.52 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130664) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,857.72 | 0.00 | 2,354,939.24 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130665) | AR Charge | | Main Building-107 | Loanbility | | 750.00 | 0.00 | 2,355,689.24 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130666) | AR Charge | | Main Building-400 | Regus | | 96.88 | 0.00 | 2,355,786.12 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130667) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 16,924.00 | 0.00 | 2,372,710.12 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130668) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,375,977.01 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130669) | AR Charge | | Main Building-150 | Outback Steakhouse | | 883.77 | 0.00 | 2,376,860.78 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130670) | AR Charge | | North Court-640 | Helping Hands Family | | 15,038.87 | 0.00 | 2,391,899.65 |
| 1020 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130671) | AR Charge | | Main Building-Roof 2 | Zayo | | 29.61 | 0.00 | 2,391,929.26 |
| 1020 | 03/07/2024 | 03/07/2024 | 03/2024 | Late Fee (Transaction #460132070) | AR Charge | Reversal of transaction ID:460130670 - ds | North Court-640 | Helping Hands Family | | 0.00 | (15,038.87) | 2,376,890.39 |
| 1020 | 03/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139643) | AR Charge | Reversal of transaction ID:460130665 - ds | Main Building-107 | Loanbility | | 0.00 | (750.00) | 2,376,140.39 |
| 1020 | 03/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139646) | AR Charge | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 2,376,515.39 |
| 1020 | 03/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139648) | AR Charge | Reversal of transaction ID:460139646 - Automatic Reversal of Transaction ID:460139646 when adding Payment ID:1598878711 by devra@sbgmanagement.com | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,376,140.39 |
| 1020 | 03/07/2024 | 03/28/2024 | 03/2024 | Late Fee (Transaction #460140672) | AR Charge | Reversal of transaction ID:460130657 - ds | Main Building-225 | Bethany Christian Services | | 0.00 | (12,621.87) | 2,363,518.52 |
| 1020 | 03/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141172) | AR Charge | Reversal of transaction ID:460130666 - ds | Main Building-400 | Regus | | 0.00 | (96.88) | 2,363,421.64 |
| 1020 | 03/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141176) | AR Charge | Reversal of transaction ID:460130664 - ds | North Court-670 | Dr. Mark Kress | | 0.00 | (1,857.72) | 2,361,563.92 |
| 1020 | 03/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141240) | AR Charge | Reversal of transaction ID:460130667 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (16,924.00) | 2,344,639.92 |
| 1020 | 03/07/2024 | 04/11/2024 | 03/2024 | Late Fee (Transaction #460156448) | AR Charge | Reversal of transaction ID:460130661 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 0.00 | (11,948.30) | 2,332,691.62 |
| 1020 | 03/07/2024 | 04/11/2024 | 03/2024 | Late Fee (Transaction #460156509) | AR Charge | Reversal of transaction ID:460130660 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 0.00 | (11,534.92) | 2,321,156.70 |
| 1020 | 03/07/2024 | 04/02/2024 | 04/2024 | Late Fee (Transaction #460145990) | AR Charge | | Main Building-400 | Regus | | 6,060.01 | 0.00 | 2,327,216.71 |
| 1020 | 03/07/2024 | 04/02/2024 | 04/2024 | Late Fee (Transaction #460145991) | AR Charge | Reversal of transaction ID:460145990 - ds | Main Building-400 | Regus | | 0.00 | (6,060.01) | 2,321,156.70 |
| 1020 | 03/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162182) | AR Charge | Reversal of transaction ID:460130671 - ds | Main Building-Roof 2 | Zayo | | 0.00 | (29.61) | 2,321,127.09 |
| 1020 | 03/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185662) | AR Charge | Reversal of transaction ID:460130669 - ds | Main Building-150 | Outback Steakhouse | | 0.00 | (883.77) | 2,320,243.32 |
| 1020 | 03/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220610) | AR Charge | Reversal of transaction ID:460130659 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (13,723.81) | 2,306,519.51 |
| 1020 | 03/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267607) | AR Charge | Reversal of transaction ID:460130668 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 2,303,252.62 |
| 1020 | 03/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283184) | AR Charge | | North Court-640 | Helping Hands Family | | 14,222.10 | 0.00 | 2,317,474.72 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 03/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283200) | AR Charge | Reversal of transaction ID:460283184 - Automatic Reversal of Transaction ID:460283184 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (14,222.10) | 2,303,252.62 |
| 1020 | 03/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283210) | AR Charge | | North Court-640 | Helping Hands Family | | 13,425.26 | 0.00 | 2,316,677.88 |
| 1020 | 03/14/2024 | 03/14/2024 | 03/2024 | Commercial Rent #460122886 to Payment #460135632 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | 2,287,644.30 |
| 1020 | 03/26/2024 | 03/26/2024 | 03/2024 | Tenant Damages (Transaction #460139607) | AR Charge | Damage to front door | Main Building-150 | Outback Steakhouse | | 9,187.30 | 0.00 | 2,296,831.60 |
| 1020 | 03/26/2024 | 03/26/2024 | 03/2024 | Commercial Rent #460104211 to Payment #460139598 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,235.90) | 2,295,595.70 |
| 1020 | 03/26/2024 | 03/26/2024 | 03/2024 | Commercial Rent #460104211 to Payment #460139599 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (701.06) | 2,294,894.64 |
| 1020 | 03/26/2024 | 03/26/2024 | 03/2024 | Key/FOBS (Transaction #460139640) | AR Charge | | Main Building-107 | Loanbility | | 25.00 | 0.00 | 2,294,919.64 |
| 1020 | 03/26/2024 | 03/26/2024 | 03/2024 | Late Fee #460139646 to Payment #460139645 | AR Allocation Post | | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,294,544.64 |
| 1020 | 03/26/2024 | 03/26/2024 | 03/2024 | Month-to-Month Rent #460122859 to Payment #460139645 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,375.00) | 2,291,169.64 |
| 1020 | 03/26/2024 | 03/26/2024 | 03/2024 | Late Fee #460139646 to Payment #460139645 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 2,291,544.64 |
| 1020 | 03/26/2024 | 03/26/2024 | 04/2024 | Commercial Rent #460104211 to Payment #460139600 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (4,963.79) | 2,286,580.85 |
| 1020 | 03/26/2024 | 03/26/2024 | 04/2024 | Commercial Rent #460129689 to Payment #460139600 | AR Allocation Post | WATER 22624 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,936.96) | 2,284,643.89 |
| 1020 | 03/26/2024 | 03/26/2024 | 04/2024 | Late Fee #460130669 to Payment #460139600 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (883.77) | 2,283,760.12 |
| 1020 | 03/26/2024 | 03/26/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460139600 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 0.00 | (3,615.90) | 2,280,144.22 |
| 1020 | 03/26/2024 | 03/26/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460139601 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,277,617.27 |
| 1020 | 03/26/2024 | 03/26/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460139602 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,276,259.12 |
| 1020 | 03/26/2024 | 05/31/2024 | 05/2024 | Late Fee #460130669 to Payment #460139600 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 883.77 | 0.00 | 2,277,142.89 |
| 1020 | 03/28/2024 | 03/28/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460140673) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (50,055.70) | 2,227,087.19 |
| 1020 | 03/28/2024 | 03/28/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460140674) | AR Charge | | Main Building-114 | Sezai Saran | | 0.00 | (484.00) | 2,226,603.19 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460041528 to Payment #460138346 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (312.88) | 2,226,290.31 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460013794 to Payment #460138346 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (16,720.98) | 2,209,569.33 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082868 to Payment #460138346 | AR Allocation Post | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (107.24) | 2,209,462.09 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082868 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,811.25) | 2,204,650.84 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082786 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,918.49) | 2,199,732.35 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | 2,195,991.08 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082868 to Payment #460138346 | AR Allocation Deletion | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 107.24 | 0.00 | 2,196,098.32 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082868 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 4,811.25 | 0.00 | 2,200,909.57 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460138346 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (107.24) | 2,200,802.33 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (1,069.98) | 2,199,732.35 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | 2,195,991.08 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082786 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-225 | Bethany Christian Services | | 4,918.49 | 0.00 | 2,200,909.57 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (1,177.22) | 2,199,732.35 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082787 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | 2,195,991.08 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082787 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | 2,199,732.35 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | 2,195,991.08 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | 2,199,732.35 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 1,177.22 | 0.00 | 2,200,909.57 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,918.49) | 2,195,991.08 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | 2,199,732.35 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460138346 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 107.24 | 0.00 | 2,199,839.59 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 1,069.98 | 0.00 | 2,200,909.57 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460138346 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (107.24) | 2,200,802.33 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,811.25) | 2,195,991.08 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | 2,199,732.35 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 4,918.49 | 0.00 | 2,204,650.84 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 4,811.25 | 0.00 | 2,209,462.09 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140616 to Payment #460140640 | AR Allocation Post | Jan RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,208,381.74 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140618 to Payment #460140640 | AR Allocation Post | Feb RE taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,207,301.39 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140620 to Payment #460140640 | AR Allocation Post | March RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,206,221.04 |

Appx792

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140638 to Payment #460140640 | AR Allocation Post | April RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,205,140.69 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140636 to Payment #460140640 | AR Allocation Post | May RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,204,060.34 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140634 to Payment #460140640 | AR Allocation Post | June RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,202,979.99 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140632 to Payment #460140640 | AR Allocation Post | July RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,201,899.64 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140630 to Payment #460140640 | AR Allocation Post | Aug RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,200,819.29 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140628 to Payment #460140640 | AR Allocation Post | Sept RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,199,738.94 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140626 to Payment #460140640 | AR Allocation Post | Oct RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,198,658.59 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140624 to Payment #460140640 | AR Allocation Post | Nov RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,197,578.24 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140622 to Payment #460140640 | AR Allocation Post | Dec RE Taxes | Main Building-225 | Bethany Christian Services | | 0.00 | (1,080.35) | 2,196,497.89 |
| 1020 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140640 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (506.81) | 2,195,991.08 |
| 1020 | 03/29/2024 | 10/14/2024 | 04/2024 | Commercial Rent #459751914 to Payment #460283160 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2023 to 05/31/2023 | North Court-640 | Helping Hands Family | | 0.00 | (3,893.10) | 2,192,097.98 |
| 1020 | 03/29/2024 | 10/14/2024 | 04/2024 | Gas #459777644 to Payment #460283160 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (2,049.49) | 2,190,048.49 |
| 1020 | 03/29/2024 | 10/14/2024 | 04/2024 | Gas #459777683 to Payment #460283160 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (2,049.41) | 2,187,999.08 |
| 1020 | 03/29/2024 | 10/14/2024 | 04/2024 | Commercial Rent #459785833 to Payment #460283160 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2023 to 06/30/2023 | North Court-640 | Helping Hands Family | | 0.00 | (18.00) | 2,187,981.08 |
| 1020 | 03/29/2024 | 10/14/2024 | 04/2024 | Commercial Rent #459823791 to Payment #460283160 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2023 to 07/31/2023 | North Court-640 | Helping Hands Family | | 0.00 | (18.00) | 2,187,963.08 |
| 1020 | 03/29/2024 | 10/14/2024 | 04/2024 | Gas #459638832 to Payment #460283160 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (139.67) | 2,187,823.41 |
| 1020 | 03/31/2024 | 03/26/2024 | 04/2024 | Late Fee #460112288 to Payment #460139642 | AR Allocation Post | | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,187,448.41 |
| 1020 | 03/31/2024 | 03/26/2024 | 04/2024 | Month-to-Month Rent #460104195 to Payment #460139642 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-107 | Loanbility | | 0.00 | (3,400.00) | 2,184,048.41 |
| 1020 | 03/31/2024 | 03/26/2024 | 04/2024 | Late Fee #460112288 to Payment #460139642 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 2,184,423.41 |
| 1020 | 03/31/2024 | 03/26/2024 | 04/2024 | Month-to-Month Rent #460104195 to Payment #460139642 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-107 | Loanbility | | 0.00 | (350.00) | 2,184,073.41 |
| 1020 | 03/31/2024 | 03/26/2024 | 04/2024 | Key/FOBS #460139640 to Payment #460139642 | AR Allocation Post | | Main Building-107 | Loanbility | | 0.00 | (25.00) | 2,184,048.41 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent (Transaction #460142488) | AR Charge | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 2,187,798.41 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent (Transaction #460142457) | AR Charge | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 2,188,198.41 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460142458) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,188,283.55 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142485) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,198,283.55 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142486) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 2,209,683.97 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142487) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 2,209,904.25 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142456) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 2,238,937.83 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142460) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,268,970.46 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142461) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,278,970.46 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142462) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,293,553.79 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Other Reimbursement (Transaction #460142463) | AR Charge | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 2,294,911.94 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142466) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 2,295,125.86 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142467) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,296,125.86 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142468) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 2,303,125.86 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142469) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 3,471.02 | 0.00 | 2,306,596.88 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142470) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 2,307,701.85 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142471) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | 2,308,778.82 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142472) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,316,946.49 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142473) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 2,334,087.59 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Parking/Garage Income (Transaction #460142474) | AR Charge | Monthly Parking/Garage Income Posted from 04/01/2024 to 04/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,335,587.59 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142475) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,343,653.59 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Other Reimbursement (Transaction #460142477) | AR Charge | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 2,346,180.54 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142478) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,354,246.54 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142479) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,362,588.24 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142480) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,362,888.24 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142481) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 2,368,125.11 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142482) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 2,368,378.15 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142483) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | 2,370,915.64 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142484) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,371,915.89 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460142459) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,370,915.89 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142476) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 2,360,915.89 |

Appx794

GL Details   Case 2:25-cv-00044-GAM   Document 29-1   Filed 05/16/25   Page 43 of 118   Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142464) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 2,353,582.89 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460142465) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (3,236.87) | 2,350,346.02 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent #460142488 to Payment #460139645 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,349,971.02 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082842 to Payment #460138056 | AR Allocation Post | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (3,484.78) | 2,346,486.24 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent #460142488 to Payment #460139647 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,375.00) | 2,343,111.24 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082775 to Payment #460138056 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (5,589.20) | 2,337,522.04 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Gas #459703886 to Payment #460141177 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (74.20) | 2,337,447.84 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082785 to Payment #460138056 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (5,509.35) | 2,331,938.49 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Gas #459777674 to Payment #460141177 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (2,049.41) | 2,329,889.08 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Janitorial Expenses #459731138 to Payment #460141177 | AR Allocation Post | Helping Hands - line Jetting , five blockages of towles in the line | North Court-640 | Helping Hands Family | | 0.00 | (795.00) | 2,329,094.08 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Janitorial Expenses #459746821 to Payment #460141177 | AR Allocation Post | zoom | North Court-640 | Helping Hands Family | | 0.00 | (718.20) | 2,328,375.88 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Janitorial Expenses #459746822 to Payment #460141177 | AR Allocation Post | Jenkins Drain Cleaning | North Court-640 | Helping Hands Family | | 0.00 | (437.50) | 2,327,938.38 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent #459751914 to Payment #460141177 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2023 to 05/31/2023 | North Court-640 | Helping Hands Family | | 0.00 | (4,093.36) | 2,323,845.02 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082803 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (3,607.32) | 2,320,237.70 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent #460142469 to Payment #460112090 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (2,116.48) | 2,318,121.22 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082859 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 2,311,593.04 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082748 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 2,305,064.86 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082802 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 2,298,536.68 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082840 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (5,841.72) | 2,292,694.96 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent #460142473 to Payment #460144007 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.00) | 2,275,553.96 |
| 1020 | 04/01/2024 | 04/01/2024 | 04/2024 | Parking/Garage Income #460142474 to Payment #460144008 | AR Allocation Post | Monthly Parking/Garage Income Posted from 04/01/2024 to 04/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 2,274,053.96 |
| 1020 | 04/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145879) | AR Charge | Reversal of transaction ID:460142459 - ds | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,275,053.96 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082748 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 2,281,582.14 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082802 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 2,288,110.32 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082803 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 3,607.32 | 0.00 | 2,291,717.64 |

Appx795

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 44 of 118  Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082840 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 5,841.72 | 0.00 | 2,297,559.36 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082859 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 2,304,087.54 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082842 to Payment #460138056 | AR Allocation Deletion | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 3,484.78 | 0.00 | 2,307,572.32 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082775 to Payment #460138056 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 5,589.20 | 0.00 | 2,313,161.52 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082785 to Payment #460138056 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 5,509.35 | 0.00 | 2,318,670.87 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156603) | AR Charge | Reversal of transaction ID:460142483 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | 2,316,133.38 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156604) | AR Charge | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | 2,318,301.85 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156611) | AR Charge | Reversal of transaction ID:460142471 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,317,224.88 |
| 1020 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156612) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,317,776.50 |
| 1020 | 04/01/2024 | 04/22/2024 | 04/2024 | CAM (Transaction #460161175) | AR Charge | Reversal of transaction ID:460156604 - Incorrect amounts | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 2,315,608.03 |
| 1020 | 04/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161480) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,316,141.55 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460142481 to Payment #460145832 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | 2,314,141.55 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460054935 to Payment #460126194 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,313,141.55 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460142467 to Payment #460145874 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,312,141.55 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460100236 to Payment #460007869 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,311,141.55 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460100236 to Payment #460007869 | AR Allocation Deletion | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,312,141.55 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460104218 to Payment #460007869 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,311,141.55 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460142458 to Payment #460145979 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,311,056.41 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460142460 to Payment #460145979 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,281,023.78 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460013789 to Payment #460145993 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-400 | Regus | | 0.00 | (38.88) | 2,280,984.90 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460054942 to Payment #460145993 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,280,899.76 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460054930 to Payment #460145993 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 0.00 | (294.78) | 2,280,604.98 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Key/FOBS #460074954 to Payment #460145993 | AR Allocation Post | | Main Building-400 | Regus | | 0.00 | (550.00) | 2,280,054.98 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | Account Adjustment #460140664 to Payment #460145993 | AR Allocation Post | Other Taxes - 2023 | Main Building-400 | Regus | | 0.00 | (376.24) | 2,279,678.74 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140922 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,277,250.63 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140919 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,274,822.52 |

Appx796

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140927 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,272,394.41 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140930 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,269,966.30 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140934 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,267,538.19 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140921 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,265,110.08 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140920 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,262,681.97 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140938 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,260,253.86 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140926 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,257,825.75 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140933 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,255,397.64 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140918 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | Main Building-400 | Regus | | 0.00 | (2,428.11) | 2,252,969.53 |
| 1020 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140939 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 0.00 | (2,063.52) | 2,250,906.01 |
| 1020 | 04/04/2024 | 04/04/2024 | 04/2024 | Commercial Rent #460142479 to Payment #460147038 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,242,564.31 |
| 1020 | 04/04/2024 | 04/04/2024 | 04/2024 | Month-to-Month Rent #460142457 to Payment #460147043 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 2,242,164.31 |
| 1020 | 04/05/2024 | 04/05/2024 | 04/2024 | Commercial Rent #460104222 to Payment #460149970 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,235,164.31 |
| 1020 | 04/05/2024 | 04/05/2024 | 04/2024 | Commercial Rent #460122874 to Payment #460149970 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,000.00) | 2,234,164.31 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150650) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 2,234,164.32 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150651) | AR Charge | | Main Building-375 | SBG Management | | 49,933.33 | 0.00 | 2,284,097.65 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150652) | AR Charge | | Main Building-G100 | Jenkins Storage | | 13,734.31 | 0.00 | 2,297,831.96 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150653) | AR Charge | | Main Building-250 | Temple Health Call Center | | 11,788.67 | 0.00 | 2,309,620.63 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150654) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 9,152.64 | 0.00 | 2,318,773.27 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150655) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 62,770.30 | 0.00 | 2,381,543.57 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150656) | AR Charge | | North Court-670 | Dr. Mark Kress | | 983.50 | 0.00 | 2,382,527.07 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150657) | AR Charge | | Main Building-400 | Regus | | 44.97 | 0.00 | 2,382,572.04 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150658) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 390.56 | 0.00 | 2,382,962.60 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150659) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,386,229.49 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150660) | AR Charge | | Main Building-150 | Outback Steakhouse | | 1,697.18 | 0.00 | 2,387,926.67 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150661) | AR Charge | | North Court-640 | Helping Hands Family | | 15,138.90 | 0.00 | 2,403,065.57 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150662) | AR Charge | | Main Building-Roof | Metro PCS | | 165.45 | 0.00 | 2,403,231.02 |
| 1020 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150663) | AR Charge | | Main Building-Roof 2 | Zayo | | 51.64 | 0.00 | 2,403,282.66 |
| 1020 | 04/07/2024 | 04/11/2024 | 04/2024 | Late Fee (Transaction #460156449) | AR Charge | Reversal of transaction ID:460150654 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 0.00 | (9,152.64) | 2,394,130.02 |
| 1020 | 04/07/2024 | 04/11/2024 | 04/2024 | Late Fee (Transaction #460156510) | AR Charge | Reversal of transaction ID:460150653 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 0.00 | (11,788.67) | 2,382,341.35 |
| 1020 | 04/07/2024 | 04/22/2024 | 04/2024 | Late Fee (Transaction #460161181) | AR Charge | Reversal of transaction ID:460150650 - ds | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 2,382,341.34 |
| 1020 | 04/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162181) | AR Charge | Reversal of transaction ID:460150663 - ds | Main Building-Roof 2 | Zayo | | 0.00 | (51.64) | 2,382,289.70 |
| 1020 | 04/07/2024 | 05/20/2024 | 05/2024 | Late Fee (Transaction #460181901) | AR Charge | Reversal of transaction ID:460150656 - ds | North Court-670 | Dr. Mark Kress | | 0.00 | (983.50) | 2,381,306.20 |
| 1020 | 04/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185863) | AR Charge | Reversal of transaction ID:460150660 - ds | Main Building-150 | Outback Steakhouse | | 0.00 | (1,697.18) | 2,379,609.02 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220611) | AR Charge | Reversal of transaction ID:460150652 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (13,734.31) | 2,365,874.71 |
| 1020 | 04/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234638) | AR Charge | Reversal of transaction ID:460150662 - ds | Main Building-Roof | Metro PCS | | 0.00 | (165.45) | 2,365,709.26 |
| 1020 | 04/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237539) | AR Charge | Reversal of transaction ID:460150658 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (390.56) | 2,365,318.70 |
| 1020 | 04/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238390) | AR Charge | Reversal of transaction ID:460150657 - ds | Main Building-400 | Regus | | 0.00 | (44.97) | 2,365,273.73 |
| 1020 | 04/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267608) | AR Charge | Reversal of transaction ID:460150659 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 2,362,006.84 |
| 1020 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283167) | AR Charge | Reversal of transaction ID:460150661 - Automatic Reversal of Transaction ID:460150661 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (15,138.90) | 2,346,867.94 |
| 1020 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283168) | AR Charge | | North Court-640 | Helping Hands Family | | 14,322.13 | 0.00 | 2,361,190.07 |
| 1020 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283182) | AR Charge | Reversal of transaction ID:460283168 - Automatic Reversal of Transaction ID:460283168 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (14,322.13) | 2,346,867.94 |
| 1020 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283185) | AR Charge | | North Court-640 | Helping Hands Family | | 13,505.36 | 0.00 | 2,360,373.30 |
| 1020 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283199) | AR Charge | Reversal of transaction ID:460283185 - Automatic Reversal of Transaction ID:460283185 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (13,505.36) | 2,346,867.94 |
| 1020 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283211) | AR Charge | | North Court-640 | Helping Hands Family | | 12,708.52 | 0.00 | 2,359,576.46 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082840 to Payment #443523703 | AR Allocation Post | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (686.46) | 2,358,890.00 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443523703 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,216.90) | 2,356,673.10 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443524698 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,451.68) | 2,355,221.42 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #459702590 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,859.60) | 2,352,361.82 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459702590 | AR Allocation Post | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (43.76) | 2,352,318.06 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459770832 | AR Allocation Post | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,484.42) | 2,345,833.64 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082862 to Payment #459770832 | AR Allocation Post | Monthly Property Taxes Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | 2,339,305.46 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082740 to Payment #459770832 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,338,780.11 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082836 to Payment #459770832 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (448.78) | 2,338,331.33 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082836 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (76.57) | 2,338,254.76 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082795 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,337,729.41 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082797 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,337,204.06 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082747 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,336,678.71 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082857 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,336,153.36 |

Appx798

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 47 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082872 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,335,628.01 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082779 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,335,102.66 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082738 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,334,577.31 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082812 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (37.49) | 2,334,539.82 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082812 to Payment #459815677 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (487.86) | 2,334,051.96 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082791 to Payment #459815677 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (525.35) | 2,333,526.61 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082750 to Payment #459815677 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (245.77) | 2,333,280.84 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082750 to Payment #459961950 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (279.58) | 2,333,001.26 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460084092 to Payment #459961950 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,331,924.29 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #459961950 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (478.19) | 2,331,446.10 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #460006798 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (598.78) | 2,330,847.32 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #460006798 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (3,532.72) | 2,327,314.60 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459702590 | AR Allocation Deletion | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 43.76 | 0.00 | 2,327,358.36 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459770632 | AR Allocation Deletion | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 6,484.42 | 0.00 | 2,333,842.78 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082840 to Payment #443523703 | AR Allocation Deletion | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 686.46 | 0.00 | 2,334,529.24 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082962 to Payment #459770632 | AR Allocation Deletion | Monthly Property Taxes Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | 2,341,057.42 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443523703 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 2,216.90 | 0.00 | 2,343,274.32 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443524698 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 1,451.68 | 0.00 | 2,344,726.00 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #459702590 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 2,859.60 | 0.00 | 2,347,585.60 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #443523703 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,903.36) | 2,344,682.24 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #443524698 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,451.68) | 2,343,230.56 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459702590 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,903.36) | 2,340,327.20 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459770632 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (13,012.60) | 2,327,314.60 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459853921 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,126.76) | 2,326,187.84 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459914848 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,089.22) | 2,325,098.62 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #460011993 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (3,013.88) | 2,322,084.74 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460105601 to Payment #460011993 | AR Allocation Post | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (75.22) | 2,322,009.52 |

Appx799

GL Details     Case 2:25-cv-00044-GAM     Document 29-1     Filed 05/16/25     Page 48 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460105603 to Payment #460011993 | AR Allocation Post | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,500.91) | 2,319,508.61 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460122887 to Payment #460011993 | AR Allocation Post | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,318,431.64 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460142471 to Payment #460011993 | AR Allocation Post | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,317,354.67 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460142456 to Payment #460011993 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (21,355.51) | 2,295,999.16 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460142456 to Payment #460047476 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,126.76) | 2,294,872.40 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460142456 to Payment #460096318 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,551.31) | 2,288,321.09 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Account Adjustment #460156479 to Payment #460096318 | AR Allocation Post | Other Taxes | North Court-680-A,A | Temple Health FCCC | | 0.00 | (672.68) | 2,287,648.41 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156493 to Payment #460096318 | AR Allocation Post | $75.81 and $2130.51 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,206.32) | 2,285,442.09 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156494 to Payment #460096318 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,126.76) | 2,284,315.33 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156495 to Payment #460096318 | AR Allocation Post | Electrical invoice | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,126.76) | 2,283,188.57 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156496 to Payment #460096318 | AR Allocation Post | $75.92 and $1013.30 10/23 billing | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,089.22) | 2,282,099.35 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156497 to Payment #460096318 | AR Allocation Post | invoiced on 91923 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,463.01) | 2,280,636.34 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460096318 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (14,797.52) | 2,265,838.82 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460101890 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,570.39) | 2,264,268.43 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460101891 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,206.32) | 2,262,062.11 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460138055 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (9,062.22) | 2,252,999.89 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156499 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (83.42) | 2,252,916.47 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156500 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,775.25) | 2,251,141.22 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156501 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,640.00) | 2,248,501.22 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156502 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,952.66) | 2,245,548.56 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (12,520.03) | 2,233,028.53 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082785 to Payment #413180885 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (79.85) | 2,232,948.68 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #413180885 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (120.17) | 2,232,828.51 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459702588 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (133.08) | 2,232,695.43 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459723968 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (887.75) | 2,231,807.68 |

Appx800

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,300.51) | 2,230,507.17 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #413180885 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 120.17 | 0.00 | 2,230,627.34 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459702588 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 133.08 | 0.00 | 2,230,760.42 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459723968 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 887.75 | 0.00 | 2,231,648.17 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 1,300.51 | 0.00 | 2,232,948.68 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156512 to Payment #413180885 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (120.17) | 2,232,828.51 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156512 to Payment #459702588 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (133.08) | 2,232,695.43 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156512 to Payment #459723968 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (254.87) | 2,232,440.56 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #459723968 | AR Allocation Post | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (632.88) | 2,231,807.68 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,300.51) | 2,230,507.17 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #459723968 | AR Allocation Deletion | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 632.88 | 0.00 | 2,231,140.05 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 1,300.51 | 0.00 | 2,232,440.56 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156514 to Payment #459723968 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,231,932.44 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #459723968 | AR Allocation Post | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (124.76) | 2,231,807.68 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,300.51) | 2,230,507.17 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #459723968 | AR Allocation Deletion | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 124.76 | 0.00 | 2,230,631.93 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 1,300.51 | 0.00 | 2,231,932.44 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156516 to Payment #459723968 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (124.76) | 2,231,807.68 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156516 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (383.36) | 2,231,424.32 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082800 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (917.15) | 2,230,507.17 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082800 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 917.15 | 0.00 | 2,231,424.32 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156518 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,230,916.20 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082801 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (409.03) | 2,230,507.17 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082801 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 409.03 | 0.00 | 2,230,916.20 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156520 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (409.03) | 2,230,507.17 |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 50 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156531 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,229,999.05 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156520 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (99.09) | 2,229,899.96 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156526 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,229,391.84 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156528 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,228,883.72 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082788 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | 2,226,818.51 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,900.54) | 2,224,917.97 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156533 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,224,409.85 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (164.67) | 2,224,245.18 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082824 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | 2,222,179.97 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082843 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | 2,220,114.76 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (785.99) | 2,219,328.77 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156535 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,218,820.65 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,279.22) | 2,217,541.43 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082870 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (317.08) | 2,217,224.35 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082870 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,748.13) | 2,215,476.22 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,736.65) | 2,213,739.57 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156537 to Payment #460138056 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (508.12) | 2,213,231.45 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (328.56) | 2,212,902.89 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082806 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | 2,210,837.68 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082737 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | 2,208,772.47 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (622.10) | 2,208,150.37 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082785 to Payment #413180885 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 79.85 | 0.00 | 2,208,230.22 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156539 to Payment #413180885 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (79.85) | 2,208,150.37 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156539 to Payment #460138056 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 0.00 | (428.27) | 2,207,722.10 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,443.11) | 2,206,278.99 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082830 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | 2,204,213.78 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082776 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,572.76) | 2,202,641.02 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460084092 to Payment #459961950 | AR Allocation Deletion | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | 2,203,717.99 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #459961950 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,202,641.02 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #459961950 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 478.19 | 0.00 | 2,203,119.21 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #460006798 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 598.78 | 0.00 | 2,203,717.99 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #459961950 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (478.19) | 2,203,239.80 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460006798 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (598.78) | 2,202,641.02 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460122887 to Payment #460011993 | AR Allocation Deletion | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | 2,203,717.99 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460011993 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,202,641.02 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460142471 to Payment #460011993 | AR Allocation Deletion | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | 2,203,717.99 |
| 1020 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460011993 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | 2,202,641.02 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082737 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | 2,204,706.23 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 622.10 | 0.00 | 2,205,328.33 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 1,443.11 | 0.00 | 2,206,771.44 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 1,736.65 | 0.00 | 2,208,508.09 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 328.56 | 0.00 | 2,208,836.65 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 785.99 | 0.00 | 2,209,622.64 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 1,279.22 | 0.00 | 2,210,901.86 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082776 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-250 | Temple Health Call Center | | 1,572.76 | 0.00 | 2,212,474.62 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082788 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | 2,214,539.83 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082806 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | 2,216,605.04 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 1,900.54 | 0.00 | 2,218,505.58 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 164.67 | 0.00 | 2,218,670.25 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082824 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | 2,220,735.46 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082830 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | 2,222,800.67 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082843 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | 2,224,865.88 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082870 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 317.08 | 0.00 | 2,225,182.96 |
| 1020 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082870 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 1,748.13 | 0.00 | 2,226,931.09 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | Account Adjustment #460156596 to Payment #460080610 | AR Allocation Post | Other Taxes | Main Building-250 | Temple Health Call Center | | 0.00 | (575.93) | 2,226,355.16 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156598 to Payment #460080610 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 2,224,186.69 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460084122 to Payment #460080610 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (7,898.73) | 2,216,287.96 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460084122 to Payment #460138056 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,684.60) | 2,209,603.36 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156600 to Payment #460138056 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 2,207,434.89 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156602 to Payment #460138056 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 2,205,266.42 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460122869 to Payment #460138056 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,625.40) | 2,202,641.02 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156598 to Payment #460080610 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | 2,204,809.49 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156600 to Payment #460138056 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | 2,206,977.96 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156602 to Payment #460138056 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | 2,209,146.43 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460122869 to Payment #460080610 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | 2,206,977.96 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460122869 to Payment #460138056 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (4,336.94) | 2,202,641.02 |
| 1020 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460142473 to Payment #460161182 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.10) | 2,202,640.92 |
| 1020 | 04/22/2024 | 04/22/2024 | 05/2024 | Commercial Rent #460142473 to Payment #460161182 | AR Allocation Deletion | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.10 | 0.00 | 2,202,641.02 |
| 1020 | 04/22/2024 | 04/22/2024 | 05/2024 | Commercial Rent #460142473 to Payment #460161184 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.10) | 2,202,640.92 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Rent (Transaction #460162171) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 2,161.33 | 0.00 | 2,204,802.25 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460161535 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 0.00 | (1,247.39) | 2,203,554.86 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460161536 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 0.00 | (438.91) | 2,203,115.95 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Other Reimbursement #460142463 to Payment #460161536 | AR Allocation Post | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (270.09) | 2,202,845.86 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent (Transaction #460162172) | AR Charge | Electric | Main Building-Roof | Metro PCS | | 25,325.00 | 0.00 | 2,228,170.86 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142480 to Payment #460162175 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,227,870.86 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent (Transaction #460162177) | AR Charge | Reversal of transaction ID:460162172 - ds | Main Building-Roof | Metro PCS | | 0.00 | (25,325.00) | 2,202,545.86 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142469 to Payment #460162173 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,202,245.86 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142469 to Payment #460162174 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (1,054.54) | 2,201,191.32 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460150662 to Payment #460162174 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (165.45) | 2,201,025.87 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460162178) | AR Charge | rent not charged during rent increase | Main Building-Roof | Metro PCS | | 5,965.03 | 0.00 | 2,206,990.90 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Month-to-Month Rent #460162178 to Payment #460162174 | AR Allocation Post | rent not charged during rent increase | Main Building-Roof | Metro PCS | | 0.00 | (2,372.52) | 2,204,618.38 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Month-to-Month Rent #460162178 to Payment #460162176 | AR Allocation Post | rent not charged during rent increase | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | 2,201,025.87 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460084118 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (21.92) | 2,201,003.95 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460092250 to Payment #460162179 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | 2,200,981.92 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460104192 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (53.92) | 2,200,928.00 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460112294 to Payment #460162179 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (24.22) | 2,200,903.78 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460122872 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (105.54) | 2,200,798.24 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460122872 to Payment #460162180 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (114.74) | 2,200,683.50 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460130671 to Payment #460162180 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (29.61) | 2,200,653.89 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162180 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (90.10) | 2,200,563.79 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460130671 to Payment #460162180 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 29.61 | 0.00 | 2,200,593.40 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162180 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (29.61) | 2,200,563.79 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460112294 to Payment #460162179 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 24.22 | 0.00 | 2,200,588.01 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (24.22) | 2,200,563.79 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460092250 to Payment #460162179 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | 2,200,585.82 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | 2,200,563.79 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460074870 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (0.10) | 2,200,563.69 |
| 1020 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460094545 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (21.92) | 2,200,541.77 |
| 1020 | 04/24/2024 | 04/24/2024 | 05/2024 | Other Reimbursement #460142463 to Payment #460161532 | AR Allocation Post | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,088.06) | 2,199,453.71 |
| 1020 | 04/24/2024 | 04/24/2024 | 05/2024 | Other Reimbursement #460142477 to Payment #460161532 | AR Allocation Post | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,196,926.76 |
| 1020 | 04/24/2024 | 04/24/2024 | 05/2024 | Commercial Rent #460142486 to Payment #460161532 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (7,785.41) | 2,189,141.35 |
| 1020 | 04/24/2024 | 04/24/2024 | 05/2024 | Commercial Rent #460142486 to Payment #460161533 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,186,614.40 |
| 1020 | 04/24/2024 | 04/24/2024 | 05/2024 | Commercial Rent #460142486 to Payment #460161534 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,088.06) | 2,185,526.34 |
| 1020 | 04/24/2024 | 04/24/2024 | 05/2024 | Late Fee #460150660 to Payment #460161534 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (270.09) | 2,185,256.25 |
| 1020 | 04/24/2024 | 05/31/2024 | 05/2024 | Late Fee #460150660 to Payment #460161534 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 270.09 | 0.00 | 2,185,526.34 |
| 1020 | 04/24/2024 | 08/07/2024 | 08/2024 | Late Fee #460150662 to Payment #460162174 | AR Allocation Deletion | | Main Building-Roof | Metro PCS | | 165.45 | 0.00 | 2,185,691.79 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Month-to-Month Rent (Transaction #460165910) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,185,776.93 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165880) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,195,776.93 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Parking/Garage Income (Transaction #460165881) | AR Charge | Monthly Parking/Garage Income Posted from 05/01/2024 to 05/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,197,276.93 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165882) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,227,309.56 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165883) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,228,309.56 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165884) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,228,609.56 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Other Reimbursement (Transaction #460165885) | AR Charge | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 2,229,967.71 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Other Reimbursement (Transaction #460165886) | AR Charge | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 2,232,494.66 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165887) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,233,046.28 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Month-to-Month Rent (Transaction #460165888) | AR Charge | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 2,233,446.28 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Month-to-Month Rent (Transaction #460165889) | AR Charge | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 2,237,196.28 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165890) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | 2,240,788.79 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165891) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,263,614.62 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165892) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 2,268,851.49 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165905) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,269,385.01 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165893) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 26,223.88 | 0.00 | 2,295,608.89 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165894) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,303,950.59 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165895) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,313,950.59 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165908) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 2,314,203.63 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165909) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,315,203.88 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165878) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 2,315,417.80 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165897) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 2,315,638.08 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165898) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 2,322,638.08 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165899) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,330,704.08 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165900) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,338,871.75 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165901) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,346,937.75 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165903) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 2,364,078.85 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165906) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 2,375,479.27 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165907) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 2,376,584.24 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Month-to-Month Rent (Transaction #460165896) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (3,236.87) | 2,373,347.37 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165904) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 2,366,014.37 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165902) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 2,356,014.37 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460165903 to Payment #460161184 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.00) | 2,338,873.37 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Electricity #460156503 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (15,147.91) | 2,323,725.46 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156606 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,323,173.84 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156608 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,322,622.22 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156610 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,322,070.60 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156612 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,321,518.98 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460165887 to Payment #460161567 | AR Allocation Post | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,320,967.36 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460161567 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (11,127.57) | 2,309,839.79 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460122869 to Payment #460161566 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (5,452.52) | 2,304,387.27 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161482 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,303,853.75 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161481 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,303,320.23 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161483 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,302,786.71 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161480 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,302,253.19 |
| 1020 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460142462 to Payment #460161566 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,996.73) | 2,295,256.46 |
| 1020 | 05/01/2024 | 05/07/2024 | 05/2024 | Commercial Rent (Transaction #460175511) | AR Charge | Reversal of transaction ID:460165890 | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | 2,291,663.95 |
| 1020 | 05/01/2024 | 05/07/2024 | 05/2024 | Commercial Rent (Transaction #460175512) | AR Charge | | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 2,295,490.91 |
| 1020 | 05/01/2024 | 09/30/2024 | 05/2024 | Commercial Rent (Transaction #460269363) | AR Charge | Reversal of transaction ID:460165891 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 2,272,665.08 |
| 1020 | 05/01/2024 | 09/30/2024 | 05/2024 | Commercial Rent (Transaction #460269364) | AR Charge | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,287,248.41 |
| 1020 | 05/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288029) | AR Charge | Reversal of transaction ID:460269364 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,272,665.08 |
| 1020 | 05/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288030) | AR Charge | | Main Building-250 | Temple Health Call Center | | -22,825.83 | 0.00 | 2,295,490.91 |
| 1020 | 05/02/2024 | 05/02/2024 | 05/2024 | Commercial Rent #460165883 to Payment #460168462 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,294,490.91 |
| 1020 | 05/03/2024 | 05/03/2024 | 05/2024 | Parking/Garage Income #460165881 to Payment #460168957 | AR Allocation Post | Monthly Parking/Garage Income Posted from 05/01/2024 to 05/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,000.00) | 2,293,490.91 |
| 1020 | 05/03/2024 | 05/03/2024 | 05/2024 | Parking/Garage Income #460165881 to Payment #460168958 | AR Allocation Post | Monthly Parking/Garage Income Posted from 05/01/2024 to 05/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (500.00) | 2,292,990.91 |
| 1020 | 05/03/2024 | 05/03/2024 | 05/2024 | Commercial Rent #460165892 to Payment #460168959 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | 2,290,990.91 |
| 1020 | 05/03/2024 | 05/03/2024 | 05/2024 | Commercial Rent #460165894 to Payment #460168960 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,282,649.21 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 05/06/2024 | 05/06/2024 | 05/2024 | Month-to-Month Rent #460165888 to Payment #460173998 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 2,282,249.21 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174120) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 2,282,249.22 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174121) | AR Charge | | Main Building-375 | SBG Management | | 50,933.33 | 0.00 | 2,333,182.55 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174122) | AR Charge | | Main Building-G100 | Jenkins Storage | | 14,544.81 | 0.00 | 2,347,727.36 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174123) | AR Charge | | Main Building-250 | Temple Health Call Center | | 3,094.60 | 0.00 | 2,350,821.96 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174124) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 1,509.63 | 0.00 | 2,352,331.59 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174125) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 63,650.20 | 0.00 | 2,415,981.79 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174126) | AR Charge | | North Court-570 | Dr. Mark Kress | | 1,004.89 | 0.00 | 2,416,986.68 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174127) | AR Charge | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 2,417,361.68 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174128) | AR Charge | | Main Building-400 | Regus | | 3,056.75 | 0.00 | 2,420,418.43 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174129) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 415.86 | 0.00 | 2,420,834.29 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174130) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,424,101.18 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174131) | AR Charge | | Main Building-150 | Outback Steakhouse | | 1,744.69 | 0.00 | 2,425,845.87 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174132) | AR Charge | | North Court-640 | Helping Hands Family | | 16,055.69 | 0.00 | 2,441,901.56 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174133) | AR Charge | | Main Building-Roof | Metro PCS | | 389.25 | 0.00 | 2,442,290.81 |
| 1020 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174134) | AR Charge | | Main Building-Roof 2 | Zayo | | 25.26 | 0.00 | 2,442,316.07 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165890 to Payment #460175506 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | 2,438,723.56 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175507) | AR Charge | Reversal of transaction ID:460174133 - Automatic Reversal of Transaction ID:460174133 when adding Payment ID:1604857510 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (389.25) | 2,438,334.31 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175508) | AR Charge | | Main Building-Roof | Metro PCS | | 6.56 | 0.00 | 2,438,340.87 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165884 to Payment #460175506 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (234.45) | 2,438,106.42 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165884 to Payment #460175509 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (65.55) | 2,438,040.87 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175510) | AR Charge | Reversal of transaction ID:460175508 - Automatic Reversal of Transaction ID:460175508 when adding Payment ID:1604857518 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (6.56) | 2,438,034.31 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165890 to Payment #460175506 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | 2,441,626.82 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460175512 to Payment #460175506 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | 2,438,034.31 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460175512 to Payment #460175509 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (234.45) | 2,437,799.86 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460142487 to Payment #460175543 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (14.17) | 2,437,785.69 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165897 to Payment #460175543 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | 2,437,565.41 |
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175544) | AR Charge | Reversal of transaction ID:460174134 - Automatic Reversal of Transaction ID:460174134 when adding Payment ID:1604872991 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 0.00 | (25.26) | 2,437,540.15 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175545) | AR Charge | | Main Building-Roof 2 | Zayo | | 1.81 | 0.00 | 2,437,541.96 |
| 1020 | 05/07/2024 | 05/20/2024 | 05/2024 | Late Fee (Transaction #460181902) | AR Charge | Reversal of transaction ID:460174126 - ds | North Court-670 | Dr. Mark Kress | | 0.00 | (1,004.89) | 2,436,537.07 |
| 1020 | 05/07/2024 | 05/20/2024 | 05/2024 | Late Fee (Transaction #460181976) | AR Charge | Reversal of transaction ID:460174127 - ds | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,436,162.07 |
| 1020 | 05/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185864) | AR Charge | Reversal of transaction ID:460174131 - ds | Main Building-150 | Outback Steakhouse | | 0.00 | (1,744.69) | 2,434,417.38 |
| 1020 | 05/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208735) | AR Charge | Reversal of transaction ID:460174128 - Automatic Reversal of Transaction ID:460174128 when adding Payment ID:1610819711 by eric@sbgmanagement.com | Main Building-400 | Regus | | 0.00 | (3,056.75) | 2,431,360.63 |
| 1020 | 05/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208736) | AR Charge | | Main Building-400 | Regus | | 44.97 | 0.00 | 2,431,405.60 |
| 1020 | 05/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220612) | AR Charge | Reversal of transaction ID:460174122 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (14,544.81) | 2,416,860.79 |
| 1020 | 05/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237540) | AR Charge | Reversal of transaction ID:460174129 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (415.86) | 2,416,444.93 |
| 1020 | 05/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238391) | AR Charge | Reversal of transaction ID:460208736 - ds | Main Building-400 | Regus | | 0.00 | (44.97) | 2,416,399.96 |
| 1020 | 05/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267609) | AR Charge | Reversal of transaction ID:460174130 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 2,413,133.07 |
| 1020 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283166) | AR Charge | Reversal of transaction ID:460174132 - Automatic Reversal of Transaction ID:460174132 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (16,055.69) | 2,397,077.38 |
| 1020 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283169) | AR Charge | | North Court-640 | Helping Hands Family | | 15,238.92 | 0.00 | 2,412,316.30 |
| 1020 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283181) | AR Charge | Reversal of transaction ID:460283169 - Automatic Reversal of Transaction ID:460283169 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (15,238.92) | 2,397,077.38 |
| 1020 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283186) | AR Charge | | North Court-640 | Helping Hands Family | | 14,422.15 | 0.00 | 2,411,499.53 |
| 1020 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283198) | AR Charge | Reversal of transaction ID:460283186 - Automatic Reversal of Transaction ID:460283186 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (14,422.15) | 2,397,077.38 |
| 1020 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283212) | AR Charge | | North Court-640 | Helping Hands Family | | 13,625.31 | 0.00 | 2,410,702.69 |
| 1020 | 05/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306577) | AR Charge | Reversal of transaction ID:460174123 - ds | Main Building-250 | Temple Health Call Center | | 0.00 | (3,094.60) | 2,407,608.09 |
| 1020 | 05/13/2024 | 07/05/2024 | 05/2024 | Commercial Rent #460165898 to Payment #460213753 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | 2,404,108.09 |
| 1020 | 05/13/2024 | 07/05/2024 | 05/2024 | Commercial Rent #460165898 to Payment #460213753 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | 2,407,608.09 |
| 1020 | 05/13/2024 | 07/05/2024 | 05/2024 | Commercial Rent #460142468 to Payment #460213765 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | 2,404,108.09 |
| 1020 | 05/15/2024 | 05/15/2024 | 05/2024 | Tenant Damages (Transaction #460180470) | AR Charge | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 1,480.00 | 0.00 | 2,405,588.09 |
| 1020 | 05/16/2024 | 05/16/2024 | 05/2024 | Tenant Damages (Transaction #460180684) | AR Charge | | Main Building-150 | Outback Steakhouse | | 2,300.00 | 0.00 | 2,407,888.09 |
| 1020 | 05/16/2024 | 05/16/2024 | 05/2024 | Late Fee #460150660 to Payment #460178035 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (1,368.57) | 2,406,519.52 |
| 1020 | 05/16/2024 | 05/16/2024 | 05/2024 | Late Fee #460150660 to Payment #460178036 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (58.52) | 2,406,461.00 |

Appx809

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 05/16/2024 | 05/16/2024 | 05/2024 | Rent #460162171 to Payment #460178036 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (734.24) | 2,405,726.76 |
| 1020 | 05/16/2024 | 05/31/2024 | 05/2024 | Late Fee #460150660 to Payment #460178035 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 1,368.57 | 0.00 | 2,407,095.33 |
| 1020 | 05/16/2024 | 05/31/2024 | 05/2024 | Late Fee #460150660 to Payment #460178036 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 58.52 | 0.00 | 2,407,153.85 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | Account Adjustment #460140657 to Payment #460181903 | AR Allocation Post | Other Taxes - 2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (133.61) | 2,407,020.24 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140936 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,915.89 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140935 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,811.54 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140940 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,707.19 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140917 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,602.84 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140937 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,498.49 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140928 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,394.14 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140931 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,289.79 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140923 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,185.44 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140924 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,406,081.09 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140932 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,405,976.74 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140929 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,405,872.39 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140925 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (104.35) | 2,405,768.04 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | Month-to-Month Rent #460165889 to Payment #460181975 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,375.00) | 2,402,393.04 |
| 1020 | 05/20/2024 | 05/20/2024 | 05/2024 | Month-to-Month Rent #460165889 to Payment #460181975 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,402,018.04 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182618 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,387,434.71 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182618 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,402,018.04 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182620 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,387,434.71 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460182621 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (15,096.31) | 2,372,338.40 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Late Fee #460174124 to Payment #460182621 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,509.63) | 2,370,828.77 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Tenant Damages #460180470 to Payment #460182621 | AR Allocation Post | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,480.00) | 2,369,348.77 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460182621 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 15,096.31 | 0.00 | 2,384,445.08 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Late Fee #460174124 to Payment #460182621 | AR Allocation Deletion | | North Court-680-A,A | Temple Health FCCC | | 1,509.63 | 0.00 | 2,385,954.71 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Tenant Damages #460180470 to Payment #460182621 | AR Allocation Deletion | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 1,480.00 | 0.00 | 2,387,434.71 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182620 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,402,018.04 |

Appx810

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460182624 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (15,096.31) | 2,386,921.73 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Late Fee #460174124 to Payment #460182624 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,509.63) | 2,385,412.10 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Tenant Damages #460180470 to Payment #460182624 | AR Allocation Post | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,480.00) | 2,383,932.10 |
| 1020 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182625 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,369,348.77 |
| 1020 | 05/22/2024 | 09/30/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182625 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,383,932.10 |
| 1020 | 05/28/2024 | 05/28/2024 | 05/2024 | Other Reimbursement #460165885 to Payment #460184682 | AR Allocation Post | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,382,573.95 |
| 1020 | 05/28/2024 | 05/28/2024 | 05/2024 | Other Reimbursement #460165886 to Payment #460184682 | AR Allocation Post | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,380,047.00 |
| 1020 | 05/28/2024 | 05/28/2024 | 05/2024 | Commercial Rent #460165906 to Payment #460184682 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | 2,368,646.58 |
| 1020 | 05/29/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165879) | AR Charge | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 2,809.70 | 0.00 | 2,371,456.28 |
| 1020 | 05/29/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165879 to Payment #460182621 | AR Allocation Post | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,809.70) | 2,368,646.58 |
| 1020 | 05/29/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165879 to Payment #460182621 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 2,809.70 | 0.00 | 2,371,456.28 |
| 1020 | 05/29/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165879 to Payment #460182624 | AR Allocation Post | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,809.70) | 2,368,646.58 |
| 1020 | 05/31/2024 | 05/31/2024 | 05/2024 | Rent #460162171 to Payment #460099781 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (627.34) | 2,368,019.24 |
| 1020 | 05/31/2024 | 05/31/2024 | 05/2024 | Rent #460162171 to Payment #460181823 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (799.75) | 2,367,219.49 |
| 1020 | 05/31/2024 | 05/31/2024 | 05/2024 | Late Fee #460174131 to Payment #460181823 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (1,744.69) | 2,365,474.80 |
| 1020 | 05/31/2024 | 05/31/2024 | 05/2024 | Tenant Damages #460180684 to Payment #460181823 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (2,300.00) | 2,363,174.80 |
| 1020 | 05/31/2024 | 05/31/2024 | 05/2024 | Late Fee #460174131 to Payment #460181823 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 1,744.69 | 0.00 | 2,364,919.49 |
| 1020 | 05/31/2024 | 05/31/2024 | 05/2024 | Commercial Rent #460165900 to Payment #460185917 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | 2,356,751.82 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Month-to-Month Rent (Transaction #460186563) | AR Charge | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 2,357,151.82 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186561) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,357,703.44 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186575) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 2,357,917.36 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186576) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 2,358,170.40 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186577) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,358,703.92 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186580) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 2,359,808.89 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Parking/Garage Income (Transaction #460186565) | AR Charge | Monthly Parking/Garage Income Posted from 06/01/2024 to 06/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,361,308.89 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Month-to-Month Rent (Transaction #460186562) | AR Charge | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 2,365,058.89 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186557) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,366,059.14 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Month-to-Month Rent (Transaction #460186573) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,366,144.28 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement (Transaction #460186555) | AR Charge | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 2,367,502.43 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement (Transaction #460186579) | AR Charge | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 2,370,029.38 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186550) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,378,197.05 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186551) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,386,263.05 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186552) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 2,415,296.63 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186553) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 2,422,296.63 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186554) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 2,427,533.50 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186556) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,428,533.50 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186558) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 2,432,360.46 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186564) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,440,702.16 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186566) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,450,702.16 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186567) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 2,467,843.26 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186569) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,497,875.89 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186570) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,520,701.72 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186571) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,530,701.72 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186572) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,538,767.72 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186574) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,539,067.72 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186578) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 2,550,468.14 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186581) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 2,550,688.42 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Month-to-Month Rent (Transaction #460186560) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 06/01/2024 to 06/01/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (107.90) | 2,550,580.52 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186559) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 2,540,580.52 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186568) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 2,533,247.52 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460165903 to Payment #460185916 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.10) | 2,533,247.42 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Late Fee #460174120 to Payment #460185916 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 2,533,247.41 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186555 to Payment #460139600 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (883.77) | 2,532,363.64 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM #460186561 to Payment #460182624 | AR Allocation Post | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,531,812.02 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460186587 to Payment #460185916 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,140.99) | 2,514,671.03 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186555 to Payment #460161534 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (270.09) | 2,514,400.94 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460186552 to Payment #460182624 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (7,586.32) | 2,506,814.62 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186555 to Payment #460178035 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (204.29) | 2,506,610.33 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186579 to Payment #460178035 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,164.28) | 2,505,446.05 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186579 to Payment #460178036 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (58.52) | 2,505,387.53 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186579 to Payment #460181823 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,304.15) | 2,504,083.38 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460186578 to Payment #460181823 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (4,783.40) | 2,499,299.98 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460041492 to Payment #460181903 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.00 | (0.01) | 2,499,299.97 |
| 1020 | 06/01/2024 | 06/01/2024 | 06/2024 | Month-to-Month Rent #460186562 to Payment #460181977 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 2,495,549.97 |
| 1020 | 06/01/2024 | 09/30/2024 | 06/2024 | Commercial Rent (Transaction #460269365) | AR Charge | Reversal of transaction ID:460186570 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 2,472,724.14 |
| 1020 | 06/01/2024 | 09/30/2024 | 06/2024 | Commercial Rent (Transaction #460269366) | AR Charge | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,487,307.47 |
| 1020 | 06/01/2024 | 07/02/2024 | 07/2024 | Commercial Month-to-Month Rent #460186573 to Payment #460208733 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,487,222.33 |
| 1020 | 06/01/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460186569 to Payment #460208733 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,457,189.70 |
| 1020 | 06/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288027) | AR Charge | Reversal of transaction ID:460269366 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,442,606.37 |
| 1020 | 06/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288028) | AR Charge | | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,465,432.20 |
| 1020 | 06/03/2024 | 06/03/2024 | 06/2024 | Parking/Garage Income #460186565 to Payment #460188770 | AR Allocation Post | Monthly Parking/Garage Income Posted from 06/01/2024 to 06/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 2,463,932.20 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | CAM #460140939 to Payment #460208730 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 0.00 | (364.59) | 2,463,567.61 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460208730 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,463,482.47 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Late Fee #460150657 to Payment #460208730 | AR Allocation Post | | Main Building-400 | Regus | | 0.00 | (44.97) | 2,463,437.50 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460165910 to Payment #460208730 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,463,352.36 |

Appx813

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 62 of 118 Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Rent #460165882 to Payment #460208730 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (29,537.93) | 2,433,814.43 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | CAM #460140939 to Payment #460208730 | AR Allocation Deletion | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 364.59 | 0.00 | 2,434,179.02 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460208730 | AR Allocation Deletion | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,434,264.16 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Late Fee #460150657 to Payment #460208730 | AR Allocation Deletion | | Main Building-400 | Regus | | 44.97 | 0.00 | 2,434,309.13 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460165910 to Payment #460208730 | AR Allocation Deletion | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,434,394.27 |
| 1020 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Rent #460165882 to Payment #460208730 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 29,537.93 | 0.00 | 2,463,932.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213756 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | 2,460,432.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460186553 to Payment #460213756 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (4,500.00) | 2,455,932.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213756 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | 2,459,432.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460186553 to Payment #460213756 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 4,500.00 | 0.00 | 2,463,932.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213768 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,456,932.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213768 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 2,463,932.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460142468 to Payment #460213774 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,000.00) | 2,462,932.20 |
| 1020 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213774 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,455,932.20 |
| 1020 | 06/03/2024 | 07/02/2024 | 07/2024 | Commercial Month-to-Month Rent #460165910 to Payment #460208741 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,455,847.06 |
| 1020 | 06/03/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460165882 to Payment #460208741 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,425,814.43 |
| 1020 | 06/04/2024 | 06/04/2024 | 06/2024 | Commercial Rent #460186556 to Payment #460189405 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,424,814.43 |
| 1020 | 06/05/2024 | 06/05/2024 | 06/2024 | Month-to-Month Rent #460186563 to Payment #460193604 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 2,424,414.43 |
| 1020 | 06/05/2024 | 06/05/2024 | 06/2024 | Commercial Rent #460186564 to Payment #460193853 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,416,072.73 |
| 1020 | 06/05/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460142468 to Payment #460213777 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,000.00) | 2,415,072.73 |
| 1020 | 06/05/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460186553 to Payment #460213777 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,408,072.73 |
| 1020 | 06/06/2024 | 06/06/2024 | 06/2024 | Commercial Rent #460041492 to Payment #460193853 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.00 | (0.20) | 2,408,072.53 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194509) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 2,408,072.54 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194510) | AR Charge | | Main Building-375 | SBG Management | | 51,933.33 | 0.00 | 2,460,005.87 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194511) | AR Charge | | Main Building-G100 | Jenkins Storage | | 15,355.30 | 0.00 | 2,475,361.17 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194512) | AR Charge | | Main Building-250 | Temple Health Call Center | | 3,972.20 | 0.00 | 2,479,333.37 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194513) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 2,144.73 | 0.00 | 2,481,478.10 |

Appx814

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194514) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 64,530.10 | 0.00 | 2,546,008.20 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194515) | AR Charge | | North Court-670 | Dr. Mark Kress | | 887.68 | 0.00 | 2,546,895.88 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194516) | AR Charge | | Main Building-400 | Regus | | 6,068.53 | 0.00 | 2,552,964.41 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194517) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 441.17 | 0.00 | 2,553,405.58 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194518) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,556,672.47 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194519) | AR Charge | | Main Building-150 | Outback Steakhouse | | 661.70 | 0.00 | 2,557,334.17 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194520) | AR Charge | | North Court-640 | Helping Hands Family | | 16,155.71 | 0.00 | 2,573,489.88 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194521) | AR Charge | | North Court-668 | LUV2KNIT & More | | 512.90 | 0.00 | 2,574,002.78 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194522) | AR Charge | | Main Building-Roof | Metro PCS | | 412.70 | 0.00 | 2,574,415.48 |
| 1020 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194523) | AR Charge | | Main Building-Roof 2 | Zayo | | 23.84 | 0.00 | 2,574,439.32 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460186558 to Payment #460196123 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | 2,570,612.36 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196124) | AR Charge | Reversal of transaction ID:460194522 - Automatic Reversal of Transaction ID:460194522 when adding Payment ID:1608386622 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (412.70) | 2,570,199.66 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196125) | AR Charge | | Main Building-Roof | Metro PCS | | 30.00 | 0.00 | 2,570,229.66 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460186574 to Payment #460196126 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,569,929.66 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196127) | AR Charge | Reversal of transaction ID:460196125 - Automatic Reversal of Transaction ID:460196125 when adding Payment ID:1608386655 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (30.00) | 2,569,899.66 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460142487 to Payment #460196143 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (14.17) | 2,569,885.49 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460186581 to Payment #460196143 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | 2,569,665.21 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196144) | AR Charge | Reversal of transaction ID:460194523 - Automatic Reversal of Transaction ID:460194523 when adding Payment ID:1608392589 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 0.00 | (23.84) | 2,569,641.37 |
| 1020 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196145) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.40 | 0.00 | 2,569,641.77 |
| 1020 | 06/07/2024 | 06/14/2024 | 06/2024 | Late Fee (Transaction #460199156) | AR Charge | Reversal of transaction ID:460194521 | North Court-668 | LUV2KNIT & More | | 0.00 | (512.90) | 2,569,128.87 |
| 1020 | 06/07/2024 | 06/14/2024 | 06/2024 | Late Fee (Transaction #460199157) | AR Charge | | North Court-668 | LUV2KNIT & More | | 200.00 | 0.00 | 2,569,328.87 |
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208731) | AR Charge | Reversal of transaction ID:460194516 - Automatic Reversal of Transaction ID:460194516 when adding Payment ID:1610819175 by eric@sbgmanagement.com | Main Building-400 | Regus | | 0.00 | (6,068.53) | 2,563,260.34 |
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208732) | AR Charge | | Main Building-400 | Regus | | 3,061.25 | 0.00 | 2,566,321.59 |
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208734) | AR Charge | Reversal of transaction ID:460208732 - Automatic Reversal of Transaction ID:460208732 when adding Payment ID:1610819711 by eric@sbgmanagement.com | Main Building-400 | Regus | | 0.00 | (3,061.25) | 2,563,260.34 |
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208737) | AR Charge | | Main Building-400 | Regus | | 49.47 | 0.00 | 2,563,309.81 |

Appx815

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208739) | AR Charge | Reversal of transaction ID:460208737 - Automatic Reversal of Transaction ID:460208737 when adding Payment ID:1610819175 by eric@sbgmanagement.com | Main Building-400 | Regus | | 0.00 | (49.47) | 2,563,260.34 |
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208740) | AR Charge | | Main Building-400 | Regus | | 3,056.75 | 0.00 | 2,566,317.09 |
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208742) | AR Charge | Reversal of transaction ID:460208740 - Automatic Reversal of Transaction ID:460208740 when adding Payment ID:1610820587 by eric@sbgmanagement.com | Main Building-400 | Regus | | 0.00 | (3,056.75) | 2,563,260.34 |
| 1020 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208743) | AR Charge | | Main Building-400 | Regus | | 44.97 | 0.00 | 2,563,305.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213754) | AR Charge | Reversal of transaction ID:460194511 - Automatic Reversal of Transaction ID:460194511 when adding Payment ID:1611621549 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (15,355.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213755) | AR Charge | | Main Building-G100 | Jenkins Storage | | 15,005.30 | 0.00 | 2,562,955.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213757) | AR Charge | Reversal of transaction ID:460213755 - Automatic Reversal of Transaction ID:460213755 when adding Payment ID:1611621987 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (15,005.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213758) | AR Charge | | Main Building-G100 | Jenkins Storage | | 14,205.30 | 0.00 | 2,562,155.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213760) | AR Charge | Reversal of transaction ID:460213758 - Automatic Reversal of Transaction ID:460213758 when adding Payment ID:1611621549 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (14,205.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213761) | AR Charge | | Main Building-G100 | Jenkins Storage | | 14,555.30 | 0.00 | 2,562,505.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213763) | AR Charge | Reversal of transaction ID:460213761 - Automatic Reversal of Transaction ID:460213761 when adding Payment ID:1611621987 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (14,555.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213764) | AR Charge | | Main Building-G100 | Jenkins Storage | | 15,355.30 | 0.00 | 2,563,305.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213766) | AR Charge | Reversal of transaction ID:460213764 - Automatic Reversal of Transaction ID:460213764 when adding Payment ID:1611623274 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (15,355.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213767) | AR Charge | | Main Building-G100 | Jenkins Storage | | 15,005.30 | 0.00 | 2,562,955.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213769) | AR Charge | Reversal of transaction ID:460213767 - Automatic Reversal of Transaction ID:460213767 when adding Payment ID:1611623535 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (15,005.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213770) | AR Charge | | Main Building-G100 | Jenkins Storage | | 14,205.30 | 0.00 | 2,562,155.31 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213772) | AR Charge | Reversal of transaction ID:460213770 - Automatic Reversal of Transaction ID:460213770 when adding Payment ID:1611623535 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (14,205.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213773) | AR Charge | | Main Building-G100 | Jenkins Storage | | 15,005.30 | 0.00 | 2,562,955.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213775) | AR Charge | Reversal of transaction ID:460213773 - Automatic Reversal of Transaction ID:460213773 when adding Payment ID:1611623859 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (15,005.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213776) | AR Charge | | Main Building-G100 | Jenkins Storage | | 14,205.30 | 0.00 | 2,562,155.31 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213778) | AR Charge | Reversal of transaction ID:460213776 - Automatic Reversal of Transaction ID:460213776 when adding Payment ID:1611624068 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (14,205.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213779) | AR Charge | | Main Building-G100 | Jenkins Storage | | 13,405.30 | 0.00 | 2,561,355.31 |
| 1020 | 06/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220613) | AR Charge | Reversal of transaction ID:460213779 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (13,405.30) | 2,547,950.01 |
| 1020 | 06/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237541) | AR Charge | Reversal of transaction ID:460194517 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (441.17) | 2,547,508.84 |
| 1020 | 06/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238393) | AR Charge | Reversal of transaction ID:460208743 - ds | Main Building-400 | Regus | | 0.00 | (44.97) | 2,547,463.87 |
| 1020 | 06/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267610) | AR Charge | Reversal of transaction ID:460194518 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 2,544,196.98 |
| 1020 | 06/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267917) | AR Charge | Reversal of transaction ID:460199157 - ds | North Court-668 | LUV2KNIT & More | | 0.00 | (200.00) | 2,543,996.98 |
| 1020 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283165) | AR Charge | Reversal of transaction ID:460194520 - Automatic Reversal of Transaction ID:460194520 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (16,155.71) | 2,527,841.27 |
| 1020 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283170) | AR Charge | | North Court-640 | Helping Hands Family | | 15,338.95 | 0.00 | 2,543,180.22 |
| 1020 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283180) | AR Charge | Reversal of transaction ID:460283170 - Automatic Reversal of Transaction ID:460283170 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (15,338.95) | 2,527,841.27 |
| 1020 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283187) | AR Charge | | North Court-640 | Helping Hands Family | | 14,522.18 | 0.00 | 2,542,363.45 |
| 1020 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283197) | AR Charge | Reversal of transaction ID:460283187 - Automatic Reversal of Transaction ID:460283187 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (14,522.18) | 2,527,841.27 |
| 1020 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283213) | AR Charge | | North Court-640 | Helping Hands Family | | 13,725.33 | 0.00 | 2,541,566.60 |
| 1020 | 06/07/2024 | 01/15/2025 | 01/2025 | Late Fee (Transaction #460335561) | AR Charge | Reversal of transaction ID:460194519 - ds | Main Building-150 | Outback Steakhouse | | 0.00 | (661.70) | 2,540,904.90 |
| 1020 | 06/14/2024 | 06/14/2024 | 06/2024 | Commercial Month-to-Month Rent (Transaction #460199155) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (3,128.97) | 2,537,775.93 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206886) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 2,549,176.35 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206857) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,549,727.97 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Parking/Garage Income (Transaction #460206858) | AR Charge | Monthly Parking/ Garage Income Posted from 07/01/ 2024 to 07/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,551,227.97 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement (Transaction #460206859) | AR Charge | Monthly Other Reimbursement Posted from 07/01/ 2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 2,552,586.12 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206860) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,553,586.37 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Month-to-Month Rent (Transaction #460206861) | AR Charge | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 2,557,336.37 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206862) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,587,369.00 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Month-to-Month Rent (Transaction #460206885) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 07/01/ 2024 to 07/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,587,454.14 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206856) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,595,621.81 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206864) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 2,595,874.85 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206865) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 2,624,908.43 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206866) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,633,250.13 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206867) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 2,633,464.05 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206869) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,634,464.05 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206870) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 2,651,605.15 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206871) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,661,605.15 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206872) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,669,671.15 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206873) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 2,676,671.15 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206874) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 2,681,908.02 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206875) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 2,685,734.98 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206876) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,693,800.98 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement (Transaction #460206877) | AR Charge | Monthly Other Reimbursement Posted from 07/01/ 2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 2,696,327.93 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206878) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,696,861.45 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206879) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,719,687.28 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206880) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 2,720,792.25 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206881) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 2,721,012.53 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Month-to-Month Rent (Transaction #460206882) | AR Charge | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 2,721,412.53 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206883) | AR Charge | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,731,412.53 |

Appx818

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206884) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,731,712.53 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206863) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 2,724,379.53 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206868) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 2,714,379.53 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460186567 to Payment #460203023 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.11) | 2,714,379.42 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460142462 to Payment #460205424 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (7,586.60) | 2,706,792.82 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Late Fee #460194509 to Payment #460203023 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 2,706,792.81 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206870 to Payment #460203023 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,140.98) | 2,689,651.83 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM #460165905 to Payment #460205424 | AR Allocation Post | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,689,118.31 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460165991 to Payment #460205424 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,463.21) | 2,682,655.10 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460186578 to Payment #460204604 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (6,617.02) | 2,676,038.08 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Late Fee #460194519 to Payment #460204604 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (661.70) | 2,675,376.38 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460186552 to Payment #460205425 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (21,447.26) | 2,653,929.12 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement #460206859 to Payment #460204604 | AR Allocation Post | Monthly Other Reimbursement Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,652,570.97 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement #460206877 to Payment #460204604 | AR Allocation Post | Monthly Other Reimbursement Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,650,044.02 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460204604 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (236.60) | 2,649,807.42 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Late Fee #460194513 to Payment #460205425 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,144.73) | 2,647,662.69 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460204605 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,645,135.74 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM #460206857 to Payment #460205425 | AR Allocation Post | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,644,584.12 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460204606 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,643,225.97 |
| 1020 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206865 to Payment #460205425 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (4,889.97) | 2,638,336.00 |
| 1020 | 07/01/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206856 to Payment #460208721 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | 2,630,168.33 |
| 1020 | 07/01/2024 | 07/02/2024 | 07/2024 | Month-to-Month Rent #460206861 to Payment #460208728 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 2,626,418.33 |
| 1020 | 07/01/2024 | 07/02/2024 | 07/2024 | Commercial Month-to-Month Rent #460206885 to Payment #460208744 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,626,333.19 |
| 1020 | 07/01/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206862 to Payment #460208744 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,596,300.56 |
| 1020 | 07/01/2024 | 07/09/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460216605 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-570 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,587,958.86 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 07/01/2024 | 09/30/2024 | 07/2024 | Commercial Rent #460165891 to Payment #460205424 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 6,463.21 | 0.00 | 2,594,422.07 |
| 1020 | 07/01/2024 | 09/30/2024 | 07/2024 | Commercial Rent (Transaction #460269367) | AR Charge | Reversal of transaction ID:460206879 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 2,571,596.24 |
| 1020 | 07/01/2024 | 09/30/2024 | 07/2024 | Commercial Rent (Transaction #460269368) | AR Charge | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,586,179.57 |
| 1020 | 07/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288025) | AR Charge | Reversal of transaction ID:460269368 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,571,596.24 |
| 1020 | 07/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288026) | AR Charge | | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,594,422.07 |
| 1020 | 07/01/2024 | 01/15/2025 | 01/2025 | Late Fee #460194519 to Payment #460204604 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 661.70 | 0.00 | 2,595,083.77 |
| 1020 | 07/02/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206969 to Payment #460206616 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,594,083.77 |
| 1020 | 07/02/2024 | 07/02/2024 | 07/2024 | Parking/Garage Income #460206858 to Payment #460206617 | AR Allocation Post | Monthly Parking/Garage Income Posted from 07/01/2024 to 07/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 2,592,583.77 |
| 1020 | 07/02/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206870 to Payment #460208729 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.12) | 2,592,583.65 |
| 1020 | 07/02/2024 | 07/09/2024 | 07/2024 | Commercial Rent #460206870 to Payment #460208729 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.12 | 0.00 | 2,592,583.77 |
| 1020 | 07/03/2024 | 07/05/2024 | 07/2024 | Commercial Rent #460122874 to Payment #460213780 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,500.00) | 2,591,083.77 |
| 1020 | 07/03/2024 | 07/05/2024 | 07/2024 | Commercial Rent #460142468 to Payment #460213780 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,500.00) | 2,589,583.77 |
| 1020 | 07/03/2024 | 07/05/2024 | 07/2024 | Commercial Rent #460206873 to Payment #460213780 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,582,583.77 |
| 1020 | 07/05/2024 | 07/05/2024 | 07/2024 | Commercial Rent #459923392 to Payment #460213768 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,000.00) | 2,581,583.77 |
| 1020 | 07/05/2024 | 07/05/2024 | 07/2024 | Commercial Rent #459923392 to Payment #460213768 | AR Allocation Deletion | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 1,000.00 | 0.00 | 2,582,583.77 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214187) | AR Charge | | Main Building-375 | SBG Management | | 52,933.33 | 0.00 | 2,635,517.10 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214188) | AR Charge | | Main Building-G100 | Jenkins Storage | | 13,215.80 | 0.00 | 2,648,732.90 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214189) | AR Charge | | Main Building-250 | Temple Health Call Center | | 4,849.80 | 0.00 | 2,653,582.70 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214190) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 2,414.36 | 0.00 | 2,655,997.06 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214191) | AR Charge | | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | 2,656,037.06 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214192) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 65,410.00 | 0.00 | 2,721,447.06 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214193) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,743.25 | 0.00 | 2,723,190.31 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214194) | AR Charge | | Main Building-400 | Regus | | 44.97 | 0.00 | 2,723,235.28 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214195) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 466.47 | 0.00 | 2,723,701.75 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214196) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,726,968.64 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214197) | AR Charge | | Main Building-150 | Outback Steakhouse | | 727.87 | 0.00 | 2,727,696.51 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214198) | AR Charge | | North Court-640 | Helping Hands Family | | 16,255.74 | 0.00 | 2,743,952.25 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214199) | AR Charge | | North Court-668 | LUV2KNIT & More | | 723.69 | 0.00 | 2,744,675.94 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214200) | AR Charge | | Main Building-Roof | Metro PCS | | 412.70 | 0.00 | 2,745,088.64 |
| 1020 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214201) | AR Charge | | Main Building-Roof 2 | Zayo | | 22.42 | 0.00 | 2,745,111.06 |
| 1020 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216606) | AR Charge | Reversal of transaction ID:460214193 - Automatic Reversal of Transaction ID:460214193 when adding Payment ID:1611905428 by devra@sbgmanagement.com | North Court-670 | Dr. Mark Kress | | 0.00 | (1,743.25) | 2,743,367.81 |
| 1020 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216607) | AR Charge | | North Court-670 | Dr. Mark Kress | | 909.08 | 0.00 | 2,744,276.89 |

Appx820

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216608) | AR Charge | Reversal of transaction ID:460216607 - ds | North Court-670 | Dr. Mark Kress | | 0.00 | (909.08) | 2,743,367.81 |
| 1020 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216823) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 2,743,367.82 |
| 1020 | 07/07/2024 | 07/11/2024 | 07/2024 | Late Fee (Transaction #460217577) | AR Charge | Reversal of transaction ID:460216823 - ds | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 2,743,367.81 |
| 1020 | 07/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220614) | AR Charge | Reversal of transaction ID:460214188 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (13,215.80) | 2,730,152.01 |
| 1020 | 07/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220615) | AR Charge | Reversal of transaction ID:460214191 - ds | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | 2,730,112.01 |
| 1020 | 07/07/2024 | 07/23/2024 | 07/2024 | Late Fee (Transaction #460221773) | AR Charge | Reversal of transaction ID:460214190 - ds | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,414.36) | 2,727,697.65 |
| 1020 | 07/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234639) | AR Charge | Reversal of transaction ID:460214200 - ds | Main Building-Roof | Metro PCS | | 0.00 | (412.70) | 2,727,284.95 |
| 1020 | 07/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237542) | AR Charge | Reversal of transaction ID:460214195 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (466.47) | 2,726,818.48 |
| 1020 | 07/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238392) | AR Charge | Reversal of transaction ID:460214194 - ds | Main Building-400 | Regus | | 0.00 | (44.97) | 2,726,773.51 |
| 1020 | 07/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267611) | AR Charge | Reversal of transaction ID:460214196 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 2,723,506.62 |
| 1020 | 07/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267912) | AR Charge | Reversal of transaction ID:460214199 - ds | North Court-668 | LUV2KNIT & More | | 0.00 | (723.69) | 2,722,782.93 |
| 1020 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283164) | AR Charge | Reversal of transaction ID:460214198 - Automatic Reversal of Transaction ID:460214198 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (16,255.74) | 2,706,527.19 |
| 1020 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283171) | AR Charge | | North Court-640 | Helping Hands Family | | 15,438.97 | 0.00 | 2,721,966.16 |
| 1020 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283179) | AR Charge | Reversal of transaction ID:460283171 - Automatic Reversal of Transaction ID:460283171 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (15,438.97) | 2,706,527.19 |
| 1020 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283188) | AR Charge | | North Court-640 | Helping Hands Family | | 14,622.20 | 0.00 | 2,721,149.39 |
| 1020 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283196) | AR Charge | Reversal of transaction ID:460283188 - Automatic Reversal of Transaction ID:460283188 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (14,622.20) | 2,706,527.19 |
| 1020 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283214) | AR Charge | | North Court-640 | Helping Hands Family | | 13,825.36 | 0.00 | 2,720,352.55 |
| 1020 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460206875 to Payment #460216041 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | 2,716,525.59 |
| 1020 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460206884 to Payment #460216042 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 2,716,225.59 |
| 1020 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460142487 to Payment #460216093 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (3.96) | 2,716,221.63 |
| 1020 | 07/08/2024 | 07/08/2024 | 07/2024 | Late Fee #460175545 to Payment #460216093 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (1.81) | 2,716,219.82 |
| 1020 | 07/08/2024 | 07/08/2024 | 07/2024 | Late Fee #460196145 to Payment #460216093 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (0.40) | 2,716,219.42 |
| 1020 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460206881 to Payment #460216093 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | 2,715,999.14 |
| 1020 | 07/08/2024 | 07/08/2024 | 07/2024 | Late Fee #460214201 to Payment #460216093 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (8.00) | 2,715,991.14 |
| 1020 | 07/09/2024 | 07/09/2024 | 07/2024 | Month-to-Month Rent #460206882 to Payment #460216604 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 2,715,591.14 |

Appx821

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 07/23/2024 | 07/23/2024 | 08/2024 | Commercial Rent #460206865 to Payment #460221772 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (24,143.61) | 2,691,447.53 |
| 1020 | 07/24/2024 | 07/24/2024 | 08/2024 | Commercial Rent #460206870 to Payment #460222244 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.12) | 2,691,447.41 |
| 1020 | 07/31/2024 | 07/31/2024 | 07/2024 | Rent (Transaction #460223794) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 1,728.90 | 0.00 | 2,693,176.31 |
| 1020 | 07/31/2024 | 07/31/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460221775 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,196.30) | 2,691,980.01 |
| 1020 | 07/31/2024 | 07/31/2024 | 07/2024 | Electricity (Transaction #460223795) | AR Charge | | Main Building-Roof | Metro PCS | | 281.44 | 0.00 | 2,692,261.45 |
| 1020 | 07/31/2024 | 07/31/2024 | 08/2024 | Commercial Rent #460206886 to Payment #460221776 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (665.68) | 2,691,595.77 |
| 1020 | 07/31/2024 | 07/31/2024 | 08/2024 | Commercial Rent #460206886 to Payment #460221779 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (5,416.74) | 2,686,179.03 |
| 1020 | 07/31/2024 | 07/31/2024 | 08/2024 | Late Fee #460214197 to Payment #460221779 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (727.87) | 2,685,451.16 |
| 1020 | 07/31/2024 | 07/31/2024 | 08/2024 | Rent #460223794 to Payment #460221779 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (1,728.90) | 2,683,722.26 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224602) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 2,687,549.22 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Month-to-Month Rent (Transaction #460224573) | AR Charge | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 2,687,949.22 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224574) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,688,249.22 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224601) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,696,315.22 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224572) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,704,656.92 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224576) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 2,704,909.96 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224577) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,705,461.58 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224578) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,715,461.58 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Month-to-Month Rent (Transaction #460224579) | AR Charge | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 2,719,211.58 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224580) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,720,211.83 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224581) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 2,731,612.25 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224582) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,754,438.08 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224583) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 2,755,438.08 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224584) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 2,755,658.36 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Parking/Garage Income (Transaction #460224585) | AR Charge | Monthly Parking/Garage Income Posted from 08/01/2024 to 08/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,757,158.36 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224586) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 2,757,372.28 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224587) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,765,438.28 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Month-to-Month Rent (Transaction #460224588) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,765,523.42 |

Appx822

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224589) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,766,056.94 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224590) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-668 | LUV2KNIT & More | | 5,236.87 | 0.00 | 2,771,293.81 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224592) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 2,772,398.78 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224593) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,802,431.41 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224594) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 2,809,431.41 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement (Transaction #460224595) | AR Charge | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 2,810,789.56 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224596) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,818,957.23 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement (Transaction #460224597) | AR Charge | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 2,821,484.18 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224598) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 2,850,517.76 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224599) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 2,867,658.86 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224600) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,877,658.86 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224575) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 2,867,658.86 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224591) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 2,860,325.86 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224599 to Payment #460222244 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,140.98) | 2,843,184.88 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460165991 to Payment #460221774 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,779.29) | 2,841,405.59 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement #460224595 to Payment #460221779 | AR Allocation Post | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,840,047.44 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Late Fee #460174123 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,094.60) | 2,836,952.84 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM #460186577 to Payment #460221774 | AR Allocation Post | Monthly CAM Posted from 05/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,836,419.32 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement #460224597 to Payment #460221779 | AR Allocation Post | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,168.76) | 2,834,250.56 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460221774 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (5,993.01) | 2,828,257.55 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement #460224597 to Payment #460221780 | AR Allocation Post | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (358.19) | 2,827,899.36 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224581 to Payment #460221780 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,168.76) | 2,825,730.60 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224581 to Payment #460221781 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,824,372.45 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM #460224577 to Payment #460221772 | AR Allocation Post | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 2,823,820.83 |
| 1020 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224598 to Payment #460221772 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (4,338.35) | 2,819,482.48 |

GL Details    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 08/01/2024 | 08/07/2024 | 08/2024 | Commercial Rent (Transaction #460234739) | AR Charge | Reversal of transaction ID:460234583 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | 2,818,482.48 |
| 1020 | 08/01/2024 | 08/07/2024 | 08/2024 | Commercial Rent (Transaction #460234740) | AR Charge | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | 2,820,608.06 |
| 1020 | 08/01/2024 | 08/26/2024 | 08/2024 | Parking/Garage Income #460224585 to Payment #460240904 | AR Allocation Post | Monthly Parking/ Garage Income Posted from 08/01/ 2024 to 08/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 2,819,108.06 |
| 1020 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent #460165891 to Payment #460221774 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/ 01/2024 to 05/31/ 2024 | Main Building-250 | Temple Health Call Center | | 1,779.29 | 0.00 | 2,820,887.35 |
| 1020 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460221774 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/ 01/2024 to 06/30/ 2024 | Main Building-250 | Temple Health Call Center | | 5,993.01 | 0.00 | 2,826,880.36 |
| 1020 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent (Transaction #460269369) | AR Charge | Reversal of transaction ID:460224582 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 2,804,054.53 |
| 1020 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent (Transaction #460269370) | AR Charge | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,818,637.86 |
| 1020 | 08/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288023) | AR Charge | Reversal of transaction ID:460269370 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,804,054.53 |
| 1020 | 08/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288024) | AR Charge | | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,826,880.36 |
| 1020 | 08/01/2024 | 11/27/2024 | 11/2024 | Late Fee #460174123 to Payment #460221774 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 3,094.60 | 0.00 | 2,829,974.96 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232697) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 2,829,974.97 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232698) | AR Charge | | Main Building-375 | SBG Management | | 53,933.33 | 0.00 | 2,883,908.30 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232699) | AR Charge | | Main Building-G100 | Jenkins Storage | | 14,026.30 | 0.00 | 2,897,934.60 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232700) | AR Charge | | Main Building-250 | Temple Health Call Center | | 6,355.15 | 0.00 | 2,904,289.75 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232701) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 2,469.52 | 0.00 | 2,906,759.27 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232702) | AR Charge | | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | 2,906,799.27 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232703) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 66,289.90 | 0.00 | 2,973,089.17 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232704) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,764.64 | 0.00 | 2,974,853.81 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232705) | AR Charge | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 2,975,228.81 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232706) | AR Charge | | Main Building-400 | Regus | | 3,056.75 | 0.00 | 2,978,285.56 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232707) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 491.78 | 0.00 | 2,978,777.34 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232708) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 2,982,044.23 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232709) | AR Charge | | Main Building-150 | Outback Steakhouse | | 787.35 | 0.00 | 2,982,831.58 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232710) | AR Charge | | Main Building-G5 | TruMark Financial Credit Union | | 150.00 | 0.00 | 2,982,981.58 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232711) | AR Charge | | North Court-640 | Helping Hands Family | | 17,172.53 | 0.00 | 3,000,154.11 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232712) | AR Charge | | North Court-668 | LUV2KNIT & More | | 1,247.37 | 0.00 | 3,001,401.48 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232713) | AR Charge | | Main Building-Roof | Metro PCS | | 440.84 | 0.00 | 3,001,842.32 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232714) | AR Charge | | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | 3,001,864.35 |
| 1020 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232715) | AR Charge | | Main Building-210 | Cypher Group Holdings | | 100.00 | 0.00 | 3,001,964.35 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224572 to Payment #460233811 | AR Allocation Post | Monthly Commercial Rent Posted from 08/ 01/2024 to 08/31/ 2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,993,622.65 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460233813) | AR Charge | Reversal of transaction ID:460232704 - Automatic Reversal of Transaction ID:460232704 when adding Payment ID:1615328164 by devra@sbgmanagem ent.com | North Court-670 | Dr. Mark Kress | | 0.00 | (1,764.64) | 2,991,858.01 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460233814) | AR Charge | | North Court-670 | Dr. Mark Kress | | 930.45 | 0.00 | 2,992,788.46 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460233815) | AR Charge | Reversal of transaction ID:460233814 - ds | North Court-670 | Dr. Mark Kress | | 0.00 | (930.45) | 2,991,858.01 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460041492 to Payment #460233811 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.00 | (0.20) | 2,991,857.81 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Month-to-Month Rent #460224573 to Payment #460234636 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 2,991,457.81 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234637) | AR Charge | Reversal of transaction ID:460232702 - Automatic Reversal of Transaction ID:460232702 when adding Payment ID:1615334707 by devra@sbgmanagement.com | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | 2,991,417.81 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Electricity #460223795 to Payment #460162174 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (165.45) | 2,991,252.36 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234640) | AR Charge | Reversal of transaction ID:460232713 - ds | Main Building-Roof | Metro PCS | | 0.00 | (440.84) | 2,990,811.52 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Electricity #460223795 to Payment #460234641 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (115.99) | 2,990,695.53 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224602 to Payment #460234641 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | 2,986,868.57 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234642) | AR Charge | | Main Building-Roof | Metro PCS | | 18.35 | 0.00 | 2,986,886.92 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224574 to Payment #460234641 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (116.51) | 2,986,770.41 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224574 to Payment #460234643 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (183.49) | 2,986,586.92 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234644) | AR Charge | Reversal of transaction ID:460234642 - Automatic Reversal of Transaction ID:460234642 when adding Payment ID:1615336698 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (18.35) | 2,986,568.57 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee #460214201 to Payment #460234645 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (14.17) | 2,986,554.40 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224584 to Payment #460234645 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | 2,986,334.12 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234646) | AR Charge | Reversal of transaction ID:460232714 - Automatic Reversal of Transaction ID:460232714 when adding Payment ID:1615336771 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | 2,986,312.09 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234729) | AR Charge | Reversal of transaction ID:460232715 - ds | Main Building-210 | Cypher Group Holdings | | 0.00 | (100.00) | 2,986,212.09 |
| 1020 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460234740 to Payment #460234741 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | 2,984,086.51 |
| 1020 | 08/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237543) | AR Charge | Reversal of transaction ID:460232707 - ds | Main Building-100 | SSS Education Jersey College | | 0.00 | (491.78) | 2,983,594.73 |
| 1020 | 08/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238394) | AR Charge | Reversal of transaction ID:460232706 - ds | Main Building-400 | Ragus | | 0.00 | (3,056.75) | 2,980,537.98 |
| 1020 | 08/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238531) | AR Charge | Reversal of transaction ID:460232705 - ds | Main Building-107 | Loanbility | | 0.00 | (375.00) | 2,980,162.98 |
| 1020 | 08/07/2024 | 08/26/2024 | 08/2024 | Late Fee (Transaction #460240903) | AR Charge | Reversal of transaction ID:460232710 - ds | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (150.00) | 2,980,012.98 |
| 1020 | 08/07/2024 | 08/26/2024 | 08/2024 | Late Fee (Transaction #460240905) | AR Charge | Reversal of transaction ID:460232699 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (14,026.30) | 2,965,986.68 |
| 1020 | 08/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267612) | AR Charge | Reversal of transaction ID:460232708 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 2,962,719.79 |
| 1020 | 08/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267913) | AR Charge | Reversal of transaction ID:460232712 - ds | North Court-668 | LUV2KNIT & More | | 0.00 | (1,247.37) | 2,961,472.42 |

Appx825

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283163) | AR Charge | Reversal of transaction ID:460232711 - Automatic Reversal of Transaction ID:460232711 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (17,172.53) | 2,944,299.89 |
| 1020 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283172) | AR Charge | | North Court-640 | Helping Hands Family | | 16,355.76 | 0.00 | 2,960,655.65 |
| 1020 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283178) | AR Charge | Reversal of transaction ID:460283172 - Automatic Reversal of Transaction ID:460283172 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (16,355.76) | 2,944,299.89 |
| 1020 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283189) | AR Charge | | North Court-640 | Helping Hands Family | | 15,539.00 | 0.00 | 2,959,838.89 |
| 1020 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283195) | AR Charge | Reversal of transaction ID:460283189 - Automatic Reversal of Transaction ID:460283189 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (15,539.00) | 2,944,299.89 |
| 1020 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283215) | AR Charge | | North Court-640 | Helping Hands Family | | 14,742.15 | 0.00 | 2,959,042.04 |
| 1020 | 08/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288017) | AR Charge | Reversal of transaction ID:460232700 - Automatic Reversal of Transaction ID:460232700 when adding Payment ID:1623718311 by devra@sbgmanagement.com | Main Building-250 | Temple Health Call Center | | 0.00 | (6,355.15) | 2,952,686.89 |
| 1020 | 08/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288018) | AR Charge | | Main Building-250 | Temple Health Call Center | | 2,739.86 | 0.00 | 2,955,426.75 |
| 1020 | 08/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306578) | AR Charge | Reversal of transaction ID:460288018 - ds | Main Building-250 | Temple Health Call Center | | 0.00 | (2,739.86) | 2,952,686.89 |
| 1020 | 08/08/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460054913 to Payment #460239277 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | 2,949,186.89 |
| 1020 | 08/08/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460122874 to Payment #460239277 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (4,500.00) | 2,944,686.89 |
| 1020 | 08/13/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460054913 to Payment #460239278 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (2,000.00) | 2,942,686.89 |
| 1020 | 08/13/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460224594 to Payment #460239278 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,935,686.89 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | Account Adjustment #460141241 to Payment #460237544 | AR Allocation Post | Other Taxes - 2023 | Main Building-100 | SSS Education Jersey College | | 0.00 | (1,446.72) | 2,934,240.17 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460084115 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,933,987.13 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | Account Adjustment #460141242 to Payment #460237544 | AR Allocation Post | Other Taxes - 2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (1,446.72) | 2,932,540.41 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460104198 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,932,287.37 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460122881 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,932,034.33 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460142482 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,931,781.29 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460165908 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,931,528.25 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460186576 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,931,275.21 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460206864 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,931,022.17 |
| 1020 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460224576 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 2,930,769.13 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 08/16/2024 | 08/16/2024 | 08/2024 | Commercial Month-to-Month Rent #460224588 to Payment #460238530 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,930,683.99 |
| 1020 | 08/16/2024 | 08/16/2024 | 08/2024 | Commercial Rent #460224593 to Payment #460238530 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,900,651.36 |
| 1020 | 08/16/2024 | 08/16/2024 | 08/2024 | Month-to-Month Rent #460224579 to Payment #460238534 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 2,896,901.36 |
| 1020 | 08/16/2024 | 08/16/2024 | 08/2024 | Commercial Rent #460224596 to Payment #460238535 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | 2,888,733.69 |
| 1020 | 08/27/2024 | 08/27/2024 | 08/2024 | Commercial Rent #460224581 to Payment #460241344 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (7,873.51) | 2,880,860.18 |
| 1020 | 08/27/2024 | 08/27/2024 | 08/2024 | Late Fee #460232709 to Payment #460241344 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (787.35) | 2,880,072.83 |
| 1020 | 08/28/2024 | 08/28/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460242647 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,865,489.50 |
| 1020 | 08/28/2024 | 08/28/2024 | 08/2024 | Commercial Rent #460224598 to Payment #460242648 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (24,695.23) | 2,840,794.27 |
| 1020 | 08/28/2024 | 08/28/2024 | 08/2024 | Late Fee #460232701 to Payment #460242648 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,469.52) | 2,838,324.75 |
| 1020 | 08/28/2024 | 09/30/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460242647 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,852,908.08 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246113) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 2,853,208.08 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246084) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 2,870,349.18 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246085) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 2,874,176.14 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246086) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | 2,904,208.77 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Month-to-Month Rent (Transaction #460246087) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 2,904,293.91 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246088) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,914,293.91 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246089) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 2,914,546.95 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Month-to-Month Rent (Transaction #460246090) | AR Charge | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 2,914,946.95 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Parking/Garage Income (Transaction #460246091) | AR Charge | Monthly Parking/Garage Income Posted from 09/01/2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,916,446.95 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246092) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 2,916,998.57 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246093) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 2,917,218.85 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246094) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 2,927,218.85 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246095) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 2,935,386.52 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246096) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 2,936,386.77 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246097) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 2,965,420.35 |

Appx827

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 76 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement (Transaction #460246098) | AR Charge | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 2,967,947.30 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246099) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,976,013.30 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246112) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 2,984,355.00 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246083) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 2,984,888.52 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246101) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | 2,987,014.10 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement (Transaction #460246102) | AR Charge | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 2,988,372.25 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246103) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 2,996,438.25 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246104) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 2,997,543.22 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246105) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 3,004,543.22 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Month-to-Month Rent (Transaction #460246106) | AR Charge | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 3,008,293.22 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246107) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 3,008,507.14 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246108) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 3,019,907.56 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246110) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 3,042,733.39 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246111) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | 3,048,232.10 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246100) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 3,040,899.10 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246109) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 3,030,899.10 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM #460246089 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 3,030,646.06 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM #460246092 to Payment #460241300 | AR Allocation Post | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 3,030,094.44 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246097 to Payment #460241300 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (28,481.96) | 3,001,612.48 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246097 to Payment #460242648 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 3,001,060.86 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460224599 to Payment #460239729 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.12) | 3,001,060.74 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Late Fee #460232697 to Payment #460239729 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 3,001,060.73 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246084 to Payment #460239729 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,140.97) | 2,983,919.76 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement #460246098 to Payment #460241344 | AR Allocation Post | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | 2,981,392.81 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Parking/Garage Income #460246091 to Payment #460245062 | AR Allocation Post | Monthly Parking/Garage Income Posted from 09/01/2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 2,979,892.81 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement #460246102 to Payment #460241344 | AR Allocation Post | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 2,978,534.66 |

Appx828

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 77 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246106 to Payment #460241344 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (4,468.46) | 2,974,066.20 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246085 to Payment #460234643 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (116.51) | 2,973,949.69 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460186570 to Payment #460241299 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,249.49) | 2,971,700.20 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Late Fee #460194512 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,972.20) | 2,967,728.00 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM #460206878 to Payment #460241299 | AR Allocation Post | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,967,194.48 |
| 1020 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460241299 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (7,828.12) | 2,959,366.36 |
| 1020 | 09/01/2024 | 09/05/2024 | 09/2024 | Commercial Rent #460246095 to Payment #460254522 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | 2,951,198.69 |
| 1020 | 09/01/2024 | 09/05/2024 | 09/2024 | Commercial Month-to-Month Rent #460246087 to Payment #460254524 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 2,951,113.55 |
| 1020 | 09/01/2024 | 09/05/2024 | 09/2024 | Commercial Rent #460246086 to Payment #460254524 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 2,921,080.92 |
| 1020 | 09/01/2024 | 09/09/2024 | 09/2024 | Parking/Garage Income #460246091 to Payment #460245062 | AR Allocation Deletion | Monthly Parking/Garage Income Posted from 09/01/2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 2,922,580.92 |
| 1020 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460186570 to Payment #460241299 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 2,249.49 | 0.00 | 2,924,830.41 |
| 1020 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460241299 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 7,828.12 | 0.00 | 2,932,658.53 |
| 1020 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent (Transaction #460269371) | AR Charge | Reversal of transaction ID:460246110 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 2,909,832.70 |
| 1020 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent (Transaction #460269372) | AR Charge | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 2,924,416.03 |
| 1020 | 09/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288021) | AR Charge | Reversal of transaction ID:460269372 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 2,909,832.70 |
| 1020 | 09/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288022) | AR Charge | | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 2,932,658.53 |
| 1020 | 09/03/2024 | 09/03/2024 | 09/2024 | Commercial Rent #460246101 to Payment #460250012 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | 2,930,532.95 |
| 1020 | 09/03/2024 | 09/04/2024 | 09/2024 | Commercial Rent #460246101 to Payment #460250012 | AR Allocation Deletion | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | 2,932,658.53 |
| 1020 | 09/04/2024 | 09/04/2024 | 09/2024 | Commercial Rent #460246101 to Payment #460250080 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | 2,930,532.95 |
| 1020 | 09/05/2024 | 09/05/2024 | 09/2024 | Commercial Rent #460246112 to Payment #460254521 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 2,922,191.25 |
| 1020 | 09/06/2024 | 09/06/2024 | 09/2024 | Commercial Rent #460054913 to Payment #460255140 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,000.00) | 2,921,191.25 |
| 1020 | 09/06/2024 | 09/06/2024 | 09/2024 | Commercial Rent #460246105 to Payment #460255140 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 2,914,191.25 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255330) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 2,914,191.26 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255331) | AR Charge | | Main Building-375 | SBG Management | | 54,933.33 | 0.00 | 2,969,124.59 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255332) | AR Charge | | Main Building-G100 | Jenkins Storage | | 12,336.80 | 0.00 | 2,981,461.39 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255333) | AR Charge | | Main Building-250 | Temple Health Call Center | | 6,171.64 | 0.00 | 2,987,633.03 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255334) | AR Charge | | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | 2,987,673.03 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255335) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 67,169.80 | 0.00 | 3,054,842.83 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255336) | AR Charge | | North Court-670 | Dr. Mark Kress | | 951.84 | 0.00 | 3,055,794.67 |

Appx829

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255337) | AR Charge | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 3,056,169.67 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255338) | AR Charge | | Main Building-400 | Regus | | 44.97 | 0.00 | 3,056,214.64 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255339) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 3,059,481.53 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255340) | AR Charge | | Main Building-150 | Outback Steakhouse | | 693.20 | 0.00 | 3,060,174.73 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255341) | AR Charge | | North Court-640 | Helping Hands Family | | 16,455.79 | 0.00 | 3,076,630.52 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255342) | AR Charge | | North Court-668 | LUV2KNIT & More | | 1,797.25 | 0.00 | 3,078,427.77 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255343) | AR Charge | | Main Building-Roof | Metro PCS | | 401.05 | 0.00 | 3,078,828.82 |
| 1020 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255344) | AR Charge | | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | 3,078,850.85 |
| 1020 | 09/07/2024 | 09/09/2024 | 09/2024 | Late Fee (Transaction #460257234) | AR Charge | Reversal of transaction ID:460255334 - ds | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | 3,078,810.85 |
| 1020 | 09/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460266645) | AR Charge | Reversal of transaction ID:460255330 - ds | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 3,078,810.84 |
| 1020 | 09/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267602) | AR Charge | Reversal of transaction ID:460255337 - ds | Main Building-107 | Loanbility | | 0.00 | (375.00) | 3,078,435.84 |
| 1020 | 09/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267613) | AR Charge | Reversal of transaction ID:460255339 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 3,075,168.95 |
| 1020 | 09/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267914) | AR Charge | Reversal of transaction ID:460255342 - ds | North Court-668 | LUV2KNIT & More | | 0.00 | (1,797.25) | 3,073,371.70 |
| 1020 | 09/07/2024 | 10/01/2024 | 10/2024 | Late Fee (Transaction #460272663) | AR Charge | Reversal of transaction ID:460255338 - ds | Main Building-400 | Regus | | 0.00 | (44.97) | 3,073,326.73 |
| 1020 | 09/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278135) | AR Charge | Reversal of transaction ID:460255343 - ds | Main Building-Roof | Metro PCS | | 0.00 | (401.05) | 3,072,925.68 |
| 1020 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283162) | AR Charge | Reversal of transaction ID:460255341 - Automatic Reversal of Transaction ID:460255341 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (16,455.79) | 3,056,469.89 |
| 1020 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283173) | AR Charge | | North Court-640 | Helping Hands Family | | 15,639.02 | 0.00 | 3,072,108.91 |
| 1020 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283177) | AR Charge | Reversal of transaction ID:460283173 - Automatic Reversal of Transaction ID:460283173 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (15,639.02) | 3,056,469.89 |
| 1020 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283190) | AR Charge | | North Court-640 | Helping Hands Family | | 14,822.25 | 0.00 | 3,071,292.14 |
| 1020 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283194) | AR Charge | Reversal of transaction ID:460283190 - Automatic Reversal of Transaction ID:460283190 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (14,822.25) | 3,056,469.89 |
| 1020 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283216) | AR Charge | | North Court-640 | Helping Hands Family | | 14,025.41 | 0.00 | 3,070,495.30 |
| 1020 | 09/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288016) | AR Charge | Reversal of transaction ID:460255333 - Automatic Reversal of Transaction ID:460255333 when adding Payment ID:1623718311 by devra@sbgmanagement.com | Main Building-250 | Temple Health Call Center | | 0.00 | (6,171.64) | 3,064,323.66 |
| 1020 | 09/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288019) | AR Charge | | Main Building-250 | Temple Health Call Center | | 1,732.10 | 0.00 | 3,066,055.76 |
| 1020 | 09/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306579) | AR Charge | Reversal of transaction ID:460288019 - ds | Main Building-250 | Temple Health Call Center | | 0.00 | (1,732.10) | 3,064,323.66 |
| 1020 | 09/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364155) | AR Charge | Reversal of transaction ID:460255332 - d | Main Building-G100 | Jenkins Storage | | 0.00 | (12,336.80) | 3,051,986.86 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Month-to-Month Rent #460246090 to Payment #460257233 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 3,051,586.86 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Other Reimbursement (Transaction #460257235) | AR Charge | work requested by Toni | Main Building-100 | SSS Education Jersey College | | 375.00 | 0.00 | 3,051,961.86 |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 79 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Other Reimbursement #460257235 to Payment #460237544 | AR Allocation Post | work requested by Toni | Main Building-100 | SSS Education Jersey College | | 0.00 | (375.00) | 3,051,586.86 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Parking/Garage Income #460246091 to Payment #460245028 | AR Allocation Post | Monthly Parking/ Garage Income Posted from 09/01/ 2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 3,050,086.86 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Commercial Rent #460246085 to Payment #460257245 | AR Allocation Post | Monthly Commercial Rent Posted from 09/ 01/2024 to 09/30/ 2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,708.76) | 3,046,378.10 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Commercial Rent #460246113 to Payment #460257246 | AR Allocation Post | Monthly Commercial Rent Posted from 09/ 01/2024 to 09/30/ 2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 3,046,078.10 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Late Fee #460214201 to Payment #460257247 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (0.25) | 3,046,077.85 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Commercial Rent #460246093 to Payment #460257247 | AR Allocation Post | Monthly Commercial Rent Posted from 09/ 01/2024 to 09/30/ 2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | 3,045,857.57 |
| 1020 | 09/09/2024 | 09/09/2024 | 09/2024 | Late Fee #460255344 to Payment #460257247 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (13.92) | 3,045,843.65 |
| 1020 | 09/17/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460013815 to Payment #460267769 | AR Allocation Post | Monthly Commercial Rent Posted from 11/ 01/2023 to 11/30/ 2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (4,500.00) | 3,041,343.65 |
| 1020 | 09/17/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460054913 to Payment #460267769 | AR Allocation Post | Monthly Commercial Rent Posted from 12/ 01/2023 to 12/31/ 2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (500.00) | 3,040,843.65 |
| 1020 | 09/23/2024 | 09/24/2024 | 09/2024 | Commercial Rent #459969631 to Payment #460267770 | AR Allocation Post | Monthly Commercial Rent Posted from 10/ 01/2023 to 10/31/ 2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (450.00) | 3,040,393.65 |
| 1020 | 09/23/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460013815 to Payment #460267770 | AR Allocation Post | Monthly Commercial Rent Posted from 11/ 01/2023 to 11/30/ 2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (2,500.00) | 3,037,893.65 |
| 1020 | 09/23/2024 | 09/23/2024 | 10/2024 | Month-to-Month Rent #460246106 to Payment #460265596 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 3,034,143.65 |
| 1020 | 09/23/2024 | 09/24/2024 | 10/2024 | Month-to-Month Rent #460246106 to Payment #460265596 | AR Allocation Deletion | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 3,037,893.65 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Month-to-Month Rent #460246106 to Payment #460267800 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 3,034,143.65 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460186554 to Payment #460267911 | AR Allocation Post | Monthly Commercial Rent Posted from 06/ 01/2024 to 06/30/ 2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | 3,032,143.65 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Late Fee #460199157 to Payment #460267911 | AR Allocation Post | | North Court-668 | LUV2KNIT & More | | 0.00 | (200.00) | 3,031,943.65 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460206874 to Payment #460267911 | AR Allocation Post | Monthly Commercial Rent Posted from 07/ 01/2024 to 07/31/ 2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (1,800.00) | 3,030,143.65 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Month-to-Month Rent (Transaction #460267915) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (3,236.87) | 3,026,906.78 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Month-to-Month Rent (Transaction #460267916) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (3,236.87) | 3,023,669.91 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Late Fee #460199157 to Payment #460267911 | AR Allocation Deletion | | North Court-668 | LUV2KNIT & More | | 200.00 | 0.00 | 3,023,869.91 |
| 1020 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460224590 to Payment #460267911 | AR Allocation Post | Monthly Commercial Rent Posted from 08/ 01/2024 to 08/31/ 2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (200.00) | 3,023,669.91 |
| 1020 | 09/26/2024 | 09/23/2024 | 10/2024 | Commercial Rent #460246084 to Payment #460266644 | AR Allocation Post | Monthly Commercial Rent Posted from 09/ 01/2024 to 09/30/ 2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.13) | 3,023,669.78 |
| 1020 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement (Transaction #460268867) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 1,554.18 | 0.00 | 3,025,223.96 |
| 1020 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement #460268867 to Payment #460267812 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (983.38) | 3,024,240.58 |

Appx831

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement #460268867 to Payment #460267813 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (515.51) | 3,023,725.07 |
| 1020 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement (Transaction #460268868) | AR Charge | ELECTRIC | Main Building-Roof | Metro PCS | | 275.40 | 0.00 | 3,024,000.47 |
| 1020 | 09/27/2024 | 09/27/2024 | 10/2024 | Other Reimbursement #460268867 to Payment #460267814 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (55.29) | 3,023,945.18 |
| 1020 | 09/27/2024 | 09/27/2024 | 10/2024 | Commercial Rent #460246108 to Payment #460267814 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (6,931.96) | 3,017,013.22 |
| 1020 | 09/27/2024 | 09/27/2024 | 10/2024 | Late Fee #460255340 to Payment #460267814 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (693.20) | 3,016,320.02 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269364 to Payment #460182625 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 3,001,736.69 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460205424 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,463.21) | 2,995,273.48 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460221774 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,779.29) | 2,993,494.19 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269366 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (5,993.01) | 2,987,501.18 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269366 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,249.49) | 2,985,251.69 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269366 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,340.83) | 2,978,910.86 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460242647 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (8,242.50) | 2,970,668.36 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460205424 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 6,463.21 | 0.00 | 2,977,131.57 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460221774 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 1,779.29 | 0.00 | 2,978,910.86 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269368 to Payment #460205424 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,463.21) | 2,972,447.65 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269368 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,779.29) | 2,970,668.36 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269368 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,340.83) | 2,964,327.53 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460241299 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,487.29) | 2,962,840.24 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460242647 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 8,242.50 | 0.00 | 2,971,082.74 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460241299 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 1,487.29 | 0.00 | 2,972,570.03 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269370 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,487.29) | 2,971,082.74 |
| 1020 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269370 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (8,242.50) | 2,962,840.24 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460206879 to Payment #460268591 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,755.21) | 2,956,085.03 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Late Fee #460214189 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (4,849.80) | 2,951,235.23 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | CAM #460224589 to Payment #460268591 | AR Allocation Post | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 2,950,701.71 |

GL Details     Case 2:25-cv-00044-GAM     Document 29-1     Filed 05/16/25     Page 81 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,444.80) | 2,948,256.91 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460206879 to Payment #460268591 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 6,755.21 | 0.00 | 2,955,012.12 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,755.21) | 2,948,256.91 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 2,444.80 | 0.00 | 2,950,701.71 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 6,755.21 | 0.00 | 2,957,456.92 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (4,853.54) | 2,952,603.38 |
| 1020 | 09/30/2024 | 09/30/2024 | 10/2024 | Late Fee #460232700 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (4,346.47) | 2,948,256.91 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Late Fee #460232700 to Payment #460268591 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 4,346.47 | 0.00 | 2,952,603.38 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460241299 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 1,487.29 | 0.00 | 2,954,090.67 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460242647 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 8,242.50 | 0.00 | 2,962,333.17 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460268591 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 4,853.54 | 0.00 | 2,967,186.71 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269368 to Payment #460205424 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 6,463.21 | 0.00 | 2,973,649.92 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269368 to Payment #460221774 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 1,779.29 | 0.00 | 2,975,429.21 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269368 to Payment #460241299 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 6,340.83 | 0.00 | 2,981,770.04 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269366 to Payment #460221774 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 5,993.01 | 0.00 | 2,987,763.05 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269366 to Payment #460241299 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 2,249.49 | 0.00 | 2,990,012.54 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269366 to Payment #460242647 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 6,340.83 | 0.00 | 2,996,353.37 |
| 1020 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269364 to Payment #460182625 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | 3,010,936.70 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270665) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 3,011,150.62 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270636) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 3,011,702.24 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270637) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 3,011,955.28 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement (Transaction #460270638) | AR Charge | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 3,013,313.43 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270639) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 3,014,313.68 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement (Transaction #460270640) | AR Charge | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 3,016,840.63 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270641) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 3,025,182.33 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Month-to-Month Rent (Transaction #460270642) | AR Charge | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 3,025,582.33 |

Appx833

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 82 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270643) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 3,035,582.33 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270644) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 3,058,408.16 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270645) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 3,058,941.68 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270646) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | 3,064,440.39 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270647) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 3,074,440.39 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Month-to-Month Rent (Transaction #460270648) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 3,074,525.53 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270649) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 3,103,559.11 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270650) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | 3,105,684.69 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270651) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 3,113,852.36 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270652) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 3,121,918.36 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270653) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 3,133,318.78 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270654) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 3,134,423.75 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270655) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 3,138,250.71 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270657) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/04/2024 | Main Building-400 | Regus | | 3,875.18 | 0.00 | 3,142,125.89 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270658) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 3,142,425.89 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270659) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 3,142,646.17 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270660) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 3,150,712.17 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Parking/Garage Income (Transaction #460270661) | AR Charge | Monthly Parking/Garage Income Posted from 10/01/2024 to 10/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 3,152,212.17 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270662) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 3,169,353.27 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270663) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 3,176,353.27 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Month-to-Month Rent (Transaction #460270664) | AR Charge | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 3,180,103.27 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270666) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 3,172,770.27 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270635) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 3,162,770.27 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM #460270636 to Payment #460242648 | AR Allocation Post | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 3,162,218.65 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement #460270638 to Payment #460267814 | AR Allocation Post | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 3,160,860.50 |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 83 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270649 to Payment #460242648 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (765.59) | 3,160,094.91 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270662 to Payment #460266644 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,140.97) | 3,142,953.94 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement #460270640 to Payment #460267814 | AR Allocation Post | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,361.82) | 3,140,592.12 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270649 to Payment #460265385 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,480.00) | 3,139,112.12 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Month-to-Month Rent #460270664 to Payment #460267603 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 3,135,362.12 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270649 to Payment #460268593 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (26,787.99) | 3,108,574.13 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement #460270640 to Payment #460267815 | AR Allocation Post | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (165.13) | 3,108,409.00 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270653 to Payment #460267815 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,361.82) | 3,106,047.18 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270653 to Payment #460267816 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 3,104,689.03 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM #460270637 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | 3,104,435.99 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270650 to Payment #460268907 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | 3,102,310.41 |
| 1020 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460271450) | AR Charge | Reversal of transaction ID:460270646 - t skipped on lease | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | 3,096,811.70 |
| 1020 | 10/01/2024 | 01/07/2025 | 01/2025 | Commercial Rent (Transaction #460332629) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | 3,102,310.41 |
| 1020 | 10/03/2024 | 10/03/2024 | 10/2024 | Month-to-Month Rent #460270642 to Payment #460273776 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 3,101,910.41 |
| 1020 | 10/03/2024 | 10/03/2024 | 10/2024 | Commercial Rent #460270651 to Payment #460273777 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | 3,093,742.74 |
| 1020 | 10/03/2024 | 10/07/2024 | 10/2024 | Commercial Rent #459969631 to Payment #460278973 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2023 to 10/31/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,000.00) | 3,090,742.74 |
| 1020 | 10/03/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270663 to Payment #460278973 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 3,083,742.74 |
| 1020 | 10/05/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270656) | AR Charge | Monthly Commercial Rent Posted from 10/05/2024 to 10/31/2024 | Main Building-400 | Regus | | 26,670.34 | 0.00 | 3,110,413.08 |
| 1020 | 10/05/2024 | 10/03/2024 | 10/2024 | Commercial Rent #460270656 to Payment #460273778 | AR Allocation Post | Monthly Commercial Rent Posted from 10/05/2024 to 10/31/2024 | Main Building-400 | Regus | | 0.00 | (26,670.34) | 3,083,742.74 |
| 1020 | 10/06/2024 | 10/06/2024 | 10/2024 | CAM #460140939 to Payment #460273778 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 0.00 | (364.59) | 3,083,378.15 |
| 1020 | 10/06/2024 | 10/06/2024 | 10/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460273778 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 3,083,293.01 |
| 1020 | 10/06/2024 | 10/06/2024 | 10/2024 | Commercial Month-to-Month Rent #460270648 to Payment #460273778 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 3,083,207.87 |
| 1020 | 10/06/2024 | 10/06/2024 | 10/2024 | Commercial Rent #460270657 to Payment #460273778 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/04/2024 | Main Building-400 | Regus | | 0.00 | (2,912.56) | 3,080,295.31 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277319) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 3,080,295.32 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277320) | AR Charge | | Main Building-375 | SBG Management | | 55,933.33 | 0.00 | 3,136,228.65 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277321) | AR Charge | | Main Building-G100 | Jenkins Storage | | 12,352.29 | 0.00 | 3,148,580.94 |

Appx835

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277322) | AR Charge | | Main Building-250 | Temple Health Call Center | | 3,847.62 | 0.00 | 3,152,428.56 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277323) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 68,049.70 | 0.00 | 3,220,478.26 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277324) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,807.40 | 0.00 | 3,222,285.66 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277325) | AR Charge | | Main Building-400 | Regus | | 96.26 | 0.00 | 3,222,381.92 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277326) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 3,225,648.81 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277327) | AR Charge | | Main Building-150 | Outback Steakhouse | | 768.05 | 0.00 | 3,226,416.86 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277328) | AR Charge | | Main Building-G5 | TruMark Financial Credit Union | | 150.00 | 0.00 | 3,226,566.86 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277329) | AR Charge | | North Court-640 | Helping Hands Family | | 16,555.81 | 0.00 | 3,243,122.67 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277330) | AR Charge | | North Court-668 | LUV2KNIT & More | | 749.87 | 0.00 | 3,243,872.54 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277331) | AR Charge | | Main Building-Roof | Metro PCS | | 440.41 | 0.00 | 3,244,312.95 |
| 1020 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277332) | AR Charge | | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | 3,244,334.98 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270655 to Payment #460278128 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | 3,240,508.02 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278129) | AR Charge | Reversal of transaction ID:460277331 - Automatic Reversal of Transaction ID:460277331 when adding Payment ID:1622995925 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (440.41) | 3,240,067.61 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278130) | AR Charge | | Main Building-Roof | Metro PCS | | 44.35 | 0.00 | 3,240,111.96 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270658 to Payment #460278131 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 3,239,811.96 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278132) | AR Charge | Reversal of transaction ID:460278130 - Automatic Reversal of Transaction ID:460278130 when adding Payment ID:1622995935 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (44.35) | 3,239,767.61 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278133) | AR Charge | | Main Building-Roof | Metro PCS | | 14.35 | 0.00 | 3,239,781.96 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278134) | AR Charge | Reversal of transaction ID:460278133 - ds | Main Building-Roof | Metro PCS | | 0.00 | (14.35) | 3,239,767.61 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Other Reimbursement #460268868 to Payment #460278128 | AR Allocation Post | ELECTRIC | Main Building-Roof | Metro PCS | | 0.00 | (133.56) | 3,239,634.05 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270659 to Payment #460278701 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | 3,239,413.77 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278702) | AR Charge | Reversal of transaction ID:460277332 - Automatic Reversal of Transaction ID:460277332 when adding Payment ID:1623003836 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | 3,239,391.74 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Parking/Garage Income #460270661 to Payment #460278930 | AR Allocation Post | Monthly Parking/Garage Income Posted from 10/01/2024 to 10/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 3,237,891.74 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278931) | AR Charge | Reversal of transaction ID:460277328 - Automatic Reversal of Transaction ID:460277328 when adding Payment ID:1623049397 by eric@sbgmanagement.com | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (150.00) | 3,237,741.74 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270641 to Payment #460278936 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 3,229,400.04 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278937) | AR Charge | Reversal of transaction ID:460277324 - Automatic Reversal of Transaction ID:460277324 when adding Payment ID:1623049549 by eric@sbgmanagement.com | North Court-670 | Dr. Mark Kress | | 0.00 | (1,807.40) | 3,227,592.64 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278938) | AR Charge | | North Court-670 | Dr. Mark Kress | | 973.23 | 0.00 | 3,228,565.87 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278974) | AR Charge | Reversal of transaction ID:460277321 - Automatic Reversal of Transaction ID:460277321 when adding Payment ID:1623060891 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (12,352.29) | 3,216,213.58 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278975) | AR Charge | | Main Building-G100 | Jenkins Storage | | 11,352.29 | 0.00 | 3,227,565.87 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #459923392 to Payment #460278976 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,450.00) | 3,226,115.87 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #459969631 to Payment #460278976 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2023 to 10/31/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,550.00) | 3,222,565.87 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278977) | AR Charge | Reversal of transaction ID:460278975 - Automatic Reversal of Transaction ID:460278975 when adding Payment ID:1623060984 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (11,352.29) | 3,211,213.58 |
| 1020 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278978) | AR Charge | | Main Building-G100 | Jenkins Storage | | 10,852.29 | 0.00 | 3,222,065.87 |
| 1020 | 10/07/2024 | 10/09/2024 | 10/2024 | Late Fee (Transaction #460279330) | AR Charge | Reversal of transaction ID:460277326 - ds | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | 3,218,798.98 |
| 1020 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283161) | AR Charge | Reversal of transaction ID:460277329 - Automatic Reversal of Transaction ID:460277329 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (16,555.81) | 3,202,243.17 |
| 1020 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283174) | AR Charge | | North Court-640 | Helping Hands Family | | 15,739.05 | 0.00 | 3,217,982.22 |
| 1020 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283176) | AR Charge | Reversal of transaction ID:460283174 - Automatic Reversal of Transaction ID:460283174 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (15,739.05) | 3,202,243.17 |
| 1020 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283191) | AR Charge | | North Court-640 | Helping Hands Family | | 14,922.28 | 0.00 | 3,217,165.45 |
| 1020 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283193) | AR Charge | Reversal of transaction ID:460283191 - Automatic Reversal of Transaction ID:460283191 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 0.00 | (14,922.28) | 3,202,243.17 |
| 1020 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283217) | AR Charge | | North Court-640 | Helping Hands Family | | 14,125.43 | 0.00 | 3,216,368.60 |
| 1020 | 10/07/2024 | 10/15/2024 | 10/2024 | Late Fee (Transaction #460283753) | AR Charge | Reversal of transaction ID:460277330 - ds | North Court-668 | LUV2KNIT & More | | 0.00 | (749.87) | 3,215,618.73 |
| 1020 | 10/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288015) | AR Charge | Reversal of transaction ID:460277322 - Automatic Reversal of Transaction ID:460277322 when adding Payment ID:1623718311 by devra@sbgmanagement.com | Main Building-250 | Temple Health Call Center | | 0.00 | (3,847.62) | 3,211,771.11 |
| 1020 | 10/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288020) | AR Charge | | Main Building-250 | Temple Health Call Center | | 3,094.68 | 0.00 | 3,214,865.79 |
| 1020 | 10/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306580) | AR Charge | Reversal of transaction ID:460288020 - ds | Main Building-250 | Temple Health Call Center | | 0.00 | (3,094.68) | 3,211,771.11 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 10/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364154) | AR Charge | Reversal of transaction ID:460278978 - d | Main Building-G100 | Jenkins Storage | | 0.00 | (10,852.29) | 3,200,918.82 |
| 1020 | 10/14/2024 | 10/14/2024 | 10/2024 | Gas #459838832 to Payment #460283175 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (1,909.74) | 3,199,009.08 |
| 1020 | 10/14/2024 | 10/14/2024 | 10/2024 | Gas #459838833 to Payment #460283175 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 0.00 | (2,049.41) | 3,196,959.67 |
| 1020 | 10/14/2024 | 10/14/2024 | 10/2024 | Commercial Rent #459864872 to Payment #460283175 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2023 to 08/31/2023 | North Court-640 | Helping Hands Family | | 0.00 | (4,208.52) | 3,192,751.15 |
| 1020 | 10/14/2024 | 10/14/2024 | 10/2024 | Commercial Rent #459864872 to Payment #460283192 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2023 to 08/31/2023 | North Court-640 | Helping Hands Family | | 0.00 | (3,777.94) | 3,188,973.21 |
| 1020 | 10/14/2024 | 10/14/2024 | 10/2024 | Commercial Rent #459923393 to Payment #460283192 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | North Court-640 | Helping Hands Family | | 0.00 | (4,190.52) | 3,184,782.69 |
| 1020 | 10/15/2024 | 10/15/2024 | 10/2024 | Other Reimbursement (Transaction #460283754) | AR Charge | T skipped-less than 24hour notice given | North Court-668 | LUV2KNIT & More | | 0.00 | (7,498.74) | 3,177,283.95 |
| 1020 | 10/15/2024 | 10/15/2024 | 10/2024 | Other Reimbursement (Transaction #460283755) | AR Charge | Reversal of transaction ID:460283754 | North Court-668 | LUV2KNIT & More | | 7,498.74 | 0.00 | 3,184,782.69 |
| 1020 | 10/15/2024 | 10/15/2024 | 10/2024 | Other Reimbursement (Transaction #460283756) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (7,498.71) | 3,177,283.98 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | CAM #460246083 to Payment #460268591 | AR Allocation Post | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 3,176,750.46 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269372 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,812.95) | 3,172,937.51 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269372 to Payment #460268591 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 3,812.95 | 0.00 | 3,176,750.46 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | CAM #460270645 to Payment #460288014 | AR Allocation Post | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 3,176,216.94 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288022 to Payment #460288014 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,649.39) | 3,173,567.55 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288022 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,812.95) | 3,169,754.60 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288024 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,487.29) | 3,168,267.31 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288024 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (8,242.50) | 3,160,024.81 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288024 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (4,853.54) | 3,155,171.27 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288026 to Payment #460205424 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,463.21) | 3,148,708.06 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288026 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,779.29) | 3,146,928.77 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288026 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,340.83) | 3,140,587.94 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288028 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (5,993.01) | 3,134,594.93 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288028 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,249.49) | 3,132,345.44 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288028 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,340.83) | 3,126,004.61 |
| 1020 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288030 to Payment #460182625 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 3,111,421.28 |
| 1020 | 10/22/2024 | 10/22/2024 | 11/2024 | Commercial Rent #460288022 to Payment #460288005 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | 3,096,837.95 |

Appx838

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 10/28/2024 | 10/28/2024 | 10/2024 | Electricity (Transaction #460289741) | AR Charge | | Main Building-Roof | Metro PCS | | 261.59 | 0.00 | 3,097,099.54 |
| 1020 | 10/28/2024 | 10/28/2024 | 10/2024 | Other Reimbursement (Transaction #460289742) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 1,400.76 | 0.00 | 3,098,500.30 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291809) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 3,099,605.27 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Month-to-Month Rent (Transaction #460291779) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 3,100,005.27 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291781) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 3,100,305.27 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291782) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 3,110,305.27 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291783) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 30,621.50 | 0.00 | 3,140,926.77 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291808) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 3,148,992.77 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291780) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 3,149,245.81 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Month-to-Month Rent (Transaction #460291785) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 3,152,995.81 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291786) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | 3,161,163.48 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291787) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 3,172,563.90 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Parking/Garage Income (Transaction #460291788) | AR Charge | Monthly Parking/Garage Income Posted from 11/01/2024 to 11/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 3,174,063.90 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291789) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 3,174,597.42 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291790) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 3,184,597.42 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291791) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 3,184,811.34 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement (Transaction #460291792) | AR Charge | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 3,186,169.49 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291793) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 3,186,721.11 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291794) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 3,186,941.39 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291795) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 3,190,768.35 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement (Transaction #460291796) | AR Charge | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 3,193,295.30 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291797) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 3,201,361.30 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291798) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 3,224,187.13 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291799) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 3,232,528.83 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291800) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 3,249,669.93 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291801) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 3,250,670.18 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291802) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | 3,256,168.89 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Month-to-Month Rent (Transaction #460291804) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 3,256,254.03 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291805) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 3,285,287.61 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291806) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | 3,287,413.19 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291807) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 3,294,413.19 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291784) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 3,284,413.19 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291803) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 3,277,080.19 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460270662 to Payment #460288674 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.13) | 3,277,080.06 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM #460291793 to Payment #460268593 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 3,276,528.44 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM #460291780 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (131.08) | 3,276,397.36 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Late Fee #460277319 to Payment #460288674 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 3,276,397.35 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291800 to Payment #460288674 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,140.96) | 3,259,256.39 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291805 to Payment #460268593 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,693.97) | 3,257,562.42 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM #460291780 to Payment #460261850 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (121.96) | 3,257,440.46 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291805 to Payment #460288004 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (27,339.61) | 3,230,100.85 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Late Fee #460255344 to Payment #460278701 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (8.11) | 3,230,092.74 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460289742 to Payment #460290194 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (1,016.29) | 3,229,076.45 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291794 to Payment #460278701 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (6.06) | 3,229,070.39 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460289742 to Payment #460290195 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (384.47) | 3,228,685.92 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460270653 to Payment #460290195 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (153.42) | 3,228,532.50 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460270653 to Payment #460290196 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (7,527.03) | 3,221,005.47 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Late Fee #460277327 to Payment #460290196 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (768.05) | 3,220,237.42 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460291792 to Payment #460290196 | AR Allocation Post | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 3,218,879.27 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460291796 to Payment #460290196 | AR Allocation Post | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,747.19) | 3,217,132.08 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460291796 to Payment #460290197 | AR Allocation Post | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (779.76) | 3,216,352.32 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291787 to Payment #460290197 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,747.19) | 3,214,605.13 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291787 to Payment #460290198 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | 3,213,246.98 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291786 to Payment #460292518 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | 3,205,079.31 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Month-to-Month Rent #460291804 to Payment #460292519 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | 3,204,994.17 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | . Commercial Rent #460291783 to Payment #460292519 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | 3,174,961.54 |
| 1020 | 11/01/2024 | 11/01/2024 | 11/2024 | Parking/Garage Income #460291788 to Payment #460292775 | AR Allocation Post | Monthly Parking/Garage Income Posted from 11/01/2024 to 11/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 3,173,461.54 |
| 1020 | 11/01/2024 | 11/04/2024 | 11/2024 | Month-to-Month Rent (Transaction #460293685) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 - Reversal of transaction ID:460291785 - ds | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 3,169,711.54 |
| 1020 | 11/01/2024 | 01/07/2025 | 01/2025 | Commercial Rent (Transaction #460332625) | AR Charge | Automatic reversal for transaction 460291802 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | 3,164,212.83 |
| 1020 | 11/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332628) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | 3,169,711.54 |
| 1020 | 11/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332640) | AR Charge | Automatic reversal for transaction 460332628 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | 3,164,212.83 |
| 1020 | 11/04/2024 | 11/04/2024 | 11/2024 | Commercial Rent #460291806 to Payment #460293667 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | 3,162,087.25 |
| 1020 | 11/04/2024 | 11/04/2024 | 11/2024 | Other Reimbursement (Transaction #460293668) | AR Charge | | Main Building-225 | Bethany Christian Services | | 150.00 | 0.00 | 3,162,237.25 |
| 1020 | 11/04/2024 | 11/04/2024 | 11/2024 | Other Reimbursement #460293668 to Payment #460293669 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (150.00) | 3,162,087.25 |
| 1020 | 11/05/2024 | 11/05/2024 | 11/2024 | Month-to-Month Rent #460291779 to Payment #460298795 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 3,161,687.25 |
| 1020 | 11/06/2024 | 11/12/2024 | 11/2024 | Commercial Rent #459923392 to Payment #460302392 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,000.00) | 3,158,687.25 |
| 1020 | 11/06/2024 | 11/12/2024 | 11/2024 | Commercial Rent #460291807 to Payment #460302392 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | 3,151,687.25 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293304) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | 3,151,687.26 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293305) | AR Charge | | Main Building-375 | SBG Management | | 56,933.33 | 0.00 | 3,208,620.59 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293306) | AR Charge | | Main Building-G100 | Jenkins Storage | | 11,662.79 | 0.00 | 3,220,283.38 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293307) | AR Charge | | Main Building-250 | Temple Health Call Center | | 8,093.53 | 0.00 | 3,228,376.91 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293308) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 68,929.60 | 0.00 | 3,297,306.51 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293309) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,828.79 | 0.00 | 3,299,135.30 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293310) | AR Charge | | Main Building-400 | Regus | | 155.15 | 0.00 | 3,299,290.45 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293311) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 3,302,557.34 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293312) | AR Charge | | Main Building-150 | Outback Steakhouse | | 829.51 | 0.00 | 3,303,386.85 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293313) | AR Charge | | North Court-640 | Helping Hands Family | | 14,225.46 | 0.00 | 3,317,612.31 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293314) | AR Charge | | North Court-668 | LUV2KNIT & More | | 549.87 | 0.00 | 3,318,162.18 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293315) | AR Charge | | Main Building-Roof | Metro PCS | | 453.21 | 0.00 | 3,318,615.39 |
| 1020 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460293316) | AR Charge | | Main Building-Roof 2 | Zayo | | 21.42 | 0.00 | 3,318,636.81 |

Appx841

GL Details   Case 2:25-cv-00044-GAM   Document 29-1   Filed 05/16/25   Page 90 of 118   Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Tenant Damages (Transaction #460301280) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 159.51 | 0.00 | 3,318,796.32 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Tenant Damages #460301280 to Payment #460281850 | AR Allocation Post | | Main Building-100 | SSS Education Jersey College | | 0.00 | (159.51) | 3,318,636.81 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Tenant Damages (Transaction #460301281) | AR Charge | | Main Building-225 | Bethany Christian Services | | 150.00 | 0.00 | 3,318,786.81 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Other Reimbursement #460268868 to Payment #460301310 | AR Allocation Post | ELECTRIC | Main Building-Roof | Metro PCS | | 0.00 | (141.84) | 3,318,644.97 |
| 1020 | 11/07/2024 | 11/07/2024 · | 11/2024 | Commercial Rent #460246085 to Payment #460301310 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (1.69) | 3,318,643.28 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Electricity #460299741 to Payment #460301310 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (261.59) | 3,318,381.69 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291781 to Payment #460301310 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 3,318,081.69 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291795 to Payment #460301310 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,367.90) | 3,314,713.79 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301311) | AR Charge | Reversal of transaction ID:460299315 - Automatic Reversal of Transaction ID:460299315 when adding Payment ID:1626770936 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (453.21) | 3,314,260.58 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301312) | AR Charge | | Main Building-Roof | Metro PCS | | 45.91 | 0.00 | 3,314,306.49 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291795 to Payment #460301313 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 3,314,006.49 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301314) | AR Charge | Reversal of transaction ID:460301312 - Automatic Reversal of Transaction ID:460301312 when adding Payment ID:1626770964 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 0.00 | (45.91) | 3,313,960.58 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301315) | AR Charge | | Main Building-Roof | Metro PCS | | 15.91 | 0.00 | 3,313,976.49 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291794 to Payment #460301447 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (214.22) | 3,313,762.27 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee #460299316 to Payment #460301447 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.00 | (20.23) | 3,313,742.04 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee #460299316 to Payment #460301447 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 20.23 | 0.00 | 3,313,762.27 |
| 1020 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301448) | AR Charge | Reversal of transaction ID:460299316 - Automatic Reversal of Transaction ID:460299316 when adding Payment ID:1626795687 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 0.00 | (21.42) | 3,313,740.85 |
| 1020 | 11/07/2024 | 11/12/2024 | 11/2024 | Late Fee (Transaction #460302393) | AR Charge | Reversal of transaction ID:460299306 - Automatic Reversal of Transaction ID:460299306 when adding Payment ID:1626990513 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 0.00 | (11,662.79) | 3,302,078.06 |
| 1020 | 11/07/2024 | 11/12/2024 | 11/2024 | Late Fee (Transaction #460302394) | AR Charge | | Main Building-G100 | Jenkins Storage | | 10,662.79 | 0.00 | 3,312,740.85 |
| 1020 | 11/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306581) | AR Charge | Reversal of transaction ID:460299307 - ds | Main Building-250 | Temple Health Call Center | | 0.00 | (8,093.53) | 3,304,647.32 |
| 1020 | 11/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364153) | AR Charge | Reversal of transaction ID:460302394 - s | Main Building-G100 | Jenkins Storage | | 0.00 | (10,662.79) | 3,293,984.53 |

Appx842

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 11/12/2024 | 11/12/2024 | 11/2024 | Commercial Rent #460291799 to Payment #460302357 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 3,285,642.83 |
| 1020 | 11/20/2024 | 11/20/2024 | 11/2024 | Operating Expenses (Transaction #460304701) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 1,664.01 | 0.00 | 3,287,306.84 |
| 1020 | 11/20/2024 | 11/20/2024 | 11/2024 | Electricity (Transaction #460304702) | AR Charge | | Main Building-Roof | Metro PCS | | 287.65 | 0.00 | 3,287,594.49 |
| 1020 | 11/27/2024 | 11/27/2024 | 11/2024 | Commercial Rent #460288030 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,094.60) | 3,284,499.89 |
| 1020 | 11/27/2024 | 11/27/2024 | 12/2024 | Commercial Rent #460288030 to Payment #460304851 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (5,147.90) | 3,279,351.99 |
| 1020 | 11/27/2024 | 11/27/2024 | 12/2024 | Commercial Rent #460288028 to Payment #460304851 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (8,242.50) | 3,271,109.49 |
| 1020 | 11/27/2024 | 11/27/2024 | 12/2024 | Commercial Rent #460288026 to Payment #460304851 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,192.93) | 3,269,916.56 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308054) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | 3,287,057.66 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308025) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | 3,292,556.37 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308026) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-640 | Helping Hands Family | | 8,371.86 | 0.00 | 3,300,928.23 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308027) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-G100 | Jenkins Storage | | 1,104.97 | 0.00 | 3,302,033.20 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308028) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-670 | Dr. Mark Kress | | 213.92 | 0.00 | 3,302,247.12 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Month-to-Month Rent (Transaction #460308029) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 3,305,997.12 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement (Transaction #460308030) | AR Charge | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | 3,307,355.27 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308031) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | 3,330,181.10 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308032) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | 3,330,434.14 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Month-to-Month Rent (Transaction #460308033) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | 3,330,519.28 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308034) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | 3,334,346.24 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Parking/Garage Income (Transaction #460308035) | AR Charge | Monthly Parking/Garage Income Posted from 12/01/2024 to 12/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | 3,335,846.24 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Month-to-Month Rent (Transaction #460308036) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | 3,336,246.24 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308037) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | 3,336,797.86 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308038) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 3,346,797.86 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement (Transaction #460308039) | AR Charge | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | 3,349,324.81 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308040) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | 3,357,666.51 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308041) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | 3,357,886.79 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308042) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 3,367,886.79 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308053) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-640 | Helping Hands Family | | 1,000.25 | 0.00 | 3,368,887.04 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308024) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | 3,369,187.04 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308044) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | 3,380,587.46 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308045) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | 3,382,713.04 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308046) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 3,390,779.04 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308047) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-340 | Goldstein Law Partners | | 8,066.00 | 0.00 | 3,398,845.04 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308048) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-400 | Regus | | 30,621.50 | 0.00 | 3,429,466.54 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308049) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | 3,458,500.12 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308051) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | 3,459,033.64 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308052) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | 3,466,033.64 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308043) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | 3,456,033.64 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308050) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | 3,448,700.64 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM #460308032 to Payment #460281850 | AR Allocation Post | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (93.53) | 3,448,607.11 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460291800 to Payment #460304846 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.14) | 3,448,606.97 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Late Fee #460299304 to Payment #460304846 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | 3,448,606.96 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Operating Expenses #460304701 to Payment #460306372 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (1,664.01) | 3,446,942.95 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Tenant Damages #460301281 to Payment #460304846 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.00 | (150.00) | 3,446,792.95 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460291787 to Payment #460306372 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (8,295.08) | 3,438,497.87 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308054 to Payment #460304846 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (16,990.95) | 3,421,506.92 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Late Fee #460299312 to Payment #460306372 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 0.00 | (829.51) | 3,420,677.41 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308030 to Payment #460306372 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (611.82) | 3,420,065.59 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308030 to Payment #460306373 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (748.33) | 3,419,319.26 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308039 to Payment #460306373 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,780.62) | 3,417,538.64 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308039 to Payment #460306374 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (746.33) | 3,416,792.31 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460306374 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (611.82) | 3,416,180.49 |

Appx844

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM #460308037 to Payment #460288004 | AR Allocation Post | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | 3,415,628.87 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308041 to Payment #460301447 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (20.23) | 3,415,608.64 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308049 to Payment #460288004 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,142.35) | 3,414,466.29 |
| 1020 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308049 to Payment #460304850 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (27,891.23) | 3,386,575.06 |
| 1020 | 12/01/2024 | 12/18/2024 | 12/2024 | Month-to-Month Rent (Transaction #460323507) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 - Reversal of transaction ID:460308029 - ds | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 3,382,825.06 |
| 1020 | 12/01/2024 | 01/07/2025 | 01/2025 | Commercial Rent (Transaction #460332624) | AR Charge | Automatic reversal for transaction 460308025 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | 3,377,326.35 |
| 1020 | 12/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332627) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | 3,382,825.06 |
| 1020 | 12/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332641) | AR Charge | Automatic reversal for transaction 460332627 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | 3,377,326.35 |
| 1020 | 12/01/2024 | 02/04/2025 | 02/2025 | Month-to-Month Rent (Transaction #460340174) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | 3,381,076.35 |
| 1020 | 12/01/2024 | 02/04/2025 | 02/2025 | Month-to-Month Rent (Transaction #460340177) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 - Reversal of transaction ID:460340174 - ds | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | 3,377,326.35 |
| 1020 | 12/01/2024 | 02/21/2025 | 02/2025 | Month-to-Month Rent (Transaction #460346079) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/01/2024 | Main Building-107 | Loanbility | | 120.97 | 0.00 | 3,377,447.32 |
| 1020 | 12/01/2024 | 02/21/2025 | 02/2025 | Month-to-Month Rent (Transaction #460346080) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/01/2024 - Reversal of transaction ID:460346079 - ds | Main Building-107 | Loanbility | | 0.00 | (120.97) | 3,377,326.35 |
| 1020 | 12/02/2024 | 12/02/2024 | 12/2024 | Parking/Garage Income #460308035 to Payment #460309279 | AR Allocation Post | Monthly Parking/Garage Income Posted from 12/01/2024 to 12/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | 3,375,826.35 |
| 1020 | 12/02/2024 | 12/02/2024 | 12/2024 | Commercial Rent #460308026 to Payment #460309315 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,371.86) | 3,367,454.49 |
| 1020 | 12/02/2024 | 12/02/2024 | 12/2024 | Commercial Rent #460308048 to Payment #460309316 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-400 | Regus | | 0.00 | (30,326.72) | 3,337,127.77 |
| 1020 | 12/03/2024 | 12/03/2024 | 12/2024 | CAM #460306582 to Payment #460309641 | AR Allocation Post | CAM FINAL ADJUSTMENT | Main Building-250 | Temple Health Call Center | | 0.00 | (25,358.43) | 3,311,769.34 |
| 1020 | 12/04/2024 | 12/04/2024 | 12/2024 | Commercial Rent #460308045 to Payment #460309827 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | 3,309,643.76 |
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460291795 to Payment #460316528 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (159.06) | 3,309,484.70 |
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Electricity #460304702 to Payment #460316528 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (287.65) | 3,309,197.05 |
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Late Fee #460301315 to Payment #460316528 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 0.00 | (15.91) | 3,309,181.14 |
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308024 to Payment #460316528 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 3,308,881.14 |
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308034 to Payment #460316528 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,075.95) | 3,305,805.19 |
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308034 to Payment #460316529 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | 3,305,505.19 |
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308040 to Payment #460316575 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-570 | Dr. Mark Kress | | 0.00 | (8,341.70) | 3,297,163.49 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460288026 to Payment #460309641 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,097.44) | 3,291,066.05 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316597) | AR Charge | | Main Building-375 | SBG Management | | 57,933.33 | 0.00 | 3,348,999.38 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316598) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | 3,352,266.27 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316599) | AR Charge | | North Court-668 | LUV2KNIT & More | | 1,099.74 | 0.00 | 3,353,366.01 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316600) | AR Charge | | Main Building-400 | Regus | | 193.14 | 0.00 | 3,353,559.15 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316601) | AR Charge | | Main Building-250 | Temple Health Call Center | | 8,051.93 | 0.00 | 3,361,611.08 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316602) | AR Charge | | Main Building-G100 | Jenkins Storage | | 11,473.29 | 0.00 | 3,373,084.37 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316603) | AR Charge | | North Court-640 | Helping Hands Family | | 14,325.48 | 0.00 | 3,387,409.85 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316604) | AR Charge | | Main Building-Roof | Metro PCS | | 45.10 | 0.00 | 3,387,454.95 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316605) | AR Charge | | North Court-670 | Dr. Mark Kress | | 1,016.02 | 0.00 | 3,388,470.97 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316606) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 69,809.50 | 0.00 | 3,458,280.47 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316607) | AR Charge | | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | 3,458,320.47 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316608) | AR Charge | | Main Building-107 | Loanbility | | 375.00 | 0.00 | 3,458,695.47 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316609) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 15.95 | 0.00 | 3,458,711.42 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316610) | AR Charge | | Main Building-225 | Bethany Christian Services | | 15.02 | 0.00 | 3,458,726.44 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316611) | AR Charge | | Main Building-Roof 2 | Zayo | | 20.01 | 0.00 | 3,458,746.45 |
| 1020 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316612) | AR Charge | | Main Building-150 | Outback Steakhouse | | 1,078.86 | 0.00 | 3,459,825.31 |
| 1020 | 12/07/2024 | 12/10/2024 | 12/2024 | Late Fee (Transaction #460319626) | AR Charge | Reversal of transaction ID:460316601 - ds | Main Building-250 | Temple Health Call Center | | 0.00 | (8,051.93) | 3,451,773.38 |
| 1020 | 12/07/2024 | 12/18/2024 | 12/2024 | Late Fee (Transaction #460323508) | AR Charge | Reversal of transaction ID:460316608 - ds | Main Building-107 | Loanbility | | 0.00 | (375.00) | 3,451,398.38 |
| 1020 | 12/07/2024 | 12/18/2024 | 12/2024 | Late Fee (Transaction #460323587) | AR Charge | Reversal of transaction ID:460316607 - ds | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | 3,451,358.38 |
| 1020 | 12/07/2024 | 01/15/2025 | 01/2025 | Late Fee (Transaction #460335563) | AR Charge | Reversal of transaction ID:460316612 - ds | Main Building-150 | Outback Steakhouse | | 0.00 | (1,078.86) | 3,450,279.52 |
| 1020 | 12/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364152) | AR Charge | Reversal of transaction ID:460316602 - ds | Main Building-G100 | Jenkins Storage | | 0.00 | (11,473.29) | 3,438,806.23 |
| 1020 | 12/09/2024 | 12/09/2024 | 12/2024 | Month-to-Month Rent #460306036 to Payment #460319371 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | 3,438,406.23 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460288026 to Payment #460319627 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (952.13) | 3,437,454.10 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460288024 to Payment #460319627 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (8,242.50) | 3,429,211.60 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460288022 to Payment #460319627 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,780.16) | 3,427,431.44 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460270644 to Payment #460319627 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 3,404,605.61 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | CAM #460291789 to Payment #460319627 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 3,404,072.09 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460291798 to Payment #460319627 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 3,381,246.26 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | CAM #460306051 to Payment #460319627 | AR Allocation Post | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | 3,380,712.74 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460306031 to Payment #460319627 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | 3,357,886.91 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Late Fee (Transaction #460319634) | AR Charge | Late fees reduced | Main Building-250 | Temple Health Call Center | | 1,905.68 | 0.00 | 3,359,792.59 |
| 1020 | 12/10/2024 | 12/10/2024 | 12/2024 | Late Fee #460319634 to Payment #460319627 | AR Allocation Post | Late fees reduced | Main Building-250 | Temple Health Call Center | | 0.00 | (1,905.68) | 3,357,886.91 |
| 1020 | 12/20/2024 | 12/20/2024 | 12/2024 | Tenant Damages (Transaction #460324075) | AR Charge | Zoom charges 6/1/23 to 9/2024 | Main Building-150 | Outback Steakhouse | | 21,644.30 | 0.00 | 3,379,531.21 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020 | 12/20/2024 | 12/20/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460323787 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,087.85) | 3,378,443.36 |
| 1020 | 12/20/2024 | 12/20/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460323788 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (576.16) | 3,377,867.20 |
| 1020 | 12/26/2024 | 12/28/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460324972 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (9,124.59) | 3,368,742.61 |
| 1020 | 12/26/2024 | 01/15/2025 | 12/2024 | Tenant Damages (Transaction #460335020) | AR Charge | Reversal of transaction ID:460324075 - incorrect posting | Main Building-150 | Outback Steakhouse | | 0.00 | (21,644.30) | 3,347,098.31 |
| 1020 | 12/26/2024 | 01/15/2025 | 12/2024 | Commercial Rent #460308044 to Payment #460324972 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 9,124.59 | 0.00 | 3,356,222.90 |
| 1020 | 12/29/2024 | 01/15/2025 | 12/2024 | Tenant Damages (Transaction #460335560) | AR Charge | Plumbing and Grease Damages | Main Building-150 | Outback Steakhouse | | 21,644.30 | 0.00 | 3,377,867.20 |
| 1020 | 12/29/2024 | 01/15/2025 | 01/2025 | Tenant Damages #460335560 to Payment #460335564 | AR Allocation Post | Plumbing and Grease Damages | Main Building-150 | Outback Steakhouse | | 0.00 | (8,462.89) | 3,369,404.31 |
| 1020 | 12/29/2024 | 01/15/2025 | 01/2025 | Tenant Damages #460335560 to Payment #460335564 | AR Allocation Deletion | Plumbing and Grease Damages | Main Building-150 | Outback Steakhouse | | 8,462.89 | 0.00 | 3,377,867.20 |
| | | | | | | | | 1020: Accounts Receivable: | 1,651,892.56 | 5,830,924.88 | (4,179,032.32) | 3,377,867.20 |

**GL Account: 1025: Inter Company Loans**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1025 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 8,038.83 |
| 1025 | 02/28/2024 | 02/29/2024 | 02/2024 | JE #2261 - TRANSFER | General Journal Entry | TFR-SBG | | | | 0.00 | (214,000.00) | (205,961.17) |
| 1025 | 05/08/2024 | 05/09/2024 | 05/2024 | JE #2306 - TRANSFER | General Journal Entry | 4137 | | | | 0.00 | (5,000.00) | (210,961.17) |
| | | | | | | | | 1025: Inter Company Loans: | (219,000.00) | 0.00 | (219,000.00) | (210,961.17) |

**GL Account: 1035: Building**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1035 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 53,932.14 |
| | | | | | | | | 1035: Building: | 0.00 | 0.00 | 0.00 | 53,932.14 |

**GL Account: 1040: Furniture-Fixtures-Equipment**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1040 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 1,086.51 |
| | | | | | | | | 1040: Furniture-Fixtures-Equipment: | 0.00 | 0.00 | 0.00 | 1,086.51 |

**GL Account: 1045: Maintenance Equipment**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1045 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 69,857.16 |
| 1045 | 02/26/2024 | 02/26/2024 | 02/2024 | Inv #Q529633 | Invoice | Mount Blower Motor | | Johnstone Supply | | 59.40 | 0.00 | 69,916.56 |
| 1045 | 02/26/2024 | 02/26/2024 | 02/2024 | Inv #Q529633 | Invoice | Motor DD 48 FRM 1 HP | | Johnstone Supply | | 334.35 | 0.00 | 70,250.91 |
| 1045 | 02/26/2024 | 02/26/2024 | 02/2024 | Inv #Q529633 | Invoice | Capacitor Run Oval | | Johnstone Supply | | 15.65 | 0.00 | 70,266.56 |
| 1045 | 03/12/2024 | 03/13/2024 | 03/2024 | Inv #489 | Invoice | Closer's for front door | | Everman Glass & Service | | 1,600.00 | 0.00 | 71,866.56 |
| 1045 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Blower Housing | | Johnstone Supply | | 858.12 | 0.00 | 72,724.68 |
| 1045 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Blower Motor | | Johnstone Supply | | 580.73 | 0.00 | 73,305.41 |
| 1045 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Capacitor | | Johnstone Supply | | 9.84 | 0.00 | 73,315.25 |
| 1045 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Motor Mounting Bracket Kit | | Johnstone Supply | | 151.82 | 0.00 | 73,467.07 |
| 1045 | 03/25/2024 | 03/26/2024 | 03/2024 | Inv #4423A | Invoice | | | Seacoast Mechanical | | 4,152.00 | 0.00 | 77,619.07 |
| 1045 | 06/21/2024 | 11/25/2024 | 11/2024 | Inv #202849942 | Invoice | Zoom Drain maintenance | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 78,820.07 |
| 1045 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #7435254 | Invoice | | | Sherwin Williams | | 302.50 | 0.00 | 79,122.57 |
| 1045 | 08/20/2024 | 08/20/2024 | 08/2024 | Inv #Quote 7436760 | Invoice | | | Sherwin Williams | | 136.95 | 0.00 | 79,259.52 |
| | | | | | | | | 1045: Maintenance Equipment: | 9,402.36 | 9,402.36 | 0.00 | 79,259.52 |

**GL Account: 1050: Improvements-Prop**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1050 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 409,728.07 |
| 1050 | 01/29/2024 | 02/19/2024 | 03/2024 | Inv #238606-Starbucks | Invoice | Starbucks | | Carroll Engineering Corporation | | 6,324.41 | 0.00 | 416,052.48 |
| 1050 | 02/08/2024 | 02/08/2024 | 02/2024 | Inv #1320230 | Invoice | SDS Max Drill Bits | | Joseph Fazzio Inc | | 682.08 | 0.00 | 416,734.56 |
| 1050 | 02/13/2024 | 02/15/2024 | 02/2024 | Inv #299 | Invoice | | | Henry's Paving | | 9,000.00 | 0.00 | 425,734.56 |
| 1050 | 03/25/2024 | 03/25/2024 | 03/2024 | Inv #On Acct - Final | Invoice | | | SDS | | 2,849.02 | 0.00 | 428,583.58 |
| 1050 | 03/27/2024 | 03/28/2024 | 03/2024 | Inv #17800-23966 | Invoice | | | Green Estates Lawn Sprinklers, Inc. | | 846.00 | 0.00 | 429,429.58 |
| 1050 | 04/05/2024 | 07/10/2024 | 07/2024 | Inv #303-0225 | Invoice | | | Green Estates Lawn Sprinklers, Inc. | | 1,375.00 | 0.00 | 430,804.58 |
| 1050 | 04/20/2024 | 05/10/2024 | 05/2024 | Inv #0419-SB-JENKGARAGE | Invoice | 4/8-4/19 GARAGE | | Stephen Beer Plumbing | | 9,384.00 | 0.00 | 440,188.58 |
| 1050 | 05/03/2024 | 07/23/2024 | 07/2024 | Inv #4955 | Invoice | | | SDS | | 2,030.14 | 0.00 | 442,218.72 |

GL Details    Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1050 | 05/07/2024 | 05/07/2024 | 05/2024 | Inv #3568 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 1,050.00 | 0.00 | 443,268.72 |
| 1050 | 05/09/2024 | 05/09/2024 | 05/2024 | Inv #EPOXY-500PCS 5-9-24 | Invoice | GARAGE-DECK | | Re-Steel Supply Services, Inc. | | 11,622.90 | 0.00 | 454,891.62 |
| 1050 | 05/09/2024 | 05/10/2024 | 05/2024 | Inv #0509-SB--4/22 JENKGARAGE | Invoice | GARAGE | | Stephen Beer Plumbing | | 1,040.00 | 0.00 | 455,931.62 |
| 1050 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #0508-CAMP-JENK | Invoice | 5/2-5/8 GARAGE-DECK | | Campion Masonry | | 16,360.00 | 0.00 | 472,291.62 |
| 1050 | 05/17/2024 | 05/17/2024 | 05/2024 | Inv #0517-CAMP-JENK | Invoice | Garage - Deck | | Campion Masonry | | 13,675.00 | 0.00 | 485,966.62 |
| 1050 | 05/17/2024 | 05/20/2024 | 05/2024 | Inv #0517-SB-JENKGARAGE | Invoice | 5/16 & 5/17 Jenkins Garage | | Stephen Beer Plumbing | | 1,950.00 | 0.00 | 487,916.62 |
| 1050 | 05/22/2024 | 05/29/2024 | 05/2024 | Inv #0522-CM-JENK | Invoice | 5/16-5/22/2024 | | Campion Masonry | | 17,050.00 | 0.00 | 504,966.62 |
| 1050 | 05/22/2024 | 05/29/2024 | 05/2024 | Inv #MATL-HILTI | Invoice | CAMPION-MATL GARAGE-DECK | | Campion Masonry | | 1,569.16 | 0.00 | 506,535.78 |
| 1050 | 05/23/2024 | 05/24/2024 | 05/2024 | Inv #394 | Invoice | PARKING DECK | | CS Contractor Corp | | 6,000.00 | 0.00 | 512,535.78 |
| 1050 | 05/24/2024 | 05/24/2024 | 05/2024 | Inv #0523-SB-JENK | Invoice | 05/20-05/23 PARKING GARAGE | | Stephen Beer Plumbing | | 4,799.00 | 0.00 | 517,334.78 |
| 1050 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #S6049727 | Invoice | GARAGE | | Grove Supply Inc, Phila BR6 | | 2,170.22 | 0.00 | 519,505.00 |
| 1050 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #DOC#10524240354 | Invoice | GARAGE-PARK DECK | | Joseph Fazzio Inc | | 7,935.37 | 0.00 | 527,440.37 |
| 1050 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #395 | Invoice | PARK DECK-BREAK CONCRETE | | CS Contractor Corp | | 6,000.00 | 0.00 | 533,440.37 |
| 1050 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #22770 | Invoice | DRAWINGS-TINY TOWN | | Digital Reprographics Solutions | | 765.04 | 0.00 | 534,205.41 |
| 1050 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #0967900 | Invoice | GARAGE | | Ferguson Enterprises Inc | | 634.45 | 0.00 | 534,839.86 |
| 1050 | 06/04/2024 | 06/04/2024 | 06/2024 | Inv #158171 | Invoice | GARAGE-DECK | | Concrete Service Materials Inc | | 908.95 | 0.00 | 535,748.81 |
| 1050 | 06/05/2024 | 06/05/2024 | 06/2024 | Inv #ELEC PERM-TINYTOWN | Invoice | TINY TOWN-ELEC PERM | | The Borough of Jenkintown | | 54.50 | 0.00 | 535,803.31 |
| 1050 | 06/05/2024 | 06/05/2024 | 06/2024 | Inv #ORDER# 0984631 | Invoice | GARAGE-PARK DECK | | Ferguson Enterprises Inc | | 786.71 | 0.00 | 536,590.02 |
| 1050 | 06/05/2024 | 06/10/2024 | 06/2024 | Inv #3591 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 1,050.00 | 0.00 | 537,640.02 |
| 1050 | 06/06/2024 | 06/06/2024 | 06/2024 | Inv #11757 | Invoice | CONSTRUCTION BANNERS | | Digital Reprographics Solutions | | 467.37 | 0.00 | 538,107.39 |
| 1050 | 06/06/2024 | 06/06/2024 | 06/2024 | Inv #Q 13958404 | Invoice | GARAGE-PARK DECK | | Lowe's Home Centers LLC | | 1,534.75 | 0.00 | 539,642.14 |
| 1050 | 06/06/2024 | 06/07/2024 | 06/2024 | Inv #0605-CM-JENK | Invoice | 05/30-06/05 + 50. | | Campion Masonry | | 14,850.00 | 0.00 | 554,492.14 |
| 1050 | 06/06/2024 | 06/07/2024 | 06/2024 | Inv #REIMB COSTS-HILTI | Invoice | GARAGE-MATL | | Campion Masonry | | 1,403.48 | 0.00 | 555,895.62 |
| 1050 | 06/06/2024 | 06/07/2024 | 06/2024 | Inv #396 | Invoice | GARAGE-PARK DECK | | CS Contractor Corp | | 6,000.00 | 0.00 | 561,895.62 |
| 1050 | 06/06/2024 | 09/04/2024 | 10/2024 | Inv #5015 | Invoice | | | SDS | | 3,641.58 | 0.00 | 565,537.20 |
| 1050 | 06/07/2024 | 06/13/2024 | 06/2024 | Inv #0607-SB-JENK-GARAGE | Invoice | 6/3-6/7 LABOR | | Stephen Beer Plumbing | | 5,655.00 | 0.00 | 571,192.20 |
| 1050 | 06/10/2024 | 06/13/2024 | 06/2024 | Inv #397 | Invoice | PARKING DECK - | | CS Contractor Corp | | 6,000.00 | 0.00 | 577,192.20 |
| 1050 | 06/12/2024 | 06/13/2024 | 06/2024 | Inv #158911 | Invoice | GARAGE-PARK DECK | | Concrete Service Materials Inc | | 360.40 | 0.00 | 577,552.60 |
| 1050 | 06/13/2024 | 06/13/2024 | 06/2024 | Inv #0613-CM-JENK | Invoice | 6/6-6/12-GARAGE-PARK DECK | | Campion Masonry | | 10,993.00 | 0.00 | 588,545.60 |
| 1050 | 06/13/2024 | 06/13/2024 | 06/2024 | Inv #0529-CM-JENK | Invoice | 05/23-05/29 GARAGE-PARK DECK | | Campion Masonry | | 13,200.00 | 0.00 | 601,745.60 |
| 1050 | 06/13/2024 | 06/13/2024 | 06/2024 | Inv #TOOL REPLACE | Invoice | TOOL REPLACEMENT | | CS Contractor Corp | | 1,500.00 | 0.00 | 603,245.60 |
| 1050 | 06/13/2024 | 06/14/2024 | 06/2024 | Inv #1038786 | Invoice | | | Ferguson Enterprises Inc | | 712.11 | 0.00 | 603,957.71 |
| 1050 | 06/14/2024 | 06/15/2024 | 06/2024 | Inv #005015 | Invoice | 36" concrete saw blades | | SDS | | 3,641.58 | 0.00 | 607,599.29 |
| 1050 | 06/18/2024 | 06/28/2024 | 06/2024 | Inv #398 | Invoice | GARAGE-PARK DECK | | CS Contractor Corp | | 6,625.00 | 0.00 | 614,224.29 |
| 1050 | 06/20/2024 | 06/24/2024 | 06/2024 | Inv #159765 | Invoice | 20 oz Sausage 1A Limestone | | Concrete Service Materials Inc | | 360.40 | 0.00 | 614,584.69 |
| 1050 | 06/24/2024 | 06/24/2024 | 06/2024 | Inv #REIMB SUPPL-GARAGE | Invoice | GARAGE-PARK DECK | | CS Contractor Corp | | 166.51 | 0.00 | 614,751.20 |
| 1050 | 06/24/2024 | 06/24/2024 | 06/2024 | Inv #0619-CM-JENK GAR/DECK | Invoice | 6/13-6/19/24 GARAGE-PARK DECK | | Campion Masonry | | 16,160.00 | 0.00 | 630,911.20 |
| 1050 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0616-SB-JENK | Invoice | PARKING GARAGE | | Stephen Beer Plumbing | | 6,893.00 | 0.00 | 637,804.20 |
| 1050 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0624-SB-JENK | Invoice | PARKING GARAGE | | Stephen Beer Plumbing | | 4,680.00 | 0.00 | 642,484.20 |
| 1050 | 06/24/2024 | 06/28/2024 | 06/2024 | Inv #399 | Invoice | 6/17-6/23 PARK DECK | | CS Contractor Corp | | 8,000.00 | 0.00 | 650,484.20 |
| 1050 | 06/28/2024 | 07/01/2024 | 06/2024 | Inv #0628-CM-JENK GAR | Invoice | 0620-0626 + EXP PARK GARAGE | | Campion Masonry | | 13,015.50 | 0.00 | 663,499.70 |
| 1050 | 07/01/2024 | 07/01/2024 | 07/2024 | Inv #DOC#10610240120 | Invoice | PARK GARAGE-20 8x6x1/2 ANGLE 20' | | Joseph Fazzio Inc | | 7,935.37 | 0.00 | 671,435.07 |
| 1050 | 07/06/2024 | 07/11/2024 | 07/2024 | Inv #3650 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 1,050.00 | 0.00 | 672,485.07 |
| 1050 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #0708-SB-JENK | Invoice | 7/1-7/5 + MATL PKG GARAGE | | Stephen Beer Plumbing | | 4,281.00 | 0.00 | 676,766.07 |
| 1050 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #00706-RW-JENK | Invoice | GARAGE | | RW Electrical LLC | | 3,119.00 | 0.00 | 679,885.07 |
| 1050 | 07/11/2024 | 07/18/2024 | 07/2024 | Inv #0711-CAMP-JENK | Invoice | 7/4-7/10 PARK GARAGE | | Campion Masonry | | 13,643.00 | 0.00 | 693,528.07 |

Appx848

GL Details   Case 2:25-cv-00044-GAM   Document 29-1   Filed 05/16/25   Page 97 of 118 Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1050 | 07/15/2024 | 07/18/2024 | 07/2024 | Inv #0715-SB-JENK GAR | Invoice | 7/8-7/12 PARK GARAGE | | Stephen Beer Plumbing | | 4,435.00 | 0.00 | 697,963.07 |
| 1050 | 07/16/2024 | 07/18/2024 | 07/2024 | Inv #402 | Invoice | 7/8-7/14 PARK GARAGE | | CS Contractor Corp | | 7,000.00 | 0.00 | 704,963.07 |
| 1050 | 07/19/2024 | 07/19/2024 | 07/2024 | Inv #0719-CAMP-PKG GAR | Invoice | 7/11-7/17 PARK GARAGE | | Campion Masonry | | 15,366.00 | 0.00 | 720,329.07 |
| 1050 | 07/19/2024 | 07/23/2024 | 07/2024 | Inv #4959 | Invoice | | | SDS | | 0.00 | (3,700.00) | 716,629.07 |
| 1050 | 07/22/2024 | 07/22/2024 | 07/2024 | Inv #0722-SB-JENK | Invoice | 7/15-7/19 PKG GARAGE | | Stephen Beer Plumbing | | 4,207.00 | 0.00 | 720,836.07 |
| 1050 | 07/26/2024 | 07/26/2024 | 07/2024 | Inv #0720-RW-JENK | Invoice | GARAGE | | RW Electrical LLC | | 3,952.00 | 0.00 | 724,788.07 |
| 1050 | 07/29/2024 | 08/01/2024 | 08/2024 | Inv #404 | Invoice | 7/22-7/25 PKG GARAGE | | CS Contractor Corp | | 4,000.00 | 0.00 | 728,788.07 |
| 1050 | 08/03/2024 | 08/09/2024 | 08/2024 | Inv #0803-RW-JNK-PGK GAR | Invoice | PARKING GARAGE | | RW Electrical LLC | | 4,230.00 | 0.00 | 733,018.07 |
| 1050 | 08/05/2024 | 08/27/2024 | 08/2024 | Inv #3722 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 700.00 | 0.00 | 733,718.07 |
| 1050 | 08/06/2024 | 08/06/2024 | 08/2024 | Inv #0806-SB-JENK | Invoice | 7/22-7/23 PARKNG GARAGE | | Stephen Beer Plumbing | | 1,820.00 | 0.00 | 735,538.07 |
| 1050 | 08/21/2024 | 08/21/2024 | 08/2024 | Inv #408 | Invoice | CLEAN PARKING LOT | | CS Contractor Corp | | 4,200.00 | 0.00 | 739,738.07 |
| 1050 | 08/22/2024 | 08/22/2024 | 08/2024 | Inv #0817-RW-JENK | Invoice | PARK GARAGE | | RW Electrical LLC | | 3,736.00 | 0.00 | 743,474.07 |
| 1050 | 08/26/2024 | 08/28/2024 | 08/2024 | Inv #410 | Invoice | PARKING DECK - | | CS Contractor Corp | | 1,800.00 | 0.00 | 745,274.07 |
| 1050 | 08/28/2024 | 08/28/2024 | 08/2024 | Inv #409 | Invoice | | | CS Contractor Corp | | 4,400.00 | 0.00 | 749,674.07 |
| 1050 | 09/08/2024 | 09/10/2024 | 09/2024 | Inv #3773 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 910.00 | 0.00 | 750,584.07 |
| 1050 | 10/06/2024 | 10/28/2024 | 10/2024 | Inv #3819 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 700.00 | 0.00 | 751,284.07 |
| 1050 | 10/29/2024 | 11/12/2024 | 11/2024 | Inv #17800-25756 | Invoice | | | Green Estates Lawn Sprinklers, Inc. | | 260.00 | 0.00 | 751,544.07 |
| | | | | | | | | 1050: Improvements-Prop: | 341,816.00 | 345,516.00 | (3,700.00) | 751,544.07 |

GL Account: 1060: Improvements-Units

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1060 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 142,802.52 |
| 1060 | 01/27/2024 | 01/27/2025 | 01/2025 | Inv #REIMB SUPPL JENK EVENT 1/27/25 | Invoice | SUPPLIES-EVENT SPACE | | A & Y Construction Services LLC | | 109.33 | 0.00 | 142,911.85 |
| 1060 | 03/21/2024 | 04/15/2024 | 04/2024 | Inv #24949 | Invoice | JERSEY COLLEGE | | LUX Flooring Inc | | 39,184.23 | 0.00 | 182,096.08 |
| 1060 | 05/07/2024 | 05/09/2024 | 05/2024 | Inv #26321 | Invoice | JERSEY COLLEGE | | LUX Flooring Inc | | 4,379.90 | 0.00 | 186,475.98 |
| 1060 | 05/28/2024 | 05/28/2024 | 05/2024 | Inv #S6049311 | Invoice | GARAGE | | Grove Supply Inc, Phila BR6 | | 680.14 | 0.00 | 187,156.12 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 x 20 ft PVC DWV S40 Pe Pipe 60 pieces | | Ferguson Enterprises | | 318.49 | 0.00 | 187,474.61 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 PVC DWV90 ELL | | Ferguson Enterprises | | 262.22 | 0.00 | 187,736.83 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 PVC DWV ST 90 ELL | | Ferguson Enterprises | | 158.89 | 0.00 | 187,895.72 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 PVC DWV ST 45 ELL | | Ferguson Enterprises | | 115.93 | 0.00 | 188,011.65 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 6 HD Shielded NH Cou[ | | Ferguson Enterprises | | 68.13 | 0.00 | 188,079.78 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 1/2 PLN DI top Beam Clmp | | Ferguson Enterprises | | 63.72 | 0.00 | 188,143.50 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 1/2 blk hvy hex nut | | Ferguson Enterprises | | 33.48 | 0.00 | 188,176.98 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 1/2 pln ft wshr 100 pieces | | Ferguson Enterprises | | 22.46 | 0.00 | 188,199.44 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 Z/plt std clevis hgr | | Ferguson Enterprises | | 805.68 | 0.00 | 189,005.12 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 3/8 Pltd Rod Coup | | Ferguson Enterprises | | 1.71 | 0.00 | 189,006.83 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 6 x 20 FT PVC DWV S40 PE pipe 20 pieces | | Ferguson Enterprises | | 200.17 | 0.00 | 189,207.00 |
| 1060 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 6 PVC DWV WYE | | Ferguson Enterprises | | 126.86 | 0.00 | 189,333.86 |
| 1060 | 12/13/2024 | 12/17/2024 | 12/2024 | Inv #Q536487-1/2 | Invoice | HH-ADAPATER CURB/HEATING UNIT | | Johnstone Supply | | 1,375.03 | 0.00 | 190,708.89 |
| 1060 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #1213-SB-JENK-NCRT | Invoice | NEW PLG-EVENT SPACE | | Stephen Beer Plumbing | | 4,582.00 | 0.00 | 195,290.89 |
| 1060 | 12/16/2024 | 12/17/2024 | 12/2024 | Inv #Q536487-2/2/ P5140383 | Invoice | HH-ROOF HEATER UNIT | | Johnstone Supply | | 10,239.74 | 0.00 | 205,530.63 |
| 1060 | 12/16/2024 | 12/23/2024 | 12/2024 | Inv #420 | Invoice | EVENT SPACE 12/9-12/15 | | A & Y Construction Services LLC | | 5,600.00 | 0.00 | 211,130.63 |
| 1060 | 12/23/2024 | 12/27/2024 | 12/2024 | Inv #1220-SB-JENK EVENT SP | Invoice | 12/16-12/20 ROUGH PLBG -EVSP | | Stephen Beer Plumbing | | 4,875.00 | 0.00 | 216,005.63 |
| 1060 | 12/26/2024 | 12/27/2024 | 12/2024 | Inv #123024-1 | Invoice | HH-INSTALL HEATER | | M.J.MAC Inc | | 6,000.00 | 0.00 | 222,005.63 |
| 1060 | 12/27/2024 | 12/27/2024 | 12/2024 | Inv #421 | Invoice | 12/16-12/21-EVENT SP + SNOW | | A & Y Construction Services LLC | | 4,800.00 | 0.00 | 226,805.63 |
| 1060 | 12/27/2024 | 12/27/2024 | 12/2024 | Inv #1227-SB-JENK-EVNT | Invoice | 12/23-12/27 EVENT SPACE | | Stephen Beer Plumbing | | 2,665.00 | 0.00 | 229,470.63 |
| 1060 | 12/31/2024 | 01/10/2025 | 01/2025 | Inv #REIMB COSTS JENK | Invoice | EVENT-SUPPLIES | | A & Y Construction Services LLC | | 304.86 | 0.00 | 229,775.49 |
| | | | | | | | | 1060: Improvements-Units: | 86,972.97 | 86,972.97 | 0.00 | 229,775.49 |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 98 of 118    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **GL Account: 1070: Other** | | | | | | | | | | | | |
| 1070 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | (4,900.00) |
| | | | | | | | | 1070: Other: | 0.00 | 0.00 | 0.00 | (4,900.00) |
| **GL Account: 2000: Accounts Payable** | | | | | | | | | | | | |
| 2000 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | (2,838,849.69) |
| 2000 | 01/01/2024 | 01/04/2024 | 01/2024 | Inv #10029 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (2,842,949.24) |
| 2000 | 01/01/2024 | 01/04/2024 | 01/2024 | Inv #1072 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (2,843,496.40) |
| 2000 | 01/01/2024 | 01/09/2024 | 01/2024 | Inv #010124 | Invoice | | | Granite Telecommunications - 2396 | | 0.00 | (483.47) | (2,843,979.87) |
| 2000 | 01/01/2024 | 01/09/2024 | 01/2024 | Inv #010124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (175.71) | (2,844,155.58) |
| 2000 | 01/01/2024 | 01/13/2024 | 01/2024 | Inv #28372 | Invoice | | | Companion Services Group | | 0.00 | (1,128.90) | (2,845,284.48) |
| 2000 | 01/01/2024 | 01/18/2024 | 01/2024 | Inv #8787998 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (2,845,391.84) |
| 2000 | 01/03/2024 | 01/03/2024 | 01/2024 | Check #1066 | Vendor Payment | COLDWELL-TINY TOWN | | Coldwell Banker Commercial | | 54,000.64 | 0.00 | (2,791,391.20) |
| 2000 | 01/03/2024 | 01/04/2024 | 01/2024 | Inv #Late and Trans Fee | Invoice | Late Fee and Transaction Fee | | PECO 680 OYR office (64165-22048) | | 0.00 | (20.75) | (2,791,411.95) |
| 2000 | 01/03/2024 | 01/09/2024 | 01/2024 | Inv #1034 | Invoice | | | RW Electrical LLC | | 0.00 | (1,204.00) | (2,792,615.95) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Inv #010324-RGN | Invoice | TRANSFER TO RB | | JENKINS COURT REALTY CO LP | | 0.00 | (30,117.77) | (2,822,733.72) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #4116 | Vendor Payment | TRANSFER TO RB | | JENKINS COURT REALTY CO LP | | 30,117.77 | 0.00 | (2,792,615.95) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Inv #Late and Transaction Fees | Invoice | Late Fee and Transaction Fee | | PECO 680 OYR office 95016 | | 0.00 | (75.09) | (2,792,691.04) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174366 | Vendor Payment | Late Fee and Transaction Fee | | PECO 680 OYR office 95016 | | 75.09 | 0.00 | (2,792,615.95) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174366 | Vendor Payment | | | PECO 680 OYR office 95016 | | 2,130.51 | 0.00 | (2,790,485.44) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174366 | Vendor Payment | | | PECO 680 OYR office 95016 | | 1,494.15 | 0.00 | (2,788,991.29) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174366 | Vendor Payment | | | PECO 680 OYR office 95016 | | 239.24 | 0.00 | (2,788,752.05) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174366 | Vendor Payment | | | PECO 680 OYR office 95016 | | 811.28 | 0.00 | (2,787,940.77) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Inv #Late Fee and Transaction Fee | Invoice | Late Fee and Transaction Fee | | PECO 680 OYR office (64165-22048) | | 0.00 | (16.12) | (2,787,956.89) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 8/21/23 #3173559856 | Vendor Payment | Late Fee and Transaction Fee | | PECO 680 OYR office (64165-22048) | | 16.12 | 0.00 | (2,787,940.77) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 8/21/23 #3173559856 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 75.92 | 0.00 | (2,787,864.85) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 8/21/23 #3173559856 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 75.51 | 0.00 | (2,787,789.34) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 8/21/23 #3173559856 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 75.15 | 0.00 | (2,787,714.19) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | Late Fee and Transaction Fee | | PECO 680 OYR office (64165-22048) | | 20.75 | 0.00 | (2,787,693.44) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 75.81 | 0.00 | (2,787,617.63) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 76.24 | 0.00 | (2,787,541.39) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 76.24 | 0.00 | (2,787,465.15) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 75.92 | 0.00 | (2,787,389.23) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 75.92 | 0.00 | (2,787,313.31) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check #PD Online 1/3/2024 #3398174780 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 150.00 | 0.00 | (2,787,163.31) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check ##17049403433 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 314.44 | 0.00 | (2,786,848.87) |
| 2000 | 01/04/2024 | 01/04/2024 | 01/2024 | Check ##17049406353 | Vendor Payment | | | Comcast 8499-10-139-02847 81 | | 103.63 | 0.00 | (2,786,745.24) |
| 2000 | 01/04/2024 | 01/23/2024 | 01/2024 | Inv #I-2425474 | Invoice | | | Office Basics | | 0.00 | (400.11) | (2,787,145.35) |
| 2000 | 01/05/2024 | 01/09/2024 | 01/2024 | Inv #123602406 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (820.00) | (2,787,965.35) |
| 2000 | 01/05/2024 | 01/12/2024 | 01/2024 | Check #1073 | Vendor Payment | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | (2,773,869.26) |
| 2000 | 01/05/2024 | 01/12/2024 | 01/2024 | Inv #240105394 | Invoice | PARKING DECK 12/20-12/21/23 | | D. A. Mitchell LLC | | 0.00 | (3,600.00) | (2,777,469.26) |
| 2000 | 01/05/2024 | 01/12/2024 | 01/2024 | Inv #240105395 | Invoice | PARK DECK 12/26-12/29/23 | | D. A. Mitchell LLC | | 0.00 | (3,200.00) | (2,780,669.26) |

Appx850

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 99 of 118  Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 01/05/2024 | 01/31/2024 | 01/2024 | Inv #172809327 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (2,781,870.26) |
| 2000 | 01/06/2024 | 01/11/2024 | 01/2024 | Inv #0106-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (604.00) | (2,782,474.26) |
| 2000 | 01/06/2024 | 01/11/2024 | 01/2024 | Inv #0106-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (1,230.00) | (2,783,704.26) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #Written Check 10am-1 | Vendor Payment | | | Advanced Electronic Security | | 2,000.00 | 0.00 | (2,781,704.26) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #Written Check 10am-1 | Vendor Payment | | | Advanced Electronic Security | | 599.99 | 0.00 | (2,781,104.27) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #Written Check 10am-1 - Reversal | Vendor Payment Reversal | | | Advanced Electronic Security | | 0.00 | (2,000.00) | (2,783,104.27) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #Written Check 10am-1 - Reversal | Vendor Payment Reversal | | | Advanced Electronic Security | | 0.00 | (599.99) | (2,783,704.26) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1067 | Vendor Payment | | | Advanced Electronic Security | | 2,000.00 | 0.00 | (2,781,704.26) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1067 | Vendor Payment | | | Advanced Electronic Security | | 599.99 | 0.00 | (2,781,104.27) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1067 - Reversal | Vendor Payment Reversal | | | Advanced Electronic Security | | 0.00 | (2,000.00) | (2,783,104.27) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1067 - Reversal | Vendor Payment Reversal | | | Advanced Electronic Security | | 0.00 | (599.99) | (2,783,704.26) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Inv #Payment Agreement Dep | Invoice | | | Advanced Electronic Security | | 0.00 | (10,000.00) | (2,793,704.26) |
| 2000 | 01/08/2024 | 01/08/2024 | 01/2024 | Check #1068 | Vendor Payment | | | Advanced Electronic Security | | 10,000.00 | 0.00 | (2,783,704.26) |
| 2000 | 01/09/2024 | 01/09/2024 | 01/2024 | Check #1069 | Vendor Payment | | | RW Electrical LLC | | 1,204.00 | 0.00 | (2,782,500.26) |
| 2000 | 01/09/2024 | 01/09/2024 | 01/2024 | Check #PD Online 1/9/24 #588849579 | Vendor Payment | | | Granite Telecommunications - 2398 | | 483.47 | 0.00 | (2,782,016.79) |
| 2000 | 01/09/2024 | 01/09/2024 | 01/2024 | Check #Pd Online 1/9/24 #588849584 | Vendor Payment | | | Granite Telecommunications-6165 | | 175.71 | 0.00 | (2,781,841.08) |
| 2000 | 01/10/2024 | 03/27/2024 | 03/2024 | Inv #116-96 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (820.00) | (2,782,661.08) |
| 2000 | 01/11/2024 | 01/11/2024 | 01/2024 | Check #1071 | Vendor Payment | | | RW Electrical LLC | | 1,230.00 | 0.00 | (2,781,431.08) |
| 2000 | 01/11/2024 | 01/11/2024 | 01/2024 | Check #1070 | Vendor Payment | | | Darin Holiday | | 604.00 | 0.00 | (2,780,827.08) |
| 2000 | 01/12/2024 | 01/12/2024 | 01/2024 | Inv #0912-ON ACCT | Invoice | GARAGE | | Campion Masonry | | 0.00 | (10,000.00) | (2,790,827.08) |
| 2000 | 01/12/2024 | 01/12/2024 | 01/2024 | Check #1072 | Vendor Payment | GARAGE | | Campion Masonry | | 10,000.00 | 0.00 | (2,780,827.08) |
| 2000 | 01/12/2024 | 01/12/2024 | 01/2024 | Check #1074 | Vendor Payment | PARK DECK 12/26-12/29/23 | | D. A. Mitchell LLC | | 3,200.00 | 0.00 | (2,777,627.08) |
| 2000 | 01/12/2024 | 01/12/2024 | 01/2024 | Check #1074 | Vendor Payment | PARKING DECK 12/20-12/21/23 | | D. A. Mitchell LLC | | 3,600.00 | 0.00 | (2,774,027.08) |
| 2000 | 01/15/2024 | 01/18/2024 | 01/2024 | Inv #24-0094 | Invoice | | | Elevator Construction & Repair | | 0.00 | (225.00) | (2,774,252.08) |
| 2000 | 01/15/2024 | 01/19/2024 | 01/2024 | Inv #351 | Invoice | Labor | | CS Contractor Corp | | 0.00 | (1,600.00) | (2,775,852.08) |
| 2000 | 01/15/2024 | 01/25/2024 | 01/2024 | Inv #24-0110 | Invoice | | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,776,095.88) |
| 2000 | 01/15/2024 | 01/25/2024 | 01/2024 | Inv #011524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (332.28) | (2,776,428.16) |
| 2000 | 01/15/2024 | 05/17/2024 | 05/2024 | Inv #0000141452 | Invoice | | | Van's Lock Shop | | 0.00 | (20.99) | (2,776,449.15) |
| 2000 | 01/16/2024 | 01/30/2024 | 02/2024 | Inv #011624 | Invoice | | | Aqua 0279893 | | 0.00 | (248.86) | (2,776,698.01) |
| 2000 | 01/16/2024 | 02/20/2024 | 02/2024 | Inv #011624 | Invoice | | | Aqua 0277244 | | 0.00 | (417.95) | (2,777,115.96) |
| 2000 | 01/16/2024 | 01/30/2024 | 05/2024 | Inv #011624 | Invoice | | | Aqua 0279895 | | 0.00 | (248.86) | (2,777,364.82) |
| 2000 | 01/16/2024 | 05/10/2024 | 05/2024 | Inv #011624 | Invoice | | | Aqua 0277390 | | 0.00 | (1,505.33) | (2,778,870.15) |
| 2000 | 01/17/2024 | 01/17/2024 | 01/2024 | Check #1075 | Vendor Payment | | | Chestnut Engineering LLC | | 700.00 | 0.00 | (2,778,170.15) |
| 2000 | 01/17/2024 | 01/29/2024 | 01/2024 | Inv #011724 | Invoice | | | Comcast 8499-10-139-0284781 | | 0.00 | (103.63) | (2,778,273.78) |
| 2000 | 01/18/2024 | 01/23/2024 | 01/2024 | Inv #-2434854 | Invoice | | | Office Basics | | 0.00 | (362.45) | (2,778,636.23) |
| 2000 | 01/19/2024 | 01/19/2024 | 01/2024 | Check #1077 | Vendor Payment | | | Soft Contractor Corp | | 2,000.00 | 0.00 | (2,776,636.23) |
| 2000 | 01/19/2024 | 01/19/2024 | 01/2024 | Check #1076 | Vendor Payment | Labor | | CS Contractor Corp | | 1,600.00 | 0.00 | (2,775,036.23) |
| 2000 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (1,926.68) | (2,776,962.91) |
| 2000 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (106.40) | (2,777,069.31) |
| 2000 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (329.46) | (2,777,398.77) |
| 2000 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (225.32) | (2,777,624.09) |
| 2000 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (440.09) | (2,778,064.18) |
| 2000 | 01/19/2024 | 01/30/2024 | 02/2024 | Inv #011924 | Invoice | | | PECO 680 OYR office (64165-22048) | | 0.00 | (75.72) | (2,778,139.90) |
| 2000 | 01/19/2024 | 01/30/2024 | 02/2024 | Inv #011924 | Invoice | | | PECO 680 OYR office 95016 | | 0.00 | (2,500.91) | (2,780,640.81) |
| 2000 | 01/19/2024 | 02/20/2024 | 02/2024 | Inv #011924 Trans Fee | Invoice | | | PECO 680 OYR office (64165-22048) | | 0.00 | (5.95) | (2,780,646.76) |
| 2000 | 01/19/2024 | 02/20/2024 | 02/2024 | Inv #011924 Trans Fee | Invoice | | | PECO 680 OYR office 95016 | | 0.00 | (5.95) | (2,780,652.71) |

GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 01/19/2024 | 01/30/2024 | 10/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,933.33) | (2,782,586.04) |
| 2000 | 01/20/2024 | 01/25/2024 | 01/2024 | Inv #0120-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (617.00) | (2,783,203.04) |
| 2000 | 01/20/2024 | 01/30/2024 | 01/2024 | Inv #012024 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (75.72) | (2,783,278.76) |
| 2000 | 01/22/2024 | 01/25/2024 | 01/2024 | Inv #353 | Invoice | Labor | | CS Contractor Corp | | 0.00 | (1,000.00) | (2,784,278.76) |
| 2000 | 01/23/2024 | 01/23/2024 | 01/2024 | Check #1078 | Vendor Payment | | | Office Basics | | 400.11 | 0.00 | (2,783,878.65) |
| 2000 | 01/23/2024 | 01/23/2024 | 01/2024 | Check #1078 | Vendor Payment | | | Office Basics | | 362.45 | 0.00 | (2,783,516.20) |
| 2000 | 01/23/2024 | 04/17/2024 | 04/2024 | Inv #012324 | Invoice | Trans Free | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (5.95) | (2,783,522.15) |
| 2000 | 01/23/2024 | 04/17/2024 | 04/2024 | Inv #012324 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (3,938.09) | (2,787,460.24) |
| 2000 | 01/24/2024 | 04/08/2024 | 01/2024 | Inv #121620 | Invoice | GARAGE | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (2,801,556.33) |
| 2000 | 01/24/2024 | 02/09/2024 | 02/2024 | Inv #-2437884 | Invoice | | | Office Basics | | 0.00 | (1,392.06) | (2,802,948.39) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1079 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (2,802,401.23) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1079 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (2,801,854.07) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1080 | Vendor Payment | | | Companion Services Group | | 1,128.90 | 0.00 | (2,800,725.17) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1080 | Vendor Payment | | | Companion Services Group | | 1,128.90 | 0.00 | (2,799,596.27) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1081 | Vendor Payment | | | Darin Holiday | | 617.00 | 0.00 | (2,798,979.27) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1087 | Vendor Payment | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | (2,797,778.27) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1086 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (2,797,670.91) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1085 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (2,797,123.75) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1084 | Vendor Payment | | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,796,879.95) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1084 | Vendor Payment | | | Elevator Construction & Repair | | 225.00 | 0.00 | (2,796,654.95) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1083 | Vendor Payment | Labor | | CS Contractor Corp | | 1,000.00 | 0.00 | (2,795,654.95) |
| 2000 | 01/25/2024 | 01/25/2024 | 01/2024 | Check #1082 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (2,791,555.40) |
| 2000 | 01/25/2024 | 02/08/2024 | 02/2024 | Inv #7305045 | Invoice | | | National Construction Rentals | | 0.00 | (159.00) | (2,791,714.40) |
| 2000 | 01/26/2024 | 01/26/2024 | 01/2024 | Inv #1/26 on a/c | Invoice | DECK/GARAGE | | Campion Masonry | | 0.00 | (7,500.00) | (2,799,214.40) |
| 2000 | 01/26/2024 | 01/26/2024 | 01/2024 | Check #1088 | Vendor Payment | DECK/GARAGE | | Campion Masonry | | 7,500.00 | 0.00 | (2,791,714.40) |
| 2000 | 01/27/2024 | 02/01/2024 | 01/2024 | Inv #1035 | Invoice | | | RW Electrical LLC | | 0.00 | (602.00) | (2,792,316.40) |
| 2000 | 01/27/2024 | 01/27/2025 | 01/2025 | Inv #REIMB SUPPL JENK EVENT 1/27/25 | Invoice | SUPPLIES-EVENT SPACE | | A & Y Construction Services LLC | | 0.00 | (109.33) | (2,792,425.73) |
| 2000 | 01/28/2024 | 02/05/2024 | 02/2024 | Inv #012824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (326.55) | (2,792,752.28) |
| 2000 | 01/29/2024 | 01/29/2024 | 01/2024 | Inv #EPOXY | Invoice | PARKING DECK/GARAGE | | Re-Steel Supply Services, Inc. | | 0.00 | (35,075.40) | (2,827,827.68) |
| 2000 | 01/29/2024 | 01/29/2024 | 01/2024 | Check #1089 | Vendor Payment | PARKING DECK/GARAGE | | Re-Steel Supply Services, Inc. | | 35,075.40 | 0.00 | (2,792,752.28) |
| 2000 | 01/29/2024 | 01/30/2024 | 01/2024 | Inv #5934 | Invoice | | | Linked Alarm LLC | | 0.00 | (1,701.00) | (2,794,453.28) |
| 2000 | 01/29/2024 | 02/01/2024 | 01/2024 | Inv #394141 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (2,794,528.28) |
| 2000 | 01/29/2024 | 02/19/2024 | 03/2024 | Inv #238606-Starbucks | Invoice | Starbucks | | Carroll Engineering Corporation | | 0.00 | (6,324.41) | (2,800,852.69) |
| 2000 | 01/30/2024 | 01/31/2024 | 01/2024 | Inv #123604369 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (35.00) | (2,800,887.69) |
| 2000 | 01/30/2024 | 02/01/2024 | 01/2024 | Inv #193604715 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,076.40) | (2,801,964.09) |
| 2000 | 01/31/2024 | 02/01/2024 | 01/2024 | Inv #240131403 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (5,500.00) | (2,807,464.09) |
| 2000 | 01/31/2024 | 02/01/2024 | 01/2024 | Inv #240131402 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (3,500.00) | (2,810,964.09) |
| 2000 | 01/31/2024 | 02/01/2024 | 01/2024 | Inv #240131401 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (3,750.00) | (2,814,714.09) |
| 2000 | 01/31/2024 | 02/05/2024 | 02/2024 | Inv #123604612 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (820.00) | (2,815,534.09) |
| 2000 | 02/01/2024 | 02/01/2024 | 02/2024 | Check #1090 | Vendor Payment | | | Sharp's Landscaping, INc. | | 2,862.38 | 0.00 | (2,812,671.71) |
| 2000 | 02/01/2024 | 02/05/2024 | 02/2024 | Inv #10192 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (2,816,771.26) |
| 2000 | 02/01/2024 | 02/08/2024 | 02/2024 | Inv #020124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (2,816,947.47) |
| 2000 | 02/01/2024 | 02/08/2024 | 02/2024 | Inv #020124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (483.47) | (2,817,430.94) |
| 2000 | 02/01/2024 | 02/13/2024 | 02/2024 | Inv #11419 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (2,817,978.10) |
| 2000 | 02/01/2024 | 02/16/2024 | 02/2024 | Inv #8852778 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (2,818,085.46) |
| 2000 | 02/02/2024 | 02/05/2024 | 02/2024 | Inv #172793357 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (2,819,286.46) |
| 2000 | 02/03/2024 | 02/09/2024 | 02/2024 | Inv #0203-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (832.00) | (2,820,118.46) |
| 2000 | 02/03/2024 | 02/09/2024 | 02/2024 | Inv #0203-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (336.00) | (2,820,454.46) |

GL Details     Case 2:25-cv-00044-GAM     Document 29-1     Filed 05/16/25     Page 101 of 118     Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Inv #0201-RGN-TFR RB | Invoice | TFR RGN 2/1 | | JENKINS COURT REALTY CO LP | | 0.00 | (30,117.77) | (2,850,572.23) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #4117 | Vendor Payment | TFR RGN 2/1 | | JENKINS COURT REALTY CO LP | | 30,117.77 | 0.00 | (2,820,454.46) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0IXCJP | Vendor Payment | | | Aqua 0277244 | | 397.02 | 0.00 | (2,820,057.44) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0IWEGM | Vendor Payment | | | Aqua 0277390 | | 2,287.62 | 0.00 | (2,817,769.82) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 1/22/24 #AQ0JAEQ2 | Vendor Payment | | | Aqua 0277244 | | 413.74 | 0.00 | (2,817,356.08) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0IWUZ2 | Vendor Payment | | | Aqua 0279893 | | 248.18 | 0.00 | (2,817,107.90) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 1/22/24 #AQ0JAKKC | Vendor Payment | | | Aqua 0277390 | | 1,573.06 | 0.00 | (2,815,534.84) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online AQ0JAKB8 | Vendor Payment | | | Aqua 0279893 | | 248.86 | 0.00 | (2,815,285.98) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online AQ0JAKB8 | Vendor Payment | | | Aqua 0279893 | | 257.25 | 0.00 | (2,815,028.73) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 2/5/24 $653.10 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 326.55 | 0.00 | (2,814,702.18) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 2/5/24 $653.10 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 326.55 | 0.00 | (2,814,375.63) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0IWUZ2 - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 0.00 | (248.18) | (2,814,623.81) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0IWUZ2 | Vendor Payment | | | Aqua 0279893 | | 246.75 | 0.00 | (2,814,377.06) |
| 2000 | 02/05/2024 | 02/05/2024 | 02/2024 | Check #PD Online 12/18/23 #AQ0IWUZ2 | Vendor Payment | | | Aqua 0279893 | | 1.43 | 0.00 | (2,814,375.63) |
| 2000 | 02/05/2024 | 02/09/2024 | 02/2024 | Inv #020524 Quote | Invoice | | | Joseph Fazzio Inc | | 0.00 | (2,873.35) | (2,817,248.98) |
| 2000 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 0.00 | (37.90) | (2,817,286.88) |
| 2000 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 0.00 | (82.29) | (2,817,369.17) |
| 2000 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (105.28) | (2,817,474.45) |
| 2000 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (143.68) | (2,817,618.13) |
| 2000 | 02/07/2024 | 02/07/2024 | 02/2024 | Inv #REIMB BULBS | Invoice | BULBS | | Jacqueline Silverman | | 0.00 | (94.12) | (2,817,712.25) |
| 2000 | 02/07/2024 | 02/07/2024 | 02/2024 | Check #1091 | Vendor Payment | BULBS | | Jacqueline Silverman | | 94.12 | 0.00 | (2,817,618.13) |
| 2000 | 02/08/2024 | 02/08/2024 | 02/2024 | Inv #1320230 | Invoice | SDS Max Drill Bits | | Joseph Fazzio Inc | | 0.00 | (682.08) | (2,818,300.21) |
| 2000 | 02/08/2024 | 02/08/2024 | 02/2024 | Check #1092 | Vendor Payment | SDS Max Drill Bits | | Joseph Fazzio Inc | | 682.08 | 0.00 | (2,817,618.13) |
| 2000 | 02/08/2024 | 02/13/2024 | 02/2024 | Inv #0000142005 | Invoice | | | Van's Lock Shop | | 0.00 | (125.93) | (2,817,744.06) |
| 2000 | 02/08/2024 | 03/01/2024 | 03/2024 | Inv #JENKINS | Invoice | | | Stephen Beer Plumbing | | 0.00 | (4,600.00) | (2,822,344.06) |
| 2000 | 02/08/2024 | 11/12/2024 | 11/2024 | Inv #Late Fee 02/08/24 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (110.06) | (2,822,454.12) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1094 | Vendor Payment | | | RW Electrical LLC | | 336.00 | 0.00 | (2,822,118.12) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1093 | Vendor Payment | | | Darin Holiday | | 832.00 | 0.00 | (2,821,286.12) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1096 | Vendor Payment | | | Joseph Fazzio Inc | | 2,873.35 | 0.00 | (2,818,412.77) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1095 | Vendor Payment | | | D. A. Mitchell LLC | | 3,750.00 | 0.00 | (2,814,662.77) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1095 | Vendor Payment | | | D. A. Mitchell LLC | | 3,500.00 | 0.00 | (2,811,162.77) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1095 | Vendor Payment | | | D. A. Mitchell LLC | | 5,500.00 | 0.00 | (2,805,662.77) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Inv #0209-ON AC-JENK | Invoice | GARAGE | | Campion Masonry | | 0.00 | (7,500.00) | (2,813,162.77) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1098 | Vendor Payment | | | Office Basics | | 1,392.06 | 0.00 | (2,811,770.71) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1097 | Vendor Payment | GARAGE | | Campion Masonry | | 7,500.00 | 0.00 | (2,804,270.71) |
| 2000 | 02/09/2024 | 02/09/2024 | 02/2024 | Check #1099 | Vendor Payment | | | RW Electrical LLC | | 602.00 | 0.00 | (2,803,668.71) |
| 2000 | 02/13/2024 | 02/15/2024 | 02/2024 | Inv #299 | Invoice | | | Henry's Paving | | 0.00 | (9,000.00) | (2,812,668.71) |
| 2000 | 02/13/2024 | 02/19/2024 | 02/2024 | Inv #021324 | Invoice | | | Aqua 0277244 | | 0.00 | (436.90) | (2,813,105.61) |
| 2000 | 02/13/2024 | 02/19/2024 | 03/2024 | Inv #021324 | Invoice | | | Aqua 0279893 | | 0.00 | (248.86) | (2,813,354.47) |
| 2000 | 02/13/2024 | 02/19/2024 | 05/2024 | Inv #021324 | Invoice | | | Aqua 0279895 | | 0.00 | (248.86) | (2,813,603.33) |
| 2000 | 02/13/2024 | 05/10/2024 | 05/2024 | Inv #021324 | Invoice | | | Aqua 0277390 | | 0.00 | (1,540.43) | (2,815,143.76) |
| 2000 | 02/14/2024 | 03/27/2024 | 02/2024 | Inv #0214-CM-JENK | Invoice | GARAGE | | Campion Masonry | | 0.00 | (2,375.00) | (2,817,518.76) |
| 2000 | 02/15/2024 | 02/23/2024 | 03/2024 | Inv #0320-004374236 | Invoice | | | Republic Services #320 | | 0.00 | (2,686.43) | (2,820,205.19) |
| 2000 | 02/15/2024 | 03/06/2024 | 03/2024 | Inv #021524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (342.28) | (2,820,547.47) |
| 2000 | 02/16/2024 | 02/16/2024 | 02/2024 | Check #1100 | Vendor Payment | PARKING GARAGE | | TB Philly, Inc | | 2,475.10 | 0.00 | (2,818,072.37) |
| 2000 | 02/16/2024 | 02/16/2024 | 02/2024 | Check #1100 | Vendor Payment | | | TB Philly, Inc | | 6,324.38 | 0.00 | (2,811,747.99) |
| 2000 | 02/16/2024 | 02/16/2024 | 02/2024 | Check #PD 17360961173 - $674.56 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 332.28 | 0.00 | (2,811,415.71) |
| 2000 | 02/16/2024 | 02/16/2024 | 02/2024 | Check #PD 17360961173 - $674.56 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 314.44 | 0.00 | (2,811,101.27) |
| 2000 | 02/16/2024 | 02/16/2024 | 02/2024 | Check #PD 17360961173 - $674.56 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 314.44 | 0.00 | (2,810,786.83) |

Appx853

GL Details    Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 02/17/2024 | 02/28/2024 | 02/2024 | Inv #021724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (113.63) | (2,810,900.46) |
| 2000 | 02/19/2024 | 02/19/2024 | 02/2024 | Check #PD Online 2/19/24 #593809075 | Vendor Payment | | | Granite Telecommunications - 2396 | | 483.47 | 0.00 | (2,810,416.99) |
| 2000 | 02/19/2024 | 02/19/2024 | 02/2024 | Check #PD Online 2/19/24 #593809079 | Vendor Payment | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | (2,810,240.78) |
| 2000 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/7/24 #3459576814 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 100.39 | 0.00 | (2,810,140.39) |
| 2000 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/7/24 #3459576814 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,311.87 | 0.00 | (2,806,828.52) |
| 2000 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/7/24 #3459576814 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 2,766.77 | 0.00 | (2,804,061.75) |
| 2000 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/6/24 #3458760618 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 5.95 | 0.00 | (2,804,055.80) |
| 2000 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/6/24 #3458760618 | Vendor Payment | | | PECO 680 OYR office (64165-22048) | | 75.72 | 0.00 | (2,803,980.08) |
| 2000 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/6/24 #3458756990 | Vendor Payment | | | PECO 680 OYR office 95016 | | 5.95 | 0.00 | (2,803,974.13) |
| 2000 | 02/20/2024 | 02/20/2024 | 02/2024 | Check #PD Online 2/6/24 #3458756990 | Vendor Payment | | | PECO 680 OYR office 95016 | | 2,500.91 | 0.00 | (2,801,473.22) |
| 2000 | 02/20/2024 | 02/21/2024 | 02/2024 | Inv #I-2454645 | Invoice | | | Office Basics | | 0.00 | (354.83) | (2,801,828.05) |
| 2000 | 02/20/2024 | 02/22/2024 | 02/2024 | Inv #0217-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (831.00) | (2,802,659.05) |
| 2000 | 02/20/2024 | 02/22/2024 | 02/2024 | Inv #0217-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (140.00) | (2,802,799.05) |
| 2000 | 02/21/2024 | 02/21/2024 | 02/2024 | Check #1101 | Vendor Payment | | | Office Basics | | 354.83 | 0.00 | (2,802,444.22) |
| 2000 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0207-CAMP-JENK | Invoice | 2/1-2/6 PARKING DECK | | Campion Masonry | | 0.00 | (6,250.00) | (2,808,694.22) |
| 2000 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0131-CAMP-JENK | Invoice | 1/25-1/31 PARKING DECK | | Campion Masonry | | 0.00 | (3,900.00) | (2,812,594.22) |
| 2000 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0124-CAMP-JENK | Invoice | 1/22-1/24 PARKING DECK | | Campion Masonry | | 0.00 | (4,625.00) | (2,817,219.22) |
| 2000 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0118-CAMP-JENK | Invoice | 01/14-01/18 PARKING DECK | | Campion Masonry | | 0.00 | (1,600.00) | (2,818,819.22) |
| 2000 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0119-CAMP-SNOW-JENK | Invoice | 01/19 SNOW REMOVAL | | Campion Masonry | | 0.00 | (750.00) | (2,819,569.22) |
| 2000 | 02/21/2024 | 02/23/2024 | 02/2024 | Inv #230578697 | Invoice | United Rentals | | Campion Masonry | | 0.00 | (1,817.48) | (2,821,386.70) |
| 2000 | 02/22/2024 | 02/22/2024 | 02/2024 | Check #1102 | Vendor Payment | | | Elevator Construction & Repair | | 406.50 | 0.00 | (2,820,980.20) |
| 2000 | 02/22/2024 | 02/22/2024 | 02/2024 | Check #1102 | Vendor Payment | | | Elevator Construction & Repair | | 233.20 | 0.00 | (2,820,747.00) |
| 2000 | 02/22/2024 | 02/22/2024 | 02/2024 | Check #1102 | Vendor Payment | | | Elevator Construction & Repair | | 233.20 | 0.00 | (2,820,513.80) |
| 2000 | 02/22/2024 | 02/23/2024 | 02/2024 | Inv #INV-19545 | Invoice | Tiny Town | | Digital Reprographics Solutions | | 0.00 | (186.67) | (2,820,700.47) |
| 2000 | 02/22/2024 | 02/28/2024 | 02/2024 | Inv #122116 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (2,834,796.56) |
| 2000 | 02/22/2024 | 03/11/2024 | 05/2024 | Inv #7335963 | Invoice | | | National Construction Rentals | | 0.00 | (159.00) | (2,834,955.56) |
| 2000 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1103 | Vendor Payment | Tiny Town | | Digital Reprographics Solutions | | 186.67 | 0.00 | (2,834,768.89) |
| 2000 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1105 | Vendor Payment | | | RW Electrical LLC | | 140.00 | 0.00 | (2,834,628.89) |
| 2000 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1104 | Vendor Payment | | | Darin Holiday | | 831.00 | 0.00 | (2,833,797.89) |
| 2000 | 02/23/2024 | 02/23/2024 | 02/2024 | Check #1106 | Vendor Payment | United Rentals | | Campion Masonry | | 1,817.48 | 0.00 | (2,831,980.41) |
| 2000 | 02/23/2024 | 03/27/2024 | 03/2024 | Inv #022324 Trans Fee and Adjustments | Invoice | | | Aqua 0277244 | | 0.00 | (3.27) | (2,831,983.68) |
| 2000 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (448.38) | (2,832,432.06) |
| 2000 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (105.23) | (2,832,537.29) |
| 2000 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (285.62) | (2,832,822.91) |
| 2000 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (286.83) | (2,833,109.74) |
| 2000 | 02/23/2024 | 06/15/2024 | 06/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (2,450.75) | (2,835,560.49) |
| 2000 | 02/23/2024 | 03/05/2024 | 08/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (75.74) | (2,835,636.23) |
| 2000 | 02/23/2024 | 03/05/2024 | 10/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,536.09) | (2,837,172.32) |
| 2000 | 02/23/2024 | 03/05/2024 | 10/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (3,938.33) | (2,841,110.65) |
| 2000 | 02/26/2024 | 02/26/2024 | 02/2024 | Inv #Q529633 | Invoice | Mount Blower Motor | | Johnstone Supply | | 0.00 | (59.40) | (2,841,170.05) |
| 2000 | 02/26/2024 | 02/26/2024 | 02/2024 | Inv #Q529633 | Invoice | Motor DD 48 FRM 1 HP | | Johnstone Supply | | 0.00 | (334.35) | (2,841,504.40) |
| 2000 | 02/26/2024 | 02/26/2024 | 02/2024 | Inv #Q529633 | Invoice | Capacitor Run Oval | | Johnstone Supply | | 0.00 | (15.65) | (2,841,520.05) |

Appx854

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 02/26/2024 | 02/26/2024 | 02/2024 | Check #1107 | Vendor Payment | Capacitor Run Oval | | Johnstone Supply | | 15.65 | 0.00 | (2,841,504.40) |
| 2000 | 02/26/2024 | 02/26/2024 | 02/2024 | Check #1107 | Vendor Payment | Motor DD 48 FRM 1 HP | | Johnstone Supply | | 334.35 | 0.00 | (2,841,170.05) |
| 2000 | 02/26/2024 | 02/26/2024 | 02/2024 | Check #1107 | Vendor Payment | Mount Blower Motor | | Johnstone Supply | | 59.40 | 0.00 | (2,841,110.65) |
| 2000 | 02/26/2024 | 03/06/2024 | 03/2024 | Inv #24-1652 | Invoice | | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,841,354.45) |
| 2000 | 02/26/2024 | 03/06/2024 | 03/2024 | Inv #395730 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (2,841,429.45) |
| 2000 | 02/28/2024 | 02/28/2024 | 02/2024 | Inv #0228-TFR | Invoice | | | JENKINS COURT REALTY CO LP | | 0.00 | (35,000.00) | (2,876,429.45) |
| 2000 | 02/28/2024 | 02/28/2024 | 02/2024 | Check #4118 | Vendor Payment | | | JENKINS COURT REALTY CO LP | | 35,000.00 | 0.00 | (2,841,429.45) |
| 2000 | 02/28/2024 | 03/11/2024 | 03/2024 | Inv #022824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (326.55) | (2,841,756.00) |
| 2000 | 02/28/2024 | 03/15/2024 | 03/2024 | Inv #0695379 | Invoice | | | Pa Dept of Labor & Industry - E | | 0.00 | (84.67) | (2,841,840.67) |
| 2000 | 02/29/2024 | 03/06/2024 | 03/2024 | Inv #123607018 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (35.00) | (2,841,875.67) |
| 2000 | 02/29/2024 | 03/06/2024 | 03/2024 | Inv #24-1994 | Invoice | | | Elevator Construction & Repair | | 0.00 | (425.00) | (2,842,300.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1108 | Vendor Payment | 01/19 SNOW REMOVAL | | Campion Masonry | | 750.00 | 0.00 | (2,841,550.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1108 | Vendor Payment | 01/14-01/18 PARKING DECK | | Campion Masonry | | 1,600.00 | 0.00 | (2,839,950.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1108 | Vendor Payment | 1/22-1/24 PARKING DECK | | Campion Masonry | | 4,625.00 | 0.00 | (2,835,325.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1108 | Vendor Payment | 1/25-1/31 PARKING DECK | | Campion Masonry | | 3,900.00 | 0.00 | (2,831,425.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1109 | Vendor Payment | PARKING DECK 12/4-12/7 | | D. A. Mitchell LLC | | 8,000.00 | 0.00 | (2,823,425.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1109 | Vendor Payment | PARKING DECK 12/12-12/14 | | D. A. Mitchell LLC | | 5,200.00 | 0.00 | (2,818,225.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1110 | Vendor Payment | | | Henry's Paving | | 3,000.00 | 0.00 | (2,815,225.67) |
| 2000 | 03/01/2024 | 03/01/2024 | 03/2024 | Check #1111 | Vendor Payment | | | Stephen Beer Plumbing | | 4,600.00 | 0.00 | (2,810,625.67) |
| 2000 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #-2461490 | Invoice | toilet seat covers | | Office Basics | | 0.00 | (53.79) | (2,810,679.46) |
| 2000 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #-2461490 | Invoice | towel paper rolls | | Office Basics | | 0.00 | (158.65) | (2,810,838.11) |
| 2000 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #-2461490 | Invoice | toilet tissue | | Office Basics | | 0.00 | (144.34) | (2,810,982.45) |
| 2000 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #-2461490 | Invoice | liner trash 65mil | | Office Basics | | 0.00 | (26.41) | (2,811,008.86) |
| 2000 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #-2461490 | Invoice | liner trash 1.5mil | | Office Basics | | 0.00 | (82.66) | (2,811,091.52) |
| 2000 | 03/01/2024 | 03/06/2024 | 03/2024 | Inv #03Q4601 | Invoice | | | Klenzoid Water Treatment | | 0.00 | (1,302.93) | (2,812,394.45) |
| 2000 | 03/01/2024 | 03/06/2024 | 03/2024 | Inv #172803646 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (2,813,595.45) |
| 2000 | 03/01/2024 | 03/06/2024 | 03/2024 | Inv #10342 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (2,817,695.00) |
| 2000 | 03/01/2024 | 03/11/2024 | 03/2024 | Inv #030124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (486.28) | (2,818,181.28) |
| 2000 | 03/01/2024 | 03/11/2024 | 03/2024 | Inv #030124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (2,818,357.49) |
| 2000 | 03/01/2024 | 03/14/2024 | 03/2024 | Inv #8900676 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (2,818,464.85) |
| 2000 | 03/01/2024 | 04/30/2024 | 04/2024 | Inv #12959 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (2,819,012.01) |
| 2000 | 03/02/2024 | 03/06/2024 | 03/2024 | Inv #0302-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (723.00) | (2,819,735.01) |
| 2000 | 03/06/2024 | 03/27/2024 | 03/2024 | Inv #Jan Trans Fee | Invoice | Transaction Fees | | Aqua 0277390 | | 0.00 | (1.95) | (2,819,736.96) |
| 2000 | 03/07/2024 | 03/07/2024 | 03/2024 | Check #1112 | Vendor Payment | liner trash 1.5mil | | Office Basics | | 82.66 | 0.00 | (2,819,654.30) |
| 2000 | 03/07/2024 | 03/07/2024 | 03/2024 | Check #1112 | Vendor Payment | liner trash 65mil | | Office Basics | | 26.41 | 0.00 | (2,819,627.89) |
| 2000 | 03/07/2024 | 03/07/2024 | 03/2024 | Check #1112 | Vendor Payment | toilet tissue | | Office Basics | | 144.34 | 0.00 | (2,819,483.55) |
| 2000 | 03/07/2024 | 03/07/2024 | 03/2024 | Check #1112 | Vendor Payment | towel paper rolls | | Office Basics | | 158.65 | 0.00 | (2,819,324.90) |
| 2000 | 03/07/2024 | 03/07/2024 | 03/2024 | Check #1112 | Vendor Payment | toilet seat covers | | Office Basics | | 53.79 | 0.00 | (2,819,271.11) |
| 2000 | 03/08/2024 | 03/08/2024 | 03/2024 | Check #1113 | Vendor Payment | | | Sharp's Landscaping, INc. | | 2,862.38 | 0.00 | (2,816,408.73) |
| 2000 | 03/08/2024 | 03/08/2024 | 03/2024 | Check #1114 | Vendor Payment | | | Darin Holiday | | 723.00 | 0.00 | (2,815,685.73) |
| 2000 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #1115 | Vendor Payment | | | Elevator Construction & Repair | | 425.00 | 0.00 | (2,815,260.73) |
| 2000 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #1115 | Vendor Payment | | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,815,016.93) |
| 2000 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #PD Online 3/11/24 #598740931 | Vendor Payment | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | (2,814,840.72) |
| 2000 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #PD Online 3/11/24 #598740927 | Vendor Payment | | | Granite Telecommunications - 2398 | | 486.28 | 0.00 | (2,814,354.44) |
| 2000 | 03/11/2024 | 03/11/2024 | 03/2024 | Check #1116 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (2,810,254.89) |
| 2000 | 03/12/2024 | 03/13/2024 | 03/2024 | Inv #489 | Invoice | Closer's for front door | | Everman Glass & Service | | 0.00 | (1,600.00) | (2,811,854.89) |
| 2000 | 03/12/2024 | 03/15/2024 | 03/2024 | Inv #123606128 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (35.00) | (2,811,889.89) |
| 2000 | 03/13/2024 | 03/13/2024 | 03/2024 | Inv #2403-265821 | Invoice | EPDM ADH Bond 1G RPI | | Stelwagon Roofing Supply Inc | | 0.00 | (92.17) | (2,811,982.06) |
| 2000 | 03/13/2024 | 03/13/2024 | 03/2024 | Inv #2403-265821 | Invoice | EPDM Primer ACTVTR | | Stelwagon Roofing Supply Inc | | 0.00 | (124.81) | (2,812,106.87) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 03/13/2024 | 03/13/2024 | 03/2024 | Check #1117 | Vendor Payment | EPDM Primer ACTVTR | | Stelwagon Roofing Supply Inc | | 124.81 | 0.00 | (2,811,982.06) |
| 2000 | 03/13/2024 | 03/13/2024 | 03/2024 | Check #1117 | Vendor Payment | EPDM ADH Bond 1G RPI | | Stelwagon Roofing Supply Inc | | 92.17 | 0.00 | (2,811,889.89) |
| 2000 | 03/14/2024 | 03/14/2024 | 03/2024 | Check #1118 | Vendor Payment | Closer's for front door | | Everman Glass & Service | | 1,600.00 | 0.00 | (2,810,289.89) |
| 2000 | 03/14/2024 | 03/25/2024 | 03/2024 | Inv #031424 | Invoice | | | Aqua 0279893 | | 0.00 | (248.86) | (2,810,538.75) |
| 2000 | 03/14/2024 | 03/27/2024 | 03/2024 | Inv #0221-CM-JENK | Invoice | GARAGE-215-221 | | Campion Masonry | | 0.00 | (7,402.50) | (2,817,941.25) |
| 2000 | 03/14/2024 | 03/27/2024 | 03/2024 | Inv #0228-CM-JENK | Invoice | GARAGE-0222-0228 | | Campion Masonry | | 0.00 | (3,172.50) | (2,821,113.75) |
| 2000 | 03/14/2024 | 03/25/2024 | 05/2024 | Inv #031424 | Invoice | | | Aqua 0279895 | | 0.00 | (248.86) | (2,821,362.61) |
| 2000 | 03/14/2024 | 05/10/2024 | 05/2024 | Inv #031424 | Invoice | | | Aqua 0277390 | | 0.00 | (1,839.49) | (2,823,202.10) |
| 2000 | 03/14/2024 | 05/10/2024 | 05/2024 | Inv #March Trans Fee | Invoice | | | Aqua 0277390 | | 0.00 | (1.95) | (2,823,204.05) |
| 2000 | 03/14/2024 | 05/13/2024 | 05/2024 | Inv #031424 | Invoice | | | Aqua 0277244 | | 0.00 | (479.59) | (2,823,683.64) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1119 | Vendor Payment | | | Henry's Paving | | 3,000.00 | 0.00 | (2,820,683.64) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1119 - Reversal | Vendor Payment Reversal | | | Henry's Paving | | 0.00 | (3,000.00) | (2,823,683.64) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1120 | Vendor Payment | | | Henry's Paving | | 3,000.00 | 0.00 | (2,820,683.64) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Inv #ON ACCT 3-15 | Invoice | GARAGE | | Campion Masonry | | 0.00 | (10,000.00) | (2,830,683.64) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1121 | Vendor Payment | GARAGE | | Campion Masonry | | 10,000.00 | 0.00 | (2,820,683.64) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1126 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (2,820,576.28) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1126 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (2,820,468.92) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1125 | Vendor Payment | | | Van's Lock Shop | | 125.93 | 0.00 | (2,820,342.99) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1124 | Vendor Payment | | | Pa Dept of Labor & Industry - E | | 84.67 | 0.00 | (2,820,258.32) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1123 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (2,819,711.16) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1123 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (2,819,164.00) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1122 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (2,819,089.00) |
| 2000 | 03/15/2024 | 03/15/2024 | 03/2024 | Check #1122 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (2,819,014.00) |
| 2000 | 03/15/2024 | 03/29/2024 | 03/2024 | Inv #0313-CM-JENK | Invoice | GARAGE 3/8-3/13 | | Campion Masonry | | 0.00 | (5,452.00) | (2,824,466.00) |
| 2000 | 03/15/2024 | 04/23/2024 | 04/2024 | Inv #031524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (332.58) | (2,824,798.58) |
| 2000 | 03/15/2024 | 03/18/2024 | 05/2024 | Inv #0320-004384859 | Invoice | | | Republic Services #320 | | 0.00 | (1,554.16) | (2,826,352.74) |
| 2000 | 03/17/2024 | 03/26/2024 | 03/2024 | Inv #031724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (113.63) | (2,826,466.37) |
| 2000 | 03/18/2024 | 03/18/2024 | 03/2024 | Check #1127 | Vendor Payment | Starbucks | | Carroll Engineering Corporation | | 2,108.14 | 0.00 | (2,824,358.23) |
| 2000 | 03/18/2024 | 03/18/2024 | 03/2024 | Check #1128 | Vendor Payment | | | Linked Alarm LLC | | 620.22 | 0.00 | (2,823,738.01) |
| 2000 | 03/18/2024 | 03/18/2024 | 03/2024 | Check #1128 | Vendor Payment | | | Linked Alarm LLC | | 643.94 | 0.00 | (2,823,094.07) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1129 | Vendor Payment | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | (2,808,997.98) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1130 | Vendor Payment | Capacitor | | Johnstone Supply | | 10.26 | 0.00 | (2,808,987.72) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1130 | Vendor Payment | Blower Housing | | Johnstone Supply | | 894.77 | 0.00 | (2,808,092.95) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1130 - Reversal | Vendor Payment Reversal | Capacitor | | Johnstone Supply | | 0.00 | (10.26) | (2,808,103.21) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1130 - Reversal | Vendor Payment Reversal | Blower Housing | | Johnstone Supply | | 0.00 | (894.77) | (2,808,997.98) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1131 | Vendor Payment | Capacitor | | Johnstone Supply | | 9.88 | 0.00 | (2,808,988.10) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1131 | Vendor Payment | Blower Motor | | Johnstone Supply | | 583.82 | 0.00 | (2,808,404.28) |
| 2000 | 03/19/2024 | 03/19/2024 | 03/2024 | Check #1131 | Vendor Payment | Blower Housing | | Johnstone Supply | | 862.67 | 0.00 | (2,807,541.61) |
| 2000 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Blower Housing | | Johnstone Supply | | 0.00 | (858.12) | (2,808,399.73) |
| 2000 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Blower Motor | | Johnstone Supply | | 0.00 | (580.73) | (2,808,980.46) |
| 2000 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Capacitor | | Johnstone Supply | | 0.00 | (9.84) | (2,808,990.30) |
| 2000 | 03/19/2024 | 03/20/2024 | 03/2024 | Inv #P5113718 | Invoice | Motor Mounting Bracket Kit | | Johnstone Supply | | 0.00 | (151.82) | (2,809,142.12) |
| 2000 | 03/19/2024 | 03/27/2024 | 03/2024 | Inv #031924 Reimbursement | Invoice | | | D. A. Mitchell LLC | | 0.00 | (501.99) | (2,809,644.11) |
| 2000 | 03/19/2024 | 05/21/2024 | 05/2024 | Inv #123608765 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (605.00) | (2,810,249.11) |
| 2000 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1131 - Reversal | Vendor Payment Reversal | Capacitor | | Johnstone Supply | | 0.00 | (9.88) | (2,810,258.99) |
| 2000 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1131 - Reversal | Vendor Payment Reversal | Blower Motor | | Johnstone Supply | | 0.00 | (583.82) | (2,810,842.81) |
| 2000 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1131 - Reversal | Vendor Payment Reversal | Blower Housing | | Johnstone Supply | | 0.00 | (862.67) | (2,811,705.48) |
| 2000 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1132 | Vendor Payment | Motor Mounting Bracket Kit | | Johnstone Supply | | 151.82 | 0.00 | (2,811,553.66) |
| 2000 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1132 | Vendor Payment | Capacitor | | Johnstone Supply | | 9.84 | 0.00 | (2,811,543.82) |
| 2000 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1132 | Vendor Payment | Blower Motor | | Johnstone Supply | | 580.73 | 0.00 | (2,810,963.09) |
| 2000 | 03/20/2024 | 03/20/2024 | 03/2024 | Check #1132 | Vendor Payment | Blower Housing | | Johnstone Supply | | 858.12 | 0.00 | (2,810,104.97) |
| 2000 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Liner Waxed Receptacle | | Office Basics | | 0.00 | (42.66) | (2,810,147.63) |
| 2000 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Afia Foam Soap Ocean Mist 6 | | Office Basics | | 0.00 | (134.73) | (2,810,282.36) |
| 2000 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (106.17) | (2,810,388.53) |
| 2000 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (144.89) | (2,810,533.42) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Liner 38x60 1.5 mil bn/bk | | Office Basics | | 0.00 | (165.96) | (2,810,699.38) |
| 2000 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #122596 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (2,824,795.47) |
| 2000 | 03/20/2024 | 03/26/2024 | 03/2024 | Inv #032024 | Invoice | | | Traffic Marking Co | | 0.00 | (1,950.00) | (2,826,745.47) |
| 2000 | 03/21/2024 | 03/21/2024 | 03/2024 | Inv #0316-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (826.00) | (2,827,571.47) |
| 2000 | 03/21/2024 | 03/21/2024 | 03/2024 | Inv #0316-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (1,160.00) | (2,828,731.47) |
| 2000 | 03/21/2024 | 04/09/2024 | 03/2024 | Inv #239361 | Invoice | TINY TOWN | | Carroll Engineering Corporation | | 0.00 | (5,632.00) | (2,834,363.47) |
| 2000 | 03/21/2024 | 04/03/2024 | 04/2024 | Inv #7367717 | Invoice | | | National Construction Rentals | | 0.00 | (159.00) | (2,834,522.47) |
| 2000 | 03/21/2024 | 04/15/2024 | 04/2024 | Inv #24949 | Invoice | JERSEY COLLEGE | | LUX Flooring Inc | | 0.00 | (39,184.23) | (2,873,706.70) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #Pd 3/22/24 Online #470187401052 | Vendor Payment | | | Republic Services #320 | | 2,686.43 | 0.00 | (2,871,020.27) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1133 | Vendor Payment | | | Darin Holiday | | 826.00 | 0.00 | (2,870,194.27) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1134 | Vendor Payment | | | RW Electrical LLC | | 1,160.00 | 0.00 | (2,869,034.27) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 1,060.00 | 0.00 | (2,867,974.27) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 69.07 | 0.00 | (2,867,905.20) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 428.18 | 0.00 | (2,867,477.02) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 336.61 | 0.00 | (2,867,140.41) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1135 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 654.04 | 0.00 | (2,866,486.37) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 101.70 | 0.00 | (2,866,384.67) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 | Vendor Payment | | | Billows Electric Supply Company Inc. | | 530.57 | 0.00 | (2,865,854.10) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 0.00 | (1,060.00) | (2,866,914.10) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 0.00 | (69.07) | (2,866,983.17) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 0.00 | (428.18) | (2,867,411.35) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 0.00 | (336.61) | (2,867,747.96) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 0.00 | (101.70) | (2,867,849.66) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1136 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 0.00 | (530.57) | (2,868,380.23) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1135 - Reversal | Vendor Payment Reversal | | | Billows Electric Supply Company Inc. | | 0.00 | (654.04) | (2,869,034.27) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Inv #032224 | Invoice | | | Campion Masonry | | 0.00 | (10,000.00) | (2,879,034.27) |
| 2000 | 03/22/2024 | 03/22/2024 | 03/2024 | Check #1137 | Vendor Payment | | | Campion Masonry | | 10,000.00 | 0.00 | (2,869,034.27) |
| 2000 | 03/22/2024 | 03/25/2024 | 03/2024 | Inv #032224-02 | Invoice | | | Campion Masonry | | 0.00 | (10,000.00) | (2,879,034.27) |
| 2000 | 03/22/2024 | 06/06/2024 | 03/2024 | Inv #24-2833 | Invoice | LUB SERV | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,879,278.07) |
| 2000 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (310.18) | (2,879,588.25) |
| 2000 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (174.69) | (2,879,762.94) |
| 2000 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (96.86) | (2,879,859.80) |
| 2000 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (200.03) | (2,880,059.83) |
| 2000 | 03/22/2024 | 03/28/2024 | 10/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (3,648.62) | (2,883,708.45) |
| 2000 | 03/22/2024 | 03/28/2024 | 11/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,090.72) | (2,884,799.17) |
| 2000 | 03/25/2024 | 03/25/2024 | 03/2024 | Inv #On Acct - Final | Invoice | | | SDS | | 0.00 | (2,849.02) | (2,887,648.19) |
| 2000 | 03/25/2024 | 03/25/2024 | 03/2024 | Check #1138 | Vendor Payment | | | Campion Masonry | | 10,000.00 | 0.00 | (2,877,648.19) |
| 2000 | 03/25/2024 | 03/25/2024 | 03/2024 | Check #1139 | Vendor Payment | | | SDS | | 2,849.02 | 0.00 | (2,874,799.17) |
| 2000 | 03/25/2024 | 03/26/2024 | 03/2024 | Inv #4423A | Invoice | | | Seacoast Mechanical | | 0.00 | (4,152.00) | (2,878,951.17) |
| 2000 | 03/25/2024 | 03/27/2024 | 03/2024 | Inv #032524 Trans Fee | Invoice | | | Aqua 0279693 | | 0.00 | (1.95) | (2,878,953.12) |
| 2000 | 03/25/2024 | 03/27/2024 | 03/2024 | Inv #Feb Trans Fee | Invoice | Transaction Fees | | Aqua 0277390 | | 0.00 | (1.95) | (2,878,955.07) |
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD 17360961173 - $674.56 - Reversal | Vendor Payment Reversal | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (332.28) | (2,879,287.35) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD 17360961173 - $674.56 - Reversal | Vendor Payment Reversal | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (314.44) | (2,879,601.79) |
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD 17360961173 - $674.56 - Reversal | Vendor Payment Reversal | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (314.44) | (2,879,916.23) |
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD 10/17/23 Online | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 314.44 | 0.00 | (2,879,601.79) |
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD Online 12/6/23 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 314.44 | 0.00 | (2,879,287.35) |
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD Online 2/ 16/24 #17360961173 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 342.28 | 0.00 | (2,878,945.07) |
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #PD Online 2/ 16/24 #17360961173 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 332.28 | 0.00 | (2,878,612.79) |
| 2000 | 03/26/2024 | 03/26/2024 | 03/2024 | Check #1140 | Vendor Payment | | | Traffic Marking Co | | 1,950.00 | 0.00 | (2,876,662.79) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #PD Online 3/ 25/24 #12440971 | Vendor Payment | | | Aqua 0279893 | | 1.95 | 0.00 | (2,876,660.84) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #PD Online 3/ 25/24 #12440971 | Vendor Payment | | | Aqua 0279893 | | 248.86 | 0.00 | (2,876,411.98) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #PD Online 3/ 25/24 #12440971 | Vendor Payment | | | Aqua 0279893 | | 248.86 | 0.00 | (2,876,163.12) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #0325202414133821 V489817 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 326.55 | 0.00 | (2,875,836.57) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #PD Online 3/ 6/24 #12139071 | Vendor Payment | Transaction Fees | | Aqua 0277390 | | 1.95 | 0.00 | (2,875,834.62) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #PD Online 3/ 6/24 #12139071 | Vendor Payment | | | Aqua 0277390 | | 1,505.33 | 0.00 | (2,874,329.29) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #Pd 3/25/24 Online #12440923 | Vendor Payment | Transaction Fees | | Aqua 0277390 | | 1.95 | 0.00 | (2,874,327.34) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #Pd 3/25/24 Online #12440923 | Vendor Payment | | | Aqua 0277390 | | 1,540.43 | 0.00 | (2,872,786.91) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1141 | Vendor Payment | | | Revolution Recovery, LLC | | 820.00 | 0.00 | (2,871,966.91) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1141 | Vendor Payment | | | Revolution Recovery, LLC | | 820.00 | 0.00 | (2,871,146.91) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1141 | Vendor Payment | | | Revolution Recovery, LLC | | 35.00 | 0.00 | (2,871,111.91) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1144 | Vendor Payment | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | (2,869,910.91) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Liner 38x60 1.5 mil bn/bk | | Office Basics | | 165.96 | 0.00 | (2,869,744.95) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 144.89 | 0.00 | (2,869,600.06) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 106.17 | 0.00 | (2,869,493.89) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Afia Foam Soap Ocean Mist 6 | | Office Basics | | 134.73 | 0.00 | (2,869,359.16) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Liner Waxed Receptacle | | Office Basics | | 42.66 | 0.00 | (2,869,316.50) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 143.68 | 0.00 | (2,869,172.82) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1142 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (2,865,073.27) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 105.28 | 0.00 | (2,864,967.99) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.29 | 0.00 | (2,864,885.70) |
| 2000 | 03/27/2024 | 03/27/2024 | 03/2024 | Check #1143 | Vendor Payment | Bags High Density 7-10 GAL | | Office Basics | | 37.90 | 0.00 | (2,864,847.80) |
| 2000 | 03/27/2024 | 03/28/2024 | 03/2024 | Inv #397448 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (2,864,922.80) |
| 2000 | 03/27/2024 | 03/28/2024 | 03/2024 | Inv #17800-23966 | Invoice | | | Green Estates Lawn Sprinklers, Inc. | | 0.00 | (846.00) | (2,865,768.80) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #PD Online 2/ 23/24 #11896820 | Vendor Payment | | | Aqua 0277244 | | 3.27 | 0.00 | (2,865,765.53) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #PD Online 2/ 23/24 #11896820 | Vendor Payment | | | Aqua 0277244 | | 436.90 | 0.00 | (2,865,328.63) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #PD Online 2/ 23/24 #11896820 | Vendor Payment | | | Aqua 0277244 | | 417.95 | 0.00 | (2,864,910.68) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104723308 $463.35 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 138.74 | 0.00 | (2,864,771.94) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104723308 $463.35 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 134.13 | 0.00 | (2,864,637.81) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104723308 $463.35 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 186.54 | 0.00 | (2,864,451.27) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #PD Online 7/ 7/23 #3104574186 $328.61 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 326.00 | 0.00 | (2,864,125.27) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104736320 | Vendor Payment | Transaction Fees | | PECO 610 OYR STE 80 (0735997000) | | 81.01 | 0.00 | (2,864,044.26) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104736320 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 267.04 | 0.00 | (2,863,777.22) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104736320 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 1,080.00 | 0.00 | (2,862,697.22) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104736320 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 230.16 | 0.00 | (2,862,467.06) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104736320 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 312.01 | 0.00 | (2,862,155.05) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3080227542 | Vendor Payment | Trans Fee | | PECO 610 OYR Hse Mtr (4964862000) | | 5.95 | 0.00 | (2,862,149.10) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3080227542 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 4,756.69 | 0.00 | (2,857,392.41) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104760964 | Vendor Payment | Trans Fee | | PECO 610 OYR Hse Mtr (4964862000) | | 5.95 | 0.00 | (2,857,386.46) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #Pd Online 7/ 7/23 #3104760964 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 4,424.85 | 0.00 | (2,852,961.61) |
| 2000 | 03/28/2024 | 03/28/2024 | 03/2024 | Check #1145 | Vendor Payment | | | Green Estates Lawn Sprinklers, Inc. | | 846.00 | 0.00 | (2,852,115.61) |
| 2000 | 03/28/2024 | 04/03/2024 | 04/2024 | Inv #123609514 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (735.00) | (2,852,850.61) |
| 2000 | 03/28/2024 | 04/11/2024 | 05/2024 | Inv #032824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (326.85) | (2,853,177.46) |
| 2000 | 03/28/2024 | 04/03/2024 | 08/2024 | Inv #032824 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (75.74) | (2,853,253.20) |
| 2000 | 03/29/2024 | 03/29/2024 | 03/2024 | Check #1146 | Vendor Payment | | | Henry's Paving | | 3,000.00 | 0.00 | (2,850,253.20) |
| 2000 | 03/29/2024 | 03/29/2024 | 03/2024 | Check #1147 | Vendor Payment | | | Linked Alarm LLC | | 1,701.00 | 0.00 | (2,848,552.20) |
| 2000 | 03/29/2024 | 03/29/2024 | 03/2024 | Inv #0320-CM-JENK | Invoice | GARAGE-3/14-3/20 | | Campion Masonry | | 0.00 | (11,209.50) | (2,859,761.70) |
| 2000 | 03/29/2024 | 03/29/2024 | 03/2024 | Check #1148 | Vendor Payment | GARAGE-PARK DECK | | Campion Masonry | | 15,000.00 | 0.00 | (2,844,761.70) |
| 2000 | 03/29/2024 | 04/01/2024 | 04/2024 | Inv #I-2478226 | Invoice | liner, waxed, receplade | | Office Basics | | 0.00 | (83.67) | (2,844,845.37) |
| 2000 | 03/29/2024 | 04/01/2024 | 04/2024 | Inv #I-2478226 | Invoice | covers, seat, toilet, halffol | | Office Basics | | 0.00 | (52.95) | (2,844,898.32) |
| 2000 | 03/29/2024 | 04/01/2024 | 04/2024 | Inv #I-2478226 | Invoice | toilet tissue, jrl, 9", 2ply, 12/ | | Office Basics | | 0.00 | (189.45) | (2,845,087.77) |
| 2000 | 03/31/2024 | 04/11/2024 | 04/2024 | Inv #INV-1008759 | Invoice | | | Hillis-Carnes Engineering Associates | | 0.00 | (3,486.25) | (2,848,574.02) |
| 2000 | 03/31/2024 | 04/11/2024 | 04/2024 | Inv #0320-004385876 | Invoice | | | Republic Services #320 | | 0.00 | (1,504.81) | (2,850,078.83) |
| 2000 | 04/01/2024 | 04/02/2024 | 04/2024 | Inv #10513 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (2,854,178.38) |
| 2000 | 04/01/2024 | 04/03/2024 | 04/2024 | Inv #14520 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (2,854,725.54) |
| 2000 | 04/01/2024 | 04/11/2024 | 04/2024 | Inv #040124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (483.24) | (2,855,208.78) |
| 2000 | 04/01/2024 | 04/11/2024 | 04/2024 | Inv #040124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (2,855,384.99) |
| 2000 | 04/01/2024 | 04/23/2024 | 04/2024 | Inv #17 | Invoice | | | Friedman Schuman ,PC, IOLTA | | 0.00 | (796.58) | (2,856,181.57) |
| 2000 | 04/01/2024 | 04/23/2024 | 04/2024 | Inv #25 | Invoice | | | Friedman Schuman ,PC, IOLTA | | 0.00 | (5,531.00) | (2,861,712.57) |
| 2000 | 04/01/2024 | 04/23/2024 | 04/2024 | Inv #8945881 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (2,861,819.93) |
| 2000 | 04/03/2024 | 06/25/2024 | 06/2024 | Inv #51232 | Invoice | | | Electronic Security Systems | | 0.00 | (871.20) | (2,862,691.13) |
| 2000 | 04/04/2024 | 04/04/2024 | 04/2024 | Inv #0330-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (784.00) | (2,863,475.13) |
| 2000 | 04/04/2024 | 04/04/2024 | 04/2024 | Inv #0330-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (420.00) | (2,863,895.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1150 | Vendor Payment | | | RW Electrical LLC | | 420.00 | 0.00 | (2,863,475.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1149 | Vendor Payment | | | Darin Holiday | | 784.00 | 0.00 | (2,862,691.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1149 - Reversal | Vendor Payment Reversal | | | Darin Holiday | | 0.00 | (784.00) | (2,863,475.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1151 | Vendor Payment | | | Darin Holiday | | 784.00 | 0.00 | (2,862,691.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1152 | Vendor Payment | Jenkins Flood | | Unlimited Restoration Specialists Inc | | 10,000.00 | 0.00 | (2,852,691.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1152 - Reversal | Vendor Payment Reversal | Jenkins Flood | | Unlimited Restoration Specialists Inc | | 0.00 | (10,000.00) | (2,862,691.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #Payment S1-22134 | Invoice | Jenkins Flood | | Unlimited Restoration Specialists Inc | | 0.00 | (10,533.59) | (2,873,224.72) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1153 | Vendor Payment | Jenkins Flood | | Unlimited Restoration Specialists Inc | | 10,533.59 | 0.00 | (2,862,691.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #0327-CAMP-JENK | Invoice | GARAGE 3/21-3/27/ 24 | | Campion Masonry | | 0.00 | (13,575.00) | (2,876,266.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #0403-CAMP-JENK | Invoice | GARAGE 3/28-4/3/24 | | Campion Masonry | | 0.00 | (2,550.00) | (2,878,816.13) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #REIMB-HILTI | Invoice | GARAGE-REIMB HILTI SUPPLIES | | Campion Masonry | | 0.00 | (1,403.48) | (2,880,219.61) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1155 | Vendor Payment | | | D. A. Mitchell LLC | | 501.99 | 0.00 | (2,879,717.62) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1154 | Vendor Payment | GARAGE 3/28-4/3/24 | | Campion Masonry | | 2,550.00 | 0.00 | (2,877,167.62) |

GL Details   Case 2:25-cv-00044-GAM   Document 29-1   Filed 05/16/25   Page 108 of 118   Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1154 | Vendor Payment | GARAGE 3/21-3/27/24 | | Campion Masonry | | 13,575.00 | 0.00 | (2,863,592.62) |
| 2000 | 04/05/2024 | 04/05/2024 | 04/2024 | Check #1156 | Vendor Payment | GARAGE-REIMB HILTI SUPPLIES | | Campion Masonry | | 1,403.48 | 0.00 | (2,862,189.14) |
| 2000 | 04/05/2024 | 04/11/2024 | 04/2024 | Inv #172804219 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (2,863,390.14) |
| 2000 | 04/05/2024 | 07/10/2024 | 07/2024 | Inv #303-0225 | Invoice | | | Green Estates Lawn Sprinklers, Inc. | | 0.00 | (1,375.00) | (2,864,765.14) |
| 2000 | 04/08/2024 | 04/08/2024 | 04/2024 | Inv #0407-SB-JENK-PKGGAR | Invoice | PARKING GARAGE | | Stephen Beer Plumbing | | 0.00 | (10,230.00) | (2,874,995.14) |
| 2000 | 04/09/2024 | 04/09/2024 | 04/2024 | Inv #10409240302 | Invoice | GARAGE | | Joseph Fazzio Inc | | 0.00 | (794.95) | (2,875,790.09) |
| 2000 | 04/09/2024 | 04/09/2024 | 04/2024 | Check #1157 | Vendor Payment | GARAGE | | Joseph Fazzio Inc | | 794.95 | 0.00 | (2,874,995.14) |
| 2000 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #-2483806 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 0.00 | (37.96) | (2,875,033.10) |
| 2000 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #-2483806 | Invoice | Liner, CR 30x36 65MIL 250/CT | | Office Basics | | 0.00 | (26.33) | (2,875,059.43) |
| 2000 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #-2483806 | Invoice | Liner 38x60 1.5 MIL BN/BK | | Office Basics | | 0.00 | (82.41) | (2,875,141.84) |
| 2000 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #-2483806 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (143.89) | (2,875,285.73) |
| 2000 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #-2483806 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (105.44) | (2,875,391.17) |
| 2000 | 04/10/2024 | 04/23/2024 | 04/2024 | Inv #866395 | Invoice | | | Pennsylvania One Call System, Inc | | 0.00 | (125.00) | (2,875,516.17) |
| 2000 | 04/11/2024 | 04/16/2024 | 04/2024 | Inv #041124 | Invoice | | | Aqua 0277390 | | 0.00 | (1,710.91) | (2,877,227.08) |
| 2000 | 04/11/2024 | 04/16/2024 | 05/2024 | Inv #041124 | Invoice | | | Aqua 0279893 | | 0.00 | (251.36) | (2,877,478.44) |
| 2000 | 04/11/2024 | 04/16/2024 | 05/2024 | Inv #041124 | Invoice | | | Aqua 0279895 | | 0.00 | (251.36) | (2,877,729.80) |
| 2000 | 04/11/2024 | 05/13/2024 | 05/2024 | Inv #041124 | Invoice | | | Aqua 0277244 | | 0.00 | (456.65) | (2,878,186.45) |
| 2000 | 04/12/2024 | 03/29/2024 | 03/2024 | Inv #032924 | Invoice | | | Linked Alarm LLC | | 0.00 | (6,446.50) | (2,884,632.95) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1158 | Vendor Payment | PARKING GARAGE | | Stephen Beer Plumbing | | 10,230.00 | 0.00 | (2,874,402.95) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1162 | Vendor Payment | | | Zoom Drain & Septic Service | | 1,076.40 | 0.00 | (2,873,326.55) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1161 | Vendor Payment | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 189.45 | 0.00 | (2,873,137.10) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1161 | Vendor Payment | covers, seat, toilet, halffol | | Office Basics | | 52.95 | 0.00 | (2,873,084.15) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1161 | Vendor Payment | liner, waxed, receptacle | | Office Basics | | 83.67 | 0.00 | (2,873,000.48) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1160 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (2,872,453.32) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1159 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (2,868,353.77) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #PD Online 4/12/24 #603684368 | Vendor Payment | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | (2,868,177.56) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #PD Online 4/12/24 #603684366 | Vendor Payment | | | Granite Telecommunications - 2398 | | 483.24 | 0.00 | (2,867,694.32) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Inv #0410-CAMP-JENK | Invoice | 4/4-4/10/2024-GARAGE-DECK | | Campion Masonry | | 0.00 | (16,600.00) | (2,884,294.32) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1163 | Vendor Payment | GARAGE-3/14-3/20 | | Campion Masonry | | 11,209.50 | 0.00 | (2,873,084.82) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1163 - Reversal | Vendor Payment Reversal | GARAGE-3/14-3/20 | | Campion Masonry | | 0.00 | (11,209.50) | (2,884,294.32) |
| 2000 | 04/12/2024 | 04/12/2024 | 04/2024 | Check #1164 | Vendor Payment | 4/4-4/10/2024-GARAGE-DECK | | Campion Masonry | | 16,600.00 | 0.00 | (2,867,694.32) |
| 2000 | 04/12/2024 | 04/15/2024 | 04/2024 | Inv #22645 | Invoice | TINY TOWN-DRAWINGS | | Digital Reprographics Solutions | | 0.00 | (814.21) | (2,868,508.53) |
| 2000 | 04/13/2024 | 07/29/2024 | 04/2024 | Inv #0413-SBG-LAB JENK | Invoice | SBG | | SBG Construction LLC | | 0.00 | (4,406.00) | (2,872,914.53) |
| 2000 | 04/15/2024 | 04/15/2024 | 04/2024 | Inv #240415417 | Invoice | GARAGE-DECK 4/9-4/11 | | D. A. Mitchell LLC | | 0.00 | (6,000.00) | (2,878,914.53) |
| 2000 | 04/15/2024 | 04/15/2024 | 04/2024 | Inv #TT-BLDG PERMIT | Invoice | TINY TOWN-BLDG PERMIT | | Jenkintown Borough | | 0.00 | (1,779.50) | (2,880,694.03) |
| 2000 | 04/15/2024 | 04/15/2024 | 04/2024 | Check #1165 | Vendor Payment | TINY TOWN-BLDG PERMIT | | Jenkintown Borough | | 1,779.50 | 0.00 | (2,878,914.53) |
| 2000 | 04/15/2024 | 04/15/2024 | 04/2024 | Payment #CONF#20240415MMQFMP5L000092 | Vendor Payment | JERSEY COLLEGE | | LUX Flooring Inc | | 39,184.23 | 0.00 | (2,839,730.30) |
| 2000 | 04/15/2024 | 04/15/2024 | 04/2024 | Check #CC-4977 | Vendor Payment | TINY TOWN-DRAWINGS | | Digital Reprographics Solutions | | 814.21 | 0.00 | (2,838,916.09) |
| 2000 | 04/15/2024 | 04/16/2024 | 04/2024 | Inv #199721237 - Tiny Town | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,942.20) | (2,840,858.29) |
| 2000 | 04/15/2024 | 04/23/2024 | 04/2024 | Inv #041524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (342.50) | (2,841,200.79) |
| 2000 | 04/16/2024 | 04/19/2024 | 04/2024 | Inv #123611253 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (40.00) | (2,841,240.79) |
| 2000 | 04/16/2024 | 04/23/2024 | 04/2024 | Inv #041624 | Invoice | | | Traffic Marking Co | | 0.00 | (3,800.00) | (2,845,040.79) |
| 2000 | 04/17/2024 | 04/30/2024 | 04/2024 | Inv #041724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (103.63) | (2,845,144.42) |
| 2000 | 04/18/2024 | 04/18/2024 | 04/2024 | Inv #0413-DH-JENK | Invoice | | | Darin Hofiday | | 0.00 | (619.00) | (2,845,763.42) |
| 2000 | 04/18/2024 | 04/18/2024 | 04/2024 | Check #1166 | Vendor Payment | | | Darin Hofiday | | 619.00 | 0.00 | (2,845,144.42) |
| 2000 | 04/18/2024 | 04/19/2024 | 04/2024 | Inv #123106 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (2,859,240.51) |
| 2000 | 04/18/2024 | 04/22/2024 | 04/2024 | Inv #185390 | Invoice | Tiny Town | | Middle Department Inspection Agency | | 0.00 | (165.00) | (2,859,405.51) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 04/18/2024 | 05/05/2024 | 05/2024 | Inv #7399746 | Invoice | | | National Construction Rentals | | 0.00 | (159.00) | (2,859,564.51) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #i-2490632 | Invoice | covers, seat,toilet,halffol | | Office Basics | | 0.00 | (54.03) | (2,859,618.54) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #i-2490632 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 0.00 | (101.11) | (2,859,719.65) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #i-2490632 | Invoice | liner 38x60 1.5 mil bn/ bk | | Office Basics | | 0.00 | (166.08) | (2,859,885.73) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #i-2490632 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 0.00 | (144.99) | (2,860,030.72) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #i-2490632 | Invoice | towel nat 600 ft 12/ct | | Office Basics | | 0.00 | (159.36) | (2,860,190.08) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #0417-CM-JENK | Invoice | GARAGE 4/11-4/17 | | Campion Masonry | | 0.00 | (12,600.00) | (2,872,790.08) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1167 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 105.44 | 0.00 | (2,872,684.64) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1167 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 143.89 | 0.00 | (2,872,540.75) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1167 | Vendor Payment | Liner 38x60 1.5 MIL BN/BK | | Office Basics | | 82.41 | 0.00 | (2,872,458.34) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1167 | Vendor Payment | Liner, CR 30x36 65MIL 250/CT | | Office Basics | | 26.33 | 0.00 | (2,872,432.01) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1167 | Vendor Payment | Bags High Density 7-10 GAL | | Office Basics | | 37.96 | 0.00 | (2,872,394.05) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1169 | Vendor Payment | GARAGE-DECK 4/ 9-4/11 | | D. A. Mitchell LLC | | 6,000.00 | 0.00 | (2,866,394.05) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Check #1168 | Vendor Payment | GARAGE 4/11-4/17 | | Campion Masonry | | 12,600.00 | 0.00 | (2,853,794.05) |
| 2000 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #0419-SB-GAR-JENK | Invoice | GARAGE 4/8-4/19 + MATL | | Stephen Beer Plumbing | | 0.00 | (9,384.00) | (2,863,178.05) |
| 2000 | 04/20/2024 | 05/10/2024 | 05/2024 | Inv #0419-SB-JENKGARAGE | Invoice | 4/8-4/19 GARAGE | | Stephen Beer Plumbing | | 0.00 | (9,384.00) | (2,872,562.05) |
| 2000 | 04/22/2024 | 04/22/2024 | 04/2024 | Check #1170 | Vendor Payment | Tiny Town | | Middle Department Inspection Agency | | 165.00 | 0.00 | (2,872,397.05) |
| 2000 | 04/22/2024 | 04/23/2024 | 04/2024 | Inv #6786 - Tiny Town | Invoice | | | SE2 Engineering, LLC | | 0.00 | (3,000.00) | (2,875,397.05) |
| 2000 | 04/22/2024 | 06/15/2024 | 06/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (999.74) | (2,876,396.79) |
| 2000 | 04/22/2024 | 04/26/2024 | 07/2024 | Inv #042224 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (293.81) | (2,876,690.60) |
| 2000 | 04/22/2024 | 04/26/2024 | 08/2024 | Inv #042224 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (188.25) | (2,876,878.85) |
| 2000 | 04/22/2024 | 04/26/2024 | 08/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (179.57) | (2,877,058.42) |
| 2000 | 04/22/2024 | 04/26/2024 | 10/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (4,517.58) | (2,881,576.00) |
| 2000 | 04/22/2024 | 04/26/2024 | 10/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,252.91) | (2,882,828.91) |
| 2000 | 04/22/2024 | 04/26/2024 | 10/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (84.30) | (2,882,913.21) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #1171 | Vendor Payment | | | Klenzoid Water Treatment | | 1,302.93 | 0.00 | (2,881,610.28) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #1172 | Vendor Payment | | | Traffic Marking Co | | 3,800.00 | 0.00 | (2,877,810.28) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #1173 | Vendor Payment | | | Pennsylvania One Call System, Inc | | 125.00 | 0.00 | (2,877,685.28) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591144366 + $5.95 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 310.18 | 0.00 | (2,877,375.10) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591144366 + $5.95 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 448.38 | 0.00 | (2,876,926.72) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591157556 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,744.77 | 0.00 | (2,875,181.95) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591121104 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 96.86 | 0.00 | (2,875,085.09) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591121104 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 105.23 | 0.00 | (2,874,979.86) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591299744 | Vendor Payment | Trans Free | | PECO 610 OYR Hse Mtr (4964862000) | | 5.95 | 0.00 | (2,874,973.91) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591299744 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,938.09 | 0.00 | (2,871,035.82) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591229450 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 174.69 | 0.00 | (2,870,861.13) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #3591229450 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 285.62 | 0.00 | (2,870,575.51) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online #3591284400 + $5.95 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 200.03 | 0.00 | (2,870,375.48) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online #3591284400 + $5.95 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 286.83 | 0.00 | (2,870,088.65) |
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/ 17/24 #17808869633 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 342.50 | 0.00 | (2,869,746.15) |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 110 of 118    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 04/23/2024 | 04/23/2024 | 04/2024 | Check #PD Online 4/17/24 #17808869633 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 332.58 | 0.00 | (2,869,413.57) |
| 2000 | 04/23/2024 | 04/26/2024 | 04/2024 | Inv #123611858 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (35.00) | (2,869,448.57) |
| 2000 | 04/23/2024 | 09/04/2024 | 09/2024 | Inv #398845 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (2,869,523.57) |
| 2000 | 04/24/2024 | 06/06/2024 | 04/2024 | Inv #24-4156 | Invoice | LUB SERV | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,869,767.37) |
| 2000 | 04/25/2024 | 04/26/2024 | 04/2024 | Inv #240425419 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (4,000.00) | (2,873,767.37) |
| 2000 | 04/26/2024 | 04/26/2024 | 04/2024 | Inv #0426-CM-JJENK | Invoice | Garage 4/18 -4/15 | | Campion Masonry | | 0.00 | (15,000.00) | (2,888,767.37) |
| 2000 | 04/26/2024 | 04/26/2024 | 04/2024 | Check #1174 | Vendor Payment | Garage 4/18 -4/15 | | Campion Masonry | | 15,000.00 | 0.00 | (2,873,767.37) |
| 2000 | 04/26/2024 | 04/26/2024 | 04/2024 | Check #1175 | Vendor Payment | | | D. A. Mitchell LLC | | 4,000.00 | 0.00 | (2,869,767.37) |
| 2000 | 04/26/2024 | 07/15/2024 | 07/2024 | Inv #6796 | Invoice | | | SE2 Engineering, LLC | | 0.00 | (1,000.00) | (2,870,767.37) |
| 2000 | 04/26/2024 | 05/02/2024 | 08/2024 | Inv #042624 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (75.94) | (2,870,843.31) |
| 2000 | 04/28/2024 | 05/03/2024 | 05/2024 | Inv #042824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (326.85) | (2,871,170.16) |
| 2000 | 04/29/2024 | 04/30/2024 | 04/2024 | Inv #I-2495322 | Invoice | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 0.00 | (184.80) | (2,871,354.96) |
| 2000 | 04/30/2024 | 05/02/2024 | 05/2024 | Inv #24-4327 | Invoice | | | Elevator Construction & Repair | | 0.00 | (425.00) | (2,871,779.96) |
| 2000 | 04/30/2024 | 05/09/2024 | 05/2024 | Inv #24-4515 | Invoice | | | Elevator Construction & Repair | | 0.00 | (320.00) | (2,872,099.96) |
| 2000 | 04/30/2024 | 05/10/2024 | 05/2024 | Inv #INV-1010455 | Invoice | | | Hillis-Carnes Engineering Associates | | 0.00 | (4,593.00) | (2,876,692.96) |
| 2000 | 04/30/2024 | 05/13/2024 | 05/2024 | Inv #429970 | Invoice | | | Bowman | | 0.00 | (660.00) | (2,877,352.96) |
| 2000 | 04/30/2024 | 05/24/2024 | 05/2024 | Inv #13038 | Invoice | | | JKR Partners LLC | | 0.00 | (7,200.00) | (2,884,552.96) |
| 2000 | 04/30/2024 | 07/24/2024 | 07/2024 | Inv #123612732 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (855.00) | (2,885,407.96) |
| 2000 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #10644 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (2,889,507.51) |
| 2000 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #16896 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (2,890,054.67) |
| 2000 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #0427-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (224.00) | (2,890,278.67) |
| 2000 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #0427-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (704.00) | (2,890,982.67) |
| 2000 | 05/01/2024 | 05/20/2024 | 05/2024 | Inv #8994159 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (2,891,090.03) |
| 2000 | 05/01/2024 | 05/09/2024 | 07/2024 | Inv #050124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (483.27) | (2,891,573.30) |
| 2000 | 05/01/2024 | 05/09/2024 | 07/2024 | Inv #050124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (2,891,749.51) |
| 2000 | 05/02/2024 | 05/02/2024 | 05/2024 | Check #1176 | Vendor Payment | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | (2,890,548.51) |
| 2000 | 05/02/2024 | 05/02/2024 | 05/2024 | Check #1176 | Vendor Payment | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | (2,889,347.51) |
| 2000 | 05/02/2024 | 05/03/2024 | 05/2024 | Inv #P240019 | Invoice | | | Viva Environmental,Health & Safety LLC | | 0.00 | (1,480.00) | (2,890,827.51) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1179 | Vendor Payment | | | RW Electrical LLC | | 224.00 | 0.00 | (2,890,603.51) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1178 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 184.80 | 0.00 | (2,890,418.71) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1178 | Vendor Payment | towel nat 600 ft 12/ct | | Office Basics | | 159.36 | 0.00 | (2,890,259.35) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1178 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 144.99 | 0.00 | (2,890,114.36) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1178 | Vendor Payment | liner 38x60 1.5 mil bn/bk | | Office Basics | | 166.08 | 0.00 | (2,889,948.28) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1178 | Vendor Payment | afia foam soap ocean mist 6 | | Office Basics | | 101.11 | 0.00 | (2,889,847.17) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1178 | Vendor Payment | covers, seat,toilet,halffol | | Office Basics | | 54.03 | 0.00 | (2,889,793.14) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1177 | Vendor Payment | | | Darin Holiday | | 704.00 | 0.00 | (2,889,089.14) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #PD Online 4/3/24 WEMPMT000071432 0 | Vendor Payment | | | National Construction Rentals | | 159.00 | 0.00 | (2,888,930.14) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #0502202410304263 V072747 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 326.85 | 0.00 | (2,888,603.29) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #0502202410304263 V072747 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 326.85 | 0.00 | (2,888,276.44) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Inv #0501-CAMP-JENK | Invoice | 4/25-5/1/24 GARAGE/DECK | | Campion Masonry | | 0.00 | (20,215.00) | (2,908,491.44) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #1180 | Vendor Payment | 4/25-5/1/24 GARAGE/DECK | | Campion Masonry | | 20,215.00 | 0.00 | (2,888,276.44) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #PD Online 3/25/24 #12240947 $1.95 | Vendor Payment | | | Aqua 0279895 | | 248.86 | 0.00 | (2,888,027.58) |
| 2000 | 05/03/2024 | 05/03/2024 | 05/2024 | Check #PD Online 3/25/24 #12240947 $1.95 | Vendor Payment | | | Aqua 0279895 | | 248.86 | 0.00 | (2,887,778.72) |
| 2000 | 05/03/2024 | 05/05/2024 | 05/2024 | Inv #I-2498646 | Invoice | refill, lifescentpdsret ,6.17oz | | Office Basics | | 0.00 | (62.46) | (2,887,841.18) |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 111 of 118    Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 05/03/2024 | 05/05/2024 | 05/2024 | Inv #I-2498646 | Invoice | refil, fresh linen 6.17oz | | Office Basics | | 0.00 | (62.46) | (2,887,903.64) |
| 2000 | 05/03/2024 | 05/05/2024 | 05/2024 | Inv #I-2498646 | Invoice | refil lifescent sumdel 6.17oz | | Office Basics | | 0.00 | (62.45) | (2,887,966.09) |
| 2000 | 05/03/2024 | 05/07/2024 | 05/2024 | Inv #200627801 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (2,889,167.09) |
| 2000 | 05/03/2024 | 07/23/2024 | 07/2024 | Inv #4955 | Invoice | | | SDS | | 0.00 | (2,030.14) | (2,891,197.23) |
| 2000 | 05/03/2024 | 07/30/2024 | 07/2024 | Inv #233418972-001 | Invoice | | | United Rentals | | 0.00 | (2,562.18) | (2,893,759.41) |
| 2000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD Online 7/24/2023 #AQ0HJ4LR $487.72 - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (242.86) | (2,894,002.27) |
| 2000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD Online 7/24/2023 #AQ0HJ4LR $487.72 - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (243.40) | (2,894,245.67) |
| 2000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYLMI - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (243.40) | (2,894,489.07) |
| 2000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYLMI - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (243.40) | (2,894,732.47) |
| 2000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYLMI - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (264.40) | (2,894,996.87) |
| 2000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYLMI - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (243.40) | (2,895,240.27) |
| 2000 | 05/06/2024 | 05/06/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYLMI - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (498.45) | (2,895,738.72) |
| 2000 | 05/06/2024 | 05/10/2024 | 05/2024 | Inv #392 | Invoice | | | CS Contractor Corp | | 0.00 | (3,000.00) | (2,898,738.72) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Inv #3568 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 0.00 | (1,050.00) | (2,899,788.72) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 11/17/22 $243.30 | Vendor Payment | | | Aqua 0279895 | | 243.40 | 0.00 | (2,899,545.32) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 1/20/23 $243.40 | Vendor Payment | | | Aqua 0279895 | | 243.40 | 0.00 | (2,899,301.92) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 2/24/23 $263.86 | Vendor Payment | | | Aqua 0279895 | | 264.40 | 0.00 | (2,899,037.52) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0H8M75 - Reversal | Vendor Payment Reversal | | | Aqua 0279895 | | 0.00 | (242.86) | (2,899,280.38) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 3/21/23 $486.26 | Vendor Payment | | | Aqua 0279895 | | 242.86 | 0.00 | (2,899,037.52) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 3/21/23 $486.26 | Vendor Payment | | | Aqua 0279895 | | 243.40 | 0.00 | (2,898,794.12) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 5/26/23 #AQ0GYLMI | Vendor Payment | | | Aqua 0279895 | | 242.32 | 0.00 | (2,898,551.80) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0H8M75 | Vendor Payment | | | Aqua 0279895 | | 242.86 | 0.00 | (2,898,308.94) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #1181 | Vendor Payment | | | Linked Alarm LLC | | 2,000.00 | 0.00 | (2,896,308.94) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 7/24/23 AQ0HJ4LR | Vendor Payment | | | Aqua 0279895 | | 244.32 | 0.00 | (2,896,064.62) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 7/24/23 AQ0HJ4LR | Vendor Payment | | | Aqua 0279895 | | 242.86 | 0.00 | (2,895,821.76) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 7/24/23 AQ0HJ4LR | Vendor Payment | | | Aqua 0279895 | | 0.54 | 0.00 | (2,895,821.22) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 9/22/23 $244.32 | Vendor Payment | | | Aqua 0279895 | | 244.32 | 0.00 | (2,895,576.90) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 10/25/23 #AQ0IEV86 | Vendor Payment | | | Aqua 0279895 | | 246.75 | 0.00 | (2,895,330.15) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 10/25/23 #AQ0IEV86 | Vendor Payment | | | Aqua 0279895 | | 244.32 | 0.00 | (2,895,085.83) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD 12/18/23 #AQ0IWZQF | Vendor Payment | | | Aqua 0279895 | | 246.75 | 0.00 | (2,894,839.08) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 1/22/24 #AQ0JAPZX | Vendor Payment | | | Aqua 0279895 | | 248.86 | 0.00 | (2,894,590.22) |
| 2000 | 05/07/2024 | 05/07/2024 | 05/2024 | Check #PD Online 1/22/24 #AQ0JAPZX | Vendor Payment | | | Aqua 0279895 | | 267.75 | 0.00 | (2,894,322.47) |
| 2000 | 05/07/2024 | 05/09/2024 | 05/2024 | Inv #26321 | Invoice | JERSEY COLLEGE | | LUX Flooring Inc | | 0.00 | (4,379.90) | (2,898,702.37) |
| 2000 | 05/08/2024 | 05/09/2024 | 05/2024 | Payment #CONF# 20240506MMQFMP5 L000050 | Vendor Payment | JERSEY COLLEGE | | LUX Flooring Inc | | 4,379.90 | 0.00 | (2,894,322.47) |
| 2000 | 05/08/2024 | 07/30/2024 | 07/2024 | Inv #233615580-001 | Invoice | | | United Rentals | | 0.00 | (1,552.06) | (2,895,874.53) |
| 2000 | 05/09/2024 | 05/09/2024 | 05/2024 | Inv #409 | Invoice | | | America Heating and Air | | 0.00 | (1,000.00) | (2,896,874.53) |
| 2000 | 05/09/2024 | 05/09/2024 | 05/2024 | Inv #EPOXY-500PCS 5-9-24 | Invoice | GARAGE-DECK | | Re-Steel Supply Services, Inc. | | 0.00 | (11,622.90) | (2,908,497.43) |
| 2000 | 05/09/2024 | 05/09/2024 | 05/2024 | Check #1182 | Vendor Payment | GARAGE-DECK | | Re-Steel Supply Services, Inc. | | 11,622.90 | 0.00 | (2,896,874.53) |
| 2000 | 05/09/2024 | 05/09/2024 | 05/2024 | Check #PD Online 5/9/24 #475327828052 | Vendor Payment | | | Republic Services #320 | | 1,554.16 | 0.00 | (2,895,320.37) |
| 2000 | 05/09/2024 | 05/09/2024 | 05/2024 | Check #Pd Online 1/9/24 #462709301052 | Vendor Payment | | | Republic Services #320 | | 1,568.96 | 0.00 | (2,893,751.41) |
| 2000 | 05/09/2024 | 05/10/2024 | 05/2024 | Inv #0509-SB-4/22 JENKGARAGE | Invoice | GARAGE | | Stephen Beer Plumbing | | 0.00 | (1,040.00) | (2,894,791.41) |
| 2000 | 05/09/2024 | 05/17/2024 | 05/2024 | Inv #123613254 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (820.00) | (2,895,611.41) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 10/24/22 $3202.58 | Vendor Payment | | | Aqua 0277390 | | 3,202.58 | 0.00 | (2,892,408.83) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYP2A - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (2,661.07) | (2,895,069.90) |

GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT

GL Details    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYP2A - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (2,330.04) | (2,897,399.94) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYP2A - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (2,258.81) | (2,899,658.75) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYP2A - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (2,791.85) | (2,902,450.60) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYP2A - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (4,301.34) | (2,906,751.94) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1183 | Vendor Payment | 4/8-4/19 GARAGE | | Stephen Beer Plumbing | | 9,384.00 | 0.00 | (2,897,367.94) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1183 | Vendor Payment | GARAGE | | Stephen Beer Plumbing | | 1,040.00 | 0.00 | (2,896,327.94) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1184 | Vendor Payment | | | CS Contractor Corp | | 3,000.00 | 0.00 | (2,893,327.94) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #10621090 PD 12-26-22 - Reversal | Vendor Payment Reversal | Water | | Aqua 0277390 | | 0.00 | (2,034.64) | (2,895,362.58) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #10621090 PD 12-26-22 | Vendor Payment | | | Aqua 0277390 | | 2,034.64 | 0.00 | (2,893,327.94) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD 1/20/23 $2791.85 | Vendor Payment | | | Aqua 0277390 | | 2,791.85 | 0.00 | (2,890,536.09) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0H8OWH $1997.21 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (2,005.14) | (2,892,541.23) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 10/25/23 #AQ0ID6C2 $2,572.98 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (2,575.25) | (2,895,116.48) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/6/24 #12139071 - Reversal | Vendor Payment Reversal | Transaction Fees | | Aqua 0277390 | | 0.00 | (1.95) | (2,895,118.43) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/6/24 #12139071 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (1,505.33) | (2,896,623.76) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #Pd 3/25/24 Online #12440923 - Reversal | Vendor Payment Reversal | Transaction Fees | | Aqua 0277390 | | 0.00 | (1.95) | (2,896,625.71) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #Pd 3/25/24 Online #12440923 - Reversal | Vendor Payment Reversal | | | Aqua 0277390 | | 0.00 | (1,540.43) | (2,898,166.14) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 2/24/23 $2,253.68 | Vendor Payment | | | Aqua 0277390 | | 2,253.68 | 0.00 | (2,895,912.46) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/21/23 $4,985.26 | Vendor Payment | | | Aqua 0277390 | | 2,655.22 | 0.00 | (2,893,257.24) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/21/23 $4,985.26 | Vendor Payment | | | Aqua 0277390 | | 2,330.04 | 0.00 | (2,890,927.20) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 5/26/23 #AQ0GYP2A | Vendor Payment | | | Aqua 0277390 | | 2,790.48 | 0.00 | (2,888,136.72) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 6/22/23 #AQ0N8OWH | Vendor Payment | | | Aqua 0277390 | | 1,997.21 | 0.00 | (2,886,139.51) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #0508-CAMP-JENK | Invoice | 5/2-5/8 GARAGE-DECK | | Campion Masonry | | 0.00 | (16,360.00) | (2,902,499.51) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 8/25/23 #AQ0HTTYL | Vendor Payment | | | Aqua 0277390 | | 3,506.07 | 0.00 | (2,898,993.44) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1185 | Vendor Payment | 5/2-5/8 GARAGE-DECK | | Campion Masonry | | 16,360.00 | 0.00 | (2,882,633.44) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 9/22/23 $3,254.68 | Vendor Payment | | | Aqua 0277390 | | 3,254.68 | 0.00 | (2,879,378.76) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 10/25/23 #AQ0ID6CZ | Vendor Payment | | | Aqua 0277390 | | 2,575.98 | 0.00 | (2,876,802.78) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/6/24 #12139071 | Vendor Payment | Transaction Fees | | Aqua 0277390 | | 1.95 | 0.00 | (2,876,800.83) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/6/24 #12139071 | Vendor Payment | | | Aqua 0277390 | | 1,505.33 | 0.00 | (2,875,295.50) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/25/24 #12440923 | Vendor Payment | Transaction Fees | | Aqua 0277390 | | 1.95 | 0.00 | (2,875,293.55) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 3/25/24 #12440923 | Vendor Payment | | | Aqua 0277390 | | 1,540.43 | 0.00 | (2,873,753.12) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #1186 | Vendor Payment | | | Viva Environmental,Health & Safety LLC | | 1,480.00 | 0.00 | (2,872,273.12) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 4/17/24 #12890660 | Vendor Payment | | | Aqua 0277390 | | 1.95 | 0.00 | (2,872,271.17) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Check #PD Online 4/17/24 #12890660 | Vendor Payment | | | Aqua 0277390 | | 1,839.49 | 0.00 | (2,870,431.68) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #-2503033 | Invoice | liner 38x60 1.5 mil bn/bk | | Office Basics | | 0.00 | (82.87) | (2,870,514.55) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #-2503033 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (144.69) | (2,870,659.24) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #-2503033 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (159.04) | (2,870,818.28) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #-2503033 | Invoice | covers, seat,toilet,halfiol | | Office Basics | | 0.00 | (53.92) | (2,870,872.20) |
| 2000 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #-2503033 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 0.00 | (100.91) | (2,870,973.11) |
| 2000 | 05/11/2024 | 05/14/2024 | 05/2024 | Inv #0511-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (2,037.00) | (2,873,010.11) |
| 2000 | 05/11/2024 | 05/14/2024 | 05/2024 | Inv #0511-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (784.00) | (2,873,794.11) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 0.00 | (606.44) | (2,874,400.55) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 0.00 | (905.77) | (2,875,306.32) |

GL Details    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 0.00 | (476.58) | (2,875,782.90) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 0.00 | (480.27) | (2,876,263.17) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 0.00 | (456.88) | (2,876,720.05) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD 5/26/2023 #AQ0GYMRS - Reversal | Vendor Payment Reversal | | | Aqua 0277244 | | 0.00 | (618.98) | (2,877,339.03) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 4/18/22 $593.59 | Vendor Payment | Water | | Aqua 0277244 | | 336.56 | 0.00 | (2,877,002.47) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 4/18/22 $593.59 | Vendor Payment | Water | | Aqua 0277244 | | 257.03 | 0.00 | (2,876,745.44) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 7/18/22 $166.08 | Vendor Payment | Water | | Aqua 0277244 | | 166.08 | 0.00 | (2,876,579.36) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 8/17/22 $992.57 | Vendor Payment | | | Aqua 0277244 | | 453.18 | 0.00 | (2,876,126.18) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 8/17/22 $992.57 | Vendor Payment | Water | | Aqua 0277244 | | 539.39 | 0.00 | (2,875,586.79) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 10/24/22 $476.58 | Vendor Payment | | | Aqua 0277244 | | 476.58 | 0.00 | (2,875,110.21) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #10621231 PD 12-26-22 - Reversal | Vendor Payment Reversal | Water | | Aqua 0277244 | | 0.00 | (508.01) | (2,875,618.22) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #10621231 PD 12-26-22 | Vendor Payment | | | Aqua 0277244 | | 508.01 | 0.00 | (2,875,110.21) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 1/20/23 $606.44 | Vendor Payment | | | Aqua 0277244 | | 606.44 | 0.00 | (2,874,503.77) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 2/24/23 $617.97 | Vendor Payment | | | Aqua 0277244 | | 617.97 | 0.00 | (2,873,885.80) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 3/21/23 $936.09 | Vendor Payment | | | Aqua 0277244 | | 480.27 | 0.00 | (2,873,405.53) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 3/21/23 $936.09 | Vendor Payment | | | Aqua 0277244 | | 455.82 | 0.00 | (2,872,949.71) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 8/28/23 $414.52 | Vendor Payment | | | Aqua 0277244 | | 414.52 | 0.00 | (2,872,535.19) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 9/22/23 $376.62 | Vendor Payment | | | Aqua 0277244 | | 376.62 | 0.00 | (2,872,158.57) |
| 2000 | 05/13/2024 | 05/13/2024 | 05/2024 | Check #PD Online 4/17/24 #12888801+ $1.95 | Vendor Payment | | | Aqua 0277244 | | 479.59 | 0.00 | (2,871,678.98) |
| 2000 | 05/13/2024 | 05/20/2024 | 05/2024 | Inv #393 | Invoice | | | CS Contractor Corp | | 0.00 | (6,000.00) | (2,877,678.98) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1188 | Vendor Payment | | | RW Electrical LLC | | 2,037.00 | 0.00 | (2,875,641.98) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1187 | Vendor Payment | | | Darin Holiday | | 784.00 | 0.00 | (2,874,857.98) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 159.04 | 0.00 | (2,874,698.94) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 144.69 | 0.00 | (2,874,554.25) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | liner 38x60 1.5 mil bn/bk | | Office Basics | | 82.87 | 0.00 | (2,874,471.38) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | afia foam soap ocean mist 6 | | Office Basics | | 100.91 | 0.00 | (2,874,370.47) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | covers, seat,toilet,halffol | | Office Basics | | 53.92 | 0.00 | (2,874,316.55) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | refill lifescent sumdel 6.17oz | | Office Basics | | 62.45 | 0.00 | (2,874,254.10) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | refill, fresh linen 6.17oz | | Office Basics | | 62.46 | 0.00 | (2,874,191.64) |
| 2000 | 05/14/2024 | 05/14/2024 | 05/2024 | Check #1189 | Vendor Payment | refill, lifescentpdsret ,6.17oz | | Office Basics | | 62.46 | 0.00 | (2,874,129.18) |
| 2000 | 05/14/2024 | 05/24/2024 | 05/2024 | Inv #051424 | Invoice | | | Aqua 0277244 | | 0.00 | (641.04) | (2,874,770.22) |
| 2000 | 05/14/2024 | 05/24/2024 | 05/2024 | Inv #051424 | Invoice | | | Aqua 0277390 | | 0.00 | (2,289.12) | (2,877,059.34) |
| 2000 | 05/14/2024 | 05/24/2024 | 07/2024 | Inv #051424 | Invoice | | | Aqua 0279893 | | 0.00 | (251.36) | (2,877,310.70) |
| 2000 | 05/14/2024 | 05/24/2024 | 07/2024 | Inv #051424 | Invoice | | | Aqua 0279895 | | 0.00 | (251.36) | (2,877,562.06) |
| 2000 | 05/15/2024 | 05/20/2024 | 05/2024 | Inv #240515423 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (7,300.00) | (2,884,862.06) |
| 2000 | 05/15/2024 | 06/11/2024 | 07/2024 | Inv #0320-004409116 | Invoice | | | Republic Services #320 | | 0.00 | (1,881.16) | (2,886,743.22) |
| 2000 | 05/15/2024 | 06/12/2024 | 07/2024 | Inv #051524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (357.50) | (2,887,100.72) |
| 2000 | 05/16/2024 | 05/16/2024 | 05/2024 | Inv #123665 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (2,901,196.81) |
| 2000 | 05/16/2024 | 05/17/2024 | 05/2024 | Inv #6505 | Invoice | | | Linked Alarm LLC | | 0.00 | (300.00) | (2,901,496.81) |
| 2000 | 05/16/2024 | 05/17/2024 | 05/2024 | Inv #6509 | Invoice | | | Linked Alarm LLC | | 0.00 | (300.00) | (2,901,796.81) |
| 2000 | 05/16/2024 | 05/20/2024 | 05/2024 | Inv #123613718 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (820.00) | (2,902,616.81) |
| 2000 | 05/16/2024 | 05/30/2024 | 05/2024 | Inv #7432205 | Invoice | | | National Construction Rentals | | 0.00 | (159.00) | (2,902,775.81) |
| 2000 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #1190 | Vendor Payment | | | Hills-Carnes Engineering Associates | | 960.00 | 0.00 | (2,901,815.81) |
| 2000 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #Pd Online 5/17/24 #13450229 +$1.95 fee | Vendor Payment | | | Aqua 0279895 | | 251.36 | 0.00 | (2,901,564.45) |
| 2000 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #PD Online 5/14/24 #13450159 $1718.00 | Vendor Payment | | | Aqua 0277390 | | 1,710.91 | 0.00 | (2,899,853.54) |

Appx865

GL Details    **Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 114 of 118** Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #Pd Online 5/ 17/24 #13450125 $253.31 | Vendor Payment | | | Aqua 0279893 | | 251.36 | 0.00 | (2,899,602.18) |
| 2000 | 05/17/2024 | 05/17/2024 | 05/2024 | Inv #0517-CAMP-JENK | Invoice | Garage - Deck | | Campion Masonry | | 0.00 | (13,675.00) | (2,913,277.18) |
| 2000 | 05/17/2024 | 05/17/2024 | 05/2024 | Check #1191 | Vendor Payment | Garage - Deck | | Campion Masonry | | 13,675.00 | 0.00 | (2,899,602.18) |
| 2000 | 05/17/2024 | 05/20/2024 | 05/2024 | Inv #0517-SB-JENKGARAGE | Invoice | 5/16 & 5/17 Jenkins Garage | | Stephen Beer Plumbing | | 0.00 | (1,950.00) | (2,901,552.18) |
| 2000 | 05/17/2024 | 05/30/2024 | 05/2024 | Inv #051724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (103.63) | (2,901,655.81) |
| 2000 | 05/17/2024 | 06/06/2024 | 05/2024 | Inv #24-5260 | Invoice | LUB SERV | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,901,899.61) |
| 2000 | 05/17/2024 | 07/30/2024 | 07/2024 | Inv #233360997-003 | Invoice | | | United Rentals | | 0.00 | (2,513.47) | (2,904,413.08) |
| 2000 | 05/17/2024 | 07/30/2024 | 07/2024 | Inv #233247452-002 | Invoice | | | United Rentals | | 0.00 | (3,559.48) | (2,907,972.56) |
| 2000 | 05/20/2024 | 05/20/2024 | 05/2024 | Check #1192 | Vendor Payment | 5/16 & 5/17 Jenkins Garage | | Stephen Beer Plumbing | | 1,950.00 | 0.00 | (2,906,022.56) |
| 2000 | 05/21/2024 | 05/21/2024 | 05/2024 | Check #1193 | Vendor Payment | | | Revolution Recovery, LLC | | 605.00 | 0.00 | (2,905,417.56) |
| 2000 | 05/21/2024 | 05/21/2024 | 05/2024 | Check #1193 | Vendor Payment | | | Revolution Recovery, LLC | | 35.00 | 0.00 | (2,905,382.56) |
| 2000 | 05/21/2024 | 05/21/2024 | 05/2024 | Check #1193 | Vendor Payment | | | Revolution Recovery, LLC | | 35.00 | 0.00 | (2,905,347.56) |
| 2000 | 05/21/2024 | 06/19/2024 | 07/2024 | Inv #052124 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (234.70) | (2,905,582.26) |
| 2000 | 05/21/2024 | 05/30/2024 | 08/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (163.81) | (2,905,746.07) |
| 2000 | 05/21/2024 | 06/19/2024 | 08/2024 | Inv #052124 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (150.30) | (2,905,896.37) |
| 2000 | 05/21/2024 | 05/30/2024 | 10/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (4,453.01) | (2,910,349.38) |
| 2000 | 05/21/2024 | 05/30/2024 | 10/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,477.40) | (2,911,826.78) |
| 2000 | 05/21/2024 | 05/30/2024 | 10/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (77.95) | (2,911,904.73) |
| 2000 | 05/22/2024 | 05/24/2024 | 05/2024 | Inv #-2509496 | Invoice | Liner, CR, 30x36 .65MIL, 250/CT | | Office Basics | | 0.00 | (26.01) | (2,911,930.74) |
| 2000 | 05/22/2024 | 05/24/2024 | 05/2024 | Inv #-2509496 | Invoice | Liner, 38x60, 1.5 MIL, BN/BK | | Office Basics | | 0.00 | (81.43) | (2,912,012.17) |
| 2000 | 05/22/2024 | 05/24/2024 | 05/2024 | Inv #-2509496 | Invoice | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 0.00 | (142.18) | (2,912,154.35) |
| 2000 | 05/22/2024 | 05/29/2024 | 05/2024 | Inv #0522-CM-JENK | Invoice | 5/16-5/22/2024 | | Campion Masonry | | 0.00 | (17,050.00) | (2,929,204.35) |
| 2000 | 05/22/2024 | 05/29/2024 | 05/2024 | Inv #MATL-HILTI | Invoice | CAMPION-MATL GARAGE-DECK | | Campion Masonry | | 0.00 | (1,569.16) | (2,930,773.51) |
| 2000 | 05/22/2024 | 05/30/2024 | 05/2024 | Inv #240522424 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (8,800.00) | (2,939,573.51) |
| 2000 | 05/22/2024 | 06/19/2024 | 06/2024 | Inv #052224 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (251.43) | (2,939,824.94) |
| 2000 | 05/22/2024 | 07/30/2024 | 07/2024 | Inv #233535841-001 | Invoice | | | United Rentals | | 0.00 | (1,224.94) | (2,941,049.88) |
| 2000 | 05/22/2024 | 08/22/2024 | 08/2024 | Inv #123614140 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (2,880.00) | (2,943,929.88) |
| 2000 | 05/23/2024 | 05/24/2024 | 05/2024 | Inv #394 | Invoice | PARKING DECK | | CS Contractor Corp | | 0.00 | (6,000.00) | (2,949,929.88) |
| 2000 | 05/23/2024 | 07/30/2024 | 07/2024 | Inv #234218560-001 | Invoice | | | United Rentals | | 0.00 | (1,754.30) | (2,951,684.18) |
| 2000 | 05/24/2024 | 05/24/2024 | 05/2024 | Inv #0523-SB-JENK | Invoice | 05/20-05/23 PARKNG GARAGE | | Stephen Beer Plumbing | | 0.00 | (4,799.00) | (2,956,483.18) |
| 2000 | 05/24/2024 | 05/24/2024 | 05/2024 | Check #1195 | Vendor Payment | 05/20-05/23 PARKNG GARAGE | | Stephen Beer Plumbing | | 4,799.00 | 0.00 | (2,951,684.18) |
| 2000 | 05/24/2024 | 05/24/2024 | 05/2024 | Check #1194 | Vendor Payment | | | CS Contractor Corp | | 6,000.00 | 0.00 | (2,945,684.18) |
| 2000 | 05/28/2024 | 05/28/2024 | 05/2024 | Inv #S6049311 | Invoice | GARAGE | | Grove Supply Inc, Phila BR6 | | 0.00 | (680.14) | (2,946,364.32) |
| 2000 | 05/28/2024 | 05/28/2024 | 05/2024 | Check #1196 | Vendor Payment | GARAGE | | Grove Supply Inc, Phila BR6 | | 680.14 | 0.00 | (2,945,684.18) |
| 2000 | 05/28/2024 | 06/04/2024 | 06/2024 | Inv #052824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (468.95) | (2,946,153.13) |
| 2000 | 05/28/2024 | 06/10/2024 | 06/2024 | Inv #10301522-0524 | Invoice | | | M2 Reporter | | 0.00 | (100.00) | (2,946,253.13) |
| 2000 | 05/28/2024 | 06/04/2024 | 08/2024 | Inv #052824 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (75.94) | (2,946,329.07) |
| 2000 | 05/28/2024 | 09/04/2024 | 09/2024 | Inv #400784 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (2,946,404.07) |
| 2000 | 05/29/2024 | 05/29/2024 | 05/2024 | Check #1197 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 1,050.00 | 0.00 | (2,945,354.07) |
| 2000 | 05/29/2024 | 05/29/2024 | 05/2024 | Check #1199 | Vendor Payment | | | D. A. Mitchell LLC | | 7,300.00 | 0.00 | (2,938,054.07) |
| 2000 | 05/29/2024 | 05/29/2024 | 05/2024 | Check #1198 | Vendor Payment | CAMPION-MATL GARAGE-DECK | | Campion Masonry | | 1,569.16 | 0.00 | (2,936,484.91) |
| 2000 | 05/29/2024 | 05/29/2024 | 05/2024 | Check #1198 | Vendor Payment | 5/16-5/22/2024 | | Campion Masonry | | 17,050.00 | 0.00 | (2,919,434.91) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #S6049727 | Invoice | GARAGE | | Grove Supply Inc, Phila BR6 | | 0.00 | (2,170.22) | (2,921,605.13) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1200 | Vendor Payment | GARAGE | | Grove Supply Inc, Phila BR6 | | 2,170.22 | 0.00 | (2,919,434.91) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #DOC#10524240354 | Invoice | GARAGE-PARK DECK | | Joseph Fazzio Inc | | 0.00 | (7,935.37) | (2,927,370.28) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1201 | Vendor Payment | GARAGE-PARK DECK | | Joseph Fazzio Inc | | 7,935.37 | 0.00 | (2,919,434.91) |

GL Details    **Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 115 of 118** Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #395 | Invoice | PARK DECK-BREAK CONCRETE | | CS Contractor Corp | | 0.00 | (6,000.00) | (2,925,434.91) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #Q292906 | Invoice | TINY TOWN | | National Construction Rentals | | 0.00 | (1,122.29) | (2,926,557.20) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1203 | Vendor Payment | TINY TOWN | | National Construction Rentals | | 1,122.29 | 0.00 | (2,925,434.91) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Check #1202 | Vendor Payment | PARKING DECK | | CS Contractor Corp | | 6,000.00 | 0.00 | (2,919,434.91) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #-2513571 | Invoice | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 0.00 | (184.80) | (2,919,619.71) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #240530428 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (8,000.00) | (2,927,619.71) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #0525-JA-JENK | Invoice | | | Jun Aspa | | 0.00 | (241.05) | (2,927,860.76) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #0525-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (684.00) | (2,928,544.76) |
| 2000 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #0530-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (2,200.00) | (2,930,744.76) |
| 2000 | 05/30/2024 | 06/10/2024 | 06/2024 | Inv #1221000 | Invoice | | | Pa Dept of Labor & Industry - E | | 0.00 | (945.14) | (2,931,689.90) |
| 2000 | 05/30/2024 | 07/30/2024 | 07/2024 | Inv #233452838-001 | Invoice | | | United Rentals | | 0.00 | (530.00) | (2,932,219.90) |
| 2000 | 05/31/2024 | 05/31/2024 | 05/2024 | Check #1206 | Vendor Payment | | | RW Electrical LLC | | 2,200.00 | 0.00 | (2,930,019.90) |
| 2000 | 05/31/2024 | 05/31/2024 | 05/2024 | Check #1205 | Vendor Payment | | | Jun Aspa | | 241.05 | 0.00 | (2,929,778.85) |
| 2000 | 05/31/2024 | 05/31/2024 | 05/2024 | Check #1204 | Vendor Payment | | | Darin Holiday | | 684.00 | 0.00 | (2,929,094.85) |
| 2000 | 05/31/2024 | 06/10/2024 | 06/2024 | Inv #435400 | Invoice | | | Bowman | | 0.00 | (110.00) | (2,929,204.85) |
| 2000 | 05/31/2024 | 06/12/2024 | 06/2024 | Inv #INV-1012139 | Invoice | | | Hillis-Carnes Engineering Associates | | 0.00 | (5,287.75) | (2,934,492.60) |
| 2000 | 05/31/2024 | 06/21/2024 | 06/2024 | Inv #13135 | Invoice | | | JKR Partners LLC | | 0.00 | (3,781.43) | (2,938,274.03) |
| 2000 | 05/31/2024 | 10/18/2024 | 10/2024 | Inv #0320-004410118 | Invoice | | | Republic Services #320 | | 0.00 | (1,460.92) | (2,939,734.95) |
| 2000 | 06/01/2024 | 06/04/2024 | 06/2024 | Inv #10822 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (2,943,834.50) |
| 2000 | 06/01/2024 | 06/10/2024 | 06/2024 | Inv #18500 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (2,944,381.66) |
| 2000 | 06/01/2024 | 06/10/2024 | 06/2024 | Inv #03Q4672 | Invoice | | | Klenzoid Water Treatment | | 0.00 | (1,302.93) | (2,945,684.59) |
| 2000 | 06/01/2024 | 06/19/2024 | 06/2024 | Inv #9043124 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (2,945,791.95) |
| 2000 | 06/01/2024 | 06/10/2024 | 07/2024 | Inv #060124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (491.13) | (2,946,283.08) |
| 2000 | 06/01/2024 | 06/10/2024 | 07/2024 | Inv #060124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (179.07) | (2,946,462.15) |
| 2000 | 06/01/2024 | 07/30/2024 | 07/2024 | Inv #234040023-001 | Invoice | | | United Rentals | | 0.00 | (1,027.31) | (2,947,489.46) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #PD Online 5/17/24 #13450198 + $1.95 | Vendor Payment | | | Aqua 0277244 | | 456.65 | 0.00 | (2,947,032.81) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #0531-SB-JENK-JC | Invoice | J COLLEGE-REPAIR AIR HANDLER | | Stephen Beer Plumbing | | 0.00 | (390.00) | (2,947,422.81) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #0531-SB-JENK-GARAGE | Invoice | 5/24-5/31 PARKING GARAGE | | Stephen Beer Plumbing | | 0.00 | (6,110.00) | (2,953,532.81) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #22770 | Invoice | DRAWINGS-TINY TOWN | | Digital Reprographics Solutions | | 0.00 | (765.04) | (2,954,297.85) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #10491 | Invoice | FUEL | | Cardinal USA Fuel Oil Co | | 0.00 | (1,284.49) | (2,955,582.34) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #1208 | Vendor Payment | DRAWINGS-TINY TOWN | | Digital Reprographics Solutions | | 765.04 | 0.00 | (2,954,817.30) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #1207 | Vendor Payment | FUEL | | Cardinal USA Fuel Oil Co | | 1,284.49 | 0.00 | (2,953,532.81) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #0967900 | Invoice | GARAGE | | Ferguson Enterprises Inc | | 0.00 | (634.45) | (2,954,167.26) |
| 2000 | 06/03/2024 | 06/03/2024 | 06/2024 | Check #1209 | Vendor Payment | GARAGE | | Ferguson Enterprises Inc | | 634.45 | 0.00 | (2,953,532.81) |
| 2000 | 06/03/2024 | 07/30/2024 | 07/2024 | Inv #233247452-004 | Invoice | | | United Rentals | | 0.00 | (486.54) | (2,954,019.35) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 0.00 | (243.40) | (2,954,262.75) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 0.00 | (243.40) | (2,954,506.15) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 0.00 | (253.90) | (2,954,760.05) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 0.00 | (243.40) | (2,955,003.45) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 0.00 | (498.45) | (2,955,501.90) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #10621284 PD 12-26-22 - Reversal | Vendor Payment Reversal | Water | | Aqua 0279893 | | 0.00 | (264.05) | (2,955,765.95) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #10621284 PD 12-26-22 | Vendor Payment | | | Aqua 0279893 | | 264.05 | 0.00 | (2,955,501.90) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 1/20/23 $243.40 | Vendor Payment | | | Aqua 0279893 | | 243.40 | 0.00 | (2,955,258.50) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 2/24/23 $253.36 | Vendor Payment | | | Aqua 0279893 | | 253.36 | 0.00 | (2,955,005.14) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Inv #158171 | Invoice | GARAGE-DECK | | Concrete Service Materials Inc | | 0.00 | (908.95) | (2,955,914.09) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #1210 | Vendor Payment | GARAGE-DECK | | Concrete Service Materials Inc | | 908.95 | 0.00 | (2,955,005.14) |

Appx867

GL Details    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 3/20/23 $486.26 | Vendor Payment | | | Aqua 0279893 | | 242.86 | 0.00 | (2,954,762.28) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 3/20/23 $486.26 | Vendor Payment | | | Aqua 0279893 | | 243.40 | 0.00 | (2,954,518.88) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 6/22/23 #AQ0H8QOE - Reversal | Vendor Payment Reversal | | | Aqua 0279893 | | 0.00 | (242.86) | (2,954,761.74) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #1211 | Vendor Payment | 5/24-5/31 PARKING GARAGE | | Stephen Beer Plumbing | | 6,110.00 | 0.00 | (2,948,651.74) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #1211 | Vendor Payment | J COLLEGE-REPAIR AIR HANDLER | | Stephen Beer Plumbing | | 390.00 | 0.00 | (2,948,261.74) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD 5/26/2023 #AQ0GYOIJ | Vendor Payment | | | Aqua 0279893 | | 242.32 | 0.00 | (2,948,019.42) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 6/22/23 #AQ0H8QO | Vendor Payment | | | Aqua 0279893 | | 242.86 | 0.00 | (2,947,776.56) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 7/24/23 AQ0HJ57G | Vendor Payment | | | Aqua 0279893 | | 243.40 | 0.00 | (2,947,533.16) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 8/28/23 $488.64 | Vendor Payment | | | Aqua 0279893 | | 244.32 | 0.00 | (2,947,288.84) |
| 2000 | 06/04/2024 | 06/04/2024 | 06/2024 | Check #PD Online 8/28/23 $488.64 | Vendor Payment | | | Aqua 0279893 | | 244.32 | 0.00 | (2,947,044.52) |
| 2000 | 06/04/2024 | 06/05/2024 | 06/2024 | Inv #I-2515671 | Invoice | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 0.00 | (184.80) | (2,947,229.32) |
| 2000 | 06/04/2024 | 06/05/2024 | 06/2024 | Inv #060424 - Tiny Town | Invoice | | | RW Electrical LLC | | 0.00 | (223.44) | (2,947,452.76) |
| 2000 | 06/05/2024 | 06/05/2024 | 06/2024 | Inv #ELEC PERM-TINYTOWN | Invoice | TINY TOWN-ELEC PERM | | The Borough of Jenkintown | | 0.00 | (54.50) | (2,947,507.26) |
| 2000 | 06/05/2024 | 06/05/2024 | 06/2024 | Inv #ORDER# 0984631 | Invoice | GARAGE-PARK DECK | | Ferguson Enterprises Inc | | 0.00 | (786.71) | (2,948,293.97) |
| 2000 | 06/05/2024 | 06/05/2024 | 06/2024 | Check #1213 | Vendor Payment | TINY TOWN-ELEC PERM | | The Borough of Jenkintown | | 54.50 | 0.00 | (2,948,239.47) |
| 2000 | 06/05/2024 | 06/05/2024 | 06/2024 | Check #1212 | Vendor Payment | GARAGE-PARK DECK | | Ferguson Enterprises Inc | | 786.71 | 0.00 | (2,947,452.76) |
| 2000 | 06/05/2024 | 06/10/2024 | 06/2024 | Inv #3591 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 0.00 | (1,050.00) | (2,948,502.76) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 | Vendor Payment | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,948,258.96) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 | Vendor Payment | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,948,015.16) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 | Vendor Payment | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,947,771.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 | Vendor Payment | | | Elevator Construction & Repair | | 320.00 | 0.00 | (2,947,451.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 | Vendor Payment | | | Elevator Construction & Repair | | 425.00 | 0.00 | (2,947,026.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 - Reversal | Vendor Payment Reversal | | | Elevator Construction & Repair | | 0.00 | (320.00) | (2,947,346.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 - Reversal | Vendor Payment Reversal | LUB SERV | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,947,590.16) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 - Reversal | Vendor Payment Reversal | LUB SERV | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,947,833.96) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 - Reversal | Vendor Payment Reversal | LUB SERV | | Elevator Construction & Repair | | 0.00 | (243.80) | (2,948,077.76) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1214 - Reversal | Vendor Payment Reversal | | | Elevator Construction & Repair | | 0.00 | (425.00) | (2,948,502.76) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1215 | Vendor Payment | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,948,258.96) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1215 | Vendor Payment | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,948,015.16) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1215 | Vendor Payment | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,947,771.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1215 | Vendor Payment | | | Elevator Construction & Repair | | 320.00 | 0.00 | (2,947,451.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1215 | Vendor Payment | | | Elevator Construction & Repair | | 425.00 | 0.00 | (2,947,026.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Inv #11757 | Invoice | CONSTRUCTION BANNERS | | Digital Reprographics Solutions | | 0.00 | (467.37) | (2,947,493.73) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1216 | Vendor Payment | CONSTRUCTION BANNERS | | Digital Reprographics Solutions | | 467.37 | 0.00 | (2,947,026.36) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Inv #Q 13958404 | Invoice | GARAGE-PARK DECK | | Lowe's Home Centers LLC | | 0.00 | (1,534.75) | (2,948,561.11) |
| 2000 | 06/06/2024 | 06/06/2024 | 06/2024 | Check #1217 | Vendor Payment | GARAGE-PARK DECK | | Lowe's Home Centers LLC | | 1,534.75 | 0.00 | (2,947,026.36) |
| 2000 | 06/06/2024 | 06/07/2024 | 06/2024 | Inv #0605-CM-JENK | Invoice | 05/30-06/05 + 50. | | Campion Masonry | | 0.00 | (14,850.00) | (2,961,876.36) |
| 2000 | 06/06/2024 | 06/07/2024 | 06/2024 | Inv #REIMB COSTS-HILTI | Invoice | GARAGE-MATL | | Campion Masonry | | 0.00 | (1,403.48) | (2,963,279.84) |
| 2000 | 06/06/2024 | 06/07/2024 | 06/2024 | Inv #396 | Invoice | GARAGE-PARK DECK | | CS Contractor Corp | | 0.00 | (6,000.00) | (2,969,279.84) |

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 117 of 118    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 06/06/2024 | 09/04/2024 | 10/2024 | Inv #5015 | Invoice | | | SDS | | 0.00 | (3,641.58) | (2,972,921.42) |
| 2000 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1218 | Vendor Payment | PARK DECK-BREAK CONCRETE | | CS Contractor Corp | | 6,000.00 | 0.00 | (2,966,921.42) |
| 2000 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1219 | Vendor Payment | 05/30-06/05 + 50. | | Campion Masonry | | 14,850.00 | 0.00 | (2,952,071.42) |
| 2000 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1220 | Vendor Payment | GARAGE-MATL | | Campion Masonry | | 1,403.48 | 0.00 | (2,950,667.94) |
| 2000 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1221 | Vendor Payment | | | D. A. Mitchell LLC | | 8,000.00 | 0.00 | (2,942,667.94) |
| 2000 | 06/07/2024 | 06/07/2024 | 06/2024 | Check #1221 | Vendor Payment | | | D. A. Mitchell LLC | | 8,800.00 | 0.00 | (2,933,867.94) |
| 2000 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1224 | Vendor Payment | | | TB Philly, Inc | | 2,500.00 | 0.00 | (2,931,367.94) |
| 2000 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1225 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 184.80 | 0.00 | (2,931,183.14) |
| 2000 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1225 | Vendor Payment | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 142.18 | 0.00 | (2,931,040.96) |
| 2000 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1225 | Vendor Payment | Liner, 38x60, 1.5 MIL, BN/BK | | Office Basics | | 81.43 | 0.00 | (2,930,959.53) |
| 2000 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1225 | Vendor Payment | Liner, CR, 30x36 .65MIL, 250/CT | | Office Basics | | 26.01 | 0.00 | (2,930,933.52) |
| 2000 | 06/07/2024 | 06/10/2024 | 06/2024 | Check #1225 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 184.80 | 0.00 | (2,930,748.72) |
| 2000 | 06/07/2024 | 06/13/2024 | 06/2024 | Inv #0607-SB-JENK-GARAGE | Invoice | 6/3-6/7 LABOR | | Stephen Beer Plumbing | | 0.00 | (5,655.00) | (2,936,403.72) |
| 2000 | 06/08/2024 | 06/12/2024 | 06/2024 | Inv #0608-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (606.00) | (2,937,009.72) |
| 2000 | 06/08/2024 | 06/12/2024 | 06/2024 | Inv #0608-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (3,736.00) | (2,940,745.72) |
| 2000 | 06/10/2024 | 06/10/2024 | 06/2024 | Check #1222 | Vendor Payment | | | RW Electrical LLC | | 223.44 | 0.00 | (2,940,522.28) |
| 2000 | 06/10/2024 | 06/10/2024 | 06/2024 | Check #1223 | Vendor Payment | | | Pa Dept of Labor & Industry - E | | 945.14 | 0.00 | (2,939,577.14) |
| 2000 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #-2519566 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 0.00 | (38.05) | (2,939,615.19) |
| 2000 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #-2519566 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 0.00 | (82.61) | (2,939,697.80) |
| 2000 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #-2519566 | Invoice | Towel, Roll 8x500, 2"CR NTRL | | Office Basics | | 0.00 | (284.31) | (2,939,982.11) |
| 2000 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #-2519566 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (192.32) | (2,940,174.43) |
| 2000 | 06/10/2024 | 06/12/2024 | 06/2024 | Inv #S055429198.001 - Tiny Town | Invoice | | | RW Electrical LLC | | 0.00 | (1,083.17) | (2,941,257.60) |
| 2000 | 06/10/2024 | 06/12/2024 | 06/2024 | Inv #123615757 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (820.00) | (2,942,077.60) |
| 2000 | 06/10/2024 | 06/13/2024 | 06/2024 | Inv #397 | Invoice | PARKING DECK - | | CS Contractor Corp | | 0.00 | (6,000.00) | (2,948,077.60) |
| 2000 | 06/11/2024 | 06/12/2024 | 06/2024 | Inv #22795 - Tiny Town | Invoice | | | Digital Reprographics Solutions | | 0.00 | (217.30) | (2,948,294.90) |
| 2000 | 06/12/2024 | 06/12/2024 | 06/2024 | Check #1226 | Vendor Payment | | | RW Electrical LLC | | 1,083.17 | 0.00 | (2,947,211.73) |
| 2000 | 06/12/2024 | 06/12/2024 | 06/2024 | Check #1227 | Vendor Payment | | | Digital Reprographics Solutions | | 217.30 | 0.00 | (2,946,994.43) |
| 2000 | 06/12/2024 | 06/12/2024 | 06/2024 | Inv #124160 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (2,961,090.52) |
| 2000 | 06/12/2024 | 06/12/2024 | 06/2024 | Inv #S055461502 - Tiny Town | Invoice | | | RW Electrical LLC | | 0.00 | (683.81) | (2,961,774.33) |
| 2000 | 06/12/2024 | 06/13/2024 | 06/2024 | Inv #158911 | Invoice | GARAGE-PARK DECK | | Concrete Service Materials Inc | | 0.00 | (360.40) | (2,962,134.73) |
| 2000 | 06/12/2024 | 06/13/2024 | 06/2024 | Inv #112128-970 | Invoice | | | Dan-Nick Enterprises inc. | | 0.00 | (675.00) | (2,962,809.73) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1228 | Vendor Payment | GARAGE-PARK DECK | | Concrete Service Materials Inc | | 360.40 | 0.00 | (2,962,449.33) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1230 | Vendor Payment | | | RW Electrical LLC | | 3,736.00 | 0.00 | (2,958,713.33) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1229 | Vendor Payment | | | Darin Holiday | | 606.00 | 0.00 | (2,958,107.33) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1231 | Vendor Payment | | | America Heating and Air | | 1,000.00 | 0.00 | (2,957,107.33) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1233 | Vendor Payment | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | (2,943,011.24) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1232 | Vendor Payment | 6/3-6/7 LABOR | | Stephen Beer Plumbing | | 5,655.00 | 0.00 | (2,937,356.24) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Inv #0613-CM-JENK | Invoice | 6/6-6/12-GARAGE-PARK DECK | | Campion Masonry | | 0.00 | (10,993.00) | (2,948,349.24) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Inv #0529-CM-JENK | Invoice | 05/23-05/29 GARAGE-PARK DECK | | Campion Masonry | | 0.00 | (13,200.00) | (2,961,549.24) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1234 | Vendor Payment | 6/6-6/12-GARAGE-PARK DECK | | Campion Masonry | | 10,993.00 | 0.00 | (2,950,556.24) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Inv #TOOL REPLACE | Invoice | TOOL REPLACEMENT | | CS Contractor Corp | | 0.00 | (1,500.00) | (2,952,056.24) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1235 | Vendor Payment | GARAGE-PARK DECK | | CS Contractor Corp | | 6,000.00 | 0.00 | (2,946,056.24) |
| 2000 | 06/13/2024 | 06/13/2024 | 06/2024 | Check #1236 | Vendor Payment | TOOL REPLACEMENT | | CS Contractor Corp | | 1,500.00 | 0.00 | (2,944,556.24) |
| 2000 | 06/13/2024 | 06/14/2024 | 06/2024 | Inv #1038786 | Invoice | | | Ferguson Enterprises Inc | | 0.00 | (712.11) | (2,945,268.35) |
| 2000 | 06/13/2024 | 06/26/2024 | 06/2024 | Inv #S055461502.002 - Tiny Town | Invoice | | | RW Electrical LLC | | 0.00 | (67.78) | (2,945,336.13) |
| 2000 | 06/13/2024 | 06/27/2024 | 06/2024 | Inv #123616102 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (1,780.00) | (2,947,116.13) |
| 2000 | 06/13/2024 | 07/30/2024 | 07/2024 | Inv #233247452-005 | Invoice | | | United Rentals | | 0.00 | (2,597.04) | (2,949,713.17) |
| 2000 | 06/13/2024 | 07/01/2024 | 11/2024 | Inv #7464692 | Invoice | | | National Construction Rentals | | 0.00 | (159.00) | (2,949,872.17) |
| 2000 | 06/14/2024 | 06/14/2024 | 06/2024 | Check #1237 | Vendor Payment | | | Ferguson Enterprises Inc | | 677.42 | 0.00 | (2,949,194.75) |
| 2000 | 06/14/2024 | 06/14/2024 | 06/2024 | Check #1237 - Reversal | Vendor Payment Reversal | | | Ferguson Enterprises Inc | | 0.00 | (677.42) | (2,949,872.17) |

Appx869

GL Details    Case 2:25-cv-00044-GAM    Document 29-1    Filed 05/16/25    Page 118 of 118    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 06/14/2024 | 06/14/2024 | 06/2024 | Check #1238 | Vendor Payment | | | Ferguson Enterprises Inc | | 712.11 | 0.00 | (2,949,160.06) |
| 2000 | 06/14/2024 | 06/15/2024 | 06/2024 | Inv #005015 | Invoice | 36" concrete saw blades | | SDS | | 0.00 | (3,641.58) | (2,952,801.64) |
| 2000 | 06/14/2024 | 06/26/2024 | 06/2024 | Inv #WIG/011170 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (170.42) | (2,952,972.06) |
| 2000 | 06/14/2024 | 07/31/2024 | 07/2024 | Inv 233360997-004 | Invoice | | | United Rentals | | 0.00 | (2,195.47) | (2,955,167.53) |
| 2000 | 06/14/2024 | 09/12/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0279895 | | 0.00 | (250.61) | (2,955,418.14) |
| 2000 | 06/14/2024 | 09/13/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0277390 | | 0.00 | (3,202.56) | (2,958,620.70) |
| 2000 | 06/14/2024 | 09/13/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0277244 | | 0.00 | (575.31) | (2,959,196.01) |
| 2000 | 06/14/2024 | 09/13/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0279893 | | 0.00 | (250.61) | (2,959,446.62) |
| 2000 | 06/15/2024 | 07/31/2024 | 07/2024 | Inv #234570997-001 | Invoice | | | United Rentals | | 0.00 | (1,995.98) | (2,961,442.60) |
| 2000 | 06/15/2024 | 07/31/2024 | 07/2024 | Inv #233900685-001 | Invoice | | | United Rentals | | 0.00 | (2,586.40) | (2,964,029.00) |
| 2000 | 06/15/2024 | 07/02/2024 | 09/2024 | Inv #061524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (373.25) | (2,964,402.25) |
| 2000 | 06/17/2024 | 06/27/2024 | 06/2024 | Inv #061724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (113.63) | (2,964,515.88) |
| 2000 | 06/18/2024 | 06/20/2024 | 06/2024 | Inv #S055518458.001 - Tiny Town | Invoice | | | RW Electrical LLC | | 0.00 | (32.28) | (2,964,548.16) |
| 2000 | 06/18/2024 | 06/27/2024 | 06/2024 | Inv #WIG/011190 | Invoice | | | City Electric Supply | | 0.00 | (203.86) | (2,964,752.02) |
| 2000 | 06/18/2024 | 06/28/2024 | 06/2024 | Inv #398 | Invoice | GARAGE-PARK DECK | | CS Contractor Corp | | 0.00 | (6,625.00) | (2,971,377.02) |
| 2000 | 06/19/2024 | 06/19/2024 | 06/2024 | Inv #1045802 | Invoice | | | Ferguson Enterprises Inc | | 0.00 | (445.68) | (2,971,822.70) |
| 2000 | 06/19/2024 | 06/19/2024 | 06/2024 | Check #1239 | Vendor Payment | | | Ferguson Enterprises Inc | | 445.68 | 0.00 | (2,971,377.02) |
| 2000 | 06/19/2024 | 07/08/2024 | 07/2024 | Inv #WIG/011202 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (72.73) | (2,971,449.75) |
| 2000 | 06/20/2024 | 06/21/2024 | 06/2024 | Inv #I-2525910 | Invoice | towel, roll, we, 600 ft, 12/ct | | Office Basics | | 0.00 | (100.09) | (2,971,549.84) |
| 2000 | 06/20/2024 | 06/24/2024 | 06/2024 | Inv #159765 | Invoice | 20 oz Sausage 1A Limestone | | Concrete Service Materials Inc | | 0.00 | (360.40) | (2,971,910.24) |
| 2000 | 06/21/2024 | 06/21/2024 | 06/2024 | Check #0613202415500435 V463931 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 468.95 | 0.00 | (2,971,441.29) |
| 2000 | 06/21/2024 | 07/08/2024 | 07/2024 | Inv #062124 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (33.79) | (2,971,475.08) |
| 2000 | 06/21/2024 | 11/25/2024 | 11/2024 | Inv #202849942 | Invoice | Zoom Drain maintenance | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (2,972,676.08) |
| 2000 | 06/22/2024 | 07/31/2024 | 07/2024 | Inv #234800132-001 | Invoice | | | United Rentals | | 0.00 | (1,027.31) | (2,973,703.39) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1240 | Vendor Payment | 20 oz Sausage 1A Limestone | | Concrete Service Materials Inc | | 360.40 | 0.00 | (2,973,342.99) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1234 - Reversal | Vendor Payment Reversal | 6/6-6/12-GARAGE-PARK DECK | | Campion Masonry | | 0.00 | (10,993.00) | (2,984,335.99) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1241 | Vendor Payment | 6/6-6/12-GARAGE-PARK DECK | | Campion Masonry | | 10,993.00 | 0.00 | (2,973,342.99) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Inv #REIMB SUPPL-GARAGE | Invoice | GARAGE-PARK DECK | | CS Contractor Corp | | 0.00 | (166.51) | (2,973,509.50) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1242 | Vendor Payment | GARAGE-PARK DECK | | CS Contractor Corp | | 166.51 | 0.00 | (2,973,342.99) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1242 | Vendor Payment | PARKING DECK - | | CS Contractor Corp | | 6,000.00 | 0.00 | (2,967,342.99) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1242 - Reversal | Vendor Payment Reversal | GARAGE-PARK DECK | | CS Contractor Corp | | 0.00 | (166.51) | (2,967,509.50) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1242 - Reversal | Vendor Payment Reversal | PARKING DECK - | | CS Contractor Corp | | 0.00 | (6,000.00) | (2,973,509.50) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1243 | Vendor Payment | GARAGE-PARK DECK | | CS Contractor Corp | | 166.51 | 0.00 | (2,973,342.99) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Check #1243 | Vendor Payment | PARKING DECK - | | CS Contractor Corp | | 6,000.00 | 0.00 | (2,967,342.99) |
| 2000 | 06/24/2024 | 06/24/2024 | 06/2024 | Inv #0619-CM-JENK GAR/DECK | Invoice | 6/13-6/19/24 GARAGE-PARK DECK | | Campion Masonry | | 0.00 | (16,160.00) | (2,983,502.99) |
| 2000 | 06/24/2024 | 06/26/2024 | 06/2024 | Inv #REIMB CHG | Invoice | REIMB SC | | RW Electrical LLC | | 0.00 | (20.00) | (2,983,522.99) |
| 2000 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0622-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (682.00) | (2,984,204.99) |
| 2000 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0622-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (3,304.00) | (2,987,508.99) |
| 2000 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0616-SB-JENK | Invoice | PARKING GARAGE | | Stephen Beer Plumbing | | 0.00 | (6,893.00) | (2,994,401.99) |
| 2000 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0624-SB-JENK | Invoice | PARKING GARAGE | | Stephen Beer Plumbing | | 0.00 | (4,680.00) | (2,999,081.99) |
| 2000 | 06/24/2024 | 06/28/2024 | 06/2024 | Inv #399 | Invoice | 6/17-6/23 PARK DECK | | CS Contractor Corp | | 0.00 | (8,000.00) | (3,007,081.99) |
| 2000 | 06/25/2024 | 06/25/2024 | 06/2024 | Check #1244 | Vendor Payment | | | Electronic Security Systems | | 871.20 | 0.00 | (3,006,210.79) |
| 2000 | 06/25/2024 | 06/27/2024 | 06/2024 | Inv #123617196 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (635.00) | (3,006,845.79) |
| 2000 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1230 - Reversal | Vendor Payment Reversal | | | RW Electrical LLC | | 0.00 | (3,736.00) | (3,010,581.79) |
| 2000 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1245 | Vendor Payment | REIMB SC | | RW Electrical LLC | | 20.00 | 0.00 | (3,010,561.79) |
| 2000 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1245 | Vendor Payment | | | RW Electrical LLC | | 3,736.00 | 0.00 | (3,006,825.79) |
| 2000 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1246 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (3,006,278.63) |
| 2000 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1246 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (3,005,731.47) |
| 2000 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1247 | Vendor Payment | | | Bowman | | 3,768.85 | 0.00 | (3,001,962.62) |
| 2000 | 06/26/2024 | 06/26/2024 | 06/2024 | Check #1247 | Vendor Payment | | | Bowman | | 7,516.06 | 0.00 | (2,994,446.56) |
| 2000 | 06/26/2024 | 06/27/2024 | 06/2024 | Inv #240626431 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (4,900.00) | (2,999,346.56) |
| 2000 | 06/26/2024 | 06/27/2024 | 06/2024 | Inv #240626433 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (6,400.00) | (3,005,746.56) |

Appx870

# Exhibit "A"

# (part 2)

GL Details    Case 2:25-cv-00044-GAM   Document 29-2   Filed 05/16/25   Page 2 of 118    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 06/26/2024 | 06/27/2024 | 06/2024 | Inv #240626434 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (3,600.00) | (3,009,346.56) |
| 2000 | 06/26/2024 | 06/28/2024 | 06/2024 | Inv #240626432 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (8,000.00) | (3,017,346.56) |
| 2000 | 06/26/2024 | 07/24/2024 | 07/2024 | Inv #WIG/011250 | Invoice | | | City Electric Supply | | 0.00 | (85.29) | (3,017,431.85) |
| 2000 | 06/26/2024 | 07/24/2024 | 07/2024 | Inv #WIG/011251 | Invoice | | | City Electric Supply | | 0.00 | (13.41) | (3,017,445.26) |
| 2000 | 06/27/2024 | 06/27/2024 | 06/2024 | Inv #Payment on 7603 | Invoice | Partial Pay for Inv 7603 | | Advanced Electronic Security | | 0.00 | (2,000.00) | (3,019,445.26) |
| 2000 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1248 | Vendor Payment | Partial Pay for Inv 7603 | | Advanced Electronic Security | | 2,000.00 | 0.00 | (3,017,445.26) |
| 2000 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1250 | Vendor Payment | | | RW Electrical LLC | | 3,304.00 | 0.00 | (3,014,141.26) |
| 2000 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1249 | Vendor Payment | | | Darin Holiday | | 682.00 | 0.00 | (3,013,459.26) |
| 2000 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1251 | Vendor Payment | PARKING GARAGE | | Stephen Beer Plumbing | | 4,680.00 | 0.00 | (3,008,779.26) |
| 2000 | 06/27/2024 | 06/27/2024 | 06/2024 | Check #1251 | Vendor Payment | PARKING GARAGE | | Stephen Beer Plumbing | | 6,893.00 | 0.00 | (3,001,886.26) |
| 2000 | 06/27/2024 | 07/12/2024 | 07/2024 | Inv #1222612 | Invoice | | | PA Dept of LAbor & Industry-B | | 0.00 | (106.58) | (3,001,992.84) |
| 2000 | 06/27/2024 | 07/31/2024 | 07/2024 | Inv #233452838-002 | Invoice | | | United Rentals | | 0.00 | (106.00) | (3,002,098.84) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1253 | Vendor Payment | GARAGE-PARK DECK | | CS Contractor Corp | | 6,625.00 | 0.00 | (2,995,473.84) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1252 | Vendor Payment | 05/23-05/29 GARAGE-PARK DECK | | Campion Masonry | | 13,200.00 | 0.00 | (2,982,273.84) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 x 20 ft PVC DWV S40 Pe Pipe 60 pieces | | Ferguson Enterprises | | 0.00 | (318.49) | (2,982,592.33) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 PVC DWV90 ELL | | Ferguson Enterprises | | 0.00 | (262.22) | (2,982,854.55) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 PVC DWV ST 90 ELL | | Ferguson Enterprises | | 0.00 | (158.89) | (2,983,013.44) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 PVC DWV ST 45 ELL | | Ferguson Enterprises | | 0.00 | (115.93) | (2,983,129.37) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 6 HD Shielded NH Cou[ | | Ferguson Enterprises | | 0.00 | (68.13) | (2,983,197.50) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 1/2 PLN DI top Beam Clmp | | Ferguson Enterprises | | 0.00 | (63.72) | (2,983,261.22) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 1/2 blk hvy hex nut | | Ferguson Enterprises | | 0.00 | (33.48) | (2,983,294.70) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 1/2 pin flt wshr 100 pieces | | Ferguson Enterprises | | 0.00 | (22.46) | (2,983,317.16) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 4 Z/plt std clevis hgr | | Ferguson Enterprises | | 0.00 | (805.68) | (2,984,122.84) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 3/8 Pltd Rod Coup | | Ferguson Enterprises | | 0.00 | (1.71) | (2,984,124.55) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 6 x 20 FT PVC DWV S40 PE pipe 20 pieces | | Ferguson Enterprises | | 0.00 | (200.17) | (2,984,324.72) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #1127649 | Invoice | 6 PVC DWV WYE | | Ferguson Enterprises | | 0.00 | (126.86) | (2,984,451.58) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 4 PVC DWV ST 45 ELL | | Ferguson Enterprises | | 115.93 | 0.00 | (2,984,335.65) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 4 PVC DWV ST 90 ELL | | Ferguson Enterprises | | 158.89 | 0.00 | (2,984,176.76) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 4 PVC DWV90 ELL | | Ferguson Enterprises | | 262.22 | 0.00 | (2,983,914.54) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 4 x 20 ft PVC DWV S40 Pe Pipe 60 pieces | | Ferguson Enterprises | | 318.49 | 0.00 | (2,983,596.05) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 6 PVC DWV WYE | | Ferguson Enterprises | | 126.86 | 0.00 | (2,983,469.19) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 6 x 20 FT PVC DWV S40 PE pipe 20 pieces | | Ferguson Enterprises | | 200.17 | 0.00 | (2,983,269.02) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 3/8 Pltd Rod Coup | | Ferguson Enterprises | | 1.71 | 0.00 | (2,983,267.31) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 4 Z/plt std clevis hgr | | Ferguson Enterprises | | 805.68 | 0.00 | (2,982,461.63) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 1/2 pin flt wshr 100 pieces | | Ferguson Enterprises | | 22.46 | 0.00 | (2,982,439.17) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 1/2 blk hvy hex nut | | Ferguson Enterprises | | 33.48 | 0.00 | (2,982,405.69) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 1/2 PLN DI top Beam Clmp | | Ferguson Enterprises | | 63.72 | 0.00 | (2,982,341.97) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1255 | Vendor Payment | 6 HD Shielded NH Cou[ | | Ferguson Enterprises | | 68.13 | 0.00 | (2,982,273.84) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1256 | Vendor Payment | towel, roll, we, 600 ft, 12/ct | | Office Basics | | 100.09 | 0.00 | (2,982,173.75) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1256 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 192.32 | 0.00 | (2,981,981.43) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1256 | Vendor Payment | Towel, Roll 8x600, 2"CR NTRL | | Office Basics | | 284.31 | 0.00 | (2,981,697.12) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1256 | Vendor Payment | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.61 | 0.00 | (2,981,614.51) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1256 | Vendor Payment | Bags High Density 7-10 GAL | | Office Basics | | 38.05 | 0.00 | (2,981,576.46) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Check #1257 | Vendor Payment | | | Linked Alarm LLC | | 1,000.00 | 0.00 | (2,980,576.46) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #-2530424 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 0.00 | (37.95) | (2,980,614.41) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #-2530424 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 0.00 | (82.40) | (2,980,696.81) |
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #-2530424 | Invoice | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 0.00 | (191.82) | (2,980,888.63) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #I-2530424 | Invoice | Towel, NAT, 600 ft, 12/ct | | Office Basics | | 0.00 | (210.83) | (2,981,099.46) |
| 2000 | 06/28/2024 | 07/01/2024 | 06/2024 | Inv #0628-CM-JENK GAR | Invoice | 0620-0626 + EXP PARK GARAGE | | Campion Masonry | | 0.00 | (13,015.50) | (2,994,114.96) |
| 2000 | 06/28/2024 | 07/24/2024 | 07/2024 | Inv #WIG/011263 | Invoice | | | City Electric Supply | | 0.00 | (74.87) | (2,994,189.83) |
| 2000 | 06/28/2024 | 07/08/2024 | 11/2024 | Inv #062824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (270.95) | (2,994,460.78) |
| 2000 | 06/29/2024 | 07/31/2024 | 07/2024 | Inv #234040023-002 | Invoice | | | United Rentals | | 0.00 | (603.31) | (2,995,064.09) |
| 2000 | 06/29/2024 | 07/31/2024 | 07/2024 | Inv #233900685-002 | Invoice | | | United Rentals | | 0.00 | (2,162.40) | (2,997,226.49) |
| 2000 | 06/30/2024 | 07/08/2024 | 07/2024 | Inv #9663 | Invoice | | | Advanced Electronic Security | | 0.00 | (779.35) | (2,998,005.84) |
| 2000 | 06/30/2024 | 07/12/2024 | 07/2024 | Inv #INV-1013796 | Invoice | | | Hillis-Carnes Engineering Associates | | 0.00 | (5,057.75) | (3,003,063.59) |
| 2000 | 06/30/2024 | 07/15/2024 | 07/2024 | Inv #440964 | Invoice | | | Bowman | | 0.00 | (2,539.12) | (3,005,602.71) |
| 2000 | 07/01/2024 | 07/01/2024 | 07/2024 | Check #1258 | Vendor Payment | | | Linked Alarm LLC | | 300.00 | 0.00 | (3,005,302.71) |
| 2000 | 07/01/2024 | 07/01/2024 | 07/2024 | Check #1258 | Vendor Payment | | | Linked Alarm LLC | | 300.00 | 0.00 | (3,005,002.71) |
| 2000 | 07/01/2024 | 07/01/2024 | 07/2024 | Check #1258 | Vendor Payment | | | Linked Alarm LLC | | 400.00 | 0.00 | (3,004,602.71) |
| 2000 | 07/01/2024 | 07/01/2024 | 07/2024 | Inv #DOC#10610240120 | Invoice | PARK GARAGE-20 8x6x1/2 ANGLE 20' | | Joseph Fazzio Inc | | 0.00 | (7,935.37) | (3,012,538.08) |
| 2000 | 07/01/2024 | 07/01/2024 | 07/2024 | Check #1259 | Vendor Payment | PARK GARAGE-20 8x6x1/2 ANGLE 20' | | Joseph Fazzio Inc | | 7,935.37 | 0.00 | (3,004,602.71) |
| 2000 | 07/01/2024 | 07/02/2024 | 07/2024 | Inv #0701024 | Invoice | | | Traffic Marking Co | | 0.00 | (1,800.00) | (3,006,402.71) |
| 2000 | 07/01/2024 | 07/02/2024 | 07/2024 | Inv #CP368271 | Invoice | | | Ferguson Enterprises Inc | | 0.00 | (2,326.75) | (3,008,729.46) |
| 2000 | 07/01/2024 | 07/08/2024 | 07/2024 | Inv #10972 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (3,012,829.01) |
| 2000 | 07/01/2024 | 07/08/2024 | 07/2024 | Inv #20031 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,013,376.17) |
| 2000 | 07/01/2024 | 07/12/2024 | 07/2024 | Inv #400 | Invoice | | | CS Contractor Corp | | 0.00 | (6,000.00) | (3,019,376.17) |
| 2000 | 07/01/2024 | 07/22/2024 | 07/2024 | Inv #9093079 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (3,019,483.53) |
| 2000 | 07/01/2024 | 04/09/2025 | 07/2024 | Inv #241179 | Invoice | JENK-STARBUCKS T & M | | Carroll Engineering Corporation | | 0.00 | (901.00) | (3,020,384.53) |
| 2000 | 07/01/2024 | 07/08/2024 | 09/2024 | Inv #070124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (485.98) | (3,020,870.51) |
| 2000 | 07/01/2024 | 07/08/2024 | 09/2024 | Inv #070124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (3,021,046.72) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #1260 | Vendor Payment | | | Traffic Marking Co | | 1,800.00 | 0.00 | (3,019,246.72) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #1261 | Vendor Payment | | | Ferguson Enterprises Inc | | 2,326.75 | 0.00 | (3,016,919.97) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 7/ 1/24 #613771305 | Vendor Payment | | | Granite Telecommunications - 2398 | | 491.13 | 0.00 | (3,016,428.84) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #1262 | Vendor Payment | Starbucks | | Carroll Engineering Corporation | | 4,216.27 | 0.00 | (3,012,212.57) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 7/ 1/24 #613771329 | Vendor Payment | | | Granite Telecommunications-6165 | | 179.07 | 0.00 | (3,012,033.50) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/ 4/24 #608742265 | Vendor Payment | | | Granite Telecommunications - 2398 | | 483.27 | 0.00 | (3,011,550.23) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/ 4/24 #608742267 | Vendor Payment | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | (3,011,374.02) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/ 24/24 #18239908223 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 357.50 | 0.00 | (3,011,016.52) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/ 24/24 #14061468 | Vendor Payment | | | Aqua 0279895 | | 251.36 | 0.00 | (3,010,765.16) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/ 24/24 #14061437 | Vendor Payment | | | Aqua 0277244 | | 641.04 | 0.00 | (3,010,124.12) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/ 24/24 #14061397 | Vendor Payment | | | Aqua 0277390 | | 2,289.12 | 0.00 | (3,007,835.00) |
| 2000 | 07/02/2024 | 07/02/2024 | 07/2024 | Check #PD Online 6/ 24/24 #14061483 | Vendor Payment | | | Aqua 0279893 | | 251.36 | 0.00 | (3,007,583.64) |
| 2000 | 07/03/2024 | 07/03/2024 | 07/2024 | Check #1263 | Vendor Payment | 6/13-6/19/24 GARAGE-PARK DECK | | Campion Masonry | | 16,160.00 | 0.00 | (2,991,423.64) |
| 2000 | 07/06/2024 | 07/11/2024 | 07/2024 | Inv #3650 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 0.00 | (1,050.00) | (2,992,473.64) |
| 2000 | 07/06/2024 | 07/29/2024 | 07/2024 | Inv #0706-SBG-LAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 0.00 | (6,669.00) | (2,999,142.64) |
| 2000 | 07/08/2024 | 07/08/2024 | 07/2024 | Check #1264 | Vendor Payment | 6/17-6/23 PARK DECK | | CS Contractor Corp | | 8,000.00 | 0.00 | (2,991,142.64) |
| 2000 | 07/08/2024 | 07/12/2024 | 07/2024 | Inv #401 | Invoice | | | CS Contractor Corp | | 0.00 | (5,200.00) | (2,996,342.64) |
| 2000 | 07/08/2024 | 07/12/2024 | 07/2024 | Inv #123618315 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (2,270.00) | (2,998,612.64) |
| 2000 | 07/09/2024 | 07/09/2024 | 07/2024 | Check #PD Online 7/ 8/24 #481313366052 | Vendor Payment | | | Republic Services #320 | | 1,881.16 | 0.00 | (2,996,731.48) |
| 2000 | 07/09/2024 | 07/09/2024 | 07/2024 | Check #1265 | Vendor Payment | | | RW Electrical LLC | | 67.78 | 0.00 | (2,996,663.70) |
| 2000 | 07/09/2024 | 07/09/2024 | 07/2024 | Check #1265 | Vendor Payment | | | RW Electrical LLC | | 32.28 | 0.00 | (2,996,631.42) |
| 2000 | 07/09/2024 | 07/09/2024 | 07/2024 | Check #1265 | Vendor Payment | | | RW Electrical LLC | | 683.81 | 0.00 | (2,995,947.61) |
| 2000 | 07/10/2024 | 07/10/2024 | 07/2024 | Check #1266 | Vendor Payment | | | Green Estates Lawn Sprinklers, Inc. | | 1,375.00 | 0.00 | (2,994,572.61) |
| 2000 | 07/10/2024 | 07/11/2024 | 07/2024 | Inv #10710240240 | Invoice | 5 Angles & 30 bags GA Decking | | Joseph Fazzio Inc | | 0.00 | (8,268.42) | (3,002,841.03) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 07/10/2024 | 07/12/2024 | 07/2024 | Inv #124617 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (14,096.09) | (3,016,937.12) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1267 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 1,050.00 | 0.00 | (3,015,887.12) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #July Payment on 7603 | Invoice | Partial Pay for Inv 7603 | | Advanced Electronic Security | | 0.00 | (2,000.00) | (3,017,887.12) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1268 | Vendor Payment | Partial Pay for Inv 7603 | | Advanced Electronic Security | | 2,000.00 | 0.00 | (3,015,887.12) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1269 | Vendor Payment | 5 Angles & 30 bags GA Decking | | Joseph Fazzio Inc | | 8,268.42 | 0.00 | (3,007,618.70) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #0708-SB-JENK | Invoice | 7/1-7/5 + MATL PKG GARAGE | | Stephen Beer Plumbing | | 0.00 | (4,281.00) | (3,011,899.70) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Check #1270 | Vendor Payment | 7/1-7/5 + MATL PKG GARAGE | | Stephen Beer Plumbing | | 4,281.00 | 0.00 | (3,007,618.70) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #0706-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (532.00) | (3,008,150.70) |
| 2000 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #00706-RW-JENK | Invoice | GARAGE | | RW Electrical LLC | | 0.00 | (3,119.00) | (3,011,269.70) |
| 2000 | 07/11/2024 | 07/12/2024 | 07/2024 | Inv #EPOXYCOD 7-11-24 | Invoice | | | Re-Steel Supply Services, Inc. | | 0.00 | (12,142.30) | (3,023,412.00) |
| 2000 | 07/11/2024 | 07/18/2024 | 07/2024 | Inv #0711-CAMP-JENK | Invoice | 7/4-7/10 PARK GARAGE | | Campion Masonry | | 0.00 | (13,643.00) | (3,037,055.00) |
| 2000 | 07/11/2024 | 07/30/2024 | 07/2024 | Inv #7496832 | Invoice | | | National Construction Rentals | | 0.00 | (159.00) | (3,037,214.00) |
| 2000 | 07/11/2024 | 07/31/2024 | 07/2024 | Inv #233247452-007 | Invoice | | | United Rentals | | 0.00 | (2,597.04) | (3,039,811.04) |
| 2000 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1271 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (3,035,711.49) |
| 2000 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1272 | Vendor Payment | | | PA Dept of LAbor & Industry-B | | 106.58 | 0.00 | (3,035,604.91) |
| 2000 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1275 | Vendor Payment | GARAGE | | RW Electrical LLC | | 3,119.00 | 0.00 | (3,032,485.91) |
| 2000 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1274 | Vendor Payment | | | Darin Holiday | | 532.00 | 0.00 | (3,031,953.91) |
| 2000 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1273 | Vendor Payment | 0620-0626 + EXP PARK GARAGE | | Campion Masonry | | 13,015.50 | 0.00 | (3,018,938.41) |
| 2000 | 07/12/2024 | 07/12/2024 | 07/2024 | Check #1276 | Vendor Payment | | | Re-Steel Supply Services, Inc. | | 12,142.30 | 0.00 | (3,006,796.11) |
| 2000 | 07/12/2024 | 07/31/2024 | 07/2024 | Inv #233360997-005 | Invoice | | | United Rentals | | 0.00 | (2,195.47) | (3,008,991.58) |
| 2000 | 07/12/2024 | 08/27/2024 | 08/2024 | Inv #203660477 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (3,010,192.58) |
| 2000 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0277390 | | 0.00 | (3,288.94) | (3,013,481.52) |
| 2000 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0279895 | | 0.00 | (253.77) | (3,013,735.29) |
| 2000 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0277244 | | 0.00 | (696.19) | (3,014,431.48) |
| 2000 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0279893 | | 0.00 | (253.77) | (3,014,685.25) |
| 2000 | 07/13/2024 | 07/31/2024 | 07/2024 | Inv #234570997-002 | Invoice | | | United Rentals | | 0.00 | (1,783.98) | (3,016,469.23) |
| 2000 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #1277 | Vendor Payment | | | City Electric Supply | | 72.73 | 0.00 | (3,016,396.50) |
| 2000 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #1277 | Vendor Payment | | | City Electric Supply | | 203.86 | 0.00 | (3,016,192.64) |
| 2000 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #1277 | Vendor Payment | | | City Electric Supply | | 170.42 | 0.00 | (3,016,022.22) |
| 2000 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #1278 | Vendor Payment | | | CS Contractor Corp | | 6,000.00 | 0.00 | (3,010,022.22) |
| 2000 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #PD Online 7/ 12/24 #3741391370 + $5.95 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 234.70 | 0.00 | (3,009,787.52) |
| 2000 | 07/15/2024 | 07/15/2024 | 07/2024 | Check #PD Online 7/ 12/24 #3741391370 + $5.95 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 293.81 | 0.00 | (3,009,493.71) |
| 2000 | 07/15/2024 | 07/18/2024 | 07/2024 | Inv #0715-SB-JENK GAR | Invoice | 7/8-7/12 PARK GARAGE | | Stephen Beer Plumbing | | 0.00 | (4,435.00) | (3,013,928.71) |
| 2000 | 07/15/2024 | 07/24/2024 | 07/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (348.42) | (3,014,277.13) |
| 2000 | 07/15/2024 | 07/24/2024 | 07/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (76.15) | (3,014,353.28) |
| 2000 | 07/15/2024 | 07/24/2024 | 07/2024 | Inv #071524 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (137.01) | (3,014,490.29) |
| 2000 | 07/15/2024 | 07/24/2024 | 09/2024 | Inv #071524 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (247.15) | (3,014,737.44) |
| 2000 | 07/15/2024 | 10/17/2024 | 10/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (77.99) | (3,014,815.43) |
| 2000 | 07/15/2024 | 10/28/2024 | 10/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (5,194.95) | (3,020,010.38) |
| 2000 | 07/15/2024 | 11/12/2024 | 11/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,980.11) | (3,021,990.49) |
| 2000 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Liner, CR, 30x36 .65MIL, 250/CT | | Office Basics | | 0.00 | (26.28) | (3,022,016.77) |
| 2000 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Liner, 38x60, 1.5 MIL, BN/BK | | Office Basics | | 0.00 | (82.27) | (3,022,099.04) |
| 2000 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Afia Foam Soap Ocean Mist, 6 | | Office Basics | | 0.00 | (133.57) | (3,022,232.61) |
| 2000 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Covers, seat, toilet, halficl | | Office Basics | | 0.00 | (53.53) | (3,022,286.14) |
| 2000 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 0.00 | (191.54) | (3,022,477.68) |
| 2000 | 07/16/2024 | 07/18/2024 | 07/2024 | Inv #402 | Invoice | 7/8-7/14 PARK GARAGE | | CS Contractor Corp | | 0.00 | (7,000.00) | (3,029,477.68) |
| 2000 | 07/16/2024 | 08/27/2024 | 08/2024 | Inv #WKG/011368 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (366.51) | (3,029,844.19) |
| 2000 | 07/16/2024 | 08/02/2024 | 09/2024 | Inv #071624 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (373.54) | (3,030,217.73) |

Appx874

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 07/17/2024 | 07/18/2024 | 07/2024 | Inv #OJf7387450 | Invoice | SNOWBOUND 5x10 | | Sherwin Williams | | 0.00 | (243.40) | (3,030,461.13) |
| 2000 | 07/17/2024 | 07/22/2024 | 07/2024 | Inv #123618983 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (2,275.00) | (3,032,736.13) |
| 2000 | 07/17/2024 | 08/03/2024 | 08/2024 | Inv #071724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (115.63) | (3,032,851.76) |
| 2000 | 07/17/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011380 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (266.37) | (3,033,118.13) |
| 2000 | 07/17/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011382 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (174.44) | (3,033,292.57) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1280 | Vendor Payment | 7/8-7/12 PARK GARAGE | | Stephen Beer Plumbing | | 4,435.00 | 0.00 | (3,028,857.57) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1279 | Vendor Payment | SNOWBOUND 5x10 | | Sherwin Williams | | 243.40 | 0.00 | (3,028,614.17) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1277 - Reversal | Vendor Payment Reversal | | | City Electric Supply | | 0.00 | (72.73) | (3,028,686.90) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1277 - Reversal | Vendor Payment Reversal | | | City Electric Supply | | 0.00 | (203.86) | (3,028,890.76) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1277 - Reversal | Vendor Payment Reversal | | | City Electric Supply | | 0.00 | (170.42) | (3,029,061.18) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1281 | Vendor Payment | | | City Electric Supply | | 72.73 | 0.00 | (3,028,988.45) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1281 | Vendor Payment | | | City Electric Supply | | 203.86 | 0.00 | (3,028,784.59) |
| 2000 | 07/18/2024 | 07/18/2024 | 07/2024 | Check #1281 | Vendor Payment | | | City Electric Supply | | 170.42 | 0.00 | (3,028,614.17) |
| 2000 | 07/18/2024 | 07/19/2024 | 07/2024 | Inv #ORDER# CP401408 | Invoice | LEAKS - GARAGE | | Ferguson Enterprises Inc | | 0.00 | (634.04) | (3,029,248.21) |
| 2000 | 07/18/2024 | 07/22/2024 | 07/2024 | Inv #240718437 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (4,800.00) | (3,034,048.21) |
| 2000 | 07/18/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011399 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (484.32) | (3,034,532.53) |
| 2000 | 07/19/2024 | 07/19/2024 | 07/2024 | Check #1282 | Vendor Payment | LEAKS - GARAGE | | Ferguson Enterprises Inc | | 634.04 | 0.00 | (3,033,898.49) |
| 2000 | 07/19/2024 | 07/19/2024 | 07/2024 | Inv #0719-CAMP-PKG GAR | Invoice | 7/11-7/17 PARK GARAGE | | Campion Masonry | | 0.00 | (15,366.00) | (3,049,264.49) |
| 2000 | 07/19/2024 | 07/23/2024 | 07/2024 | Inv #4959 | Invoice | | | SDS | | 3,700.00 | 0.00 | (3,045,564.49) |
| 2000 | 07/19/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011407 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (235.48) | (3,045,799.97) |
| 2000 | 07/22/2024 | 07/22/2024 | 07/2024 | Inv #0722-SB-JENK | Invoice | 7/15-7/19 PKG GARAGE | | Stephen Beer Plumbing | | 0.00 | (4,207.00) | (3,050,006.97) |
| 2000 | 07/22/2024 | 07/24/2024 | 07/2024 | Inv #123619498 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (820.00) | (3,050,826.97) |
| 2000 | 07/22/2024 | 07/31/2024 | 07/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (430.53) | (3,051,257.50) |
| 2000 | 07/22/2024 | 07/31/2024 | 07/2024 | Inv #072224 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (144.75) | (3,051,402.25) |
| 2000 | 07/22/2024 | 07/31/2024 | 07/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (76.31) | (3,051,478.56) |
| 2000 | 07/22/2024 | 08/02/2024 | 08/2024 | Inv #403 | Invoice | | | CS Contractor Corp | | 0.00 | (6,000.00) | (3,057,478.56) |
| 2000 | 07/22/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011415 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (115.60) | (3,057,594.16) |
| 2000 | 07/22/2024 | 07/31/2024 | 09/2024 | Inv #072224 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (283.13) | (3,057,877.29) |
| 2000 | 07/22/2024 | 07/31/2024 | 10/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (2,481.28) | (3,060,358.57) |
| 2000 | 07/22/2024 | 07/30/2024 | 11/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (78.38) | (3,060,436.95) |
| 2000 | 07/23/2024 | 07/24/2024 | 07/2024 | Inv #2017 11246 | Invoice | | | Atomic Extinguisher Services | | 0.00 | (856.59) | (3,061,293.54) |
| 2000 | 07/23/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011423 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (47.06) | (3,061,340.60) |
| 2000 | 07/24/2024 | 07/24/2024 | 07/2024 | Check #1283 | Vendor Payment | | | Revolution Recovery, LLC | | 855.00 | 0.00 | (3,060,485.60) |
| 2000 | 07/24/2024 | 07/24/2024 | 07/2024 | Check #1283 | Vendor Payment | | | Revolution Recovery, LLC | | 35.00 | 0.00 | (3,060,450.60) |
| 2000 | 07/24/2024 | 07/24/2024 | 07/2024 | Check #1283 | Vendor Payment | | | Revolution Recovery, LLC | | 40.00 | 0.00 | (3,060,410.60) |
| 2000 | 07/24/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011438 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (491.31) | (3,060,901.91) |
| 2000 | 07/25/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011447 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (37.55) | (3,060,939.46) |
| 2000 | 07/25/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011454 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (229.00) | (3,061,168.46) |
| 2000 | 07/25/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011456 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (61.74) | (3,061,230.20) |
| 2000 | 07/25/2024 | 09/04/2024 | 09/2024 | Inv #402302 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (3,061,305.20) |
| 2000 | 07/26/2024 | 07/26/2024 | 07/2024 | Check #1284 | Vendor Payment | 7/15-7/19 PKG GARAGE | | Stephen Beer Plumbing | | 4,207.00 | 0.00 | (3,057,098.20) |
| 2000 | 07/26/2024 | 07/26/2024 | 07/2024 | Inv #0720-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (784.00) | (3,057,882.20) |
| 2000 | 07/26/2024 | 07/26/2024 | 07/2024 | Inv #0720-RW-JENK | Invoice | GARAGE | | RW Electrical LLC | | 0.00 | (3,952.00) | (3,061,834.20) |
| 2000 | 07/26/2024 | 07/26/2024 | 07/2024 | Check #1286 | Vendor Payment | GARAGE | | RW Electrical LLC | | 3,952.00 | 0.00 | (3,057,882.20) |
| 2000 | 07/26/2024 | 07/26/2024 | 07/2024 | Check #1285 | Vendor Payment | | | Darin Holiday | | 784.00 | 0.00 | (3,057,098.20) |
| 2000 | 07/26/2024 | 08/03/2024 | 08/2024 | Inv #404001 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (3,057,173.20) |
| 2000 | 07/26/2024 | 07/30/2024 | 10/2024 | Inv #072624 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (8,153.04) | (3,065,326.24) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 07/28/2024 | 08/22/2024 | 11/2024 | Inv #072824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (270.95) | (3,065,597.19) |
| 2000 | 07/29/2024 | 07/30/2024 | 07/2024 | Inv #112128-983 | Invoice | | | Dan-Nick Enterprises inc. | | 0.00 | (300.00) | (3,065,897.19) |
| 2000 | 07/29/2024 | 08/01/2024 | 08/2024 | Inv #404 | Invoice | 7/22-7/25 PKG GARAGE | | CS Contractor Corp | | 0.00 | (4,000.00) | (3,069,897.19) |
| 2000 | 07/30/2024 | 08/03/2024 | 08/2024 | Inv #123620098 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (4,160.60) | (3,074,057.79) |
| 2000 | 07/30/2024 | 08/03/2024 | 08/2024 | Inv #072324 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (31.68) | (3,074,089.47) |
| 2000 | 07/30/2024 | 08/20/2024 | 08/2024 | Inv #WIG/011485 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (89.99) | (3,074,179.46) |
| 2000 | 07/30/2024 | 08/20/2024 | 08/2024 | Inv #WIG/011484 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (188.55) | (3,074,368.01) |
| 2000 | 07/30/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011481 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (508.69) | (3,074,876.70) |
| 2000 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1287 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (3,074,769.34) |
| 2000 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1287 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (3,074,661.98) |
| 2000 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1287 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (3,074,554.62) |
| 2000 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1287 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (3,074,447.26) |
| 2000 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1288 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (3,070,347.71) |
| 2000 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1289 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (3,069,800.55) |
| 2000 | 07/31/2024 | 07/31/2024 | 07/2024 | Check #1290 | Vendor Payment | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | (3,068,599.55) |
| 2000 | 07/31/2024 | 08/01/2024 | 08/2024 | Inv #073124 Quote | Invoice | | | Joseph Fazzio Inc | | 0.00 | (2,595.07) | (3,071,194.62) |
| 2000 | 07/31/2024 | 08/19/2024 | 08/2024 | Inv #WIG/011494 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (82.46) | (3,071,277.08) |
| 2000 | 07/31/2024 | 08/21/2024 | 08/2024 | Inv #INV-1015508 | Invoice | | | Hillis-Carnes Engineering Associates | | 0.00 | (432.75) | (3,071,709.83) |
| 2000 | 07/31/2024 | 08/22/2024 | 08/2024 | Inv #0320-004431406 | Invoice | | | Republic Services #320 | | 0.00 | (1,762.23) | (3,073,472.06) |
| 2000 | 07/31/2024 | 08/22/2024 | 08/2024 | Inv #445538 | Invoice | | | Bowman | | 0.00 | (2,655.00) | (3,076,127.06) |
| 2000 | 07/31/2024 | 08/22/2024 | 08/2024 | Inv #24-9427 | Invoice | | | Elevator Construction & Repair | | 0.00 | (243.80) | (3,076,370.86) |
| 2000 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1291 | Vendor Payment | | | Joseph Fazzio Inc | | 2,595.07 | 0.00 | (3,073,775.79) |
| 2000 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1292 | Vendor Payment | Towel, NAT, 600 ft, 12/ct | | Office Basics | | 210.83 | 0.00 | (3,073,564.96) |
| 2000 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1292 | Vendor Payment | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 191.82 | 0.00 | (3,073,373.14) |
| 2000 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1292 | Vendor Payment | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.40 | 0.00 | (3,073,290.74) |
| 2000 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1292 | Vendor Payment | Bags High Density 7-10 GAL | | Office Basics | | 37.95 | 0.00 | (3,073,252.79) |
| 2000 | 08/01/2024 | 08/01/2024 | 08/2024 | Check #1293 | Vendor Payment | | | United Rentals | | 2,562.18 | 0.00 | (3,070,690.61) |
| 2000 | 08/01/2024 | 08/03/2024 | 08/2024 | Inv #11152 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (3,074,790.16) |
| 2000 | 08/01/2024 | 08/12/2024 | 08/2024 | Inv #24-0123 | Invoice | elevator | | Elevator GSM LLC | | 0.00 | (675.00) | (3,075,465.16) |
| 2000 | 08/01/2024 | 08/19/2024 | 08/2024 | Inv #9149984 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (3,075,572.52) |
| 2000 | 08/01/2024 | 08/22/2024 | 08/2024 | Inv #21580 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,076,119.68) |
| 2000 | 08/01/2024 | 08/22/2024 | 09/2024 | Inv #080124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (493.88) | (3,076,613.56) |
| 2000 | 08/01/2024 | 08/22/2024 | 09/2024 | Inv #080124 | Invoice | | | Granite Telecommunication s-6165 | | 0.00 | (179.07) | (3,076,792.63) |
| 2000 | 08/02/2024 | 08/02/2024 | 08/2024 | Check #1294 | Vendor Payment | | | CS Contractor Corp | | 5,200.00 | 0.00 | (3,071,592.63) |
| 2000 | 08/02/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011518 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (45.95) | (3,071,638.58) |
| 2000 | 08/02/2024 | 08/29/2024 | 08/2024 | Inv #1224910 | Invoice | | | PA Dept of LAbor & Industry-B | | 0.00 | (106.58) | (3,071,745.16) |
| 2000 | 08/03/2024 | 08/09/2024 | 08/2024 | Inv #0803-RW-JNK-PGK GAR | Invoice | PARKING GARAGE | | RW Electrical LLC | | 0.00 | (4,230.00) | (3,075,975.16) |
| 2000 | 08/03/2024 | 08/09/2024 | 08/2024 | Inv #0803-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (748.00) | (3,076,723.16) |
| 2000 | 08/05/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011520 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (227.30) | (3,076,950.46) |
| 2000 | 08/05/2024 | 08/27/2024 | 08/2024 | Inv #3722 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 0.00 | (700.00) | (3,077,650.46) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770295458 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 163.81 | 0.00 | (3,077,486.65) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770295458 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 210 (4621340100) | | 179.57 | 0.00 | (3,077,307.08) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770401734 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 310 (5869598000) | | 75.94 | 0.00 | (3,077,231.14) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770401734 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 310 (5869598000) | | 75.94 | 0.00 | (3,077,155.20) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770401734 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 310 (5869598000) | | 75.74 | 0.00 | (3,077,079.46) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770401734 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 310 (5869598000) | | 75.74 | 0.00 | (3,077,003.72) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770404096 + $5.95 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 150.30 | 0.00 | (3,076,853.42) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Check #PD Online 7/29/24 #3770404096 + $5.95 | Vendor Payment | | | PECO 660 OYR (6578467000) | | 188.25 | 0.00 | (3,076,665.17) |
| 2000 | 08/06/2024 | 08/06/2024 | 08/2024 | Inv #0806-SB-JENK | Invoice | 7/22-7/23 PARKNG GARAGE | | Stephen Beer Plumbing | | 0.00 | (1,820.00) | (3,078,485.17) |
| 2000 | 08/06/2024 | 08/19/2024 | 08/2024 | Inv #WIG/011540 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (12.71) | (3,078,497.88) |
| 2000 | 08/07/2024 | 08/07/2024 | 08/2024 | Check #1295 | Vendor Payment | | | SE2 Engineering, LLC | | 1,000.00 | 0.00 | (3,077,497.88) |
| 2000 | 08/07/2024 | 08/07/2024 | 08/2024 | Check #1295 | Vendor Payment | | | SE2 Engineering, LLC | | 3,000.00 | 0.00 | (3,074,497.88) |
| 2000 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #-2553288 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (191.81) | (3,074,689.69) |
| 2000 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #-2553288 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 0.00 | (37.95) | (3,074,727.64) |
| 2000 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #-2553288 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 0.00 | (82.40) | (3,074,810.04) |
| 2000 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #-2553288 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (210.84) | (3,075,020.88) |
| 2000 | 08/07/2024 | 08/22/2024 | 08/2024 | Inv #152101 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (12,099.42) | (3,087,120.30) |
| 2000 | 08/07/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011560 - Regency | Invoice | | | City Electric Supply | | 0.00 | (117.66) | (3,087,237.96) |
| 2000 | 08/07/2024 | 08/29/2024 | 08/2024 | Inv #WIG/011553 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (261.27) | (3,087,499.23) |
| 2000 | 08/08/2024 | 08/08/2024 | 08/2024 | Check #1296 | Vendor Payment | | | Revolution Recovery, LLC | | 820.00 | 0.00 | (3,086,679.23) |
| 2000 | 08/08/2024 | 08/08/2024 | 08/2024 | Check #1296 | Vendor Payment | | | Revolution Recovery, LLC | | 820.00 | 0.00 | (3,085,859.23) |
| 2000 | 08/08/2024 | 08/08/2024 | 08/2024 | Inv #REIMB - Harbor Freight | Invoice | | | CS Contractor Corp | | 0.00 | (302.39) | (3,086,161.62) |
| 2000 | 08/08/2024 | 08/08/2024 | 08/2024 | Check #1297 | Vendor Payment | | | CS Contractor Corp | | 302.39 | 0.00 | (3,085,859.23) |
| 2000 | 08/08/2024 | 08/08/2024 | 08/2024 | Check #1298 | Vendor Payment | | | United Rentals | | 3,559.48 | 0.00 | (3,082,299.75) |
| 2000 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1300 | Vendor Payment | PARKING GARAGE | | RW Electrical LLC | | 4,230.00 | 0.00 | (3,078,069.75) |
| 2000 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1299 | Vendor Payment | | | Darin Holiday | | 748.00 | 0.00 | (3,077,321.75) |
| 2000 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1301 | Vendor Payment | | | ATIS Elevator Inspections, LLC | | 294.00 | 0.00 | (3,077,027.75) |
| 2000 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1301 | Vendor Payment | | | ATIS Elevator Inspections, LLC | | 294.00 | 0.00 | (3,076,733.75) |
| 2000 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1303 | Vendor Payment | 7/8-7/14 PARK GARAGE | | CS Contractor Corp | | 7,000.00 | 0.00 | (3,069,733.75) |
| 2000 | 08/09/2024 | 08/09/2024 | 08/2024 | Check #1304 | Vendor Payment | 7/22-7/23 PARKNG GARAGE | | Stephen Beer Plumbing | | 1,820.00 | 0.00 | (3,067,913.75) |
| 2000 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #240809443 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (4,400.00) | (3,072,313.75) |
| 2000 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #240809444 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (3,600.00) | (3,075,913.75) |
| 2000 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #240809445 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (6,400.00) | (3,082,313.75) |
| 2000 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #E240809446 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (6,000.00) | (3,088,313.75) |
| 2000 | 08/09/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011577 | Invoice | | | City Electric Supply | | 0.00 | (107.59) | (3,088,421.34) |
| 2000 | 08/12/2024 | 08/12/2024 | 08/2024 | Check #1305 | Vendor Payment | elevator | | Elevator GSM LLC | | 675.00 | 0.00 | (3,087,746.34) |
| 2000 | 08/12/2024 | 08/20/2024 | 08/2024 | Inv #405 | Invoice | | | CS Contractor Corp | | 0.00 | (5,000.00) | (3,092,746.34) |
| 2000 | 08/12/2024 | 08/29/2024 | 08/2024 | Inv #WIG/011595 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (51.03) | (3,092,797.37) |
| 2000 | 08/14/2024 | 08/29/2024 | 08/2024 | Inv #081424 | Invoice | | | Aqua 0277244 | | 0.00 | (478.76) | (3,093,276.13) |
| 2000 | 08/14/2024 | 08/29/2024 | 08/2024 | Inv #081424 | Invoice | | | Aqua 0277390 | | 0.00 | (4,971.94) | (3,098,248.07) |
| 2000 | 08/14/2024 | 08/29/2024 | 10/2024 | Inv #081424 | Invoice | | | Aqua 0279895 | | 0.00 | (253.02) | (3,098,501.09) |
| 2000 | 08/14/2024 | 08/29/2024 | 10/2024 | Inv #081424 | Invoice | | | Aqua 0279893 | | 0.00 | (253.02) | (3,098,754.11) |
| 2000 | 08/15/2024 | 08/27/2024 | 09/2024 | Inv #081524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | -(374.13) | (3,099,128.24) |
| 2000 | 08/15/2024 | 08/27/2024 | 09/2024 | Inv #0320-004444084 | Invoice | | | Republic Services #320 | | 0.00 | (1,405.10) | (3,100,533.34) |
| 2000 | 08/16/2024 | 08/16/2024 | 08/2024 | Check #1306 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 1,050.00 | 0.00 | (3,099,483.34) |
| 2000 | 08/16/2024 | 08/22/2024 | 08/2024 | Inv #205373791 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (3,100,684.34) |
| 2000 | 08/17/2024 | 08/29/2024 | 08/2024 | Inv #081724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (113.63) | (3,100,797.97) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Check #1307 | Vendor Payment | | | Sherwin Williams | | 302.50 | 0.00 | (3,100,495.47) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Check #1307 - Reversal | Vendor Payment Reversal | | | Sherwin Williams | | 0.00 | (302.50) | (3,100,797.97) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #7435254 | Invoice | | | Sherwin Williams | | 0.00 | (302.50) | (3,101,100.47) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Check #1308 | Vendor Payment | | | Sherwin Williams | | 302.50 | 0.00 | (3,100,797.97) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | liner, waxed, receptacle | | Office Basics | | 0.00 | (42.05) | (3,100,840.02) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 0.00 | (99.59) | (3,100,939.61) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | covers,seat,toilet,halff ol | | Office Basics | | 0.00 | (53.22) | (3,100,992.83) |
| 2000 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 0.00 | (190.41) | (3,101,183.24) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 08/19/2024 | 09/06/2024 | 09/2024 | Inv #WIG/011645 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (247.89) | (3,101,431.13) |
| 2000 | 08/20/2024 | 08/20/2024 | 08/2024 | Inv #Quote 7436760 | Invoice | | | Sherwin Williams | | 0.00 | (136.95) | (3,101,568.08) |
| 2000 | 08/20/2024 | 08/20/2024 | 08/2024 | Check #1309 | Vendor Payment | | | Sherwin Williams | | 136.95 | 0.00 | (3,101,431.13) |
| 2000 | 08/20/2024 | 08/29/2024 | 08/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (376.15) | (3,101,807.28) |
| 2000 | 08/20/2024 | 08/29/2024 | 08/2024 | Inv #082024 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (151.24) | (3,101,958.52) |
| 2000 | 08/20/2024 | 08/29/2024 | 08/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (76.31) | (3,102,034.83) |
| 2000 | 08/20/2024 | 09/06/2024 | 09/2024 | Inv #WIG/011663 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (86.65) | (3,102,121.48) |
| 2000 | 08/20/2024 | 09/20/2024 | 09/2024 | Inv #082024 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (194.19) | (3,102,315.67) |
| 2000 | 08/20/2024 | 10/01/2024 | 10/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (2,036.52) | (3,104,352.19) |
| 2000 | 08/20/2024 | 10/29/2024 | 10/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (6,555.67) | (3,110,907.86) |
| 2000 | 08/20/2024 | 11/12/2024 | 11/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (58.01) | (3,110,965.87) |
| 2000 | 08/21/2024 | 08/21/2024 | 08/2024 | Inv #408 | Invoice | CLEAN PARKING LOT | | CS Contractor Corp | | 0.00 | (4,200.00) | (3,115,165.87) |
| 2000 | 08/21/2024 | 08/21/2024 | 08/2024 | Inv #0821-TM-JENK | Invoice | STRIPE PARKING GARAGE | | Traffic Marking Co | | 0.00 | (1,900.00) | (3,117,065.87) |
| 2000 | 08/21/2024 | 08/29/2024 | 08/2024 | Inv #082124 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (31.67) | (3,117,097.54) |
| 2000 | 08/21/2024 | 08/29/2024 | 08/2024 | Inv #240821451 | Invoice | | | D. A. Mitchell LLC | | 0.00 | (6,000.00) | (3,123,097.54) |
| 2000 | 08/21/2024 | 09/06/2024 | 09/2024 | Inv #WIG/011675 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (42.52) | (3,123,140.06) |
| 2000 | 08/21/2024 | 12/10/2024 | 12/2024 | Inv #IN-9149984 | Invoice | Extermination | | Western Pest Control | | 0.00 | (107.36) | (3,123,247.42) |
| 2000 | 08/22/2024 | 08/22/2024 | 08/2024 | Check #1310 | Vendor Payment | | | Revolution Recovery, LLC | | 2,880.00 | 0.00 | (3,120,367.42) |
| 2000 | 08/22/2024 | 08/22/2024 | 08/2024 | Inv #0817-RW-JENK | Invoice | PARK GARAGE | | RW Electrical LLC | | 0.00 | (3,736.00) | (3,124,103.42) |
| 2000 | 08/22/2024 | 09/07/2024 | 09/2024 | Inv #WIG/011680 - Tiny Town | Invoice | | | City Electric Supply | | 0.00 | (269.99) | (3,124,373.41) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1311 | Vendor Payment | PARK GARAGE | | RW Electrical LLC | | 3,736.00 | 0.00 | (3,120,637.41) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 191.81 | 0.00 | (3,120,445.60) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 210.84 | 0.00 | (3,120,234.76) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.40 | 0.00 | (3,120,152.36) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Bags High Density 7-10 GAL | | Office Basics | | 37.95 | 0.00 | (3,120,114.41) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 191.54 | 0.00 | (3,119,922.87) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Covers, seat, toilet, halffol | | Office Basics | | 53.53 | 0.00 | (3,119,869.34) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Afia Foam Soap Ocean Mist, 6 | | Office Basics | | 133.57 | 0.00 | (3,119,735.77) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Liner, 38x60, 1.5 MIL, BN/BK | | Office Basics | | 82.27 | 0.00 | (3,119,653.50) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1312 | Vendor Payment | Liner, CR, 30x36 .65MIL, 250/CT | | Office Basics | | 26.28 | 0.00 | (3,119,627.22) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1313 | Vendor Payment | | | Dan-Nick Enterprises inc. | | 300.00 | 0.00 | (3,119,327.22) |
| 2000 | 08/23/2024 | 08/23/2024 | 08/2024 | Check #1313 | Vendor Payment | | | Dan-Nick Enterprises inc. | | 675.00 | 0.00 | (3,118,652.22) |
| 2000 | 08/26/2024 | 08/28/2024 | 08/2024 | Inv #410 | Invoice | PARKING DECK - | | CS Contractor Corp | | 0.00 | (1,800.00) | (3,120,452.22) |
| 2000 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1314 | Vendor Payment | | | Seacoast Mechanical | | 4,152.00 | 0.00 | (3,116,300.22) |
| 2000 | 08/28/2024 | 08/28/2024 | 08/2024 | Inv #409 | Invoice | | | CS Contractor Corp | | 0.00 | (4,400.00) | (3,120,700.22) |
| 2000 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1315 | Vendor Payment | | | Hillis-Carnes Engineering Associates | | 3,486.25 | 0.00 | (3,117,213.97) |
| 2000 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1316 | Vendor Payment | TINY TOWN | | Carroll Engineering Corporation | | 5,632.00 | 0.00 | (3,111,581.97) |
| 2000 | 08/28/2024 | 08/28/2024 | 08/2024 | Check #1317 | Vendor Payment | | | Bowman | | 2,655.00 | 0.00 | (3,108,926.97) |
| 2000 | 08/29/2024 | 09/10/2024 | 09/2024 | Inv #WIG/011738 | Invoice | | | City Electric Supply | | 0.00 | (53.62) | (3,108,980.59) |
| 2000 | 08/29/2024 | 02/05/2025 | 01/2025 | Inv #405908 | Invoice | EMS | | Energy Management Systems | | 0.00 | (75.00) | (3,109,055.59) |
| 2000 | 08/31/2024 | 09/25/2024 | 08/2024 | Inv #35704 | Invoice | THRU 8/28/2024 | | Heritage Consulting Group | | 0.00 | (2,406.11) | (3,111,461.70) |
| 2000 | 09/01/2024 | 09/10/2024 | 09/2024 | Inv #23241 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,112,008.86) |
| 2000 | 09/01/2024 | 09/10/2024 | 09/2024 | Inv #03Q4750 | Invoice | | | Klenzoid Water Treatment | | 0.00 | (1,302.93) | (3,113,311.79) |
| 2000 | 09/01/2024 | 09/17/2024 | 09/2024 | Inv #9205766 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (3,113,419.15) |
| 2000 | 09/01/2024 | 09/10/2024 | 10/2024 | Inv #090124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (534.77) | (3,113,953.92) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 09/01/2024 | 09/10/2024 | 10/2024 | Inv #090124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (3,114,130.13) |
| 2000 | 09/01/2024 | 10/02/2024 | 10/2024 | Inv #11318 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (3,118,229.68) |
| 2000 | 09/03/2024 | 09/04/2024 | 09/2024 | Inv #496 | Invoice | | | America Heating and Air | | 0.00 | (650.00) | (3,118,879.68) |
| 2000 | 09/03/2024 | 09/10/2024 | 09/2024 | Inv #61456 | Invoice | FUEL | | Cardinal USA Fuel Oil Co | | 0.00 | (1,229.15) | (3,120,108.83) |
| 2000 | 09/03/2024 | 09/11/2024 | 09/2024 | Inv #242302 | Invoice | | | Carroll Engineering Corporation | | 0.00 | (1,688.25) | (3,121,797.08) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1318 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (3,117,697.53) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1318 - Reversal | Vendor Payment Reversal | | | BCS Facilities Group | | 0.00 | (4,099.55) | (3,121,797.08) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1319 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (3,117,697.53) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1320 | Vendor Payment | | | SDS | | 1,971.72 | 0.00 | (3,115,725.81) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Credit 4959 was allocated to Invoice - #4955 | Vendor Payment | | | SDS | | 58.42 | 0.00 | (3,115,667.39) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Credit 4959 was allocated to invoice - #005015 | Vendor Payment | 36" concrete saw blades | | SDS | | 3,641.58 | 0.00 | (3,112,025.81) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Credit 4959 was allocated to invoice - #4955 | Vendor Payment | | | SDS | | 0.00 | (58.42) | (3,112,084.23) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Credit 4959 was allocated to Invoice - #005015 | Vendor Payment | 36" concrete saw blades | | SDS | | 0.00 | (3,641.58) | (3,115,725.81) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1321 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,115,650.81) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1321 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,115,575.81) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #Pd Online 8/7/24 #623875569 | Vendor Payment | | | Granite Telecommunications - 2396 | | 493.88 | 0.00 | (3,115,081.93) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #Pd Online 8/7/24 #623875569 | Vendor Payment | | | Granite Telecommunications - 2396 | | 485.98 | 0.00 | (3,114,595.95) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #Pd Online 8/7/24 #623875573 | Vendor Payment | | | Granite Telecommunications-6165 | | 179.07 | 0.00 | (3,114,416.88) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #Pd Online 8/7/24 #623875573 | Vendor Payment | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | (3,114,240.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1321 - Reversal | Vendor Payment Reversal | | | Energy Management Systems | | 0.00 | (75.00) | (3,114,315.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1321 - Reversal | Vendor Payment Reversal | | | Energy Management Systems | | 0.00 | (75.00) | (3,114,390.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1322 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,114,315.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1322 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,114,240.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1322 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,114,165.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1322 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,114,090.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1322 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,114,015.67) |
| 2000 | 09/04/2024 | 09/04/2024 | 09/2024 | Check #1322 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,113,940.67) |
| 2000 | 09/05/2024 | 09/05/2024 | 09/2024 | Inv #0831-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (3,968.00) | (3,117,908.67) |
| 2000 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1327 | Vendor Payment | GARAGE 4/8-4/19 + MATL | | Stephen Beer Plumbing | | 5,000.00 | 0.00 | (3,112,908.67) |
| 2000 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1326 | Vendor Payment | | | RW Electrical LLC | | 3,968.00 | 0.00 | (3,108,940.67) |
| 2000 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1325 | Vendor Payment | | | D. A. Mitchell LLC | | 4,900.00 | 0.00 | (3,104,040.67) |
| 2000 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1324 | Vendor Payment | | | CS Contractor Corp | | 5,000.00 | 0.00 | (3,099,040.67) |
| 2000 | 09/05/2024 | 09/05/2024 | 09/2024 | Check #1323 | Vendor Payment | 7/4-7/10 PARK GARAGE | | Campion Masonry | | 13,643.00 | 0.00 | (3,085,397.67) |
| 2000 | 09/06/2024 | 09/07/2024 | 09/2024 | Inv #206448198 | Invoice | | | Zoom Drain & Septic Service | | 0.00 | (1,201.00) | (3,086,598.67) |
| 2000 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #I-2572498 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (157.79) | (3,086,756.46) |
| 2000 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #I-2572498 | Invoice | liner, waxed, receptacle | | Office Basics | | 0.00 | (42.27) | (3,086,798.73) |
| 2000 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #I-2572498 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 0.00 | (82.22) | (3,086,880.95) |
| 2000 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #I-2572498 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (191.40) | (3,087,072.35) |
| 2000 | 09/08/2024 | 09/10/2024 | 09/2024 | Inv #3773 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 0.00 | (910.00) | (3,087,982.35) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Inv #Sept Payment Inv# 7603 | Invoice | | | Advanced Electronic Security | | 0.00 | (2,276.00) | (3,090,258.35) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1328 | Vendor Payment | | | Advanced Electronic Security | | 2,276.00 | 0.00 | (3,087,982.35) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 174.44 | 0.00 | (3,087,807.91) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 266.37 | 0.00 | (3,087,541.54) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 366.51 | 0.00 | (3,087,175.03) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 107.59 | 0.00 | (3,087,067.44) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 117.66 | 0.00 | (3,086,949.78) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 227.30 | 0.00 | (3,086,722.48) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 45.95 | 0.00 | (3,086,676.53) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 508.69 | 0.00 | (3,086,167.84) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 188.55 | 0.00 | (3,085,979.29) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 89.99 | 0.00 | (3,085,889.30) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 82.46 | 0.00 | (3,085,806.84) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 74.87 | 0.00 | (3,085,731.97) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 12.71 | 0.00 | (3,085,719.26) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 13.41 | 0.00 | (3,085,705.85) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1329 | Vendor Payment | | | City Electric Supply | | 85.29 | 0.00 | (3,085,620.56) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1330 | Vendor Payment | | | Republic Services #320 | | 1,762.23 | 0.00 | (3,083,858.33) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1331 | Vendor Payment | | | Revolution Recovery, LLC | | 1,780.00 | 0.00 | (3,082,078.33) |
| 2000 | 09/09/2024 | 09/09/2024 | 09/2024 | Check #1331 | Vendor Payment | | | Revolution Recovery, LLC | | 820.00 | 0.00 | (3,081,258.33) |
| 2000 | 09/09/2024 | 10/28/2024 | 11/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,873.64) | (3,083,131.97) |
| 2000 | 09/10/2024 | 09/10/2024 | 09/2024 | Check #1332 | Vendor Payment | | | United Rentals | | 2,195.47 | 0.00 | (3,080,936.50) |
| 2000 | 09/10/2024 | 09/10/2024 | 09/2024 | Check #1332 | Vendor Payment | | | United Rentals | | 2,597.04 | 0.00 | (3,078,339.46) |
| 2000 | 09/10/2024 | 09/10/2024 | 09/2024 | Check #1332 | Vendor Payment | | | United Rentals | | 106.00 | 0.00 | (3,078,233.46) |
| 2000 | 09/10/2024 | 09/10/2024 | 09/2024 | Check #1333 | Vendor Payment | | | Atomic Extinguisher Services | | 856.59 | 0.00 | (3,077,376.87) |
| 2000 | 09/11/2024 | 09/11/2024 | 09/2024 | Check #1334 | Vendor Payment | STRIPE PARKNG GARAGE | | Traffic Marking Co | | 1,900.00 | 0.00 | (3,075,476.87) |
| 2000 | 09/11/2024 | 09/11/2024 | 09/2024 | Check #1335 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (3,074,929.71) |
| 2000 | 09/11/2024 | 09/11/2024 | 09/2024 | Check #1335 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (3,074,382.55) |
| 2000 | 09/12/2024 | 09/12/2024 | 09/2024 | Check #1336 | Vendor Payment | FUEL | | Cardinal USA Fuel Oil Co | | 1,229.15 | 0.00 | (3,073,153.40) |
| 2000 | 09/12/2024 | 09/12/2024 | 09/2024 | Check #PD Online 7/29/24 #14708656 | Vendor Payment | | | Aqua 0279895 | | 250.61 | 0.00 | (3,072,902.79) |
| 2000 | 09/12/2024 | 09/20/2024 | 09/2024 | Inv #112128-996 | Invoice | | | Dan-Nick Enterprises inc. | | 0.00 | (300.00) | (3,073,202.79) |
| 2000 | 09/13/2024 | 09/13/2024 | 09/2024 | Check #PD Online 7/29/24 #14708694 | Vendor Payment | | | Aqua 0277390 | | 3,202.56 | 0.00 | (3,070,000.23) |
| 2000 | 09/13/2024 | 09/13/2024 | 09/2024 | Check #PD Online 7/29/24 #14708637 | Vendor Payment | | | Aqua 0277244 | | 575.31 | 0.00 | (3,069,424.92) |
| 2000 | 09/13/2024 | 09/13/2024 | 09/2024 | Check #PD Online 7/29/24 #14708682 | Vendor Payment | | | Aqua 0279893 | | 250.61 | 0.00 | (3,069,174.31) |
| 2000 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0277390 | | 0.00 | (2,998.78) | (3,072,173.09) |
| 2000 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0277244 | | 0.00 | (433.96) | (3,072,607.05) |
| 2000 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0279895 | | 0.00 | (253.02) | (3,072,860.07) |
| 2000 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0279893 | | 0.00 | (253.02) | (3,073,113.09) |
| 2000 | 09/14/2024 | 09/18/2024 | 09/2024 | Inv #0914-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (2,440.00) | (3,075,553.09) |
| 2000 | 09/14/2024 | 09/18/2024 | 09/2024 | Inv #0914-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (273.00) | (3,075,826.09) |
| 2000 | 09/15/2024 | 09/26/2024 | 09/2024 | Inv #0320-004449284 | Invoice | | | Republic Services #320 | | 0.00 | (1,394.98) | (3,077,221.07) |
| 2000 | 09/15/2024 | 11/12/2024 | 11/2024 | Inv #091524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (374.13) | (3,077,595.20) |
| 2000 | 09/16/2024 | 09/16/2024 | 09/2024 | Check #PD Online 7/18/24 #18409322523 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 2.00 | 0.00 | (3,077,593.20) |
| 2000 | 09/16/2024 | 09/16/2024 | 09/2024 | Check #PD Online 7/18/24 #18409322523 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 373.25 | 0.00 | (3,077,219.95) |
| 2000 | 09/16/2024 | 09/16/2024 | 09/2024 | Check #Pd Online 9/16/24 #18862602963 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 374.13 | 0.00 | (3,076,845.82) |
| 2000 | 09/16/2024 | 09/16/2024 | 09/2024 | Check #Pd Online 9/16/24 #18862602963 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 371.54 | 0.00 | (3,076,474.28) |
| 2000 | 09/17/2024 | 09/17/2024 | 09/2024 | Check #1337 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 700.00 | 0.00 | (3,075,774.28) |
| 2000 | 09/17/2024 | 09/30/2024 | 09/2024 | Inv #091724 | Invoice | | | Comcast 8499-10-139-0284781 | | 0.00 | (103.63) | (3,075,877.91) |
| 2000 | 09/18/2024 | 12/10/2024 | 12/2024 | Inv #IN-9205766 | Invoice | extermination | | Western Pest Control | | 0.00 | (107.36) | (3,075,985.27) |
| 2000 | 09/19/2024 | 09/25/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (76.31) | (3,076,061.58) |
| 2000 | 09/19/2024 | 09/25/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (313.44) | (3,076,375.02) |
| 2000 | 09/19/2024 | 09/26/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (78.65) | (3,076,453.67) |
| 2000 | 09/19/2024 | 09/26/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (142.93) | (3,076,596.60) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 09/19/2024 | 09/26/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (228.40) | (3,076,825.00) |
| 2000 | 09/19/2024 | 10/28/2024 | 10/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (6,149.12) | (3,082,974.12) |
| 2000 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #1339 | Vendor Payment | | | RW Electrical LLC | | 2,440.00 | 0.00 | (3,080,534.12) |
| 2000 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #1338 | Vendor Payment | | | Darin Holiday | | 273.00 | 0.00 | (3,080,261.12) |
| 2000 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #PD ONLINE 9/19/24 #3863025578 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 194.19 | 0.00 | (3,080,066.93) |
| 2000 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #PD ONLINE 9/19/24 #3863025578 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 283.13 | 0.00 | (3,079,783.80) |
| 2000 | 09/20/2024 | 09/20/2024 | 09/2024 | Check #PD ONLINE 9/19/24 #3863025578 | Vendor Payment | | | PECO 610 OYR STE 80 (0735997000) | | 247.15 | 0.00 | (3,079,536.65) |
| 2000 | 09/20/2024 | 10/02/2024 | 09/2024 | Inv #092024 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (31.67) | (3,079,568.32) |
| 2000 | 09/20/2024 | 10/09/2024 | 10/2024 | Inv #WIG/011908 | Invoice | | | City Electric Supply | | 0.00 | (87.79) | (3,079,656.11) |
| 2000 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/26/24 #15211440 | Vendor Payment | | | Aqua 0277390 | | 3,288.94 | 0.00 | (3,076,367.17) |
| 2000 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/26/24 #15211473 | Vendor Payment | | | Aqua 0279895 | | 253.77 | 0.00 | (3,076,113.40) |
| 2000 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/26/24 #15211498 | Vendor Payment | | | Aqua 0277244 | | 696.19 | 0.00 | (3,075,417.21) |
| 2000 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 8/26/24 #15211486 | Vendor Payment | | | Aqua 0279893 | | 253.77 | 0.00 | (3,075,163.44) |
| 2000 | 09/23/2024 | 09/23/2024 | 09/2024 | Check #PD Online 9/19/24 #15707107 | Vendor Payment | | | Aqua 0277390 | | 4,971.94 | 0.00 | (3,070,191.50) |
| 2000 | 09/24/2024 | 10/09/2024 | 10/2024 | Inv #WIG/011936 | Invoice | | | City Electric Supply | | 0.00 | (386.89) | (3,070,578.39) |
| 2000 | 09/25/2024 | 09/25/2024 | 09/2024 | Check #1340 | Vendor Payment | | | Revolution Recovery, LLC | | 635.00 | 0.00 | (3,069,943.39) |
| 2000 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #I-2583676 | Invoice | screen, uml, vinyl, mintblue | | Office Basics | | 0.00 | (113.97) | (3,070,057.36) |
| 2000 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #I-2583676 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 0.00 | (81.68) | (3,070,139.04) |
| 2000 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #I-2583676 | Invoice | liner, cr, 30x36, .65mil,250/ct | | Office Basics | | 0.00 | (26.09) | (3,070,165.13) |
| 2000 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #I-2583676 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 0.00 | (237.69) | (3,070,402.82) |
| 2000 | 09/25/2024 | 09/25/2024 | 09/2024 | Check #WIRE-CONF20240925WM QFMP5L000079 | Vendor Payment | THRU 8/28/2024 | | Heritage Consulting Group | | 2,406.11 | 0.00 | (3,067,996.71) |
| 2000 | 09/25/2024 | 10/09/2024 | 10/2024 | Inv #24-11891 | Invoice | | | Elevator Construction & Repair | | 0.00 | (243.80) | (3,068,240.51) |
| 2000 | 09/26/2024 | 09/26/2024 | 09/2024 | Check #1341 | Vendor Payment | | | National Construction Rentals | | 159.00 | 0.00 | (3,068,081.51) |
| 2000 | 09/26/2024 | 10/10/2024 | 10/2024 | Inv #WIG/011961 | Invoice | | | City Electric Supply | | 0.00 | (32.86) | (3,068,114.37) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1342 | Vendor Payment | | | America Heating and Air | | 650.00 | 0.00 | (3,067,464.37) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Inv #SEPT 2024-LOANID#283 | Invoice | BAL SEPT INT + LC | | ICON PSG 1 FL, LLC | | 0.00 | (126,719.69) | (3,194,184.06) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1343 | Vendor Payment | BAL SEPT INT + LC | | ICON PSG 1 FL, LLC | | 126,719.69 | 0.00 | (3,067,464.37) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 191.40 | 0.00 | (3,067,272.97) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 157.79 | 0.00 | (3,067,115.18) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.22 | 0.00 | (3,067,032.96) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | liner, waxed, receptacle | | Office Basics | | 42.27 | 0.00 | (3,066,990.69) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 190.41 | 0.00 | (3,066,800.28) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | covers,seat,toilet,halff ol | | Office Basics | | 53.22 | 0.00 | (3,066,747.06) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | afia foam soap ocean mist 6 | | Office Basics | | 99.59 | 0.00 | (3,066,647.47) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 | Vendor Payment | liner, waxed, receptacle | | Office Basics | | 42.05 | 0.00 | (3,066,605.42) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 0.00 | (191.40) | (3,066,796.82) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (157.79) | (3,066,954.61) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 0.00 | (82.22) | (3,067,036.83) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | liner, waxed, receptacle | | Office Basics | | 0.00 | (42.27) | (3,067,079.10) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 0.00 | (190.41) | (3,067,269.51) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | covers,seat,toilet,halff ol | | Office Basics | | 0.00 | (53.22) | (3,067,322.73) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | afia foam soap ocean mist 6 | | Office Basics | | 0.00 | (99.59) | (3,067,422.32) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1344 - Reversal | Vendor Payment Reversal | liner, waxed, receptacle | | Office Basics | | 0.00 | (42.05) | (3,067,464.37) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1345 | Vendor Payment | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 191.40 | 0.00 | (3,067,272.97) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1345 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 157.79 | 0.00 | (3,067,115.18) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1345 | Vendor Payment | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.22 | 0.00 | (3,067,032.96) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1345 | Vendor Payment | liner, waxed, receptacle | | Office Basics | | 42.27 | 0.00 | (3,066,990.69) |
| 2000 | 09/27/2024 | 09/27/2024 | 09/2024 | Check #1345 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 39.47 | 0.00 | (3,066,951.22) |
| 2000 | 09/27/2024 | 10/09/2024 | 10/2024 | Inv #407479 | Invoice | | | Energy Management Systems | | 0.00 | (75.00) | (3,067,026.22) |
| 2000 | 09/28/2024 | 11/01/2024 | 09/2024 | Inv #0928-SBGLAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 0.00 | (6,048.00) | (3,073,074.22) |
| 2000 | 09/30/2024 | 01/13/2025 | 09/2024 | Inv #35867 | Invoice | | | Heritage Consulting Group | | 0.00 | (585.00) | (3,073,659.22) |
| 2000 | 10/01/2024 | 10/01/2024 | 10/2024 | Inv #SITUSvJENKINS | Invoice | TRANSCRIPTS | | Treasurer of Montgomery County | | 0.00 | (101.25) | (3,073,760.47) |
| 2000 | 10/01/2024 | 10/01/2024 | 10/2024 | Check #1346 | Vendor Payment | TRANSCRIPTS | | Treasurer of Montgomery County | | 101.25 | 0.00 | (3,073,659.22) |
| 2000 | 10/01/2024 | 10/01/2024 | 10/2024 | Check #1347 | Vendor Payment | | | Carroll Engineering Corporation | | 700.00 | 0.00 | (3,072,959.22) |
| 2000 | 10/01/2024 | 10/01/2024 | 10/2024 | Check #1348 | Vendor Payment | 7/22-7/25 PKG GARAGE | | CS Contractor Corp | | 4,000.00 | 0.00 | (3,068,959.22) |
| 2000 | 10/01/2024 | 10/02/2024 | 10/2024 | Inv #11524 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (3,073,058.77) |
| 2000 | 10/01/2024 | 10/10/2024 | 10/2024 | Inv #24625 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,073,605.93) |
| 2000 | 10/01/2024 | 10/10/2024 | 10/2024 | Inv #100124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (540.69) | (3,074,146.62) |
| 2000 | 10/01/2024 | 10/10/2024 | 10/2024 | Inv #100124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (3,074,322.83) |
| 2000 | 10/01/2024 | 10/14/2024 | 10/2024 | Inv #9264689 | Invoice | | | Western Pest Control | | 0.00 | (107.36) | (3,074,430.19) |
| 2000 | 10/01/2024 | 10/30/2024 | 10/2024 | Inv #OCT 2024 INT | Invoice | | | ICON PSG 1 FL, LLC | | 0.00 | (202,392.97) | (3,276,823.16) |
| 2000 | 10/01/2024 | 11/25/2024 | 11/2024 | Inv #100124 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,277,370.32) |
| 2000 | 10/02/2024 | 10/21/2024 | 10/2024 | Inv #WIG/011998 | Invoice | | | City Electric Supply | | 0.00 | (68.90) | (3,277,439.22) |
| 2000 | 10/03/2024 | 10/03/2024 | 10/2024 | Inv #0928-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (364.00) | (3,277,803.22) |
| 2000 | 10/03/2024 | 10/03/2024 | 10/2024 | Inv #0928-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (3,408.00) | (3,281,211.22) |
| 2000 | 10/03/2024 | 10/03/2024 | 10/2024 | Check #1350 | Vendor Payment | | | RW Electrical LLC | | 3,408.00 | 0.00 | (3,277,803.22) |
| 2000 | 10/03/2024 | 10/03/2024 | 10/2024 | Check #1349 | Vendor Payment | | | Darin Holiday | | 364.00 | 0.00 | (3,277,439.22) |
| 2000 | 10/03/2024 | 10/21/2024 | 10/2024 | Inv #WIG/012017 | Invoice | | | City Electric Supply | | 0.00 | (337.83) | (3,277,777.05) |
| 2000 | 10/03/2024 | 10/21/2024 | 10/2024 | Inv #WIG/012018 | Invoice | | | City Electric Supply | | 0.00 | (87.98) | (3,277,865.03) |
| 2000 | 10/04/2024 | 10/04/2024 | 10/2024 | Inv #Oct Payment Inv# 7603 | Invoice | | | Advanced Electronic Security | | 0.00 | (2,274.28) | (3,280,139.31) |
| 2000 | 10/04/2024 | 10/04/2024 | 10/2024 | Check #1351 | Vendor Payment | | | Advanced Electronic Security | | 2,274.28 | 0.00 | (3,277,865.03) |
| 2000 | 10/04/2024 | 10/16/2024 | 10/2024 | Inv #WIG/012031 | Invoice | | | City Electric Supply | | 0.00 | (42.47) | (3,277,907.50) |
| 2000 | 10/06/2024 | 10/28/2024 | 10/2024 | Inv #3819 - Jenk | Invoice | | | Huntingdon Valley Landscape Group | | 0.00 | (700.00) | (3,278,607.50) |
| 2000 | 10/07/2024 | 10/07/2024 | 10/2024 | Check #Pd Online 10/7/24 #634233361 | Vendor Payment | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | (3,278,431.29) |
| 2000 | 10/07/2024 | 10/07/2024 | 10/2024 | Check #Pd Online 10/7/24 #634233355 $540.69 | Vendor Payment | | | Granite Telecommunications - 2398 | | 534.77 | 0.00 | (3,277,896.52) |
| 2000 | 10/08/2024 | 10/10/2024 | 10/2024 | Inv #126136 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (8,733.04) | (3,286,629.56) |
| 2000 | 10/09/2024 | 10/09/2024 | 10/2024 | Check #1352 | Vendor Payment | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | (3,285,428.56) |
| 2000 | 10/09/2024 | 10/09/2024 | 10/2024 | Check #1353 | Vendor Payment | | | City Electric Supply | | 386.89 | 0.00 | (3,285,041.67) |
| 2000 | 10/09/2024 | 10/09/2024 | 10/2024 | Check #1353 | Vendor Payment | | | City Electric Supply | | 87.79 | 0.00 | (3,284,953.88) |
| 2000 | 10/09/2024 | 10/21/2024 | 10/2024 | Inv #WIG/012068 | Invoice | | | City Electric Supply | | 0.00 | (96.81) | (3,285,050.69) |
| 2000 | 10/09/2024 | 10/22/2024 | 10/2024 | Inv #WIG/012072 | Invoice | | | City Electric Supply | | 0.00 | (29.15) | (3,285,079.84) |
| 2000 | 10/10/2024 | 10/10/2024 | 10/2024 | Check #1354 | Vendor Payment | | | PA Dept of LAbor & Industry-B | | 106.58 | 0.00 | (3,284,973.26) |
| 2000 | 10/10/2024 | 10/10/2024 | 10/2024 | Check #1355 | Vendor Payment | | | Dan-Nick Enterprises inc. | | 300.00 | 0.00 | (3,284,673.26) |
| 2000 | 10/10/2024 | 10/22/2024 | 10/2024 | Inv #WIG/012082 | Invoice | | | City Electric Supply | | 0.00 | (239.05) | (3,284,912.31) |
| 2000 | 10/11/2024 | 10/11/2024 | 10/2024 | Check #1356 | Vendor Payment | | | CS Contractor Corp | | 6,000.00 | 0.00 | (3,278,912.31) |
| 2000 | 10/11/2024 | 10/11/2024 | 10/2024 | Check #1357 | Vendor Payment | 7/11-7/17 PARK GARAGE | | Campion Masonry | | 15,366.00 | 0.00 | (3,263,546.31) |
| 2000 | 10/14/2024 | 10/15/2024 | 10/2024 | Inv #Ann. Fire Inspection Fee | Invoice | | | The Borough of Jenkintown | | 0.00 | (350.00) | (3,263,896.31) |
| 2000 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | liner, 38x60, 1.5 MIL., BN/BK | | Office Basics | | 0.00 | (82.78) | (3,263,979.09) |
| 2000 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | covers, seat, toilet, halffol | | Office Basics | | 0.00 | (53.86) | (3,264,032.95) |
| 2000 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | Afis foam soap ocean mist, 6 | | Office Basics | | 0.00 | (134.41) | (3,264,167.36) |
| 2000 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 0.00 | (192.72) | (3,264,360.08) |
| 2000 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 0.00 | (211.84) | (3,264,571.92) |
| 2000 | 10/14/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012105 | Invoice | | | City Electric Supply | | 0.00 | (104.37) | (3,264,676.29) |
| 2000 | 10/15/2024 | 10/15/2024 | 10/2024 | Check #1358 | Vendor Payment | | | United Rentals | | 2,513.47 | 0.00 | (3,262,162.82) |

Appx882

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 10/15/2024 | 10/15/2024 | 10/2024 | Check #1359 | Vendor Payment | | | Elevator Construction & Repair | | 243.80 | 0.00 | (3,261,919.02) |
| 2000 | 10/15/2024 | 10/15/2024 | 10/2024 | Check #1359 | Vendor Payment | | | Elevator Construction & Repair | | 243.80 | 0.00 | (3,261,675.22) |
| 2000 | 10/15/2024 | 10/15/2024 | 10/2024 | Check #1360 | Vendor Payment | | | The Borough of Jenkintown | | 350.00 | 0.00 | (3,261,325.22) |
| 2000 | 10/15/2024 | 10/21/2024 | 10/2024 | Inv #101524 | Invoice | | | Aqua 0277244 | | 0.00 | (409.05) | (3,261,734.27) |
| 2000 | 10/15/2024 | 10/22/2024 | 10/2024 | Inv #0320-004464346 | Invoice | | | Republic Services #320 | | 0.00 | (1,757.69) | (3,263,491.96) |
| 2000 | 10/15/2024 | 10/28/2024 | 10/2024 | Inv #101524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (364.22) | (3,263,856.18) |
| 2000 | 10/15/2024 | 10/21/2024 | 11/2024 | Inv #101524 | Invoice | | | Aqua 0279893 | | 0.00 | (256.67) | (3,264,112.85) |
| 2000 | 10/15/2024 | 10/21/2024 | 11/2024 | Inv #101524 | Invoice | | | Aqua 0279895 | | 0.00 | (256.67) | (3,264,369.52) |
| 2000 | 10/15/2024 | 11/12/2024 | 11/2024 | Inv #101524 | Invoice | | | Aqua 0277390 | | 0.00 | (2,930.93) | (3,267,300.45) |
| 2000 | 10/16/2024 | 10/16/2024 | 10/2024 | Check #See Inv 4959.Invoice Offset by Credit | Vendor Payment | | | SDS | | 3,641.58 | 0.00 | (3,263,658.87) |
| 2000 | 10/16/2024 | 10/16/2024 | 10/2024 | Check #1361 | Vendor Payment | | | Revolution Recovery, LLC | | 4,160.60 | 0.00 | (3,259,498.27) |
| 2000 | 10/16/2024 | 10/16/2024 | 10/2024 | Check #1361 | Vendor Payment | | | Revolution Recovery, LLC | | 385.00 | 0.00 | (3,259,113.27) |
| 2000 | 10/16/2024 | 10/16/2024 | 10/2024 | Inv #1012-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (416.00) | (3,259,529.27) |
| 2000 | 10/16/2024 | 10/16/2024 | 10/2024 | Inv #1012-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (3,684.00) | (3,263,213.27) |
| 2000 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #1363 | Vendor Payment | | | RW Electrical LLC | | 3,684.00 | 0.00 | (3,259,529.27) |
| 2000 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #1362 | Vendor Payment | | | Darin Holiday | | 416.00 | 0.00 | (3,259,113.27) |
| 2000 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #PD Online 9/18/24 #488456509052 | Vendor Payment | | | Republic Services #320 | | 1,405.10 | 0.00 | (3,257,708.17) |
| 2000 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #PD Online 7/15/24 #3745560012 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 77.99 | 0.00 | (3,257,630.18) |
| 2000 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #PD Online 7/15/24 #3745560012 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 77.95 | 0.00 | (3,257,552.23) |
| 2000 | 10/17/2024 | 10/17/2024 | 10/2024 | Check #PD Online 7/15/24 #3745560012 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 84.30 | 0.00 | (3,257,467.93) |
| 2000 | 10/17/2024 | 10/28/2024 | 10/2024 | Inv #123626927 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (40.00) | (3,257,507.93) |
| 2000 | 10/17/2024 | 10/28/2024 | 10/2024 | Inv #101724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 0.00 | (113.63) | (3,257,621.56) |
| 2000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 9/9/24 #15508827 | Vendor Payment | | | Aqua 0279895 | | 253.02 | 0.00 | (3,257,368.54) |
| 2000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 9/9/24 #15508848 | Vendor Payment | | | Aqua 0277244 | | 478.76 | 0.00 | (3,256,889.78) |
| 2000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 9/9/24 #15508876 | Vendor Payment | | | Aqua 0279893 | | 253.02 | 0.00 | (3,256,636.76) |
| 2000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #PD Online 7/31/24 #483684266052 | Vendor Payment | | | Republic Services #320 | | 1,460.92 | 0.00 | (3,255,175.84) |
| 2000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #4119 | Vendor Payment | MATL | | Stephen Beer Plumbing | | 1,435.00 | 0.00 | (3,253,740.84) |
| 2000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #4119 | Vendor Payment | 2/27-2/28 Labor | | Stephen Beer Plumbing | | 1,365.00 | 0.00 | (3,252,375.84) |
| 2000 | 10/18/2024 | 10/18/2024 | 10/2024 | Check #4119 | Vendor Payment | JERSEY COLLEGE | | Stephen Beer Plumbing | | 1,370.00 | 0.00 | (3,251,005.84) |
| 2000 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (187.05) | (3,251,192.89) |
| 2000 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (79.07) | (3,251,271.96) |
| 2000 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (267.19) | (3,251,539.15) |
| 2000 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (76.64) | (3,251,615.79) |
| 2000 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 660 OYR (6578467000) | | 0.00 | (130.12) | (3,251,745.91) |
| 2000 | 10/18/2024 | 10/29/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (4,853.72) | (3,256,599.63) |
| 2000 | 10/18/2024 | 10/28/2024 | 11/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,457.02) | (3,258,056.65) |
| 2000 | 10/21/2024 | 11/12/2024 | 11/2024 | Inv #102124 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (31.67) | (3,258,088.32) |
| 2000 | 10/22/2024 | 10/28/2024 | 10/2024 | Inv #24-13115 | Invoice | | | Elevator Construction & Repair | | 0.00 | (243.80) | (3,258,332.12) |
| 2000 | 10/22/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012187 | Invoice | | | City Electric Supply | | 0.00 | (90.36) | (3,258,422.48) |
| 2000 | 10/22/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012186 | Invoice | | | City Electric Supply | | 0.00 | (19.61) | (3,258,442.09) |
| 2000 | 10/23/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012196 | Invoice | | | City Electric Supply | | 0.00 | (103.64) | (3,258,545.73) |
| 2000 | 10/23/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012200 | Invoice | | | City Electric Supply | | 0.00 | (895.34) | (3,259,441.07) |
| 2000 | 10/24/2024 | 10/24/2024 | 10/2024 | Check #1365 | Vendor Payment | | | Republic Services #320 | | 1,504.81 | 0.00 | (3,257,936.26) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | Towel NAT 600 FT 12/CT | | Office Basics | | 211.84 | 0.00 | (3,257,724.42) |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

Page 129 of 234

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 192.72 | 0.00 | (3,257,531.70) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | Afis foam soap ocean mist, 6 | | Office Basics | | 134.41 | 0.00 | (3,257,397.29) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | covers, seat, toilet, halffol | | Office Basics | | 53.86 | 0.00 | (3,257,343.43) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | liner, 38x60, 1.5 MIL, BN/BK | | Office Basics | | 82.78 | 0.00 | (3,257,260.65) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 237.69 | 0.00 | (3,257,022.96) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | liner, cr, 30x36, .65mil,250/ct | | Office Basics | | 26.09 | 0.00 | (3,256,996.87) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | Liner 38x60 1.5 Mll BN/BK | | Office Basics | | 81.68 | 0.00 | (3,256,915.19) |
| 2000 | 10/25/2024 | 10/25/2024 | 10/2024 | Check #1366 | Vendor Payment | screen, urnl, vinyl, mintblue | | Office Basics | | 113.97 | 0.00 | (3,256,801.22) |
| 2000 | 10/25/2024 | 02/05/2025 | 01/2025 | Inv #408998 | Invoice | EMS | | Energy Management Systems | | 0.00 | (75.00) | (3,256,876.22) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #1367 | Vendor Payment | | | Linked Alarm LLC | | 3,046.50 | 0.00 | (3,253,829.72) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 6/4/24 #3674785314 + $5.95 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 561.67 | 0.00 | (3,253,268.05) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 6/4/24 #3674785314 + $5.95 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,938.33 | 0.00 | (3,249,329.72) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 10/25/24 #16368939 $3000 | Vendor Payment | | | Aqua 0277390 | | 2,998.78 | 0.00 | (3,246,330.94) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 7/31/24 #3773137154 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 5,194.95 | 0.00 | (3,241,135.99) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 7/31/24 #3773137154 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 1,050.40 | 0.00 | (3,240,085.59) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 7/31/24 #3773137154 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,086.95 | 0.00 | (3,236,998.64) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 9/20/24 #3865473384 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 670.17 | 0.00 | (3,236,328.47) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 9/20/24 #3865473384 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,467.18 | 0.00 | (3,232,861.29) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 10/11/24 #3904546404 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 1,217.16 | 0.00 | (3,231,644.13) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #PD Online 10/11/24 #3904546404 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,782.84 | 0.00 | (3,227,861.29) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #1368 | Vendor Payment | | | United Rentals | | 1,224.94 | 0.00 | (3,226,636.35) |
| 2000 | 10/28/2024 | 10/28/2024 | 10/2024 | Check #1368 | Vendor Payment | | | United Rentals | | 1,552.06 | 0.00 | (3,225,084.29) |
| 2000 | 10/29/2024 | 10/29/2024 | 10/2024 | Check #PD Online 10/18/24 #3915748742 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 2,000.00 | 0.00 | (3,223,084.29) |
| 2000 | 10/29/2024 | 10/29/2024 | 10/2024 | Check #PD Online 10/25/24 #3925912392 | Vendor Payment | | | PECO 610 OYR Hse Mtr (4964862000) | | 2,000.00 | 0.00 | (3,221,084.29) |
| 2000 | 10/29/2024 | 11/12/2024 | 11/2024 | Inv #17800-25756 | Invoice | | | Green Estates Lawn Sprinklers, Inc. | | 0.00 | (260.00) | (3,221,344.29) |
| 2000 | 10/30/2024 | 10/30/2024 | 10/2024 | Check #1369 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (3,217,244.74) |
| 2000 | 10/30/2024 | 10/30/2024 | 10/2024 | Check #1370 | Vendor Payment | | | ICON PSG 1 FL, LLC | | 202,392.97 | 0.00 | (3,014,851.77) |
| 2000 | 10/30/2024 | 11/12/2024 | 11/2024 | Inv #126626 | Invoice | | | Superior Scaffold Services Inc. | | 0.00 | (8,773.04) | (3,023,624.81) |
| 2000 | 10/30/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012264 | Invoice | | | City Electric Supply | | 0.00 | (152.64) | (3,023,777.45) |
| 2000 | 10/30/2024 | 01/22/2025 | 01/2025 | Inv #wig012264 | Invoice | regus | | City Electric Supply | | 0.00 | (152.64) | (3,023,930.09) |
| 2000 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1026-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (416.00) | (3,024,346.09) |
| 2000 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1026-RW-JENK | Invoice | | | RW Electrical LLC | | 0.00 | (5,296.00) | (3,029,642.09) |
| 2000 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1026-SBGLAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 0.00 | (5,904.00) | (3,035,546.09) |
| 2000 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1012-SBGLAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 0.00 | (6,862.00) | (3,042,408.09) |
| 2000 | 10/31/2024 | 01/13/2025 | 10/2024 | Inv #36034 | Invoice | | | Heritage Consulting Group | | 0.00 | (146.25) | (3,042,554.34) |
| 2000 | 11/01/2024 | 11/01/2024 | 11/2024 | Check #1372 | Vendor Payment | | | RW Electrical LLC | | 5,296.00 | 0.00 | (3,037,258.34) |
| 2000 | 11/01/2024 | 11/01/2024 | 11/2024 | Check #1371 | Vendor Payment | | | Darin Holiday | | 416.00 | 0.00 | (3,036,842.34) |
| 2000 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #11705 | Invoice | | | BCS Facilities Group | | 0.00 | (4,099.55) | (3,040,941.89) |
| 2000 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #110124 | Invoice | | | Granite Telecommunications-6165 | | 0.00 | (176.21) | (3,041,118.10) |
| 2000 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #110124 | Invoice | | | Granite Telecommunications - 2398 | | 0.00 | (540.69) | (3,041,658.79) |
| 2000 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #26182 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,042,205.95) |
| 2000 | 11/01/2024 | 11/25/2024 | 11/2024 | Inv #110124 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,042,753.11) |
| 2000 | 11/01/2024 | 01/15/2025 | 01/2025 | Inv #3826 | Invoice | Landscaping (Grass cutting) | | Huntingdon Valley Landscape Group | | 0.00 | (350.00) | (3,043,103.11) |
| 2000 | 11/01/2024 | 01/22/2025 | 01/2025 | Inv #012290 | Invoice | CES | | City Electric Supply | | 0.00 | (132.72) | (3,043,235.83) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 11/01/2024 | 01/22/2025 | 01/2025 | Inv #wlg012290 | Invoice | regus 4th floor | | City Electric Supply | | 0.00 | (132.72) | (3,043,368.55) |
| 2000 | 11/05/2024 | 11/12/2024 | 11/2024 | Inv #I-2607981 | Invoice | towel, roll, 600 ft, 12/ ct | | Office Basics | | 0.00 | (209.50) | (3,043,578.05) |
| 2000 | 11/05/2024 | 11/12/2024 | 11/2024 | Inv #I-2607981 | Invoice | Toilet Tissue, JRT, 9", 2PLY, 12/ | | Office Basics | | 0.00 | (190.61) | (3,043,768.66) |
| 2000 | 11/07/2024 | 11/07/2024 | 11/2024 | Check #1373 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (3,043,221.50) |
| 2000 | 11/07/2024 | 11/07/2024 | 11/2024 | Check #1374 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 910.00 | 0.00 | (3,042,311.50) |
| 2000 | 11/08/2024 | 11/12/2024 | 11/2024 | Check #1376 | Vendor Payment | GARAGE 3/8-3/13 | | Campion Masonry | | 5,452.00 | 0.00 | (3,036,859.50) |
| 2000 | 11/08/2024 | 11/12/2024 | 11/2024 | Inv #Late Fee | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (52.93) | (3,036,912.43) |
| 2000 | 11/11/2024 | 11/11/2024 | 11/2024 | Check #1375 | Vendor Payment | | | Huntingdon Valley Landscape Group | | 700.00 | 0.00 | (3,036,212.43) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #WEBPMT00007805 85 | Vendor Payment | | | National Construction Rentals | | 159.00 | 0.00 | (3,036,053.43) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/ 23/24 #18911394213 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 374.13 | 0.00 | (3,035,679.30) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #08072024153543 75 V104627 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 270.95 | 0.00 | (3,035,408.35) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #08072024153543 75 V104627 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 270.95 | 0.00 | (3,035,137.40) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 6/ 4/24 #3674833260 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,500.00 | 0.00 | (3,033,637.40) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 2/ 8/24 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 110.06 | 0.00 | (3,033,527.34) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 2/ 8/24 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,588.18 | 0.00 | (3,031,939.16) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 2/ 8/24 + $5.95 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,797.61 | 0.00 | (3,030,141.55) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 7/ 31/24 #3773187940 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,980.11 | 0.00 | (3,028,161.44) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 7/ 31/24 #3773187940 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 42.63 | 0.00 | (3,028,118.81) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 7/ 31/24 #3773187940 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,536.09 | 0.00 | (3,026,582.72) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 7/ 31/24 #3773187940 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 433.33 | 0.00 | (3,026,149.39) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/ 23/24 $6246.25 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 2,467.85 | 0.00 | (3,023,681.54) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/ 23/24 $6246.25 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,477.40 | 0.00 | (3,022,204.14) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/ 23/24 $6246.25 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,252.91 | 0.00 | (3,020,951.23) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/ 23/24 $6246.25 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,048.09 | 0.00 | (3,019,903.14) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/11/24 #3904453544 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,986.57 | 0.00 | (3,017,916.57) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/11/24 #3904453544 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 13.43 | 0.00 | (3,017,903.14) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/18/24 #3917134052 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 950.05 | 0.00 | (3,016,953.09) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/18/24 #3917134052 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 49.95 | 0.00 | (3,016,903.14) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/25/24 #3926356208 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 76.41 | 0.00 | (3,016,826.73) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 10/25/24 #3926356208 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 923.59 | 0.00 | (3,015,903.14) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/1/24 #3940861858 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 1,000.00 | 0.00 | (3,014,903.14) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/8/24 #3955178632 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 52.93 | 0.00 | (3,014,850.21) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/8/24 #3955178632 | Vendor Payment | | | PECO 610 OYR Ste 400 (2701844000) | | 380.61 | 0.00 | (3,014,469.60) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624932 | Vendor Payment | | | Aqua 0277244 | | 409.05 | 0.00 | (3,014,060.55) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624944 | Vendor Payment | | | Aqua 0279893 | | 256.67 | 0.00 | (3,013,803.88) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624949 | Vendor Payment | | | Aqua 0279895 | | 256.67 | 0.00 | (3,013,547.21) |

GL Details                                                                                                                    Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 11/6/24 #16624913 | Vendor Payment | | | Aqua 0277390 | | 2,930.93 | 0.00 | (3,010,616.28) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/19/24 #3863212796 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 58.01 | 0.00 | (3,010,558.27) |
| 2000 | 11/12/2024 | 11/12/2024 | 11/2024 | Check #PD Online 9/19/24 #3863212796 | Vendor Payment | | | PECO 610 OYR Ste 101 (1344413000) | | 78.38 | 0.00 | (3,010,479.89) |
| 2000 | 11/13/2024 | 12/12/2024 | 11/2024 | Inv #112024 | Invoice | | | Aqua 0277244 | | 0.00 | (402.56) | (3,010,882.45) |
| 2000 | 11/13/2024 | 12/12/2024 | 11/2024 | Inv #112024 | Invoice | | | Aqua 0277390 | | 0.00 | (2,215.70) | (3,013,098.15) |
| 2000 | 11/14/2024 | 11/14/2024 | 11/2024 | Inv #1109-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (416.00) | (3,013,514.15) |
| 2000 | 11/14/2024 | 11/14/2024 | 11/2024 | Check #1377 | Vendor Payment | | | Darin Holiday | | 416.00 | 0.00 | (3,013,098.15) |
| 2000 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0279895 | | 0.00 | (256.67) | (3,013,354.82) |
| 2000 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0277244 | | 0.00 | (402.56) | (3,013,757.38) |
| 2000 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0277390 | | 0.00 | (2,215.70) | (3,015,973.08) |
| 2000 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0279893 | | 0.00 | (256.67) | (3,016,229.75) |
| 2000 | 11/15/2024 | 11/25/2024 | 11/2024 | Inv #0320-004478521 | Invoice | trash | | Republic Services #320 | | 0.00 | (2,013.80) | (3,018,243.55) |
| 2000 | 11/18/2024 | 11/19/2024 | 11/2024 | Inv #7496 | Invoice | Fire Alarm Monitoring | | Linked Alarm LLC | | 0.00 | (300.00) | (3,018,543.55) |
| 2000 | 11/18/2024 | 11/19/2024 | 11/2024 | Inv #7499 | Invoice | Fire Alarm Monitoring | | Linked Alarm LLC | | 0.00 | (300.00) | (3,018,843.55) |
| 2000 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (79.37) | (3,018,922.92) |
| 2000 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (236.27) | (3,019,159.19) |
| 2000 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (214.97) | (3,019,374.16) |
| 2000 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,396.71) | (3,020,770.87) |
| 2000 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 660 OYR (6578467000) | | 0.00 | (134.16) | (3,020,905.03) |
| 2000 | 11/19/2024 | 02/05/2025 | 01/2025 | Inv #410362 | Invoice | EMS | | Energy Management Systems | | 0.00 | (75.00) | (3,020,980.03) |
| 2000 | 11/22/2024 | 11/22/2024 | 11/2024 | Check #1378 | Vendor Payment | | | Republic Services #320 | | 1,647.86 | 0.00 | (3,019,332.17) |
| 2000 | 11/22/2024 | 11/22/2024 | 11/2024 | Check #1379 | Vendor Payment | | | Revolution Recovery, LLC | | 40.00 | 0.00 | (3,019,292.17) |
| 2000 | 11/22/2024 | 11/22/2024 | 11/2024 | Check #1379 | Vendor Payment | | | Revolution Recovery, LLC | | 435.00 | 0.00 | (3,018,857.17) |
| 2000 | 11/22/2024 | 11/22/2024 | 11/2024 | Check #1379 | Vendor Payment | | | Revolution Recovery, LLC | | 2,270.00 | 0.00 | (3,016,587.17) |
| 2000 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #I-2620307 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 0.00 | (133.03) | (3,016,720.20) |
| 2000 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #I-2620307 | Invoice | covers, seat, toilet, halffol | | Office Basics | | 0.00 | (53.31) | (3,016,773.51) |
| 2000 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #I-2620307 | Invoice | Liner 38x60 1.5 MIL BN/BK | | Office Basics | | 0.00 | (81.94) | (3,016,855.45) |
| 2000 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #I-2620307 | Invoice | liner, cr, 30x36, .65mil, 250/ct | | Office Basics | | 0.00 | (26.18) | (3,016,881.63) |
| 2000 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #I-2620307 | Invoice | Toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 0.00 | (286.13) | (3,017,167.76) |
| 2000 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #I-2620307 | Invoice | liner, bk,ld,38x58,, 1.5mil 100/c | | Office Basics | | 0.00 | (37.42) | (3,017,205.18) |
| 2000 | 11/22/2024 | 12/02/2024 | 12/2024 | Inv #11262024 | Invoice | Peco | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (5,675.94) | (3,022,881.12) |
| 2000 | 11/25/2024 | 11/29/2024 | 11/2024 | Inv #417 | Invoice | 11/15-11/18 | | A & Y Construction Services LLC | | 0.00 | (1,200.00) | (3,024,081.12) |
| 2000 | 11/26/2024 | 11/26/2024 | 11/2024 | Inv #112024 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (364.22) | (3,024,445.34) |
| 2000 | 11/26/2024 | 11/26/2024 | 11/2024 | Inv #111924 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 0.00 | (32.09) | (3,024,477.43) |
| 2000 | 11/26/2024 | 12/02/2024 | 12/2024 | Inv #123630263 | Invoice | trash | | Revolution Recovery, LLC | | 0.00 | (760.00) | (3,025,237.43) |
| 2000 | 11/29/2024 | 11/29/2024 | 11/2024 | Inv #1123-DH-JENK | Invoice | | | Darin Holiday | | 0.00 | (208.00) | (3,025,445.43) |
| 2000 | 11/29/2024 | 11/29/2024 | 11/2024 | Check #1383 | Vendor Payment | | | Darin Holiday | | 208.00 | 0.00 | (3,025,237.43) |
| 2000 | 11/29/2024 | 11/29/2024 | 11/2024 | Check #1384 | Vendor Payment | 11/15-11/18 | | A & Y Construction Services LLC | | 1,200.00 | 0.00 | (3,024,037.43) |
| 2000 | 11/30/2024 | 12/10/2024 | 12/2024 | Inv #0320-004479789 | Invoice | trash | | Republic Services #320 | | 0.00 | (1,745.93) | (3,025,783.36) |
| 2000 | 12/01/2024 | 12/08/2024 | 12/2024 | Inv #03Q4837 | Invoice | Water Treatment | | Klenzoid Water Treatment | | 0.00 | (1,328.99) | (3,027,112.35) |
| 2000 | 12/01/2024 | 12/10/2024 | 12/2024 | Inv #1212024 | Invoice | | | Health Mats Company | | 0.00 | (547.16) | (3,027,659.51) |
| 2000 | 12/01/2024 | 12/10/2024 | 12/2024 | Inv #120124 | Invoice | telecommunications | | Granite Telecommunications-6165 | | 0.00 | (355.29) | (3,028,014.80) |
| 2000 | 12/01/2024 | 12/10/2024 | 12/2024 | Inv #120124 | Invoice | telecommunications | | Granite Telecommunications - 2398 | | 0.00 | (1,147.54) | (3,029,162.34) |
| 2000 | 12/01/2024 | 12/17/2024 | 12/2024 | Inv #9368571 | Invoice | pest | | Western Pest Control | | 0.00 | (107.36) | (3,029,269.70) |
| 2000 | 12/01/2024 | 01/08/2025 | 01/2025 | Inv #27689 | Invoice | Health Mats | | Health Mats Company | | 0.00 | (547.16) | (3,029,816.86) |
| 2000 | 12/03/2024 | 01/22/2025 | 01/2025 | Inv #012587 | Invoice | CES | | City Electric Supply | | 0.00 | (101.76) | (3,029,918.62) |
| 2000 | 12/06/2024 | 12/10/2024 | 12/2024 | Inv #123630915 | Invoice | | | Revolution Recovery, LLC | | 0.00 | (1,663.60) | (3,031,582.22) |

GL Details                                                                                                                                        Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 12/06/2024 | 01/13/2025 | 12/2024 | Inv #36227 | Invoice | | | Heritage Consulting Group | | 0.00 | (109.23) | (3,031,691.45) |
| 2000 | 12/09/2024 | 12/13/2024 | 12/2024 | Inv #419 | Invoice | EVENT SPACE | | A & Y Construction Services LLC | | 0.00 | (4,800.00) | (3,036,491.45) |
| 2000 | 12/09/2024 | 12/13/2024 | 12/2024 | Inv #EXP REIMB-JENK | Invoice | EXP REIMB | | A & Y Construction Services LLC | | 0.00 | (60.05) | (3,036,551.50) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #122324 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (270.95) | (3,036,822.45) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1405 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (3,036,715.09) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1405 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (3,036,607.73) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1405 | Vendor Payment | | | Western Pest Control | | 107.36 | 0.00 | (3,036,500.37) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1404 | Vendor Payment | | | Van's Lock Shop | | 20.99 | 0.00 | (3,036,479.38) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1403 | Vendor Payment | | | Revolution Recovery, LLC | | 1,663.60 | 0.00 | (3,034,815.78) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1402 | Vendor Payment | trash | | Republic Services #320 | | 2,013.80 | 0.00 | (3,032,801.98) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1401 | Vendor Payment | Peco | | PECO 660 OYR (6578467000) | | 134.16 | 0.00 | (3,032,667.82) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1400 | Vendor Payment | Peco | | PECO 610 OYR STE 80 (0735997000) | | 236.27 | 0.00 | (3,032,431.55) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1399 | Vendor Payment | Peco | | PECO 610 OYR Ste 400 (2701844000) | | 1,396.71 | 0.00 | (3,031,034.84) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1398 | Vendor Payment | Peco | | PECO 610 OYR Ste 210 (4621340100) | | 214.97 | 0.00 | (3,030,819.87) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1397 | Vendor Payment | Peco | | PECO 610 OYR Ste 101 (1344413000) | | 79.37 | 0.00 | (3,030,740.50) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1396 | Vendor Payment | | | PECO 610 OYR Ownr Gas (6532703000) | | 31.66 | 0.00 | (3,030,708.84) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1395 | Vendor Payment | Peco | | PECO 610 OYR Hse Mtr (4964862000) | | 5,675.94 | 0.00 | (3,025,032.90) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1394 | Vendor Payment | | | Klenzoid Water Treatment | | 1,302.93 | 0.00 | (3,023,729.97) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1393 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (3,023,182.81) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1392 | Vendor Payment | | | Green Estates Lawn Sprinklers, Inc. | | 260.00 | 0.00 | (3,022,922.81) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1391 | Vendor Payment | telecommunications | | Granite Telecommunications - 2396 | | 1,147.54 | 0.00 | (3,021,775.27) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1391 | Vendor Payment | | | Granite Telecommunications - 2396 | | 540.69 | 0.00 | (3,021,234.58) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1390 | Vendor Payment | | | Energy Management Systems | | 75.00 | 0.00 | (3,021,159.58) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1389 | Vendor Payment | | | Comcast -8499 10 140 0056393 Keri System | | 364.22 | 0.00 | (3,020,795.36) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1388 | Vendor Payment | | | Comcast 8499-10-139-02847 81 | | 113.63 | 0.00 | (3,020,681.73) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1387 | Vendor Payment | | | BCS Facilities Group | | 4,099.55 | 0.00 | (3,016,582.18) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1386 | Vendor Payment | water | | Aqua 0279895 | | 256.67 | 0.00 | (3,016,325.51) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Check #1385 | Vendor Payment | water | | Aqua 0279893 | | 256.67 | 0.00 | (3,016,068.84) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 3/21/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 42.07 | 0.00 | (3,016,026.77) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 3/21/2022-CM was allocated to Invoice - #QB 3/21/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 42.07 | 0.00 | (3,015,984.70) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 3/21/2022-CM was allocated to Invoice - #QB 3/21/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (42.07) | (3,016,026.77) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/19/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 300.57 | 0.00 | (3,015,726.20) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/19/2022-CM was allocated to Invoice - #QB 4/19/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 300.57 | 0.00 | (3,015,425.63) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/19/2022-CM was allocated to Invoice - #QB 4/19/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (300.57) | (3,015,726.20) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/28/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 5.95 | 0.00 | (3,015,720.25) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/28/2022-CM was allocated to Invoice - #QB 4/28/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 5.95 | 0.00 | (3,015,714.30) |

GL Details
Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/28/2022-CM was allocated to Invoice - #QB 4/28/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (5.95) | (3,015,720.25) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 5/18/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 276.05 | 0.00 | (3,015,444.20) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 5/18/2022-CM was allocated to Invoice - #QB 5/18/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 276.05 | 0.00 | (3,015,168.15) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 5/18/2022-CM was allocated to Invoice - #QB 5/18/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (276.05) | (3,015,444.20) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/10/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 5.95 | 0.00 | (3,015,438.25) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/10/2022-CM was allocated to Invoice - #QB 6/10/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 5.95 | 0.00 | (3,015,432.30) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/10/2022-CM was allocated to Invoice - #QB 6/10/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (5.95) | (3,015,438.25) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/22/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 447.94 | 0.00 | (3,014,990.31) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/22/2022-CM was allocated to Invoice - #QB 6/22/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 447.94 | 0.00 | (3,014,542.37) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/22/2022-CM was allocated to Invoice - #QB 6/22/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (447.94) | (3,014,990.31) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 7/19/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 474.00 | 0.00 | (3,014,516.31) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 7/19/2022-CM was allocated to Invoice - #QB 7/19/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 474.00 | 0.00 | (3,014,042.31) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 7/19/2022-CM was allocated to Invoice - #QB 7/19/2022 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (474.00) | (3,014,516.31) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #091924- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 228.40 | 0.00 | (3,014,287.91) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 091924- CM was allocated to Invoice - #091924 | Vendor Payment | PD online | | PECO 610 OYR STE 80 (0735997000) | | 228.40 | 0.00 | (3,014,059.51) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 091924- CM was allocated to Invoice - #091924 | Vendor Payment | PD online | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (228.40) | (3,014,287.91) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #101824- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 187.05 | 0.00 | (3,014,100.86) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 101824- CM was allocated to Invoice - #101824 | Vendor Payment | PD online | | PECO 610 OYR STE 80 (0735997000) | | 187.05 | 0.00 | (3,013,913.81) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 101824- CM was allocated to Invoice - #101824 | Vendor Payment | PD online | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (187.05) | (3,014,100.86) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #011924- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 440.09 | 0.00 | (3,013,660.77) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 011924- CM was allocated to Invoice - #011924 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 440.09 | 0.00 | (3,013,220.68) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 011924- CM was allocated to Invoice - #011924 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (440.09) | (3,013,660.77) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121523- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 415.54 | 0.00 | (3,013,245.23) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121523- CM was allocated to Invoice - #121523 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 415.54 | 0.00 | (3,012,829.69) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121523- CM was allocated to Invoice - #121523 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (415.54) | (3,013,245.23) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #111423- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 326.63 | 0.00 | (3,012,918.60) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 111423- CM was allocated to Invoice - #111423 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 326.63 | 0.00 | (3,012,591.97) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 111423- CM was allocated to Invoice - #111423 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (326.63) | (3,012,918.60) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #032023- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 465.14 | 0.00 | (3,012,453.46) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 032023- CM was allocated to Invoice - #032023 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 465.14 | 0.00 | (3,011,988.32) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 032023- CM was allocated to Invoice - #032023 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (465.14) | (3,012,453.46) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #011923- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 606.16 | 0.00 | (3,011,847.30) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 011923- CM was allocated to Invoice - #011923 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 606.16 | 0.00 | (3,011,241.14) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 011923- CM was allocated to Invoice - #011923 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (606.16) | (3,011,847.30) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121622- CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 187.84 | 0.00 | (3,011,659.46) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121622- CM | Invoice | Gas | | PECO 610 OYR STE 80 (0735997000) | | 311.58 | 0.00 | (3,011,347.88) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121622- CM | Invoice | Late Fee | | PECO 610 OYR STE 80 (0735997000) | | 12.95 | 0.00 | (3,011,334.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121622- CM was allocated to Invoice - #121622 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 187.84 | 0.00 | (3,011,147.09) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121622- CM was allocated to Invoice - #121622 | Vendor Payment | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (187.84) | (3,011,334.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121622- CM was allocated to Invoice - #121622 | Vendor Payment | Gas | | PECO 610 OYR STE 80 (0735997000) | | 311.58 | 0.00 | (3,011,023.35) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121622- CM was allocated to Invoice - #121622 | Vendor Payment | Gas | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (311.58) | (3,011,334.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121622- CM was allocated to Invoice - #121622 | Vendor Payment | Late Fee | | PECO 610 OYR STE 80 (0735997000) | | 12.95 | 0.00 | (3,011,321.98) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 121622- CM was allocated to Invoice - #121622 | Vendor Payment | Late Fee | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (12.95) | (3,011,334.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #000111 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (49.71) | (3,011,384.64) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #000111- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 49.71 | 0.00 | (3,011,334.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 000111- CM was allocated to Invoice - #000111 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 49.71 | 0.00 | (3,011,285.22) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 000111- CM was allocated to Invoice - #000111 | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (49.71) | (3,011,334.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #45424-66048 81722- CM | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 2,188.95 | 0.00 | (3,009,145.98) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 45424-66048 81722- CM was allocated to Invoice - #45424-66048 81722 | Vendor Payment | QB transfer NP | | PECO 610 OYR Ste 400 (2701844000) | | 2,188.95 | 0.00 | (3,006,957.03) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit 45424-66048 81722- CM was allocated to Invoice - #45424-66048 81722 | Vendor Payment | QB transfer NP | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (2,188.95) | (3,009,145.98) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 7/19/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 2,057.47 | 0.00 | (3,007,088.51) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 7/19/2022- CM was allocated to Invoice - #QB 7/19/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 2,057.47 | 0.00 | (3,005,031.04) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 7/19/2022- CM was allocated to Invoice - #QB 7/19/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (2,057.47) | (3,007,088.51) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/17/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,617.29 | 0.00 | (3,005,471.22) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/17/2022- CM was allocated to Invoice - #QB 6/17/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,617.29 | 0.00 | (3,003,853.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/17/2022- CM was allocated to Invoice - #QB 6/17/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,617.29) | (3,005,471.22) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 5/18/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,131.91 | 0.00 | (3,004,339.31) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 5/18/2022- CM was allocated to Invoice - #QB 5/18/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,131.91 | 0.00 | (3,003,207.40) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 5/18/2022- CM was allocated to Invoice - #QB 5/18/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,131.91) | (3,004,339.31) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/19/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,175.44 | 0.00 | (3,003,163.87) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/19/2022-CM was allocated to Invoice - #QB 4/19/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,175.44 | 0.00 | (3,001,988.43) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/19/2022-CM was allocated to Invoice - #QB 4/19/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,175.44) | (3,003,163.87) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 3/21/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,209.93 | 0.00 | (3,001,953.94) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 3/21/2022-CM was allocated to Invoice - #QB 3/21/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,209.93 | 0.00 | (3,000,744.01) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 3/21/2022-CM was allocated to Invoice - #QB 3/21/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,209.93) | (3,001,953.94) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 2/18/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,156.37 | 0.00 | (3,000,797.57) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 2/18/2022-CM was allocated to Invoice - #QB 2/18/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,156.37 | 0.00 | (2,999,641.20) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 2/18/2022-CM was allocated to Invoice - #QB 2/18/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,156.37) | (3,000,797.57) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 1/20/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,188.04 | 0.00 | (2,999,609.53) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 1/20/2022-CM was allocated to Invoice - #QB 1/20/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 1,188.04 | 0.00 | (2,998,421.49) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 1/20/2022-CM was allocated to Invoice - #QB 1/20/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,188.04) | (2,999,609.53) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 1/13/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,603.58) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 1/13/2022-CM was allocated to Invoice - #QB 1/13/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,597.63) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 1/13/2022-CM was allocated to Invoice - #QB 1/13/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (2,999,603.58) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #Convenience Fee- CM | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,597.63) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit Convenience Fee- CM was allocated to Invoice - #Convenience Fee | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,591.68) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit Convenience Fee- CM was allocated to Invoice - #Convenience Fee | Vendor Payment | PD by EXCHANGE | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (2,999,597.63) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/28/2022.2-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,591.68) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/28/2022.2- CM was allocated to Invoice - #QB 4/28/2022.2 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,585.73) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/28/2022.2- CM was allocated to Invoice - #QB 4/28/2022.2 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (2,999,591.68) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/1/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,585.73) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/1/2022-CM was allocated to Invoice - #QB 4/1/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,579.78) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/1/2022-CM was allocated to Invoice - #QB 4/1/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (2,999,585.73) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/10/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,579.78) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/10/2022-CM was allocated to Invoice - #QB 6/10/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,573.83) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 6/10/2022-CM was allocated to Invoice - #QB 6/10/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (2,999,579.78) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 7/22/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,573.83) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 7/22/2022-CM was allocated to Invoice - #QB 7/22/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,567.88) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 7/22/2022-CM was allocated to Invoice - #QB 7/22/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (2,999,573.83) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/28/2022-CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,567.88) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/28/2022-CM was allocated to Invoice - #QB 4/28/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 5.95 | 0.00 | (2,999,561.93) |
| 2000 | 12/10/2024 | 12/10/2024 | 12/2024 | Credit QB 4/28/2022-CM was allocated to Invoice - #QB 4/28/2022 | Vendor Payment | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (2,999,567.88) |
| 2000 | 12/11/2024 | 12/11/2024 | 12/2024 | Check #4120 | Vendor Payment | | | Elevator Construction & Repair | | 233.20 | 0.00 | (2,999,334.68) |
| 2000 | 12/11/2024 | 12/11/2024 | 12/2024 | Check #1406 | Vendor Payment | | | Elevator Construction & Repair | | 243.80 | 0.00 | (2,999,090.88) |
| 2000 | 12/11/2024 | 12/11/2024 | 12/2024 | Inv #24-6944 | Invoice | | | Elevator Construction & Repair | | 0.00 | (519.00) | (2,999,609.88) |
| 2000 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1410 | Vendor Payment | | | Verizon Jenkins 156-640-672-0001-01 | | 270.95 | 0.00 | (2,999,338.93) |
| 2000 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1409 | Vendor Payment | trash | | Revolution Recovery, LLC | | 760.00 | 0.00 | (2,998,578.93) |
| 2000 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1408 | Vendor Payment | | | PECO 610 OYR Ste 310 (5869598000) | | 76.64 | 0.00 | (2,998,502.29) |
| 2000 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1407 | Vendor Payment | | | Health Mats Company | | 547.16 | 0.00 | (2,997,955.13) |
| 2000 | 12/12/2024 | 12/12/2024 | 12/2024 | Inv #PERMIT | Invoice | | | Jenkintown Borough | | 0.00 | (104.50) | (2,998,059.63) |
| 2000 | 12/12/2024 | 12/12/2024 | 12/2024 | Check #1416 | Vendor Payment | | | Jenkintown Borough | | 104.50 | 0.00 | (2,997,955.13) |
| 2000 | 12/13/2024 | 12/13/2024 | 12/2024 | Check #1419 | Vendor Payment | EXP REIMB | | A & Y Construction Services LLC | | 60.05 | 0.00 | (2,997,895.08) |
| 2000 | 12/13/2024 | 12/13/2024 | 12/2024 | Check #1419 | Vendor Payment | EVENT SPACE | | A & Y Construction Services LLC | | 4,800.00 | 0.00 | (2,993,095.08) |
| 2000 | 12/13/2024 | 12/13/2024 | 12/2024 | Check #1420 | Vendor Payment | GARAGE | | Campion Masonry | | 2,375.00 | 0.00 | (2,990,720.08) |
| 2000 | 12/13/2024 | 12/13/2024 | 12/2024 | Check #1420 | Vendor Payment | GARAGE-0222-0228 | | Campion Masonry | | 3,172.50 | 0.00 | (2,987,547.58) |
| 2000 | 12/13/2024 | 12/17/2024 | 12/2024 | Inv #Q536487-1/2 | Invoice | HH-ADAPATER CURB/HEATING UNIT | | Johnstone Supply | | 0.00 | (1,375.03) | (2,988,922.61) |
| 2000 | 12/13/2024 | 12/17/2024 | 12/2024 | Check #PD CC 4977 | Vendor Payment | HH-ADAPATER CURB/HEATING UNIT | | Johnstone Supply | | 1,375.03 | 0.00 | (2,987,547.58) |
| 2000 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #1213-SB-JENK-NCRT | Invoice | NEW PLG-EVENT SPACE | | Stephen Beer Plumbing | | 0.00 | (4,582.00) | (2,992,129.58) |
| 2000 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #121324 | Invoice | aqua | | Aqua 0277244 | | 0.00 | (792.13) | (2,992,921.71) |
| 2000 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #121924 | Invoice | aqua | | Aqua 0279895 | | 0.00 | (513.34) | (2,993,435.05) |
| 2000 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #121924 | Invoice | aqua | | Aqua 0279893 | | 0.00 | (513.34) | (2,993,948.39) |
| 2000 | 12/13/2024 | 12/24/2024 | 12/2024 | Inv #121324 | Invoice | aqua | | Aqua 0277390 | | 0.00 | (1,458.53) | (2,995,406.92) |
| 2000 | 12/15/2024 | 12/24/2024 | 12/2024 | Inv #121524 | Invoice | comcast | | Comcast -8499 10 140 0056393 Keri System | | 0.00 | (374.24) | (2,995,781.16) |
| 2000 | 12/16/2024 | 12/17/2024 | 12/2024 | Inv #Q536487-2/2/ P5140383 | Invoice | HH-ROOF HEATER UNIT | | Johnstone Supply | | 0.00 | (10,239.74) | (3,006,020.90) |
| 2000 | 12/16/2024 | 12/23/2024 | 12/2024 | Inv #420 | Invoice | EVENT SPACE 12/9-12/15 | | A & Y Construction Services LLC | | 0.00 | (5,600.00) | (3,011,620.90) |
| 2000 | 12/17/2024 | 12/17/2024 | 12/2024 | Check #1421 | Vendor Payment | HH-ROOF HEATER UNIT | | Johnstone Supply | | 10,024.66 | 0.00 | (3,001,596.24) |
| 2000 | 12/17/2024 | 12/17/2024 | 12/2024 | Check #1421 - Reversal | Vendor Payment Reversal | HH-ROOF HEATER UNIT | | Johnstone Supply | | 0.00 | (10,024.66) | (3,011,620.90) |
| 2000 | 12/17/2024 | 12/17/2024 | 12/2024 | Check #1422 | Vendor Payment | HH-ROOF HEATER UNIT | | Johnstone Supply | | 10,239.74 | 0.00 | (3,001,381.16) |
| 2000 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 101 (1344413000) | | 0.00 | (79.65) | (3,001,460.81) |
| 2000 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 210 (4621340100) | | 0.00 | (154.74) | (3,001,615.55) |
| 2000 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 310 (5869598000) | | 0.00 | (76.83) | (3,001,692.38) |
| 2000 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,293.27) | (3,002,985.65) |
| 2000 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (363.36) | (3,003,349.01) |
| 2000 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 660 OYR (6578467000) | | 0.00 | (207.31) | (3,003,556.32) |
| 2000 | 12/17/2024 | 12/30/2024 | 12/2024 | Inv #121724 | Invoice | comcast | | Comcast 8499-10-139-02847 81 | | 0.00 | (103.63) | (3,003,659.95) |
| 2000 | 12/19/2024 | 12/19/2024 | 12/2024 | Check #1423 | Vendor Payment | NEW PLG-EVENT SPACE | | Stephen Beer Plumbing | | 4,582.00 | 0.00 | (2,999,077.95) |

GL Details

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2000 | 12/20/2024 | 01/03/2025 | 12/2024 | Inv #409837 | Invoice | EMS | | Energy Management Systems | | 0.00 | (75.00) | (2,999,152.95) |
| 2000 | 12/23/2024 | 12/23/2024 | 12/2024 | Check #1424 | Vendor Payment | EVENT SPACE 12/ 9-12/15 | | A & Y Construction Services LLC | | 5,600.00 | 0.00 | (2,993,552.95) |
| 2000 | 12/23/2024 | 12/27/2024 | 12/2024 | Inv #12-23-24 | Invoice | Peco | | PECO 610 OYR Hse Mtr (4964862000) | | 0.00 | (5,900.87) | (2,999,453.82) |
| 2000 | 12/23/2024 | 12/27/2024 | 12/2024 | Inv #1220-SB-JENK EVENT SP | Invoice | 12/16-12/20 ROUGH PLBG -EVSP | | Stephen Beer Plumbing | | 0.00 | (4,875.00) | (3,004,328.82) |
| 2000 | 12/23/2024 | 12/28/2024 | 12/2024 | Inv #NOV 2024 | Invoice | | | ICON PSG 1 FL, LLC | | 0.00 | (204,588.67) | (3,208,917.49) |
| 2000 | 12/26/2024 | 12/27/2024 | 12/2024 | Inv #123024-1 | Invoice | HH-INSTALL HEATER | | M.J.MAC Inc | | 0.00 | (6,000.00) | (3,214,917.49) |
| 2000 | 12/27/2024 | 12/27/2024 | 12/2024 | Inv #421 | Invoice | 12/16-12/21-EVENT SP + SNOW | | A & Y Construction Services LLC | | 0.00 | (4,800.00) | (3,219,717.49) |
| 2000 | 12/27/2024 | 12/27/2024 | 12/2024 | Check #DWNPYMNT-ONLINE authid AAEWXCVR | Vendor Payment | HH-INSTALL HEATER | | M.J.MAC Inc | | 3,000.00 | 0.00 | (3,216,717.49) |
| 2000 | 12/27/2024 | 12/27/2024 | 12/2024 | Inv #1227-SB-JENK-EVNT | Invoice | 12/23-12/27 EVENT SPACE | | Stephen Beer Plumbing | | 0.00 | (2,665.00) | (3,219,382.49) |
| 2000 | 12/27/2024 | 12/28/2024 | 12/2024 | Check #1429 | Vendor Payment | | | ICON PSG 1 FL, LLC | | 204,588.67 | 0.00 | (3,014,793.82) |
| 2000 | 12/28/2024 | 01/03/2025 | 01/2025 | Inv #122824 | Invoice | Verizon | | Verizon Jenkins 156-640-672-0001-01 | | 0.00 | (280.28) | (3,015,074.10) |
| 2000 | 12/30/2024 | 12/28/2024 | 12/2024 | Check #1426 | Vendor Payment | 12/16-12/20 ROUGH PLBG -EVSP | | Stephen Beer Plumbing | | 4,875.00 | 0.00 | (3,010,199.10) |
| 2000 | 12/30/2024 | 12/28/2024 | 12/2024 | Check #1425 | Vendor Payment | 12/16-12/21-EVENT SP + SNOW | | A & Y Construction Services LLC | | 4,800.00 | 0.00 | (3,005,399.10) |
| 2000 | 12/30/2024 | 12/28/2024 | 12/2024 | Check #1427 | Vendor Payment | 12/23-12/27 EVENT SPACE | | Stephen Beer Plumbing | | 2,665.00 | 0.00 | (3,002,734.10) |
| 2000 | 12/30/2024 | 01/10/2025 | 01/2025 | Inv #422 | Invoice | 12/23-12/28 | | A & Y Construction Services LLC | | 0.00 | (4,000.00) | (3,006,734.10) |
| 2000 | 12/30/2024 | 01/15/2025 | 01/2025 | Inv #WIG/012800/822 | Invoice | CES | | City Electric Supply | | 0.00 | (523.06) | (3,007,257.16) |
| 2000 | 12/30/2024 | 01/15/2025 | 01/2025 | Inv #WIG/012800/822 | Invoice | CES | | City Electric Supply | | 0.00 | (336.28) | (3,007,593.44) |
| 2000 | 12/31/2024 | 01/08/2025 | 01/2025 | Inv #0320-004491660 | Invoice | trash | | Republic Services #320 | | 0.00 | (1,904.92) | (3,009,498.36) |
| 2000 | 12/31/2024 | 01/10/2025 | 01/2025 | Inv #REIMB COSTS JENK | Invoice | EVENT-SUPPLIES | | A & Y Construction Services LLC | | 0.00 | (304.86) | (3,009,803.22) |
| | | | | | | | | 2000: Accounts Payable: | (170,953.53) | 2,141,253.96 | (2,312,207.49) | (3,009,803.22) |

**GL Account: 2010: Prepayments of Rent**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | (110,726.07) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Late Fee #460068657 to Payment #460081555 | AR Allocation Post | | Main Building-107 | Loanbility | | 375.00 | 0.00 | (110,351.07) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Month-to-Month Rent #460054959 to Payment #460081555 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-107 | Loanbility | | 3,375.00 | 0.00 | (106,976.07) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement #460084104 to Payment #460080904 | AR Allocation Post | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (105,617.92) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement #460084124 to Payment #460080964 | AR Allocation Post | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (103,090.97) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent #460084097 to Payment #460080964 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 5,127.01 | 0.00 | (97,963.96) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent #460084093 to Payment #460074869 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 3,112.16 | 0.00 | (94,851.80) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Late Fee #460069664 to Payment #460074870 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.10 | 0.00 | (94,851.70) |
| 2010 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent #460084107 to Payment #460053261 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (93,851.70) |
| 2010 | 01/01/2024 | 01/10/2024 | 01/2024 | Month-to-Month Rent #460084096 to Payment #460094739 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 2,962.50 | 0.00 | (90,889.20) |
| 2010 | 01/01/2024 | 01/10/2024 | 01/2024 | Late Fee #460068657 to Payment #460081555 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (91,264.20) |
| 2010 | 01/01/2024 | 04/24/2024 | 04/2024 | Late Fee #460069664 to Payment #460074870 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 0.00 | (0.10) | (91,264.30) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090116) | AR Payment | drop in wrong account Fultontransferred | Main Building-400 | Regus | | 0.00 | (30,117.77) | (121,382.07) |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

GL Details

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Month-to-Month Rent #460084098 to Payment #460090116 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (121,296.93) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Rent #460084111 to Payment #460090116 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (91,264.30) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090118) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (92,764.30) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Parking/Garage Income #460084117 to Payment #460090118 | AR Allocation Post | Monthly Parking/Garage Income Posted from 01/01/2024 to 01/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (91,264.30) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090119) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.90) | (99,606.20) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Rent #460084094 to Payment #460090119 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (91,264.50) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Payment (Transaction #460090125) | AR Payment | | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | (93,264.50) |
| 2010 | 01/05/2024 | 01/05/2024 | 01/2024 | Commercial Rent #460084113 to Payment #460090125 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (91,264.50) |
| 2010 | 01/06/2024 | 01/06/2024 | 01/2024 | Commercial Rent #460041492 to Payment #460090119 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.20 | 0.00 | (91,264.30) |
| 2010 | 01/07/2024 | 01/10/2024 | 01/2024 | Late Fee #460092243 to Payment #460094739 | AR Allocation Post | | Main Building-107 | Loanbility | | 412.50 | 0.00 | (90,851.80) |
| 2010 | 01/07/2024 | 01/10/2024 | 01/2024 | Late Fee #460092243 to Payment #460094739 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 0.00 | (412.50) | (91,264.30) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Payment (Transaction #460094543) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | (94,856.81) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Commercial Rent #460084093 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 358.86 | 0.00 | (94,497.95) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Commercial Rent #460084109 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (94,197.95) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Late Fee #460092249 to Payment #460094543 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 65.89 | 0.00 | (94,132.06) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Payment (Transaction #460094544) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (94,432.06) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Payment (Transaction #460094545) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (94,652.34) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Late Fee #460068664 to Payment #460094545 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 21.92 | 0.00 | (94,630.42) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Commercial Rent #460084118 to Payment #460094545 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof 2 | Zayo | | 198.36 | 0.00 | (94,432.06) |
| 2010 | 01/09/2024 | 01/09/2024 | 01/2024 | Electricity #460094546 to Payment #460094543 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 261.97 | 0.00 | (94,170.09) |
| 2010 | 01/09/2024 | 04/24/2024 | 04/2024 | Late Fee #460068664 to Payment #460094545 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 0.00 | (21.92) | (94,192.01) |
| 2010 | 01/10/2024 | 01/10/2024 | 01/2024 | Month-to-Month Rent #460084096 to Payment #460094739 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 412.50 | 0.00 | (93,779.51) |
| 2010 | 01/10/2024 | 01/10/2024 | 01/2024 | Month-to-Month Rent #460084096 to Payment #460081555 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 375.00 | 0.00 | (93,404.51) |
| 2010 | 01/11/2024 | 01/15/2024 | 12/2023 | Payment (Transaction #460096318) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (122,438.09) |
| 2010 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082821 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 01/01/2023 to 01/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (115,909.91) |
| 2010 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082808 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (109,381.73) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082733 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (102,853.55) |
| 2010 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082765 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (96,325.37) |
| 2010 | 01/11/2024 | 01/15/2024 | 12/2023 | Property Taxes #460082803 to Payment #460096318 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 2,920.86 | 0.00 | (93,404.51) |
| 2010 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082733 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (99,932.69) |
| 2010 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082765 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (106,460.87) |
| 2010 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082803 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,920.86) | (109,381.73) |
| 2010 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082808 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (115,909.91) |
| 2010 | 01/11/2024 | 04/11/2024 | 12/2023 | Property Taxes #460082821 to Payment #460096318 | AR Allocation Deletion | Monthly Property Taxes Posted from 01/01/2023 to 01/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (122,438.09) |
| 2010 | 01/12/2024 | 02/04/2024 | 01/2024 | Payment (Transaction #460107698) | AR Payment | | Main Building-400 | Regus | | 0.00 | (550.00) | (122,988.09) |
| 2010 | 01/15/2024 | 01/15/2024 | 01/2024 | Payment (Transaction #460096319) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (123,388.09) |
| 2010 | 01/24/2024 | 01/25/2024 | 01/2024 | Payment (Transaction #460099781) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (16,973.15) | (140,361.24) |
| 2010 | 01/25/2024 | 01/23/2024 | 01/2024 | Payment (Transaction #460099015) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (16,720.98) | (157,082.22) |
| 2010 | 01/26/2024 | 01/26/2024 | 01/2024 | Commercial Rent #460100238 to Payment #460007869 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (156,082.22) |
| 2010 | 01/26/2024 | 01/26/2024 | 01/2024 | Commercial Month-to-Month Rent #460100239 to Payment #460080957 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (155,082.22) |
| 2010 | 01/26/2024 | 01/26/2024 | 02/2024 | Payment (Transaction #460100235) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (156,082.22) |
| 2010 | 01/26/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460100238 to Payment #460007869 | AR Allocation Deletion | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (157,082.22) |
| 2010 | 01/29/2024 | 03/26/2024 | 02/2024 | Payment (Transaction #460139645) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (160,832.22) |
| 2010 | 01/30/2024 | 01/30/2024 | 01/2024 | Payment (Transaction #460101890) | AR Payment | 111423 PECO | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,570.39) | (162,402.61) |
| 2010 | 01/30/2024 | 01/30/2024 | 01/2024 | Electricity #460090127 to Payment #460101890 | AR Allocation Post | $76.24 and $1494.15 | North Court-680-A,A | Temple Health FCCC | | 1,570.39 | 0.00 | (160,832.22) |
| 2010 | 01/30/2024 | 01/30/2024 | 01/2024 | Payment (Transaction #460101891) | AR Payment | PECO 121523 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,206.32) | (163,038.54) |
| 2010 | 01/30/2024 | 01/30/2024 | 01/2024 | Electricity #460090126 to Payment #460101891 | AR Allocation Post | $75.81 and $2130.51 | North Court-680-A,A | Temple Health FCCC | | 2,206.32 | 0.00 | (160,832.22) |
| 2010 | 01/30/2024 | 01/30/2024 | 01/2024 | Payment (Transaction #460101892) | AR Payment | rent 012024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (189,865.80) |
| 2010 | 01/30/2024 | 01/30/2024 | 01/2024 | Commercial Rent #460084099 to Payment #460101892 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (160,832.22) |
| 2010 | 01/30/2024 | 04/11/2024 | 01/2024 | Electricity #460090126 to Payment #460101891 | AR Allocation Deletion | $75.81 and $2130.51 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,206.32) | (163,038.54) |
| 2010 | 01/30/2024 | 04/11/2024 | 01/2024 | Electricity #460090127 to Payment #460101890 | AR Allocation Deletion | $76.24 and $1494.15 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,570.39) | (164,608.93) |
| 2010 | 01/31/2024 | 01/31/2024 | 01/2024 | Electricity #460102909 to Payment #460094543 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 271.00 | 0.00 | (164,337.93) |

GL Details

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 01/31/2024 | 01/31/2024 | 01/2024 | Other Reimbursement #460094547 to Payment #460099781 | AR Allocation Post | WATER 0124 | Main Building-150 | Outback Steakhouse | | 1,687.63 | 0.00 | (162,650.30) |
| 2010 | 01/31/2024 | 01/31/2024 | 01/2024 | Commercial Rent #460084097 to Payment #460099781 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 6,273.41 | 0.00 | (156,376.89) |
| 2010 | 01/31/2024 | 01/31/2024 | 01/2024 | Commercial Rent #460102910 to Payment #460099781 | AR Allocation Post | Water-1223 to 124 | Main Building-150 | Outback Steakhouse | | 1,975.91 | 0.00 | (154,400.98) |
| 2010 | 01/31/2024 | 01/31/2024 | 01/2024 | Late Fee #460092247 to Payment #460099781 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 627.34 | 0.00 | (153,773.64) |
| 2010 | 01/31/2024 | 01/31/2024 | 02/2024 | Payment (Transaction #460102872) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,326.39) | (157,100.03) |
| 2010 | 01/31/2024 | 01/31/2024 | 02/2024 | Payment (Transaction #460102873) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (157,400.03) |
| 2010 | 01/31/2024 | 10/14/2024 | 02/2024 | Payment (Transaction #460283175) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (165,567.70) |
| 2010 | 01/31/2024 | 05/31/2024 | 05/2024 | Late Fee #460092247 to Payment #460099781 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 0.00 | (627.34) | (166,195.04) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #459864881 to Payment #460099015 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2023 to 08/31/2023 | Main Building-225 | Bethany Christian Services | | 415.00 | 0.00 | (165,780.04) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460041527 to Payment #460099015 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 16,305.98 | 0.00 | (149,474.06) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent #459864878 to Payment #460096319 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 08/01/2023 to 08/31/2023 | Main Building-114 | Sezal Saran | | 40.00 | 0.00 | (149,434.06) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent #459923395 to Payment #460096319 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-114 | Sezal Saran | | 360.00 | 0.00 | (149,074.06) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement #460104221 to Payment #460099781 | AR Allocation Post | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (146,547.11) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement #460104224 to Payment #460099781 | AR Allocation Post | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (145,188.96) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104211 to Payment #460099781 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 2,523.76 | 0.00 | (142,665.20) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104205 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (142,365.20) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104223 to Payment #460094543 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 2,034.79 | 0.00 | (140,330.41) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104223 to Payment #460094544 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (140,030.41) |
| 2010 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent #460104223 to Payment #460102872 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 1,136.23 | 0.00 | (138,894.18) |
| 2010 | 02/01/2024 | 03/01/2024 | 02/2024 | Payment (Transaction #460124476) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (169,011.95) |
| 2010 | 02/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent #460104201 to Payment #460124476 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (168,926.81) |
| 2010 | 02/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460104199 to Payment #460124476 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (138,894.18) |
| 2010 | 02/03/2024 | 02/03/2024 | 02/2024 | Payment (Transaction #460107430) | AR Payment | | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | (140,894.18) |
| 2010 | 02/03/2024 | 02/03/2024 | 02/2024 | Commercial Rent #460104219 to Payment #460107430 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (138,894.18) |
| 2010 | 02/03/2024 | 02/03/2024 | 02/2024 | Payment (Transaction #460107431) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (140,394.18) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 02/03/2024 | 02/03/2024 | 02/2024 | Parking/Garage Income #460104197 to Payment #460107431 | AR Allocation Post | Monthly Parking/ Garage Income Posted from 02/01/ 2024 to 02/29/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (138,894.18) |
| 2010 | 02/05/2024 | 02/05/2024 | 02/2024 | Payment (Transaction #460111536) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (146,894.18) |
| 2010 | 02/05/2024 | 02/05/2024 | 02/2024 | CAM #460084100 to Payment #460111536 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 1,000.00 | 0.00 | (145,894.18) |
| 2010 | 02/05/2024 | 02/05/2024 | 02/2024 | Commercial Rent #460084102 to Payment #460111536 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (138,894.18) |
| 2010 | 02/06/2024 | 02/06/2024 | 02/2024 | Payment (Transaction #460112089) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (147,235.88) |
| 2010 | 02/06/2024 | 02/06/2024 | 02/2024 | Commercial Rent #460104206 to Payment #460112089 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (138,894.18) |
| 2010 | 02/06/2024 | 02/06/2024 | 02/2024 | Payment (Transaction #460112090) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,626.39) | (142,520.57) |
| 2010 | 02/06/2024 | 02/06/2024 | 02/2024 | Payment (Transaction #460112091) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (142,920.57) |
| 2010 | 02/06/2024 | 02/06/2024 | 02/2024 | Month-to-Month Rent #460104196 to Payment #460112091 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (142,520.57) |
| 2010 | 02/06/2024 | 02/06/2024 | 02/2024 | Commercial Month-to-Month Rent #460013824 to Payment #460107698 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 11/01/ 2023 to 11/30/2023 | Main Building-400 | Regus | | 85.14 | 0.00 | (142,435.43) |
| 2010 | 02/06/2024 | 02/06/2024 | 02/2024 | Commercial Rent #460013789 to Payment #460107698 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-400 | Regus | | 464.86 | 0.00 | (141,970.57) |
| 2010 | 02/20/2024 | 02/20/2024 | 02/2024 | Payment (Transaction #460118142) | AR Payment | WATER 1223 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,254.63) | (143,225.20) |
| 2010 | 02/20/2024 | 02/20/2024 | 02/2024 | Payment (Transaction #460118143) | AR Payment | SEWER 1223 | Main Building-150 | Outback Steakhouse | | 0.00 | (721.28) | (143,946.48) |
| 2010 | 02/20/2024 | 02/20/2024 | 02/2024 | Commercial Rent #460104211 to Payment #460118143 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 721.28 | 0.00 | (143,225.20) |
| 2010 | 02/21/2024 | 02/21/2024 | 02/2024 | Payment (Transaction #460118659) | AR Payment | FEB rent | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (157,808.53) |
| 2010 | 02/21/2024 | 02/21/2024 | 02/2024 | Commercial Rent #460104217 to Payment #460118659 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (143,225.20) |
| 2010 | 02/21/2024 | 02/21/2024 | 02/2024 | Commercial Rent #460104211 to Payment #460118142 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 1,254.63 | 0.00 | (141,970.57) |
| 2010 | 02/21/2024 | 02/21/2024 | 03/2024 | Payment (Transaction #460118678) | AR Payment | March RENT | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (159,111.67) |
| 2010 | 02/27/2024 | 03/26/2024 | 03/2024 | Payment (Transaction #460139647) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (162,861.67) |
| 2010 | 02/29/2024 | 02/29/2024 | 02/2024 | Payment (Transaction #460121882) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (171,029.34) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460041527 to Payment #460118678 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 415.00 | 0.00 | (170,614.34) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Key/FOBS #459960596 to Payment #460118678 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 318.00 | 0.00 | (170,296.34) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460041528 to Payment #460118678 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 16,408.10 | 0.00 | (153,888.24) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #459703761 to Payment #460121882 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 531.50 | 0.00 | (153,356.74) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122860 to Payment #460100235 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (152,356.74) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122866 to Payment #460102872 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 2,190.16 | 0.00 | (150,166.58) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #459703759 to Payment #460121882 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 5,642.96 | 0.00 | (144,523.62) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122866 to Payment #460102873 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (144,223.62) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #456532996 to Payment #460121882 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2023 to 03/31/2023 | North Court-640 | Helping Hands Family | | 18.00 | 0.00 | (144,205.62) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122866 to Payment #460112090 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 980.86 | 0.00 | (143,224.76) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Gas #459703886 to Payment #460121882 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 1,975.21 | 0.00 | (141,249.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122882 to Payment #460112090 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (140,949.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124288) | AR Payment | base rent | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (152,349.97) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122890 to Payment #460124288 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (140,949.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124289) | AR Payment | CAM 32024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (143,476.50) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement #460122862 to Payment #460124289 | AR Allocation Post | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (140,949.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124291) | AR Payment | RE 32024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (142,307.70) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement #460122868 to Payment #460124291 | AR Allocation Post | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (140,949.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124453) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (171,067.32) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460124453 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (170,982.18) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122885 to Payment #460124453 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (140,949.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124454) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (158,090.65) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122867 to Payment #460124454 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (140,949.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Payment (Transaction #460124805) | AR Payment | | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | (142,949.55) |
| 2010 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent #460122879 to Payment #460124805 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (140,949.55) |
| 2010 | 03/01/2024 | 03/26/2024 | 03/2024 | Month-to-Month Rent #460122859 to Payment #460139647 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-107 | Loanbility | | 375.00 | 0.00 | (140,574.55) |
| 2010 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460124453 | AR Allocation Deletion | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (140,659.69) |
| 2010 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460122885 to Payment #460124453 | AR Allocation Deletion | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (170,692.32) |
| 2010 | 03/01/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145989) | AR Payment | Reversal of transaction ID:460124453 - ds | Main Building-400 | Regus | | 30,117.77 | 0.00 | (140,574.55) |
| 2010 | 03/04/2024 | 03/04/2024 | 03/2024 | Payment (Transaction #460126194) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (141,574.55) |
| 2010 | 03/04/2024 | 03/04/2024 | 03/2024 | Payment (Transaction #460126401) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (143,074.55) |
| 2010 | 03/04/2024 | 03/04/2024 | 03/2024 | Parking/Garage Income #460122871 to Payment #460126401 | AR Allocation Post | Monthly Parking/Garage Income Posted from 03/01/2024 to 03/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (141,574.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129654) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (141,974.55) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #459923395 to Payment #460129654 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | (141,934.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Late Fee #460092240 to Payment #460129654 | AR Allocation Post | | Main Building-114 | Sezai Saran | | 84.00 | 0.00 | (141,850.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #460084095 to Payment #460129654 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-114 | Sezai Saran | | 276.00 | 0.00 | (141,574.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #459923395 to Payment #460129654 | AR Allocation Deletion | Monthly Month-to-Month Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | (141,614.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Late Fee #460092240 to Payment #460129654 | AR Allocation Deletion | | Main Building-114 | Sezai Saran | | 0.00 | (84.00) | (141,698.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #460084095 to Payment #460129654 | AR Allocation Deletion | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (276.00) | (141,974.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129655) | AR Payment | Reversal of transaction ID:460129654 - ds | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (141,574.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129656) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (141,974.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Month-to-Month Rent #460122864 to Payment #460129656 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (141,574.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129663) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (149,916.25) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent #460122875 to Payment #460129663 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (141,574.55) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent #460129690 to Payment #460112090 | AR Allocation Post | electric 22624 | Main Building-Roof | Metro PCS | | 229.05 | 0.00 | (141,345.50) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Payment (Transaction #460129691) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (166.36) | (141,511.86) |
| 2010 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent #460104192 to Payment #460129691 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof 2 | Zayo | | 166.36 | 0.00 | (141,345.50) |
| 2010 | 03/14/2024 | 03/14/2024 | 03/2024 | Payment (Transaction #460135632) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (170,379.08) |
| 2010 | 03/14/2024 | 03/14/2024 | 03/2024 | Commercial Rent #460122886 to Payment #460135632 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (141,345.50) |
| 2010 | 03/25/2024 | 03/21/2024 | 04/2024 | Payment (Transaction #460138055) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (170,379.08) |
| 2010 | 03/25/2024 | 03/21/2024 | 04/2024 | Payment (Transaction #460138056) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (184,962.41) |
| 2010 | 03/25/2024 | 03/22/2024 | 04/2024 | Payment (Transaction #460138346) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (202,103.51) |
| 2010 | 03/26/2024 | 03/26/2024 | 03/2024 | Payment (Transaction #460139598) | AR Payment | Water 0125 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,235.90) | (203,339.41) |
| 2010 | 03/26/2024 | 03/26/2024 | 03/2024 | Payment (Transaction #460139599) | AR Payment | Sewer 0125 | Main Building-150 | Outback Steakhouse | | 0.00 | (701.06) | (204,040.47) |
| 2010 | 03/26/2024 | 03/26/2024 | 03/2024 | Commercial Rent #460104211 to Payment #460139598 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 1,235.90 | 0.00 | (202,804.57) |
| 2010 | 03/26/2024 | 03/26/2024 | 03/2024 | Commercial Rent #460104211 to Payment #460139599 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 701.06 | 0.00 | (202,103.51) |
| 2010 | 03/26/2024 | 03/26/2024 | 03/2024 | Late Fee #460139646 to Payment #460139645 | AR Allocation Post | | Main Building-107 | Loanbility | | 375.00 | 0.00 | (201,728.51) |
| 2010 | 03/26/2024 | 03/26/2024 | 03/2024 | Month-to-Month Rent #460122859 to Payment #460139645 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-107 | Loanbility | | 3,375.00 | 0.00 | (198,353.51) |
| 2010 | 03/26/2024 | 03/26/2024 | 03/2024 | Late Fee #460139646 to Payment #460139645 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (198,728.51) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139600) | AR Payment | Base Rent | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (210,128.93) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139601) | AR Payment | CAM 424 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (212,655.88) |

Appx898

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139602) | AR Payment | RE 424 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (214,014.03) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Commercial Rent #460104211 to Payment #460139600 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 4,963.79 | 0.00 | (209,050.24) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Commercial Rent #460129689 to Payment #460139600 | AR Allocation Post | WATER 22624 | Main Building-150 | Outback Steakhouse | | 1,936.96 | 0.00 | (207,113.28) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Late Fee #460130669 to Payment #460139600 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 883.77 | 0.00 | (206,229.51) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460139600 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 3,615.90 | 0.00 | (202,613.61) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460139601 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (200,086.66) |
| 2010 | 03/26/2024 | 03/26/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460139602 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (198,728.51) |
| 2010 | 03/26/2024 | 05/31/2024 | 05/2024 | Late Fee #460130669 to Payment #460139600 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 0.00 | (883.77) | (199,612.28) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Payment (Transaction #460140584) | AR Payment | CAM | Main Building-225 | Bethany Christian Services | | 0.00 | (13,471.01) | (213,083.29) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460041528 to Payment #460138346 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 312.88 | 0.00 | (212,770.41) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460013794 to Payment #460138346 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-225 | Bethany Christian Services | | 16,720.98 | 0.00 | (196,049.43) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082968 to Payment #460138346 | AR Allocation Post | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 107.24 | 0.00 | (195,942.19) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082868 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 4,811.25 | 0.00 | (191,130.94) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082786 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-225 | Bethany Christian Services | | 4,918.49 | 0.00 | (186,212.45) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | (182,471.18) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082868 to Payment #460138346 | AR Allocation Deletion | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (107.24) | (182,578.42) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082868 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 02/01/2023 to 02/28/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,811.25) | (187,389.67) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460138346 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 107.24 | 0.00 | (187,282.43) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 1,069.98 | 0.00 | (186,212.45) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | (182,471.18) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082786 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,918.49) | (187,389.67) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 1,177.22 | 0.00 | (186,212.45) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082787 to Payment #460140584 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | (182,471.18) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082787 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | (186,212.45) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 3,741.27 | 0.00 | (182,471.18) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | (186,212.45) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082769 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (1,177.22) | (187,389.67) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 4,918.49 | 0.00 | (182,471.18) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | (186,212.45) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460138346 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (107.24) | (186,319.69) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460082835 to Payment #460140584 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (1,069.98) | (187,389.67) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460138346 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 107.24 | 0.00 | (187,282.43) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 4,811.25 | 0.00 | (182,471.18) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (3,741.27) | (186,212.45) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,918.49) | (191,130.94) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140584 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 0.00 | (4,811.25) | (195,942.19) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Payment (Transaction #460140639) | AR Payment | Reversal of transaction ID:460140584 - Incorrect allocation - Incorrect allocation | Main Building-225 | Bethany Christian Services | | 13,471.01 | 0.00 | (182,471.18) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Payment (Transaction #460140640) | AR Payment | CAM - Incorrect allocation | Main Building-225 | Bethany Christian Services | | 0.00 | (13,471.01) | (195,942.19) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140616 to Payment #460140640 | AR Allocation Post | Jan RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (194,861.84) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140618 to Payment #460140640 | AR Allocation Post | Feb RE taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (193,781.49) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140620 to Payment #460140640 | AR Allocation Post | March RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (192,701.14) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140638 to Payment #460140640 | AR Allocation Post | April RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (191,620.79) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140636 to Payment #460140640 | AR Allocation Post | May RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (190,540.44) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140634 to Payment #460140640 | AR Allocation Post | June RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (189,460.09) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140632 to Payment #460140640 | AR Allocation Post | July RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (188,379.74) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140630 to Payment #460140640 | AR Allocation Post | Aug RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (187,299.39) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140628 to Payment #460140640 | AR Allocation Post | Sept RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (186,219.04) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140626 to Payment #460140640 | AR Allocation Post | Oct RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (185,138.69) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140624 to Payment #460140640 | AR Allocation Post | Nov RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (184,058.34) |
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Property Taxes #460140622 to Payment #460140640 | AR Allocation Post | Dec RE Taxes | Main Building-225 | Bethany Christian Services | | 1,080.35 | 0.00 | (182,977.99) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 03/28/2024 | 03/28/2024 | 04/2024 | Commercial Rent #460054954 to Payment #460140640 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-225 | Bethany Christian Services | | 506.81 | 0.00 | (182,471.18) |
| 2010 | 03/29/2024 | 03/29/2024 | 04/2024 | Payment (Transaction #460141177) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (190,638.85) |
| 2010 | 03/29/2024 | 10/14/2024 | 04/2024 | Payment (Transaction #460283160) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (198,806.52) |
| 2010 | 03/29/2024 | 10/14/2024 | 04/2024 | Commercial Rent #459751914 to Payment #460283160 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2023 to 05/31/2023 | North Court-640 | Helping Hands Family | | 3,893.10 | 0.00 | (194,913.42) |
| 2010 | 03/29/2024 | 10/14/2024 | 04/2024 | Gas #459777644 to Payment #460283160 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 2,049.49 | 0.00 | (192,863.93) |
| 2010 | 03/29/2024 | 10/14/2024 | 04/2024 | Gas #459777683 to Payment #460283160 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 2,049.41 | 0.00 | (190,814.52) |
| 2010 | 03/29/2024 | 10/14/2024 | 04/2024 | Commercial Rent #459785833 to Payment #460283160 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2023 to 06/30/2023 | North Court-640 | Helping Hands Family | | 18.00 | 0.00 | (190,796.52) |
| 2010 | 03/29/2024 | 10/14/2024 | 04/2024 | Commercial Rent #459823791 to Payment #460283160 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2023 to 07/31/2023 | North Court-640 | Helping Hands Family | | 18.00 | 0.00 | (190,778.52) |
| 2010 | 03/29/2024 | 10/14/2024 | 04/2024 | Gas #459838832 to Payment #460283160 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 139.67 | 0.00 | (190,638.85) |
| 2010 | 03/31/2024 | 03/26/2024 | 04/2024 | Payment (Transaction #460139642) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,775.00) | (194,413.85) |
| 2010 | 03/31/2024 | 03/26/2024 | 04/2024 | Late Fee #460112288 to Payment #460139642 | AR Allocation Post | | Main Building-107 | Loanbility | | 375.00 | 0.00 | (194,038.85) |
| 2010 | 03/31/2024 | 03/26/2024 | 04/2024 | Month-to-Month Rent #460104195 to Payment #460139642 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-107 | Loanbility | | 3,400.00 | 0.00 | (190,638.85) |
| 2010 | 03/31/2024 | 03/26/2024 | 04/2024 | Late Fee #460112288 to Payment #460139642 | AR Allocation Deletion | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (191,013.85) |
| 2010 | 03/31/2024 | 03/26/2024 | 04/2024 | Month-to-Month Rent #460104195 to Payment #460139642 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-107 | Loanbility | | 350.00 | 0.00 | (190,663.85) |
| 2010 | 03/31/2024 | 03/26/2024 | 04/2024 | Key/FOBS #460139640 to Payment #460139642 | AR Allocation Post | | Main Building-107 | Loanbility | | 25.00 | 0.00 | (190,638.85) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent #460142488 to Payment #460139645 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-107 | Loanbility | | 375.00 | 0.00 | (190,263.85) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082842 to Payment #460138056 | AR Allocation Post | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 3,484.78 | 0.00 | (186,779.07) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent #460142488 to Payment #460139647 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-107 | Loanbility | | 3,375.00 | 0.00 | (183,404.07) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082775 to Payment #460138056 | AR Allocation Post | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 5,589.20 | 0.00 | (177,814.87) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Gas #459703886 to Payment #460141177 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 74.20 | 0.00 | (177,740.67) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082785 to Payment #460138056 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 5,509.35 | 0.00 | (172,231.32) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Gas #459777674 to Payment #460141177 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 2,049.41 | 0.00 | (170,181.91) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Janitorial Expenses #459731138 to Payment #460141177 | AR Allocation Post | Helping Hands - line Jetting , five blockages of towles in the line | North Court-640 | Helping Hands Family | | 795.00 | 0.00 | (169,386.91) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Janitorial Expenses #459746821 to Payment #460141177 | AR Allocation Post | zoom | North Court-640 | Helping Hands Family | | 718.20 | 0.00 | (168,668.71) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Janitorial Expenses #459746822 to Payment #460141177 | AR Allocation Post | Jenkins Drain Cleaning | North Court-640 | Helping Hands Family | | 437.50 | 0.00 | (168,231.21) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent #459751914 to Payment #460141177 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2023 to 05/31/2023 | North Court-640 | Helping Hands Family | | 4,093.36 | 0.00 | (164,137.85) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082803 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 3,607.32 | 0.00 | (160,530.53) |

Appx901

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent #460142469 to Payment #460112090 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 2,116.48 | 0.00 | (158,414.05) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082859 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (151,885.87) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082748 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (145,357.69) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082802 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (138,829.51) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Property Taxes #460082840 to Payment #460138055 | AR Allocation Post | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 5,841.72 | 0.00 | (132,987.79) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Payment (Transaction #460144007) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.00) | (150,128.79) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent #460142473 to Payment #460144007 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 17,141.00 | 0.00 | (132,987.79) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Payment (Transaction #460144008) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (134,487.79) |
| 2010 | 04/01/2024 | 04/01/2024 | 04/2024 | Parking/Garage Income #460142474 to Payment #460144008 | AR Allocation Post | Monthly Parking/Garage Income Posted from 04/01/2024 to 04/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (132,987.79) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082748 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (139,515.97) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082802 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (146,044.15) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082803 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (3,607.32) | (149,651.47) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082840 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (5,841.72) | (155,493.19) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082859 to Payment #460138055 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (162,021.37) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082842 to Payment #460138056 | AR Allocation Deletion | Monthly Property Taxes Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (3,484.78) | (165,506.15) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082775 to Payment #460138056 | AR Allocation Deletion | Monthly Property Taxes Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (5,589.20) | (171,095.35) |
| 2010 | 04/01/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082785 to Payment #460138056 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (5,509.35) | (176,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145832) | AR Payment | | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | (178,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460142481 to Payment #460145832 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (176,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145874) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (177,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460054935 to Payment #460126194 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (176,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460142467 to Payment #460145874 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (175,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460100236 to Payment #460007869 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (174,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460100236 to Payment #460007869 | AR Allocation Deletion | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (175,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460104218 to Payment #460007869 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (174,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145979) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (204,722.47) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460142458 to Payment #460145979 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (204,637.33) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460142460 to Payment #460145979 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (174,604.70) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Payment (Transaction #460145993) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (204,722.47) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460013789 to Payment #460145993 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-400 | Regus | | 38.88 | 0.00 | (204,683.59) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent #460054942 to Payment #460145993 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 85.14 | 0.00 | (204,598.45) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Commercial Rent #460054930 to Payment #460145993 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 294.78 | 0.00 | (204,303.67) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Key/FOBS #460074954 to Payment #460145993 | AR Allocation Post | | Main Building-400 | Regus | | 550.00 | 0.00 | (203,753.67) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | Account Adjustment #460140664 to Payment #460145993 | AR Allocation Post | Other Taxes - 2023 | Main Building-400 | Regus | | 376.24 | 0.00 | (203,377.43) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140922 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (200,949.32) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140919 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (198,521.21) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140927 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (196,093.10) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140930 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (193,664.99) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140934 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (191,236.88) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140921 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (188,808.77) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140920 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (186,380.66) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140938 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (183,952.55) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140926 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (181,524.44) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140933 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (179,096.33) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140918 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | Main Building-400 | Regus | | 2,428.11 | 0.00 | (176,668.22) |
| 2010 | 04/02/2024 | 04/02/2024 | 04/2024 | CAM #460140939 to Payment #460145993 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 2,063.52 | 0.00 | (174,604.70) |
| 2010 | 04/04/2024 | 04/04/2024 | 04/2024 | Payment (Transaction #460147038) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (182,946.40) |
| 2010 | 04/04/2024 | 04/04/2024 | 04/2024 | Commercial Rent #460142479 to Payment #460147038 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (174,604.70) |
| 2010 | 04/04/2024 | 04/04/2024 | 04/2024 | Payment (Transaction #460147043) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (175,004.70) |
| 2010 | 04/04/2024 | 04/04/2024 | 04/2024 | Month-to-Month Rent #460142457 to Payment #460147043 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (174,604.70) |
| 2010 | 04/05/2024 | 04/05/2024 | 04/2024 | Payment (Transaction #460149970) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (182,604.70) |
| 2010 | 04/05/2024 | 04/05/2024 | 04/2024 | Commercial Rent #460104222 to Payment #460149970 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (175,604.70) |
| 2010 | 04/05/2024 | 04/05/2024 | 04/2024 | Commercial Rent #460122874 to Payment #460149970 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 1,000.00 | 0.00 | (174,604.70) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082840 to Payment #443523703 | AR Allocation Post | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 686.46 | 0.00 | (173,918.24) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443523703 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 2,216.90 | 0.00 | (171,701.34) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443524698 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 1,451.68 | 0.00 | (170,249.66) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #459702590 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 2,859.60 | 0.00 | (167,390.06) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459702590 | AR Allocation Post | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 43.76 | 0.00 | (167,346.30) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459770832 | AR Allocation Post | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 6,484.42 | 0.00 | (160,861.88) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082862 to Payment #459770832 | AR Allocation Post | Monthly Property Taxes Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 6,528.18 | 0.00 | (154,333.70) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082740 to Payment #459770832 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (153,808.35) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082836 to Payment #459770832 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 448.78 | 0.00 | (153,359.57) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082836 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | North Court-680-A,A | Temple Health FCCC | | 76.57 | 0.00 | (153,283.00) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082795 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (152,757.65) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082797 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (152,232.30) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082747 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (151,706.95) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082857 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (151,181.60) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082872 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (150,656.25) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082779 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (150,130.90) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082738 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (149,605.55) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082812 to Payment #459778236 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 37.49 | 0.00 | (149,568.06) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082812 to Payment #459815677 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 487.86 | 0.00 | (149,080.20) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082791 to Payment #459815677 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 525.35 | 0.00 | (148,554.85) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082750 to Payment #459815677 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 245.77 | 0.00 | (148,309.08) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082750 to Payment #459961950 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 279.58 | 0.00 | (148,029.50) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460084092 to Payment #459961950 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (146,952.53) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #459961950 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 478.19 | 0.00 | (146,474.34) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #460006798 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 598.78 | 0.00 | (145,875.56) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #460006798 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 3,532.72 | 0.00 | (142,342.84) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459702590 | AR Allocation Deletion | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (43.76) | (142,386.60) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082793 to Payment #459770832 | AR Allocation Deletion | Monthly Property Taxes Posted from 11/01/2023 to 11/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,484.42) | (148,871.02) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082840 to Payment #443523703 | AR Allocation Deletion | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (686.46) | (149,557.48) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082862 to Payment #459770832 | AR Allocation Deletion | Monthly Property Taxes Posted from 12/01/2023 to 12/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,528.18) | (156,085.66) |

GL Details

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443523703 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,216.90) | (158,302.56) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #443524698 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,451.68) | (159,754.24) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082869 to Payment #459702580 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,859.60) | (162,613.84) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #443523703 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 2,903.36 | 0.00 | (159,710.48) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #443524698 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 1,451.68 | 0.00 | (158,258.80) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459702580 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 2,903.36 | 0.00 | (155,355.44) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459770632 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 13,012.60 | 0.00 | (142,342.84) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459853921 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 1,126.76 | 0.00 | (141,216.08) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #459914848 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 1,089.22 | 0.00 | (140,126.86) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460104220 to Payment #460011993 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 3,013.88 | 0.00 | (137,112.98) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460105601 to Payment #460011993 | AR Allocation Post | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 75.22 | 0.00 | (137,037.76) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460105603 to Payment #460011993 | AR Allocation Post | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 2,500.91 | 0.00 | (134,536.85) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460122887 to Payment #460011993 | AR Allocation Post | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (133,459.88) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460142471 to Payment #460011993 | AR Allocation Post | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (132,382.91) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460142456 to Payment #460011993 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 21,355.51 | 0.00 | (111,027.40) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460142456 to Payment #460047476 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 1,126.76 | 0.00 | (109,900.64) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Commercial Rent #460142456 to Payment #460096318 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 6,551.31 | 0.00 | (103,349.33) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Account Adjustment #460156479 to Payment #460096318 | AR Allocation Post | Other Taxes | North Court-680-A,A | Temple Health FCCC | | 672.68 | 0.00 | (102,676.65) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156493 to Payment #460096318 | AR Allocation Post | $75.81 and $2130.51 | North Court-680-A,A | Temple Health FCCC | | 2,206.32 | 0.00 | (100,470.33) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156494 to Payment #460096318 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 1,126.76 | 0.00 | (99,343.57) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156495 to Payment #460096318 | AR Allocation Post | Electrical invoice | North Court-680-A,A | Temple Health FCCC | | 1,126.76 | 0.00 | (98,216.81) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156496 to Payment #460096318 | AR Allocation Post | $75.92 and $1013.30 10/23 billing | North Court-680-A,A | Temple Health FCCC | | 1,089.22 | 0.00 | (97,127.59) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156497 to Payment #460096318 | AR Allocation Post | invoiced on 91923 | North Court-680-A,A | Temple Health FCCC | | 1,463.01 | 0.00 | (95,664.58) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460096318 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 14,797.52 | 0.00 | (80,867.06) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460101890 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 1,570.39 | 0.00 | (79,296.67) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460101891 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 2,206.32 | 0.00 | (77,090.35) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156498 to Payment #460138055 | AR Allocation Post | invoiced on 91823 | North Court-680-A,A | Temple Health FCCC | | 9,062.22 | 0.00 | (68,028.13) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156499 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 83.42 | 0.00 | (67,944.71) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156500 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 1,775.25 | 0.00 | (66,169.46) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156501 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 2,640.00 | 0.00 | (63,529.46) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156502 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 2,952.66 | 0.00 | (60,576.80) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460138055 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 12,520.03 | 0.00 | (48,056.77) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082785 to Payment #413180885 | AR Allocation Post | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 79.85 | 0.00 | (47,976.92) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #413180885 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 120.17 | 0.00 | (47,856.75) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459702588 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 133.08 | 0.00 | (47,723.67) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459723968 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 887.75 | 0.00 | (46,835.92) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 1,300.51 | 0.00 | (45,535.41) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #413180885 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (120.17) | (45,655.58) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459702588 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (133.08) | (45,788.66) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #459723968 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (887.75) | (46,676.41) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082796 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,300.51) | (47,976.92) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156512 to Payment #413180885 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 120.17 | 0.00 | (47,856.75) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156512 to Payment #459702588 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 133.08 | 0.00 | (47,723.67) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156512 to Payment #459723968 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 254.87 | 0.00 | (47,468.80) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #459723968 | AR Allocation Post | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 632.88 | 0.00 | (46,835.92) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 1,300.51 | 0.00 | (45,535.41) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #459723968 | AR Allocation Deletion | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (632.88) | (46,168.29) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082828 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,300.51) | (47,468.80) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156514 to Payment #459723968 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (46,960.68) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #459723968 | AR Allocation Post | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 124.76 | 0.00 | (46,835.92) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 1,300.51 | 0.00 | (45,535.41) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #459723968 | AR Allocation Deletion | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (124.76) | (45,660.17) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082834 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,300.51) | (46,960.68) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156516 to Payment #459723968 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 124.76 | 0.00 | (46,835.92) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156516 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 383.36 | 0.00 | (46,452.56) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082800 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 917.15 | 0.00 | (45,535.41) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082800 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (917.15) | (46,452.56) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156518 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (45,944.44) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082801 to Payment #460080610 | AR Allocation Post | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 409.03 | 0.00 | (45,535.41) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082801 to Payment #460080610 | AR Allocation Deletion | Monthly Property Taxes Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (409.03) | (45,944.44) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156520 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 409.03 | 0.00 | (45,535.41) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156531 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (45,027.29) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156520 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 99.09 | 0.00 | (44,928.20) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156526 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (44,420.08) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156528 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (43,911.96) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082788 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | (41,846.75) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 1,900.54 | 0.00 | (39,946.21) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156533 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (39,438.09) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 164.67 | 0.00 | (39,273.42) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082824 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | (37,208.21) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082843 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | (35,143.00) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 785.99 | 0.00 | (34,357.01) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156535 to Payment #460080610 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (33,848.89) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 1,279.22 | 0.00 | (32,569.67) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082870 to Payment #460080610 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 317.08 | 0.00 | (32,252.59) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082870 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 1,748.13 | 0.00 | (30,504.46) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 1,736.65 | 0.00 | (28,767.81) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156537 to Payment #460138056 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 508.12 | 0.00 | (28,259.69) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 328.56 | 0.00 | (27,931.13) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082806 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | (25,865.92) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082737 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | (23,800.71) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 622.10 | 0.00 | (23,178.61) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460082785 to Payment #413180885 | AR Allocation Deletion | Monthly Property Taxes Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (79.85) | (23,258.46) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156539 to Payment #413180885 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 79.85 | 0.00 | (23,178.61) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Property Taxes #460156539 to Payment #460138056 | AR Allocation Post | Incorrect amount | Main Building-250 | Temple Health Call Center | | 428.27 | 0.00 | (22,750.34) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 1,443.11 | 0.00 | (21,307.23) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082830 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | Main Building-250 | Temple Health Call Center | | 2,065.21 | 0.00 | (19,242.02) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460082776 to Payment #460138056 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-250 | Temple Health Call Center | | 1,572.76 | 0.00 | (17,669.26) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460084092 to Payment #459961950 | AR Allocation Deletion | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | (18,746.23) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #459961950 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (17,669.26) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #459961950 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (478.19) | (18,147.45) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460104213 to Payment #460006796 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (598.78) | (18,746.23) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #459961950 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 478.19 | 0.00 | (18,268.04) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460006796 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 598.78 | 0.00 | (17,669.26) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460122887 to Payment #460011993 | AR Allocation Deletion | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | (18,746.23) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460011993 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (17,669.26) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | CAM #460142471 to Payment #460011993 | AR Allocation Deletion | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | (18,746.23) |
| 2010 | 04/11/2024 | 04/11/2024 | 04/2024 | Electricity #460156503 to Payment #460011993 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (17,669.26) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082737 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | (19,734.47) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (622.10) | (20,356.57) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082758 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,443.11) | (21,799.68) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,736.65) | (23,536.33) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082768 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (328.56) | (23,864.89) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (785.99) | (24,650.88) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082773 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,279.22) | (25,930.10) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082776 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,572.76) | (27,502.86) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082788 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | (29,568.07) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082806 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 06/01/2023 to 08/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | (31,633.28) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,900.54) | (33,533.82) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082819 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (164.67) | (33,698.49) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082824 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | (35,763.70) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082830 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | (37,828.91) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082843 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,065.21) | (39,894.12) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082870 to Payment #460080610 | AR Allocation Deletion | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (317.08) | (40,211.20) |
| 2010 | 04/11/2024 | 04/22/2024 | 04/2024 | CAM #460082870 to Payment #460138056 | AR Allocation Deletion | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,748.13) | (41,959.33) |
| 2010 | 04/19/2024 | 05/20/2024 | 04/2024 | Payment (Transaction #460181977) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (45,709.33) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Account Adjustment #460156596 to Payment #460080610 | AR Allocation Post | Other Taxes | Main Building-250 | Temple Health Call Center | | 575.93 | 0.00 | (45,133.40) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156598 to Payment #460080610 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (42,964.93) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460084122 to Payment #460080610 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 7,898.73 | 0.00 | (35,066.20) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460084122 to Payment #460138056 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 6,684.60 | 0.00 | (28,381.60) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156600 to Payment #460138056 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (26,213.13) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156602 to Payment #460138056 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (24,044.66) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460122869 to Payment #460138056 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 2,625.40 | 0.00 | (21,419.26) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156598 to Payment #460080610 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | (23,587.73) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156600 to Payment #460138056 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | (25,756.20) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | CAM #460156602 to Payment #460138056 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | (27,924.67) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460122869 to Payment #460080610 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (25,756.20) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460122869 to Payment #460138056 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 4,336.94 | 0.00 | (21,419.26) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Payment (Transaction #460161182) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (38,560.36) |
| 2010 | 04/22/2024 | 04/22/2024 | 04/2024 | Commercial Rent #460142473 to Payment #460161182 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.10 | 0.00 | (38,560.26) |
| 2010 | 04/22/2024 | 04/22/2024 | 05/2024 | Commercial Rent #460142473 to Payment #460161182 | AR Allocation Deletion | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.10) | (38,560.36) |
| 2010 | 04/22/2024 | 04/22/2024 | 05/2024 | Payment (Transaction #460161183) | AR Payment | Reversal of transaction ID:460161182 - dsp - dsp | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (21,419.26) |
| 2010 | 04/22/2024 | 04/22/2024 | 05/2024 | Payment (Transaction #460161184) | AR Payment | dsp | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (38,560.36) |
| 2010 | 04/22/2024 | 04/22/2024 | 05/2024 | Commercial Rent #460142473 to Payment #460161184 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.10 | 0.00 | (38,560.26) |
| 2010 | 04/23/2024 | 04/23/2024 | 04/2024 | Payment (Transaction #460161535) | AR Payment | WATER 22224 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,247.39) | (39,807.65) |
| 2010 | 04/23/2024 | 04/23/2024 | 04/2024 | Payment (Transaction #460161536) | AR Payment | SEWER 22224 | Main Building-150 | Outback Steakhouse | | 0.00 | (709.00) | (40,516.65) |

Case 2:25-cv-00044-GAM   Document 29-2   Filed 05/16/25   Page 40 of 118

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161532) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (51,917.07) |
| 2010 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161533) | AR Payment | CAM | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (54,444.02) |
| 2010 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161534) | AR Payment | RE | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (55,802.17) |
| 2010 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161566) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (70,385.50) |
| 2010 | 04/23/2024 | 04/23/2024 | 05/2024 | Payment (Transaction #460161567) | AR Payment | | North Court-680-A.A | Temple Health FCCC | | 0.00 | (29,033.58) | (99,419.08) |
| 2010 | 04/24/2024 | 04/24/2024 | 03/2024 | Payment (Transaction #460162173) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (99,719.08) |
| 2010 | 04/24/2024 | 04/24/2024 | 03/2024 | Payment (Transaction #460162174) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | (103,311.59) |
| 2010 | 04/24/2024 | 04/24/2024 | 03/2024 | Payment (Transaction #460162179) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (227.63) | (103,539.22) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460161535 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 1,247.39 | 0.00 | (102,291.83) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Tenant Damages #460139607 to Payment #460161536 | AR Allocation Post | Damage to front door | Main Building-150 | Outback Steakhouse | | 438.91 | 0.00 | (101,852.92) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Other Reimbursement #460142463 to Payment #460161536 | AR Allocation Post | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 270.09 | 0.00 | (101,582.83) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Payment (Transaction #460162175) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (101,882.83) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142480 to Payment #460162175 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (101,582.83) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Payment (Transaction #460162176) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | (105,175.34) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142469 to Payment #460162173 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (104,875.34) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142469 to Payment #460162174 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 1,054.54 | 0.00 | (103,820.80) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460150662 to Payment #460162174 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 165.45 | 0.00 | (103,655.35) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Month-to-Month Rent #460162178 to Payment #460162174 | AR Allocation Post | rent not charged during rent increase | Main Building-Roof | Metro PCS | | 2,372.52 | 0.00 | (101,282.83) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Month-to-Month Rent #460162178 to Payment #460162176 | AR Allocation Post | rent not charged during rent increase | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | (97,690.32) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Payment (Transaction #460162180) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (97,924.77) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460084118 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof 2 | Zayo | | 21.92 | 0.00 | (97,902.85) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460092250 to Payment #460162179 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | (97,880.82) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460104192 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof 2 | Zayo | | 53.92 | 0.00 | (97,826.90) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460112294 to Payment #460162179 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 24.22 | 0.00 | (97,802.68) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460122872 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof 2 | Zayo | | 105.54 | 0.00 | (97,697.14) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460122872 to Payment #460162180 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof 2 | Zayo | | 114.74 | 0.00 | (97,582.40) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460130671 to Payment #460162180 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 29.61 | 0.00 | (97,552.79) |

Appx910

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162180 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 90.10 | 0.00 | (97,462.69) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460130671 to Payment #460162180 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 0.00 | (29.61) | (97,492.30) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162180 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 29.61 | 0.00 | (97,462.69) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460112294 to Payment #460162179 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 0.00 | (24.22) | (97,486.91) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 24.22 | 0.00 | (97,462.69) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Late Fee #460092250 to Payment #460162179 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | (97,484.72) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460162179 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | (97,462.69) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460074870 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.10 | 0.00 | (97,462.59) |
| 2010 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent #460142487 to Payment #460094545 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 21.92 | 0.00 | (97,440.67) |
| 2010 | 04/24/2024 | 04/24/2024 | 05/2024 | Other Reimbursement #460142463 to Payment #460161532 | AR Allocation Post | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 1,088.06 | 0.00 | (96,352.61) |
| 2010 | 04/24/2024 | 04/24/2024 | 05/2024 | Other Reimbursement #460142477 to Payment #460161532 | AR Allocation Post | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (93,825.66) |
| 2010 | 04/24/2024 | 04/24/2024 | 05/2024 | Commercial Rent #460142486 to Payment #460161532 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 7,785.41 | 0.00 | (86,040.25) |
| 2010 | 04/24/2024 | 04/24/2024 | 05/2024 | Commercial Rent #460142486 to Payment #460161533 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (83,513.30) |
| 2010 | 04/24/2024 | 04/24/2024 | 05/2024 | Commercial Rent #460142486 to Payment #460161534 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 1,088.06 | 0.00 | (82,425.24) |
| 2010 | 04/24/2024 | 04/24/2024 | 05/2024 | Late Fee #460150660 to Payment #460161534 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 270.09 | 0.00 | (82,155.15) |
| 2010 | 04/24/2024 | 05/31/2024 | 05/2024 | Late Fee #460150660 to Payment #460161534 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 0.00 | (270.09) | (82,425.24) |
| 2010 | 04/24/2024 | 08/07/2024 | 08/2024 | Late Fee #460150662 to Payment #460162174 | AR Allocation Deletion | | Main Building-Roof | Metro PCS | | 0.00 | (165.45) | (82,590.69) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460165903 to Payment #460161184 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-225 | Bethany Christian Services | | 17,141.00 | 0.00 | (65,449.69) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | Electricity #460156503 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 15,147.91 | 0.00 | (50,301.78) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156606 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (49,750.16) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156608 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (49,198.54) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156610 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (48,646.92) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460156612 to Payment #460161567 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (48,095.30) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460165887 to Payment #460161567 | AR Allocation Post | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (47,543.68) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460161567 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 11,127.57 | 0.00 | (36,416.11) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460122869 to Payment #460161566 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 5,452.52 | 0.00 | (30,963.59) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161482 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (30,430.07) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161481 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (29,896.55) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161483 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (29,363.03) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM #460161480 to Payment #460161566 | AR Allocation Post | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (28,829.51) |
| 2010 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent #460142462 to Payment #460161566 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 6,996.73 | 0.00 | (21,832.78) |
| 2010 | 05/02/2024 | 05/02/2024 | 05/2024 | Payment (Transaction #460168462) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (22,832.78) |
| 2010 | 05/02/2024 | 05/02/2024 | 05/2024 | Commercial Rent #460165883 to Payment #460168462 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (21,832.78) |
| 2010 | 05/02/2024 | 07/02/2024 | 05/2024 | Payment (Transaction #460208733) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (51,950.55) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168957) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,000.00) | (52,950.55) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Parking/Garage Income #460165881 to Payment #460168957 | AR Allocation Post | Monthly Parking/Garage Income Posted from 05/01/2024 to 05/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,000.00 | 0.00 | (51,950.55) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168958) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (500.00) | (52,450.55) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Parking/Garage Income #460165881 to Payment #460168958 | AR Allocation Post | Monthly Parking/Garage Income Posted from 05/01/2024 to 05/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 500.00 | 0.00 | (51,950.55) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168959) | AR Payment | | North Court-668 | LUV2KNIT & More | | 0.00 | (2,000.00) | (53,950.55) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Commercial Rent #460165892 to Payment #460168959 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (51,950.55) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Payment (Transaction #460168960) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (60,292.25) |
| 2010 | 05/03/2024 | 05/03/2024 | 05/2024 | Commercial Rent #460165894 to Payment #460168960 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (51,950.55) |
| 2010 | 05/06/2024 | 05/06/2024 | 05/2024 | Payment (Transaction #460173998) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (52,350.55) |
| 2010 | 05/06/2024 | 05/06/2024 | 05/2024 | Month-to-Month Rent #460165888 to Payment #460173998 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (51,950.55) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Payment (Transaction #460175506) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (55,777.51) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165890 to Payment #460175506 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | (52,185.00) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165884 to Payment #460175506 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 234.45 | 0.00 | (51,950.55) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Payment (Transaction #460175509) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (52,250.55) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165884 to Payment #460175509 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 65.55 | 0.00 | (52,185.00) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165890 to Payment #460175506 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | (55,777.51) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460175512 to Payment #460175506 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | (52,185.00) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460175512 to Payment #460175509 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 234.45 | 0.00 | (51,950.55) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Payment (Transaction #460175543) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (52,185.00) |
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460142487 to Payment #460175543 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 14.17 | 0.00 | (52,170.83) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 05/07/2024 | 05/07/2024 | 05/2024 | Commercial Rent #460165897 to Payment #460175543 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | (51,950.55) |
| 2010 | 05/09/2024 | 05/09/2024 | 05/2024 | Payment (Transaction #460178035) | AR Payment | WATER 32124 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,368.57) | (53,319.12) |
| 2010 | 05/09/2024 | 05/09/2024 | 05/2024 | Payment (Transaction #460178036) | AR Payment | SEWER 32124 | Main Building-150 | Outback Steakhouse | | 0.00 | (792.76) | (54,111.88) |
| 2010 | 05/13/2024 | 07/05/2024 | 05/2024 | Payment (Transaction #460213753) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | (57,611.88) |
| 2010 | 05/13/2024 | 07/05/2024 | 05/2024 | Commercial Rent #460165898 to Payment #460213753 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | (54,111.88) |
| 2010 | 05/13/2024 | 07/05/2024 | 05/2024 | Commercial Rent #460165898 to Payment #460213753 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | (57,611.88) |
| 2010 | 05/13/2024 | 07/05/2024 | 05/2024 | Payment (Transaction #460213759} | AR Payment | Reversal of transaction ID:460213753 - INCORRECT POST | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | (54,111.88) |
| 2010 | 05/13/2024 | 07/05/2024 | 05/2024 | Payment (Transaction #460213765) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | (57,611.88) |
| 2010 | 05/13/2024 | 07/05/2024 | 05/2024 | Commercial Rent #460142468 to Payment #460213765 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | (54,111.88) |
| 2010 | 05/16/2024 | 05/16/2024 | 05/2024 | Late Fee #460150660 to Payment #460178035 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 1,368.57 | 0.00 | (52,743.31) |
| 2010 | 05/16/2024 | 05/16/2024 | 05/2024 | Late Fee #460150660 to Payment #460178036 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 58.52 | 0.00 | (52,684.79) |
| 2010 | 05/16/2024 | 05/16/2024 | 05/2024 | Rent #460162171 to Payment #460178036 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 734.24 | 0.00 | (51,950.55) |
| 2010 | 05/16/2024 | 05/31/2024 | 05/2024 | Late Fee #460150660 to Payment #460178035 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 0.00 | (1,368.57) | (53,319.12) |
| 2010 | 05/16/2024 | 05/31/2024 | 05/2024 | Late Fee #460150660 to Payment #460178036 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 0.00 | (58.52) | (53,377.64) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | Payment (Transaction #460181823) | AR Payment | T damages to door 1st charge | Main Building-150 | Outback Steakhouse | | 0.00 | (9,187.30) | (62,564.94) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | Payment (Transaction #460181903) | AR Payment | CAM 2023 | North Court-670 | Dr. Mark Kress | | 0.00 | (1,385.82) | (63,950.76) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | Account Adjustment #460140657 to Payment #460181903 | AR Allocation Post | Other Taxes - 2023 | North Court-670 | Dr. Mark Kress | | 133.61 | 0.00 | (63,817.15) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140936 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 01/01/2023 to 01/31/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (63,712.80) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140935 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 02/01/2023 to 02/28/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (63,608.45) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140940 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 03/01/2023 to 03/31/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (63,504.10) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140917 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 04/01/2023 to 04/30/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (63,399.75) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140937 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 05/01/2023 to 05/31/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (63,295.40) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140928 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 06/01/2023 to 06/30/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (63,191.05) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140931 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 07/01/2023 to 07/31/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (63,086.70) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140923 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 08/01/2023 to 08/31/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (62,982.35) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140924 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 09/01/2023 to 09/30/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (62,878.00) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140932 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 10/01/2023 to 10/31/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (62,773.65) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140929 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 11/01/2023 to 11/30/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (62,669.30) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | CAM #460140925 to Payment #460181903 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | North Court-670 | Dr. Mark Kress | | 104.35 | 0.00 | (62,564.95) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | Payment (Transaction #460181975) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (66,314.95) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | Month-to-Month Rent #460165889 to Payment #460181975 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-107 | Loanbility | | 3,375.00 | 0.00 | (62,939.95) |
| 2010 | 05/20/2024 | 05/20/2024 | 05/2024 | Month-to-Month Rent #460165889 to Payment #460181975 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-107 | Loanbility | | 375.00 | 0.00 | (62,564.95) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182618) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (77,148.28) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182618 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (62,564.95) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182618 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (77,148.28) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182619) | AR Payment | Reversal of transaction ID:460182618 - incorrect post | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (62,564.95) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182620) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (77,148.28) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182620 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (62,564.95) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182621) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (91,598.53) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460182621 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 15,096.31 | 0.00 | (76,502.22) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Late Fee #460174124 to Payment #460182621 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 1,509.63 | 0.00 | (74,992.59) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Tenant Damages #460180470 to Payment #460182621 | AR Allocation Post | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 1,480.00 | 0.00 | (73,512.59) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460182621 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (15,096.31) | (88,608.90) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Late Fee #460174124 to Payment #460182621 | AR Allocation Deletion | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,509.63) | (90,118.53) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Tenant Damages #460180470 to Payment #460182621 | AR Allocation Deletion | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,480.00) | (91,598.53) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182622) | AR Payment | Reversal of transaction ID:460182621 - incorrect bank | North Court-680-A,A | Temple Health FCCC | | 29,033.58 | 0.00 | (62,564.95) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182620 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (77,148.28) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182623) | AR Payment | Reversal of transaction ID:460182620 - incorrect bank | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (62,564.95) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182624) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (91,598.53) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165893 to Payment #460182624 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 15,096.31 | 0.00 | (76,502.22) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Late Fee #460174124 to Payment #460182624 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 1,509.63 | 0.00 | (74,992.59) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Tenant Damages #460180470 to Payment #460182624 | AR Allocation Post | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 1,480.00 | 0.00 | (73,512.59) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Payment (Transaction #460182625) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (88,095.92) |
| 2010 | 05/22/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182625 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (73,512.59) |
| 2010 | 05/22/2024 | 09/30/2024 | 05/2024 | Commercial Rent #460165891 to Payment #460182625 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (88,095.92) |

Appx914

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 05/28/2024 | 05/28/2024 | 05/2024 | Payment (Transaction #460184682) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (15,285.52) | (103,381.44) |
| 2010 | 05/28/2024 | 05/28/2024 | 05/2024 | Other Reimbursement #460165885 to Payment #460184682 | AR Allocation Post | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (102,023.29) |
| 2010 | 05/28/2024 | 05/28/2024 | 05/2024 | Other Reimbursement #460165886 to Payment #460184682 | AR Allocation Post | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (99,496.34) |
| 2010 | 05/28/2024 | 05/28/2024 | 05/2024 | Commercial Rent #460165906 to Payment #460184682 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 11,400.42 | 0.00 | (88,095.92) |
| 2010 | 05/29/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165879 to Payment #460182621 | AR Allocation Post | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 2,809.70 | 0.00 | (85,286.22) |
| 2010 | 05/29/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165879 to Payment #460182621 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,809.70) | (88,095.92) |
| 2010 | 05/29/2024 | 05/22/2024 | 05/2024 | Commercial Rent #460165879 to Payment #460182624 | AR Allocation Post | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 2,809.70 | 0.00 | (85,286.22) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Rent #460162171 to Payment #460009781 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 627.34 | 0.00 | (84,658.88) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Rent #460162171 to Payment #460181823 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 799.75 | 0.00 | (83,859.13) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Late Fee #460174131 to Payment #460181823 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 1,744.69 | 0.00 | (82,114.44) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Tenant Damages #460180684 to Payment #460181823 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 2,300.00 | 0.00 | (79,814.44) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Late Fee #460174131 to Payment #460181823 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 0.00 | (1,744.69) | (81,559.13) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Payment (Transaction #460185916) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (98,700.23) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Payment (Transaction #460185917) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (106,867.90) |
| 2010 | 05/31/2024 | 05/31/2024 | 05/2024 | Commercial Rent #460165900 to Payment #460185917 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (98,700.23) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460165903 to Payment #460185916 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-225 | Bethany Christian Services | | 0.10 | 0.00 | (98,700.13) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Late Fee #460174120 to Payment #460185916 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (98,700.12) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186555 to Payment #460139600 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 883.77 | 0.00 | (97,816.35) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM #460186561 to Payment #460182624 | AR Allocation Post | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (97,264.73) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460186567 to Payment #460185916 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-225 | Bethany Christian Services | | 17,140.99 | 0.00 | (80,123.74) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186555 to Payment #460161534 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 270.09 | 0.00 | (79,853.65) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460186552 to Payment #460182624 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 7,586.32 | 0.00 | (72,267.33) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186555 to Payment #460178035 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 204.29 | 0.00 | (72,063.04) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186579 to Payment #460178035 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 1,164.28 | 0.00 | (70,898.76) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186579 to Payment #460178036 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 58.52 | 0.00 | (70,840.24) |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement #460186579 to Payment #460181823 | AR Allocation Post | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 1,304.15 | 0.00 | (69,536.09) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460186578 to Payment #460181823 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 4,783.40 | 0.00 | (64,752.69) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent #460041492 to Payment #460181903 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.01 | 0.00 | (64,752.68) |
| 2010 | 06/01/2024 | 06/01/2024 | 06/2024 | Month-to-Month Rent #460186562 to Payment #460181977 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (61,002.68) |
| 2010 | 06/01/2024 | 07/02/2024 | 07/2024 | Commercial Month-to-Month Rent #460186573 to Payment #460208733 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (60,917.54) |
| 2010 | 06/01/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460186569 to Payment #460208733 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (30,884.91) |
| 2010 | 06/03/2024 | 06/03/2024 | 06/2024 | Payment (Transaction #460188770) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (32,384.91) |
| 2010 | 06/03/2024 | 06/03/2024 | 06/2024 | Parking/Garage Income #460186565 to Payment #460188770 | AR Allocation Post | Monthly Parking/Garage Income Posted from 06/01/2024 to 06/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (30,884.91) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208730) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (61,002.68) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | CAM #460140939 to Payment #460208730 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 364.59 | 0.00 | (60,638.09) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460208730 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (60,552.95) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Late Fee #460150657 to Payment #460208730 | AR Allocation Post | | Main Building-400 | Regus | | 44.97 | 0.00 | (60,507.98) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460165910 to Payment #460208730 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (60,422.84) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Rent #460165882 to Payment #460208730 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 29,537.93 | 0.00 | (30,884.91) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | CAM #460140939 to Payment #460208730 | AR Allocation Deletion | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 0.00 | (364.59) | (31,249.50) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460208730 | AR Allocation Deletion | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (31,334.64) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Late Fee #460150657 to Payment #460208730 | AR Allocation Deletion | | Main Building-400 | Regus | | 0.00 | (44.97) | (31,379.61) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Month-to-Month Rent #460165910 to Payment #460208730 | AR Allocation Deletion | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (31,464.75) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Commercial Rent #460165882 to Payment #460208730 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (29,537.93) | (61,002.68) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208738) | AR Payment | Reversal of transaction ID:460208730 - ALLOCATION | Main Building-400 | Regus | | 30,117.77 | 0.00 | (30,884.91) |
| 2010 | 06/03/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208741) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (61,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213756) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (69,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213756 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | (65,502.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460186553 to Payment #460213756 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 4,500.00 | 0.00 | (61,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213756 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (3,500.00) | (64,502.68) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460186553 to Payment #460213756 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (4,500.00) | (69,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213762) | AR Payment | Reversal of transaction ID:460213756 - INCORRECT POST | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (61,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213768) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (69,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213768 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (62,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213768 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (69,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213771) | AR Payment | Reversal of transaction ID:460213768 - INCORRECT | Main Building-G100 | Jenkins Storage | | 8,000.00 | 0.00 | (61,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213774) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (69,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460142468 to Payment #460213774 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 1,000.00 | 0.00 | (68,002.68) |
| 2010 | 06/03/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460165898 to Payment #460213774 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (61,002.68) |
| 2010 | 06/03/2024 | 07/02/2024 | 07/2024 | Commercial Month-to-Month Rent #460165910 to Payment #460208741 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (60,917.54) |
| 2010 | 06/03/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460165882 to Payment #460208741 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (30,884.91) |
| 2010 | 06/04/2024 | 06/04/2024 | 06/2024 | Payment (Transaction #460189405) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (31,884.91) |
| 2010 | 06/04/2024 | 06/04/2024 | 06/2024 | Commercial Rent #460186556 to Payment #460189405 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (30,884.91) |
| 2010 | 06/05/2024 | 06/05/2024 | 06/2024 | Payment (Transaction #460193604) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (31,284.91) |
| 2010 | 06/05/2024 | 06/05/2024 | 06/2024 | Month-to-Month Rent #460186563 to Payment #460193604 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (30,884.91) |
| 2010 | 06/05/2024 | 06/05/2024 | 06/2024 | Payment (Transaction #460193853) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.90) | (39,226.81) |
| 2010 | 06/05/2024 | 06/05/2024 | 06/2024 | Commercial Rent #460186564 to Payment #460193853 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (30,885.11) |
| 2010 | 06/05/2024 | 07/05/2024 | 06/2024 | Payment (Transaction #460213777) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (38,885.11) |
| 2010 | 06/05/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460142468 to Payment #460213777 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 1,000.00 | 0.00 | (37,885.11) |
| 2010 | 06/05/2024 | 07/05/2024 | 06/2024 | Commercial Rent #460186553 to Payment #460213777 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (30,885.11) |
| 2010 | 06/06/2024 | 06/06/2024 | 06/2024 | Commercial Rent #460041492 to Payment #460193853 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.20 | 0.00 | (30,884.91) |
| 2010 | 06/07/2024 | 06/07/2024 | 06/2024 | Payment (Transaction #460196123) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (34,711.87) |
| 2010 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460186558 to Payment #460196123 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | (30,884.91) |
| 2010 | 06/07/2024 | 06/07/2024 | 06/2024 | Payment (Transaction #460196126) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (31,184.91) |
| 2010 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460186574 to Payment #460196126 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (30,884.91) |
| 2010 | 06/07/2024 | 06/07/2024 | 06/2024 | Payment (Transaction #460196143) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (31,119.36) |
| 2010 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460142487 to Payment #460196143 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 14.17 | 0.00 | (31,105.19) |

GL Details

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 06/07/2024 | 06/07/2024 | 06/2024 | Commercial Rent #460186581 to Payment #460196143 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | (30,884.91) |
| 2010 | 06/24/2024 | 06/21/2024 | 06/2024 | Payment (Transaction #460203023) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (48,026.01) |
| 2010 | 06/26/2024 | 06/26/2024 | 06/2024 | Payment (Transaction #460204604) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (59,426.43) |
| 2010 | 06/26/2024 | 06/26/2024 | 06/2024 | Payment (Transaction #460204605) | AR Payment | CAM 72024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (61,953.38) |
| 2010 | 06/26/2024 | 06/26/2024 | 06/2024 | Payment (Transaction #460204606) | AR Payment | RE TAX 72024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (63,311.53) |
| 2010 | 06/28/2024 | 06/28/2024 | 06/2024 | Payment (Transaction #460205424) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (77,894.86) |
| 2010 | 06/28/2024 | 06/28/2024 | 06/2024 | Payment (Transaction #460205425) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (106,928.44) |
| 2010 | 06/28/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208721) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (115,096.11) |
| 2010 | 06/28/2024 | 07/02/2024 | 06/2024 | Payment (Transaction #460208728) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (118,846.11) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460186567 to Payment #460203023 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-225 | Bethany Christian Services | | 0.11 | 0.00 | (118,846.00) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460142462 to Payment #460205424 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 7,586.60 | 0.00 | (111,259.40) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Late Fee #460194509 to Payment #460203023 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (111,259.39) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206870 to Payment #460203023 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 17,140.98 | 0.00 | (94,118.41) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM #460165905 to Payment #460205424 | AR Allocation Post | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (93,584.89) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460165891 to Payment #460205424 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 6,463.21 | 0.00 | (87,121.68) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460186578 to Payment #460204604 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 6,617.02 | 0.00 | (80,504.66) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Late Fee #460194519 to Payment #460204604 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 661.70 | 0.00 | (79,842.96) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460186552 to Payment #460205425 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 21,447.26 | 0.00 | (58,395.70) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement #460206859 to Payment #460204604 | AR Allocation Post | Monthly Other Reimbursement Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (57,037.55) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement #460206877 to Payment #460204604 | AR Allocation Post | Monthly Other Reimbursement Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (54,510.60) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460204604 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 236.60 | 0.00 | (54,274.00) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Late Fee #460194513 to Payment #460205425 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 2,144.73 | 0.00 | (52,129.27) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460204605 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (49,602.32) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM #460206857 to Payment #460205425 | AR Allocation Post | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (49,050.70) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460204606 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (47,692.55) |
| 2010 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent #460206865 to Payment #460205425 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 4,889.97 | 0.00 | (42,802.58) |
| 2010 | 07/01/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206856 to Payment #460208721 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (34,634.91) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 07/01/2024 | 07/02/2024 | 07/2024 | Month-to-Month Rent #460206861 to Payment #460206728 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (30,884.91) |
| 2010 | 07/01/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460206744) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (61,002.68) |
| 2010 | 07/01/2024 | 07/02/2024 | 07/2024 | Commercial Month-to-Month Rent #460206885 to Payment #460206744 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (60,917.54) |
| 2010 | 07/01/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206862 to Payment #460206744 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (30,884.91) |
| 2010 | 07/01/2024 | 07/09/2024 | 07/2024 | Payment (Transaction #460216605) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (39,226.61) |
| 2010 | 07/01/2024 | 07/09/2024 | 07/2024 | Commercial Rent #460206866 to Payment #460216605 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (30,884.91) |
| 2010 | 07/01/2024 | 09/30/2024 | 07/2024 | Commercial Rent #460165891 to Payment #460205424 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,463.21) | (37,348.12) |
| 2010 | 07/01/2024 | 01/15/2025 | 01/2025 | Late Fee #460194519 to Payment #460204604 | AR Allocation Deletion | | Main Building-150 | Outback Steakhouse | | 0.00 | (661.70) | (38,009.82) |
| 2010 | 07/02/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460206616) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (39,009.82) |
| 2010 | 07/02/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206869 to Payment #460206616 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (38,009.82) |
| 2010 | 07/02/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460206617) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (39,509.82) |
| 2010 | 07/02/2024 | 07/02/2024 | 07/2024 | Parking/Garage Income #460206858 to Payment #460206617 | AR Allocation Post | Monthly Parking/Garage Income Posted from 07/01/2024 to 07/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (38,009.82) |
| 2010 | 07/02/2024 | 07/02/2024 | 07/2024 | Payment (Transaction #460206729) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (55,150.92) |
| 2010 | 07/02/2024 | 07/02/2024 | 07/2024 | Commercial Rent #460206870 to Payment #460206729 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.12 | 0.00 | (55,150.80) |
| 2010 | 07/02/2024 | 07/09/2024 | 07/2024 | Commercial Rent #460206870 to Payment #460206729 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (0.12) | (55,150.92) |
| 2010 | 07/02/2024 | 07/09/2024 | 07/2024 | Payment (Transaction #460216822) | AR Payment | Reversal of transaction ID:460206729 - entered twice | Main Building-225 | Bethany Christian Services | | 17,141.10 | 0.00 | (38,009.82) |
| 2010 | 07/03/2024 | 07/05/2024 | 07/2024 | Payment (Transaction #460213780) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (10,000.00) | (48,009.82) |
| 2010 | 07/03/2024 | 07/05/2024 | 07/2024 | Commercial Rent #460122874 to Payment #460213780 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 1,500.00 | 0.00 | (46,509.82) |
| 2010 | 07/03/2024 | 07/05/2024 | 07/2024 | Commercial Rent #460142468 to Payment #460213780 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 1,500.00 | 0.00 | (45,009.82) |
| 2010 | 07/03/2024 | 07/05/2024 | 07/2024 | Commercial Rent #460206873 to Payment #460213780 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (38,009.82) |
| 2010 | 07/05/2024 | 07/05/2024 | 07/2024 | Commercial Rent #459923392 to Payment #460213768 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 1,000.00 | 0.00 | (37,009.82) |
| 2010 | 07/05/2024 | 07/05/2024 | 07/2024 | Commercial Rent #459923392 to Payment #460213768 | AR Allocation Deletion | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,000.00) | (38,009.82) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Payment (Transaction #460216041) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (41,836.78) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460206875 to Payment #460216041 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | (38,009.82) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Payment (Transaction #460216042) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (38,309.82) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460206884 to Payment #460216042 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (38,009.82) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Payment (Transaction #460216093) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (38,244.27) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460142487 to Payment #460216093 | AR Allocation Post | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 3.96 | 0.00 | (38,240.31) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Late Fee #460175545 to Payment #460216093 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 1.81 | 0.00 | (38,238.50) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Late Fee #460196145 to Payment #460216093 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.40 | 0.00 | (38,238.10) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Commercial Rent #460206881 to Payment #460216093 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | (38,017.82) |
| 2010 | 07/08/2024 | 07/08/2024 | 07/2024 | Late Fee #460214201 to Payment #460216093 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 8.00 | 0.00 | (38,009.82) |
| 2010 | 07/09/2024 | 07/09/2024 | 07/2024 | Payment (Transaction #460216604) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (38,409.82) |
| 2010 | 07/09/2024 | 07/09/2024 | 07/2024 | Month-to-Month Rent #460206882 to Payment #460216604 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (38,009.82) |
| 2010 | 07/23/2024 | 07/23/2024 | 07/2024 | Payment (Transaction #460221775) | AR Payment | Water 521 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,196.30) | (39,206.12) |
| 2010 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221772) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (68,239.70) |
| 2010 | 07/23/2024 | 07/23/2024 | 08/2024 | Commercial Rent #460206865 to Payment #460221772 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 24,143.61 | 0.00 | (44,096.09) |
| 2010 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221774) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (11,400.42) | (55,496.51) |
| 2010 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221776) | AR Payment | SEWER 521 | Main Building-150 | Outback Steakhouse | | 0.00 | (665.68) | (56,162.19) |
| 2010 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221779) | AR Payment | RENT | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (67,562.61) |
| 2010 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221780) | AR Payment | CDAM 80124 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (70,089.56) |
| 2010 | 07/23/2024 | 07/23/2024 | 08/2024 | Payment (Transaction #460221781) | AR Payment | RE 080124 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (71,447.71) |
| 2010 | 07/23/2024 | 10/22/2024 | 08/2024 | Payment (Transaction #460288014) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,182.91) | (74,630.62) |
| 2010 | 07/24/2024 | 07/24/2024 | 08/2024 | Payment (Transaction #460222244) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (91,771.72) |
| 2010 | 07/24/2024 | 07/24/2024 | 08/2024 | Commercial Rent #460206870 to Payment #460222244 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.12 | 0.00 | (91,771.60) |
| 2010 | 07/31/2024 | 07/31/2024 | 07/2024 | Commercial Rent #460206886 to Payment #460221775 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 1,196.30 | 0.00 | (90,575.30) |
| 2010 | 07/31/2024 | 07/31/2024 | 08/2024 | Commercial Rent #460206886 to Payment #460221776 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 665.68 | 0.00 | (89,909.62) |
| 2010 | 07/31/2024 | 07/31/2024 | 08/2024 | Commercial Rent #460206886 to Payment #460221779 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 5,416.74 | 0.00 | (84,492.88) |
| 2010 | 07/31/2024 | 07/31/2024 | 08/2024 | Late Fee #460214197 to Payment #460221779 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 727.87 | 0.00 | (83,765.01) |
| 2010 | 07/31/2024 | 07/31/2024 | 08/2024 | Rent #460223794 to Payment #460221779 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 1,728.90 | 0.00 | (82,036.11) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224599 to Payment #460222244 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-225 | Bethany Christian Services | | 17,140.98 | 0.00 | (64,895.13) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460165891 to Payment #460221774 | AR Allocation Post | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 1,779.29 | 0.00 | (63,115.84) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement #460224595 to Payment #460221779 | AR Allocation Post | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (61,757.69) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Late Fee #460174123 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 3,094.60 | 0.00 | (58,663.09) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM #460186577 to Payment #460221774 | AR Allocation Post | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (58,129.57) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement #460224597 to Payment #460221779 | AR Allocation Post | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 2,168.76 | 0.00 | (55,960.81) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460221774 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 5,993.01 | 0.00 | (49,967.80) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement #460224597 to Payment #460221780 | AR Allocation Post | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 358.19 | 0.00 | (49,609.61) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224581 to Payment #460221780 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 2,168.76 | 0.00 | (47,440.85) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224581 to Payment #460221781 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (46,082.70) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM #460224577 to Payment #460221772 | AR Allocation Post | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (45,531.08) |
| 2010 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent #460224598 to Payment #460221772 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 4,338.35 | 0.00 | (41,192.73) |
| 2010 | 08/01/2024 | 08/26/2024 | 08/2024 | Payment (Transaction #460240904) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (42,692.73) |
| 2010 | 08/01/2024 | 08/26/2024 | 08/2024 | Parking/Garage Income #460224585 to Payment #460240904 | AR Allocation Post | Monthly Parking/ Garage Income Posted from 08/01/2024 to 08/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (41,192.73) |
| 2010 | 08/01/2024 | 09/23/2024 | 08/2024 | Payment (Transaction #460267603) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (44,942.73) |
| 2010 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent #460165891 to Payment #460221774 | AR Allocation Deletion | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,779.29) | (46,722.02) |
| 2010 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460221774 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (5,993.01) | (52,715.03) |
| 2010 | 08/01/2024 | 11/27/2024 | 11/2024 | Late Fee #460174123 to Payment #460221774 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,094.60) | (55,809.63) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460233811) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.90) | (64,151.53) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224572 to Payment #460233811 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (55,809.83) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460041492 to Payment #460233811 | AR Allocation Post | | North Court-670 | Dr. Mark Kress | | 0.20 | 0.00 | (55,809.63) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234636) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (56,209.63) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Month-to-Month Rent #460224573 to Payment #460234636 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (55,809.63) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Electricity #460223795 to Payment #460162174 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 165.45 | 0.00 | (55,644.18) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234641) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (4,059.46) | (59,703.64) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Electricity #460223795 to Payment #460234641 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 115.99 | 0.00 | (59,587.65) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224602 to Payment #460234641 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | (55,760.69) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224574 to Payment #460234641 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 116.51 | 0.00 | (55,644.18) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234643) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (55,944.18) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224574 to Payment #460234643 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 183.49 | 0.00 | (55,760.69) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234645) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (55,995.14) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee #460214201 to Payment #460234645 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 14.17 | 0.00 | (55,980.97) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460224584 to Payment #460234645 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | (55,760.69) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Payment (Transaction #460234741) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (57,886.27) |
| 2010 | 08/07/2024 | 08/07/2024 | 08/2024 | Commercial Rent #460234740 to Payment #460234741 | AR Allocation Post | | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (55,760.69) |
| 2010 | 08/08/2024 | 08/19/2024 | 08/2024 | Payment (Transaction #460239277) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (63,760.69) |
| 2010 | 08/08/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460054913 to Payment #460239277 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-G100 | Jenkins Storage | | 3,500.00 | 0.00 | (60,260.69) |
| 2010 | 08/08/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460122874 to Payment #460239277 | AR Allocation Post | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 4,500.00 | 0.00 | (55,760.69) |
| 2010 | 08/13/2024 | 08/19/2024 | 08/2024 | Payment (Transaction #460239278) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (9,000.00) | (64,760.69) |
| 2010 | 08/13/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460054913 to Payment #460239278 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-G100 | Jenkins Storage | | 2,000.00 | 0.00 | (62,760.69) |
| 2010 | 08/13/2024 | 08/19/2024 | 08/2024 | Commercial Rent #460224594 to Payment #460239278 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (55,760.69) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | Payment (Transaction #460237544) | AR Payment | | Main Building-100 | SSS Education Jersey College | | 0.00 | (5,929.92) | (61,690.61) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | Account Adjustment #460141241 to Payment #460237544 | AR Allocation Post | Other Taxes - 2023 | Main Building-100 | SSS Education Jersey College | | 1,446.72 | 0.00 | (60,243.89) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460084115 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (59,990.85) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | Account Adjustment #460141242 to Payment #460237544 | AR Allocation Post | Other Taxes - 2024 | Main Building-100 | SSS Education Jersey College | | 1,446.72 | 0.00 | (58,544.13) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460104198 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (58,291.09) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460122881 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (58,038.05) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460142482 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (57,785.01) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460165908 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (57,531.97) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460186576 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (57,278.93) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460206864 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (57,025.89) |
| 2010 | 08/15/2024 | 08/15/2024 | 08/2024 | CAM #460224576 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (56,772.85) |
| 2010 | 08/16/2024 | 08/16/2024 | 08/2024 | Payment (Transaction #460238530) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (86,890.62) |
| 2010 | 08/16/2024 | 08/16/2024 | 08/2024 | Commercial Month-to-Month Rent #460224588 to Payment #460238530 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (86,805.48) |
| 2010 | 08/16/2024 | 08/16/2024 | 08/2024 | Commercial Rent #460224593 to Payment #460238530 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (56,772.85) |
| 2010 | 08/16/2024 | 08/16/2024 | 08/2024 | Payment (Transaction #460238534) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (60,522.85) |
| 2010 | 08/16/2024 | 08/16/2024 | 08/2024 | Month-to-Month Rent #460224579 to Payment #460238534 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (56,772.85) |
| 2010 | 08/16/2024 | 08/16/2024 | 08/2024 | Payment (Transaction #460238535) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (64,940.52) |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

Page 168 of 234

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 08/16/2024 | 08/16/2024 | 08/2024 | Commercial Rent #460224596 to Payment #460238535 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (56,772.85) |
| 2010 | 08/21/2024 | 08/21/2024 | 09/2024 | Payment (Transaction #460239729) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (73,913.95) |
| 2010 | 08/27/2024 | 08/27/2024 | 08/2024 | Payment (Transaction #460241299) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (88,497.28) |
| 2010 | 08/27/2024 | 08/27/2024 | 08/2024 | Payment (Transaction #460241300) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (117,530.86) |
| 2010 | 08/27/2024 | 08/27/2024 | 08/2024 | Payment (Transaction #460241344) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (17,014.42) | (134,545.28) |
| 2010 | 08/27/2024 | 08/27/2024 | 08/2024 | Commercial Rent #460224581 to Payment #460241344 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 7,873.51 | 0.00 | (126,671.77) |
| 2010 | 08/27/2024 | 08/27/2024 | 08/2024 | Late Fee #460232709 to Payment #460241344 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 787.35 | 0.00 | (125,884.42) |
| 2010 | 08/28/2024 | 08/28/2024 | 08/2024 | Payment (Transaction #460242647) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (140,467.75) |
| 2010 | 08/28/2024 | 08/28/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460242647 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (125,884.42) |
| 2010 | 08/28/2024 | 08/28/2024 | 08/2024 | Payment (Transaction #460242648) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (154,918.00) |
| 2010 | 08/28/2024 | 08/28/2024 | 08/2024 | Commercial Rent #460224598 to Payment #460242648 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 24,695.23 | 0.00 | (130,222.77) |
| 2010 | 08/28/2024 | 08/28/2024 | 08/2024 | Late Fee #460232701 to Payment #460242648 | AR Allocation Post | | North Court-680-A,A | Temple Health FCCC | | 2,469.52 | 0.00 | (127,753.25) |
| 2010 | 08/28/2024 | 09/30/2024 | 08/2024 | Commercial Rent #460186570 to Payment #460242647 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (142,336.58) |
| 2010 | 08/30/2024 | 08/30/2024 | 08/2024 | Payment (Transaction #460245062) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (143,836.58) |
| 2010 | 08/30/2024 | 09/05/2024 | 08/2024 | Payment (Transaction #460254522) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (152,004.25) |
| 2010 | 08/30/2024 | 09/05/2024 | 08/2024 | Payment (Transaction #460254524) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (182,122.02) |
| 2010 | 08/30/2024 | 08/30/2024 | 09/2024 | Payment (Transaction #460245028) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (183,622.02) |
| 2010 | 08/30/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257236) | AR Payment | Reversal of transaction ID:460245062 - duplicated | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (182,122.02) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM #460246089 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (181,868.98) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM #460246092 to Payment #460241300 | AR Allocation Post | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (181,317.36) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246097 to Payment #460241300 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 28,481.96 | 0.00 | (152,835.40) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246097 to Payment #460242648 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (152,283.78) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460224599 to Payment #460239729 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-225 | Bethany Christian Services | | 0.12 | 0.00 | (152,283.66) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Late Fee #460232697 to Payment #460239729 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (152,283.65) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246084 to Payment #460239729 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-225 | Bethany Christian Services | | 17,140.97 | 0.00 | (135,142.68) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement #460246098 to Payment #460241344 | AR Allocation Post | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 2,526.95 | 0.00 | (132,615.73) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Parking/Garage Income #460246091 to Payment #460245062 | AR Allocation Post | Monthly Parking/Garage Income Posted from 09/01/2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (131,115.73) |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement #460246102 to Payment #460241344 | AR Allocation Post | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (129,757.58) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246108 to Payment #460241344 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 4,468.46 | 0.00 | (125,289.12) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460246085 to Payment #460234643 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 116.51 | 0.00 | (125,172.61) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460186570 to Payment #460241299 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 2,249.49 | 0.00 | (122,923.12) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Late Fee #460194512 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 3,972.20 | 0.00 | (118,950.92) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM #460206878 to Payment #460241299 | AR Allocation Post | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (118,417.40) |
| 2010 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460241299 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 7,828.12 | 0.00 | (110,589.28) |
| 2010 | 09/01/2024 | 09/05/2024 | 09/2024 | Commercial Rent #460246095 to Payment #460254522 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (102,421.61) |
| 2010 | 09/01/2024 | 09/05/2024 | 09/2024 | Commercial Month-to-Month Rent #460246087 to Payment #460254524 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (102,336.47) |
| 2010 | 09/01/2024 | 09/05/2024 | 09/2024 | Commercial Rent #460246086 to Payment #460254524 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (72,303.84) |
| 2010 | 09/01/2024 | 09/09/2024 | 09/2024 | Parking/Garage Income #460246091 to Payment #460245062 | AR Allocation Deletion | Monthly Parking/Garage Income Posted from 09/01/2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (73,803.84) |
| 2010 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460186570 to Payment #460241299 | AR Allocation Deletion | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,249.49) | (76,053.33) |
| 2010 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460241299 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (7,828.12) | (83,881.45) |
| 2010 | 09/03/2024 | 09/03/2024 | 09/2024 | Payment (Transaction #460250012) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (86,007.03) |
| 2010 | 09/03/2024 | 09/03/2024 | 09/2024 | Commercial Rent #460246101 to Payment #460250012 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (83,881.45) |
| 2010 | 09/03/2024 | 09/03/2024 | 09/2024 | Payment (Transaction #460250080) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (86,007.03) |
| 2010 | 09/03/2024 | 09/04/2024 | 09/2024 | Commercial Rent #460246101 to Payment #460250012 | AR Allocation Deletion | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (88,132.61) |
| 2010 | 09/03/2024 | 09/04/2024 | 09/2024 | Payment (Transaction #460250488) | AR Payment | Reversal of transaction ID:460250012 - twice | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (86,007.03) |
| 2010 | 09/04/2024 | 09/04/2024 | 09/2024 | Commercial Rent #460246101 to Payment #460250080 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (83,881.45) |
| 2010 | 09/05/2024 | 09/05/2024 | 09/2024 | Payment (Transaction #460254521) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (92,223.15) |
| 2010 | 09/05/2024 | 09/05/2024 | 09/2024 | Commercial Rent #460246112 to Payment #460254521 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (83,881.45) |
| 2010 | 09/06/2024 | 09/06/2024 | 09/2024 | Payment (Transaction #460255140) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (8,000.00) | (91,881.45) |
| 2010 | 09/06/2024 | 09/06/2024 | 09/2024 | Commercial Rent #460054913 to Payment #460255140 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-G100 | Jenkins Storage | | 1,000.00 | 0.00 | (90,881.45) |
| 2010 | 09/06/2024 | 09/06/2024 | 09/2024 | Commercial Rent #460246105 to Payment #460255140 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (83,881.45) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257233) | AR Payment | | Main Building-114 | Sezal Saran | | 0.00 | (400.00) | (84,281.45) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Month-to-Month Rent #460246090 to Payment #460257233 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-114 | Sezal Saran | | 400.00 | 0.00 | (83,881.45) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Other Reimbursement #460257235 to Payment #460237544 | AR Allocation Post | work requested by Toni | Main Building-100 | SSS Education Jersey College | | 375.00 | 0.00 | (83,506.45) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Parking/Garage Income #460246091 to Payment #460245028 | AR Allocation Post | Monthly Parking/ Garage Income Posted from 09/01/ 2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (82,006.45) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257245) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,708.76) | (85,715.21) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Commercial Rent #460246085 to Payment #460257245 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 3,708.76 | 0.00 | (82,006.45) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257246) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (82,306.45) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Commercial Rent #460246113 to Payment #460257246 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (82,006.45) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Payment (Transaction #460257247) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (82,240.90) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Late Fee #460214201 to Payment #460257247 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 0.25 | 0.00 | (82,240.65) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Commercial Rent #460246093 to Payment #460257247 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | (82,020.37) |
| 2010 | 09/09/2024 | 09/09/2024 | 09/2024 | Late Fee #460255344 to Payment #460257247 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 13.92 | 0.00 | (82,006.45) |
| 2010 | 09/17/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267769) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (5,000.00) | (87,006.45) |
| 2010 | 09/17/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460013815 to Payment #460257769 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-G100 | Jenkins Storage | | 4,500.00 | 0.00 | (82,506.45) |
| 2010 | 09/17/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460054913 to Payment #460267769 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2023 to 12/31/2023 | Main Building-G100 | Jenkins Storage | | 500.00 | 0.00 | (82,006.45) |
| 2010 | 09/19/2024 | 09/19/2024 | 09/2024 | Payment (Transaction #460265385) | AR Payment | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,480.00) | (83,486.45) |
| 2010 | 09/20/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267800) | AR Payment | RECEIVED 920 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (87,236.45) |
| 2010 | 09/20/2024 | 09/20/2024 | 10/2024 | Payment (Transaction #460265596) | AR Payment | | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (90,986.45) |
| 2010 | 09/20/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267799) | AR Payment | Reversal of transaction ID:460265596 - RECEIVED 920 - RECEIVED 920 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (87,236.45) |
| 2010 | 09/23/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267770) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (2,950.00) | (90,186.45) |
| 2010 | 09/23/2024 | 09/24/2024 | 09/2024 | Commercial Rent #459969631 to Payment #460267770 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2023 to 10/31/2023 | Main Building-G100 | Jenkins Storage | | 450.00 | 0.00 | (89,736.45) |
| 2010 | 09/23/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460013815 to Payment #460267770 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2023 to 11/30/2023 | Main Building-G100 | Jenkins Storage | | 2,500.00 | 0.00 | (87,236.45) |
| 2010 | 09/23/2024 | 09/23/2024 | 10/2024 | Month-to-Month Rent #460246106 to Payment #460265596 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (83,486.45) |
| 2010 | 09/23/2024 | 09/24/2024 | 10/2024 | Month-to-Month Rent #460246106 to Payment #460265596 | AR Allocation Deletion | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (87,236.45) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Month-to-Month Rent #460246106 to Payment #460267800 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (83,486.45) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267812) | AR Payment | water 72224 | Main Building-150 | Outback Steakhouse | | 0.00 | (983.38) | (84,469.83) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267813) | AR Payment | SEWER 72224 | Main Building-150 | Outback Steakhouse | | 0.00 | (515.51) | (84,985.34) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Payment (Transaction #460267911) | AR Payment | | North Court-668 | LUV2KNIT & More | | 0.00 | (4,000.00) | (88,985.34) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460186554 to Payment #460267911 | AR Allocation Post | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-668 | LUV2KNIT & More | | 2,000.00 | 0.00 | (86,985.34) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Late Fee #460199157 to Payment #460267911 | AR Allocation Post | | North Court-668 | LUV2KNIT & More | | 200.00 | 0.00 | (86,785.34) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460206874 to Payment #460267911 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-668 | LUV2KNIT & More | | 1,800.00 | 0.00 | (84,985.34) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Late Fee #460199157 to Payment #460267911 | AR Allocation Deletion | | North Court-668 | LUV2KNIT & More | | 0.00 | (200.00) | (85,185.34) |
| 2010 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Rent #460224590 to Payment #460267911 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-668 | LUV2KNIT & More | | 200.00 | 0.00 | (84,985.34) |
| 2010 | 09/24/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267814) | AR Payment | RENT 102024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (96,385.76) |
| 2010 | 09/24/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267815) | AR Payment | CAM 102024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (98,912.71) |
| 2010 | 09/24/2024 | 09/24/2024 | 10/2024 | Payment (Transaction #460267816) | AR Payment | RE TAX 102024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (100,270.86) |
| 2010 | 09/26/2024 | 09/23/2024 | 10/2024 | Payment (Transaction #460266644) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (117,411.96) |
| 2010 | 09/26/2024 | 09/23/2024 | 10/2024 | Commercial Rent #460246084 to Payment #460266644 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-225 | Bethany Christian Services | | 0.13 | 0.00 | (117,411.83) |
| 2010 | 09/26/2024 | 09/26/2024 | 10/2024 | Payment (Transaction #460268591) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (131,995.16) |
| 2010 | 09/26/2024 | 09/26/2024 | 10/2024 | Payment (Transaction #460268593) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (161,028.74) |
| 2010 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement #460268867 to Payment #460267812 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 983.38 | 0.00 | (160,045.36) |
| 2010 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement #460268867 to Payment #460267813 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 515.51 | 0.00 | (159,529.85) |
| 2010 | 09/27/2024 | 09/27/2024 | 10/2024 | Other Reimbursement #460268867 to Payment #460267814 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 55.29 | 0.00 | (159,474.56) |
| 2010 | 09/27/2024 | 09/27/2024 | 10/2024 | Commercial Rent #460246108 to Payment #460267814 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 6,931.96 | 0.00 | (152,542.60) |
| 2010 | 09/27/2024 | 09/27/2024 | 10/2024 | Late Fee #460255340 to Payment #460267814 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 693.20 | 0.00 | (151,849.40) |
| 2010 | 09/27/2024 | 09/27/2024 | 10/2024 | Payment (Transaction #460268907) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (153,974.98) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269364 to Payment #460182625 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (139,391.65) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460205424 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 6,463.21 | 0.00 | (132,928.44) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460221774 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 1,779.29 | 0.00 | (131,149.15) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269366 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 5,993.01 | 0.00 | (125,156.14) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269366 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 2,249.49 | 0.00 | (122,906.65) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269366 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 6,340.83 | 0.00 | (116,565.82) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460242647 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 8,242.50 | 0.00 | (108,323.32) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460205424 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,463.21) | (114,786.53) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460206879 to Payment #460221774 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,779.29) | (116,565.82) |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

Page 172 of 234

Appx926

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269368 to Payment #460205424 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 6,463.21 | 0.00 | (110,102.61) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269368 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 1,779.29 | 0.00 | (108,323.32) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269368 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 6,340.83 | 0.00 | (101,982.49) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460241299 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 1,487.29 | 0.00 | (100,495.20) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460242647 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (8,242.50) | (108,737.70) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460224582 to Payment #460241299 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (1,487.29) | (110,224.99) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269370 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 1,487.29 | 0.00 | (108,737.70) |
| 2010 | 09/30/2024 | 09/30/2024 | 09/2024 | Commercial Rent #460269370 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 8,242.50 | 0.00 | (100,495.20) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460206879 to Payment #460268591 | AR Allocation Post | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 6,755.21 | 0.00 | (93,739.99) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Late Fee #460214189 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 4,849.80 | 0.00 | (88,890.19) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | CAM #460224589 to Payment #460268591 | AR Allocation Post | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (88,356.67) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 2,444.80 | 0.00 | (85,911.87) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460206879 to Payment #460268591 | AR Allocation Deletion | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,755.21) | (92,667.08) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 6,755.21 | 0.00 | (85,911.87) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,444.80) | (88,356.67) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460224582 to Payment #460268591 | AR Allocation Deletion | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (6,755.21) | (95,111.88) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 4,853.54 | 0.00 | (90,258.34) |
| 2010 | 09/30/2024 | 09/30/2024 | 10/2024 | Late Fee #460232700 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 4,346.47 | 0.00 | (85,911.87) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Late Fee #460232700 to Payment #460268591 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (4,346.47) | (90,258.34) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460241299 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,487.29) | (91,745.63) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460242647 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (8,242.50) | (99,988.13) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269370 to Payment #460268591 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (4,853.54) | (104,841.67) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269368 to Payment #460205424 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,463.21) | (111,304.88) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269368 to Payment #460221774 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,779.29) | (113,084.17) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269368 to Payment #460241299 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,340.83) | (119,425.00) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269366 to Payment #460221774 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (5,993.01) | (125,418.01) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269366 to Payment #460241299 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,249.49) | (127,667.50) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269366 to Payment #460242647 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,340.83) | (134,008.33) |
| 2010 | 09/30/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269364 to Payment #460182625 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (148,591.66) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM #460270636 to Payment #460242648 | AR Allocation Post | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (148,040.04) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement #460270638 to Payment #460267814 | AR Allocation Post | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (146,681.89) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270649 to Payment #460242648 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 765.59 | 0.00 | (145,916.30) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270662 to Payment #460266644 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-225 | Bethany Christian Services | | 17,140.97 | 0.00 | (128,775.33) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement #460270640 to Payment #460267814 | AR Allocation Post | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 2,361.82 | 0.00 | (126,413.51) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270649 to Payment #460265385 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,480.00 | 0.00 | (124,933.51) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Month-to-Month Rent #460270664 to Payment #460267603 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (121,183.51) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270649 to Payment #460268593 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 26,787.99 | 0.00 | (94,395.52) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement #460270640 to Payment #460267815 | AR Allocation Post | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 165.13 | 0.00 | (94,230.39) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270653 to Payment #460267815 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 2,361.82 | 0.00 | (91,868.57) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270653 to Payment #460267816 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (90,510.42) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM #460270637 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-100 | SSS Education Jersey College | | 253.04 | 0.00 | (90,257.38) |
| 2010 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent #460270650 to Payment #460268907 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (88,131.80) |
| 2010 | 10/03/2024 | 10/03/2024 | 10/2024 | Payment (Transaction #460273776) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (88,531.80) |
| 2010 | 10/03/2024 | 10/03/2024 | 10/2024 | Month-to-Month Rent #460270642 to Payment #460273776 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (88,131.80) |
| 2010 | 10/03/2024 | 10/03/2024 | 10/2024 | Payment (Transaction #460273777) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (96,299.47) |
| 2010 | 10/03/2024 | 10/03/2024 | 10/2024 | Commercial Rent #460270651 to Payment #460273777 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (88,131.80) |
| 2010 | 10/03/2024 | 10/03/2024 | 10/2024 | Payment (Transaction #460273778) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (118,249.57) |
| 2010 | 10/03/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278973) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (10,000.00) | (128,249.57) |
| 2010 | 10/03/2024 | 10/07/2024 | 10/2024 | Commercial Rent #459969631 to Payment #460278973 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2023 to 10/31/2023 | Main Building-G100 | Jenkins Storage | | 3,000.00 | 0.00 | (125,249.57) |
| 2010 | 10/03/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270663 to Payment #460278973 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (118,249.57) |
| 2010 | 10/05/2024 | 10/03/2024 | 10/2024 | Commercial Rent #460270656 to Payment #460273778 | AR Allocation Post | Monthly Commercial Rent Posted from 10/05/2024 to 10/31/2024 | Main Building-400 | Regus | | 26,670.34 | 0.00 | (91,579.23) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 10/06/2024 | 10/06/2024 | 10/2024 | CAM #460140939 to Payment #460273778 | AR Allocation Post | Monthly CAM Posted from 12/01/2023 to 12/31/2023 | Main Building-400 | Regus | | 364.59 | 0.00 | (91,214.64) |
| 2010 | 10/06/2024 | 10/06/2024 | 10/2024 | Commercial Month-to-Month Rent #460122880 to Payment #460273778 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (91,129.50) |
| 2010 | 10/06/2024 | 10/06/2024 | 10/2024 | Commercial Month-to-Month Rent #460270648 to Payment #460273778 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (91,044.36) |
| 2010 | 10/06/2024 | 10/06/2024 | 10/2024 | Commercial Rent #460270657 to Payment #460273778 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/04/2024 | Main Building-400 | Regus | | 2,912.56 | 0.00 | (88,131.80) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278128) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,960.52) | (92,092.32) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270655 to Payment #460278128 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 3,826.96 | 0.00 | (88,265.36) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278131) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (88,565.36) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270658 to Payment #460278131 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (88,265.36) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Other Reimbursement #460268868 to Payment #460278128 | AR Allocation Post | ELECTRIC | Main Building-Roof | Metro PCS | | 133.56 | 0.00 | (88,131.80) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278701) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (88,366.25) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270659 to Payment #460278701 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof 2 | Zayo | | 220.28 | 0.00 | (88,145.97) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278930) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (89,645.97) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Parking/Garage Income #460270661 to Payment #460278930 | AR Allocation Post | Monthly Parking/Garage Income Posted from 10/01/2024 to 10/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (88,145.97) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278936) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (96,487.67) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #460270641 to Payment #460278936 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (88,145.97) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Payment (Transaction #460278976) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (5,000.00) | (93,145.97) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #459923392 to Payment #460278976 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 1,450.00 | 0.00 | (91,695.97) |
| 2010 | 10/07/2024 | 10/07/2024 | 10/2024 | Commercial Rent #459969631 to Payment #460278976 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2023 to 10/31/2023 | Main Building-G100 | Jenkins Storage | | 3,550.00 | 0.00 | (88,145.97) |
| 2010 | 10/10/2024 | 10/10/2024 | 10/2024 | Payment (Transaction #460281850) | AR Payment | repairs to unit requested by Toni | Main Building-100 | SSS Education Jersey College | | 0.00 | (375.00) | (88,520.97) |
| 2010 | 10/14/2024 | 10/14/2024 | 10/2024 | Gas #459838832 to Payment #460283175 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 1,909.74 | 0.00 | (86,611.23) |
| 2010 | 10/14/2024 | 10/14/2024 | 10/2024 | Gas #459838833 to Payment #460283175 | AR Allocation Post | | North Court-640 | Helping Hands Family | | 2,049.41 | 0.00 | (84,561.82) |
| 2010 | 10/14/2024 | 10/14/2024 | 10/2024 | Commercial Rent #459864872 to Payment #460283175 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2023 to 08/31/2023 | North Court-640 | Helping Hands Family | | 4,208.52 | 0.00 | (80,353.30) |
| 2010 | 10/14/2024 | 10/14/2024 | 10/2024 | Commercial Rent #459864872 to Payment #460283192 | AR Allocation Post | Monthly Commercial Rent Posted from 08/01/2023 to 08/31/2023 | North Court-640 | Helping Hands Family | | 3,777.94 | 0.00 | (76,575.36) |
| 2010 | 10/14/2024 | 10/14/2024 | 10/2024 | Commercial Rent #459923393 to Payment #460283192 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | North Court-640 | Helping Hands Family | | 4,190.52 | 0.00 | (72,384.84) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | CAM #460246083 to Payment #460268591 | AR Allocation Post | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (71,851.32) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269372 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 3,812.95 | 0.00 | (68,038.37) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460269372 to Payment #460268591 | AR Allocation Deletion | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,812.95) | (71,851.32) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | CAM #460270645 to Payment #460288014 | AR Allocation Post | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (71,317.80) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288022 to Payment #460288014 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 2,649.39 | 0.00 | (68,668.41) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288022 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 3,812.95 | 0.00 | (64,855.46) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288024 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 1,487.29 | 0.00 | (63,368.17) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288024 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 8,242.50 | 0.00 | (55,125.67) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288024 to Payment #460268591 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 4,853.54 | 0.00 | (50,272.13) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288026 to Payment #460205424 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 6,463.21 | 0.00 | (43,808.92) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288026 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 1,779.29 | 0.00 | (42,029.63) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288026 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 6,340.83 | 0.00 | (35,688.80) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288028 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 5,993.01 | 0.00 | (29,695.79) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288028 to Payment #460241299 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 2,249.49 | 0.00 | (27,446.30) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288028 to Payment #460242647 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 6,340.83 | 0.00 | (21,105.47) |
| 2010 | 10/22/2024 | 10/22/2024 | 10/2024 | Commercial Rent #460288030 to Payment #460182625 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (6,522.14) |
| 2010 | 10/22/2024 | 10/22/2024 | 11/2024 | Payment (Transaction #460288004) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (35,555.72) |
| 2010 | 10/22/2024 | 10/22/2024 | 11/2024 | Payment (Transaction #460288005) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (50,139.05) |
| 2010 | 10/22/2024 | 10/22/2024 | 11/2024 | Commercial Rent #460288022 to Payment #460288005 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (35,555.72) |
| 2010 | 10/23/2024 | 10/23/2024 | 11/2024 | Payment (Transaction #460288674) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (52,696.82) |
| 2010 | 10/29/2024 | 10/29/2024 | 08/2024 | Payment (Transaction #460290194) | AR Payment | WATER061924 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,016.29) | (53,713.11) |
| 2010 | 10/29/2024 | 10/29/2024 | 08/2024 | Payment (Transaction #460290195) | AR Payment | sewer 081924 | Main Building-150 | Outback Steakhouse | | 0.00 | (537.89) | (54,251.00) |
| 2010 | 10/29/2024 | 10/29/2024 | 11/2024 | Payment (Transaction #460290196) | AR Payment | rent | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (65,651.42) |
| 2010 | 10/29/2024 | 10/29/2024 | 11/2024 | Payment (Transaction #460290197) | AR Payment | CAM 112024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (68,178.37) |
| 2010 | 10/29/2024 | 10/29/2024 | 11/2024 | Payment (Transaction #460290198) | AR Payment | RE 11012024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (69,536.52) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460270662 to Payment #460288674 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-225 | Bethany Christian Services | | 0.13 | 0.00 | (69,536.39) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM #460291793 to Payment #460268593 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (68,984.77) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM #460291780 to Payment #460237544 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-100 | SSS Education Jersey College | | 131.08 | 0.00 | (68,853.69) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Late Fee #460277319 to Payment #460288674 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (68,853.68) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291800 to Payment #460288674 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-225 | Bethany Christian Services | | 17,140.96 | 0.00 | (51,712.72) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291805 to Payment #460268593 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 1,693.97 | 0.00 | (50,018.75) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM #460291780 to Payment #460281850 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-100 | SSS Education Jersey College | | 121.96 | 0.00 | (49,896.79) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291805 to Payment #460288004 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 27,339.61 | 0.00 | (22,557.18) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Late Fee #460255344 to Payment #460278701 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 8.11 | 0.00 | (22,549.07) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460289742 to Payment #460290194 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 1,016.29 | 0.00 | (21,532.78) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291794 to Payment #460278701 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof 2 | Zayo | | 6.06 | 0.00 | (21,526.72) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460289742 to Payment #460290195 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 384.47 | 0.00 | (21,142.25) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460270653 to Payment #460290195 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 153.42 | 0.00 | (20,988.83) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460270653 to Payment #460290196 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 7,527.03 | 0.00 | (13,461.80) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Late Fee #460277327 to Payment #460290196 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 768.05 | 0.00 | (12,693.75) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460291792 to Payment #460290196 | AR Allocation Post | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (11,335.60) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460291796 to Payment #460290196 | AR Allocation Post | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 1,747.19 | 0.00 | (9,588.41) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement #460291796 to Payment #460290197 | AR Allocation Post | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 779.76 | 0.00 | (8,808.65) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291787 to Payment #460290197 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 1,747.19 | 0.00 | (7,061.46) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291787 to Payment #460290198 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 1,358.15 | 0.00 | (5,703.31) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Payment (Transaction #460292518) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (13,870.98) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291786 to Payment #460292518 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-640 | Helping Hands Family | | 8,167.67 | 0.00 | (5,703.31) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Payment (Transaction #460292519) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,117.77) | (35,821.08) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Month-to-Month Rent #460291804 to Payment #460292519 | AR Allocation Post | Monthly Commercial Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 85.14 | 0.00 | (35,735.94) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent #460291783 to Payment #460292519 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 30,032.63 | 0.00 | (5,703.31) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Payment (Transaction #460292775) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (7,203.31) |
| 2010 | 11/01/2024 | 11/01/2024 | 11/2024 | Parking/Garage Income #460291788 to Payment #460292775 | AR Allocation Post | Monthly Parking/Garage Income Posted from 11/01/2024 to 11/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (5,703.31) |
| 2010 | 11/04/2024 | 11/04/2024 | 11/2024 | Payment (Transaction #460293667) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (7,828.89) |
| 2010 | 11/04/2024 | 11/04/2024 | 11/2024 | Commercial Rent #460291806 to Payment #460293667 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (5,703.31) |
| 2010 | 11/04/2024 | 11/04/2024 | 11/2024 | Payment (Transaction #460293669) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (150.00) | (5,853.31) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 11/04/2024 | 11/04/2024 | 11/2024 | Other Reimbursement #460293668 to Payment #460293669 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 150.00 | 0.00 | (5,703.31) |
| 2010 | 11/05/2024 | 11/05/2024 | 11/2024 | Payment (Transaction #460298795) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (6,103.31) |
| 2010 | 11/05/2024 | 11/05/2024 | 11/2024 | Month-to-Month Rent #460291779 to Payment #460298795 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (5,703.31) |
| 2010 | 11/06/2024 | 11/12/2024 | 11/2024 | Payment (Transaction #460302392) | AR Payment | | Main Building-G100 | Jenkins Storage | | 0.00 | (10,000.00) | (15,703.31) |
| 2010 | 11/06/2024 | 11/12/2024 | 11/2024 | Commercial Rent #459923392 to Payment #460302392 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2023 to 09/30/2023 | Main Building-G100 | Jenkins Storage | | 3,000.00 | 0.00 | (12,703.31) |
| 2010 | 11/06/2024 | 11/12/2024 | 11/2024 | Commercial Rent #460291807 to Payment #460302392 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-G100 | Jenkins Storage | | 7,000.00 | 0.00 | (5,703.31) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Tenant Damages #460301280 to Payment #460281850 | AR Allocation Post | | Main Building-100 | SSS Education Jersey College | | 159.51 | 0.00 | (5,543.80) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Payment (Transaction #460301310) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (4,073.02) | (9,616.82) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Other Reimbursement #460268868 to Payment #460301310 | AR Allocation Post | ELECTRIC | Main Building-Roof | Metro PCS | | 141.84 | 0.00 | (9,474.98) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460246085 to Payment #460301310 | AR Allocation Post | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 1.69 | 0.00 | (9,473.29) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Electricity #460289741 to Payment #460301310 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 261.59 | 0.00 | (9,211.70) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291781 to Payment #460301310 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (8,911.70) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291795 to Payment #460301310 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 3,367.90 | 0.00 | (5,543.80) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Payment (Transaction #460301313) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (5,843.80) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291795 to Payment #460301313 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (5,543.80) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Payment (Transaction #460301447) | AR Payment | | Main Building-Roof 2 | Zayo | | 0.00 | (234.45) | (5,778.25) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Commercial Rent #460291794 to Payment #460301447 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof 2 | Zayo | | 214.22 | 0.00 | (5,564.03) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee #460299316 to Payment #460301447 | AR Allocation Post | | Main Building-Roof 2 | Zayo | | 20.23 | 0.00 | (5,543.80) |
| 2010 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee #460299316 to Payment #460301447 | AR Allocation Deletion | | Main Building-Roof 2 | Zayo | | 0.00 | (20.23) | (5,564.03) |
| 2010 | 11/12/2024 | 11/12/2024 | 11/2024 | Payment (Transaction #460302357) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (13,905.73) |
| 2010 | 11/12/2024 | 11/12/2024 | 11/2024 | Commercial Rent #460291799 to Payment #460302357 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (5,564.03) |
| 2010 | 11/21/2024 | 11/21/2024 | 12/2024 | Payment (Transaction #460304850) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (34,597.61) |
| 2010 | 11/21/2024 | 11/21/2024 | 12/2024 | Payment (Transaction #460304851) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (49,180.94) |
| 2010 | 11/26/2024 | 11/21/2024 | 12/2024 | Payment (Transaction #460304846) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (66,322.04) |
| 2010 | 11/26/2024 | 11/26/2024 | 12/2024 | Payment (Transaction #460306372) | AR Payment | base rent | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (77,722.46) |
| 2010 | 11/26/2024 | 11/26/2024 | 12/2024 | Payment (Transaction #460306373) | AR Payment | CAM 122024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (80,249.41) |
| 2010 | 11/26/2024 | 11/26/2024 | 12/2024 | Payment (Transaction #460306374) | AR Payment | RE 122024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (81,607.56) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 11/27/2024 | 11/27/2024 | 11/2024 | Commercial Rent #460288030 to Payment #460221774 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 3,094.60 | 0.00 | (78,512.96) |
| 2010 | 11/27/2024 | 11/27/2024 | 12/2024 | Commercial Rent #460288030 to Payment #460304851 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 5,147.90 | 0.00 | (73,365.06) |
| 2010 | 11/27/2024 | 11/27/2024 | 12/2024 | Commercial Rent #460288028 to Payment #460304851 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 8,242.50 | 0.00 | (65,122.56) |
| 2010 | 11/27/2024 | 11/27/2024 | 12/2024 | Commercial Rent #460288026 to Payment #460304851 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 1,192.93 | 0.00 | (63,929.63) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM #460308032 to Payment #460281850 | AR Allocation Post | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-100 | SSS Education Jersey College | | 93.53 | 0.00 | (63,836.10) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460291800 to Payment #460304846 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-225 | Bethany Christian Services | | 0.14 | 0.00 | (63,835.96) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Late Fee #460299304 to Payment #460304846 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (63,835.95) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Operating Expenses #460304701 to Payment #460306372 | AR Allocation Post | WATER | Main Building-150 | Outback Steakhouse | | 1,664.01 | 0.00 | (62,171.94) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Tenant Damages #460301281 to Payment #460304846 | AR Allocation Post | | Main Building-225 | Bethany Christian Services | | 150.00 | 0.00 | (62,021.94) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460291787 to Payment #460306372 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 8,295.08 | 0.00 | (53,726.86) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308054 to Payment #460304846 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-225 | Bethany Christian Services | | 16,990.95 | 0.00 | (36,735.91) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Late Fee #460299312 to Payment #460306372 | AR Allocation Post | | Main Building-150 | Outback Steakhouse | | 829.51 | 0.00 | (35,906.40) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308030 to Payment #460306372 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 611.82 | 0.00 | (35,294.58) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308030 to Payment #460306373 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 746.33 | 0.00 | (34,548.25) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308039 to Payment #460306373 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 1,780.62 | 0.00 | (32,767.63) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement #460308039 to Payment #460306374 | AR Allocation Post | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 746.33 | 0.00 | (32,021.30) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460306374 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 611.82 | 0.00 | (31,409.48) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM #460308037 to Payment #460288004 | AR Allocation Post | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 551.62 | 0.00 | (30,857.86) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308041 to Payment #460301447 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof 2 | Zayo | | 20.23 | 0.00 | (30,837.63) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308049 to Payment #460288004 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 1,142.35 | 0.00 | (29,695.28) |
| 2010 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent #460308049 to Payment #460304850 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 27,891.23 | 0.00 | (1,804.05) |
| 2010 | 12/02/2024 | 12/02/2024 | 12/2024 | Payment (Transaction #460309279) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (3,304.05) |
| 2010 | 12/02/2024 | 12/02/2024 | 12/2024 | Parking/Garage Income #460308035 to Payment #460309279 | AR Allocation Post | Monthly Parking/ Garage Income Posted from 12/01/2024 to 12/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 1,500.00 | 0.00 | (1,804.05) |
| 2010 | 12/02/2024 | 12/02/2024 | 12/2024 | Payment (Transaction #460309315) | AR Payment | | North Court-640 | Helping Hands Family | | 0.00 | (8,371.86) | (10,175.91) |
| 2010 | 12/02/2024 | 12/02/2024 | 12/2024 | Commercial Rent #460308026 to Payment #460309315 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-640 | Helping Hands Family | | 8,371.86 | 0.00 | (1,804.05) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 12/02/2024 | 12/02/2024 | 12/2024 | Payment (Transaction #460309316) | AR Payment | | Main Building-400 | Regus | | 0.00 | (30,326.72) | (32,130.77) |
| 2010 | 12/02/2024 | 12/02/2024 | 12/2024 | Commercial Rent #460308048 to Payment #460309316 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-400 | Regus | | 30,326.72 | 0.00 | (1,804.05) |
| 2010 | 12/03/2024 | 12/03/2024 | 12/2024 | Payment (Transaction #460309641) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (31,455.87) | (33,259.92) |
| 2010 | 12/03/2024 | 12/03/2024 | 12/2024 | CAM #460306582 to Payment #460309641 | AR Allocation Post | CAM FINAL ADJUSTMENT | Main Building-250 | Temple Health Call Center | | 25,358.43 | 0.00 | (7,901.49) |
| 2010 | 12/03/2024 | 12/03/2024 | 12/2024 | Payment (Transaction #460309642) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (6,976.89) | (14,878.38) |
| 2010 | 12/04/2024 | 12/04/2024 | 12/2024 | Payment (Transaction #460309827) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (17,003.96) |
| 2010 | 12/04/2024 | 12/04/2024 | 12/2024 | Commercial Rent #460308045 to Payment #460309827 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-210 | Cypher Group Holdings | | 2,125.58 | 0.00 | (14,878.38) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Payment (Transaction #460316528) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (3,838.57) | (18,716.95) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460291795 to Payment #460316528 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 159.06 | 0.00 | (18,557.89) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Electricity #460304702 to Payment #460316528 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 287.65 | 0.00 | (18,270.24) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Late Fee #460301315 to Payment #460316528 | AR Allocation Post | | Main Building-Roof | Metro PCS | | 15.91 | 0.00 | (18,254.33) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308024 to Payment #460316528 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (17,954.33) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308034 to Payment #460316528 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 3,075.95 | 0.00 | (14,878.38) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Payment (Transaction #460316529) | AR Payment | | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (15,178.38) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308034 to Payment #460316529 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 300.00 | 0.00 | (14,878.38) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Payment (Transaction #460316575) | AR Payment | | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (23,220.08) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460308040 to Payment #460316575 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-670 | Dr. Mark Kress | | 8,341.70 | 0.00 | (14,878.38) |
| 2010 | 12/06/2024 | 12/06/2024 | 12/2024 | Commercial Rent #460288026 to Payment #460309641 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 6,097.44 | 0.00 | (8,780.94) |
| 2010 | 12/09/2024 | 12/09/2024 | 12/2024 | Payment (Transaction #460319371) | AR Payment | | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (9,180.94) |
| 2010 | 12/09/2024 | 12/09/2024 | 12/2024 | Month-to-Month Rent #460309036 to Payment #460319371 | AR Allocation Post | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-114 | Sezai Saran | | 400.00 | 0.00 | (8,780.94) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Payment (Transaction #460319627) | AR Payment | | Main Building-250 | Temple Health Call Center | | 0.00 | (82,425.00) | (91,205.94) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460288026 to Payment #460319627 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 952.13 | 0.00 | (90,253.81) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460288024 to Payment #460319627 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 8,242.50 | 0.00 | (82,011.31) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460288022 to Payment #460319627 | AR Allocation Post | | Main Building-250 | Temple Health Call Center | | 1,780.16 | 0.00 | (80,231.15) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460270644 to Payment #460319627 | AR Allocation Post | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (57,405.32) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | CAM #460291789 to Payment #460319627 | AR Allocation Post | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (56,871.80) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460291798 to Payment #460319627 | AR Allocation Post | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (34,045.97) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | CAM #460308051 to Payment #460319627 | AR Allocation Post | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 533.52 | 0.00 | (33,512.45) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Commercial Rent #460308031 to Payment #460319627 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (10,686.62) |
| 2010 | 12/10/2024 | 12/10/2024 | 12/2024 | Late Fee #460319634 to Payment #460319627 | AR Allocation Post | Late fees reduced | Main Building-250 | Temple Health Call Center | | 1,905.68 | 0.00 | (8,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460322793) | AR Payment | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (30,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460322793 | AR Allocation Post | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (8,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460322793 | AR Allocation Deletion | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (30,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323631) | AR Payment | Reversal of transaction ID:460322793 - ds | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (8,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323632) | AR Payment | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (30,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460323632 | AR Allocation Post | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (8,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460323632 | AR Allocation Deletion | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (30,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323633) | AR Payment | Reversal of transaction ID:460323632 - wrong account2 | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (8,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Payment (Transaction #460323634) | AR Payment | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (30,780.94) |
| 2010 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460323634 | AR Allocation Post | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | (8,780.94) |
| 2010 | 12/19/2024 | 12/19/2024 | 12/2024 | Payment (Transaction #460323787) | AR Payment | WATER 101724 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,087.85) | (9,868.79) |
| 2010 | 12/19/2024 | 12/19/2024 | 12/2024 | Payment (Transaction #460323788) | AR Payment | SEWER 101724 | Main Building-150 | Outback Steakhouse | | 0.00 | (576.16) | (10,444.95) |
| 2010 | 12/20/2024 | 12/20/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460323787 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 1,087.85 | 0.00 | (9,357.10) |
| 2010 | 12/20/2024 | 12/20/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460323788 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 576.16 | 0.00 | (8,780.94) |
| 2010 | 12/24/2024 | 12/20/2024 | 01/2025 | Payment (Transaction #460324049) | AR Payment | | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (25,922.04) |
| 2010 | 12/26/2024 | 12/26/2024 | 12/2024 | Payment (Transaction #460324813) | AR Payment | payment short | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (40,505.37) |
| 2010 | 12/26/2024 | 12/26/2024 | 12/2024 | Payment (Transaction #460324814) | AR Payment | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (69,538.95) |
| 2010 | 12/26/2024 | 12/28/2024 | 12/2024 | Payment (Transaction #460324972) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (15,285.52) | (84,824.47) |
| 2010 | 12/26/2024 | 12/28/2024 | 12/2024 | Commercial Rent #460308044 to Payment #460324972 | AR Allocation Post | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 9,124.59 | 0.00 | (75,699.88) |
| 2010 | 12/26/2024 | 01/15/2025 | 12/2024 | Commercial Rent #460308044 to Payment #460324972 | AR Allocation Deletion | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (9,124.59) | (84,824.47) |
| 2010 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335021) | AR Payment | Reversal of transaction ID:460324972 - incorrect pymnt posting | Main Building-150 | Outback Steakhouse | | 15,285.52 | 0.00 | (69,538.95) |
| 2010 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335564) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (15,285.52) | (84,824.47) |
| 2010 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335567) | AR Payment | Reversal of transaction ID:460335564 - incorrect posting | Main Building-150 | Outback Steakhouse | | 15,285.52 | 0.00 | (69,538.95) |
| 2010 | 12/26/2024 | 01/15/2025 | 12/2024 | Payment (Transaction #460335571) | AR Payment | | Main Building-150 | Outback Steakhouse | | 0.00 | (15,285.52) | (84,824.47) |
| 2010 | 12/29/2024 | 12/29/2024 | 12/2024 | Payment (Transaction #460325058) | AR Payment | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (86,324.47) |
| 2010 | 12/29/2024 | 12/29/2024 | 12/2024 | Payment (Transaction #460325059) | AR Payment | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (88,450.05) |

GL Details                                                                                                                Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2010 | 12/29/2024 | 01/15/2025 | 01/2025 | Tenant Damages #460335560 to Payment #460335564 | AR Allocation Post | Plumbing and Grease Damages | Main Building-150 | Outback Steakhouse | | 8,462.89 | 0.00 | (79,987.16) |
| 2010 | 12/29/2024 | 01/15/2025 | 01/2025 | Tenant Damages #460335560 to Payment #460335564 | AR Allocation Deletion | Plumbing and Grease Damages | Main Building-150 | Outback Steakhouse | | 0.00 | (8,462.89) | (88,450.05) |
| | . | | | | | | | 2010: Prepayments of Rent: | 22,276.02 | 2,838,222.45 | (2,815,946.43) | (88,450.05) |

**GL Account: 2020: Tenant Security Deposits Held**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2020 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 8,800.00 |
| 2020 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460322793 | AR Allocation Post | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (13,200.00) |
| 2020 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460322793 | AR Allocation Deletion | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | 8,800.00 |
| 2020 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460323632 | AR Allocation Post | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (13,200.00) |
| 2020 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460323632 | AR Allocation Deletion | | North Court-St 650 and 676 | Kristen and Dante Givens | | 22,000.00 | 0.00 | 8,800.00 |
| 2020 | 12/18/2024 | 12/18/2024 | 12/2024 | Security Deposit #460322792 to Payment #460323634 | AR Allocation Post | | North Court-St 650 and 676 | Kristen and Dante Givens | | 0.00 | (22,000.00) | (13,200.00) |
| | | | | | | | | 2020: Tenant Security Deposits Held: | (22,000.00) | 44,000.00 | (66,000.00) | (13,200.00) |

**GL Account: 2055: N/P - Other**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2055 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 43,560.00 |
| | | | | | | | | 2055: N/P - Other: | 0.00 | 0.00 | 0.00 | 43,560.00 |

**GL Account: 2060: N/P-Bank (LT)**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2060 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | (133,851.55) |
| | | | | | | | | 2060: N/P-Bank (LT): | 0.00 | 0.00 | 0.00 | (133,851.55) |

**GL Account: 3300: Balance Equity**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3300 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 1,633,968.20 |
| | | | | | | | | 3300: Balance Equity: | 0.00 | 0.00 | 0.00 | 1,633,968.20 |

**GL Account: 4000: Market Rent**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4000 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 4000 | 01/01/2024 | 01/01/2024 | 01/2024 | Month-to-Month Rent (Transaction #460084095) | AR Charge | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (400.00) |
| 4000 | 01/01/2024 | 01/01/2024 | 01/2024 | Month-to-Month Rent (Transaction #460084096) | AR Charge | Monthly Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (4,150.00) |
| 4000 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent (Transaction #460104195) | AR Charge | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (7,900.00) |
| 4000 | 02/01/2024 | 02/01/2024 | 02/2024 | Month-to-Month Rent (Transaction #460104196) | AR Charge | Monthly Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (8,300.00) |
| 4000 | 03/01/2024 | 03/01/2024 | 03/2024 | Month-to-Month Rent (Transaction #460122859) | AR Charge | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (12,050.00) |
| 4000 | 03/01/2024 | 03/01/2024 | 03/2024 | Month-to-Month Rent (Transaction #460122864) | AR Charge | Monthly Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (12,450.00) |
| 4000 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent (Transaction #460142488) | AR Charge | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (16,200.00) |
| 4000 | 04/01/2024 | 04/01/2024 | 04/2024 | Month-to-Month Rent (Transaction #460142457) | AR Charge | Monthly Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (16,600.00) |
| 4000 | 05/01/2024 | 05/01/2024 | 05/2024 | Month-to-Month Rent (Transaction #460165888) | AR Charge | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (17,000.00) |
| 4000 | 05/01/2024 | 05/01/2024 | 05/2024 | Month-to-Month Rent (Transaction #460165889) | AR Charge | Monthly Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (20,750.00) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4000 | 06/01/2024 | 06/01/2024 | 06/2024 | Month-to-Month Rent (Transaction #460186563) | AR Charge | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (21,150.00) |
| 4000 | 06/01/2024 | 06/01/2024 | 06/2024 | Month-to-Month Rent (Transaction #460186562) | AR Charge | Monthly Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (24,900.00) |
| 4000 | 07/01/2024 | 07/01/2024 | 07/2024 | Month-to-Month Rent (Transaction #460206861) | AR Charge | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (28,650.00) |
| 4000 | 07/01/2024 | 07/01/2024 | 07/2024 | Month-to-Month Rent (Transaction #460206882) | AR Charge | Monthly Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (29,050.00) |
| 4000 | 08/01/2024 | 08/01/2024 | 08/2024 | Month-to-Month Rent (Transaction #460224573) | AR Charge | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (29,450.00) |
| 4000 | 08/01/2024 | 08/01/2024 | 08/2024 | Month-to-Month Rent (Transaction #460224579) | AR Charge | Monthly Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (33,200.00) |
| 4000 | 09/01/2024 | 09/01/2024 | 09/2024 | Month-to-Month Rent (Transaction #460246090) | AR Charge | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (33,600.00) |
| 4000 | 09/01/2024 | 09/01/2024 | 09/2024 | Month-to-Month Rent (Transaction #460246106) | AR Charge | Monthly Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (37,350.00) |
| 4000 | 10/01/2024 | 10/01/2024 | 10/2024 | Month-to-Month Rent (Transaction #460270642) | AR Charge | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (37,750.00) |
| 4000 | 10/01/2024 | 10/01/2024 | 10/2024 | Month-to-Month Rent (Transaction #460270664) | AR Charge | Monthly Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (41,500.00) |
| 4000 | 11/01/2024 | 11/01/2024 | 11/2024 | Month-to-Month Rent (Transaction #460291779) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (41,900.00) |
| 4000 | 11/01/2024 | 11/01/2024 | 11/2024 | Month-to-Month Rent (Transaction #460291785) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (45,650.00) |
| 4000 | 11/01/2024 | 11/04/2024 | 11/2024 | Month-to-Month Rent (Transaction #460293685) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 - Reversal of transaction ID:460291785 - ds | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (41,900.00) |
| 4000 | 11/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332628) | AR Charge | Monthly Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | (47,398.71) |
| 4000 | 11/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332640) | AR Charge | Automatic reversal for transaction 460332628 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | (41,900.00) |
| 4000 | 12/01/2024 | 12/01/2024 | 12/2024 | Month-to-Month Rent (Transaction #460308029) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (45,650.00) |
| 4000 | 12/01/2024 | 12/01/2024 | 12/2024 | Month-to-Month Rent (Transaction #460308036) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-114 | Sezai Saran | | 0.00 | (400.00) | (46,050.00) |
| 4000 | 12/01/2024 | 12/18/2024 | 12/2024 | Month-to-Month Rent (Transaction #460323507) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 - Reversal of transaction ID:460308029 - ds | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (42,300.00) |
| 4000 | 12/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332627) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | (47,798.71) |
| 4000 | 12/01/2024 | 01/07/2025 | 01/2025 | Month-to-Month Rent (Transaction #460332641) | AR Charge | Automatic reversal for transaction 460332627 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | (42,300.00) |
| 4000 | 12/01/2024 | 02/04/2025 | 02/2025 | Month-to-Month Rent (Transaction #460340174) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-107 | Loanbility | | 0.00 | (3,750.00) | (46,050.00) |
| 4000 | 12/01/2024 | 02/04/2025 | 02/2025 | Month-to-Month Rent (Transaction #460340177) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 - Reversal of transaction ID:460340174 - ds | Main Building-107 | Loanbility | | 3,750.00 | 0.00 | (42,300.00) |
| 4000 | 12/01/2024 | 02/21/2025 | 02/2025 | Month-to-Month Rent (Transaction #460346079) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/01/2024 | Main Building-107 | Loanbility | | 0.00 | (120.97) | (42,420.97) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4000 | 12/01/2024 | 02/21/2025 | 02/2025 | Month-to-Month Rent (Transaction #460346080) | AR Charge | Monthly Month-to-Month Rent Posted from 12/01/2024 to 12/01/2024 - Reversal of transaction ID:460346079 - ds | Main Building-107 | Loanbility | | 120.97 | 0.00 | (42,300.00) |
| | | | | | | | | 4000: Market Rent: | (42,300.00) | 22,368.39 | (64,668.39) | (42,300.00) |

GL Account: 4010: Gross Potential Rental Income

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4010 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 4010 | 04/24/2024 | 04/24/2024 | 04/2024 | Rent (Transaction #460162171) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (2,161.33) | (2,161.33) |
| 4010 | 07/31/2024 | 07/31/2024 | 07/2024 | Rent (Transaction #460223794) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (1,728.90) | (3,890.23) |
| | | | | | | | | 4010: Gross Potential Rental Income: | (3,890.23) | 0.00 | (3,890.23) | (3,890.23) |

GL Account: 4230: Commercial Rent

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084105) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | 10,000.00 |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Month-to-Month Rent (Transaction #460084106) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | 11,000.00 |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Month-to-Month Rent (Transaction #460084116) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | North Court-668 | LUV2KNIT & More | | 3,236.87 | 0.00 | 14,236.87 |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084112) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | 21,569.87 |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084093) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,471.02) | 18,098.85 |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084094) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | 9,757.15 |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084097) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (1,643.27) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Month-to-Month Rent (Transaction #460084098) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (1,728.41) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084099) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (30,761.99) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084101) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | (38,094.99) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084102) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (45,094.99) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084103) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (55,094.99) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084122) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (69,678.32) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084107) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (70,678.32) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084108) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (80,678.32) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084109) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (80,978.32) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084111) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (111,010.95) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084113) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (116,247.82) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084114) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (124,415.49) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084118) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (124,635.77) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084119) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (16,720.98) | (141,356.75) |
| 4230 | 01/01/2024 | 01/01/2024 | 01/2024 | Commercial Rent (Transaction #460084120) | AR Charge | Monthly Commercial Rent Posted from 01/01/2024 to 01/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (7,333.00) | (148,689.75) |
| 4230 | 01/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145876) | AR Charge | Reversal of transaction ID:460084106 - ds | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (149,689.75) |
| 4230 | 01/31/2024 | 01/31/2024 | 01/2024 | Commercial Rent (Transaction #460102910) | AR Charge | Water-1223 to 124 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,975.91) | (151,665.66) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104194) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (141,665.66) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Month-to-Month Rent (Transaction #460104207) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (140,665.66) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Month-to-Month Rent (Transaction #460104208) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | North Court-668 | LUV2KNIT & More | | 3,236.87 | 0.00 | (137,428.79) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104209) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (130,095.79) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104192) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (130,316.07) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104222) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (137,316.07) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104223) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,471.02) | (140,787.09) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104199) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (170,819.72) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104200) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (178,885.72) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Month-to-Month Rent (Transaction #460104201) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (178,970.86) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104202) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (188,970.86) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104204) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (197,138.53) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104205) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (197,438.53) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104206) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (205,780.23) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104210) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (215,780.23) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104211) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (227,180.65) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104214) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (235,246.65) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104216) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (16,720.98) | (251,967.63) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104217) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (266,550.96) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104218) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (267,550.96) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104219) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (272,787.83) |
| 4230 | 02/01/2024 | 02/01/2024 | 02/2024 | Commercial Rent (Transaction #460104220) | AR Charge | Monthly Commercial Rent Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (301,821.41) |
| 4230 | 02/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145880) | AR Charge | Reversal of transaction ID:460104207 - ds | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (302,821.41) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460122870) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (301,821.41) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122891) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (291,821.41) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460122883) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | North Court-668 | LUV2KNIT & More | | 3,236.87 | 0.00 | (288,584.54) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122873) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (281,251.54) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122860) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (282,251.54) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122863) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (290,419.21) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122866) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,471.02) | (293,890.23) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122867) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (311,031.33) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122868) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (321,031.33) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122869) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (335,614.66) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122889) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (343,680.66) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122890) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (355,081.08) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122872) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (355,301.36) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122874) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (362,301.36) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122875) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (370,643.06) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122877) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (378,709.06) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122878) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (388,709.06) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122879) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (393,945.93) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460122880) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (394,031.07) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122882) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (394,331.07) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122885) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (424,363.70) |
| 4230 | 03/01/2024 | 03/01/2024 | 03/2024 | Commercial Rent (Transaction #460122886) | AR Charge | Monthly Commercial Rent Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (453,397.28) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145877) | AR Charge | Reversal of transaction ID:460122870 - ds | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (454,397.28) |
| 4230 | 03/01/2024 | 04/02/2024 | 04/2024 | Commercial Rent (Transaction #460145994) | AR Charge | Reversal of transaction ID:460122885 - ds | Main Building-400 | Regus | | 30,032.63 | 0.00 | (424,364.65) |
| 4230 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent (Transaction #460129689) | AR Charge | WATER 22624 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,936.96) | (426,301.61) |
| 4230 | 03/05/2024 | 03/05/2024 | 03/2024 | Commercial Rent (Transaction #460129690) | AR Charge | electric 22624 | Main Building-Roof | Metro PCS | | 0.00 | (229.05) | (426,530.66) |
| 4230 | 03/28/2024 | 03/28/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460140673) | AR Charge | | Main Building-225 | Bethany Christian Services | | 50,055.70 | 0.00 | (376,474.96) |
| 4230 | 03/28/2024 | 03/28/2024 | 03/2024 | Commercial Month-to-Month Rent (Transaction #460140674) | AR Charge | | Main Building-114 | Sezai Saran | | 484.00 | 0.00 | (375,990.96) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460142459) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (374,990.96) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142476) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (364,990.96) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142464) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (357,657.96) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460142465) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | North Court-668 | LUV2KNIT & More | | 3,236.87 | 0.00 | (354,421.09) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460142458) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (354,506.23) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142485) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (364,506.23) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142486) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (375,906.65) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142487) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (376,126.93) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142456) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (405,160.51) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142460) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (435,193.14) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142461) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (445,193.14) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142462) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (459,776.47) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142467) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (460,776.47) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142468) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (467,776.47) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142469) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,471.02) | (471,247.49) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142472) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (479,415.16) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142473) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (496,556.26) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142475) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (504,622.26) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142478) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (512,688.26) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142479) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (521,029.96) |

Appx941

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142480) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (521,329.96) |
| 4230 | 04/01/2024 | 04/01/2024 | 04/2024 | Commercial Rent (Transaction #460142481) | AR Charge | Monthly Commercial Rent Posted from 04/01/2024 to 04/30/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (526,566.83) |
| 4230 | 04/01/2024 | 04/02/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460145879) | AR Charge | Reversal of transaction ID:460142459 - ds | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (527,566.83) |
| 4230 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent (Transaction #460162172) | AR Charge | Electric | Main Building-Roof | Metro PCS | | 0.00 | (25,325.00) | (552,891.83) |
| 4230 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Rent (Transaction #460162177) | AR Charge | Reversal of transaction ID:460162172 - ds | Main Building-Roof | Metro PCS | | 25,325.00 | 0.00 | (527,566.83) |
| 4230 | 04/24/2024 | 04/24/2024 | 04/2024 | Commercial Month-to-Month Rent (Transaction #460162178) | AR Charge | rent not charged during rent increase | Main Building-Roof | Metro PCS | | 0.00 | (5,965.03) | (533,531.86) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Month-to-Month Rent (Transaction #460165896) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | North Court-668 | LUV2KNIT & More | | 3,236.87 | 0.00 | (530,294.99) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165904) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (522,961.99) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165902) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (512,961.99) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Month-to-Month Rent (Transaction #460165910) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (513,047.13) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165880) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (523,047.13) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165882) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (553,079.76) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165883) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (554,079.76) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165884) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (554,379.76) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165890) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,592.51) | (557,972.27) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165891) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (580,798.10) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165892) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (586,034.97) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165893) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/28/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (26,223.88) | (612,258.85) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165894) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (620,600.55) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165895) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (630,600.55) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165897) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (630,820.83) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165898) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (637,820.83) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165899) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (645,886.83) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165900) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (654,054.50) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165901) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (662,120.50) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165903) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (679,261.60) |
| 4230 | 05/01/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165906) | AR Charge | Monthly Commercial Rent Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (690,662.02) |
| 4230 | 05/01/2024 | 05/07/2024 | 05/2024 | Commercial Rent (Transaction #460175511) | AR Charge | Reversal of transaction ID:460165890 | Main Building-Roof | Metro PCS | | 3,592.51 | 0.00 | (687,069.51) |
| 4230 | 05/01/2024 | 05/07/2024 | 05/2024 | Commercial Rent (Transaction #460175512) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (690,896.47) |
| 4230 | 05/01/2024 | 09/30/2024 | 05/2024 | Commercial Rent (Transaction #460269363) | AR Charge | Reversal of transaction ID:460165891 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (668,070.64) |
| 4230 | 05/01/2024 | 09/30/2024 | 05/2024 | Commercial Rent (Transaction #460269364) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (682,653.97) |
| 4230 | 05/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288029) | AR Charge | Reversal of transaction ID:460269364 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (668,070.64) |
| 4230 | 05/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288030) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (690,896.47) |
| 4230 | 05/29/2024 | 05/01/2024 | 05/2024 | Commercial Rent (Transaction #460165879) | AR Charge | Monthly Commercial Rent Posted from 05/29/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,809.70) | (693,706.17) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Month-to-Month Rent (Transaction #460186560) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 06/01/2024 to 06/01/2024 | North Court-668 | LUV2KNIT & More | | 107.90 | 0.00 | (693,598.27) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186559) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (683,598.27) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186568) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (676,265.27) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Month-to-Month Rent (Transaction #460186573) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (676,350.41) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186550) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (684,518.08) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186551) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (692,584.08) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186552) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (721,617.66) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186553) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (728,617.66) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186554) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (733,854.53) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186556) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (734,854.53) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186558) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (738,681.49) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186564) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (747,023.19) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186566) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (757,023.19) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186567) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (774,164.29) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186569) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (804,196.92) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186570) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (827,022.75) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186571) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (837,022.75) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186572) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (845,088.75) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186574) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (845,388.75) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186578) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (856,789.17) |
| 4230 | 06/01/2024 | 06/01/2024 | 06/2024 | Commercial Rent (Transaction #460186581) | AR Charge | Monthly Commercial Rent Posted from 06/01/2024 to 06/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (857,009.45) |
| 4230 | 06/01/2024 | 09/30/2024 | 06/2024 | Commercial Rent (Transaction #460269365) | AR Charge | Reversal of transaction ID:460186570 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (834,183.62) |
| 4230 | 06/01/2024 | 09/30/2024 | 06/2024 | Commercial Rent (Transaction #460269366) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (848,766.95) |
| 4230 | 06/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460289027) | AR Charge | Reversal of transaction ID:460269366 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (834,183.62) |
| 4230 | 06/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460289028) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (857,009.45) |
| 4230 | 06/14/2024 | 06/14/2024 | 06/2024 | Commercial Month-to-Month Rent (Transaction #460199155) | AR Charge | | North Court-668 | LUV2KNIT & More | | 3,128.97 | 0.00 | (853,880.48) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206863) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (846,547.48) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206868) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (836,547.48) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206886) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (847,947.90) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206862) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (877,980.53) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Month-to-Month Rent (Transaction #460206885) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (878,065.67) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206856) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (886,233.34) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206865) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (915,266.92) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206866) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (923,608.62) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206869) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (924,608.62) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206870) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (941,749.72) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206871) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (951,749.72) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206872) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (959,815.72) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206873) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (966,815.72) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206874) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (972,052.59) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206875) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (975,879.55) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206876) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (983,945.55) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206879) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,006,771.38) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206881) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (1,006,991.66) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206883) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,016,991.66) |
| 4230 | 07/01/2024 | 07/01/2024 | 07/2024 | Commercial Rent (Transaction #460206884) | AR Charge | Monthly Commercial Rent Posted from 07/01/2024 to 07/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (1,017,291.66) |
| 4230 | 07/01/2024 | 09/30/2024 | 07/2024 | Commercial Rent (Transaction #460269367) | AR Charge | Reversal of transaction ID:460206879 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (994,465.83) |
| 4230 | 07/01/2024 | 09/30/2024 | 07/2024 | Commercial Rent (Transaction #460269368) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (1,009,049.16) |
| 4230 | 07/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288025) | AR Charge | Reversal of transaction ID:460269368 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (994,465.83) |
| 4230 | 07/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288026) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,017,291.66) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224575) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (1,007,291.66) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224591) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (999,958.66) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224602) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (1,003,785.62) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224574) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (1,004,085.62) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224601) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,012,151.62) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224572) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (1,020,493.32) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224578) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,030,493.32) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224581) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (1,041,893.74) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224582) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,064,719.57) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224583) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (1,000.00) | (1,065,719.57) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224584) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (1,065,939.85) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224587) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,074,005.85) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Month-to-Month Rent (Transaction #460224588) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (1,074,090.99) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224590) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,236.87) | (1,079,327.86) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224593) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (1,109,360.49) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224594) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (1,116,360.49) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224596) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (1,124,528.16) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224598) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (1,153,561.74) |
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224599) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (1,170,702.84) |

GL Details

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 08/01/2024 | 08/01/2024 | 08/2024 | Commercial Rent (Transaction #460224600) | AR Charge | Monthly Commercial Rent Posted from 08/01/2024 to 08/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,180,702.84) |
| 4230 | 08/01/2024 | 08/07/2024 | 08/2024 | Commercial Rent (Transaction #460234739) | AR Charge | Reversal of transaction ID:460224583 | Main Building-210 | Cypher Group Holdings | | 1,000.00 | 0.00 | (1,179,702.84) |
| 4230 | 08/01/2024 | 08/07/2024 | 08/2024 | Commercial Rent (Transaction #460234740) | AR Charge | | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (1,181,828.42) |
| 4230 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent (Transaction #460269369) | AR Charge | Reversal of transaction ID:460224582 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (1,159,002.59) |
| 4230 | 08/01/2024 | 09/30/2024 | 08/2024 | Commercial Rent (Transaction #460269370) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (1,173,585.92) |
| 4230 | 08/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288023) | AR Charge | Reversal of transaction ID:460269370 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,159,002.59) |
| 4230 | 08/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288024) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,181,828.42) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246100) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (1,174,495.42) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246109) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (1,164,495.42) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246113) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (1,164,795.42) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246084) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (1,181,936.52) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246085) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (1,185,763.48) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246086) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 0.00 | (30,032.63) | (1,215,796.11) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Month-to-Month Rent (Transaction #460246087) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (1,215,881.25) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246088) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,225,881.25) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246093) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (1,226,101.53) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246094) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,236,101.53) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246095) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (1,244,269.20) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246097) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (1,273,302.78) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246099) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,281,368.78) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246112) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (1,289,710.48) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246101) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (1,291,836.06) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246103) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,299,902.06) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246105) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (1,306,902.06) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246106) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (1,318,302.48) |
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246110) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,341,128.31) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---------|-----------------|-----------|------------|-----------|------------------|-----------|-----------|-----------------|------------|-------|--------|---------|
| 4230 | 09/01/2024 | 09/01/2024 | 09/2024 | Commercial Rent (Transaction #460246111) | AR Charge | Monthly Commercial Rent Posted from 09/01/2024 to 09/30/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | (1,346,627.02) |
| 4230 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent (Transaction #460269371) | AR Charge | Reversal of transaction ID:460246110 | Main Building-250 | Temple Health Call Center | | 22,825.83 | 0.00 | (1,323,801.19) |
| 4230 | 09/01/2024 | 09/30/2024 | 09/2024 | Commercial Rent (Transaction #460269372) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (14,583.33) | (1,338,384.52) |
| 4230 | 09/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288021) | AR Charge | Reversal of transaction ID:460269372 | Main Building-250 | Temple Health Call Center | | 14,583.33 | 0.00 | (1,323,801.19) |
| 4230 | 09/01/2024 | 10/22/2024 | 10/2024 | Commercial Rent (Transaction #460288022) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,346,627.02) |
| 4230 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Month-to-Month Rent (Transaction #460267915) | AR Charge | | North Court-668 | LUV2KNIT & More | | 3,236.87 | 0.00 | (1,343,390.15) |
| 4230 | 09/24/2024 | 09/24/2024 | 09/2024 | Commercial Month-to-Month Rent (Transaction #460267916) | AR Charge | | North Court-668 | LUV2KNIT & More | | 3,236.87 | 0.00 | (1,340,153.28) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270666) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (1,332,820.28) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270635) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (1,322,820.28) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270641) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (1,331,161.98) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270643) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,341,161.98) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270644) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,363,987.81) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270646) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | (1,369,486.52) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270647) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,379,486.52) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Month-to-Month Rent (Transaction #460270648) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (1,379,571.66) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270649) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (1,408,605.24) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270650) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (1,410,730.82) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270651) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (1,418,898.49) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270652) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,426,964.49) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270653) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (1,438,364.91) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270655) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (1,442,191.87) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270657) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/04/2024 | Main Building-400 | Regus | | 0.00 | (3,875.18) | (1,446,067.05) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270658) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (1,446,367.05) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270659) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (1,446,587.33) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270660) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,454,653.33) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270662) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (1,471,794.43) |

Appx947

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270663) | AR Charge | Monthly Commercial Rent Posted from 10/01/2024 to 10/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (1,478,794.43) |
| 4230 | 10/01/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460271450) | AR Charge | Reversal of transaction ID:460270646 - t skipped on lease | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | (1,473,295.72) |
| 4230 | 10/01/2024 | 01/07/2025 | 01/2025 | Commercial Rent (Transaction #460332629) | AR Charge | Monthly Commercial Rent from 10/01/2024 to 10/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | (1,478,794.43) |
| 4230 | 10/05/2024 | 10/01/2024 | 10/2024 | Commercial Rent (Transaction #460270656) | AR Charge | Monthly Commercial Rent Posted from 10/05/2024 to 10/31/2024 | Main Building-400 | Regus | | 0.00 | (26,670.34) | (1,505,464.77) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291784) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (1,495,464.77) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291803) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (1,488,131.77) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291781) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (1,488,431.77) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291782) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,498,431.77) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291783) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 0.00 | (30,621.50) | (1,529,053.27) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291806) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,537,119.27) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291786) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,167.67) | (1,545,286.94) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291787) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (1,556,687.36) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291790) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,566,687.36) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291794) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (1,566,907.64) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291795) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (1,570,734.60) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291797) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,578,800.60) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291798) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,601,626.43) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291799) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (1,609,968.13) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291800) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (1,627,109.23) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291802) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | (1,632,607.94) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Month-to-Month Rent (Transaction #460291804) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (1,632,693.08) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291805) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (1,661,726.66) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291806) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (1,663,852.24) |
| 4230 | 11/01/2024 | 11/01/2024 | 11/2024 | Commercial Rent (Transaction #460291807) | AR Charge | Monthly Commercial Rent Posted from 11/01/2024 to 11/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (1,670,852.24) |
| 4230 | 11/01/2024 | 01/07/2025 | 01/2025 | Commercial Rent (Transaction #460332625) | AR Charge | Automatic reversal for transaction 460291802 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | (1,665,353.53) |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

Page 194 of 234

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308043) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-375 | SBG Management | | 10,000.00 | 0.00 | (1,655,353.53) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308050) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-340 | Goldstein Law Partners | | 7,333.00 | 0.00 | (1,648,020.53) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308054) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-225 | Bethany Christian Services | | 0.00 | (17,141.10) | (1,665,161.63) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308025) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-668 | LUV2KNIT & More | | 0.00 | (5,498.71) | (1,670,660.34) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308026) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (8,371.86) | (1,679,032.20) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308031) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (22,825.83) | (1,701,858.03) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Month-to-Month Rent (Transaction #460308033) | AR Charge | Monthly Commercial Month-to-Month Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-400 | Regus | | 0.00 | (85.14) | (1,701,943.17) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308034) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (3,826.96) | (1,705,770.13) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308038) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,715,770.13) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308040) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (8,341.70) | (1,724,111.83) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308041) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof 2 | Zayo | | 0.00 | (220.28) | (1,724,332.11) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308042) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-375 | SBG Management | | 0.00 | (10,000.00) | (1,734,332.11) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308024) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-Roof | Metro PCS | | 0.00 | (300.00) | (1,734,632.11) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308044) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (11,400.42) | (1,746,032.53) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308045) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-210 | Cypher Group Holdings | | 0.00 | (2,125.58) | (1,748,158.11) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308046) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,756,224.11) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308047) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-340 | Goldstein Law Partners | | 0.00 | (8,066.00) | (1,764,290.11) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308048) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-400 | Regus | | 0.00 | (30,621.50) | (1,794,911.61) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308049) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (29,033.58) | (1,823,945.19) |
| 4230 | 12/01/2024 | 12/01/2024 | 12/2024 | Commercial Rent (Transaction #460308052) | AR Charge | Monthly Commercial Rent Posted from 12/01/2024 to 12/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (7,000.00) | (1,830,945.19) |
| 4230 | 12/01/2024 | 01/07/2025 | 01/2025 | Commercial Rent (Transaction #460332624) | AR Charge | Automatic reversal for transaction 460308025 | North Court-668 | LUV2KNIT & More | | 5,498.71 | 0.00 | (1,825,446.48) |
| | | | | | | | | 4230: Commercial Rent | (1,825,446.48) | 551,922.73 | (2,377,369.21) | (1,825,446.48) |

**GL Account: 4400: Parking Fees**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4400 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 4400 | 01/01/2024 | 01/01/2024 | 01/2024 | Parking/Garage Income (Transaction #460084117) | AR Charge | Monthly Parking/Garage Income Posted from 01/01/2024 to 01/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (1,500.00) |
| 4400 | 02/01/2024 | 02/01/2024 | 02/2024 | Parking/Garage Income (Transaction #460104197) | AR Charge | Monthly Parking/Garage Income Posted from 02/01/2024 to 02/29/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (3,000.00) |
| 4400 | 03/01/2024 | 03/01/2024 | 03/2024 | Parking/Garage Income (Transaction #460122871) | AR Charge | Monthly Parking/Garage Income Posted from 03/01/2024 to 03/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (4,500.00) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4400 | 04/01/2024 | 04/01/2024 | 04/2024 | Parking/Garage Income (Transaction #460142474) | AR Charge | Monthly Parking/ Garage Income Posted from 04/01/ 2024 to 04/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (6,000.00) |
| 4400 | 05/01/2024 | 05/01/2024 | 05/2024 | Parking/Garage Income (Transaction #460165881) | AR Charge | Monthly Parking/ Garage Income Posted from 05/01/ 2024 to 05/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (7,500.00) |
| 4400 | 06/01/2024 | 06/01/2024 | 06/2024 | Parking/Garage Income (Transaction #460186565) | AR Charge | Monthly Parking/ Garage Income Posted from 06/01/ 2024 to 06/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (9,000.00) |
| 4400 | 07/01/2024 | 07/01/2024 | 07/2024 | Parking/Garage Income (Transaction #460206858) | AR Charge | Monthly Parking/ Garage Income Posted from 07/01/ 2024 to 07/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (10,500.00) |
| 4400 | 08/01/2024 | 08/01/2024 | 08/2024 | Parking/Garage Income (Transaction #460224585) | AR Charge | Monthly Parking/ Garage Income Posted from 08/01/ 2024 to 08/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (12,000.00) |
| 4400 | 09/01/2024 | 09/01/2024 | 09/2024 | Parking/Garage Income (Transaction #460246091) | AR Charge | Monthly Parking/ Garage Income Posted from 09/01/ 2024 to 09/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (13,500.00) |
| 4400 | 10/01/2024 | 10/01/2024 | 10/2024 | Parking/Garage Income (Transaction #460270661) | AR Charge | Monthly Parking/ Garage Income Posted from 10/01/ 2024 to 10/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (15,000.00) |
| 4400 | 11/01/2024 | 11/01/2024 | 11/2024 | Parking/Garage Income (Transaction #460291788) | AR Charge | Monthly Parking/ Garage Income Posted from 11/01/ 2024 to 11/30/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (16,500.00) |
| 4400 | 12/01/2024 | 12/01/2024 | 12/2024 | Parking/Garage Income (Transaction #460308035) | AR Charge | Monthly Parking/ Garage Income Posted from 12/01/ 2024 to 12/31/2024 | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (1,500.00) | (18,000.00) |
| | | | | | | | | 4400: Parking Fees: | (18,000.00) | 0.00 | (18,000.00) | (18,000.00) |

**GL Account: 4410: Late Fees**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092235) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (14,335.98) | (14,335.98) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092236) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (46,933.33) | (61,269.31) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092237) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (12,902.82) | (74,172.13) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092238) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (9,569.09) | (83,741.22) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092239) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (11,852.96) | (95,594.18) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092240) | AR Charge | | Main Building-114 | Sezal Saran | | 0.00 | (84.00) | (95,678.18) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092241) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (60,130.60) | (155,808.78) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092242) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,814.93) | (157,623.71) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092243) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (412.50) | (158,036.21) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092244) | AR Charge | | Main Building-400 | Regus | | 0.00 | (151.88) | (158,188.09) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092245) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (16,873.39) | (175,061.48) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092246) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (178,328.37) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092247) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (627.34) | (178,955.71) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092248) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,022.05) | (192,977.76) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092249) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (65.89) | (193,043.65) |
| 4410 | 01/07/2024 | 01/06/2024 | 01/2024 | Late Fee (Transaction #460092250) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | (193,065.68) |
| 4410 | 01/07/2024 | 01/10/2024 | 01/2024 | Late Fee (Transaction #460094740) | AR Charge | Reversal of transaction ID:460092243 - Automatic Reversal of Transaction ID:460092243 when adding Payment ID:1591473117 by eric@sbgmanageme nt.com | Main Building-107 | Loanbility | | 412.50 | 0.00 | (192,653.18) |
| 4410 | 01/07/2024 | 03/29/2024 | 01/2024 | Late Fee (Transaction #460141238) | AR Charge | Reversal of transaction ID:460092245 - ds | Main Building-100 | SSS Education Jersey College | | 16,873.39 | 0.00 | (175,779.79) |
| 4410 | 01/07/2024 | 04/11/2024 | 01/2024 | Late Fee (Transaction #460156446) | AR Charge | Reversal of transaction ID:460092239 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 11,852.96 | 0.00 | (163,926.83) |
| 4410 | 01/07/2024 | 04/11/2024 | 01/2024 | Late Fee (Transaction #460156507) | AR Charge | Reversal of transaction ID:460092238 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 9,569.09 | 0.00 | (154,357.74) |
| 4410 | 01/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124082) | AR Charge | Reversal of transaction ID:460092235 - ds | Main Building-225 | Bethany Christian Services | | 14,335.98 | 0.00 | (140,021.76) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 01/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124492) | AR Charge | Reversal of transaction ID:460092244 - ds | Main Building-400 | Regus | | 151.88 | 0.00 | (139,869.88) |
| 4410 | 01/07/2024 | 03/05/2024 | 03/2024 | Late Fee (Transaction #460129658) | AR Charge | Reversal of transaction ID:460092240 - ds | Main Building-114 | Sezai Saran | | 84.00 | 0.00 | (139,785.88) |
| 4410 | 01/07/2024 | 03/07/2024 | 03/2024 | Late Fee (Transaction #460132072) | AR Charge | Reversal of transaction ID:460092248 - ds | North Court-640 | Helping Hands Family | | 14,022.05 | 0.00 | (125,763.83) |
| 4410 | 01/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141174) | AR Charge | Reversal of transaction ID:460092242 - ds | North Court-670 | Dr. Mark Kress | | 1,814.93 | 0.00 | (123,948.90) |
| 4410 | 01/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162184) | AR Charge | Reversal of transaction ID:460092250 - ds | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | (123,926.87) |
| 4410 | 01/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185661) | AR Charge | Reversal of transaction ID:460092247 - ds | Main Building-150 | Outback Steakhouse | | 627.34 | 0.00 | (123,299.53) |
| 4410 | 01/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220607) | AR Charge | Reversal of transaction ID:460092237 - ds | Main Building-G100 | Jenkins Storage | | 12,902.82 | 0.00 | (110,396.71) |
| 4410 | 01/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267605) | AR Charge | Reversal of transaction ID:460092246 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (107,129.82) |
| 4410 | 01/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283208) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (13,225.21) | (120,355.03) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112280) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (14,335.98) | (134,691.01) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112281) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (47,933.33) | (182,624.34) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112282) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (12,913.32) | (195,537.66) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112283) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (11,281.17) | (206,818.83) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112284) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (8,937.24) | (215,756.07) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112285) | AR Charge | | Main Building-114 | Sezai Saran | | 0.00 | (44.00) | (215,800.07) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112286) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (61,010.50) | (276,810.57) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112287) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,836.33) | (278,646.90) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112288) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (279,021.90) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112289) | AR Charge | | Main Building-400 | Regus | | 0.00 | (3,108.66) | (282,130.56) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112290) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (16,898.69) | (299,029.25) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112291) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (302,296.14) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112292) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (887.67) | (303,183.81) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112293) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,938.85) | (318,122.66) |
| 4410 | 02/07/2024 | 02/06/2024 | 02/2024 | Late Fee (Transaction #460112294) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (24.22) | (318,146.88) |
| 4410 | 02/07/2024 | 02/21/2024 | 02/2024 | Late Fee (Transaction #460118753) | AR Charge | Reversal of transaction ID:460112292 - ds | Main Building-150 | Outback Steakhouse | | 887.67 | 0.00 | (317,259.21) |
| 4410 | 02/07/2024 | 03/29/2024 | 02/2024 | Late Fee (Transaction #460141239) | AR Charge | Reversal of transaction ID:460112290 - ds | Main Building-100 | SSS Education Jersey College | | 16,898.69 | 0.00 | (300,360.52) |
| 4410 | 02/07/2024 | 04/11/2024 | 02/2024 | Late Fee (Transaction #460156447) | AR Charge | Reversal of transaction ID:460112284 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 8,937.24 | 0.00 | (291,423.28) |
| 4410 | 02/07/2024 | 04/11/2024 | 02/2024 | Late Fee (Transaction #460156508) | AR Charge | Reversal of transaction ID:460112283 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 11,281.17 | 0.00 | (280,142.11) |
| 4410 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124083) | AR Charge | Reversal of transaction ID:460112280 - ds | Main Building-225 | Bethany Christian Services | | 14,335.98 | 0.00 | (265,806.13) |
| 4410 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124477) | AR Charge | Reversal of transaction ID:460112289 - Automatic Reversal of Transaction ID:460112289 when adding Payment ID:1596561087 by devra@sbgmanagement.com | Main Building-400 | Regus | | 3,108.66 | 0.00 | (262,697.47) |
| 4410 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124478) | AR Charge | | Main Building-400 | Regus | | 0.00 | (96.88) | (262,794.35) |
| 4410 | 02/07/2024 | 03/01/2024 | 03/2024 | Late Fee (Transaction #460124493) | AR Charge | Reversal of transaction ID:460124478 - ds | Main Building-400 | Regus | | 96.88 | 0.00 | (262,697.47) |
| 4410 | 02/07/2024 | 03/05/2024 | 03/2024 | Late Fee (Transaction #460129657) | AR Charge | Reversal of transaction ID:460112285 - ds | Main Building-114 | Sezai Saran | | 44.00 | 0.00 | (262,653.47) |
| 4410 | 02/07/2024 | 03/07/2024 | 03/2024 | Late Fee (Transaction #460132071) | AR Charge | Reversal of transaction ID:460112293 - ds | North Court-640 | Helping Hands Family | | 14,938.85 | 0.00 | (247,714.62) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 02/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139644) | AR Charge | Reversal of transaction ID:460112288 - ds | Main Building-107 | Loanbility | | 375.00 | 0.00 | (247,339.62) |
| 4410 | 02/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141175) | AR Charge | Reversal of transaction ID:460112287 - ds | North Court-670 | Dr. Mark Kress | | 1,836.33 | 0.00 | (245,503.29) |
| 4410 | 02/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162183) | AR Charge | Reversal of transaction ID:460112294 - ds | Main Building-Roof 2 | Zayo | | 24.22 | 0.00 | (245,479.07) |
| 4410 | 02/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220609) | AR Charge | Reversal of transaction ID:460112282 - ds | Main Building-G100 | Jenkins Storage | | 12,913.32 | 0.00 | (232,565.75) |
| 4410 | 02/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267606) | AR Charge | Reversal of transaction ID:460112291 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (229,298.86) |
| 4410 | 02/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283183) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,122.08) | (243,420.94) |
| 4410 | 02/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283201) | AR Charge | Reversal of transaction ID:460283183 - Automatic Reversal of Transaction ID:460283183 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,122.08 | 0.00 | (229,298.86) |
| 4410 | 02/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283209) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (13,325.23) | (242,624.09) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130657) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (12,621.87) | (255,245.96) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130658) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (48,933.33) | (304,179.29) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130659) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (13,723.81) | (317,903.10) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130660) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (11,534.92) | (329,438.02) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130661) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (11,948.30) | (341,386.32) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130662) | AR Charge | | Main Building-114 | Sezai Saran | | 0.00 | (44.00) | (341,430.32) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130663) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (61,890.40) | (403,320.72) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130664) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,857.72) | (405,178.44) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130665) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (750.00) | (405,928.44) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130666) | AR Charge | | Main Building-400 | Regus | | 0.00 | (96.88) | (406,025.32) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130667) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (16,924.00) | (422,949.32) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130668) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (426,216.21) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130669) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (883.77) | (427,099.98) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130670) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,038.87) | (442,138.85) |
| 4410 | 03/07/2024 | 03/06/2024 | 03/2024 | Late Fee (Transaction #460130671) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (29.61) | (442,168.46) |
| 4410 | 03/07/2024 | 03/07/2024 | 03/2024 | Late Fee (Transaction #460132070) | AR Charge | Reversal of transaction ID:460130670 - ds | North Court-640 | Helping Hands Family | | 15,038.87 | 0.00 | (427,129.59) |
| 4410 | 03/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139643) | AR Charge | Reversal of transaction ID:460130665 - ds | Main Building-107 | Loanbility | | 750.00 | 0.00 | (426,379.59) |
| 4410 | 03/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139646) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (426,754.59) |
| 4410 | 03/07/2024 | 03/26/2024 | 03/2024 | Late Fee (Transaction #460139648) | AR Charge | Reversal of transaction ID:460139646 - Automatic Reversal of Transaction ID:460139646 when adding Payment ID:1598878711 by devra@sbgmanagement.com | Main Building-107 | Loanbility | | 375.00 | 0.00 | (426,379.59) |
| 4410 | 03/07/2024 | 03/28/2024 | 03/2024 | Late Fee (Transaction #460140672) | AR Charge | Reversal of transaction ID:460130657 - ds | Main Building-225 | Bethany Christian Services | | 12,621.87 | 0.00 | (413,757.72) |
| 4410 | 03/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141172) | AR Charge | Reversal of transaction ID:460130666 - ds | Main Building-400 | Regus | | 96.88 | 0.00 | (413,660.84) |
| 4410 | 03/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141176) | AR Charge | Reversal of transaction ID:460130664 - ds | North Court-670 | Dr. Mark Kress | | 1,857.72 | 0.00 | (411,803.12) |
| 4410 | 03/07/2024 | 03/29/2024 | 03/2024 | Late Fee (Transaction #460141240) | AR Charge | Reversal of transaction ID:460130667 - ds | Main Building-100 | SSS Education Jersey College | | 16,924.00 | 0.00 | (394,879.12) |
| 4410 | 03/07/2024 | 04/11/2024 | 03/2024 | Late Fee (Transaction #460156448) | AR Charge | Reversal of transaction ID:460130661 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 11,948.30 | 0.00 | (382,930.82) |
| 4410 | 03/07/2024 | 04/11/2024 | 03/2024 | Late Fee (Transaction #460156509) | AR Charge | Reversal of transaction ID:460130660 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 11,534.92 | 0.00 | (371,395.90) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 03/07/2024 | 04/02/2024 | 04/2024 | Late Fee (Transaction #460145990) | AR Charge | | Main Building-400 | Regus | | 0.00 | (6,060.01) | (377,455.91) |
| 4410 | 03/07/2024 | 04/02/2024 | 04/2024 | Late Fee (Transaction #460145991) | AR Charge | Reversal of transaction ID:460145990 - ds | Main Building-400 | Regus | | 6,060.01 | 0.00 | (371,395.90) |
| 4410 | 03/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162182) | AR Charge | Reversal of transaction ID:460130671 - ds | Main Building-Roof 2 | Zayo | | 29.61 | 0.00 | (371,366.29) |
| 4410 | 03/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185862) | AR Charge | Reversal of transaction ID:460130669 - ds | Main Building-150 | Outback Steakhouse | | 883.77 | 0.00 | (370,482.52) |
| 4410 | 03/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220610) | AR Charge | Reversal of transaction ID:460130659 - ds | Main Building-G100 | Jenkins Storage | | 13,723.81 | 0.00 | (356,758.71) |
| 4410 | 03/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267607) | AR Charge | Reversal of transaction ID:460130668 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (353,491.82) |
| 4410 | 03/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283184) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,222.10) | (367,713.92) |
| 4410 | 03/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283200) | AR Charge | Reversal of transaction ID:460283184 - Automatic Reversal of Transaction ID:460283184 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,222.10 | 0.00 | (353,491.82) |
| 4410 | 03/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283210) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (13,425.26) | (366,917.08) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150650) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (366,917.09) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150651) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (49,933.33) | (416,850.42) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150652) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (13,734.31) | (430,584.73) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150653) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (11,788.67) | (442,373.40) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150654) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (9,152.64) | (451,526.04) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150655) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (62,770.30) | (514,296.34) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150656) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (983.50) | (515,279.84) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150657) | AR Charge | | Main Building-400 | Regus | | 0.00 | (44.97) | (515,324.81) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150658) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (390.56) | (515,715.37) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150659) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (518,982.26) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150660) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (1,697.18) | (520,679.44) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150661) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,138.90) | (535,818.34) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150662) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (165.45) | (535,983.79) |
| 4410 | 04/07/2024 | 04/06/2024 | 04/2024 | Late Fee (Transaction #460150663) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (51.64) | (536,035.43) |
| 4410 | 04/07/2024 | 04/11/2024 | 04/2024 | Late Fee (Transaction #460156449) | AR Charge | Reversal of transaction ID:460150654 - No late fees assessed per DSP | North Court-680-A,A | Temple Health FCCC | | 9,152.64 | 0.00 | (526,882.79) |
| 4410 | 04/07/2024 | 04/11/2024 | 04/2024 | Late Fee (Transaction #460156510) | AR Charge | Reversal of transaction ID:460150653 - No late fees per DSP | Main Building-250 | Temple Health Call Center | | 11,788.67 | 0.00 | (515,094.12) |
| 4410 | 04/07/2024 | 04/22/2024 | 04/2024 | Late Fee (Transaction #460161181) | AR Charge | Reversal of transaction ID:460150650 - ds | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (515,094.11) |
| 4410 | 04/07/2024 | 04/24/2024 | 04/2024 | Late Fee (Transaction #460162181) | AR Charge | Reversal of transaction ID:460150663 - ds | Main Building-Roof 2 | Zayo | | 51.64 | 0.00 | (515,042.47) |
| 4410 | 04/07/2024 | 05/20/2024 | 05/2024 | Late Fee (Transaction #460181901) | AR Charge | Reversal of transaction ID:460150656 - ds | North Court-670 | Dr. Mark Kress | | 983.50 | 0.00 | (514,058.97) |
| 4410 | 04/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185863) | AR Charge | Reversal of transaction ID:460150660 - ds | Main Building-150 | Outback Steakhouse | | 1,697.18 | 0.00 | (512,361.79) |
| 4410 | 04/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220611) | AR Charge | Reversal of transaction ID:460150652 - ds | Main Building-G100 | Jenkins Storage | | 13,734.31 | 0.00 | (498,627.48) |
| 4410 | 04/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234638) | AR Charge | Reversal of transaction ID:460150662 - ds | Main Building-Roof | Metro PCS | | 165.45 | 0.00 | (498,462.03) |
| 4410 | 04/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237539) | AR Charge | Reversal of transaction ID:460150658 - ds | Main Building-100 | SSS Education Jersey College | | 390.56 | 0.00 | (498,071.47) |
| 4410 | 04/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238390) | AR Charge | Reversal of transaction ID:460150657 - ds | Main Building-400 | Regus | | 44.97 | 0.00 | (498,026.50) |
| 4410 | 04/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267608) | AR Charge | Reversal of transaction ID:460150659 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (494,759.61) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283167) | AR Charge | Reversal of transaction ID:460150661 - Automatic Reversal of Transaction ID:460150661 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 15,138.90 | 0.00 | (479,620.71) |
| 4410 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283168) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,322.13) | (493,942.84) |
| 4410 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283182) | AR Charge | Reversal of transaction ID:460283168 - Automatic Reversal of Transaction ID:460283168 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,322.13 | 0.00 | (479,620.71) |
| 4410 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283185) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (13,505.36) | (493,126.07) |
| 4410 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283199) | AR Charge | Reversal of transaction ID:460283185 - Automatic Reversal of Transaction ID:460283185 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 13,505.36 | 0.00 | (479,620.71) |
| 4410 | 04/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283211) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (12,708.52) | (492,329.23) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174120) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (492,329.24) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174121) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (50,933.33) | (543,262.57) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174122) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (14,544.81) | (557,807.38) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174123) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,094.60) | (560,901.98) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174124) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,509.63) | (562,411.61) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174125) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (63,650.20) | (626,061.81) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174126) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,004.89) | (627,066.70) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174127) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (627,441.70) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174128) | AR Charge | | Main Building-400 | Regus | | 0.00 | (3,056.75) | (630,498.45) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174129) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (415.86) | (630,914.31) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174130) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (634,181.20) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174131) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (1,744.69) | (635,925.89) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174132) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (16,055.69) | (651,981.58) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174133) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (389.25) | (652,370.83) |
| 4410 | 05/07/2024 | 05/06/2024 | 05/2024 | Late Fee (Transaction #460174134) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (25.26) | (652,396.09) |
| 4410 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175507) | AR Charge | Reversal of transaction ID:460174133 - Automatic Reversal of Transaction ID:460174133 when adding Payment ID:1604857510 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 389.25 | 0.00 | (652,006.84) |
| 4410 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175508) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (6.56) | (652,013.40) |
| 4410 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175510) | AR Charge | Reversal of transaction ID:460175508 - Automatic Reversal of Transaction ID:460175508 when adding Payment ID:1604857518 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 6.56 | 0.00 | (652,006.84) |
| 4410 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175544) | AR Charge | Reversal of transaction ID:460174134 - Automatic Reversal of Transaction ID:460174134 when adding Payment ID:1604872991 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 25.26 | 0.00 | (651,981.58) |
| 4410 | 05/07/2024 | 05/07/2024 | 05/2024 | Late Fee (Transaction #460175545) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (1.81) | (651,983.39) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 05/07/2024 | 05/20/2024 | 05/2024 | Late Fee (Transaction #460181902) | AR Charge | Reversal of transaction ID:460174126 - ds | North Court-670 | Dr. Mark Kress | | 1,004.89 | 0.00 | (650,978.50) |
| 4410 | 05/07/2024 | 05/20/2024 | 05/2024 | Late Fee (Transaction #460181976) | AR Charge | Reversal of transaction ID:460174127 - ds | Main Building-107 | Loanbility | | 375.00 | 0.00 | (650,603.50) |
| 4410 | 05/07/2024 | 05/31/2024 | 05/2024 | Late Fee (Transaction #460185864) | AR Charge | Reversal of transaction ID:460174131 - ds | Main Building-150 | Outback Steakhouse | | 1,744.69 | 0.00 | (648,858.81) |
| 4410 | 05/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208735) | AR Charge | Reversal of transaction ID:460174128 - Automatic Reversal of Transaction ID:460174128 when adding Payment ID:1610819711 by eric@sbgmanagement.com | Main Building-400 | Regus | | 3,056.75 | 0.00 | (645,802.06) |
| 4410 | 05/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208736) | AR Charge | | Main Building-400 | Regus | | 0.00 | (44.97) | (645,847.03) |
| 4410 | 05/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220612) | AR Charge | Reversal of transaction ID:460174122 - ds | Main Building-G100 | Jenkins Storage | | 14,544.81 | 0.00 | (631,302.22) |
| 4410 | 05/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237540) | AR Charge | Reversal of transaction ID:460174129 - ds | Main Building-100 | SSS Education Jersey College | | 415.86 | 0.00 | (630,886.36) |
| 4410 | 05/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238391) | AR Charge | Reversal of transaction ID:460208736 - ds | Main Building-400 | Regus | | 44.97 | 0.00 | (630,841.39) |
| 4410 | 05/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267609) | AR Charge | Reversal of transaction ID:460174130 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (627,574.50) |
| 4410 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283166) | AR Charge | Reversal of transaction ID:460174132 - Automatic Reversal of Transaction ID:460174132 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 16,055.69 | 0.00 | (611,518.81) |
| 4410 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283169) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,238.92) | (626,757.73) |
| 4410 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283181) | AR Charge | Reversal of transaction ID:460283169 - Automatic Reversal of Transaction ID:460283169 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 15,238.92 | 0.00 | (611,518.81) |
| 4410 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283186) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,422.15) | (625,940.96) |
| 4410 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283198) | AR Charge | Reversal of transaction ID:460283186 - Automatic Reversal of Transaction ID:460283186 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,422.15 | 0.00 | (611,518.81) |
| 4410 | 05/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283212) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (13,625.31) | (625,144.12) |
| 4410 | 05/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306577) | AR Charge | Reversal of transaction ID:460174123 - ds | Main Building-250 | Temple Health Call Center | | 3,094.60 | 0.00 | (622,049.52) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194509) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (622,049.53) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194510) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (51,933.33) | (673,982.86) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194511) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (15,355.30) | (689,338.16) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194512) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,972.20) | (693,310.36) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194513) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,144.73) | (695,455.09) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194514) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (64,530.10) | (759,985.19) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194515) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (887.68) | (760,872.87) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194516) | AR Charge | | Main Building-400 | Regus | | 0.00 | (6,068.53) | (766,941.40) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194517) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (441.17) | (767,382.57) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194518) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (770,649.46) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194519) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (661.70) | (771,311.16) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194520) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (16,155.71) | (787,466.87) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194521) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (512.90) | (787,979.77) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194522) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (412.70) | (788,392.47) |
| 4410 | 06/07/2024 | 06/06/2024 | 06/2024 | Late Fee (Transaction #460194523) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (23.84) | (788,416.31) |
| 4410 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196124) | AR Charge | Reversal of transaction ID:460194522 - Automatic Reversal of Transaction ID:460194522 when adding Payment ID:1608386622 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 412.70 | 0.00 | (788,003.61) |
| 4410 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196125) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (30.00) | (788,033.61) |
| 4410 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196127) | AR Charge | Reversal of transaction ID:460196125 - Automatic Reversal of Transaction ID:460196125 when adding Payment ID:1608386655 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 30.00 | 0.00 | (788,003.61) |
| 4410 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196144) | AR Charge | Reversal of transaction ID:460194523 - Automatic Reversal of Transaction ID:460194523 when adding Payment ID:1608392589 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 23.84 | 0.00 | (787,979.77) |
| 4410 | 06/07/2024 | 06/07/2024 | 06/2024 | Late Fee (Transaction #460196145) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (0.40) | (787,980.17) |
| 4410 | 06/07/2024 | 06/14/2024 | 06/2024 | Late Fee (Transaction #460199156) | AR Charge | Reversal of transaction ID:460194521 | North Court-668 | LUV2KNIT & More | | 512.90 | 0.00 | (787,467.27) |
| 4410 | 06/07/2024 | 06/14/2024 | 06/2024 | Late Fee (Transaction #460199157) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (200.00) | (787,667.27) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208731) | AR Charge | Reversal of transaction ID:460194516 - Automatic Reversal of Transaction ID:460194516 when adding Payment ID:1610819175 by eric@sbgmanagement.com | Main Building-400 | Regus | | 6,068.53 | 0.00 | (781,598.74) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208732) | AR Charge | | Main Building-400 | Regus | | 0.00 | (3,061.25) | (784,659.99) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208734) | AR Charge | Reversal of transaction ID:460208732 - Automatic Reversal of Transaction ID:460208732 when adding Payment ID:1610819711 by eric@sbgmanagement.com | Main Building-400 | Regus | | 3,061.25 | 0.00 | (781,598.74) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208737) | AR Charge | | Main Building-400 | Regus | | 0.00 | (49.47) | (781,648.21) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208739) | AR Charge | Reversal of transaction ID:460208737 - Automatic Reversal of Transaction ID:460208737 when adding Payment ID:1610819175 by eric@sbgmanagement.com | Main Building-400 | Regus | | 49.47 | 0.00 | (781,598.74) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208740) | AR Charge | | Main Building-400 | Regus | | 0.00 | (3,056.75) | (784,655.49) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208742) | AR Charge | Reversal of transaction ID:460208740 - Automatic Reversal of Transaction ID:460208740 when adding Payment ID:1610820587 by eric@sbgmanagement.com | Main Building-400 | Regus | | 3,056.75 | 0.00 | (781,598.74) |
| 4410 | 06/07/2024 | 07/02/2024 | 07/2024 | Late Fee (Transaction #460208743) | AR Charge | | Main Building-400 | Regus | | 0.00 | (44.97) | (781,643.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213754) | AR Charge | Reversal of transaction ID:460194511 - Automatic Reversal of Transaction ID:460194511 when adding Payment ID:1611621549 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 15,355.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213755) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (15,005.30) | (781,293.71) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---------|------------------|-----------|------------|-----------|------------------|-----------|-----------|-----------------|------------|-------|--------|---------|
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213757) | AR Charge | Reversal of transaction ID:460213755 - Automatic Reversal of Transaction ID:460213755 when adding Payment ID:1611621987 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 15,005.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213758) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (14,205.30) | (780,493.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213760) | AR Charge | Reversal of transaction ID:460213758 - Automatic Reversal of Transaction ID:460213758 when adding Payment ID:1611621549 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 14,205.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213761) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (14,555.30) | (780,843.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213763) | AR Charge | Reversal of transaction ID:460213761 - Automatic Reversal of Transaction ID:460213761 when adding Payment ID:1611621987 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 14,555.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213764) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (15,355.30) | (781,643.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213766) | AR Charge | Reversal of transaction ID:460213764 - Automatic Reversal of Transaction ID:460213764 when adding Payment ID:1611623274 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 15,355.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213767) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (15,005.30) | (781,293.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213769) | AR Charge | Reversal of transaction ID:460213767 - Automatic Reversal of Transaction ID:460213767 when adding Payment ID:1611623535 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 15,005.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213770) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (14,205.30) | (780,493.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213772) | AR Charge | Reversal of transaction ID:460213770 - Automatic Reversal of Transaction ID:460213770 when adding Payment ID:1611623535 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 14,205.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213773) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (15,005.30) | (781,293.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213775) | AR Charge | Reversal of transaction ID:460213773 - Automatic Reversal of Transaction ID:460213773 when adding Payment ID:1611623859 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 15,005.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213776) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (14,205.30) | (780,493.71) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213778) | AR Charge | Reversal of transaction ID:460213776 - Automatic Reversal of Transaction ID:460213776 when adding Payment ID:1611624068 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 14,205.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 07/05/2024 | 07/2024 | Late Fee (Transaction #460213779) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (13,405.30) | (779,693.71) |
| 4410 | 06/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220613) | AR Charge | Reversal of transaction ID:460213779 - ds | Main Building-G100 | Jenkins Storage | | 13,405.30 | 0.00 | (766,288.41) |
| 4410 | 06/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237541) | AR Charge | Reversal of transaction ID:460194517 - ds | Main Building-100 | SSS Education Jersey College | | 441.17 | 0.00 | (765,847.24) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 06/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238393) | AR Charge | Reversal of transaction ID:460208743 - ds | Main Building-400 | Regus | | 44.97 | 0.00 | (765,802.27) |
| 4410 | 06/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267610) | AR Charge | Reversal of transaction ID:460194518 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (762,535.38) |
| 4410 | 06/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267917) | AR Charge | Reversal of transaction ID:460199157 - ds | North Court-568 | LUV2KNIT & More | | 200.00 | 0.00 | (762,335.38) |
| 4410 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283165) | AR Charge | Reversal of transaction ID:460194520 - Automatic Reversal of Transaction ID:460194520 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 16,155.71 | 0.00 | (746,179.67) |
| 4410 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283170) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,338.95) | (761,518.62) |
| 4410 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283180) | AR Charge | Reversal of transaction ID:460283170 - Automatic Reversal of Transaction ID:460283170 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 15,338.95 | 0.00 | (748,179.67) |
| 4410 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283187) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,522.18) | (760,701.85) |
| 4410 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283197) | AR Charge | Reversal of transaction ID:460283187 - Automatic Reversal of Transaction ID:460283187 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,522.18 | 0.00 | (746,179.67) |
| 4410 | 06/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283213) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (13,725.33) | (759,905.00) |
| 4410 | 06/07/2024 | 01/15/2025 | 01/2025 | Late Fee (Transaction #460335561) | AR Charge | Reversal of transaction ID:460194519 - ds | Main Building-150 | Outback Steakhouse | | 661.70 | 0.00 | (759,243.30) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214187) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (52,933.33) | (812,176.63) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214188) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (13,215.80) | (825,392.43) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214189) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (4,849.80) | (830,242.23) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214190) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,414.36) | (832,656.59) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214191) | AR Charge | | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | (832,696.59) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214192) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (65,410.00) | (898,106.59) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214193) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,743.25) | (899,849.84) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214194) | AR Charge | | Main Building-400 | Regus | | 0.00 | (44.97) | (899,894.81) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214195) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (466.47) | (900,361.28) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214196) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (903,628.17) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214197) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (727.87) | (904,356.04) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214198) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (16,255.74) | (920,611.78) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214199) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (723.69) | (921,335.47) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214200) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (412.70) | (921,748.17) |
| 4410 | 07/07/2024 | 07/06/2024 | 07/2024 | Late Fee (Transaction #460214201) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (22.42) | (921,770.59) |
| 4410 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216606) | AR Charge | Reversal of transaction ID:460214193 - Automatic Reversal of Transaction ID:460214193 when adding Payment ID:1611905428 by devra@sbgmanagement.com | North Court-670 | Dr. Mark Kress | | 1,743.25 | 0.00 | (920,027.34) |
| 4410 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216607) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (909.08) | (920,936.42) |
| 4410 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216608) | AR Charge | Reversal of transaction ID:460216607 - ds | North Court-670 | Dr. Mark Kress | | 909.08 | 0.00 | (920,027.34) |
| 4410 | 07/07/2024 | 07/09/2024 | 07/2024 | Late Fee (Transaction #460216823) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (920,027.35) |
| 4410 | 07/07/2024 | 07/11/2024 | 07/2024 | Late Fee (Transaction #460217577) | AR Charge | Reversal of transaction ID:460216823 - ds | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (920,027.34) |

GL Details                                                                                                                                      Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 07/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220614) | AR Charge | Reversal of transaction ID:460214188 - ds | Main Building-G100 | Jenkins Storage | | 13,215.80 | 0.00 | (906,811.54) |
| 4410 | 07/07/2024 | 07/19/2024 | 07/2024 | Late Fee (Transaction #460220615) | AR Charge | Reversal of transaction ID:460214191 - ds | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | (906,771.54) |
| 4410 | 07/07/2024 | 07/23/2024 | 07/2024 | Late Fee (Transaction #460221773) | AR Charge | Reversal of transaction ID:460214190 - ds | North Court-680-A,A | Temple Health FCCC | | 2,414.36 | 0.00 | (904,357.18) |
| 4410 | 07/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234639) | AR Charge | Reversal of transaction ID:460214200 - ds | Main Building-Roof | Metro PCS | | 412.70 | 0.00 | (903,944.48) |
| 4410 | 07/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237542) | AR Charge | Reversal of transaction ID:460214195 - ds | Main Building-100 | SSS Education Jersey College | | 466.47 | 0.00 | (903,478.01) |
| 4410 | 07/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238392) | AR Charge | Reversal of transaction ID:460214194 - ds | Main Building-400 | Regus | | 44.97 | 0.00 | (903,433.04) |
| 4410 | 07/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267611) | AR Charge | Reversal of transaction ID:460214196 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (900,166.15) |
| 4410 | 07/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267912) | AR Charge | Reversal of transaction ID:460214199 - ds | North Court-668 | LUV2KNIT & More | | 723.69 | 0.00 | (899,442.46) |
| 4410 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283164) | AR Charge | Reversal of transaction ID:460214198 - Automatic Reversal of Transaction ID:460214198 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 16,255.74 | 0.00 | (883,186.72) |
| 4410 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283171) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,438.97) | (898,625.69) |
| 4410 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283179) | AR Charge | Reversal of transaction ID:460283171 - Automatic Reversal of Transaction ID:460283171 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 15,438.97 | 0.00 | (883,186.72) |
| 4410 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283188) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,622.20) | (897,808.92) |
| 4410 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283196) | AR Charge | Reversal of transaction ID:460283188 - Automatic Reversal of Transaction ID:460283188 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,622.20 | 0.00 | (883,186.72) |
| 4410 | 07/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283214) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (13,825.36) | (897,012.08) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232697) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (897,012.09) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232698) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (53,933.33) | (950,945.42) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232699) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (14,026.30) | (964,971.72) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232700) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,355.15) | (971,326.87) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232701) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,469.52) | (973,796.39) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232702) | AR Charge | | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | (973,836.39) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232703) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (66,289.90) | (1,040,126.29) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232704) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,764.64) | (1,041,890.93) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232705) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (1,042,265.93) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232706) | AR Charge | | Main Building-400 | Regus | | 0.00 | (3,056.75) | (1,045,322.68) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232707) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (491.78) | (1,045,814.46) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232708) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (1,049,081.35) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232709) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (787.35) | (1,049,868.70) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232710) | AR Charge | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (150.00) | (1,050,018.70) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232711) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (17,172.53) | (1,067,191.23) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232712) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (1,247.37) | (1,068,438.60) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232713) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (440.84) | (1,068,879.44) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232714) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | (1,068,901.47) |
| 4410 | 08/07/2024 | 08/06/2024 | 08/2024 | Late Fee (Transaction #460232715) | AR Charge | | Main Building-210 | Cypher Group Holdings | | 0.00 | (100.00) | (1,069,001.47) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460233813) | AR Charge | Reversal of transaction ID:460232704 - Automatic Reversal of Transaction ID:460232704 when adding Payment ID:1615328164 by devra@sbgmanagement.com | North Court-670 | Dr. Mark Kress | | 1,764.64 | 0.00 | (1,067,236.83) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460233814) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (930.45) | (1,068,167.28) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460233815) | AR Charge | Reversal of transaction ID:460233814 - ds | North Court-670 | Dr. Mark Kress | | 930.45 | 0.00 | (1,067,236.83) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234637) | AR Charge | Reversal of transaction ID:460232702 - Automatic Reversal of Transaction ID:460232702 when adding Payment ID:1615334707 by devra@sbgmanagement.com | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | (1,067,196.83) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234640) | AR Charge | Reversal of transaction ID:460232713 - ds | Main Building-Roof | Metro PCS | | 440.84 | 0.00 | (1,066,755.99) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234642) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (18.35) | (1,066,774.34) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234644) | AR Charge | Reversal of transaction ID:460234642 - Automatic Reversal of Transaction ID:460234642 when adding Payment ID:1615336698 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 18.35 | 0.00 | (1,066,755.99) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234646) | AR Charge | Reversal of transaction ID:460232714 - Automatic Reversal of Transaction ID:460232714 when adding Payment ID:1615336771 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | (1,066,733.96) |
| 4410 | 08/07/2024 | 08/07/2024 | 08/2024 | Late Fee (Transaction #460234729) | AR Charge | Reversal of transaction ID:460232715 - ds | Main Building-210 | Cypher Group Holdings | | 100.00 | 0.00 | (1,066,633.96) |
| 4410 | 08/07/2024 | 08/15/2024 | 08/2024 | Late Fee (Transaction #460237543) | AR Charge | Reversal of transaction ID:460232707 - ds | Main Building-100 | SSS Education Jersey College | | 491.78 | 0.00 | (1,066,142.18) |
| 4410 | 08/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238394) | AR Charge | Reversal of transaction ID:460232706 - ds | Main Building-400 | Regus | | 3,056.75 | 0.00 | (1,063,085.43) |
| 4410 | 08/07/2024 | 08/16/2024 | 08/2024 | Late Fee (Transaction #460238531) | AR Charge | Reversal of transaction ID:460232705 - ds | Main Building-107 | Loanbility | | 375.00 | 0.00 | (1,062,710.43) |
| 4410 | 08/07/2024 | 08/26/2024 | 08/2024 | Late Fee (Transaction #460240903) | AR Charge | Reversal of transaction ID:460232710 - ds | Main Building-G5 | TruMark Financial Credit Union | | 150.00 | 0.00 | (1,062,560.43) |
| 4410 | 08/07/2024 | 08/26/2024 | 08/2024 | Late Fee (Transaction #460240905) | AR Charge | Reversal of transaction ID:460232699 - ds | Main Building-G100 | Jenkins Storage | | 14,026.30 | 0.00 | (1,048,534.13) |
| 4410 | 08/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267612) | AR Charge | Reversal of transaction ID:460232708 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (1,045,267.24) |
| 4410 | 08/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267913) | AR Charge | Reversal of transaction ID:460232712 - ds | North Court-668 | LUV2KNIT & More | | 1,247.37 | 0.00 | (1,044,019.87) |
| 4410 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283163) | AR Charge | Reversal of transaction ID:460232711 - Automatic Reversal of Transaction ID:460232711 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 17,172.53 | 0.00 | (1,026,847.34) |
| 4410 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283172) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (16,355.76) | (1,043,203.10) |
| 4410 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283178) | AR Charge | Reversal of transaction ID:460283172 - Automatic Reversal of Transaction ID:460283172 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 16,355.76 | 0.00 | (1,026,847.34) |
| 4410 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283189) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,539.00) | (1,042,386.34) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283195) | AR Charge | Reversal of transaction ID:460283189 - Automatic Reversal of Transaction ID:460283189 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 15,539.00 | 0.00 | (1,026,847.34) |
| 4410 | 08/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283215) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,742.15) | (1,041,589.49) |
| 4410 | 08/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288017) | AR Charge | Reversal of transaction ID:460232700 - Automatic Reversal of Transaction ID:460232700 when adding Payment ID:1623718311 by devra@sbgmanagement.com | Main Building-250 | Temple Health Call Center | | 6,355.15 | 0.00 | (1,035,234.34) |
| 4410 | 08/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288018) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,739.86) | (1,037,974.20) |
| 4410 | 08/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306578) | AR Charge | Reversal of transaction ID:460288018 - ds | Main Building-250 | Temple Health Call Center | | 2,739.86 | 0.00 | (1,035,234.34) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255330) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (1,035,234.35) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255331) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (54,933.33) | (1,090,167.68) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255332) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (12,336.80) | (1,102,504.48) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255333) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (6,171.64) | (1,108,676.12) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255334) | AR Charge | | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | (1,108,716.12) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255335) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (67,169.80) | (1,175,885.92) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255336) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (951.84) | (1,176,837.76) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255337) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (1,177,212.76) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255338) | AR Charge | | Main Building-400 | Regus | | 0.00 | (44.97) | (1,177,257.73) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255339) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (1,180,524.62) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255340) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (693.20) | (1,181,217.82) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255341) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (16,455.79) | (1,197,673.61) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255342) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (1,797.25) | (1,199,470.86) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255343) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (401.05) | (1,199,871.91) |
| 4410 | 09/07/2024 | 09/06/2024 | 09/2024 | Late Fee (Transaction #460255344) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | (1,199,893.94) |
| 4410 | 09/07/2024 | 09/09/2024 | 09/2024 | Late Fee (Transaction #460257234) | AR Charge | Reversal of transaction ID:460255334 - ds | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | (1,199,853.94) |
| 4410 | 09/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460266645) | AR Charge | Reversal of transaction ID:460255330 - ds | Main Building-225 | Bethany Christian Services | | 0.01 | 0.00 | (1,199,853.93) |
| 4410 | 09/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267602) | AR Charge | Reversal of transaction ID:460255337 - ds | Main Building-107 | Loanbility | | 375.00 | 0.00 | (1,199,478.93) |
| 4410 | 09/07/2024 | 09/23/2024 | 09/2024 | Late Fee (Transaction #460267613) | AR Charge | Reversal of transaction ID:460255339 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (1,196,212.04) |
| 4410 | 09/07/2024 | 09/24/2024 | 09/2024 | Late Fee (Transaction #460267914) | AR Charge | Reversal of transaction ID:460255342 - ds | North Court-668 | LUV2KNIT & More | | 1,797.25 | 0.00 | (1,194,414.79) |
| 4410 | 09/07/2024 | 10/01/2024 | 10/2024 | Late Fee (Transaction #460272663) | AR Charge | Reversal of transaction ID:460255338 - ds | Main Building-400 | Regus | | 44.97 | 0.00 | (1,194,369.82) |
| 4410 | 09/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278135) | AR Charge | Reversal of transaction ID:460255343 - ds | Main Building-Roof | Metro PCS | | 401.05 | 0.00 | (1,193,968.77) |
| 4410 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283162) | AR Charge | Reversal of transaction ID:460255341 - Automatic Reversal of Transaction ID:460255341 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 16,455.79 | 0.00 | (1,177,512.98) |
| 4410 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283173) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,639.02) | (1,193,152.00) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283177) | AR Charge | Reversal of transaction ID:460283173 - Automatic Reversal of Transaction ID:460283173 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 15,639.02 | 0.00 | (1,177,512.98) |
| 4410 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283190) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,822.25) | (1,192,335.23) |
| 4410 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283194) | AR Charge | Reversal of transaction ID:460283190 - Automatic Reversal of Transaction ID:460283190 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,822.25 | 0.00 | (1,177,512.98) |
| 4410 | 09/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283216) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,025.41) | (1,191,538.39) |
| 4410 | 09/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288016) | AR Charge | Reversal of transaction ID:460255333 - Automatic Reversal of Transaction ID:460255333 when adding Payment ID:1623718311 by devra@sbgmanagement.com | Main Building-250 | Temple Health Call Center | | 6,171.64 | 0.00 | (1,185,366.75) |
| 4410 | 09/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288019) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (1,732.10) | (1,187,098.85) |
| 4410 | 09/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306579) | AR Charge | Reversal of transaction ID:460288019 - ds | Main Building-250 | Temple Health Call Center | | 1,732.10 | 0.00 | (1,185,366.75) |
| 4410 | 09/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364155) | AR Charge | Reversal of transaction ID:460255332 - d | Main Building-G100 | Jenkins Storage | | 12,336.80 | 0.00 | (1,173,029.95) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277319) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (1,173,029.96) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277320) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (55,933.33) | (1,228,963.29) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277321) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (12,352.29) | (1,241,315.58) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277322) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,847.62) | (1,245,163.20) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277323) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (68,049.70) | (1,313,212.90) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277324) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,807.40) | (1,315,020.30) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277325) | AR Charge | | Main Building-400 | Regus | | 0.00 | (96.26) | (1,315,116.56) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277326) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (1,318,383.45) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277327) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (768.05) | (1,319,151.50) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277328) | AR Charge | | Main Building-G5 | TruMark Financial Credit Union | | 0.00 | (150.00) | (1,319,301.50) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277329) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (16,555.81) | (1,335,857.31) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277330) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (749.87) | (1,336,607.18) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277331) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (440.41) | (1,337,047.59) |
| 4410 | 10/07/2024 | 10/06/2024 | 10/2024 | Late Fee (Transaction #460277332) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (22.03) | (1,337,069.62) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278129) | AR Charge | Reversal of transaction ID:460277331 - Automatic Reversal of Transaction ID:460277331 when adding Payment ID:1622995925 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 440.41 | 0.00 | (1,336,629.21) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278130) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (44.35) | (1,336,673.56) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278132) | AR Charge | Reversal of transaction ID:460278130 - Automatic Reversal of Transaction ID:460278130 when adding Payment ID:1622995935 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 44.35 | 0.00 | (1,336,629.21) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278133) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (14.35) | (1,336,643.56) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278134) | AR Charge | Reversal of transaction ID:460278133 - ds | Main Building-Roof | Metro PCS | | 14.35 | 0.00 | (1,336,629.21) |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278702) | AR Charge | Reversal of transaction ID:460277332 - Automatic Reversal of Transaction ID:460277332 when adding Payment ID:1623003836 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 22.03 | 0.00 | (1,336,607.18) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278931) | AR Charge | Reversal of transaction ID:460277328 - Automatic Reversal of Transaction ID:460277328 when adding Payment ID:1623049397 by eric@sbgmanagement.com | Main Building-G5 | TruMark Financial Credit Union | | 150.00 | 0.00 | (1,336,457.18) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278937) | AR Charge | Reversal of transaction ID:460277324 - Automatic Reversal of Transaction ID:460277324 when adding Payment ID:1623049549 by eric@sbgmanagement.com | North Court-670 | Dr. Mark Kress | | 1,807.40 | 0.00 | (1,334,649.78) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278938) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (973.23) | (1,335,623.01) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278974) | AR Charge | Reversal of transaction ID:460277321 - Automatic Reversal of Transaction ID:460277321 when adding Payment ID:1623060891 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 12,352.29 | 0.00 | (1,323,270.72) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278975) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (11,352.29) | (1,334,623.01) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278977) | AR Charge | Reversal of transaction ID:460278975 - Automatic Reversal of Transaction ID:460278975 when adding Payment ID:1623060984 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 11,352.29 | 0.00 | (1,323,270.72) |
| 4410 | 10/07/2024 | 10/07/2024 | 10/2024 | Late Fee (Transaction #460278978) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (10,852.29) | (1,334,123.01) |
| 4410 | 10/07/2024 | 10/09/2024 | 10/2024 | Late Fee (Transaction #460279330) | AR Charge | Reversal of transaction ID:460277326 - ds | Main Building-300 | SSS Education Jersey College | | 3,266.89 | 0.00 | (1,330,856.12) |
| 4410 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283161) | AR Charge | Reversal of transaction ID:460277329 - Automatic Reversal of Transaction ID:460277329 when adding Payment ID:1623403195 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 16,555.81 | 0.00 | (1,314,300.31) |
| 4410 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283174) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (15,739.05) | (1,330,039.36) |
| 4410 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283176) | AR Charge | Reversal of transaction ID:460283174 - Automatic Reversal of Transaction ID:460283174 when adding Payment ID:1623403255 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 15,739.05 | 0.00 | (1,314,300.31) |
| 4410 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283191) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,922.28) | (1,329,222.59) |
| 4410 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283193) | AR Charge | Reversal of transaction ID:460283191 - Automatic Reversal of Transaction ID:460283191 when adding Payment ID:1623403297 by devra@sbgmanagement.com | North Court-640 | Helping Hands Family | | 14,922.28 | 0.00 | (1,314,300.31) |
| 4410 | 10/07/2024 | 10/14/2024 | 10/2024 | Late Fee (Transaction #460283217) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,125.43) | (1,328,425.74) |
| 4410 | 10/07/2024 | 10/15/2024 | 10/2024 | Late Fee (Transaction #460283753) | AR Charge | Reversal of transaction ID:460277330 - ds | North Court-668 | LUV2KNIT & More | | 749.87 | 0.00 | (1,327,675.87) |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 10/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288015) | AR Charge | Reversal of transaction ID:460277322 - Automatic Reversal of Transaction ID:460277322 when adding Payment ID:1623718311 by devra@sbgmanagement.com | Main Building-250 | Temple Health Call Center | | 3,847.62 | 0.00 | (1,323,828.25) |
| 4410 | 10/07/2024 | 10/22/2024 | 10/2024 | Late Fee (Transaction #460288020) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (3,094.68) | (1,326,922.93) |
| 4410 | 10/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306580) | AR Charge | Reversal of transaction ID:460288020 - ds | Main Building-250 | Temple Health Call Center | | 3,094.68 | 0.00 | (1,323,828.25) |
| 4410 | 10/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364154) | AR Charge | Reversal of transaction ID:460278978 - d | Main Building-G100 | Jenkins Storage | | 10,852.29 | 0.00 | (1,312,975.96) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299304) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (0.01) | (1,312,975.97) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299305) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (56,933.33) | (1,369,909.30) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299306) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (11,662.79) | (1,381,572.09) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299307) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (8,093.53) | (1,389,665.62) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299308) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (68,929.60) | (1,458,595.22) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299309) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,828.79) | (1,460,424.01) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299310) | AR Charge | | Main Building-400 | Regus | | 0.00 | (155.15) | (1,460,579.16) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299311) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (1,463,846.05) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299312) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (829.51) | (1,464,675.56) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299313) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,225.46) | (1,478,901.02) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299314) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (549.87) | (1,479,450.89) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299315) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (453.21) | (1,479,904.10) |
| 4410 | 11/07/2024 | 11/06/2024 | 11/2024 | Late Fee (Transaction #460299316) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (21.42) | (1,479,925.52) |
| 4410 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301311) | AR Charge | Reversal of transaction ID:460299315 - Automatic Reversal of Transaction ID:460299315 when adding Payment ID:1626770936 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 453.21 | 0.00 | (1,479,472.31) |
| 4410 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301312) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (45.91) | (1,479,518.22) |
| 4410 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301314) | AR Charge | Reversal of transaction ID:460301312 - Automatic Reversal of Transaction ID:460301312 when adding Payment ID:1626770964 by devra@sbgmanagement.com | Main Building-Roof | Metro PCS | | 45.91 | 0.00 | (1,479,472.31) |
| 4410 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301315) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (15.91) | (1,479,488.22) |
| 4410 | 11/07/2024 | 11/07/2024 | 11/2024 | Late Fee (Transaction #460301448) | AR Charge | Reversal of transaction ID:460299316 - Automatic Reversal of Transaction ID:460299316 when adding Payment ID:1626795687 by devra@sbgmanagement.com | Main Building-Roof 2 | Zayo | | 21.42 | 0.00 | (1,479,466.80) |
| 4410 | 11/07/2024 | 11/12/2024 | 11/2024 | Late Fee (Transaction #460302393) | AR Charge | Reversal of transaction ID:460299306 - Automatic Reversal of Transaction ID:460299306 when adding Payment ID:1626990513 by eric@sbgmanagement.com | Main Building-G100 | Jenkins Storage | | 11,662.79 | 0.00 | (1,467,804.01) |
| 4410 | 11/07/2024 | 11/12/2024 | 11/2024 | Late Fee (Transaction #460302394) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (10,662.79) | (1,478,466.80) |
| 4410 | 11/07/2024 | 11/27/2024 | 11/2024 | Late Fee (Transaction #460306581) | AR Charge | Reversal of transaction ID:460299307 - ds | Main Building-250 | Temple Health Call Center | | 8,093.53 | 0.00 | (1,470,373.27) |
| 4410 | 11/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364153) | AR Charge | Reversal of transaction ID:460302394 - s | Main Building-G100 | Jenkins Storage | | 10,662.79 | 0.00 | (1,459,710.48) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316597) | AR Charge | | Main Building-375 | SBG Management | | 0.00 | (57,933.33) | (1,517,643.81) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316598) | AR Charge | | Main Building-300 | SSS Education Jersey College | | 0.00 | (3,266.89) | (1,520,910.70) |

Appx964

GL Details                                                                                                                                                           Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316599) | AR Charge | | North Court-668 | LUV2KNIT & More | | 0.00 | (1,099.74) | (1,522,010.44) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316600) | AR Charge | | Main Building-400 | Regus | | 0.00 | (193.14) | (1,522,203.58) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316601) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (8,051.93) | (1,530,255.51) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316602) | AR Charge | | Main Building-G100 | Jenkins Storage | | 0.00 | (11,473.29) | (1,541,728.80) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316603) | AR Charge | | North Court-640 | Helping Hands Family | | 0.00 | (14,325.48) | (1,556,054.28) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316604) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (45.10) | (1,556,099.38) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316605) | AR Charge | | North Court-670 | Dr. Mark Kress | | 0.00 | (1,016.02) | (1,557,115.40) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316606) | AR Charge | | Main Building-340 | Goldstein Law Partners | | 0.00 | (69,809.50) | (1,626,924.90) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316607) | AR Charge | | Main Building-114 | Sezai Saran | | 0.00 | (40.00) | (1,626,964.90) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316608) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (375.00) | (1,627,339.90) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316609) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (15.95) | (1,627,355.85) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316610) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (15.02) | (1,627,370.87) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316611) | AR Charge | | Main Building-Roof 2 | Zayo | | 0.00 | (20.01) | (1,627,390.88) |
| 4410 | 12/07/2024 | 12/06/2024 | 12/2024 | Late Fee (Transaction #460316612) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (1,078.86) | (1,628,469.74) |
| 4410 | 12/07/2024 | 12/10/2024 | 12/2024 | Late Fee (Transaction #460319626) | AR Charge | Reversal of transaction ID:460316601 - ds | Main Building-250 | Temple Health Call Center | | 8,051.93 | 0.00 | (1,620,417.81) |
| 4410 | 12/07/2024 | 12/18/2024 | 12/2024 | Late Fee (Transaction #460323508) | AR Charge | Reversal of transaction ID:460316608 - ds | Main Building-107 | Loanbility | | 375.00 | 0.00 | (1,620,042.81) |
| 4410 | 12/07/2024 | 12/18/2024 | 12/2024 | Late Fee (Transaction #460323587) | AR Charge | Reversal of transaction ID:460316607 - ds | Main Building-114 | Sezai Saran | | 40.00 | 0.00 | (1,620,002.81) |
| 4410 | 12/07/2024 | 01/15/2025 | 01/2025 | Late Fee (Transaction #460335563) | AR Charge | Reversal of transaction ID:460316612 - ds | Main Building-150 | Outback Steakhouse | | 1,078.86 | 0.00 | (1,618,923.95) |
| 4410 | 12/07/2024 | 04/29/2025 | 04/2025 | Late Fee (Transaction #460364152) | AR Charge | Reversal of transaction ID:460316602 - ds | Main Building-G100 | Jenkins Storage | | 11,473.29 | 0.00 | (1,607,450.66) |
| 4410 | 12/10/2024 | 12/10/2024 | 12/2024 | Late Fee (Transaction #460319634) | AR Charge | Late fees reduced | Main Building-250 | Temple Health Call Center | | 0.00 | (1,905.68) | (1,609,356.34) |
| 4410 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121622- CM | Invoice | Late Fee | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (12.95) | (1,609,369.29) |
| | | | | | | | | 4410: Late Fees: | (1,609,369.29) | 1,040,315.04 | (2,649,684.33) | (1,609,369.29) |

GL Account: 4430: Utilities

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4430 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 4430 | 01/09/2024 | 01/09/2024 | 01/2024 | Electricity (Transaction #460094546) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (261.97) | (261.97) |
| 4430 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 1,926.68 | 0.00 | 1,664.71 |
| 4430 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 106.40 | 0.00 | 1,771.11 |
| 4430 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ste 210 (4821340100) | | 329.46 | 0.00 | 2,100.57 |
| 4430 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 660 OYR (6578467000) | | 225.32 | 0.00 | 2,325.89 |
| 4430 | 01/19/2024 | 01/30/2024 | 01/2024 | Inv #011924 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 440.09 | 0.00 | 2,765.98 |
| 4430 | 01/19/2024 | 01/30/2024 | 02/2024 | Inv #011924 | Invoice | | | PECO 680 OYR office (64165-22048) | | 75.72 | 0.00 | 2,841.70 |
| 4430 | 01/19/2024 | 01/30/2024 | 02/2024 | Inv #011924 | Invoice | | | PECO 680 OYR office 95016 | | 2,500.91 | 0.00 | 5,342.61 |
| 4430 | 01/19/2024 | 02/20/2024 | 02/2024 | Inv #011924 Trans Fee | Invoice | | | PECO 680 OYR office (64165-22048) | | 5.95 | 0.00 | 5,348.56 |
| 4430 | 01/19/2024 | 02/20/2024 | 02/2024 | Inv #011924 Trans Fee | Invoice | | | PECO 680 OYR office 95016 | | 5.95 | 0.00 | 5,354.51 |
| 4430 | 01/19/2024 | 01/30/2024 | 10/2024 | Inv #011924 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,933.33 | 0.00 | 7,287.84 |
| 4430 | 01/20/2024 | 01/30/2024 | 01/2024 | Inv #012024 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 75.72 | 0.00 | 7,363.56 |
| 4430 | 01/23/2024 | 04/17/2024 | 04/2024 | Inv #012324 | Invoice | Trans Free | | PECO 610 OYR Hse Mtr (4964862000) | | 5.95 | 0.00 | 7,369.51 |
| 4430 | 01/23/2024 | 04/17/2024 | 04/2024 | Inv #012324 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,938.09 | 0.00 | 11,307.60 |
| 4430 | 01/29/2024 | 02/01/2024 | 01/2024 | Inv #394141 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 11,382.60 |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4430 | 01/31/2024 | 01/31/2024 | 01/2024 | Electricity (Transaction #460102909) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (271.00) | 11,111.60 |
| 4430 | 02/01/2024 | 02/01/2024 | 02/2024 | Electricity (Transaction #460105601) | AR Charge | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (75.22) | 11,036.38 |
| 4430 | 02/01/2024 | 02/01/2024 | 02/2024 | Electricity (Transaction #460105603) | AR Charge | PECO 11924 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (2,500.91) | 8,535.47 |
| 4430 | 02/08/2024 | 11/12/2024 | 11/2024 | Inv #Late Fee 02/08/24 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 110.06 | 0.00 | 8,645.53 |
| 4430 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 448.38 | 0.00 | 9,093.91 |
| 4430 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 105.23 | 0.00 | 9,199.14 |
| 4430 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 285.62 | 0.00 | 9,484.76 |
| 4430 | 02/23/2024 | 03/05/2024 | 04/2024 | Inv #022324 | Invoice | | | PECO 660 OYR (6578467000) | | 286.83 | 0.00 | 9,771.59 |
| 4430 | 02/23/2024 | 06/15/2024 | 06/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 2,450.75 | 0.00 | 12,222.34 |
| 4430 | 02/23/2024 | 03/05/2024 | 08/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 75.74 | 0.00 | 12,298.08 |
| 4430 | 02/23/2024 | 03/05/2024 | 10/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,536.09 | 0.00 | 13,834.17 |
| 4430 | 02/23/2024 | 03/05/2024 | 10/2024 | Inv #022324 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,938.33 | 0.00 | 17,772.50 |
| 4430 | 02/26/2024 | 03/06/2024 | 03/2024 | Inv #395730 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 17,847.50 |
| 4430 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 310.18 | 0.00 | 18,157.68 |
| 4430 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 174.69 | 0.00 | 18,332.37 |
| 4430 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 96.86 | 0.00 | 18,429.23 |
| 4430 | 03/22/2024 | 03/28/2024 | 04/2024 | Inv #032224 | Invoice | | | PECO 660 OYR (6578467000) | | 200.03 | 0.00 | 18,629.26 |
| 4430 | 03/22/2024 | 03/28/2024 | 10/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 3,648.62 | 0.00 | 22,277.88 |
| 4430 | 03/22/2024 | 03/28/2024 | 11/2024 | Inv #032224 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,090.72 | 0.00 | 23,368.60 |
| 4430 | 03/27/2024 | 03/28/2024 | 03/2024 | Inv #397448 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 23,443.60 |
| 4430 | 03/28/2024 | 04/03/2024 | 08/2024 | Inv #032824 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 75.74 | 0.00 | 23,519.34 |
| 4430 | 04/22/2024 | 06/15/2024 | 06/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 999.74 | 0.00 | 24,519.08 |
| 4430 | 04/22/2024 | 04/26/2024 | 07/2024 | Inv #042224 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 293.81 | 0.00 | 24,812.89 |
| 4430 | 04/22/2024 | 04/26/2024 | 08/2024 | Inv #042224 | Invoice | | | PECO 660 OYR (6578467000) | | 188.25 | 0.00 | 25,001.14 |
| 4430 | 04/22/2024 | 04/26/2024 | 08/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 179.57 | 0.00 | 25,180.71 |
| 4430 | 04/22/2024 | 04/26/2024 | 10/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 4,517.58 | 0.00 | 29,698.29 |
| 4430 | 04/22/2024 | 04/26/2024 | 10/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,252.91 | 0.00 | 30,951.20 |
| 4430 | 04/22/2024 | 04/26/2024 | 10/2024 | Inv #042224 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 84.30 | 0.00 | 31,035.50 |
| 4430 | 04/23/2024 | 09/04/2024 | 09/2024 | Inv #398845 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 31,110.50 |
| 4430 | 04/26/2024 | 05/02/2024 | 08/2024 | Inv #042624 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 75.94 | 0.00 | 31,186.44 |
| 4430 | 05/21/2024 | 06/19/2024 | 07/2024 | Inv #052124 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 234.70 | 0.00 | 31,421.14 |
| 4430 | 05/21/2024 | 05/30/2024 | 08/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 163.81 | 0.00 | 31,584.95 |
| 4430 | 05/21/2024 | 06/19/2024 | 08/2024 | Inv #052124 | Invoice | | | PECO 660 OYR (6578467000) | | 150.30 | 0.00 | 31,735.25 |
| 4430 | 05/21/2024 | 05/30/2024 | 10/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 4,453.01 | 0.00 | 36,188.26 |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4430 | 05/21/2024 | 05/30/2024 | 10/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,477.40 | 0.00 | 37,665.66 |
| 4430 | 05/21/2024 | 05/30/2024 | 10/2024 | Inv #052124 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 77.95 | 0.00 | 37,743.61 |
| 4430 | 05/22/2024 | 06/19/2024 | 06/2024 | Inv #052224 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 251.43 | 0.00 | 37,995.04 |
| 4430 | 05/28/2024 | 06/04/2024 | 08/2024 | Inv #052824 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 75.94 | 0.00 | 38,070.98 |
| 4430 | 05/28/2024 | 09/04/2024 | 09/2024 | Inv #400784 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 38,145.98 |
| 4430 | 06/21/2024 | 07/08/2024 | 07/2024 | Inv #062124 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 33.79 | 0.00 | 38,179.77 |
| 4430 | 07/15/2024 | 07/24/2024 | 07/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 348.42 | 0.00 | 38,528.19 |
| 4430 | 07/15/2024 | 07/24/2024 | 07/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 76.15 | 0.00 | 38,604.34 |
| 4430 | 07/15/2024 | 07/24/2024 | 07/2024 | Inv #071524 | Invoice | | | PECO 660 OYR (6578467000) | | 137.01 | 0.00 | 38,741.35 |
| 4430 | 07/15/2024 | 07/24/2024 | 09/2024 | Inv #071524 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 247.15 | 0.00 | 38,988.50 |
| 4430 | 07/15/2024 | 10/17/2024 | 10/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 77.99 | 0.00 | 39,066.49 |
| 4430 | 07/15/2024 | 10/28/2024 | 10/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 5,194.95 | 0.00 | 44,261.44 |
| 4430 | 07/15/2024 | 11/12/2024 | 11/2024 | Inv #071524 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,980.11 | 0.00 | 46,241.55 |
| 4430 | 07/22/2024 | 07/31/2024 | 07/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 430.53 | 0.00 | 46,672.08 |
| 4430 | 07/22/2024 | 07/31/2024 | 07/2024 | Inv #072224 | Invoice | | | PECO 660 OYR (6578467000) | | 144.75 | 0.00 | 46,816.83 |
| 4430 | 07/22/2024 | 07/31/2024 | 07/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 76.31 | 0.00 | 46,893.14 |
| 4430 | 07/22/2024 | 07/31/2024 | 09/2024 | Inv #072224 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 283.13 | 0.00 | 47,176.27 |
| 4430 | 07/22/2024 | 07/31/2024 | 10/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 2,481.28 | 0.00 | 49,657.55 |
| 4430 | 07/22/2024 | 07/30/2024 | 11/2024 | Inv #072224 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 78.38 | 0.00 | 49,735.93 |
| 4430 | 07/25/2024 | 09/04/2024 | 09/2024 | Inv #402302 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 49,810.93 |
| 4430 | 07/26/2024 | 08/03/2024 | 08/2024 | Inv #404001 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 49,885.93 |
| 4430 | 07/26/2024 | 07/30/2024 | 10/2024 | Inv #072624 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 8,153.04 | 0.00 | 58,038.97 |
| 4430 | 07/30/2024 | 08/03/2024 | 08/2024 | Inv #072324 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 31.68 | 0.00 | 58,070.65 |
| 4430 | 07/31/2024 | 07/31/2024 | 07/2024 | Electricity (Transaction #460223795) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (281.44) | 57,789.21 |
| 4430 | 08/20/2024 | 08/29/2024 | 08/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 376.15 | 0.00 | 58,165.36 |
| 4430 | 08/20/2024 | 08/29/2024 | 08/2024 | Inv #082024 | Invoice | | | PECO 660 OYR (6578467000) | | 151.24 | 0.00 | 58,316.60 |
| 4430 | 08/20/2024 | 08/29/2024 | 08/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 76.31 | 0.00 | 58,392.91 |
| 4430 | 08/20/2024 | 09/20/2024 | 09/2024 | Inv #082024 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 194.19 | 0.00 | 58,587.10 |
| 4430 | 08/20/2024 | 10/01/2024 | 10/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 2,036.52 | 0.00 | 60,623.62 |
| 4430 | 08/20/2024 | 10/29/2024 | 10/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 6,555.67 | 0.00 | 67,179.29 |
| 4430 | 08/20/2024 | 11/12/2024 | 11/2024 | Inv #082024 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 58.01 | 0.00 | 67,237.30 |
| 4430 | 08/21/2024 | 08/29/2024 | 08/2024 | Inv #082124 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 31.67 | 0.00 | 67,268.97 |
| 4430 | 08/29/2024 | 02/05/2025 | 01/2025 | Inv #405908 | Invoice | EMS | | Energy Management Systems | | 75.00 | 0.00 | 67,343.97 |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4430 | 09/09/2024 | 10/28/2024 | 11/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,873.64 | 0.00 | 69,217.61 |
| 4430 | 09/19/2024 | 09/25/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 76.31 | 0.00 | 69,293.92 |
| 4430 | 09/19/2024 | 09/25/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 313.44 | 0.00 | 69,607.36 |
| 4430 | 09/19/2024 | 09/26/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 78.65 | 0.00 | 69,686.01 |
| 4430 | 09/19/2024 | 09/26/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 660 OYR (6578467000) | | 142.93 | 0.00 | 69,828.94 |
| 4430 | 09/19/2024 | 09/26/2024 | 09/2024 | Inv #091924 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 228.40 | 0.00 | 70,057.34 |
| 4430 | 09/19/2024 | 10/28/2024 | 10/2024 | Inv #091924 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 6,149.12 | 0.00 | 76,206.46 |
| 4430 | 09/20/2024 | 10/02/2024 | 09/2024 | Inv #092024 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 31.67 | 0.00 | 76,238.13 |
| 4430 | 09/27/2024 | 10/09/2024 | 10/2024 | Inv #407479 | Invoice | | | Energy Management Systems | | 75.00 | 0.00 | 76,313.13 |
| 4430 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 187.05 | 0.00 | 76,500.18 |
| 4430 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 101 (1344413000) | | 79.07 | 0.00 | 76,579.25 |
| 4430 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 210 (4621340100) | | 267.19 | 0.00 | 76,846.44 |
| 4430 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 310 (5869598000) | | 76.64 | 0.00 | 76,923.08 |
| 4430 | 10/18/2024 | 10/28/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 660 OYR (6578467000) | | 130.12 | 0.00 | 77,053.20 |
| 4430 | 10/18/2024 | 10/29/2024 | 10/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Hse Mtr (4964862000) | | 4,853.72 | 0.00 | 81,906.92 |
| 4430 | 10/18/2024 | 10/28/2024 | 11/2024 | Inv #101824 | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 1,457.02 | 0.00 | 83,363.94 |
| 4430 | 10/21/2024 | 11/12/2024 | 11/2024 | Inv #102124 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 31.67 | 0.00 | 83,395.61 |
| 4430 | 10/25/2024 | 02/05/2025 | 01/2025 | Inv #408996 | Invoice | EMS | | Energy Management Systems | | 75.00 | 0.00 | 83,470.61 |
| 4430 | 10/28/2024 | 10/28/2024 | 10/2024 | Electricity (Transaction #460289741) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (261.59) | 83,209.02 |
| 4430 | 11/08/2024 | 11/12/2024 | 11/2024 | Inv #Late Fee | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 52.93 | 0.00 | 83,261.95 |
| 4430 | 11/19/2024 | 02/05/2025 | 01/2025 | Inv #410362 | Invoice | EMS | | Energy Management Systems | | 75.00 | 0.00 | 83,336.95 |
| 4430 | 11/20/2024 | 11/20/2024 | 11/2024 | Electricity (Transaction #460304702) | AR Charge | | Main Building-Roof | Metro PCS | | 0.00 | (287.65) | 83,049.30 |
| 4430 | 11/22/2024 | 12/02/2024 | 12/2024 | Inv #11262024 | Invoice | Peco | | PECO 610 OYR Hse Mtr (4964862000) | | 5,675.94 | 0.00 | 88,725.24 |
| 4430 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #091924- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (228.40) | 88,496.84 |
| 4430 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #101824- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (187.05) | 88,309.79 |
| 4430 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #011924- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (440.09) | 87,869.70 |
| 4430 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121523- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (415.54) | 87,454.16 |
| 4430 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #111423- CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (326.63) | 87,127.53 |
| 4430 | 12/20/2024 | 01/03/2025 | 12/2024 | Inv #409837 | Invoice | EMS | | Energy Management Systems | | 75.00 | 0.00 | 87,202.53 |
| | | | | | | | | **4430: Utilities:** | 87,202.53 | 92,740.02 | (5,537.49) | 87,202.53 |

**GL Account: 5100: Computer and Internet Expenses**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5100 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5100 | 12/15/2024 | 12/24/2024 | 12/2024 | Inv #121524 | Invoice | comcast | | Comcast -8499 10 140 0056393 Keri System | | 374.24 | 0.00 | 374.24 |
| | | | | | | | | **5100: Computer and Internet Expenses:** | 374.24 | 374.24 | 0.00 | 374.24 |

Appx968

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **GL Account: 5150: Equipment Rental** | | | | | | | | | | | | |
| 5150 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5150 | 01/25/2024 | 02/08/2024 | 02/2024 | Inv #7305045 | Invoice | | | National Construction Rentals | | 159.00 | 0.00 | 159.00 |
| 5150 | 02/21/2024 | 02/23/2024 | 02/2024 | Inv #230578697 | Invoice | United Rentals | | Campion Masonry | | 1,817.48 | 0.00 | 1,976.48 |
| 5150 | 02/22/2024 | 02/28/2024 | 02/2024 | Inv #122116 | Invoice | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | 16,072.57 |
| 5150 | 02/22/2024 | 03/11/2024 | 05/2024 | Inv #7335963 | Invoice | | | National Construction Rentals | | 159.00 | 0.00 | 16,231.57 |
| 5150 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #122596 | Invoice | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | 30,327.66 |
| 5150 | 03/21/2024 | 04/03/2024 | 04/2024 | Inv #7367717 | Invoice | | | National Construction Rentals | | 159.00 | 0.00 | 30,486.66 |
| 5150 | 04/18/2024 | 04/19/2024 | 04/2024 | Inv #123106 | Invoice | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | 44,582.75 |
| 5150 | 04/18/2024 | 05/05/2024 | 05/2024 | Inv #7399746 | Invoice | | | National Construction Rentals | | 159.00 | 0.00 | 44,741.75 |
| 5150 | 05/03/2024 | 07/30/2024 | 07/2024 | Inv #233418972-001 | Invoice | | | United Rentals | | 2,562.18 | 0.00 | 47,303.93 |
| 5150 | 05/08/2024 | 07/30/2024 | 07/2024 | Inv #233615580-001 | Invoice | | | United Rentals | | 1,552.06 | 0.00 | 48,855.99 |
| 5150 | 05/16/2024 | 05/16/2024 | 05/2024 | Inv #123665 | Invoice | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | 62,952.08 |
| 5150 | 05/16/2024 | 05/30/2024 | 05/2024 | Inv #7432205 | Invoice | | | National Construction Rentals | | 159.00 | 0.00 | 63,111.08 |
| 5150 | 05/17/2024 | 07/30/2024 | 07/2024 | Inv #233360997-003 | Invoice | | | United Rentals | | 2,513.47 | 0.00 | 65,624.55 |
| 5150 | 05/17/2024 | 07/30/2024 | 07/2024 | Inv #233247452-002 | Invoice | | | United Rentals | | 3,559.48 | 0.00 | 69,184.03 |
| 5150 | 05/22/2024 | 07/30/2024 | 07/2024 | Inv #233535841-001 | Invoice | | | United Rentals | | 1,224.94 | 0.00 | 70,408.97 |
| 5150 | 05/23/2024 | 07/30/2024 | 07/2024 | Inv #234218560-001 | Invoice | | | United Rentals | | 1,754.30 | 0.00 | 72,163.27 |
| 5150 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #Q292906 | Invoice | TINY TOWN | | National Construction Rentals | | 1,122.29 | 0.00 | 73,285.56 |
| 5150 | 05/30/2024 | 07/30/2024 | 07/2024 | Inv #233452838-001 | Invoice | | | United Rentals | | 530.00 | 0.00 | 73,815.56 |
| 5150 | 06/01/2024 | 07/30/2024 | 07/2024 | Inv #234040023-001 | Invoice | | | United Rentals | | 1,027.31 | 0.00 | 74,842.87 |
| 5150 | 06/03/2024 | 07/30/2024 | 07/2024 | Inv #233247452-004 | Invoice | | | United Rentals | | 486.54 | 0.00 | 75,329.41 |
| 5150 | 06/12/2024 | 06/12/2024 | 06/2024 | Inv #124160 | Invoice | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | 89,425.50 |
| 5150 | 06/13/2024 | 07/30/2024 | 07/2024 | Inv #233247452-005 | Invoice | | | United Rentals | | 2,597.04 | 0.00 | 92,022.54 |
| 5150 | 06/13/2024 | 07/01/2024 | 11/2024 | Inv #7464692 | Invoice | | | National Construction Rentals | | 159.00 | 0.00 | 92,181.54 |
| 5150 | 06/14/2024 | 07/31/2024 | 07/2024 | Inv #233360997-004 | Invoice | | | United Rentals | | 2,195.47 | 0.00 | 94,377.01 |
| 5150 | 06/15/2024 | 07/31/2024 | 07/2024 | Inv #234570997-001 | Invoice | | | United Rentals | | 1,995.98 | 0.00 | 96,372.99 |
| 5150 | 06/15/2024 | 07/31/2024 | 07/2024 | Inv #233900685-001 | Invoice | | | United Rentals | | 2,586.40 | 0.00 | 98,959.39 |
| 5150 | 06/22/2024 | 07/31/2024 | 07/2024 | Inv #234800132-001 | Invoice | | | United Rentals | | 1,027.31 | 0.00 | 99,986.70 |
| 5150 | 06/27/2024 | 07/31/2024 | 07/2024 | Inv #233452838-002 | Invoice | | | United Rentals | | 106.00 | 0.00 | 100,092.70 |
| 5150 | 06/29/2024 | 07/31/2024 | 07/2024 | Inv #234040023-002 | Invoice | | | United Rentals | | 603.31 | 0.00 | 100,696.01 |
| 5150 | 06/29/2024 | 07/31/2024 | 07/2024 | Inv #233900685-002 | Invoice | | | United Rentals | | 2,162.40 | 0.00 | 102,858.41 |
| 5150 | 07/10/2024 | 07/12/2024 | 07/2024 | Inv #124617 | Invoice | | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | 116,954.50 |
| 5150 | 07/11/2024 | 07/30/2024 | 07/2024 | Inv #7496832 | Invoice | | | National Construction Rentals | | 159.00 | 0.00 | 117,113.50 |
| 5150 | 07/11/2024 | 07/31/2024 | 07/2024 | Inv #233247452-007 | Invoice | | | United Rentals | | 2,597.04 | 0.00 | 119,710.54 |
| 5150 | 07/12/2024 | 07/31/2024 | 07/2024 | Inv #233360997-005 | Invoice | | | United Rentals | | 2,195.47 | 0.00 | 121,906.01 |
| 5150 | 07/13/2024 | 07/31/2024 | 07/2024 | Inv #234570997-002 | Invoice | | | United Rentals | | 1,783.98 | 0.00 | 123,689.99 |
| 5150 | 08/07/2024 | 08/22/2024 | 08/2024 | Inv #152101 | Invoice | | | Superior Scaffold Services Inc. | | 12,099.42 | 0.00 | 135,789.41 |
| 5150 | 10/08/2024 | 10/10/2024 | 10/2024 | Inv #126136 | Invoice | | | Superior Scaffold Services Inc. | | 8,733.04 | 0.00 | 144,522.45 |
| 5150 | 10/30/2024 | 11/12/2024 | 11/2024 | Inv #126626 | Invoice | | | Superior Scaffold Services Inc. | | 8,773.04 | 0.00 | 153,295.49 |
| | | | | | | | | 5150: Equipment Rental: | 153,295.49 | 153,295.49 | 0.00 | 153,295.49 |
| **GL Account: 5200: Interest Expense** | | | | | | | | | | | | |
| 5200 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5200 | 02/28/2024 | 02/29/2024 | 02/2024 | JE #2262 - MORTG PAY | General Journal Entry | | | | | 212,354.25 | 0.00 | 212,354.25 |
| 5200 | 09/27/2024 | 09/27/2024 | 09/2024 | Inv #SEPT 2024-LOANID#283 | Invoice | BAL SEPT INT + LC | | ICON PSG 1 FL, LLC | | 126,719.69 | 0.00 | 339,073.94 |
| 5200 | 10/01/2024 | 10/30/2024 | 10/2024 | Inv #OCT 2024 INT | Invoice | | | ICON PSG 1 FL, LLC | | 202,392.97 | 0.00 | 541,466.91 |
| 5200 | 12/23/2024 | 12/28/2024 | 12/2024 | Inv #NOV 2024 | Invoice | | | ICON PSG 1 FL, LLC | | 204,588.67 | 0.00 | 746,055.58 |
| | | | | | | | | 5200: Interest Expense: | 746,055.58 | 746,055.58 | 0.00 | 746,055.58 |
| **GL Account: 5225: License & Permits** | | | | | | | | | | | | |
| 5225 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5225 | 04/15/2024 | 04/15/2024 | 04/2024 | Inv #TT-BLDG PERMIT | Invoice | TINY TOWN-BLDG PERMIT | | Jenkintown Borough | | 1,779.50 | 0.00 | 1,779.50 |
| 5225 | 04/18/2024 | 04/18/2024 | 04/2024 | JE #2300 - PLAN COMMISSION | General Journal Entry | PLANNING COMM FEE - STARBUCKS | | | | 556.50 | 0.00 | 2,336.00 |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5225 | 12/12/2024 | 12/12/2024 | 12/2024 | Inv #PERMIT | Invoice | | | Jenkintown Borough | | 104.50 | 0.00 | 2,440.50 |
| | | | | | | | | 5225: License & Permits: | 2,440.50 | 2,440.50 | 0.00 | 2,440.50 |
| **GL Account: 5350: Professional Fees** | | | | | | | | | | | | |
| 5350 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5350 | 03/21/2024 | 04/09/2024 | 03/2024 | Inv #239361 | Invoice | TINY TOWN | | Carroll Engineering Corporation | | 5,632.00 | 0.00 | 5,632.00 |
| 5350 | 04/10/2024 | 04/23/2024 | 04/2024 | Inv #866395 | Invoice | | | Pennsylvania One Call System, Inc | | 125.00 | 0.00 | 5,757.00 |
| 5350 | 04/18/2024 | 04/22/2024 | 04/2024 | Inv #185390 | Invoice | Tiny Town | | Middle Department Inspection Agency | | 165.00 | 0.00 | 5,922.00 |
| 5350 | 04/30/2024 | 05/24/2024 | 05/2024 | Inv #13038 | Invoice | | | JKR Partners LLC | | 7,200.00 | 0.00 | 13,122.00 |
| 5350 | 05/31/2024 | 06/21/2024 | 06/2024 | Inv #13135 | Invoice | | | JKR Partners LLC | | 3,781.43 | 0.00 | 16,903.43 |
| 5350 | 07/01/2024 | 04/09/2025 | 07/2024 | Inv #241179 | Invoice | JENK-STARBUCKS T & M | | Carroll Engineering Corporation | | 901.00 | 0.00 | 17,804.43 |
| 5350 | 08/31/2024 | 09/25/2024 | 08/2024 | Inv #35704 | Invoice | THRU 8/28/2024 | | Heritage Consulting Group | | 2,406.11 | 0.00 | 20,210.54 |
| 5350 | 09/30/2024 | 01/13/2025 | 09/2024 | Inv #35867 | Invoice | | | Heritage Consulting Group | | 585.00 | 0.00 | 20,795.54 |
| 5350 | 10/14/2024 | 10/15/2024 | 10/2024 | Inv #Ann. Fire Inspection Fee | Invoice | | | The Borough of Jenkintown | | 350.00 | 0.00 | 21,145.54 |
| 5350 | 10/31/2024 | 01/13/2025 | 10/2024 | Inv #36034 | Invoice | | | Heritage Consulting Group | | 146.25 | 0.00 | 21,291.79 |
| 5350 | 12/06/2024 | 01/13/2025 | 12/2024 | Inv #36227 | Invoice | | | Heritage Consulting Group | | 109.23 | 0.00 | 21,401.02 |
| | | | | | | | | 5350: Professional Fees: | 21,401.02 | 21,401.02 | 0.00 | 21,401.02 |
| **GL Account: 5355: Legal** | | | | | | | | | | | | |
| 5355 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5355 | 04/01/2024 | 04/23/2024 | 04/2024 | Inv #17 | Invoice | | | Friedman Schuman ,PC, IOLTA | | 796.58 | 0.00 | 796.58 |
| 5355 | 04/01/2024 | 04/23/2024 | 04/2024 | Inv #25 | Invoice | | | Friedman Schuman ,PC, IOLTA | | 5,531.00 | 0.00 | 6,327.58 |
| 5355 | 10/01/2024 | 10/01/2024 | 10/2024 | Inv #SITUSvJENKINS | Invoice | TRANSCRIPTS | | Treasurer of Montgomery County | | 101.25 | 0.00 | 6,428.83 |
| | | | | | | | | 5355: Legal: | 6,428.83 | 6,428.83 | 0.00 | 6,428.83 |
| **GL Account: 5365: Software** | | | | | | | | | | | | |
| 5365 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5365 | 05/28/2024 | 06/10/2024 | 06/2024 | Inv #10301522-0524 | Invoice | | | M2 Reporter | | 100.00 | 0.00 | 100.00 |
| | | | | | | | | 5365: Software: | 100.00 | 100.00 | 0.00 | 100.00 |
| **GL Account: 5380: Engineer** | | | | | | | | | | | | |
| 5380 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5380 | 03/31/2024 | 04/11/2024 | 04/2024 | Inv #INV-1008759 | Invoice | | | Hillis-Carnes Engineering Associates | | 3,486.25 | 0.00 | 3,486.25 |
| 5380 | 04/26/2024 | 07/15/2024 | 07/2024 | Inv #6796 | Invoice | | | SE2 Engineering, LLC | | 1,000.00 | 0.00 | 4,486.25 |
| 5380 | 04/30/2024 | 05/10/2024 | 05/2024 | Inv #INV-1010455 | Invoice | | | Hillis-Carnes Engineering Associates | | 4,593.00 | 0.00 | 9,079.25 |
| 5380 | 04/30/2024 | 05/13/2024 | 05/2024 | Inv #429970 | Invoice | | | Bowman | | 660.00 | 0.00 | 9,739.25 |
| 5380 | 05/31/2024 | 06/10/2024 | 06/2024 | Inv #435400 | Invoice | | | Bowman | | 110.00 | 0.00 | 9,849.25 |
| 5380 | 05/31/2024 | 06/12/2024 | 06/2024 | Inv #INV-1012139 | Invoice | | | Hillis-Carnes Engineering Associates | | 5,287.75 | 0.00 | 15,137.00 |
| 5380 | 06/30/2024 | 07/12/2024 | 07/2024 | Inv #INV-1013796 | Invoice | | | Hillis-Carnes Engineering Associates | | 5,057.75 | 0.00 | 20,194.75 |
| 5380 | 06/30/2024 | 07/15/2024 | 07/2024 | Inv #440964 | Invoice | | | Bowman | | 2,539.12 | 0.00 | 22,733.87 |
| 5380 | 07/31/2024 | 08/21/2024 | 08/2024 | Inv #INV-1015508 | Invoice | | | Hillis-Carnes Engineering Associates | | 432.75 | 0.00 | 23,166.62 |
| 5380 | 07/31/2024 | 08/22/2024 | 08/2024 | Inv #445538 | Invoice | | | Bowman | | 2,655.00 | 0.00 | 25,821.62 |
| 5380 | 09/03/2024 | 09/11/2024 | 09/2024 | Inv #242302 | Invoice | | | Carroll Engineering Corporation | | 1,688.25 | 0.00 | 27,509.87 |
| | | | | | | | | 5380: Engineer: | 27,509.87 | 27,509.87 | 0.00 | 27,509.87 |
| **GL Account: 5400: Repairs and Maint - Labor Services** | | | | | | | | | | | | |
| 5400 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5400 | 01/15/2024 | 01/19/2024 | 01/2024 | Inv #351 | Invoice | Labor | | CS Contractor Corp | | 1,600.00 | 0.00 | 1,600.00 |
| 5400 | 01/22/2024 | 01/25/2024 | 01/2024 | Inv #353 | Invoice | Labor | | CS Contractor Corp | | 1,000.00 | 0.00 | 2,600.00 |
| 5400 | 03/22/2024 | 03/22/2024 | 03/2024 | Inv #032224 | Invoice | | | Campion Masonry | | 10,000.00 | 0.00 | 12,600.00 |
| 5400 | 03/22/2024 | 03/25/2024 | 03/2024 | Inv #032224-02 | Invoice | | | Campion Masonry | | 10,000.00 | 0.00 | 22,600.00 |
| 5400 | 04/13/2024 | 07/29/2024 | 04/2024 | Inv #0413-SBG-LAB-JENK | Invoice | SBG | | SBG Construction LLC | | 4,406.00 | 0.00 | 27,006.00 |
| 5400 | 05/06/2024 | 05/10/2024 | 05/2024 | Inv #392 | Invoice | | | CS Contractor Corp | | 3,000.00 | 0.00 | 30,006.00 |
| 5400 | 05/13/2024 | 05/20/2024 | 05/2024 | Inv #393 | Invoice | | | CS Contractor Corp | | 6,000.00 | 0.00 | 36,006.00 |
| 5400 | 07/01/2024 | 07/12/2024 | 07/2024 | Inv #400 | Invoice | | | CS Contractor Corp | | 6,000.00 | 0.00 | 42,006.00 |
| 5400 | 07/06/2024 | 07/29/2024 | 07/2024 | Inv #0706-SBG-LAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 6,669.00 | 0.00 | 48,675.00 |
| 5400 | 07/08/2024 | 07/12/2024 | 07/2024 | Inv #401 | Invoice | | | CS Contractor Corp | | 5,200.00 | 0.00 | 53,875.00 |
| 5400 | 07/22/2024 | 08/02/2024 | 08/2024 | Inv #403 | Invoice | | | CS Contractor Corp | | 6,000.00 | 0.00 | 59,875.00 |

Appx970

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5400 | 08/08/2024 | 08/08/2024 | 08/2024 | Inv #REIMB - Harbor Freight | Invoice | | | CS Contractor Corp | | 302.39 | 0.00 | 60,177.39 |
| 5400 | 08/12/2024 | 08/20/2024 | 08/2024 | Inv #405 | Invoice | | | CS Contractor Corp | | 5,000.00 | 0.00 | 65,177.39 |
| 5400 | 09/28/2024 | 11/01/2024 | 09/2024 | Inv #0928-SBGLAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 6,048.00 | 0.00 | 71,225.39 |
| 5400 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1026-SBGLAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 5,904.00 | 0.00 | 77,129.39 |
| 5400 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1012-SBGLAB-JENK | Invoice | SBG | | SBG Management Services Inc | | 6,862.00 | 0.00 | 83,991.39 |
| | | | | | | | | 5400: Repairs and Maint - Labor Services: | 83,991.39 | 83,991.39 | 0.00 | 83,991.39 |

**GL Account: 5410: Repairs and Maint - Building**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5410 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5410 | 01/01/2024 | 01/13/2024 | 01/2024 | Inv #28372 | Invoice | | | Companion Services Group | | 1,128.90 | 0.00 | 1,128.90 |
| 5410 | 01/05/2024 | 01/12/2024 | 01/2024 | Inv #240105394 | Invoice | PARKING DECK 12/20-12/21/23 | | D. A. Mitchell LLC | | 3,600.00 | 0.00 | 4,728.90 |
| 5410 | 01/05/2024 | 01/12/2024 | 01/2024 | Inv #240105395 | Invoice | PARK DECK 12/26-12/29/23 | | D. A. Mitchell LLC | | 3,200.00 | 0.00 | 7,928.90 |
| 5410 | 01/12/2024 | 01/12/2024 | 01/2024 | Inv #0912-ON ACCT | Invoice | GARAGE | | Campion Masonry | | 10,000.00 | 0.00 | 17,928.90 |
| 5410 | 01/15/2024 | 05/17/2024 | 05/2024 | Inv #0000141452 | Invoice | | | Van's Lock Shop | | 20.99 | 0.00 | 17,949.89 |
| 5410 | 01/24/2024 | 04/08/2024 | 01/2024 | Inv #121620 | Invoice | GARAGE | | Superior Scaffold Services Inc. | | 14,096.09 | 0.00 | 32,045.98 |
| 5410 | 01/26/2024 | 01/26/2024 | 01/2024 | Inv #1/26 on a/c | Invoice | DECK/GARAGE | | Campion Masonry | | 7,500.00 | 0.00 | 39,545.98 |
| 5410 | 01/29/2024 | 01/29/2024 | 01/2024 | Inv #EPOXY | Invoice | PARKING DECK/GARAGE | | Re-Steel Supply Services, Inc. | | 35,075.40 | 0.00 | 74,621.38 |
| 5410 | 02/08/2024 | 02/13/2024 | 02/2024 | Inv #0000142005 | Invoice | | | Van's Lock Shop | | 125.93 | 0.00 | 74,747.31 |
| 5410 | 02/09/2024 | 02/09/2024 | 02/2024 | Inv #0209-ON AC-JENK | Invoice | GARAGE | | Campion Masonry | | 7,500.00 | 0.00 | 82,247.31 |
| 5410 | 02/14/2024 | 03/27/2024 | 02/2024 | Inv #0214-CM-JENK | Invoice | GARAGE | | Campion Masonry | | 2,375.00 | 0.00 | 84,622.31 |
| 5410 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0207-CAMP-JENK | Invoice | 2/1-2/6 PARKING DECK | | Campion Masonry | | 6,250.00 | 0.00 | 90,872.31 |
| 5410 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0131-CAMP-JENK | Invoice | 1/25-1/31 PARKING DECK | | Campion Masonry | | 3,900.00 | 0.00 | 94,772.31 |
| 5410 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0124-CAMP-JENK | Invoice | 1/22-1/24 PARKING DECK | | Campion Masonry | | 4,625.00 | 0.00 | 99,397.31 |
| 5410 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0118-CAMP-JENK | Invoice | 01/14-01/18 PARKING DECK | | Campion Masonry | | 1,600.00 | 0.00 | 100,997.31 |
| 5410 | 03/14/2024 | 03/27/2024 | 03/2024 | Inv #0221-CM-JENK | Invoice | GARAGE-215-221 | | Campion Masonry | | 7,402.50 | 0.00 | 108,399.81 |
| 5410 | 03/14/2024 | 03/27/2024 | 03/2024 | Inv #0228-CM-JENK | Invoice | GARAGE-0222-0228 | | Campion Masonry | | 3,172.50 | 0.00 | 111,572.31 |
| 5410 | 03/15/2024 | 03/15/2024 | 03/2024 | Inv #ON ACCT 3-15 | Invoice | GARAGE | | Campion Masonry | | 10,000.00 | 0.00 | 121,572.31 |
| 5410 | 03/15/2024 | 03/29/2024 | 03/2024 | Inv #0313-CM-JENK | Invoice | GARAGE 3/8-3/13 | | Campion Masonry | | 5,452.00 | 0.00 | 127,024.31 |
| 5410 | 03/20/2024 | 03/26/2024 | 03/2024 | Inv #032024 | Invoice | | | Traffic Marking Co | | 1,950.00 | 0.00 | 128,974.31 |
| 5410 | 03/29/2024 | 03/29/2024 | 03/2024 | Inv #0320-CM-JENK | Invoice | GARAGE-3/14-3/20 | | Campion Masonry | | 11,209.50 | 0.00 | 140,183.81 |
| 5410 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #0327-CAMP-JENK | Invoice | GARAGE 3/21-3/27/24 | | Campion Masonry | | 13,575.00 | 0.00 | 153,758.81 |
| 5410 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #0403-CAMP-JENK | Invoice | GARAGE 3/28-4/3/24 | | Campion Masonry | | 2,550.00 | 0.00 | 156,308.81 |
| 5410 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #REIMB-HILTI | Invoice | GARAGE-REIMB HILTI SUPPLIES | | Campion Masonry | | 1,403.48 | 0.00 | 157,712.29 |
| 5410 | 04/09/2024 | 04/09/2024 | 04/2024 | Inv #10409240002 | Invoice | GARAGE | | Joseph Fazzio Inc | | 794.95 | 0.00 | 158,507.24 |
| 5410 | 04/12/2024 | 04/12/2024 | 04/2024 | Inv #0410-CAMP-JENK | Invoice | 4/4-4/10/2024-GARAGE-DECK | | Campion Masonry | | 16,600.00 | 0.00 | 175,107.24 |
| 5410 | 04/15/2024 | 04/15/2024 | 04/2024 | Inv #240415417 | Invoice | GARAGE-DECK 4/9-4/11 | | D. A. Mitchell LLC | | 6,000.00 | 0.00 | 181,107.24 |
| 5410 | 04/16/2024 | 04/23/2024 | 04/2024 | Inv #041624 | Invoice | | | Traffic Marking Co | | 3,800.00 | 0.00 | 184,907.24 |
| 5410 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #0417-CM-JENK | Invoice | GARAGE 4/11-4/17 | | Campion Masonry | | 12,600.00 | 0.00 | 197,507.24 |
| 5410 | 04/22/2024 | 04/23/2024 | 04/2024 | Inv #6786 - Tiny Town | Invoice | | | SE2 Engineering, LLC | | 3,000.00 | 0.00 | 200,507.24 |
| 5410 | 04/26/2024 | 04/26/2024 | 04/2024 | Inv #0426-CM-JJENK | Invoice | Garage 4/18 -4/15 | | Campion Masonry | | 15,000.00 | 0.00 | 215,507.24 |
| 5410 | 05/03/2024 | 05/03/2024 | 05/2024 | Inv #0501-CAMP-JENK | Invoice | 4/25-5/1/24 GARAGE/DECK | | Campion Masonry | | 20,215.00 | 0.00 | 235,722.24 |
| 5410 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #0525-JA-JENK | Invoice | | | Jun Aspa | | 241.05 | 0.00 | 235,963.29 |
| 5410 | 07/01/2024 | 07/02/2024 | 07/2024 | Inv #0701024 | Invoice | | | Traffic Marking Co | | 1,800.00 | 0.00 | 237,763.29 |
| 5410 | 07/11/2024 | 07/12/2024 | 07/2024 | Inv #EPOXYCOD 7-11-24 | Invoice | | | Re-Steel Supply Services, Inc. | | 12,142.30 | 0.00 | 249,905.59 |
| 5410 | 07/17/2024 | 07/18/2024 | 07/2024 | Inv #Q#7387450 | Invoice | SNOWBOUND 5x10 | | Sherwin Williams | | 243.40 | 0.00 | 250,148.99 |
| 5410 | 07/18/2024 | 07/19/2024 | 07/2024 | Inv #ORDER# CP401408 | Invoice | LEAKS - GARAGE | | Ferguson Enterprises Inc | | 634.04 | 0.00 | 250,783.03 |
| 5410 | 08/21/2024 | 08/21/2024 | 08/2024 | Inv #0821-TM-JENK | Invoice | STRIPE PARKNG GARAGE | | Traffic Marking Co | | 1,900.00 | 0.00 | 252,683.03 |
| 5410 | 11/01/2024 | 01/15/2025 | 01/2025 | Inv #3826 | Invoice | Landscaping (Grass cutting) | | Huntingdon Valley Landscape Group | | 350.00 | 0.00 | 253,033.03 |
| 5410 | 11/25/2024 | 11/29/2024 | 11/2024 | Inv #417 | Invoice | 11/15-11/18 | | A & Y Construction Services LLC | | 1,200.00 | 0.00 | 254,233.03 |
| 5410 | 12/09/2024 | 12/13/2024 | 12/2024 | Inv #419 | Invoice | EVENT SPACE | | A & Y Construction Services LLC | | 4,800.00 | 0.00 | 259,033.03 |
| 5410 | 12/09/2024 | 12/13/2024 | 12/2024 | Inv #EXP REIMB-JENK | Invoice | EXP REIMB | | A & Y Construction Services LLC | | 60.05 | 0.00 | 259,093.08 |
| | | | | | | | | 5410: Repairs and Maint - Building: | 259,093.08 | 259,093.08 | 0.00 | 259,093.08 |

**GL Account: 5415: Repairs and Maint - Clean/Janit**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5415 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5415 | 01/01/2024 | 01/04/2024 | 01/2024 | Inv #10029 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 4,099.55 |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5415 | 01/01/2024 | 01/04/2024 | 01/2024 | Inv #1072 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 4,646.71 |
| 5415 | 01/06/2024 | 01/11/2024 | 01/2024 | Inv #0106-DH-JENK | Invoice | | | Darin Holiday | | 604.00 | 0.00 | 5,250.71 |
| 5415 | 01/20/2024 | 01/25/2024 | 01/2024 | Inv #0120-DH-JENK | Invoice | | | Darin Holiday | | 617.00 | 0.00 | 5,867.71 |
| 5415 | 02/01/2024 | 02/05/2024 | 02/2024 | Inv #10192 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 9,967.26 |
| 5415 | 02/01/2024 | 02/13/2024 | 02/2024 | Inv #11419 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 10,514.42 |
| 5415 | 02/03/2024 | 02/09/2024 | 02/2024 | Inv #0203-DH-JENK | Invoice | | | Darin Holiday | | 832.00 | 0.00 | 11,346.42 |
| 5415 | 02/20/2024 | 02/22/2024 | 02/2024 | Inv #0217-DH-JENK | Invoice | | | Darin Holiday | | 831.00 | 0.00 | 12,177.42 |
| 5415 | 03/01/2024 | 03/01/2024 | 03/2024 | Janitorial Expenses (Transaction #460124455) | AR Charge | Janitorial supplies for building | | Documents, Jenkins | | 0.00 | (465.85) | 11,711.57 |
| 5415 | 03/01/2024 | 03/01/2024 | 03/2024 | Janitorial Expenses (Transaction #460124538) | AR Charge | Reversal of transaction ID:460124455 - entered on accident meant to add as invoice | | Documents, Jenkins | | 465.85 | 0.00 | 12,177.42 |
| 5415 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #I-2461490 | Invoice | toilet seat covers | | Office Basics | | 53.79 | 0.00 | 12,231.21 |
| 5415 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #I-2461490 | Invoice | towel paper rolls | | Office Basics | | 158.65 | 0.00 | 12,389.86 |
| 5415 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #I-2461490 | Invoice | toilet tissue | | Office Basics | | 144.34 | 0.00 | 12,534.20 |
| 5415 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #I-2461490 | Invoice | liner trash 65mil | | Office Basics | | 26.41 | 0.00 | 12,560.61 |
| 5415 | 03/01/2024 | 03/02/2024 | 03/2024 | Inv #I-2461490 | Invoice | liner trash 1.5mil | | Office Basics | | 82.66 | 0.00 | 12,643.27 |
| 5415 | 03/01/2024 | 03/06/2024 | 03/2024 | Inv #10342 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 16,742.82 |
| 5415 | 03/01/2024 | 04/30/2024 | 04/2024 | Inv #12959 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 17,289.98 |
| 5415 | 03/02/2024 | 03/06/2024 | 03/2024 | Inv #0302-DH-JENK | Invoice | | | Darin Holiday | | 723.00 | 0.00 | 18,012.98 |
| 5415 | 03/21/2024 | 03/21/2024 | 03/2024 | Inv #0316-DH-JENK | Invoice | | | Darin Holiday | | 826.00 | 0.00 | 18,838.98 |
| 5415 | 04/01/2024 | 04/02/2024 | 04/2024 | Inv #10513 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 22,938.53 |
| 5415 | 04/01/2024 | 04/03/2024 | 04/2024 | Inv #14520 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 23,485.69 |
| 5415 | 04/04/2024 | 04/04/2024 | 04/2024 | Inv #0330-DH-JENK | Invoice | | | Darin Holiday | | 784.00 | 0.00 | 24,269.69 |
| 5415 | 04/18/2024 | 04/18/2024 | 04/2024 | Inv #0413-DH-JENK | Invoice | | | Darin Holiday | | 619.00 | 0.00 | 24,888.69 |
| 5415 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #10644 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 28,988.24 |
| 5415 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #16896 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 29,535.40 |
| 5415 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #0427-DH-JENK | Invoice | | | Darin Holiday | | 704.00 | 0.00 | 30,239.40 |
| 5415 | 05/02/2024 | 05/03/2024 | 05/2024 | Inv #P240019 | Invoice | | | Viva Environmental,Health & Safety LLC | | 1,480.00 | 0.00 | 31,719.40 |
| 5415 | 05/11/2024 | 05/14/2024 | 05/2024 | Inv #0511-DH-JENK | Invoice | | | Darin Holiday | | 784.00 | 0.00 | 32,503.40 |
| 5415 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #0525-DH-JENK | Invoice | | | Darin Holiday | | 684.00 | 0.00 | 33,187.40 |
| 5415 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #0530-RW-JENK | Invoice | | | RW Electrical LLC | | 2,200.00 | 0.00 | 35,387.40 |
| 5415 | 06/01/2024 | 06/04/2024 | 06/2024 | Inv #10822 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 39,486.95 |
| 5415 | 06/01/2024 | 06/10/2024 | 06/2024 | Inv #18500 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 40,034.11 |
| 5415 | 06/08/2024 | 06/12/2024 | 06/2024 | Inv #0608-DH-JENK | Invoice | | | Darin Holiday | | 606.00 | 0.00 | 40,640.11 |
| 5415 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0622-DH-JENK | Invoice | | | Darin Holiday | | 682.00 | 0.00 | 41,322.11 |
| 5415 | 07/01/2024 | 07/08/2024 | 07/2024 | Inv #10972 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 45,421.66 |
| 5415 | 07/01/2024 | 07/08/2024 | 07/2024 | Inv #20031 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 45,968.82 |
| 5415 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #0706-DH-JENK | Invoice | | | Darin Holiday | | 532.00 | 0.00 | 46,500.82 |
| 5415 | 07/26/2024 | 07/26/2024 | 07/2024 | Inv #0720-DH-JENK | Invoice | | | Darin Holiday | | 784.00 | 0.00 | 47,284.82 |
| 5415 | 08/01/2024 | 08/03/2024 | 08/2024 | Inv #11152 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 51,384.37 |
| 5415 | 08/01/2024 | 08/22/2024 | 08/2024 | Inv #21580 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 51,931.53 |
| 5415 | 08/03/2024 | 08/09/2024 | 08/2024 | Inv #0803-DH-JENK | Invoice | | | Darin Holiday | | 748.00 | 0.00 | 52,679.53 |
| 5415 | 09/01/2024 | 09/10/2024 | 09/2024 | Inv #23241 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 53,226.69 |
| 5415 | 09/01/2024 | 10/02/2024 | 10/2024 | Inv #11318 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 57,326.24 |
| 5415 | 09/14/2024 | 09/18/2024 | 09/2024 | Inv #0914-DH-JENK | Invoice | | | Darin Holiday | | 273.00 | 0.00 | 57,599.24 |
| 5415 | 10/01/2024 | 10/02/2024 | 10/2024 | Inv #11524 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 61,698.79 |
| 5415 | 10/01/2024 | 10/10/2024 | 10/2024 | Inv #24625 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 62,245.95 |
| 5415 | 10/01/2024 | 11/25/2024 | 11/2024 | Inv #100124 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 62,793.11 |
| 5415 | 10/03/2024 | 10/03/2024 | 10/2024 | Inv #0928-DH-JENK | Invoice | | | Darin Holiday | | 364.00 | 0.00 | 63,157.11 |
| 5415 | 10/16/2024 | 10/16/2024 | 10/2024 | Inv #1012-DH-JENK | Invoice | | | Darin Holiday | | 416.00 | 0.00 | 63,573.11 |
| 5415 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1026-DH-JENK | Invoice | | | Darin Holiday | | 416.00 | 0.00 | 63,989.11 |
| 5415 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #11705 | Invoice | | | BCS Facilities Group | | 4,099.55 | 0.00 | 68,088.66 |
| 5415 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #26182 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 68,635.82 |
| 5415 | 11/01/2024 | 11/25/2024 | 11/2024 | Inv #110124 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 69,182.98 |
| 5415 | 11/14/2024 | 11/14/2024 | 11/2024 | Inv #1109-DH-JENK | Invoice | | | Darin Holiday | | 416.00 | 0.00 | 69,598.98 |
| 5415 | 11/29/2024 | 11/29/2024 | 11/2024 | Inv #1123-DH-JENK | Invoice | | | Darin Holiday | | 208.00 | 0.00 | 69,806.98 |
| 5415 | 12/01/2024 | 12/10/2024 | 12/2024 | Inv #1212024 | Invoice | | | Health Mats Company | | 547.16 | 0.00 | 70,354.14 |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5415 | 12/01/2024 | 01/08/2025 | 01/2025 | Inv #27689 | Invoice | Health Mats | | Health Mats Company | | 547.16 | 0.00 | 70,901.30 |
| | | | | | | | | 5415: Repairs and Maint - Clean/Janit: | 70,901.30 | 71,367.15 | (465.85) | 70,901.30 |

**GL Account: 5420: Repairs and Maint - Equip/HVAC**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5420 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5420 | 01/06/2024 | 01/11/2024 | 01/2024 | Inv #0106-RW-JENK | Invoice | | | RW Electrical LLC | | 1,230.00 | 0.00 | 1,230.00 |
| 5420 | 01/27/2024 | 02/01/2024 | 01/2024 | Inv #1035 | Invoice | | | RW Electrical LLC | | 602.00 | 0.00 | 1,832.00 |
| 5420 | 02/03/2024 | 02/09/2024 | 02/2024 | Inv #0203-RW-JENK | Invoice | | | RW Electrical LLC | | 336.00 | 0.00 | 2,168.00 |
| 5420 | 02/20/2024 | 02/22/2024 | 02/2024 | Inv #0217-RW-JENK | Invoice | | | RW Electrical LLC | | 140.00 | 0.00 | 2,308.00 |
| 5420 | 03/21/2024 | 03/21/2024 | 03/2024 | Inv #0316-RW-JENK | Invoice | | | RW Electrical LLC | | 1,160.00 | 0.00 | 3,468.00 |
| 5420 | 04/04/2024 | 04/04/2024 | 04/2024 | Inv #0330-RW-JENK | Invoice | | | RW Electrical LLC | | 420.00 | 0.00 | 3,888.00 |
| 5420 | 05/01/2024 | 05/02/2024 | 05/2024 | Inv #0427-RW-JENK | Invoice | | | RW Electrical LLC | | 224.00 | 0.00 | 4,112.00 |
| 5420 | 05/09/2024 | 05/09/2024 | 05/2024 | Inv #409 | Invoice | | | America Heating and Air | | 1,000.00 | 0.00 | 5,112.00 |
| 5420 | 05/11/2024 | 05/14/2024 | 05/2024 | Inv #0511-RW-JENK | Invoice | | | RW Electrical LLC | | 2,037.00 | 0.00 | 7,149.00 |
| 5420 | 05/30/2024 | 06/10/2024 | 06/2024 | Inv #1221000 | Invoice | | | Pa Dept of Labor & Industry - E | | 945.14 | 0.00 | 8,094.14 |
| 5420 | 06/04/2024 | 06/05/2024 | 06/2024 | Inv #060424 - Tiny Town | Invoice | | | RW Electrical LLC | | 223.44 | 0.00 | 8,317.58 |
| 5420 | 06/08/2024 | 06/12/2024 | 06/2024 | Inv #0608-RW-JENK | Invoice | | | RW Electrical LLC | | 3,736.00 | 0.00 | 12,053.58 |
| 5420 | 06/10/2024 | 06/12/2024 | 06/2024 | Inv #S055429198.001 - Tiny Town | Invoice | | | RW Electrical LLC | | 1,083.17 | 0.00 | 13,136.75 |
| 5420 | 06/12/2024 | 06/12/2024 | 06/2024 | Inv #S055461502 - Tiny Town | Invoice | | | RW Electrical LLC | | 683.81 | 0.00 | 13,820.56 |
| 5420 | 06/13/2024 | 06/26/2024 | 06/2024 | Inv #S055461502.002 - Tiny Town | Invoice | | | RW Electrical LLC | | 67.78 | 0.00 | 13,888.34 |
| 5420 | 06/14/2024 | 06/26/2024 | 06/2024 | Inv #WIG/011170 - Tiny Town | Invoice | | | City Electric Supply | | 170.42 | 0.00 | 14,058.76 |
| 5420 | 06/18/2024 | 06/20/2024 | 06/2024 | Inv #S055518458.001 - Tiny Town | Invoice | | | RW Electrical LLC | | 32.28 | 0.00 | 14,091.04 |
| 5420 | 06/18/2024 | 06/27/2024 | 06/2024 | Inv #WIG011190 | Invoice | | | City Electric Supply | | 203.86 | 0.00 | 14,294.90 |
| 5420 | 06/19/2024 | 07/08/2024 | 07/2024 | Inv #WIG/011202 - Tiny Town | Invoice | | | City Electric Supply | | 72.73 | 0.00 | 14,367.63 |
| 5420 | 06/24/2024 | 06/26/2024 | 06/2024 | Inv #REIMB CHG | Invoice | REIMB SC | | RW Electrical LLC | | 20.00 | 0.00 | 14,387.63 |
| 5420 | 06/24/2024 | 06/27/2024 | 06/2024 | Inv #0622-RW-JENK | Invoice | | | RW Electrical LLC | | 3,304.00 | 0.00 | 17,691.63 |
| 5420 | 06/26/2024 | 07/24/2024 | 07/2024 | Inv #WIG/011250 | Invoice | | | City Electric Supply | | 85.29 | 0.00 | 17,776.92 |
| 5420 | 06/26/2024 | 07/24/2024 | 07/2024 | Inv #WIG/011251 | Invoice | | | City Electric Supply | | 13.41 | 0.00 | 17,790.33 |
| 5420 | 06/27/2024 | 07/12/2024 | 07/2024 | Inv #1222612 | Invoice | | | PA Dept of LAbor & Industry-B | | 106.58 | 0.00 | 17,896.91 |
| 5420 | 06/28/2024 | 07/24/2024 | 07/2024 | Inv #WIG/011263 | Invoice | | | City Electric Supply | | 74.87 | 0.00 | 17,971.78 |
| 5420 | 07/16/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011368 - Tiny Town | Invoice | | | City Electric Supply | | 366.51 | 0.00 | 18,338.29 |
| 5420 | 07/17/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011380 - Tiny Town | Invoice | | | City Electric Supply | | 266.37 | 0.00 | 18,604.66 |
| 5420 | 07/17/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011382 - Tiny Town | Invoice | | | City Electric Supply | | 174.44 | 0.00 | 18,779.10 |
| 5420 | 07/18/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011399 - Tiny Town | Invoice | | | City Electric Supply | | 484.32 | 0.00 | 19,263.42 |
| 5420 | 07/19/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011407 - Tiny Town | Invoice | | | City Electric Supply | | 235.48 | 0.00 | 19,498.90 |
| 5420 | 07/22/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011415 - Tiny Town | Invoice | | | City Electric Supply | | 115.60 | 0.00 | 19,614.50 |
| 5420 | 07/23/2024 | 07/24/2024 | 07/2024 | Inv #2017 11246 | Invoice | | | Atomic Extinguisher Services | | 856.59 | 0.00 | 20,471.09 |
| 5420 | 07/23/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011423 - Tiny Town | Invoice | | | City Electric Supply | | 47.06 | 0.00 | 20,518.15 |
| 5420 | 07/24/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011438 - Tiny Town | Invoice | | | City Electric Supply | | 491.31 | 0.00 | 21,009.46 |
| 5420 | 07/25/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011447 - Tiny Town | Invoice | | | City Electric Supply | | 37.55 | 0.00 | 21,047.01 |
| 5420 | 07/25/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011454 - Tiny Town | Invoice | | | City Electric Supply | | 229.00 | 0.00 | 21,276.01 |
| 5420 | 07/25/2024 | 08/27/2024 | 08/2024 | Inv #WIG/011456 - Tiny Town | Invoice | | | City Electric Supply | | 61.74 | 0.00 | 21,337.75 |
| 5420 | 07/30/2024 | 08/20/2024 | 08/2024 | Inv #WIG/011485 - Tiny Town | Invoice | | | City Electric Supply | | 89.99 | 0.00 | 21,427.74 |
| 5420 | 07/30/2024 | 08/20/2024 | 08/2024 | Inv #WIG/011484 - Tiny Town | Invoice | | | City Electric Supply | | 188.55 | 0.00 | 21,616.29 |
| 5420 | 07/30/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011481 - Tiny Town | Invoice | | | City Electric Supply | | 508.69 | 0.00 | 22,124.98 |
| 5420 | 07/31/2024 | 08/19/2024 | 08/2024 | Inv #WIG/011494 - Tiny Town | Invoice | | | City Electric Supply | | 82.46 | 0.00 | 22,207.44 |
| 5420 | 08/02/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011518 - Tiny Town | Invoice | | | City Electric Supply | | 45.95 | 0.00 | 22,253.39 |
| 5420 | 08/02/2024 | 08/29/2024 | 08/2024 | Inv #1224910 | Invoice | | | PA Dept of LAbor & Industry-B | | 106.58 | 0.00 | 22,359.97 |
| 5420 | 08/05/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011520 - Tiny Town | Invoice | | | City Electric Supply | | 227.30 | 0.00 | 22,587.27 |
| 5420 | 08/06/2024 | 08/19/2024 | 08/2024 | Inv #WIG/011540 - Tiny Town | Invoice | | | City Electric Supply | | 12.71 | 0.00 | 22,599.98 |
| 5420 | 08/07/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011560 - Regency | Invoice | | | City Electric Supply | | 117.66 | 0.00 | 22,717.64 |
| 5420 | 08/07/2024 | 08/29/2024 | 08/2024 | Inv #WIG/011553 - Tiny Town | Invoice | | | City Electric Supply | | 261.27 | 0.00 | 22,978.91 |
| 5420 | 08/09/2024 | 08/22/2024 | 08/2024 | Inv #WIG/011577 | Invoice | | | City Electric Supply | | 107.59 | 0.00 | 23,086.50 |

GL Details    Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5420 | 08/12/2024 | 08/29/2024 | 08/2024 | Inv #WIG/011595 - Tiny Town | Invoice | | | City Electric Supply | | 51.03 | 0.00 | 23,137.53 |
| 5420 | 08/19/2024 | 09/06/2024 | 09/2024 | Inv #WIG/011645 - Tiny Town | Invoice | | | City Electric Supply | | 247.89 | 0.00 | 23,385.42 |
| 5420 | 08/20/2024 | 09/06/2024 | 09/2024 | Inv #WIG/011663 - Tiny Town | Invoice | | | City Electric Supply | | 86.65 | 0.00 | 23,472.07 |
| 5420 | 08/21/2024 | 09/06/2024 | 09/2024 | Inv #WIG/011675 - Tiny Town | Invoice | | | City Electric Supply | | 42.52 | 0.00 | 23,514.59 |
| 5420 | 08/22/2024 | 09/07/2024 | 09/2024 | Inv #WIG/011680 - Tiny Town | Invoice | | | City Electric Supply | | 269.99 | 0.00 | 23,784.58 |
| 5420 | 08/29/2024 | 09/10/2024 | 09/2024 | Inv #WIG/011738 | Invoice | | | City Electric Supply | | 53.62 | 0.00 | 23,838.20 |
| 5420 | 09/03/2024 | 09/04/2024 | 09/2024 | Inv #496 | Invoice | | | America Heating and Air | | 650.00 | 0.00 | 24,488.20 |
| 5420 | 09/05/2024 | 09/05/2024 | 09/2024 | Inv #0831-RW-JENK | Invoice | | | RW Electrical LLC | | 3,968.00 | 0.00 | 28,456.20 |
| 5420 | 09/14/2024 | 09/18/2024 | 09/2024 | Inv #0914-RW-JENK | Invoice | | | RW Electrical LLC | | 2,440.00 | 0.00 | 30,896.20 |
| 5420 | 09/20/2024 | 10/09/2024 | 10/2024 | Inv #WIG/011908 | Invoice | | | City Electric Supply | | 87.79 | 0.00 | 30,983.99 |
| 5420 | 09/24/2024 | 10/09/2024 | 10/2024 | Inv #WIG/011936 | Invoice | | | City Electric Supply | | 386.89 | 0.00 | 31,370.88 |
| 5420 | 09/26/2024 | 10/10/2024 | 10/2024 | Inv #WIG/011961 | Invoice | | | City Electric Supply | | 32.86 | 0.00 | 31,403.74 |
| 5420 | 10/02/2024 | 10/21/2024 | 10/2024 | Inv #WIG/011998 | Invoice | | | City Electric Supply | | 68.90 | 0.00 | 31,472.64 |
| 5420 | 10/03/2024 | 10/03/2024 | 10/2024 | Inv #0928-RW-JENK | Invoice | | | RW Electrical LLC | | 3,408.00 | 0.00 | 34,880.64 |
| 5420 | 10/03/2024 | 10/21/2024 | 10/2024 | Inv #WIG/012017 | Invoice | | | City Electric Supply | | 337.83 | 0.00 | 35,218.47 |
| 5420 | 10/03/2024 | 10/21/2024 | 10/2024 | Inv #WIG/012018 | Invoice | | | City Electric Supply | | 87.98 | 0.00 | 35,306.45 |
| 5420 | 10/04/2024 | 10/16/2024 | 10/2024 | Inv #WIG/012031 | Invoice | | | City Electric Supply | | 42.47 | 0.00 | 35,348.92 |
| 5420 | 10/09/2024 | 10/21/2024 | 10/2024 | Inv #WIG/012068 | Invoice | | | City Electric Supply | | 96.81 | 0.00 | 35,445.73 |
| 5420 | 10/09/2024 | 10/22/2024 | 10/2024 | Inv #WIG/012072 | Invoice | | | City Electric Supply | | 29.15 | 0.00 | 35,474.88 |
| 5420 | 10/10/2024 | 10/22/2024 | 10/2024 | Inv #WIG/012082 | Invoice | | | City Electric Supply | | 239.05 | 0.00 | 35,713.93 |
| 5420 | 10/14/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012105 | Invoice | | | City Electric Supply | | 104.37 | 0.00 | 35,818.30 |
| 5420 | 10/16/2024 | 10/16/2024 | 10/2024 | Inv #1012-RW-JENK | Invoice | | | RW Electrical LLC | | 3,684.00 | 0.00 | 39,502.30 |
| 5420 | 10/22/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012187 | Invoice | | | City Electric Supply | | 90.36 | 0.00 | 39,592.66 |
| 5420 | 10/22/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012186 | Invoice | | | City Electric Supply | | 19.61 | 0.00 | 39,612.27 |
| 5420 | 10/23/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012196 | Invoice | | | City Electric Supply | | 103.64 | 0.00 | 39,715.91 |
| 5420 | 10/23/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012200 | Invoice | | | City Electric Supply | | 895.34 | 0.00 | 40,611.25 |
| 5420 | 10/30/2024 | 11/12/2024 | 11/2024 | Inv #WIG/012264 | Invoice | | | City Electric Supply | | 152.64 | 0.00 | 40,763.89 |
| 5420 | 10/30/2024 | 01/22/2025 | 01/2025 | Inv #wig012264 | Invoice | regus | | City Electric Supply | | 152.64 | 0.00 | 40,916.53 |
| 5420 | 10/31/2024 | 11/01/2024 | 10/2024 | Inv #1026-RW-JENK | Invoice | | | RW Electrical LLC | | 5,296.00 | 0.00 | 46,212.53 |
| 5420 | 11/01/2024 | 01/22/2025 | 01/2025 | Inv #012290 | Invoice | CES | | City Electric Supply | | 132.72 | 0.00 | 46,345.25 |
| 5420 | 11/01/2024 | 01/22/2025 | 01/2025 | Inv #wig012290 | Invoice | regus 4th floor | | City Electric Supply | | 132.72 | 0.00 | 46,477.97 |
| 5420 | 12/01/2024 | 12/08/2024 | 12/2024 | Inv #03Q4837 | Invoice | Water Treatment | | Klenzoid Water Treatment | | 1,328.99 | 0.00 | 47,806.96 |
| 5420 | 12/03/2024 | 01/22/2025 | 01/2025 | Inv #012587 | Invoice | CES | | City Electric Supply | | 101.76 | 0.00 | 47,908.72 |
| 5420 | 12/30/2024 | 01/15/2025 | 01/2025 | Inv #WIG/012800/822 | Invoice | CES | | City Electric Supply | | 523.06 | 0.00 | 48,431.78 |
| 5420 | 12/30/2024 | 01/15/2025 | 01/2025 | Inv #WIG/012800/822 | Invoice | CES | | City Electric Supply | | 336.28 | 0.00 | 48,768.06 |
| | | | | | | | | 5420: Repairs and Maint - Equip/ HVAC: | 48,768.06 | 48,768.06 | 0.00 | 48,768.06 |

**GL Account: 5425: Repairs and Maint - Extermination**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5425 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5425 | 01/01/2024 | 01/18/2024 | 01/2024 | Inv #8787998 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 107.36 |
| 5425 | 02/01/2024 | 02/16/2024 | 02/2024 | Inv #8852778 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 214.72 |
| 5425 | 03/01/2024 | 03/14/2024 | 03/2024 | Inv #8900676 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 322.08 |
| 5425 | 04/01/2024 | 04/23/2024 | 04/2024 | Inv #8945881 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 429.44 |
| 5425 | 05/01/2024 | 05/20/2024 | 05/2024 | Inv #8994159 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 536.80 |
| 5425 | 06/01/2024 | 06/19/2024 | 06/2024 | Inv #9043124 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 644.16 |
| 5425 | 07/01/2024 | 07/22/2024 | 07/2024 | Inv #9093079 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 751.52 |
| 5425 | 08/01/2024 | 08/19/2024 | 08/2024 | Inv #9149984 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 858.88 |
| 5425 | 08/21/2024 | 12/10/2024 | 12/2024 | Inv #IN-9149984 | Invoice | Extermination | | Western Pest Control | | 107.36 | 0.00 | 966.24 |
| 5425 | 09/01/2024 | 09/17/2024 | 09/2024 | Inv #9205766 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 1,073.60 |
| 5425 | 09/18/2024 | 12/10/2024 | 12/2024 | Inv #IN-9205766 | Invoice | extermination | | Western Pest Control | | 107.36 | 0.00 | 1,180.96 |
| 5425 | 10/01/2024 | 10/14/2024 | 10/2024 | Inv #9264689 | Invoice | | | Western Pest Control | | 107.36 | 0.00 | 1,288.32 |
| 5425 | 12/01/2024 | 12/17/2024 | 12/2024 | Inv #9368571 | Invoice | pest | | Western Pest Control | | 107.36 | 0.00 | 1,395.68 |
| | | | | | | | | 5425: Repairs and Maint - Extermination: | 1,395.68 | 1,395.68 | 0.00 | 1,395.68 |

**GL Account: 5430: Repairs and Maint - Plumbing**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5430 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5430 | 01/05/2024 | 01/31/2024 | 01/2024 | Inv #172809327 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 1,201.00 |
| 5430 | 01/30/2024 | 02/01/2024 | 01/2024 | Inv #193604715 | Invoice | | | Zoom Drain & Septic Service | | 1,076.40 | 0.00 | 2,277.40 |
| 5430 | 01/31/2024 | 02/01/2024 | 01/2024 | Inv #240131403 | Invoice | | | D. A. Mitchell LLC | | 5,500.00 | 0.00 | 7,777.40 |
| 5430 | 01/31/2024 | 02/01/2024 | 01/2024 | Inv #240131402 | Invoice | | | D. A. Mitchell LLC | | 3,500.00 | 0.00 | 11,277.40 |

*GL Details 2.6 generated 05/14/2025 01:36 PM EDT and data as of 05/14/2025 01:36 PM EDT*

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5430 | 01/31/2024 | 02/01/2024 | 01/2024 | Inv #240131401 | Invoice | | | D. A. Mitchell LLC | | 3,750.00 | 0.00 | 15,027.40 |
| 5430 | 02/02/2024 | 02/05/2024 | 02/2024 | Inv #172793357 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 16,228.40 |
| 5430 | 02/05/2024 | 02/09/2024 | 02/2024 | Inv #020524 Quote | Invoice | | | Joseph Fazzio Inc | | 2,873.35 | 0.00 | 19,101.75 |
| 5430 | 02/08/2024 | 03/01/2024 | 03/2024 | Inv #JENKINS | Invoice | | | Stephen Beer Plumbing | | 4,600.00 | 0.00 | 23,701.75 |
| 5430 | 03/01/2024 | 03/06/2024 | 03/2024 | Inv #172803646 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 24,902.75 |
| 5430 | 03/19/2024 | 03/27/2024 | 03/2024 | Inv #031924 Reimbursement | Invoice | | | D. A. Mitchell LLC | | 501.99 | 0.00 | 25,404.74 |
| 5430 | 04/05/2024 | 04/11/2024 | 04/2024 | Inv #172804219 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 26,605.74 |
| 5430 | 04/08/2024 | 04/08/2024 | 04/2024 | Inv #0407-SB-JENK-PKGGAR | Invoice | PARKING GARAGE | | Stephen Beer Plumbing | | 10,230.00 | 0.00 | 36,835.74 |
| 5430 | 04/15/2024 | 04/16/2024 | 04/2024 | Inv #199721237 - Tiny Town | Invoice | | | Zoom Drain & Septic Service | | 1,942.20 | 0.00 | 38,777.94 |
| 5430 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #0419-SB-GAR-JENK | Invoice | GARAGE 4/8-4/19 + MATL | | Stephen Beer Plumbing | | 9,384.00 | 0.00 | 48,161.94 |
| 5430 | 04/25/2024 | 04/26/2024 | 04/2024 | Inv #240425419 | Invoice | | | D. A. Mitchell LLC | | 4,000.00 | 0.00 | 52,161.94 |
| 5430 | 05/03/2024 | 05/07/2024 | 05/2024 | Inv #200627801 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 53,362.94 |
| 5430 | 05/15/2024 | 05/20/2024 | 05/2024 | Inv #240515423 | Invoice | | | D. A. Mitchell LLC | | 7,300.00 | 0.00 | 60,662.94 |
| 5430 | 05/22/2024 | 05/30/2024 | 05/2024 | Inv #240522424 | Invoice | | | D. A. Mitchell LLC | | 8,800.00 | 0.00 | 69,462.94 |
| 5430 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #240530428 | Invoice | | | D. A. Mitchell LLC | | 8,000.00 | 0.00 | 77,462.94 |
| 5430 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #0531-SB-JENK-JC | Invoice | J COLLEGE-REPAIR AIR HANDLER | | Stephen Beer Plumbing | | 390.00 | 0.00 | 77,852.94 |
| 5430 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #0531-SB-JENK-GARAGE | Invoice | 5/24-5/31 PARKING GARAGE | | Stephen Beer Plumbing | | 6,110.00 | 0.00 | 83,962.94 |
| 5430 | 06/12/2024 | 06/13/2024 | 06/2024 | Inv #112128-970 | Invoice | | | Dan-Nick Enterprises inc. | | 675.00 | 0.00 | 84,637.94 |
| 5430 | 06/19/2024 | 06/19/2024 | 06/2024 | Inv #1045802 | Invoice | | | Ferguson Enterprises Inc | | 445.68 | 0.00 | 85,083.62 |
| 5430 | 06/26/2024 | 06/27/2024 | 06/2024 | Inv #240626431 | Invoice | | | D. A. Mitchell LLC | | 4,900.00 | 0.00 | 89,983.62 |
| 5430 | 06/26/2024 | 06/27/2024 | 06/2024 | Inv #240626433 | Invoice | | | D. A. Mitchell LLC | | 6,400.00 | 0.00 | 96,383.62 |
| 5430 | 06/26/2024 | 06/27/2024 | 06/2024 | Inv #240626434 | Invoice | | | D. A. Mitchell LLC | | 3,600.00 | 0.00 | 99,983.62 |
| 5430 | 06/26/2024 | 06/28/2024 | 06/2024 | Inv #240626432 | Invoice | | | D. A. Mitchell LLC | | 8,000.00 | 0.00 | 107,983.62 |
| 5430 | 07/01/2024 | 07/02/2024 | 07/2024 | Inv #CP368271 | Invoice | | | Ferguson Enterprises Inc | | 2,326.75 | 0.00 | 110,310.37 |
| 5430 | 07/12/2024 | 08/27/2024 | 08/2024 | Inv #203660477 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 111,511.37 |
| 5430 | 07/18/2024 | 07/22/2024 | 07/2024 | Inv #240718437 | Invoice | | | D. A. Mitchell LLC | | 4,800.00 | 0.00 | 116,311.37 |
| 5430 | 07/29/2024 | 07/30/2024 | 07/2024 | Inv #112128-983 | Invoice | | | Dan-Nick Enterprises inc. | | 300.00 | 0.00 | 116,611.37 |
| 5430 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #240809443 | Invoice | | | D. A. Mitchell LLC | | 4,400.00 | 0.00 | 121,011.37 |
| 5430 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #240809444 | Invoice | | | D. A. Mitchell LLC | | 3,600.00 | 0.00 | 124,611.37 |
| 5430 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #240809445 | Invoice | | | D. A. Mitchell LLC | | 6,400.00 | 0.00 | 131,011.37 |
| 5430 | 08/09/2024 | 08/19/2024 | 08/2024 | Inv #E240809446 | Invoice | | | D. A. Mitchell LLC | | 6,000.00 | 0.00 | 137,011.37 |
| 5430 | 08/16/2024 | 08/22/2024 | 08/2024 | Inv #205373791 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 138,212.37 |
| 5430 | 08/21/2024 | 08/29/2024 | 08/2024 | Inv #240821451 | Invoice | | | D. A. Mitchell LLC | | 6,000.00 | 0.00 | 144,212.37 |
| 5430 | 09/06/2024 | 09/07/2024 | 09/2024 | Inv #206448198 | Invoice | | | Zoom Drain & Septic Service | | 1,201.00 | 0.00 | 145,413.37 |
| 5430 | 09/12/2024 | 09/20/2024 | 09/2024 | Inv #112128-996 | Invoice | | | Dan-Nick Enterprises inc. | | 300.00 | 0.00 | 145,713.37 |
| | | | | | | | | 5430: Repairs and Maint - Plumbing: | 145,713.37 | 145,713.37 | 0.00 | 145,713.37 |

GL Account: 5435: Repairs and Maint - Roof

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5435 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5435 | 03/13/2024 | 03/13/2024 | 03/2024 | Inv #2403-265821 | Invoice | EPDM ADH Bond 1G RPI | | Stelwagon Roofing Supply Inc | | 92.17 | 0.00 | 92.17 |
| 5435 | 03/13/2024 | 03/13/2024 | 03/2024 | Inv #2403-265821 | Invoice | EPDM Primer ACTVTR | | Stelwagon Roofing Supply Inc | | 124.81 | 0.00 | 216.98 |
| | | | | | | | | 5435: Repairs and Maint - Roof: | 216.98 | 216.98 | 0.00 | 216.98 |

GL Account: 5440: Repairs and Maint-Snow & Ice Removal

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5440 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5440 | 02/21/2024 | 02/22/2024 | 02/2024 | Inv #0119-CAMP-SNOW-JENK | Invoice | 01/19 SNOW REMOVAL | | Campion Masonry | | 750.00 | 0.00 | 750.00 |
| 5440 | 12/30/2024 | 01/10/2025 | 01/2025 | Inv #422 | Invoice | 12/23-12/28 | | A & Y Construction Services LLC | | 4,000.00 | 0.00 | 4,750.00 |
| | | | | | | | | 5440: Repairs and Maint-Snow & Ice Removal: | 4,750.00 | 4,750.00 | 0.00 | 4,750.00 |

GL Account: 5445: Repair and Maint - Elevator

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5445 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5445 | 01/15/2024 | 01/18/2024 | 01/2024 | Inv #24-0094 | Invoice | | | Elevator Construction & Repair | | 225.00 | 0.00 | 225.00 |
| 5445 | 01/15/2024 | 01/25/2024 | 01/2024 | Inv #24-0110 | Invoice | | | Elevator Construction & Repair | | 243.80 | 0.00 | 468.80 |
| 5445 | 02/26/2024 | 03/06/2024 | 03/2024 | Inv #24-1652 | Invoice | | | Elevator Construction & Repair | | 243.80 | 0.00 | 712.60 |
| 5445 | 02/28/2024 | 03/15/2024 | 03/2024 | Inv #0695379 | Invoice | | | Pa Dept of Labor & Industry - E | | 84.67 | 0.00 | 797.27 |

**GL Details**

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5445 | 02/29/2024 | 03/06/2024 | 03/2024 | Inv #24-1994 | Invoice | | | Elevator Construction & Repair | | 425.00 | 0.00 | 1,222.27 |
| 5445 | 03/22/2024 | 06/06/2024 | 03/2024 | Inv #24-2833 | Invoice | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | 1,466.07 |
| 5445 | 04/03/2024 | 06/25/2024 | 06/2024 | Inv #51232 | Invoice | | | Electronic Security Systems | | 871.20 | 0.00 | 2,337.27 |
| 5445 | 04/24/2024 | 06/06/2024 | 04/2024 | Inv #24-4156 | Invoice | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | 2,581.07 |
| 5445 | 04/30/2024 | 05/02/2024 | 05/2024 | Inv #24-4327 | Invoice | | | Elevator Construction & Repair | | 425.00 | 0.00 | 3,006.07 |
| 5445 | 04/30/2024 | 05/09/2024 | 05/2024 | Inv #24-4515 | Invoice | | | Elevator Construction & Repair | | 320.00 | 0.00 | 3,326.07 |
| 5445 | 05/17/2024 | 06/06/2024 | 05/2024 | Inv #24-5260 | Invoice | LUB SERV | | Elevator Construction & Repair | | 243.80 | 0.00 | 3,569.87 |
| 5445 | 07/31/2024 | 08/22/2024 | 08/2024 | Inv #24-9427 | Invoice | | | Elevator Construction & Repair | | 243.80 | 0.00 | 3,813.67 |
| 5445 | 09/25/2024 | 10/09/2024 | 10/2024 | Inv #24-11891 | Invoice | | | Elevator Construction & Repair | | 243.80 | 0.00 | 4,057.47 |
| 5445 | 10/22/2024 | 10/28/2024 | 10/2024 | Inv #24-13115 | Invoice | | | Elevator Construction & Repair | | 243.80 | 0.00 | 4,301.27 |
| 5445 | 12/11/2024 | 12/11/2024 | 12/2024 | Inv #24-6944 | Invoice | | | Elevator Construction & Repair | | 519.00 | 0.00 | 4,820.27 |
| | | | | | | | | 5445: Repair and Maint - Elevator: | 4,820.27 | 4,820.27 | 0.00 | 4,820.27 |

**GL Account: 5450: Security**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5450 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5450 | 01/08/2024 | 01/08/2024 | 01/2024 | Inv #Payment Agreement Dep | Invoice | | | Advanced Electronic Security | | 10,000.00 | 0.00 | 10,000.00 |
| 5450 | 01/29/2024 | 01/30/2024 | 01/2024 | Inv #5934 | Invoice | | | Linked Alarm LLC | | 1,701.00 | 0.00 | 11,701.00 |
| 5450 | 04/12/2024 | 03/29/2024 | 03/2024 | Inv #032924 | Invoice | | | Linked Alarm LLC | | 6,446.50 | 0.00 | 18,147.50 |
| 5450 | 05/16/2024 | 05/17/2024 | 05/2024 | Inv #6505 | Invoice | | | Linked Alarm LLC | | 300.00 | 0.00 | 18,447.50 |
| 5450 | 05/16/2024 | 05/17/2024 | 05/2024 | Inv #6509 | Invoice | | | Linked Alarm LLC | | 300.00 | 0.00 | 18,747.50 |
| 5450 | 06/27/2024 | 06/27/2024 | 06/2024 | Inv #Payment on 7603 | Invoice | Partial Pay for Inv 7603 | | Advanced Electronic Security | | 2,000.00 | 0.00 | 20,747.50 |
| 5450 | 06/30/2024 | 07/08/2024 | 07/2024 | Inv #9663 | Invoice | | | Advanced Electronic Security | | 779.35 | 0.00 | 21,526.85 |
| 5450 | 07/11/2024 | 07/11/2024 | 07/2024 | Inv #July Payment on 7603 | Invoice | Partial Pay for Inv 7603 | | Advanced Electronic Security | | 2,000.00 | 0.00 | 23,526.85 |
| 5450 | 09/09/2024 | 09/09/2024 | 09/2024 | Inv #Sept Payment Inv# 7603 | Invoice | | | Advanced Electronic Security | | 2,276.00 | 0.00 | 25,802.85 |
| 5450 | 10/04/2024 | 10/04/2024 | 10/2024 | Inv #Oct Payment Inv# 7603 | Invoice | | | Advanced Electronic Security | | 2,274.28 | 0.00 | 28,077.13 |
| 5450 | 11/16/2024 | 11/19/2024 | 11/2024 | Inv #7496 | Invoice | Fire Alarm Monitoring | | Linked Alarm LLC | | 300.00 | 0.00 | 28,377.13 |
| 5450 | 11/16/2024 | 11/19/2024 | 11/2024 | Inv #7499 | Invoice | Fire Alarm Monitoring | | Linked Alarm LLC | | 300.00 | 0.00 | 28,677.13 |
| | | | | | | | | 5450: Security: | 28,677.13 | 28,677.13 | 0.00 | 28,677.13 |

**GL Account: 5475: Supplies**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5475 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5475 | 01/04/2024 | 01/23/2024 | 01/2024 | Inv #I-2425474 | Invoice | | | Office Basics | | 400.11 | 0.00 | 400.11 |
| 5475 | 01/18/2024 | 01/23/2024 | 01/2024 | Inv #I-2434854 | Invoice | | | Office Basics | | 362.45 | 0.00 | 762.56 |
| 5475 | 01/24/2024 | 02/09/2024 | 02/2024 | Inv #I-2437884 | Invoice | | | Office Basics | | 1,392.06 | 0.00 | 2,154.62 |
| 5475 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 37.90 | 0.00 | 2,192.52 |
| 5475 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.29 | 0.00 | 2,274.81 |
| 5475 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 105.28 | 0.00 | 2,380.09 |
| 5475 | 02/06/2024 | 03/21/2024 | 03/2024 | Inv #I-2446461 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 143.68 | 0.00 | 2,523.77 |
| 5475 | 02/07/2024 | 02/07/2024 | 02/2024 | Inv #REIMB BULBS | Invoice | BULBS | | Jacqueline Silverman | | 94.12 | 0.00 | 2,617.89 |
| 5475 | 02/20/2024 | 02/21/2024 | 02/2024 | Inv #I-2454645 | Invoice | | | Office Basics | | 354.83 | 0.00 | 2,972.72 |
| 5475 | 02/22/2024 | 02/23/2024 | 02/2024 | Inv #INV-19545 | Invoice | Tiny Town | | Digital Reprographics Solutions | | 186.67 | 0.00 | 3,159.39 |
| 5475 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Liner Waxed Receptacle | | Office Basics | | 42.66 | 0.00 | 3,202.05 |
| 5475 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Afia Foam Soap Ocean Mist 6 | | Office Basics | | 134.73 | 0.00 | 3,336.78 |
| 5475 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 106.17 | 0.00 | 3,442.95 |
| 5475 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 144.89 | 0.00 | 3,587.84 |
| 5475 | 03/20/2024 | 03/25/2024 | 03/2024 | Inv #I-2472753 | Invoice | Liner 38x60 1.5 mil bn/bk | | Office Basics | | 165.96 | 0.00 | 3,753.80 |
| 5475 | 03/29/2024 | 04/01/2024 | 04/2024 | Inv #I-2478226 | Invoice | liner, waxed, receptacle | | Office Basics | | 83.67 | 0.00 | 3,837.47 |
| 5475 | 03/29/2024 | 04/01/2024 | 04/2024 | Inv #I-2478226 | Invoice | covers, seat, toilet, halffol | | Office Basics | | 52.95 | 0.00 | 3,890.42 |
| 5475 | 03/29/2024 | 04/01/2024 | 04/2024 | Inv #I-2478226 | Invoice | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 189.45 | 0.00 | 4,079.87 |

GL Details

Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5475 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #I-2483806 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 37.96 | 0.00 | 4,117.83 |
| 5475 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #I-2483806 | Invoice | Liner, CR 30x36 65MIL 250/CT | | Office Basics | | 26.33 | 0.00 | 4,144.16 |
| 5475 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #I-2483806 | Invoice | Liner 38x60 1.5 MIL BN/BK | | Office Basics | | 82.41 | 0.00 | 4,226.57 |
| 5475 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #I-2483806 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 143.89 | 0.00 | 4,370.46 |
| 5475 | 04/09/2024 | 04/11/2024 | 04/2024 | Inv #I-2483806 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 105.44 | 0.00 | 4,475.90 |
| 5475 | 04/12/2024 | 04/15/2024 | 04/2024 | Inv #22645 | Invoice | TINY TOWN-DRAWINGS | | Digital Reprographics Solutions | | 814.21 | 0.00 | 5,290.11 |
| 5475 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #I-2490632 | Invoice | covers, seat,toilet,halffol | | Office Basics | | 54.03 | 0.00 | 5,344.14 |
| 5475 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #I-2490632 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 101.11 | 0.00 | 5,445.25 |
| 5475 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #I-2490632 | Invoice | liner 38x60 1.5 mil bn/bk | | Office Basics | | 166.08 | 0.00 | 5,611.33 |
| 5475 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #I-2490632 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 144.99 | 0.00 | 5,756.32 |
| 5475 | 04/19/2024 | 04/19/2024 | 04/2024 | Inv #I-2490632 | Invoice | towel nat 600 ft 12/ct | | Office Basics | | 159.36 | 0.00 | 5,915.68 |
| 5475 | 04/29/2024 | 04/30/2024 | 04/2024 | Inv #I-2495322 | Invoice | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 184.80 | 0.00 | 6,100.48 |
| 5475 | 05/03/2024 | 05/05/2024 | 05/2024 | Inv #I-2498646 | Invoice | refill, lifescentpdsret ,8.17oz | | Office Basics | | 62.46 | 0.00 | 6,162.94 |
| 5475 | 05/03/2024 | 05/05/2024 | 05/2024 | Inv #I-2498646 | Invoice | refill, fresh linen 6.17oz | | Office Basics | | 62.46 | 0.00 | 6,225.40 |
| 5475 | 05/03/2024 | 05/05/2024 | 05/2024 | Inv #I-2498646 | Invoice | refill lifescent sumdel 6.17oz | | Office Basics | | 62.45 | 0.00 | 6,287.85 |
| 5475 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #I-2503033 | Invoice | liner 38x60 1.5 mil bn/bk | | Office Basics | | 82.87 | 0.00 | 6,370.72 |
| 5475 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #I-2503033 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 144.69 | 0.00 | 6,515.41 |
| 5475 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #I-2503033 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 159.04 | 0.00 | 6,674.45 |
| 5475 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #I-2503033 | Invoice | covers, seat,toilet,halffol | | Office Basics | | 53.92 | 0.00 | 6,728.37 |
| 5475 | 05/10/2024 | 05/10/2024 | 05/2024 | Inv #I-2503033 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 100.91 | 0.00 | 6,829.28 |
| 5475 | 05/22/2024 | 05/24/2024 | 05/2024 | Inv #I-2509496 | Invoice | Liner, CR, 30x36 .65MIL, 250/CT | | Office Basics | | 26.01 | 0.00 | 6,855.29 |
| 5475 | 05/22/2024 | 05/24/2024 | 05/2024 | Inv #I-2509496 | Invoice | Liner, 38x60, 1.5 MIL, BN/BK | | Office Basics | | 81.43 | 0.00 | 6,936.72 |
| 5475 | 05/22/2024 | 05/24/2024 | 05/2024 | Inv #I-2509496 | Invoice | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 142.18 | 0.00 | 7,078.90 |
| 5475 | 05/30/2024 | 05/30/2024 | 05/2024 | Inv #I-2513571 | Invoice | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 184.80 | 0.00 | 7,263.70 |
| 5475 | 06/03/2024 | 06/03/2024 | 06/2024 | Inv #10491 | Invoice | FUEL | | Cardinal USA Fuel Oil Co | | 1,284.49 | 0.00 | 8,548.19 |
| 5475 | 06/04/2024 | 06/05/2024 | 06/2024 | Inv #I-2515671 | Invoice | toilet tissue jrt 9" 2ply 12/ct | | Office Basics | | 184.80 | 0.00 | 8,732.99 |
| 5475 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #I-2519566 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 38.05 | 0.00 | 8,771.04 |
| 5475 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #I-2519566 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.61 | 0.00 | 8,853.65 |
| 5475 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #I-2519566 | Invoice | Towel, Roll 8x600, 2"CR NTRL | | Office Basics | | 284.31 | 0.00 | 9,137.96 |
| 5475 | 06/10/2024 | 06/10/2024 | 06/2024 | Inv #I-2519566 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 192.32 | 0.00 | 9,330.28 |
| 5475 | 06/11/2024 | 06/12/2024 | 06/2024 | Inv #22795 - Tiny Town | Invoice | | | Digital Reprographics Solutions | | 217.30 | 0.00 | 9,547.58 |
| 5475 | 06/20/2024 | 06/21/2024 | 06/2024 | Inv #I-2525910 | Invoice | towel, roll, we, 600 ft, 12/ct | | Office Basics | | 100.09 | 0.00 | 9,647.67 |
| 5475 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #I-2530424 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 37.95 | 0.00 | 9,685.62 |
| 5475 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #I-2530424 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.40 | 0.00 | 9,768.02 |
| 5475 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #I-2530424 | Invoice | toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 191.82 | 0.00 | 9,959.84 |
| 5475 | 06/28/2024 | 06/28/2024 | 06/2024 | Inv #I-2530424 | Invoice | Towel, NAT, 600 ft, 12/ct | | Office Basics | | 210.83 | 0.00 | 10,170.67 |
| 5475 | 07/10/2024 | 07/11/2024 | 07/2024 | Inv #10710240240 | Invoice | 5 Angles & 30 bags GA Decking | | Joseph Fazzio Inc | | 8,268.42 | 0.00 | 18,439.09 |
| 5475 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Liner, CR, 30x36 .65MIL, 250/CT | | Office Basics | | 26.28 | 0.00 | 18,465.37 |
| 5475 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Liner, 38x60, 1.5 MIL, BN/BK | | Office Basics | | 82.27 | 0.00 | 18,547.64 |
| 5475 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Afia Foam Soap Ocean Mist, 6 | | Office Basics | | 133.57 | 0.00 | 18,681.21 |
| 5475 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Covers, seat, toilet, halffol | | Office Basics | | 53.53 | 0.00 | 18,734.74 |
| 5475 | 07/16/2024 | 07/17/2024 | 07/2024 | Inv #I-2539195 | Invoice | Toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 191.54 | 0.00 | 18,926.28 |
| 5475 | 07/31/2024 | 08/01/2024 | 08/2024 | Inv #073124 Quote | Invoice | | | Joseph Fazzio Inc | | 2,595.07 | 0.00 | 21,521.35 |
| 5475 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #I-2553288 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 191.81 | 0.00 | 21,713.16 |
| 5475 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #I-2553288 | Invoice | Bags High Density 7-10 GAL | | Office Basics | | 37.95 | 0.00 | 21,751.11 |
| 5475 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #I-2553288 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.40 | 0.00 | 21,833.51 |

GL Details

Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5475 | 08/07/2024 | 08/07/2024 | 08/2024 | Inv #-2553288 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 210.84 | 0.00 | 22,044.35 |
| 5475 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | liner, waxed, receptacle | | Office Basics | | 42.05 | 0.00 | 22,086.40 |
| 5475 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 99.59 | 0.00 | 22,185.99 |
| 5475 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | covers,seat,toilet,halff ol | | Office Basics | | 53.22 | 0.00 | 22,239.21 |
| 5475 | 08/19/2024 | 08/19/2024 | 08/2024 | Inv #-2560217 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 190.41 | 0.00 | 22,429.62 |
| 5475 | 09/03/2024 | 09/10/2024 | 09/2024 | Inv #61456 | Invoice | FUEL | | Cardinal USA Fuel Oil Co | | 1,229.15 | 0.00 | 23,658.77 |
| 5475 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #-2572498 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 157.79 | 0.00 | 23,816.56 |
| 5475 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #-2572498 | Invoice | liner, waxed, receptacle | | Office Basics | | 42.27 | 0.00 | 23,858.83 |
| 5475 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #-2572498 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 82.22 | 0.00 | 23,941.05 |
| 5475 | 09/06/2024 | 09/10/2024 | 09/2024 | Inv #-2572498 | Invoice | Toilet Tissue JRT 9" 2PLY 12/CT | | Office Basics | | 191.40 | 0.00 | 24,132.45 |
| 5475 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #-2583676 | Invoice | screen, uml, vinyl, mintblue | | Office Basics | | 113.97 | 0.00 | 24,246.42 |
| 5475 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #-2583676 | Invoice | Liner 38x60 1.5 Mil BN/BK | | Office Basics | | 81.68 | 0.00 | 24,328.10 |
| 5475 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #-2583676 | Invoice | liner, cr, 30x36, .65mil,250/ct | | Office Basics | | 26.09 | 0.00 | 24,354.19 |
| 5475 | 09/25/2024 | 09/25/2024 | 09/2024 | Inv #-2583676 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 237.69 | 0.00 | 24,591.88 |
| 5475 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | liner, 38x60, 1.5 MIL., BN/BK | | Office Basics | | 82.78 | 0.00 | 24,674.66 |
| 5475 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | covers, seat, toilet, halffol | | Office Basics | | 53.86 | 0.00 | 24,728.52 |
| 5475 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | Afis foam soap ocean mist, 6 | | Office Basics | | 134.41 | 0.00 | 24,862.93 |
| 5475 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | toilet tissue jrt 9" 2ply 12/ | | Office Basics | | 192.72 | 0.00 | 25,055.65 |
| 5475 | 10/14/2024 | 10/16/2024 | 10/2024 | Inv #-2595252 | Invoice | Towel NAT 600 FT 12/CT | | Office Basics | | 211.84 | 0.00 | 25,267.49 |
| 5475 | 11/05/2024 | 11/12/2024 | 11/2024 | Inv #-2607981 | Invoice | towel, roll, 600 ft, 12/ ct | | Office Basics | | 209.50 | 0.00 | 25,476.99 |
| 5475 | 11/05/2024 | 11/12/2024 | 11/2024 | Inv #-2607981 | Invoice | Toilet Tissue, JRT, 9", 2PLY, 12/ | | Office Basics | | 190.61 | 0.00 | 25,667.60 |
| 5475 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #-2620307 | Invoice | afia foam soap ocean mist 6 | | Office Basics | | 133.03 | 0.00 | 25,800.63 |
| 5475 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #-2620307 | Invoice | covers, seat, toilet, halffol | | Office Basics | | 53.31 | 0.00 | 25,853.94 |
| 5475 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #-2620307 | Invoice | Liner 38x60 1.5 MIL BN/BK | | Office Basics | | 81.94 | 0.00 | 25,935.88 |
| 5475 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #-2620307 | Invoice | liner, cr, 30x36, .65mil, 250/ct | | Office Basics | | 26.18 | 0.00 | 25,962.06 |
| 5475 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #-2620307 | Invoice | Toilet tissue, jrt, 9", 2ply, 12/ | | Office Basics | | 286.13 | 0.00 | 26,248.19 |
| 5475 | 11/22/2024 | 11/26/2024 | 11/2024 | Inv #-2620307 | Invoice | liner, bk,ld,38x58,, 1.5mil 100/c | | Office Basics | | 37.42 | 0.00 | 26,285.61 |
| | | | | | | | | 5475: Supplies: | 26,285.61 | 26,285.61 | 0.00 | 26,285.61 |

**GL Account: 5510: Taxes-R.E.**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5510 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5510 | 06/27/2024 | 07/02/2024 | 06/2024 | JE #2338 - DEPOSIT | General Journal Entry | REAL ESTATE TX REF-BOROUGH | | | | 0.00 | (116,750.19) | (116,750.19) |
| | | | | | | | | 5510: Taxes-R.E.: | (116,750.19) | 0.00 | (116,750.19) | (116,750.19) |

**GL Account: 5560: Telephone Expense**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5660 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5660 | 08/01/2024 | 08/12/2024 | 08/2024 | Inv #24-0123 | Invoice | elevator | | Elevator GSM LLC | | 675.00 | 0.00 | 675.00 |
| | | | | | | | | 5660: Telephone Expense: | 675.00 | 675.00 | 0.00 | 675.00 |

**GL Account: 5670: Telephone - Internet / Cable**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5670 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5670 | 01/01/2024 | 01/09/2024 | 01/2024 | Inv #010124 | Invoice | | | Granite Telecommunications - 2398 | | 483.47 | 0.00 | 483.47 |
| 5670 | 01/01/2024 | 01/09/2024 | 01/2024 | Inv #010124 | Invoice | | | Granite Telecommunications-6165 | | 175.71 | 0.00 | 659.18 |
| 5670 | 01/15/2024 | 01/25/2024 | 01/2024 | Inv #011524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 332.28 | 0.00 | 991.46 |
| 5670 | 01/17/2024 | 01/29/2024 | 01/2024 | Inv #011724 | Invoice | | | Comcast 8499-10-139-0284781 | | 103.63 | 0.00 | 1,095.09 |
| 5670 | 01/28/2024 | 02/05/2024 | 02/2024 | Inv #012824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 326.55 | 0.00 | 1,421.64 |
| 5670 | 02/01/2024 | 02/08/2024 | 02/2024 | Inv #020124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 1,597.85 |
| 5670 | 02/01/2024 | 02/08/2024 | 02/2024 | Inv #020124 | Invoice | | | Granite Telecommunications - 2398 | | 483.47 | 0.00 | 2,081.32 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5670 | 02/15/2024 | 03/06/2024 | 03/2024 | Inv #021524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 342.28 | 0.00 | 2,423.60 |
| 5670 | 02/17/2024 | 02/28/2024 | 02/2024 | Inv #021724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 113.63 | 0.00 | 2,537.23 |
| 5670 | 02/28/2024 | 03/11/2024 | 03/2024 | Inv #022824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 326.55 | 0.00 | 2,863.78 |
| 5670 | 03/01/2024 | 03/11/2024 | 03/2024 | Inv #030124 | Invoice | | | Granite Telecommunications - 2398 | | 486.28 | 0.00 | 3,350.06 |
| 5670 | 03/01/2024 | 03/11/2024 | 03/2024 | Inv #030124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 3,526.27 |
| 5670 | 03/15/2024 | 04/23/2024 | 04/2024 | Inv #031524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 332.58 | 0.00 | 3,858.85 |
| 5670 | 03/17/2024 | 03/26/2024 | 03/2024 | Inv #031724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 113.63 | 0.00 | 3,972.48 |
| 5670 | 03/28/2024 | 04/11/2024 | 05/2024 | Inv #032824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 326.85 | 0.00 | 4,299.33 |
| 5670 | 04/01/2024 | 04/11/2024 | 04/2024 | Inv #040124 | Invoice | | | Granite Telecommunications - 2398 | | 483.24 | 0.00 | 4,782.57 |
| 5670 | 04/01/2024 | 04/11/2024 | 04/2024 | Inv #040124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 4,958.78 |
| 5670 | 04/15/2024 | 04/23/2024 | 04/2024 | Inv #041524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 342.50 | 0.00 | 5,301.28 |
| 5670 | 04/17/2024 | 04/30/2024 | 04/2024 | Inv #041724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 103.63 | 0.00 | 5,404.91 |
| 5670 | 04/28/2024 | 05/03/2024 | 05/2024 | Inv #042824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 326.85 | 0.00 | 5,731.76 |
| 5670 | 05/01/2024 | 05/09/2024 | 07/2024 | Inv #050124 | Invoice | | | Granite Telecommunications - 2398 | | 483.27 | 0.00 | 6,215.03 |
| 5670 | 05/01/2024 | 05/09/2024 | 07/2024 | Inv #050124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 6,391.24 |
| 5670 | 05/15/2024 | 06/12/2024 | 07/2024 | Inv #051524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 357.50 | 0.00 | 6,748.74 |
| 5670 | 05/17/2024 | 05/30/2024 | 05/2024 | Inv #051724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 103.63 | 0.00 | 6,852.37 |
| 5670 | 05/28/2024 | 06/04/2024 | 06/2024 | Inv #052824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 468.95 | 0.00 | 7,321.32 |
| 5670 | 06/01/2024 | 06/10/2024 | 07/2024 | Inv #060124 | Invoice | | | Granite Telecommunications - 2398 | | 491.13 | 0.00 | 7,812.45 |
| 5670 | 06/01/2024 | 06/10/2024 | 07/2024 | Inv #060124 | Invoice | | | Granite Telecommunications-6165 | | 179.07 | 0.00 | 7,991.52 |
| 5670 | 06/15/2024 | 07/02/2024 | 09/2024 | Inv #061524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 373.25 | 0.00 | 8,364.77 |
| 5670 | 06/17/2024 | 06/27/2024 | 06/2024 | Inv #061724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 113.63 | 0.00 | 8,478.40 |
| 5670 | 06/28/2024 | 07/08/2024 | 11/2024 | Inv #062824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 270.95 | 0.00 | 8,749.35 |
| 5670 | 07/01/2024 | 07/08/2024 | 09/2024 | Inv #070124 | Invoice | | | Granite Telecommunications - 2398 | | 485.98 | 0.00 | 9,235.33 |
| 5670 | 07/01/2024 | 07/08/2024 | 09/2024 | Inv #070124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 9,411.54 |
| 5670 | 07/16/2024 | 08/02/2024 | 09/2024 | Inv #071624 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 373.54 | 0.00 | 9,785.08 |
| 5670 | 07/17/2024 | 08/03/2024 | 08/2024 | Inv #071724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 115.63 | 0.00 | 9,900.71 |
| 5670 | 07/28/2024 | 08/22/2024 | 11/2024 | Inv #072824 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 270.95 | 0.00 | 10,171.66 |
| 5670 | 08/01/2024 | 08/22/2024 | 09/2024 | Inv #080124 | Invoice | | | Granite Telecommunications - 2398 | | 493.88 | 0.00 | 10,665.54 |
| 5670 | 08/01/2024 | 08/22/2024 | 09/2024 | Inv #080124 | Invoice | | | Granite Telecommunications-6165 | | 179.07 | 0.00 | 10,844.61 |
| 5670 | 08/15/2024 | 08/27/2024 | 09/2024 | Inv #081524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 374.13 | 0.00 | 11,218.74 |
| 5670 | 08/17/2024 | 08/29/2024 | 08/2024 | Inv #081724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 113.63 | 0.00 | 11,332.37 |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5670 | 09/01/2024 | 09/10/2024 | 10/2024 | Inv #090124 | Invoice | | | Granite Telecommunications - 2398 | | 534.77 | 0.00 | 11,867.14 |
| 5670 | 09/01/2024 | 09/10/2024 | 10/2024 | Inv #090124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 12,043.35 |
| 5670 | 09/15/2024 | 11/12/2024 | 11/2024 | Inv #091524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 374.13 | 0.00 | 12,417.48 |
| 5670 | 09/17/2024 | 09/30/2024 | 09/2024 | Inv #091724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 103.63 | 0.00 | 12,521.11 |
| 5670 | 10/01/2024 | 10/10/2024 | 10/2024 | Inv #100124 | Invoice | | | Granite Telecommunications - 2398 | | 540.69 | 0.00 | 13,061.80 |
| 5670 | 10/01/2024 | 10/10/2024 | 10/2024 | Inv #100124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 13,238.01 |
| 5670 | 10/15/2024 | 10/28/2024 | 10/2024 | Inv #101524 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 364.22 | 0.00 | 13,602.23 |
| 5670 | 10/17/2024 | 10/28/2024 | 10/2024 | Inv #101724 | Invoice | | | Comcast 8499-10-139-02847 81 | | 113.63 | 0.00 | 13,715.86 |
| 5670 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #110124 | Invoice | | | Granite Telecommunications-6165 | | 176.21 | 0.00 | 13,892.07 |
| 5670 | 11/01/2024 | 11/12/2024 | 11/2024 | Inv #110124 | Invoice | | | Granite Telecommunications - 2398 | | 540.69 | 0.00 | 14,432.76 |
| 5670 | 11/26/2024 | 11/26/2024 | 11/2024 | Inv #112024 | Invoice | | | Comcast -8499 10 140 0056393 Keri System | | 364.22 | 0.00 | 14,796.98 |
| 5670 | 12/01/2024 | 12/10/2024 | 12/2024 | Inv #120124 | Invoice | telecommunications | | Granite Telecommunications-6165 | | 355.29 | 0.00 | 15,152.27 |
| 5670 | 12/01/2024 | 12/10/2024 | 12/2024 | Inv #120124 | Invoice | telecommunications | | Granite Telecommunications - 2398 | | 1,147.54 | 0.00 | 16,299.81 |
| 5670 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #122324 | Invoice | | | Verizon Jenkins 156-640-672-0001-01 | | 270.95 | 0.00 | 16,570.76 |
| 5670 | 12/17/2024 | 12/30/2024 | 12/2024 | Inv #121724 | Invoice | comcast | | Comcast 8499-10-139-02847 81 | | 103.63 | 0.00 | 16,674.39 |
| 5670 | 12/28/2024 | 01/03/2025 | 01/2025 | Inv #122824 | Invoice | Verizon | | Verizon Jenkins 156-640-672-0001-01 | | 280.28 | 0.00 | 16,954.67 |
| | | | | | | | | 5670: Telephone - Internet / Cable: | 16,954.67 | 16,954.67 | 0.00 | 16,954.67 |

**GL Account: 5710: Trash Removal**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5710 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5710 | 02/15/2024 | 02/23/2024 | 03/2024 | Inv #0320-004374236 | Invoice | | | Republic Services #320 | | 2,686.43 | 0.00 | 2,686.43 |
| 5710 | 03/15/2024 | 03/18/2024 | 05/2024 | Inv #0320-004384859 | Invoice | | | Republic Services #320 | | 1,554.16 | 0.00 | 4,240.59 |
| 5710 | 03/31/2024 | 04/11/2024 | 04/2024 | Inv #0320-004385876 | Invoice | | | Republic Services #320 | | 1,504.81 | 0.00 | 5,745.40 |
| 5710 | 05/15/2024 | 06/11/2024 | 07/2024 | Inv #0320-004409116 | Invoice | | | Republic Services #320 | | 1,881.16 | 0.00 | 7,626.56 |
| 5710 | 05/31/2024 | 10/18/2024 | 10/2024 | Inv #0320-004410118 | Invoice | | | Republic Services #320 | | 1,460.92 | 0.00 | 9,087.48 |
| 5710 | 07/31/2024 | 08/22/2024 | 08/2024 | Inv #0320-004431406 | Invoice | | | Republic Services #320 | | 1,762.23 | 0.00 | 10,849.71 |
| 5710 | 08/15/2024 | 08/27/2024 | 09/2024 | Inv #0320-004444084 | Invoice | | | Republic Services #320 | | 1,405.10 | 0.00 | 12,254.81 |
| 5710 | 09/15/2024 | 09/26/2024 | 09/2024 | Inv #0320-004449284 | Invoice | | | Republic Services #320 | | 1,394.98 | 0.00 | 13,649.79 |
| 5710 | 10/15/2024 | 10/22/2024 | 10/2024 | Inv #0320-004464346 | Invoice | | | Republic Services #320 | | 1,757.69 | 0.00 | 15,407.48 |
| 5710 | 11/15/2024 | 11/25/2024 | 11/2024 | Inv #0320-004478521 | Invoice | trash | | Republic Services #320 | | 2,013.80 | 0.00 | 17,421.28 |
| 5710 | 11/30/2024 | 12/10/2024 | 12/2024 | Inv #0320-004479789 | Invoice | trash | | Republic Services #320 | | 1,745.93 | 0.00 | 19,167.21 |
| 5710 | 12/31/2024 | 01/08/2025 | 01/2025 | Inv #0320-004491660 | Invoice | trash | | Republic Services #320 | | 1,904.92 | 0.00 | 21,072.13 |
| | | | | | | | | 5710: Trash Removal: | 21,072.13 | 21,072.13 | 0.00 | 21,072.13 |

**GL Account: 5720: Trash Removal-Dumpster Rentals**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5720 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5720 | 01/05/2024 | 01/09/2024 | 01/2024 | Inv #123602406 | Invoice | | | Revolution Recovery, LLC | | 820.00 | 0.00 | 820.00 |
| 5720 | 01/10/2024 | 03/27/2024 | 03/2024 | Inv #116-96 | Invoice | | | Revolution Recovery, LLC | | 820.00 | 0.00 | 1,640.00 |
| 5720 | 01/30/2024 | 01/31/2024 | 01/2024 | Inv #123604369 | Invoice | | | Revolution Recovery, LLC | | 35.00 | 0.00 | 1,675.00 |
| 5720 | 01/31/2024 | 02/05/2024 | 02/2024 | Inv #123604612 | Invoice | | | Revolution Recovery, LLC | | 820.00 | 0.00 | 2,495.00 |
| 5720 | 02/29/2024 | 03/06/2024 | 03/2024 | Inv #123607018 | Invoice | | | Revolution Recovery, LLC | | 35.00 | 0.00 | 2,530.00 |
| 5720 | 03/12/2024 | 03/15/2024 | 03/2024 | Inv #123608128 | Invoice | | | Revolution Recovery, LLC | | 35.00 | 0.00 | 2,565.00 |

GL Details    Case 2:25-cv-00044-GAM    Document 29-2    Filed 05/16/25    Page 111 of 118    Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5720 | 03/19/2024 | 05/21/2024 | 05/2024 | Inv #123608765 | Invoice | | | Revolution Recovery, LLC | | 605.00 | 0.00 | 3,170.00 |
| 5720 | 03/28/2024 | 04/03/2024 | 04/2024 | Inv #123609514 | Invoice | | | Revolution Recovery, LLC | | 735.00 | 0.00 | 3,905.00 |
| 5720 | 04/16/2024 | 04/19/2024 | 04/2024 | Inv #123611253 | Invoice | | | Revolution Recovery, LLC | | 40.00 | 0.00 | 3,945.00 |
| 5720 | 04/23/2024 | 04/26/2024 | 04/2024 | Inv #123611858 | Invoice | | | Revolution Recovery, LLC | | 35.00 | 0.00 | 3,980.00 |
| 5720 | 04/30/2024 | 07/24/2024 | 07/2024 | Inv #123612732 | Invoice | | | Revolution Recovery, LLC | | 855.00 | 0.00 | 4,835.00 |
| 5720 | 05/09/2024 | 05/17/2024 | 05/2024 | Inv #123613254 | Invoice | | | Revolution Recovery, LLC | | 820.00 | 0.00 | 5,655.00 |
| 5720 | 05/16/2024 | 05/20/2024 | 05/2024 | Inv #123613718 | Invoice | | | Revolution Recovery, LLC | | 820.00 | 0.00 | 6,475.00 |
| 5720 | 05/22/2024 | 08/22/2024 | 08/2024 | Inv #123614140 | Invoice | | | Revolution Recovery, LLC | | 2,880.00 | 0.00 | 9,355.00 |
| 5720 | 06/10/2024 | 06/12/2024 | 06/2024 | Inv #123615757 | Invoice | | | Revolution Recovery, LLC | | 820.00 | 0.00 | 10,175.00 |
| 5720 | 06/13/2024 | 06/27/2024 | 06/2024 | Inv #123616102 | Invoice | | | Revolution Recovery, LLC | | 1,780.00 | 0.00 | 11,955.00 |
| 5720 | 06/25/2024 | 06/27/2024 | 06/2024 | Inv #123617196 | Invoice | | | Revolution Recovery, LLC | | 635.00 | 0.00 | 12,590.00 |
| 5720 | 07/08/2024 | 07/12/2024 | 07/2024 | Inv #123618315 | Invoice | | | Revolution Recovery, LLC | | 2,270.00 | 0.00 | 14,860.00 |
| 5720 | 07/17/2024 | 07/22/2024 | 07/2024 | Inv #123618983 | Invoice | | | Revolution Recovery, LLC | | 2,275.00 | 0.00 | 17,135.00 |
| 5720 | 07/22/2024 | 07/24/2024 | 07/2024 | Inv #123619498 | Invoice | | | Revolution Recovery, LLC | | 820.00 | 0.00 | 17,955.00 |
| 5720 | 07/30/2024 | 08/03/2024 | 08/2024 | Inv #123620098 | Invoice | | | Revolution Recovery, LLC | | 4,160.60 | 0.00 | 22,115.60 |
| 5720 | 10/17/2024 | 10/28/2024 | 10/2024 | Inv #123626927 | Invoice | | | Revolution Recovery, LLC | | 40.00 | 0.00 | 22,155.60 |
| 5720 | 11/26/2024 | 12/02/2024 | 12/2024 | Inv #123630263 | Invoice | trash | | Revolution Recovery, LLC | | 760.00 | 0.00 | 22,915.60 |
| 5720 | 12/06/2024 | 12/10/2024 | 12/2024 | Inv #123630915 | Invoice | | | Revolution Recovery, LLC | | 1,663.60 | 0.00 | 24,579.20 |
| | | | | | | | | 5720: Trash Removal-Dumpster Rentals: | 24,579.20 | 24,579.20 | 0.00 | 24,579.20 |

**GL Account: 5810: Electric**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5810 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5810 | 01/03/2024 | 01/04/2024 | 01/2024 | Inv #Late and Trans Fee | Invoice | Late Fee and Transaction Fee | | PECO 680 OYR office (64165-22048) | | 20.75 | 0.00 | 20.75 |
| 5810 | 01/03/2024 | 01/09/2024 | 01/2024 | Inv #1034 | Invoice | | | RW Electrical LLC | | 1,204.00 | 0.00 | 1,224.75 |
| 5810 | 01/04/2024 | 01/04/2024 | 01/2024 | Inv #Late and Transaction Fees | Invoice | Late Fee and Transaction Fee | | PECO 680 OYR office 95016 | | 75.09 | 0.00 | 1,299.84 |
| 5810 | 01/04/2024 | 01/04/2024 | 01/2024 | Inv #Late Fee and Transaction Fee | Invoice | Late Fee and Transaction Fee | | PECO 680 OYR office (64165-22048) | | 16.12 | 0.00 | 1,315.96 |
| 5810 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR Ste 101 (1344413000) | | 79.37 | 0.00 | 1,395.33 |
| 5810 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR STE 80 (0735997000) | | 236.27 | 0.00 | 1,631.60 |
| 5810 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR Ste 210 (4621340100) | | 214.97 | 0.00 | 1,846.57 |
| 5810 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 610 OYR Ste 400 (2701844000) | | 1,396.71 | 0.00 | 3,243.28 |
| 5810 | 11/18/2024 | 11/25/2024 | 11/2024 | Inv #11182024 | Invoice | Peco | | PECO 660 OYR (6578467000) | | 134.16 | 0.00 | 3,377.44 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 3/21/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (42.07) | 3,335.37 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/19/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (300.57) | 3,034.80 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/28/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (5.95) | 3,028.85 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 5/18/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (276.05) | 2,752.80 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/10/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (5.95) | 2,746.85 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/22/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (447.94) | 2,298.91 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 7/19/2022-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (474.00) | 1,824.91 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #032023-CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (465.14) | 1,359.77 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #011923-CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (606.16) | 753.61 |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121622-CM | Invoice | Electric | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (187.84) | 565.77 |

Appx981

GL Details                                                                                                                                                          Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #45424-66048 81722- CM | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (2,188.95) | (1,623.18) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 7/19/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (2,057.47) | (3,680.65) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/17/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,617.29) | (5,297.94) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 5/18/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,131.91) | (6,429.85) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/19/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,175.44) | (7,605.29) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 3/21/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,209.93) | (8,815.22) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 2/18/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,156.37) | (9,971.59) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 1/20/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (1,188.04) | (11,159.63) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 1/13/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (11,165.58) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #Convenience Fee- CM | Invoice | | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (11,171.53) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/28/2022.2- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (11,177.48) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/1/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (11,183.43) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 6/10/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (11,189.38) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 7/22/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (11,195.33) |
| 5810 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #QB 4/28/2022- CM | Invoice | Electric | | PECO 610 OYR Ste 400 (2701844000) | | 0.00 | (5.95) | (11,201.28) |
| 5810 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 101 (1344413000) | | 79.65 | 0.00 | (11,121.63) |
| 5810 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 210 (4621340100) | | 154.74 | 0.00 | (10,966.89) |
| 5810 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 310 (5869596000) | | 76.83 | 0.00 | (10,890.06) |
| 5810 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR Ste 400 (2701844000) | | 1,293.27 | 0.00 | (9,596.79) |
| 5810 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 610 OYR STE 80 (0735997000) | | 363.36 | 0.00 | (9,233.43) |
| 5810 | 12/17/2024 | 12/27/2024 | 12/2024 | Inv #121724 | Invoice | Peco | | PECO 660 OYR (6578467000) | | 207.31 | 0.00 | (9,026.12) |
| 5810 | 12/23/2024 | 12/27/2024 | 12/2024 | Inv #12-23-24 | Invoice | Peco | | PECO 610 OYR Hse Mtr (4964862000) | | 5,900.87 | 0.00 | (3,125.25) |
| | | | | | | | | 5810: Electric: | (3,125.25) | 11,453.47 | (14,578.72) | (3,125.25) |

**GL Account: 5820: Gas**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5820 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5820 | 11/26/2024 | 11/26/2024 | 11/2024 | Inv #111924 | Invoice | | | PECO 610 OYR Ownr Gas (6532703000) | | 32.09 | 0.00 | 32.09 |
| 5820 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #121622- CM | Invoice | Gas | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (311.58) | (279.49) |
| | | | | | | | | 5820: Gas: | (279.49) | 32.09 | (311.58) | (279.49) |

**GL Account: 5830: Water**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5830 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 5830 | 01/16/2024 | 01/30/2024 | 02/2024 | Inv #011624 | Invoice | | | Aqua 0279893 | | 248.86 | 0.00 | 248.86 |
| 5830 | 01/16/2024 | 02/20/2024 | 02/2024 | Inv #011624 | Invoice | | | Aqua 0277244 | | 417.95 | 0.00 | 666.81 |
| 5830 | 01/16/2024 | 01/30/2024 | 05/2024 | Inv #011624 | Invoice | | | Aqua 0279895 | | 248.86 | 0.00 | 915.67 |
| 5830 | 01/16/2024 | 05/10/2024 | 05/2024 | Inv #011624 | Invoice | | | Aqua 0277390 | | 1,505.33 | 0.00 | 2,421.00 |
| 5830 | 02/13/2024 | 02/19/2024 | 02/2024 | Inv #021324 | Invoice | | | Aqua 0277244 | | 436.90 | 0.00 | 2,857.90 |
| 5830 | 02/13/2024 | 02/19/2024 | 03/2024 | Inv #021324 | Invoice | | | Aqua 0279893 | | 248.86 | 0.00 | 3,106.76 |
| 5830 | 02/13/2024 | 02/19/2024 | 05/2024 | Inv #021324 | Invoice | | | Aqua 0279895 | | 248.86 | 0.00 | 3,355.62 |
| 5830 | 02/13/2024 | 05/10/2024 | 05/2024 | Inv #021324 | Invoice | | | Aqua 0277390 | | 1,540.43 | 0.00 | 4,896.05 |
| 5830 | 02/23/2024 | 03/27/2024 | 03/2024 | Inv #022324 Trans Fee and Adjustments | Invoice | | | Aqua 0277244 | | 3.27 | 0.00 | 4,899.32 |
| 5830 | 03/01/2024 | 03/06/2024 | 03/2024 | Inv #03Q4601 | Invoice | | | Klenzoid Water Treatment | | 1,302.93 | 0.00 | 6,202.25 |
| 5830 | 03/06/2024 | 03/27/2024 | 03/2024 | Inv #Jan Trans Fee | Invoice | Transaction Fees | | Aqua 0277390 | | 1.95 | 0.00 | 6,204.20 |
| 5830 | 03/14/2024 | 03/25/2024 | 03/2024 | Inv #031424 | Invoice | | | Aqua 0279893 | | 248.86 | 0.00 | 6,453.06 |

GL Details    Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5830 | 03/14/2024 | 03/25/2024 | 05/2024 | Inv #031424 | Invoice | | | Aqua 0279895 | | 248.86 | 0.00 | 6,701.92 |
| 5830 | 03/14/2024 | 05/10/2024 | 05/2024 | Inv #031424 | Invoice | | | Aqua 0277390 | | 1,839.49 | 0.00 | 8,541.41 |
| 5830 | 03/14/2024 | 05/10/2024 | 05/2024 | Inv #March Trans Fee | Invoice | | | Aqua 0277390 | | 1.95 | 0.00 | 8,543.36 |
| 5830 | 03/14/2024 | 05/13/2024 | 05/2024 | Inv #031424 | Invoice | | | Aqua 0277244 | | 479.59 | 0.00 | 9,022.95 |
| 5830 | 03/25/2024 | 03/27/2024 | 03/2024 | Inv #032524 Trans Fee | Invoice | | | Aqua 0279893 | | 1.95 | 0.00 | 9,024.90 |
| 5830 | 03/25/2024 | 03/27/2024 | 03/2024 | Inv #Feb Trans Fee | Invoice | Transaction Fees | | Aqua 0277390 | | 1.95 | 0.00 | 9,026.85 |
| 5830 | 04/11/2024 | 04/16/2024 | 04/2024 | Inv #041124 | Invoice | | | Aqua 0277390 | | 1,710.91 | 0.00 | 10,737.76 |
| 5830 | 04/11/2024 | 04/16/2024 | 05/2024 | Inv #041124 | Invoice | | | Aqua 0279893 | | 251.36 | 0.00 | 10,989.12 |
| 5830 | 04/11/2024 | 04/16/2024 | 05/2024 | Inv #041124 | Invoice | | | Aqua 0279895 | | 251.36 | 0.00 | 11,240.48 |
| 5830 | 04/11/2024 | 05/13/2024 | 05/2024 | Inv #041124 | Invoice | | | Aqua 0277244 | | 456.65 | 0.00 | 11,697.13 |
| 5830 | 05/14/2024 | 05/24/2024 | 05/2024 | Inv #051424 | Invoice | | | Aqua 0277244 | | 641.04 | 0.00 | 12,338.17 |
| 5830 | 05/14/2024 | 05/24/2024 | 05/2024 | Inv #051424 | Invoice | | | Aqua 0277390 | | 2,289.12 | 0.00 | 14,627.29 |
| 5830 | 05/14/2024 | 05/24/2024 | 07/2024 | Inv #051424 | Invoice | | | Aqua 0279893 | | 251.36 | 0.00 | 14,878.65 |
| 5830 | 05/14/2024 | 05/24/2024 | 07/2024 | Inv #051424 | Invoice | | | Aqua 0279895 | | 251.36 | 0.00 | 15,130.01 |
| 5830 | 06/01/2024 | 06/10/2024 | 06/2024 | Inv #03Q4672 | Invoice | | | Klenzoid Water Treatment | | 1,302.93 | 0.00 | 16,432.94 |
| 5830 | 06/14/2024 | 09/12/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0279895 | | 250.61 | 0.00 | 16,683.55 |
| 5830 | 06/14/2024 | 09/13/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0277390 | | 3,202.56 | 0.00 | 19,886.11 |
| 5830 | 06/14/2024 | 09/13/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0277244 | | 575.31 | 0.00 | 20,461.42 |
| 5830 | 06/14/2024 | 09/13/2024 | 09/2024 | Inv #061424 | Invoice | | | Aqua 0279893 | | 250.61 | 0.00 | 20,712.03 |
| 5830 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0277390 | | 3,288.94 | 0.00 | 24,000.97 |
| 5830 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0279895 | | 253.77 | 0.00 | 24,254.74 |
| 5830 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0277244 | | 696.19 | 0.00 | 24,950.93 |
| 5830 | 07/12/2024 | 09/23/2024 | 09/2024 | Inv #071224 | Invoice | | | Aqua 0279893 | | 253.77 | 0.00 | 25,204.70 |
| 5830 | 08/14/2024 | 08/29/2024 | 08/2024 | Inv #081424 | Invoice | | | Aqua 0277244 | | 478.76 | 0.00 | 25,683.46 |
| 5830 | 08/14/2024 | 08/29/2024 | 08/2024 | Inv #081424 | Invoice | | | Aqua 0277390 | | 4,971.94 | 0.00 | 30,655.40 |
| 5830 | 08/14/2024 | 08/29/2024 | 10/2024 | Inv #081424 | Invoice | | | Aqua 0279895 | | 253.02 | 0.00 | 30,908.42 |
| 5830 | 08/14/2024 | 08/29/2024 | 10/2024 | Inv #081424 | Invoice | | | Aqua 0279893 | | 253.02 | 0.00 | 31,161.44 |
| 5830 | 09/01/2024 | 09/10/2024 | 09/2024 | Inv #03Q4750 | Invoice | | | Klenzoid Water Treatment | | 1,302.93 | 0.00 | 32,464.37 |
| 5830 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0277390 | | 2,998.78 | 0.00 | 35,463.15 |
| 5830 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0277244 | | 433.96 | 0.00 | 35,897.11 |
| 5830 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0279895 | | 253.02 | 0.00 | 36,150.13 |
| 5830 | 09/13/2024 | 09/20/2024 | 09/2024 | Inv #091324 | Invoice | | | Aqua 0279893 | | 253.02 | 0.00 | 36,403.15 |
| 5830 | 10/15/2024 | 10/21/2024 | 10/2024 | Inv #101524 | Invoice | | | Aqua 0277244 | | 409.05 | 0.00 | 36,812.20 |
| 5830 | 10/15/2024 | 10/21/2024 | 11/2024 | Inv #101524 | Invoice | | | Aqua 0279893 | | 256.67 | 0.00 | 37,068.87 |
| 5830 | 10/15/2024 | 10/21/2024 | 11/2024 | Inv #101524 | Invoice | | | Aqua 0279895 | | 256.67 | 0.00 | 37,325.54 |
| 5830 | 10/15/2024 | 11/12/2024 | 11/2024 | Inv #101524 | Invoice | | | Aqua 0277390 | | 2,930.93 | 0.00 | 40,256.47 |
| 5830 | 11/13/2024 | 12/12/2024 | 11/2024 | Inv #112024 | Invoice | | | Aqua 0277244 | | 402.56 | 0.00 | 40,659.03 |
| 5830 | 11/13/2024 | 12/12/2024 | 11/2024 | Inv #112024 | Invoice | | | Aqua 0277390 | | 2,215.70 | 0.00 | 42,874.73 |
| 5830 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0279895 | | 256.67 | 0.00 | 43,131.40 |
| 5830 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0277244 | | 402.56 | 0.00 | 43,533.96 |
| 5830 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0277390 | | 2,215.70 | 0.00 | 45,749.66 |
| 5830 | 11/14/2024 | 11/25/2024 | 11/2024 | Inv #11142024 | Invoice | water | | Aqua 0279893 | | 256.67 | 0.00 | 46,006.33 |
| 5830 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #121324 | Invoice | aqua | | Aqua 0277244 | | 792.13 | 0.00 | 46,798.46 |
| 5830 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #121924 | Invoice | aqua | | Aqua 0279895 | | 513.34 | 0.00 | 47,311.80 |
| 5830 | 12/13/2024 | 12/19/2024 | 12/2024 | Inv #121924 | Invoice | aqua | | Aqua 0279893 | | 513.34 | 0.00 | 47,825.14 |
| 5830 | 12/13/2024 | 12/24/2024 | 12/2024 | Inv #121324 | Invoice | aqua | | Aqua 0277390 | | 1,458.53 | 0.00 | 49,283.67 |
| | | | | | | | | 5830: Water: | 49,283.67 | 49,283.67 | 0.00 | 49,283.67 |

**GL Account: 7000: Other Income**

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7000 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 7000 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement (Transaction #460084124) | AR Charge | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (2,526.95) |
| 7000 | 01/01/2024 | 01/01/2024 | 01/2024 | Other Reimbursement (Transaction #460084104) | AR Charge | Monthly Other Reimbursement Posted from 01/01/2024 to 01/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (3,885.10) |
| 7000 | 01/01/2024 | 03/29/2024 | 01/2024 | Account Adjustment (Transaction #460141242) | AR Charge | Other Taxes - 2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (1,446.72) | (5,331.82) |
| 7000 | 01/09/2024 | 01/09/2024 | 01/2024 | Other Reimbursement (Transaction #460094547) | AR Charge | WATER 0124 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,687.63) | (7,019.45) |
| 7000 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement (Transaction #460104221) | AR Charge | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (9,546.40) |
| 7000 | 02/01/2024 | 02/01/2024 | 02/2024 | Other Reimbursement (Transaction #460104224) | AR Charge | Monthly Other Reimbursement Posted from 02/01/2024 to 02/29/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (10,904.55) |
| 7000 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement (Transaction #460122862) | AR Charge | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (13,431.50) |
| 7000 | 03/01/2024 | 03/01/2024 | 03/2024 | Other Reimbursement (Transaction #460122888) | AR Charge | Monthly Other Reimbursement Posted from 03/01/2024 to 03/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (14,789.65) |
| 7000 | 03/26/2024 | 03/26/2024 | 03/2024 | Tenant Damages (Transaction #460139607) | AR Charge | Damage to front door | Main Building-150 | Outback Steakhouse | | 0.00 | (9,187.30) | (23,976.95) |

**GL Details**     Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7000 | 03/26/2024 | 03/26/2024 | 03/2024 | Key/FOBS (Transaction #460139640) | AR Charge | | Main Building-107 | Loanbility | | 0.00 | (25.00) | (24,001.95) |
| 7000 | 04/01/2024 | 04/01/2024 | 04/2024 | Other Reimbursement (Transaction #460142463) | AR Charge | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (25,360.10) |
| 7000 | 04/01/2024 | 04/01/2024 | 04/2024 | Other Reimbursement (Transaction #460142477) | AR Charge | Monthly Other Reimbursement Posted from 04/01/2024 to 04/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (27,887.05) |
| 7000 | 05/01/2024 | 05/01/2024 | 05/2024 | Other Reimbursement (Transaction #460165885) | AR Charge | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (29,245.20) |
| 7000 | 05/01/2024 | 05/01/2024 | 05/2024 | Other Reimbursement (Transaction #460165886) | AR Charge | Monthly Other Reimbursement Posted from 05/01/2024 to 05/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (31,772.15) |
| 7000 | 05/15/2024 | 05/15/2024 | 05/2024 | Tenant Damages (Transaction #460180470) | AR Charge | Environmental Testing | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,480.00) | (33,252.15) |
| 7000 | 05/16/2024 | 05/16/2024 | 05/2024 | Tenant Damages (Transaction #460180684) | AR Charge | | Main Building-150 | Outback Steakhouse | | 0.00 | (2,300.00) | (35,552.15) |
| 7000 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement (Transaction #460186555) | AR Charge | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (36,910.30) |
| 7000 | 06/01/2024 | 06/01/2024 | 06/2024 | Other Reimbursement (Transaction #460186579) | AR Charge | Monthly Other Reimbursement Posted from 06/01/2024 to 06/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (39,437.25) |
| 7000 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement (Transaction #460206859) | AR Charge | Monthly Other Reimbursement Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (40,795.40) |
| 7000 | 07/01/2024 | 07/01/2024 | 07/2024 | Other Reimbursement (Transaction #460206877) | AR Charge | Monthly Other Reimbursement Posted from 07/01/2024 to 07/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (43,322.35) |
| 7000 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement (Transaction #460224595) | AR Charge | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (44,680.50) |
| 7000 | 08/01/2024 | 08/01/2024 | 08/2024 | Other Reimbursement (Transaction #460224597) | AR Charge | Monthly Other Reimbursement Posted from 08/01/2024 to 08/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (47,207.45) |
| 7000 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement (Transaction #460246098) | AR Charge | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (49,734.40) |
| 7000 | 09/01/2024 | 09/01/2024 | 09/2024 | Other Reimbursement (Transaction #460246102) | AR Charge | Monthly Other Reimbursement Posted from 09/01/2024 to 09/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (51,092.55) |
| 7000 | 09/09/2024 | 09/09/2024 | 09/2024 | Other Reimbursement (Transaction #460257235) | AR Charge | work requested by Toni | Main Building-100 | SSS Education Jersey College | | 0.00 | (375.00) | (51,467.55) |
| 7000 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement (Transaction #460268867) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (1,554.18) | (53,021.73) |
| 7000 | 09/27/2024 | 09/27/2024 | 09/2024 | Other Reimbursement (Transaction #460268868) | AR Charge | ELECTRIC | Main Building-Roof | Metro PCS | | 0.00 | (275.40) | (53,297.13) |
| 7000 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement (Transaction #460270638) | AR Charge | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (54,655.28) |
| 7000 | 10/01/2024 | 10/01/2024 | 10/2024 | Other Reimbursement (Transaction #460270640) | AR Charge | Monthly Other Reimbursement Posted from 10/01/2024 to 10/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (57,182.23) |
| 7000 | 10/15/2024 | 10/15/2024 | 10/2024 | Other Reimbursement (Transaction #460283754) | AR Charge | T skipped-less than 24hour notice given | North Court-668 | LUV2KNIT & More | | 7,498.74 | 0.00 | (49,683.49) |
| 7000 | 10/15/2024 | 10/15/2024 | 10/2024 | Other Reimbursement (Transaction #460283755) | AR Charge | Reversal of transaction ID:460283754 | North Court-668 | LUV2KNIT & More | | 0.00 | (7,498.74) | (57,182.23) |
| 7000 | 10/15/2024 | 10/15/2024 | 10/2024 | Other Reimbursement (Transaction #460283756) | AR Charge | | North Court-668 | LUV2KNIT & More | | 7,498.71 | 0.00 | (49,683.52) |
| 7000 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2373 - REFUND | General Journal Entry | REFUND-MONT CNTY RE TX | | | | 0.00 | (74,207.05) | (123,890.57) |
| 7000 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2374 - REFUND | General Journal Entry | REFUND-MONT CNTY RE TX 2018/23MC | | | | 0.00 | (8,057.38) | (131,947.95) |
| 7000 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2375 - REFUND | General Journal Entry | REFUND-RE SD OF JENK | | | | 0.00 | (116,066.38) | (248,014.33) |
| 7000 | 10/23/2024 | 10/24/2024 | 10/2024 | JE #2376 - REIMB | General Journal Entry | REIMB-JERSEY COLLEGE | | | | 0.00 | (375.00) | (248,389.33) |

Appx984

GL Details     Property: Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7000 | 10/28/2024 | 10/28/2024 | 10/2024 | Other Reimbursement (Transaction #460289742) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (1,400.76) | (249,790.09) |
| 7000 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement (Transaction #460291792) | AR Charge | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (251,148.24) |
| 7000 | 11/01/2024 | 11/01/2024 | 11/2024 | Other Reimbursement (Transaction #460291796) | AR Charge | Monthly Other Reimbursement Posted from 11/01/2024 to 11/30/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (253,675.19) |
| 7000 | 11/04/2024 | 11/04/2024 | 11/2024 | Other Reimbursement (Transaction #460293668) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (150.00) | (253,825.19) |
| 7000 | 11/07/2024 | 11/07/2024 | 11/2024 | Tenant Damages (Transaction #460301280) | AR Charge | | Main Building-100 | SSS Education Jersey College | | 0.00 | (159.51) | (253,984.70) |
| 7000 | 11/07/2024 | 11/07/2024 | 11/2024 | Tenant Damages (Transaction #460301281) | AR Charge | | Main Building-225 | Bethany Christian Services | | 0.00 | (150.00) | (254,134.70) |
| 7000 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement (Transaction #460308030) | AR Charge | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (1,358.15) | (255,492.85) |
| 7000 | 12/01/2024 | 12/01/2024 | 12/2024 | Other Reimbursement (Transaction #460308039) | AR Charge | Monthly Other Reimbursement Posted from 12/01/2024 to 12/31/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (2,526.95) | (258,019.80) |
| 7000 | 12/20/2024 | 12/20/2024 | 12/2024 | Tenant Damages (Transaction #460324075) | AR Charge | Zoom charges 6/1/23 to 9/2024 | Main Building-150 | Outback Steakhouse | | 0.00 | (21,644.30) | (279,664.10) |
| 7000 | 12/26/2024 | 01/15/2025 | 12/2024 | Tenant Damages (Transaction #460335020) | AR Charge | Reversal of transaction ID:460324075 - incorrect posting | Main Building-150 | Outback Steakhouse | | 21,644.30 | 0.00 | (258,019.80) |
| 7000 | 12/29/2024 | 01/15/2025 | 12/2024 | Tenant Damages (Transaction #460335560) | AR Charge | Plumbing and Grease Damages | Main Building-150 | Outback Steakhouse | | 0.00 | (21,644.30) | (279,664.10) |
| | | | | | | | | 7000: Other Income: | (279,664.10) | 36,641.75 | (316,305.85) | (279,664.10) |

GL Account: 7005: CAM

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7005 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 7005 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084100) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (1,104.97) |
| 7005 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084121) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | (3,642.46) |
| 7005 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084123) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (4,642.71) |
| 7005 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084092) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | (5,719.68) |
| 7005 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084110) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (5,933.60) |
| 7005 | 01/01/2024 | 01/01/2024 | 01/2024 | CAM (Transaction #460084115) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (6,186.64) |
| 7005 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156597) | AR Charge | Reversal of transaction ID:460084121 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | (3,649.15) |
| 7005 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156598) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | (5,817.62) |
| 7005 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156605) | AR Charge | Reversal of transaction ID:460084092 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (4,740.65) |
| 7005 | 01/01/2024 | 04/11/2024 | 01/2024 | CAM (Transaction #460156606) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (5,292.27) |
| 7005 | 01/01/2024 | 04/22/2024 | 01/2024 | CAM (Transaction #460161172) | AR Charge | Reversal of transaction ID:460156598 - Incorrect amounts | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (3,123.80) |
| 7005 | 01/01/2024 | 11/27/2024 | 01/2024 | CAM (Transaction #460306582) | AR Charge | CAM FINAL ADJUSTMENT | Main Building-250 | Temple Health Call Center | | 0.00 | (25,358.43) | (28,482.23) |
| 7005 | 01/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161482) | AR Charge | Monthly CAM Posted from 01/01/2024 to 01/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (29,015.75) |
| 7005 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104193) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (30,120.72) |
| 7005 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104198) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (30,373.76) |
| 7005 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104203) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (31,374.01) |
| 7005 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104212) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (31,587.93) |
| 7005 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104213) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | (32,664.90) |

Appx985

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7005 | 02/01/2024 | 02/01/2024 | 02/2024 | CAM (Transaction #460104215) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | (35,202.39) |
| 7005 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156599) | AR Charge | Reversal of transaction ID:460104215 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | (32,664.90) |
| 7005 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156600) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | (34,833.37) |
| 7005 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156607) | AR Charge | Reversal of transaction ID:460104213 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (33,756.40) |
| 7005 | 02/01/2024 | 04/11/2024 | 02/2024 | CAM (Transaction #460156608) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (34,308.02) |
| 7005 | 02/01/2024 | 04/22/2024 | 02/2024 | CAM (Transaction #460161173) | AR Charge | Reversal of transaction ID:460156600 - Incorrect amounts | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (32,139.55) |
| 7005 | 02/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161481) | AR Charge | Monthly CAM Posted from 02/01/2024 to 02/29/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (32,673.07) |
| 7005 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122861) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (33,673.32) |
| 7005 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122865) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (34,778.29) |
| 7005 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122887) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | (35,855.26) |
| 7005 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122876) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (36,069.18) |
| 7005 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122881) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (36,322.22) |
| 7005 | 03/01/2024 | 03/01/2024 | 03/2024 | CAM (Transaction #460122884) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | (38,859.71) |
| 7005 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156601) | AR Charge | Reversal of transaction ID:460122884 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | (36,322.22) |
| 7005 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156602) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | (38,490.69) |
| 7005 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156609) | AR Charge | Reversal of transaction ID:460122887 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (37,413.72) |
| 7005 | 03/01/2024 | 04/11/2024 | 03/2024 | CAM (Transaction #460156610) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (37,965.34) |
| 7005 | 03/01/2024 | 04/22/2024 | 03/2024 | CAM (Transaction #460161174) | AR Charge | Reversal of transaction ID:460156602 - Incorrect amounts | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (35,796.87) |
| 7005 | 03/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161483) | AR Charge | Monthly CAM Posted from 03/01/2024 to 03/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (36,330.39) |
| 7005 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142466) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (36,544.31) |
| 7005 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142470) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (37,649.28) |
| 7005 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142471) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (1,076.97) | (38,726.25) |
| 7005 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142482) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (38,979.29) |
| 7005 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142483) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (2,537.49) | (41,516.78) |
| 7005 | 04/01/2024 | 04/01/2024 | 04/2024 | CAM (Transaction #460142484) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (42,517.03) |
| 7005 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156603) | AR Charge | Reversal of transaction ID:460142483 | Main Building-250 | Temple Health Call Center | | 2,537.49 | 0.00 | (39,979.54) |
| 7005 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156604) | AR Charge | | Main Building-250 | Temple Health Call Center | | 0.00 | (2,168.47) | (42,148.01) |
| 7005 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156611) | AR Charge | Reversal of transaction ID:460142471 | North Court-680-A,A | Temple Health FCCC | | 1,076.97 | 0.00 | (41,071.04) |
| 7005 | 04/01/2024 | 04/11/2024 | 04/2024 | CAM (Transaction #460156612) | AR Charge | | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (41,622.66) |
| 7005 | 04/01/2024 | 04/22/2024 | 04/2024 | CAM (Transaction #460161175) | AR Charge | Reversal of transaction ID:460156604 - Incorrect amounts | Main Building-250 | Temple Health Call Center | | 2,168.47 | 0.00 | (39,454.19) |
| 7005 | 04/01/2024 | 04/23/2024 | 04/2024 | CAM (Transaction #460161480) | AR Charge | Monthly CAM Posted from 04/01/2024 to 04/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (39,987.71) |
| 7005 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165887) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (40,539.33) |
| 7005 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165905) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (41,072.85) |

GL Details                                                                                                                                      Property:Jenkins Court

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7005 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165908) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (41,325.89) |
| 7005 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165909) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (42,326.14) |
| 7005 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165878) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (42,540.06) |
| 7005 | 05/01/2024 | 05/01/2024 | 05/2024 | CAM (Transaction #460165907) | AR Charge | Monthly CAM Posted from 05/01/2024 to 05/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (43,645.03) |
| 7005 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186561) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (44,196.65) |
| 7005 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186575) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (44,410.57) |
| 7005 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186576) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (44,663.61) |
| 7005 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186577) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (45,197.13) |
| 7005 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186580) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (46,302.10) |
| 7005 | 06/01/2024 | 06/01/2024 | 06/2024 | CAM (Transaction #460186557) | AR Charge | Monthly CAM Posted from 06/01/2024 to 06/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (47,302.35) |
| 7005 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206857) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (47,853.97) |
| 7005 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206860) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (48,854.22) |
| 7005 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206864) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (49,107.26) |
| 7005 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206867) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (49,321.18) |
| 7005 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206878) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (49,854.70) |
| 7005 | 07/01/2024 | 07/01/2024 | 07/2024 | CAM (Transaction #460206880) | AR Charge | Monthly CAM Posted from 07/01/2024 to 07/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (50,959.67) |
| 7005 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224576) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (51,212.71) |
| 7005 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224577) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (51,764.33) |
| 7005 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224580) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (52,764.58) |
| 7005 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224586) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (52,978.50) |
| 7005 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224589) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (53,512.02) |
| 7005 | 08/01/2024 | 08/01/2024 | 08/2024 | CAM (Transaction #460224592) | AR Charge | Monthly CAM Posted from 08/01/2024 to 08/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (54,616.99) |
| 7005 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246089) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (54,870.03) |
| 7005 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246092) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (55,421.65) |
| 7005 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246096) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (56,421.90) |
| 7005 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246083) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (56,955.42) |
| 7005 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246104) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (58,060.39) |
| 7005 | 09/01/2024 | 09/01/2024 | 09/2024 | CAM (Transaction #460246107) | AR Charge | Monthly CAM Posted from 09/01/2024 to 09/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (58,274.31) |
| 7005 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270665) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (58,488.23) |
| 7005 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270636) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-680-A,A | Temple Health FCCC | | 0.00 | (551.62) | (59,039.85) |
| 7005 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270637) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (59,292.89) |
| 7005 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270639) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (60,293.14) |

| Account | Transaction Date | Post Date | Post Month | Reference | Transaction Type | Memo/Note | BLDG-Unit | Resident/Vendor | Net Change | Debit | Credit | Balance |
|---------|------------------|-----------|------------|-----------|------------------|-----------|-----------|-----------------|------------|-------|--------|---------|
| 7005 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270645) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (60,826.66) |
| 7005 | 10/01/2024 | 10/01/2024 | 10/2024 | CAM (Transaction #460270654) | AR Charge | Monthly CAM Posted from 10/01/2024 to 10/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (61,931.63) |
| 7005 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291809) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (63,036.60) |
| 7005 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291780) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (63,289.64) |
| 7005 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291789) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (63,823.16) |
| 7005 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291791) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (64,037.08) |
| 7005 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291793) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-680-AA | Temple Health FCCC | | 0.00 | (551.62) | (64,588.70) |
| 7005 | 11/01/2024 | 11/01/2024 | 11/2024 | CAM (Transaction #460291801) | AR Charge | Monthly CAM Posted from 11/01/2024 to 11/30/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (65,588.95) |
| 7005 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308027) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-G100 | Jenkins Storage | | 0.00 | (1,104.97) | (66,693.92) |
| 7005 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308028) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-670 | Dr. Mark Kress | | 0.00 | (213.92) | (66,907.84) |
| 7005 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308032) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-100 | SSS Education Jersey College | | 0.00 | (253.04) | (67,160.88) |
| 7005 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308037) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-680-AA | Temple Health FCCC | | 0.00 | (551.62) | (67,712.50) |
| 7005 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308053) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | North Court-640 | Helping Hands Family | | 0.00 | (1,000.25) | (68,712.75) |
| 7005 | 12/01/2024 | 12/01/2024 | 12/2024 | CAM (Transaction #460308051) | AR Charge | Monthly CAM Posted from 12/01/2024 to 12/31/2024 | Main Building-250 | Temple Health Call Center | | 0.00 | (533.52) | (69,246.27) |
| | | | | | | | | 7005: CAM: | (69,246.27) | 23,131.72 | (92,377.99) | (69,246.27) |
| **GL Account: 7010: Account Adjustment** | | | | | | | | | | | | |
| 7010 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 7010 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #000111 | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 49.71 | 0.00 | 49.71 |
| 7010 | 12/10/2024 | 12/10/2024 | 12/2024 | Inv #000111-CM | Invoice | | | PECO 610 OYR STE 80 (0735997000) | | 0.00 | (49.71) | 0.00 |
| | | | | | | | | 7010: Account Adjustment: | 0.00 | 49.71 | (49.71) | 0.00 |
| **GL Account: 7020: Operating Expenses** | | | | | | | | | | | | |
| 7020 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 7020 | 11/20/2024 | 11/20/2024 | 11/2024 | Operating Expenses (Transaction #460304701) | AR Charge | WATER | Main Building-150 | Outback Steakhouse | | 0.00 | (1,664.01) | (1,664.01) |
| | | | | | | | | 7020: Operating Expenses: | (1,664.01) | 0.00 | (1,664.01) | (1,664.01) |
| **GL Account: 8000: Other Expenses** | | | | | | | | | | | | |
| 8000 | | | | | Beginning Balance | | | | | 0.00 | 0.00 | 0.00 |
| 8000 | 04/05/2024 | 04/05/2024 | 04/2024 | JE #2286 - SI-22134 | General Journal Entry | URI - Flood - Invoice payment applied to RB acct on new invoice for payment | | | | 10,000.00 | 0.00 | 10,000.00 |
| 8000 | 04/05/2024 | 04/05/2024 | 04/2024 | Inv #Payment S1-22134 | Invoice | Jenkins Flood | | Unlimited Restoration Specialists Inc | | 10,533.59 | 0.00 | 20,533.59 |
| | | | | | | | | 8000: Other Expenses: | 20,533.59 | 20,533.59 | 0.00 | 20,533.59 |
| | | | | | | | | Total: | | 20,018,882.02 | (20,018,882.02) | 0.00 |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

**AFFIDAVIT OF PHILIP PULLEY ON BEHALF OF DEFENDANT**

Philip Pulley, by and through his counsel Ciardi Ciardi & Astin, hereby states under oath as follows:

1.    I am an Officer of Old Jenkins Corporation which is an authorized representative for the above-named Defendant, Jenkins Court Realty Co., LP ("Jenkins").

2.    The Defendant's Responses to the May 12, 2025 Order are true and correct under penalty of perjury.


___/s/ Philip Pulley_____
Philip Pulley

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | |
| | : | CIVIL ACTION |
| ICON PSG 1 FL, LLC, | : | |
| | : | No.: 2:25-cv-44 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JENKINS COURT REALTY CO., LP. | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, Albert A. Ciardi, III, Esquire, hereby caused on this 16th day of May, 2025, a true and correct copy of ***Defendant's Response May 12, 2025 Order*** was served via electronic case filing (ecf) and United States first class mail, postage prepaid upon the following:

Raymond A. Quaglia, Esquire
Brian N. Kearney, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
quaglia@ballardspahr.com
kearneyb@ballardspahr.com
***Counsel to Plaintiff, ICON PSG 1 FL, LLC***

**CIARDI CIARDI & ASTIN**

By:   ***/s/ Albert A. Ciardi, III***
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
aciardil@ciardilaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

<u>**REQUEST FOR ENTRY OF DEFAULT JUDGMENT**</u>

**TO THE CLERK OF COURT**

Pursuant to Fed R. Civ. P. 55(b)(1), please enter a default judgment in favor of Plaintiff, ICON PSG 1 FL, LLC and against Defendant, Jenkins Court Realty Co., L.P., in the amount of **$22,056,659.26**, plus additional interest that is to accrue on such amount at the rate of **$13,199.27** per day beginning on May 28, 2025.  The bases for the requested default judgment are set forth in the Declaration of Gleb Epelbaum, Esquire and the Declaration of Cameron Lawson, both filed contemporaneously herewith.

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  May 27, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

**DECLARATION OF GLEB EPELBAUM, ESQUIRE**
**IN SUPPORT OF THE REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

Pursuant to 28 U.S.C. § 1746, Gleb Epelbaum, Esquire hereby declares as follows:

1.      I am over eighteen years of age, of sound mind, and otherwise competent to make this Declaration. The facts set out herein are based on my personal knowledge.

2.      I am counsel of record for Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff").

3.      I make this Declaration in support of the Request for Entry of Default Judgment filed by Plaintiff contemporaneously herewith (the "Default Judgment Request").

4.      This foreclosure action was commenced pursuant to the Complaint in Mortgage Foreclosure that was filed by Plaintiff on January 6, 2025 [ECF No. 1] (the "Complaint").

5.      In the Complaint, Plaintiff sought a foreclosure judgment against Defendant, Jenkins Court Realty Co., L.P. ("Defendant") in the amount of $20,456,811.14—the amount due to Plaintiff under the applicable loan documents at the time of the filing of the Complaint—plus, *inter alia*, contractual interest that would continue to accrue on such amount.[1]

---

[1] In the Complaint, Plaintiff also sought reasonable legal fees and costs authorized under the loan documents. Such legal fees and costs are not being included in this Default Judgment Request in light of the ongoing receivership proceedings. Plaintiff intends to seek such legal fees and costs at the appropriate later stage of these proceedings by way of a motion with the Court.

1

6.      The Summons was issued by the Court on January 6, 2025 [ECF No. 4].

7.      Copies of the Complaint, the Summons, the Notice of a Lawsuit and Request to Waive Service of a Summons, and the Waiver of the Service of Summons were sent to counsel of record for Defendant on January 9, 2025.

8.      Defendant's counsel executed the Waiver of the Service of Summons on behalf of Defendant, which was then filed on January 15, 2025 [ECF No. 6].

9.      Per Fed. R. Civ. P. 4(d), Defendant had until March 10, 2025 to file an answer or otherwise move with respect to the Complaint, which time was not extended.

10.      Because Defendant did not file an answer or otherwise moved with respect to the Complaint within the time set forth in Fed. R. Civ. P. 4(d), Plaintiff filed a Request for Entry of Default on March 12, 2025 [ECF No. 15].

11.      On March 13, 2025, the Clerk of Court entered a default against Defendant [ECF No. 16] (the "Default").

12.      On March 13, 2025, Defendant filed the Motion to Set Aside Default and Permit Answer [ECF No. 17] (the "Default Set Aside Motion").

13.      On May 2, 2025, the Court issued a Memorandum [ECF No. 25] and an Order [ECF No. 26], denying the Default Set Aside Motion and keeping the Default in place.

14.      Defendant is not an individual and, therefore, not a minor, incompetent person, or a member of a military.

15.      The default judgment being sought in the Default Judgment Request is comprised of the amount set forth in the Complaint, plus the contractual interest that has accrued under the loan documents, as more particularly set forth in the Declaration of Cameron Lawson filed contemporaneously herewith.

2

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on: May 27, 2025

_____

Gleb Epelbaum, Esquire

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JENKINS COURT REALTY CO., L.P.,<br><br>Defendant. | CIVIL ACTION<br><br>NO: 2:25-cv-00044-GAM |

**DECLARATION OF CAMERON LAWSON**
**IN SUPPORT OF THE REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

Pursuant to 28 U.S.C. § 1746, Cameron Lawson hereby declares as follows:

1. I am over eighteen years of age, of sound mind, and otherwise competent to make this Declaration. The facts set out herein are based on my personal knowledge.

2. I am the Chief Operating Officer of Plaintiff, ICON PSG 1 FL, LLC ("Plaintiff").

3. I make this Declaration in support of the Request for Entry of Default Judgment filed by Plaintiff contemporaneously herewith (the "Default Judgment Request").

4. This foreclosure action was commenced pursuant to the Complaint in Mortgage Foreclosure that was filed by Plaintiff on January 6, 2025 [ECF No. 1] (the "Complaint") because Defendant, Jenkins Court Realty Co., L.P. ("Defendant"), failed to make certain payments under the Loan Documents.[1]

5. I am familiar with the Loan Documents and Plaintiff's books and records related to the Loan.

---

[1] All capitalized terms not defined herein shall have the same meaning as they do in the Compliant.

1

6.      In the Complaint, Plaintiff sought a foreclosure judgment against Defendant, Jenkins Court Realty Co., L.P. ("Defendant") in the amount of $20,456,811.14—the amount due to Plaintiff under the Loan Documents at the time of the filing of the Complaint—plus, *inter alia*, contractual interest that would continue to accrue on the outstanding Loan balance.

7.      The calculations set forth in Paragraph 28 of the Complaint accurately reflect the amounts owed by Defendant to Plaintiff under the terms of the Loan Documents at the time the Complaint was filed, based on Plaintiff's books and records.

8.      As it relates to the Complaint and the Default Judgment Request, the Loan Agreement[2] provides that (i) the Minimum Earned Interest that Plaintiff is entitled to receive under the Loan Documents is $3,792,500.00; and (ii) upon the occurrence of an Event of Default (as defined in the Loan Agreement), interest accrues on the entire outstanding balance of the Loan at the Default Rate of twenty-five percent (25%) per annum. *See* Complaint Ex.1 at §§ 1.1 (definition of "Minimum Earned Interest"), 2.3, and 2.3.3.

9.      The interest portion of the amount set forth in the Complaint ($1,408,741.66) represented the Minimum Earned Interest ($3,792,500.00), less the aggregate amount of interest actually paid by Defendant ($2,383,758.34).

10.     At the time of filing of the Complaint, the actual interest that had accrued on the Loan was $3,531,251.21 (*i.e.*, less than the Minimum Earned Interest that Plaintiff was entitled to demand in the Complaint).

11.     As such, additional interest on the outstanding Loan amounts beyond the amount set forth in the Complaint did not begin to accrue until January 26, 2025—the date on which the actual interest that had accrued on the Loan exceeded the Minimum Earned Interest.

---

[2] The Loan Agreement was attached to the Complaint as Exhibit 1.

12.    On January 26, 2025, such additional interest began accruing at the Default Rate, with the per diem amounts being $13,199.27 (except for the partial per diem for January 26, 2025 being $2,736.45[3]).

13.    Based on Plaintiff's books and records, between the filing of the Complaint on January 6, 2025 and the date of this Declaration, additional interest in the amount of $1,599,848.12 has accrued (at the Default Rate) on the outstanding balance of the Loan.

14.    As such, the amount due to Plaintiff under the Loan Agreement (not including legal fees and costs incurred by Plaintiff in this foreclosure action),[4] is $22,056,659.26, no portion of which has, to date, been paid to Plaintiff.

15.    More detailed calculations with respect to the amounts owed under the Loan Documents are attached hereto as *Exhibit A*.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:  May 27, 2025

_____
Cameron Lawson

---

[3] This amount represents the per diem interest amount of $13,199.27, less the $10,462.82 portion that was still covered under the Minimum Earned Interest.

[4] Such legal fees and costs are not being included in this Default Judgment Request in light of the ongoing receivership proceedings.  Plaintiff intends to seek such legal fees and costs at the appropriate later stage of these proceedings by way of a motion with the Court.

# Exhibit A

| AMOUNTS IN THE COMPLAINT | |
|---|---|
| Unpaid Principal | $20,500,000.00 |
| Accrued Interest | $1,408,741.66[1] |
| Fees and Expenses | $41,122.36 |
| Less: Construction Escrow Balance | ($1,493,052.88) |
| *Complaint Total (as of 01-06-2025)* | *$20,456,811.14* |
| POST-COMPLAINT INTEREST | |
| Partial Per-Diem for 01-26-2025[2] | $2,736.45[3] |
| Interest Accrued Between 01-27-2025 and 05-27-2025 | $1,597,111.67[4] |
| *Total Interest Accrued Between 01-06-2025 and 05-27-2025* | *$1,599,848.12* |
| **TOTAL DUE AS OF 05-27-2025[5]** | **$22,056,659.26** |

---

[1] $3,792,500.00 (Minimum Earned Interest) – $2,383,758.34 (aggregate interest actually paid by Defendant) = $1,408,741.66. Minimum Earned Interest is the minimum amount of interest that Plaintiff is entitled to receive under the terms of the Loan Agreement. *See* Loan Agreement at §§ 1.1 (definition of "Minimum Earned Interest") & 2.3.

[2] January 26, 2025 is the date on which the actual interest that had accrued on the Loan exceeded the Minimum Earned Interest.

[3] This amount represents the per diem interest amount of $13,199.27, less the $10,462.82 portion that was still covered under the Minimum Earned Interest.

[4] Per diem interest of $13,199.27, multiplied by 121 days. Under the terms of the Loan Agreement, the per diem interest on the Loan balance has been accruing at the Default Interest of twenty-five percent (25%) per annum. *See* Loan Agreement at § 2.3.3.

[5] Not including attorneys' fees and litigation costs incurred by Plaintiff in these foreclosure proceedings, which will be subject to a separate motion filed at a later stage of this litigation.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I, Gleb Epelbaum, Esquire, hereby certify that on this day, I caused to be served a true and correct copy of the foregoing Request for Entry of Default via the Court's CM/ECF system on the following:

| | |
|---|---|
| Albert A. Ciardi, III, Esquire | Michael Yanoff, Esquire |
| CIARDI CIARDI & ASTIN, P.C. | Shawn M. Rodgers, Esquire |
| 1905 Spruce Street | GOLDSTEIN LAW PARTNERS |
| Philadelphia, PA 19103 | 610 Old York Road, Suite 340 |
| *Attorneys for Defendant,* | Jenkintown, PA 19046 |
| *Jenkins Court Realty Co., L.P.* | *Attorneys for Defendant,* |
| | *Jenkins Court Realty Co., L.P.* |

| | |
|---|---|
| Raymond A. Quaglia, Esquire | Michael P. Ryal, Esquire |
| BALLARD SPAHR LLP | RYAN, BROWN, BERGER & GIBBONS, P.C. |
| 1735 Market Street, 51st Floor | 1600 Market Street, 25th Floor |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |
| *Attorneys for the Receiver,* | *Attorneys for SSS Education, Inc.* |
| *Trigild IVL, LLC* | *d/b/a Jersey College* |

1

**KURTZ AND PARTNERS P.C.**

Date: May 27, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

2

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ICON PSG 1 FL, LLC,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 2:25-cv-00044-GAM** |
| **JENKINS COURT REALTY CO., L.P.,** | : | |
| **Defendant.** | : | |

## RECEIVER'S MOTION TO MODIFY CERTAIN LEASES

Trigild IVL, LLC, the Court-appointed receiver (the "Receiver"), by its counsel, respectfully moves the Court to modify the notice and cure provisions of the leases of Defendant's affiliates SBG Management Services, Inc., and Jenkins Storage, LLC.  In support of its motion, the Receiver relies upon its supporting memorandum of law and the Declaration of Jonathan Lakner.

Respectfully submitted,

Dated:  June 2, 2025

/s/ Raymond A. Quaglia
Raymond A. Quaglia, Esq.
Brian N. Kearney, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 10103
Mt. Laurel, New Jersey 08054-0015
(215) 665-8500
quaglia@ballardspahr.com
kearneyb@ballardspahr.com

Counsel for Receiver

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the Receiver's Motion to Modify Certain Leases to be served via ECF upon all counsel of record.

Dated:  June 2, 2025

*/s/ Raymond A. Quaglia*
Raymond A. Quaglia

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ICON PSG 1 FL, LLC,<br><br>     **Plaintiff,**<br><br>     v.<br><br>JENKINS COURT REALTY CO., L.P.,<br><br>     **Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 2:25-cv-00044-GAM** |

**RECEIVER'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO MODIFY CERTAIN LEASES**

Trigild IVL, LLC, the Court-appointed receiver (the "Receiver"), by its counsel, respectfully submits this memorandum of law in support of its motion to modify the notice and cure provisions of certain leases at the subject property.

**I.    RELEVANT FACTUAL BACKGROUND**

This is an action to foreclose a commercial mortgage executed by Defendant to secure repayment of a loan by Plaintiff. The mortgaged property is Jenkins Court, an office/mixed-use building located at 610 Old York Road in Jenkintown, Pennsylvania (the "Property"). On February 21, 2025, the Court entered an Order appointing Trigild as the Receiver for the Property (ECF Doc. No. 13) (the "Receiver Order").

The Receiver's efforts to collect rents at the Property pursuant to the Receiver Order are being substantially impeded by the occupation of nearly 40,000 square feet of space by two of Defendant's affiliates that have not made any payment whatsoever to the Receiver and are effectively protected against enforcement by the unusual notice and cure provisions in their respective leases. The leases at issue are: (i) the Lease made as of November 1, 2017, between Defendant and SBG Management Services, Inc. ("SBG Management") (the "SBG Management

Lease"); and (ii) the Lease made as of February 1, 2019, between Defendant and Jenkins Storage, LLC ("Jenkins Storage") (the "Jenkins Storage Lease," and, together with the SBG Management Lease, the "Leases"). Copies of the Leases are attached to the accompanying Declaration of Jonathan Lakner ("Lakner Dec.") as Exhibits A and B, respectively.

SBG Management leases approximately 8,000 square feet at the Property. *See* Lakner Dec., Ex. A (SBG Management Lease) § 1.01(A). Jenkins Storage leases the entire lower lever of the Property, *see* Lakner Dec., Ex. B (Jenkins Storage Lease) § 1.01(A), comprising 30,487 net rentable square feet. *See* Lakner Dec. Dec. ¶ 5. The leased space contains 340 self-storage units, which Jenkins Storage licenses to end users. *See id.* According to an Offering Memorandum prepared by Jenkins Storage (the "Jenkins Storage OM"), the occupancy rate is approximately 87%, and the facility generated net operating income of $455,748 for calendar year 2023. *See* Lakner Dec., Ex. C (Jenkins Storage OM) at p. 11.

Both SBG Management and Jenkins Storage are directly and/or indirectly owned and controlled by Defendant's principal, Philip Pulley, who signed each of the Leases on behalf of both Landlord and Tenant. *See* Lakner Dec. ¶ 6; Ex. A (SBG Management Lease) at p. 29; Ex. B (Jenkins Storage Lease) at p. 27. Consistent with this commonality of interest, the Leases contain a number of unusual provisions in favor of the Tenants that are not and would not be found in an arm's length commercial lease. *See* Lakner Dec. Dec. ¶ 7. From the Receiver's perspective, the most problematic of these provisions is a clause that gives each Tenant *1,000 days* – or roughly two years and nine months – to cure any nonpayment or other breach of the lease provisions before the Tenant will be deemed to be in default. *Id.*

Specifically, each of the Leases contains an identical Section 17.01, which states in relevant part:

> Tenant shall be in default hereunder if Tenant (a) Tenant fails to pay, when due, Minimum Rent, Additional Rent or any other sums due under this Lease and such default shall continue for more than one thousand (1000) days after written notice from Landlord to Tenant; or (b) Tenant fails to observe and perform any of the other terms, covenants and/or conditions of this Lease and such default shall continue for more than one thousand (1000) days after written notice from Landlord to Tenant; or (c) Tenant fails to pay when due the Minimum Rent, Additional Rent or any other sums payable under this Lease sixty (60) or more times in a period of sixty (60) consecutive months; or (d) the Leased Premises shall be abandoned, deserted or vacated, or if Tenant fails to take possession of the Leased Premises and initially open for business to the public as required hereunder.

*See* Lakner Dec., Ex. A (SBG Management Lease) § 17.01, Ex. B (Jenkins Storage Lease) § 17.01.

In contrast to the terms of Section 17.01 of the Leases, the customary cure period for a tenant's nonpayment or other breach of a commercial lease is no more than ten (10) days, or one one-hundredth of the cure period in the Leases. *See* Lakner Dec. Dec. ¶ 9.

Neither SBG Management nor Jenkins Storage has made any payment whatsoever to the Receiver since its appointment on February 21, 2025, a period of more than 100 days. *See* Lakner Dec. ¶ 9. And lest there be any doubt regarding their future intentions, by letter dated March 26, 2025 (the "Jenkins Rejection Letter"), Jenkins Storage rejected the Receiver's request for payment with the assertion that, due to certain alleged "conditions" at the Property, "we will not be forwarding rent payments as requested in your letter and shall offset financial impact" in the estimated amount of $327,647.00. *See* Lakner Dec., Ex. D (Jenkins Rejection Letter).

A commercial tenant's nonpayment and/or refusal to pay rent for a period of more than 100 days would customarily be grounds for the landlord's exercise of remedies, including the commencement of an action to evict the tenant and/or recover the unpaid rent. *See* Lakner Dec. ¶ 16. Yet, absent modification, Section 17.01 of the Leases would preclude the Receiver from taking any enforcement or other remedial action under the Leases before the year 2028. *See id.* These circumstances have created a situation in which Defendant's affiliates remain in control of a substantial portion of the Property – and, in the case of Jenkins Storage, are themselves collecting

hundreds of thousands of dollars in rents for the benefit of Mr. Pulley – without paying any rent to the Receiver while simultaneously frustrating the Receiver's ability to demand, collect or receive any income from that portion of the Property. *See id*. ¶ 17.

## II.    ARGUMENT

The Receiver is respectfully asking the Court to modify the Leases to delete the phrase "one thousand (1000) days" from Section 17.01 and replace it with "ten (10) days." *See* Lakner Dec. ¶ 18.  This revision would conform the contractual cure period with the industry standard for commercial leases and enable the Receiver to enforce the payment terms of the Leases or act to evict Defendant's affiliates and replace them with rent-paying tenants for the benefit of the Property and Plaintiff's interests. *See id*.

The Court's entry of the requested relief would be consistent with the letter and spirit of the Receiver Order.  Section 6(b) of the Receiver Order, entitled "Exclusion of Defendant," provides in part that "[t]he Receiver is authorized to exclude Defendant, its agents, management companies, employees, representatives, owners, affiliates, subsidiaries, and parent companies from possessing or operating the Property."  Section 6(e) of the Receiver Order, entitled "Authority to Contract," provides in part that "[t]he Receiver may make, cancel, enforce, or modify contracts, leases, or licenses relating to any part of the Property or the Construction Projects."

Section 6(f) of the Receiver Order, entitled "Collection of Revenues," provides in part that "[t]he Receiver shall demand, collect, and receive any and all rents, sub-rents, lease and sublease payments, fees, debts, or other proceeds, profits, or income of any type or nature and however denominated that may arise from the use or operation of the Property or are generated from the Receivership Estate."  Section 25 of the Receiver Order, entitled "Retention of Jurisdiction," provides in part that "[t]his Court retains jurisdiction to modify the terms of this Order and to expand or contract the rights, duties, and obligations of the Receiver or any other

party affected by this Order, and to enter such other orders as may from time to time, during the pendency of this action, be deemed necessary, just, and proper."

Given the foregoing provisions, as well as other provisions of the Receiver Order to similar effect, the Court and the Receiver are expressly authorized to modify leases relating to the Property in the fulfillment of the Receiver's obligation to demand and collect all rents from the Property. By comparison, allowing Defendant's affiliates to continue to possess, operate and collect hundreds of thousands of dollars in revenues from nearly 40,000 square feet at the Property without making any payment whatsoever to the Receiver would defeat the purpose of the receivership. The Court should not countenance such a state of affairs.

## III. CONCLUSION

For the foregoing reasons, the Receiver respectfully submits that the Court should enter an Order modifying the Leases to delete the phrase "one thousand (1000) days" from Section 17.01 and replace it with "ten (10) days."

Respectfully submitted,

Dated:  June 2, 2025

*/s/ Raymond A. Quaglia*
Raymond A. Quaglia, Esq.
Brian N. Kearney, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 10103
Mt. Laurel, New Jersey 08054-0015
(215) 665-8500
quaglia@ballardspahr.com
kearneyb@ballardspahr.com

Counsel for Receiver

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ICON PSG 1 FL, LLC, | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| v. | : | **NO. 2:25-cv-00044-GAM** |
| JENKINS COURT REALTY CO., L.P., | : | |
| Defendant. | : | |

**DECLARATION OF JONATHAN LAKNER**

Pursuant to 28 U.S.C. § 1746, Jon Lakner hereby declares as follows:

1.     I am over the age of 18 years old and competent to testify in a court of law. I am Senior Vice President at Trigild IVL, LLC ("Trigild," or the "Receiver"), the court-appointed receiver for the improved real property owned by the Defendant in this action (the "Property") pursuant to the Court's Order filed on February 21, 2025 (ECF Doc. No. 13) (the "Receiver Order").  Trigild has successfully handled more than 1,500 court-appointed fiduciary assignments throughout the country, including as receiver and bankruptcy trustee.  I have more than 20 years of experience with the management of commercial properties.

2.     I respectfully submit this declaration in support of the Receiver's Motion to Modify Certain Lease Provisions (the "Motion").

3.     The Motion concerns the notice and cure provisions in two leases: (i) the Lease made as of November 1, 2017, between Defendant and SBG Management Services, Inc. ("SBG Management") (as amended, the "SBG Management Lease"), a copy of which is attached hereto as *Exhibit A*; and (ii) the Lease made as of February 1, 2019, between Defendant and Jenkins Storage, LLC ("Jenkins Storage") (the "Jenkins Storage Lease," and, together with the SBG Management Lease, the "Leases"), a copy of which is attached hereto as *Exhibit B*.

### A.    The Leases

4.    SBG Management leases approximately 8,000 square feet at the Property. *See* Ex. A (SBG Management Lease) § 1.01(A).

5.    Jenkins Storage leases the entire lower lever of the Property, *see* Ex. B (Jenkins Storage Lease) § 1.01(A), comprising 30,487 net rentable square feet.  The leased space contains 340 self-storage units, which Jenkins Storage licenses to end users.  According to an Offering Memorandum prepared by Jenkins Storage (the "Jenkins Storage OM"), a copy of which is attached hereto as ***Exhibit C***, the occupancy rate is approximately 87%, and the facility generated net operating income of $455,748 for calendar year 2023.  *See* Ex. C (Jenkins Storage OM) at p. 11.

6.    Both SBG Management and Jenkins Storage are directly and/or indirectly owned and controlled by Defendant's principal, Philip Pulley, who signed each of the Leases on behalf of both Landlord and Tenant.  *See* Ex. A (SBG Management Lease) at p. 29; Ex. B (Jenkins Storage Lease) at p. 27.

7.    The Leases contain a number of unusual provisions in favor of the Tenants that, in my experience, are not and would not be found in an arm's length commercial lease.  From the Receiver's perspective, the most problematic of these provisions is a clause that gives each Tenant 1,000 days – or roughly two years and nine months – to cure any nonpayment or other breach of the lease provisions before the Tenant will be deemed to be in default.  *See* Ex. A (SBG Management Lease) § 17.01, Ex. B (Jenkins Storage Lease) § 17.01.

8.    Specifically, each of the Leases contains an identical Section 17.01, which states in relevant part:

> Tenant shall be in default hereunder if Tenant (a) Tenant fails to pay, when due, Minimum Rent, Additional Rent or any other sums due under this Lease and such default shall continue for more than one thousand (1000) days after written notice

from Landlord to Tenant; or (b) Tenant fails to observe and perform any of the other terms, covenants and/or conditions of this Lease and such default shall continue for more than one thousand (1000) days after written notice from Landlord to Tenant; or (c) Tenant fails to pay when due the Minimum Rent, Additional Rent or any other sums payable under this Lease sixty (60) or more times in a period of sixty (60) consecutive months; or (d) the Leased Premises shall be abandoned, deserted or vacated, or if Tenant fails to take possession of the Leased Premises and initially open for business to the public as required hereunder.

*See* Ex. A (SBG Management Lease) § 17.01, Ex. B (Jenkins Storage Lease) § 17.01.

9.      In contrast to the terms of Section 17.01 of the Leases, in my experience, the customary cure period for a tenant's nonpayment or other breach of a commercial lease is no more than ten (10) days, or one one-hundredth of the cure period in the Leases.

**B.      The Relevant Provisions of the Receiver Order**

10.      Section 6(b) of the Receiver Order, entitled "Exclusion of Defendant," provides in part that "[t]he Receiver is authorized to exclude Defendant, its agents, management companies, employees, representatives, owners, affiliates, subsidiaries, and parent companies from possessing or operating the Property."

11.      Section 6(e) of the Receiver Order, entitled "Authority to Contract," provides in part that "[t]he Receiver may make, cancel, enforce, or modify contracts, leases, or licenses relating to any part of the Property or the Construction Projects."

12.      Section 6(f) of the Receiver Order, entitled "Collection of Revenues," provides in part that "[t]he Receiver shall demand, collect, and receive any and all rents, sub-rents, lease and sublease payments, fees, debts, or other proceeds, profits, or income of any type or nature and however denominated that may arise from the use or operation of the Property or are generated from the Receivership Estate."

13.      Section 25 of the Receiver Order, entitled "Retention of Jurisdiction," provides in part that "[t]his Court retains jurisdiction to modify the terms of this Order and to

NG-58S8J20W #4896-6193-0565 v2

3

expand or contract the rights, duties, and obligations of the Receiver or any other party affected by this Order, and to enter such other orders as may from time to time, during the pendency of this action, be deemed necessary, just, and proper."

### C.    The Receiver's Need for Relief

14.    Neither SBG Management nor Jenkins Storage has made any payment whatsoever to the Receiver since our appointment on February 21, 2025, a period of more than 100 days.

15.    By letter dated March 26, 2025 (the "Jenkins Rejection Letter"), a copy of which is attached hereto as **Exhibit D**, Jenkins Storage rejected the Receiver's request for payment with the assertion that, due to certain alleged "conditions" at the Property, "we will not be forwarding rent payments as requested in your letter and shall offset financial impact" in the estimated amount of $327,647.00.  *See* Ex. D (Jenkins Rejection Letter).

16.    A commercial tenant's nonpayment and/or refusal to pay rent for a period of more than 100 days would customarily be grounds for the landlord's exercise of remedies, including the commencement of an action to evict the tenant and/or recover the unpaid rent.  Yet, absent modification, Section 17.01 of the Leases would preclude the Receiver from taking any enforcement or other remedial action under the Leases before the year 2028.

17.    These circumstances have created a situation in which Defendant's affiliates remain in control of a substantial portion of the Property – and, in the case of Jenkins Storage, are themselves collecting hundreds of thousands of dollars in rents for the benefit of Mr. Pulley – without paying any rent to the Receiver while simultaneously frustrating the Receiver's ability to demand, collect or receive any income from that portion of the Property.

18.    Accordingly, the Receiver is respectfully asking the Court to modify the Leases to delete the phrase "one thousand (1000) days" from Section 17.01 and replace it with

"ten (10) days."   This revision would conform the contractual cure period with the industry standard for commercial leases and enable the Receiver to enforce the payment terms of the Leases or act to evict Defendant's affiliates and replace them with rent-paying tenants for the benefit of the Property and Plaintiff's interests.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 2nd, 2025

*Jon Lakner*

_____

Jon Lakner

# Exhibit A


FILE COPY

FILE COPY

JENKINS COURT
SBG MANAGEMENT SERVICES, INC.

## TABLE OF CONTENTS

| ARTICLE | | PAGE |
|---|---|---|
| I | Grant and Term | 2 |
| II | Rent | 3 |
| III | Landlord's Work; Delivery of the Leased Premises | 4 |
| IV | Intentionally Left Blank | 5 |
| V | Conduct of Business by Tenant | 5 |
| VI | Operation and Maintenance of Common Areas | 7 |
| VII | Alterations and Signs | 9 |
| VIII | Maintenance of Leased Premises | 11 |
| IX | Taxes, Insurance and Indemnity | 12 |
| X | Utility Charges | 16 |
| XI | Estoppel Letter, Attornment and Subordination | 16 |
| XII | Assignment and Subletting | 17 |
| XIII | Waste | 17 |
| XIV | Advertising | 18 |
| XV | Destruction of Leased Premises | 18 |
| XVI | Eminent Domain | 19 |
| XVII | Default by Tenant | 20 |
| XVIII | Access by Landlord | 22 |
| XIX | Tenant's Property | 22 |
| XX | Holding Over and Surrender of Leased Premises | 23 |
| XXI | Rules and Regulations | 24 |
| XXII | Quiet Enjoyment | 24 |
| XXIII | Renewal Options | 25 |
| XXIV | Environmental Matters | 25 |
| XXV | Miscellaneous | 26 |

EXHIBITS

Exhibit A - Landlord Scope Of Work

Effective:   11/1/2017

LEASE

THIS LEASE made as of this 1st day of  November, 2017 by and between Jenkins Court Realty, Co. L.P., a Pennsylvania Limited Partnership, with an address at P.O. Box 549, Abington, PA  19001 ("Landlord"),and SBG Management Service, Inc., a Pennsylvania corporation with an address of P.O. Box 549, Abington, PA  19001.

ARTICLE I - GRANT AND TERM

Section 1.01   Leased Premises.

A.    Landlord, in consideration of the rent to be paid and the covenants to be performed by Tenant, does hereby demise and lease unto Tenant, and Tenant hereby rents from Landlord, those certain Third floor premises located at the Jenkins Court at 610 Old York Road, Jenkintown, PA   19046, Suite 375 containing 8000 approximately 8000 square feet of space (the "Leased Premises"). The leased premises are subject to change and conformation by Architect and Governmental Authority.

B.    The exterior walls and roof and the area beneath the Leased Premises are not demised hereunder and the use thereof, together with the right to install, maintain, use, repair and replace pipes, ducts, conduits, wires and structural and mechanical elements leading through the Leased Premises are hereby reserved unto Landlord provided that same does not interfere with Tenant's quiet enjoyment.

C.    Tenant acknowledges that the Leased Premises and the office building at Suite    375    Floor    Third and Porition of Roof located at 610 Old York Road, Jenkintown, PA   19046 (the "Office Building"), the street or streets, sidewalks, parking areas, curbs and access ways adjoining them, any surface and sub-surface conditions thereof, and the present uses and proposed uses thereof, have been examined by Tenant, or Tenant has been afforded the right to do so, and, except as expressly herein otherwise provided, Tenant accepts them in the condition or state in which they are to be delivered to Tenant, without relying on any representation, covenant or warranty, express or implied by Landlord, except as herein expressly provided Tenant's acceptance of Leased Premises subject to Exhibit A and any other conditions that are not readily apparent upon inspection.

2

Section 1.02    Commencement/Rent Commencement Date and Ending Day

A.    The term of this Lease shall commence (the "Commencement Date/Rent Commencement Date") on the date Landlord delivers a fully executed copy of the lease to Tenant or their counsel. Tenant's obligation to pay Minimum Rent and all other charges (meaning such state of completion of Landlords Work as to allow Tenant to utilize the Leased Premises for Tenants intended use without interference by reason of final completion) required hereunder shall commence on the __ninety__ day after Landlord delivers the leased premises to Tenant as stated herewith "Rent Commencement Date" __February 1,__ 2018.

B.    Subject to Article XXIII, the term of this Lease shall expire January 30th, 2023 from and after the Rent Commencement Date (Initial Term), unless sooner terminated as hereinafter provided; provided, that if the term commences on a day other than the first day of a month, then the term shall be extended for such fractional month.

ARTICLE II - RENT

Section 2.01    Minimum Rent.

A.    The fixed minimum annual rental ("Minimum Rent") during the term of this Lease is as follows:

| | | | | | |
|---|---|---|---|---|---|
| Year 1 | $ 80,000 | annually - | $ 6,666 | monthly |
| Year 2 | $ 96,000 | annually - | $ 8,000 | monthly |
| Year 3 | $ 104,000 | annually - | $ 8,666 | monthly |
| Year 4 | $ 112,000 | annually - | $ 9,333 | monthly |
| Year 5 | $ 120,000 | annually - | $ 10,000 | monthly |

Minimum Rent shall be payable by Tenant in equal consecutive monthly installments on or before the first day of each month, in advance, at the office of Landlord or such other place as Landlord may designate, without any prior demand therefor. In addition to the Minimum Rent, Tenant shall pay to Landlord all sales or commercial rental tax now or hereafter levied by any governmental body having jurisdiction over the Leased Premises.

B.    Should the Rent Commencement Date be other than the first day of a calendar month, and then the Minimum Rent for the first fractional month of the term shall be prorated upon a daily basis based upon a thirty (30) day calendar month.

Section 2.02    Additional Rent.    Tenant shall pay any and all sums of money or charges required to be paid by Tenant under this Lease promptly when the same are due. All such amounts or charges shall be payable to Landlord at the place where the Minimum Rent is payable and shall be deemed to be additional rent

hereunder.

Section 2.03    Cause and Effect.    If Minimum and Additional Rent is not received by Landlord by the fifth day of the month or post marked by the United States Postal Service by the fifth day of the month, then Tenant shall be considered in breach of this Agreement with all rights and remedies reserved for the benefit of the Landlord.

## ARTICLE III - LANDLORD'S WORK; DELIVERY OF THE LEASED PREMISES

Section 3.01    Landlord's Work.    The Landlord shall perform work as indicated on Exhibit A only at Landlord's sole cost and expense including, but not limited to cost and expense, to ensure that the work performed under Exhibit A are done in a professional workmanlike manner and comply with all applicable laws, regulations, ordinances and rules, including but not limited to the Americans with Disabilities Act and the accessibility guidelines issued there under.    In the event Landlord fails to make such alterations by the Rent Commencement Date, Tenant after written notice and 30 days to cure, shall have the option to make such alterations and deduct the reasonable costs of such alterations from the rent.

Section 3.02    Tenant's Work.    From and after the date of this Lease, Tenant shall install its trade fixtures and inventory ("Tenant's Work").    Tenant's activities shall be conducted so as not to unreasonably interfere operations at the Office Building. Tenant shall, at its expense, remove from the Leased Premises and from the Office Building, all trash that may accumulate in connection with Tenant's activities.    In connection with this work, Tenant shall perform all duties and obligations imposed by this Lease, including, without limitation, those provisions relating to insurance and indemnification, saving and excepting only the obligation to pay Minimum Rent and additional rent (other than any additional rent arising out of any failure of Tenant to perform its obligations under this Lease), which obligation shall commence on the Rent Commencement Date.

Section 3.03    Mechanic's Liens.    No work which Landlord permits Tenant to do pursuant to this Lease, whether in the nature of erection, construction, alteration or repair, shall be deemed to be for the immediate use and benefit of Landlord so that no mechanic's or other lien shall be allowed against the estate of Landlord by reason of any consent given by Landlord to Tenant to improve the Leased Premises.    In the event any mechanic's or other lien shall at any time be filed against the Leased Premises or the Shopping Center by reason of work, labor, services or materials performed or furnished, or alleged to be performed or furnished, to Tenant or to anyone holding the Leased Premises through or under Tenant (other than Landlord's Work), and Tenant shall fail to cause such lien to be discharged or bonded within twenty (20) days after

being notified of the filing thereof, then, in addition to any other right or remedy of Landlord, Landlord may discharge the same by paying the amount claimed to be due, and the amount so paid by Landlord including reasonable attorney's fees incurred by Landlord in procuring the discharge of such lien, together with Interest (as defined in Section 25.12) thereon, shall be due and payable by Tenant to Landlord.

Section 3.04   Tenant's Trade Fixtures.   All trade fixtures (as distinguished from leasehold improvements) and inventory owned by Tenant and installed in the Leased Premises shall remain the property of Tenant and shall be removable at any time, including upon the expiration of the term; provided, that Tenant shall not at such time be in default of any terms or covenants of this Lease; provided, further, that Tenant shall repair any damage to the Leased Premises caused by the removal of said fixtures.

Section 3.05   Changes and Additions to Office Building. Landlord reserves the right from time to time to construct other buildings or improvements by the Office Building, to make alterations thereof or additions thereto or subtractions therefrom, to build additional stories in any building or buildings in the Office Building, to build adjoining the same or to construct double-deck or elevated parking facilities, roads or other improvements, or to acquire additional property or properties which Landlord, at Landlord's sole election, may include within the Office Building as common areas (as hereinafter defined) or otherwise; provided, that such construction or activities resulting from such construction shall not unreasonably (a) interfere with Tenant's use of the Leased Premises, (b) block visibility of the Leased Premises from Huntingdon Pike. (c) Permanently interfere with access to the Leased Premises from Fox Road, or (d) interfere with Tenant's quiet enjoyment of the Leased Premises.

ARTICLE IV -

Intentionally left blank

ARTICLE V - CONDUCT OF BUSINESS BY TENANT

Section 5.01   Use of Premises.  Tenant shall use and occupy the Leased Premises during the term of this Lease solely for the purpose of conducting the business of a   Real Estate and Construction Office or general office use, and for no other purpose or purposes without the prior written consent of Landlord, which consent shall not be unreasonably withheld and in compliance with governmental authority.  Tenant may not use the Leased Premises for any use, which violates any other Tenants use restriction, restrictive covenants or non-compete agreements.

In its use of the Leased Premises, Tenant agrees to comply with the following requirements:

(a)  No truck, trailer or vehicles shall be left overnight in the Common Areas.

(b)  No trucks shall be left idling more than 5 minutes at a time.

(c)  Adjacent to:  No trash, debris, pallets, boxes or the like shall be stored behind the Leased Premises or common acres, other than in the dumpsters and compactors servicing the Leased Premises.

(d)  No dumpster, grease receptors or compactor servicing the Leased Premises will be picked up, emptied or otherwise serviced between 1:00 a.m. and 4:00 a.m.

(e)  Dumpster and compactor lids shall be secured at all times.

(f)  Employees shall park in the employee designated parking areas only.

(g)  Comply with the rules of all governmental agencies.

(h)  All sound shall remain within the Leased Premise.

Section 5.02    Operation of Business.  Tenant agrees to operate one hundred percent (100%) of the Leased Premises during the entire term of this Lease, unless prevented from doing so because of fire, accident, or acts of God, and to conduct its business at all times in a high class and reputable manner. Tenant shall promptly comply with all laws and ordinances and lawful orders and regulations affecting the Leased Premises and the cleanliness, safety, occupancy and use of same.  No auction, liquidation, going out of business, fire or bankruptcy sales may be conducted in the Leased Premises without the prior consent of Landlord.  Tenant agrees that it will conduct its business in the Leased Premises in a lawful manner and in good faith, and will not do any act tending to injure the reputation of the Office Building or the name or logo of the Office Building in its advertising.

Section 5.03    Care of Premises.  Tenant shall keep the Leased Premises (including the service areas adjacent thereto, windows and signs) orderly, neat, safe and clean and free from rubbish and dirt at all times and shall store all trash and garbage within the Leased Premises and arrange for the regular pick up by a private contractor of all trash, garbage and hazardous material at any time generated at or from Leased Premises.

ARTICLE VI - OPERATION AND MAINTENANCE OF COMMON AREAS

Section 6.01    Construction of Common Areas. Landlord agrees to cause to be operated, managed and maintained during the term of this Lease all parking areas, driveways, sidewalks, landscaping, roads, access roads, and common area lighting facilities in the Office Building and adjoining areas, which are owned by Landlord. The manner in which such areas and facilities shall be maintained and operated and the expenditures therefor shall be performed in a manner at the reasonable discretion and under the absolute control of Landlord and the use of such areas and facilities shall be subject to such reasonable rules and regulations as Landlord shall make from time to time. Landlord shall give Tenant at least thirty (30)days prior written notice of the effective date of any new rules or regulations. All such rules and regulations shall be uniformly applied as to all tenants within the Office Building and shall not conflict with any provision of this Lease, decrease any rights of Tenant hereunder, or increase any obligation or liability to Tenant.

Section 6.02    Tenant's Proportionate Share of Common Area Expenses.

Included in Rent

A.    Tenant agrees to pay Landlord, as additional rent, in the manner and on the dates hereinafter provided, Tenant's Proportionate Share (as hereinafter defined) of all reasonable costs and expenses of every kind and nature paid or incurred by Landlord in operating, equipping, insuring, policing and protecting, lighting, repairing, replacing and maintaining the common areas of the Office Building, including the Leased Premises. Such costs and expenses shall include, but not be limited to: illumination and maintenance of Office Building signs; cleaning, lighting, line painting, patch paving, snow removal, and landscaping; supplies, monthly termite and pest extermination services of the Office Building; the costs of all types of insurance coverage's reasonably carried by Landlord covering the common areas, including, without limitation public liability, personal and bodily injury and property damage liability and courier automobile coverage, rent insurance, fire and extended coverage, vandalism and malicious mischief and all broad form coverage's, sign insurance and any other insurance that may be carried by Landlord covering the Office Building all in limits and with deductibles selected by Landlord; maintenance, repair and replacement utility lines, pipes and conduits; and an amount equal to fifteen percent (15%) of the total of all the foregoing costs and expenses to cover Landlord's administrative costs (collectively, "Costs") as determined in Section B Proportionate Share. The aforesaid costs shall not include expansion of the existing Office Building or Parking areas, replacement of the roof or other items customarily referred to as "capital improvements" and amortized over a period of time in excess of 5 years, interest

on encumbrances; income taxes; commissions paid to independent brokers; or costs of painting and decorating for individual tenants; or bookkeeping, accounting or other fees related to management of the property.

B. "Proportionate Share" shall be computed utilizing a fraction, the numerator of which shall be the number of square feet of leaseable floor area in the Leased Premises and the denominator of which shall be the number of leaseable square feet of floor area in the Office Building. Tenant's Proportionate Share shall be equal to __1%__. In no event shall Tenant pay more than __$100__ per month in Year 1 and a __1%__ compounded annual increase along with the __$100__ paid monthly in all other Years of the Lease. All sums shall be paid monthly.

C. Tenant's Proportionate Share of Costs shall be paid by Tenant in monthly installments in such amounts as are estimated and billed by Landlord at the beginning of each Lease Year, each installment being due on the first day of each month. Within one hundred twenty (120) days after the end of each Lease Year, Landlord shall deliver to Tenant a statement of Landlord's actual operating costs for such Lease Year and Landlord or Tenant shall, within thirty (30) days after delivery of such statement, pay to the other any overpayment or underpayment, as the case may be. Failure of Landlord to provide the statement called for hereunder within the time prescribed shall not relieve Tenant of its obligations hereunder. Tenant shall be allowed access to Landlord's records upon request within fifteen (15) days of receipt of a statement from Landlord.

Section 6.03  Use of Common Areas. The term "common area", as used in the Lease, shall mean the parking areas, roadways, pedestrian sidewalks, driveways, loading docks, delivery areas, access roads, signage, landscaped areas, and all other areas or improvements which may be provided by the Landlord for the convenience and use of all tenants of the Office Building, and their respective sub-tenants, agents, employees, customers, invitees and any other licensees of Landlord. The use and occupancy by Tenant of the Leased Premises shall include the use, in common with all others to whom Landlord has granted or may hereafter grant rights to use the same, of the common areas of the Office Building, and of such other facilities as may be designated from time to time, subject, however, to reasonable rules and regulations for the use thereof as prescribed from time to time by the Landlord. Landlord shall maintain all such common areas in a good, clean and safe condition. If Tenant has knowledge of any part of the common areas which are not in a good, clean and safe condition, then Tenant shall have the responsibility to immediately notify the Landlord.

Section 6.04. Tenant and its employees shall park their vehicle only in areas specifically designated from time to time by Landlord for that purpose. Automobile license numbers of

employees' vehicle permanently assigned to the Leased Premises shall be furnished to Landlord upon Landlord's written request. Employees who do not park within designated employee parking may, at landlord's sole option, tow these vehicles away at the vehicle owner's expense and risk, after two hours from the time Landlord notifies Tenant of such parking violation. Any vehicles left overnight maybe towed without notice upon the same conditions as above.

Section 6.05.  Landlord may, in its reasonable judgment, at any time close temporarily or permanently any common area to make repairs or changes, to prevent the acquisition of public rights in such area or to discourage non-customer parking; and may do such other acts in and to the common areas as in its reasonable judgment may be desirable to improve the convenience to the Tenants and their invitees thereof.  Notwithstanding the foregoing, Landlord shall not permanently interfere with the visibility of the building or  the Leased Premises nor permanently impede the ingress and egress to the Premises directly from Old York Road , nor decreases the amount of parking spaces servicing the Leased Premises or reduced by more than 75% the available 500  parking spaces servicing the Office Building.

ARTICLE VII - ALTERATIONS AND SIGNS

Section 7.01  Installation by Tenant.  Other than Tenant's Work, Tenant shall not make or cause to be made any alterations, additions or improvements to the Leased Premises, or install or cause to be installed any exterior signs, floor coverings, interior or exterior lighting, plumbing fixtures, shades, canopies or awnings or make any changes to the store front, mechanical, electrical or sprinkler systems without the prior approval of Landlord, which consent shall not be unreasonably withheld, delayed or conditioned.  If the cost of any such work exceeds $10,000.00 or if such work affects structural elements or any electrical or mechanical systems within the Leased Premises, Tenant shall present to Landlord plans and specifications for such work at the time approval is sought.

Section 7.02 Removal by Tenant.  All alterations, decorations, additions and improvements made by Tenant shall be deemed to have attached to the Leased Premises and to have become the property of Landlord upon such attachment, and upon the expiration or earlier termination of this Lease, Tenant shall not remove any such alterations, decorations, additions and improvements, except that trade fixtures installed by Tenant may be removed if all rents due hereunder are paid in full and Tenant is not otherwise in default hereunder; provided, that Landlord may designate in its consent to Tenant those alterations and additions which shall be removed by Tenant at the expiration or termination of this Lease and Tenant shall promptly remove the same and repair any damage to the Leased Premises caused by such removal. Does not apply to any medical or dental fixture or equipment.

Section 7.03    Tenant's Signs.  Tenant will not place or cause to be placed or maintained any sign or advertising matter of any kind anywhere within the Office Building, except in locations in the interior of the Leased Premises which, if visible from outside the Leased Premises must comply with all governmental laws and regulations.   Tenant's exterior sign shall consist of channel or individual letters utilizing the standard logo and colors and shall be subject to the reasonable approval of Landlord, which shall not be unreasonably withheld, conditioned or delayed, and of all applicable governmental authorities.  No change, alteration, or modification of said sign shall be undertaken without Landlord's prior approval.  No symbol, design, name, mark or insignia adopted by the Landlord for the Office Building shall be used without the prior consent of Landlord.  All signs located in the interior of the Leased Premises which are visible by the public or exterior of the Office Building, shall be in good taste so as not to detract from the general appearance of the Leased Premises and the Office Building.  Tenant further agrees to maintain, in good condition and repair at all times, any such sign or advertising matter of any kind which has been approved by Landlord for use by Tenant. All signs shall be at Tenants sole cost and expense.

A.    Office Building Facade. Tenant may not place upon the façade any signage.

Section 7.04    Signage.  All signage shall comply with all governmental regulations and applicable variances and zoning approvals.

Section 7.05    Construction Requirements.

A.    Tenant shall not, in the course of any work, interfere with, hamper, or cause any inconvenience to the use and occupation or the ingress and egress to, in, or from the Office Building or parking lot.

B.    Landlord shall have the right to inspect Tenant's construction work from time to time at Landlord's discretion.

C.    Landlord shall have no responsibility or liability for the adequacy of Tenant's plans and specifications or for the performance of Tenant's work or for the payment of the costs and expenses incurred by Tenant in connection therewith.

D.    Prior to commencement of construction or delivery's, Tenant shall procure and maintain in effect a full coverage all risk policy of casualty insurance with builders risk coverage insuring the Tenant's improvement in Leased Premises and Tenant's work for the full insurable value thereof with general liability coverage of not less than $1,000,000.00.  Such policy shall name Landlord, Landlord mortgagor, as an additional insured.

E.    All contractors and subcontractors shall procure and maintain liability insurance and workmen's compensation insurance during the period of construction in standard amounts. Such certificates shall name Landlord and Landlord's mortgagor, as additional insured.

F.    The cost of permits and approvals for all Tenant work, furniture, fixtures and equipment is the responsibility of Tenant.

ARTICLE VIII - MAINTENANCE OF LEASED PREMISES

Section 8.01    Landlord's Obligations for Maintenance. Landlord shall keep and maintain the foundation, exterior walls and roof of the building in which the Leased Premises are located and the structural portions of the Leased Premises, including doors, door frames, door checks, locks, door glass, windows, and including of window frames located in exterior building walls, in good repair, except that Landlord shall not be called upon to make such repairs occasioned by the gross negligence of Tenant, its customers, clients, patients, agents, employees, licensees or contractors, except to the extent that Landlord may be reimbursed therefor under any policy of insurance permitting waiver of subrogation in advance of loss. Landlord shall not be called upon to make any other improvements or repairs of any kind upon said premises, unless as a result of Landlord's failure to comply with its obligations hereunder.

Section 8.02    Maintenance.

A.    Subject to Section 8.01, Tenant shall keep and maintain in good order, condition and repair (including replacement of parts and equipment if necessary) the Leased Premises and every part thereof, excluding, without limitation, the exterior and interior portion of all doors, door checks, locks, windows, blinds, curtains, hanging display fixtures, plate glass, office front, all plumbing and sewage facilities within the Leased Premises, fixtures, heating and air conditioning and electrical systems, (whether or not located in the Leased Premises), sprinkler system, fire alarm systems, fire extinguishers, the internal portion of walls, the internal portion of floors, and the internal portion of ceilings.

B.    Tenant shall keep and maintain the Leased Premises in a clean, sanitary and safe condition in accordance with applicable laws and all directions, rules and regulations of the health officer, fire marshal, building inspector, or other proper officials of the governmental agencies having jurisdiction, at the sole cost and expense of Tenant, and Tenant shall comply with all requirements of law, ordinance or otherwise, affecting the Leased Premises. If Tenant refuses or neglects to commence and to complete repairs promptly and adequately, Landlord may, at its option, after 5 days written notice to Tenant thereof, make and complete said repairs and Tenant shall pay the cost thereof to Landlord upon

demand, together with Interest thereon. At the expiration or earlier termination of this Lease, Tenant shall surrender the Leased Premises in good condition, reasonable wear and tear, loss by fire or other unavoidable casualty excepted. Nothing contained herein is intended to alter the delineation of responsibilities set forth in subparagraphs A & B above.

C.   Prior to commencing any work, Tenant shall record a lien waiver from each contractor in the county in which the Office Building is located. Tenant shall reimburse Landlord for any and all costs and expenses which may be incurred by Landlord by reason of the filing of any such liens and/or the removal of same, together with Interest thereon, such reimbursements to be made within thirty (30) days after the receipt by Tenant from Landlord of a statement setting forth the amount or such costs and expenses. The aforesaid waiver shall not be applicable for decorating work or signage.

D.   Landlord, at its own expense, shall install and maintain fire extinguishers and other fire protection or life safety devices as may be required from time to time by any governmental body having jurisdiction over the Leased Premises and the insurance underwriters insuring the building in which the Leased Premises are located.

E.   Landlord is responsible for all janitorial and extermination services within the Leased Premises.

F.   Landlord shall provide extermination service as part of common area maintenance except that if infestation shall occur in the Leased Premises. Tenant shall reimburse Landlord the cost of such extermination. Bed Bugs, Lice and Fleas are Tenant responsibility.

G.   Tenant may bag ordinary trash and leave inside Leased Premises for removal by Landlord. This does not include medical or hazardous waste.

ARTICLE IX - TAXES, INSURANCE AND INDEMNITY

Section 9.01   Tenant's Tax Obligation.

Included in Rent.

A.   Tenant shall be liable for, and shall pay, all taxes levied against personal property and trade fixtures placed by Tenant in or about the Leased Premises, including without limitation, shelves, counters, vaults, wall safes, fixtures, machinery, refrigerators, heating, ventilating and air conditioning equipment. If any such taxes are levied against Landlord or Landlord's property, and if Landlord pays same, or if the assessed value of the Office Building is increased by the inclusion therein of the value placed on such property, and the Landlord makes

Appx1027
12

payment, based on such increased assessment, Tenant shall repay to Landlord the taxes so paid by Landlord or the proportion of such resulting from such increase in assessment, within thirty (30) days after request, exclusive of any interest, fines or penalties incurred by Landlord except for those incurred directly from Tenant's negligence or nonpayment.

B.    Tenant shall pay for each Lease Year its Proportionate Share of all ad valorem and real estate taxes and assessments levied or assessed by any lawful authority against all of the land, buildings and all other improvements and betterments which now or hereafter become a part of the Office Building (collectively "Taxes"). Nothing herein contained shall be construed to include within the term "Taxes" any inheritance, estate, succession, transfer, gift, franchise, corporation or income taxes that are or may be imposed upon Landlord; provided, that if at any time prior to or during the term the methods of taxation prevailing at the date of this Lease shall be altered so that in addition to, in lieu of or as a substitute for, the whole or any part of the Taxes now levied, assessed or imposed on real estate as such there shall be levied, assessed or imposed (i) a tax on or measured by the rentals received from such real estate, or (ii) a tax or license fee imposed upon Landlord which is otherwise measured by or based in whole or in part upon the Office Building, any portion thereof or the value thereof, then the same shall be included in the computation of Taxes, but only in such amounts as would be payable by Landlord if the Office Building were the only property of Landlord subject to such taxes or fees. Landlord shall estimate the Taxes annually and Tenant shall pay one-twelfth (1/12) of its Proportionate Share thereof monthly in advance, together with its payments of Minimum Rent. After the end of each Lease Year, Landlord shall furnish Tenant a statement of the actual Taxes, and there shall be an adjustment between Landlord and Tenant, with payment to or repayment by Landlord, as the case may require, to the end that Landlord shall receive the entire amount of Tenant's Proportionate Share of Taxes for such period, or at Landlord's option, any overpayment by Tenant shall be credited on account of the next succeeding payment(s) by Tenant of such Taxes.

C.    Should any governmental authority require that a tax, other than the Taxes, be paid by Tenant but collected by Landlord, for and on behalf of such governmental authority, and from time to time forwarded by Landlord to said governmental authority, the same shall be paid by Tenant to Landlord as set forth in Section 9.01 A and B, and be collectible by Landlord, and the payment thereof enforced in the same manner as is provided for the enforcement of payment of additional rent hereunder, and the same shall be payable monthly, as set forth in Section 9.01 A and B.

D.    Landlord shall have the absolute and unrestricted right, but not the obligation, to contest the validity or amount of any Taxes by appropriate proceedings. If Landlord shall institute any such contest, it shall have the sole, absolute and unrestricted

right to settle any such contest, proceeding or action upon whatever terms Landlord may, in its sole reasonable discretion, determine. If Landlord shall receive any refund of such Taxes (and provided Tenant is not then in default of any of the terms of this Lease) Landlord shall credit such proportion of such refund as shall be allocable to the payments of Taxes actually made by Tenant (less all costs, expenses and attorney's fees incurred in connection with such contest) against the next succeeding payment of Taxes due from Tenant for the proceeding period.

Section 9.02    Liability Insurance. Tenant shall, during the term hereof, keep in full force and effect, a policy of public liability and property damage insurance with respect to the Leased Premises and the business operated by Tenant and any subtenants of Tenant in the Leased Premises, in which the limits of public liability shall be not less than $1,000,000.00 combined single limit. The policy shall name Landlord and shall contain a clause that the insurer will not cancel or change the insurance without first giving Landlord thirty (30) days prior written notice. Such insurance may be furnished by Tenant under any blanket policy carried by it or under a separate policy thereof. The insurance shall be with an insurance company with an "A" rating or better and licensed to do business in the state in which the Leased Premises is located. A copy of the paid-up policy evidencing such insurance or a certificate of insurer certifying to the issuance of such policy shall be delivered to Landlord prior to entrance by Tenant upon the Leased Premises.

Section 9.03    Other Insurance.

A.    Tenant shall carry, at its expense, insurance against fire, vandalism, malicious mischief, personal injury, theft, business interruption and such other perils as are from time to time included in a standard extended coverage endorsement, insuring Tenant's merchandise, employees, guests, visitors, invitees, contractors, sub-contractors, trade fixtures, furnishings, equipment and all other items of personal property of Tenant located on or within the Leased Premises.

B.    Tenant shall not carry any stock or goods, or do anything in or about the Leased Premises, which will in any way tend to increase the insurance rates on the Leased Premises and/or the building of which they are a part.

C.    If Tenant installs any equipment that overloads the lines, system or structure in the Leased Premises, or common areas Tenant shall, at its own expense, make whatever changes are necessary to comply with the requirements of the insurance underwriters, Landlord, engineers and governmental authorities having jurisdiction.

Section 9.04    Covenant to Hold Harmless. Tenant shall indemnify, defend dand save Landlord harmless from and against any

and all claims, actions, damages, liability, injuries and expense in connection with loss of life, personal injury and/or damage to property arising from Tenant's use and occupancy of the Leased Premises, other than that resulting from the gross negligence or intentional act of Landlord or its breach of the terms of this Lease Agreement. In case Landlord shall, without fault on its part (as defined as negligence, intentional act or breach), be made a party to any litigation commenced by or against Tenant, Tenant shall protect and hold harmless and shall pay all costs, expenses and reasonable attorney fees incurred or paid by Landlord in connection with such litigation. Similarly, Landlord shall indemnify and save Tenant harmless from and against any and all claims, actions, damages, liability and expense in connection with loss of life, personal injury and/or damage to property arising from Landlord's negligence or intentional act or its breach of the terms of this Lease Agreement. In case Tenant shall, without fault on its own part (as defined as Tenant's own negligence, intentional act or breach of the Lease Agreement), be made a party to any litigation commenced by or against Landlord, Landlord shall protect and hold harmless and shall pay all costs, expenses, and reasonable attorney fees incurred or paid by Tenant in connection with such litigation.

Tenant shall give Landlord prompt notice of any claims asserted. Landlord shall have a choice of the right to defend, selection of counsel and course of defense.

Tenant agrees to reimburse Landlord the cost of all insurance deductibles and attorney fees.

Section 9.05 Landlord's Insurance. Included in Rent. From the Effective Date and continuing throughout the Term and any Extensions, Landlord shall maintain the following insurance on the Office Building including the common areas, parking areas, walkways, and driveways, naming Tenant as an additional insured: (I) commercial general liability and property damage insurance in the amount of not less than $1,000,000.00 for death or bodily injury or property damage of any one person and $1,000,000.00 for any one occurrence, (ii) fire and extended coverage insurance in an amount equal to the full replacement cost of any improvements located on the Office Building (excluding the improvements to the Leased Premises made by Tenant) established by agreed amount endorsement by Tenant, Landlord and the insurer, (iii) if applicable, workers' compensation insurance in statutory amounts, and (iv) contractual liability insurance. Upon notice from Tenant, Landlord, its agents and contractors shall deliver to Tenant a certificate from its insurer declaring such insurance to be in full force and effect. The insurance shall be with an insurance carrier with an "A" rating or better and licensed to do business in the state in which the Leased Premises is located and shall contain a clause that the insurer will not cancel or change the insurance without fist giving Tenant thirty (30) days prior written notice.

Landlord shall give Tenant prompt notice of any claims asserted. Tenant shall have a choice of the right to defend, selection of counsel and course of defense. If Landlord's insurance carrier shall offer defense, then selection and course of defense shall be dictated by insurance carrier.

ARTICLE X - UTILITY CHARGES

Section 10.01 Utility Charges. Landlord shall be solely responsible for and promptly pay all charges for gas, heat, electricity, water, sewer, trash and any other utility used upon or furnished to the Leased Premises and common areas. Utility deposits shall be the sole responsibility of Landlord.

Landlord is responsible for all Waste Generation Fees as imposed by The Waste System Authority of Eastern Montgomery County.

Landlord dumpster shall be located in the dumpster coral or as defined by site plan.

Tenant is responsible for disposal of all medical & hazardous waste.

ARTICLE XI - ESTOPPEL LETTER, ATTORNMENT AND SUBORDINATION

Section 11.01 Estoppel Letter. Tenant agrees, within thirty (30) days after written request therefor by Landlord, to execute in the form provided a recordable form and deliver to Landlord a statement, in writing, certifying (a) that this Lease is in full force and effect, (b) the Commencement Date and the Rent Commencement Date, (c) that all rent is paid currently without any off-set or defense thereto, (d) the amount of rent, if any, paid in advance, (e) the amount of any security deposit held by Landlord hereunder, and (f) that there are no uncured defaults by Landlord or stating those claimed by Tenant; provided, that in fact such facts are accurate and ascertainable or stating any inaccuracies.

Section 11.02 Attornment. Tenant shall, in the event any proceedings are brought for the foreclosure of or in the event of exercise of the power of sale under any mortgage covering the Leased Premises, attorn to the purchaser upon any such foreclosure or sale and recognize such purchaser as the Landlord under this Lease, all at the option of such purchaser.

Section 11.03 Subordination. Tenant agrees that this Lease shall be subordinate to all mortgages that may affect the Office Building and to any and all advances to be made there under, and to the Interest thereon, and all renewals, replacements and extensions thereof; provided, that the holder(s) of such mortgages shall enter into a non-disturbance agreement with Tenant. Tenant also agrees that any mortgagor may elect to have this Lease as a prior encumbrance to its mortgage or deed of trust, and in the event of such election and upon notification by such mortgagor or trustee to

Appx1031
16

Tenant to such effect, this Lease shall be deemed prior in lien to said mortgage or deed of trust, whether this Lease is dated prior to or subsequent to the date of said mortgage or deed of trust. Tenant agrees that upon the request of Landlord or any mortgagor, it shall execute whatever instruments may be reasonably required to further the intent of this Section 11.03 and Section 11.02.

ARTICLE XII - ASSIGNMENT AND SUBLETTING

Section 12.01 (a)  Consent Required.  Tenant agrees not to assign or in any manner transfer this Lease or any estate or Interest herein without the prior consent of Landlord, and not to sublet the Leased Premises or any part or parts thereof or allow any one to come in with, through or under it without like consent, which consent shall not be unreasonably withheld.  Notwithstanding the foregoing, Tenant may assign this Lease or sublet the Leased Premises to a person or entity acquiring the Tenant or stock of Tenant or any entity related or affiliated with Temple University of the Commonwealth System of Higher Education at Temple University Health System, Inc., provided it does not violate any other Tenant use restriction, restrictive covenant on non compete agreement without the prior consent of Landlord, provided Landlord is given sixty (60) days prior notice of such proposed assignment or transfer and Tenant demonstrates to Landlord's reasonable satisfaction that the proposed assignee or subtenant has a net worth in excess of $2 million.  If Tenant is a corporation, the issuance or transfer of any shares of stock of said corporation other than by public offering which results in a change in the ownership of (i) the voting control and/or (ii) the majority of the issued and outstanding stock of said corporation, as compared with such ownership on the date of this Lease, shall be deemed to be an assignment as set forth in the preceding sentence not receiving Landlord's consent.  Consent by Landlord to one or more assignments of this Lease or to one or more subletting of the Leased Premises shall not operate to exhaust Landlord's rights under this Article XII.  If Tenant, with or without the previous consent of Landlord, does assign or in any manner transfers this Lease or any estate or Interest herein, Tenant shall in no way be released from any of its obligations under this Lease.

ARTICLE XIII - WASTE

Section 13.01  Waste or Nuisance.  Tenant shall not commit or suffer to be committed any waste upon the Leased Premises or any nuisance or other act or thing which may disturb the quiet enjoyment of any other tenant in the Office Building.  Tenant shall not use, or permit to be used, any medium that might constitute a nuisance, such as loud speakers, sound amplifiers, phonographs, radios, televisions, or any other sound-producing device which will carry sound outside the Leased Premises.

ARTICLE XIV - ADVERTISING

Section 14.01  Solicitation of Business.  Tenant and Tenant's employees and agents shall not solicit business in the parking lot or other common areas, nor shall Tenant distribute any handbills or other advertising matter in the parking area or in other common areas.

ARTICLE XV - DESTRUCTION OF LEASED PREMISES

Section 15.01  Reconstruction of Damaged Premises.  In the event the Leased Premises shall be partially or totally destroyed by fire or other casualty insured against under the insurance carried by Landlord pursuant to this Lease so as to become partially or totally untenantable, the damage to the Leased Premises shall be repaired by Landlord, unless Landlord or Tenant shall elect to terminate this Lease as hereinafter provided, and a the Minimum Rent and additional rent shall be abated from the date of the casualty until rebuilding is substantially complete meaning such state of completion as to allow Tenant to perform its usual and customary function without interference.  The obligation of Landlord hereunder shall be limited to reconstructing the Leased Premises in accordance with the specifications attached hereto as Exhibit B and shall be further limited to the insurance proceeds paid to Landlord respecting the casualty in question.  In no event shall Landlord be required to repair or replace Tenant's merchandise, trade fixtures, furnishings or equipment. If, during the last two (2) years of the term hereof, as the same may have been extended previously, more than twenty-five percent (25%) of the Leased Premises or Office Building shall be damaged or destroyed by fire or other casualty, then either Landlord or Tenant may by notice to the other given within 45 days after the date of the casualty, elect to terminate this Lease effective as of the date of the casualty.  If Landlord is required to repair or rebuild the Leased Premises as herein provided, Tenant shall repair or replace its merchandise, trade fixtures, furnishings and equipment in a manner and to at least a condition equal to that prior to its damage or destruction.  Anything else herein to the contrary notwithstanding, upon report of casualty, Landlord shall have an engineering report performed by a reputable company which regularly performs casualty assessments, based upon the report, in the event of any damage or destruction to the Leased Premises by fire or other casualty wherein such damage or destruction is not substantially repaired with 120 days after Landlord's receipt of insurance proceeds with respect to such damage or destruction, but in no event later than one hundred eighty (180) days following such casualty, Tenant may, upon 30 days' notice to Landlord, terminate this Lease, unless the Leased Premises shall be substantially repaired during such 30-day period.

Section 15.02  Waiver of Subrogation. Each party hereto does remise, release and discharge the other party hereto and any officer, agent, employee or representative of such party, of and

from any liability whatsoever hereafter arising from loss, damage or injury caused by fire or other casualty for which insurance (permitting waiver of liability and containing a waiver of subrogation) is carried by the injured party at the time of such loss, (or is required to be carried pursuant to this Lease). Each party shall obtain such a waiver in all appropriate policies carried by it, if available without additional charge.

ARTICLE XVI - EMINENT DOMAIN

Section 16.01  Total Condemnation of Leased Premises.  If the whole of the Leased Premises shall be taken by any public authority under the power of eminent domain, or by deed in lieu thereof, the term of this Lease shall cease as of the day possession shall be taken by such public authority and all rent shall be paid up to that day with a proportionate refund by Landlord of any rent as may have been paid in advance for a period subsequent to the date of taking.

Section 16.02  Partial Condemnation.  If more than twenty-five percent (25%) of the Leased Premises or more than twenty-five percent (25%) of the common areas shall be taken under eminent domain, or by deed in lieu thereof, Landlord and Tenant shall each have the right to terminate this Lease and declare the same null and void, by notice of such intention to the other party within thirty (30) days after such taking.  In the event neither party exercises said right of termination, the term shall cease only as to the part of the Leased Premises so taken as of the day of possession of such public authority and Tenant shall pay rent respecting such part up to such day, with appropriate refund by Landlord of any rent as may have been paid in advance for a period subsequent to the date of taking, and thereafter all the terms herein provided shall continue in effect, except that the Minimum Rent and Tenant's Proportionate Share shall be reduced in proportion to the amount of any of the Leased Premises taken, and Landlord shall, at its own cost and expense, make all necessary repairs or alterations to the Leased Premises as originally installed by Landlord, so as to constitute the remaining Leased Premises a complete architectural unit, limited, however, as to cost, to the amount of the award received by Landlord on account of such taking.

Section 16.03  Awards.  With respect to any taking by a public authority under the power of eminent domain, or by deed in lieu thereof, Tenant shall be entitled to bring a claim against the condemning authority for a separate award to compensate Tenant for damage to its trade fixtures and inventory, Tenant's business relocation costs and the like; provided, that in no event shall Tenant be entitled to compensation for the loss of its leasehold.

Section 16.04  Notice of Condemnation.  Landlord shall promptly give Tenant written notice of and condemnation proceedings affecting the Leased Premises or the Office Building.

ARTICLE XVII - DEFAULT BY TENANT

Section 17.01 Default. Tenant shall be in default hereunder if (a) Tenant fails to pay, when due, Minimum Rent, Additional Rent or any other sums due under this Lease and such default shall continue for more than one thousand (1000) days after written notice from Landlord to Tenant; or (b) Tenant fails to observe and perform any of the other terms, covenants and/or conditions of this Lease and such default shall continue for more than one thousand (1000) days after written notice from Landlord to Tenant; or (c) Tenant fails to pay when due the Minimum Rent, Additional Rent or any other sums payable under this Lease sixty (60) or more times in a period of sixty (60) consecutive months; or (d) the Leased Premises shall be abandoned, deserted or vacated, or if Tenant fails to take possession of the Leased Premises and initially open for business to the public as required hereunder. If the nature of a default under Section 17.01(b) is such that it cannot reasonably be cured within the aforesaid cure period, and work thereon shall be commenced within said period and diligently prosecuted to completion, then Landlord's rights under Section 17.02 with respect to such default only shall be inapplicable. The Leased Premises and all trade fixtures, equipment and inventory therein shall be conclusively deemed abandoned by Tenant upon (a) three hundred sixty five (365) consecutive days absence from the Leased Premises, together with the failure to pay Minimum Rent, Additional Rent or (b) removal of all or a substantial portion of Tenant's trade fixtures, equipment or inventory from the Leased Premises, together with a failure to pay Minimum Rent. In either such event and in addition to Landlord's remedies set forth in Section 17.02, Landlord may enter the Leased Premises and may remove all remaining trade fixtures, equipment and inventory at Tenant's expense. All such property shall, at Landlord's option, become the property of Landlord, or said property may be placed in storage at Tenant's cost and expense, or sold or otherwise disposed of, in which event the proceeds of such sale or other disposition shall belong to Landlord.

Section 17.02 Rights Upon Default.

A.   In the event of a default by Landlord, Tenant shall after notice to Landlord and 365 days in which to cure; (1) cure the Landlord's default at Landlord's costs and expense, and/or (2) cure the default at Tenant's cost and expense and withhold such amount from the Additional Rent, Proportion Payments or Minimum Rent.

B.   In the event of a breach by Landlord, Tenant shall after notice to Landlord and 30 days to cure, may in addition to any other remedies have the right to invoke any remedy allowed in law or equity to enforce Landlord's rights.

Section 17.03  Non-Waiver Provisions.

A.    The failure of Landlord or Tenant to insist upon a strict performance of any of the terms, conditions or covenants herein shall not be deemed to be a waiver of any rights or remedies that Landlord or Tenant may have and shall not be deemed a waiver of any subsequent breach or default in the terms, conditions and covenants herein contained, except as may be expressly waived in writing.

B.    The maintenance of any action or proceeding to recover possession of the Leased Premises, or any installment or installments of rent or any other monies that may be due or become due from Tenant to Landlord, shall not preclude Landlord from thereafter instituting and maintaining subsequent actions or proceedings for the recovery of possession of the Leased Premises or of any other monies that may be due or become due from Tenant. Any entry or re-entry by Landlord shall not be deemed to absolve or discharge Tenant from liability hereunder.

Section 17.04  Landlord's/Tenant's    Expenses.    If Landlord/Tenant shall at any time be in default hereunder, and if Landlord/Tenant shall deem it necessary to engage attorneys to enforce Landlord's/Tenant's rights hereunder, the determination of such necessity to be in the sole reasonable discretion of Landlord/Tenant. The Tenant shall be reimbursed for the reasonable costs incurred thereby, including but not limited to court costs, administrative expenes and reasonable attorney's fees, both at trial and on appeal in said litigation or meditation.

ARTICLE XVIII - ACCESS BY LANDLORD

Section 18.01  Right of Entry.  Landlord or Landlord's agent shall not have the right to enter the Leased Premises at any times, upon prior notice to, and accompanied (except where imminent danger to person or property is threatened) by, Tenant to examine the same and to show them to prospective purchasers or mortgagors respecting the Office Building, and to make such repairs, alterations, improvements or additions as Landlord may deem necessary or desirable (without unreasonably disrupting Tenant's business and using its best effort to minimize such disruption) and Landlord shall be allowed to take all material into and upon the Leased Premises that may be required therefor without the same constituting an eviction of Tenant in whole or in part, and the rent reserved shall in no way abate while said repairs, alterations, improvements or additions are being made, by reason of loss or interruption of business of Tenant, or otherwise. During the twelve (12) months prior to the expiration of the term of this Lease, Landlord may exhibit the Leased Premises to prospective tenants and place upon the Leased Premises the usual notice "Available" or "For Rent", which notices Tenant shall permit to remain thereon without molestation.

ARTICLE XIX - TENANT'S PROPERTY

Section 19.01 Loss and Damage. Landlord shall not be responsible or liable to Tenant, its employees, customers, guests or invitees for any loss or damage that may be occasioned by or through the acts or omissions of persons occupying adjoining premises or any part of the premises adjacent to or connected with the Leased Premises or any part of the building of which the Leased Premises are a part, or for any loss or damage resulting to Tenant or its property from bursting, stoppage or leakage of water, gas, sewer or steam pipes or for any damage of property within the Leased Premises from any cause whatsoever unless such damage is caused by the intentional act or negligence or breach of this Lease by Landlord, its agents, contractors or employees.

Section 19.02 Notice by Tenant. Tenant shall give immediate notice to Landlord in case of fire or accidents in the Leased Premises or in the building of which the Leased Premises are a part or in the case of defects therein or in any fixtures or equipment.

ARTICLE XX - HOLDING OVER AND SURRENDER OF LEASED PREMISES

Section 20.01 Holding Over. Any holding over by Tenant or anyone acting through Tenant after the expiration of the term with the consent of the Landlord, shall be construed to be a tenancy from month to month (at 1% of the last adjusted monthly Minimum Rent herein specified), and shall otherwise be on the same terms and conditions herein specified so far as applicable.

Section 20.02 Surrender of Premises.

A. At the expiration of the tenancy hereby created, Tenant shall surrender the Leased Premises in good condition, reasonable wear and tear excepted, and damage by unavoidable casualty excepted to the extent that the same is covered by Landlord's fire insurance policy with extended coverage endorsement, and Tenant shall surrender all keys for the Leased Premises to Landlord at the place then fixed for the payment of rent and shall inform Landlord of all combinations on locks, safes and vaults, if any, in the Leased Premises. Tenant's obligation to observe and perform this covenant shall survive the expiration or other termination of the term. If Tenant shall default in so surrendering the Leased Premises, Tenant's occupancy, subsequent to such expiration, shall be deemed to be that of a tenancy at will and in no event shall it be deemed from month to month or from year to year, and it shall be subject to all the terms, covenants and conditions of this Lease applicable thereto, except that Minimum Rent shall be Two hundred percent (150%) the amount payable in the last Lease Year, and no extension or renewal of this Lease shall be deemed to have occurred by such holding over.

B. Prior to the expiration or sooner termination of this Lease, Tenant shall remove any and all trade fixtures, inventory

and other unattached items which Tenant may have installed, stored or left in the Leased Premises or elsewhere in the Office Building, including but not limited to counters, shelving, showcases, chairs and movable machinery purchased or provided by Tenant and which are susceptible to being moved without damage to the building. Tenant shall repair any damage to the Leased Premises caused by its removal of such fixtures and movables. In the event Tenant does not make such repairs, Tenant shall be liable for and agrees to pay Landlord's costs and expenses in making such repairs, together with a sum equal to fifteen percent (15%) of such costs and expenses to cover Landlord's overhead in making such repairs for Tenant. Tenant shall not remove any plumbing or electrical fixtures or equipment, heating or air conditioning equipment, floor coverings (including, but not limited, to wall to wall carpeting), walls or ceilings, all of which shall be deemed to constitute a part of the reversionary Interest of Landlord, nor shall Tenant remove any fixtures or machinery that were furnished or paid for by Landlord (whether initially installed or replaced). The Leased Premises shall be left in a broom-clean condition. If Tenant shall fail to remove its trade fixtures or other property as provided for in this Section 20.02, such fixtures and other property not removed by Tenant shall be deemed abandoned by Tenant and at the option of Landlord shall become the property of Landlord, or at Landlord's option may be removed by Landlord at Tenant's expense plus fifteen percent (15%) as herein above provided, or placed in storage at Tenant's expense, or sold or otherwise disposed of, in which event the proceeds of such sale or other disposition shall belong to Landlord, but shall offset any amounts owed by Tenant hereunder. This Section 20.02 shall survive the expiration or termination of the term.

Section 20.03 Successors. All rights and liabilities herein given to, or imposed upon, the respective parties hereto shall extend to and bind the several respective heirs, legal representatives, successors and assigns of the parties, as the case may be. If there shall be more than one Tenant, they shall all be bound jointly and severally by the terms, covenants and agreements herein. No rights, however, shall inure to the benefit of any assignee of Tenant unless the assignment to such assignee has been approved by Landlord as provided in Section 12.01.

ARTICLE XXI - RULES AND REGULATIONS

Section 21.01 Rules and Regulations. Tenant shall comply with and observe all reasonable rules and regulations established by Landlord from time to time, so long as they apply uniformly to all tenants of the Office Building and do not conflict with the terms of this Lease, increase any liability or obligation of Tenant, or diminish any of its right hereunder. Landlord shall provide Tenant with copies of any new rules and regulations, or modifications to the same, at least thirty (30) days prior to the effective date of such rules and regulations. Tenant's failure to keep and observe said rules and regulations shall constitute a

breach of this Lease in the same manner as if the same were contained herein as covenants.

ARTICLE XXII - QUIET ENJOYMENT

Section 22.01 Landlord's Covenant. Upon payment by Tenant of the rents herein provided, and upon the observance and performance of all the covenants, terms and conditions on Tenant's part to be observed and performed, Tenant shall peaceably and quietly hold and enjoy the Leased Premises for the term without hindrance or interruption by Landlord or any other person or persons lawfully or equitably claiming by, through or under Landlord, subject, nevertheless, to the terms and conditions of this Lease, and (subject to Article XI) any mortgages to which this Lease may be subordinate.

ARTICLE XXIII - DELETED

Section 23.01 Option Term.    Intentionally Deleted

ARTICLE XXIV - ENVIRONMENTAL MATTERS

Section 24.01  Definitions

A.    The term "Environmental Law" shall mean any federal, state or local, statute, act, law, ordinance, rule, regulation or order pertaining to the environment whether now or hereafter enacted.

B.    "Hazardous Substance" shall mean any hazardous, toxic or regulated substance within the meaning of any Environmental Law or any rule, regulation or order issued pursuant to any Environmental Law.

Intentionally Left Blank  C.. "Enforcement Agency" shall mean the Environmental Protection Agency or any state, county, municipal or other agency having authority to enforce any Environmental Law.

Section 24.02  Landlord's Responsibilities.

A.    Landlord certifies to Tenant that at the date of this Lease Landlord has no knowledge that the Leased Premises or the Office Building contain any Hazardous Substance or was used to store, manufacture, or dispose of same, other than such as are being used or sold in compliance with applicable Environmental Laws.  Landlord shall indemnify, defend and hold Tenant harmless from and against any and all loss, cost, claims, liabilities or expenses incurred by Tenant as a result of Landlord's certification in the immediately preceding sentence being untrue.  Landlord further certifies to Tenant that the premises shall be delivered to Tenant free of all hazardous substances, including but not limited to asbestos.

B.    If any Environmental Law is promulgated at any time after the date of this Lease for the removal, abatement or containment of a Hazardous Substance in the Leased Premises which existed at the date of this Lease, or which came upon the Leased Premises as a result of Landlord's Work, and, in the reasonable judgment of Landlord, such law requires Landlord to remove, abate or contain such Hazardous Substance, during the course of which it would be hazardous for the Tenant to remain in the Leased Premises., Tenant shall vacate the Leased Premises or that portion of the Leased Premises that is hazardous and, provided that such condition did not result from Tenant's acts, omissions or operations, the Minimum Rent and additional rent shall be abated proportionately for the period of time during which Tenant's use of such portion of the Leased Premises has been interrupted and Tenant's Proportionate Share shall be adjusted accordingly.

Section 24.03    Tenant's Responsibilities.

A.    All alterations made in the Leased Premises by Tenant or any other tenant of the Leased Premises shall be in accordance with and shall comply with all applicable Environmental Laws and the applicable requirements of all Enforcement Agencies.

B.    Tenant shall not intentionally or unintentionally use, store, handle, spill or discharge any Hazardous Substance at, about or in the Leased Premises, other than in compliance with all applicable Environmental Laws.  Tenant's failure to abide by the terms of this Section 24.03(b) shall be restrainable by injunction.

C.    At any time during the term of this Lease, Tenant shall supply to Landlord affidavits of an officer of Tenant setting forth Tenant's SIC number and describing in detail the operations and processes conducted at the Leased Premises.  Such affidavits shall include a certification that no Hazardous Substance is generated, used, stored, handled or disposed of at the Leased Premises or shall state the nature of any such substance and the methods used in handling the same in reasonable detail.  Such affidavits shall be delivered to Landlord within thirty (30) days after request therefor.

D.    Within thirty (30) days after request therefor, Tenant shall provide all information requested from time to time by Landlord, or by any Enforcement Agency, for the preparation of notices, submissions or affidavits.  Within thirty (30) days after request therefor, Tenant shall execute and deliver any document reasonably required in order for Landlord or Tenant to comply with any Environmental Law.

E.    Landlord and Tenant shall promptly deliver to Landlord copies of all notices made by it to, or received by it from, any Enforcement Agency or from the United States Occupational Safety and Health Administration concerning environmental matters or Hazardous Substances at the Leased Premises.

F.    Tenant shall indemnify, defend and hold Landlord harmless of and from any and all claims arising by reason of any violation by Tenant of the provisions of this Article XXIV and this indemnity shall survive the expiration or other termination of this Lease.

ARTICLE XXV - MISCELLANEOUS

Section 25.01  Waiver.  One or more waivers by Landlord of any covenant or condition shall not be construed as a waiver of a subsequent similar act by Tenant.  No breach of a covenant or condition of this Lease shall be deemed to have been waived by Landlord, unless such waiver is in writing and is signed by Landlord.

Section 25.02  Entire Agreement.

A.    This Lease and the Exhibits attached hereto and forming a part hereof, set forth all the covenants, promises, agreements, conditions and understandings between Landlord and Tenant concerning the Leased Premises and there are no covenants, promises, agreements, conditions or understandings, either oral or written, between them other than as are herein set forth.  No alterations, amendments, changes or additions to this Lease shall be binding upon Landlord or Tenant unless reduced to writing and signed by each party.

B.    Both parties have had an opportunity to have counsel review this Agreement, therefore, no party is prejudiced by the drafting of this document.

Section 25.03  Interpretation and Use of Pronouns.  Nothing contained herein shall be deemed or construed by the parties hereto, nor by any third party, as creating the relationship of principal and agent or of partnership or of joint venture between the parties hereto, it being understood and agreed that neither the method of computation of rent, nor any other provisions contained herein, nor acts of the parties hereunder, shall be deemed to create any relationship between the parties hereto other than the relationship of landlord and tenant.  Whenever herein the singular number is used, the same shall include the plural, and the masculine gender shall include the feminine and neuter genders.

Section 25.04  Delays.

A.    In the event that either party shall be delayed or hindered in or prevented from the performance of any act required hereunder by reason of strikes, lockouts, labor troubles, inability to procure materials, failure of power, riots, insurrection, war or other reason of a like nature not the fault of the party delayed in performing work or doing acts required under this Lease, then performance of such act shall be excused for the period of the delay and the period for the performance of any such act shall be extended for a period equivalent to the period of such delay.  The

party entitled to such extension hereunder shall give notice as soon as possible to the other party of its claim of right to such extension and the reason(s) therefor. Notwithstanding the foregoing, the provisions of this Section 25.04 shall not excuse Tenant from prompt payment of rent or any other payments required by this Lease. Notwithstanding the foregoing, the provisions of Section 3.01 shall remain applicable to permit Tenant to terminate this Lease in the event Landlord's Work shall not be substantially completed by 4/1/2017.

Section 25.05  Notices. Any notice, demand, request or other communication which may be or is required to be given under this Lease shall be given by United States certified mail, return receipt requested, postage prepaid and shall be addressed (a) if to Landlord, at the address first herein above given or at such other address as Landlord may designate by notice, and (b) if to Tenant, at its address first herein above specified or at such other address as Tenant shall designate by notice. All such communications shall be deemed given five (5) days from when deposited, properly addressed postage paid, in the United States mail, as herein provided, regardless of whether the same is undelivered or the addressee should refuse to accept delivery thereof for any reason.

Section 25.06  Captions and Section Numbers. The captions, section numbers and article numbers appearing in this Lease are inserted only as a matter of convenience and in no way define, limit, construe or describe the scope or intent of such sections or articles nor in any way affect this Lease.

Section 25.07  Broker's Commission. Each of the parties represents and warrants that there are no claims for brokerage commissions or finder's fees nor has any party dealt with any broker or agent in connection with the execution of this Lease and except Situs Properties each of the parties agrees to indemnify the other against, and hold it harmless from, all liabilities arising from any such claims made through it (including, without limitation, the cost of reasonable counsel fees in connection therewith). The responsibility of payment to Situs Properties, Inc. shall lie solely with the Landlord.

Section 25.08  Recording. Tenant shall not record this Lease without the consent of Landlord.

Section 25.09  Ingress and Egress to Common Areas. Landlord may temporarily or permanently close, block, obstruct, redirect, relocate the means of egress to the common areas as Landlord deems without compensation or offset to Tenant.

Section 25.10  Landlord's Use of Common Areas without Interference to Tenant. Landlord reserves the right from time to time to utilize portions of the common areas for carnival type shows, rides and entertainment, storage, outdoor shows, displays,

automobile and other product shows, or such other uses which in Landlord's reasonable judgment tend to attract the public. Further, Landlord reserves the right to utilize the lighting standards and other areas in the parking lot for advertising purposes. Notwithstanding the foregoing, Landlord shall not unreasonably or more than temporarily interfere with Tenant's quiet enjoyment, business activities ingress and/or egress for Tenant and/or its employees or invitees, or visibility.

Section 25.11    Parking

Landlord may reduce the quantity of parking spaces as Landlord deems without compensation or offset to Tenant.

Landlord may relocate, restripe and change parking field, sizes or traffic patterns without compensation or offset to Tenant.

Section 25.12  Interest on Past Due Obligations. Any amount due from Tenant to Landlord hereunder which is not paid when due shall bear Interest at the rate of eighteen percent (18%) per annum from the default date until paid, but the payment of such Interest shall not excuse or cure any default by Tenant under this Lease.

Section 25.13  Liability of Landlord. If Landlord shall fail to perform any covenant, term or condition of this Lease upon Landlord's part to be performed, and if, as a consequence of such default, may set off such amounts from minimum rent, additional rent or other sums due hereunder provided Tenant incurs and pays such cost or expense. Tenant shall recover a money judgment against Landlord, such judgment shall be satisfied only out of the proceeds of sale received upon execution of such judgment and levied thereon against the right, title and Interest of Landlord in the Office Building and out of rents and other income from such property receivable by Landlord, and neither Landlord nor any of its shareholders and/or partners shall be liable for any deficiency.

Section 25.14  Accord and Satisfaction. No payment by Tenant or receipt by Landlord of a lesser amount than the rents herein stipulated shall be deemed to be other than on account of the earliest stipulated rent, nor shall any endorsement or statement on any check or any letter accompanying any check or payment as rent be deemed an accord and satisfaction and Landlord may accept such check or payment without prejudice to Landlord's right to recover the balance of such rent or pursue any other remedy in this Lease provided.

Section 25.15  Laws of the State Where the Premises are Situated.  This Lease shall be governed by, and construed in accordance with, the laws of the State wherein the Leased Premises are situated. If any provision of this Lease or the application thereof to any person or circumstances shall, to any extent, be invalid or unenforceable, the remainder of this Lease shall not be

affected thereby and each provision of the Lease shall be valid and enforceable to the fullest extent permitted by the law

"LANDLORD"

Jenkins Court Realty Co., L.P.
By Its General Partners

By: _____
    Philip Pulley, President
    its General Partner

By: _____
    [Name]

"TENANT"

SBG Management Services, Inc.

By: _____

By: _____
    Philip Pulley, President

# Exhibit B

**Jenkins Storage, LLC**
**Jenkins Court**
**Unit G100**
**610 Old York Road**
**Jenkintown, PA  19046**

## LEASE

THIS LEASE made as of this __1st__ day of February 2019 by and between JENKINS COURT REALTY CO. L.P., a Pennsylvania Limited Partnership, with an address at P.O. BOX 549, ABINGTON, PA  19001 ("Landlord"), and Jenkins Storage, LLC 610 Old York Road, Unit G100 , Jenkintown, PA 19046,  ("Tenant").

ARTICLE I - GRANT AND TERM

Section 1.01    Leased Premises.

A.    Landlord, in consideration of the rent to be paid and the covenants to be performed by Tenant, does hereby demise and lease unto Tenant, and Tenant hereby rents from Landlord, those certain Lower Level premises (the "Leased Premises") located at 610 Old York Road, Unit G100, Jenkintown, PA. 19046 Site Plan is subject to change and conformation by Architect and Governmental Authority.

B.    The exterior walls and roof and the area beneath the Leased Premises are not demised hereunder and the use thereof, together with the right to install, maintain, use, repair and replace structural elements leading through the Leased Premises are hereby reserved unto Landlord provided that same does not interfere with Tenant's quiet enjoyment.

C.    Tenant acknowledges that the Leased Premises and the Office Building (as hereinafter defined), the street or streets, sidewalks, curbs and access ways adjoining them, any surface and sub-surface conditions thereof, and the present uses and proposed uses thereof, have been examined by Tenant, or Tenant has been afforded the right to do so, and, except as expressly herein otherwise provided, Tenant accepts them in the condition or state in which they are to be delivered to Tenant, without relying on any representation, covenant or warranty, express or implied by Landlord, except as herein expressly provided.

Section 1.02    Commencement/Rent Commencement Date and Ending Day of Term; Rent Commencement Date.

A.    The term of this Lease shall commence (the "Commencement Date/Rent Commencement Date") on March 1, 2019. Tenant's obligation

to pay Minimum Rent and all other charges (meaning such state of completion of Landlords Work as to allow Tenant to utilize the Leased Premises for Tenants intended use without interference) required hereunder shall commence on the "Rent Commencement Date".

B.    Subject to Article XXIII, the term of this Lease shall expire Ten (10) years from and after the Rent Commencement Date (Initial Term), unless sooner terminated as hereinafter provided; provided, that if the term commences on a day other than the first day of a month, then the term shall be extended for such fractional month.

ARTICLE II - RENT

Section 2.01    Minimum Rent.

A.    The fixed minimum annual rental ("Minimum Rent") during the term of this Lease is as follows:

Years 1- 5          $30,000.00 monthly, $360,000.00 annually
Years 5-10          $40,000.00 monthly, $480,000.00 annually

Rent to commence on March 1, 2019.

Minimum Rent shall be payable by Tenant in equal consecutive monthly installments on or before the first day of each month, in advance, at the office of Landlord or such other place as Landlord may designate, without any prior demand therefor.

B.    Should the Rent Commencement Date be other than the first day of a calendar month, then the Minimum Rent for the first fractional month of the term shall be prorated upon a daily basis based upon a thirty (30) day calendar month.

Section 2.02    Additional Rent.    Tenant shall pay any and all sums of money or charges required to be paid by Tenant under this Lease promptly when the same are due. All such amounts or charges shall be payable to Landlord at the place where the Minimum Rent is payable and shall be deemed to be additional rent hereunder.

Section 2.03    Cause and Effect.    If Minimum and Additional Rent is not received by Landlord by the fifth day of the month or post marked by the United States Postal Service by the fifth day of the month.

An administrative late fee shall be charged to the Tenant in the amount of $250.00 on the sixth day of the month plus 5% compounded interest monthly.

<u>ARTICLE III - LANDLORD'S WORK; DELIVERY OF THE LEASED PREMISES</u>

Section 3.01    <u>Landlord's Work</u>.  The Landlord shall perform no work. Other than Exhibit A. The space is being rented "As Is".

Section 3.02    <u>Tenant's Work</u>.  From and after the date of this Lease, Tenant shall install its trade fixtures and inventory ("<u>Tenant's Work</u>").  Tenant's activities shall be conducted so as not to unreasonably interfere operations at the Office Building. Within 1 hour Tenant shall, at its expense, remove from the Leased Premises and from the Office Building, all trash debris, recycling or stock which may accumulate in connection with Tenant's activities.  In connection with this work, Tenant shall perform all duties and obligations imposed by this Lease, including, without limitation, those provisions relating to insurance and indemnification, holding harmless, saving and excepting only the obligation to pay Minimum Rent and additional rent (other than any additional rent arising out of any failure of Tenant to perform its obligations under this Lease), which obligation shall commence on the Rent Commencement Date.

Section 3.03    <u>Mechanic's Liens</u>.  No work which Landlord permits Tenant to do pursuant to this Lease, whether in the nature of erection, construction, alteration or repair, shall be deemed to be for the immediate use and benefit of Landlord so that no mechanic's or other lien shall be allowed against the estate of Landlord by reason of any consent given by Landlord to Tenant to improve the Leased Premises.  In the event any mechanic's or other lien shall at any time be filed against the Leased Premises or the Shopping Center by reason of work, labor, services or materials performed or furnished, or alleged to be performed or furnished, to Tenant or to anyone holding the Leased Premises through or under Tenant (other than Landlord's Work), and Tenant shall fail to cause such lien to be discharged or bonded within twenty (20) days after being notified of the filing thereof, then, in addition to any other right or remedy of Landlord, Landlord may discharge the same by paying the amount claimed to be due, and the amount so paid by Landlord including reasonable attorney's and administration fees incurred by Landlord in procuring the discharge of such lien, together with Interest (as defined in <u>Section 25.12</u>) thereon, shall be due and payable by Tenant to Landlord with 5 days of notice.

Section 3.04    <u>Tenant's Trade Fixtures</u>.  All trade fixtures (as distinguished from leasehold improvements) and inventory owned by Tenant and installed in the Leased Premises shall remain the property of Tenant and shall be removable at any time, including upon the expiration of the term; provided, that Tenant shall not at such time be in default of any terms or covenants of this Lease; provided, further, that Tenant shall repair any damage to the

Leased Premises caused by the removal of said fixtures.

Section 3.05   <u>Changes and Additions to Office Building.</u> Landlord reserves the right from time to time to construct other buildings or improvements by and to the Office Building, to make alterations thereof or additions thereto or subtractions there from, to build additional stories in any building or buildings in the Office Building, to build adjoining the same or to construct double-deck or elevated parking facilities, roads or other improvements, or to acquire additional property or properties which Landlord, at Landlord's sole election, may include within the Office Building as common areas (as hereinafter defined) or otherwise; provided, that such construction or activities resulting from such construction shall not unreasonably (a) interfere with Tenant's use of the Leased Premises, (b) permanently interfere with Tenant's quiet enjoyment of the Leased Premises.

## ARTICLE IV - SECURITY DEPOSIT

Section 4.01   Security Deposit.  Upon execution of this Lease the Tenant shall give the amount of $0 as a Security Deposit to be used in the event of a default by the Tenant of the obligations under the Lease, including, but not limited to:  (a) for the payment of any Rent, (b) for the payment of added rent, (c) for the payment of any other amount that Landlord may deem due and payable by Tenant.

If security deposit is utilized by Landlord due to any default of Tenant then Tenant shall restore the deducted amount within 30 days of notice by Landlord.

## ARTICLE V - CONDUCT OF BUSINESS BY TENANT

Section 5.01   <u>Use of Premises</u>.  Tenant shall use and occupy the Leased Premises during the term of this Lease solely for the purpose of conducting the business of a Climate Control/Self Storage Facility, and related user including retail sales and service and for no other purpose or purposes without the prior consent of Landlord, which consent shall not be unreasonably withheld.

In its use of the Leased Premises, Tenant agrees to comply with the following requirements:

(a)  No trash, debris, pallets or the like shall be stored behind the Leased Premises or upon the property.

(b)  Comply with the rules of all governmental agencies.

(d)  No reserved parking is included.

(e)    No alcoholic beverages illegal substance or cannabis may be sold or consumed on Leased Premises.

(f)    No hazardous materials may be stored upon the premises.

(g)    Tenant agrees to adhere to all other Tenants exclusions and restrictions.

(h)    Tenant agrees to abide by all other rules in the Resident Policy Handbook

(i)    No noise shall exit the Leased Premises or disturb other tenants.

(j)    No overnight parking

(k)    Clearance heights and restrictions shall be adhered to by all vehicles.

(l)    No blocking driveway or drive aisles.

Section 5.02    Operation of Business.    Tenant agrees to operate the Leased Premises during the entire term of this Lease, unless prevented from doing so because of fire, accident, or acts of God, and to conduct its business at all times in a high class and reputable manner, maintaining at all times a full staff of employees.    Tenant shall promptly comply with all laws and ordinances and lawful orders and regulations affecting the Leased Premises and the cleanliness, safety, occupancy and use of same. No auction, liquidation, going out of business, immoral or violation of moral purpitude, fire or bankruptcy sales may be conducted in the Leased Premises without the prior consent of Landlord.    Tenant agrees that it will conduct its business in the Leased Premises in a lawful manner and in good faith, and will not do any act tending to injure the reputation of the Office Building or the name or logo of the Office Building in its advertising.

Section 5.03    Care of Premises.    Tenant shall keep the Leased Premises (including the service areas adjacent thereto, windows and signs), doors, roll down gates, sidewalks orderly, neat, safe and clean and free from rubbish, debris and dirt at all times and shall store all trash and garbage within the Leased Premises and arrange for the regular pick up by a private contractor of all trash, recycling, garbage and hazardous material at any time generated at or from Leased Premises.

If Landlord provides dumpster service, Tenant agrees to pay Landlord as additional rent that amount as billed by Landlord to Tenant.

Tenant is responsible for snow and ice removal and salting.

ARTICLE VI - OPERATION AND MAINTENANCE OF COMMON AREAS

Section 6.01  Construction of Common Areas. Landlord has no responsibility in the maintenance or operation of Common Areas. Landlord shall give Tenant at least thirty (30)days prior written notice of the effective date of any new rules or regulations.  All such rules and regulations shall be uniformly applied as to all tenants within the Office Building and shall not conflict with any provision of this Lease, decrease any rights of Tenant hereunder, or increase any obligation or liability to Tenant.

A.   "Proportionate Share" shall be computed utilizing a fraction, the numerator of which shall be the number of square feet of leaseable floor area in the Leased Premises and the denominator of which shall be the number of leaseable square feet of floor area in the Office Building. Tenant's Proportionate Share shall be equal to 10%.

B.   In the event of any unusual increase, Ten percent or greater over the previous year, in any operating expenses or Costs ("The Increase") than Landlord reserves the right to recover from Tenant that Proportionate Share of the increase upon presentation to Tenant a bill including back up. This Increase shall be considered Additional Rent.

Section 6.03  Use of Common Areas.  The term "common area", as used in the Lease, shall mean the pedestrian sidewalks, and all other areas or improvements which may be provided by the Landlord for the convenience and use of all tenants of the Office Building, and their respective employees, customers, invitees and any other licensees of Landlord.  The use and occupancy by Tenant of the Leased Premises shall include the use, in common with all others to whom Landlord has granted or may hereafter grant rights to use the same, of the common areas of the Office Building, and of such other facilities as may be designated from time to time, subject, however, to reasonable rules and regulations for the use thereof as prescribed from time to time by the Landlord.  Tenant shall maintain all such common areas in a good, clean and safe condition including but not limited to lighting, snow and ice removal, concrete surfaces, removal of trash and debris. If Tenant has knowledge of any part of the common areas which are not in a good, clean and safe condition, then Tenant shall have the responsibility to immediately notify the Landlord.

Section 6.04.  No Reserved Parking is Included. Tenant shall pay Landlord as additional rent $20 per month for overnight/storage use of parking spaces.

Section 6.05.    Landlord may, in its reasonable judgment, at any time close temporarily or permanently any common area to make repairs or changes, to prevent the acquisition of public rights in such area or to discourage non-customer parking; and may do such other acts in and to the common areas as in its reasonable judgment may be desirable to improve the convenience to the Tenants and their invitees thereof.    Notwithstanding the foregoing, Landlord shall not permanently interfere with the visibility of the Office Building nor impede the ingress and egress to the Premises directly Old York Road.

ARTICLE VII – ALTERATIONS AND SIGNS

Section 7.01    Installation by Tenant.  Other than Tenant's Work, Tenant shall not make or cause to be made any alterations, additions or improvements to the Leased Premises, or install or cause to be installed any exterior signs, exterior lighting, plumbing fixtures, shades, canopies or awnings or make any changes to the exterior of the Office Building or common areas, mechanical, electrical or sprinkler systems without the prior approval of Landlord, which consent shall not be unreasonably withheld, delayed or conditioned.  If the cost of any such work exceeds $5,000.00 or if such work affects structural elements or roof or any electrical or mechanical systems within the Leased Premises, Tenant shall present to Landlord plans and specifications for such work at the time approval is sought.

Tenant is responsible for cost of all permits and approvals.

Section 7.02    Removal by Tenant.    All alterations, decorations, additions and improvements made by Tenant shall be deemed to have attached to the Leased Premises and to have become the property of Landlord upon such attachment, and upon the expiration or earlier termination of this Lease, Tenant shall not remove any such alterations, decorations, additions and improvements, except that trade fixtures installed by Tenant may be removed if all rents due hereunder are paid in full and Tenant is not otherwise in default hereunder; provided, that Landlord may designate in its consent to Tenant those alterations and additions which shall be removed by Tenant at the expiration or termination of this Lease and Tenant shall promptly remove the same and repair any damage to the Leased Premises caused by such removal.

Section 7.03    Tenant's Signs.  Tenant will not place or cause to be placed or maintained any sign or advertising matter of any kind anywhere within the Office Building, except in locations in the interior of the Leased Premises which, if visible from outside the Leased Premises must comply with all governmental laws and regulations and shall be subject to the reasonable approval of Landlord, which shall not be unreasonably withheld, conditioned or

delayed. No symbol, design, name, mark or insignia adopted by the Landlord for the Office Building shall be used without the prior written consent of Landlord. All signs located in the interior of any commercial space shall be in good taste and secured so as not to detract from the general appearance of the commercial and the Office Building. Tenant further agrees to maintain, in good condition and repair at all times, any such sign or advertising matter of any kind which has been approved by Landlord for use by Tenant. All signs shall be at Tenants sole cost and expense.

A.    Office Building Facade. Tenant may place appropriate signage upon the façade of Office Building to designate the type of business, name and use.

B.    Tenant may not paint exterior of Office Building.

Section 7.04   Signage.   All signage shall comply with all governmental regulations and applicable variances and zoning approvals.

A.    Tenant shall be afforded the following signage at Tenants expense.

1.    Parking garage signage at entrance to garage (1 slot).

2.    Main building pylon on Old York Road (1 small slot).

3.    Directional signage at entrance to upper parking deck (1 spot).

4.    Signage at intersection of Spring and Old York Road, area of Old York Road (grass area).

All signage is subject to the written approval of Landlord.

Section 7.05   Construction Requirements.

A.    Tenant shall not, in the course of any work, interfere with, hamper, or cause any inconvenience to the use and occupation or the ingress and egress to, in, or from the Office Building or any common area.

B.    Landlord shall have the right to inspect Tenant's construction work from time to time at Landlord's discretion.

C.    Landlord shall have no responsibility or liability for the adequacy of Tenant's plans and specifications or for the performance of Tenant's work or for the payment of the costs and expenses incurred by Tenant in connection therewith.

D.    Prior to commencement of construction, Tenant shall procure and maintain in effect a full coverage all risk policy of

casualty insurance with builders risk coverage insuring the Tenant's improvement in Leased Premises and Tenant's work for the full insurable value thereof with general liability coverage of not less than $1,000,000.00.  Such policy shall name Landlord, Landlord mortgagor, as an holder and additional insured and contain a 30 day notice of cancellation clause.

E.    The Tenant shall insure that all contractors and subcontractors shall procure and maintain liability insurance and workmen's compensation insurance during the period of construction in standard amounts. Such certificates shall name Landlord and Landlord's mortgagor, as certificate holder and additional insured.

F.    The cost of permits and approvals for all Tenant work is the responsibility of Tenant.

ARTICLE VIII - MAINTENANCE OF LEASED PREMISES

Section 8.01    Landlord's Obligations for Maintenance. Landlord shall keep and maintain the foundation, exterior walls and roof of the building in which the Leased Premises are located and the structural portions of the Leased Premises which were originally installed by Landlord, exclusive of doors, door frames, roll down doors, exterior lighting, door checks, windows, and exclusive of window frames located in interior walls, exterior building walls, in good repair, except that Landlord shall not be called upon to make such repairs occasioned by the negligence of Tenant or any other party, its agents, employees, licensees or contractors, except to the extent that Landlord may be reimbursed therefor under any policy of insurance permitting waiver of subrogation in advance of loss.  Landlord shall not be called upon to make any other improvements or repairs of any kind upon said premises, unless as a result of Landlord's failure to comply with its obligations hereunder.

Section 8.02    Tenant's Obligations for Maintenance.

A.    Subject to Section 8.01, Tenant shall keep and maintain in good order, condition and repair (including replacement of parts and equipment if necessary) the Leased Premises and every part thereof, including, but without limitation to, the exterior and interior portion of all doors, door checks, roll down doors, fire protection systems, windows, plate glass, commercial store front, all plumbing and sewage facilities within the Leased Premises, toilets, sinks, lavs, fixtures, heating and air conditioning and electrical systems, (whether or not located in the Leased Premises), sprinkler system, fire alarm systems, fire extinguishers, the internal portion of walls, the internal portion of floors, and the internal portion of ceilings.

B.   Tenant shall keep and maintain the Leased Premises in a clean, sanitary and safe condition in accordance with applicable laws and all directions, rules and regulations of the health commercial, fire marshal, building inspector, or other proper officials of the governmental agencies having jurisdiction, at the sole cost and expense of Tenant, and Tenant shall comply with all requirements of law, ordinance or otherwise, affecting the Leased Premises. If Tenant refuses or neglects to commence and to complete repairs promptly and adequately, Landlord may, at its option, after 5 days written notice to Tenant thereof, make and complete said repairs and Tenant shall pay the cost thereof to Landlord upon demand, together with Interest thereon. At the expiration or earlier termination of this Lease, Tenant shall surrender the Leased Premises in good condition, reasonable wear and tear, loss by fire or other unavoidable casualty excepted. Nothing contained herein is intended to alter the delineation of responsibilities set forth in subparagraphs A & B above.

C.   Prior to commencing any work, Tenant shall record a lien waiver from each contractor in the county in which the Commercial Building is located. Tenant shall reimburse Landlord for any and all costs and expenses which may be incurred by Landlord by reason of the filing of any such liens and/or the removal of same, together with Interest thereon, such reimbursements to be made within thirty (30) days after the receipt by Tenant from Landlord of a statement setting forth the amount or such costs and expenses. The aforesaid waiver shall not be applicable for decorating work or signage.

D.   Tenant, at its own expense, shall install and maintain fire extinguishers, exit and emergency lights and other fire protection or life safety devices as may be required from time to time by any governmental body having jurisdiction over the Leased Premises and the insurance underwriters insuring the building in which the Leased Premises are located.

E.   Tenant is responsible for all janitorial and extermination services within the Leased Premises.

F.   Tenant shall be responsible for all heating and air conditioning maintenance and agrees to maintain a contract with a licensed company to said work.  All work shall be performed in compliance with manufacturer's recommendations.

G.   Tenant is responsible for its own heat, air-conditioning and hot water from Office Building supply systems.

H.   Tenant is responsible for all snow, ice removal and salting.

ARTICLE IX - TAXES, INSURANCE AND INDEMNITY

Section 9.01    Tenant's Tax Obligation.

A.    Tenant shall  not be liable for, and shall not pay, any taxes levied against personal property and trade fixtures placed by Tenant in or about the Leased Premises, including without limitation, equipment, shelves, counters, vaults, wall safes, fixtures, stoves, fryers, refrigeration, seating, machinery, refrigerators, heating, ventilating and air conditioning equipment. If any such taxes are levied against Landlord or Landlord's property, and if Landlord pays same, or if the assessed value of the Office Building is increased by the inclusion therein of the value placed on such property, and the Landlord makes payment, based on such increased assessment, Tenant shall repay to Landlord the taxes so paid by Landlord or the proportion of such resulting from such increase in assessment, within thirty (30) days after request, with Interest on any payments past due, if applicable.

B.    Tenant shall not pay any Lease Year Proportionate Share of taxes and re-taxes, ad valorem taxes and assessments special or service District taxes levied or assessed by any lawful authority against all of the land, buildings and all other improvements and betterments which now or hereafter become a part of the Office Building (collectively "Taxes").  Nothing herein contained shall be construed to include within the term "Taxes" any inheritance, estate, succession, transfer, gift, franchise, corporation or income taxes that are or may be imposed upon Landlord; provided, that if at any time prior to or during the term the methods of taxation prevailing at the date of this Lease shall be altered so that in addition to, in lieu of or as a substitute for, the whole or any part of the Taxes now levied, assessed or imposed on real estate as such there shall be levied, assessed or imposed (i) a tax on or measured by the rentals received from such real estate, or (ii) a tax or license fee imposed upon Landlord which is otherwise measured by or based in whole or in part upon the Building, any portion thereof or the value thereof, then the same shall be included in the computation of Taxes, but only in such amounts as would be payable by Landlord if the Building were the only property of Landlord subject to such taxes or fees.  Landlord shall estimate the Taxes annually and Tenant shall pay one-twelfth (1/12) of its Proportionate Share thereof monthly in advance, together with its payments of Minimum Rent.  After the end of each Lease Year, Landlord shall furnish Tenant a statement of the actual Taxes, and there shall be an adjustment between Landlord and Tenant, with payment to or repayment by Landlord, as the case may require, to the end that Landlord shall receive the entire amount of Tenant's Proportionate Share of Taxes for such period, or at Landlord's option, any overpayment by Tenant shall be credited on account of the next succeeding payment(s) by Tenant of such Taxes.

C.    Should any governmental authority require that a tax, other than the Taxes, be paid by Tenant but collected by Landlord, for and on behalf of such governmental authority, and from time to time forwarded by Landlord to said governmental authority, the same shall be paid by Tenant to Landlord as set forth in Section 9.01 A and B, and be collectible by Landlord, and the payment thereof enforced in the same manner as is provided for the enforcement of payment of additional rent hereunder, and the same shall be payable monthly, as set forth in Section 9.01 A and B.

D.    Landlord shall have the absolute and unrestricted right, but not the obligation, to contest the validity or amount of any Taxes by appropriate proceedings.  If Landlord shall institute any such contest, it shall have the sole, absolute and unrestricted right to settle any such contest, proceeding or action upon whatever terms Landlord may, in its sole reasonable discretion, determine.  If Landlord shall receive any refund of such Taxes (and provided Tenant is not then in default of any of the terms of this Lease) Landlord shall credit such proportion of such refund as shall be allocable to the payments of Taxes actually made by Tenant (less all costs, expenses and attorney's fees incurred in connection with such contest) against the next succeeding payment of Taxes due from Tenant.

Section 9.02    <u>Liability Insurance</u>.  Tenant shall, during the term hereof, keep in full force and effect, a policy of public liability and property damage insurance with respect to the Leased Premises and the business operated by Tenant and any subtenants of Tenant in the Leased Premises, in which the limits of public liability shall be not less than $1,000,000.00 combined single limit.  The policy shall name Landlord and any other parties in Interest designated by Landlord as holder and additional insured, and shall contain a clause that the insurer will not cancel or change the insurance without first giving Landlord thirty (30) days prior written notice.  Such insurance may be furnished by Tenant under any blanket policy carried by it or under a separate policy thereof.  The insurance shall be with an insurance company with an "A" rating or better and licensed to do business in the state in which the Premises is located. A copy of the paid-up policy evidencing such insurance or a certificate of insurer certifying to the issuance of such policy shall be delivered to Landlord prior to entrance by Tenant upon the Leased Premises.

Section 9.03    <u>Other Insurance</u>.

A.    Tenant shall carry, at its expense, insurance against the following but not limited to: fire, vandalism, malicious mischief, and such other perils as are from time to time included in a standard extended coverage endorsement, insuring Tenant's merchandise, trade fixtures, furnishings, equipment and

all other items of personal property of Tenant located on or within the Leased Premises.

B.    Tenant shall not carry any stock or goods, or do anything in or about the Leased Premises, which will in any way tend to increase the insurance rates on the Leased Premises and/or the building of which they are a part.

C.    If Tenant installs any electrical equipment that overloads the lines in the Leased Premises or Office Building, the following but not limited to, Tenant shall, at its own expense, make whatever changes are necessary to comply with the requirements of the insurance underwriters and governmental authorities having jurisdiction. Tenant shall immediately cure said overloads at Tenant's sole cost and expense.

D.    If Tenant installs fixtures or equipment that overloads the structure in the Leased Premises or Office Building, the following but not limited to, Tenant shall, at its own expense, make whatever changes are necessary to comply with the requirements of the insurance underwriters and governmental authorities having jurisdiction. Tenant shall immediately cure said overloads at Tenant's sole cost and expense.

Section 9.04    <u>Covenant to Hold Harmless</u>.  Tenant shall indemnify, defend and save Landlord harmless from and against any and all claims, actions, damages, liability and expense in connection with loss of life, personal injury and/or damage to property loss of business or loss of stock arising from Tenant's use and occupancy of the Leased Premises and Office Building, other than that resulting from the gross negligence or intentional act of Landlord or its breach of the terms of this Lease Agreement.  In case Landlord shall, without fault on its part (as defined as negligence, intentional act or breach), be made a party to any litigation commenced by or against Tenant, Tenant shall protect and hold harmless and shall pay all costs, expenses and reasonable attorney fees incurred or paid by Landlord in connection with such litigation.  Similarly, Landlord shall indemnify and save Tenant harmless from and against any and all claims, actions, damages, liability and expense in connection with loss of life, personal injury and/or damage to property arising from Landlord's negligence or intentional act or its breach of the terms of this Lease Agreement.  In case Tenant shall, without fault on its own part (as defined as Tenant's own negligence, intentional act or breach of the Lease Agreement), be made a party to any litigation commenced by or against Landlord, Landlord shall protect and hold harmless and shall pay all costs, expenses, and reasonable attorney fees incurred or paid by Tenant in connection with such litigation.

Tenant shall give Landlord prompt notice of any claims

asserted.  Landlord shall have a choice of the right to defend, selection of counsel and course of defense.

Section 9.05 <u>Landlord's Insurance</u>.  From the Effective Date and continuing throughout the Term and any Extensions, Landlord shall maintain the following insurance on the Commercial Building including the common areas, parking areas, walkways, and driveways, naming Tenant as an additional insured: (I) commercial general liability and property damage insurance in the amount of not less than $1,000,000.00 for death or bodily injury or property damage of any one person and $1,000,000.00 for any one occurrence, (ii) fire and extended coverage insurance in an amount equal to the full replacement cost of any improvements located on the Apartment Building (excluding the improvements to the Leased Premises made by Tenant) established by agreed amount endorsement by Tenant, Landlord and the insurer, (iii) if applicable, workers' compensation insurance in statutory amounts, and (iv) contractual liability insurance.  Upon notice from Tenant, Landlord, its agents and contractors shall deliver to Tenant a certificate from its insurer declaring such insurance to be in full force and effect.

## ARTICLE X - UTILITY CHARGES

Section 10.01 <u>Utility Charges</u>.  Tenant shall be solely responsible for and promptly pay all charges for gas, telephone, electricity, cable, trash and any other utility used upon or furnished to the Leased Premises.  Utility deposits shall be the sole responsibility of Tenant.  If Landlord shall elect to supply any of the foregoing utilities used upon or furnished to the Leased Premises, Tenant agrees to purchase and pay for the same within thirty (30) days of the presentation by Landlord to Tenant. The obligation of Tenant to pay for such utilities shall commence as of the date on which possession of the Leased Premises is delivered to Tenant without regard to when the Rent Commencement Date may be. Landlord shall provide necessary utility hook-ups and meters at the Landlord's expense. If Tenant fails to pay utility bills in accordance with the terms of Additional Rent, then Landlord, with out liability, may discontinue utility service at any time in addition to any other remedies available.

Tenant shall be responsible for all fines for dumpster, trash, recycling which shall be considered added rent.

Landlord will supply at Landlord all sole costs and expense hot and cold water for Tenants HVAC systems.

## ARTICLE XI - ESTOPPEL LETTER, ATTORNMENT AND SUBORDINATION

Section 11.01 <u>Estoppel Letter</u>.  Tenant agrees, within thirty

(30) days after written request therefor by Landlord, to execute in the form provided a recordable form and deliver to Landlord a statement, in writing, certifying (a) that this Lease is in full force and effect, (b) the Commencement Date and the Rent Commencement Date, (c) that all rent is paid currently without any off-set or defense thereto, (d) the amount of rent, if any, paid in advance, (e) the amount of any security deposit held by Landlord hereunder, and (f) that there are no uncured defaults by Landlord or stating those claimed by Tenant; provided, that in fact such facts are accurate and ascertainable or stating any inaccuracies.

Section 11.02 <u>Attornment</u>. Tenant shall, in the event any proceedings are brought for the foreclosure of or in the event of exercise of the power of sale under any mortgage covering the Leased Premises, attorn to the purchaser upon any such foreclosure or sale and recognize such purchaser as the Landlord under this Lease, all at the option of such purchaser.

Section 11.03 <u>Subordination</u>. Tenant agrees that this Lease shall be subordinate to all mortgages that may affect the Apartment Building and to any and all advances to be made there under, and to the Interest thereon, and all renewals, replacements and extensions thereof; provided, that the holder(s) of such mortgages shall enter into a non-disturbance agreement with Tenant in substantially the form of <u>Exhibit "C"</u> attached hereto. Tenant also agrees that any mortgagor may elect to have this Lease as a prior encumbrance to its mortgage or deed of trust, and in the event of such election and upon notification by such mortgagor or trustee to Tenant to such effect, this Lease shall be deemed prior in lien to said mortgage or deed of trust, whether this Lease is dated prior to or subsequent to the date of said mortgage or deed of trust. Tenant agrees that upon the request of Landlord or any mortgagor, it shall execute whatever instruments may be reasonably required to further the intent of this <u>Section 11.03</u> and <u>Section 11.02</u>.

<u>ARTICLE XII - ASSIGNMENT AND SUBLETTING</u>

Section 12.01 (a)<u>Consent Required</u>. Tenant agrees not to assign or in any manner transfer this Lease or any estate or Interest herein without the prior consent of Landlord, and not to sublet the Leased Premises or any part or parts thereof or allow any one to come in with, through or under it without like consent, which consent shall not be unreasonably withheld. Notwithstanding the foregoing, Tenant may assign this Lease or sublet the Leased Premises to a person or entity acquiring the Tenant or stock of Tenant without the prior consent of Landlord, provided Landlord is given sixty (60) days prior notice of such proposed assignment or transfer and Tenant demonstrates to Landlord's reasonable satisfaction that the proposed assignee or subtenant has a net worth in excess of $2 million. If Tenant is a corporation, the

issuance or transfer of any shares of stock of said corporation other than by public offering which results in a change in the ownership of (i) the voting control and/or (ii) the majority of the issued and outstanding stock of said corporation, as compared with such ownership on the date of this Lease, shall be deemed to be an assignment as set forth in the preceding sentence not receiving Landlord's consent. Consent by Landlord to one or more assignments if this Lease or to one or more subletting of the Leased Premises shall not operate to exhaust Landlord's rights under this Article XII. If Tenant, with or without the previous consent of Landlord, does assign or in any manner transfers this Lease or any estate or Interest herein, Tenant shall in no way be released from any of its obligations under this Lease.

## ARTICLE XIII – WASTE

Section 13.01 Waste or Nuisance. Tenant shall not commit or suffer to be committed any waste upon the Leased Premises or any nuisance or other act or thing which may disturb the quiet enjoyment of any other tenant in the Office Building. Tenant shall not use, or permit to be used; any medium that might constitute a nuisance, such as loud speakers, sound amplifiers, phonographs, radios, televisions, or any other sound-producing device which will carry sound outside the Leased Premises.

## ARTICLE XIV – ADVERTISING

Section 14.01 Solicitation of Business. Tenant and Tenant's employees and agents may solicit business in the parking lot or other common areas, and may distribute handbills and other advertising matter in the parking area or in other common areas.

## ARTICLE XV – DESTRUCTION OF LEASED PREMISES

Section 15.01 Reconstruction of Damaged Premises. In the event the Leased Premises shall be partially or totally destroyed by fire or other casualty insured against under the insurance carried by Landlord pursuant to this Lease so as to become partially or totally untenantable, the damage to the Leased Premises shall be repaired by Landlord, unless Landlord or Tenant shall elect to terminate this Lease as hereinafter provided, and a the Minimum Rent shall be abated from the date of the casualty until rebuilding is substantially complete meaning such state of completion as to allow Tenant to perform its usual and customary function without interference. The obligation of Landlord hereunder shall be limited to reconstructing the Leased Premises in accordance with the specifications attached hereto as Exhibit B and shall be further limited to the insurance proceeds paid to Landlord respecting the casualty in question. In no event shall Landlord be required to repair or replace Tenant's merchandise, trade fixtures,

furnishings or equipment. If, during the last three (3) years of the term hereof, as the same may have been extended previously, more than twenty-five percent (25%) of the Leased Premises or Office Building shall be damaged or destroyed by fire or other casualty, then either Landlord or Tenant may by notice to the other given within 45 days after the date of the casualty, elect to terminate this Lease effective as of the date of the casualty. If Landlord is required to repair or rebuild the Leased Premises as herein provided, Tenant shall repair or replace its merchandise, trade fixtures, furnishings and equipment in a manner and to at least a condition equal to that prior to its damage or destruction. Anything else herein to the contrary notwithstanding, upon report of casualty, Landlord shall have an engineering report performed by a reputable company which regularly performs casualty assessments, based upon the report, in the event of any damage or destruction to the Leased Premises by fire or other casualty wherein such damage or destruction is not substantially repaired with 120 days after Landlord's receipt of insurance proceeds with respect to such damage or destruction, but in no event later than one hundred eighty (180) days following such casualty, Tenant may, upon 30 days' notice to Landlord, terminate this Lease, unless the Leased Premises shall be substantially repaired during such 30-day period.

Section 15.02  <u>Waiver of Subrogation</u>.  Each party hereto does remise, release and discharge the other party hereto and any commercial, agent, employee or representative of such party, of and from any liability whatsoever hereafter arising from loss, damage or injury caused by fire or other casualty for which insurance (permitting waiver of liability and containing a waiver of subrogation) is carried by the injured party at the time of such loss, (or is required to be carried pursuant to this Lease). Each party shall obtain such a waiver in all appropriate policies carried by it, if available without additional charge.

ARTICLE XVI - EMINENT DOMAIN

Section 16.01  <u>Total Condemnation of Leased Premises</u>.  If the whole of the Leased Premises shall be taken by any public authority under the power of eminent domain, or by deed in lieu thereof, the term of this Lease shall cease as of the day possession shall be taken by such public authority and all rent shall be paid up to that day with a proportionate refund by Landlord of any rent as may have been paid in advance for a period subsequent to the date of taking.

Section 16.02  <u>Partial Condemnation</u>.  If more than twenty-five percent (25%) of the Leased Premises or more than fifty percent (50%) of the common areas shall be taken under eminent domain, or by deed in lieu thereof, Landlord and Tenant shall each have the right to terminate this Lease and declare the same null and void,

by notice of such intention to the other party within thirty (30) days after such taking. In the event neither party exercises said right of termination, the term shall cease only as to the part of the Leased Premises so taken as of the day of possession of such public authority and Tenant shall pay rent respecting such part up to such day, with appropriate refund by Landlord of any rent as may have been paid in advance for a period subsequent to the date of taking, and thereafter all the terms herein provided shall continue in effect, except that the Minimum Rent and Tenant's Proportionate Share shall be reduced in proportion to the amount of any of the Leased Premises taken, and Landlord shall, at its own cost and expense, make all necessary repairs or alterations to the Leased Premises as originally installed by Landlord, so as to constitute the remaining Leased Premises a complete architectural unit, limited, however, as to cost, to the amount of the award received by Landlord on account of such taking.

Section 16.03 <u>Awards</u>. With respect to any taking by a public authority under the power of eminent domain, or by deed in lieu thereof, Tenant shall be entitled to bring a claim against the condemning authority for a separate award to compensate Tenant for damage to its trade fixtures and inventory, Tenant's business relocation costs and the like; provided, that in no event shall Tenant be entitled to compensation for the loss of its leasehold.

Section 16.04 <u>Notice of Condemnation</u>. Landlord shall promptly give Tenant written notice of and condemnation proceedings affecting the Leased Premises or the Office Building.

<u>ARTICLE XVII - DEFAULT BY TENANT</u>

Section 17.01 <u>Default</u>. Tenant shall be in default hereunder if (a) Tenant fails to pay, when due, Minimum Rent, Additional Rent or any other sums due under this Lease and such default shall continue for more than one thousand (1000) days after written notice from Landlord to Tenant; or (b) Tenant fails to observe and perform any of the other terms, covenants and/or conditions of this Lease and such default shall continue for more than one thousand (1000) days after written notice from Landlord to Tenant; or (c) Tenant fails to pay when due the Minimum Rent, Additional Rent or any other sums payable under this Lease twelve (12) or more times in a period of twelve (12) consecutive months; or (d) the Leased Premises shall be abandoned, deserted or vacated, or if Tenant fails to take possession of the Leased Premises and initially open for business to the public as required hereunder. If the nature of a default under Section 17.01(b) is such that it cannot reasonably be cured within the aforesaid cure period, and work thereon shall be commenced within said period and diligently prosecuted to completion, then Landlord's rights under Section 17.02 with respect to such default only shall be inapplicable. The Leased Premises

and all trade fixtures, equipment and inventory therein shall be conclusively deemed abandoned by Tenant upon (a) five (5) consecutive days absence from the Leased Premises, together with the failure to pay Minimum Rent, Additional Rent or (b) removal of all or a substantial portion of Tenant's trade fixtures, equipment or inventory from the Leased Premises, together with a failure to pay Minimum Rent.  In either such event and in addition to Landlord's remedies set forth in Section 17.02, Landlord may enter the Leased Premises and may remove all remaining trade fixtures, equipment and inventory at Tenant's expense.  All such property shall, at Landlord's option, become the property of Landlord, or said property may be placed in storage at Tenant's cost and expense, or sold or otherwise disposed of, in which event the proceeds of such sale or other disposition shall belong to Landlord.

Section 17.02   Landlord's Rights Upon Default.

A.   In the event of any default by Tenant, Landlord may (1) cure Tenant's default at Tenant's cost and expense, and/or (2) enter the Leased Premises and remove all persons and all or any property there from, by any suitable action or proceeding at law, and repossess and enjoy the Leased Premises, with all additions, alterations and improvements, and Landlord may, at its option, reasonably repair, alter, remodel and/or change the character of the Leased Premises as it may deem fit, and/or (3) at any time relet the Leased Premises or any part or parts thereof, as the agent of Tenant or in Landlord's own right, and/or (4) terminate this Lease upon not less than five (5) days notice to Tenant.  The exercise by Landlord of any right granted in this Section 17.02 shall not relieve Tenant from the obligation to make all rental payments, and to fulfill all other covenants required by this Lease, at the time and in the manner provided herein, and if Landlord so desires all current and future rent and other monetary obligations due hereunder, less the fair rental value of the Leased Premises, shall become immediately due and payable, provided that such sum does not exceed twelve (12) months of the current rent. Tenant, throughout the remaining term hereof, shall pay Landlord, no later than the last day of each month during the term, the then current excess, if any, of the sum of the unpaid rentals and costs to Landlord resulting from such default by Tenant over the proceeds, if any, received by Landlord from any reletting of the Leased Premises, but Landlord shall have no liability to account to Tenant for any excess.  If Landlord attempts to relet the Leased Premises, Landlord act reasonably with respect to whether or not a proposed tenant is suitable and acceptable. Nothing contained herein shall relieve Landlord of its duty to mitigate damages.

B.   In the event of a breach by Tenant of any of the covenants or provisions hereof, Landlord shall have, in addition to

any other remedies which it may have the right to invoke, any remedy allowed at law or in equity to enforce Landlord's rights.

Section 17.03  Non-Waiver Provisions.

A.  The failure of Landlord to insist upon a strict performance of any of the terms, conditions or covenants herein shall not be deemed to be a waiver of any rights or remedies that Landlord may have and shall not be deemed a waiver of any subsequent breach or default in the terms, conditions and covenants herein contained, except as may be expressly waived in writing.

B.  The maintenance of any action or proceeding to recover possession of the Leased Premises, or any installment or installments of rent or any other monies that may be due or become due from Tenant to Landlord, shall not preclude Landlord from thereafter instituting and maintaining subsequent actions or proceedings for the recovery of possession of the Leased Premises or of any other monies that may be due or become due from Tenant. Any entry, re-entry or Lockout by Landlord shall not be deemed to absolve or discharge Tenant from liability hereunder.

Section 17.04  Landlord's Expenses.  If Tenant shall at any time be in default hereunder, and if Landlord shall deem it necessary to engage attorneys to enforce Landlord's rights hereunder, the determination of such necessity to be in the sole reasonable discretion of Landlord, Tenant will reimburse Landlord for the reasonable expenses incurred thereby, including but not limited to court costs, reasonable administrative charges and reasonable attorney's fees, both at trial and on appeal, if Landlord prevails in said litigation.

ARTICLE XVIII - ACCESS BY LANDLORD

Section 18.01  Right of Entry.  Landlord or Landlord's agent shall have the right to enter the Leased Premises at all reasonable times, upon prior notice to, and accompanied (except where imminent danger to person or property is threatened) by, Tenant to examine the same and to show them to prospective purchasers or mortgagors respecting the Office Building, and to make such repairs, alterations, improvements or additions as Landlord may deem necessary or desirable (without unreasonably disrupting Tenant's business and using its best effort to minimize such disruption) and Landlord shall be allowed to take all material into and upon the Leased Premises that may be required therefor without the same constituting an eviction of Tenant in whole or in part, and the rent reserved shall in no way abate while said repairs, alterations, improvements or additions are being made, by reason of loss or interruption of business of Tenant, or otherwise. During the twelve (12) months prior to the expiration of the term of this

Lease, Landlord may exhibit the Leased Premises to prospective tenants and place upon the Leased Premises the usual notice "Available", "For Sale" or "For Rent", which notices Tenant shall permit to remain thereon without molestation.

ARTICLE XIX - TENANT'S PROPERTY/PERSONS

Section 19.01 Loss and Damage. Landlord shall not be responsible or liable to Tenant, its employees, customers, guests or invitees for any loss, damage or personal injury that may be occasioned by or through the acts or omissions of persons occupying adjoining premises or any part of the premises adjacent to or connected with the Leased Premises or any part of the building of which the Leased Premises are a part, or for any loss or damage resulting to Tenant or its property from bursting, stoppage or leakage of water, gas, sewer or steam pipes or for any damage of property within the Leased Premises from any cause whatsoever unless such damage is caused by the intentional act or negligence or breach of this Lease by Landlord, its agents, contractors or employees.

Section 19.02 Notice by Tenant. Tenant shall give immediate notice to Landlord in case of fire or accidents in the Leased Premises or in the building of which the Leased Premises are a part or in the case of defects therein or in any fixtures or equipment.

ARTICLE XX - HOLDING OVER AND SURRENDER OF LEASED PREMISES

Section 20.01 Holding Over. Any holding over by Tenant or anyone acting through Tenant after the expiration of the term or default without the consent of the Landlord, shall be construed to be a tenancy from month to month (at 10%) of the last adjusted monthly Minimum Rent herein specified), and shall otherwise be on the same terms and conditions herein specified so far as applicable.

Section 20.02 Surrender of Premises.

A. At the expiration of the tenancy hereby created, Tenant shall surrender the Leased Premises in good condition, reasonable wear and tear excepted, and damage by unavoidable casualty excepted to the extent that the same is covered by Landlord's fire insurance policy with extended coverage endorsement, and Tenant shall surrender all keys for the Leased Premises to Landlord at the place then fixed for the payment of rent and shall inform Landlord of all combinations on locks, safes and vaults, if any, in the Leased Premises. Tenant's obligation to observe and perform this covenant shall survive the expiration or other termination of the term. If Tenant shall default in so surrendering the Leased Premises, Tenant's occupancy, subsequent to such expiration, shall be deemed

to be that of a tenancy at will and in no event shall it be deemed from month to month or from year to year, and it shall be subject to all the terms, covenants and conditions of this Lease applicable thereto, except that Minimum Rent shall be ten percent (10%) the amount payable in the last Lease Year, and no extension or renewal of this Lease shall be deemed to have occurred by such holding over.

B.   Prior to the expiration or sooner termination of this Lease, Tenant shall remove any and all trade fixtures, inventory and other unattached items which Tenant may have installed, stored or left in the Leased Premises or elsewhere in the Commercial Building, including but not limited to counters, shelving, showcases, chairs and movable machinery purchased or provided by Tenant and which are susceptible to being moved without damage to the building.   Tenant shall repair any damage to the Leased Premises caused by its removal of such fixtures and movables.   In the event Tenant does not make such repairs, Tenant shall be liable for and agrees to pay Landlord's costs and expenses in making such repairs, together with a sum equal to one hundred percent (100%) of such costs and expenses to cover Landlord's overhead in making such repairs for Tenant.   Tenant shall not remove any plumbing or electrical fixtures or equipment, heating or air conditioning equipment, floor coverings (including, but not limited, to wall to wall carpeting), walls or ceilings, all of which shall be deemed to constitute a part of the reversionary Interest of Landlord, nor shall Tenant remove any fixtures or machinery that were furnished or paid for by Landlord (whether initially installed or replaced). The Leased Premises shall be left in a broom-clean condition.   If Tenant shall fail to remove its trade fixtures or other property as provided for in this <u>Section 20.02</u>, such fixtures and other property not removed by Tenant shall be deemed abandoned by Tenant and at the option of Landlord shall become the property of Landlord, or at Landlord's option may be removed by Landlord at Tenant's expense plus fifteen percent (15%) as hereinabove provided, or placed in storage at Tenant's expense, or sold or otherwise disposed of, in which event the proceeds of such sale or other disposition shall belong to Landlord, but shall offset any amounts owed by Tenant hereunder.   This <u>Section 20.02</u> shall survive the expiration or termination of the term.

Section 20.03  <u>Successors</u>.  All rights and liabilities herein given to, or imposed upon, the respective parties hereto shall extend to and bind the several respective heirs, legal representatives, successors and assigns of the parties, as the case may be.   If there shall be more than one Tenant, they shall all be bound jointly and severally by the terms, covenants and agreements herein.   No rights, however, shall inure to the benefit of any assignee of Tenant unless the assignment to such assignee has been approved by Landlord as provided in <u>Section 12.01</u>.

ARTICLE XXI - RULES AND REGULATIONS

Section 21.01  Rules and Regulations.  Tenant shall comply with and observe all reasonable rules and regulations established by Landlord from time to time, so long as they apply uniformly to all tenants of the Apartment Building and do not conflict with the terms of this Lease, increase any liability or obligation of Tenant, or diminish any of its right hereunder.  Landlord shall provide Tenant with copies of any new rules and regulations, or modifications to the same, at least thirty (30) days prior to the effective date of such rules and regulations.  Tenant's failure to keep and observe said rules and regulations shall constitute a breach of this Lease in the same manner as if the same were contained herein as covenants.

ARTICLE XXII - QUIET ENJOYMENT

Section 22.01  Landlord's Covenant.  Upon payment by Tenant of the rents herein provided, and upon the observance and performance of all the covenants, terms and conditions on Tenant's part to be observed and performed, Tenant shall peaceably and quietly hold and enjoy the Leased Premises for the term without hindrance or interruption by Landlord or any other person or persons lawfully or equitably claiming by, through or under Landlord, subject, nevertheless, to the terms and conditions of this Lease, and (subject to Article XI) any mortgages to which this Lease may be subordinate.

ARTICLE XXIII

INTENTIONALLY OMITTED

Section 24.03  Tenant's Responsibilities.

A.  All alterations made in the Leased Premises by Tenant or any other tenant of the Leased Premises shall be in accordance with and shall comply with all applicable Environmental Laws and the applicable requirements of all Enforcement Agencies.

B.  Within One Hundred Eighty (180) days after request therefor, Tenant shall provide all information requested from time to time by Landlord, or by any Enforcement Agency, for the preparation of notices, submissions or affidavits.  Within One Hundred Eighty (180) days after request therefor, Tenant shall execute and deliver any document reasonably required in order for Landlord or Tenant to comply with any Environmental Law.

C.  Tenant shall promptly deliver to Landlord copies of all notices made by it to, or received by it from, any Enforcement Agency or from the United States Occupational Safety and Health Administration concerning environmental matters or Hazardous

Substances at the Leased Premises.

D.    Tenant shall indemnify, defend and hold Landlord harmless of and from any and all claims arising by reason of any violation by Tenant of the provisions of any environmental concerns and this indemnity shall survive the expiration or other termination of this Lease.

ARTICLE XXV - MISCELLANEOUS

Section 25.01  Waiver.  One or more waivers by Landlord of any covenant or condition shall not be construed as a waiver of a subsequent similar act by Tenant.  No breach of a covenant or condition of this Lease shall be deemed to have been waived by Landlord, unless such waiver is in writing and is signed by Landlord.

Section 25.02  Entire Agreement.  This Lease and the Exhibits attached hereto and forming a part hereof, set forth all the covenants, promises, agreements, conditions and understandings between Landlord and Tenant concerning the Leased Premises and there are no covenants, promises, agreements, conditions or understandings, either oral or written, between them other than as are herein set forth.  No alterations, amendments, changes or additions to this Lease shall be binding upon Landlord or Tenant unless reduced to writing and signed by each party.

Section 25.03  Interpretation and Use of Pronouns.  Nothing contained herein shall be deemed or construed by the parties hereto, nor by any third party, as creating the relationship of principal and agent or of partnership or of joint venture between the parties hereto, it being understood and agreed that neither the method of computation of rent, nor any other provisions contained herein, nor acts of the parties hereunder, shall be deemed to create any relationship between the parties hereto other than the relationship of landlord and tenant.  Whenever herein the singular number is used, the same shall include the plural, and the masculine gender shall include the feminine and neuter genders.

Section 25.04  Delays.  In the event that either party shall be delayed or hindered in or prevented from the performance of any act required hereunder by reason of strikes, lockouts, labor troubles, inability to procure materials, failure of power, riots, insurrection, war or other reason of a like nature not the fault of the party delayed in performing work or doing acts required under this Lease, then performance of such act shall be excused for the period of the delay and the period for the performance of any such act shall be extended for a period equivalent to the period of such delay.  The party entitled to such extension hereunder shall give notice as soon as possible to the other party of its claim of right

to such extension and the reason(s) therefor.  Notwithstanding the foregoing, the provisions of this <u>Section 25.04</u> shall not operate to excuse Tenant from prompt payment of rent or any other payments required by this Lease.

Section 25.05  <u>Notices</u>.  Any notice, demand, request or other communication which may be or is required to be given under this Lease shall be given by United States certified mail, return receipt requested, postage prepaid and shall be addressed (a) if to Landlord, at the address first hereinabove given or at such other address as Landlord may designate by notice, and (b) if to Tenant, at its address first hereinabove specified or at such other address as Tenant shall designate by notice.  All such communications shall be deemed given five (5) days from when deposited, properly addressed postage paid, in the United States mail, as herein provided, regardless of whether the same is undelivered or the addressee should refuse to accept delivery thereof for any reason.

Section 25.06  <u>Captions and Section Numbers</u>.  The captions, section numbers and article numbers appearing in this Lease are inserted only as a matter of convenience and in no way define, limit, construe or describe the scope or intent of such sections or articles nor in any way affect this Lease.

Section 25.07  <u>Broker's Commission</u>.  Each of the parties represents and warrants that there are no claims for brokerage commissions or finder's fees nor has any party dealt with any broker or agent in connection with the execution of this Lease and for which each of the parties agrees to indemnify the other against, and hold it harmless from, all liabilities arising from any such claims made through it (including, without limitation, the cost of reasonable counsel fees in connection therewith).

Section 25.08  <u>Recording</u>.  Tenant shall not record this Lease without the consent of Landlord.

Section 25.09  <u>Furnishing of Financial Statement</u>.  Upon Landlord's request, in order to aid Landlord in financing or refinancing the Office Building, Tenant shall promptly furnish Landlords Lender, within One Hundred Eighty (180) days of request from Landlord or Lender, non-certified financial information reflecting Tenant's current financial condition. Tenant is only required to provide once within a 365day period.  Said statements are to held in the strictest confidence and shall only be disclosed to Landlord's accountants and lawyers for purposes of financing or refinancing the Office Building and for no other purpose.

Section 25.10  <u>Transfer of Landlord's Interest</u>.  In the event of any transfer of Landlord's Interest in the Leased Premises, the transferor shall be automatically relieved of any and all

obligations and liabilities on the part of the Landlord accruing from and after the date of such transfer.

Section 25.11  Interest on Past Due Obligations.  Any amount due from Tenant to Landlord hereunder which is not paid when due shall bear Interest at the rate of eighteen percent (18%) per annum compounded from the default date until paid, but the payment of such Interest shall not excuse or cure any default by Tenant under this Lease.

Section 25.12  Liability of Landlord.  If Landlord shall fail to perform any covenant, term or condition of this Lease upon Landlord's part to be performed, and if, as a consequence of such default, may set off such amounts from minimum rent, additional rent or other sums due hereunder provided Tenant incurs and pays such cost or expense.  Tenant shall recover a money judgment against Landlord, such judgment shall be satisfied only out of the proceeds of sale received upon execution of such judgment and levied thereon against the right, title and Interest of Landlord in the Office Building and out of rents and other income from such property receivable by Landlord, and neither Landlord nor any of its shareholders and/or partners shall be liable for any deficiency.

Section 25.13  Accord and Satisfaction.  No payment by Tenant or receipt by Landlord of a lesser amount than the rents herein stipulated shall be deemed to be other than on account of the earliest stipulated rent, nor shall any endorsement or statement on any check or any letter accompanying any check or payment as rent be deemed an accord and satisfaction and Landlord may accept such check or payment without prejudice to Landlord's right to recover the balance of such rent or pursue any other remedy in this Lease provided.

Section 25.14  Laws of the State Where the Premises are Situated.  This Lease shall be governed by, and construed in accordance with, the laws of the State wherein the Leased Premises are situated.  If any provision of this Lease or the application thereof to any person or circumstances shall, to any extent, be invalid or unenforceable, the remainder of this Lease shall not be affected thereby and each provision of the Lease shall be valid and enforceable to the fullest extent permitted by the law.

"LANDLORD"
Jenkins Court Realty Co. L.P.
By Its General Partner

By: _____
      Philip Pulley, President its GP

"TENANT"
Jenkins Storage. LLC

By: _____

"TENANT"

By: _____
      LISA MAUKE president

## Exhibit A

## Landlord Work

1.   "As Is Where Is"
2.   No Landlord Work

Case 2:25-cv-00044-GAM   Document 32-5   Filed 06/02/25   Page 1 of 23

# Exhibit C

Case 2:25-cv-00044-GAM    Document 32-5    Filed 06/02/25    Page 2 of 23

**OFFERING MEMORANDUM**

**CALL FOR OFFERS: OCTOBER 4th | 30,487 NRSF | 340 UNITS | JENKINTOWN, PA**



# Jenkins Storage

# Exclusively Listed By Urow Real Estate



**Listing Agent:**

**ZACHARY UROW**
*Founder / President*

**201.572.4021**
**zachary@urowrealestate.com**

**In Association with Scott Reid & ParaSell, Inc. | A Licensed Pennsylvania Broker #RB069068**

**SCOTT REID**
*ParaSell, Inc. / Broker*

**949.942.6578**
**scott@parasellinc.com**

## DISCLAIMER & CONFIDENTIAL INFORMATION

Urow Real Estate has been retained as the exclusive advisor and broker in the sale of the property. The information contained herein has been prepared from sources believed to be reliable but has not been independently verified by the Broker as to accuracy or completeness. No warranties or representations, express or implied, are made as to the information presented herein. Warranties or representations can only be made by the Seller or Owner in a written and fully executed purchase and sale agreement between Seller and Purchaser. Projections in the presentation are based on assumptions and interpretations based on future events, market conditions, managerial operations beyond the control of Broker, Seller or Owner, and, therefore, subject to error and change without notice. The prospective purchaser is encouraged to perform such independent due diligence as he or she finds appropriate. Typically, due diligence activities provide a more comprehensive review and analysis of all aspects of the property (including, but not limited to, financial matters, market conditions, physical condition, regulatory issues and title status) than the material contained herein. This presentation is for information purposes only and is not a solicitation of any nature whatsoever. Seller and Broker reserve the right, at their sole and absolute discretion, to reject any offer. By accepting this Offering Memorandum, you acknowledge that you are a principal and not an agent of or acting on behalf of any other party in connection with the acquisition and will not look to the broker, owner or owner's lender for any fees or commissions associated with the transaction.

### CONTACT US FOR DETAILS & INFO

Interested buyers must address all communications, inquiries, site visit requests, and Letters of Intent to the **Urow Real Estate** team members shown to the left, as they are representatives of the Seller.

**Urow Real Estate** will notify prospective purchasers of a call for offers date.

# Table of Contents



**01 EXECUTIVE SUMMARY**
Executive Overview, Investment Highlights, Property Summary

**02 UNIT MIX**
Unit Mix

**03 FINANCIALS**
Cash Flow Projection

**04 MARKET OVERVIEW**
MSA Overview, Market Overview, Retailer Map, Incoming Residential Properties Map, Demographics, Market Rental Rates Analysis

**05 PROPERTY PHOTOS**
Property Photos



# Executive Overview

Case: 25-2598    Document: 19    Page: 1072    Date Filed: 11/24/2025

This is an exclusive opportunity to acquire Jenkins Storage, located 10 minutes from Philadelphia in a retail corridor less than a mile from Trader Joe's and Whole Foods. The facility encompasses 30,487 NRSF and is situated within an attractive art deco complex that includes tenants such as Regus and Outback Steakhouse, directly across the street from Bank of America and FedEx.

| | |
|---|---|
| **Property Name** | Jenkins Storage |
| **Address** | 610 Old York Rd., Jenkintown, PA 19046 |
| **Land Size** | 7.91 Acres |
| **Total NRSF** | 30,487 NRSF |
| **Total Units** | 340 Units |
| **Non-Climate Controlled Drive Up Units** | 340 Units |
| **Occupancy % (Units/SF)** | 81.7% |
| **Economic Occupancy % (Year 1)** | 77.0% |
| **Number of Buildings** | 1 |
| **Year Built** | 2005 |
| **Annual Average Daily Traffic** | 27,715 VPD |



# Investment Highlights

Case: 25-2598    Document: 19    Page: 1073    Date Filed: 11/24/2025



| | | |
|---|---|---|
| **Strong Occupancy** | 81.7% Physical Occupancy, With Current Rates 13%-83% Below Market Rental Rates. |
| **Demographic Advantage** | Densely Populated with 467,562 Residents in a 5-Mile Radius, and a Median Household Income of $109,868 in a 1-Mile Radius and $95,798 in a 3-Mile Radius. |
| **Strategic Location Advantage** | Strategically Located 10 Minutes from Philadelphia in a Thriving Commercial Area, Less than a Mile from Major Retailers Such As Trader Joe's and Whole Foods. High Visibility is Boosted by Proximity to Prominent Establishments like Bank of America, Starbucks, and FedEx. |
| **Strong Demand Potential** | Supply Stands at 3.01 NRSF per Capita Within a 5-Mile Radius of the Property. |
| **High Traffic Around the Facility Area** | This Facility Sits in an Area that Experiences an Average Annual Daily Traffic of ~27,715 Vehicles Per Day. |

# Property Summary

| | |
|---|---|
| County | Montgomery County |
| Parcel Number | 10-00-05364-00-8 |
| # of Entries | 2 |
| # of Stories | 5 |
| # of Elevators | 3 |
| Foundation | Concrete |
| Framing | Concrete |
| Exterior | Metal |
| Roof Type | Limestone |
| Fencing Type | N/A |
| Gate Type | N/A |
| Driveway Material | Asphalt |
| Flood Zone | No |
| Security System | StorEdge |
| Management Software | N/A |
| # of Employees | N/A |
| Signage | Yes – Banner at Entry on Old York Rd. |
| Roof Age | 4 Years |
| Office Hours of Operation | Monday-Saturday: 10AM-6PM |
| Recent Capital Expenditures | None |

## Property Details

| | | | | |
|---|---|---|---|---|
| **POPULATION DENSITY (5-MILE):** | 467,562 | | **LAND SIZE (ACRES):** | 7.91 |
| **NET RENTABLE SQUARE FEET:** | 30,487 | | **OCCUPANCY (UNITS/SF):** | 81.7% |
| **TOTAL UNITS:** | 340 | | **NUMBER OF BUILDINGS:** | 1 |

## Features and Amenities

- 24-hour Access
- Digital Video Surveillance
- Drive-up Access
- Great Customer Service

- Online Bill Pay
- Boxes & Supplies
- Onsite Security
- Variety of Unit Sizes Available





Appx1081

Case: 25-2598    Document: 19    Page: 1074    Date Filed: 11/24/2025

Case: 25-2598   Document: 19   Page: 1075   Date Filed: 11/24/2025

# Jenkins Storage



UNIT MIX

Unit Mix       Jenkins Storage       610 Old York Rd., Jenkintown, PA 19046   8

| Unit Details | | | | | | Current Operating Metrics | | | | Market | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Type | Size | | Total Units | Unit SF | Total SF | Occupancy % | In-Place By Unit Type | In-Place By PSF | In-Place GPI | Market By Unit Type | Market By PSF | Market GPR | % Over (Under) Market |
| Non-Climate Controlled Drive Up | 5.0 x 5.0 | | 82 | 25 | 2,050 | 69.5% | $61 | $2.43 | $4,977 | $87 | $3.48 | $7,134 | -30% |
| Non-Climate Controlled Drive Up | 7.5 x 5.0 | | 3 | 37.5 | 113 | 33.3% | $65 | $1.73 | $195 | $65 | $1.73 | $195 | 0% |
| Non-Climate Controlled Drive Up | 5.0 x 7.5 | | 3 | 37.5 | 113 | 100.0% | $80 | $2.13 | $240 | $80 | $2.13 | $240 | 0% |
| Non-Climate Controlled Drive Up | 8.0 x 6.0 | | 2 | 48 | 96 | 100.0% | $93 | $1.93 | $185 | $93 | $1.93 | $185 | 0% |
| Non-Climate Controlled Drive Up | 10.0 x 5.0 | | 19 | 50 | 950 | 94.7% | $98 | $1.97 | $1,868 | $128 | $2.55 | $2,426 | -23% |
| Non-Climate Controlled Drive Up | 5.0 x 10.0 | | 35 | 50 | 1,750 | 85.7% | $98 | $1.96 | $3,425 | $128 | $2.55 | $4,468 | -23% |
| Non-Climate Controlled Drive Up | 10.0 x 7.5 | | 28 | 75 | 2,100 | 82.1% | $122 | $1.62 | $3,409 | $122 | $1.62 | $3,409 | 0% |
| Non-Climate Controlled Drive Up | 7.5 x 10.0 | | 32 | 75 | 2,400 | 84.4% | $121 | $1.61 | $3,876 | $121 | $1.61 | $3,876 | 0% |
| Non-Climate Controlled Drive Up | 8.0 x 10.0 | | 1 | 80 | 80 | 100.0% | $135 | $1.69 | $135 | $135 | $1.69 | $135 | 0% |
| Non-Climate Controlled Drive Up | 10.0 x 9.0 | | 0 | 90 | 0 | 0.0% | $0 | $0.00 | $0 | $165 | $1.83 | $0 | NA |
| Non-Climate Controlled Drive Up | 10.0 x 10.0 | | 50 | 100 | 5,000 | 92.0% | $140 | $1.40 | $7,011 | $183 | $1.83 | $9,150 | -23% |
| Non-Climate Controlled Drive Up | 15.0 x 10.0 | | 36 | 150 | 5,400 | 83.3% | $152 | $1.02 | $5,487 | $228 | $1.52 | $8,190 | -33% |
| Non-Climate Controlled Drive Up | 20.0 x 10.0 | | 39 | 200 | 7,800 | 79.5% | $165 | $0.83 | $6,450 | $269 | $1.34 | $10,481 | -38% |
| Non-Climate Controlled Drive Up | 10.0 x 20.0 | | 1 | 200 | 200 | 0.0% | $0 | $0.00 | $0 | $269 | $1.34 | $269 | -100% |
| Non-Climate Controlled Drive Up | 25.0 x 10.0 | | 6 | 250 | 1,500 | 100.0% | $219 | $0.88 | $1,315 | $400 | $1.60 | $2,400 | -45% |
| Non-Climate Controlled Drive Up | 30.0 x 10.0 | | 1 | 300 | 300 | 100.0% | $355 | $1.18 | $355 | $403 | $1.34 | $403 | -12% |
| Non-Climate Controlled Drive Up | 39.0 x 14.0 | | 1 | 546 | 546 | 100.0% | $0 | $0.00 | $0 | $400 | $0.73 | $400 | -100% |
| Non-Climate Controlled Drive Up | 6.0 x 15.0 | | 1 | 90 | 90 | 0.0% | $138 | $1.53 | $138 | $138 | $1.53 | $138 | 0% |
| | | | 340 | 90 | 30,487 | 81.5% | $115 | $1.28 | $39,067 | $157 | $1.75 | $53,498 | -27% |

Appx1083





| | CYE 2023 | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|---|
| **Revenue** | | | | | | |
| Gross Potential Rent | | 653,872 | 680,512 | 708,237 | 737,092 | 767,122 |
| *% Growth* | | *4%* | *4%* | *4%* | *4%* | *4%* |
| Vacancy | | (86,486) | (54,441) | (56,659) | (58,967) | (61,370) |
| *Average Physical Occupancy* | | *87%* | *92%* | *92%* | *92%* | *92%* |
| Rental Variance to Market | | (42,554) | - | - | - | - |
| *% of GPR Less Vacancy* | | *(8%)* | - | - | - | - |
| Concessions, Discounts, & Write-Offs | | (20,783) | (24,792) | (25,803) | (26,854) | (27,948) |
| *% of GPR* | | *(3%)* | *(4%)* | *(4%)* | *(4%)* | *(4%)* |
| | | | | | | |
| **Net Rental Income** | **$467,882** | **$504,049** | **$601,279** | **$625,776** | **$651,271** | **$677,805** |
| *% Growth* | | *8%* | *19%* | *4%* | *4%* | *4%* |
| ***Economic Occupancy*** | | ***77%*** | ***88%*** | ***88%*** | ***88%*** | ***88%*** |
| | | | | | | |
| Fee Income | - | 17,771 | 19,319 | 20,092 | 20,895 | 21,731 |
| Moving Service | 24,770 | 25,000 | 26,000 | 27,040 | 28,122 | 29,246 |
| Tenant Insurance Income | - | 14,155 | 23,422 | 30,449 | 31,667 | 32,934 |
| Cleaning Service | 9,872 | 11,000 | 11,440 | 11,898 | 12,374 | 12,868 |
| Retail Sales | 32,154 | 33,432 | 39,881 | 41,506 | 43,197 | 44,956 |
| **Total Ancillary Income** | **$66,796** | **$101,358** | **$120,062** | **$130,984** | **$136,254** | **$141,736** |
| | | | | | | |
| **Total Income** | **$534,678** | **$605,407** | **$721,341** | **$756,760** | **$787,525** | **$819,541** |
| *% Growth* | | *13%* | *19%* | *5%* | *4%* | *4%* |
| **Expenses** | | | | | | |
| Advertising, Marketing, & Call Center | (1,200) | (8,060) | (8,382) | (8,718) | (9,066) | (9,429) |
| Credit Card Fees | (425) | (6,944) | (8,283) | (8,620) | (8,972) | (9,337) |
| Misc. Admin (including CAM) | (18,068) | (19,831) | (22,364) | (24,477) | (25,456) | (26,474) |
| Payroll | (26,000) | (30,000) | (31,200) | (32,448) | (33,746) | (35,096) |
| Property Insurance | (3,826) | (5,000) | (5,200) | (5,408) | (5,624) | (5,849) |
| Professional Fees | - | (1,000) | (1,040) | (1,082) | (1,125) | (1,170) |
| Property Management Fees | - | (30,270) | (36,067) | (37,838) | (39,376) | (40,977) |
| Real Estate Taxes | (12,000) | (24,000) | (24,960) | (25,958) | (26,997) | (28,077) |
| Repairs & Maintenance | (4,795) | (5,000) | (5,200) | (5,408) | (5,624) | (5,849) |
| Utilities | (12,616) | (13,000) | (13,520) | (14,061) | (14,623) | (15,208) |
| **Total Operating Expenses** | **($78,930)** | **($143,105)** | **($156,217)** | **($164,018)** | **($170,610)** | **($177,467)** |
| | | | | | | |
| **Net Operating Income (NOI)** | **$455,748** | **$462,302** | **$565,124** | **$592,742** | **$616,915** | **$642,075** |
| *% NOI Margin* | *85%* | *76%* | *78%* | *78%* | *78%* | *78%* |

## Operating Assumptions

**Revenue:**
- **GPR –** Adjusting Rents to Current Market Rents
- **Vacancy –** Currently Stands at 82%, and will Stabilize at 92% at the End of Year 1
- **Rental Variance to Market –** Increasing to Market Rates Beginning of Year 2
- **Concessions, Discounts & Write-Offs –** Stabilizes at 4.0% of Rental Income by Year 2
- **Economic Occupancy –** Stabilizes at 88% by Year 2
- **Fee Income -** Stabilizes at 2.3% of NRI (Admin Fees & Late Fees)
- **Moving Service –** Rate of Moving Service is $2,064/Mo.
- **Tenant Insurance Income –** $10 Net Per Policy and Stabilizes at 75% Penetration
- **Cleaning Service –** $11,000 in Year 1; Growing at 4%/Yr
- **Retail Sales –** ~7.0% NRI (Net)

**Expenses:**
- **Advertising, Marketing, Call Center –** $8,060 Advertising & Marketing in Year 1, Growing at 4%
- **Credit Card Fees –** 1.5% of Net Revenues
- **Misc. Admin –** Market Level Administration Fees Including CAM
- **Payroll –** $30k in Year 1, Operating as 1 Onsite Manager
- **Property Insurance –** Market
- **Property Management Fees –** 5% of Total Income
- **Real Estate Taxes –** Condo Allocation Adjusted for Sale
- **Repairs & Maintenance –** Market Level Given Condition of Property; Historical Year had One-Time Expenses
- **Utilities –** Slight Increase Over Previous Year

Appx1085



# MSA Overview

Case: 25-2598     Document: 19     Page: 1080     Date Filed: 11/24/2025




The Philadelphia Metropolitan Statistical Area, also known as the Delaware Valley or Greater Philadelphia, is a significant urban region in the northeastern US. It encompasses parts of four states: southeastern Pennsylvania, southern New Jersey, northern Delaware, and the northern Eastern Shore of Maryland. Philadelphia, the largest city in the area, is the sixth-most populous city in the U.S.

The Philadelphia MSA is a major center for healthcare and biotechnology. Some of the prominent healthcare companies and institutions in the region includes Thomas Jefferson University Hospitals, University of Pennsylvania Health System, and Children's Hospital of Philadelphia. The transportation network in the Philadelphia MSA facilitates commuting and traveling throughout the region. SEPTA provides rapid transit, light rail, and commuter rail services. The PATCO Speedline connects Philadelphia to Camden County, NJ. Major highways include I-95, I-76, and the Pennsylvania Turnpike. Philadelphia International Airport is the primary airport, with secondary airports like Atlantic City International Airport and New Castle Airport serving the region.

This region has a diverse economy with significant contributions from various sectors like Finance and Insurance (Lincoln Financial Group and Cigna), Education and Healthcare (University of Pennsylvania and Thomas Jefferson University Hospitals), and Biotechnology and Pharmaceuticals. The MSA is also known for its educational institutions, including University of Pennsylvania, Temple University, and Drexel University.

Appx1087

Case: 25-2598    Document: 19    Page: 1081    Date Filed: 11/24/2025

This unique site sits in the borough of Jenkintown, bordering Abington Township. It is 1-mile from Jefferson Hospital and Penn State Abington, and 3-miles from Temple Hospital.

Jenkintown, Pennsylvania, is a small borough located in Montgomery County, approximately 10-miles north of Center City Philadelphia. It is part of the Delaware Valley metropolitan area. Jenkintown is quaint, has rich history, strong educational institutions, and convenient transportation links, making it an integral part of the suburban landscape surrounding Philadelphia.

### Transportation
Jenkintown is well-connected by public transportation, with the Jenkintown-Wyncote station being a major SEPTA Regional Rail stop. The station is the busiest outside of Philadelphia and serves the Lansdale/Doylestown Line, Warminster Line, and West Trenton Line. The borough is also served by SEPTA City Bus routes 55 and 77. This site is located on a major bus route and on a regional rail.

### Education
Jenkintown is served by the Jenkintown School District, which includes Jenkintown Elementary School and Jenkintown Middle/High School. The district has an enrollment of over 700 students. Additionally, Manor College, Drexel University, and Penn State Abington are nearby.

### Housing
Jenkintown/Abington is in the process of building a new apartment complex with over 500 units within 1-mile of the site in the next 24 months.

### Self-Storage Market
The self-storage market in Jenkintown, PA, is characterized by steady demand, competitive rental rates, and limited new development due to space constraints. The market benefits from Jenkintown's suburban appeal, proximity to Philadelphia, and stable local economy.



## MAJOR EMPLOYERS

TEMPLE HEALTH    HOLLY REEDRER HEALTH    SPS INDUSTRIES

## METRICS (5-MILE RADIUS)

| | | |
|---|---|---|
| **467,562**<br>2023 Population | **180,357**<br>2023 Households | **0.49%**<br>Projected Population Growth |
| **25.98%**<br>Households Make $125K or More a Year | **3.29%**<br>Five-Year Wage Growth | **$18.74B**<br>Annual GDP |
| **129,655**<br>Total Jobs | **$946**<br>Median Home Rent | **1.69%**<br>Five-Year Home Rent Growth |
| **18,198**<br>Net Migration (Montgomery County) | **8**<br>Local Colleges and Universities | **0.14%**<br>Estimated % Over the National Population |

Case: 25-2598    Document: 19    Page: 1082    Date Filed: 11/24/2025



## APPROXIMATION TO SITE

| | |
|---|---|
| TD Bank | 0.1 Mi |
| FedEx Office Print & Ship Center | 0.2 Mi |
| Bank of America Financial Center | 0.2 Mi |
| Starbucks | 0.2 Mi |
| PNC Bank | 0.3 Mi |
| Wawa | 0.4 Mi |
| Faulkner Nissan | 0.5 Mi |
| CVS | 0.5 Mi |
| Trader Joe's | 0.6 Mi |
| John Kennedy Ford of Jenkintown | 0.7 Mi |
| Whole Foods Market | 0.9 Mi |
| Giant (Under Construction) | 1.0 Mi |
| Penn State Abington | 1.2 Mi |
| Michael's | 1.7 Mi |
| Target | 1.9 Mi |
| The Home Depot | 2.7 Mi |
| Target | 2.9 Mi |
| ALDI | 3.2 Mi |
| ACME Markets | 3.7 Mi |

# Incoming Residential Properties

| Development | AVE Horsham Multi-Residential |
|---|---|
| Units | 274 |
| Start Date | 2022-08-16 |
| Project Stage | Pre-Construction/Negotiated |
| Distance | 4.55 Mi |

| Development | Executive Mews Apartment |
|---|---|
| Units | 250 |
| Start Date | 2024-11-05 |
| Project Stage | Conceptual |
| Distance | 4.12 Mi |

| Development | JAG Multi-Family Apartments |
|---|---|
| Units | 310 |
| Start Date | 2023-05-01 |
| Project Stage | Pre-Construction/Negotiated |
| Distance | 4.96 Mi |

| Development | Old York Road Senior Housing |
|---|---|
| Units | 180 |
| Start Date | 2019-11-04 |
| Project Stage | Conceptual |
| Distance | 0.87 Mi |

| Development | Redstone at Baederwood Multi-Residential Development |
|---|---|
| Units | 244 |
| Start Date | 2023-07-11 |
| Project Stage | Final Planning |
| Distance | 0.35 Mi |

| Development | Rydal Park |
|---|---|
| Units | 200 |
| Distance | 0.9 Mi |

| Development | 104 Witmer Road Mixed Use |
|---|---|
| Units | 133 |
| Start Date | 2022-11-17 |
| Project Stage | Conceptual |
| Distance | 4.66 Mi |

| Development | Willow Grove Apartments |
|---|---|
| Units | 246 |
| Start Date | 2020-06-01 |
| Project Stage | Pre-Construction/Negotiated |
| Distance | 3.98 Mi |

| Development | Park Avenue Apartment Development |
|---|---|
| Units | 260 |
| Start Date | 2025-02-10 |
| Project Stage | Design |
| Distance | 2.92 Mi |

| Development | Philmont Flats |
|---|---|
| Units | 250 |
| Start Date | 2024-02-01 |
| Project Stage | Design |
| Distance | 4.60 Mi |

| Development | Arbour Square at Lower Moreland Senior Living |
|---|---|
| Units | 228 |
| Start Date | 2022-12-01 |
| Project Stage | Award |
| Distance | 3.76 Mi |

| Development | West Ave Flats |
|---|---|
| Units | 350 |
| Start Date | TBD |
| Project Stage | Under Contract |
| Distance | 1.0 Mi |

# Demographics (5-Mile Radius)



| 2023 SUMMARY | 1-MILE | 3-MILE | 5-MILE |
|---|---|---|---|
| Population | 12,829 | 124,057 | 467,562 |
| Households | 5,423 | 49,129 | 180,357 |
| Median Household Size | 2.4 | 2.6 | 2.6 |
| Median Household Age | 46.3 | 42.4 | 40.3 |
| Median Household Income | $109,868 | $95,798 | $76,918 |
| Avg. Household Income | $134,232 | $124,998 | $103,909 |
| NRSF Per Capita | N/A | 2.26 | 3.01 |

| 2028 SUMMARY | 1-MILE | 3-MILE | 5-MILE |
|---|---|---|---|
| Population | 13,294 | 128,230 | 479,823 |
| Households | 5,423 | 49,129 | 180,357 |
| Median Household Size | 2.4 | 2.6 | 2.6 |
| Median Household Age | 46.6 | 42.7 | 40.7 |
| Median Household Income | $113,357 | $98,392 | $79,450 |
| Avg. Household Income | $148,946 | $139,244 | $115,479 |
| NRSF Per Capita | N/A | 2.86 | 3.51 |

Demographics      Jenkins Storage      610 Old York Rd., Jenkintown, PA 19046      17

# Market Rental Rates Analysis

| Address | Distance | Class | Drive-Up Non Climate Controlled | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | 5x5 | 5x10 | 10x10 | 15x10 | 25x10 | 30x10 |
| **Jenkins Storage** | | | **$61** | **$98** | **$140** | **$152** | **$219** | **$355** |
| 1  Huntingdon Self Storage | 3.6 miles | B | $75 | $100 | $175 | $205 | $325 | $365 |
| 2  Public Storage | 4.4 miles | B | - | - | $213 | $221 | - | - |
| 3  EZ Storage Huntingdon Valley | 4.5 miles | B | $99 | $109 | $199 | $289 | $425 | $499 |
| 4  Safeguard Self Storage | 4.7 miles | B | - | $174 | - | - | $450 | $477 |
| 5  Pine Valley Storage | 5.6 miles | B | - | - | $145 | $195 | - | $270 |
| **Average:** | | | **$87** | **$128** | **$183** | **$228** | **$400** | **$403** |
| **Increase (Decrease) to Reach Market:** | | | **43%** | **30%** | **31%** | **49%** | **83%** | **13%** |

*"-" denotes unit size unavailable*



Appx1092

Case: 25-2598     Document: 19     Page: 1085     Date Filed: 11/24/2025

# Jenkins Storage

Case: 25-2598     Document: 19     Page: 1086     Date Filed: 11/24/2025



PROPERTY PHOTOS





2:25-cv-00044-GAM     Document 32-5     Filed 06/02/25     Page 22 of 23

# Exclusively Listed by Urow Real Estate



**Listing Agent:**

**ZACHARY UROW**
*Founder/President*

**201.572.4021**
zachary@urowrealestate.com

**In Association with ParaSell, Inc. |**
**A Licensed Pennsylvania Broker #RB069068**

**SCOTT REID**
*ParaSell, Inc. / Broker*

**949.942.6578**
scott@parasellinc.com

# Exhibit D

 # Jenkins Storage, LLC

610 Old York Road, Unit G10
Jenkintown, PA  19046
Phone 215-277-1367

March 26, 2025

Trigild
24 Church Street
Montclair, NJ  07042

Dear Sir/Madam:

I am in receipt of your hand delivered note of March 25, 2025.

Due to the  continuing conditions, we will not be forwarding rent payments as requested in your letter and shall offset financial impact.

We will not be remitting any rents or CAM due to the following outstanding conditions;

- Loss of income due to Outback Steakhouse
- Damages incurred due to Outback  Steakhouse
- Loss of rental units due to construction
- Uncertainty due to sale and Foreclosure of property
- Limited access to  Old York Road for the past 9 months.

As of this writing we estimate that the impact to our business  is $327,647.00 and continues.

Sincerely

Warren Silverman
Manager

Appx1098

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ICON PSG 1 FL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JENKINS COURT REALTY CO., L.P.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 2:25-cv-00044-GAM |

**[PROPOSED] ORDER**

AND NOW, this      day of                    , 2025, upon consideration of the motion by Trigild IVL, LLC, the Court-appointed receiver (the "Receiver"), to modify the notice and cure provisions of Defendant's Leases with SBG Management Services, Inc., and Jenkins Storage, LLC, and any response thereto, it is ORDERED that the Receiver's motion be and hereby is GRANTED and that Section 17.01 of each of the subject leases is MODIFIED to delete the phrase "one thousand (1000) days" and replace it with "ten (10) days."

BY THE COURT:

_____
Gerald Austin McHugh
United States District Judge

**C/A No. 2-25-cv-00044-GAM**

**Jenkins Court Realty Co., L.P.**

**610 Old York Road**
**Jenkintown, Pennsylvania 19046**

*Assigned to the*

**US District Judge Gerald Austin McHugh**



**RECEIVER'S TAKEOVER REPORT**

*For the period*
**February 21, 2025 *through* April 30, 2025**

## **TABLE OF CONTENTS**

OVERVIEW OF PROPERTY      PAGE 3

       COURT ORDER      PAGE 4

       RECEIVER'S BOND      PAGE 18

OVERVIEW OF TRANSITION      PAGE 25

LEASING AND MARKETING      PAGE 31

INSURANCE      PAGE 32

FINANCIALS

       SBG MANAGEMENT SERVICES PA INC. – BORROWER      PAGE 37

       LINCOLN PROPERTY COMMERCIAL, LLC – RECEIVER      PAGE 38

       RECEIVER ACCOUNT      PAGE 85

Jenkins Court Realty Co., L.P.
610 Old York Road, Jenkintown, Pennsylvania 19046
February 21, 2025 through April 30, 2025 – Receiver's Takeover Report

## OVERVIEW OF PROPERTY

On February 21, 2025, the United States District Court for the Eastern District of Pennsylvania entered that certain Order (Appointment Order"), appointing Trigild IVL, LLC (the "Receiver") for the property located at 610 Old York Road, Jenkintown, Pennsylvania 19046 (the "Property"). The Receiver engaged Lincoln Property Commercial, LLC to manage the property on February 27, 2025.

*This Space Intentionally Left Blank*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ICON PSG 1 FL, LLC,                          :
                                             :          CIVIL ACTION
        v.                                   :          No. 25-0044
                                             :
JENKINS COURT REALTY CO., L.P.               :

## ORDER

This 21st day of February, 2025, following review of Plaintiff ICON PSG 1 FL, LLC's

Motion for Expedited Appointment of a Receiver, ECF 5, it is hereby ORDERED as follows:

1) The Receivership Motion is **GRANTED**.

2) Trigild IVL, LLC is appointed receiver ("Receiver") over all property in or upon which Plaintiff

   has a mortgage, lien, security interest, or assignment, including the Property owned by Defendant,

   Jenkins Court Realty Co., L.P. ("Defendant") located at 610 Old York Road, Jenkintown

   Borough, Montgomery County, Pennsylvania, Parcel ID # 10-00-05364-00-8 ("Property"),

   and all of the rents, incomes, revenues, and profits from the Property. The Receiver shall have

   all the usual powers and duties of receivers in such cases including, without limitation, the power

   to apply all monies collected by the Receiver to the necessary preservation of the Property, or as

   this Court otherwise may direct.

3) **Receiver's Bond.** The Receiver shall post a bond or cash in the amount of Ten Thousand

   Dollars and Zero Cents ($10,000.00) within fifteen (15) days of the entry of this Order (the

   "Bond"). Any Bond shall be provided by a corporate surety, guarantying performance by the

   Receiver of the duties and obligations of its office of receivership, with the Bond providing

   coverage to Plaintiff and Defendant for loss due to the acts of the Receiver and its agents, servants,

   or employees. The Receiver shall be liable only for acts of omissions which constitute gross

   negligence or willful misconduct. The Receiver shall have no personal responsibility for any

obligations of Defendant.

4) **<u>Receivership Estate.</u>**  Upon entry of this Order, subject to the rights and interests of Plaintiff, the Receiver is hereby directed and empowered to take from Defendant, its agents, employees, representatives, and all of their affiliates and subsidiaries who not have or may in the future have any interest in the, immediate, complete, and exclusive possession and control of the Property, wherever located, including all payments, rents, incomes, revenues, and profits arising from the Property, all accounts, books, records, keys, equipment, and such other personally which may be found on or off the Property that relate in any way to the operation of the Property and which are subject to the mortgage, liens, or security interest of Plaintiff (collectively, the "<u>Receivership Estate</u>").

5) **<u>Accounting by Defendant.</u>**  Within thirty (30) calendar days from the date hereof, Defendant shall prepare and file with the Court and serve on all parties hereto a detailed accounting of all income, expenses, receivables, and payables relating to the Property from the date of the most recent audited financial statement to the present.

6) **<u>Operation of the Receivership Estate.</u>**  The Receiver is appointed to take charge of, and to use, manage, operate, and protect the Receivership Estate, and is granted all of the rights, duties, powers, authority, and responsibility of a court-appointed receiver, including those reasonably necessary to accomplish the purpose of this receivership.

a) <u>Possession of the Receivership Estate</u>. The Receiver is authorized and directed to enter upon, take possession of, and assume exclusive control of the Receivership Estate, wherever located, including, but not limited to (i) the Property; (ii) all inventory, equipment, and improvements at the Property; and (iii) all books, records, and personal property relating to the Receivership Estate.  The Receiver is also authorized to demand, receive, collect, take possession of, and preserve all accounts related to the Receivership Estate and to exercise any and all intangible rights.  The Receiver shall collect from Defendant and/or others all sums now due and unpaid or which hereafter shall become due during the pendency of this action arising out of or related to the Property.

b) <u>Exclusion of Defendant</u>.  The Receiver is authorized to exclude Defendant, its agents, management companies, employees, representatives, owners, affiliates, subsidiaries, and parent companies from possessing or operating the Property, except as expressly provided for in this Order or as may be expressly agreed by Plaintiff in writing in each instance, and it may change any and all locks at the Property.

c) <u>Exercise of Ownership Rights</u>.  The Receiver is authorized to exercise all rights as to the ownership of the Property subject to the limitations herein set forth.   The Receiver shall assume and exercise exclusively the powers and prerogatives of the board of directors, shareholders, and management of Defendant with respect to the Property.

d) <u>Construction Projects</u>.  The Receiver is authorized to take over, perform, resume, and/or complete any and all construction projects at the Property (collectively, the "<u>Construction Projects</u>") that are being performed by Defendant or its agents or contractors, were previously performed by Defendant or its agents or contractors, or are specified or contemplated in the loan documents between Plaintiff and Defendant evidencing the debt secured by the Property (collectively, the "<u>Loan Documents</u>").

e) <u>Authority to Contract</u>.  The Receiver may make, cancel, enforce, or modify contracts, leases, or licenses relating to any part of the Property or the Construction Projects.  The Receiver shall not be bound by any contract between Defendant and any third party that the Receiver does not expressly assume in writing related to the Property or the Projects.   It may also rent, lease, or license from time to time any part of the Property as may be deemed appropriate, and remove any tenant, lessee, or other person or entity from the Property as may be deemed appropriate by the Receiver, to the extent consistent with Pennsylvania law.

f) <u>Collection of Revenues</u>.  The Receiver shall demand, collect, and receive any and all rents, sub-rents, lease and sublease payments, fees, debts, or other proceeds, profits, or income of any type or nature and however denominated that may arise from the use or operation of the Property or are generated from the Receivership Estate (collectively, the "<u>Revenues</u>"), including any Revenues (i) received or collected by Defendant on or after the entry of this Order; (ii) currently due; (iii) hereafter becoming due; or (iv) due prior to the date of this Order, but only to the extent such rents have been withheld by any tenant and not paid to Defendant.   The Receiver is authorized to contact employees, tenants, subtenants, lessees, sublessees, lessors, account debtors, and/or any other parties to contracts or otherwise regarding the Receivership Estate and to receive, collect, and preserve from them all Revenues and other sums due to Defendant (as related to the Property).

g) <u>Employment of Agents</u>.  The Receiver may appoint, employ, and retain agents, employees, independent accountants, brokers, property management companies, auctioneers, legal counsel, and other similar professionals or personnel, any of which may be affiliates of the Receiver, that are reasonably necessary to take charge of, repair, operate, maintain, and to the extent necessary, liquidate, the Receivership Estate or to assist the Receiver in the performance of its duties pursuant to this appointment.   The Receiver shall have the right to direct and supervise the activities of all professionals and personnel so retained and may pay

reasonable value for those services from the revenues or proceeds of the Property, provided that any professional management company, broker, or contractor retained by the Receiver shall be engaged on terms which are reasonably satisfactory to Plaintiff.   The Receiver is further authorized to discharge and terminate any such persons or entities currently in place or retained by it after the date of this Order.   The Court reserves the right to determine hereafter the fair and reasonable compensation for all such persons retained by the Receiver, if any.

h) <u>Preservation of the Receivership Estate</u>.  The Receiver shall care for, conserve, protect, preserve, improve, and maintain the Receivership Estate, and incur reasonable expenses which, in the Receiver's judgment and subject to the payment limitations provided in paragraph 7 below, are necessary and proper to continue, operate, maintain, and preserve the Receivership Estate including, but not limited to, incurring expenses relating to security for the Property; providing pest control; obtaining estimates and reports and making repairs in conformity therewith; providing water, garbage collection, and utilities; purchasing merchandise, materials, and supplies and services at the ordinary and usual rate and prices for such items out of the funds of the Receivership Estate; and undertaking and performing the Projects either previously undertaken by Defendant or those specified or contemplated under the Loan Documents.

i) <u>Payment of Necessary Expenses</u>.  Subject to the payment limitations provided in paragraph 7 below, the Receiver is authorized and instructed to pay from the revenues of the Property the ordinary and necessary expenses of operating, preserving, and maintaining the Property incurred from and after the date of the Receiver's appointment and said other reasonable expenses necessary to maintain the Property, including any property taxes, assessments, payments in lieu of taxes, utility charges, and/or Project-related costs and expenses.   The Receiver shall also have the power and authority, subject to the approval of Plaintiff, to pay expenses incurred or related to the Property which were incurred prior to the appointment of the Receiver.

j) <u>Establish Accounts for Receivership Estate</u>.  The Receiver shall deposit all Revenues generated by the Property in a segregated interest-bearing account at a financial institution approved by Plaintiff.

k) <u>Budget</u>.  The Receiver shall prepare a reasonable monthly operating budget for the Property which shall be submitted to Plaintiff for its approval.  The initial budget shall be submitted within thirty (30) calendar days of this Order.  At Plaintiff's request, the Receiver shall also produce an annual budget.   The budget, once approved by Plaintiff, shall deemed the "<u>Budget</u>" for all purposes set forth in this Order.

l) <u>Limited Borrowing Capacity</u>.  The Receiver shall have the right, but not the obligation, to borrow funds from Plaintiff (to the extent Revenues generated by the Property are insufficient) in order to meet the Property's working capital needs, but only in such amounts and to the extent permitted under the Loan Documents and on such terms and conditions agreeable to Plaintiff and with Plaintiff's prior written consent. Repayment of any such loans

shall be secured by all of the mortgages, liens, security interest, and assignments upon the Property previously granted, transferred, or otherwise conveyed by Defendant to Plaintiff, and any such loans shall be treated as secured debt of Defendant. Plaintiff shall have no obligation to make any loans or credit accommodations to the Receiver.

m) <u>Actions to Preserve the Estate</u>. The Receiver is authorized to institute, prosecute, defend, compromise, intervene in, and settle such suits, actions, and proceedings as the Receiver deems necessary in its reasonable judgment, relating to the protection, maintenance, operation, enhancement, or preservation of the Receivership Estate, or the performance of its obligations under this Order (including but not limited to, the institution of actions to collect rents, evict tenants, and recover rents or portions of the Property), and to employ counsel as may be necessary for such proceedings, and to pay the reasonable value of services rendered out of funds of the Receivership Estate, and thereafter to report to the Court at reasonable intervals upon such proceedings. The Receiver is also authorized to challenge the validity, enforcement, and amount of any taxes accruing on the Property, including any assessment or claim of taxes due by Defendant or any third-party. Furthermore, the Receiver shall have the exclusive right and power to assert and prosecute any and all claims, counterclaims, and crossclaims that Defendant ever had, now has, or may in the future have, whether known or unknown, against any and all parties related in any way to the Loan Documents and/or the Property, including, without limitation, claims for breach of contract, negligence, fraud, or based on any other theory of liability, against Plaintiff, its subsidiaries, affiliates, owners, agents, and/or employees. The powers set forth in the prior sentence shall be in the sole possession and control of the Receiver with the intent to make the Receiver a required or indispensable party in any litigation.

n) <u>Insurance Coverage</u>. The Receiver shall obtain or continue such insurance coverage for the Receivership Estate as it deems reasonably necessary, but in no event shall the Receiver maintain insurance in an amount less than that required under the Loan Documents. Upon the expiration of the paid-up portion of any insurance policy, the Receiver shall have the responsibility for keeping the Property insured and may, at its option, keep in force the existing insurance coverage or obtain new coverage for the Property subject to the requirements herein. The Receiver shall have itself and Plaintiff named as additional insureds on all applicable polices for the period that it shall be in possession of the Receivership Estate. The Receiver shall also insure the acts and conduct of the Receiver and those persons who it may employ to carry out the duties upon it. The Receiver shall provide to the Court and Plaintiff proof that it has been insured and bonded for the purposes of performing all acts contemplated in this Order, and that proper insurance has been put on the Property within thirty (30) calendar days of the entry of this Order. No insurance company may cancel its existing current-paid policy as a result of the appointment of the Receiver without prior order of this Court.

o) <u>Maintain Compliance with Applicable Law</u>. The Receiver shall take all such actions and expend all such sums as may be necessary to obtain, maintain in effect, or transfer all licenses, insurance, zoning approvals, and other approvals necessary or required to maintain or operate the Property.

p) <u>Plan to Maximize Revenues and Sell the Property</u>. The Receiver is empowered to explore all available options for increasing the revenues created by the Property and to explore all available options for the sale of the Property by any reasonable means that will, within the Receiver's business judgment, maximize the realization from the sale of the Property. Subject to Plaintiff's prior written approval, the Receiver will file a report making recommendations to the Court with regard to the use and/or marketing and disposition of the Property. The Receiver, upon its own initiative or at the direction of Plaintiff, and with or without the assistance of a broker, may market and sell all or any part of the Property either pursuant to the rights granted under the Loan Documents or as otherwise provided at law or equity. With respect to any possible sale of the Property, the Receiver shall not enter into any contract for sale unless the Receiver is requested to do so in writing by Plaintiff and the sale is subject to confirmation by the Court on regular notice to the parties to his case. Notwithstanding the foregoing, nothing contained in this paragraph or this Order shall alter, modify, subordinate, or impair any existing rights, interests, or remedies of Plaintiff, including but not limited to Plaintiff's rights under the Loan Documents.

q) <u>Make payments Pursuant to the Loan Documents</u>. The Receiver may pay amounts which are owed to Plaintiff pursuant to the Loan Documents as the Receiver receives Revenues sufficient to make such payments and pursuant to the priority provided in this Order.

r) <u>Ancillary Powers of the Receiver</u>. The Receiver is hereby authorized and directed to operate and manage the Property in the best interests of Plaintiff and to take all action deemed reasonable and necessary to ensure compliance with all applicable requirements imposed by local, state, or federal law, and regulations promulgated by the Commonwealth of Pennsylvania (or any corresponding federal agency or agencies). The Receiver may generally do, execute, and perform any other act, deed, matter, or thing whatsoever that the Receiver reasonably deems ought to be done, executed, and performed in and about or with respect to the Property or the Revenues, or to implement the terms of this Order.

s) <u>Access</u>. The Receiver shall take possession of all keys and/or other means of gaining entry to the Property, and through any security system, in order to perform the Receiver's duties. The Receiver may engage a locksmith for the purpose of gaining entry or access to the Property, through any security system, and into any offices or locked drawers, cabinets, safe deposit boxes, and the like, in order to obtain any documents or property to which the Receiver is entitled to under this Order. The Receiver may either have the locks changed or create a key that will access the current locks.

7) **<u>Expenditures</u>**.

a) <u>Payment Priority</u>. The Receiver shall apply all Revenues arising from or collected from the Receivership Estate, monthly or more often, to the following expenditures, in such order of priority as the Receiver shall determine:

(1) FIRST, to the extent funds are not otherwise available from Defendant, to the necessary and reasonable costs of maintaining, managing, operating, and preserving the Receivership Estate as provided in the Budget approved by Plaintiff or the Court,

including payments to the Receiver for protection of the Property and the payment of all licenses, permits, and agreements that the Receiver shall deem necessary and in the best interest of preserving the Property and for the continued operation thereof, including the fees of the Receiver as set forth herein and any broker and/or management company hired by the Receiver, all in accordance with applicable local, state, and federal law and regulations;

(2) SECOND, to the reasonable out-of-pocket expenses of the Receiver, including all advances made by the Receiver, or to the repayment of any payments or advances made by Plaintiff, reasonably necessary to preserve or conserve the Property;

(3) THIRD, as provided under the Loan Documents to the payment of the reasonable fees, expenses and extraordinary fees and expenses of Plaintiff, including reasonable attorneys' fees and expenses, not otherwise paid or reimbursed to Plaintiff by Defendant;

(4) FOURTH, to the payment of the indebtedness payable by Defendant under the Loan Documents; and

(5) FIFTH, to the funds to be held by the Receiver in federally insured, interest- bearing accounts, pending further order of this Court.

b) <u>Rights and Obligations of Plaintiff</u>.   The payments required in the Third and Fourth subparts of Paragraph 7.a above shall be made by the last day of each month commencing the first full month following entry of this Order; <u>provided</u>, <u>however</u>, that nothing in this paragraph shall require the Receiver to pay Plaintiff any amount if the funds the Receiver receives are not sufficient to cover all amounts specified in the First and Second subparts of Paragraph 7.a above and sufficient funds that the Receiver deems reasonable to cover one month of the expenses of the receivership in accordance with the Budget or otherwise approved by Plaintiff. Plaintiff shall have no obligation or liability, at law or equity, to any person for petitioning for the appointment of a receiver or in connection with, or as a consequence of, the Receiver's actions or inactions in this matter (including its failure to pay any supplier, vendor, or other creditor of the Property or the Receivership Estate).   In the event revenues or proceeds for the Property are insufficient to pay the liabilities incurred by the Receiver (or any successor receiver, bankruptcy trustee, or otherwise), Plaintiff shall have no liability or other obligation to any such party for amounts that such party believes it is owed on account of the operation of this receivership.

c) <u>Payment Limitations</u>.   Notwithstanding Paragraphs 7.a and 7.b above, the Receiver shall make no payment that exceeds $5,000.00 for any one item (excluding property taxes, emergency repairs, monthly or recurring operating charges, or any expense included in the Budget previously approved by Plaintiff), or which exceeds more than ten (10%) percent of the amount budgeted for any particular line item on the Budget, without the written consent of Plaintiff, or further order of this Court after notice to the parties and an opportunity for hearing.

8) **Compensation of Receiver.**  The Receiver's compensation for services under this Order, not

including any fee of any broker, auctioneer, attorney, or accountant retained by the Receiver, shall be in accordance with the fee schedule set forth in _Exhibit 4_ to the Receivership Motion. The Receiver and those employed by the Receiver shall furnish Plaintiff and other parties to this action with copies of their invoices for services rendered and expenses incurred on a monthly basis. The payment of fees and expenses to the Receiver shall be on an interim basis, subject to final approval by this Court, and the Court retains jurisdiction to award a greater or lesser amount as the full, fair, and final value of such services. When the Receiver files its final report and motion for discharge, the Receiver shall file with this Court a fee application for final approval of the fees and expenses paid to the Receiver during the pendency of the receivership. Plaintiff's right to object to any fees and expenses as unreasonable is preserved. To the extent that the funds received by the Receiver pursuant hereto are insufficient to pay the Receiver amounts incurred by the Receiver in accordance herewith, the Receiver shall have a charge against the Property, which charge shall have priority over all claims of any claimants or creditors of Defendant; provided, however, that any right, claim, or charge of the Receiver shall be co-extensive with and _pari pasu_ with the rights and claims of Plaintiff for the payment of its fees and expenses, including Plaintiff's attorneys' fees (in accordance with the Loan Documents).

9) **Reporting Requirements of the Receiver.** The Receiver shall maintain an accounting and keep accurate records concerning the Receivership Estate from the date of entry of this Order. Among the records to be kept are the actual revenues collected and expenses paid each month, and any other records which may be required by any law, or would be reasonable and prudent to keep under the circumstances. Such records shall be made available, upon reasonable request and notice, to Plaintiff and Defendant, and shall be included in the quarterly reports made to this Court. In addition, the Receiver shall also file the following reports with the Court:

a) Inventory of Receivership Estate. The Receiver shall conduct an inspection of the Property and shall perform a complete inventory of the Property coming under its control or possession

under this appointment.   Such inspection and inventory shall be conducted jointly and with the cooperation of Defendant and/or its designated agent or representative (to the extent the same are available).   Within thirty (30) calendar days of this Order, the Receiver (joined by the agent or representative of Defendant, to the extent available), shall file with this Court a true and complete inventory of all property in its possession pursuant to this Order, and any other property which may subsequently come into its possession.   The Receiver shall also conduct periodic accounts thereafter.

b) <u>Quarterly Report</u>.   Commencing on the twenty-fifth (25th) day of the third full month following entry of this Order, and continuing on the twenty-fifth (25th) day of every third month thereafter during the pendency of the receivership, the Receiver shall file with this Court and serve on Plaintiff, Defendant, and the respective counsel in this case, report(s) concerning the operation and financial performance of the Property for the prior quarter, in such form and with such content as Plaintiff hereafter reasonably requires.   The quarterly reports shall include (a) a listing of significant events occurring during the relevant period as well as any actions taken by the Receiver during that time; (b) a statement of the receipts and expenditures since the last report; (c) the current accounts receivable and accounts payable related to the Property; (d) a statement of all cash held or invested by the Receiver and the manner in which it is held and/or invested; (e) an inventory and account of any additional property or effects which it has discovered or which shall have come into its hands since its appointment; and (f) the balance due from or to the Receiver since the rendering of its last account.

10) **<u>Turnover of Property</u>.**   Defendant and its independent contractors and agents, and all persons in active concert and participation with them, including officers, directors, employees, agents, accountants, attorneys, insurers, utilities, and banks, are ordered to deliver immediately over to the Receiver or its agents, whenever received, all property in the Receivership Estate, including, without limitation, the Property, any and all cash, Revenues, rental payments, and lease payments, keys to any aspect of the Property (including to all outbuildings and machinery located upon the Property or used in the operation and maintenance of the Property), accounts receivable, security deposits, trust accounts, bank accounts, personnel files, operations manuals, financial records, payroll records, certificates and licenses, contracts, leases, books, insurance certificates, binders, or other records relating to the operation, maintenance, and management of the Property, fixtures, inventory, supplies, furniture, and equipment used or associated therewith, and all other things of value relating to the Property and necessary to permit the Receiver to carry out its duties under this Order without interference or delay.   Rents and security deposits received by Defendant or

any of its agents shall be deemed held in trust for the benefit of the Receivership Estate and shall be delivered to the Receiver within the later of two (2) business days after the date this Order is entered or two (2) business days of receipt by Defendant.   Any security deposit or other deposits which tenants have paid to Defendant or its agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of Defendant, and may not be refunded by the Receiver without further order of Court.   Any security deposits which the tenants have paid or may pay to the Receiver, if otherwise refundable under the terms of the applicable leases or agreements, shall be refunded by the Receiver in accordance with the terms of the applicable leases or agreements.

11) **Turnover of Funds**.

   a) <u>Funds Held by Defendant, Its Agents, and/or Its Affiliates</u>.  Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, Defendant, its affiliates, and each of their respective successors, assigns, agents, or any persons or entities claiming by, through, or under any of them, are hereby required to pay and turn over immediately to the Receiver, and to perform all acts necessary to transfer to the Receiver, all funds on hand in cash and all funds held in deposit accounts of or for the benefit of the Receivership Estate arising from the ownership, possession, or operation of the Property and all accounts, accounts receivable, and any other collectibles and all keys, books, records, equipment, and all things in any manner related to the ownership, possession, or operation of the Property.

   b) <u>Funds Held by Third Parties</u>.  Any bank, savings and loan association, broker, escrow agent, title company, and any other financial institution or other entity, wherever located, which is served with a copy of this Order shall, within ten (10) calendar days of being provided with a copy of this Order, turnover or transfer to the Receiver all property and/or funds properly belonging to the Receivership Estate which are in such party's possession, custody, or control, together with all records relating to such property and/or funds.

12) **Injunction Against Defendant**.  Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, Defendant, its affiliates, and each of their respective management, members, partners, shareholders, board of directors, and all of their respective successors, assigns, employees, agents, attorneys, or any persons or entities claiming by, through, or under any of them are hereby enjoined from:

a) Possessing, managing, or controlling any part of the Receivership Estate and from interfering in any way with the possession or management of the Property by the Receiver, including terminating or causing to be terminated any license, permit, lease, contract, or agreement relating to the Receivership Estate or the operation of the Property, including, without limitation, any insurance policy or agreement with any utility;

b) Collecting, withdrawing, transferring, conveying, concealing, or otherwise disposing of any part of the Receivership Estate, including cash, any portion of the Property, and the proceeds derived therefrom, including, without limitation: (i) collecting any Revenues, rents, issues, proceeds, or profits from the Receivership Estate; (ii) withdrawing funds from any bank or other depository account relating to the Receivership Estate; (iii) causing the cancellation or termination of any policy of insurance; (iv) directing the remittance of any premium refund or any funds generated or payable on account of such termination of any such policy; or (v) causing any change or cancellation of any agreement with any utility for the provision of electricity, gas, water, telephone or cable services to any part of the Property; Removing any property from the Property and from removing, destroying, concealing, changing, or altering in any manner any of the books or records relating to the ownership, possession, or operation of the Receivership Estate.   Defendant and its agents are expressly charged with the duty of advising all banks, depositories, insurance companies, utilities, and creditors, if requested to do so by the Receiver, of the contents of this Order, and its agreement that the Receiver be given full and sole access to all accounts, contracts, or other rights and entitlements which previously inured to the benefit of Defendant and/or its agents; and

c) Filing any petition under the United States Bankruptcy Code, as this right is in the exclusive purview of the Receiver.

d) Except as provided in this Order or as expressly consented to by Plaintiff in writing, Defendant is prohibited from dealing with the Property in any manner.

13) **Claims Against Receivership Estate Against Creditors.**   In the event that either the Receiver or Defendant is served with process or are otherwise notified of any pending lawsuit which could result in a lien or charge against the Receivership Estate if reduced to judgment, or which could adversely affect the possession of the Receiver of any of the Receivership Estate, the Receiver shall notify the plaintiff in such case of this Order, and such plaintiff shall serve a claim upon the Receiver.  Defendant shall fully cooperate with the Receiver in notifying the Receiver and Plaintiff of any such claim made by legal process upon it by immediately contacting the Receiver and Plaintiff and making the Receiver and Plaintiff aware of the pendency of any such action. The Receiver may petition this Court for any orders necessary (including for contempt) of any violation of this Order by Defendant, any creditor, or any other party.

14) **No Discrimination**.  No person or entity shall discriminate with respect to Defendant or the Receiver on account of the appointment of the Receiver in this proceeding.  No government entity shall deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to Defendant solely because the Receiver has been appointed pursuant to this Order.

15) **Limitation on Receiver's Duties**.  With the exception of performing the Projects that have already commenced at the Property or those specified or contemplated under the Loan Agreement, the Receiver shall not be obligated to upgrade the Property or to make any improvements thereto, unless and until either directed by Plaintiff in writing or ordered to do so by the Court.   The Receiver shall not be obligated to contribute its personal funds in the performance of its duties hereunder, and the receivership is to be conducted solely from the funds arising from the Receivership Estate.  No obligation incurred by the Receiver shall be its personal obligation.

16) **Inspection of Receivership Estate**.  The Receiver shall permit Plaintiff, upon reasonable request and notice, to fully inspect the Receivership Estate and the books and records kept in connection with the operation of the Property.

17) **Reservation of Rights by Plaintiff**.  Following the entry of this Order, Plaintiff shall retain all rights and remedies under the Loan Documents and applicable law, and all such rights and remedies are hereby preserved.   Specifically, and without limiting the preceding sentence, the Court hereby authorizes Plaintiff to exercise its remedies to sell all or any part of the Receivership Estate as necessary in its sole discretion in accordance with the Loan Documents, including, but not limited to, by way of foreclosure, sale, or lease, as well as any and all other rights and remedies provided for under the Loan Documents, at law, or in equity.

18) **Distribution of Sale Proceeds**.  In the event the Property and/or any part of the Receivership Estate is sold by way of sale by the Receiver, after deducting expenses incurred in connection

therewith, all proceeds of such sale shall be held in escrow by the Receiver, unless otherwise ordered by this Court.

19) **No Duty to Defend Defendant.**  The appointment of the Receiver extends only to the Property and the Receivership Estate and does not impose upon the Receiver any affirmative duty to act on behalf of or defend Defendant.  Notwithstanding any other provision hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of Defendant or file other regulatory or other governmental reports on behalf of Defendant.  Responsibility for such filing remains with Defendant.

20) **Supplemental Direction or Instruction.**  The Receiver shall undertake any and all additional duties as this Court may provide by its orders.   Plaintiff or the Receiver (for as long as this Order remains operative) may, from time to time, request that the Court enter additional orders to supplement, clarify, effectuate, or amend this Order, or to provide further direction to the Receiver.

21) **Taxpayer Identification Numbers.**   The Receiver may use any federal taxpayer identification numbers of Defendant relating to the Property for any lawful purpose.

22) **Collection of Mail.**  The Receiver may take any and all steps necessary to receive, collect, and review all mail addressed to Defendant or any of its agents which the Receiver has reasonably determined may contain invoices related to the operation of the Receivership Estate or Revenues to which the Receiver is entitled as set forth herein, and the Receiver is authorized to instruct the United States Postmaster to reroute, hold, and/or release such mail to the Receiver.  Upon request, mail received by the Receiver in the performance of its duties will be made available promptly to the addressee after review by the Receiver, provided, however, the Receiver shall be further authorized to remove, take possession of, endorse, and negotiate all checks or other instruments payable to Defendant or any of its agents pertaining to the Property, the Receivership Estate, or

the Revenues.

23) **<u>Court Permission for Suit</u>.**  No individual or entity may sue the Receiver for any alleged breach of its duty pursuant to this appointment without first obtaining the permission of this Court.

24) **<u>Service of This Order</u>.**  Plaintiff shall forthwith provide a copy of this Order, as entered by the Court, to Defendant or Defendant's counsel of record in this matter (if counsel entered his or her appearance) via first-class mail, electronic mail, or nationally recognized overnight delivery service provider (e.g., UPS, FedEx).   The Receiver shall provide a copy of this Order via first-class mail, electronic mail, facsimile, or nationally recognized overnight delivery service provider (e.g., UPS, FedEx) to the applicable taxing and utility authorities and any persons in possession of any part of the Receivership Estate or otherwise affected by this Order.   Upon service of this Order upon any person or entity, or any employee or agent of such person or entity, such person shall be deemed to be required to comply with all of the terms of this Order from the moment of service upon such person, entity, agent, or employee until the Court shall have relieved such person from the terms of this Order by way of a subsequent order.   "Service" shall constitute oral or written notice of this Order in any form (including by facsimile or electronic mail) to the office of any person to be bound thereby.

25) **<u>Retention of Jurisdiction</u>.**  Except as otherwise provided herein, this receivership action shall continue until further order of this Court.  This Court retains jurisdiction to modify the terms of this Order and to expand or contract the rights, duties, and obligations of the Receiver or any other party affected by this Order, and to enter such other orders as may from time to time, during the pendency of this action, be deemed necessary, just, and proper.   The provisions of this Order shall survive entry of judgment and shall govern with respect to any conflict with any subsequent order of Court, irrespective of whether this case is dismissed, stayed, or transferred.

 /s/ Gerald Austin McHugh   
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

**NOTICE OF RECEIVER'S BOND**

**PLEASE TAKE NOTICE** that, on February 21, 2025, the Court entered an Order [ECF No. 13] (the "Order"), pursuant to which the Court appointed Trigild IVL, LLC (the "Receiver") as receiver for the real property located at 610 Old York Road, Jenkintown Borough, Mongomery County, Pennsylvania, Parcel ID # 10-00-05364-00-8.

**PLEASE TAKE FURTHER NOTICE** that, as required under Paragraph 3 of the Order, the Receiver provided Plaintiff with the Bond attached hereto as *Exhibit A*.

**PLEASE TAKE FURTHER NOTICE** that, for the avoidance of doubt, Kurtz and Partners P.C. does not represent the Receiver and files this notice as a courtesy to the Receiver.

[SIGNATURE ON THE NEXT PAGE]

1

Respectfully submitted,

**KURTZ AND PARTNERS P.C.**

Date:  February 25, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

2

# EXHIBIT A

# SureTec Insurance Company

THE UNITED STATE DISTRICT COURT, __EASTERN__ DISTRICT OF __PENNSYLVANIA__

| | |
|---|---|
| ICON PSG 1 FL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JENKINS COURT REALTY CO., L.P., <br><br> Defendants. <br><br> Trigild IVL, LLC,  Receiver | No. __25-0044__ <br><br> UNDERTAKING FOR _____ <br><br> RECEIVER <br><br> Pa.R.C.P. No. 1533(d) |

WHEREAS, the above named __TRIGILD IVL, LLC__ _____ desire(s)

to give undertaking for __RECEIVER__

as provided by section __Pa.R.C.P. No. 1533(d)__ of THE STATE OF PENNSYLVANIA      and as provided by applicable

rules of the Federal Rules of Civil Procedure.

NOW, THEREFORE, the undersigned surety, does hereby obligate itself, jointly and severally to _____
__UNITED STATES OF AMERICA__

under said statutory obligations in the sum of __TEN THOUSAND__**********************************
*****************************__Dollars ($ 10,000.00      )__.

IT IS FURTHER AGREED by the Surety, that in case of default or contumacy on the part of the Surety, the Court may, upon notice to it of not less than ten days, proceed summarily and render judgment against it in accordance with their obligation and award execution thereon.

Signed, sealed and dated this __24TH__ day of __FEBRUARY__, __2025__.

BOND NO. __3528817__

PREMIUM: __$150.00__

BY: _____
WILL MINGRAM                                    Attorney-in-fact

SureTec Insurance Company
3033 5th Ave., Ste 300
San Diego, CA 92103

POA# 510376

# JOINT LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That SureTec Insurance Company, a Corporation duly organized and existing under the laws of the State of Texas and having its principal office in the County of Harris, Texas and Markel Insurance Company (the "Company"), a corporation duly organized and existing under the laws of the state of Illinois, and having its principal administrative office in Glen Allen, Virginia, does by these presents make, constitute and appoint:

**Jennifer Wayne, Will Mingram, Kevin J. Phillips, Alfonso Lujan, Sylvia Diane Caneva, John D. Strong, Oscar Zachary Gallegos, Justin Buenaventura**

Their true and lawful agent(s) and attorney(s)-in-fact, each in their separate capacity if more than one is named above, to make, execute, seal and deliver for and on their own behalf, individually as a surety or jointly, as co-sureties, and as their act and deed any and all bonds and other undertaking in surety ship provided, however, that the penal sum of any one such instrument executed hereunder shall not exceed the sum of:

### Five Million and 00/100 Dollars ($5,000,000.00)

This Power of Attorney is granted and is signed and sealed under and by the authority of the following Resolutions adopted by the Board of Directors of SureTec Insurance Company and Markel Insurance Company:

"RESOLVED, That the President, any Senior Vice President, Vice President, Assistant Vice President, Secretary, Assistant Secretary, Treasurer or Assistant Treasurer and each of them hereby is authorized to execute powers of attorney, and such authority can be executed by use of facsimile signature, which may be attested or acknowledged by any officer or attorney, of the company, qualifying the attorney or attorneys named in the given power of attorney, to execute in behalf of, and acknowledge as the act and deed of the SureTec Insurance Company and Markel Insurance Company, as the case may be, all bond undertakings and contracts of suretyship, and to affix the corporate seal thereto."

IN WITNESS WHEREOF, Markel Insurance Company and SureTec Insurance Company have caused their official seal to be hereunto affixed and these presents to be signed by their duly authorized officers on the 10th day of November , 2021 .

SureTec Insurance Company

By: _____
Michael C. Kelmig, President

Markel Insurance Company

By: _____
Lindey Jennings, Vice President

State of Texas
County of Harris:

On this 10th day of November , 2021 A. D., before me, a Notary Public of the State of Texas, in and for the County of Harris, duly commissioned and qualified, came THE ABOVE OFFICERS OF THE COMPANIES, to me personally known to be the individuals and officers described in, who executed the preceding instrument, and they acknowledged the execution of same, and being by me duly sworn, disposed and said that they are the officers of the said companies aforesaid, and that the seals affixed to the proceeding instrument are the Corporate Seals of said Companies, and the said Corporate Seals and their signatures as officers were duly affixed and subscribed to the said instrument by the authority and direction of the said companies, and that Resolutions adopted by the Board of Directors of said Companies referred to in the preceding instrument is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand, and affixed my Official Seal at the County of Harris, the day and year first above written.

XENIA RIVAS
Notary Public State of Texas
Commission # 129117659
Commission Expires 9/10/24

By: _____
Xenia Rivas, Notary Public
My commission expires 9/10/2024

We, the undersigned Officers of SureTec Insurance Company and Markel Insurance Company do herby certify that the original POWER OF ATTORNEY of which the foregoing is a full, true and correct copy is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, we have hereunto set our hands, and affixed the Seals of said Companies, on the 24th day of FEBRUARY , 2025

SureTec Insurance Company

By: _____
M. Brent Beaty, Assistant Secretary

Markel Insurance Company

By: _____
Andrew Marquis, Assistant Secretary

Any instrument issued in excess of the penalty stated above is totally void and without any validity. 510376
For verification of the authority of this Power you may call (713)812-0800 on any business day between 8:30 AM and 5:00 PM CST.

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ San Diego _____ )

On __ 2/24/2025 __ before me, __ Jessica Diaz de Leon, a Notary Public, __
(insert name and title of the officer)

personally appeared __ Will Mingram __,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JESSICA DIAZ DE LEON
COMM. #2395685
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
MARCH 3, 2026

Signature __ Jessica Diaz de Leon __ (Seal)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ICON PSG 1 FL, LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: 2:25-cv-00044-GAM |
| JENKINS COURT REALTY CO., L.P., | |
| Defendant. | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Gleb Epelbaum, Esquire, hereby certify that on this day, I caused to be served a true and correct copy of the foregoing Notice of Receiver's Bond via the Court's CM/ECF system:

Michael Yanoff, Esquire
Shawn M. Rodgers, Esquire
GOLDSTEIN LAW PARTNERS
200 School Alley, Suite 5
Green Lane, PA 18054
*Attorneys for Defendant,*
*Jenkins Court Realty Co., L.P.*

**KURTZ AND PARTNERS P.C.**

Date: February 25, 2025

*/s/ Gleb Epelbaum*
Gleb Epelbaum, Esquire
Attorney I.D. No.: 320904
Swedesford Park, Building Three
1265 Drummers Lane, Suite 120
Wayne, PA 19087
(610) 688-2855
gepelbaum@kurtzpartners.com
*Attorneys for Plaintiff, ICON PSG 1 FL, LLC*

Jenkins Court Realty Co., L.P.
610 Old York Road, Jenkintown, Pennsylvania 19046
February 21, 2025 through April 30, 2025 – Receiver's Takeover Report

**OVERVIEW OF TRANSITION**

On March 4, 2025, the Receiver conducted an initial site inspection. The Receiver toured common areas, utility rooms, the parking garage, and the exterior grounds.

Overall, the building is in fair condition. Two of the three elevators were not operational. The Receiver was not initially provided with access to the roof and vacant suites. Common area finishes are dated. The parking garage has blocked parking areas on the roof deck and lower level due to garage repairs (that were not in progress).

The Receiver requested property-related documents from the Borrower - including but not limited to current financials, bank statements, tenant contact information, tenant lease documents, tenant ledgers, vendor contact information, vendor service contracts, and utility account information. As of April 30, 2025, the Borrower has not provided most of the requested information.

The Receiver bank account was opened in March 2025.

**Site Pictures**



Jenkins Court Realty Co., L.P.
610 Old York Road, Jenkintown, Pennsylvania 19046
February 21, 2025 through April 30, 2025 – Receiver's Takeover Report

## Common Areas











**Mechanical Rooms**







Jenkins Court Realty Co., L.P.
610 Old York Road, Jenkintown, Pennsylvania 19046
February 21, 2025 through April 30, 2025 – Receiver's Takeover Report

## Parking Garage





Jenkins Court Realty Co., L.P.
610 Old York Road, Jenkintown, Pennsylvania 19046
February 21, 2025 through April 30, 2025 – Receiver's Takeover Report

## LEASING AND MARKETING

On file with the Receiver.

*This Space Intentionally Left Blank*

Jenkins Court Realty Co., L.P.
610 Old York Road, Jenkintown, Pennsylvania 19046
February 21, 2025 through April 30, 2025 – Receiver's Takeover Report

**INSURANCE**

The Property has current general liability coverage through Cincinnati Insurance Companies with a coverage period of November 4, 2024 to December 7, 2025. The Property commercial property insurance coverage through Cincinnati Insurance Companies with a coverage period of November 4, 2024 to December 7, 2025. A copy of the Property and Liability certificates attached herewith.

*This Space Intentionally Left Blank*

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)** 12/10/2024

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT |
|---|---|
| Maury, Donnelly & Parr, Inc.<br>24 Commerce St.<br>Baltimore MD 21202<br><br>License#: 67 | **NAME:** Kelly Cooper |
| | **PHONE (A/C, No, Ext):** 443-330-7437   **FAX (A/C, No):** 410-685-3071 |
| | **E-MAIL ADDRESS:** kelly-cooper@mdpins.com |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| | INSURER A : Cincinnati Insurance Companies | 10677 |
| INSURED | INSURER B : Starstone National Insurance Company | |
| Jenkins Court Realty Co., L.P.<br>PO Box 549<br>Abington PA 19001 | INSURER C : Evanston Insurance Company | 35378 |
| JENKCOU-01 | INSURER D : Selective Insurance Co of America# | 12572 |
| | INSURER E : | |
| | INSURER F : | |

## COVERAGES   CERTIFICATE NUMBER: 211445165   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X **COMMERCIAL GENERAL LIABILITY**<br>CLAIMS-MADE [ ] X OCCUR<br>X 1,000<br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>POLICY [ ] PRO-JECT [ ] X LOC<br>OTHER: | Y | | EPP0701829 | 11/4/2024 | 12/7/2025 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 0 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY**<br>[ ] ANY AUTO<br>[ ] OWNED AUTOS ONLY [ ] SCHEDULED AUTOS<br>X HIRED AUTOS ONLY X NON-OWNED AUTOS ONLY | | | EPP0701829 | 11/4/2024 | 12/7/2025 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| B | **UMBRELLA LIAB** X OCCUR<br>X **EXCESS LIAB** [ ] CLAIMS-MADE<br>DED X RETENTION $ 0 | Y | | 76503W230ALI | 11/4/2024 | 12/7/2025 | EACH OCCURRENCE | $ 5,000,000 |
| | | | | | | | AGGREGATE | $ 5,000,000 |
| | | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBEREXCLUDED? Y/N<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | PER STATUTE [ ] OTHER [ ] | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| C<br>D | Excess Over Umbrella<br>Builders Risk | Y<br>Y | | EZXS3178367<br>S2654044 | 11/4/2024<br>1/23/2024 | 12/7/2025<br>1/23/2025 | Occ/Aggregate<br>Renovation Limit | 5,000,000<br>2,000,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**
ICON PSG 1 FL, LLC ISAOA ATIMA is additional insured as required per written contract with respect to: 610 Old York Rd. Jenkintown PA 19046
ICON PSG 1 FL, LLC ISAOA ATIMA is included as loss payee and mortgagee on the Builders Risk policy.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| ICON PSG 1 FL, LLC ISAOA ATIMA<br>6711 Columbia Gateway Dr. Ste. 130<br>Columbia MD 21046 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>**AUTHORIZED REPRESENTATIVE**<br> |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)   The ACORD name and logo are registered marks of ACORD

**ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
3/19/2025

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | Robyn Garrison-Shipp | |
|---|---|---|---|
| Maury, Donnelly & Parr, Inc.<br>24 Commerce St.<br>Baltimore MD 21202 | PHONE (A/C, No, Ext): 443-541-0575 | | FAX (A/C, No): 443-536-4783 |
| | E-MAIL ADDRESS: robyn-garrison-shipp@mdpins.com | | |
| License#: 67 | **INSURER(S) AFFORDING COVERAGE** | | **NAIC #** |
| JENKCOU-01 | INSURER A : Cincinnati Insurance Companies | | 10677 |
| **INSURED** | INSURER B : Starstone National Insurance Company | | |
| Jenkins Court Realty Co LP<br>PO Box 549<br>Abington PA 19001 | INSURER C : Evanston Insurance Company | | 35378 |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

**COVERAGES**     **CERTIFICATE NUMBER:** 869526145     **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | Y | | EPP0701829 | 11/4/2024 | 12/7/2025 | EACH OCCURRENCE | $ 1,000,000 |
| | ___ CLAIMS-MADE  X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 500,000 |
| | X 1,000 | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | POLICY ___ PRO-JECT ___ X LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | OTHER: | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | OWNED AUTOS ONLY ___ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS ONLY ___ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| B | **UMBRELLA LIAB** X OCCUR | Y | | 76503W230ALI | 11/4/2024 | 12/7/2025 | EACH OCCURRENCE | $ 5,000,000 |
| | X **EXCESS LIAB** ___ CLAIMS-MADE | | | | | | AGGREGATE | $ 5,000,000 |
| | DED X RETENTION $ 0 | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N | | | | | | PER STATUTE ___ OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| C | Excess Over Umbrella | | | EZXS3178367 | 11/4/2024 | 12/7/2025 | Occurrence<br>Aggregate<br>Retention | 5,000,000<br>5,000,000<br>0 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Trigild IVL LLC (Receiver) and the Receivership Estate Over the Specific Assets of Jenkins Court Realty Co., L.P. are additional insured with respect to 610 Old York Rd. Jenkintown PA.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Jenkins Court Realty Co., LP c/o Trigild IVL LLC<br>8111 Douglas Avenue, Suite 600<br>Dallas TX 75225 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

**ACORD 25 (2016/03)**     The ACORD name and logo are registered marks of ACORD



# EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

**DATE (MM/DD/YYYY)** 12/10/2024

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

**PRODUCER NAME, CONTACT PERSON AND ADDRESS**
Maury, Donnelly & Parr, Inc.
24 Commerce St.
Baltimore, MD 21202

**PHONE (A/C, No, Ext):** 410-685-4625

License#: 67

**FAX (A/C, No):** 410-685-3071

**E-MAIL ADDRESS:**

**COMPANY NAME AND ADDRESS**
Cincinnati Insurance Companies
PO Box 145496
Cincinnati, OH 45250-5496
,

**NAIC NO:** 10677

IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH

**CODE:**    **SUB CODE:**

**AGENCY CUSTOMER ID #:**

**POLICY TYPE**

**NAMED INSURED AND ADDRESS**
Jenkins Court Realty Co., L.P.
PO Box 549
Abington PA 19001

**LOAN NUMBER**

**POLICY NUMBER** EPP0701829

**EFFECTIVE DATE** 11/04/2024   **EXPIRATION DATE** 12/07/2025   CONTINUED UNTIL TERMINATED IF CHECKED

**ADDITIONAL NAMED INSURED(S)**

**THIS REPLACES PRIOR EVIDENCE DATED:**

## PROPERTY INFORMATION (ACORD 101 may be attached if more space is required) ☒ BUILDING OR ☒ BUSINESS PERSONAL PROPERTY

**LOCATION / DESCRIPTION**
610 Old York Road Jenkintown PA 19046
610 Old York Rd., Jenkintown, PA 19046, USA

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

**COVERAGE INFORMATION**   PERILS INSURED   BASIC   BROAD [X] SPECIAL

COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: **$ 56,960,175**   DED: 25,000

| | YES | NO | N/A | |
|---|---|---|---|---|
| ☒ BUSINESS INCOME ☒ RENTAL VALUE | X | | | If YES, LIMIT: 1,872,000   X   Actual Loss Sustained; # of months: 12 |
| BLANKET COVERAGE | | X | | If YES, indicate value(s) reported on property identified above: $ |
| TERRORISM COVERAGE | X | | | Attach Disclosure Notice / DEC |
|     IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | X | | |
|     IS DOMESTIC TERRORISM EXCLUDED? | | X | | |
| LIMITED FUNGUS COVERAGE | X | | | If YES, LIMIT: 25,000   DED: |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | X | | |
| REPLACEMENT COST | X | | | |
| AGREED VALUE | | X | | |
| COINSURANCE | X | | | If YES, 80 % |
| EQUIPMENT BREAKDOWN (If Applicable) | X | | | If YES, LIMIT: 56,960,175   DED: 25,000 |
| ORDINANCE OR LAW - Coverage for loss to undamaged portion of bldg | X | | | If YES, LIMIT: 56,960,175   DED: 0 |
|     - Demolition Costs | X | | | If YES, LIMIT: 150,000   DED: 0 |
|     - Incr. Cost of Construction | X | | | If YES, LIMIT: 150,000   DED: 0 |
| EARTH MOVEMENT (If Applicable) | | X | | If YES, LIMIT:   DED: |
| FLOOD (If Applicable) | | X | | If YES, LIMIT:   DED: |
| WIND / HAIL INCL ☒ YES ☐ NO   Subject to Different Provisions: | | X | | If YES, LIMIT: 57,194,175   DED: 25,000 |
| NAMED STORM INCL ☒ YES ☐ NO   Subject to Different Provisions: | | X | | If YES, LIMIT: 57,194,175   DED: 25,000 |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | | | X | |

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTIC WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| CONTRACT OF SALE | LENDER'S LOSS PAYABLE | X LOSS PAYEE | **LENDER SERVICING AGENT NAME AND ADDRESS** |
|---|---|---|---|
| X MORTGAGEE | X Additional Insured | | |

**NAME AND ADDRESS**

ICON PSG 1 FL, LLC ISAOA ATIMA
6711 Columbia Gateway Dr. Ste. 130
Columbia, MD 21046

**AUTHORIZED REPRESENTATIVE**

© 2003-2015 ACORD CORPORATION. All rights reserved.

**ACORD 28 (2016/03)**    The ACORD name and logo are registered marks of ACORD

 **ACORD®** **EVIDENCE OF COMMERCIAL PROPERTY INSURANCE**

| | DATE (MM/DD/YYYY) |
|---|---|
| | 3/19/2025 |

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | PHONE (A/C, No, Ext): 410-685-4625 | COMPANY NAME AND ADDRESS | NAIC NO: 10677 |
|---|---|---|---|
| Maury, Donnelly & Parr, Inc. 24 Commerce St. Baltimore, MD 21202 | | Cincinnati Insurance Companies PO Box 145496 Cincinnati, OH 45250-5496 , | |
| | License#: 67 | **IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH** | |

| FAX (A/C, No): 410-685-3071 | E-MAIL ADDRESS: | POLICY TYPE |
|---|---|---|
| CODE: | SUB CODE: | |
| AGENCY CUSTOMER ID #: | | |

| NAMED INSURED AND ADDRESS | LOAN NUMBER | POLICY NUMBER |
|---|---|---|
| Jenkins Court Realty Co., L.P. PO Box 549 Abington PA 19001 | | EPP0701829 |

| EFFECTIVE DATE | EXPIRATION DATE | CONTINUED UNTIL TERMINATED IF CHECKED |
|---|---|---|
| 11/04/2024 | 12/07/2025 | |

| ADDITIONAL NAMED INSURED(S) | THIS REPLACES PRIOR EVIDENCE DATED: |
|---|---|

**PROPERTY INFORMATION** (ACORD 101 may be attached if more space is required)  ☒ BUILDING  OR ☒ BUSINESS PERSONAL PROPERTY

**LOCATION / DESCRIPTION**
610 Old York Road Jenkintown PA 19046
610 Old York Road, Jenkintown, PA 19046, USA

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

**COVERAGE INFORMATION**    PERILS INSURED    | BASIC | | BROAD | X | SPECIAL |

| COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: $ | | | | DED: 25,000 |
|---|---|---|---|---|

| | YES | NO | N/A | |
|---|---|---|---|---|
| ☒ BUSINESS INCOME    ☒ RENTAL VALUE | X | | | If YES, LIMIT: 1,872,000    X  Actual Loss Sustained; # of months: 12 |
| BLANKET COVERAGE | | X | | If YES, indicate value(s) reported on property identified above: $ |
| TERRORISM COVERAGE | X | | | Attach Disclosure Notice / DEC |
|     IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | X | | |
|     IS DOMESTIC TERRORISM EXCLUDED? | | X | | |
| LIMITED FUNGUS COVERAGE | X | | | If YES, LIMIT: 25,000    DED: |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | X | | |
| REPLACEMENT COST | X | | | |
| AGREED VALUE | | X | | |
| COINSURANCE | X | | | If YES,    80 % |
| EQUIPMENT BREAKDOWN (If Applicable) | X | | | If YES, LIMIT: 56,960,175    DED: 25,000 |
| ORDINANCE OR LAW  - Coverage for loss to undamaged portion of bldg | X | | | If YES, LIMIT: 56,960,175    DED: 0 |
|     - Demolition Costs | X | | | If YES, LIMIT: 150,000    DED: 0 |
|     - Incr. Cost of Construction | X | | | If YES, LIMIT: 150,000    DED: 0 |
| EARTH MOVEMENT (If Applicable) | | X | | If YES, LIMIT:    DED: |
| FLOOD (If Applicable) | | X | | If YES, LIMIT:    DED: |
| WIND / HAIL INCL  ☒ YES ☐ NO  Subject to Different Provisions: | | X | | If YES, LIMIT: 57,194,175    DED: 25,000 |
| NAMED STORM INCL  ☒ YES ☐ NO  Subject to Different Provisions: | | X | | If YES, LIMIT: 57,194,175    DED: 25,000 |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | | | X | |

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**ADDITIONAL INTEREST**

| | CONTRACT OF SALE | | LENDER'S LOSS PAYABLE | | LOSS PAYEE | LENDER SERVICING AGENT NAME AND ADDRESS |
|---|---|---|---|---|---|---|
| | MORTGAGEE | | | | | |

| NAME AND ADDRESS | |
|---|---|
| Jenkins Court Realty Co., LP c/o Trigild IVL LLC 8111 Douglas Avenue, Suite 600 Dallas, TX 75225 | AUTHORIZED REPRESENTATIVE |

© 2003-2015 ACORD CORPORATION.  All rights reserved.

**ACORD 28 (2016/03)**    The ACORD name and logo are registered marks of ACORD

## TABLE OF CONTENTS

### SBG MANAGEMENT SERVICES PA INC. - FINANCIAL CONTENTS

*FINANCIALS NOT PROVIDED*

AR REPORT                                                                    -

OPEN PAYABLES                                                                -

RENT ROLL                                                                    -

BANK STATEMENT                                                               -

## TABLE OF CONTENTS

### LINCOLN PROPERTY COMPANY COMMERCIAL, LLC - FINANCIAL CONTENTS

| | |
|---|---|
| EXECUTIVE SUMMARY | PAGE 39 |
| BUDGET COMPARISON [WITH VARIANCE] | PAGE 41 |
| BALANCE SHEET | PAGE 44 |
| CASH FLOW STATEMENT | PAGE 45 |
| TRIAL BALANCE | PAGE 47 |
| GENERAL LEDGER | PAGE 48 |
| RENT ROLL | PAGE 53 |
| SECURITY DEPOSIT LEDGER | - |
| BANK RECONCILIATIONS & BANK STATEMENTS | PAGE 56 |
| ACCOUNTS RECEIVABLE | PAGE 66 |
| ACCOUNTS RECEIVABLE AGING | PAGE 74 |
| CHECK REGISTER | PAGE 79 |
| ACCOUNTS PAYABLE AGING | - |
| MANAGEMENT FEE CALCULATION | PAGE 81 |

**Jenkins Court**
**Jenkintown, PA**
**STATUS REPORT**
**April 2025**

## FINANCIAL SUMMARY

| | Current | | | | Year to Date | | | |
|---|---|---|---|---|---|---|---|---|
| | Actual | Budget | Variance | % | Actual | Budget | Variance | % |
| Income | 139,242.05 | Budget under review | 139,242.05 | 0% | 332,404.19 | Budget under review | 332,40.19 | 0% |
| Expense | 34,637.64 | Budget under review | (34,637.64) | 0% | 34,637.64 | Budget under review | (34,637.64) | 0% |
| Net Income/Loss | 104,604.41 | Budget under review | 104,604.41 | 0% | 297,766.55 | Budget under review | 297,766.55 | 0% |
| Capital Expense | 0 | 0 | 0 | 0% | 0 | 0 | 0 | 0% |
| Net Income/Loss with Capital | 104,604.41 | Budget under review | 104,604.41 | 0% | 297,766.55 | Budget under review | 297,766.55 | 0% |

## INCOME AND EXPENSE

As of April, tenants are using the updated deposit information for making ACH and check payments. Management is keeping track of rent payments received and has reached out to tenants that have yet to submit rent payments.

No historical or YTD financials were provided by borrower or prior management group.

## NET OPERATING INCOME/LOSS

YTD income collected to date due to tenants still transitioning to new remit to instructions for rent payments.

Collection efforts are in progress and expect May income to align with budget projections.

## TENANT

Kristen and Dante Givens event space in suite 650 & 676 is near completion. Tenants are performing their own improvement work. Copies of the permit were obtained, and the tenant is currently awaiting certificate of occupancy and sewer exemption.

Drain line repairs for Temple Fox Chase are in progress. Phase I of sewer line repair involved replacing 120 LF of 4" cast iron branch lines. The repair was completed April 22nd. Phase II repair includes an additional 120 LF of 4" cast iron branch lines and new 3" trap. Phase II to start May 6th .

**OPERATIONS**

Management conducts frequent property visits and meets regularly with tenants to address concerns.

The elevator modernization of two passenger cars is anticipated to commence in mid-June. Currently only one elevator is operational.

Lincoln construction team visited the parking garage in April with THA Consulting. THA Consulting provided a proposal to develop a scope of work and drawings for shoring which was approved and signed. Lincoln construction team to meet with contractors in May.

Workspace work order portal is now live and tenants are being notified. They are now able to submit service requests through the portal.

**PENDING LEASE EXPIRATIONS**

None in 2025, but we seem to be missing an amendment for Marc Kress, M.D. in suite 670. We have the 4th Amendment which extends the lease through 9/30/2023, but nothing after that. Need to confirm if there was another amendment extending the lease or if tenant is in holdover.

**VACANT SUITES**

The following suites are currently vacant:

- Suite 105 – 500 sf
- Suite 107 – 2,500 sf
- Suite 200 – 4,000 sf
- Suite 205 – 1,500 sf
- Suite 668 – 2,000 sf

Case: 25-2598    Document: 19    Page: 1133    Date Filed: 11/24/2025

| Database: | MSDE_CB | **Comparative Income Statement** | Page: | 1 |
| ENTITY: | 610 | Monthly Income Statement-Trigild | Date: | 4/30/2025 |
| Report ID: | MP_CMPINC | | Time: | 10:13 AM |
| Format ID: | INCSTMTGWP | **Jenkins Court Realty Co LP** | User ID: | CPARNELL |
| | | Lincoln Property Company | | |

Cash                                          Report includes an open period.  Entries are not final.

| | **Current Period** | | | | **Year-To-Date** | | |
| | Actual | Budget | | | Actual | Budget | |
| Thru: | Mar 2025 | Mar 2025 | Variance | | Mar 2025 | Mar 2025 | Variance |
|---|---|---|---|---|---|---|---|
| **REVENUES:** | | | | | | | |
| COMMERCIAL RENTAL INCOME | | | | | | | |
| 41115-0000  Base Rent Income | 193,162.14 | 0.00 | 193,162.14 | 0.00% | 193,162.14 | 0.00 | 193,162.14 | 0.00% |
| TOTAL COMMERCIAL RENTAL INCOME | 193,162.14 | 0.00 | 193,162.14 | | 193,162.14 | 0.00 | 193,162.14 | |
| TOTAL REVENUES | 193,162.14 | 0.00 | 193,162.14 | | 193,162.14 | 0.00 | 193,162.14 | |
| **EXPENSES:** | | | | | | | |
| TOTAL OPERATING EXPENSES | 0.00 | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | |
| NET OPERATING INCOME | 193,162.14 | 0.00 | 193,162.14 | | 193,162.14 | 0.00 | 193,162.14 | |
| NET INCOME/LOSS | 193,162.14 | 0.00 | 193,162.14 | | 193,162.14 | 0.00 | 193,162.14 | |
| CAPITAL EXPENSES | | | | | | | |
| NET INCOME/LOSS LESS CAPITAL EXP | 193,162.14 | 0.00 | 193,162.14 | | 193,162.14 | 0.00 | 193,162.14 | |

| Database: | MSDE_CB | **Comparative Income Statement** | Page: | 1 |
|---|---|---|---|---|
| ENTITY: | 610 | Monthly Income Statement-Trigild | Date: | 5/15/2025 |
| Report ID: | MP_CMPINC | | Time: | 8:46 AM |
| Format ID: | INCSTMTGWP | **Jenkins Court Realty Co LP** | User ID: | LDANIEL |
| | | Lincoln Property Company | | |

Cash

Report includes an open period. Entries are not final.

| | | | Current Period | | | Year-To-Date | | |
|---|---|---|---|---|---|---|---|---|
| | | Actual | Budget | | | Actual | Budget | |
| | Thru: | Apr 2025 | Apr 2025 | Variance | | Apr 2025 | Apr 2025 | Variance |

**REVENUES:**

COMMERCIAL RENTAL INCOME

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 41115-0000 | Base Rent Income | 150,242.05 | 0.00 | 150,242.05 | 0.00% | 343,404.19 | 0.00 | 343,404.19 | 0.00% |
| 41145-0000 | Concessions Rental Income | (11,000.00) | 0.00 | (11,000.00) | 0.00% | (11,000.00) | 0.00 | (11,000.00) | 0.00% |
| | TOTAL COMMERCIAL RENTAL INCOME | 139,242.05 | 0.00 | 139,242.05 | | 332,404.19 | 0.00 | 332,404.19 | |
| | TOTAL REVENUES | 139,242.05 | 0.00 | 139,242.05 | | 332,404.19 | 0.00 | 332,404.19 | |

**EXPENSES:**

REPAIRS AND MAINTENANCE

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 51240-0000 | Electrical - Supplies | 3,562.29 | 0.00 | (3,562.29) | 0.00% | 3,562.29 | 0.00 | (3,562.29) | 0.00% |
| | TOTAL REPAIRS AND MAINTENANCE | 3,562.29 | 0.00 | (3,562.29) | | 3,562.29 | 0.00 | (3,562.29) | |

UTILITIES

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 51510-0000 | Electricity | 8,850.86 | 0.00 | (8,850.86) | 0.00% | 8,850.86 | 0.00 | (8,850.86) | 0.00% |
| 51515-0000 | Water | 2,998.60 | 0.00 | (2,998.60) | 0.00% | 2,998.60 | 0.00 | (2,998.60) | 0.00% |
| | TOTAL UTILITIES | 11,849.46 | 0.00 | (11,849.46) | | 11,849.46 | 0.00 | (11,849.46) | |

OFFICE & ADMINISTRATIVE

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 52023-0000 | Insurance - Commercial | 18,890.00 | 0.00 | (18,890.00) | 0.00% | 18,890.00 | 0.00 | (18,890.00) | 0.00% |
| | TOTAL OFFICE & ADMINISTRATIVE | 18,890.00 | 0.00 | (18,890.00) | | 18,890.00 | 0.00 | (18,890.00) | |

NON RECOVERABLE EXPENSES

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 54090-0000 | Bank Service Charges | 15.00 | 0.00 | (15.00) | 0.00% | 15.00 | 0.00 | (15.00) | 0.00% |
| 63090-0000 | Technology - Wan/Internet/Cable | 320.89 | 0.00 | (320.89) | 0.00% | 320.89 | 0.00 | (320.89) | 0.00% |
| | TOTAL NON RECOVERABLE EXPENSES | 335.89 | 0.00 | (335.89) | | 335.89 | 0.00 | (335.89) | |
| | TOTAL OPERATING EXPENSES | 34,637.64 | 0.00 | (34,637.64) | | 34,637.64 | 0.00 | (34,637.64) | |

Appx1141

Date Filed: 11/24/2025    Page: 1134    Document: 19    Case: 25-2598

Case: 25-2598    Document: 19    Page: 1135    Date Filed: 11/24/2025

```
Database:     MSDE_CB                      Comparative Income Statement                         Page:              2
ENTITY:       610                        Monthly Income Statement-Trigild                       Date:       5/15/2025
Report ID:    MP_CMPINC                                                                         Time:        8:46 AM
Format ID:    INCSTMTGWP                      Jenkins Court Realty Co LP                        User ID:     LDANIEL
                                               Lincoln Property Company

Cash                                Report includes an open period.  Entries are not final.
```

| | Current Period | | | Year-To-Date | | |
| | Actual | Budget | | Actual | Budget | |
| Thru: | Apr 2025 | Apr 2025 | Variance | Apr 2025 | Apr 2025 | Variance |
|---|---|---|---|---|---|---|
| NET OPERATING INCOME | 104,604.41 | 0.00 | 104,604.41 | 297,766.55 | 0.00 | 297,766.55 |
| NET INCOME/LOSS | 104,604.41 | 0.00 | 104,604.41 | 297,766.55 | 0.00 | 297,766.55 |
| CAPITAL EXPENSES | | | | | | |
| NET INCOME/LOSS LESS CAPITAL EXP | 104,604.41 | 0.00 | 104,604.41 | 297,766.55 | 0.00 | 297,766.55 |

| Database: | MSDE_CB | **Balance Sheet-Trigild** | Page: | 1 |
|---|---|---|---|---|
| ENTITY: | 610 | | Date: | 5/15/2025 |
| Report ID: | MP_BALST | **Jenkins Court Realty Co LP** | Time: | 8:46 AM |
| Format ID: | BALSTGWP | Lincoln Property Company | User ID: | LDANIEL |

Cash                                                    *Report includes an open period.  Entries are not final.*

| Acct # | Account Description | Apr 2025 |
|---|---|---|
| | ASSETS | |
| | CASH AND CASH EQUIVALENTS | |
| 10810-0000 | Cash - Operating | 45,066.36 |
| 10825-0000 | Cash - Lockbox | 252,700.19 |
| | TOTAL CASH AND CASH EQUIVALENTS | 297,766.55 |
| | RECEIVABLES & OTHER ASSETS | |
| 11066-0000 | Utility Deposit | 43,255.00 |
| | TOTAL  RECEIVABLES & OTHER ASSETS | 43,255.00 |
| | REAL ESTATE RELATED INVESTMENTS | |
| | TOTAL ASSETS | 341,021.55 |
| | LIABILITIES AND EQUITY | |
| | LIABILITIES | |
| | TOTAL LIABILITIES | 0.00 |
| | EQUITY | |
| 30040-0000 | Contributions | 43,255.00 |
| 36011-0000 | Current Earnings | 297,766.55 |
| | TOTAL EQUITY | 341,021.55 |
| | TOTAL LIABILITIES & CAPITAL | 341,021.55 |

Case: 25-2598    Document: 19    Page: 1137    Date Filed: 11/24/2025

| Database: | MSDE_CB | | Page: | 1 |
|---|---|---|---|---|
| ENTITY: | 610 | **Statement of Cash Flows - Trigild** | Date: | 4/30/2025 |
| | | **Lincoln Property Company** | Time: | 10:15 AM |
| | | **Jenkins Court Realty Co LP** | | |
| Cash | | | | |

Report includes an open period.  Entries are not final.

| | **Current Period** | **Year-To-Date** |
|---|---|---|
| | Actual | Actual |
| Thru: | Mar 2025 | Mar 2025 |

| | Current Period Actual Mar 2025 | Year-To-Date Actual Mar 2025 |
|---|---|---|
| OPERATING CASH FLOW: | | |
| Net Operating Income | 193,162.14 | 193,162.14 |
| ADJUST FOR: | | |
| Net Operating Cash Flow | 0.00 | 0.00 |
| CAPITAL EXPENDITURES | | |
| Net Cash Used for Capital Expenditures | 0.00 | 0.00 |
| FINANCING ACTIVITY | | |
| Net Cash Used for Financing Activity | 0.00 | 0.00 |
| NET CHANGE IN CASH | 193,162.14 | 193,162.14 |
| ENDING CASH BALANCE | 193,162.14 | 193,162.14 |

Case: 25-2598    Document: 19    Page: 1138    Date Filed: 11/24/2025

| Database: | MSDE_CB | | Page: | 1 |
|---|---|---|---|---|
| ENTITY: | 610 | **Statement of Cash Flows - Trigild** | Date: | 5/15/2025 |
| | | **Lincoln Property Company** | Time: | 8:48 AM |
| | | **Jenkins Court Realty Co LP** | | |
| Cash | | | | |

Report includes an open period.  Entries are not final.

| | **Current Period** | **Year-To-Date** |
|---|---|---|
| | Actual | Actual |
| Thru: | Apr 2025 | Apr 2025 |

| | Current Period Actual Apr 2025 | Year-To-Date Actual Apr 2025 |
|---|---|---|
| CASH BALANCE, BEGINNING OF MONTH: | 193,162.14 | 0.00 |
| OPERATING CASH FLOW: | | |
| Net Operating Income | 104,604.41 | 297,766.55 |
| ADJUST FOR: | | |
| Change in Accounts Receivable | (43,255.00) | (43,255.00) |
| Net Operating Cash Flow | (43,255.00) | (43,255.00) |
| CAPITAL EXPENDITURES | | |
| Net Cash Used for Capital Expenditures | 0.00 | 0.00 |
| FINANCING ACTIVITY | | |
| Equity Contributions | 43,255.00 | 43,255.00 |
| Net Cash Used for Financing Activity | 43,255.00 | 43,255.00 |
| NET CHANGE IN CASH | 104,604.41 | 297,766.55 |
| ENDING CASH BALANCE | 297,766.55 | 297,766.55 |

| Database: | MSDE_CB | Trial Balance | Page: | 1 |
|---|---|---|---|---|
| ENTITY: | 610 | **Lincoln Property Company** | Date: | 5/15/2025 |
| | | **Jenkins Court Realty Co LP** | Time: | 8:49 AM |

Cash

Year to Date Balances for period 04/25

Report includes an open period.  Entries are not final.

| Account | Description | Debit | Credit |
|---|---|---|---|
| 10810-0000 | Cash - Operating | 45,066.36 | |
| 10825-0000 | Cash - Lockbox | 252,700.19 | |
| 11066-0000 | Utility Deposit | 43,255.00 | |
| 30040-0000 | Contributions | | 43,255.00 |
| 41115-0000 | Base Rent Income | | 343,404.19 |
| 41145-0000 | Concessions Rental Income | 11,000.00 | |
| 51240-0000 | Electrical - Supplies | 3,562.29 | |
| 51510-0000 | Electricity | 8,850.86 | |
| 51515-0000 | Water | 2,998.60 | |
| 52023-0000 | Insurance - Commercial | 18,890.00 | |
| 54090-0000 | Bank Service Charges | 15.00 | |
| 63090-0000 | Technology - Wan/Internet/Cable | 320.89 | |
| | Total: | 386,659.19 | 386,659.19 |

Case: 25-2598    Document: 19    Page: 1140    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | | | **General Ledger** | | | Page: | 1 |
|---|---|---|---|---|---|---|---|---|---|---|
| ENTITY: | 610 | | | | | Lincoln Property Company | | | Date: | 4/30/2025 |
| | | | | | | Jenkins Court Realty Co LP | | | Time: | 10:17 AM |

Cash

03/25 - 03/25

Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **10810-0000** | | | **Cash - Operating** | | | | *Balance Forward* | | | *0.00* |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt BRT  Base Rent | 77,792.50 | 0.00 | 77,792.50 |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt OPE  Operating Expenses | 17,649.58 | 0.00 | 95,442.08 |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt PPD  Prepaid Rental Income | 193,162.14 | 0.00 | 288,604.22 |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt RET  Real Estate Taxes | 13,240.32 | 0.00 | 301,844.54 |
| 610 | 03/25 | 3/31/2025 | CM 020656 | @ | | | Paymnt Rev BRT  Base Rent | 0.00 | 77,792.50 | 224,052.04 |
| 610 | 03/25 | 3/31/2025 | CM 020656 | @ | | | Paymnt Rev OPE  Operating Expenses | 0.00 | 17,649.58 | 206,402.46 |
| 610 | 03/25 | 3/31/2025 | CM 020656 | @ | | | Paymnt Rev RET  Real Estate Taxes | 0.00 | 13,240.32 | 193,162.14 |
| 610 | 03/25 | 3/31/2025 | CP 325OYB | @ | | | Rcl 3/25 LB Deposit | 0.00 | 193,162.14 | 0.00 |
| | | | | | | | ** Account Totals | 301,844.54 | 301,844.54 | **0.00** |
| **10825-0000** | | | **Cash - Lockbox** | | | | *Balance Forward* | | | *0.00* |
| 610 | 03/25 | 3/31/2025 | CP 325OYB | @ | | | Rcl 3/25 LB Deposit | 193,162.14 | 0.00 | 193,162.14 |
| | | | | | | | ** Account Totals | 193,162.14 | 0.00 | **193,162.14** |
| **41115-0000** | | | **Base Rent Income** | | | | *Balance Forward* | | | *0.00* |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt BRT  Base Rent | 0.00 | 77,792.50 | -77,792.50 |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt PPD  Prepaid Rental Income | 0.00 | 193,162.14 | -270,954.64 |
| 610 | 03/25 | 3/31/2025 | CM 020656 | @ | | | Paymnt Rev BRT  Base Rent | 77,792.50 | 0.00 | -193,162.14 |
| | | | | | | | ** Account Totals | 77,792.50 | 270,954.64 | **-193,162.14** |
| **42111-0000** | | | **Real Estate Taxes Recoveries** | | | | *Balance Forward* | | | *0.00* |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt RET  Real Estate Taxes | 0.00 | 13,240.32 | -13,240.32 |
| 610 | 03/25 | 3/31/2025 | CM 020656 | @ | | | Paymnt Rev RET  Real Estate Taxes | 13,240.32 | 0.00 | 0.00 |
| | | | | | | | ** Account Totals | 13,240.32 | 13,240.32 | **0.00** |
| **42112-0000** | | | **Opex Recovery-CY** | | | | *Balance Forward* | | | *0.00* |
| 610 | 03/25 | 3/31/2025 | CM 020651 | @ | | | Cash Recpt OPE  Operating Expenses | 0.00 | 17,649.58 | -17,649.58 |
| 610 | 03/25 | 3/31/2025 | CM 020656 | @ | | | Paymnt Rev OPE  Operating Expenses | 17,649.58 | 0.00 | 0.00 |
| | | | | | | | ** Account Totals | 17,649.58 | 17,649.58 | **0.00** |
| **** Grand Totals** | | | | | | | | **603,689.08** | **603,689.08** | |

Appx1147

* Balance Forward Period

Page: 1140

Case: 25-2598    Document: 19    Page: 1141    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | | **General Ledger** | | | Page: | | 2 |
| ENTITY: | 610 | | | | Lincoln Property Company | | | Date: | | 4/30/2025 |
| | | | | | Jenkins Court Realty Co LP | | | Time: | | 10:17 AM |

Cash

03/25 - 03/25

Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|

42112-0000 - Opex Recovery-CY  (Continued)

Appx1148

* Balance Forward Period

Case: 25-2598    Document: 19    Page: 1142    Date Filed: 11/24/2025

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Database: | MSDE_CB | | | | | **General Ledger** | | Page: | 1 |
| ENTITY: | 610 | | | | | Lincoln Property Company | | Date: | 5/15/2025 |
| | | | | | | Jenkins Court Realty Co LP | | Time: | 8:50 AM |

Cash

04/25 - 04/25

Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **10810-0000** | | | **Cash - Operating** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | A/P Cash Disbursed for checks 2-2 | 0.00 | 3,562.29 | -3,562.29 |
| 610 | 04/25 | 4/30/2025 | CM 020843 | @ | | | Cash Recpt BRT Base Rent | 11,000.00 | 0.00 | 7,437.71 |
| 610 | 04/25 | 4/30/2025 | CM 020843 | @ | | | Cash Recpt PPD Prepaid Rental Income | 139,241.04 | 0.00 | 146,678.75 |
| 610 | 04/25 | 4/30/2025 | CM 020843 | @ | | | Paymnt Rev ABA Abatement - Base Rent | 0.00 | 11,000.00 | 135,678.75 |
| 610 | 04/25 | 4/30/2025 | CM 020916 | @ | | | Cash Recpt PPD Prepaid Rental Income | 1.01 | 0.00 | 135,679.76 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl PPD Income -> 10825-0000 | 0.00 | 139,241.04 | -3,561.28 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/8 Opex Funding - From LB 6980 | 79,689.00 | 0.00 | 76,127.72 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | 4/10 Peco payments ->51510-0000 | 0.00 | 8,850.86 | 67,276.86 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | 4/11 Aqua payments ->51515-00 | 0.00 | 2,998.60 | 64,278.26 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | 4/16 Cincinnati Insurance pmt ->52023 | 0.00 | 18,890.00 | 45,388.26 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | 4/14 Comcast Pmt -> 63090-0000 | 0.00 | 320.89 | 45,067.37 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl Cash Recpt PPD Rental ->10810-0000 | 0.00 | 1.01 | 45,066.36 |
| | | | | | | | **\*\* Account Totals** | 229,931.05 | 184,864.69 | **45,066.36** |
| **10825-0000** | | | **Cash - Lockbox** | | | | *Balance Forward* | | | *193,162.14* |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/1 Cypher Group Holding -> 10810-0 | 2,125.58 | 0.00 | 195,287.72 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/29 Jersey College -> 10810-0000 | 64,387.38 | 0.00 | 259,675.10 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/30 SSS Education -> 10810-0000 | 64,386.38 | 0.00 | 324,061.48 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/15 Mark Kress MD -> 10810-0000 | 8,341.70 | 0.00 | 332,403.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/8 Bank Fee | 0.00 | 15.00 | 332,388.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/8 Opex Funding - From LB 6980 | 0.00 | 79,689.00 | 252,699.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/22 SSS Educ ->10810-0000 | 1.00 | 0.00 | 252,700.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 | @ | | | Recl 4/29 Helping Hands ->10810-0000 | 0.01 | 0.00 | 252,700.19 |
| | | | | | | | **\*\* Account Totals** | 139,242.05 | 79,704.00 | **252,700.19** |
| **11066-0000** | | | **Utility Deposit** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | LD 000021402 | @ | | | Peco Utility Deposits | 43,255.00 | 0.00 | 43,255.00 |
| | | | | | | | **\*\* Account Totals** | 43,255.00 | 0.00 | **43,255.00** |
| **30040-0000** | | | **Contributions** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | LD 000021402 | @ | | | Peco Utility Deposits | 0.00 | 43,255.00 | -43,255.00 |
| | | | | | | | **\*\* Account Totals** | 0.00 | 43,255.00 | **-43,255.00** |

Appx1149

\* Balance Forward Period

Case: 25-2598    Document: 19    Page: 1143    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | | **General Ledger** | | | Page: | 2 |
| ENTITY: | 610 | | | | Lincoln Property Company | | | Date: | 5/15/2025 |
| | | | | | Jenkins Court Realty Co LP | | | Time: | 8:50 AM |

Cash

04/25 - 04/25

Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **41115-0000** | | | **Base Rent Income** | | | | *Balance Forward* | | | *-193,162.14* |
| 610 | 04/25 | 4/30/2025 | CM 020843 | @ | | | Cash Recpt BRT  Base Rent | 0.00 | 11,000.00 | -204,162.14 |
| 610 | 04/25 | 4/30/2025 | CM 020843 | @ | | | Cash Recpt PPD  Prepaid Rental Income | 0.00 | 139,241.04 | -343,403.18 |
| 610 | 04/25 | 4/30/2025 | CM 020916 | @ | | | Cash Recpt PPD  Prepaid Rental Income | 0.00 | 1.01 | -343,404.19 |
| | | | | | | | **\*\* Account Totals** | 0.00 | 150,242.05 | **-343,404.19** |
| **41145-0000** | | | **Concessions Rental Income** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | CM 020843 | @ | | | Paymnt Rev ABA  Abatement - Base Rent | 11,000.00 | 0.00 | 11,000.00 |
| | | | | | | | **\*\* Account Totals** | 11,000.00 | 0.00 | **11,000.00** |
| **42111-0000** | | | **Real Estate Taxes Recoveries** | | | | *Balance Forward* | | | *0.00* |
| **42112-0000** | | | **Opex Recovery-CY** | | | | *Balance Forward* | | | *0.00* |
| **43160-0000** | | | **Other Income** | | | | *Balance Forward* | | | *0.00* |
| **51240-0000** | | | **Electrical - Supplies** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 10/23/2024 Electrical Supplies          City Electric Supply | 895.34 | 0.00 | 895.34 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 10/30/2024 Electrical Supplies          City Electric Supply | 152.64 | 0.00 | 1,047.98 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 11/01/2024 Electric Supplies          City Electric Supply | 132.72 | 0.00 | 1,180.70 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 12/03/2025 Electric Supplies          City Electric Supply | 101.76 | 0.00 | 1,282.46 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 12/30/2024 Electric Supplies          City Electric Supply | 523.06 | 0.00 | 1,805.52 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 01/02/2025 Electric Supplies          City Electric Supply | 336.28 | 0.00 | 2,141.80 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 01/13/2025 Electric Supplies          City Electric Supply | 174.90 | 0.00 | 2,316.70 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 01/13/2025 Electric Supplies          City Electric Supply | 37.19 | 0.00 | 2,353.89 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 01/29/2025 Electric Supplies          City Electric Supply | 295.91 | 0.00 | 2,649.80 |
| 610 | 04/25 | 4/30/2025 | AP 027321 | @ | | | 2 4/21/2025 02/05/2025 Electric Supplies          City Electric Supply | 96.97 | 0.00 | 2,746.77 |

\* Balance Forward Period

Appx1150

Case: 25-2598    Document: 19    Page: 1144    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | | | General Ledger | | | Page: | 3 |
|---|---|---|---|---|---|---|---|---|---|---|
| ENTITY: | 610 | | | | | Lincoln Property Company | | | Date: | 5/15/2025 |
| | | | | | | Jenkins Court Realty Co LP | | | Time: | 8:50 AM |

Cash

04/25 - 04/25

Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | **51240-0000 - Electrical - Supplies  (Continued)** | | | |
| 610 | 04/25 | 4/30/2025 | AP  027321 | @ | | | 2 4/21/2025 02/07/2025 Electric Supplies         City Electric Supply | 550.52 | 0.00 | 3,297.29 |
| 610 | 04/25 | 4/30/2025 | AP  027321 | @ | | | 2 4/21/2025 02/12/2025 Electric Supplies         City Electric Supply | 265.00 | 0.00 | 3,562.29 |
| | | | | | | | ** Account Totals | 3,562.29 | 0.00 | **3,562.29** |
| **51510-0000** | | | **Electricity** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | LD  000021362 | @ | | | 4/10 Peco payments  ->10810-0000 | 8,850.86 | 0.00 | 8,850.86 |
| | | | | | | | ** Account Totals | 8,850.86 | 0.00 | **8,850.86** |
| **51515-0000** | | | **Water** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | LD  000021362 | @ | | | 4/11 Aqua payments  ->10810-0000 | 2,998.60 | 0.00 | 2,998.60 |
| | | | | | | | ** Account Totals | 2,998.60 | 0.00 | **2,998.60** |
| **52023-0000** | | | **Insurance - Commercial** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | LD  000021362 | @ | | | 4/16 Cincinnati Insurance pmt ->10810 | 18,890.00 | 0.00 | 18,890.00 |
| | | | | | | | ** Account Totals | 18,890.00 | 0.00 | **18,890.00** |
| **54090-0000** | | | **Bank Service Charges** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | LD  000021362 | @ | | | Recl 4/8 Bank Fee | 15.00 | 0.00 | 15.00 |
| | | | | | | | ** Account Totals | 15.00 | 0.00 | **15.00** |
| **63090-0000** | | | **Technology - Wan/Internet/Cable** | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | LD  000021362 | @ | | | 4/14 Comcast Pmt -> 10810-0000 | 320.89 | 0.00 | 320.89 |
| | | | | | | | ** Account Totals | 320.89 | 0.00 | **320.89** |
| | | | | | | | ** Grand Totals | **458,065.74** | **458,065.74** | |

Appx1151

* Balance Forward Period

Case: 25-2598    Document: 19    Page: 1145    Date Filed: 11/24/2025

| Database: | MSDE_CB | Rent Roll | Page: | 1 |
|---|---|---|---|---|
| Bldg Status: | All | 610 Old York Road J | Date: | 5/15/2025 |
| | | 4/30/2025 | Time: | 8:50 AM |

| Bldg Id | Suit Id | Occupant Name | Rent Start | Expiration | GLA Sqft | Monthly Base Rent | Annual Rate PSF | Monthly Cost Recovery | Expense Stop | Monthly Other Income | Cat | Date | Monthly Amount | PSF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Vacant Suites** | | | | | | | | | | | | | | |
| 610 | 105 | Vacant | | | 500 | | | | | | | | | |
| 610 | 107 | Vacant | | | 2,500 | | | | | | | | | |
| 610 | 200 | Vacant | | | 4,000 | | | | | | | | | |
| 610 | 205 | Vacant | | | 1,500 | | | | | | | | | |
| 610 | 668 | Vacant | | | 2,000 | | | | | | | | | |
| **Occupied Suites** | | | | | | | | | | | | | | |
| 610 | 100 | Jersey College | 2/1/2024 | 1/31/2042 | 20,000 | 66,335.51 | 39.80 | 11,468.25 | | | BRT | 2/1/2026 | 68,316.66 | 40.99 |
| | | | | | | | | | | | BRT | 2/1/2027 | 70,363.84 | 42.22 |
| | | | | | | | | | | | BRT | 2/1/2028 | 72,477.07 | 43.49 |
| | | | | | | | | | | | BRT | 2/1/2029 | 74,656.34 | 44.79 |
| | | | | | | | | | | | BRT | 2/1/2030 | 76,868.62 | 46.12 |
| | | | | | | | | | | | BRT | 2/1/2031 | 79,179.96 | 47.51 |
| | | | | | | | | | | | BRT | 2/1/2032 | 81,557.34 | 48.93 |
| | | | | | | | | | | | BRT | 2/1/2033 | 84,000.76 | 50.40 |
| | | | | | | | | | | | BRT | 2/1/2034 | 86,543.23 | 51.93 |
| | | | | | | | | | | | BRT | 2/1/2035 | 89,118.73 | 53.47 |
| | | | | | | | | | | | BRT | 2/1/2036 | 91,793.28 | 55.08 |
| | | | | | | | | | | | BRT | 2/1/2037 | 94,566.89 | 56.74 |
| | | | | | | | | | | | BRT | 2/1/2038 | 97,406.54 | 58.44 |
| | | | | | | | | | | | BRT | 2/1/2039 | 100,312.23 | 60.19 |
| | | | | | | | | | | | BRT | 2/1/2040 | 103,316.96 | 61.99 |
| | | | | | | | | | | | BRT | 2/1/2041 | 106,420.76 | 63.85 |
| 610 | 114 | Sezai Saran | 3/16/2020 | 3/1/2027 | 600 | 500.00 | 10.00 | 150.90 | | | | | | |
| 610 | 116 | Outback Steakhouse | 10/1/1992 | 4/30/2030 | 7,347 | 11,400.42 | 18.62 | 4,760.70 | | | BRT | 5/1/2025 | 12,540.46 | 20.48 |
| 610 | 201 | Bethany Christian Services of Greater | 3/1/2018 | 2/29/2028 | 10,083 | 17,561.23 | 20.90 | 4,074.25 | | | BRT | 3/1/2026 | 17,981.35 | 21.40 |
| | | | | | | | | | | | BRT | 3/1/2027 | 18,401.48 | 21.90 |
| 610 | 210 | Cypher Group Holdings | 8/1/2024 | 7/31/2027 | 1,109 | 2,125.58 | 23.00 | 754.49 | | | | | | |
| 610 | 250 | Temple University Health System | 8/1/2021 | 1/1/2031 | 15,652 | 22,825.83 | 17.50 | 14,248.11 | | | | | | |
| 610 | 300 | Jersey College | 2/1/2024 | 1/31/2042 | 19,623 | | | | | | | | | |
| 610 | 340 | Goldstein Law Partners, LLC | 12/15/2018 | 1/31/2029 | 4,000 | 10,000.00 | 30.00 | 1,207.18 | | | | | | |

Case: 25-2598    Document: 19    Page: 1146    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | | Rent Roll | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bldg Status: | All | | | | 610 Old York Road J | | | | | | | | |
| | | | | | 4/30/2025 | | | | | | | | |

Page: 2
Date: 5/15/2025
Time: 8:50 AM

| Bldg Id | Suit Id | Occupant Name | Rent Start | Expiration | GLA Sqft | Monthly Base Rent | Annual Rate PSF | Monthly Cost Recovery | Expense Stop | Monthly Other Income | Cat | Date | Monthly Amount | PSF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | 375 | SBG Management Services, Inc. | 11/1/2017 | 1/30/2028 | 8,000 | 10,000.00 | 15.00 | 1,207.18 | | | | | | |
| 610 | 400 | Regus Corporation | 10/1/2015 | 10/1/2026 | 14,133 | 28,560.00 | 24.25 | 4,828.74 | | | | | | |
| 610 | 640 | Helping Hands Family | 7/1/2022 | 9/30/2032 | 4,069 | 8,371.86 | 24.69 | 1,237.36 | | | BRT | 7/1/2025 | 8,581.16 | 25.31 |
| | | | | | | | | | | | BRT | 7/1/2026 | 8,795.69 | 25.94 |
| | | | | | | | | | | | BRT | 7/1/2027 | 9,015.58 | 26.59 |
| | | | | | | | | | | | BRT | 7/1/2028 | 9,240.97 | 27.25 |
| | | | | | | | | | | | BRT | 7/1/2029 | 9,471.99 | 27.93 |
| | | | | | | | | | | | BRT | 7/1/2030 | 9,708.79 | 28.63 |
| | | | | | | | | | | | BRT | 7/1/2031 | 9,951.51 | 29.35 |
| | | | | | | | | | | | BRT | 7/1/2032 | 10,200.30 | 30.08 |
| 610 | 650 | Kristen Givens and Dante Givens | 3/1/2025 | 3/31/2035 | 6,410 | 11,000.00 | 20.59 | 1,267.54 | | -5,500.00 | BRT | 3/1/2026 | 11,330.00 | 21.21 |
| | | | | | | | | | | | BRT | 3/1/2027 | 11,669.90 | 21.85 |
| | | | | | | | | | | | BRT | 3/1/2028 | 12,020.00 | 22.50 |
| | | | | | | | | | | | BRT | 3/1/2029 | 12,380.60 | 23.18 |
| | | | | | | | | | | | BRT | 3/1/2030 | 12,752.02 | 23.87 |
| | | | | | | | | | | | BRT | 3/1/2031 | 13,134.58 | 24.59 |
| | | | | | | | | | | | BRT | 3/1/2032 | 13,528.61 | 25.33 |
| | | | | | | | | | | | BRT | 3/1/2033 | 13,934.47 | 26.09 |
| | | | | | | | | | | | BRT | 3/1/2034 | 14,352.51 | 26.87 |
| | | | | | | | | | | | BRT | 3/1/2035 | 14,783.08 | 27.68 |
| 610 | 670 | Marc Kress, M.D. | 10/1/1993 | 9/30/2023 | 6,000 | 8,038.33 | 16.08 | 303.37 | | | | | | |
| 610 | 680 | Temple University Health System, Inc. | 2/1/2022 | 10/1/2032 | 18,337 | 29,033.58 | 19.00 | 16,641.79 | | | | | | |
| 610 | G100 | Jenkins Storage, LLC | 3/1/2019 | 2/28/2029 | 40,000 | 40,000.00 | 12.00 | 12,071.84 | | | | | | |
| 610 | PARKING | Trumark Financial Credit Union | 4/1/2022 | 3/31/2030 | 0 | | | | | 1,500.00 | | | | |

| Totals: | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Occupied Sqft: | 94.35% | 15 Units | 175,363 | 265,752.34 | | 74,221.70 | -4,000.00 | |
| | Leased/Unoccupied Sqft: | | 0 Units | 0 | | | | | |
| | Vacant Sqft: | 5.65% | 5 Units | 10,500 | | | | | |
| | Total Sqft: | | 20 Units | 185,863 | 265,752.34 | | | | |

| Database: | MSDE_CB | | | | Rent Roll | | | | | | | Page: | 3 |
| Bldg Status: | All | | | | 610 Old York Road J | | | | | | | Date: | 5/15/2025 |
| | | | | | 4/30/2025 | | | | | | | Time: | 8:50 AM |

| Bldg Id | Suit Id | Occupant Name | Rent Start | Expiration | GLA Sqft | Monthly Base Rent | Annual Rate PSF | Monthly Cost Recovery | Expense Stop | Monthly Other Income | Cat | Date | Monthly Amount | PSF |
|---------|---------|---------------|------------|------------|----------|-------------------|-----------------|-----------------------|--------------|---------------------|-----|------|----------------|-----|
| **Total 610 Old York Road J:** | | | | | | | | | | | | | | |
| | | Occupied Sqft: | 94.35% | 15 Units | 175,363 | 265,752.34 | | 74,221.70 | | -4,000.00 | | | | |
| | | Leased/Unoccupied Sqft: | | 0 Units | 0 | | | | | | | | | |
| | | Vacant Sqft: | 5.65% | 5 Units | 10,500 | | | | | | | | | |
| | | Total Sqft: | | 20 Units | 185,863 | 265,752.34 | | | | | | | | |
| **Grand Total:** | | | | | | | | | | | | | | |
| | | Occupied Sqft: | 94.35% | 15 Units | 175,363 | 265,752.34 | | 74,221.70 | | -4,000.00 | | | | |
| | | Leased/Unoccupied Sqft: | | 0 Units | 0 | | | | | | | | | |
| | | Vacant Sqft: | 5.65% | 5 Units | 10,500 | | | | | | | | | |
| | | Total Sqft: | | 20 Units | 185,863 | 265,752.34 | | | | | | | | |

**Bank Reconciliation**
**Old York - Operating Account**
**Bank of America**
**March 31, 2025**

Prepared By:        *CP Christian Parnell*                          Date:   *4/15/2025*

Reviewed By:        *Feben Ambaye*                                 Date:   *4/15/2025*

**Bank of America # 6484**                                    **G/L Account#  10810-0000**

**BALANCE PER BANK STATEMENT:**                                              -

**Less:** Outstanding Checks (see attached)                                   -

**Add:** Deposit in Transit

**BALANCE PER GENERAL LEDGER:**                                    $          -


**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

▯ Customer service: 1.888.400.9009

✉ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

LINCOLN PROPERTY COMPANY COMMERCIAL LLC
AAF/JENKINS COURT REALTY CO. LP
8111 DOUGLAS AVE APT 600
DALLAS, TX  75225-6599

# Your Analyzed Checking

for March 13, 2025 to March 31, 2025                 Account number: 3830 1142 6484

**LINCOLN PROPERTY COMPANY COMMERCIAL LLC    AAF/JENKINS COURT REALTY CO. LP**

## Account summary

| | |
|---|---|
| Beginning balance on March 13, 2025 | $0.00 |
| Deposits and other credits | 0.00 |
| Withdrawals and other debits | -0.00 |
| Checks | -0.00 |
| Service fees | -0.00 |
| **Ending balance on March 31, 2025** | **$0.00** |

# of deposits/credits: 0

# of withdrawals/debits: 0

# of days in cycle: 19

Average ledger balance: $0.00

Appx1156

LINCOLN PROPERTY COMPANY COMMERCIAL LLC  |  Account # 3830 1142 6484  |  March 13, 2025 to March 31, 2025

## IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2025 Bank of America Corporation

**Bank of America, N.A. Member FDIC and**     **Equal Housing Lender**

| Database: | MSDE_CB | | | | | | **General Ledger** | | | Page: | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ENTITY: | 610 | | | | | | Lincoln Property Company | | | Date: | 4/30/2025 |
| | | | | | | | Jenkins Court Realty Co LP | | | Time: | 10:03 AM |

Accrual

03/25 - 03/25
Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **10810-0000** | | | **Cash - Operating** | | | | *Balance Forward* | | | *0.00* |
| 610 | 03/25 | 3/31/2025 | CM 020650 | @ | | | Cash Recpt BRT  Base Rent | 77,792.50 | 0.00 | 77,792.50 |
| 610 | 03/25 | 3/31/2025 | CM 020650 | @ | | | Cash Recpt OPE  Operating Expenses | 17,649.58 | 0.00 | 95,442.08 |
| 610 | 03/25 | 3/31/2025 | CM 020650 | @ | | | Cash Recpt PPD  Prepaid Rental Income | 193,162.14 | 0.00 | 288,604.22 |
| 610 | 03/25 | 3/31/2025 | CM 020650 | @ | | | Cash Recpt RET  Real Estate Taxes | 13,240.32 | 0.00 | 301,844.54 |
| 610 | 03/25 | 3/31/2025 | CM 020655 | @ | | | Paymnt Rev BRT  Base Rent | 0.00 | 77,792.50 | 224,052.04 |
| 610 | 03/25 | 3/31/2025 | CM 020655 | @ | | | Paymnt Rev OPE  Operating Expenses | 0.00 | 17,649.58 | 206,402.46 |
| 610 | 03/25 | 3/31/2025 | CM 020655 | @ | | | Paymnt Rev RET  Real Estate Taxes | 0.00 | 13,240.32 | 193,162.14 |
| 610 | 03/25 | 3/31/2025 | CP 325OYB | @ | | | Rcl 3/25 LB Deposit | 0.00 | 193,162.14 | 0.00 |
| | | | | | | | **\*\* Account Totals** | 301,844.54 | 301,844.54 | **0.00** |
| | | | | | | | **\*\* Grand Totals** | **301,844.54** | **301,844.54** | |

\* Balance Forward Period

Appx1158

**Bank Reconciliation**
**Old York - Operating Account**
**Bank of America**
**April 30, 2025**

Prepared By: _LD_  _Lensa Daniel_           Date: _5/12/2025_

Reviewed By: _CP_  _Christian Parnell_       Date: _5/12/2025_

**Bank of America # 6484**                    **G/L Account#  10810-0000**

**BALANCE PER BANK STATEMENT:**                                45,066.36

    **Less:** Outstanding Checks (see attached)                        -

    **Add:** Deposit in Transit

**BALANCE PER GENERAL LEDGER:**                        $    45,066.36

Appx1159


**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

☐ Customer service: 1.888.400.9009

✎ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

LINCOLN PROPERTY COMPANY COMMERCIAL LLC
AAF/JENKINS COURT REALTY CO. LP
8111 DOUGLAS AVE APT 600
DALLAS, TX  75225-6599

# Your Analyzed Checking

for April 1, 2025 to April 30, 2025                     Account number: 3830 1142 6484

**LINCOLN PROPERTY COMPANY COMMERCIAL LLC    AAF/JENKINS COURT REALTY CO. LP**

## Account summary

| | | |
|---|---|---|
| Beginning balance on April 1, 2025 | $0.00 | # of deposits/credits: 1 |
| Deposits and other credits | 79,689.00 | # of withdrawals/debits: 13 |
| Withdrawals and other debits | -31,060.35 | # of days in cycle: 30 |
| Checks | -3,562.29 | Average ledger balance: $42,917.16 |
| Service fees | -0.00 | |
| **Ending balance on April 30, 2025** | **$45,066.36** | |

Appx1160

LINCOLN PROPERTY COMPANY COMMERCIAL LLC  |  Account # 3830 1142 6484  |  April 1, 2025 to April 30, 2025

## IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2025 Bank of America Corporation

**Bank of America, N.A. Member FDIC and** 🏠 **Equal Housing Lender**

Appx1161



## Your checking account

**LINCOLN PROPERTY COMPANY COMMERCIAL LLC**  |  Account # 3830 1142 6484  |  April 1, 2025 to April 30, 2025

## Deposits and other credits

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|------------------------|--------------------|----------------|--------|
| 04/08/25 | WIRE TYPE:WIRE IN DATE: 250408 TIME:1721 ET TRN:2025040800566675 SEQ:1119020550410727/032513 ORIG:JENKINS COURT REALTY CO L ID:254236980 SND BK:BENCHMARK BANK ID:111902055 PMT DET:4/8 FUN DING | | 903704080566675 | 79,689.00 |
| **Total deposits and other credits** | | | | **$79,689.00** |

## Withdrawals and other debits

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|------------------------|--------------------|----------------|--------|
| 04/10/25 | PECO ENERGY COMP DES:BILLPAY    ID:PECO ENERGY COM  INDN:JENKINS COURT REALTY C CO ID:0000000160 WEB | | 906600011742691 | -6,755.78 |
| 04/10/25 | PECO ENERGY COMP DES:BILLPAY    ID:PECO ENERGY COM  INDN:JENKINS COURT REALTY C CO ID:0000000160 WEB | | 906600011742721 | -1,275.76 |
| 04/10/25 | PECO ENERGY COMP DES:BILLPAY    ID:PECO ENERGY COM  INDN:JENKINS COURT REALTY C CO ID:0000000160 WEB | | 906600011742681 | -430.63 |
| 04/10/25 | PECO ENERGY COMP DES:BILLPAY    ID:PECO ENERGY COM  INDN:JENKINS COURT REALTY C CO ID:0000000160 WEB | | 906600011742688 | -195.85 |
| 04/10/25 | PECO ENERGY COMP DES:BILLPAY    ID:PECO ENERGY COM  INDN:JENKINS COURT REALTY C CO ID:0000000160 WEB | | 906600011742686 | -96.55 |
| 04/10/25 | PECO ENERGY COMP DES:BILLPAY    ID:PECO ENERGY COM  INDN:JENKINS COURT REALTY C CO ID:0000000160 WEB | | 906600011742719 | -96.29 |
| 04/11/25 | AQUA          DES:AQUA SERVI ID:002326652027739  INDN:JENKINS COURT REALTY C  CO ID:1023940101 WEB | | 906600023991194 | -1,919.33 |

*continued on the next page*

LINCOLN PROPERTY COMPANY COMMERCIAL LLC  |  Account # 3830 1142 6484  |  April 1, 2025 to April 30, 2025

## Withdrawals and other debits - continued

| Date | Transaction description | Customer reference | Bank reference | Amount |
|------|------------------------|--------------------|----------------|--------|
| 04/11/25 | AQUA          DES:AQUA SERVI ID:002326652027724  INDN:JENKINS COURT REALTY C  CO ID:1023940101 WEB | | 906600023991196 | -568.03 |
| 04/11/25 | AQUA          DES:AQUA SERVI ID:002326652027989  INDN:JENKINS COURT REALTY C  CO ID:1023940101 WEB | | 906600023991195 | -255.62 |
| 04/11/25 | AQUA          DES:AQUA SERVI ID:002326652027989  INDN:JENKINS COURT REALTY C  CO ID:1023940101 WEB | | 906600023991197 | -255.62 |
| 04/14/25 | COMCAST          DES:CABLE      ID:2635279 INDN:JENKINS COURT *REALTY   CO ID:0000213249 WEB | | 906601006215331 | -320.89 |
| 04/16/25 | THE CINCINNATI I DES:BILLPAY    ID:THE CINCINNATI  INDN:JENKINS COURT REALTY C  CO ID:0000000160 WEB | | 906606008387354 | -18,890.00 |

**Total withdrawals and other debits** **-$31,060.35**

## Checks

| Date | Check # | Bank reference | Amount |
|------|---------|----------------|--------|
| 04/28 | 2 | 813008792098905 | -3,562.29 |

**Total checks** **-$3,562.29**
**Total # of checks** **1**

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|-------------|------|------------|------|-------------|
| 04/08 | 79,689.00 | 04/11 | 67,839.54 | 04/16 | 48,628.65 |
| 04/10 | 70,838.14 | 04/14 | 67,518.65 | 04/28 | 45,066.36 |

Case: 25-2598    Document: 19    Page: 1157    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | | | | General Ledger | | | Page: | 1 |
|-----------|---------|--|--|--|--|--|----------------|--|--|-------|---|
| ENTITY: | 610 | | | | | | Lincoln Property Company | | | Date: | 5/15/2025 |
| | | | | | | | Jenkins Court Realty Co LP | | | Time: | 8:37 AM |

Cash  04/25 - 04/25

Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src | Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|--------|--------|-----------|-----|-----------|---------|----------|------|-------------|-------|--------|---------|
| **10810-0000** | | | **Cash - Operating** | | | | | *Balance Forward* | | | *0.00* |
| 610 | 04/25 | 4/30/2025 | AP | 027321 | @ | | | A/P Cash Disbursed for checks  2-2 | 0.00 | 3,562.29 | -3,562.29 |
| 610 | 04/25 | 4/30/2025 | CM | 020843 | @ | | | Cash Recpt BRT  Base Rent | 11,000.00 | 0.00 | 7,437.71 |
| 610 | 04/25 | 4/30/2025 | CM | 020843 | @ | | | Cash Recpt PPD  Prepaid Rental Income | 139,241.04 | 0.00 | 146,678.75 |
| 610 | 04/25 | 4/30/2025 | CM | 020843 | @ | | | Paymnt Rev ABA  Abatement - Base Rent | 0.00 | 11,000.00 | 135,678.75 |
| 610 | 04/25 | 4/30/2025 | CM | 020916 | @ | | | Cash Recpt PPD  Prepaid Rental Income | 1.01 | 0.00 | 135,679.76 |
| 610 | 04/25 | 4/30/2025 | LD | 000021362 | @ | | | Recl PPD Income  -> 10825-0000 | 0.00 | 139,241.04 | -3,561.28 |
| 610 | 04/25 | 4/30/2025 | LD | 000021362 | @ | | | Recl 4/8 Opex Funding - From LB 6980 | 79,689.00 | 0.00 | 76,127.72 |
| 610 | 04/25 | 4/30/2025 | LD | 000021362 | @ | | | 4/10 Peco payments  ->51510-0000 | 0.00 | 8,850.86 | 67,276.86 |
| 610 | 04/25 | 4/30/2025 | LD | 000021362 | @ | | | 4/11 Aqua payments  ->51515-00 | 0.00 | 2,998.60 | 64,278.26 |
| 610 | 04/25 | 4/30/2025 | LD | 000021362 | @ | | | 4/16 Cincinnati Insurance pmt ->52023 | 0.00 | 18,890.00 | 45,388.26 |
| 610 | 04/25 | 4/30/2025 | LD | 000021362 | @ | | | 4/14 Comcast Pmt -> 63090-0000 | 0.00 | 320.89 | 45,067.37 |
| 610 | 04/25 | 4/30/2025 | LD | 000021362 | @ | | | Recl Cash Recpt PPD Rental ->10810-0000 | 0.00 | 1.01 | 45,066.36 |
| | | | | | | | | **** Account Totals** | 229,931.05 | 184,864.69 | **45,066.36** |
| | | | | | | | | **** Grand Totals** | **229,931.05** | **184,864.69** | |

Appx1164

\* Balance Forward Period

Case: 25-2598    Document: 19    Date Filed: 11/24/2025    Page: 1158

| Database: | MSDE_CB | CM Receivables Ledger | Page: | 1 |
|---|---|---|---|---|
| BLDG: | 610 | Lincoln Property Company | Date: | 5/15/2025 |
| | | 610 Old York Road J | Time: | 8:51 AM |
| Occupancy Status: Current Inactive New | | 04/25 Through 04/25 | | |
| | | Security Deposit Ending Balance through 04/25 | | |

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|

**610-009473    Bethany Christian Services of Greater Del    Heather N. Bert    (215) 870-7044    Master Occp Id: 000000001828-1**

Balance Forward    21,635.48

| 610 | 009473 | 4/1/2025 | BRT | Base Rent | CH | AUTOCHRG @T4/30/2025 | 17,561.23 | | 39,196.71 | | | |
| 610 | 009473 | 4/1/2025 | OPE | Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 4,074.25 | | 43,270.96 | | | |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 17,561.23 | 17,561.23 | 17,561.23 | 0.00 | 0.00 | 0.00 | 35,122.46 | |
| OPE | Operating Expenses | 4,074.25 | 4,074.25 | 4,074.25 | 0.00 | 0.00 | 0.00 | 8,148.50 | |
| | Total: | 21,635.48 | 21,635.48 | 21,635.48 | 0.00 | 0.00 | 0.00 | 43,270.96 | 0.00 |

**610-009474    Cypher Group Holdings    Scott Taitleman    (877) 297-4376    Master Occp Id: 000000001829-1**

Balance Forward    2,880.07

| 610 | 009474 | 4/1/2025 | BRT | Base Rent | CH | AUTOCHRG @T4/30/2025 | 2,125.58 | | 5,005.65 | | | |
| 610 | 009474 | 4/1/2025 | OPE | Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 754.49 | | 5,760.14 | | | |
| 610 | 009474 | 4/1/2025 | PPD | Prepaid Rental Income | CR | 04/25 PPD Rent | | 2,125.58 | 3,634.56 | Cyph425 | | EFT |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 2,125.58 | 2,125.58 | 2,125.58 | 0.00 | 0.00 | 0.00 | 4,251.16 | |
| OPE | Operating Expenses | 754.49 | 754.49 | 754.49 | 0.00 | 0.00 | 0.00 | 1,508.98 | |
| PPD | Prepaid Rental Income | 0.00 | 0.00 | 0.00 | 2,125.58 | 0.00 | 0.00 | -2,125.58 | |
| | Total: | 2,880.07 | 2,880.07 | 2,880.07 | 2,125.58 | 0.00 | 0.00 | 3,634.56 | 0.00 |

**610-009475    Kristen Givens and Dante Givens    Kristin Givens    (267) 670-0288    Master Occp Id: 000000001830-1**

Balance Forward    1,267.54

Case: 25-2598    Document: 19    Page: 1159    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | CM Receivables Ledger | | | | | | Page: | 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| BLDG: | 610 | | | Lincoln Property Company | | | | | | Date: | 5/15/2025 |
| | | | | 610 Old York Road J | | | | | | Time: | 8:51 AM |
| Occupancy Status: Current Inactive New | | | | 04/25 Through 04/25 | | | | | | | |
| | | | | Security Deposit Ending Balance through 04/25 | | | | | | | |

| Building | Lease | Date | Category | | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | 009475 | 4/1/2025 | ABA | Abatement - Base Rent | NC | AUTOCRDT @T4/30/2025 @ | | 5,500.00 | -4,232.46 | | | |
| 610 | 009475 | 4/1/2025 | BRT | Base Rent | CH | AUTOCHRG @T4/30/2025 @ | 11,000.00 | | 6,767.54 | | | |
| 610 | 009475 | 4/1/2025 | OPE | Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 1,267.54 | | 8,035.08 | | | |
| 610 | 009475 | 4/23/2025 | ABA | Abatement - Base Rent | PR | CreditApply | 11,000.00 | | 19,035.08 | | | APL |
| 610 | 009475 | 4/23/2025 | BRT | Base Rent | CR | CreditApply | | 11,000.00 | 8,035.08 | | | APL |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| ABA | Abatement - Base Rent | -5,500.00 | -11,000.00 | 0.00 | -11,000.00 | 5,500.00 | 0.00 | -5,500.00 | |
| BRT | Base Rent | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | 0.00 | 0.00 | 11,000.00 | |
| OPE | Operating Expenses | 1,267.54 | 1,267.54 | 1,267.54 | 0.00 | 0.00 | 0.00 | 2,535.08 | |
| | Total: | 6,767.54 | 1,267.54 | 12,267.54 | 0.00 | 5,500.00 | 0.00 | 8,035.08 | 0.00 |

**610-009476    Goldstein Law Partners, LLC          Goldstein Law Partners, LLC          (267) 627-2485          Master Occp Id: 000000001831-1**

Balance Forward                                                                                11,207.18

| Building | Lease | Date | Category | | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | 009476 | 4/1/2025 | BRT | Base Rent | CH | AUTOCHRG @T4/30/2025 | 10,000.00 | | 21,207.18 | | | |
| 610 | 009476 | 4/1/2025 | OPE | Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 1,207.18 | | 22,414.36 | | | |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 10,000.00 | 10,000.00 | 10,000.00 | 0.00 | 0.00 | 0.00 | 20,000.00 | |
| OPE | Operating Expenses | 1,207.18 | 1,207.18 | 1,207.18 | 0.00 | 0.00 | 0.00 | 2,414.36 | |
| | Total: | 11,207.18 | 11,207.18 | 11,207.18 | 0.00 | 0.00 | 0.00 | 22,414.36 | 0.00 |

**610-009477    Helping Hands Family          Helping Hands Family          (267) 772-6006          Master Occp Id: 000000001832-1**

Balance Forward                                                                                9,609.22

| Building | Lease | Date | Category | | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | 009477 | 4/1/2025 | BRT | Base Rent | CH | AUTOCHRG @T4/30/2025 | 8,371.86 | | 17,981.08 | | | |
| 610 | 009477 | 4/1/2025 | OPE | Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 1,237.36 | | 19,218.44 | | | |
| 610 | 009477 | 4/29/2025 | PPD | Prepaid Rental Income | CR | 05/25 PPD Rent | | 0.01 | 19,218.43 | | 4895317 | EFT |

Case: 25-2598    Document: 19    Page: 1160    Date Filed: 11/24/2025

| Database: | MSDE_CB | | CM Receivables Ledger | | Page: | 3 |
| BLDG: | 610 | | Lincoln Property Company | | Date: | 5/15/2025 |
| | | | 610 Old York Road J | | Time: | 8:51 AM |
| Occupancy Status: Current Inactive New | | | 04/25 Through 04/25 | | | |
| | | | Security Deposit Ending Balance through 04/25 | | | |

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|----------|-------|------|----------|----|-------------|-------|--------|---------|---------------|---------|--------------|

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|----------|--|-----------------|-------------|---------|---------------|-------------|---------|-------------|-------------|
| BRT | Base Rent | 8,371.86 | 8,371.86 | 8,371.86 | 0.00 | 0.00 | 0.00 | 16,743.72 | |
| OPE | Operating Expenses | 1,237.36 | 1,237.36 | 1,237.36 | 0.00 | 0.00 | 0.00 | 2,474.72 | |
| PPD | Prepaid Rental Income | 0.00 | 0.00 | 0.00 | 0.01 | 0.00 | 0.00 | -0.01 | |
| | **Total:** | **9,609.22** | **9,609.22** | **9,609.22** | **0.01** | **0.00** | **0.00** | **19,218.43** | **0.00** |

**610-009478    Jenkins Storage, LLC    Jenkins Storage    (215) 277-1367    Master Occp Id: 000000001833-1**

| | | | | | Balance Forward | | | 52,071.84 | | |
|--|--|--|--|--|-----------------|--|--|-----------|--|--|
| 610 | 009478 | 4/1/2025 | BRT Base Rent | CH | AUTOCHRG @T4/30/2025 | 40,000.00 | | 92,071.84 | | |
| 610 | 009478 | 4/1/2025 | OPE Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 12,071.84 | | 104,143.68 | | |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|----------|--|-----------------|-------------|---------|---------------|-------------|---------|-------------|-------------|
| BRT | Base Rent | 40,000.00 | 40,000.00 | 40,000.00 | 0.00 | 0.00 | 0.00 | 80,000.00 | |
| OPE | Operating Expenses | 12,071.84 | 12,071.84 | 12,071.84 | 0.00 | 0.00 | 0.00 | 24,143.68 | |
| | **Total:** | **52,071.84** | **52,071.84** | **52,071.84** | **0.00** | **0.00** | **0.00** | **104,143.68** | **0.00** |

**610-009479    Jersey College    Greg Karzhevsky    (201) 839-6211    Master Occp Id: 000000001834-1**

| | | | | | Balance Forward | | | -115,358.38 | | |
|--|--|--|--|--|-----------------|--|--|-------------|--|--|
| 610 | 009479 | 4/1/2025 | BRT Base Rent | CH | AUTOCHRG @T4/30/2025 | 66,335.51 | | -49,022.87 | | |
| 610 | 009479 | 4/1/2025 | OPE Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 11,468.25 | | -37,554.62 | | |
| 610 | 009479 | 4/22/2025 | PPD Prepaid Rental Income | CR | 04/25 PPD Rent | | 1.00 | -37,555.62 | 0065816 | EFT |
| 610 | 009479 | 4/29/2025 | PPD Prepaid Rental Income | CR | 04/25 PPD Rent | | 64,387.38 | -101,943.00 | 0107303 | CHK |
| 610 | 009479 | 4/30/2025 | PPD Prepaid Rental Income | CR | 05/2025 Ppd Rent | | 64,386.38 | -166,329.38 | 1622018 | EFT |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|----------|--|-----------------|-------------|---------|---------------|-------------|---------|-------------|-------------|
| BRT | Base Rent | 66,335.51 | 66,335.51 | 66,335.51 | 0.00 | 0.00 | 0.00 | 132,671.02 | |
| OPE | Operating Expenses | 11,468.25 | 11,468.25 | 11,468.25 | 0.00 | 0.00 | 0.00 | 22,936.50 | |

| Database: | MSDE_CB | | | | CM Receivables Ledger | | | | Page: | 4 |
| BLDG: | 610 | | | | Lincoln Property Company | | | | Date: | 5/15/2025 |
| | | | | | 610 Old York Road J | | | | Time: | 8:51 AM |
| Occupancy Status: Current Inactive New | | | | | 04/25 Through 04/25 | | | | | |
| | | | | | Security Deposit Ending Balance through 04/25 | | | | | |

| Building | Lease | Date | Category | | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PPD | Prepaid Rental Income | | 0.00 | -193,162.14 | 0.00 | 128,774.76 | 0.00 | 0.00 | -321,936.90 | | | |
| | **Total:** | | **77,803.76** | **-115,358.38** | **77,803.76** | **128,774.76** | **0.00** | **0.00** | **-166,329.38** | | | **0.00** |

| 610-009480 | Jersey College | | Greg Karzhevsky | (201) 839-6211 | Master Occp Id:  000000001835-1 |
|---|---|---|---|---|---|

Balance Forward 0.00

| 610-009481 | Marc Kress, M.D. | | Marc Kress | (215) 887-3100 ext. 107 | Master Occp Id:  000000001836-1 |
|---|---|---|---|---|---|

Balance Forward 8,341.70

| Building | Lease | Date | Category | | SR | Description | Debit | Credit | Balance | Receipt Desc. | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | 009481 | 4/1/2025 | BRT | Base Rent | CH | AUTOCHRG @T4/30/2025 | 8,038.33 | | 16,380.03 | | |
| 610 | 009481 | 4/1/2025 | OPE | Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 303.37 | | 16,683.40 | | |
| 610 | 009481 | 4/15/2025 | PPD | Prepaid Rental Income | CR | 04/25 PPD Rent | | 8,341.70 | 8,341.70 | 13473 | CHK |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 8,038.33 | 8,038.33 | 8,038.33 | 0.00 | 0.00 | 0.00 | 16,076.66 | |
| OPE | Operating Expenses | 303.37 | 303.37 | 303.37 | 0.00 | 0.00 | 0.00 | 606.74 | |
| PPD | Prepaid Rental Income | 0.00 | 0.00 | 0.00 | 8,341.70 | 0.00 | 0.00 | -8,341.70 | |
| | **Total:** | **8,341.70** | **8,341.70** | **8,341.70** | **8,341.70** | **0.00** | **0.00** | **8,341.70** | **0.00** |

| 610-009482 | Outback Steakhouse | | Outback Steakhouse of Florida | (215) 886-5120 | Master Occp Id:  000000001837-1 |
|---|---|---|---|---|---|

Balance Forward 16,161.12

| Building | Lease | Date | Category | | SR | Description | Debit | Credit | Balance | Receipt Desc. | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | 009482 | 4/1/2025 | BRT | Base Rent | CH | AUTOCHRG @T4/30/2025 | 11,400.42 | | 27,561.54 | | |
| 610 | 009482 | 4/1/2025 | OPE | Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 1,961.67 | | 29,523.21 | | |
| 610 | 009482 | 4/1/2025 | RET | Real Estate Taxes | CH | AUTOCHRG @T4/30/2025 | 2,799.03 | | 32,322.24 | | |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 11,400.42 | 11,400.42 | 11,400.42 | 0.00 | 0.00 | 0.00 | 22,800.84 | |
| OPE | Operating Expenses | 1,961.67 | 1,961.67 | 1,961.67 | 0.00 | 0.00 | 0.00 | 3,923.34 | |
| RET | Real Estate Taxes | 2,799.03 | 2,799.03 | 2,799.03 | 0.00 | 0.00 | 0.00 | 5,598.06 | |

Appx1168

Case: 25-2598    Document: 19    Page: 1161    Date Filed: 11/24/2025

Database:    MSDE_CB
BLDG:    610

Occupancy Status: Current Inactive New

CM Receivables Ledger
Lincoln Property Company
610 Old York Road J
04/25 Through 04/25
Security Deposit Ending Balance through 04/25

Page:    5
Date:    5/15/2025
Time:    8:51 AM

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|----------|-------|------|----------|-----|-------------|-------|--------|---------|---------------|---------|--------------|
| | | | **Total:** | 16,161.12 | 16,161.12 | 16,161.12 | 0.00 | 0.00 | 0.00 | 32,322.24 | 0.00 |

**610-009483    SBG Management Services, Inc.    Philip C. Pulley    (215) 938-6665 ext. 2001  Master Occp Id:  000000001838-1**

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance |
|----------|-------|------|----------|-----|-------------|-------|--------|---------|
| | | | Balance Forward | | | | | 11,207.18 |
| 610 | 009483 | 4/1/2025 | BRT  Base Rent | CH | AUTOCHRG @T4/30/2025 | 10,000.00 | | 21,207.18 |
| 610 | 009483 | 4/1/2025 | OPE  Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 1,207.18 | | 22,414.36 |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|----------|--|-----------------|-------------|---------|---------------|-------------|---------|-------------|-------------|
| BRT | Base Rent | 10,000.00 | 10,000.00 | 10,000.00 | 0.00 | 0.00 | 0.00 | 20,000.00 | |
| OPE | Operating Expenses | 1,207.18 | 1,207.18 | 1,207.18 | 0.00 | 0.00 | 0.00 | 2,414.36 | |
| | **Total:** | **11,207.18** | **11,207.18** | **11,207.18** | **0.00** | **0.00** | **0.00** | **22,414.36** | **0.00** |

**610-009484    Regus Corporation    Regus Corporation    (267) 627-3400    Master Occp Id:  000000001839-1**

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance |
|----------|-------|------|----------|-----|-------------|-------|--------|---------|
| | | | Balance Forward | | | | | 33,388.74 |
| 610 | 009484 | 4/1/2025 | BRT  Base Rent | CH | AUTOCHRG @T4/30/2025 | 28,560.00 | | 61,948.74 |
| 610 | 009484 | 4/1/2025 | OPE  Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 4,828.74 | | 66,777.48 |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|----------|--|-----------------|-------------|---------|---------------|-------------|---------|-------------|-------------|
| BRT | Base Rent | 28,560.00 | 28,560.00 | 28,560.00 | 0.00 | 0.00 | 0.00 | 57,120.00 | |
| OPE | Operating Expenses | 4,828.74 | 4,828.74 | 4,828.74 | 0.00 | 0.00 | 0.00 | 9,657.48 | |
| | **Total:** | **33,388.74** | **33,388.74** | **33,388.74** | **0.00** | **0.00** | **0.00** | **66,777.48** | **0.00** |

**610-009485    Sezai Saran    Sezai Saran    (215) 449-9808    Master Occp Id:  000000001840-1**

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance |
|----------|-------|------|----------|-----|-------------|-------|--------|---------|
| | | | Balance Forward | | | | | 650.90 |

Case: 25-2598    Document: 19    Page: 1162    Date Filed: 11/24/2025

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Database: MSDE_CB | | | CM Receivables Ledger | | | | Page: | | 6 |
| BLDG: 610 | | | Lincoln Property Company | | | | Date: | | 5/15/2025 |
| | | | 610 Old York Road J | | | | Time: | | 8:51 AM |
| Occupancy Status: Current Inactive New | | | 04/25 Through 04/25 | | | | | | |
| | | | Security Deposit Ending Balance through 04/25 | | | | | | |

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 610 | 009485 | 4/1/2025 | BRT Base Rent | CH | AUTOCHRG @T4/30/2025 | 500.00 | | 1,150.90 | | | |
| 610 | 009485 | 4/1/2025 | OPE Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 150.90 | | 1,301.80 | | | |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 500.00 | 500.00 | 500.00 | 0.00 | 0.00 | 0.00 | 1,000.00 | |
| OPE | Operating Expenses | 150.90 | 150.90 | 150.90 | 0.00 | 0.00 | 0.00 | 301.80 | |
| | Total: | 650.90 | 650.90 | 650.90 | 0.00 | 0.00 | 0.00 | 1,301.80 | 0.00 |

**610-009486    Temple University Health System    Shane McDevitt    Master Occp Id: 000000001841-1**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Balance Forward | | | | | | 37,073.94 | | |

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| 610 | 009486 | 4/1/2025 | BRT Base Rent | CH | AUTOCHRG @T4/30/2025 | 22,825.83 | | 59,899.77 |
| 610 | 009486 | 4/1/2025 | OPE Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 8,140.95 | | 68,040.72 |
| 610 | 009486 | 4/1/2025 | RET Real Estate Taxes | CH | AUTOCHRG @T4/30/2025 | 6,107.16 | | 74,147.88 |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 22,825.83 | 22,825.83 | 22,825.83 | 0.00 | 0.00 | 0.00 | 45,651.66 | |
| OPE | Operating Expenses | 8,140.95 | 8,140.95 | 8,140.95 | 0.00 | 0.00 | 0.00 | 16,281.90 | |
| RET | Real Estate Taxes | 6,107.16 | 6,107.16 | 6,107.16 | 0.00 | 0.00 | 0.00 | 12,214.32 | |
| | Total: | 37,073.94 | 37,073.94 | 37,073.94 | 0.00 | 0.00 | 0.00 | 74,147.88 | 0.00 |

**610-009487    Temple University Health System, Inc.    Shane McDevitt    (215) 449-9808    Master Occp Id: 000000001842-1**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Balance Forward | | | | | | 45,675.37 | | |

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|
| 610 | 009487 | 4/1/2025 | BRT Base Rent | CH | AUTOCHRG @T4/30/2025 | 29,033.58 | | 74,708.95 |
| 610 | 009487 | 4/1/2025 | OPE Operating Expenses | CH | AUTOCHRG @T4/30/2025 | 9,508.63 | | 84,217.58 |
| 610 | 009487 | 4/1/2025 | RET Real Estate Taxes | CH | AUTOCHRG @T4/30/2025 | 7,133.16 | | 91,350.74 |

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| BRT | Base Rent | 29,033.58 | 29,033.58 | 29,033.58 | 0.00 | 0.00 | 0.00 | 58,067.16 | |

Case: 25-2598    Document: 19    Page: 1163    Date Filed: 11/24/2025

Case: 25-2598    Document: 19    Page: 1164    Date Filed: 11/24/2025

| | | | | | | | | Receipt | | Receipt |
|---|---|---|---|---|---|---|---|---|---|---|

Database:    MSDE_CB  
BLDG:    610  

Occupancy Status: Current Inactive New

CM Receivables Ledger  
Lincoln Property Company  
610 Old York Road J  
04/25 Through 04/25  
Security Deposit Ending Balance through 04/25

Page:    7  
Date:    5/15/2025  
Time:    8:51 AM

| Building | Lease | Date | Category | | SR | Description | | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OPE | Operating Expenses | | | 9,508.63 | 9,508.63 | 9,508.63 | | 0.00 | 0.00 | 0.00 | 19,017.26 | | |
| RET | Real Estate Taxes | | | 7,133.16 | 7,133.16 | 7,133.16 | | 0.00 | 0.00 | 0.00 | 14,266.32 | | |
| | **Total:** | | | **45,675.37** | **45,675.37** | **45,675.37** | | **0.00** | **0.00** | **0.00** | **91,350.74** | | **0.00** |

**610-009497    Trumark Financial Credit Union    Trumark Financial    Master Occp Id:  000000001852-1**

Balance Forward    0.00

| 610 | 009497 | 4/1/2025 | PAR  Parking | | CH | AUTOCHRG @T4/30/2025 | 1,500.00 | | 1,500.00 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| PAR | Parking | 1,500.00 | 0.00 | 1,500.00 | 0.00 | 0.00 | 0.00 | 1,500.00 | |
| | **Total:** | **1,500.00** | **0.00** | **1,500.00** | **0.00** | **0.00** | **0.00** | **1,500.00** | **0.00** |

**Totals for 610:**

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| ABA | Abatement - Base Rent | -5,500.00 | -11,000.00 | 0.00 | -11,000.00 | 5,500.00 | 0.00 | -5,500.00 | |
| BRT | Base Rent | 265,752.34 | 265,752.34 | 265,752.34 | 11,000.00 | 0.00 | 0.00 | 520,504.68 | |
| OPE | Operating Expenses | 58,182.35 | 58,182.35 | 58,182.35 | 0.00 | 0.00 | 0.00 | 116,364.70 | |
| PAR | Parking | 1,500.00 | 0.00 | 1,500.00 | 0.00 | 0.00 | 0.00 | 1,500.00 | |
| PPD | Prepaid Rental Income | 0.00 | -193,162.14 | 0.00 | 139,242.05 | 0.00 | 0.00 | -332,404.19 | |
| RET | Real Estate Taxes | 16,039.35 | 16,039.35 | 16,039.35 | 0.00 | 0.00 | 0.00 | 32,078.70 | |
| | **BLDG Total:** | **335,974.04** | **135,811.90** | **341,474.04** | **139,242.05** | **5,500.00** | **0.00** | **332,543.89** | **0.00** |

**Grand Totals:**

| Category | | Mo. Rep Charges | Beg Balance | Charges | Cash Receipts | N/C Credits | Refunds | End Balance | Sec Dep Bal |
|---|---|---|---|---|---|---|---|---|---|
| ABA | Abatement - Base Rent | -5,500.00 | -11,000.00 | 0.00 | -11,000.00 | 5,500.00 | 0.00 | -5,500.00 | |
| BRT | Base Rent | 265,752.34 | 265,752.34 | 265,752.34 | 11,000.00 | 0.00 | 0.00 | 520,504.68 | |
| OPE | Operating Expenses | 58,182.35 | 58,182.35 | 58,182.35 | 0.00 | 0.00 | 0.00 | 116,364.70 | |
| PAR | Parking | 1,500.00 | 0.00 | 1,500.00 | 0.00 | 0.00 | 0.00 | 1,500.00 | |
| PPD | Prepaid Rental Income | 0.00 | -193,162.14 | 0.00 | 139,242.05 | 0.00 | 0.00 | -332,404.19 | |
| RET | Real Estate Taxes | 16,039.35 | 16,039.35 | 16,039.35 | 0.00 | 0.00 | 0.00 | 32,078.70 | |

Case: 25-2598    Document: 19    Page: 1165    Date Filed: 11/24/2025

| Database: | MSDE_CB | | CM Receivables Ledger | | Page: | 8 |
|---|---|---|---|---|---|---|
| BLDG: | 610 | | Lincoln Property Company | | Date: | 5/15/2025 |
| | | | 610 Old York Road J | | Time: | 8:51 AM |
| Occupancy Status: Current Inactive New | | | 04/25 Through 04/25 | | | |
| | | | Security Deposit Ending Balance through 04/25 | | | |

| Building | Lease | Date | Category | SR | Description | Debit | Credit | Balance | Receipt Desc. | Invoice | Receipt Type |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Grand Total:** | | | 335,974.04 | 135,811.90 | 341,474.04 | 139,242.05 | 5,500.00 | 0.00 | 332,543.89 | | 0.00 |

| Database: | MSDE_CB | | Aged Delinquencies | | | Page: | 1 |
|---|---|---|---|---|---|---|---|
| | | | Lincoln Property Company | | | Date: | 5/15/2025 |
| BLDG: | 610 | | 610 Old York Road J | | | Time: | 8:57 AM |
| | | | Period: 04/25 | | | | |

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|

**610-009473**    **Bethany Christian Services of Greater D**    Master Occupant Id: 000000001828-1    Day Due: 0   Delq Day: 0
Heather N. Bert    201   Current    Last Payment: 5/2/2025   17,561.23
(215) 870-7044

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT | Base Rent | CH | 17,561.23 | 0.00 | 17,561.23 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE | Operating Expenses | CH | 4,074.25 | 0.00 | 4,074.25 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT | Base Rent | CH | 17,561.23 | 17,561.23 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE | Operating Expenses | CH | 4,074.25 | 4,074.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 35,122.46 | 17,561.23 | 17,561.23 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 8,148.50 | 4,074.25 | 4,074.25 | 0.00 | 0.00 | 0.00 |
| **Bethany Christian Services of Greater Dela** | | | | 43,270.96 | 21,635.48 | 21,635.48 | 0.00 | 0.00 | 0.00 |

**610-009474**    **Cypher Group Holdings**    Master Occupant Id: 000000001829-1    Day Due: 1   Delq Day:
Scott Taitleman    210   Current    Last Payment: 5/1/2025   2,125.58
(877) 297-4376

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT | Base Rent | CH | 2,125.58 | 0.00 | 2,125.58 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE | Operating Expenses | CH | 754.49 | 0.00 | 754.49 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT | Base Rent | CH | 2,125.58 | 2,125.58 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE | Operating Expenses | CH | 754.49 | 754.49 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 4,251.16 | 2,125.58 | 2,125.58 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 1,508.98 | 754.49 | 754.49 | 0.00 | 0.00 | 0.00 |
| | PPD | Prepaid Rental Income | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Cypher Group Holdings Total:** | | | | 5,760.14 | 2,880.07 | 2,880.07 | 0.00 | 0.00 | 0.00 |
| | | Prepaid: | | -2,125.58 | | | | | |
| | | Balance: | | 3,634.56 | | | | | |

**610-009475**    **Kristen Givens and Dante Givens**    Master Occupant Id: 000000001830-1    Day Due: 1   Delq Day:
Kristin Givens    650   Current    Last Payment:
(267) 670-0288

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | OPE | Operating Expenses | CH | 1,267.54 | 0.00 | 1,267.54 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | ABA | Abatement - Base Rent | NC | -5,500.00 | -5,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT | Base Rent | CH | 11,000.00 | 11,000.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE | Operating Expenses | CH | 1,267.54 | 1,267.54 | 0.00 | 0.00 | 0.00 | 0.00 |
| | ABA | Abatement - Base Rent | | -5,500.00 | -5,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 11,000.00 | 11,000.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 2,535.08 | 1,267.54 | 1,267.54 | 0.00 | 0.00 | 0.00 |
| **Kristen Givens and Dante Givens Total:** | | | | 8,035.08 | 6,767.54 | 1,267.54 | 0.00 | 0.00 | 0.00 |

**610-009476**    **Goldstein Law Partners, LLC**    Master Occupant Id: 000000001831-1    Day Due: 1   Delq Day:
Goldstein Law Partners, LLC    340   Current    Last Payment:
(267) 627-2485

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT | Base Rent | CH | 10,000.00 | 0.00 | 10,000.00 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE | Operating Expenses | CH | 1,207.18 | 0.00 | 1,207.18 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT | Base Rent | CH | 10,000.00 | 10,000.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE | Operating Expenses | CH | 1,207.18 | 1,207.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 20,000.00 | 10,000.00 | 10,000.00 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 2,414.36 | 1,207.18 | 1,207.18 | 0.00 | 0.00 | 0.00 |
| **Goldstein Law Partners, LLC Total:** | | | | 22,414.36 | 11,207.18 | 11,207.18 | 0.00 | 0.00 | 0.00 |

| Database: | MSDE_CB | | | Aged Delinquencies | | | Page: | 2 |
|---|---|---|---|---|---|---|---|---|
| | | | | Lincoln Property Company | | | Date: | 5/15/2025 |
| BLDG: | 610 | | | 610 Old York Road J | | | Time: | 8:57 AM |
| | | | | Period:  04/25 | | | | |

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|
| 610-009477 | **Helping Hands Family** | | Master Occupant Id: 000000001832-1 | | Day Due: 1 Delq Day: | | | |
| | Helping Hands Family | | 640　Current | | Last Payment: | 5/1/2025 | | 8,371.86 |
| | (267) 772-6006 | | | | | | | |
| 3/1/2025 | BRT　Base Rent | CH | 8,371.86 | 0.00 | 8,371.86 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE　Operating Expenses | CH | 1,237.36 | 0.00 | 1,237.36 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT　Base Rent | CH | 8,371.86 | 8,371.86 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE　Operating Expenses | CH | 1,237.36 | 1,237.36 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT　Base Rent | | 16,743.72 | 8,371.86 | 8,371.86 | 0.00 | 0.00 | 0.00 |
| | OPE　Operating Expenses | | 2,474.72 | 1,237.36 | 1,237.36 | 0.00 | 0.00 | 0.00 |
| | PPD　Prepaid Rental Income | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **Helping Hands Family Total:** | | 19,218.44 | 9,609.22 | 9,609.22 | 0.00 | 0.00 | 0.00 |
| | | Prepaid: | -0.01 | | | | | |
| | | Balance: | 19,218.43 | | | | | |
| 610-009478 | **Jenkins Storage, LLC** | | Master Occupant Id: 000000001833-1 | | Day Due: 1 Delq Day: | | | |
| | Jenkins Storage | | G100　Current | | Last Payment: | | | |
| | (215) 277-1367 | | | | | | | |
| 3/1/2025 | BRT　Base Rent | CH | 40,000.00 | 0.00 | 40,000.00 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE　Operating Expenses | CH | 12,071.84 | 0.00 | 12,071.84 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT　Base Rent | CH | 40,000.00 | 40,000.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE　Operating Expenses | CH | 12,071.84 | 12,071.84 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT　Base Rent | | 80,000.00 | 40,000.00 | 40,000.00 | 0.00 | 0.00 | 0.00 |
| | OPE　Operating Expenses | | 24,143.68 | 12,071.84 | 12,071.84 | 0.00 | 0.00 | 0.00 |
| | **Jenkins Storage, LLC Total:** | | 104,143.68 | 52,071.84 | 52,071.84 | 0.00 | 0.00 | 0.00 |
| 610-009479 | **Jersey College** | | Master Occupant Id: 000000001834-1 | | Day Due: 1 Delq Day: | | | |
| | Greg Karzhevsky | | 100　Current | | Last Payment: | 4/30/2025 | | 64,386.38 |
| | (201) 839-6211 | | | | | | | |
| 3/1/2025 | BRT　Base Rent | CH | 66,335.51 | 0.00 | 66,335.51 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE　Operating Expenses | CH | 11,468.25 | 0.00 | 11,468.25 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT　Base Rent | CH | 66,335.51 | 66,335.51 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE　Operating Expenses | CH | 11,468.25 | 11,468.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT　Base Rent | | 132,671.02 | 66,335.51 | 66,335.51 | 0.00 | 0.00 | 0.00 |
| | OPE　Operating Expenses | | 22,936.50 | 11,468.25 | 11,468.25 | 0.00 | 0.00 | 0.00 |
| | PPD　Prepaid Rental Income | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | **Jersey College Total:** | | 155,607.52 | 77,803.76 | 77,803.76 | 0.00 | 0.00 | 0.00 |
| | | Prepaid: | -321,936.90 | | | | | |
| | | Balance: | -166,329.38 | | | | | |
| 610-009481 | **Marc Kress, M.D.** | | Master Occupant Id: 000000001836-1 | | Day Due: 1 Delq Day: | | | |
| | Marc Kress | | 670　Current | | Last Payment: | 5/8/2025 | | 8,341.70 |
| | (215) 887-3100 ext. 107 | | | | | | | |
| 3/1/2025 | BRT　Base Rent | CH | 8,038.33 | 0.00 | 8,038.33 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE　Operating Expenses | CH | 303.37 | 0.00 | 303.37 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT　Base Rent | CH | 8,038.33 | 8,038.33 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE　Operating Expenses | CH | 303.37 | 303.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT　Base Rent | | 16,076.66 | 8,038.33 | 8,038.33 | 0.00 | 0.00 | 0.00 |
| | OPE　Operating Expenses | | 606.74 | 303.37 | 303.37 | 0.00 | 0.00 | 0.00 |
| | PPD　Prepaid Rental Income | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| Database: | MSDE_CB | | Aged Delinquencies | | | Page: | 3 |
|---|---|---|---|---|---|---|---|
| | | | Lincoln Property Company | | | Date: | 5/15/2025 |
| BLDG: | 610 | | 610 Old York Road J | | | Time: | 8:57 AM |
| | | | Period: 04/25 | | | | |

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|
| **Marc Kress, M.D. Total:** | | | 16,683.40 | 8,341.70 | 8,341.70 | 0.00 | 0.00 | 0.00 |
| | Prepaid: | | -8,341.70 | | | | | |
| | Balance: | | 8,341.70 | | | | | |

**610-009482**    **Outback Steakhouse**  
Outback Steakhouse of Florida  
(215) 886-5120  
Master Occupant Id: 000000001837-1  
116    Current  
Day Due: 1   Delq Day:  
Last Payment: 5/8/2025   16,425.56

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT Base Rent | CH | 11,400.42 | 0.00 | 11,400.42 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE Operating Expenses | CH | 1,961.67 | 0.00 | 1,961.67 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | RET Real Estate Taxes | CH | 2,799.03 | 0.00 | 2,799.03 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT Base Rent | CH | 11,400.42 | 11,400.42 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE Operating Expenses | CH | 1,961.67 | 1,961.67 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | RET Real Estate Taxes | CH | 2,799.03 | 2,799.03 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT Base Rent | | 22,800.84 | 11,400.42 | 11,400.42 | 0.00 | 0.00 | 0.00 |
| | OPE Operating Expenses | | 3,923.34 | 1,961.67 | 1,961.67 | 0.00 | 0.00 | 0.00 |
| | RET Real Estate Taxes | | 5,598.06 | 2,799.03 | 2,799.03 | 0.00 | 0.00 | 0.00 |
| **Outback Steakhouse Total:** | | | 32,322.24 | 16,161.12 | 16,161.12 | 0.00 | 0.00 | 0.00 |

**610-009483**    **SBG Management Services, Inc.**  
Philip C. Pulley  
(215) 938-6665 ext. 2001  
Master Occupant Id: 000000001838-1  
375    Current  
Day Due: 1   Delq Day:  
Last Payment:

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT Base Rent | CH | 10,000.00 | 0.00 | 10,000.00 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE Operating Expenses | CH | 1,207.18 | 0.00 | 1,207.18 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT Base Rent | CH | 10,000.00 | 10,000.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE Operating Expenses | CH | 1,207.18 | 1,207.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT Base Rent | | 20,000.00 | 10,000.00 | 10,000.00 | 0.00 | 0.00 | 0.00 |
| | OPE Operating Expenses | | 2,414.36 | 1,207.18 | 1,207.18 | 0.00 | 0.00 | 0.00 |
| **SBG Management Services, Inc. Total:** | | | 22,414.36 | 11,207.18 | 11,207.18 | 0.00 | 0.00 | 0.00 |

**610-009484**    **Regus Corporation**  
Regus Corporation  
(267) 627-3400  
Master Occupant Id: 000000001839-1  
400    Current  
Day Due: 1   Delq Day:  
Last Payment:

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT Base Rent | CH | 28,560.00 | 0.00 | 28,560.00 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE Operating Expenses | CH | 4,828.74 | 0.00 | 4,828.74 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT Base Rent | CH | 28,560.00 | 28,560.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE Operating Expenses | CH | 4,828.74 | 4,828.74 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT Base Rent | | 57,120.00 | 28,560.00 | 28,560.00 | 0.00 | 0.00 | 0.00 |
| | OPE Operating Expenses | | 9,657.48 | 4,828.74 | 4,828.74 | 0.00 | 0.00 | 0.00 |
| **Regus Corporation Total:** | | | 66,777.48 | 33,388.74 | 33,388.74 | 0.00 | 0.00 | 0.00 |

**610-009485**    **Sezai Saran**  
Sezai Saran  
(215) 449-9808  
Master Occupant Id: 000000001840-1  
114    Current  
Day Due: 1   Delq Day:  
Last Payment:

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT Base Rent | CH | 500.00 | 0.00 | 500.00 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE Operating Expenses | CH | 150.90 | 0.00 | 150.90 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT Base Rent | CH | 500.00 | 500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE Operating Expenses | CH | 150.90 | 150.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT Base Rent | | 1,000.00 | 500.00 | 500.00 | 0.00 | 0.00 | 0.00 |
| | OPE Operating Expenses | | 301.80 | 150.90 | 150.90 | 0.00 | 0.00 | 0.00 |
| **Sezai Saran Total:** | | | 1,301.80 | 650.90 | 650.90 | 0.00 | 0.00 | 0.00 |

| Database: | MSDE_CB | | Aged Delinquencies | | Page: | 4 |
| BLDG: | 610 | | Lincoln Property Company | | Date: | 5/15/2025 |
| | | | 610 Old York Road J | | Time: | 8:57 AM |
| | | | Period: 04/25 | | | |

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|

**610-009486    Temple University Health System**
Shane McDevitt
Master Occupant Id: 000000001841-1    250    Current
Day Due: 1    Delq Day:
Last Payment: 3/13/2025    37,073.94

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT | Base Rent | CH | 22,825.83 | 0.00 | 22,825.83 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE | Operating Expenses | CH | 8,140.95 | 0.00 | 8,140.95 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | RET | Real Estate Taxes | CH | 6,107.16 | 0.00 | 6,107.16 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT | Base Rent | CH | 22,825.83 | 22,825.83 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE | Operating Expenses | CH | 8,140.95 | 8,140.95 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | RET | Real Estate Taxes | CH | 6,107.16 | 6,107.16 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 45,651.66 | 22,825.83 | 22,825.83 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 16,281.90 | 8,140.95 | 8,140.95 | 0.00 | 0.00 | 0.00 |
| | RET | Real Estate Taxes | | 12,214.32 | 6,107.16 | 6,107.16 | 0.00 | 0.00 | 0.00 |

**Temple University Health System Total:**    74,147.88    37,073.94    37,073.94    0.00    0.00    0.00

**610-009487    Temple University Health System, Inc.**
Shane McDevitt
(215) 449-9808
Master Occupant Id: 000000001842-1    680    Current
Day Due: 1    Delq Day:
Last Payment: 3/13/2025    45,675.37

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 3/1/2025 | BRT | Base Rent | CH | 29,033.58 | 0.00 | 29,033.58 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | OPE | Operating Expenses | CH | 9,508.63 | 0.00 | 9,508.63 | 0.00 | 0.00 | 0.00 |
| 3/1/2025 | RET | Real Estate Taxes | CH | 7,133.16 | 0.00 | 7,133.16 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | BRT | Base Rent | CH | 29,033.58 | 29,033.58 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | OPE | Operating Expenses | CH | 9,508.63 | 9,508.63 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4/1/2025 | RET | Real Estate Taxes | CH | 7,133.16 | 7,133.16 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 58,067.16 | 29,033.58 | 29,033.58 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 19,017.26 | 9,508.63 | 9,508.63 | 0.00 | 0.00 | 0.00 |
| | RET | Real Estate Taxes | | 14,266.32 | 7,133.16 | 7,133.16 | 0.00 | 0.00 | 0.00 |

**Temple University Health System, Inc. Tota**    91,350.74    45,675.37    45,675.37    0.00    0.00    0.00

**610-009497    Trumark Financial Credit Union**
Trumark Financial
Master Occupant Id: 000000001852-1    PARKIN( Current
Day Due: 1    Delq Day:
Last Payment:

| Invoice Date | Category | | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| 4/1/2025 | PAR | Parking | CH | 1,500.00 | 1,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PAR | Parking | | 1,500.00 | 1,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Trumark Financial Credit Union Total:**    1,500.00    1,500.00    0.00    0.00    0.00    0.00

| | Category | | | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| | ABA | Abatement - Base Rent | | -5,500.00 | -5,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 520,504.68 | 265,752.34 | 254,752.34 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 116,364.70 | 58,182.35 | 58,182.35 | 0.00 | 0.00 | 0.00 |
| | PAR | Parking | | 1,500.00 | 1,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PPD | Prepaid Rental Income | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | RET | Real Estate Taxes | | 32,078.70 | 16,039.35 | 16,039.35 | 0.00 | 0.00 | 0.00 |

**BLDG 610 Total:**    664,948.08    335,974.04    328,974.04    0.00    0.00    0.00
Prepaid: -332,404.19
Balance: 332,543.89

| | Category | | | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|---|
| | ABA | Abatement - Base Rent | | -5,500.00 | -5,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | BRT | Base Rent | | 520,504.68 | 265,752.34 | 254,752.34 | 0.00 | 0.00 | 0.00 |
| | OPE | Operating Expenses | | 116,364.70 | 58,182.35 | 58,182.35 | 0.00 | 0.00 | 0.00 |
| | PAR | Parking | | 1,500.00 | 1,500.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | PPD | Prepaid Rental Income | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | RET | Real Estate Taxes | | 32,078.70 | 16,039.35 | 16,039.35 | 0.00 | 0.00 | 0.00 |

| Database: | MSDE_CB | | | | Aged Delinquencies | | Page: | 5 |
|---|---|---|---|---|---|---|---|---|
| | | | | | Lincoln Property Company | | Date: | 5/15/2025 |
| BLDG: | 610 | | | | 610 Old York Road J | | Time: | 8:57 AM |
| | | | | | Period: 04/25 | | | |

| Invoice Date | Category | Source | Amount | Current | 1 Month | 2 Months | 3 Months | 4 Months |
|---|---|---|---|---|---|---|---|---|
| | **Grand Total:** | | 664,948.08 | 335,974.04 | 328,974.04 | 0.00 | 0.00 | 0.00 |
| | Prepaid: | | -332,404.19 | | | | | |
| | Balance: | | 332,543.89 | | | | | |

Appx1177

Case: 25-2598    Document: 19    Page: 1171    Date Filed: 11/24/2025

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Database: | MSDE_CB | | | | Check Register | | | | Page: | 1 |
| ENTITY: | 610 | | | | Lincoln Property Company | | | | Date: | 5/12/2025 |
| | | | | | Jenkins Court Realty Co LP | | | | Time: | 4:40 PM |

04/25 Through 04/25

| Check #<br>Entity | Check Date<br>Reference | Check Pd | Vendor/Alternate<br>Address ID<br>P.O. Number | Vendor Name<br>Account Number | Invoice Number | Invoice<br>Date | Due Date | Invoice<br>Amount | Discount<br>Amount | Check<br>Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| **1** | **4/21/2025** | **04/25** | **CITYEL** | **City Electric Supply** | | | ***Unused - Continued Check*** | | | |
| 610 | Carried to 2 | | | 51240-0000 | WIG/012200 | 10/23/2024 | 11/23/2024 | 0.00 | 0.00 | 0.00 |
| | | | | | | | *Check Total:* | *0.00* | *0.00* | *0.00* |
| **2** | **4/21/2025** | **04/25** | **CITYEL** | **City Electric Supply** | | | | | | |
| 610 | 10/30/2024 Electrical Su | | | 51240-0000 | WIG/012264 | 10/30/2024 | 11/30/2024 | 152.64 | 0.00 | 152.64 |
| 610 | 11/01/2024 Electric Sup | | | 51240-0000 | WIG/012290 | 11/1/2024 | 12/1/2024 | 132.72 | 0.00 | 132.72 |
| 610 | 12/03/2024 Electric Sup | | | 51240-0000 | WIG/012587 | 12/3/2024 | 1/3/2024 | 101.76 | 0.00 | 101.76 |
| 610 | 12/30/2024 Electric Sup | | | 51240-0000 | WIG/012800 | 12/30/2024 | 1/30/2024 | 523.06 | 0.00 | 523.06 |
| 610 | 01/02/2025 Electric Sup | | | 51240-0000 | WIG/012822 | 1/2/2025 | 2/2/2025 | 336.28 | 0.00 | 336.28 |
| 610 | 01/13/2025 Electric Sup | | | 51240-0000 | WIG/012905 | 1/13/2025 | 2/13/2025 | 174.90 | 0.00 | 174.90 |
| 610 | 01/13/2025 Electric Sup | | | 51240-0000 | WIG/012906 | 1/13/2025 | 2/13/2025 | 37.19 | 0.00 | 37.19 |
| 610 | 01/29/2025 Electric Sup | | | 51240-0000 | WIG/013027 | 1/29/2025 | 3/1/2025 | 295.91 | 0.00 | 295.91 |
| 610 | 02/05/2025 Electric Sup | | | 51240-0000 | WIG/013100 | 2/5/2025 | 3/5/2025 | 96.97 | 0.00 | 96.97 |
| 610 | 02/07/2025 Electric Sup | | | 51240-0000 | WIG/013116 | 2/7/2025 | 3/7/2025 | 550.52 | 0.00 | 550.52 |
| 610 | 02/12/2025 Electric Sup | | | 51240-0000 | WIG/013148 | 2/12/2025 | 3/12/2025 | 265.00 | 0.00 | 265.00 |
| 610 | 10/23/2024 Electrical Su | | | 51240-0000 | WIG/012200 | 10/23/2024 | 11/23/2024 | 895.34 | 0.00 | 895.34 |
| | | | | | | | *Check Total:* | *3,562.29* | *0.00* | *3,562.29* |
| | | | | | | | *Jenkins Court Realty Co LP Total:* | *3,562.29* | *0.00* | *3,562.29* |
| | | | | | | | *Grand Total:* | *3,562.29* | *0.00* | *3,562.29* |

Case: 25-2598    Document: 19    Page: 1172    Date Filed: 11/24/2025

| Database: | MSDE_CB | | | Check Register | | | | | Page: | 1 |
| ENTITY: | 610 | | | Lincoln Property Company | | | | | Date: | 5/12/2025 |
| | | | | Jenkins Court Realty Co LP | | | | | Time: | 4:59 PM |

04/25 Through 04/25

| Check #<br>Entity | Check Date<br>Reference | Check Pd | Vendor/Alternate<br>Address ID<br>P.O. Number | Vendor Name<br>Account Number | Invoice Number | Invoice<br>Date | Due Date | Invoice<br>Amount | Discount<br>Amount | Check<br>Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| **1** | **4/21/2025** | **04/25** | **CITYEL** | **City Electric Supply** | | *Unused - Continued Check* | | | | |
| 610 | Carried to 2 | | | 51240-0000 | WIG/012200 | 10/23/2024 | 11/23/2024 | 0.00 | 0.00 | 0.00 |
| | | | | | | | *Check Total:* | *0.00* | *0.00* | *0.00* |
| **2** | **4/21/2025** | **04/25** | **CITYEL** | **City Electric Supply** | | | | | | |
| 610 | 10/30/2024 Electrical Su | | | 51240-0000 | WIG/012264 | 10/30/2024 | 11/30/2024 | 152.64 | 0.00 | 152.64 |
| 610 | 11/01/2024 Electric Sup| | | 51240-0000 | WIG/012290 | 11/1/2024 | 12/1/2024 | 132.72 | 0.00 | 132.72 |
| 610 | 12/03/2024 Electric Sup| | | 51240-0000 | WIG/012587 | 12/3/2024 | 1/3/2024 | 101.76 | 0.00 | 101.76 |
| 610 | 12/30/2024 Electric Sup| | | 51240-0000 | WIG/012800 | 12/30/2024 | 1/30/2024 | 523.06 | 0.00 | 523.06 |
| 610 | 01/02/2025 Electric Sup| | | 51240-0000 | WIG/012822 | 1/2/2025 | 2/2/2025 | 336.28 | 0.00 | 336.28 |
| 610 | 01/13/2025 Electric Sup| | | 51240-0000 | WIG/012905 | 1/13/2025 | 2/13/2025 | 174.90 | 0.00 | 174.90 |
| 610 | 01/13/2025 Electric Sup| | | 51240-0000 | WIG/012906 | 1/13/2025 | 2/13/2025 | 37.19 | 0.00 | 37.19 |
| 610 | 01/29/2025 Electric Sup| | | 51240-0000 | WIG/013027 | 1/29/2025 | 3/1/2025 | 295.91 | 0.00 | 295.91 |
| 610 | 02/05/2025 Electric Sup| | | 51240-0000 | WIG/013100 | 2/5/2025 | 3/5/2025 | 96.97 | 0.00 | 96.97 |
| 610 | 02/07/2025 Electric Sup| | | 51240-0000 | WIG/013116 | 2/7/2025 | 3/7/2025 | 550.52 | 0.00 | 550.52 |
| 610 | 02/12/2025 Electric Sup| | | 51240-0000 | WIG/013148 | 2/12/2025 | 3/12/2025 | 265.00 | 0.00 | 265.00 |
| 610 | 10/23/2024 Electrical Su | | | 51240-0000 | WIG/012200 | 10/23/2024 | 11/23/2024 | 895.34 | 0.00 | 895.34 |
| | | | | | | | *Check Total:* | *3,562.29* | *0.00* | *3,562.29* |
| | | | | | | | *Jenkins Court Realty Co LP Total:* | *3,562.29* | *0.00* | *3,562.29* |
| | | | | | | | *Grand Total:* | *3,562.29* | *0.00* | *3,562.29* |

**Jenkins Court**
**LPC Management Fees Invoice**
**Invoice Date**       **March 31, 2025**
**Invoice Number**     **MF-032025**
**AP Description**     **3/25 LPC Mgmt Fees**
**GL Account**         **51715-0000**

| Entity ID | Entity Name | 3/25 |
|---|---|---|
| 610 | Per Cash Receipt Report | 193,162.14 |
| | **Total Per Cash Receipt Report** | **193,162.14** |
| | **LPC- Management Fees 2.50%** | **4,829.05** |
| | **Minimum $5,000** | **5,000.00** |
| **Total LPC Management Fees - GL 51715-0000** | | **5,000.00** |

<u>Management Fee</u>

The monthly Management Fee shall be the greater of (i) two percent (2.50%) multiplied by the total monthly Gross Receipts derived from the Property's per month, or (ii) the sum of $5,000.00.

"**Gross Receipts**" shall mean all revenues received by Receiver from the operation of the Property during the term of this Agreement, but not limited to, rental and charges for space occupancy, signage, parking, laundries, and other amenities, *exclusive of* (i) proceeds of any insurance payment specifically paid to reimburse Receiver for loss of business revenue or rental income with respect to the Property, (ii) security or other deposits, to the extent the same are held for the benefit of, or required to be returned to, tenants of the Property, (iii) any allowance or compensation for any free rent concessions or credits against rent for tenant improvement costs paid by tenants, (iv) sums collected through litigation or paid to Receiver, (v) actual bad debts (and reserves therefor) provided that any recovered bad debt shall become part of Gross Receipts in the fiscal year in which recovered, (vi) payments for lease cancellations, and (vii) sales taxes collected by Manager. Gross Receipts shall be determined on a cash basis.

| Database: | MSDE_CB | Cash Receipts | Page: | 1 |
|---|---|---|---|---|
| BLDG: | 610 | Lincoln Property Company | Date: | 4/30/2025 |
| | | 610 Old York Road J | Time: | 10:22 AM |
| | | 03/25 Thru 03/25 | | |

| Income Category | Amount |
|---|---|

**Master Occupant:    000000001828-1  Bethany Christian Services of Greater Delawa    Suite:  610  -201**

| BRT | Base Rent | 0.00 |
|---|---|---|
| | **Total:** | **0.00** |

**Master Occupant:    000000001832-1  Helping Hands Family                          Suite:  610  -640**

| BRT | Base Rent | 0.00 |
|---|---|---|
| | **Total:** | **0.00** |

**Master Occupant:    000000001834-1  Jersey College                               Suite:  610  -100**

| PPD | Prepaid Rental Income | 193,162.14 |
|---|---|---|
| | **Total:** | **193,162.14** |

**Master Occupant:    000000001841-1  Temple University Health System              Suite:  610  -250**

| BRT | Base Rent | 0.00 |
|---|---|---|
| OPE | Operating Expenses | 0.00 |
| RET | Real Estate Taxes | 0.00 |
| | **Total:** | **0.00** |

**Master Occupant:    000000001842-1  Temple University Health System, Inc.        Suite:  610  -680**

| BRT | Base Rent | 0.00 |
|---|---|---|
| OPE | Operating Expenses | 0.00 |
| RET | Real Estate Taxes | 0.00 |
| | **Total:** | **0.00** |

**Totals for BLDG 610**

| BRT | Base Rent | 0.00 |
|---|---|---|
| OPE | Operating Expenses | 0.00 |
| PPD | Prepaid Rental Income | 193,162.14 |
| RET | Real Estate Taxes | 0.00 |
| | **Total:** | **193,162.14** |

**Grand Totals**

| BRT | Base Rent | 0.00 |
|---|---|---|
| OPE | Operating Expenses | 0.00 |
| PPD | Prepaid Rental Income | 193,162.14 |
| RET | Real Estate Taxes | 0.00 |
| | **Total:** | **193,162.14** |

**Jenkins Court**
**LPC Management Fees Invoice**
**Invoice Date**          **April 30, 2025**
**Invoice Number**        **MF-042025**
**AP Description**        **4/25 LPC Mgmt Fees**
**GL Account**           **51715-0000**

| Entity ID | Entity Name | 4/25 |
|---|---|---|
| 610 | Per Cash Receipt Report | 139,242.05 |
| | **Total Per Cash Receipt Report** | **139,242.05** |
| | **LPC- Management Fees 2.50%** | **3,481.05** |
| | **Minimum $5,000** | **5,000.00** |
| **Total LPC Management Fees - GL 51715-0000** | | **5,000.00** |

Management Fee

The monthly Management Fee shall be the greater of (i) two percent (2.50%) multiplied by the total monthly Gross Receipts derived from the Property's per month, or (ii) the sum of $5,000.00.

"**Gross Receipts**" shall mean all revenues received by Receiver from the operation of the Property during the term of this Agreement, but not limited to, rental and charges for space occupancy, signage, parking, laundries, and other amenities, *exclusive of* (i) proceeds of any insurance payment specifically paid to reimburse Receiver for loss of business revenue or rental income with respect to the Property, (ii) security or other deposits, to the extent the same are held for the benefit of, or required to be returned to, tenants of the Property, (iii) any allowance or compensation for any free rent concessions or credits against rent for tenant improvement costs paid by tenants, (iv) sums collected through litigation or paid to Receiver, (v) actual bad debts (and reserves therefor) provided that any recovered bad debt shall become part of Gross Receipts in the fiscal year in which recovered, (vi) payments for lease cancellations, and (vii) sales taxes collected by Manager. Gross Receipts shall be determined on a cash basis.

| Database: | MSDE_CB | Cash Receipts | Page: | 1 |
|---|---|---|---|---|
| BLDG: | 610 | Lincoln Property Company | Date: | 5/15/2025 |
| | | 610 Old York Road J | Time: | 9:00 AM |
| | | 04/25 Thru 04/25 | | |

| Income Category | Amount |
|---|---|

**Master Occupant:  000000001829-1  Cypher Group Holdings**                    **Suite:  610  -210**

| PPD | Prepaid Rental Income | 2,125.58 |
|---|---|---|
| | **Total:** | **2,125.58** |

**Master Occupant:  000000001832-1  Helping Hands Family**                    **Suite:  610  -640**

| PPD | Prepaid Rental Income | 0.01 |
|---|---|---|
| | **Total:** | **0.01** |

**Master Occupant:  000000001834-1  Jersey College**                    **Suite:  610  -100**

| PPD | Prepaid Rental Income | 128,774.76 |
|---|---|---|
| | **Total:** | **128,774.76** |

**Master Occupant:  000000001836-1  Marc Kress, M.D.**                    **Suite:  610  -670**

| PPD | Prepaid Rental Income | 8,341.70 |
|---|---|---|
| | **Total:** | **8,341.70** |

**Totals for BLDG 610**

| PPD | Prepaid Rental Income | 139,242.05 |
|---|---|---|
| | **Total:** | **139,242.05** |

**Grand Totals**

| PPD | Prepaid Rental Income | 139,242.05 |
|---|---|---|
| | **Total:** | **139,242.05** |

## TABLE OF CONTENTS

## RECEIVER ACCOUNT

BANK STATEMENT                                                PAGE 86

BANK RECONCILIATION                                           PAGE 88

CASH RECONCILIATION                                          PAGE 93

GENERAL LEDGER                                               PAGE 95

**BENCHMARK BANK**

5700 Legacy Drive
Suite 10
Plano, Texas 75024

JENKINS COURT REALTY CO., L.P.
4131 N CENTRAL EXPY STE 775
DALLAS TX 75204
TRIGILD RECEIVERSHIP

| Account Number | *****6980 |
|---|---|
| Statement Date | 03/03/25-03/31/25 |
| Page | 1 of 2 |
| Beginning Balance | $0.00 |
| Deposits/Credits | $193,162.14 |
| Checks/Debits | $0.00 |
| Ending Balance | $193,162.14 |
| Days in Statement Period | 29 |

**FAMILY BORN • FAMILY OWNED • FAMILY OPERATED**

**SINCE 1964**

## COMMERICAL CKG

### DEPOSITS/OTHER CREDITS

| TRANSACTION DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 03/28/25 | Wire Deposit MUELLER LAW GROUP Wires | 193,162.14 |

### CHECK RECAP

| NUMBER | DATE | AMOUNT | NUMBER | DATE | AMOUNT |
|---|---|---|---|---|---|
| ---No Checks Paid in this statement cycle--- | | | | | |

### DAILY ENDING BALANCE

| DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT |
|---|---|---|---|---|---|
| 03/03/2025 | 0.00 | 03/28/2025 | 193,162.14 | | |

### OVERDRAFT AND RETURN ITEM FEES

| | TOTAL FOR THIS PERIOD | TOTAL YEAR TO DATE |
|---|---|---|
| **TOTAL OVERDRAFT FEES** | 0.00 | 0.00 |
| **TOTAL RETURN ITEM FEES** | 0.00 | 0.00 |

Appx1185

| Account Number | Statement Ending | Page |
|---|---|---|
| *****6980 | 03/31/25 | 2 of 2 |

**ERROR RESOLUTION NOTICE**

In Case of Errors or Questions About Your Electronic Transfers, Call or Write us at the telephone number or address listed in this disclosure, as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt. We must hear from you no later than 60 days after we sent the FIRST statement on which the problem or error appeared.

(1) Tell us your name and account number (if any).

(2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.

(3) Tell us the dollar amount of the suspected error.

If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days.

We will determine whether an error occurred within 10 business days (5 business days for Visa® Check Card point-of-sale transactions processed by Visa and 20 business days if the transfer involved a new account) after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days (90 days if the transfer involved a new account, a point-of-sale transaction, or a foreign-initiated transfer) to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days (5 business days for Visa® Check Card point-of-sale transactions processed by Visa and 20 business days if the transfer involved a new account) for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account. Your account is considered a new account for the first 30 days after the first deposit is made, unless each of you already has an established account with us before this account is opened.  We will tell you the results within three business days after completing our investigation. If we decide that there was no error, we will send you a written explanation.  You may ask for copies of the documents that we used in our investigation.

Benchmark Bank
Operations
5700 Legacy Drive, Suite A10
Plano, Texas 75024
Business Days: Monday through Friday
Excluding Federal Holidays
Phone: (972)673-4000
MORE DETAILED INFORMATION IS AVAILABLE ON REQUEST

*Member FDIC*

**Bank Reconciliation**
**Old York - Lockbox Account**
**Benchmark**
**March 31, 2025**

| | | | |
|---|---|---|---|
| Prepared By: | *CP Christian Parnell* | Date: | *4/15/2025* |
| Reviewed By: | *Feben Ambaye* | Date: | *4/15/2025* |

**Benchmark # 6980**                    **G/L Account#  10825-0000**

**BALANCE PER BANK STATEMENT:**                    193,162.14

**BALANCE PER GENERAL LEDGER:**                    $   193,162.14

Case 2:25-cv-00044-GAM    Document 31    Filed 06/02/25    Page 89 of 96

**BENCHMARK BANK**

5700 Legacy Drive
Suite 10
Plano, Texas 75024

JENKINS COURT REALTY CO., L.P.
8111 DOUGLAS AVE STE 600
DALLAS TX 75225
TRIGILD RECEIVERSHIP

| Account Number | *****6980 |
|---|---|
| Statement Date | 04/01/25-04/30/25 |
| Page | 1 of 3 |
| Beginning Balance | $193,162.14 |
| Deposits/Credits | $139,242.05 |
| Checks/Debits | $79,704.00 |
| Ending Balance | $252,700.19 |
| Days in Statement Period | 30 |

**FAMILY BORN • FAMILY OWNED • FAMILY OPERATED**

*SINCE 1964*

## COMMERCIAL CKG

### DEPOSITS/OTHER CREDITS

| TRANSACTION DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 04/01/25 | ACH Deposit CYPHER GROUP HOL SENDER | 2,125.58 |
| 04/15/25 | Deposit | 8,341.70 |
| 04/22/25 | ACH Deposit SSS EDUCATION IN 16183611  9270065816 ACH Si | 1.00 |
| 04/29/25 | Deposit | 64,387.38 |
| 04/29/25 | ACH Deposit Helping Hands Fa 015GAQUXPQGUPR2  2204895317 | 0.01 |
| 04/30/25 | ACH Deposit SSS EDUCATION IN 16220186 Rent Jenkintown Ma | 64,386.38 |

### CHECK RECAP

| NUMBER | DATE | AMOUNT | NUMBER | DATE | AMOUNT |
|---|---|---|---|---|---|

---No Checks Paid in this statement cycle---

### WITHDRAWALS/OTHER DEBITS

| TRANSACTION DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 04/08/25 | Wire Payment Lincoln Property Company-610OldYork Wires | 79,689.00- |
| 04/08/25 | Wire Payment Fee Lincoln Property Company-610OldYork Wires | 15.00- |

### DAILY ENDING BALANCE

| DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT |
|---|---|---|---|---|---|

| Account Number | Statement Ending | Page |
|---|---|---|
| *****6980 | 04/30/25 | 2 of 3 |

### DAILY BALANCE SUMMARY CONTINUED...

| DATE | AMOUNT | DATE | AMOUNT | DATE | AMOUNT |
|---|---|---|---|---|---|
| 04/01/2025 | 195,287.72 | 04/15/2025 | 123,925.42 | 04/29/2025 | 188,313.81 |
| 04/08/2025 | 115,583.72 | 04/22/2025 | 123,926.42 | 04/30/2025 | 252,700.19 |

## OVERDRAFT AND RETURN ITEM FEES

| | TOTAL FOR THIS PERIOD | TOTAL YEAR TO DATE |
|---|---|---|
| TOTAL OVERDRAFT FEES | 0.00 | 0.00 |
| TOTAL RETURN ITEM FEES | 0.00 | 0.00 |

**ERROR RESOLUTION NOTICE**

In Case of Errors or Questions About Your Electronic Transfers, Call or Write us at the telephone number or address listed in this disclosure, as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt. We must hear from you no later than 60 days after we sent the FIRST statement on which the problem or error appeared.

(1) Tell us your name and account number (if any).

(2) Describe the error or the transfer you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information.

(3) Tell us the dollar amount of the suspected error.

If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days.

We will determine whether an error occurred within 10 business days (5 business days for Visa® Check Card point-of-sale transactions processed by Visa and 20 business days if the transfer involved a new account) after we hear from you and will correct any error promptly. If we need more time, however, we may take up to 45 days (90 days if the transfer involved a new account, a point-of-sale transaction, or a foreign-initiated transfer) to investigate your complaint or question. If we decide to do this, we will credit your account within 10 business days (5 business days for Visa® Check Card point-of-sale transactions processed by Visa and 20 business days if the transfer involved a new account) for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account. Your account is considered a new account for the first 30 days after the first deposit is made, unless each of you already has an established account with us before this account is opened.  We will tell you the results within three business days after completing our investigation. If we decide that there was no error, we will send you a written explanation.  You may ask for copies of the documents that we used in our investigation.

Benchmark Bank
Operations
5700 Legacy Drive, Suite A10
Plano, Texas 75024
Business Days: Monday through Friday
Excluding Federal Holidays
Phone: (972)673-4000
MORE DETAILED INFORMATION IS AVAILABLE ON REQUEST

*Member FDIC*

| Account Number | Statement Ending | Page |
|---|---|---|
| *****6980 | 04/30/25 | 3 of 3 |

**Remote Deposit**      **Credit**

Trigild Holdings LLC
*JENKINS COURT REALTY CO LP 6980*
4131 N Central Expwy Ste 775
Dallas, TX 75204
214-770-3357

Date: 4/15/2025
Items: 1
Amount: $8,341.70
Batch ID: 23717228910
Account ID: 943837 13369370
Acct Num: 254236980

04/15/2025   0   $8,341.70

**Remote Deposit**      **Credit**

Trigild Holdings LLC
*JENKINS COURT REALTY CO LP 6980*
4131 N Central Expwy Ste 775
Dallas, TX 75204
214-770-3357

Date: 4/29/2025
Items: 1
Amount: $64,387.38
Batch ID: 23809293174
Account ID: 943837 13369370
Acct Num: 254236980

04/29/2025   0   $64,387.38

**Bank Reconciliation**
**Old York - Lockbox Account**
**Benchmark**
**April 30, 2025**

Prepared By:    *Lensa Daniel LD*              Date:    *5/12/2025*

Reviewed By:    *CP Christian Parnell*        Date:    *5/12/2025*

**Benchmark # 6980**                          **G/L Account#  10825-0000**

**BALANCE PER BANK STATEMENT:**                      252,700.19

**BALANCE PER GENERAL LEDGER:**                  $   252,700.19

Cash Reconciliation

For the Month Ended March 31, 2025

| PROPERTY | : | Jenkins Court Realty Co., L. P. |
|---|---|---|

**Benchmark Bank Receiver Account #6980**

| | | |
|---|---|---|
| Beginning Cash Balance | $ | - |
| Disbursement from Check Register | $ | - |
| Receipts | $ | 193,162.14 |
| Wire to Operating Account | $ | - |
| Ending Cash Balance | $ | 193,162.14 |
| Less: Expense Reserve | | - |
| Security Deposits | | |
| Receiver Reserve | | |
| Available Cash | $ | 193,162.14 |

Cash Reconciliation

For the Month Ended April 30, 2025

| PROPERTY : Jenkins Court Realty Co., L. P. |
|---|

**Benchmark Bank Receiver Account #6980**

| | | |
|---|---|---|
| Beginning Cash Balance | $ | 193,162.14 |
| Disbursement from Check Register | $ | - |
| Receipts | $ | 139,242.05 |
| Wire to Operating Account | $ | (79,704.00) |
| Ending Cash Balance | $ | 252,700.19 |
| Less: Expense Reserve | | - |
| Security Deposits | | |
| Receiver Reserve | | |
| Available Cash | $ | 252,700.19 |

Case: 25-2598    Document: 19    Page: 1187    Date Filed: 11/24/2025

| Database: | MSDE_CB | | **General Ledger** | Page: | 1 |
|---|---|---|---|---|---|
| ENTITY: | 610 | | Lincoln Property Company | Date: | 4/30/2025 |
| | | | Jenkins Court Realty Co LP | Time: | 9:57 AM |

Accrual

03/25 - 03/25
Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **10825-0000** | | | **Cash - Lockbox** | | | | *Balance Forward* | | | *0.00* |
| 610 | 03/25 | 3/31/2025 | CP 325OYB | @ | | | Rcl 3/25 LB Deposit | 193,162.14 | 0.00 | 193,162.14 |
| | | | | | | | ** Account Totals | 193,162.14 | 0.00 | **193,162.14** |
| ** Grand Totals | | | | | | | | **193,162.14** | **0.00** | |

* Balance Forward Period

Appx1194

Case 2:25-cv-00044-GAM    Document 31    Filed 06/02/25    Page 96 of 96

Case: 25-2598    Document: 19    Page: 1188    Date Filed: 11/24/2025

| Database: | MSDE_CB | | **General Ledger** | Page: | 1 |
| ENTITY: | 610 | | Lincoln Property Company | Date: | 5/15/2025 |
| | | | Jenkins Court Realty Co LP | Time: | 8:37 AM |

Cash                                04/25 - 04/25
Report includes an open period.  Entries are not final.

| Account Entity | Period | Entry Date | Src Reference | Site Id | Job Code | Dept | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| **10825-0000** | | | **Cash - Lockbox** | | | | *Balance Forward* | | | *193,162.14* |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/1 Cypher Group Holding -> 10810-0 | 2,125.58 | 0.00 | 195,287.72 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/29 Jersey College -> 10810-0000 | 64,387.38 | 0.00 | 259,675.10 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/30 SSS Education -> 10810-0000 | 64,386.38 | 0.00 | 324,061.48 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/15 Mark Kress MD -> 10810-0000 | 8,341.70 | 0.00 | 332,403.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/8 Bank Fee | 0.00 | 15.00 | 332,388.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/8 Opex Funding - From LB 6980 | 0.00 | 79,689.00 | 252,699.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/22 SSS Educ ->10810-0000 | 1.00 | 0.00 | 252,700.18 |
| 610 | 04/25 | 4/30/2025 | LD 000021362 @ | | | | Recl 4/29 Helping Hands ->10810-0000 | 0.01 | 0.00 | 252,700.19 |
| | | | | | | | **\*\* Account Totals** | 139,242.05 | 79,704.00 | **252,700.19** |
| | | | | | | | **\*\* Grand Totals** | **139,242.05** | **79,704.00** | |

Appx1195

\* Balance Forward Period